**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, AND 1446]**<br><br>[Los Angeles County Superior Court Case No. 23STCB08761] |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# TABLE OF CONTENTS

**Page**

I.  BACKGROUND ............................................................................................ 1

II.  REMOVAL IS TIMELY ............................................................................. 2

III.  REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA") ............... 3

    A.  Preponderance of the Evidence Standard .................................... 3

    B.  There Exists a Diversity of Citizenship in the Proposed Class ..................... 4

        1.  VXN, Strike 3, GMS, and Miller Are Citizens of California and Delaware . 4

        2.  The Majority of Putative Class Members Are Citizens of Neither California nor Delaware ......................................................... 5

    C.  The Putative Class Has More Than 100 Members .......................... 7

    D.  The Amount In Controversy Exceeds $5,000,000 .......................... 7

        1.  Overtime Claims ................................................................. 8

        2.  Meal Breaks ........................................................................ 10

        3.  Rest Breaks ......................................................................... 13

        4.  Waiting Time Penalties ........................................................ 14

        5.  Attorneys' Fees ................................................................... 17

        6.  Summary of Amount in Controversy ................................... 18

IV.  VENUE .................................................................................................... 19

V.  NOTICE TO STATE COURT AND TO PLAINTIFF ............................... 19

VI.  PRAYER FOR REMOVAL ...................................................................... 19

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Abrego v. Dow Chemical Co.*,
   443 F.3d 676 (9th Cir. 2006) ........................................................................7

*Adams v. W. Marine Prod., Inc.*,
   958 F.3d 1216 (9th Cir. 2020) .....................................................................5

*Alfaro v. Bander by Piercing Pagoda*,
   2022 WL 1284823, (C.D. Cal. 2022).........................................................11

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ...................................................................3, 4

*Armstrong v. Church of Scientology Int'l*,
   243 F.3d 546 (9th Cir. 2000) .......................................................................5

*Brown v. Janus of Santa Cruz*,
   2021 WL 3413349 (N.D. Cal. 2021) ..........................................................12

*Cabrera v. South Valley Almond Company*,
   2021 WL 5937585 (E.D. Cal. 2021).....................................................12, 14

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
   428 F.3d 206 (5th Cir. 2005) .......................................................................2

*Collins v. Golden Gate Bell, LLC*,
   2019 WL 2523571 (N.D. Cal. June 19, 2019) .............................................5

*Corral v. Staples the Office Superstore LLC*,
   2022 WL 2132851 (C.D. Cal. 2022)...........................................................12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014).....................................................................................3, 8

*De Vega v. Baxter Healthcare Corp.*,
   507 F. Supp. 3d 1214 (N.D. Cal. 2019) .....................................................15

*Ferrel v. Express Check Advance of SC LLC*,
   591 F.3d 698 (4th Cir. 2010) .......................................................................4

*Firestone v. S. California Gas Co.*,
   219 F.3d 1063 (9th Cir. 2000) .....................................................................9

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) .....................................................................6

*Fritsch v. Swift Transportation Company of Arizona, LLC*,
   No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018) ......................17

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

ii

*Gallegos v. EC USA Holdings, Inc.*,
  2016 WL 8674592 (C.D. Cal. 2016)................................................................12

*Garay v. Southwest Airlines Co.*,
  2019 WL 967121 (N.D. Cal. 2019) ................................................................15

*Giannini v. Northwestern Mut. Life Ins. Co.*,
  2012 WL 1535196 (N.D. Cal. 2012) ..............................................................17

*Gonzalez v. H&M Hennes & Mauritz L.P.*,
  2022 WL 179292 (C.D. Cal. Jan. 20, 2022) ...................................................15

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) .........................................................................17

*Hanlon v. Center for Auto Safety*,
  150 F.3d 1011 (9th Cir. 1998) .......................................................................17

*Helm v. Alderwoods Group, Inc.*,
  2008 WL 2002511 (N.D. Cal. 2008) ........................................................11, 13

*In re Activision Securities Litigation*,
  723 F. Supp. 1373 (N.D. Cal. 1989) ..............................................................17

*Jack v. Ring LLC*,
  553 F.Supp.3d 711 (N.D. Cal 2021) .................................................................4

*Jasso v. Money Mart Express, Inc.*,
  2012 WL 699465 (N.D. Cal. 2012) ................................................................18

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ...........................................................................5

*Kantor v. Wellesley Galleries, Inc.*,
  704 F.2d 1088 (9th Cir. 1983) .........................................................................5

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ..................................................................10, 15

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ...........................................................................5

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ...........................................................................7

*Marlo v. United Parcel Service, Inc.*,
  2009 WL 1258491 (C.D. Cal. 2009).........................................................11, 13

*McCollum v. TGI Friday's, Inc.*,
  2022 WL 2663870 (C.D. Cal. July 11, 2022) ...................................................4

*Molina v. Lexmark Int'l, Inc.*,
  2008 WL 4447678 (C.D. Cal. Sept. 30, 2008) .................................................8

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

*Molina v. Pacer Cartage*,
    47 F.Supp.3d 1061 (S.D. Cal. 2014)................................................................18

*Muniz v. Pilot Travel Ctr. LLC*,
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ..............................................4, 11, 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999).................................................................................2

*Newman-Green, Inc. v. Alfonzo-Larrain*,
    490 U.S. 826 (1989).................................................................................6

*Nunes v. Home Depot U.S.A., Inc.*,
    2019 WL 4316903, (E.D. Cal. 2019) ............................................................12

*Rea v. Michaels Stores, Inc.*,
    742 F.3d 1234 (9th Cir. 2014) ..................................................................10

*Ritenour v. Carrington Mortg. Servs., LLC*,
    228 F. Supp. 3d 1025 (C.D. Cal. 2017) ..........................................................4

*Saunders v. DoorDash, Inc.*,
    2021 WL 528767 (N.D. Cal. Feb 12, 2021) ......................................................5

*Smith v. Superior Ct.*,
    39 Cal.4th 77 (2006) .............................................................................16

*Soliman v. Phillip Morris, Inc.*,
    311 F.3d 966 (9th Cir. 2002) ......................................................................6

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013).................................................................................3

*TransUnion v. Ramirez*,
    141 S.Ct. 2190 (2021)..............................................................................15

*Zator v. Sprint/United Mgmt. Co.*,
    2011 WL 1157527 (S.D. Cal. Mar. 29, 2011) ....................................................9

**Federal Statutes**

18 U.S.C. § 2257(b)(1) .................................................................................6

28 U.S.C. § 1332 .........................................................................................6

28 U.S.C. § 1332(c) .....................................................................................1

28 U.S.C. § 1332(c)(1)..................................................................................5

28 U.S.C. § 1332(d)(10) ................................................................................4

28 U.S.C. § 1332(d)(2) ............................................................................1, 3, 7

28 U.S.C. § 1332(d)(2)(A)...........................................................................4, 6

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

28 U.S.C. § 1332(d)(5) ........................................................................... 7

28 U.S.C. § 1441(a) ................................................................. 1, 3, 6, 19

28 U.S.C. § 1446 ............................................................................. 1, 2

28 U.S.C. § 1446(a) ..................................................................... 19

28 U.S.C. § 1446(d) ..................................................................... 19

28 U.S.C. § 1453 .............................................................................. 1

28 U.S.C. § 84(c) ........................................................................... 19

**State Statutes**

Cal. Bus & Prof. Code ¶ § 17208 ........................................................ 8

Cal. Bus. & Prof. Code § 17208 ................................................... 11, 13

Cal. Civ. Proc. Code § 338(a) ........................................................ 14

Cal. Civ. Proc. Code § 415.30(c) ...................................................... 2

Cal. Lab. Code § 1194 .............................................................. 9, 10

Cal. Lab. Code § 203 ................................................................. 14

Cal. Lab. Code § 227.3 ............................................................. 2, 14

Cal. Lab. Code § 2802 ................................................................. 2

Cal. Lab. Code § 510 .............................................................. 9, 10

**Other Authorities**

Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42

   (2005), *reprinted* in 2005 U.S.C.C.A.N. 3, 40 ..................................... 8

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA,**

3  **AND HER ATTORNEYS OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendants VXN Group LLC ("VXN"), Strike 3

5  Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller")

6  (collectively, "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c),

7  1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action

8  from the Superior Court for the County of Los Angeles to the United States District Court for the

9  Western District of California.

10      This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) – the Class Action

11  Fairness Act of 2005 ("CAFA"). Removal is proper because (i) over two thirds of the putative

12  class is a citizen of a state different from that of Defendants; (ii) the putative class has 384

13  members; and (iii) a reasonable estimate of the amount in controversy is $83,725,899.47.

14  **I.    BACKGROUND**

15      1.    On April 20, 2023, Plaintiff Mackenzie Anne Thoma ("Plaintiff") filed a class

16  action complaint in the Superior Court of California for the County of Los Angeles, entitled

17  *Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group LLC; Strike 3 Holdings, LLC; General*

18  *Media Systems, LLC; Mike Miller; and DOES 1 through 100, inclusive*, Case No. 23STCV08761

19  ("Complaint").

20      2.    On May 2, 2023, Plaintiff's counsel via email provided Defendants' counsel with

21  Notices of Acknowledgment and Receipt in connection with the Summons and the Complaint.

22  A true and correct copy of the documents received by Defendants' counsel on May 2, 2023 is

23  attached hereto as **Exhibit A**.

24      3.    On May 22, 2023, Defendants' counsel via email returned to Plaintiff's counsel

25  signed and dated copies of the Notices of Acknowledgment and Receipt for each of the

26  Defendants. True and correct copies of the signed and dated Notices of Acknowledgement and

27  Receipt are attached hereto as **Exhibit B**.

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

4.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, in this action prior to this Notice of Removal.

## II.     REMOVAL IS TIMELY

5.      The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of and "other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6.      The service of process that triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.      This Notice of Removal is timely because it is filed within thirty days of Defendants' counsel's dating, signature, and return of the Notices of Acknowledgment and Receipt to Plaintiff's counsel. (Ex. B) Cal. Civ. Proc. Code § 415.30(c) ("Service of process pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment is returned to the sender."); 28 U.S.C. § 1446(b). Thirty days from the May 22, 2023 service of the Complaint on Defendants is June 21, 2023.

8.      Plaintiff asserts ten causes of action in her Complaint against Defendants: (i) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay all wages due upon termination; (6) failure to provide accurate wage statements; (7) failure to timely pay wages during employment; (8) violation of Cal. Lab. Code § 2802; (9) violation of Cal. Lab. Code § 227.3; and (10) violation of the Unfair Competition Law. (Ex. A).

9.      The Complaint seeks to certify a class of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Ex. A, at ¶ 33).

10.    Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four (4) years preceding the filing of Plaintiff's complaint" is from **April 20, 2019** until the present.

## III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

11.    This Court has original jurisdiction of this action under CAFA, codified at 28 U.S.C. § 1332(d)(2). Thus, under 28 U.S.C. 1441(a), this matter is properly removable because (i) over two thirds of the putative class is a citizen of a state different from that of Defendants, Yap Decl., at ¶¶ 5-6; (ii) the putative class has 384 members, *id.*; and (iii) a reasonable estimate of the amount in controversy is $83,725,899.47, as explained below.

### A.    Preponderance of the Evidence Standard

12.    Plaintiff's Complaint does not allege the amount in controversy for the class she purports to represent. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

13.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, at 89 (2014); *see also, Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

14.    The allegations in the removing defendant's notice of removal may rely on a chain of reasoning that includes assumptions, and an assumption may be reasonable if it is founded on

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

the allegations of the complaint. *McCollum v. TGI Friday's, Inc.*, 2022 WL 2663870, at *2 (C.D. Cal. July 11, 2022) (citing *Arias*, 936 F.3d at 925). It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017).

15.     Defendants deny Plaintiff's factual allegations and deny that she or the putative class she seeks to represent are entitled to any of the relief for which Plaintiff has prayed. However, regardless of Defendants' culpability, it is evident that (i) minimal diversity exists; (ii) there are well over 100 putative class members; and (iii) when aggregated, Plaintiff and the putative class members put an amount well over CAFA's $5,000,000 threshold in controversy.

**B.      There Exists a Diversity of Citizenship in the Proposed Class**

16.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one putative class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A).

**1.      VXN, Strike 3, GMS, and Miller Are Citizens of California and Delaware**

17.     For CAFA diversity purposes, a limited liability company is deemed to be a citizen of the state where it is organized and the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see also Ferrel v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under § 1332(d)(10) for purposes of CAFA removal); *Jack v. Ring LLC*, 553 F.Supp.3d 711, 715 (N.D. Cal 2021) (concluding same).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

18.     VXN, Strike 3, and GMS are, and at all pertinent times were, organized under the laws of the State of Delaware. True and correct copies of the Delaware Certificates of Good Standing for VXN, Strike 3, and GMS are attached hereto as **Exhibit C**. The principal place of business and corporate headquarters for VXN, Strike 3, and GMS are in Los Angeles, California. Miller, an individual, is a citizen of California. Accordingly, at the time this action was commenced, Defendants were and remain, citizens of the States of Delaware and California within the meaning of 28 U.S.C. § 1332(c)(1).

### 2.     The Majority of Putative Class Members Are Citizens of Neither California nor Delaware

19.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must…be domiciled in the state.") (collecting authorities). Domicile is determined by a person's physical residence in combination with an intention to permanently reside in a specific place. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). An individual's driver's license or other identification is sufficient proof of domicile under the preponderance standard in the context of removal under CAFA. *Saunders v. DoorDash, Inc.*, 2021 WL 528767, at *5 (N.D. Cal. Feb 12, 2021); *Collins v. Golden Gate Bell, LLC*, 2019 WL 2523571, at *3 (N.D. Cal. June 19, 2019) ("Holding a driver's license or other identification issued by a state is strong evidence of domicile [in that] state."). A party may rely on the presumption of continuing domicile once established unless rebutted with sufficient evidence of change. *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). Additionally, non-U.S. citizens shall not be considered domiciled within any state. *Newman-Green, Inc. v. Alfonzo-*

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State.").

20.    Plaintiff's Complaint is brought "on behalf of herself and all others deemed to be "independent contractors" of [Defendants] within the State of California." (Ex. A, at ¶ 6). Plaintiff's causes of action under the Labor Code are premised on the notion that professional actors, such as Plaintiff, were actually misclassified employees. (Ex. A, at ¶ 38(J) (asserting that a question of law common to class members is whether Defendants willfully misclassified Class Members as independent contractors)).

21.    As a matter of practice, and in accordance with its legal obligations under 18 U.S.C. § 2257(b)(1), VXN collects, reviews, and retains copies of all actors' state-issued identification documents prior to the filming of each of its movies. (Yap Decl., at ¶ 3). Out of the 384 actors engaged during the four years preceding the filing of the Complaint, 116 are domiciled in California (30.13%), while 268 (69.79%) are domiciled outside of California.[1] (Yap Decl., at ¶ 6). Accordingly, diversity of citizenship exists under CAFA because at least one member of the putative class is a citizen of neither California nor Delaware. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

22.    **Doe Defendants**. Pursuant to 28 U.S.C. § 1441(a), the residence of fictious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding "the unknown defendants...need not be joined removal petition) (citations omitted); *see Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the

---

[1] Putative class members include actors domiciled in thirty-seven states other than California (Alaska, Alabama, Arkansas, Arizona, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, North Carolina, Nebraska, Nevada, New Hampshire, New Jersey, New New Mexico, New York, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin), and 8 foreign countries (Australia, Colombia, France, Germany, Italy, Serbia, Spain, and Russia). (Yap Decl., at ¶ 7-8).

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

plaintiff seeks leave to substitute a named defendant."). Thus, the Complaint's inclusion of "DOES 1-100" in the Complaint does not deprive this Court of jurisdiction. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).

### C.    The Putative Class Has More Than 100 Members

23.    CAFA's requirement that proposed class membership be no less than 100, 28 U.S.C. § 1332(d)(5), is satisfied here because the putative class has more than 100 members. The Complaint is brought "on behalf of [Plaintiff] and all others deemed to be 'independent contractors' of [Defendants] within the State of California." (Ex. A, at ¶ 6.) The Complaint alleges that a common question to all class members is whether they were willfully misclassified as independent contractors. (Ex. A, at ¶ 38(J).) Based on Plaintiff's definition and according to VXN's business records, the putative class contains at least 384 individuals deemed independent contractors who performed services for VXN in California between April 20, 2019, and May 8, 2023. (Yap Decl., at ¶ 5).

### D.    The Amount In Controversy Exceeds $5,000,000[2]

24.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Federal jurisdiction applies under CAFA if the value of the matter in litigation exceeds $5,000,000 "either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." *Molina v. Lexmark Int'l, Inc.*, 2008 WL 4447678, at *3

---

[2] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Defendants refer to specific damages estimates and cite to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Defendants maintain that Plaintiff's claims lack merit and that Defendants are not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Defendants deny that this case is suitable for class treatment.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

(C.D. Cal. Sept. 30, 2008) (quoting S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 40 (Feb. 28, 2005), *reprinted* in 2005 U.S.C.C.A.N. 3, 2005 WL 627977). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14 at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). Indeed, the Supreme Court has expressly ruled that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 574 U.S. 81, at 89.

### 1.    Overtime Claims

25.    Plaintiff alleges that Defendants failed to pay her and the putative class members overtime wages. She claims that "[f]or at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hours laws[.]" (Ex. A, at ¶ 22.) Plaintiff further alleges that "[f]our (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members." (Ex. A, at ¶ 47).

26.    Plaintiff also alleges that failure to provide overtime constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Ex. A, at ¶ 109.) The statute of limitations for such a claim is four years. Cal. Bus & Prof. Code § 17208.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

However, VXN was incorporated in Delaware in December of 2019 and began paying professional actors for services rendered in California on January 7, 2020. (Burditte Decl., at ¶ 2). Therefore, for purposes of removal, the relevant statutory period for Plaintiff's overtime claims runs from January 7, 2020 until the present day. Under California law, an employee receiving less than the applicable overtime compensation is entitled to recover in a civil action (i) the full amount of overtime compensation owed; (ii) interest thereon; and (iv) attorney's fees and costs of suit. Cal. Lab. Code § 1194.

27.    Under California law, an employee receiving less than the applicable overtime compensation is entitled to recover in a civil action (i) the full amount of overtime compensation owed; (ii) interest thereon; and (iv) attorney's fees and costs of suit. Cal. Lab. Code § 1194. Any work in excess of eight hours in one workday must be compensated at one-half times the employee's regular rate of pay. *Id.* at § 510. Where California law is not otherwise explicit, courts look to federal law to define "regular rate" of pay. *Zator v. Sprint/United Mgmt. Co.*, 2011 WL 1157527, at *3 (S.D. Cal. Mar. 29, 2011) ("California looks to the Fair Labor Standards Act to determine what… constitutes the regular rate of pay for overtime purposes."). An employee's regular rate of pay may be calculated on the basis of the employee's "average earnings" during a workday. *Firestone v. S. California Gas Co.*, 219 F.3d 1063, 1068 (9th Cir. 2000).

28.    VXN is a film production company that creates popular award-winning adult motion pictures. As noted in the Complaint, Plaintiff "is a decorated and well-known adult film actress" who worked for VXN as a professional actor in its adult films in connection with various VXN-associated brands. (Ex. A, at ¶ 7 – 8.) Among the VXN-associated brands, the Vixen, Blacked, Slayed, and Tushy brands are considered "Type-I" films, while other brands, such as the Blacked Raw, Tushy Raw are considered "Type-II" brands. Declaration of Taylor Brock in Support of Defendant's Notice of Removal; (Brock Decl., at ¶ 4). The difference between "Type-I" and "Type-II" relates to filming style and demands of production resources, with Type-I films consistently lasting on average at least 10 hours of production time. (Brock Decl., at ¶ 5 – 6). Type II related films often require actors to be on set for eight hours or less.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

29.    All "Type-I" films are created according to formula, which routinely requires actors to work no less than ten hours in a workday. *Id*. From January 7, 2020 until May 8, 2023, there were approximately 1,120 separate actor engagements on "Type-I" films ("**Type-I Actor Engagements**") paid according to a per-film (i.e., daily) rate. (Burditte Decl., at ¶ 5). For each of the Type-I Actor Engagements, the average daily rate of pay was $1,579.65.[3] *Id*. Thus, the average hourly rate for a Type-I Actor Engagement from January 7, 2020, until May 8, 2023 was **$197.46 per hour** ($1,579.65 ÷ 8 = $197.46). *See*, Cal. Lab. Code § 510 ("Eight hours of labor constitutes a day's work.").

30.    Because the Complaint represents a class of misclassified independent contractors, it is logical to assume that VXN did not pay any overtime to professional actors in connection with the Type-I Actor Engagements because independent contractors are not entitled to overtime.  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[W]hen all members of the putative class are alleged to have been misclassified, the consequences of misclassification apply to all of them.") (citing *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234 (9th Cir. 2014).). The average legal overtime rate for each professional actor engagement over the relevant period was **$296.18** ($197.46 x 1.5). Therefore, because each Type-I Actor worked at least two (2) hours of overtime, a reasonable estimate of the amount in controversy for Plaintiff's overtime claims is **$663,453.00** (($296.18 overtime rate x 2 overtime hours) x 1,120 Type-I Actor Engagements).[4]

31.    For purposes of removal, the foregoing amount indicates the *minimum* of Defendant's exposure for overtime claims because it excludes (i) any interest on overtime recoverable under Cal. Lab. Code § 1194; (ii) any overtime due for "Type-II" actor engagements.

## 2.    Meal Breaks

32.    Plaintiff alleges that Defendants failed to provide her and the putative class members with meal breaks. She claims that, "[f]or at least four (4) years prior to the filing date of this Action and continuing to the present, Defendants have, *at times*, failed to provide Plaintiff

---

[3] Plaintiff's average daily rate of pay on Type-I films was $4,875.00 (Burditte Decl., at ¶ 7).
[4] This figure does not include overtime for which professional actors on Type-II films may be entitled.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period (sic) for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days in which they worked in excess of ten (10) hours in a work day…." (Ex. A, at ¶ 24 (emphasis added)). Plaintiff further alleges that, "[f]or four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, ***at times***, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them as permitted. Moreover, ***at times***, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods." *Id.* at ¶ 60 (emphasis added).

33. Under California law, employees who are denied the opportunity to take proper meal periods are entitled to one hour of premium pay for each day that a meal period is not provided. *Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, *7 (C.D. Cal. 2009). Meal period claims are properly considered in determining the amount in controversy. *See*, *e.g.*, *Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

34. Plaintiff also alleges that failure to provide meal periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Ex. A, at ¶ 109). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208.

35. For purposes of removal, Defendants assume that Plaintiff's '*at times*' language reasonably connotes at **twenty percent (20%) violation rate**. This is rate is below the threshold that courts have accepted as reasonable when a plaintiff alleges that violations occurred '*at times*.' *See*, *Alfaro v. Bander by Piercing Pagoda*, 2022 WL 1284823, *3 (C.D. Cal. 2022) (finding an assumption of a "25% violation rate based off Plaintiff's allegation that Defendant has '**at times**' failed to provide putative class members with compliant meal and rest periods…is entirely reasonable considering the plain text of Plaintiff's allegations place some, but not all, of

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

the meal and rest break periods in controversy.") (emphasis in original)[5]; *Cabrera v. South Valley Almond Company*, 2021 WL 5937585, *6 (E.D. Cal. 2021) ("In the Court's view, however, assuming that a violation occurred in connection with one out of five breaks [a 20% violation rate] is consistent with language in the Complaint stating that violations occurred '**at times**.'") (emphasis in original); *Corral v. Staples the Office Superstore LLC*, 2022 WL 2132851 (C.D. Cal. 2022) (citing to *Cabrera*, *supra*, for "accepting defendant's assumption of one hour of unpaid wages per week where plaintiff alleged violations occurred 'at times' and 'on occasion,'…") (emphasis in original); *Brown v. Janus of Santa Cruz*, 2021 WL 3413349 (N.D. Cal. 2021) ("The '**at times**' language supports an inference that Defendant made these deductions [to cover up missing meal breaks] 50% of the time when employees missed meal breaks. The Court thus funds that the allegations in the complaint support a reasonable inference that Janus deducted thirty minutes of wages in 25% of all non-exempt employee shifts.") (emphasis in original); *Gallegos v. EC USA Holdings, Inc.*, 2016 WL 8674592 (C.D. Cal. 2016) (finding that the language "**at times**" does not support a 100% violation rate but could support a 50% violation rate.); *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, *2 (E.D. Cal. 2019) (finding an assumption of one missed meal break per week (a 20% violation rate) reasonable where plaintiff alleged defendants were not provided meal breaks "**from time to time**."(emphasis added).)

36.    Defendants deny that they failed to provide Plaintiff and members of the putative class with legally compliant meal breaks. However, assuming Plaintiff and the putative class members were denied the opportunity to take one (1) compliant meal break in 20% of all Type-I Actor Engagements during the class period (**a 20% violation rate**), the total amount of missed meal break premiums would exceed $44,230.20 (i.e., $197.46 [average base hourly rate of pay

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[5] In *Alfaro*, the plaintiff was represented by the same counsel as Plaintiff here. The Alfaro court admonished plaintiff, stating: "Plaintiff's attempt to limit the scope of her complaint by pointing to allegations that state Defendant 'at times' violated wage and hour laws or that only 'some' class members experienced violations is not compelling. Indeed, Plaintiff cannot avoid this Court's CAFA jurisdiction through artful pleading. Such a tactic would essentially eviscerate a defendant's ability to invoke CAFA jurisdiction, contrary to the intent of Congress." *Id.*

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

since April 20, 2019] x 1,120 films x .20 [assuming a violation rate of one missed meal penalty for every five Type-I Actor Engagements]).[6]

### 3. Rest Breaks

37.    Plaintiff alleges that Defendants failed to provide her and the putative class members with rest breaks. She claims that "[f]or at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, *at times*, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws." (Ex. A, at ¶ 25 (emphasis added)). She further alleges that, "For four (4) years prior to the filing of the Complaint in this action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, *at times*, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods." (Ex. A, at ¶ 68 (emphasis added)).

38.    Under California law, employees who are denied the opportunity to take proper rest periods are entitled to one (1) hour of premium pay for each day that a rest period is not provided. *Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, (C.D. Cal. 2009). As a matter of law, rest period claims are properly considered in determining the amount in controversy. See, e.g., *Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

39.    Plaintiff also alleges that failure to provide meal periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Ex. A, at ¶ 109). The statute of limitations for such a claim is four (4) years. Cal. Bus. & Prof. Code § 17208.

---

[6] This sum excludes amounts in controversy related to meal period premium pay for "Type-II" Actor Engagements.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

40.     As with meal breaks, an assumption of one (1) violation for every five Type-I Actor Engagements (equal to a twenty percent (20%) violation rate) is proper when a plaintiff alleges that the violation occurs "at times." *See supra*, at ¶ 35. This assumption is less than the 25% and 50% violation rates approved in other cases, which allege violations occurred "*at times*." *Id.*

41.     Defendants deny that they failed to provide Plaintiff and members of the putative class with legally compliant rest breaks. However, assuming Plaintiff and the putative class members were denied the opportunity to take one (1) compliant rest break in 20% of all Type-I Actor Engagements during the class period (**a 20% violation rate**), the total amount of missed rest break premiums would equal $44,230.20 (i.e., $197.46 [average base hourly rate of pay since April 20, 2019] x 1,120 scenes x .20 [assuming a violation rate of one missed rest period penalty for every five Type-I Actor Engagements]).[7]

### 4.     Waiting Time Penalties

42.     Plaintiff alleges that, "[f]or at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, *at times*, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3." (Ex. A, at ¶ 26 (emphasis added)). She seeks penalties pursuant to Labor Code § 203 for all putative class members who were terminated or resigned equal to their daily wage times thirty (30) days. *Id.* at ¶ 77. The statute of limitations for penalties under California Labor Code § 203 is three years. Cal. Civ. Proc. Code § 338(a). Accordingly, based on the allegations of the Complaint, any putative class member who stopped working for Defendants during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203. (*See Cabrera*, 2021 WL 5937585 at *10 (finding that 100% violation rate for waiting time penalty claims was reasonable, despite that

---

[7] This sum excludes amounts in controversy related to rest period premium pay for "Type-II" Actor Engagements.

plaintiff alleged violations only occurred "at times," because "the recitation of the waiting time claim expressly incorporates allegations as to multiple types of Labor Code violations . . . . Thus, the Court finds it is reasonable to assume . . . that final paychecks for all separated employees violated section 201 or section 202.").

43.    The assumption of 100% violation rate with respect to Type-I Actor Engagements for the waiting-time penalty claim is supported by *TransUnion v. Ramirez*, 141 S.Ct. 2190, 2197 (2021), in which the Supreme Court held that, "[o]nly plaintiffs concretely harmed by a defendant's statutory violation have Article III standing to seek damages against that private defendant in federal court," and that certain class members who were not harmed by defendant had no standing to bring claims against it. As such, in order to have standing in this case, every class member here must have suffered at least one of the Labor Code violations alleged by Plaintiff. *See also, De Vega v. Baxter Healthcare Corp*., 507 F. Supp. 3d 1214, 1218 (N.D. Cal. 2019) ("[Plaintiff's] theory, however, plainly is that putative class members were owed (and are still owed) pay for overtime and missed meal and rest breaks, even if their final paychecks were otherwise timely delivered. Thus, it is completely reasonable to assume waiting time penalties accrued to the thirty-day limit because of those unpaid sums, and that class members virtually all hold wage statement penalty claims as well."); *Garay v. Southwest Airlines Co.*, 2019 WL 967121 at *2 (N.D. Cal. 2019) ("[A] claim that alleges that all putative class members are misclassified (e.g., as independent contractors), alleges a "universal violation" of the applicable labor laws.") (citing *LaCross*, 775 F.3d 1200). *but see Gonzalez v. H&M Hennes & Mauritz L.P.*, 2022 WL 179292, at *3 (C.D. Cal. Jan. 20, 2022) (holding evidence was insufficient to maintain a 20% violation rate for waiting time penalties when plaintiff averred that defendants "at times" violated Labor Code § 203 with a class period that was reduced by more than 50% because of a previous Judgment and attendant releases). Therefore, each putative Class Member who was terminated or resigned in the three years preceding the filing of the Complaint is entitled to waiting time penalties in the amount of their daily wage times thirty (30) days. Further, Defendants have already established that Defendants' *minimum* exposure to Plaintiff's overtime

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

claims is **$663,453.00** assuming that Defendants did not pay overtime in connection with any Type-I Actor Engagement. *Supra*, at ¶ 30.

44.    During the relevant three-year time period for waiting time penalties, from April 20, 2020 until May 8, 2023, there were 1,001 Type-I Actor Engagements, after each of which the professional actors were effectively discharged. *See, Smith v. Superior Ct.*, 39 Cal.4th 77, 90 (2006) ("[A]n employer effectuates a discharge within the contemplation of [Labor Code] sections 201 and 203, not only when it fires an employee, but also when it releases an employee upon the employee's completion of the particular job assignment or time duration for which he or she was hired."). The discharged actors were paid an average daily rate of $1,603.18, equating to an average hourly rate of $200.40 ($1,603.18 ÷ 8), and an average overtime rate of $300.60 ($200.40 x 1.5). (Burditte Decl., at ¶ 6). All Type-I Actor Engagements required actors to work 10 hour workdays. (Brock Decl., at ¶ 5). Accordingly, each actors' adjusted daily rate, inclusive of overtime, is $2,204.38 ($1,603.18 average daily rate + 2 hours of overtime at $300.60 each). According to the allegations of the Complaint, each actor would be due the maximum waiting time penalty of thirty days of wages, because more than thirty days have passed from the last reference date for actor pay: May 8, 2023.

45.    Although Defendants dispute liability, a reasonable estimate of the *minimum*[8] amount in controversy for waiting time penalties is **$66,197,306.18** ($2,204.38 x 30 days x 1,001 Type-I Actor Engagements).

46.    Even assuming, alternatively, that (i) Type-I Actor Engagements implicated one, rather than two hours of overtime; or (ii) merely 20% of Type-I Actor Engagements implicated one hour of meal or rest break premium pay with no overtime owed; or (iii) only 10% of Type-I Actor Engagements implicated liability for waiting time penalties inclusive of one-hour overtime, Plaintiff's waiting time penalties claim still satisfies the CAFA amount in controversy requirements, as demonstrated below:

---

[8] This figure omits any additional waiting time penalties related to missed meal and rest periods.

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | |
|---|---|
| Type-I Actor Engagements | 1,001 |
| Average Daily Rate | $1,603.18 |
| Average Hourly Rate | $200.3975 |
| Overtime Rate | $300.59625 |
| Liability With 1-Hour Overtime | $57,170.400.79 |
| Liability With if 20% Owed 1-Hour Rest/Meal Premium Pay | $9,628,699.08 |
| Liability if 10% Owed Waiting Time Penalties with 1-Hour Overtime | $5,717,040.08 |

### 5. Attorneys' Fees

47. Plaintiff seeks attorneys' fees on behalf of the putative class. (Ex. A, at ¶ 133(N)). Attorneys' fees are properly included in the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

48. When, as here, a plaintiff seeks to recover attorneys' fees as permitted by California law, the court must consider future attorneys' fees when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018). In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. See, e.g., *Hanlon v. Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff);

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Jasso v. Money Mart Express, Inc*., 2012 WL 699465, at \*6 - 7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'").

49.    Assuming Plaintiff prevailed on a class-wide basis in this case (on the claims addressed above only), the estimated attorneys' fees, based on the foregoing conservative calculations, would be **$16,737,304.90** (i.e., $66,949,219.58 [amount in controversy set forth above] x 1.25).

### 6.    Summary of Amount in Controversy

50.    In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA. The minimum amount in controversy is summarized as follows:

| Claim | Amount |
|---|---|
| Overtime | $      663,453.00 |
| Meal breaks | $        44,230.20 |
| Rest breaks | $        44,230.20 |
| Waiting Time Penalties | $ 66,197,306.18 |
| Attorney's Fees | $ 16,737,304.90 |
| **Total:** | **$ 83,686,524.48** |

51.    Notably, the aforementioned amounts in controversy exclude the potential liability for Plaintiff's minimum wage, failure to timely pay wages, business expense reimbursement, wage statement penalties, and vacation pay claims, all of which will only increase the amount in controversy. Further the amount in controversy herein alleged is limited to claims as it relates to Type-I Actor Engagements and excludes possible claims in connection with Type-II films. In the event Plaintiff seeks to remand this case, Defendants reserve their right to include calculations with respect to the amount in controversy for each of those claims in its opposition. *Molina v. Pacer Cartage*, 47 F.Supp.3d 1061 (S.D. Cal. 2014).

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## IV.    VENUE

52.    This Action was originally filed in the Los Angeles County Superior Court. Initial venue is therefore proper in this district pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), and because it encompasses the county in which this action has been pending.

## V.    NOTICE TO STATE COURT AND TO PLAINTIFF

53.    Defendants will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action is pending, as required under 28 U.S.C. § 1446(d).

## VI.    PRAYER FOR REMOVAL

54.    Based on the foregoing, Defendants respectfully request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this action is subject to removal.

Dated: June 21, 2023

Respectfully submitted,

KANE LAW FIRM

By:    */s/ Brad S. Kane*

Brad Kane
Attorney for Defendants
VXN Group LLC; Strike 3 Holdings, LLC;
General Media Systems, LLC; and Mike
Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF REMOVAL OF CIVIL CASE TO THE UNITED STATES DISTRICT COURT

1
2

**PROOF OF SERVICE**
CCP 1013a(3)

3          I am employed in the County of Los Angeles of California. I am over the age of
4  18 and not a party to the within action. My business address is 1154 S. Crescent Heights
   Blvd., Los Angeles, CA 90035.
5
6          On June 21, 2023, I served the foregoing document(s) described as:
   **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE**
7  **UNITED STATES DISTRICT COURT** on each interested party in this action, as
   follows:
8
9  BIBIYAN LAW GROUP, P.C.                    *Attorneys for Plaintiff Mackenzie Thoma*
   David D. Bibiyan
10 Jeffrey D. Klein                           Email: david@tomorrowlaw.com
   Sarah H. Cohen                                    jeff@tomorrowlaw.com
11 8484 Wilshire Blvd., Suite 500                    sarah@tomorrowlaw.com
   Beverly Hills, CA 90211
12
13         ☐ **BY USPS FIRST CLASS MAIL**: As follows: I am "readily familiar"
14 with the firm's practice of collection and processing correspondence for mailing. Under
   that practice it would be deposited with U.S. Postal Service on that same day with
15 postage thereon fully prepaid at Santa Monica, California in the ordinary course of
   business. I am aware that on motion of the party served, service is presumed invalid if
16 postal cancellation date or postage meter date is more than one day after date of deposit
   for mailing in affidavit.
17
18         ☐ **BY EMAIL TO ALL PARTIES** (pursuant to California Code of Civil
   Procedure § 1010.6): I caused a true copy of the foregoing document(s) to be served by
19 electronic email transmission at the time shown on each transmission, to each interested
   party at the email address shown above. Each transmission was reported as complete
20 and without error.
21
22         ☐ **BY CM/ECF SYSTEM** – I hereby certify that I electronically transmitted
   the attached document to the Clerk's Office using the CM/ECF System for filing and
23 transmittal of a Notice of Electronic Filing to the ECF registrants listed above.
24         ☐ **FEDERAL** - I declare that I am employed in the office of a member of
   the bar of this Court at whose direction the service was made.
25
26         Executed on June 21, 2023, at Los Angeles, California.
27
28                                            _____

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
PROOF OF SERVICE

EXHIBIT A

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA and
on behalf of herself and all others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/20/2023 9:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23STCV08761<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. VIOLATION OF LABOR CODE § 227.3<br><br>10. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

1    COMES NOW plaintiff MACKENZIE ANNE THOMA, famously known as "KENZIE

2   ANNE" on behalf of herself and all others similarly situated, and alleges as follows:

3                                    **INTRODUCTION**

4    1.        This is a Class Action brought pursuant to Code of Civil Procedure section 382.  It's

5   brought by Plaintiff MACKENZIE ANNE THOMA, known in the adult film industry as "KENZIE

6   ANNE" (hereinafter "Plaintiff" or "Ms. Thoma").  It is brought against VXN GROUP LLC, ("VXN

7   GROUP"), STRIKE 3 HOLDINGS, LLC ("STRIKE 3"), GENERAL MEDIA SYSTEMS, LLC

8   ("GENERAL MEDIA") and VXN GROUP's Executive Director, MIKE MILLER (collectively,

9   "Vixen Media Group").

10   2.        As further set out below, Vixen Media Group runs a powerful, lucrative, and well-

11   known adult film production company which many, if not all, adult film performers perform for at

12   some point in their careers due to its unique role in providing upscale adult film products in the

13   industry.

14   3.        Vixen Media Group requires its performers and models to enter into "performance

15   agreements" in order to perform services on their behalf.  Ms. Thoma had to sign one such

16   agreement.  That agreement requires that she appear nude and semi-nude and perform "multiple,

17   explicit sexual acts" with or without sexual aids.  Vixen Media Group reserves the right to choose

18   the performer(s) and the performer(s) must perform at the direction of Vixen Media Group's

19   director.  The hours include nights, weekends, and holidays, with filming sessions that may take as

20   long as ten hours.  During the term of the agreement, Ms. Thoma must "maintain" her "physical

21   appearance", including Vixen Media Group's "reasonable personal grooming requests".  If she

22   wanted to change her physical appearance, including, for instance, obtaining a tattoo or piercing,

23   she first needed Vixen Media Group's written permission.  Even after the Agreement expired Ms.

24   Thoma was required to provide additional services if Vixen Media Group required them.  She must

25   agree to promote Vixen Media Group's websites and brands on her social media to the best of her

26   abilities, at Vixen Media Group's direction, and under their guidelines and recommendations.

27   4.        Moreover, when Ms. Thoma merely requested her personnel file from Vixen Media

28   Group, Vixen Media Group threatened to sue Ms. Thoma due to purported losses in connection with

1   two medical infections, one of which it alleges were caused by an "unauthorized plastic surgery"

2   (all allegations that Ms. Thoma denies).

3   5.      *Yet despite exercising control over every aspect of Ms. Thoma's body, including with*

4   *whom she has sexual intercourse, whether she may pierce her ear, obtain a cosmetic surgery, or*

5   *even miss time for an infection, Vixen Media Group contends that it lacks sufficient control over*

6   *Ms. Thoma to be her employer and thus decline to provide Ms. Thoma with the pay and benefits*

7   *afforded to California employees.*

8   6.      Thus, Ms. Thoma brings this class action on behalf of herself and all others with

9   deemed to be "independent contractors" of VXN GROUP, STRIKE 3, GENERAL MEDIA, their

10  respective parents, subsidiaries and/or affiliated companies within the State of California ("VIXEN

11  MEDIA GROUP").  The Action is brought against VXN GROUP's Executive Producer, MIKE

12  MILLER ("MILLER").  Herein, VIXEN MEDIA GROUP, MILLER, and DOES 1 through 100, as

13  further defined below, shall be referred to as "Defendants".

**PARTIES**

A.   **Plaintiff**

16  7.      Plaintiff Ms. Thoma, a resident of the State of California, is a decorated and well-

17  known adult film actress who performs under the stage name "Kenzie Anne".   She has been named

18  "Pet of the Year" by Penthouse magazine and shortly before the filing of this Complaint appeared

19  on the cover of Hustler magazine.

20  8.      Before beginning her acting career, she modeled and participated in photo shoots for

21  various clothing brands and adult magazines, such as Wet Seal, Free People, Carbon38, Playboy

22  Plus, and Eats Channel.  In November of 2020, she signed a contract with Defendants, known widely

23  as "Vixen Media Group", with her entry into the adult film industry occurring on or around April

24  30, 2021.   Between November 2020 through approximately September of 2022, Ms. Thoma

25  performed in Defendants' movies and modeled at their direction.

B.   **Defendants**

27  9.      Plaintiff is informed and believes that defendants VXN GROUP, STRIKE 3, and

28  GENERAL MEDIA are limited liability companies organized and existing under the laws of the

3

CLASS ACTION COMPLAINT

1    State of Delaware and doing business in the County of Los Angeles, State of California.

2        10.    VIXEN MEDIA GROUP is the creator of adult motion pictures and photographs

3    distributed for commercial sale through various distribution outlets and platforms.  It was founded

4    in 2014 by French entrepreneur and director Greg Lansky along with partners Steven Matthyssen

5    and Mike Miller with the goal of creating higher-quality videos that would be considered more

6    "artistic" than the normal realm of adult video content.  While Greg Lansky sold his stake in VIXEN

7    MEDIA GROUP in January of 2020, it still owns and operates at least seven online adult film sites,

8    including Vixen, Tushy, Blacked, Blacked Raw, Tushy Raw, Deeper and Slayed.

9        11.    VIXEN MEDIA GROUP has won many major awards in the adult-film industry,

10   including an XBIZ Award as recently in 2022 for Studio of the Year.

11       12.    Plaintiff is informed and believes and based thereon alleges that defendant MILLER

12   is, and at all times relevant hereto was, an individual residing in California, as well as a founder,

13   principal, and the Executive Producer of VXN GROUP, and DOES 1 through 50, as further defined

14   below.  Plaintiff is further informed and believes and based thereon alleges that MILLER violated,

15   or caused to be violated, the above-referenced and below-referenced Labor Code provisions in

16   violation of Labor Code section 558.1.

17       13.    The true names and capacities, whether individual, corporate, associate, or otherwise,

18   of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

19   who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

20   Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

21   herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

22   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

23   the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

24   informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

25   to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

26   policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

27   other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

28   include VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER and any of their parent,

1  subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 50
2  identified herein.

3  **JOINT LIABILITY ALLEGATIONS**

4  14.   Plaintiff is informed and believes and based thereon alleges that all the times
5  mentioned herein, each of the Defendants was the agent, principal, employee, employer,
6  representative, joint venture or co-conspirator of each of the other defendants, either actually or
7  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
8  employment, joint venture, and conspiracy.

9  15.   All of the acts and conduct described herein of each and every corporate defendant
10  was duly authorized, ordered, and directed by the respective and collective defendant corporate
11  employers, and the officers and management-level employees of said corporate employers. In
12  addition thereto, said corporate employers participated in the aforementioned acts and conduct of
13  their said employees, agents, and representatives, and each of them; and upon completion of the
14  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant
15  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,
16  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the
17  aforementioned corporate employees, agents and representatives.

18  16.   Plaintiff is further informed and believes and based thereon alleges that MILLER
19  violated, or caused to be violated, the above-referenced and below-referenced Labor Code
20  provisions in violation of Labor Code section 558.1.

21  17.   Plaintiff is informed and believes, and based thereon alleges, that there exists such a
22  unity of interest and ownership between Defendants, and each of them, that their individuality and
23  separateness have ceased to exist.

24  18.   Plaintiff is informed and believes, and based thereon alleges that despite the
25  formation of the purported corporate existence of VXN GROUP, STRIKE 3, GENERAL MEDIA,
26  and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one
27  and the same with MILLER and DOES 51 through 100 ("Individual Defendants"), and each of them,
28  due to, but not limited to, the following reasons:

A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

6

CLASS ACTION COMPLAINT

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

19.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

20.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

21.   Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles County.

## FACTUAL BACKGROUND

22.   For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

/ / /

23.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

24.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

25.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

26.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

27.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

28.     For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

29.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for work-related expenses.

30.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

31.     Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 226.8, 227.3, 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, *et al.*, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failure to pay interest on failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

32.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

/ / /

/ / /

/ / /

**CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

34.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

35.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

> **A.     Numerosity**

36.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

37.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

> **B.     Commonality**

38.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

> A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

/ / /

/ / /

CLASS ACTION COMPLAINT

B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants violate Labor Code section 226.8 by willfully classifying Class Members as independent contractors?

K.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

L.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

M.   Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

N.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

O.    Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

P.    Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

Q.    Are Class Members entitled to costs and attorneys' fees?

R.    Are Class Members entitled to interest?

**C.    Typicality**

39.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

40.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

41.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

42.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

/ / /

## **FIRST CAUSE OF ACTION**

### **(Failure to Pay Overtime Wages – Against All Defendants)**

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

45.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

46.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

47.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

48.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

/ / /

49.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

50.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

52.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

53.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

54.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

55.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

56.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

14

CLASS ACTION COMPLAINT

57.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

58.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

59.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

60.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

61.    By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

62.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

63.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

1    Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

2    <u>**FOURTH CAUSE OF ACTION**</u>

3    **(Failure to Provide Rest Periods – Against All Defendants)**

4    64.    Plaintiff realleges and incorporates by reference all of the allegations contained in

5    the preceding paragraphs as though fully set forth hereat.

6    65.    At all relevant times, Plaintiff and Class Members were employees or former

7    employees of Defendants covered by applicable Wage Orders.

8    66.    California law and applicable Wage Orders require that employers "authorize and

9    permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

10    work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-

11    half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

12    work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

13    of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

14    thirty (30) minutes of paid rest period.

15    67.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

16    with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

17    Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

18    regular rate of compensation for each work day that the rest period is not provided.

19    68.    For four (4) years prior to the filing of the Complaint in this Action through the

20    present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

21    timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

22    thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

23    Member's regular rate of compensation on the occasions that Class Members were not authorized

24    or permitted to take compliant rest periods.

25    69.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take

26    rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

27    regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

28    willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

70.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

71.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

72.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

73.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

74.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

75.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

/ / /

/ / /

76.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

77.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

78.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

79.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

80.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

81.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

82.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

18

83.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

84.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

85.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

86.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

87.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

///

EXHIBIT A

<u>**SEVENTH CAUSE OF ACTION**</u>

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

88.       Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

89.       At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

90.       Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

91.       Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

92.       Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

93.       Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

/ / /

CLASS ACTION COMPLAINT

94.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

95.     Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

96.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

97.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

98.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: laundering mandatory work uniforms; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

99.     During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

100.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

101.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants

102.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

103.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

104.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

105.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

106.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

107.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## TENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

108.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

109.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

110.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

111.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

112.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

113.     Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

23

1      1194, 1197 and 1199 and 227.3;

2   D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

3   E. Damages for unpaid premium wages from missed meal and rest periods under,

4     among other Labor Code sections, 512, 558.1 and 226.7;

5   F. Penalties for inaccurate wage statements under Labor Code sections 226,

6     subdivision (e) and 558.1;

7   G. Waiting time penalties under Labor Code sections 203 and 558.1;

8   H. Penalties to timely pay wages under Labor Code section 210;

9   I. Penalties for willfully misclassifying employees as independent contractors under

10     Labor Code   226.8

11   I. Damages under Labor Code sections 2802 and 558.1;

12   J. Damages under Labor Code section 404;

13   K. Preliminary and permanent injunctions prohibiting Defendants from further

14     violating the California Labor Code and requiring the establishment of appropriate

15     and effective means to prevent future violations;

16   L. Restitution of wages and benefits due which were acquired by means of any unfair

17     business practice, according to proof;

18   M. Prejudgment and post-judgment interest at the maximum rate allowed by law;

19   N. For attorneys' fees in prosecuting this action;

20   O. For costs of suit incurred herein; and

21   P. For such other and further relief as the Court deems just and proper.

22 Dated:  April 14, 2023    BIBIYAN LAW GROUP, P.C.

23

24       BY: _/s/ David D. Bibiyan_

25        DAVID D. BIBIYAN
         JEFFREY D. KLEIN

26        SARAH H. COHEN
       Attorneys for Plaintiff MACKENZIE ANNE

27       THOMA on behalf of herself and all others similarly

28       situated

EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 330700 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Sarah H. Cohen | | |

NAME: Sarah H. Cohen
FIRM NAME: Bibiyan Law Group, P.C.
STREET ADDRESS: 8484 Wilshire Blvd., Suite 500
CITY: Beverly Hills     STATE: CA     ZIP CODE: 90211
TELEPHONE NO.: 310-438-5555     FAX NO.: 310-300-1705
E-MAIL ADDRESS: sarah@tomorrowlaw.com
ATTORNEY FOR (Name): Plaintiff, Mackenzie Anne Thoma

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Mackenzie Anne Thoma
Defendant/Respondent: VXN Group LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23STCV08761 |
|---|---|

TO (insert name of party being served): VXN GROUP LLC, a Delaware limited liability company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 2, 2023

Sarah H. Cohen
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

Alternative Dispute Resolution Packet; Civil Case Cover Sheet; First Amended General Order; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation; Peremptory Challenge to Judicial officer; Court Order re Peremptory Challenge Pursuant to CCP 170.6; Notice of Case Reassignment

(To be completed by recipient):

Date this form is signed: 5/22/23

Brad S. Kane
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Brad S. Kane
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 330700 | FOR COURT USE ONLY |
|---|---|---|

NAME: Sarah H. Cohen
FIRM NAME: Bibiyan Law Group, P.C.
STREET ADDRESS: 8484 Wilshire Blvd., Suite 500
CITY: Beverly Hills          STATE: CA     ZIP CODE: 90211
TELEPHONE NO.: 310-438-5555    FAX NO.: 310-300-1705
E-MAIL ADDRESS: sarah@tomorrowlaw.com
ATTORNEY FOR (Name): Plaintiff, Mackenzie Anne Thoma

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
 STREET ADDRESS: 312 N. Spring Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Mackenzie Anne Thoma
Defendant/Respondent: VXN Group LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23STCV08761 |
|---|---|

TO (insert name of party being served): STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 2, 2023

Sarah H. Cohen
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):

> Alternative Dispute Resolution Packet; Civil Case Cover Sheet; First Amended General Order; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation; Peremptory Challenge to Judicial officer; Court Order re Peremptory Challenge Pursuant to CCP 170.6; Notice of Case Reassignment

(To be completed by recipient):

Date this form is signed: 5/22/23

Brad S. Kane
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 330700 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Sarah H. Cohen | | |

NAME: Sarah H. Cohen
FIRM NAME: Bibiyan Law Group, P.C.
STREET ADDRESS: 8484 Wilshire Blvd., Suite 500
CITY: Beverly Hills     STATE: CA     ZIP CODE: 90211
TELEPHONE NO.: 310-438-5555     FAX NO.: 310-300-1705
E-MAIL ADDRESS: sarah@tomorrowlaw.com
ATTORNEY FOR (Name): Plaintiff, Mackenzie Anne Thoma

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Mackenzie Anne Thoma
Defendant/Respondent: VXN Group, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23STCV08761 |
|---|---|

TO (insert name of party being served): GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 2, 2023

Sarah H. Cohen
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ * ] A copy of the summons and of the complaint.
2. [ * ] Other (specify):

Alternative Dispute Resolution Packet; Civil Case Cover Sheet; First Amended General Order; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation; Peremptory Challenge to Judicial officer;  Court Order re Peremptory Challenge Pursuant to CCP 170.6; Notice of Case Reassignment

(To be completed by recipient):

Date this form is signed: 5/22/23

Brad S. Kane
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 330700 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Sarah H. Cohen | | |
| FIRM NAME: Bibiyan Law Group, P.C. | | |
| STREET ADDRESS: 8484 Wilshire Blvd., Suite 500 | | |
| CITY: Beverly Hills    STATE: CA    ZIP CODE: 90211 | | |
| TELEPHONE NO.: 310-438-5555    FAX NO.: 310-300-1705 | | |
| E-MAIL ADDRESS: sarah@tomorrowlaw.com | | |
| ATTORNEY FOR (Name): Plaintiff, Mackenzie Anne Thoma | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Mackenzie Anne Thoma
Defendant/Respondent: VXN Group LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23STCV08761 |
|---|---|

TO (insert name of party being served): MIKE MILLER, an individual

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 2, 2023

_____        ▶        _____
Sarah H. Cohen                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)
(TYPE OR PRINT NAME)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other (specify):

   Alternative Dispute Resolution Packet; Civil Case Cover Sheet; First Amended General Order; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation; Peremptory Challenge to Judicial officer; Court Order re Peremptory Challenge Pursuant to CCP 170.6; Notice of Case Reassignment

*(To be completed by recipient):*

Date this form is signed: 5/22/23

Brad S. Kane _____        ▶        Brad S. Kane _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, |
|---|---|---|
| Judicial Council of California | | §§ 415.30, 417.10 |
| POS-015 [Rev. January 1, 2005] | | www.courtinfo.ca.gov |

EXHIBIT C

EXHIBIT C



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "VXN GROUP, LLC" IS DULY FORMED UNDER
THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A
LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF
THE SIXTH DAY OF JANUARY, A.D. 2020.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "VXN GROUP, LLC"
WAS FORMED ON THE THIRD DAY OF DECEMBER, A.D. 2019.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN
ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

7733180  8300
SR# 20200087293
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202126952
Date: 01-06-20

2 0 2 0 0 3 0 1 0 6 6 4

EXHIBIT C

# Delaware

Page 1

## The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "STRIKE 3 HOLDINGS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SECOND DAY OF FEBRUARY, A.D. 2018.*

Jeffrey W. Bullock, Secretary of State

5673228  8300

SR# 20180382452

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202085446

Date: 02-02-18

20181241 0277

EXHIBIT C

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "GENERAL MEDIA SYSTEMS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE NOT HAVING BEEN CANCELLED OR REVOKED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF FORMATION, FILED THE SEVENTH DAY OF FEBRUARY, A.D. 2014, AT 5:10 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATE IS THE ONLY PAPER OF RECORD, THE LIMITED LIABILITY COMPANY IN QUESTION NOT HAVING FILED AN AMENDMENT NOR HAVING MADE ANY CHANGE WHATSOEVER IN THE ORIGINAL CERTIFICATE AS FILED.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

5479017  8315

SR# 20212840291

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203797820

Date: 07-30-21

## PROOF OF SERVICE
CCP 1013a(3)

I am employed in the County of Los Angeles of California. I am over the age of 18 and not a party to the within action. My business address is 1154 S. Crescent Heights Blvd., Los Angeles, CA 90035.

On June 21, 2023, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT AND ACCOMPANYING EXHIBITS A, B, AND C** on each interested party in this action, as follows:

BIBIYAN LAW GROUP, P.C.
David D. Bibiyan
Jeffrey D. Klein
Alexander D. Wallin
8484 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211

*Attorneys for Plaintiff Mackenzie Thoma*

Email: david@tomorrowlaw.com
jeff@tomorrowlaw.com
alex@tomorrowlaw.com

☑ **BY USPS FIRST CLASS MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **BY EMAIL TO ALL PARTIES** (pursuant to California Code of Civil Procedure § 1010.6): I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

☑ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 21, 2023, at Los Angeles, California.

Chris Cude