**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC; GENERAL MEDIA SYSTEMS, LLC; AND MIKE MILLER'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND CLASS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          July 28, 2023<br>Time:          1:00 pm or later<br>Courtroom:          9B<br><br>[*Filed concurrently with Declaration of Brad S. Kane in support of Defendants' Motion to Dismiss and [Proposed] Order*]<br><br>Complaint Filed:  April 20, 2023<br>Removed:          June 22, 2023 |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 28, 2023, at 1:00 pm or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu, Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller") (collectively, "Defendants") will and hereby move for an order dismissing MACKENZIE ANNE THOMA's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

### MOTION TO DISMISS

Defendants move to dismiss Plaintiff's ten following causes of action for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6):

1.     Failure to Pay Overtime Wages;

2.     Failure to Pay Minimum Wages fails;

3.     Failure to Pay Provide Meal Periods;

4.     Failure to Provide Rest Periods;

5.     Failure to Pay All Wages Due Upon Termination;

6.     Failure to Provide Accurate Wage Statements;

7.     Failure to Timely Pay Wages During Employment;

8.     Violation of Labor Code § 2802;

9.     Violation of Labor Code § 227.3; and

10.    Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

Further, Defendants move to dismiss Plaintiff's alter ego and individual defendant allegation for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

*(left margin)* **KANE LAW FIRM** 1154 S. Crescent Heights Blvd. Los Angeles, CA 90035

1   Under Local Rule 7-3, Defendants' counsel Brad Kane and Eric Clopper and
2   Plaintiff's counsel Sarah Cohen thoroughly discussed the substance and potential
3   resolution of the filed motion by videoconference for over one hour. Declaration of
4   Brad S. Kane in support of Defendants' Motion to Dismiss ("BSK Decl."), ¶ 4.
5   Because this case was removed on June 21, 2023, and this motion is due on June
6   28, 2023 under Fed. R. Civ. Proc. 81(c)(2)(C), the parties' counsel were unable to
7   arrange a videoconference the full 7 days before the filing of this motion in
8   accordance with Local Rule 7-3. *Id.* at ¶ 2–3.

9   Defendants' motion is based on this notice of motion and motion, the
10  attached memorandum of points and authorities filed in support of this motion, on
11  all the pleadings and papers in this action, and on any oral argument entertained by
12  the Court during the hearing on this matter.

13  Dated: June 28, 2023            Respectfully submitted,
14
15                                  KANE LAW FIRM
16                                  By:  */s/ Brad S. Kane*
17                                       Brad S. Kane
18                                       Eric Clopper
                                         Attorneys for Defendants
19                                       VXN Group LLC; Strike 3
20                                       Holdings, LLC; General Media
                                         Systems, LLC; and Mike Miller
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND...............................3

      A.    Procedural Background........................................................3

      B.    VXN is An Award-Winning Production Studio ...............................4

      C.    Plaintiff was an Adult Film Actress in VXN's Films.....................4

      D.    Thoma was Extremely Disruptive in the VXN / Eats / Kenzieland
            Collaboration.....................................................................5

III.  LEGAL STANDARD .........................................................................6

IV.   THE BIBIYAN LAW FIRM'S CUT AND PASTE DRAFTING STYLE
      WITHOUT  FACTUALLY TAILORED ALLEGATIONS MERITS
      HEIGHTENED SCRUTINY. ...............................................................7

V.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO
      PLEAD SPECIFIC FACTUAL ALLEGATIONS SUPPORTING EACH
      LABOR CODE VIOLATION. ..............................................................8

      A.    Plaintiff's Claims for Overtime (Claim 1), Meal Periods (Claim 3),
            and Rest Periods (Claim 4) Should be Dismissed. ..........................8

            1.    Plaintiff Fails to Plead a Claim for Relief Under Rule 8 for
                  Overtime. ...............................................................8

            2.    Plaintiff Fails to Plead a Claim for Relief Under Rule 8 for
                  Meal Periods and Rest Periods. ....................................9

            3.    Plaintiff is Exempt Under The IWC Wage Order Governing
                  the Motion Picture Industry as a "Professional Actress." ......10

      B.    Plaintiff's Second Cause of Action for Failure to Pay Minimum
            Wages Should be Dismissed for Failure to Satisfy Rule 8's Pleading
            Requirements. ...................................................................12

      C.    Plaintiff's Fifth Cause of Action For Waiting Time Penalties Should
            Be Dismissed....................................................................13

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

D.   Plaintiff's Sixth Cause of Action for Wage Statement Violations Should Be Dismissed Because Plaintiff Fails to Provide a Single Example of an Inaccurate Wage Statement. ....................................14

E.   Plaintiff's Seventh Cause of Action for Failure to Timely Pay Wages Should Be Dismissed. ......................................................15

    1.   There Is No Private Right of Action for Penalties Under Labor Code Section 210 for Violation of Labor Code Section 204. 15

F.   Plaintiff's Eighth Cause of Action For Failure to Indemnify Should Be Dismissed.....................................................................15

G.   Plaintiff's Ninth Cause of Action for Violation of Labor Code Section 227.3 Should Be Dismissed Because Plaintiff Fails to Allege The Terms of the "Vacation Policy" that Defendants Failed to Honor.................................................................................17

H.   Plaintiff's Tenth Cause of Action for Unfair Competition Should Be Dismissed As Derivative of her Nine Other Failed Claims..............19

    1.   Because Plaintiff's UCL Claim is Derivative of Plaintiff's Failed First, Second, Third, Fourth, Eighth and Ninth Causes of Action, it Should be Dismissed. ..........................................19

    2.   Plaintiff's Fifth, Sixth, and Seventh Claims that Provide Plaintiffs *Penalties* Cannot Support a UCL Claim................19

I.   The Claims Against Defendants General Media Systems, LLC; Strike 3 Holdings, LLC; and Mike Miller should be Dismissed.......20

VI.   CONCLUSION ............................................................26

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abrahim & Sons Enterprises v. Equilon Enterprises, LLC*
   292 F.3d 958 (9th Cir. 2002)................................................................22

*Activision Publ'g, Inc. v. EngineOwning UG*
   No. 22-51 (MWF)(JCX), 2023 WL 3272399 (C.D. Cal. Apr. 4, 2023)..........20

*Andrade v. Arby's Restaurant Group, Inc.*
   225 F.Supp.3d 1115 (N.D. Cal. 2016) ...........................................15

*Andresen v. International Paper Co.*
   2013 WL 2285338 (C.D. Cal. May 23, 2013)....................................18

*Angeles v. U.S. Airways, Inc.*
   No. C 12-05860 CRB, 2013 WL 622032 (N.D. Cal. Feb. 19, 2013)   ....10, 12

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .........................................................3, 6

*AV Media Pte. Ltd. v. Promounts*
   No. 7-59 (FMC)(CTx), 2008 WL 11337209 (C.D. Cal. July 1, 2008)...........21

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ...................................................6

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................1, 6

*Brant v. Shea Mortg. Inc.*
   No. 2:10-CV-00829-KJD, 2011 WL 1300360 (D. Nev. Mar. 30, 2011)..........8

*Cabrera v. S. Valley Almond Co., LLC*
   No. 121CV00748AWIJLT, 2021 WL 5967909 (E.D. Cal. Dec. 16, 2021).9, 10

*Campbell v. Allstate Ins. Cos.*
   No. CV-95-1171-WDK, 1995 WL 376926 (C.D. Cal. May 17, 1995) ..........18

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*
  20 Cal.4th 163 (1999)...........................................................................................19

*Davidson v. O'Reilly Auto Enterprises, LLC*
  No. ED CV 17-00603-RGK, 2017 WL 8288042 (C.D. Cal. Oct. 13 2017)....19

*Dawson v. HITCO Carbon Composites, Inc.*
  No. CV16-7337 PSG, 2017 WL 7806618 (C.D. Cal. Jan. 20, 2017) .............13

*Doe v. Butler Amusements, Inc*.
  71 F. Supp. 3d 1125 (N.D. Cal. 2014) ..........................................................12

*Evans v. Cemex Constr. Materials Pac., LLC*
  No. 22-2189 (SSS)(SHKx), 2023 WL 3951179 (C.D. Cal. June 8, 2023) ......21

*Franke v. Anderson Merchandisers LLC*
  No. CV 17-3241 DSF, 2017 WL 3224656 (C.D. Cal. July 28, 2017).............17

*Garcia v. City of Maywood*
  No. CV 08-3109 ODW, 2008 WL 4057023 (C.D. Cal. Aug. 27, 2008) .......... 8

*Giannetta v. Marmel*
  No. 20-1410 (RGK)(KK), 2021 WL 2954076 (C.D. Cal. May 25, 2021).20, 21

*Gonzalez v. Drew Indus. Inc*.
  No. 6-8233 (DDP)(JWJx), 2008 WL 11338569 (C.D. Cal. Apr. 1, 2008)......21

*Herrera v. Zumiez, Inc*.
  953 F.3d 1063 (9th Cir. 2020)........................................................................10

*Hines v. Constellis Integrated Risk Mgmt. Servs*.
  No. 220CV06782JWHPLAX, 2021 WL 4432833 (C.D. Cal. Aug. 24, 2021)..
  ........................................................................................................................6, 10

*Krauss v. Wal-Mart, Inc.*
  No. 2:19-cv-00838-JAM, 2019 WL 6170770 (E.D. Cal. Nov. 20, 2019) .......16

*Larsen v. Cty. of Riverside*
  No. CV 17-1325 (PA)(SP), 2018 WL 3954732 (C.D. Cal. July 6, 2018) .........6

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Landers v. Quality Commc'ns, Inc.*
  771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015) ...............................8

*Mickiewicz v. Ameriprise Fin. Inc.*
  No. 9-1342 (JVS)(RNBx), 2009 WL 10673127 (C.D. Cal. Dec. 14, 2009)....21

*Miles v. City of Los Angeles*
  56 Cal. App. 5th 728 (2020) ...............................................................................12

*Moore v. Int'l Cosmetics & Perfume*
  No. ED CV 14-1179 DMG, 2016 WL 7638182 (C.D. Cal. Aug. 23, 2016) ...13

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ................................................................................6

*Owen v. Macy's, Inc.*
  175 Cal.App.4th 462 (2009) ...............................................................................17

*Parker v. Country Oaks Partners, LLC*
  No. 23-195 (CJC)(KESx), 2023 WL 3149330 (C.D. Cal. Mar. 22, 2023)......20

*Pinson v. Prieto*
  No. CV 10-811 (PSG)(SPx), 2012 WL 7006131 (C.D. Cal. July 2, 2012).......6

*Ritenour v. Carrington Mort. Servs. LLC*
  228 F. Supp. 3d 1025 (C.D. Cal. 2017)..............................................................19

*Sagastume v. Psychemedics Corporation*
  No. 20-6624 DSG (GJSx), 2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) .....16

*Santos v. TWC Administration LLC*
  No. CV 13-04799 MMM (CWx), 2014 WL 12558274 (C.D. Cal. Nov. 3, 2014)
  ..............................................................................................................................13

*Suastez v. Plastic Dress–Up Co.*
  31 Cal.3d 774 (1982)...........................................................................................17

*Wady v. Provident Life & Accident Ins. Co. of Am.*
  216 F. Supp. 2d 1060 (C.D. Cal. 2002)...............................................................21

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

v

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*White v. Starbucks Corp.*
    497 F. Supp. 2d 1080 (N.D. Cal. 2007) ............................................................19

*Williams v. Yamaha Motor Co. Ltd.*
    851 F.3d 1015 (9th Cir. 2017) .......................................................................20

*Wood v. N. Am. Van Lines, Inc*.
    No. 8:20-cv-02092-JLS-ADS, 2021 WL 3134203 (C.D. Cal. July 23, 2021)...8

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 *et seq.*................................................................19

Cal. Corp. Code § 17701.05(d)..............................................................................22

Cal. Lab. Code § 203 .............................................................................................13

Cal. Lab. Code § 204 .......................................................................................15, 19

Cal. Lab. Code § 210 .............................................................................................15

Cal. Lab. Code § 226 .........................................................................................2, 14

Cal. Lab. Code § 227.3 ..................................................................................2, 17, 18

Cal. Lab. Code § 2802 ..............................................................................15, 16, 17

Indus. Welfare Comm'n Wage Order No. 5-2001 ...................................................12

Indus. Welfare Comm'n Wage Order No. 9–2001 ..................................................12

Indus. Welfare Comm'n Wage Order 10–2001 .......................................................12

Indus. Welfare Comm'n Wage Order No.12-2001 ……...……………………...*passim*

**Rules**

Fed. R. Civ. P. 8......................................................................................................8, 13

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

1

2

Fed. R. Civ. P. 11(b) ...............................................................................20

3

Fed. R. Civ. P. 12(b)(6) ............................................................................6

4

5

**Regulations**

6

7

Cal. Code Regs. tit. 8, § 11120 ............................................................2, 11

8

9

**Other Authorities**

10

11

California Department of Industrial Relations "Exemptions from overtime laws," last updated February 2019, available at: https://www.dir.ca.gov/dlse/faq_overtimeexemptions.htm ............................11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This putative class action arises from Plaintiff Mackenzie Anne Thoma ("Plaintiff")'s ten wage- and hour-based claims against Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively Defendants). Unfortunately, with only minor changes, Plaintiff's counsel's routinely files the same factually devoid boilerplate allegations in violation of the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and its progeny.

Despite losing *multiple* 12(b) Motions based on their boilerplate pleadings, Plaintiff's counsel has a pattern and practice of continuing to force the Court and Defendants to waste resources on multiple rounds of 12(b) Motion practice merely to obtain the minimum notice required by due process and the Federal Rules of Civil Procedure ("FRCP").[1]

As with her counsel's other complaints, here, Plaintiff's allegations merely parrot the legal elements of her claims without setting forth facts. As such, all 10 counts in Plaintiff's Complaint are insufficient to state a claim:

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[1] Examples of Plaintiff's counsel's use of factually devoid boilerplate complaints generating multiple rounds of 12(b) Motions are: (i) *Juarez v. Calmet Services, Inc., et al.*; (ii) *Rodriguez v. Raising Cane's USA, LLC, et al.*; (iii) *Rivero v. Autozoners, LLC, et al*; (iv) *Men Chan v. Panera, LLC, et al.* **Exhibits 1–4** to BSK Decl. Other examples are available via PACER searching "David D Bibiyan," as shown in **Exhibit 5** of BSK Decl. Moreover, after pointing out all the deficiencies orally and in writing, Defendants offered to stipulate to Plaintiff's counsel filing an amended Complaint to avoid this Motion, but the offer was declined. BSK Decl. ¶ 4. As a result, to avoid churning of fees, any potential ultimate fee award should consider Plaintiff's counsel's foreknowledge of the need to plead facts demonstrating that the Plaintiff suffered the harms in each cause of action and the reasons each Defendant should be in the action.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

(i)     Plaintiff's overtime claim (Claim 1) fails for lack of any actual facts that Plaintiff worked overtime for Defendants;

(ii)     Plaintiff's minimum wage, meal and rest break claims (Claims 2–4) fail for lack of any actual dates of occurrences of any purported break violations;

(iii)     Plaintiff's claim for waiting time penalties (Claim 5) fails as it is predicated on a failed claim for overtime wages;

(iv)     Plaintiff cannot plead claims for overtime, meal period, or rest period violations (and the waiting time penalty claims derivative of the overtime claim) (Claims 1, 3, 4, 5) as she is exempt as a professional actor. Wage Order No.12-2001 (governing the Motion Picture Industry); Cal. Code Regs. tit. 8, § 11120 (only sections 1, 2, 4, 10, and 20 apply to professional actors);

(v)     Plaintiff's claim for wage statement violations (Claim 6) fails as the Complaint fails to allege a single factual exemplar of any inaccurate wage statement;

(vi)     Because Plaintiff is a professional actor, she does not have standing to pursue wage statement violations (Claim 6) under Labor Code § 226. Wage Order No. 12-2001 (Section 7 implementing Labor Code § 226 does not apply to professional actors.);

(vii)     Plaintiff's failure to timely pay wages claim (Claim 7) fails because there is no private right of action;

(viii)  Plaintiff's failure to indemnify claim (Claim 8) fails because it does not allege a single instance when a business expense was actually incurred and not reimbursed;

(ix)     Plaintiff's claim for violation of Labor Code § 227.3 (Claim 9) fails because Plaintiff did not allege the terms of any contract providing for paid vacations, Plaintiff in fact accrued vacation time, and that vested vacation time was forfeited;

(x) Plaintiff's unfair competition claim (Claim 10) must be dismissed where a plaintiff cannot state a claim under the "borrowed" law; and

(xi) Plaintiff's unfair competition claim (Claim 10) fails as civil penalties cannot support a claim for restitution under the UCL.

Similarly, Plaintiff's alter ego allegations fail as "merely regurgitat[ing] the elements required to plead an alter-ego theory" without specific facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, Plaintiff's allegations against the Individual Defendants contain no facts showing the requisite exceptional circumstances–let alone involvement–of any of the Individual Defendants. Thus, Defendants respectfully request that the Court grant this Motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural Background

On April 20, 2023, Plaintiff Mackenzie Anne Thoma ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Los Angeles, entitled *Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; Mike Miller; and DOES 1 through 100, inclusive*, Case No. 23STCV08761 ("Complaint"), attached as **Exhibit 6** to the Declaration of Brad S. Kane ("BSK Decl."). The Complaint asserts ten causes of action against Defendants for (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Timely Pay Wages During Employment; (8) Failure to Indemnify under Labor Code § 2802; (9) Failure to Pay Accrued Vacation time in Violation of Labor Code § 227.3; and (10) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200.

As to these claims, Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

until the time that notice of the class action is provided to the class." Complaint, ¶ 33. On June 21, 2023, this matter was timely and properly removed.

**B.    VXN is An Award-Winning Production Studio**

VXN is a motion picture production company that creates award-winning adult motion pictures, which engaged Plaintiff to "perform 'multiple explicit sexual acts'". Complaint, ¶¶ 3, 10-11. VXN's philosophy is to hold itself above the rest: higher budgets, higher compensation for its actors and actresses, and higher-end productions. *Id.* at ¶ 10.

**C.    Plaintiff was an Adult Film Actress in VXN's Films**

Mackenzie Anna Thoma a/k/a "Kenzie Anne" is a professional adult film actress. Complaint, ¶ 7. In the fall of 2020, Thoma and her partner "Halston," a/k/a Chris Applebaum, a well-known mainstream music video director,[2] approached VXN to propose a collaboration between their company "Eats" and VXN. He said he and Kenzie's goal was "to do something huge, right from the start." "She has a very strong vision for who she is and where she wants to go."[3] The duo wanted to use VXN's reach and audience to launch their adult industry career, as well draw attention to Kenzieland, Thoma's own production company and adult studio.[4] VXN agreed to this partnership, excited to work with both professionals. VXN agreed to invest nearly twice the budget into each film with the Eats duo compared to its regular movies. Additionally, it paid Thoma

---

[2] https://en.wikipedia.org/wiki/Chris_Applebaum.

[3] Kenzie and Halston decided to pursue a career in the adult industry—but with one caveat. Instead of cliche, run-of-the-mill content, they would shoot only "glam porn" on elaborate sets with fancy lighting and camerawork, and storylines featuring Kenzie alongside the industry's elite performers. She has a very strong vision for who she is and where she wants to go." *See* https://avn.com/business/articles/video/kenzie-anne-feature-901581.html.

[4] "That was evident when she launched Kenzieland, the elaborate website featuring solo masturbation scenes along with hookups between Kenzie and established talent such as Sunderland, Ashley Lane and promising new starlet Charly Summer." *Id.*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

4

extremely high rates for her acting roles compared to other actors. As of April 2023, she "shot more than 150 scenes in two years for various studios".[5]

### D. Thoma was Extremely Disruptive in the VXN / Eats / Kenzieland Collaboration.[6]

Thoma's motivation for working with VXN was to promote herself and her own company. After meeting with VXN and learning the concept of the movie, including who VXN envisioned for her male co-star, Thoma contacted that male actor independently. Within days, she set up a meeting with him, and using Applebaum, shot her own low budget version of the VXN movie it intended to produce. After VXN learned of the production, Applebaum promised the company it would not release it prior to the VXN production. But Thoma disregarded that promise, and released it anyway on the Kenzieland website, capitalizing on the VXN developed concept and connections.

Next, Thoma contracted with one of VXN's directors without VXN's knowledge to shoot her own content for her OnlyFans account. After this incident VXN parted ways with its director.

In fact, in 2022, VXN planned an elaborate "showcase" movie with Thoma intended to be the highest budget film of the year. VXN asked Thoma to be cautious and mindful of the actions she takes leading up to the production so as not to disrupt the production in anyway. In particular, the company asked that she not dramatically alter her appearance or engage in any risky behavior that would prevent her from being able to act in the film on the scheduled dates. Nevertheless, Thoma received plastic surgery days before that led to a major infection, forcing VXN to cancel the shoot and lose hundreds of thousands of dollars.

---

[5] https://porncrush.com/articles/kenzie-anne-files-class-action-lawsuit-against-vixen-media-group-mike-miller/.

[6] Defendants respond to Plaintiff's few factual allegations in the Complaint to provide more context, while understanding that the Motion will be decided based on the face of the Complaint.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1    Moreover, just months later, Thoma cancelled another shoot at the last
2    minute.  This again forced VXN to cancel its production and incur financial loss.
3    At this point VXN could no longer risk engaging Thoma for its movies.  Enraged
4    that VXN would no longer work with her, Thoma filed this lawsuit.

5    ## III.    <u>LEGAL STANDARD</u>

6    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests
7    the legal sufficiency of a claim,'" *Pinson v. Prieto*, No. CV 10-811 (PSG)(SPx),
8    2012 WL 7006131, at *3 (C.D. Cal. July 2, 2012) (quoting *Navarro v. Block*, 250
9    F.3d 729, 732 (9th Cir. 2001)), by determining whether Plaintiff has presented
10   "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
11   *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the
12   plaintiff pleads factual content that allows the court to draw the reasonable
13   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
14   556 U.S. 662, 678 (2009).  Hence, a "[d]ismissal for failure to state a claim 'can be
15   based on the lack of a cognizable legal theory or the absence of sufficient facts
16   alleged under a cognizable legal theory.'" *Larsen v. Cty. of Riverside*, No. CV 17-
17   1325 (PA)(SP), 2018 WL 3954732, at *2 (C.D. Cal. July 6, 2018) (quoting
18   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

19   Plaintiff's claims cannot rest on "'naked assertion[s]' devoid of 'further
20   factual enhancement.'" *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements
21   of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*
22   "Factual allegations must be enough to raise a claim for relief above the speculative
23   level . . . ." *Twombly*, 550 U.S. at 555.  "A complaint must contain 'well-pleaded
24   facts' from which the Court can "infer more than the mere possibility of
25   misconduct."" *Hines v. Constellis Integrated Risk Mgmt. Servs.*, No.
26   220CV06782JWHPLAX, 2021 WL 4432833, at *2 (C.D. Cal. Aug. 24, 2021)
27   citing *Iqbal*, 556 U.S. at 679.

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## IV.   THE BIBIYAN LAW FIRM'S CUT AND PASTE DRAFTING STYLE WITHOUT   FACTUALLY TAILORED ALLEGATIONS MERITS HEIGHTENED SCRUTINY.

The Bibiyan Law Firm ("BLF") appears to bring the dragnet boilerplate claims alleged in the Complaint against large companies with thousands of employees.  See **Exhibit 5** of the BSK Decl. with a Pacer search of the cases BLF has had removed to the Central District of California.  Recently BLF has brought California state court claims with near identical complaints against Panera Bread, Autozoners, Harbor UCLA Medical Center, Raising Canes, Walgreens, Piercing Pagoda, as well as many others.  *Id*.  Those nearly identical complaints, often cut and pasted, frequently only have small changes in its fact section (such as the name of the parties).  *See, e.g.,* **Exhibits 1–4** with examples of near-identical complaints filed by the BLF.

Here, the cut and paste allegations found in the Complaint create implausible scenarios leaving Defendants without true notice of the claims against them.  For example, Plaintiff specifically refers to "shifts" in her Complaint, but Plaintiff was never asked to work a "shift" for Defendants.  Complaint, at ¶ 47.  As is common in the motion picture industry, Plaintiff was paid a daily rate for acting in motion pictures.  The language in ¶ 47 of Plaintiff's Complaint appears cut and pasted from Plaintiff's attorneys' other complaints.  *See e.g., Juarez v. Calmet Servs., Inc*., No. CV 21-8922 PA (RAOX)), **Exhibit 1** at ¶ 36; *Rodriguez v. Raising Cane's USA*, 2:22-cv-08296-JFW-JPR, **Exhibit 2** at ¶ 35; *Rivero v. Autozoners, LLC*, No. 2:23-cv-03872-SPG-AS, **Exhibit 3** at ¶ 40.

Likewise, Plaintiff's Eighth Claim accuses Defendants of not reimbursing her for "laundering mandatory work uniforms".  Complaint, at ¶ 98. But Plaintiff is an adult film actress who never had "mandatory work uniforms".  Conversely, brick-and-mortar retail businesses like Panera and Autozoners often do have work uniforms.  Again, the language appears cut and pasted from Plaintiff's attorneys

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

complaints filed in *Chan v. Panera, LLC*, 2:28-cv-04194, at ¶ 86. **Exhibit 4**; *Rivero v. Autozoners*, LLC, 2:23-cv-03872 at ¶ 91, **Exhibit 3**.

In sum, the Bibiyan Law Firm's cut and paste drafting style with the same insufficient allegations "completely undermines the credibility and genuine nature of [its] clients' claims." *Garcia v. City of Maywood,* No. CV 08-3109 ODW (SHX), 2008 WL 4057023, at \*2 (C.D. Cal. Aug. 27, 2008); *Brant v. Shea Mortg. Inc.*, No. 2:10-CV-00829-KJD, 2011 WL 1300360, at \*1 (D. Nev. Mar. 30, 2011) (dismissing complaint for failure to state a claim).

**V.** **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO PLEAD SPECIFIC FACTUAL ALLEGATIONS SUPPORTING EACH LABOR CODE VIOLATION.**

**A.** **Plaintiff's Claims for Overtime (Claim 1), Meal Periods (Claim 3), and Rest Periods (Claim 4) Should be Dismissed.**

**1.** Plaintiff Fails to Plead a Claim for Relief Under Rule 8 for Overtime.

Plaintiff's overtime, meal period and rest period claims should be dismissed for failure to satisfy Fed. R. Civ. P. 8 pleading standards. First, Plaintiff's overtime claim is devoid of *any* facts specific to Plaintiff working overtime for Defendants.

"[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Comm'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), as amended (Jan. 26, 2015). "Although Plaintiff is not required 'to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, [he] should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Wood v. N. Am. Van Lines, Inc.*, 2021 WL 3134203, at \*3 (C.D. Cal. July 23, 2021).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Here, the Complaint does not allege any specific time period or facts that would indicate Plaintiff was entitled to overtime compensation.   The only allegations that could possibly be construed as supportive facts in her overtime claim appear in ¶ 47 of the Complaint which state:

> Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

*Id*. In *Cabrera v. S. Valley Almond Co., LLC*, No. 121CV00748AWIJLT, 2021 WL 5967909, at *3 (E.D. Cal. Dec. 16, 2021), the court dismissed near identical allegations filed by Plaintiff's counsel because:

> The Complaint contains no other material allegations regarding overtime work or overtime wages. In short, the Complaint does no more than recite statutory language and thus fails to state an overtime claim.

*Id*.

### 2.  Plaintiff Fails to Plead a Claim for Relief Under Rule 8 for Meal Periods and Rest Periods.

"[T]he Ninth Circuit requires a plaintiff to allege actual dates of occurrences of any purported break violations, or at least allege one workweek with missed meal or rest breaks." *Hines v. Constellis Integrated Risk Mgmt. Servs*., No. CV 20-6782 PA (PLAX), 2020 WL 5764400, at *4 (C.D. Cal. Sept. 25, 2020) (dismissing near identical rest break claim filed by Plaintiffs' counsel).   "Without more, Plaintiff has failed to state a plausible claim for rest break violations." *Id*.

Similarly, Plaintiff fails to plead any factual allegations regarding her meal claims. "[Plaintiff] fails to allege any supporting factual allegations to show that

9

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Defendants prevented [plaintiff] from taking his meal break, which is a required element of [plaintiff's] claim." *Hines*, 2021 WL 4432833, at *5; *see also Cabrera*, 2021 WL 5967909, at *4 ("The allegations in the Complaint with respect to minimum wages, meal breaks and rest breaks follow the same pattern—parroting statutes and regulations without setting forth facts—and thus are also insufficient to state a claim.")

**3.** Plaintiff is Exempt Under The IWC Wage Order Governing the Motion Picture Industry as a "Professional Actress."[7]

Here, Plaintiff alleges that VXN runs an "adult film production company". *See* Complaint, at ¶ 2 Further, Plaintiff is an "adult film actress" engaged by VXN to "perform multiple, explicit sexual acts". *Id.* at ¶¶ 3, 7 Defendants engaged Plaintiff to act in its films. *Id.* at ¶¶ 7-8.[8] As a result, Plaintiff still cannot plead a claim for overtime, meal period, or rest period violations because she is exempt as a professional actor.

"In California, 'two complementary and occasionally overlapping sources of authority' govern wage-and-hour claims: (1) provisions in the Labor Code enacted by the state legislature, and (2) a series of wage orders enacted by the Industrial Welfare Commission ('IWC')." *Angeles v. US Airways, Inc.*, No. C 12-05860 CRB, 2017 WL 565006, at *1 (N.D. Cal. Feb. 13, 2017). "California's 'wage orders are to be accorded the same dignity as statutes.'" *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1070 (9th Cir. 2020). "[S]o to the extent they overlap with a provision in the Labor Code, courts must 'seek to harmonize' the two. Both legal regimes regulate

---

[7] Plaintiff's Complaint, at ¶ 32(J), common questions of law and fact, and ¶ 108(I) prayer for relief refer to misclassification of employees. To the extent that Plaintiff is actually alleging she was misclassified, Defendants dispute that fact as well as its relevance to the claims presented.

[8] The Complaint, at ¶¶ 8 asserts that Plaintiff "performed in Defendants' movies and modeled at their direction". As Plaintiff alleged Defendants in the adult film production business any allegation of modeling is factually unsupported and implausible.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

wages, hours, and working conditions. And both exempt certain classes of employees from those regulations." *Angeles*, 2017 WL 565006, at *1 (internal citations omitted).

IWC Wage Order No.12-2001 (the "Wage Order") governs the Motion Picture Industry. *See* Cal. Code Regs. tit. 8, § 11120. It defines "motion picture industry" as:

> any industry, business, or establishment operated for the purpose of motion picture or television film production, or primarily allied with theatrical or television, motion picture productions, including but not limited to motion pictures for entertainment, commercial, religious, or educational purposes, whether made by film, tape, or otherwise.

*Id*. at ¶ 2(K).

The Wage Order applies to professional actors employed in the motion picture industry:

> This order shall apply to all persons employed in the motion picture industry, including extra players, teachers, and welfare workers, whether paid on a time, piece rate, commission, or other basis, except that:
>
> . . .
>
> (C) Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors."

Cal. Code Regs. tit. 8, § 11120. The Wage Order section governing overtime is in Section 3, with Section 11 governing meal periods and Section 12 governing rest periods. *Id*. at ¶3; ¶11; ¶ 12. Specifically, the Wage Order exempts professional actors from overtime, meal periods, and rest periods. *Id*.; *see also* California Department of Industrial Relations "Exemptions from Overtime Laws," available at: https://www.dir.ca.gov/dlse/faq_overtimeexemptions.htm.

---

11

Courts have held that professions with identical language in similar Wage Orders are exempted. *See e.g., Doe v. Butler Amusements, Inc.*, 71 F. Supp. 3d 1125, 1144 (N.D. Cal. 2014). ("under Wage Order 10–2001, full-time carnival ride operators are exempt from overtime requirements"); *Miles v. City of Los Angeles*, 56 Cal. App. 5th 728, 736 (2020) ("nearly all the wage orders exempt public employees from most provisions, including meal and rest period provisions. (E.g., wage order No. 5-2001 § 1(C))".

Thus, this Court should dismiss Plaintiff's overtime, meal periods, and rest periods claim now based on her exemption in the IWC Wage Order governing her profession and Defendants' industry. *See e.g. Angeles v. U.S. Airways, Inc*., No. C 12-05860 CRB, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("dismiss[ing] of Plaintiffs' overtime claim because IWC Wage Order 9–2001 exempts Defendant from its overtime provisions.").

## B.   Plaintiff's Second Cause of Action for Failure to Pay Minimum Wages Should be Dismissed for Failure to Satisfy Rule 8's Pleading Requirements.

To support Plaintiff's claim that Defendants failed to pay the minimum wage, Plaintiff alleges:

> Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

Complaint, at ¶ 53. When addressing near identical boiler plate allegations from Plaintiff's counsel "without providing details as to one specific workweek when this [violation] occurred," the *Hines* court held that "Plaintiff's allegations are overly general and therefore preclude the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek." 2020 WL 5764400, at *4 (internal quotation marks omitted); *see also Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, at * 4 (C.D. Cal. Jan. 20,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

2017). Accordingly, Plaintiff's Second Cause of Action for failure to pay minimum wages should be dismissed.

### C.    Plaintiff's Fifth Cause of Action For Waiting Time Penalties Should Be Dismissed.

Assuming Plaintiff was an employee, California Labor code § 203 mandates that if an employer willfully fails to pay any wages of a discharged employee upon termination then the wages of the employee shall continue as a penalty "from the due date thereof at the same rate until an action therefor is commenced; but the wages shall not continue for more than 30 days." "A waiting time claim is derivative of and dependent on a failure to pay wages owed under another section of the Labor Code." *Moore v. Int'l Cosmetics & Perfume*, 2016 WL 7638182, at *3 (C.D. Cal. Aug. 23, 2016).

Here, Plaintiff's claim for waiting penalties is solely derivative of her claim for unpaid overtime.

> Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

Complaint, at ¶ 75.

As demonstrated above, however, Plaintiff's claim for overtime wages fails because (i) it fails to satisfy Fed. R. Civ. P. 8 pleading standards; and (ii) IWC Wage Order 12 specifically exempts professional actors, such as Plaintiff, from its overtime requirements. Accordingly, Plaintiff's claim for waiting time penalties fails to the extent it is predicated on a claim for overtime wages. *Santos v. TWC Administration LLC*, 2014 WL 12558274, at *14 (C.D. Cal. Nov. 3, 2014).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**D.    Plaintiff's Sixth Cause of Action for Wage Statement Violations Should Be Dismissed Because Plaintiff Fails to Provide a Single Example of an Inaccurate Wage Statement.**

As set forth above, the Wage Order specifically exempts professional actors from all requirements, except those provided under sections 1, 2, 4, 10, and 20. Because providing itemized, written statements that accurately reflect all wages falls under Section 7 and Plaintiff is a professional actor, she cannot pursue wage statement violations under Labor Code § 226.

Further, the Complaint includes only boilerplate allegations regarding Defendants' purported failure to provide Plaintiff:

> accurate itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

Complaint, at ¶ 83. Other courts in the Central District have dismissed Labor Code § 226(a) claims for "fail[ing] to allege a single factual exemplar of any inaccurate wage statement," thus holding that the "allegations are too conclusory to put Defendants on notice of any wrongdoing, and fail to state a claim as a matter of law." *Soratorio v. Tesoro Ref, & Mktg. Co., LLC*, 2017 WL 1520416, at *5-6 (C.D. Cal. Apr. 26, 2017); *see also Hines*, 2020 WL 5764400, at *6. As any amendment would be futile, the Court should dismiss Plaintiff's Sixth Cause of Action without leave to amend.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**E.   Plaintiff's Seventh Cause of Action for Failure to Timely Pay Wages Should Be Dismissed.**

**1.**   <u>There Is No Private Right of Action for Penalties Under Labor Code Section 210 for Violation of Labor Code Section 204.</u>

Labor Code § 204 sets forth the requirements regarding the timing of wage payments to employees. In turn, Labor Code § 210 specifically deals with penalties that can be assessed for violation of Section 204.

There is no private right of action under Labor Code § 210. Section 210 states that an employer who violates Section 204 shall be subject to a *civil penalty*. Importantly, Section 210 does not grant a private right of action to individuals because the Labor Commissioner enforces it. Cal. Labor Code §§ 210, 98.

Instead, penalties under Section 210 are collected by the Labor Commissioner and are not recoverable by individual employees through a private lawsuit. *Mitchell v. Corelogic, Inc.*, 2018 WL 6118444, at *14 (C.D. Cal. 2018) (dismissing a plaintiff's § 204 claim because "claims for failure to timely pay under Labor Code § 204 cannot be asserted as a private right of action[.]"); *Andrade v. Arby's Restaurant Group, Inc.*, 225 F.Supp.3d 1115, 1134 (N.D. Cal. 2016) ("There exists no private right of action for violations of § 210[.]"). Thus, Plaintiff's Seventh Cause of Action fails and should be dismissed without leave to amend.

**F.   Plaintiff's Eighth Cause of Action For Failure to Indemnify Should Be Dismissed.**

California state law requires employers to reimburse business expenses incurred by employees as a direct consequence of employment. Cal. Lab. Code § 2802(a). However, to state a viable Section 2802 claim, a Plaintiff must explain:

> how or when an employer failed to reimburse; the specific nature of the business expense at issue; whether the employer knew such expenses were incurred; and whether the employer willfully refused to reimburse such expenses. Plaintiff must also provide a single instance

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

when such cost was actually incurred and not reimbursed.

*Gonzalez v. ProBuild Co., LLC*, 2022 WL 4596579, at *4 (C.D. Cal. July 7, 2022) (quoting *Krauss v. Wal-Mart, Inc.*, 2019 WL 6170770, at *5 (E.D. Cal. Nov. 20, 2019)).

Here, Plaintiff has failed to allege any facts showing that she has a reimbursement claim under Section 2802. Instead, the Complaint's boilerplate allegations state that:

> Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: laundering mandatory work uniforms; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties [and] . . . that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

Complaint, at ¶¶ 98–99.

Plaintiff's Section 2802 must fail because the Complaint (i) fails to allege facts about a specific expenditure incurred by Plaintiff in the scope of her alleged employment; (ii) fails to allege facts about any instance in which Defendants failed to reimburse Plaintiff; (iii) fails to allege that Defendants knew or had reason to know that Plaintiff incurred necessary expenditures; and (iv) fails to allege that Defendants willfully refused to reimburse such expenses.

Further, Plaintiff has failed to provide any information as to why, as a professional actor, she would be required to "launde[r] mandatory work uniforms; us[e] a cellular phone for work-related purposes; [or] purchas[e] tools[.]" Complaint, at ¶ 98. *See Sagastume v. Psychemedics Corporation*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) (dismissing a Section 2802 claim where

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

plaintiff "failed to provide sufficient information about her job and duties for the Court to infer why she would require the use of her vehicle and cell phone for work-related purposes, or what supplies she needed to purchase."); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) (dismissing a Section 2802 claim where plaintiff failed to allege when expenses were incurred, and failed to explain why such expenses were necessary in the context of plaintiff's job duties). Accordingly, Plaintiff's claim under Section 2802 should be dismissed.

### G. Plaintiff's Ninth Cause of Action for Violation of Labor Code Section 227.3 Should Be Dismissed Because Plaintiff Fails to Allege The Terms of the "Vacation Policy" that Defendants Failed to Honor.

California law mandates that upon termination of employment, an employee is entitled to payment of wages for all vested vacation time in accordance with an employer policy or employment contract. Cal. Lab. Code § 227.3. Importantly, this section "does not require than an employer provide its employees with any paid vacation at all...." *Owen v. Macy's, Inc.*, 175 Cal.App.4th 462, 468 (2009).

Instead, if an employer chooses to provide vacation benefits, "certain requirements must be met when the employment terminates." *Id*. Under section 227.3, the amount of vacation pay that an employee is entitled to be paid as wages is determined by reference to the employer's policy. *Suastez v. Plastic Dress–Up Co.*, 31 Cal.3d 774, 783 (1982).

The Complaint's boilerplate allegations state that:

> Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations [and that] Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

1  Complaint, at ¶¶ 104–105.

2       To state a claim for violation of Section 227.3, a plaintiff "must plead the

3  existence *and terms* of a policy entitling them to the amount of accrued vacation

4  time alleged in their complaint[.]" *Andresen v. International Paper Co.*, 2013 WL

5  2285338, at *3 (C.D. Cal. May 23, 2013) (emphasis added). In addition, a plaintiff

6  must demonstrate entitlement to wages for vested vacation time. *Id*.

7       Here, Plaintiff does not allege facts regarding the specific policy or contract

8  terms providing for paid vacation time; nor does Plaintiff offer any other facts in

9  support of her allegation that she accrued vacation time. *See Perez v. Performance

10 Food Grp., Inc.*, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016) (dismissing

11 section 227.3 claim where "there [was] no allegation that a contract of employment

12 or employer policy provides for paid vacations, that Plaintiff or putative class

13 members, in fact, accrued vacation time, and that vested vacation time was

14 forfeited." (internal quotations omitted)). Finally, to support a claim predicated on

15 contractual rights, the contract must either be attached, incorporated by reference,

16 or set out verbatim in the complaint. *See Campbell v. Allstate Ins. Cos.*, 1995 WL

17 376926, at *2 (C.D. Cal. May 17, 1995).

18      Here, Plaintiff has failed to attach, incorporate by reference, or recite the

19 specific *terms* of Defendants' "uniform policy providing for paid vacations" or any

20 other contract provisions that she alleges entitles her to relief under section 227.3.

21 As Plaintiff has (i) failed to demonstrate the existence of a policy providing for

22 accrued vacation time; (ii) failed to allege the terms of any such policy; (iii) failed

23 to allege facts demonstrating that Plaintiff or putative class members are entitled to

24 wages under any such policy; and (iv) failed to allege facts demonstrating

25 contractual terms entitling her to wages for accrued vacation time, Plaintiff's ninth

26 cause of action for violation of Section 227.3 should be dismissed.

27

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**H.    Plaintiff's Tenth Cause of Action for Unfair Competition Should Be Dismissed As Derivative of her Nine Other Failed Claims.**

    **1.**    <u>Because Plaintiff's UCL Claim is Derivative of Plaintiff's Failed First, Second, Third, Fourth, Eighth and Ninth Causes of Action, it Should be Dismissed.</u>

A cause of action based on the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") borrows other violations of law and treats such violations as independently actionable. *Suarez v. Bank of America Corp.*, 2018 WL 3659302, at *16 (N.D. Cal. Aug. 2, 2018). Where a plaintiff cannot state a claim under the "borrowed" law, the plaintiff's derivative UCL claim fails, as well. *Id.* To the extent claims are derivative of dismissed claims, the derivative claims must also be dismissed. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007); *Ritenour v. Carrington Mort. Servs. LLC*, 228 F. Supp. 3d 1025, at 1034 (C.D. Cal. 2017). As discussed above, as Plaintiff's First, Second, Third, Fourth, Eighth, and Ninth Causes of actions only allege formulaic recitations of statutory language and fail to meet Rule 8 pleading standards. Thus, to the extent Plaintiff's tenth cause of action is predicated on these causes of action, it should be dismissed.

    **2.**    <u>Plaintiff's Fifth, Sixth, and Seventh Claims that Provide Plaintiffs *Penalties* Cannot Support a UCL Claim.</u>

Under the UCL, prevailing plaintiffs are limited to injunctive relief and restitution. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999). However, the available remedies that Plaintiff seeks for her Fifth, Sixth, and Seventh Claims are *penalties*. Complaint, at ¶¶ 77, 86–87, 91. Accordingly, these civil penalties cannot support a claim for restitution under the UCL. *See, e.g., Byrd v. Masonite Corporation*, 215 F.Supp.3d 859, 864 (C.D. Cal. 2016); *Davidson v. O'Reilly Auto Enterprises, LLC*, 2017 WL 8288042, at *5 (C.D. Cal. 2017). Thus, to the extent Plaintiff bases her UCL claim on the fifth, sixth and seventh causes, which provide for penalties, the UCL claim should be dismissed.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

I.      **The Claims Against Defendants General Media Systems, LLC; Strike 3 Holdings, LLC; and Mike Miller should be Dismissed.**

Plaintiff pleads no facts to support including Strike 3, GMS, and Miller as Defendants. Plaintiff merely alleges—on information and belief—that all Defendants are "agent[s], principal[s], employee[s], employer[s], representative[s], joint venture[rs] or co-conspirator[s] of each of the other defendants." Complaint, at ¶ 14. Without further explanation, Plaintiff alleges that each Defendant in this matrix violated or ordered others to violate the law giving rise to the putative class members' claims. *See id.* at ¶¶15–16. Plaintiff's conclusory allegations make it impossible to discern who is an alter ego of whom or why the Court should pierce the corporate veil to hold individuals liable. Plaintiff's alter ego theory is, at best, deficient, and, at worst, vexatious. *See* Fed. R. Civ. P. 11(b)(1)–(3).

Alter ego liability permits "'pierc[ing] the corporate veil' [to] hold a corporate actor or parent corporation liable for the conduct of the corporation or subsidiary." *Parker v. Country Oaks Partners, LLC*, No. 23-195 (CJC)(KESx), 2023 WL 3149330, at *3 (C.D. Cal. Mar. 22, 2023) (citation omitted). A plaintiff must plead two elements to establish that a corporation is is the alter ego of an individual or another corporation: "(1) 'there is such unity of interest and ownership that the separate personalities' of the corporation and the individual (or other entity) 'no longer exist' and (2) 'failure to disregard the corporation would result in fraud or injustice.'" *Activision Publ'g, Inc. v. EngineOwning UG*, No. 22-51 (MWF)(JCX), 2023 WL 3272399, at *6 (C.D. Cal. Apr. 4, 2023) (quoting *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017). Moreover, "a plaintiff *must allege specific facts* supporting both of the elements of alter ego liability[;]" conclusory allegations are insufficient. *Parker*, 2023 WL 3149330, at *3 (emphasis added). Alter ego "is an extreme remedy, sparingly used." *Giannetta v. Marmel*, No. 20-1410 (RGK)(KK), 2021 WL 2954076, at *2 (C.D. Cal. May 25, 2021).

"It's almost as if [Plaintiff] copied and pasted the alter ego factors into [the Complaint], hoping that would be enough to sidestep *Iqbal* and *Twombly*." *Giannetta*, 2021 WL 2954076, at *3. Plaintiff's joint liability allegations are almost entirely devoid of *facts*. Paragraph 18(A)–(F)'s omission of any specific reference to any individual party evidences this defect. The allegations are impermissibly too generic and fail to "specify the exact nature of the relationships between the various defendants[.]" *Mickiewicz v. Ameriprise Fin. Inc.*, No. 9-1342 (JVS)(RNBx), 2009 WL 10673127, at *2 (C.D. Cal. Dec. 14, 2009). As a result, Defendants do "not have fair notice of the basis of [Plaintiff]'s alter ego allegations and cannot meaningfully respond." *Mickiewicz*, 2009 WL 10673127, at *2.

With respect to pleading alter ego liability, Plaintiff must allege sufficient facts "to overcome the presumption of the separate existence of the corporate entit[ies]." *AV Media Pte. Ltd. v. Promounts*, No. 7-59 (FMC)(CTx), 2008 WL 11337209, at *3 (C.D. Cal. July 1, 2008) (citing California law). "'The general rule [is] that subsidiary and the parent are separate entities,' unless additional evidence is shown demonstrating that 'unity of interest' exists." *Evans v. Cemex Constr. Materials Pac., LLC*, No. 22-2189 (SSS)(SHKx), 2023 WL 3951179, at *3 (C.D. Cal. June 8, 2023) (citation omitted). Here, Plaintiff's conclusory allegations are grossly insufficient to overcome this presumption. In fact, neither the allegation of a "unity of interest," Comp. at ¶17, nor of "injustice," *id.* at ¶18(E), mention a single fact support of alter ego liability.

Finally, Plaintiff's joinder of the Individual Defendants is even less availing. "Disregarding the corporate entity is recognized as an extreme remedy, and courts will pierce the corporate veil only in exceptional circumstances," *Gonzalez v. Drew Indus. Inc.*, No. 6-8233 (DDP)(JWJx), 2008 WL 11338569, at *1 (C.D. Cal. Apr. 1, 2008) (collecting cases), generally "only where failure to do so 'would be to defeat the rights and equities of third persons.'" *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1070 (C.D. Cal. 2002). "Corporations and

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

LLCs are distinct legal entities, separate from their . . . members." *Abrahim & Sons Enterprises v. Equilon Enterprises, LLC*, 292 F.3d 958, 962 (9th Cir. 2002) (collecting cases). "The acts of a corporation or LLC are deemed independent of the acts of its members." *Id.* (citation omitted); *see also* Cal. Corp. Code § 17701.05(d) (enabling LLCs to "[m]ake contracts"). In sum, the Complaint fails to allege any facts showing the requisite exceptional circumstances–let alone involvement–of any of the Individual Defendants.

In sum, Plaintiff "signed a contract" with VXN. Comp. at ¶8. Plaintiff's privity–as with the rest of the purported class–is with VXN. Plaintiff has failed to allege facts supporting the disregard of the protections of the LLC and hold any individual liable for its acts. As a result, the Court should dismiss GMS, Strike 3, Miller, and all John Doe corporations and individuals from the Complaint.

## V.    CONCLUSION

For the foregoing reasons, Defendants' respectfully requests the Court dismiss Plaintiff's Complaint.

Dated: June 28, 2023                         Respectfully submitted,

KANE LAW FIRM

By:  */s/ Brad S. Kane*
Brad Kane
Eric Clopper
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

22

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,642 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 28, 2023          By:    _/s/ Brad S. Kane_
                                     Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on June 28, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by email to Plaintiff's counsel Sarah Cohen at sarah@tomorrowlaw.com.

Dated: June 28, 2023          By:    _/s/ Brad S. Kane_
                                     Brad Kane

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS