**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:          July 28, 2023<br>Time:          1:00 pm or later<br>Courtroom:     9B<br><br>[*Filed concurrently with Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Complaint; and [Proposed] Order*]<br><br>Complaint Filed:   April 20, 2023<br>Removed:           June 22, 2023 |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

I, Brad S. Kane, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California since 1990, the State of Alaska since 1991 and Washington State since 2003. I am the owner of the Kane Law Firm ("KLF"), and counsel for Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller") (collectively, "Defendants"). I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge.

2.      On June 21, 2023, I filed Defendants' Notice of Removal to remove this action from state court to federal court.

3.      On June 23, 2023, I emailed Plaintiff's counsel to arrange a meet and confer conference as soon as possible under Local Rule 7-3. The reason for the delay between filing the Notice of Removal and requesting a meet and confer conference was because I was ill, and I am the primary caregiver for my 92-year-old father, who moved into my backhouse in March 2023. As such, the parties' counsel were unable to arrange a videoconference the full 7 days before the filing of this motion in accordance with Local Rule 7-3.

4.      On June 27, 2023, myself, my associate Eric Clopper, and Plaintiff's counsel, Sarah Cohen, thoroughly discussed the substance and potential resolution of Defendants' motion to dismiss by videoconference for over one hour. On several occasions during our videoconference, I informed Ms. Cohen that Defendants would assent to granting Plaintiff additional time to amend her Complaint to incorporate allegations that are specific to Defendants (as opposed to filing Bibiyan Law Group, P.C.'s ("Bibiyan") boilerplate Complaints, as shown in the exhibits below). I also provided Ms. Cohen with multiple sections of the legal argument for her consideration. Ms. Cohen declined the offer.

5.      Attached hereto as **Exhibit 1** is a true and correct copy of Bibiyan's

1

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

*Juarez v. Calmet Services, Inc., et al.* Complaint filed in Los Angeles Superior Court ("LASC") on September 13, 2021, and then removed to the Central District for the District of California.

6.      Attached hereto as **Exhibit 2** is a true and correct copy of Bibiyan's *Rodriguez v. Raising Cane's USA, LLC, et al.* Complaint filed in LASC on August 26, 2022, and then removed to the Central District for the District of California.

7.      Attached hereto as **Exhibit 3** is a true and correct copy of Bibiyan's *Rivero v. Autozoners, LLC, et al.* Complaint filed in LASC on March 30, 2023, and then removed to the Central District for the District of California.

8.      Attached hereto as **Exhibit 4** is true and correct copy of Bibiyan's *Men Chan v. Panera, LLC, et al.* Complaint filed in LASC on April 21, 2023, and then removed to the Central District for the District of California.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of the June 28, 2023 CM/ECF search results for the appearance of "David D. Bibiyan," which is aids the Court in collecting other Bibiyan filings to ascertain whether pleading vague boilerplate complaints is a pattern and practice of the Bibiyan Law Group, P.C.

10.      Attached hereto as **Exhibit 6** is true and correct copy of the operative Complaint in this action that was filed on April 20, 2023, in the Superior Court of California for the County of Los Angeles, entitled *Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; Mike Miller; and DOES 1 through 100, inclusive*, Case No. 23STCV08761.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 28, 2023 at Los Angeles, California.

*/s/ Brad S. Kane*

Brad S. Kane

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Exhibit 1

ORIGINAL

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sara Ehsani-Nia (Cal. Bar No. 326501)
*sara@tomorrowlaw.com*
Diego Aviles (Cal. Bar No. 315533)
*diego@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555; Facsimile: (310) 300-1705

Attorneys for Plaintiff, GENARO JUAREZ and
on behalf of himself and all others similarly situated

FILED
Superior Court of California
County of Los Angeles

SEP 13 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____S. DREW_____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

GENARO JUAREZ, an individual and on behalf of all others similarly situated,

               Plaintiffs,

v.

CALMET SERVICES, INC., a California corporation; CALMET PROPERTIES, LLC, a California limited liability company; and DOES 1 through 100, inclusive,

               Defendants.

CASE NO.: **21STCV33668**

**CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PAY MINIMUM WAGES;

3. FAILURE TO PROVIDE MEAL PERIODS;

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

6. WAGE STATEMENT VIOLATIONS;

7. FAILURE TO TIMELY PAY WAGES;

8. VIOLATION OF LABOR CODE § 227.3; and

9. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $25,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

COMES NOW plaintiff GENARO JUAREZ ("Plaintiff"), on behalf of Plaintiff and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, against CALMET SERVICES, INC., a California corporation and any of its respective subsidiaries or affiliated companies within the State of California ("CALMET SERVICES"); and CALMET PROPERTIES, LLC, a California limited liability company and any of its respective subsidiaries or affiliated companies within the State of California ("CALMET PROPERTIES" and CALMET SERVICES, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

**A.     Plaintiff**

2.     Plaintiff GENARO JUAREZ is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff GENARO JUAREZ as a non-exempt employee, with duties that included, but were not limited to, driving and collecting waste and recycling.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff GENARO JUAREZ worked for Defendants from approximately June of 1985 through approximately September of 2020.

3.

**B.     Defendants**

4.     Plaintiff is informed and believes, and based thereon alleges, that defendant CALMET SERVICES is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Los Angeles, State of California.

5.     Plaintiff is informed and believes, and based thereon alleges, that defendant CALMET PROPERTIES is, and at all times relevant hereto was, a limited liability company

CLASS ACTION COMPLAINT

1 organized and existing under and by virtue of the laws of the State of California and doing business

2 in the County of Los Angeles, State of California.

3      6.      The true names and capacities, whether individual, corporate, associate, or otherwise,

4 of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

5 who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

6 Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

7 herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

8 Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

9 the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

10 informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

11 to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

12 policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

13 other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

14 include CALMET SERVICES, CALMET PROPERTIES and any of their parent, subsidiary, or

15 affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

16                       **JOINT LIABILITY ALLEGATIONS**

17      7.      Plaintiff is informed and believes and based thereon alleges that all the times

18 mentioned herein, each of the Defendants was the agent, principal, employee, employer,

19 representative, joint venture or co-conspirator of each of the other defendants, either actually or

20 ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

21 employment, joint venture, and conspiracy.

22      8.      All of the acts and conduct described herein of each and every corporate defendant

23 was duly authorized, ordered, and directed by the respective and collective defendant corporate

24 employers, and the officers and management-level employees of said corporate employers. In

25 addition thereto, said corporate employers participated in the aforementioned acts and conduct of

26 their said employees, agents, and representatives, and each of them; and upon completion of the

27 aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

28 corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

1 acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the
2 aforementioned corporate employees, agents and representatives.

3     9.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based
4 thereon alleges that Defendants, and each of them, are joint employers.

5 **JURISDICTION**

6     10.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code
7 of Civil Procedure section 410.10.

8     11.    Venue is proper in Los Angeles County, California pursuant to Code of Civil
9 Procedure sections 392, et seq. because, among other things, Los Angeles County is where the
10 causes of action complained of herein arose; the county in which the employment relationship
11 began; the county in which performance of the employment contract, or part of it, between Plaintiff
12 and Defendants was due to be performed; the county in which the employment contract, or part of
13 it, between Plaintiff and Defendants was actually performed; and the county in which Defendants,
14 or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff
15 and Class Members in Los Angeles County, and because Defendants employ numerous Class
16 Members in Los Angeles County.

17 **FACTUAL BACKGROUND**

18     12.    For at least four (4) years prior to the filing of this action and continuing to the
19 present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or
20 some of them, in violation of California state wage and hour laws as a result of, without limitation,
21 Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and
22 seven consecutive work days in a work week without being properly compensated for hours worked
23 in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
24 worked on the seventh consecutive work day in a work week by, among other things, failing to
25 accurately track and/or pay for all hours actually worked at the proper overtime rate of pay;
26 engaging, suffering, or permitting employees to work off the clock, including, without limitation,
27 by requiring employees: to come early to work without being able to clock in for all that time; and
28 to suffer under Defendants' control due to long lines for clocking in, to clock out for meal periods

4
CLASS ACTION COMPLAINT

1  and continue working, to drive off the clock, and/or go through temperature checks off the clock, to
2  the detriment of Plaintiff and Class Members.

3      13.      For at least four (4) years prior to the filing of this Action and continuing to the
4  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,
5  or some of them, in violation of California state wage and hour laws as a result of, among other
6  things, at times, failing to accurately track and/or pay for all hours actually worked at the proper
7  overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including,
8  without limitation, by requiring employees: to come early to work without being able to clock in for
9  all that time; and to suffer under Defendants' control due to long lines for clocking in, to clock out
10  for meal periods and continue working, to drive off the clock, and/or go through temperature checks
11  off the clock, to the detriment of Plaintiff and Class Members.

12      14.      For at least four (4) years prior to the filing of this Action and continuing to the
13  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,
14  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than
15  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on
16  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation
17  for such unprovided meal periods as required by California wage and hour laws.

18      15.      For at least four (4) years prior to the filing of this action and continuing to the
19  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or
20  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major
21  fraction thereof and failed to provide compensation for such unprovided rest periods as required by
22  California wage and hour laws.

23      16.      For at least three (3) years prior to the filing of this action and continuing to the
24  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the
25  full amount of their wages owed to them upon termination and/or resignation as required by Labor
26  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,
27  minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

28      17.      For at least one (1) year prior to the filing of this Action and continuing to the present,

1  Defendants have, at times, failed to furnish Plaintiffs and Class Members, or some of them, with
2  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages
3  earned; all applicable hourly rates in effect during the pay period and the corresponding number of
4  hours worked at each hourly rate; the name and address of the legal entity that is the employer; and
5  other such information as required by Labor Code section 226, subdivision (a).  As a result thereof,
6  Defendants have further failed to furnish employees with an accurate calculation of gross and gross
7  wages earned, as well as gross and net wages paid.

8    18.    For at least one (1) year prior to the filing of this action and continuing to the present,
9  Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full
10  amount of their wages for labor performed in a timely fashion as required under Labor Code section
11  204.

12    19.    For at least four (4) years prior to the filing of this action and continuing to the
13  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
14  employees or former employees within the State of California with compensation at their final rate
15  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

16    20.    Plaintiffs, on their own behalf and on behalf of Class Members, brings this action
17  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,
18  227.3, 510, 512, 1194, 1194.2, 1197, *et al.*, and California Code of Regulations, Title 8, section
19  11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and
20  rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failing
21  to pay vested vacation time at the proper rate of pay, other such provisions of California law, and
22  reasonable attorneys' fees and costs.

23    21.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to
24  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)
25  prohibiting Defendants from further violating the Labor Code and requiring the establishment of
26  appropriate and effective means to prevent further violations, as well as all monies owed but
27  withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as
28  restitution of amounts owed.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

22.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

23.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

24.      This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.**      **Numerosity**

25.      The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

26.      Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.**      **Commonality**

27.      There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.      Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.      Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that

7

1    is greater than the applicable minimum wage?

2    C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting

3        Class Members to take compliant meal periods?

4    D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members

5        with additional wages for missed or interrupted meal periods?

6    E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting

7        Class Members to take compliant rest periods?

8    F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members

9        with additional wages for missed rest periods?

10    G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

11        Members upon termination or resignation all wages earned?

12    H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code

13        section 203?

14    I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

15        Class Members with accurate wage statements?

16    J.   Did Defendants fail to pay Class Members in a timely fashion as required under

17        Labor Code section 204?

18    K.   Did Defendants violate Labor Code section 227.3 by not providing Class Members

19        with compensation at their final rate of pay for vested paid vacation time.

20    L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code

21        section 17200, *et seq.*, by their unlawful practices as alleged herein?

22    M.   Are Class Members entitled to restitution of wages under Business and Professions

23        Code section 17203?

24    N.   Are Class Members entitled to costs and attorneys' fees?

25    O.   Are Class Members entitled to interest?

26    **C.**    **Typicality**

27    28.    The claims of Plaintiff herein alleged are typical of those claims which could be

28 alleged by any Class Members, and the relief sought is typical of the relief which would be sought

by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.     Adequacy of Representation**

29.      Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.     Superiority of Class Action**

30.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

31.      Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

32.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

33.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

34.      At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated

9

1    at the rate of no less than one and one-half times the regular rate of pay for an employee."

2    35.    At all times relevant to this Complaint, Labor Code section 510 further provided that

3    "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

4    the regular rate of pay for an employee. In addition, any work in excess of eight hours on any

5    seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of

6    pay."

7    36.    Four (4) years prior to the filing of the Complaint in this Action through the present,

8    Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

9    than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

10   consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

11   result of, including but not limited to, failing to accurately track and/or pay for all hours actually

12   worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off

13   the clock, including, without limitation, by requiring employees: to come early to work without

14   being able to clock in for all that time; and to suffer under Defendants' control due to long lines for

15   clocking in, to clock out for meal periods and continue working, to drive off the clock, and/or go

16   through temperature checks off the clock, to the detriment of Plaintiff and Class Members.

17   37.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

18   than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

19   without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

20   occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

21   applicable IWC Wage Orders, and California law.

22   38.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

23   been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

24   plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

25   and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

26   / / /

27   / / /

28   / / /

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

39.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

40.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

41.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

42.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to come early to work without being able to clock in for all that time; and to suffer under Defendants' control due to long lines for clocking in, to clock out for meal periods and continue working, to drive off the clock, and/or go through temperature checks off the clock, to the detriment of Plaintiff and Class Members.

43.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

44.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

45.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

46.     At all relevant times, Plaintiff and Class Members were employees or former

CLASS ACTION COMPLAINT

1 | employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

2 | 47. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
3 | employ an employee for a work period of more than five (5) hours without a timely meal break of
4 | not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.
5 | Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours
6 | per day without providing the employee with a second timely meal period of not less than thirty (30)
7 | minutes in which the employee is relieved of all of his or her duties.

8 | 48. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
9 | with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
10 | the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate
11 | of compensation for each workday that the meal period is not provided.

12 | 49. For four (4) years prior to the filing of the Complaint in this Action through the
13 | present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-
14 | free uninterrupted meal periods every five hours of work without waiving the right to take them, as
15 | permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the
16 | Class Member's regular rate of compensation on the occasions that Class Members were not
17 | provided compliant meal periods.

18 | 50. By their failure to provide Plaintiff and Class Members compliant meal periods as
19 | contemplated by Labor Code section 512, among other California authorities, and failing, at times,
20 | to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
21 | violated the provisions of Labor Code section 512 and applicable Wage Orders.

22 | 51. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
23 | suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
24 | owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

25 | 52. Plaintiff and Class Members are entitled to recover the full amount of their unpaid
26 | additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
27 | interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
28 | Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

# FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

53.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

54.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

55.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

56.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

57.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

58.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

59.·     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

13

1  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
2  owed for rest periods that they were not authorized or permitted to take.

3      60.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid
4  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
5  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
6  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

7  **FIFTH CAUSE OF ACTION**

8  **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

9      61.    Plaintiff realleges and incorporates by reference all of the allegations contained in
10  the preceding paragraphs as though fully set forth hereat.

11      62.    At all relevant times, Plaintiff and Class Members were employees or former
12  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable
13  Wage Orders.

14      63.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were
15  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.
16  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to
17  discharge immediately upon termination. Class Members who resigned were entitled to payment
18  of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation
19  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and
20  unpaid at the time of resignation.

21      64.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3)
22  years before the filing of the Complaint in this Action through the present, Defendants, due to the
23  failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class
24  Members all wages earned prior to resignation or termination in accordance with Labor Code
25  sections 201 or 202.

26      65.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and
27  Class Members all wages earned prior to termination or resignation in accordance with Labor Code
28  sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff

1    and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,
2    but intentionally adopted policies or practices incompatible with the requirements of Labor Code
3    sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination
4    or resignation..

5    66.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
6    waiting time penalties from the date their earned and unpaid wages were due, upon termination or
7    resignation, until paid, up to a maximum of thirty (30) days.

8    67.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
9    suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
10   prior to termination or resignation.

11   68.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
12   1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
13   waiting time penalties, interest, and their costs of suit, as well.

14                          **SIXTH CAUSE OF ACTION**

15        **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

16   69.      Plaintiff realleges and incorporates by reference all of the allegations contained in
17   the preceding paragraphs as though fully set forth hereat.

18   70.      At all relevant times, Plaintiff and Class Members were employees or former
19   employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

20   71.      Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
21   were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
22   statement that accurately reflects, among other things, gross wages earned; total hours worked; net
23   wages earned; all applicable hourly rates in effect during the pay period and the corresponding
24   number of hours worked at each hourly rate; and the name and address of the legal entity that is the
25   employer, among other things.

26   72.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
27   before the filing of the Complaint in this Action through the present, Defendants failed to comply
28   with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

1   failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

2   accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

3   all applicable hourly rates in effect during the pay period and the corresponding number of hours

4   worked at each hourly rate; and the name and address of the legal entity that is the employer, among

5   other things.

6       73.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

7   wage statements was knowing, intentional, and willful. Defendants had the ability to provide

8   Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully

9   provided wage statements that Defendants knew were not accurate.

10      74.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

11  suffered injury. The absence of accurate information on Class Members' wage statements at times

12  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

13  mathematical computations to determine the amount of wages owed; causes difficulty and expense

14  in attempting to reconstruct time and pay records; and led to submission of inaccurate information

15  about wages and amounts deducted from wages to state and federal governmental agencies, among

16  other things.

17      75.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members

18  are entitled to recover $50 for the initial pay period during the period in which violation of Labor

19  Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent

20  pay period, not to exceed an aggregate $4,000.00 per employee.

21      76.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil

22  Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to

23  recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable

24  attorneys' fees, and costs of suit.

25              **SEVENTH CAUSE OF ACTION**

26      **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

27      77.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and

28  incorporate each by reference as though fully set forth hereat.

78.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

79.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

80.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

81.     Plaintiffs are informed and believe, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiffs and Class Members in accordance with Labor Code section 204.

82.     Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

83.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

/ / /

/ / /

# EIGHTH CAUSE OF ACTION

## (Violation of Labor Code § 227.3 – Against All Defendants

84.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

85.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

86.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

87.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

88.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

89.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

/ / /

/ / /

/ / /

/ / /

**NINTH CAUSE OF ACTION**

**(Unfair Competition – Against All Defendants)**

90.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

91.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

92.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

93.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

94.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**DEMAND FOR JURY TRIAL**

95.     Plaintiff demands a trial by jury on all causes of action contained herein.

**PRAYER**

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

19

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197 and 1199 and 227.3;

D.    Liquidated damages pursuant to Labor Code section 1194.2;

E.    Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.    Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

G.    Waiting time penalties under Labor Code section 203;

H.    Penalties to timely pay wages under Labor Code section 210;

I.    Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

J.    Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

K.    For attorneys' fees in prosecuting this action;

L.    For costs of suit incurred herein; and

M.    For such other and further relief as the Court deems just and proper.

Dated: September 13, 2021

BIBIYAN LAW GROUP, P.C.

BY: _____
DAVID D. BIBIYAN
SARA EHSANI-NIA
Attorneys for Plaintiff GENARO JUAREZ on behalf of himself and all others similarly situated

CLASS ACTION COMPLAINT

Exhibit 2

22STCV27956

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: David Cunningham III

Electronically FILED by Superior Court of California, County of Los Angeles on 08/26/2022 04:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Alexander D. Wallin (SBN 320420)
alex@tomorrowlaw.com
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, CAYA RODRIGUEZ
an individual and on behalf of all others similarly situated

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CAYA RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAISING CANE'S USA, L.L.C., a California limited liability company; RAISING CANE'S RESTAURANTS, L.L.C., a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 22STCV27956<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

COMES NOW plaintiff CAYA RODRIGUEZ ("Plaintiff"), an individual and on behalf of all others similarly situated, and alleges as follows:

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

**GENERAL ALLEGATIONS**

**INTRODUCTION**

1.　　　This is a Class Action, pursuant to Code of Civil Procedure section 382, against RAISING CANE'S USA, L.L.C. ("RCU") a California limited liability company; RAISING CANE'S RESTAURANTS, L.L.C. ("RCR"), a California limited liability company; and any of their respective subsidiaries or affiliated companies within the State of California (and, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

**PARTIES**

**A.　Plaintiff**

2.　　　Plaintiff CAYA RODRIGUEZ is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon allege that Defendants employed Plaintiff CAYA RODRIGUEZ as a non-exempt employee, with duties that included, but were not limited to, servicing patrons, cooking, maintaining quality control, and monitoring food safety from approximately December of 2021 and through approximately May of 2022

**B.　Defendants**

3.　　　Plaintiff is informed and believes and based thereon alleges that defendant RCU is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County of Los Angeles, State of California. At all relevant times herein, RCU employed Plaintiff and similarly situated employees within the State of California.

4.　　　Plaintiff is informed and believes and based thereon alleges that defendant RCR is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County of Los Angeles, State of California. At all relevant times herein, RCR employed Plaintiff and similarly situated employees within the State of California.

5.　　　The true names and capacities, whether individual, corporate, associate, or otherwise,

CLASS ACTION COMPLAINT

1 | of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

2 | who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

3 | Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

4 | herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

5 | Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

6 | the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

7 | informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

8 | to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

9 | policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

10 | other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

11 | include RCU, RCR, and any of their parent, subsidiary, or affiliated companies within the State of

12 | California, as well as DOES 1 through 100 identified herein.

13 | **JOINT LIABILITY ALLEGATIONS**

14 | 6.       Plaintiff is informed and believes and based thereon alleges that all the times

15 | mentioned herein, each of the Defendants was the agent, principal, employee, employer,

16 | representative, joint venture or co-conspirator of each of the other defendants, either actually or

17 | ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

18 | employment, joint venture, and conspiracy.

19 | 7.       All of the acts and conduct described herein of each and every corporate defendant

20 | was duly authorized, ordered, and directed by the respective and collective defendant corporate

21 | employers, and the officers and management-level employees of said corporate employers. In

22 | addition thereto, said corporate employers participated in the aforementioned acts and conduct of

23 | their said employees, agents, and representatives, and each of them; and upon completion of the

24 | aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

25 | corporations respectively and collectively ratified, accepted the benefits of, condoned, lauded,

26 | acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

27 | aforementioned corporate employees, agents and representatives.

28 | 8.       As a result of the aforementioned facts, Plaintiff is informed and believes, and based

1  thereon alleges that Defendants, and each of them, are joint employers.

2  **JURISDICTION**

3      9.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code

4  of Civil Procedure section 410.10.

5      10.     Venue is proper in Los Angeles County, California pursuant to Code of Civil

6  Procedure sections 392, et seq. because, among other things, Los Angeles County is where the

7  causes of action complained of herein arose; the county in which the employment relationship

8  began; the county in which performance of the employment contract, or part of it, between Plaintiff,

9  or some of them, and Defendants was due to be performed; the county in which the employment

10  contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed;

11  and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged

12  herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because

13  Defendants employ numerous Class Members in Los Angeles County.

14  **FACTUAL BACKGROUND**

15      11.     For at least four (4) years prior to the filing of this action and continuing to the

16  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

17  some of them, in violation of California state wage and hour laws as a result of, without limitation,

18  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

19  seven consecutive work days in a work week without being properly compensated for hours worked

20  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

21  worked on the seventh consecutive work day in a work week by, among other things, failing to

22  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

23  engaging, suffering, or permitting employees to work off the clock, including, without limitation,

24  by requiring employees to complete pre-shift tasks before clocking in and post-shift tasks after

25  clocking out, to clock out for meal periods and continue working, to make phone calls off the clock;

26  failing to include all forms of remuneration, including piece rate compensation, non-discretionary

27  bonuses, incentive pay, meal allowances, and other forms of remuneration into the regular rate of

28  pay for the workweeks in which overtime was worked and the additional compensation was earned

for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked, and for paying straight pay instead of overtime pay to the detriment of Plaintiff and Class Members.

12.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to make phone calls off the clock; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked; failing to track and pay for all nonproductive time and failing to accurately track and pay for rest and recovery periods that is separate and apart from any piece-rate compensation, to the detriment of Plaintiff and Class Members.

13.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

14.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

15.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

1  full amount of their wages owed to them upon termination and/or resignation as required by Labor

2  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

3  minimum wages, for withholding wages, and premium wages.

4      16.     For at least one (1) year prior to the filing of this Action and continuing to the present,

5  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

6  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

7  earned; all applicable hourly rates in effect during the pay period and the corresponding number of

8  hours worked at each hourly rate; applicable piece rates in effect during the pay period and the

9  corresponding number of pieces earned; the name and address of the legal entity that is the employer;

10  name and address of the entity securing the services of the farm labor contractor who employed

11  Plaintiff and Class Members; the total hours of compensable rest and recovery periods; the total

12  hours of nonproductive time, and other such information as required by Labor Code sections 226,

13  subdivision (a) and 226.2.  As a result thereof, Defendants have further failed to furnish employees

14  with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

15      17.     For at least one (1) year prior to the filing of this action and continuing to the present,

16  Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full

17  amount of their wages for labor performed in a timely fashion as required under Labor Code section

18  204.

19      18.     For at least three (3) years prior to the filing of this action and continuing to the

20  present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the

21  costs incurred in using cellular phones for work-related purposes necessary to perform work duties.

22      19.     Plaintiff, on their own behalf and on behalf of Class Members, brings this action

23  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.2,

24  226.7, 510, 512, 1194, 1194.2, 1197, 2802, 2810.3, *et seq.*, and California Code of Regulations,

25  Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for

26  missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement

27  penalties, failure to indemnify work-related expenses, other such provisions of California law, and

28  reasonable attorneys' fees and costs.

20.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

22.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

23.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

24.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

25.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

7

26.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.   Did Defendants violate Labor Code sections 226.2, 510 and 1194 by failing to include piece rate compensation in calculation of the legal piece rate overtime rate?

    C.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

    D.   Did Defendants violate Labor Code section 226.2 by failing to track and pay for all nonproductive time that is separate and apart from any piece rate compensation?

    E.   Did Defendants violate Labor Code section 226.2 by failing to track and pay for all rest and recovery time that is separate and apart from any piece rate compensation?

    F.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

    G.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

    H.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

    I.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

    J.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

    K.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

    L.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

    M.   Did Defendants violate Labor Code sections 226 and 226.2 by failing to furnish

employees paid on a piece rate basis with an itemized statement that included the total hours of compensable nonproductive time, the rate of compensation, and the gross wages paid for those periods during the pay period?

N.   Did Defendants violate Labor Code sections 226 and 226.2 by failing to furnish employees paid on a piece rate basis with an itemized statement that included the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period?

O.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

P.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

Q.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

R.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

S.   Are Class Members entitled to costs and attorneys' fees?

T.   Are Class Members entitled to interest?

### C.   Typicality

27.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.   Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

### D.   Adequacy of Representation

28.   Plaintiff will fairly and adequately represent and protect the interest of Class Members.   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

9

**E.**     **Superiority of Class Action**

29.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

30.     Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

31.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

32.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

33.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

34.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

35.     Four (4) years prior to the filing of the Complaint in this Action through the present,

CLASS ACTION COMPLAINT

1  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

2  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

3  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

4  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours

5  actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to

6  work off the clock, including, without limitation, by requiring employees to complete pre-shift tasks

7  before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue

8  working, to make phone calls off the clock; failing to include all forms of remuneration, including

9  piece rate compensation, non-discretionary bonuses, incentive pay, meal allowances, and other

10  forms of remuneration into the regular rate of pay for the workweeks in which overtime was worked

11  and the additional compensation was earned for the purpose of calculating the overtime rate of pay;

12  detrimental rounding of employee time entries, editing and/or manipulation of time entries to show

13  less hours than actually worked, and for paying straight pay instead of overtime pay to the detriment

14  of Employee and other aggrieved employees, to the detriment of Plaintiff and Class Members.

15      36.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

16  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

17  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

18  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

19  applicable IWC Wage Orders, and California law.

20      37.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

21  been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

22  plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

23  and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

24                          **SECOND CAUSE OF ACTION**

25              **(Failure to Pay Minimum Wages – Against All Defendants)**

26      38.      Plaintiff realleges and incorporates by reference all of the allegations contained in

27  the preceding paragraphs as though fully set forth hereat.

28      39.      At all relevant times, Plaintiff and Class Members were employees or former

1   employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

2       40.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and

3   Class Members were entitled to receive minimum wages for all hours worked or otherwise under

4   Defendants' control.

5       41.     For four (4) years prior to the filing of the Complaint in this Action through the

6   present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at

7   their regular rate of pay that is above the minimum wage; engaging, suffering, or permitting

8   employees to work off the clock, including, without limitation, by requiring employees to complete

9   pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods

10  and continue working, to make phone calls off the clock; detrimental rounding of employee time

11  entries, editing and/or manipulation of time entries to show less hours than actually worked; failing

12  to track and pay for all nonproductive time and failing to accurately track and pay for rest and

13  recovery periods that is separate and apart from any piece rare compensation, to the detriment of

14  Plaintiff and Class Members.

15      42.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

16  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages

17  for all hours worked or otherwise due.

18      43.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure

19  sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to

20  recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

21  damages, reasonable attorneys' fees and costs of suit.

22                          **THIRD CAUSE OF ACTION**

23              **(Failure to Provide Meal Periods – Against All Defendants)**

24      44.     Plaintiff realleges and incorporates by reference all of the allegations contained in

25  the preceding paragraphs as though fully set forth hereat.

26      45.     At all relevant times, Plaintiff and Class Members were employees or former

27  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

28      46.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

47.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

48.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

49.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

50.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

51.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

### FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

52.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

54.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

55.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

57.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

58.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

59.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

60.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

62.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

63.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

64.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code

15

1 sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

2 or resignation.

3     65.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

4 waiting time penalties from the date their earned and unpaid wages were due, upon termination or

5 resignation, until paid, up to a maximum of thirty (30) days.

6     66.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

7 suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

8 prior to termination or resignation.

9     67.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

10 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

11 waiting time penalties, interest, and their costs of suit, as well.

12 **SIXTH CAUSE OF ACTION**

13 **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

14     68.      Plaintiff realleges and incorporates by reference all of the allegations contained in

15 the preceding paragraphs as though fully set forth hereat.

16     69.      At all relevant times, Plaintiff and Class Members were employees or former

17 employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

18     70.      Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members

19 were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

20 statement that accurately reflects, among other things, gross wages earned; total hours worked; net

21 wages earned; all applicable hourly rates in effect during the pay period and the corresponding

22 number of hours worked at each hourly rate; and the name and address of the legal entity that is the

23 employer; and the name and address of the entity securing the services of the farm labor contractor

24 who employed Plaintiff and Class Members, among other things. Further, Labor Code section 226.2

25 requires that wage statements also include the total compensation earned for piece rate work

26 performed, total compensation for nonproductive work performed, total compensation for rest and

27 recovery periods, the total hours of nonproductive time worked and the rate of pay therefore, the

28 total hours of rest and recovery periods taken and the rate of pay therefore, the total amount of

1  overtime wages earned, and the proper overtime rate(s) of pay.

2      71.      Plaintiff is informed and believes, and based thereon alleges, that Defendants failed

3  to provide Plaintiff and Class Members accurate itemized wage statements pursuant to Labor Code

4  sections 226, subdivision (a) and 226.2, subdivisions (a)(2)(A-B) on each and every wage statement

5  that should have been provided, including by failing to itemize and/or pay all nonproductive time

6  and rest and recovery time for each.

7      72.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

8  before the filing of the Complaint in this Action through the present, Defendants failed to comply

9  with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

10  failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

11  accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

12  all applicable hourly rates in effect during the pay period and the corresponding number of hours

13  worked at each hourly rate; applicable piece rates in effect during the pay period and the

14  corresponding number of pieces earned; the name and address of the legal entity that is the employer;

15  name and address of the entity securing the services of the farm labor contractor who employed

16  Plaintiff and Class Members; the total hours of compensable rest and recovery periods; the total

17  hours of nonproductive time, and other such information as required by Labor Code sections 226,

18  subdivision (a) and 226.2. Defendants' failure to, at times, provide Plaintiff and Class Members

19  with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to

20  provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully

21  provided wage statements that Defendants knew were not accurate.

22      73.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

23  suffered injury. The absence of accurate information on Class Members' wage statements at times

24  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

25  mathematical computations to determine the amount of wages owed; causes difficulty and expense

26  in attempting to reconstruct time and pay records; and led to submission of inaccurate information

27  about wages and amounts deducted from wages to state and federal governmental agencies, among

28  other things.

CLASS ACTION COMPLAINT

74. Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

75. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

76. Plaintiff reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

77. At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

78. Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

79. Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

80. Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies

18

1    and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

2    Labor Code section 204.

3        81.        Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

4    recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

5    hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

6    for each subsequent violation in connection with each payment that was made in violation of Labor

7    Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

8        82.        Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

9    1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

10   interest, and their costs of suit, as well.

11                           **EIGHTH CAUSE OF ACTION**

12                **(Violation of Labor Code § 2802 – Against All Defendants)**

13       83.        Plaintiff realleges and incorporates by reference all of the allegations contained in

14   the preceding paragraphs as though fully set forth hereat.

15       84.        At all relevant times, Plaintiff and Class Members were employees or former

16   employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

17       85.        Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

18   his or her employee for all necessary expenditures or losses incurred by the employee in direct

19   consequence of the discharge of his or her duties . . ."

20       86.        For three (3) years prior to the filing of the Complaint in this Action through the

21   present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

22   necessary expenditures or losses in direct consequence of the discharge of their duties or at the

23   obedience to the directions of Defendants that included, without limitation: purchasing and using

24   cellular phones for work-related purposes.

25       87.        During that time period, Plaintiff is informed and believes, and based thereon allege

26   that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand

27   Class Members for those losses and/or expenditures.

28       88.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

1 | suffered damages in an amount subject to proof, to the extent they were not reimbursed for the
2 | herein-described losses and/or expenditures.

3 |      89.     Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and
4 | 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
5 | reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and
6 | costs of suit.

7 | **NINTH CAUSE OF ACTION**

8 | **(Unfair Competition – Against All Defendants)**

9 |      90.     Plaintiff realleges and incorporates by reference all of the allegations contained in
10 | the preceding paragraphs as though fully set forth hereat.

11 |      91.     Plaintiff is informed and believes, and based thereon alleges that the unlawful
12 | conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business
13 | and Professions Code section 17200. Due to their unlawful business practices in violation of the
14 | Labor Code, Defendants have gained a competitive advantage over other comparable companies
15 | doing business in the State of California that comply with their obligations to compensate employees
16 | in accordance with the Labor Code.

17 |      92.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class
18 | Members have suffered injury in fact and lost money or property.

19 |      93.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class
20 | Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor
21 | Code and requiring the establishment of appropriate and effective means to prevent further
22 | violations, as well as restitution of all wages and other monies owed to them under the Labor Code,
23 | including interest thereon, in which they had a property interest and which Defendants nevertheless
24 | failed to pay them and instead withheld and retained for themselves. Restitution of the money owed
25 | to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched
26 | by their failure to comply with the Labor Code.

27 |      94.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil
28 | Procedure section 1032 and interest under Civil Code section 3287.

CLASS ACTION COMPLAINT

Dated:  August 26, 2022

BIBIYAN LAW GROUP, P.C.


BY: */s/ Alexander D. Wallin*
ALEXANDER D. WALLIN
Attorneys for Plaintiff CAYA RODRIGUEZ an
individual and on behalf of all others similarly situated

CLASS ACTION COMPLAINT

Exhibit 3

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Maren Nelson

Electronically FILED by Superior Court of California, County of Los Angeles on 03/30/2023 02:14 PM David W. Slayton, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Joshua Shirian (Cal. Bar No. 341909)
*josh@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ADRIAN RIVERO, and
on behalf of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ADRIAN RIVERO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC, a Nevada limited liability company; AUTOZONE, INC., a Nevada corporation; AUTOZONE WEST, LLC, a Nevada liability company; AUTOZONE PARTS, INC., a Nevada corporation; JESUS BARRAGAN, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23STCV07025<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. VIOLATION OF LABOR CODE § 227.3; and<br><br>10. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

1       Plaintiff Adrian Rivero, on behalf of himself and all others similarly situated, alleges as

2  follows:

3  **GENERAL ALLEGATIONS**

4  **INTRODUCTION**

5      1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6  Autozoners, LLC, and any of its respective subsidiaries or affiliated companies within the State of

7  California ("Autozoners"); Autozone, Inc., and any of its respective subsidiaries or affiliated

8  companies within the State of California ("Autozone"); Autozone West LLC, and any of its

9  respective subsidiaries or affiliated companies within the State of California ("Autozone West");

10  Autozone Parts, Inc., and any of its respective subsidiaries or affiliated companies within the State

11  of California ("Autozone Parts"); and Jesus Barragan ("Barragan") (collectively, with DOES 1

12  through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and

13  former non-exempt California employees employed by or formerly employed by Defendants

14  ("Class Members").

15  **PARTIES**

16      A.    **Plaintiff**

17    2.      Plaintiff Adrian Rivero is a resident of the State of California. At all relevant times

18  herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed

19  Plaintiff as a non-exempt employee, with duties that included, but were not limited to, customer

20  service and auto part sales. Plaintiff is informed and believes, and based thereon alleges, that

21  Plaintiff worked for Defendants from approximately July of 2019 through the present.

22      B.    **Defendants**

23    3.      Plaintiff is informed and believes and based thereon allege that defendant Autozoners

24  is, and at all times relevant hereto was, a limited liability company organized and existing under and

25  by virtue of the laws of the State of Nevada and doing business in the County of Los Angeles, State

26  of California.

27  / / /

28  / / /

2
CLASS ACTION COMPLAINT

4.      Plaintiff is informed and believes and based thereon allege that defendant Autozone is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the County of Los Angeles, State of California.

5.      Plaintiff is informed and believes and based thereon allege that defendant Autozone West is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Nevada and doing business in the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes and based thereon allege that defendant Autozone Parts is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Nevada and doing business in the County of Los Angeles, State of California.

7.      Plaintiff is informed and believes and based thereon alleges that defendant Barragan is, and at all times relevant hereto was, an individual residing in California, as well as a Regional Manager of Autozoners, Autozone, Autozone West, Autozone Parts, and DOES 1 through 100, as further defined below.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Autozoners, Autozone, Autozone West, Autozone Parts and any of their parent, subsidiary, or affiliated companies within the State of California, as well as Barragan and DOES 1 through 100

CLASS ACTION COMPLAINT

1  identified herein.

2  **JOINT LIABILITY ALLEGATIONS**

3  9.  Plaintiff is informed and believes and based thereon alleges that all the times
4  mentioned herein, each of the Defendants was the agent, principal, employee, employer,
5  representative, joint venture or co-conspirator of each of the other defendants, either actually or
6  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
7  employment, joint venture, and conspiracy.

8  10.  All of the acts and conduct described herein of each and every corporate defendant
9  was duly authorized, ordered, and directed by the respective and collective defendant corporate
10  employers, and the officers and management-level employees of said corporate employers. In
11  addition thereto, said corporate employers participated in the aforementioned acts and conduct of
12  their said employees, agents, and representatives, and each of them; and upon completion of the
13  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant
14  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,
15  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the
16  aforementioned corporate employees, agents and representatives.

17  11.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based
18  thereon alleges that Defendants, and each of them, are joint employers.

19  **JURISDICTION**

20  12.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code
21  of Civil Procedure section 410.10.

22  13.  Venue is proper in Los Angeles County, California pursuant to Code of Civil
23  Procedure sections 392, et seq. because, among other things, Los Angeles County is where the
24  causes of action complained of herein arose; the county in which the employment relationship
25  began; the county in which performance of the employment contract, or part of it, between Plaintiff
26  and Defendants was due to be performed; and the county in which the employment contract, or part
27  of it, between Plaintiff and Defendants was actually performed. Moreover, the unlawful acts alleged
28  herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because

Defendants employ numerous Class Members in Los Angeles County.

## FACTUAL BACKGROUND

14.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

15.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

16.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

17.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

/ / /

18.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

19.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

20.     For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

21.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in laundering mandatory work uniforms.

22.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

23.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section

245, *et seq.*

24.     Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.*, 510, 512, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

25.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

27.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

28.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

/ / /

/ / /

7

### A.  Numerosity

29.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

30.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B.  Commonality

31.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

///

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

M.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O.   Are Class Members entitled to costs and attorneys' fees?

P.   Are Class Members entitled to interest?

**C.**   **Typicality**

32.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.**   **Adequacy of Representation**

33.   Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

///

9

## E. Superiority of Class Action

34.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

35.     Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

36.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

37.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

38.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

39.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

/ / /

CLASS ACTION COMPLAINT

40.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

41.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

42.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

45.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

46.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

11

47.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

48.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

49.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

50.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

51.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

52.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

53.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not

1  provided compliant meal periods.

2  54.  By their failure to provide Plaintiff and Class Members compliant meal periods as

3  contemplated by Labor Code section 512, among other California authorities, and failing, at times,

4  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

5  violated the provisions of Labor Code section 512 and applicable Wage Orders.

6  55.  As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

7  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

8  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

9  56.  Plaintiff and Class Members are entitled to recover the full amount of their unpaid

10  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

11  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

12  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

13  ## FOURTH CAUSE OF ACTION

14  **(Failure to Provide Rest Periods – Against All Defendants)**

15  57.  Plaintiff realleges and incorporates by reference all of the allegations contained in

16  the preceding paragraphs as though fully set forth hereat.

17  58.  At all relevant times, Plaintiff and Class Members were employees or former

18  employees of Defendants covered by applicable Wage Orders.

19  59.  California law and applicable Wage Orders require that employers "authorize and

20  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

21  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

22  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

23  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

24  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

25  thirty (30) minutes of paid rest period.

26  60.  Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

27  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

28  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

1    regular rate of compensation for each work day that the rest period is not provided.

2    61.    For four (4) years prior to the filing of the Complaint in this Action through the

3    present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

4    timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

5    thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

6    Member's regular rate of compensation on the occasions that Class Members were not authorized

7    or permitted to take compliant rest periods.

8    62.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take

9    rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

10   regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

11   willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

12   63.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

13   suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

14   owed for rest periods that they were not authorized or permitted to take.

15   64.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid

16   additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus

17   interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

18   Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

19                          **FIFTH CAUSE OF ACTION**

20          **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

21   65.    Plaintiff realleges and incorporates by reference all of the allegations contained in

22   the preceding paragraphs as though fully set forth hereat.

23   66.    At all relevant times, Plaintiff and Class Members were employees or former

24   employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

25   Wage Orders.

26   67.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

27   entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

28   Discharged Class Members were entitled to payment of all wages earned and unpaid prior to

1  discharge immediately upon termination. Class Members who resigned were entitled to payment
2  of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation
3  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and
4  unpaid at the time of resignation.

5      68.      Plaintiff is informed and believes, and based thereon alleges, that in the three (3)
6  years before the filing of the Complaint in this Action through the present, Defendants, due to the
7  failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class
8  Members all wages earned prior to resignation or termination in accordance with Labor Code
9  sections 201 or 202.

10      69.      Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and
11  Class Members all wages earned prior to termination or resignation in accordance with Labor Code
12  sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff
13  and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,
14  but intentionally adopted policies or practices incompatible with the requirements of Labor Code
15  sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination
16  or resignation.

17      70.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
18  waiting time penalties from the date their earned and unpaid wages were due, upon termination or
19  resignation, until paid, up to a maximum of thirty (30) days.

20      71.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
21  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
22  prior to termination or resignation.

23      72.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
24  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
25  waiting time penalties, interest, and their costs of suit, as well.

26  ///
27  ///
28  ///

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

73.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

74.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

75.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

76.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

77.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

78.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense

16

1 | in attempting to reconstruct time and pay records; and led to submission of inaccurate information

2 | about wages and amounts deducted from wages to state and federal governmental agencies, among

3 | other things.

4 |     79.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members

5 | are entitled to recover $50 for the initial pay period during the period in which violation of Labor

6 | Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent

7 | pay period, not to exceed an aggregate $4,000.00 per employee.

8 |     80.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil

9 | Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to

10 | recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable

11 | attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

14 |     81.     Plaintiff reallege each and every allegation set forth in the preceding paragraphs and

15 | incorporate each by reference as though fully set forth hereat.

16 |     82.     At all relevant times, Plaintiff and Class Members were employees or former

17 | employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

18 |     83.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th

19 | days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month

20 | during which the labor was performed, and labor performed between the 16th and the last day,

21 | inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

22 | month."

23 |     84.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely

24 | independent and apart from, any other penalty provided in this article, every person who fails to pay

25 | the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

26 | 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

27 | ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful

28 | or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

1  percent of the amount unlawfully withheld."

2      85.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

3  before the filing of the Complaint in this Action through the present, Defendants employed policies

4  and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

5  Labor Code section 204.

6      86.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

7  recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

8  hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

9  for each subsequent violation in connection with each payment that was made in violation of Labor

10  Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

11      87.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

12  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

13  interest, and their costs of suit, as well.

14               **EIGHTH CAUSE OF ACTION**

15         **(Violation of Labor Code § 2802 – Against All Defendants)**

16      88.     Plaintiff reallege and incorporate by reference all of the allegations contained in the

17  preceding paragraphs as though fully set forth hereat.

18      89.     At all relevant times, Plaintiff and Class Members were employees or former

19  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

20      90.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

21  his or her employee for all necessary expenditures or losses incurred by the employee in direct

22  consequence of the discharge of his or her duties . . ."

23      91.     For three (3) years prior to the filing of the Complaint in this Action through the

24  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

25  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

26  obedience to the directions of Defendants that included, without limitation: laundering mandatory

27  work uniforms.

28  ///

92.     During that time period, Plaintiff is informed and believes, and based thereon allege that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class Members for those losses and/or expenditures.

93.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

94.     Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants

95.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

96.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

97.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

98.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

///

///

99.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

100.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## TENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

101.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

102.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

103.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

104.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

105.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

### DEMAND FOR JURY TRIAL

106.     Plaintiff demands a trial by jury on all causes of action contained herein.

### PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Damages for all wages earned and owed, including minimum, overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197, 1199 and 227.3;

D.     Liquidated damages pursuant to Labor Code section 1194.2;

E.     Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections 512 and 226.7;

F.     Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

G.     Waiting time penalties under Labor Code section 203;

H.     Penalties to timely pay wages under Labor Code section 210;

I.     Damages under Labor Code sections 2802;.

J.     Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

K.     Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

///

///

CLASS ACTION COMPLAINT

L.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

M.   For attorneys' fees in prosecuting this action;

N.   For costs of suit incurred herein; and

O.   For such other and further relief as the Court deems just and proper.

Dated:  March 30, 2023                    BIBIYAN LAW GROUP, P.C.

                                          BY:  _____

                                          DAVID D. BIBIYAN
                                          JEFFREY D. KLEIN
                                          JOSHUA SHIRIAN
                                          Attorneys for Plaintiff ADRIAN RIVERO on behalf of
                                          himself and all others similarly situated

CLASS ACTION COMPLAINT

Exhibit 4

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Joshua Shirian (Cal. Bar No. 341909)
*josh@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ANGEL MEN CHAN, and
on behalf of herself and all others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/21/2023 3:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANGEL MEN CHAN, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA, LLC., a Delaware limited liability company; BEVERLY NGUYEN, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23STCV09024<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

Plaintiff Angel Men Chan, on behalf of herself and all others similarly situated, alleges as follows:

### GENERAL ALLEGATIONS

### INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, against Panera, LLC, and any of its respective subsidiaries or affiliated companies within the State of California ("Panera"); and Beverly Nguyen ("Nguyen" and collectively, with Panera and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

### PARTIES

**A.     Plaintiff**

2.     Plaintiff Angel Men Chan is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, customer service.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Angel Men Chan worked for Defendants from approximately August of 2022 through the present.

**B.     Defendants**

3.     Plaintiff is informed and believes and based thereon allege that defendant Panera is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes and based thereon alleges that defendant Nguyen is, and at all times relevant hereto was, an individual residing in California, as well as the Operations Manager of Panera, and DOES 1 through 100, as further defined below.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

2

1  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated
2  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.
3  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of
4  the defendants designated hereinafter as DOES when such identities become known. Plaintiff is
5  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent
6  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or
7  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the
8  other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall
9  include Panera, and any of their parent, subsidiary, or affiliated companies within the State of
10 California, as well as Nguyen and DOES 1 through 100 identified herein.

11 **JOINT LIABILITY ALLEGATIONS**

12      6.      Plaintiff is informed and believes and based thereon alleges that all the times
13 mentioned herein, each of the Defendants was the agent, principal, employee, employer,
14 representative, joint venture or co-conspirator of each of the other defendants, either actually or
15 ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
16 employment, joint venture, and conspiracy.

17      7.      All of the acts and conduct described herein of each and every corporate defendant
18 was duly authorized, ordered, and directed by the respective and collective defendant corporate
19 employers, and the officers and management-level employees of said corporate employers. In
20 addition thereto, said corporate employers participated in the aforementioned acts and conduct of
21 their said employees, agents, and representatives, and each of them; and upon completion of the
22 aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant
23 corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,
24 acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the
25 aforementioned corporate employees, agents and representatives.

26      8.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based
27 thereon alleges that Defendants, and each of them, are joint employers.

28 ///

## JURISDICTION

9.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

10.      Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; and the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles County.

## FACTUAL BACKGROUND

11.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, and failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

12.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, and failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

13.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

4

full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

14.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

15.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including, without limitation, failing to pay overtime wages, minimum wages, and premium wages.

16.    For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

17.    For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

18.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in; laundering mandatory work uniforms.

19. Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 245, *et seq.*, 510, 512, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, other such provisions of California law, and reasonable attorneys' fees and costs.

20. Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

22. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

23. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

**A.**     **Numerosity**

24.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

25.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.**     **Commonality**

26.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

    A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.     Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

    C.     Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

    D.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

    E.     Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

    F.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

    G.     Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

///

CLASS ACTION COMPLAINT

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N.   Are Class Members entitled to costs and attorneys' fees?

O.   Are Class Members entitled to interest?

C.   **Typicality**

27.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

D.   **Adequacy of Representation**

28.   Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

///

///

///

CLASS ACTION COMPLAINT

**E.    Superiority of Class Action**

29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

30.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

31.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

32.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

33.    At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

34.    At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

/ / /

35.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants and failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

36.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

37.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

38.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

40.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

41.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, and to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class

10

Members.

42.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

43.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

44.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

45.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

46.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

47.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

48.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

11

1 Class Member's regular rate of compensation on the occasions that Class Members were not
2 provided compliant meal periods.

3     49.      By their failure to provide Plaintiff and Class Members compliant meal periods as
4 contemplated by Labor Code section 512, among other California authorities, and failing, at times,
5 to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
6 violated the provisions of Labor Code section 512 and applicable Wage Orders.

7     50.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
8 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
9 owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

10     51.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid
11 additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
12 interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
13 Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

14                                   **FOURTH CAUSE OF ACTION**

15             **(Failure to Provide Rest Periods – Against All Defendants)**

16     52.      Plaintiff realleges and incorporates by reference all of the allegations contained in
17 the preceding paragraphs as though fully set forth hereat.

18     53.      At all relevant times, Plaintiff and Class Members were employees or former
19 employees of Defendants covered by applicable Wage Orders.

20     54.      California law and applicable Wage Orders require that employers "authorize and
21 permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour
22 work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-
23 half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who
24 work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes
25 of paid rest period, and employees who work shifts of more than ten (10) hours must be provided
26 thirty (30) minutes of paid rest period.

27 / / /

28 / / /

55.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.   Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

57.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

58.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

59.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

60.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

62.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

63.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

64.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

65.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

66.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

67.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

68.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

69.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

70.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

71.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

72.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

73.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among

other things.

74.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

75.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

### SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

76.     Plaintiff reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

77.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

78.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

79.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

/ / /

80.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

81.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

82.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

83.     Plaintiff reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

84.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

85.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

86.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: laundering mandatory work uniforms.

/ / /

/ / /

17

87.     During that time period, Plaintiff is informed and believes, and based thereon allege that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class Members for those losses and/or expenditures.

88.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

89.     Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

90.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

91.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

92.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

93.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed

18

1 | to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

2 | by their failure to comply with the Labor Code.

3 |      94.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil

4 | Procedure section 1032 and interest under Civil Code section 3287.

5 | **DEMAND FOR JURY TRIAL**

6 |      95.     Plaintiff demands a trial by jury on all causes of action contained herein.

7 | **PRAYER**

8 |      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

9 | against Defendants as follows:

10 |      A.     An order certifying this case as a Class Action;

11 |      B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's

12 |             counsel as class counsel;

13 |      C.     Damages for all wages earned and owed, including minimum and overtime wages,

14 |             under Labor Code sections 510, 1194, 1197 and 1199;

15 |      D.     Liquidated damages pursuant to Labor Code section 1194.2;

16 |      E.     Damages for unpaid premium wages from missed meal and rest periods under,

17 |             among other Labor Code sections, 512 and 226.7;

18 |      F.     Penalties for inaccurate wage statements under Labor Code section 226,

19 |             subdivision (e);

20 |      G.     Waiting time penalties under Labor Code section 203;

21 |      H.     Penalties to timely pay wages under Labor Code section 210;

22 |      I.     Damages under Labor Code section 2802;

23 |      J.     Preliminary and permanent injunctions prohibiting Defendants from further

24 |             violating the California Labor Code and requiring the establishment of appropriate

25 |             and effective means to prevent future violations;

26 |      K.     Restitution of wages and benefits due which were acquired by means of any unfair

27 |             business practice, according to proof;

28 | / / /

L.  Prejudgment and post-judgment interest at the maximum rate allowed by law;

M.  For attorneys' fees in prosecuting this action;

N.  For costs of suit incurred herein; and

O.  For such other and further relief as the Court deems just and proper.

Dated: April 21, 2023                                    BIBIYAN LAW GROUP, P.C.

                                                         BY: _____
                                                         DAVID D. BIBIYAN
                                                         JEFFREY D. KLEIN
                                                         JOSHUA SHIRIAN
                                                         Attorneys for Plaintiff ANGEL MEN CHAN on behalf
                                                         of herself and all others similarly situated

CLASS ACTION COMPLAINT

Exhibit 5

Query    Reports    Utilities    Help    Log Out

# Select A Case

**David D Bibiyan is an attorney in 50 cases.**

| | | | |
|---|---|---|---|
| [2:14-cv-01186-RSWL-RZ](#) | Maria Washburn v. Reliance Standard Life Insurance Company et al | filed 02/14/14 | closed 05/09/14 |
| [2:14-cv-06738-PA-CW](#) | Jenny U. Garcia v. Concentra Health Services, Inc. et al | filed 08/27/14 | closed 08/08/15 |
| [2:15-cv-09045-JFW-RAO](#) | William L. Tedstrom v. Nanthealth | filed 11/20/15 | closed 03/11/16 |
| [2:16-cv-02232-BRO-SS](#) | Gustavo Segura Santoyo v. Consolidated Foundries Inc. et al | filed 04/01/16 | closed 10/13/16 |
| [2:16-cv-02418-SJO-E](#) | Hannah L Tye v. Wells Fargo Capital Finance, LLC et al | filed 04/08/16 | closed 02/03/17 |
| [2:16-cv-05821-RGK-AJW](#) | Jessica Najarro v. Chipotle Services, LLC | filed 08/04/16 | closed 10/20/16 |
| [2:17-cv-03478](#) | Claudia Estrada v. Meridian Senior Living, LLC, et al | filed 05/08/17 | closed 05/09/17 |
| [2:17-cv-04341-JVS-E](#) | Mariter Roldan et al v. Fresenius Medical Care North America Limited Partnership et al | filed 06/12/17 | closed 07/25/17 |
| [2:17-cv-08645-MWF-KS](#) | Arensdorff v. Stanley Steemer International Inc et al | filed 11/30/17 | closed 05/29/18 |
| [2:19-cv-02944-VAP-FFM](#) | Jessyka Walker v. Norred and Associates, Inc. | filed 04/16/19 | closed 08/09/19 |
| [2:19-cv-03061-RGK-JPR](#) | Juan Ramos Cazares v. Areas USA LAX, LLC et al | filed 04/19/19 | closed 08/16/19 |
| [2:19-cv-03920-SB-SK](#) | Amber Pardue et al v. CBC Restaurant Corp. et al | filed 05/03/19 | closed 03/18/21 |

| [2:19-cv-10387-DMG-KS](#) | Jason Hamilton v. Michael Kors Stores California, Inc. et al | filed 12/06/19 | closed 01/21/21 |
|---|---|---|---|
| [2:20-cv-05223-RGK-KS](#) | Jenny M. Luna et al v. Pronto California General Agency LLC et al | filed 06/11/20 | closed 08/19/20 |
| [2:20-cv-06782-JWH-PLA](#) | Delvin Hines v. Constellis Integrated Risk Management Services et al | filed 07/29/20 | closed 08/24/21 |
| [2:21-cv-03071-PSG-AS](#) | Cesar Medina v. Western Distributing Company et al | filed 04/08/21 | closed 05/13/21 |
| [2:21-cv-04988-RSWL-KS](#) | Valentina Rosario v. American Youth Hostels, Inc., et al | filed 06/18/21 | closed 05/17/22 |
| [2:21-cv-05980-VAP-PVC](#) | Mehrnaz Taat v. ACELL, Inc. et al | filed 07/23/21 | closed 12/16/22 |
| [2:21-cv-06097-SVW-JPR](#) | Ronald Getaw v. Consolidated Disposal Service, L.L.C. et al | filed 07/28/21 | closed 10/20/21 |
| [2:21-cv-08922-PA-RAO](#) | Genaro Juarez v. Calmet Services, Inc. et al | filed 11/12/21 | closed 02/18/22 |
| [2:22-cv-02826-JLS-E](#) | Soheil Davood v. NKSFB, LLC et al | filed 04/28/22 | closed 01/12/23 |
| [2:22-cv-04013-ODW-MAR](#) | Patricia J. Ryan v. Mission Treatment Services, Inc. et al | filed 06/10/22 | closed 09/19/22 |
| [2:22-cv-04348-AB-JPR](#) | Asia Thompson v. La Petite Academy, Inc. et al | filed 06/24/22 | closed 04/28/23 |
| [2:22-cv-06574](#) | Phillip Daniels et al v. TA Operating LLC et al | filed 09/14/22 | closed 09/15/22 |
| [2:22-cv-07040-JFW-MAA](#) | Nelda Sanchez v. Vanderlande Industries, Inc. et al | filed 09/28/22 | closed 10/19/22 |
| [2:22-cv-07128-ODW-PD](#) | Francisco Correa v. A2 Railla Development, Inc. et al | filed 09/30/22 | closed 05/01/23 |
| [2:22-cv-07892-SB-](#) | Rene Hernandez v. Todd Pipe and Supply, LLC et al | filed 10/28/22 | closed 12/15/22 |

| 2:22-cv-08296-JFW-JPR | Caya Rodriguez v. Raising Cane's USA, L.L.C. et al | filed 11/14/22 | closed 05/22/23 |
| 2:23-cv-00531-JFW-MAA | Nelda Sanchez v. Vanderlande Industries, Inc. et al | filed 01/24/23 | closed 04/10/23 |
| 2:23-cv-02665-FMO-MAR | Zuban Isidor Navarrete v. NFI Management Services, LLC et al | filed 04/10/23 | |
| 2:23-cv-02802-MCS-JC | Turesa Wilcox v. Harbor UCLA Medical Center Guild, Inc. et al | filed 04/14/23 | |
| 2:23-cv-03019-DMG-SK | Michael Garcia v. United Site Services of California, Inc. et al | filed 04/21/23 | |
| 2:23-cv-03872-SPG-AS | Adrian Rivero v. Autozoners, LLC et al | filed 05/19/23 | |
| 2:23-cv-04194-JLS-AFM | Angel Men Chan v. Panera, LLC et al | filed 05/30/23 | |
| 2:23-cv-04901-WLH-AGR | Mackenzie Anne Thoma v. VXN Group, LLC et al | filed 06/21/23 | |
| 5:19-cv-02413-JLS-KK | Maribel Bolanos v. Texas Roadhouse Management Corp. et al | filed 12/16/19 | closed 07/28/20 |
| 5:20-cv-02585-RGK-SHK | Maria Delgado-Fuentes v. HCR Manorcare Medical Services of Florida, LLC et al | filed 12/16/20 | closed 04/12/21 |
| 5:21-cv-01873-JWH-SHK | Felipe Trujillo v. Morgan Truck Body, LLC et al | filed 11/04/21 | closed 02/14/22 |
| 5:22-cv-00684-JLS-SHK | Sara Torres v. Laurel Avenue, LLC et al | filed 04/21/22 | closed 11/09/22 |
| 5:22-cv-00813-JGB-SP | John Kelley v. Applus Technologies, Inc. et al | filed 05/13/22 | closed 06/30/22 |
| 5:22-cv-01255-FWS-SP | Tony Nunley v. Cardinal Logistics Management Corporation et al | filed 07/19/22 | closed 10/05/22 |

| 5:22-cv-01634-JGB-SHK | Phillip Daniels et al v. TA Operating LLC et al | filed 09/14/22 | closed 01/05/23 |
| 5:22-cv-01811-HDV-SP | Anita Gamarro v. Walgreen Pharmacy Services Midwest, LLC et al | filed 10/13/22 | |
| 5:23-cv-00623-SSS-KK | Enrique Rocco v. National Distribution Centers, LLC et al | filed 04/07/23 | |
| 5:23-cv-01161-MEMF-PD | Rogrel Maurice Washington v. Target Corporation et al | filed 06/16/23 | |
| 8:17-cv-00825-AG-JDE | Claudia Estrada v. Meridian Senior Living, LLC, et al | filed 05/08/17 | closed 06/02/17 |
| 8:21-cv-01611-JLS-JDE | Steven Gonzalez v. H&M Hennes & Mauritz L.P. et al | filed 09/30/21 | closed 01/20/22 |
| 8:22-cv-00266-CJC-ADS | Silvia Alfaro v. Banter by Piercing Pagoda et al | filed 02/18/22 | closed 05/23/22 |
| 8:22-cv-00372-CJC-JDE | Irving Carlos Zuniga v. House Foods America Corporation et al | filed 03/09/22 | closed 12/15/22 |
| 8:22-cv-00408-CJC-KES | Paul J. Walker v. Lin R. Rogers Electrical Contractors et al | filed 03/16/22 | closed 09/12/22 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/28/2023 09:51:20 | | |
| **PACER Login:** | emkenned | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Bibiyan |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Exhibit 6

1 | **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
2 | *david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
3 | *jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
4 | *sarah@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
5 | Beverly Hills, California 90211
Telephone: (310) 438-5555
6 | Facsimile: (310) 300-1705

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/20/2023 9:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

7 | Attorneys for Plaintiff, MACKENZIE ANNE THOMA and
8 | on behalf of herself and all others similarly situated

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF LOS ANGELES**

11 |

12 | MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

CASE NO.: 23STCV08761

**CLASS ACTION COMPLAINT FOR:**

14 |

Plaintiff,

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PAY MINIMUM WAGES;

v.

3. FAILURE TO PROVIDE MEAL PERIODS;

VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

6. WAGE STATEMENT VIOLATIONS;

7. FAILURE TO TIMELY PAY WAGES;

Defendants.

8. FAILURE TO INDEMNIFY;

9. VIOLATION OF LABOR CODE § 227.3

10. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $25,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

1    COMES NOW plaintiff MACKENZIE ANNE THOMA, famously known as "KENZIE

2    ANNE" on behalf of herself and all others similarly situated, and alleges as follows:

3                                          **INTRODUCTION**

4    1.        This is a Class Action brought pursuant to Code of Civil Procedure section 382.  It's

5    brought by Plaintiff MACKENZIE ANNE THOMA, known in the adult film industry as "KENZIE

6    ANNE" (hereinafter "Plaintiff" or "Ms. Thoma").  It is brought against VXN GROUP LLC, ("VXN

7    GROUP"), STRIKE 3 HOLDINGS, LLC ("STRIKE 3"), GENERAL MEDIA SYSTEMS, LLC

8    ("GENERAL MEDIA") and VXN GROUP's Executive Director, MIKE MILLER (collectively,

9    "Vixen Media Group").

10   2.        As further set out below, Vixen Media Group runs a powerful, lucrative, and well-

11   known adult film production company which many, if not all, adult film performers perform for at

12   some point in their careers due to its unique role in providing upscale adult film products in the

13   industry.

14   3.        Vixen Media Group requires its performers and models to enter into "performance

15   agreements" in order to perform services on their behalf.  Ms. Thoma had to sign one such

16   agreement.  That agreement requires that she appear nude and semi-nude and perform "multiple,

17   explicit sexual acts" with or without sexual aids.  Vixen Media Group reserves the right to choose

18   the performer(s) and the performer(s) must perform at the direction of Vixen Media Group's

19   director.  The hours include nights, weekends, and holidays, with filming sessions that may take as

20   long as ten hours.  During the term of the agreement, Ms. Thoma must "maintain" her "physical

21   appearance", including Vixen Media Group's "reasonable personal grooming requests".  If she

22   wanted to change her physical appearance, including, for instance, obtaining a tattoo or piercing,

23   she first needed Vixen Media Group's written permission.  Even after the Agreement expired Ms.

24   Thoma was required to provide additional services if Vixen Media Group required them.  She must

25   agree to promote Vixen Media Group's websites and brands on her social media to the best of her

26   abilities, at Vixen Media Group's direction, and under their guidelines and recommendations.

27   4.        Moreover, when Ms. Thoma merely requested her personnel file from Vixen Media

28   Group, Vixen Media Group threatened to sue Ms. Thoma due to purported losses in connection with

1  two medical infections, one of which it alleges were caused by an "unauthorized plastic surgery"

2  (all allegations that Ms. Thoma denies).

3      5.     *Yet despite exercising control over every aspect of Ms. Thoma's body, including with*

4  *whom she has sexual intercourse, whether she may pierce her ear, obtain a cosmetic surgery, or*

5  *even miss time for an infection, Vixen Media Group contends that it lacks sufficient control over*

6  *Ms. Thoma to be her employer and thus decline to provide Ms. Thoma with the pay and benefits*

7  *afforded to California employees.*

8      6.     Thus, Ms. Thoma brings this class action on behalf of herself and all others with

9  deemed to be "independent contractors" of VXN GROUP, STRIKE 3, GENERAL MEDIA, their

10  respective parents, subsidiaries and/or affiliated companies within the State of California ("VIXEN

11  MEDIA GROUP"). The Action is brought against VXN GROUP's Executive Producer, MIKE

12  MILLER ("MILLER"). Herein, VIXEN MEDIA GROUP, MILLER, and DOES 1 through 100, as

13  further defined below, shall be referred to as "Defendants".

<strong>PARTIES</strong>

15      A.     <u>**Plaintiff**</u>

16      7.     Plaintiff Ms. Thoma, a resident of the State of California, is a decorated and well-

17  known adult film actress who performs under the stage name "Kenzie Anne". She has been named

18  "Pet of the Year" by Penthouse magazine and shortly before the filing of this Complaint appeared

19  on the cover of Hustler magazine.

20      8.     Before beginning her acting career, she modeled and participated in photo shoots for

21  various clothing brands and adult magazines, such as Wet Seal, Free People, Carbon38, Playboy

22  Plus, and Eats Channel. In November of 2020, she signed a contract with Defendants, known widely

23  as "Vixen Media Group", with her entry into the adult film industry occurring on or around April

24  30, 2021. Between November 2020 through approximately September of 2022, Ms. Thoma

25  performed in Defendants' movies and modeled at their direction.

26      B.     <u>**Defendants**</u>

27      9.     Plaintiff is informed and believes that defendants VXN GROUP, STRIKE 3, and

28  GENERAL MEDIA are limited liability companies organized and existing under the laws of the

3<br><strong>CLASS ACTION COMPLAINT</strong>

1    State of Delaware and doing business in the County of Los Angeles, State of California.

2        10.        VIXEN MEDIA GROUP is the creator of adult motion pictures and photographs

3    distributed for commercial sale through various distribution outlets and platforms.  It was founded

4    in 2014 by French entrepreneur and director Greg Lansky along with partners Steven Matthyssen

5    and Mike Miller with the goal of creating higher-quality videos that would be considered more

6    "artistic" than the normal realm of adult video content.  While Greg Lansky sold his stake in VIXEN

7    MEDIA GROUP in January of 2020, it still owns and operates at least seven online adult film sites,

8    including Vixen, Tushy, Blacked, Blacked Raw, Tushy Raw, Deeper and Slayed.

9        11.        VIXEN MEDIA GROUP has won many major awards in the adult-film industry,

10    including an XBIZ Award as recently in 2022 for Studio of the Year.

11        12.        Plaintiff is informed and believes and based thereon alleges that defendant MILLER

12    is, and at all times relevant hereto was, an individual residing in California, as well as a founder,

13    principal, and the Executive Producer of VXN GROUP, and DOES 1 through 50, as further defined

14    below.  Plaintiff is further informed and believes and based thereon alleges that MILLER violated,

15    or caused to be violated, the above-referenced and below-referenced Labor Code provisions in

16    violation of Labor Code section 558.1.

17        13.        The true names and capacities, whether individual, corporate, associate, or otherwise,

18    of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

19    who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

20    Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

21    herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

22    Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

23    the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

24    informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

25    to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

26    policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

27    other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

28    include VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER and any of their parent,

1  subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 50
2  identified herein.

3                              **JOINT LIABILITY ALLEGATIONS**

4      14.    Plaintiff is informed and believes and based thereon alleges that all the times
5  mentioned herein, each of the Defendants was the agent, principal, employee, employer,
6  representative, joint venture or co-conspirator of each of the other defendants, either actually or
7  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
8  employment, joint venture, and conspiracy.

9      15.    All of the acts and conduct described herein of each and every corporate defendant
10 was duly authorized, ordered, and directed by the respective and collective defendant corporate
11 employers, and the officers and management-level employees of said corporate employers. In
12 addition thereto, said corporate employers participated in the aforementioned acts and conduct of
13 their said employees, agents, and representatives, and each of them; and upon completion of the
14 aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant
15 corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,
16 acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the
17 aforementioned corporate employees, agents and representatives.

18     16.    Plaintiff is further informed and believes and based thereon alleges that MILLER
19 violated, or caused to be violated, the above-referenced and below-referenced Labor Code
20 provisions in violation of Labor Code section 558.1.

21     17.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a
22 unity of interest and ownership between Defendants, and each of them, that their individuality and
23 separateness have ceased to exist.

24     18.    Plaintiff is informed and believes, and based thereon alleges that despite the
25 formation of the purported corporate existence of VXN GROUP, STRIKE 3, GENERAL MEDIA,
26 and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one
27 and the same with MILLER and DOES 51 through 100 ("Individual Defendants"), and each of them,
28 due to, but not limited to, the following reasons:

A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

CLASS ACTION COMPLAINT

F.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

19.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

20.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

21.  Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles County.

## FACTUAL BACKGROUND

22.  For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

/ / /

23.    For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

24.    For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

25.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

26.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

27.    For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

28.       For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

29.       For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for work-related expenses.

30.       For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

31.       Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 226.8, 227.3, 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, *et al.*, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failure to pay interest on failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

32.       Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

/ / /

/ / /

/ / /

## **CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

34.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

35.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### **A.     Numerosity**

36.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

37.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### **B.     Commonality**

38.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

/ / /

/ / /

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants violate Labor Code section 226.8 by willfully classifying Class Members as independent contractors?

K. Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

L. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

M. Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

N. Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

11

CLASS ACTION COMPLAINT

O.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

P.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

Q.   Are Class Members entitled to costs and attorneys' fees?

R.   Are Class Members entitled to interest?

**C.    Typicality**

39.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

40.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

41.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

42.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

/ / /

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

45.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

46.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

47.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

48.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

/ / /

13

49.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

50.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

52.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

53.      For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

54.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

55.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

56.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

14

57.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

58.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

59.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

60.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

61.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

62.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

63.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

64.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

65.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

66.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

67.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

68.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

69.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

70.       As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

71.       Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

72.       Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

73.       At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

74.       Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

75.       Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

/ / /

/ / /

76.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

77.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

78.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

79.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

80.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

81.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

82.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

83.        Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

84.        Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

85.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

86.        Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

87.        Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

/ / /

**SEVENTH CAUSE OF ACTION**

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

88.    Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

89.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

90.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

91.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

92.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

93.    Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

/ / /

94.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

**EIGHTH CAUSE OF ACTION**

**(Violation of Labor Code § 2802 – Against All Defendants)**

95.     Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

96.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

97.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

98.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: laundering mandatory work uniforms; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

99.     During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

100.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

101.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

21

CLASS ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants

102.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

103.    According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

104.    Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

105.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

106.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

107.    As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## TENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

108.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

109.    Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

110.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

111.    Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

112.    Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

113.    Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.    An order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

23

1194, 1197 and 1199 and 227.3;

D.   Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E.   Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.   Waiting time penalties under Labor Code sections 203 and 558.1;

H.   Penalties to timely pay wages under Labor Code section 210;

I.   Penalties for willfully misclassifying employees as independent contractors under Labor Code   226.8

I.   Damages under Labor Code sections 2802 and 558.1;

J.   Damages under Labor Code section 404;

K.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

L.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

N.   For attorneys' fees in prosecuting this action;

O.   For costs of suit incurred herein; and

P.   For such other and further relief as the Court deems just and proper.

Dated:  April 14, 2023                    BIBIYAN LAW GROUP, P.C.


BY:  _/s/ David D. Bibiyan_
          DAVID D. BIBIYAN
          JEFFREY D. KLEIN
          SARAH H. COHEN
Attorneys for Plaintiff MACKENZIE ANNE
THOMA on behalf of herself and all others similarly
situated