David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
and on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx)<br><br>[*Assigned for all purposes to the Hon. Wesley L. Hsu*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT AND CLASS CLAIMS**<br><br>[Filed Concurrently with Plaintiff's Evidentiary Objections to Declaration of Brad S. Kane]<br><br>**HEARING INFORMATION**<br>DATE:         July 28, 2023<br>TIME:          1:00 p.m.<br>COURTRM:   9B |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARDS ....................................................................................... 2

  A.  Fed. R. Civ. P. 12(b)(6) ................................................................................ 2

  B.  Pleading Standards ....................................................................................... 3

III.   LEGAL ARGUMENT ...................................................................................... 5

  A.  DEFENDANTS FILED THEIR MOTION IN VIOLATION OF THE LOCAL RULES AND IT SHOULD THUS BE SUMMARILY DISMISSED ..... 5

  B.  THE COURT SHOULD DECLINE TO RULE ON THE MERITS OF THIS CASE UNTIL THRESHOLD JURISDICTIONAL ISSUES ARE RESOLVED .. 7

  C.  DEFENDANTS FAIL TO PROVE ON THE MERITS THAT ANY OF PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL ................................. 8

    1.  Plaintiff Alleges Sufficiently Specific Factual Allegations in Support of All Claims Asserted Herein .................................................................................. 8

    2.  Defendants Fail to Allege Any Facts in Support of their Affirmative Defense that Plaintiff and Class Members Are Exempt under the Applicable Wage Order. ...................................................................................................... 9

    3.  None of Plaintiff's Derivative Claims are Properly Subject to Dismissal. . 12

    4.  Plaintiff's Claim for Failure to Timely Pay Wages Is Not Subject to Dismissal for Lack of a Private Right of Action. ............................................... 12

    5.  Plaintiff Adequately Asserts Claims against Defendants Strike 3, GMS, and Miller under Alter Ego and Direct Theories of Liability. ................................. 13

  D.  TO THE EXTENT THE COURT GRANTS DEFENDANTS' MOTION, PLAINTIFF REQUESTS LEAVE TO AMEND ................................................. 14

IV.   CONCLUSION ................................................................................................ 15

# **TABLE OF AUTHORITIES**

## **Rules**

Fed. R. Civ. P. 8(a) ........................................................................................... 2

Fed. R. Civ. P. 8(e) ........................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1, 3, 14

Fed. R. Civ. P. 12(d) ......................................................................................... 4

Fed. R. Civ. P. 15(a) ................................................................................. 5, 14, 15

## **Cases**

*Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784 (C.D. Cal.
    Oct. 13, 2009) ........................................................................................... 6

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911 (C.D. Cal.
    2021) ......................................................................................................... 3

*ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999 (9th Cir. 2014) ................... 2, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 3, 4

*Burke v. Basil*, 2021 WL 5993524 (C.D. Cal. Oct. 20, 2021) ............................. 6

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164
    (1994) ....................................................................................................... 4

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) ............................. 3

*Combs v. Skyriver Commc'ns, Inc.*, 159 Cal.App.4th 1242 (Cal. 2008) ................. 10

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d. 655 (9th Cir. 1992) ...................... 5

*Doe v. U.S. Dep't of Justice*, 753 F.2d 1092 (D.C. Cir. 1985) ............................. 3

*Durham v. Prudential Ins. Co. of Am.*, 236 F.Supp.3d 1140 (C.D. Cal. 2017) .... 4, 10

*Eason v. Roman Catholic Bishop of San Diego*, 414 F.Supp.3d 1276 (S.D. Cal.
    2019) ...................................................................................................... 10, 12

*Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083 (9th Cir. 1998) ...................... 3

*Foman v. Davis,* 371 U.S. 178 (1962)..................................................................5

*Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) ................................5

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) ..................3

*Hansber v. Ulta Beauty Cosmetics, LLC*, 2021 WL 4553649, at *12 (E.D. Cal. Oct. 5, 2021) .............................................................................................13

*Haro v. City of L.A.*, 745 F.3d 1249 (9th Cir. 2014) .......................................10

*Impress Commc'n v. UnumProvident Corp.*, 335 F. Supp. 2d 1053 (C.D. Cal. 2003) ...................................................................................................5

*Levine v. Diamanthuset, Inc.,* 950 F.2d 1478 (9th Cir. 1991).........................4

*Love v. Marriott Hotel Servs., Inc.*, 40 F.4th 1043 (9th Cir. 2022)...............3

*Massey v. Banning Unif. Sch. Dist.*, 256 F.Supp.2d 1090 (C.D. Cal. 2003)...........3, 4

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004)............................4

*Morales v. K. Chocolatier Inc.*, 2022 WL 19829446 (C.D. Cal. Oct. 31, 2022) ........6

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990).............15

*Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971) ..........................................15

*Parker v. Country Oaks Partners, LLC*, 2023 WL 3149330 (C.D. Cal. Mar. 22, 2023) ....................................................................................................14

*Pina v. Lewis*, 717 Fed. App'x 739 (9th Cir. 2018) ..........................................7

*Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785 (Cal. 1999)..................10

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)....................................8

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984) .........................................10

*St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369 (9th Cir. 1981). 15

*Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1998)..........................................8

*Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113 (9th Cir. 2012) ...............6

*U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988)8

*U.S. v. Cotton*, 535 U.S. 625 (2002) ...................................................................8

*Unichappell Music, Inc. v. Modrock Prod., LLC*, 2015 WL 546059 (C.D. Cal. Feb. 10, 2015) ...................................................................................................14

iv

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal.App.4th 55 (1999) ..................... 13

*Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979).............................................. 4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") hereby submits the following opposition to defendants VXN Group LLC ("VXN"); Strike 3 Holdings, LLC ("Strike 3"); General Media Systems, LLC ("GMS"); and Mike Miller ("Miller" and collectively with VXN, Strike 3, and GMS, "Defendants") Motion to Dismiss Complaint and Class Claims (the "Motion").

After first demanding that this action be heard in federal court and not in the California state court where Ms. Thoma originally filed it, Defendants now appear unable to comply with even the most basic of rules in their chosen forum. Indeed, Defendants *admit* that their counsel failed to comply with Local Rule 7-3, requiring that counsel meet and confer seven (7) days prior to filing any motion in this Court. *See* Dkt. #9, p.3. As Defendants unilaterally sought to litigate this action before this Court and not in state court, they cannot now play fast and loose with this Court's rules of procedure. In light of this unequivocal failure and given that Plaintiff intends to challenge the existence of federal jurisdiction over this action, the Court should exercise its discretion to decline to hear the Motion, delay ruling until jurisdictional issues are resolved, or take other remedial steps as necessary.

Nor, looking past the Motion's procedural defects, do Defendants show that any of Plaintiff's claims should be dismissed on their merits. Most notably, Defendants allege that Plaintiff's state-law claims for unpaid overtime, meal period violations, and rest break violations are barred as a matter of law pursuant to an exemption under California law governing "professional actors employed in the motion picture industry[.]" *See* Dkt. #9, pp. 20-22 (citing Cal. Code Regs. tit. 8, § 11120, *hereinafter* "Wage Order 12"). Yet Defendants conspicuously fail to offer *any evidence whatsoever*—much less evidence that would be admissible on the procedural posture of the instant Motion—establishing either (1) that Ms. Thoma was or is a "professional actor," or (2) that she was "employed in the motion picture industry,"

such as would be required to support a finding that Wage Order 12 applies. Indeed, in making this argument, Defendants ignore the *express allegations* of the Complaint stating that Plaintiff performed a variety of tasks for Defendants that do not reasonably fit the category of "professional acting," including modeling. *See* Complaint, ¶ 8. It cannot seriously be disputed that *Defendants* bear the burden of establishing the elements of Wage Order 12's exemption as an affirmative defense—*not* Plaintiff. Moreover, given the procedural posture of the instant Motion, Defendants are required to make any such showing *solely* on the basis of Plaintiff's own pleading and any matter subject to judicial notice. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("*ASARCO*"). Clearly, Defendants have not and cannot do so here, and the Motion thus must be denied on this ground.

None of Defendants' other arguments advanced in support of dismissal of Ms. Thoma's Complaint carry any weight, either. The Complaint alleges adequately specific factual support for each and every one of the causes of action asserted against Defendants, and none of Plaintiff's derivative claims are subject to dismissal on the basis that Plaintiff cannot recover on her claims for direct violations of the California Labor Code. Plaintiff properly asserts her claim for waiting time penalties pursuant to the California Labor Code, and the Complaint further alleges multiple plausible theories of liability for each of the Defendants named in the Complaint. To the extent that the Court is inclined to rule on the merits and grant the Motion as to any of these claims, Plaintiff respectfully contends that she is entitled to amend her Complaint to reallege any of her claims deemed to be defective.

Plaintiff thus humbly requests that the Court deny Defendants' Motion in its entirety. Alternatively, Plaintiff respectfully requests leave to amend.

## II.  **LEGAL STANDARDS**

### A. **Fed. R. Civ. P. 12(b)(6)**

A plaintiff in federal court is required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While

2

the Federal Rules of Civil Procedure ("FRCP") allow a district court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). With this principle in mind, "[t]he Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)[,]" and applies "a powerful presumption against rejecting pleadings for failure to state a claim." *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911, 916 (C.D. Cal. 2021) (quoting *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)). It is thus typically enough to withstand dismissal that a pleading "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

On a motion to dismiss a complaint for failure to state a claim under FRCP 12(b)(6), the court must assume as true all allegations contained in the complaint, "construing the pleadings in the light most favorable to … the nonmoving party." *Love v. Marriott Hotel Servs., Inc.*, 40 F.4th 1043, 1045 (9th Cir. 2022). Indeed, a district court's order of dismissal will be affirmed "only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 12774 (9th Cir. 1993)). "It need not appear that plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Massey v. Banning Unif. Sch. Dist.*, 256 F.Supp.2d 1090, 1092 (C.D. Cal. 2003) (quoting *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985)).

## B. Pleading Standards

The purpose of sufficiently pled claims is "to give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. While factual allegations challenged under FRCP 12(b)(6) must not be speculative, the United States Supreme Court has held that the federal rules do "not requir[e]

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 547; *accord. Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009).

Furthermore, in ruling on a 12(b)(6) motion, a court cannot generally consider material outside of the complaint, such as facts or allegations presented in briefs, affidavits, or discovery materials. *See Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir. 1991), *overruled on other grounds*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994). If matters or factual allegations outside the pleadings are considered, the motion should instead be treated as a motion for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, dismissal is especially disfavored in cases where the complaint sets forth a legal theory "that can best be assessed after factual development." *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004) (internal quotes omitted).

Nevertheless, if the "plaintiffs … have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, *supra*, 550 U.S. at 570. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556. Even a request for an improper remedy for a claim is not grounds for dismissal so long as the court can ascertain from the face of the complaint that *some* relief can be granted. *See Massey*, *supra*, 256 F. Supp. 2d at 1092.

With respect to affirmative defenses, it is the defendant, *not* the plaintiff, asserting the defense that carries the burden of sufficiently pleading, so as to provide plaintiff with "fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). On a motion to dismiss, a defendant must "establish the affirmative defense through either facts that the plaintiff had pleaded or facts that are subject to judicial notice." *Durham v. Prudential Ins. Co. of Am.*, 236 F.Supp.3d 1140,

4

1150 (C.D. Cal. 2017). Thus, for example, a plaintiff is not required to plead *any* facts or allegations rebutting a defendant's proposed affirmative defense to survive a motion to dismiss. *See, e.g.*, *Frame v. City of Arlington*, 657 F.3d 215, 239-40 (5th Cir. 2011) ("[A] plaintiff is not required to allege that his claims were filed within the applicable statute of limitations.")

Lastly, the court must also decide whether to grant the plaintiff leave to amend. *Impress Commc'n v. UnumProvident Corp.*, 335 F. Supp. 2d 1053, 1062 (C.D. Cal. 2003). A court should "freely give" leave to amend when there is no undue delay, bad faith, dilatory motives on the part of the movant, undue prejudice to the opposing party by virtue of the amendment, or futility of the amendment. Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d. 655, 658 (9th Cir. 1992).

## III.  <u>LEGAL ARGUMENT</u>

### A. DEFENDANTS FILED THEIR MOTION IN VIOLATION OF THE LOCAL RULES AND IT SHOULD THUS BE SUMMARILY DISMISSED

Even before reaching the merits, the Court may properly dispose of the pending Motion on the *undisputed* ground that Defendants failed to comply with the Local Rules in filing it. Specifically, Defendants admit that they filed the instant Motion without waiting for the mandatory seven (7) days from the meet-and-confer conference of counsel to elapse. *See* Dkt. #9, p.3. Defendants *alone* are responsible for this blatant violation of the Local Rules. Further, Defendants cannot justify their noncompliance on the ground that they were time-constrained to file the instant Motion, as Defendants specifically sought out this very forum in which to defend against Plaintiff's claims and should not be permitted to pick and choose which of this Court's rules they will and will not follow. Accordingly, the Motion is subject to dismissal or other remedial measures that the Court may deem proper.

/ / /

"Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *Burke v. Basil*, 2021 WL 5993524, at *1 (C.D. Cal. Oct. 20, 2021) (denying motion where moving party failed to attach copies of alleged meet-and-confer correspondence). "In particular, it is within the court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3." *Morales v. K. Chocolatier Inc.*, 2022 WL 19829446, at *2 (C.D. Cal. Oct. 31, 2022). Compliance with the Local Rules is mandatory *regardless* of whatever other filing deadlines a party may be required to satisfy. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *3-4 (C.D. Cal. Oct. 13, 2009) (denying motion to dismiss for defendant's failure to comply with Local Rules meet-and-confer requirement where "Defendant waited until the last possible moment to challenge a complaint of which it was clearly on notice").

Here, Defendants do not even attempt to dispute that they violated the Local Rules in filing the instant Motion, and in particular the Local Rules' requirement that the parties meet and confer regarding the substance of a contemplated motion at least seven days in advance of filing any such motion. *See* Dkt. #9, p.3. Instead, Defendants imply that their violation of the Rules is justified because they simultaneously faced a deadline to file the instant Motion pursuant to FRCP 81. *See ibid*.

Defendants point to no legal authority to support their implicit assertion that the Local Rules are not binding on a party running up against another deadline, as none exists. Nor do Defendants acknowledge that the quandary of competing deadlines that purportedly compelled them to violate the Local Rules was entirely of their own making. Certainly, Plaintiff did not compel Defendants to wait to file their Notice of Removal until less than one week remained to respond to the Complaint. For that matter, it was Defendants themselves who unilaterally chose to proceed in federal court, rather than in the state court where Plaintiff originally filed this action,

and thus Defendants who elected to proceed subject to the quicker pace and shortened timelines of the Central District. Under these circumstances, Defendants' proffered "justification" for their blatant violation of the Local Rules lacks merit.

Worse, Defendants' evidently willful violation of the Local Rules has directly prejudiced Plaintiff's ability to litigate her case. Specifically, Defendants' violation of the Local Rules has effectively ensured that Plaintiff is forced to respond—and the Court to adjudicate—on the merits of Defendants' challenge to Plaintiff's substantive case *before* Plaintiff can raise her intended challenge to the Court's jurisdiction by way of a noticed motion for remand. In other words, by virtue of their blatant violation of the Rules and through no fault of Plaintiff's own, Defendants have potentially precluded any real consideration by this Court of Plaintiff's contemplated motion for remand, as it may be rendered moot by an adverse ruling on the instant Motion.

The Court should not permit Defendants to profit from this blatant corner-cutting and rule-breaking behavior. Indeed, the Court may choose in its sound discretion to dismiss the Motion altogether on this basis. *See Pina v. Lewis*, 717 Fed. App'x 739, 740 (9th Cir. 2018). At a minimum, however, Plaintiff respectfully notes that the Court may choose to delay any ruling on the substance of Defendants' Motion until a resolution has been reached as to Plaintiff's contemplated motion for remand, which she intends to file shortly.

## B. THE COURT SHOULD DECLINE TO RULE ON THE MERITS OF THIS CASE UNTIL THRESHOLD JURISDICTIONAL ISSUES ARE RESOLVED

Regardless of how the Court addresses Defendants' violation of the Local Rules, however, Plaintiff submits that any ruling on the instant Motion would be improper in any event unless and until the issue of the Court's subject-matter jurisdiction over the action is resolved.

For a federal court to act, a finding that federal jurisdiction exists over the action is essential to the exercise of any of its judicial powers. Indeed, "subject-matter

7

jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *U.S. v. Cotton*, 535 U.S. 625, 630 (2002). Even in the absence of a challenge by a party, district courts have an independent duty to evaluate whether subject-matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). If the district court finds that no such federal jurisdiction exists, "the court is not in a position to act and its decisions cannot generally be enforced." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998). Thus, jurisdiction is a threshold issue that *must* be resolved before the court may proceed to consider other issues. *See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988).

Plaintiff intends to lodge a compelling challenge to this Court's jurisdiction shortly in the form of a Motion for Remand. Any ruling on the instant Motion should thus be delayed unless and until such time as it has been shown that jurisdiction exists in this Court.

## C. DEFENDANTS FAIL TO PROVE ON THE MERITS THAT ANY OF PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL

### 1. Plaintiff Alleges Sufficiently Specific Factual Allegations in Support of All Claims Asserted Herein

Defendants' primary substantive challenge to the Complaint's first, second, third, fourth, sixth, eighth, and ninth causes of action (seeking damages for unpaid overtime, unpaid minimum wages, meal period violations, rest break violations, wage statement violations, failure to indemnify, and failure to pay vested vacation time, respectively) is that Plaintiff alleges insufficient factual detail to support a claim for relief under the federal pleading standards. This contention fails to carry weight.

Defendants first appear to contend that Ms. Thoma's Complaint is factually deficient because various other complaints in wholly separate actions filed by her counsel were deemed deficient by other federal district courts. *See* Dkt. #9, p.11; Dkt. #9-1, ¶¶ 4-10. This argument fails first because none of these purported complaints is admissible here, and indeed the Declaration of Brad Kane, counsel for Defendants,

purporting to introduce these documents as exhibits, fails woefully to authenticate or provide any foundation for this purported evidence whatsoever, among other defects. *See generally* Plaintiff's Evidentiary Objections. Nor do Defendants make any real effort to explain precisely how these purported complaints in completely unrelated cases have anything to do with the narrow legal issue here: whether *Plaintiff's* Complaint states a plausible claim for relief on the causes of action alleged. Thus, these documents should be ignored completely.

Defendants argue at length that Plaintiff's factual allegations do not satisfy the pleading standard applied in federal court, apparently oblivious that Plaintiff filed her Complaint *in California state court* and thus it was not drafted with federal pleading standards in mind. Because this action belongs in state court and is not properly before this Court, there is no proper basis to apply federal law to Plaintiff's Complaint. Thus, the Court should decline to grant Defendants' requested dismissal on this ground. However, to the extent that this Court is inclined to apply federal law and find any of Plaintiff's claims defective for a lack of factual support, Plaintiff respectfully requests leave to amend, as set forth more fully below, *see* § V.D.

## 2. Defendants Fail to Allege Any Facts in Support of their Affirmative Defense that Plaintiff and Class Members Are Exempt under the Applicable Wage Order.

Next, Defendants contend that Plaintiff's claims for unpaid overtime, meal period violations, and rest break violations are also barred on the further ground that Plaintiff and Class Members are purportedly subject to an exemption from California's general wage-and-hour protections under the California Wage Order for the "motion picture industry." *See* Dkt. #9, pp. 20-23. This contention flatly fails, however, as Defendants have not identified any basis in Plaintiff's Complaint to show as a matter of law that this affirmative defense applies and bars *any* of Plaintiff's or other Class Members' claims.

Under substantive California state law, exemptions from general wage-and-hour protections pursuant to an applicable wage order "are affirmative defenses, and thus an employer bears the burden of proving that an employee is exempt." *Combs v. Skyriver Commc'ns, Inc.*, 159 Cal.App.4th 1242, 1254 (Cal. 2008) (citing *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785, 794-95 (Cal. 1999)). "Exemptions are narrowly construed against the employer[,]" and "'will not be found except [in contexts] plainly and unmistakably within [the given exemption's] terms and spirit.'" *Eason v. Roman Catholic Bishop of San Diego*, 414 F.Supp.3d 1276, 1280 (S.D. Cal. 2019) (quoting *Haro v. City of L.A.*, 745 F.3d 1249, 1256 (9th Cir. 2014)). Thus, California law is unambiguous on this issue: at *any* point during this litigation, it is *Defendants* (and not Plaintiff or Class Members) who bears the burden to establish that an exemption—including the exemption for "professional actors" under Wage Order 12—applies to a specific employee.

Furthermore, Defendants' challenge on this issue is constricted due to the procedural posture of the Motion. "Ordinarily, affirmative defenses may not be raised by motion to dismiss." *Durham*, *supra*, 236 F.Supp.3d at 1150 (quoting *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *ASARCO*, *supra*, 765 F.3d at 1004. Indeed, dismissal on the basis of an affirmative defense is generally proper "*only* in the relatively unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief[.]" *Ibid*. (internal quotes omitted) (emphasis added).

Here, Defendants have not even *attempted* to make the requisite showing on the basis of Plaintiff's Complaint or evidence subject to judicial notice to establish that Ms. Thoma was a "professional actor" who worked in the "motion picture industry" as required to subject her to Wage Order 12's exemptions. Defendants merely cite to the allegedly applicable exemption in the allegedly applicable Wage

10

Order, and conclude their inquiry there. Indeed, after merely describing Wage Order 12's exemption for "professional actors" in the "motion picture industry," Defendants bizarrely identify *no allegations in Plaintiff's Complaint at all*, simply concluding without any explanation that Plaintiff's overtime, meal period, and rest break claims must be dismissed "based on her exemption in the IWC Wage Order governing her profession and Defendants' industry." Dkt. #9, 22:9-10. This bare assertion is unsupported by any express allegation in Plaintiff's Complaint. Indeed, Defendants' assertion that Plaintiff was a "professional actor" within the meaning of Wage Order 12 is *expressly contradicted by the Complaint's express allegation* that Ms. Thoma performed tasks for Defendants such as modeling that could not reasonably be considered working as a "professional actor." *See* Complaint, ¶ 8.

A mere assertion without any factual support, like Defendants make, that a state-law affirmative defense exists and applies to a state-law claim is simply not enough to establish that Defendants are entitled to an order dismissing any of Plaintiff's claims, particularly at the pleading stage. Defendants' affirmative defense is propped up by little more than a cursory review of caselaw that is not even relevant here, and a conclusory application of that law to what Defendants assume (but do not prove) to be the facts at hand. Defendants produce neither caselaw nor factual allegations from Plaintiff's Complaint to support the conclusion that Plaintiff must, *as a matter of law*, be categorized as a "professional actor" subject to the provisions of Wage Order 12. This is of course not even to mention the various other Class Members, whose work responsibilities may have varied significantly from "acting." Defendants simply have failed to show one way or another whether there is any basis for finding that *any* Class Member is a "professional actor." Nor, for that matter, do Defendants show that they operate in the "motion picture industry," as Wage Order 12 defines it.

Defendants have done nothing more than point to a state-law exemption and to claim that it applies here, despite that there is absolutely *no* factual or legal support

11

for that conclusion. This is insufficient for Defendants to show any entitlement to the demanded dismissal of Plaintiff's claims for unpaid overtime, meal period violations, and rest break violations. *See Eason*, 414 F.Supp.3d at 1280-81 (denying motion to dismiss where defendants produced no evidence and pointed to nothing in the complaint establishing that wage order exemption applied to plaintiff). Accordingly, the Court should reject Defendants' claim that *any* of Plaintiff's claims are subject to dismissal on the basis of Wage Order 12 or any exemption thereunder.

### 3. None of Plaintiff's Derivative Claims are Properly Subject to Dismissal.

Defendants further seek the dismissal of Plaintiff's fifth cause of action for waiting time penalties pursuant to California Labor Code section 203, as well as her claim for unfair competition pursuant to California's Unfair Competition Law, codified at Business & Professions Code section 17200 *et seq.* ("UCL"), based on the premise that these claims are wholly derivative of other claims purportedly subject to dismissal. *See* Dkt. #9, pp. 23, 29.

Because Defendants fail to establish that these predicate claims are properly subject to dismissal, however, there is no basis on which to dismiss the derivative claims. *See*, *e.g.*, *Eason*, *supra*, 414 F.Supp.3d at 1281 (denying motion to dismiss as to derivative claims where defendants failed to establish that predicate claims must be dismissed.)

### 4. Plaintiff's Claim for Failure to Timely Pay Wages Is Not Subject to Dismissal for Lack of a Private Right of Action.

Next, Defendants target Plaintiff's claim for Defendants' failure to timely pay wages during employment on the ground that the California Labor Code purportedly does not furnish a private right of action for Plaintiff to enforce the right. This contention, however, distorts controlling California law and does not establish any grounds for dismissal of the claim.

As Defendants acknowledge, Labor Code section 204 creates substantive rights for California workers regarding the regular and timely payment of wages owed throughout employment, while Labor Code section 210 codifies the availability of civil penalties as the remedy for violations of that right. However, Defendants rely on outdated legal authorities to argue that the remedy provided under section 210 "are not recoverable by individual employees through a private lawsuit." Dkt. #9, 25:13-14. This "statement[] of law rest[s] on a previous iteration of § 210, which dictated that failures to comply with § 204 were subject to civil penalties that were recoverable only by the California Labor Commissioner." *Hansber v. Ulta Beauty Cosmetics, LLC*, 2021 WL 4553649, at *12 (E.D. Cal. Oct. 5, 2021). The "statutory arrangement changed in 2019 when § 210 was amended to allow for employees to recover statutory penalties through[,]" *inter alia*, a "claim for civil penalties." *Ibid*.; *see also Assembly Bill No. 673*, *Legislative Counsel's Digest* (2019) ("This bill would … authorize the affected employee to bring an action to recover specified statutory penalties against the employer….") This plainly evidences a "direct[]" purpose to create a right to sue "in clear, understandable, unmistakable terms." *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal.App.4th 55, 62 (1999). Defendants' cited authority to the contrary precedes this express legislative command and is thus unavailing to Defendants' argument to the contrary.

As a result, Defendants cannot show that there exists no private right of action, and Plaintiff's claim for failure to timely pay wages pursuant to Labor Code sections 204 and 210 cannot be dismissed on that ground.

### 5. Plaintiff Adequately Asserts Claims against Defendants Strike 3, GMS, and Miller under Alter Ego and Direct Theories of Liability.

Finally, Defendants contend that the Court must dismiss Defendants Strike 3, GMS, and Miller from the action on the ground that Plaintiff purportedly "pleads no facts to support including" them as parties. Dkt. #9, 30:3-4. This demand fails.

While it is not entirely clear in their Motion, Defendants appear to suggest that Plaintiff seeks to impose liability on Defendants Strike 3, GMS, and Miller solely on the basis of an alter ego theory. This interpretation, of course, finds no support in the language of the Complaint itself, which in fact states that all of the named Defendants acted together in a variety of capacities, including as joint employers and agents of each other. *See* Complaint, ¶¶ 14-15. Thus, Defendants are simply wrong to suggest that Plaintiff cannot recover against any of the Defendants without prevailing on the alter ego theory of liability.

Moreover, Plaintiff's alter ego allegations are clearly more than sufficient to pass scrutiny at this early stage of litigation. "At the motion to dismiss stage, the pleading requirements for alleging an alter ego theory are 'not strict.'" *Parker v. Country Oaks Partners, LLC*, 2023 WL 3149330, at *3 (C.D. Cal. Mar. 22, 2023) (quoting *Unichappell Music, Inc. v. Modrock Prod., LLC*, 2015 WL 546059, at *4 (C.D. Cal. Feb. 10, 2015)). "Because the most damning evidence of the 'unity of interest and identity' is often in the hands of the corporation and its principals and can be found nowhere else, it is sufficient for a plaintiff to plead only two or three of the factors showing unity of interest or identity to withstand a motion to dismiss." *Ibid*. (cleaned up).

Given this lenient standard, Plaintiff's Complaint unquestionably survives dismissal. Plaintiff's Complaint clearly alleges that the named Defendants derived funding from each other in the course of perpetrating the unlawful conduct at issue, were separated as distinct entities in name only, and shared intermingled business affairs. *See* Complaint, ¶¶ 18(A)-(E). At this early stage, this is all the specificity that can be reasonably expected of Plaintiff. Thus, Defendants' demand that Defendants Strike 3, GMS, and Miller be dismissed as parties to this action clearly fails, and the Motion must be denied.

### D. TO THE EXTENT THE COURT GRANTS DEFENDANTS' MOTION, PLAINTIFF REQUESTS LEAVE TO AMEND

14

A party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A 12(b)(6) motion is not a responsive pleading, and therefore a plaintiff may amend as of right even after such a motion is filed. *See Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971); *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981). Indeed, even where a party has amended his complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, Defendants have not yet filed responsive pleadings in the instant action. As such, should the Court grant Defendants' Motion, which it should not, Plaintiff should be permitted to file an amended complaint, as a matter of course, or with leave of court. Thus, in the event that the Court finds her pleading to be deficient, Plaintiff respectfully requests leave to amend.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety as procedurally improper and premature. Further, the Motion fails to establish on the merits that any of Plaintiff's claims are legally deficient and thus dismissal must be denied as to all claims and all parties. In the alternative, to the extent that the Court is inclined to grant dismissal as to any of her claims, Plaintiff respectfully asks that the Court grant her leave to amend.

Dated:  July 7, 2023                    BIBIYAN LAW GROUP, P.C.

                                        */s/ Sarah H. Cohen*
                                        _____
                                        DAVID D. BIBIYAN
                                        JEFFREY D. KLEIN
                                        SARAH H. COHEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Plaintiff, MACKENZIE ANNE
THOMA, and on behalf of herself and all
others similarly situated

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90021.

On December 23, 2021, I served the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); DECLARATION OF DIEGO AVILES IN SUPPORT THEREOF** on:

Allison O. Chua
*achua@cdflaborlaw.com*
Dan Forman
CDF LABOR LAW LLP
707 Wilshire Boulevard, Suite 5150
Los Angeles, California 90017

**Counsel for Defendant MORGAN TRUCK BODY, LLC and THOMAS JORDAN**

The above document(s) were served on the interested parties in this action as follows:

*All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-reference case number.*

BY ELECTRONIC MAIL:  As follows:  I am readily familiar with our office's practice of electronic mail transmission; on this date the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 23, 2021 at Beverly Hills, California.


/s/ *Diego Aviles*
Diego Aviles
_____

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# <u>CERTIFICATE OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90211.

I certify that on July 7, 2023, I electronically filed the following document(s) described as **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN THEIR MOTION TO DISMISS COMPLAINT AND CLASS CLAIMS,** and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 7, 2023, at Beverly Hills, California.

*/s/ Bryant Gamez*
Bryant Gamez