**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346301)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:23–CV–04901–WLH–AGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT:**<br><br>*[Filed concurrently with Supplemental Declaration of Brad S. Kane]*<br><br>Date:　　　　July 28, 2023<br>Time:　　　　1:00 p.m.<br>Courtroom:　　9B<br><br>Complaint Filed:　April 20, 2023<br>Removed:　　　June 22, 2023 |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  DEFENDANTS' MOTION SHOULD BE GRANTED IN FULL AND WITHOUT LEAVE TO AMEND AS TO CLAIMS 1, 3, 4 AND 6 .......... 2

    A.   Plaintiff is Exempt Under IWC Wage Order 12-001 Governing the Motion Picture Industry as a "Professional Actress. ........................ 2

III. THE COURT SHOULD DISMISS CLAIMS 1, 2, 3, 4, 5, 6, 8, AND 9 FOR FAILURE TO SATISFY RULE 8'S PLEADING STANDARDS. ... 5

    A.   Plaintiff's Seventh Cause of Action for Failure to Timely Pay Wages Should Be Dismissed As Plaintiff Cannot Bring A Private Right Of Action In This Court Without A PAGA Claim. ................................ 8

    B.   Plaintiff's Derivative Claims Should Be Dismissed. ........................ 8

IV.  PLAINTIFF'S FACTUALLY DEVOID JOINT LIABILITY/ALTER EGO ALLEGATIONS AGAINST THE NON-VXN DEFENDANTS SHOULD BE DISMISSED WITH LEAVE TO AMEND. .......................................... 9

V.   THE COURT SHOULD HEAR THIS MOTION AS DEFENDANTS HAVE SUBSTANTIALLY COMPLIED WITH LOCAL RULE 7-3. ....... 11

VI.  CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*
  2009 WL 3346784 (C.D. Cal. Oct. 13, 2009) ................................... 12, 13, 14

*Andrews v. Metro North Commuter R.R. Co.*
  882 F.2d 705, 707 (2nd Cir. 1989) ........................................................... 4

*Angeles v. US Airways*, *Inc.*
  2017 WL 565006, at *1 (N.D. Cal. Feb. 13, 2017) ................................. 2

*ASARCO, LLC v. Union Pac. R. Co.*
  765 F.3d 999, 1004 (9th Cir. 2014) ........................................................ 4

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 570 (2007) ....................................................................... 11

*Cabrera v. S. Valley Almond Co., LLC*
  2021 WL 59679097 (E.D. Cal. Dec. 16, 2021) ....................................... 6

*Cleveland v. Ludwig Institute for Cancer Research Ltd.*
  2022 WL 80265 (S.D. Cal. Jan. 7, 2022) ................................................ 8

*De Walshe v. Togo's Eateries, Inc.*
  567 F.Supp.2d 1198 (C.D. Cal. 2008) ............................................... 12, 14

*Durham v. Prudential Ins. Co. of Am.*
  236 F.Supp.3d 1140 (C.D. Cal. 2017) .................................................... 2

*Elektra Entertainment Group Inc v. Crawford*
  226 F.R.D. 388 (C.D. Cal. 2005) ............................................................ 11

*GemCap Lending, LLC v. Quarles & Brady, LLP*
  269 F.Supp.3d 1007 (C.D. Cal. 2017) .................................................... 5

*Gonzalez v. ProBuild Co., LLC*
  2022 WL 4596579 (C.D. Cal. July 7, 2022) ........................................... 7

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Gordon v. Abbott Vascular Inc.*
    2023 WL 2627739 (C.D. Cal. Jan. 30, 2023)........................................................8

*Hansber v. Ulta Beauty Cosmetics, LLC*
    2021 WL 4553649 (E.D. Cal. Oct. 5, 2021) .......................................................8

*Harris Feeding Co. v. Dep't Of Ind. Relations*
    224 Cal.App.3d 464 (1990)................................................................................5

*Herrera v. Zumiez, Inc.*
    953 F.3d 1063 (9th Cir. 2020).............................................................................2

*Hines v. Constellis Risk Mgmt. Servs.*
    2020 WL 5764400 (C.D. Cal. Sept. 25, 2020)..............................................6, 11

*Parker v. Country Oaks Partners, LLC*
    2023 WL 3149330 (C.D. Cal. Mar. 22, 2023) ...............................................9, 10

*Ritenour v. Carrington Mort. Servs. LLC*
    228 F. Supp. 3d 1025 (C.D. Cal. 2017)...............................................................9

*Salcedo v. Nissan N. Am., Inc.*
    2023 WL 332761 (C.D. Cal. Jan. 18, 2023)........................................................7

*Sams v. Yahoo! Inc.*
    713 F.3d 1175 (9th Cir. 2013).............................................................................2

*Stiching Pensioenfonds ABP v. Countrywide Fin. Corp.*
    802 F.Supp.2d 1125 (C.D. Cal. 2011).................................................................6

*Troester v. Starbucks Corp.*
    5 Cal. 5th 829 (2018)..........................................................................................2

*Walsh v. Nev. Dep't of Human Res.*
    471 F.3d 1033 (9th Cir. 2006).............................................................................7

**Statutes**

Business and Professions Code § 17200 *et seq.* .......................................................8

Indus. Welfare Comm'n Wage Order No. 12-2001 ....................................2, 3, 4, 9

Labor Code § 203 ..................................................................................................8, 9

Labor Code § 204 .....................................................................................................8

**Rules**

FED. R. CIV. P. 8.................................................................................................5, 6, 9

Local Rule 7-3 .............................................................................................12, 13, 14

Local Rule 7-4 ........................................................................................................12

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## I.    **INTRODUCTION**

Plaintiff Mackenzie Anne Thoma ("Plaintiff")'s Opposition demonstrates why Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively Defendants) Motion to Dismiss ("Motion") should be granted. Plaintiff's Opposition makes several arguments that are simply wrong or at best misleading:

> (i)    Plaintiff erroneously asserts that the sufficiency of the pleadings is governed by California law "as this action belongs in state court"; [Dkt. 11:10-11]
>
> (ii)    Plaintiff provides a heading stating that "Plaintiff Alleges Sufficiently Specific Factual Allegations in Support of All Claims Asserted Herein", but then fails to respond directly to Defendants' arguments. [Dkt. 11 at 8:16-9:16]
>
> (iii)    Plaintiff asserts "Defendants conspicuously fail to offer any evidence whatsoever—much less evidence that would be admissible on the procedural posture of the instant Motion—establishing either (1) that Ms. Thoma was or is a 'professional actor,' or (2) that she was 'employed in the motion picture industry'" [Dkt. 11 at 1:25-28] To make that false assertion, Plaintiff ignores that the Complaint itself contains Plaintiff's factual admissions for purposes of this Motion.
>
> (iv)    Plaintiff erroneously asserts that there is a private right of action to bring a California Labor Code § 204 late payment claim in this court (without first asserting a Private Attorney General Act ("PAGA") claim). [Dkt. 11 at 12:21-13:22]

Finally, as evidenced by the weakness of Plaintiff's arguments, Plaintiff did not participate in the meet and confer process in good faith and ultimately forced the parties and the Court to waste substantial resources. Thus, the Court should dismiss Plaintiff's Complaint in its entirety with leave to amend except for Plaintiff's claims for Overtime (Claim 1), Meal Periods (Claim 3), Rest Periods (Claim 4), and Wage Statement Violations (Claim 6).

## II. DEFENDANTS' MOTION SHOULD BE GRANTED IN FULL AND WITHOUT LEAVE TO AMEND AS TO CLAIMS 1, 3, 4 AND 6.

### A. Plaintiff is Exempt Under IWC Wage Order 12-001 Governing the Motion Picture Industry as a "Professional Actress.

As set forth in Defendants' Motion, the Industrial Welfare Commission Wage Order No. 12-2001 ("Wage Order 12") regulating wages, hours and working conditions in the Motion Picture Industry precludes Plaintiff's claims for Overtime (Claim 1), Meal Periods (Claim 3), Rest Periods (Claim 4), and Wage Statement Violations (Claim 6). [Dkt. 9 at 10:7–12:13, 14:1–23]. "California's 'wage orders are to be accorded the same dignity as statutes.'" *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1070 (9th Cir. 2020). "[S]o to the extent they overlap with a provision in the Labor Code, courts must 'seek to harmonize' the two. Both legal regimes regulate wages, hours, and working conditions. And both exempt certain classes of employees from those regulations." *Angeles v. US Airways, Inc.*, No. C 12-05860 CRB, 2017 WL 565006, at *1 (N.D. Cal. Feb. 13, 2017) (internal citations omitted).

In response, Plaintiff makes three incorrect assertions. First, Plaintiff' incorrectly argues that an affirmative defense is an improper basis for the Motion. [Dkt. 11 at 10:14–23]; *but see Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense."); *see also Durham v. Prudential Ins. Co. of Am.*, 236 F.Supp.3d 1140, 1150 (C.D. Cal. 2017) (an affirmative defense may be established in the context of a motion to dismiss "through either facts that the plaintiff has pleaded or facts that are subject to judicial notice.").

Second, Plaintiff incorrectly asserts that "Defendants have not even attempted to make the requisite showing on the basis of Plaintiff's Complaint . . . to establish that Ms. Thoma was a "professional actor" who worked in the "motion

picture industry" as required to subject her to Wage Order 12's exemptions." [Dkt. at 10: 24–27].

Here, Plaintiff's Complaint admits all the facts necessary to establish application of Wage Order 12, which governs the Motion Picture Industry. It defines "motion picture industry" as:

> any industry, business, or establishment operated for the purpose of motion picture or television film production, or primarily allied with theatrical or television, motion picture productions, including but not limited to motion pictures for entertainment, commercial, religious, or educational purposes, whether made by film, tape, or otherwise.

*Id*. at ¶ 2(K); *see also* Cal. Code Regs. tit. 8, § 11120(2)(K).

The Wage Order applies to professional actors employed in the motion picture industry:

> This order shall apply to all persons employed in the motion picture industry, including extra players, teachers, and welfare workers, whether paid on a time, piece rate, commission, or other basis, except that:
>
> . . .
>
> (C) Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors."

*Id*. at ¶ 1(C); *see also* Cal. Code Regs. tit. 8, § 11120(1)(C).

Here, Defendants' alleged adult film business meets the definition of Motion Picture Industry, since Plaintiff alleges in her Complaint that:

(i)  Vixen Media Group runs a powerful, lucrative, and well-known adult film production company which many, if not all, adult film performers perform for at some point in their

3
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

careers due to its unique role in providing upscale adult film products in the industry. [Complaint at ¶ 2];

(ii) Vixen Media Group requires its performers and models to enter into "performance agreements" . . . that she appear nude and semi-nude and perform "multiple, explicit sexual acts" with or without sexual aids. [Complaint at ¶ 3];

(iii) Plaintiff Ms. Thoma, a resident of the State of California, is a decorated and well-known adult film actress who performs under the stage name "Kenzie Anne". [Complaint at ¶ 7]; and

(iv) In November of 2020, she signed a contract with Defendants, known widely as "Vixen Media Group", with her entry into the adult film industry occurring on or around April 30, 2021. Between November 2020 through approximately September of 2022, Ms. Thoma performed in Defendants' movies and modeled at their direction. [Complaint at ¶ 8].

Equally important, Plaintiff's pleadings are *factual admissions*. *Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989); *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Third, Plaintiff incorrectly argues that "Ms. Thoma performed tasks for Defendants such as modeling that could not reasonably be considered working as a 'professional actor.' *See* Complaint, ¶ 8." [Dkt. 11 at 11:7–11] However, the Wage Orders governing an *industry*, like Wage Order 12, apply to all employees in the industry regardless of the type of work that they perform:

> The IWC has determined that "industry" orders apply vertically to every classification of employee within the industry *regardless of the type of work he or she does*. Employees not working in an industry covered by an

4
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

industry order may be covered by an "occupational" order.

*Harris Feeding Co. v. Dep't Of Ind. Relations*, 224 Cal.App.3d 464, 470-471 (1990) (emphasis added). Thus, this Court should dismiss without leave to amend Plaintiff's claims for Overtime (Claim 1), Meal Periods (Claim 3), Rest Periods (Claim 4), and Wage Statement Violations (Claim 6) based on her exemption in the IWC Wage Order governing her profession and Defendants' industry. *See e.g. Angeles*, 2013 WL 622032, at *4.[1]

### III.  THE COURT SHOULD DISMISS CLAIMS 1, 2, 3, 4, 5, 6, 8, AND 9 FOR FAILURE TO SATISFY RULE 8'S PLEADING STANDARDS.

Without any factual or claim-specific analysis, Plaintiff conclusorily asserts that she has alleged sufficient factual allegations to support all her claims. [Dkt. 11 at 8:14–23].[2] However, Plaintiff fails to seriously address Defendants' analysis. In fact, Plaintiff implicitly agrees with Defendants that the Complaint, as a whole, fails to meet Rule 8 pleading standards by stating that the Complaint "was not drafted with federal pleading standards in mind[.]" [Dkt. 11 at 9:10–11]. *Stiching Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D.

---

[1] As the Motion is based on the admissions contained in Plaintiff's complaint, Defendants reserve the right to argue Plaintiff was not an employee.

[2] Plaintiff also protests Defendants including other Bibiyan Law Firm ("BLF") Complaints in its Motion because those BLF complaints are (i) unrelated; (ii) inadmissible; and (iii) unauthenticated. [Dkt. 11 at 8:24–9:7]. However, if Plaintiff's Complaint is boilerplate, as Defendants contend, then the BLF Complaints are relevant to determining the plausibility of Plaintiff's claims. Moreover, if the declaration of Defendant's counsel is not sufficient to authenticate the shockingly similar BLF Complaints attached in his declaration, then the Court may take judicial notice of them. *See GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1019 (C.D. Cal. 2017).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Cal. 2011) (holding that where the plaintiff "seemed to agree" with the defendants on an issue raised in their motion to dismiss, the plaintiff waived the issue).

Specifically:

(i) Plaintiff fails to address the Motion's argument that the first claim for failure to pay overtime "does no more than recite statutory language and thus fails to state an overtime claim." *Cabrera v. S. Valley Almond Co., LLC*, No. 121CV00748AWIJLT, 2021 WL 59679097, at *3 (E.D. Cal. Dec. 16, 2021); *see also* [Dkt. 9 at 9:1–18].

(ii) Plaintiff fails to address the Motion's argument that the second cause of action for failure to pay minimum wages is "overly general and therefore precludes the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one work week." *Hines v. Constellis Risk Mgmt. Servs.*, No. CV 20-6782 PA (PLAX), 2020 WL 5764400, at *4 (C.D. Cal. Sept. 25, 2020); *see also* [Dkt. 9 at 12:14–13:2].

(iii) Plaintiff fails to address the Motion's argument that the third and fourth claims for failure to provide meal and rest breaks do no more than "parrot[] statutes and regulations without setting forth facts – and thus are also insufficient to state a claim." *Cabrera*, 2021 WL 59679097, at *4; *see also* [Dkt. 9 at 9:19–10:6].

(iv) Plaintiff fails to address the Motion's argument that the fifth cause of action for waiting time penalties fails because it is derivative and dependent on Plaintiff's conclusory overtime claim, which fails to satisfy Rule 8 pleading standards. [Dkt. 9 at 13:3–25].

(v) Plaintiff fails to address the Motion's argument that the sixth cause of action for wage statement violations "fails to allege a single factual exemplar of any inaccurate wage statement", "are too conclusory to put Defendants on notice of any wrongdoing, and fail to state a claim as a matter of law." *Hines*, 2020 WL 5764400, at *6; *see also* [Dkt. 9 at 14:8–23].

(vi) Plaintiff fails to address the Motion's argument that the eighth cause of action for failure to indemnify should be dismissed because it fails to allege a single instance in which Plaintiff incurred a necessary expense that Defendants willfully refused to reimburse, which are required elements of the claim. *See Gonzalez v. ProBuild Co., LLC*, 2022 WL 4596579, at *4 (C.D. Cal. July 7, 2022); *see also* [Dkt. 9 at 15:20–17:8].

(vii) Plaintiff fails to address the Motion's argument that the ninth cause of action for violation of Labor Code § 227.3 should be dismissed because it fails to plead the existence and the terms of a policy entitling Plaintiff to allegedly accrued vacation time, and fails to allege facts demonstrating any contractual terms entitling her to wages for accrued vacation time. [Dkt. 9 at 17:9–18:26].

Beyond Plaintiff's conclusory assertion found only in a paragraph heading that Plaintiff's factual allegations are sufficiently plead, [Dkt. 11 at 8:16–17], Plaintiff does not attempt to rebut why the first, second, third, fourth, fifth, sixth, eighth, and ninth causes of action are devoid of factual support. Thus, Plaintiff has effectively conceded each of these claims. *See Salcedo v. Nissan N. Am., Inc.*, No. CV 22-4152-GW-MARX, 2023 WL 332761, at *8 (C.D. Cal. Jan. 18, 2023) ("The failure to substantively oppose a motion to dismiss can be construed as a waiver or abandonment of those issues warranting dismissal of those claims.") (internal quotation omitted); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that where the plaintiff's opposition to a motion to dismiss in the district court "failed to address any of the arguments presented" in the defendant's motion to dismiss, "the district court had no reason to consider the contention" that the claim in question "could not be dismissed," and the plaintiff "effectively abandoned the claim", thereby also forfeiting the right to raise it on appeal). Thus, the Court grant the Motion to Dismiss as to Claims 1, 2, 3, 4, 5, 6, 8, and 9.

### A. Plaintiff's Seventh Cause of Action for Failure to Timely Pay Wages Should Be Dismissed As Plaintiff Cannot Bring A Private Right Of Action In This Court Without A PAGA Claim.

Plaintiff can only bring a Labor Code § 204 claim: (i) in an administrative proceeding before the California Labor Commissioner; or (ii) in this Court as part of a PAGA action. *Hansber v. Ulta Beauty Cosmetics, LLC*, 2021 WL 4553649 at *12 (E.D. Cal. Oct. 5, 2021). Nevertheless, Plaintiff incorrectly argues that due to statutory changes and subsequent caselaw, employees may pursue claims under § 204 in civil court as a private right of action generally citing *Hansber*. [Dkt. 11 at 13:1–22].

While the *Hansber* court recognized that § 204 violations may be privately enforced, "§ 210(b) dictates that employees can recover these statutory penalties only by seeking administrative relief under § 98." *Id.* at *12. Accordingly, the *Hansber* court dismissed the plaintiff's § 204 claim because it was "not properly before the Court." *Id. See also Cleveland v. Ludwig Institute for Cancer Research Ltd.*, No. 21CV871 JM (JLB), 2022 WL 80265, at *8–9 (S.D. Cal. Jan. 7, 2022) (dismissing plaintiff's § 204 claim in the absence of "a PAGA enforcement action, which – outside of seeking administrative relief – is their sole method of seeking penalties under § 210); *Gordon v. Abbott Vascular Inc.,* No. 522CV01438MCSSHK, 2023 WL 2627739, at *5 (C.D. Cal. Jan. 30, 2023) (same).

Here, Plaintiff has no private right of action in court under § 204 absent a PAGA action, which is not pled. Thus, Plaintiff's timely wages claim must be dismissed.

### B. Plaintiff's Derivative Claims Should Be Dismissed.

Plaintiff incorrectly argues that her fifth and tenth causes of action for Labor Code § 203 waiting time penalties and unfair competition under Business and Professions Code § 17200 *et seq.* ("UCL") may not be dismissed because "there is

no basis on which to dismiss the derivate claims." [Dkt. 11 at 12:8–20]. Plaintiff's assertions are incorrect for three reasons.

First, Plaintiff's § 203 claim (Claim 5) is predicated on unpaid overtime, which Plaintiff is not entitled to as a matter of law under Wage Order No. 12. Thus, the Court should dismiss Claim 5.

Second, Plaintiff's counsel has acknowledged that despite an incredibly high number of their complaints filed in state court being removed to federal court,[3] Plaintiff has not complied with FRCP 8 pleadings standards. [Dkt. 11 at 9–13]. Similarly, Plaintiff fails to address Defendant's argument that each of the claims predicate to her UCL claim (the first, second, third, fourth, eighth, and ninth causes of action) are devoid of factual sufficiency.

Third, Plaintiff fails to refute that the remedies for Plaintiff's sixth and seventh causes of action are *penalties* that cannot support a claim for restitution under the UCL. [Dkt. 9 at 19:17–28]. Since Plaintiff's claims under § 203 and the UCL are wholly derivative of claims ripe for dismissal, the Court should dismiss the derivative claims as well. *Ritenour v. Carrington Mort. Servs. LLC*, 228 F. Supp. 3d 1025, 1034 (C.D. Cal. 2017).

## IV.    PLAINTIFF'S FACTUALLY DEVOID JOINT LIABILITY/ALTER EGO ALLEGATIONS AGAINST THE NON-VXN DEFENDANTS SHOULD BE DISMISSED WITH LEAVE TO AMEND.

Plaintiff's "Joint Liability Allegations" *do not contain a single fact* related to any of the named Defendants. [Complaint at ¶¶ 14–19]. Plaintiff cites to *Parker v. Country Oaks Partners, LLC*, 2023 WL 3149330, at *3 (C.D. Cal. Mar. 22, 2023) for the non-controversial propositions that: (i) pleading standards for alter ego

---

[3] Of the 50 example complaints the Bibiyan Law Firm ("BLF") filed, [*See* Dkt. 9-1, **Exhibit 5**], 49 of BLF's complaints were removed from state to federal court. (In one of those cases, BLF defended the Defendant.)

liability are "not strict"; and (ii) alter ego allegations are not as susceptible to a motion to dismiss because the evidence to prove alter ego liability is typically in the hands of the defendants. [Dkt. 11 at 14:9–18] Unfortunately, Plaintiff omits *Parker's* key language:

> Conclusory allegations of 'alter ego' status are insufficient to state a viable claim. Rather, a plaintiff must allege specific facts supporting both of the elements of alter ego liability.

2023 WL 3149330, at *3.

Moreover, even the *Parker* plaintiff was required to allege *specific facts* supporting at least "'two or three' of the factors showing unity of interest or identity[.]" *Id.* Unlike Plaintiff's Complaint, the *Parker* complaint actually alleged *specific facts* meeting two or three of the factors:

> First, Plaintiff alleges that Sun Mar commingles funds and diverts corporate funds for non-corporate uses. (Compl. ¶ 13.) She alleges that Country Oaks pays Sun Mar large sums (in 2020, $680,600) for services they provide worth far less "for the sole purpose of unjustly enriching the owners of MANAGEMENT DEFENDANTS." (Id. ¶ 11.) Second, Plaintiff alleges that Country Oaks and Sun Mar share officers and the same business location. (Id. ¶¶ 3–4, 11, 13, 14.) Third, Plaintiff alleges that Sun Mar uses Country Oaks as a "mere instrumentality" for a single venture. (Id. ¶¶ 13, 63.) Plaintiff's alter ego allegations are sufficient at the pleading stage.

Sadly, Plaintiff's counsel has long been aware of the requirements for joint liability pleadings. For example, in 2020, United States District Judge Percy Anderson dismissed nearly identical factually devoid joint employer allegations by Plaintiff's counsel, holding:

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

> "While plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, plaintiff must at least allege some facts in support of this legal conclusion." *Id.* Plaintiff has failed to do so. The Court therefore dismisses the joint employer allegations with leave to amend.

*Hines*, 2020 WL 576440 at *7.

Similarly, Judge Percy also rejected boilerplate allegations that the individual defendant was liable under Labor Code § 558.1 holding:

> The Court finds that the Complaint fails to show that Chandless exercised substantial independent authority and judgment in Defendants' corporate decisionmaking such that he operated as a "managing agent."

*Id.*

Here, Plaintiff manages to allege even less than the plaintiff in *Hines* against Defendant Miller: "MILLER violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1." [Complaint at ¶ 16]. As a result, Plaintiff's joint liability allegations cannot survive the Motion without at least some specific factual allegations after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the Court should grant the Motion and dismiss the joint employer allegations, [Cplt at ¶¶ 14–19], with leave to amend.

## V.   THE COURT SHOULD HEAR THIS MOTION AS DEFENDANTS HAVE SUBSTANTIALLY COMPLIED WITH LOCAL RULE 7-3.

As an initial matter, "[w]henever it is reasonably possible, cases should be decided on their merits." *Elektra Entertainment Group Inc v. Crawford*, 226 F.R.D.

11
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

388, 393 (C.D. Cal. 2005). Moreover, under Local Rule 7-4, this Court has discretion whether to hear Defendants' motion even though parties' Local Rule 7-3 meet and confer conference did not occur seven days before filing the Motion. *See also De Walshe v. Togo's Eateries, Inc.*, 567 F.Supp.2d 1198, 1201 n.1 (C.D. Cal. 2008) (exercising discretion to evaluate summary judgment motion on merits where lack of compliance with Local Rule 7-3 did not prejudice plaintiff).

The point of Local Rule 7-3's meet and confer requirement is that the parties have a *meaningful* meet and confer process to "[spare] the Court's valuable time," and avoid frivolous arguments. *See Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009). Here, Defendants' counsel met and conferred via video conference with Plaintiff's counsel for over an hour as well as provided multiple written excerpts of the brief to Plaintiffs' counsel. [*See* Declaration of Brad S. Kane ("BSK") in support of Motion, Dkt. 9-1, ¶ 4; *see also* Suppl. Decl. of BSK in support of Motion, **Ex. 7**] Plaintiff's counsel refused to acknowledge: (i) the merits of any of Defendants' arguments; or (ii) Defendants' offer to stipulate to amending the Complaint, as a PAGA amendment is anticipated. [Supp. Decl. of Brad S. Kane in support of Motion, ¶ 2] Thus, Defendants' have at least substantially complied with the Local Rules.

Equally important, Defendants' inability to strictly adhere to Local Rule 7-3's 7-day timeline was compelled by their counsel's personal illness and caregiver obligations for his 92-year-old father.[4] To avoid the merits of this Motion, Plaintiff's counsel asserts rather a strained claim of "prejudice":

---

[4] Plaintiff asserts "Defendants cannot justify their noncompliance on the ground they were *time-constrained*." [Dkt. 11 at 5:23–24] (emphasis added). As explained to Plaintiff's counsel orally and in writing, Brad S. Kane was ill while

> Defendants' violation of the Local Rules has effectively ensured that Plaintiff is forced to respond—and the Court to adjudicate—on the merits of Defendants' challenge to Plaintiff's substantive case before Plaintiff can raise her intended challenge to the Court's jurisdiction by way of a noticed motion for remand.

[Dkt. 11 at 7:5–9].

Plaintiff fails to explain how Defendants' two-day delay after removing this case to federal court to try and arrange a time to meet and confer regarding the present Motion has somehow precluded or substantially delayed Plaintiff's intended Remand Motion. To the contrary, Plaintiff's counsel rarely, if ever, files a Motion far ahead of the expiration of the 30-day deadline in each removed case.

Further, Plaintiff's pretextual claim of prejudice is underscored by Plaintiff taking three days to respond to Defendants' email request to arrange a meet and confer on this Motion. [Supp. Decl. of BSK, **Ex. 7**]. Similarly, despite the passage of seven days since Plaintiff filed her Opposition, Plaintiff still has not filed her Remand Motion. Finally, even more illogical, Plaintiff asserts that the Court is now forced to decide this Motion before Plaintiff's still unfiled Remand Motion [Dkt. 11 at 7:4–12].

In sum, Defendant has done nothing to delay Plaintiff's filing her Remand Motion or delay consideration of it. Yet, Plaintiff cites *Alcatel* for the proposition that failure to strictly comply with Local Rule 7-3's 7-day deadline is grounds for denying Defendants' Motion. [Dkt. 11 at 6: 10–14]. However, the *Alcatel* court

---

simultaneously being the primary caregiver for his 92-year-old father. [Dkt. 9-1 at ⁋ 3] Further, since moving into Mr. Kane's back house in March 2023, Mr. Kane's father has been hospitalized twice for more than one week. To pejoratively refer to such health issues as "time-constrained" demonstrates a lack of basic compassion and concern for others. If the Court wishes further confirmation, Mr. Kane is more than willing to provide his father's medical records under seal for the Court's consideration.

actually denied the Defendants' motion to dismiss on substantive grounds prior to explaining why Local Rule 7-3 provides independent reasons to deny the frivolous motion at issue in that case. 2009 WL 3346784, at *4. Thus, the Court should decide this Motion on the merits. *De Walshe*, 567 F.Supp.2d at 1201 n.1 (C.D. Cal. 2008) (exercising discretion to evaluate summary judgment motion on merits where lack of compliance with Local Rule 7-3 did not prejudice plaintiff).

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint in its entirety with leave to amend except for Plaintiff's claims for Overtime (Claim 1), Meal Periods (Claim 3), Rest Periods (Claim 4), and Wage Statement Violations (Claim 6), which should be dismissed without leave to amend.

Dated: July 14, 2023

Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Eric Clopper
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,998 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: July 14, 2023          By:    */s/ Brad S. Kane*
                                     Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on July 14, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 14, 2023          By:    */s/ Brad S. Kane*
                                     Brad Kane

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT