**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**SUPPLEMENTAL DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:        July 28, 2023<br>Time:        1:00 pm or later<br>Courtroom:   9B<br><br>[*Filed concurrently with Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss*]<br><br>Complaint Filed:  April 20, 2023<br>Removed:          June 22, 2023 |

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, Brad S. Kane, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California since 1990, the State of Alaska since 1991 and Washington State since 2003. I am the owner of the Kane Law Firm ("KLF"), and counsel for Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller") (collectively, "Defendants"). I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge.

2. During my meet and confer conference with Plaintiff's counsel Sarah Cohen on, I provided Ms. Cohen with excerpts of the arguments from Defendants' pending Motion to Dismiss, which I attach to this supplemental declaration. Ms. Cohen informed me she would review Defendants' arguments and get back to me. However, Ms. Cohen never responded to Defendants' arguments or accepted Defendants' offer to stipulate to additional time to amend her Complaint prior to Defendants' filing this Motion.

3. Attached as **Exhibit 7** (to continue the exhibit numbering from my first declaration in support of the pending Motion to Dismiss) is a true and correct copy of my and my associate Eric Clopper's email correspondence with Plaintiff's counsel Sarah Cohen between June 21, 2023 and June 27, 2023, including the excerpts Defendants sent Plaintiff of their pending Motion to Dismiss during their June 27, 2023 meet and confer conference.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 14, 2023 at Los Angeles, California.

                                                    _/s/ Brad S. Kane_
                                                    Brad S. Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Exhibit 7**

**Eric Clopper**

| | |
|---|---|
| **From:** | Eric Clopper |
| **Sent:** | Tuesday, June 27, 2023 2:39 PM |
| **To:** | Sarah Cohen |
| **Cc:** | david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude; Nadia Rodriguez; Brad Kane; Emanuel Munguia; mackenzieannethomaz11014082@projects.filevine.com |
| **Subject:** | RE: Thoma v. VXN et al. - Notice of Removal to State Court |

1.  Because Plaintiff's UCL Claim is Derivative of Plaintiff's Unsuccessful First, Second, Third, Fourth, and Eighth Causes of Action, it Should be Dismissed

A cause of action based on the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") borrows other violations of law and treats such violations as independently actionable. *Suarez v. Bank of America Corp.*, 2018 WL 3659302, at *16 (N.D. Cal. Aug. 2, 2018). Where a plaintiff cannot state a claim under the "borrowed" law, the plaintiff's derivative UCL claim fails, as well. *Id*. To the extent claims are derivative of dismissed claims, the derivative claims must also be dismissed. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (granting summary judgment in favor of defendant on derivative wage statement and unfair competition claims after judgment granted on substantive claims); *Ritenour v. Carrington Mort. Servs. LLC*, 228 F. Supp. 3d 1025, at 1034 (C.D. Cal. 2017) ("Finally, the tenth cause of action for unfair competition is simply based on the aforementioned nine claims and is therefore similarly unsupported."). As discussed above in Argument sections A, B, and F, Plaintiff's First, Second, Third, and Eighth Causes of action allege nothing more than formulaic recitation of statutory language and fail to meet Rule 8 pleading standards. Accordingly, to the extent Plaintiff's tenth cause of action is predicated on these causes of action, it should be dismissed as well. *Id.*

2.  A Violation of Labor Code Section 204 Cannot Support a UCL Claim

Under the UCL, prevailing plaintiffs are limited to injunctive relief and restitution. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999). However, the remedies available for violation of Labor Code § 204 are outlined in § 210 as *penalties*. Accordingly, civil penalties recoverable under § 204 cannot support a claim for restitution under the UCL. *Byrd v. Masonite Corporation*, 215 F.Supp.3d 859, 864 (C.D. Cal. 2016) ("These penalties are not restitutionary…. Because the civil penalties recoverable pursuant to sections 204 and 1174(d) are not restitutionary, they are not recoverable under the UCL."); *Davidson v. O'Reilly Auto Enterprises, LLC*, 2017 WL 8288042, at *5 (C.D. Cal. 2017) ("[A] section 204 violation cannot ground a UCL claim[.]"). Accordingly, to the extent Plaintiff bases her UCL claim on her seventh cause of action for violation of Labor Code § 204, the UCL claim should be dismissed.

Eric Clopper
Associate
Kane Law Firm

1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
Cell: 617-957-2363
Fax: 323-571-3579
eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Brad Kane <bkane@kanelaw.la>
**Sent:** Tuesday, June 27, 2023 2:25 PM
**To:** Sarah Cohen <sarah@tomorrowlaw.com>; Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** RE: Thoma v. VXN et al. - Notice of Removal to State Court

1.      <u>There Is No Private Right of Action for Penalties Under Labor Code Section 210 for Violation of Labor Code Section 204</u>

Labor Code § 204 sets forth the requirements regarding the timing of wage payments to employees. In turn, Labor Code § 210 specifically deals with penalties that can be assessed for violation of Section 204.

Section 210 states that an employer who violates Section 204 shall be subject to a civil penalty. Importantly, Section 210 does not grant a private right of action to individuals. Instead, it is intended to be enforced by the Labor Commissioner as part of its administrative enforcement procedures. Cal. Labor Code §§ 210, 98.

Courts have consistently held that there is no private right of action under Labor Code § 210. Instead, penalties under Section 210 are collected by the Labor Commissioner and are not recoverable by individual employees through a private lawsuit. *Mitchell v. Corelogic, Inc.*, 2018 WL 6118444, at *14 (C.D. Cal. 2018) (dismissing a plaintiff's § 204 claim because "claims for failure to timely pay under Labor Code § 204 cannot be asserted as a private right of action[.]"); *Andrade v. Arby's Restaurant Group, Inc.*, 225 F.Supp.3d 1115, 1134 (N.D. Cal. 2016) ("There exists no private right of action for violations of § 210[.]").

2.      <u>Violation of Labor Code Section 204 Cannot Support a UCL Claim</u>

Under the UCL, prevailing plaintiffs are limited to injunctive relief and restitution. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999). However, the remedies available for violation of Labor Code § 204 are outlined in § 210 as *penalties*. Accordingly, civil penalties recoverable under § 204 cannot support a claim for restitution under the UCL. *Byrd v. Masonite Corporation*, 215 F.Supp.3d 859, 864 (C.D. Cal. 2016) ("These penalties are not restitutionary…. Because the civil penalties recoverable pursuant to sections

2

204 and 1174(d) are not restitutionary, they are not recoverable under the UCL."); *Davidson v. O'Reilly Auto Enterprises, LLC*, 2017 WL 8288042, at *5 (C.D. Cal. 2017) ("[A] section 204 violation cannot ground a UCL claim[.]").

In light of the foregoing, Plaintiff's seventh cause of action fails as a matter of law and should be dismissed with prejudice, as amendment would be futile.

### B. Plaintiff's Eighth Cause of Action For Failure to Indemnify Should Be Dismissed

California state law requires employers to reimburse business expenses incurred by employees as a direct consequence of employment. Cal. Lab. Code § 2802(a). "To state a claim under Section 2802, a Plaintiff must explain: how or when an employer failed to reimburse; the specific nature of the business expense at issue; whether the employer knew such expenses were incurred; and whether the employer willfully refused to reimburse such expenses. Plaintiff must also provide a single instance when such cost was actually incurred and not reimbursed." *Gonzalez v. ProBuild Co., LLC*, 2022 WL 4596579, at *4 (C.D. Cal. July 7, 2022) (quoting *Krauss v. Wal-Mart, Inc.*, 2019 WL 6170770, at *5 (E.D. Cal. Nov. 20, 2019)).


Brad S. Kane
Kane Law Firm
1154 S. Crescent Hts. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto,is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Brad Kane
**Sent:** Tuesday, June 27, 2023 2:14 PM
**To:** Sarah Cohen <sarah@tomorrowlaw.com>; Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** RE: Thoma v. VXN et al. - Notice of Removal to State Court

The Wage Order applies to professional actors employed in the motion picture industry.  "This order shall apply to all persons employed in the motion picture industry, including extra players, teachers, and welfare workers, whether paid on a time, piece rate, commission, or

other basis, except that: (C) Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors." Cal. Code Regs. tit. 8, § 11120.  The Wage Order section governing overtime is in Section 3, with Section 11 governing meal periods and Section 12 governing rest periods.  *Id*. at ¶3; ¶11; ¶ 12.  Specifically, the Wage Order exempts professional actors from overtime, meal periods, and rest periods.  *Id*.  The only non-exemption that the Wage Order applies to professional actors is minimum wage.  *Id*. at ¶ 4.  *See also* California Department of Industrial Relations "Exemptions from Overtime Laws" website available at:  https://www.dir.ca.gov/dlse/faq_overtimeexemptions.htm.

The Complaint states that "Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members." (Compl. at ¶ 53). "Essentially, Plaintiff has alleged that Defendants did not pay him all of the wages due to him without providing details as to one specific workweek when this occurred. Plaintiff's allegations are overly general and therefore preclude the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek." *Hines*, 2020 WL 5764400, at *4 (internal quotation marks omitted). "Plaintiff's generalized allegations, devoid of any factual detail, are insufficient to state a plausible claim." *Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, at * 4 (C.D. Cal. Jan. 20, 2017). Accordingly, Plaintiff's Second Cause of Action for failure to pay minimum wages should be dismissed.

California Labor code § 203 mandates that an employer who willfully fails to pay any wages of a discharged employee upon termination, the wages of the employee shall continue as a penalty "from the due date thereof at the same rate until an action therefor is commenced; but the wages shall not continue for more than 30 days." "A waiting time claim is derivative of and dependent on a failure to pay wages owed under another section of the Labor Code. *Moore v. Int'l Cosmetics & Perfume*, 2016 WL 7638182, at *3 (C.D. Cal. Aug. 23, 2016).

Brad S. Kane
Kane Law Firm
1154 S. Crescent Hts. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto,is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Tuesday, June 27, 2023 2:01 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** Brad Kane <bkane@kanelaw.la>; david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** Re: Thoma v. VXN et al. - Notice of Removal to State Court

Hi Eric,

Conveniently, my Zoom is updating now. I will be on soon.

On Mon, Jun 26, 2023 at 1:18 PM Eric Clopper <eclopper@kanelaw.la> wrote:

> Sarah,
>
> Thank you for confirming the meet and confer conference tomorrow at 2:00 pm.
>
> Under the judge's standing order, Section G(1)(b), page 10 of the standing order I just emailed you, counsel is supposed to meet and confer via videoconference or in person. As such, I will send a Zoom invite shortly.
>
> Best,
>
> Eric Clopper
>
> Associate
>
> Kane Law Firm
>
> 1154 S Crescent Heights Blvd.,
>
> Los Angeles, Ca 90035
>
> Office: 323-937-3291
>
> Cell: 617-957-2363
>
> Fax: 323-571-3579
>
> eclopper@kanelaw.la

5

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Brad Kane <bkane@kanelaw.la>
**Sent:** Monday, June 26, 2023 1:14 PM
**To:** Sarah Cohen <sarah@tomorrowlaw.com>
**Cc:** Eric Clopper <eclopper@kanelaw.la>; david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** RE: Thoma v. VXN et al. - Notice of Removal to State Court

Sarah,

Thank you.

Looking forward to the call.

Best,

Brad

Brad S. Kane

Kane Law Firm

1154 S. Crescent Hts. Blvd.

Los Angeles, CA 90035

Tel:  (323) 697-9840

Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto,is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Monday, June 26, 2023 1:09 PM
**To:** Brad Kane <bkane@kanelaw.la>
**Cc:** Eric Clopper <eclopper@kanelaw.la>; david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** Re: Thoma v. VXN et al. - Notice of Removal to State Court

Counsel,

I hope you are making a speedy recovery.

Let's set the call for tomorrow at 2:00 p.m. Here is the dial-in information:

Dial: (310) 693-0786

Access: 845350

Thank you.

On Fri, Jun 23, 2023 at 5:09 PM Brad Kane <bkane@kanelaw.la> wrote:

> Dear Sarah,
>
> Thank you for your patience and reaching out about a meet and confer conference regarding Plaintiff's forthcoming motion to remand; your L.R. 23-3 certification; and the FRCP 26(f) conference.

Also, under L.R. 7-3, Defendants' request a meet and confer concerning Defendants' forthcoming 12(b) motion.

I understand it is not usual for counsel to meet on weekends, but I have been sick in bed most of this week. I am just starting to recover now, and I have a pre-paid trip out of the country starting this Wednesday. To that end, would any of the following time windows work for you for us to meet and confer on both Plaintiff's and Defendants' forthcoming motions:

- Saturday, 1 pm – 4 pm
- Sunday, 7 pm to 10 pm
- Monday, 8 am – 10 pm
- Tuesday, 8 am – 10 pm

Please let me know as soon as you are able.

Best,

Brad

Brad S. Kane

Kane Law Firm

1154 S. Crescent Hts. Blvd.

Los Angeles, CA 90035

Tel: (323) 697-9840

Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments

thereto,is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Thursday, June 22, 2023 6:11 PM
**To:** Eric Clopper <eclopper@kanelaw.la>; Brad Kane <bkane@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; mackenzieannethomaz11014082@projects.filevine.com
**Subject:** Re: Thoma v. VXN et al. - Notice of Removal to State Court

Counsel,

Following on from my previous email, I want to be clear that we are requesting a telephonic meet and confer pursuant to Local Rule 7-3 regarding Plaintiff's forthcoming motion to remand, Plaintiff's motion and/or stipulation pursuant to Local Rule 23-3, and for an FRCP Rule 26(f) conference.

We look forward to hearing from you with your availability for a call next week.

Thank you.

On Thu, Jun 22, 2023 at 5:39 PM Sarah Cohen <sarah@tomorrowlaw.com> wrote:

> Counsel,
>
> Received. Do you have availability next week to discuss this and other matters over the phone? How does Wednesday at 1pm work for you? I can also do Thursday at any time after 12pm.
>
> Thank you.
>
> On Thu, Jun 22, 2023 at 4:04 PM Eric Clopper <eclopper@kanelaw.la> wrote:
>
>> Counsel,

9

Please find the attached documents that were sent for filing in the state superior court today.

Best,

Eric Clopper

Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, Ca 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


--

Kind regards,

**Sarah Cohen, Esq.**

10

Associate Attorney

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.