1  **KANE LAW FIRM**
2  Brad S. Kane (SBN 151547)
   bkane@kanelaw.la
3  Eric Clopper (SBN 346031)
   eclopper@kanelaw.la
4  1154 S. Crescent Heights. Blvd.
5  Los Angeles, CA 90035
   Tel:  (323) 697-9840
6  Fax: (323) 571-3579
7
8  Attorneys for Defendants
   VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
9  GENERAL MEDIA SYSTEMS, LLC; and
   MIKE MILLER
10

11 **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
12 **WESTERN DIVISION**

13 MACKENZIE ANNE THOMA, a.k.a.          Case No. 2:23–CV–04901–WLH–AGR
14 KENZIE ANNE, an individual and on
   behalf of all others similarly situated,   **DEFENDANTS VXN GROUP LLC;**
15                                            **STRIKE 3 HOLDINGS, LLC;**
                                             **GENERAL MEDIA SYSTEMS,**
16        Plaintiff,                         **LLC; AND MIKE MILLER'S**
   v.                                        **OPPOSITION TO MOTION FOR**
17                                            **ORDER REMANDING ACTION TO**
                                             **STATE COURT**
18 VXN GROUP LLC, a Delaware
   limited liability company; STRIKE 3
19 HOLDINGS, LLC, a Delaware limited       Date:      August 25, 2023
   liability company; GENERAL             Time:      1:00 p.m.
20 MEDIA SYSTEMS, LLC, a Delaware         Courtroom: 9B
   limited liability company; MIKE
21 MILLER, an individual; and DOES 1      *[Filed Concurrently with Supplemental*
22 to 100, inclusive,                     *Declarations of Taylor Brock and Belen*
                                          *Burditte and the Declaration of Brad S.*
23        Defendants.                     *Kane]*
24
                                          [Removed on June 21, 2023, from
25                                         Los Angeles Superior Court,
26                                         Case No. 23STCV08761]
27

28  DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO
    STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   RELEVANT PROCEDURAL HISTORY ................................................... 3

    A.    On April 20, 2023, Plaintiff Files her Putative Class Action Complaint ........................................................................................ 3

    B.    On June 21, 2023, Defendants Remove this Action to Federal Court. ........................................................................................ 4

    C.    On June 28, 2023, Defendants Move to Dismiss Plaintiff's Complaint for Failure to State a Claim under Rule 12(b)(6) ........... 5

    D.    On July 11, 2023, Plaintiff Files a *Separate* Private Attorney General Act Action in State Court And Refuses To Consolidate The Actions. ........................................................................................ 5

    E.    On July 21, 2023, Plaintiff Files This Remand Motion. ............... 6

III.  PLAINTIFF'S MOTION TO REMAND MUST BE DENIED ................. 6

    A.    There Is No Presumption Against CAFA Removal And Ninth Circuit Interprets CAFA Broadly In Favor Of Removal. ............................. 6

    B.    Since Plaintiff's Facial Challenge Is Not Based On Evidence, Defendants Need Only Show Plausible Allegations. ...................... 9

    C.    Defendants Need Only Provide Evidence And Plausible Assumptions Supporting An AIC of $5,000,000.00 For CAFA Jurisdiction. ........................................................................................ 11

    D.    Defendants Provide Sufficient Evidence And Plausible Assumptions To Support An AIC Exceeding $5,000,000 ........................................ 12

        1.    Producer Taylor Brock's Declaration ........................................ 13

        2.    Production Accountant Belen Burditte's Declaration ................. 14

    E.    Plaintiff's Artful Pleading Cannot Avoid Federal Jurisdiction under CAFA. ........................................................................................ 16

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

F. Defendants' Proposed Amount In Controversy for Waiting Time Penalties is Supported by Evidence. .....................................................21

    1. Defendant's Calculation of Waiting Time Penalties Comports With The Legal Standard for "discharge" under Labor Code §§ 201 and 203.................................................................................21

    2. Defendants Do Not Assume a 100% Violation Rate for Plaintiff's § 203 Waiting Time Penalties Claim.............................................22

G. Plaintiff's Choice to Assert An Equitable Claim Without Pleading An Adequate Remedy At Law Does Not Justify Remand. .......................23

H. Defendants' Attorneys' Fees Calculations are Based on Plaintiff's Attorneys' Actual History and Well-Known California Substantive Law.................................................................................................25

V. CONCLUSION ...................................................................................26

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

ii

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Alfaro v. Banter by Piercing Pagoda,*
   2022 WL 1284823, at *2 (C.D. Cal. Apr. 29, 2022)..............................9, 17, 18

*Arias v. Residence Inn by Marriott,*
   936 F.3d 920, 925 (9th Cir. 2019).................................................................10, 12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570, 127 S. Ct. 1955 (2007) ........................................................1

*Brinkley v. Monterey Fin. Servs., Inc.,*
   873 F.3d 1118 (9th Cir. 2017)............................................................................9

*Bryant v. NCR Corp.,*
   284 F. Supp. 3d 1147 (S.D. Cal. 2018) ............................................................11

*Cabrera v. S. Valley Almond Co., LLC,*
   2021 WL 5937585 (E.D. Cal. Dec. 16, 2021)...........................................19, 25

*Clevenger v. Welch Foods Inc.,*
   2023 WL 2390630 (C.D. Cal. 2023).................................................................24

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
   574 U.S. 81, 89 (2014) .......................................................................................7

*Do v. First Fin. Sec., Inc.,*
   2017 WL 11634363 (C.D. Cal. Nov. 2, 2017)..................................................16

*Fan v. Home Depot U.S.A., Inc.*
   2022 WL 16964099 (E.D. Cal. 2022)...............................................................24

*Gant v. ALDI, Inc.,*
   2021 WL 4050936 (C.D. Cal. Aug. 25, 2021)..................................................26

*Gaus v. Mile, Inc.,*
   980 F.2d 564 (9th Cir. 1992)...........................................................................7, 8

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iii

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F.Supp. 3d 869 (N.D. Cal. 2021)..................................................24

*In re Bluetooth Headset Prod. Liab. Litig.*
    654 F.3d 935 (9th Cir. 2011)..............................................................25

*Jauregui v. Roadrunner Transp. Svcs., Inc.*
    28 F.4th 989 (9th Cir. 2022)..................................................8, 11, 12

*Jordan v. Nationstar Mortg. LLC*
    781 F.3d 1178 (9th Cir. 2015)..................................................7, 8

*Kim v. Walmart, Inc.*,
    2023 WL 196919 (C.D. Cal. Jan 13, 2023)........................................24

*Lee v. Am. Nat'l Ins. Co.*
    260 F.3d 997 (9th Cir. 2001)..............................................................23

*Lefton v. GMAC Mortg.*
    2011 WL 761235 (S.D. Cal. Feb. 24, 2011) ......................................17

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014)......................................................2, 9

*Lewis v. Verizon Comm'ns.,*
    *Inc.*, 627 F.3d 395 (C.D. Cal. 2010) .................................................11

*Lopez v. Cequel Commc'ns, LLC*,
    2021 WL 4476831 (E.D. Cal. Sept. 30, 2021) ...........................23, 24

*Luther v. Countrywide Home Loans Servicing, LP*,
    533 F.3d 1031 (9th Cir. 2008)......................................................8, 16

*McGill v. Pac. Tel. Co.*,
    139 F.Supp.3d 1109 (C.D. Cal. 2015)..................................................9

*Mish v. TForce Freight, Inc.*,
    2021 WL 4592124 (N.D. Cal. 2021)..................................................24

iv

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

*Murillo v. Target Corp.*,
   No. LACV 23-03033JGB(MRW), 2023 WL 4553597 (C.D. Cal. 2023)..........3

*Naseri v. Greenfield World Trade, Inc.*,
   2021 WL 3511040 (C.D. Cal. Aug. 10, 2021).................................................23

*Navarrete v. NFI Management Services*, LLC,
   2:23-cv-02665 (C.D. Cal. April 10, 2023).....................................................17

*Naveja v. Primerica, Inc.*,
   2021 WL 1961761 (E.D. Cal. May 17, 2021).................................................20

*O'Rourke v. Dominion Voting Sys. Inc.*,
   552 F. Supp. 3d 1168 (D. Colo. 2021).............................................................18

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020)...................................................................passim

*Sharma v. Volkswagen AG*
   524 F.Supp.3d 891 (N.D. Cal. 2021)..............................................................24

*Smith v. Sup. Ct.*,
   39 Cal. 4th 77 (2006)......................................................................................21

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834, 837 (9th Cir. 2020)..................................................................23

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)..........................................................................25

*Thompson v. La Petite Acad., Inc.*
   2022 WL 5241838, (C.D. Cal. Oct. 6, 2022) ...........................................15, 19

*Travonne Hooks v. Dignity Health*,
   2022 WL 17968833, (C.D. Cal. Dec. 27, 2022) .............................................24

*Treinish v. iFit Inc.*,
   2022 WL 5027083 (C.D. Cal. 2022)...............................................................25

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

v

*Vasquez v. RSI Home Prod., Inc.*,
  2020 WL 6778772 (C.D. Cal. Nov. 12, 2020) .....................................................9

*Vitale v. Celadon Trucking Servs.*,
  2015 WL 5824721 (C.D. Cal. Oct. 2, 2015) .......................................................20

*Willingham v. Morgan*,
  395 U.S. 402 (1969) ...........................................................................................15

**Statutes**

Bus. & Prof. Code § 17200.........................................................................23, 24

Labor Code § 201.5 ......................................................................................21, 22

Labor Code § 203 .........................................................................................21, 22

Labor Code §§ 201 .......................................................................................21, 22

28 U.S.C. § 1332(d)........................................................................................*passim*

**Other Authorities**

S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6 .......................................................16

S. Rep. No. 109–14...............................................................................................7

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

vi

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This putative class action arises from Plaintiff Mackenzie Anne Thoma ("Plaintiff")'s ten wage and hour-based claims against Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively "Defendants"). With only minor changes, Plaintiff's counsel's routinely files the same factually devoid boilerplate allegations in violation of the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and its progeny.

Here, based on VXN's accounting records and declarations of persons with personal knowledge, Defendants properly calculate the amount in controversy ("AIC") based on their operations as a *movie production company*. VXN, a movie production company: (i) contracts with performers for services on a project-by-project basis, so performers are frequently discharged; and (ii) compensates workers at a high average daily rate. As explained in Defendants' Notice of Removal:

> During the relevant three-year time period for waiting time penalties, from April 20, 2020 until May 8, 2023, there were 1,001 Type-I Actor Engagements, after each of which the professional actors were effectively discharged. The discharged actors were paid an average daily rate of $1,603.18, equating to an average hourly rate of $200.40 ($1,603.18 ÷ 8), and an average overtime rate of $300.60 ($200.40 x 1.5). (Burditte Decl., at ¶ 6). All Type-I Actor Engagements required actors to work 10 hour workdays. (Brock Decl., at ¶ 5). Accordingly, each actors' adjusted daily rate, inclusive of overtime, is $2,204.38 ($1,603.18 average daily rate + 2 hours of overtime at $300.60 each). According to the allegations of the Complaint, each actor would be due the maximum waiting time penalty of thirty days of wages, because more than thirty days have passed from the last reference date for actor pay: May 8, 2023.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

> Although Defendants dispute liability, a reasonable estimate of the *minimum* amount in controversy for waiting time penalties is **$66,197,306.18** ($2,204.38 x 30 days x 1,001 Type-I Actor Engagements).

[Dkt. 1 at 16:3-19] (citations omitted).

In its Motion, Plaintiff's counsel, Bibiyan Law Firm ("BLF"), repeatedly uses factually devoid "at times" allegations as a shield to try and defeat federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Although Plaintiff presumably has knowledge of the alleged violations and work conditions, BLF's Motion declines to submit any *evidence* to rebut Defendants' calculation of the AIC.

Plaintiff's tactical decisions have consequences. When a plaintiff challenges removal under CAFA, the defendant's burden in responding to the challenge depends on whether the plaintiff makes a facial or a factual attack. When a non-removing party contests removal without submitting any declaration or evidence in support of their challenge, it may be considered a "facial" attack on the jurisdictional allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Here, since Plaintiff fails to provide any evidence to rebut Defendants' evidence, all Defendants need to show are *plausible* allegations. *See Salter*, 974 F.3d at 965.

2

Nevertheless, Plaintiff incorrectly argues that Defendant's proffered AIC should be zeroed out, without offering Plaintiff's own plausible assumptions to the contrary. In sum, Plaintiff argues that *any* assumed violation rate is wholly speculative. But where the complaint fails to state the amount in controversy, "a defendant *must* make some kind of numerical assumption[.]" *Murillo v. Target Corp.*, No. LACV 23-03033JGB(MRW), 2023 WL 4553597 at *9 (C.D. Cal. 2023). In reality, even if Plaintiff's vague "at times" allegations only supported a 4% waiting time penalty violation rate, when coupled with the amounts in controversy for Plaintiff's other claims and attorney's fees, the AIC would still exceed $5,000,000.00. "[I]t strains credulity that Plaintiff[] would file a class action based on even *more* conservative estimates, e.g., a violation rate significantly less than 5 percent." *Id* at *8. As a result, the Court should deny the Motion.

## II.    RELEVANT PROCEDURAL HISTORY

### A.    On April 20, 2023, Plaintiff Files her Putative Class Action Complaint.

On April 20, 2023, Plaintiff Mackenzie Anne Thoma ("Plaintiff") files a class action complaint in the Superior Court of California for the County of Los Angeles, entitled *Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group LLC;*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

*Strike 3 Holdings, LLC; General Media Systems, LLC; Mike Miller; and DOES 1 through 100, inclusive*, Case No. 23STCV08761. [Dkt. 1, **Ex. A**] ("Complaint").[1]

Plaintiff's Complaint asserts nine labor code claims and one unfair competition law claim. Further, Plaintiff seeks to represent a class of all similarly situated employees:

> Plaintiff seeks to represents a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."

Complaint at ¶ 33.

**B.      On June 21, 2023, Defendants Remove this Action to Federal Court.**

On June 21, 2023, Defendants file their Notice of Removal ("NOR"). [Dkt. 1] The NOR invokes this Court's jurisdiction under the Class Action Fairness Act ("CAFA"). Plaintiff primarily disputes whether the $5 million AIC requirement is met for CAFA to apply.[2]

---

[1] As demonstrated by **Exhibits 1–4** of Brad S. Kane's Declaration in Support of Defendants' Motion to Dismiss, Plaintiff's Complaint is untailored to the Plaintiff, recites statutory language verbatim, and is almost entirely recycled from Plaintiff's counsel the Bibiyan Law Firm ("BLF")'s other putative class actions. [Dkt. 9-1]

[2] Plaintiff secondarily argues that this Court does not have jurisdiction because her UCL claim could have an equitable remedy. However, as explained below in Section G, that argument is frivolous because there is an adequate legal remedy for any harm alleged; i.e., money damages to pay for any alleged labor code violations.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

4

### C.     On June 28, 2023, Defendants Move to Dismiss Plaintiff's Complaint for Failure to State a Claim under Rule 12(b)(6).

On June 28, 2023, Defendants file their Motion to Dismiss Plaintiff's Complaint for failure to state a claim under FRCP 12(b)(6). [Dkt. 9] On July 7, 2023, Plaintiff files her Opposition to Defendants' Motion to Dismiss. On July 14, 2023, Defendants file their Reply. On July 25, 2023, the Court, *sua sponte*, continues the hearing on Defendants' Motion to Dismiss from July 38, 2023 to August 31, [Dkt. 16], which is after the hearing on Plaintiff's motion to remand this action to state court.

### D.     On July 11, 2023, Plaintiff Files a *Separate* Private Attorney General Act Action in State Court And Refuses To Consolidate The Actions.

On July 11, 2023, Plaintiff files a *separate* action in the Superior Court of California for the County of Los Angeles, with the same title as the original Complaint: "*Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; Mike Miller; and DOES 1 through 100, inclusive*," Case No. 23STCV16142, attached as **Exhibit 1** to the Declaration of Brad S. Kane in support of Defendants' Opposition to Plaintiff's Motion to Remand ("Decl. of BSK").[3]

---

[3] As with her original Complaint, BLF'S boilerplate PAGA Complaint contains *zero* tailoring to the Plaintiff, except for where BLF defines the "Parties." [Decl. of BSK, **Ex. 1**]. Unsurprisingly, BLF has filed many other near-identical PAGA

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

On July 19, 2023, Defendants offered to stipulate to removal and consolidation of Plaintiff's PAGA Action with this action to promote judicial economy and avoid the possibility of conflicting results. [Decl. of BSK, **Ex. 5**] Plaintiff refused even though the two actions (to the extent they even allege facts specific to Plaintiff) revolve around identical facts and circumstances. *Id.*

###### E.    On July 21, 2023, Plaintiff Files This Remand Motion.

On July 21, 2023, Plaintiff files the present Motion to Remand to remand this action back to the Superior Court of California for the County of Los Angeles. Plaintiff improperly noticed this Motion for August 18, 2023, so the Court *sua sponte* continued the hearing for this Motion to August 25, 2023, but kept the briefing schedule the same. [Dkt. 14]

### III.    <u>PLAINTIFF'S MOTION TO REMAND MUST BE DENIED</u>

#### A.    There Is No Presumption Against CAFA Removal And Ninth Circuit Interprets CAFA Broadly In Favor Of Removal.

CAFA permits a defendant to remove a class action to federal court if three requirements are met: (1) there is minimal diversity of citizenship between the parties; (2) the proposed class has at least 100 members; and (3) the aggregate

---

Complaints, even though the fact patterns for the plaintiffs are very different for each PAGA Complaint BLF files. [*See, e.g.*, Decl. of BSK, **Exs. 2–4.**]

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

amount in controversy is at least $5,000,000.[4] 28 U.S.C. § 1332(d). "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court." S. Rep. No. 109–14, at 5; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

In *Dart Cherokee*, the Supreme Court held that no "antiremoval presumption attends cases invoking CAFA[.]" *Id* at 89. "This declaration is bolstered by the Court's reference to Congress's 'overall intent…to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183–84 (9th Cir. 2015) (quoting S. Rep. No. 109–14, at 35). Following *Dart Cherokee*, the Ninth Circuit routinely "interpret[s] CAFA's provisions under section 1332 broadly in favor of removal[.]" *Jordan*, 781 F.3d at 1184.

Nevertheless, BLF incorrectly argues that "any doubt" as to the propriety of removal "is resolved against removability," [Dkt. 13 at 2], relying on pre-*Dart* case law. Worse, BLF relies upon *Gaus v. Mile, Inc*., 980 F.2d 564, 566-567 (9th Cir. 1992) for the proposition that "The removing party must, by a preponderance of

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[4] Plaintiff's Motion contests only the amount in controversy requirement of CAFA.

7

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

evidence, '***actually prov[e]*** the facts to support jurisdiction, including the jurisdictional amount.' " [Dkt. 13 at 11] (Emphasis supplied by Plaintiff.)

The Ninth Circuit expressly disclaimed *Gaus'* assertion that "federal jurisdiction must be rejected if there is any doubt as to the right of removal," because it "does not square with" *Dart Cherokee*'s "insist[ance] on an expansive understanding of CAFA." *Jauregui v. Roadrunner Transp. Svcs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Gaus*, 980 F.2d 564, at 566). The *Jauregui* Court further disapproved of any "notion that removal under CAFA should be met with a level of skepticism and resistance." *Id.* at 993. Finally, the Ninth Circuit also reiterated that a removing party need *not* "actually prove" the amount in controversy. *Id.*

Finally, BLF also improperly cites *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) for the proposition that "any doubt is resolved against removability." [Dkt. 13 at 2:19-22] However, the Ninth Circuit disclaimed *Luther's* " 'strict[] construal against removal' " in claims subject to CAFA because "*Dart Cherokee* makes clear that . . . an exception to the strict construction of removal statutes must now be expanded to include CAFA claims." *Jordan*, 781 F.3d at 1183 (quoting *Luther*, 533 F.3d at 1034). In fact, "Congress passed CAFA with the overall intent to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Brinkley v.*

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

*Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (internal citation omitted).[5]

**B.      Since Plaintiff's Facial Challenge Is Not Based On Evidence, Defendants Need Only Show Plausible Allegations.**

The Ninth Circuit does not require summary judgment type evidence when a Plaintiff lodges only a facial attack and does not attack the actual facts presented in the declaration.  *See Alfaro v. Banter by Piercing Pagoda*, 2022 WL 1284823, at *2 (C.D. Cal. Apr. 29, 2022) citing *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014) ("A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.' "); *see also Vasquez v. RSI Home Prod., Inc*., 2020 WL 6778772, at *4 (C.D. Cal. Nov. 12, 2020)  ("the inquiry is focused on the facial plausibility of RSI's jurisdictional allegations, as opposed to a factual inquiry where the Court weighs competing evidence").

"A factual attack, by contrast, 'contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "When a factual attack

_____

[5] BLF also cites *McGill v. Pac. Tel. Co.*, 139 F.Supp.3d 1109, 1115 (C.D. Cal. 2015) for the proposition that "A federal court thus must reject jurisdiction over a case 'if there is *any* doubt as to the right of removal.' " [Dkt. 13 at 2:25-28] However, *McGill* did not involve a class action and CAFA did not apply.

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

is mounted, the responding party 'must support her jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context.'" *Id.* (internal citation omitted).

Here, since Plaintiff fails to provide any evidence to rebut Defendants' evidence, all Defendants need to show is *plausible* allegations. *See Salter*, 974 F.3d at 965 ("that is the inherent nature of 'plausible allegations': they rely on 'reasonable assumptions.' ") (citing *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)).

Like in *Alfaro* (where the plaintiff was also represented by Plaintiff's law firm here), Plaintiff only launches a facial attack.  For example, Plaintiff does not challenge that she was paid $4,875.00 per day (compared to the average day rate for all paid actors which is $1,603.18 during the three-year statute of limitations period).  [*See* Decl. of Belen Burditte, Dkt. 1-2 ¶¶ 6–7] In fact, Plaintiff does not challenge any of the facts at all, nor explain why they are not plausible.

Instead, Plaintiff incorrectly implies that Defendants must produce the actual records they rely on to meet the "preponderance of evidence standard." [Dkt. 13 at 11] More specifically, Plaintiff does not challenge any of the statements made by Ms. Burditte. Instead, Plaintiff argues for the production of the underlying data and authentication. [Dkt. 13 at 4]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

Even if Defendants' burden was more than plausibility, the Ninth Circuit has already rejected Plaintiff's evidentiary objection. "A declaration submitted by a removing defendant does not need to be supported by additional evidence such as the underlying business records reviewed and relied on by the declarant." *Salter*, 974 F.3d at 965; *see also Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D. Cal. 2018) ("Contrary to Plaintiff's argument, Defendant need not 'produce business records setting forth the precise number of employees in [the] putative class . . . and the precise calculation of damages alleged to meet its burden regarding the amount in controversy.")

### C. Defendants Need Only Provide Evidence And Plausible Assumptions Supporting An AIC of $5,000,000.00 For CAFA Jurisdiction.

CAFA's AIC requirement looks at what a plaintiff *could* recover *if* she proves the claims she asserts, not the amount she can be assured to recover or that the parties agree she will recover. *Lewis v. Verizon Comm'ns., Inc.*, 627 F.3d 395, 400 (C.D. Cal. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *Jauregui*, 28 F.4th at 994 ("'[a]mount at stake' does not mean likely or probable liability; rather, it refers to possible liability.")

Plaintiff's argument that Defendants must *prove* the AIC with summary judgment type evidence is contrary to the Ninth Circuit's holding the district court had erred in "impos[ing] a requirement that [the defendant] prove it actually

11

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

violated the law at the assumed rate." *Arias*, 936 at 927. In so holding, the Ninth Circuit implicitly rejected the idea that a defendant must "provide evidence proving the assumptions correct." Instead, the Ninth Circuit instructed the AIC "would met be using any of the plausible figures." *Jauregui*, 28 F.4th at 994. Where "a different, better assumption is identified . . . the district court should consider the claim under the better assumption-not just zero-out the claim." *Id.* at 996.

### D. Defendants Provide Sufficient Evidence And Plausible Assumptions To Support An AIC Exceeding $5,000,000.

Plaintiff's Complaint uses the vague phrase "at times" 29 times to describe the alleged violations, while Plaintiff's Motion refuses to identify any permissible assumption. Further, BLF undermines its own credibility with the following inaccurate assertions:

i. A heading stating that "Defendants Have Not Proffered The Requisite Credible, Summary-Judgment-Type Evidence To Establish The Amount In Controversy" which fails to acknowledge the correct standard or the evidence presented in Defendants' Notice of Removal. [Dkt. 13 at 10:13-13:10]

ii. "Defendants have proffered no evidence supporting any assumed violation rate for waiting time penalties . . ." [Dkt. 9 at 18:21-22] Defendants "*present absolutely no evidence at all*." [Dkt. 13 at 12:3-4] (bold and italics in original)

Defendants' declarations readily satisfy the CAFA's jurisdictional requirements and rebuts Plaintiff's willful disregard of the record.[6]

---

[6] Plaintiff does not dispute CAFA's minimal diversity requirement supported by the Declaration of Aldrich Yap, Content Manager for VXN Group, who reviewed

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

12

### 1.    Producer Taylor Brock's Declaration

Brock has been VXN's Producer since the company's inception in January 2020. [Dkt. 1-3 at ⁋ 2] As VXN's Producer, Brock "ha[s] been on set for nearly every Type-I film production."[7] [Dkt. 1-3 at ⁋ 5] Because Brock was present at all Type-I productions, he would have personal knowledge as to the duration of each Type-I film production and the requirements of the actors present at the shoot. Accordingly, Brock has testified that "nearly all Type-I films have an on-set production duration of at least ten (10) hours." *Id.* Brock has further testified that during those ten hours, the actors "need to be on set during this time to complete hair and makeup, wardrobe, on set documentation and paperwork, rehearsals with the directors, as well as actual filming." *Id.*

Finally, Plaintiff's argue without evidence or basis in the Complaint that the 10-hour film days could possibly span two (2) separate calendar days, so that no overtime was due. In response, Brock has provided a supplemental declaration

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

each of the actor's identifying documents to determine the citizenship of each member of the class.  [Dkt. 1-1].

[7] *See also* Brock Decl at ⁋⁋ 4–5 (explaining the difference between "Type-I films" and "Type-II films," and how Type-I films require 10-hour days.)

13

stating, "the ten (10) hours occurs consecutively on the same calendar workday." [Brock Supp Dec. at ¶ 7][8]

### 2.   Production Accountant Belen Burditte's Declaration

Burditte has been a "Production Accountant" for over 20 years, including being VXN's Production Accountant since the company's inception in January 2020. [Dkt. 1-2 at ⸿ 2] Burditte testified that she has access to all the accounting records, including all payments made, for all of VXN's actors, including the Plaintiff, which VXN maintained in the ordinary course of business. [Dkt. 1-2 at ⸿ 4] From these records, Burditte has ascertained that, in the three years preceding Plaintiff's Complaint, there have been 1,001 separate Type-I Actor Engagements, with the average daily pay rate for each actor during that time period being

---

[8] Plaintiff also challenges Mr. Brock's declaration with two frivolous assertions: (i) he does not "know for a fact that the average shift length is longer than 10 hours"; and (ii) he does not establish that Class Members would be on set during this time. [Dkt. 13 at 12] Those arguments are refuted by the plain language of Brock's declaration.  [Dkt. 1-3 ¶¶ 5, 6]. Brock is certain that the average production time for a Type 1 film is at least 10 hours because "[his] job requires [him] to be on set for the production of these films. In the past four years, [he has] been on set for nearly every Type-1 film production." [Dkt. 1-3 ¶ 5].  He also has personal knowledge the Class Members would be on set and under control of VXN Group during this time.  "Actors need to be on set during this time to complete hair and makeup, wardrobe, on set documentation and paperwork, rehearsals with the directors, as well as actual filming."  *Id.*  Plaintiff does not challenge the plausibility of these statements.

$1,603.18. [Dkt. 1-2 at ¶ 6] This number increases to 1,120 separate Type-I Actor Engagements at an average rate of pay of $1,579.65 if the numbers are calculated from VXN's inception in January 2020. [Dkt. 1-2 at ¶ 5]

Further, Burditte's supplemental declaration, filed concurrently with this Opposition, explains: (i) the process as to how Burditte generated the data to support the calculations in her first declaration [Supp. Decl. of Burditte at ¶¶ 2–3]; and (ii) demonstrates that several hundred Type II actor engagements are *not* included in the AIC calculations. [*Compare* Supp. Decl. of Burditte at ¶¶ 4–5 (discussing both Type I and II Actor Engagements); *with* Decl. of Burditte at ¶¶ 5–6 (discussing Type I Actor Engagements only); *see also* Brock Supp Decl at ¶ 6 (discussing duration of Type I Actor Engagements)].[9] Thus, Defendants are not asserting that 100 percent of performers are entitled to waiting time penalties.[10]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[9] Defendants may submit additional declarations to clarify or add to any positions asserted with its NOR. "The Court should 'treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits.'" *Thompson v. La Petite Acad., Inc.*, 2022 WL 5241838, at *1 (C.D. Cal. Oct. 6, 2022) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

[10] There were a total of 1,728 separate actor engagements, whereas there were only 1,001 Type-I Actor Engagements, which equates to a 62% violation rate, which Defendant's evidence and reasonable assumptions based on the Complaint support.

15

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

### E.    Plaintiff's Artful Pleading Cannot Avoid Federal Jurisdiction under CAFA.

BLF's "artful pleading" to avoid federal court jurisdiction is in direct contradiction with the purposes of CAFA. "CAFA sought to 'make[ ] it harder for plaintiffs' counsel to 'game the system' by trying to defeat diversity jurisdiction." *Luther v. Countrywide Home Loans Servicing, LP*, 2008 WL 11339604, at *2 (C.D. Cal. Feb. 28, 2008), aff'd, 533 F.3d 1031 (9th Cir. 2008).  "Congress believed that before CAFA, plaintiffs could artfully craft their pleadings to prevent interstate class actions from being adjudicated in federal court. This enabled "plaintiffs' lawyers who prefer to litigate in state courts to easily 'game the system' and avoid removal of large interstate class actions to federal court." *Do v. First Fin. Sec., Inc.*, 2017 WL 11634363, at *4 (C.D. Cal. Nov. 2, 2017) citing S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6.

Here. Plaintiff admits in her Motion that her Complaint's pervasive use of "at times" language was designed to avoid this Court's jurisdiction.  [Dkt. 13 at 7:4-10] (A plaintiff "may avoid federal jurisdiction by pleading different facts") Plaintiff also asserts "Defendants **may not simply ignore Plaintiff's express and repeated allegations that violations only occurred 'at times' and 'on occasion**.'" [Dkt. 13 at 7:4-6] (Emphasis in original.)

Plaintiff relies on the words "at times" 29 times in her Complaint followed by boilerplate legal language to limit Defendants' damages calculations without

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

16

pleading a single fact to show the wage violations actually existed only "at times". [*See* Complaint at Dkt. 1, **Ex. A**] BLF apparently includes the same "at times" language in all of their complaints so that they may bring the same argument to remand regardless of whether the case actually supports such facts.[11]  *See Lefton v. GMAC Mortg*., 2011 WL 761235, at *4 (S.D. Cal. Feb. 24, 2011) ("Cutting and pasting text wholesale with an uncritical eye and with no regard for whether the allegations are supported by facts or law is a violation of Rule 11.")

In *Alfaro v. Banter by Piercing Pagoda*, 2022 WL 1284823, at *3 (C.D. Cal. Apr. 29, 2022), the Court admonished BLF for "artful pleading" and found that "Plaintiff's attempt to limit the scope of her complaint by pointing to allegations that state Defendant 'at times' violated wage and hour laws or that only 'some' class members experienced violations is not compelling.'" *Id*.  The Court continued "Plaintiff cannot avoid this Court's CAFA jurisdiction through artful pleading.

---

[11] In *Navarrete v. NFI Management Services*, LLC, 2:23-cv-02665, (C.D. Cal. April 10, 2023) in which Plaintiff's Motion appears to be copied from (see *Id*. at CM/ECF 14, p. 20, compare with p. 18 of Plaintiff's Motion referring to "4,000 class members"), the Plaintiff was represented by the exact same trio of attorneys as Plaintiff is here. In BLF's *Navarrete* Complaint, removed on April 20, 2023, the Complaint refers to "at times" in 26 different instances that are near identical to Plaintiff's Complaint here.  However, the plaintiff in *Navarrete* was a "non-exempt employee" and his employment duties were "operating machinery." *Id*. at ¶ 2. Here, Plaintiff is a "decorated and well known adult film actress".  Complaint at ¶ 7. Factually, it is not plausible that the two cases are so similar to justify nearly identical frequency violations depicted through Plaintiff's "at times" language.

17

Such a tactic would essentially eviscerate a defendant's ability to invoke CAFA jurisdiction, contrary to the intent of Congress." *Id.* The Court also noted that "Plaintiff . . . [cannot] simply sit silent and take refuge in the fact that it is Defendant's burden to establish the grounds for federal jurisdiction. This is especially the case since the knowledge in question–how often Plaintiff claims [s]he was made to work overtime [or missed breaks]–is uniquely within Plaintiff's possession." *Id*.

Despite the *Alfaro* Court's admonishment against relying on the "at times" language to hinder Defendants' abilities to make a reasonable calculation of damages, BLF employs the same strategy here. Use "at times" to describe all violations, then sit silent, providing no other facts or analysis to support her argument for remand.  Plaintiff's attorneys are simply repeating allegations that have already been squarely rejected.  "Lawyers acting in good faith and without any meaningful time constraints would have taken the time to do additional original research into the validity of the allegations they were repeating."  *O'Rourke v. Dominion Voting Sys. Inc*., 552 F. Supp. 3d 1168, 1192–93 (D. Colo. 2021) (sanctioning the plaintiff under Fed. R. Civ. P. 11 and finding that "Plaintiffs' counsel had a heightened duty of diligence and investigation before filing a copy-job pleading containing the same previously rejected theories and allegations.").

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

In *Thompson v. La Petite Acad., Inc*., 2022 WL 5241838, at *3–4 (C.D. Cal. Oct. 6, 2022), BLF again relied on the same "at times" language to attempt to defeat federal court jurisdiction and this Court again found their reasoning to be improper. "Plaintiff alleges both that the failure to pay owed wages on termination or resignation resulted from an 'intentional[ ] polic[y] or practice[ ]' and also that these failures occurred only 'at times.' Plaintiff then attempts to use the phrase 'at times' to distinguish this case from numerous cases where courts found that it was reasonable to assume a 100 percent violation rate based on a pattern or practice. Plaintiff cannot have it both ways. The Court finds Defendants' assumption that each putative class member would be owed waiting time penalties was reasonable." *Id*. (internal citations omitted).

Plaintiff's attorneys also used the "at times" language in the Eastern District of California to attempt to argue that a 25% violation rate was "too high". *See Cabrera v. S. Valley Almond Co., LLC*, 2021 WL 5937585, at *6 (E.D. Cal. Dec. 16, 2021) (In the Court's view, however, assuming that a violation occurred in connection with one out of five breaks is consistent with language in the Complaint stating that violations occurred "at times").[12]

---

[12] The complaints filed by the Bibiyan law firm that Defendants cite to in its Motion to Dismiss also all include the same "at times" virtually identical language, devoid of any supportive facts. *See* CM/ECF 9-1.

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Here, Plaintiff is a professional actor whose allegations of labor code violations are based on Defendants' misclassification. [Complaint ¶ 6] Because, as Plaintiff alleges, Defendants misclassified its professional actors, the labor code violations would occur consistently and not "at times." *See Vitale v. Celadon Trucking Servs*., 2015 WL 5824721, at *3 (C.D. Cal. Oct. 2, 2015) ("Because this is a binary determination, rather than one of degree, Defendant is correct that it may reasonably assume that 100% of the putative class members are theoretically entitled to penalties for misclassification."); *Naveja v. Primerica, Inc*., 2021 WL 1961761, at *4 (E.D. Cal. May 17, 2021) ("[I]t was Defendants' misclassification that resulted in the violations of Labor Code § 226(a). As such, it is entirely reasonable to assume that Defendants committed a "100% violation rate," since the gravamen of Plaintiff's claims are based on Defendants' misclassification of employees as independent contractors.")

In sum, Plaintiff's attorneys "artful pleading" language must not be permitted to "game the system" as it is in direct conflict with CAFA's purpose. Further, BLF's artful pleading does not overcome the evidence based assumptions supporting CAFA jurisdiction. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). Otherwise, a factual attack "contest[ing] the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" would be meaningless. *Id*.

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**F.     Defendants' Proposed Amount In Controversy for Waiting Time Penalties is Supported by Evidence.**

    **1.**     <u>Defendant's Calculation of Waiting Time Penalties Comports With The Legal Standard for "discharge" under Labor Code §§ 201 and 203.</u>

Plaintiff incorrectly argues that: (i) Defendants "improperly stack multiple waiting time penalties for each employee after every single Actor Engagement" and (ii) "Defendants fail to include any authority" supporting a worker receiving more than one set of waiting time penalties from a single employer. [Dkt. 13 at 28] In reality, the NOR cites *Smith v. Sup. Ct.*, 39 Cal. 4th 77 (2006) for the proposition that each Type-I Actor Engagement (i.e., each film engagement) constitutes a separate period of employment for purposes of Labor Code §§ 201 and 203. Dkt. 1, at p.22, ¶ 44. Conversely, Plaintiff *fails* to cite any *authority* that an employee cannot recover waiting time penalties after engagement by the same employer.

In *Smith*, the California Supreme Court held that an employee is "discharged" for purposes of § 203's waiting time penalty provisions "when an employer releases an employee after completion of a specific job assignment or time duration for which the employee was hired." *Smith*, 39 Cal. 4th 77, 90. Significantly, *Smith* interprets "discharge" in the motion picture industry.

To confirm the proper interpretation of "discharge" within the meaning of § 201, the *Smith* court looked to § 201.5, which provides an exception to § 201's immediate payment requirement for employees in the motion picture industry

21

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

because "the unusual hours of their employment in this industry is *often geared to the completion of a portion of a picture*[.]" *Id.* at 86 (citing Cal. Lab. Code § 201.5, 2d par., emphasis in original). The court then explained that various statutory exceptions to "section 201's immediate payment requirement, *especially section 201.5…*, strongly imply the statutory discharge element is not limited to dismissals from ongoing employment." *Id,* (emphasis added). The court further noted that the existence of § 201.5 "makes little sense if section 201's immediate payment requirement does not, in the first instance, generally apply to employment terminations resulting from the completion of specified job assignments or periods of service." Accordingly, here, an actor may properly be "discharged" for purposes of §§ 201 and 203 after each Type-I Actor Engagement and waiting time penalties may accrue distinctly for each such engagement.

### 2. Defendants Do Not Assume a 100% Violation Rate for Plaintiff's § 203 Waiting Time Penalties Claim.

As set forth above, Defendants' waiting time penalty calculation focuses only on the subset of 1,001 Type I Actor Engagements, who work 10-hour calendar days, and excludes the roughly 600 Type II Actor Engagements. As a result, Defendants project a roughly 62% overtime violation rate. Since none of the Type I Actor Engagements resulted in the payment of overtime because they were classified as contractors, each Type I Actor Engagement plausibly supports the max of 30 days of waiting time penalties. Here, the overtime violation rate would have to be reduced to 4% before it would endanger CAFA jurisdiction as well as the feasibility of the class allegations.

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

### G.     Plaintiff's Choice to Assert An Equitable Claim Without Pleading An Adequate Remedy At Law Does Not Justify Remand.

A district court may *not* remand an entire case if there is subject matter jurisdiction over some a portion of it. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). The existence of at least some claims over which the district court can exercise jurisdiction is enough to warrant the removal of the entire case. This remains true even if other claims fall outside of the district court's authority to decide. *Id.* at 1002–03 (citation omitted); *see Lopez v. Cequel Commc'ns, LLC*, 2021 WL 4476831, at *2 (E.D. Cal. Sept. 30, 2021) (denying remand, including a limited remand of equitable UCL claim, where plaintiff argued that he did not plead an inadequate remedy at law); *Naseri v. Greenfield World Trade, Inc*., 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021).

Here, Plaintiff's tenth cause of action requests equitable remedies, namely injunction and restitution, under the Unfair Competition Law ("UCL") without pleading an inadequate remedy at law in an attempt to avoid this court's jurisdiction. Plaintiff argues that failure to pled an inadequate remedy at law justifies remand of an entire action otherwise properly removed under CAFA.

The proper remedy is dismissal of Plaintiff's equitable claim for failure to pled the inadequacy of legal remedies, not remand. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 844 (9th Cir. 2020) (when equitable relief is requested under the UCL, federal courts apply federal common law requirements for

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

equitable relief including lack of adequate remedies at law); *See Sharma v. Volkswagen AG*, 524 F.Supp.3d 891, 908 (N.D. Cal. 2021) (dismissing UCL claim); *Fan v. Home Depot U.S.A., Inc.*, 2022 WL 16964099, at *5 (E.D. Cal. 2022) (dismissing UCL without leave to amend). *See*, *e.g.*, *Kim v. Walmart, Inc.*, 2023 WL 196919, at *2-3 (C.D. Cal. Jan 13, 2023) ("Remand is inappropriate because diversity jurisdiction exists, and the Court's authority to hear this case does not depend on its equitable powers.") *See, e.g., Travonne Hooks v. Dignity Health*, 2022 WL 17968833, at *2-3 (C.D. Cal. Dec. 27, 2022) (dismissing UCL claim and denying remand); *Slick v. CableCom*, LLC, 2022 WL 4181003, at *3-4 (N.D. Cal. Sept. 12, 2022) (same); *Lopez*, 2021 WL 4476831, at *2 ("district courts in the Ninth Circuit have repeatedly dismissed claims for equitable relief under Rule 12(b)(6), not based on a lack of jurisdiction.").

Plaintiff's reliance on *Guthrie v. Transamerica Life Ins. Co.*, 561 F.Supp. 3d 869 (N.D. Cal. 2021) and *Clevenger v. Welch Foods Inc.*, 2023 WL 2390630 (C.D. Cal. 2023) is misguided. In both *Guthrie* and *Clevenger*, the district courts remanded based on lack of equitable jurisdiction where the plaintiffs sought a *single* remedy of equitable restitution under the UCL. Conversely, here, Plaintiff pleads nine causes of action seeking damages under the Labor Code and a derivative UCL claim seeking *both* restitution and injunctive relief. *See Mish v. TForce Freight, Inc.*, 2021 WL 4592124, at *8 (N.D. Cal. 2021) (*Guthrie*'s analysis

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

inapplicable where plaintiff's UCL claim was derivative of other Labor Code claims); *Treinish v. iFit Inc.*, 2022 WL 5027083, at *5 (C.D. Cal. 2022) (Distinguishing remand in *Guthrie* under the federal abstention doctrine from cases "in which there is valid CAFA jurisdiction."). Here, because there is valid subject matter jurisdiction under CAFA for Plaintiff's Labor Code claims, there is no basis to remand the entire action. If Plaintiff wishes to avoid dismissal of its equitable claim, it should seek leave to amend.

### H.    Defendants' Attorneys' Fees Calculations are Based on Plaintiff's Attorneys' Actual History and Well-Known California Substantive Law.

Plaintiff accuses Defendants of "ballooning" attorneys' fees even though Defendants simply calculated the standard 25% attorneys' fee rate for class actions in the Ninth Circuit. *See Cabrera v. S. Valley Almond Co., LLC*, 2021 WL 5937585, at *11 (E.D. Cal. Dec. 16, 2021) ("[Defendant] is correct that 25% of recovery is commonly used as a benchmark for reasonable attorneys' fees in class actions in the Ninth Circuit" citing *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (recognizing a 25% "benchmark" for attorneys' fees); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (same)).

Plaintiff also argues that in the NOR, Defendants failed to cite any legal authority that Plaintiff would be entitled to fees. This technicality is unavailing because Plaintiff's Complaint repeatedly states it is seeking fees pursuant to the claims it alleges in the Labor Code. [Complaint ¶ 31]

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Plaintiff's argument that the 25% attorneys fee rate is "conclusory" falls hollow when Plaintiff's own firm has argued for an *increase* from the standard 25% "benchmark award" in similar actions.  *See Gant v. ALDI, Inc.*, 2021 WL 4050936, at *8 (C.D. Cal. Aug. 25, 2021) (Klein attorney of record) ("The amount requested by the parties is greater than the 25% "benchmark award" used within the Ninth Circuit. As observed in the January 2021 Order, neither the level of success obtained, nor the time and effort spent by counsel is sufficiently exceptional to justify the 33% award sought.") Plaintiff's attorneys are very obviously aware that a 25% attorneys fee rate is reasonable for purposes of CAFA jurisdictional calculations.

## V.    CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court deny Plaintiff's Motion to Remand in its entirety.


Dated: July 28, 2023                     Respectfully submitted,

                                         KANE LAW FIRM

                                         By:   */s/ Brad S. Kane*
                                               Brad Kane
                                               Eric Clopper
                                               Attorneys for Defendants
                                               VXN Group LLC; Strike 3 Holdings,
                                               LLC; General Media Systems, LLC;
                                               and Mike Miller

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,280 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order.

Dated: July 28, 2023         By:    /s/ Brad S. Kane
                                          Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on July 28, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by email to Plaintiff's counsel Sarah Cohen at sarah@tomorrowlaw.com.

Dated: July 28, 2023         By:    /s/ Brad S. Kane
                                          Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

27

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER REMANDING ACTION TO STATE COURT