**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>          Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:           August 25, 2023<br>Time:          1:00 pm or later<br>Courtroom:   9B<br><br>*[Filed concurrently with Defendants' Opposition to Plaintiff's Motion to Remand and Supplemental Declarations of Taylor Brock and Belen Burditte]*<br><br>[Removed on June 21, 2023, from Los Angeles Superior Court, Case No. 23STCV08761] |

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

I, Brad S. Kane, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California since 1990, the State of Alaska since 1991 and Washington State since 2003. I am the owner of the Kane Law Firm ("KLF"), and counsel for Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller") (collectively, "Defendants").  I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge.

2.      Attached as **Exhibit 1** is a true and correct copy of the Bibiyan Law Firm's Private Attorney General Act ("PAGA") Complaint on behalf of Mackenzie Anne Thoma, a.k.a. Kenzie Anne ("Plaintiff"), filed in Los Angeles Superior Court ("LASC") on July 11, 2023.

3.      Attached as **Exhibit 2** is a true and correct copy of BLF's PAGA Complaint in *Alfaro v. Banter by Piercing Pagoda, et al.* filed in the Superior Court of California, County of Orange, on February 25, 2022.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of BLF's PAGA Complaint in *Gamarro v. Walgreen Pharmacy Services Midwest, LLC, et al.* filed in LASC on January 11, 2023.

5.       Attached hereto as **Exhibit 4** is a true and correct copy of BLF's PAGA Complaint in *Rodriguez v. Raising Cane's USA, LLC, et al.* Complaint filed in LASC on February 7, 2023.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of my July 19, 2023 email correspondence with Plaintiff's counsel Sarah Cohen of BLF. In this correspondence, I offered to stipulate to a consolidation of Plaintiff's concurrent actions in both state and federal court regarding the same facts and circumstances to promote judicial efficiency and save time and money for both Plaintiff and Defendants. BLF refused the offer.

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

1    I declare under penalty of perjury that the foregoing is true and

2  correct. Executed on July 28, 2023 at Los Angeles, California.

3

4                                    _/s/ Brad S. Kane_

5                                    Brad S. Kane

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Exhibit 1

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/11/2023 12:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
as an aggrieved employee, and on behalf of all other
aggrieved employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004,<br><br>      Plaintiff,<br><br>      v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>      Defendants. | CASE NO.: 23STCV16142<br><br>**REPRESENTATIVE ACTION**<br><br>**COMPLAINT UNDER THE LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT OF 2004 FOR CIVIL PENALTIES UNDER LABOR CODE SECTIONS 210, 226.3, 226.8, 558, 1174.5, 1197.1 and 2699**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Greater Than $25,000.00] |

Plaintiff MACKENZIE ANNE THOMA, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004, alleges as follows:

### JURISDICTION AND VENUE

1.        This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against VXN GROUP LLC, ("VXN GROUP"), STRIKE 3 HOLDINGS, LLC ("STRIKE 3"), GENERAL MEDIA SYSTEMS, LLC ("GENERAL MEDIA") and VXN GROUP's Executive Director, MIKE MILLER (collectively, "Vixen Media Group"). (collectively, and with DOES 1 through 100, as further defined below, "Defendants"), as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 6409.6, Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 226.8, Labor Code section 246, *et seq.*, Labor Code section 432, Labor Code section  1198.5, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

2.        Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

3.        Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Aggrieved Employees in Los Angeles County, and because Defendants employ numerous Aggrieved Employees in Los Angeles County.

4.      Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

5.      Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969. According to the same authorities, class certification of the PAGA allegations described herein is not required.

6.      During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 98.6, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 227.3, 246, 2802, 432, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198.5, 2699, 2802, 2810.5, 6409.2 among others.

7.      Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

8.      On April 17, 2023, Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested to Defendants, and each of them.

9.      Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the April 17, 2023 postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

## PAGA REPRESENTATIVE ALLEGATIONS

10.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to pay overtime wages to Plaintiff and other Aggrieved Employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and other Aggrieved Employees working over eight (8) hours per day, forty (40) hours per week, and/or seven (7) straight workdays in a workweek without paying them proper overtime wages, as a result of, without limitation, willful misclassification. Consequently, Employee is informed and believes, and based thereon alleges, that Employer violated Labor Code sections 510, 1194, and applicable Wage Orders based on its practice of providing total compensation that is less than the required legal overtime compensation for the overtime worked, to the detriment of Plaintiff and other Aggrieved Employees.

11.     At all relevant times mentioned herein, Defendants had and have a practice or policy of failing to compensate Plaintiff and other Aggrieved Employees with minimum wages for all hours worked or otherwise under Defendants' control. As such, Plaintiff is informed and believes, and based thereon alleges, that Employer violated, without limitation, Labor Code sections 221, 223, 1197, 1182.12, and applicable Wage Orders based on its continued failure to pay minimum wages for all hours worked, entitling Plaintiff and other aggrieved employees to actual and liquidated damages under, without limitation, Labor Code sections 1194 and 1194.2.  Employer would also be liable for civil penalties pursuant to Labor Code sections 558, 1197.1, and 2699.

12.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period for days on which the employee worked in excess of five (5) and ten (10) hours per day without being afforded uninterrupted, timely, and complete 30-minute meal periods or compensation in lieu thereof including, without limitation, by interrupting meal periods; not providing timely meal periods; failing to provide first and second meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal

1  periods; and/or auto-deducting meal periods that could not be auto-deducted by law or during which

2  employees worked, as required by California wage and hour laws.

3  13.    At all relevant times mentioned herein, Defendants had and have a policy or practice

4  of failing to provide Plaintiff and other Aggrieved Employees paid, uninterrupted, timely, and

5  complete rest periods of at least ten (10) minutes per four (4) hours worked or major fractions

6  thereof, or compensation in lieu thereof, including, without limitation, by failing to provide rest

7  periods all together; requiring that they be bundled together and/or with meal periods; interrupting

8  them; requiring that employees carry cellular telephones or walkie-talkies during rest periods not

9  providing them in a timely fashion; and not permitting employees to leave the premises; and/or

10  otherwise requiring on-duty/on-call rest periods, as required by California wage and hour laws.

11  14.    At all relevant times mentioned herein, Defendants had and have a policy or practice

12  of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish

13  Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect gross

14  wages earned; total hours worked by the employee; net wages earned; all deductions; all applicable

15  hourly rates in effect during the pay period and the corresponding number of hours worked at each

16  hourly rate by the employee; the legal name of the employer and/or the name and address of the

17  legal entity securing the employer's services if the employer is a farm labor contractor; and other

18  such information as required by Labor Code section 226, subdivision (a).

19  15.    At all relevant times mentioned herein, Defendants had and have a policy or practice

20  of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish

21  Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment

22  under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records

23  under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to

24  calculate their unpaid wages and/or premium payments, to the detriment of Plaintiff and other

25  Aggrieved Employees.

26  16.    At all relevant times mentioned herein, Defendants had and have a policy or practice

27  of failing to timely pay Plaintiff and other Aggrieved Employees, among other wages, all wages

28  owed as a result of Defendants' practice or policy of failing to pay, among other wages, overtime

wages, minimum wages, premium wages, paid time off and vacation time owed as required by Labor Code sections 201, 202, and 203.

17.    At all relevant times herein, Defendants had and have a policy or practice of failing to pay Plaintiff and Aggrieved Employees their paid time off and vacation time owed upon separation of employment as wages at their final rate of pay in violation of Labor Code section 227.3 and applicable Wage Orders.

18.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing and refusing, and continue to fail and refuse, to reimburse employees, including, without limitation, Plaintiff and other Aggrieved Employees, with their costs incurred, in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants, as required by Labor Code section 2802, and other statutory and common law offenses.  As a result, Employer are liable to reimburse Employee and other aggrieved employees for these costs incurred in furtherance of work duties.  In addition, Defendants would be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

19.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved Employees with the rates of pay and overtime rates of pay applicable to their employment; allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

20.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

REPRESENTATIVE ACTION COMPLAINT

21.     At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer.  Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

22.     Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section 1102.5.

23.     Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor Code sections 210, 226.3, 226.8, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

## PARTIES

### A.    Plaintiff

24.   Plaintiff Ms. Thoma, a resident of the State of California, is a decorated and well-known adult film actress and model who performs under the stage name "Kenzie Anne".   She has been named "Pet of the Year" by Penthouse magazine and shortly before the filing of this Complaint appeared on the cover of Hustler magazine.

25.   Before beginning her acting career, she modeled and participated in photo shoots for various clothing brands and adult magazines, such as Wet Seal, Free People, Carbon38, Playboy Plus, and Eats Channel.  In November of 2020, she signed a contract with Defendants, known widely as "Vixen Media Group", with her entry into the adult film industry occurring on or around April

7

30, 2021. Between November 2020 through approximately September of 2022, Ms. Thoma performed in Defendants' movies and modeled at their direction.

**B.    Defendants**

26.    Plaintiff is informed and believes that defendants VXN GROUP, STRIKE 3, and GENERAL MEDIA are limited liability companies organized and existing under the laws of the State of Delaware and doing business in the County of Los Angeles, State of California.

27.    VIXEN MEDIA GROUP is the creator of adult motion pictures and photographs distributed for commercial sale through various distribution outlets and platforms. It was founded in 2014 by French entrepreneur and director Greg Lansky along with partners Steven Matthyssen and Mike Miller with the goal of creating higher-quality videos that would be considered more "artistic" than the normal realm of adult video content. While Greg Lansky sold his stake in VIXEN MEDIA GROUP in January of 2020, it still owns and operates at least seven online adult film sites, including Vixen, Tushy, Blacked, Blacked Raw, Tushy Raw, Deeper and Slayed.

28.    VIXEN MEDIA GROUP has won many major awards in the adult-film industry, including an XBIZ Award as recently in 2022 for Studio of the Year.

29.    Plaintiff is informed and believes and based thereon alleges that defendant MILLER is, and at all times relevant hereto was, an individual residing in California, as well as a founder, principal, and the Executive Producer of VXN GROUP, and DOES 1 through 50, as further defined below. Plaintiff is further informed and believes and based thereon alleges that MILLER violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

30.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## **JOINT LIABILITY ALLEGATIONS**

31.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

32.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers.  In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

33.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of the purported corporate existence of VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER , and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

a.  The Alter Ego Defendants are completely dominated and controlled by the

Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who have hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

b.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

c.   Plaintiff is informed and believes, and thereon alleges, that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

d.   Plaintiff is informed and believes, and thereon alleges, that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

e.   The recognition of the separate existence of the Individual Defendants from the Alter Ego Defendants would promote injustice insofar that it would permit these defendants to insulate themselves from liability to Plaintiff for violations to the Civil Code, Government Code, and other statutory violations.   The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

f.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded.

34.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based

10

1  thereon alleges that Defendants, and each of them, are joint employers.

2  **FIRST CAUSE OF ACTION**

3  **(Civil Penalties Under the Private Attorneys' General Act (2004) – Against All Defendants)**

4  35.    Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the

5  preceding paragraphs as though fully set forth hereat.

6  Civil Penalties Under Labor Code § 210

7  36.    At all relevant times herein, Labor Code section 204, requires and required that:

8  "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for

9  between the 16th and 26th day of the month during which the labor was performed, and labor

10  performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for

11  between the 1st and 10th day of the following month."

12  37.    At all relevant times herein, Labor Code section 210, subdivision (a) states and stated

13  that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this

14  article, every person who fails to pay the wages of each employee as provided in Sections 201.3,

15  204, 204b, 204.1, 205, 205.5, shall be subject to a civil penalty as follows: (1) For any initial

16  violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each

17  subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each

18  failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

19  38.    At all relevant times herein, Defendants have had a consistent policy or practice of

20  failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as

21  per Labor Code section 204.   Thus, pursuant to Labor Code section 210, Plaintiff and other

22  Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor

23  Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for

24  each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee

25  for each subsequent violation in connection with each payment that was made in violation of Labor

26  Code section 204.

27  Civil Penalties Under Labor Code § 226.3

28  39.    Defendants had and have a policy or practice of failing to comply with Labor Code

11

section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; the name and address of each employer with whom they have been placed to work; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

40.    Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

41.    Labor Code section 226.3 further provides that "[t]he civil penalties provided for in this section are in addition to any other penalty provided by law."

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a policy or practice of failing to furnish non-exempt employees, including, without limitation, Plaintiff, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all deductions; all applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate in effect during the pay period; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

43.    Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay period for each subsequent violation.

///

REPRESENTATIVE ACTION COMPLAINT

<u>Civil Penalties Under Labor Code § 226.8</u>

44.　　Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

45.　　Plaintiff is informed and believes that Defendants had and have a policy or practice of failing to comply with Labor Code section 226.8 as Defendants willfully misclassified Plaintiff and other aggrieved employees as independent contractors.

46.　　Labor Code section 226.8(b) states: "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

47.　　Labor Code section 226.8(c) states: "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

48.　　Thus, pursuant to Labor Code section 226.8, Plaintiff and other Aggrieved Employees she seeks to represent are entitled to recover civil penalties for Defendants' violation of Labor Code section 226.8, subdivision (a) in the amount specified in Labor Code sections 226.8, subdivisions (b) and (c).

<u>Violation of Labor Code § 558</u>

49.　　Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any of the Industrial Welfare Commission" shall be subject to a civil penalty as follows:

(1)　　For any initial violation, fifty dollars ($50) for each underpaid employee and for each pay period for which the employee was underpaid in addition to an amount sufficient

13

to recover underpaid wages;

(2)   For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3)   Wages recovered pursuant to this section shall be paid to the affected employee."

50.   Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiff and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by employer, the name of the employer, including any "doing business as" names used, the name, address, and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

51.   As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 1174.5</u>

52.   At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make.  The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

53.   At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

14

54.      At all times mentioned herein, Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years.  An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

55.      Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

56.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have willfully failed to keep adequate or accurate time records including wage statements and similar payroll documents under Labor Code section 226, documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174.

57.      As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

<u>Violation of Labor Code § 1197.1</u>

58.      Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages,

15

liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

>     (1)    For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
>     (2)    For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
>     (3)    Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

59.    Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiff and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiff or other Aggrieved Employees' minimum wages for all hours worked or otherwise under Defendants' control due to, without limitation, routinely failing to accurately track and/or pay for all hours actually worked; detrimental rounding or manipulation of time entries; paying straight pay instead of overtime or otherwise failing to pay overtime hours at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, entitling Plaintiff and other aggrieved Employees to actual and liquidated damages.

60.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and

REPRESENTATIVE ACTION COMPLAINT

two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Civil Penalties Under Labor Code § 2699</u>

61.    Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

62.    Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

63.    Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, violated the Labor Code sections described herein, including, without limitation, for the failure to: pay the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Defendants, the name of the employer, including "doing business as" names used, the name, address, and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5, failing to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California and local laws.

64.    Moreover, Plaintiff and other Aggrieved Employees within the State of California whom he seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

///

17

**REQUEST FOR JURY TRIAL**

65.     Plaintiff hereby requests a trial by jury.

**PRAYER**

**WHEREFORE**, on behalf of Plaintiff and Aggrieved Employees, Plaintiff prays for judgment against Defendants as follows:

A.     An award of civil penalties pursuant to Labor Code sections 210, 226.3, 226.8, 558, 1174.5, 1197.1, and 2699;

B.     An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699;

C.     Pre-judgment and post-judgment interest;

D.     For costs of suit incurred herein; and

E.     Such other and further relief as the Court deems just and proper.

Dated: July 11, 2023                    BIBIYAN LAW GROUP, P.C.


                                        BY:  */s/ Sarah H. Cohen*
                                             DAVID D. BIBIYAN
                                             JEFFREY D. KLEIN
                                             SARAH H. COHEN
                                        Attorneys for Plaintiff MACKENZIE ANNE
                                        THOMA, as an aggrieved employee, and on
                                        behalf of all other aggrieved employees under
                                        the Labor Code Private Attorneys' General
                                        Act of 2004,

Exhibit 2

Electronically Filed by Superior Court of California, County of Orange, 02/25/2022 11:15:26 AM.
30-2022-01247176-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.
ID #:429

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sara Keane (SBN 336010)
*skeane@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, SILVIA ALFARO, as an aggrieved
employee, and on behalf of all other aggrieved employees

Assigned For All Purposes
Judge William Claster

CX-104

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| SILVIA ALFARO, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004,<br><br>        Plaintiff,<br><br>        v.<br><br>BANTER BY PIERCING PAGODA, an Ohio corporation; PIERCING PAGODA, an Ohio corporation; ZALE DELAWARE, INC., a Delaware corporation; AMANDA HORN, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.: 30-2022-01247176-CU-OE-CXC<br><br>**REPRESENTATIVE ACTION**<br><br>**COMPLAINT UNDER THE LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT OF 2004 FOR CIVIL PENALTIES UNDER LABOR CODE SECTIONS 210, 226.3, 558, 1174.5, 1197.1 and 2699**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Greater Than $25,000.00] |

        COMES NOW Plaintiff SYLVIA ALFARO ("Plaintiff"), as aggrieved employees, and on

behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of

2004, and alleges as follows:

BIBIYAN LAW GROUP
A Professional Corporation.
8484 Wilshire Blvd., Ste 500
Beverly Hills, California 90211
www.tomorrowlaw.com

PAGA COMPLAINT

**JURISDICTION AND VENUE**

1.      This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against BANTER BY PIERCING PAGODA, an Ohio corporation, and any of its respective subsidiaries or affiliated companies within the State of California ("BANTER"), PIERCING PAGODA, an Ohio corporation, and any of its respective subsidiaries or affiliated companies within the State of California ("PAGODA"), ZALE DELAWARE, INC., a Delaware corporation and any of its respective subsidiaries or affiliated companies within the State of California ("ZALES"), and AMANDA HORN ("HORN" and, collectively with BANTER, PAGODA, ZALES, and DOES 1 through 100, as further defined below, "Defendants"), as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 227.3, Labor Code section 246, *et seq.*, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

2.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

3.      Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in Orange County, and because Defendants employ numerous Class Members in Orange County.

4.         Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein.  Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

5.         Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the PAGA allegations described herein is not required.

6.         During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 96, 98.6, 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 232, 232.5, 246, *et seq.*, 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1197.5, 1198.5, 2699, 2802, and 2810.5, among others.

7.         Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

8.         On or around December 21, 2021, Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested to Defendants, and each of them.

9.         Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the December 21, 2021 postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

## PAGA REPRESENTATIVE ALLEGATIONS

10.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to pay overtime wages to Plaintiff and other Aggrieved Employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and other Aggrieved Employees working over eight (8) hours per day, forty (40) hours per week, and/or seven (7) straight workdays in a workweek without paying them proper overtime wages, as a result of, without limitation, failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to remain on-call, to suffer under Defendants' control to complete pre-shift tasks before clocking in and post-shift tasks after clocking out (including answering calls from dispatch and others), to clock out for meal periods and continue working, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls or drive off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked, and for paying straight pay instead of overtime pay, to the detriment of Plaintiff and other Aggrieved Employees.

11.     At all relevant times mentioned herein, Defendants had and have a practice or policy of failing to compensate Plaintiff and other Aggrieved Employees with minimum wages for all hours worked or otherwise under Defendants' control as a result of, without limitation, failing to accurately track and/or pay for all minutes actually worked; by requiring employees: to remain on-call; to suffer under Defendants' control to complete pre-shift tasks before clocking in and post-shift tasks after clocking out (including answering calls from dispatch and others), to clock out for meal periods and continue working, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls or drive off the clock; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours

4

than actually worked; failing to pay reporting time pay; paid time off and vacation time owed; and failing to pay split shift premiums, to the detriment of Plaintiff and other Aggrieved Employees.

12.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period for days on which the employee worked in excess of five (5) and ten (10) hours per day without being afforded uninterrupted, timely, and complete 30-minute meal periods or compensation in lieu thereof including, without limitation, by interrupting meal periods; not providing timely meal periods; failing to provide first and second meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal periods; and/or auto-deducting meal periods that could not be auto-deducted by law or during which employees worked, as required by California wage and hour laws.

13.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees paid, uninterrupted, timely, and complete rest periods of at least ten (10) minutes per four (4) hours worked or major fractions thereof, or compensation in lieu thereof, including, without limitation, by failing to provide rest periods all together; requiring that they be bundled together and/or with meal periods; interrupting them; requiring that employees carry cellular telephones or walkie-talkies during rest periods not providing them in a timely fashion; and not permitting employees to leave the premises; and/or otherwise requiring on-duty/on-call rest periods, as required by California wage and hour laws.

14.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked by the employee; net wages earned; all deductions; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

15.      At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to calculate their unpaid wages and/or premium payments, to the detriment of Plaintiffs and other Aggrieved Employees.

16.      At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to timely pay Plaintiff and other Aggrieved Employees, among other wages, all wages owed as a result of Defendants' practice or policy of failing to pay, among other wages, overtime wages, minimum wages, premium wages, paid time off and vacation time owed as required by Labor Code sections 201, 202, and 203.

17.      At all relevant times herein, Defendants had and have a policy or practice of failing to pay Plaintiff and Aggrieved Employees their paid time off and vacation time owed upon separation of employment as wages at their final rate of pay in violation of Labor Code section 227.3 and applicable Wage Orders.

18.      At all relevant times mentioned herein, Defendants have had a policy or practice of failing and refusing, and continue to fail and refuse, to reimburse employees, including, without limitation, Plaintiff and other Aggrieved Employees, with their costs incurred for driving personal vehicles (*i.e.*, mileage and gas), purchasing uniforms, providing uniform and other deposits, separately laundering mandatory uniforms, for the purchase of tools and safety equipment (including work boots to handle oil), for the purchase and maintenance of cellular phones and cellular phone plans, in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants, as required by Labor Code 2802.

19.      At all relevant times mentioned herein, Defendants have had a policy or practice of failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved Employees with the rates of pay and overtime rates of pay applicable to their employment;

allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

20.    At all relevant times mentioned herein, Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law (including, without limitation Labor Code section 246, *et seq.*), and also did not permit its use upon request as contemplated under California laws, to the detriment of Plaintiff and all other Aggrieved Employees.

21.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

22.    At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer.  Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

23.    Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section

1102.5.  In addition, Plaintiff is informed and believes that Defendants' herein-described policies and/or practices prevent Plaintiff and/or other Aggrieved Employees from disclosing information about unsafe or discriminatory working conditions, or about wage and hour violations in violation of Labor Code section 232 and 232.5.

24.    Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from engaging in lawful conduct during non-work hours, thus violating state statutes entitling employees to disclose wages, working conditions, and illegal conduct, including, without limitation, Labor Code sections 96, subdivision (k), 98.6, 232, 232.5, and 1197.5, subdivision (k).  Plaintiff is informed and believes that this lawful conduct includes the exercise of Plaintiff's and/or other Aggrieved Employee's constitutional rights of freedom of speech and economic liberty.

25.    Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

## PARTIES

### A.    Plaintiff

26.    Plaintiff is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, p customer service, payroll, training, and managing the storefront.  Plaintiff is informed and believes that Plaintiff worked for Defendants from approximately November of 2018 through approximately August of 2021.

### B.    Defendants

27.    Plaintiff is informed and believes and based thereon alleges that Defendant BANTER is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Ohio and doing business in the County of Orange, State of California.

28.    Plaintiff is informed and believes and based thereon allege that Defendant PAGODA is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

8

1    the laws of the State of Ohio and doing business in the County of Orange, State of California.

2        29.        Plaintiff is informed and believes and based thereon allege that Defendant ZALES

3    is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

4    the laws of the State of Delaware and doing business in the County of Orange, State of California.

5        30.        Plaintiff is informed and believes and based thereon alleges that Defendant HORN

6    is, and at all times relevant hereto was, an individual residing in California, as well as Regional

7    Manager for BANTER, PAGODA, ZALES, and DOES 1 through 100, as further defined below.

8        31.        The true names and capacities, whether individual, corporate, associate, or otherwise,

9    of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

10    who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

11    Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

12    herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

13    Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

14    the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

15    informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

16    to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

17    policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

18    other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

19    include BANTER, PAGODA, ZALES, and any of their parent, subsidiary, or affiliated companies

20    within the State of California, HORN, as well as DOES 1 through 100 identified herein.

21                            **JOINT LIABILITY ALLEGATIONS**

22        32.        Plaintiff is informed and believes, and based thereon alleges, that at all times

23    mentioned herein, each of the defendants was the agent, principal, employee, employer,

24    representative, joint venture or co-conspirator of each of the other defendants, either actually or

25    ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

26    employment, joint venture, and conspiracy.

27        33.        All of the acts and conduct described herein of each and every corporate defendant

28    was duly authorized, ordered, and directed by the respective and collective defendant corporate

9

employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

34.    Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

35.    Plaintiff is informed and believes, and based thereon allege that despite the formation of the purported corporate existence of BANTER, PAGODA, ZALES, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with HORN and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

a.    The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

b.    The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

c.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of

10

perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

d.  Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

e.  The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

f.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded.

36.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## FIRST CAUSE OF ACTION

### (Civil Penalties under the Private Attorneys General Act (2004) – Against All Defendants)

37.   Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as though fully set forth hereat.

//

11

1

**Civil Penalties Under Labor Code § 210**

2    38.    At all relevant times herein, Labor Code section 204, requires and required that:

3    "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for

4    between the 16th and 26th day of the month during which the labor was performed, and labor

5    performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for

6    between the 1st and 10th day of the following month."

7    39.    At all relevant times herein, Labor Code section 210, subdivision (a) states and stated

8    that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this

9    article, every person who fails to pay the wages of each employee as provided in Sections 201.3,

10   204, 204b, 204.1, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any

11   initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For

12   each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for

13   each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

14   40.    At all relevant times herein, Defendants have had a consistent policy or practice of

15   failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as

16   per Labor Code section 204.    Thus, pursuant to Labor Code section 210, Plaintiff and other

17   Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor

18   Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for

19   each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee

20   for each subsequent violation in connection with each payment that was made in violation of Labor

21   Code section 204.

22   **Civil Penalties Under Labor Code § 226.3**

23   41.    Defendants had and have a policy or practice of failing to comply with Labor Code

24   section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees

25   with itemized wage statements that accurately reflect gross wages earned; total hours worked; net

26   wages earned; the name and address of each employer with whom they have been placed to work;

27   all applicable hourly rates in effect during the pay period and the corresponding number of hours

28   worked at each hourly rate; the legal name of the employer and/or the name and address of the legal

12

1 entity securing the employer's services if the employer is a farm labor contractor; and other such
2 information as required by Labor Code section 226, subdivision (a).

3    42.    Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a)
4 of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)
5 per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for
6 each violation in a subsequent citation, for which the employer fails to provide the employee a wage
7 deduction statement or fails to keep the records required in subdivision (a) of Section 226."

8    43.    Labor Code section 226.3 further provides that "[t]he civil penalties provided for in
9 this section are in addition to any other penalty provided by law."

10    44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had
11 and have a policy or practice of failing to furnish non-exempt employees, including, without
12 limitation, Plaintiff, with itemized wage statements that accurately reflect gross wages earned; total
13 hours worked; net wages earned; all deductions; all applicable hourly rates in effect and the
14 corresponding number of hours worked at each hourly rate in effect during the pay period; the legal
15 name of the employer and/or the name and address of the legal entity securing the employer's services
16 if the employer is a farm labor contractor; and other such information as required by Labor Code
17 section 226, subdivision (a).

18    45.    Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are
19 entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision
20 (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period
21 for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay
22 period for each subsequent violation.

23                              Violation of Labor Code § 558

24    46.    Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person
25 acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating
26 hours and days of work in any of the Industrial Welfare Commission" shall be subject to a civil
27 penalty as follows:

28    (1)    For any initial violation, fifty dollars ($50) for each underpaid employee and for each

pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3)    Wages recovered pursuant to this section shall be paid to the affected employee.

47.    Plaintiff is informed and believes, and based thereon allege, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiffs and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Employer, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

48.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiffs and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

Violation of Labor Code § 1174.5

49.    At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make.  The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

50.    At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of

14

1    all employees employed and the ages of all minors."

2    51.    At all times mentioned herein, Labor Code section 1174, subdivision (d) has required

3    every person employing labor in California to "[k]eep, at a central location in the state or at the

4    plants or establishments at which employees are employed, payroll records showing the hours

5    worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable

6    piece rate paid to, employees employed at the respective plants or establishments.  These records

7    shall be kept in accordance with rules established for this purpose by the commission, but in any

8    case, shall be kept on file for not less than three years.  An employer shall not prohibit an employee

9    from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units

10   earned."

11   52.    Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully

12   fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate

13   and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any

14   member of the commission or employees of the division to inspect records pursuant to subdivision

15   (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

16   53.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have

17   willfully failed keep adequate or accurate time records including wage statements and similar

18   payroll documents under Labor Code section 226, documents signed to obtain or hold employment

19   under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records

20   under Labor Code section 1174.

21   54.    As a direct and proximate result of the herein-described Labor Code violations,

22   pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to

23   recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five

24   hundred dollars ($500) per violation per Aggrieved Employee.

25                    <u>Violation of Labor Code § 1197.1</u>

26   55.    Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other

27   person acting either individually or as an officer, agent, or employee of another person, who pays

28   or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or

15

local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

        (1)    For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

        (2)    For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

        (3)    Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiffs and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiffs or other Aggrieved Employees' to pay minimum wages for all hours worked, entitling Employee and other aggrieved employees to actual and liquidated damages.

57.     As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Civil Penalties Under Labor Code § 2699</u>

58.     Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

59.     Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

60.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, violated the Labor Code sections described herein, including, without limitation, for the failure to: pay the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Defendants, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Employer under Labor Code section 2810.5, failing to provide Employee and other aggrieved employees with the amount of paid sick leave required to be provided pursuant to California and local laws.

61.     Moreover, Plaintiff and other Aggrieved Employees within the State of California whom he seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

//

//

//

**DEMAND FOR JURY TRIAL**

62.    Plaintiff hereby requests a trial by jury.

**PRAYER**

**WHEREFORE**, on behalf of Plaintiff and Aggrieved Employees, Plaintiff prays for judgment against Defendants as follows:

A.    An award of civil penalties pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699;

B.    An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699;

C.    Pre-judgment and post-judgment interest;

D.    For costs of suit incurred herein; and

E.    Such other and further relief as the Court deems just and proper.

Dated: February 25, 2022                    BIBIYAN LAW GROUP, P.C.


BY: _Jeffrey D. Klein_____
JEFFREY D. KLEIN
DAVID D. BIBIYAN
Attorneys for Plaintiff SYLVIA ALFARO, as
an aggrieved employee, and on behalf of all
other aggrieved employees under the Labor
Code Private Attorneys' General Act of 2004

Exhibit 3

Electronically FILED by Superior Court of California, County of Los Angeles on 01/11/2023 at 04:05 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia, Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar. No. 297296)
*jeff@tomorrowlaw.com*
Alexander D. Wallin (Cal. Bar No. 320420)
*alex@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555
Facsimile: (310) 300-1705
Attorneys for Plaintiff, ANITA GAMARRO and
on behalf of himself and all other aggrieved employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANITA GAMARRO, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004, <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois limited liability company; WALGREEN CO., an Illinois corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 23STCV00615 <br><br> **REPRESENTATIVE ACTION** <br><br> **COMPLAINT UNDER THE LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT OF 2004 FOR CIVIL PENALTIES UNDER LABOR CODE SECTIONS 210, 226.3, 558, 1174.5, 1197.1 and 2699** <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Amount in Controversy Greater Than $25,000.00] |

COMES NOW plaintiff ANITA GAMARRO ("Plaintiff"), as aggrieved employees, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004, and alleges as follows:

BIBIYAN LAW GROUP
A Professional Corporation.
8484 Wilshire Blvd., Ste 500
Beverly Hills, California 90211
www.tomorrowlaw.com

PAGA COMPLAINT

**JURISDICTION AND VENUE**

1. This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against WALGREEN PHARMACY SERVICES MIDWEST, LLC., an Illinois limited liability company, and any of its respective subsidiaries or affiliated companies within the State of California ("WALGREEN SERVICES"), and WALGREEN CO., an Illinois corporation, and any of its respective subsidiaries or affiliated companies within the State of California ("WALGREEN," and together with "WALGREEN SERVICES" and DOES 1 through 100, as further defined below, "Defendants"), as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 227.3, Labor Code section 246, *et seq.*, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

2. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

3. Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiffs, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Aggrieved Employees in Los Angeles County, and because Defendants employ numerous Aggrieved Employees in Los Angeles County.

4. Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code

2

violations set forth herein.  Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

5.    Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the PAGA allegations described herein is not required.

6.    During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 96, 98.6, 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 232, 232.5, 246, *et seq.*, 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1197.5, 1198.5, 2699, 2802, and 2810.5, among others.

7.    Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

8.    On or around August 10, 2022 Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested to Defendants, and each of them.

9.    Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the August 10, 2022 postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

/ / /

/ / /

**PAGA REPRESENTATIVE ALLEGATIONS**

10.     At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to pay overtime wages to Plaintiff and other Aggrieved Employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and other Aggrieved Employees working over eight (8) hours per day, forty (40) hours per week, and/or seven (7) straight workdays in a workweek without paying them proper overtime wages, as a result of, without limitation, failing to accurately track and/or pay for all minutes actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring employees: to remain on-call, to suffer under Defendants' control to complete pre-shift tasks before clocking in and post-shift tasks after clocking out (including answering calls from dispatch and others), to clock out for meal periods and continue working, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls or drive off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked, and for paying straight pay instead of overtime pay, and engaging, suffering, or permitting employees to go through temperature checks off the to the detriment of Plaintiff and other Aggrieved Employees.

11.     At all relevant times mentioned herein, Defendants had and have a practice or policy of failing to compensate Plaintiff and other Aggrieved Employees with minimum wages for all hours worked or otherwise under Defendants' control as a result of, without limitation, failing to accurately track and/or pay for all minutes actually worked; by requiring employees: to remain on-call; to suffer under Defendants' control to complete pre-shift tasks before clocking in and post-shift tasks after clocking out (including answering calls from dispatch and others), to clock out for meal periods and continue working, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls or drive off the clock; detrimental

rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked; failing to pay reporting time pay; failing to pay split shift premiums; and engaging, suffering, or permitting employees to go through temperature checks off the clock to the detriment of Plaintiff and other Aggrieved Employees.

12.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period for days on which the employee worked in excess of five (5) and ten (10) hours per day without being afforded uninterrupted, timely, and complete 30-minute meal periods or compensation in lieu thereof including, without limitation, by interrupting meal periods; not providing timely meal periods; failing to provide first and second meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal periods; or auto-deducting meal periods that could not be auto-deducted by law or during which employees worked, as required by California wage and hour laws

13.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees paid, uninterrupted, timely, and complete rest periods of at least ten (10) minutes per four (4) hours worked or major fractions thereof, or compensation in lieu thereof, including, without limitation, by failing to provide rest periods all together; requiring that they be bundled together and/or with meal periods; interrupting them; requiring that employees carry cellular telephones or walkie-talkies during rest periods not providing them in a timely fashion; and not permitting employees to leave the premises; and/or otherwise requiring on-duty/on-call rest periods, as required by California wage and hour laws.

14.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked by the employee; net wages earned; all deductions; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; the legal name of the employer and/or the name and address of the legal

1    entity securing the employer's services if the employer is a farm labor contractor; and other such

2    information as required by Labor Code section 226, subdivision (a).

3        15.    At all relevant times mentioned herein, Defendants had and have a policy or practice

4    of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish

5    Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment

6    under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records

7    under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to

8    calculate their unpaid wages and/or premium payments, to the detriment of Plaintiffs and other

9    Aggrieved Employees.

10       16.    At all relevant times mentioned herein, Defendants had and have a policy or practice

11   of failing to timely pay Plaintiff and other Aggrieved Employees, among other wages, all wages

12   owed as a result of Defendants' practice or policy of failing to pay, among other wages, overtime

13   wages, minimum wages, premium wages, paid time off and vacation time owed as required by Labor

14   Code sections 201, 202, and 203.

15       17.    At all relevant times mentioned herein, Defendants have had a policy or practice of

16   failing and refusing, and continue to fail and refuse, to reimburse employees, including, without

17   limitation, Plaintiff and other Aggrieved Employees, with their costs incurred for driving personal

18   vehicles (*i.e.*, mileage and gas), purchasing uniforms, providing uniform and other deposits,

19   separately laundering mandatory uniforms, for the purchase of tools and safety equipment (including

20   work boots to handle oil), for the purchase and maintenance of cellular phones and cellular phone

21   plans, in direct consequence of the discharge of their duties, or of their obedience to the directions

22   of Defendants, as required by Labor Code 2802.

23       18.    At all relevant times mentioned herein, Defendants have had a policy or practice of

24   failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft

25   Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved

26   Employees with the rates of pay and overtime rates of pay applicable to their employment;

27   allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the

28   name, address, and telephone number of the workers' compensation insurance carrier; information

6

regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

19.    At all relevant times mentioned herein, Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law (including, without limitation Labor Code section 246, *et seq.*), and also did not permit its use upon request as contemplated under California laws, to the detriment of Plaintiff and all other Aggrieved Employees.

20.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive of any calendar month, shall be paid for between the 1st and 10th day of the following month."

21.    At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer.  Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

22.    Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section 1102.5.  In addition, Plaintiff is informed and believes that Defendants' herein-described policies and/or practices prevent Plaintiff and/or other Aggrieved Employees from disclosing information

1   about unsafe or discriminatory working conditions, or about wage and hour violations in violation

2   of Labor Code section 232 and 232.5.

3       23.     Defendants had and have a policy or practice of preventing Plaintiff and/or other

4   Aggrieved Employees from engaging in lawful conduct during non-work hours, thus violating state

5   statutes entitling employees to disclose wages, working conditions, and illegal conduct, including,

6   without limitation, Labor Code sections 96, subdivision (k), 98.6, 232, 232.5, and 1197.5,

7   subdivision (k). Plaintiff is informed and believes that this lawful conduct includes the exercise of

8   Plaintiff's and/or other Aggrieved Employee's constitutional rights of freedom of speech and

9   economic liberty.

10      24.     Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor

11   Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate

12   the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved

13   Employees pursuant to PAGA.

14                  **PARTIES**

15     **A.**    **Plaintiff**

16      25.     Plaintiff is a resident of the State of California. At all relevant times herein, Plaintiff

17   is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-

18   exempt employee, with duties that included, but were not limited to, pharmacy related tasks such as

19   filling prescriptions and assisting with vaccinations. Plaintiff is informed and believes that Plaintiff

20   worked for Defendants from approximately May of 2020 through approximately November of 2021.

21     **B.**    **Defendants**

22      26.     Plaintiff is informed and believes and based thereon alleges that defendant

23   WALGREEN CO is, and at all times relevant hereto was, a limited liability company organized and

24   existing under and by virtue of the laws of the Illinois and doing business in the County Los Angeles,

25   State of California.

26      27.     Plaintiff is informed and believes and based thereon alleges that defendant

27   WALGREEN is, and at all times relevant hereto was, a corporation organized and existing under

28   and by virtue of the laws of the State of Illinois and doing business in the County of Los Angeles,

State of California.

28.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include WALGREEN CO, WALGREEN, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

29.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

30.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers.  In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

9

1    aforementioned corporate employees, agents and representatives.

2        31.        Plaintiff is informed and believes, and based thereon alleges, that despite the

3    formation of the purported corporate existence of WALGREEN CO, WALGREEN, and DOES 1

4    through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same

5    with DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to,

6    the following reasons:

7            a.    The Alter Ego Defendants are completely dominated and controlled by the

8    Individual Defendants who personally committed the wrongful and illegal acts and violated the laws

9    as set forth in this Complaint, and who have hidden and currently hide behind the Alter Ego

10   Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or

11   inequitable purpose;

12           b.    The Individual Defendants derive actual and significant monetary benefits by

13   and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as

14   the funding source for the Individual Defendants' own personal expenditures;

15           c.    Plaintiff is informed and believes, and thereon alleges, that the Individual

16   Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear

17   as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

18   accomplishing some other wrongful or inequitable purpose;

19           d.    Plaintiff is informed and believes, and thereon alleges, that the business affairs

20   of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned

21   herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same

22   are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein

23   were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of

24   their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned

25   herein were, the alter egos of the Individual Defendants;

26           e.    The recognition of the separate existence of the Individual Defendants from

27   the Alter Ego Defendants would promote injustice insofar that it would permit these defendants to

28   insulate themselves from liability to Plaintiffs for violations to the Civil Code, Government Code,

and other statutory violations.    The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

             f.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded.

32.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## FIRST CAUSE OF ACTION

**(Civil Penalties under the Private Attorneys General Act (2004) – Against All Defendants)**

33.      Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as though fully set forth hereat.

Civil Penalties Under Labor Code § 210

34.      At all relevant times herein, Labor Code section 204, requires and required that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

35.      At all relevant times herein, Labor Code section 210, subdivision (a) states and stated that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

36.      At all relevant times herein, Defendants have had a consistent policy or practice of failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as per Labor Code section 204.    Thus, pursuant to Labor Code section 210, Plaintiff and other

11

Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204.

<u>Civil Penalties Under Labor Code § 226.3</u>

37.    Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; the name and address of each employer with whom they have been placed to work; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the legal name of the employer; and other such information as required by Labor Code section 226, subdivision (a).

38.    Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

39.    Labor Code section 226.3 further provides that "[t]he civil penalties provided for in this section are in addition to any other penalty provided by law."

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a policy or practice of failing to furnish non-exempt employees, including, without limitation, Plaintiff, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all deductions; all applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate in effect during the pay period; the legal name of the employer and; and other such information as required by Labor Code section 226, subdivision (a).

/ / /

41.      Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 558</u>

42.      Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any of the Industrial Welfare Commission" shall be subject to a civil penalty as follows:

(1)     For any initial violation, fifty dollars ($50) for each underpaid employee and for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(2)     For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3)     Wages recovered pursuant to this section shall be paid to the affected employee.

43.      Plaintiff is informed and believes, and based thereon allege, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiffs and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Employer, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

44.      As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiffs and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred

13

dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 1174.5</u>

45.    At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make.  The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

46.    At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

47.    At all times mentioned herein, Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years.  An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

48.    Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

/ / /

/ / /

49.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have willfully failed keep adequate or accurate time records including wage statements and similar payroll documents under Labor Code section 226, documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174.

50.     As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

<u>Violation of Labor Code § 1197.1</u>

51.     Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1)     For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2)     For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

/ / /

(3)    Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

52.    Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiffs and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiffs or other Aggrieved Employees' to pay minimum wages for all hours worked, entitling Employee and other aggrieved employees to actual and liquidated damages.

53.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code section 1198</u>

54.    Plaintiff is informed and believes, and based thereon alleges that Defendants had and has a policy or practice of failing to provide all working employees with suitable seats when the nature of the work reasonably permits the use of seats.  Plaintiff is further informed and believes, and based thereon alleges that Defendants have failed to place an adequate number of seats in reasonable proximity to the work area and/or permitted employees to use such seats when it does not interfere with the performance of their duties when employees are not engaged in the active duties of their employment and the nature of their work requires standing.

55.    California Labor Code Section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that " . . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

/ / /

56.     Section 14 of the applicable Wage Order provides that:  "(A) all working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

57.     At all relevant times, Defendants have failed to provide such suitable seating to Plaintiff and Class Members, including when Plaintiff and Class Members are not engaged in the active duties of their employment.  Upon information and belief, the work performed by persons in these positions includes common tasks that could be performed while seated and the location of the tasks to be performed made it feasible to do so while seated.

58.     As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code section 6400 *et seq.*</u>

59.     Plaintiff is informed and believes and based thereon alleges that Defendants had and have a policy or practice of failing to furnish and use safety devices and safeguards. And adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful, pursuant to, including but not limited to, Labor Code section 6401.  Plaintiff is informed and believes and based thereon alleges that Defendants had and has a policy or practice of requiring or permitting employees to go or be in any employment or place of employment which is not safe and healthful, pursuant to Labor Code section 6402.  Plaintiff is informed and believes, and based thereon alleges that Defendants had and has a policy or practice of failing or neglecting to: provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe; adopt and use

17

methods and processes reasonably adequate to render the employment and place of employment safe; and do every other thing reasonably necessary to protect the life, safety, and health of employees, pursuant to Labor Code section 6403.

60.      Plaintiff is informed and believes, and based thereon alleges that these failures include, without limitation, failing to disinfect time clocks and other surfaces after use by Plaintiff and/or other aggrieved employees; failing to provide adequate protection equipment to Plaintiff and/or other aggrieved employees; and failing to provide adequate distance in working conditions between Plaintiff and/or other aggrieved employees.

61.      Plaintiff is informed and believes, and based thereon alleges that Defendants had and has a policy or practice of failing to give sufficient, adequate and proper notice to employees of the Covid-19 exposure within one business day of receiving notice of potential Covid-19 workplace exposure from a qualifying individual as required by Labor Code section 6409.6.  Plaintiff is informed and believes that numerous employees contracted COVID-19 during the relevant time periods, but that Employer failed to provide notice to employees. Plaintiff is additionally informed and believes that Defendants have not or did not keep adequate records of written notifications required in subdivision (a) for a period of at least three years.

62.      Specifically, Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a practice or policy of failing within one business day after Defendants or a representative of Defendants received a notice of potential exposure to COVID-19 to provide written notice to Plaintiff and other aggrieved employees, or their exclusive representatives, who were on the premises at the same worksite as a qualifying individual who was within the infectious period that they may have been exposed to COVID-19.  Furthermore, Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a practice or policy of failing within one business day after Defendants or a representative of Defendants received a notice of potential exposure to COVID-19 to provide Plaintiff and other aggrieved employees who were on the premises at the same worksite as the qualifying individual within the infectious period and the exclusive representative, if any, with information regarding COVID-19-related benefits to which the employee may be entitled under applicable federal, state, or local laws, including, but not limited

18

to, workers' compensation, and options for exposed employees, including COVID-19-related leave, company sick leave, state-mandated leave, supplemental sick leave, or negotiated leave provisions, as well as antiretaliation and antidiscrimination protections of the employee. Plaintiff is informed and believes, and based thereon alleges, that Defendants violated, without limitation, Labor Code sections 6409.6 and 6432.

63.    Additionally, Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a practice or policy of failing within one business day after Defendants or a representative of Defendants received a notice of potential exposure to COVID-19 to notify Defendants and other aggrieved employees who were on the premises at the same worksite as the qualifying individual within the infectious period, and the employers of subcontracted employees who were on the premises at the same worksite as the qualifying individual within the infectious period and the exclusive representative, if any, of the cleaning and disinfection plan that the employer is implementing per the guidelines of the federal Centers for Disease Control and Prevention and the COVID-19 prevention program per the Cal-OSHA COVID-19 Emergency Temporary Standards. Plaintiff is informed and believes, and based thereon alleges, that Defendants violated, without limitation, Labor Code sections 6409.6 and 6432.

64.    Moreover, Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a practice or policy of failing to notify the local public health agency in the jurisdiction of the worksite of the names, number, occupation, and worksite of employees who had a laboratory-confirmed case of COVID-19, as defined by the State Department of Public Health; a positive COVID-19 diagnosis from a licensed health care provider; a COVID-19-related order to isolate provided by a public health official; or died due to COVID-19, in the determination of a county public health department or per inclusion in the COVID-19 statistics of a county. Plaintiff is informed and believes, and based thereon alleges, that Defendants violated, without limitation, Labor Code sections 6409.6 and 6432.

65.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code sections 6400 *et seq*, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one

19

hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Civil Penalties Under Labor Code § 2699</u>

66.    Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

67.    Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

68.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, violated the Labor Code sections described herein, including, without limitation, for the failure to: pay the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Defendants, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Employer under Labor Code section 2810.5, failing to provide Employee and other aggrieved employees with the amount of paid sick leave, including but not limited to, COVID paid sick leave , required to be provided pursuant to California and local laws.

/ / /

/ / /

69.      Moreover, Plaintiff and other Aggrieved Employees within the State of California whom they seek to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

**REQUESTS FOR JURY TRIAL**

70.      Plaintiff hereby requests a trial by jury on all causes of action contained herein.

**PRAYER**

**WHEREFORE**, on behalf of Plaintiff and Aggrieved Employees, Plaintiff prays for judgment against Defendants as follows:

A.      An award of civil penalties pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, 2699, and 2802, and all other applicable sections listed *infra*;

B.      An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, 2699, 2802, and all other applicable sections listed *infra*;

C.      Pre-judgment and post-judgment interest;

D.      For costs of suit incurred herein; and

E.      Such other and further relief as the Court deems just and proper.

Dated: January 11, 2023                    BIBIYAN LAW GROUP, P.C.


                                           BY:  /s/ Alexander D. Wallin
                                                DAVID D. BIBIYAN
                                                JEFFREY D. KLEIN
                                                ALEXANDER WALLIN
                                           Attorneys for Plaintiff ANITA GAMARRO,
                                           as an aggrieved employee, and on behalf of all
                                           other aggrieved employees under the Labor
                                           Code Private Attorneys' General Act of 2004,

Exhibit 4

Electronically FILED by Superior Court of California, County of Los Angeles on 02/07/2023 02:35 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia, Deputy Clerk
Case 2:23-cv-04901-WLH-AGR    Document 1-1    Filed 07/28/23    Page 65 of 86    Page ID #:470
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar. No. 297296)
*jeff@tomorrowlaw.com*
Alexander D. Wallin (Cal. Bar No. 320420)
*alex@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555
Facsimile: (310) 300-1705
Attorneys for Plaintiff, CAYA RODRIGUEZ as an
aggrieved employee, and on behalf of all other
aggrieved employees under the Labor Code Private
Attorneys' General Act of 2004,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CAYA RODRIGUEZ, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004,<br><br>    Plaintiff,<br><br>    v.<br><br>RAISING CANE'S USA, L.L.C., a California limited liability company; RAISING CANE'S RESTAURANTS, L.L.C., a California limited liability company; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: 23STCV02673<br><br>**REPRESENTATIVE ACTION**<br><br>**COMPLAINT UNDER THE LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT OF 2004 FOR CIVIL PENALTIES UNDER LABOR CODE SECTIONS 210, 226.3, 558, 1174.5, 1197.1 and 2699**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Greater Than $25,000.00] |

BIBIYAN LAW GROUP
A Professional Corporation.
8484 Wilshire Blvd., Ste 500
Beverly Hills, California 90211
www.tomorrowlaw.com

PAGA COMPLAINT

COMES NOW plaintiff CAYA RODRIGUEZ ("Plaintiff"), as aggrieved employees, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against RAISING CANE'S USA, L.L.C., a California limited liability company, and any of its respective subsidiaries or affiliated companies within the State of California ("RCUSA"); RAISING CANE'S RESTAURANTS, L.L.C.,  a California limited liability company, and any of its respective subsidiaries or affiliated companies within the State of California ("RCR" and together with "RCUSA", and DOES 1 through 100, as further defined below, "Defendants"), as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 227.3, Labor Code section 246, *et seq.*, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

2.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

3.      Venue is proper in LOS ANGELES County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, LOS ANGELES County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiffs, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Aggrieved Employees in LOS ANGELES County, and because Defendants

2

1   employ numerous Aggrieved Employees in LOS ANGELES County.

2       4.      Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by

3   Defendants during the applicable statutory period and suffered one or more of the Labor Code

4   violations set forth herein.  Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil

5   penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code

6   Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus

7   reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former

8   employees of Defendants during the Civil Penalty Period.

9       5.      Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative

10  action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v.*

11  *Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the

12  PAGA allegations described herein is not required.

13      6.      During the period beginning one (1) year preceding the provision of notice to the

14  LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"),

15  Defendants violated, *inter alia*, Labor Code sections 96, 98.6, 200, 201, 202, 203, 204, 210, 226,

16  226.3, 226.7, 227.3, 232, 232.5, 246, *et seq.*, 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197,

17  1197.1, 1197.5, 1198.5, 2699, 2802, and 2810.5, among others.

18      7.      Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees

19  such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within

20  the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures

21  specified in Labor Code section 2699.3.

22      8.      On or around August 26, 2022, Plaintiff provided written notice pursuant to Labor

23  Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants'

24  violation of various, including the herein-described, provisions of the Labor Code, to the LWDA,

25  as well as by certified mail, with return receipt requested to Defendants, and each of them.

26      9.      Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not

27  provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65)

28  calendar days of the August 26, 2022, postmarked date of the herein-described notice sent by

3

1    Plaintiff to the LWDA and Defendants.

2    <u>**PAGA REPRESENTATIVE ALLEGATIONS**</u>

3    10.    At all relevant times mentioned herein, Defendants had and have a policy or practice

4    of failing to pay overtime wages to Plaintiff and other Aggrieved Employees in the State of

5    California in violation of California state wage and hour laws as a result of, without limitation,

6    Plaintiff and other Aggrieved Employees working over eight (8) hours per day, forty (40) hours per

7    week, and/or seven (7) straight workdays in a workweek without paying them proper overtime

8    wages, as a result of, without limitation, failing to accurately track and/or pay for all minutes actually

9    worked; engaging, suffering, or permitting employees to work off the clock, including, without

10   limitation, by requiring employees: to remain on-call, to suffer under Defendants' control to

11   complete pre-shift tasks before clocking in and post-shift tasks after clocking out (including

12   answering calls from dispatch and others), to clock out for meal periods and continue working, to

13   don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the

14   clock, to make phone calls or drive off the clock; failing to include all forms of remuneration,

15   including non-discretionary bonuses, incentive pay, meal allowances, and other forms of

16   remuneration into the regular rate of pay for the pay periods where overtime was worked and the

17   additional compensation was earned for the purpose of calculating the overtime rate of pay;

18   detrimental rounding of employee time entries, editing and/or manipulation of time entries to show

19   less hours than actually worked, and for paying straight pay instead of overtime pay, and engaging,

20   suffering, or permitting employees to go through temperature checks off the to the detriment of

21   Plaintiff and other Aggrieved Employees.

22   11.    At all relevant times mentioned herein, Defendants had and have a practice or policy

23   of failing to compensate Plaintiff and other Aggrieved Employees with minimum wages for all hours

24   worked or otherwise under Defendants' control as a result of, without limitation, failing to

25   accurately track and/or pay for all minutes actually worked; by requiring employees: to remain on-

26   call; to suffer under Defendants' control to complete pre-shift tasks before clocking in and post-shift

27   tasks after clocking out (including answering calls from dispatch and others), to clock out for meal

28   periods and continue working, to don and doff uniforms and/or safety equipment off the clock, to

4

attend company meetings off the clock, to make phone calls or drive off the clock; detrimental rounding of employee time entries, editing and/or manipulation of time entries to show less hours than actually worked; failing to pay reporting time pay; failing to pay split shift premiums; and engaging, suffering, or permitting employees to go through temperature checks off the clock to the detriment of Plaintiff and other Aggrieved Employees.

12.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period for days on which the employee worked in excess of five (5) and ten (10) hours per day without being afforded uninterrupted, timely, and complete 30-minute meal periods or compensation in lieu thereof including, without limitation, by interrupting meal periods; not providing timely meal periods; failing to provide first and second meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal periods; or auto-deducting meal periods that could not be auto-deducted by law or during which employees worked, as required by California wage and hour laws

13.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees paid, uninterrupted, timely, and complete rest periods of at least ten (10) minutes per four (4) hours worked or major fractions thereof, or compensation in lieu thereof, including, without limitation, by failing to provide rest periods all together; requiring that they be bundled together and/or with meal periods; interrupting them; requiring that employees carry cellular telephones or walkie-talkies during rest periods not providing them in a timely fashion; and not permitting employees to leave the premises; and/or otherwise requiring on-duty/on-call rest periods, as required by California wage and hour laws.

14.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked by the employee; net wages earned; all deductions; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each

hourly rate by the employee; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

15.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to calculate their unpaid wages and/or premium payments, to the detriment of Plaintiffs and other Aggrieved Employees.

16.    At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to timely pay Plaintiff and other Aggrieved Employees, among other wages, all wages owed as a result of Defendants' practice or policy of failing to pay, among other wages, overtime wages, minimum wages, premium wages, paid time off and vacation time owed as required by Labor Code sections 201, 202, and 203.

17.    At all relevant times herein, Defendants had and have a policy or practice of failing to pay Plaintiff and Aggrieved Employees their paid time off and vacation time owed upon separation of employment as wages at their final rate of pay in violation of Labor Code section 227.3 and applicable Wage Orders.

18.    At all relevant times mentioned herein, Defendants have had a policy or practice of failing and refusing, and continue to fail and refuse, to reimburse employees, including, without limitation, Plaintiff and other Aggrieved Employees, with their costs incurred for driving personal vehicles (*i.e.*, mileage and gas), purchasing uniforms, providing uniform and other deposits, separately laundering mandatory uniforms, for the purchase of tools and safety equipment, for the purchase and maintenance of cellular phones and cellular phone plans, in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants, as required by Labor Code 2802.

19.     At all relevant times mentioned herein, Defendants have had a policy or practice of failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved Employees with the rates of pay and overtime rates of pay applicable to their employment; allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

20.     At all relevant times mentioned herein, Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law (including, without limitation Labor Code section 246, *et seq.*), and also did not permit its use upon request as contemplated under California laws, to the detriment of Plaintiff and all other Aggrieved Employees.

21.     At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive of any calendar month, shall be paid for between the 1st and 10th day of the following month."

22.     At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer.  Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

23.     Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section 1102.5.  In addition, Plaintiff is informed and believes that Defendants' herein-described policies and/or practices prevent Plaintiff and/or other Aggrieved Employees from disclosing information about unsafe or discriminatory working conditions, or about wage and hour violations in violation of Labor Code section 232 and 232.5.

24.     Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from engaging in lawful conduct during non-work hours, thus violating state statutes entitling employees to disclose wages, working conditions, and illegal conduct, including, without limitation, Labor Code sections 96, subdivision (k), 98.6, 232, 232.5, and 1197.5, subdivision (k).  Plaintiff is informed and believes that this lawful conduct includes the exercise of Plaintiff's and/or other Aggrieved Employee's constitutional rights of freedom of speech and economic liberty.

25.     Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

## PARTIES

### A.    Plaintiff

26.     Plaintiff is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, operating the cash register, and running food to customers.  Plaintiff is informed and believes that Plaintiff worked for Defendants from approximately December of 2021 through approximately May of 2022.

### B.    Defendants

27.     Plaintiff is informed and believes and based thereon alleges that defendant RCUSA

8

is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County LOS ANGELES, State of California.

28.     Plaintiff is informed and believes and based thereon alleges that defendant RCR is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of California and doing business in the County of LOS ANGELES, State of California.

29.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include RCUSA, RCR, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

30.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

31.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate

9

1  employers, and the officers and management-level employees of said corporate employers.  In

2  addition thereto, said corporate employers participated in the aforementioned acts and conduct of

3  their said employees, agents, and representatives, and each of them; and upon completion of the

4  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

5  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

6  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

7  aforementioned corporate employees, agents and representatives.

8       32.      Plaintiff is informed and believes, and based thereon alleges, that despite the

9  formation of the purported corporate existence of RCUSA, RCR, and DOES 1 through 50, inclusive

10  (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES 51 through

11  100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

12       a.   The Alter Ego Defendants are completely dominated and controlled by the

13  Individual Defendants who personally committed the wrongful and illegal acts and violated the laws

14  as set forth in this Complaint, and who have hidden and currently hide behind the Alter Ego

15  Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or

16  inequitable purpose;

17       b.   The Individual Defendants derive actual and significant monetary benefits by

18  and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as

19  the funding source for the Individual Defendants' own personal expenditures;

20       c.   Plaintiff is informed and believes, and thereon alleges, that the Individual

21  Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear

22  as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

23  accomplishing some other wrongful or inequitable purpose;

24       d.   Plaintiff is informed and believes, and thereon alleges, that the business affairs

25  of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned

26  herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same

27  are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein

28  were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of

10

their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

       e.  The recognition of the separate existence of the Individual Defendants from the Alter Ego Defendants would promote injustice insofar that it would permit these defendants to insulate themselves from liability to Plaintiffs for violations to the Civil Code, Government Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

       f.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded.

33.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

**<u>FIRST CAUSE OF ACTION</u>**

**(Civil Penalties under the Private Attorneys General Act (2004) – Against All Defendants)**

34.  Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as though fully set forth hereat.

<u>Civil Penalties Under Labor Code § 210</u>

35.  At all relevant times herein, Labor Code section 204, requires and required that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

36.  At all relevant times herein, Labor Code section 210, subdivision (a) states and stated that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For

each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

37.     At all relevant times herein, Defendants have had a consistent policy or practice of failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as per Labor Code section 204.    Thus, pursuant to Labor Code section 210, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204.

<u>Civil Penalties Under Labor Code § 226.3</u>

38.     Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; the name and address of each employer with whom they have been placed to work; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the legal name of the employer; and other such information as required by Labor Code section 226, subdivision (a).

39.     Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

40.     Labor Code section 226.3 further provides that "[t]he civil penalties provided for in this section are in addition to any other penalty provided by law."

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a policy or practice of failing to furnish non-exempt employees, including, without limitation, Plaintiff, with itemized wage statements that accurately reflect gross wages earned; total

12

hours worked; net wages earned; all deductions; all applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate in effect during the pay period; the legal name of the employer and; and other such information as required by Labor Code section 226, subdivision (a).

42.    Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 558</u>

43.    Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any of the Industrial Welfare Commission" shall be subject to a civil penalty as follows:

(1)    For any initial violation, fifty dollars ($50) for each underpaid employee and for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3)    Wages recovered pursuant to this section shall be paid to the affected employee.

44.    Plaintiff is informed and believes, and based thereon allege, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiffs and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Employer, the name of the employer, including any "doing business as" names used, the name, address and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

45.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiffs and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 1174.5</u>

46.    At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make.  The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

47.    At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

/ / /

48.    At all times mentioned herein, Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years.  An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

49.    Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate

14

and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have willfully failed keep adequate or accurate time records including wage statements and similar payroll documents under Labor Code section 226, documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174.

51.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

<u>Violation of Labor Code § 1197.1</u>

52.    Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1)    For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2)    For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount

15

sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3)    Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

53.    Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiffs and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiffs or other Aggrieved Employees' to pay minimum wages for all hours worked, entitling Employee and other aggrieved employees to actual and liquidated damages.

54.    As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Civil Penalties Under Labor Code § 2699</u>

55.    Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

56.    Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

16

1    employee per pay period for each subsequent violation.

2         57.     Plaintiff is informed and believes and based thereon alleges that Defendants, and

3    each of them, violated the Labor Code sections described herein, including, without limitation, for

4    the failure to: pay overtime wages and minimum wages; provide meal and rest periods or

5    compensation in lieu thereof; provide accurate, itemized wage statements; pay timely wages during

6    employment and after employment separation; provide employees the opportunity to inspect

7    employment records; reimburse Aggrieved Employees for costs incurred in furtherance of their

8    work duties; provide notice as required under Labor Code section 2810.5; provide the proper accrual

9    and use of paid sick leave; paying employees all owed paid time off and vacation time owed by

10   separation at the proper rate of pay; and placing restraints on competition, whistleblowing and

11   freedom of speech, entitling Plaintiff and other Aggrieved Employees to civil penalties for each of

12   these Labor Code violations in the amounts set forth in Labor Code section 2699, subdivision (f).

13        58.     Moreover, Plaintiff and other Aggrieved Employees within the State of California

14   whom they seek to represent are entitled to an award of reasonable attorneys' fees and costs in

15   connection with their herein-described claims for civil penalties.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**REQUESTS FOR JURY TRIAL**

59.        Plaintiff hereby requests a trial by jury on all causes of action contained herein.

**PRAYER**

**WHEREFORE**, on behalf of Plaintiff and Aggrieved Employees, Plaintiff prays for judgment against Defendants as follows:

A.        An award of civil penalties pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, 2699, and 2802, and all other applicable sections listed *infra*;

B.        An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, 2699, 2802, and all other applicable sections listed *infra*;

C.        Pre-judgment and post-judgment interest;

D.        For costs of suit incurred herein; and

E.        Such other and further relief as the Court deems just and proper.


Dated: February 7, 2023                    BIBIYAN LAW GROUP, P.C.



                                                        BY:   */s/ Alexander D. Wallin*
                                                        DAVID D. BIBIYAN
                                                        JEFFREY D. KLEIN
                                                        ALEXANDER WALLIN
                                                        Attorneys for Plaintiff, CAYA RODRIGUEZ
                                                        as an aggrieved employee, and on behalf of all
                                                        other aggrieved employees under the Labor
                                                        Code Private Attorneys' General Act of 2004,

PAGA COMPLAINT

Exhibit 5

| | |
|---|---|
| **From:** | Sarah Cohen <sarah@tomorrowlaw.com> |
| **Sent:** | Wednesday, July 19, 2023 5:35 PM |
| **To:** | Brad Kane |
| **Cc:** | Eric Clopper; David Bibiyan; Jeffrey Klein; Emanuel Munguia; Nadia Rodriguez; thomavvxngroupllcetalz11731883@projects.filevine.com |
| **Subject:** | Re: Thoma v. VXN, et al. (PAGA) |

Counsel,

Thank you for confirming NAR. We will prepare it with the service package soon.

As to removal/consolidation or a stay, we do not agree.

Thanks.

On Wed, Jul 19, 2023 at 5:30 PM Brad Kane <bkane@kanelaw.la> wrote:

Sarah,


My firm is authorized to accept service of the Summons and Complaint for the PAGA Action by way of NAR.


Please let me know if your client will stipulate to removal/consolidation with the federal action or a stay of the PAGA action pending resolution of the federal court putative class action.


Best,

Brad


Brad S. Kane

Kane Law Firm

1154 S. Crescent Hts. Blvd.

Los Angeles, CA 90035

Tel:  (323) 697-9840

1

Fax: (323) 571-3579


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto,is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Wednesday, July 19, 2023 2:20 PM
**To:** Eric Clopper <eclopper@kanelaw.la>; Brad Kane <bkane@kanelaw.la>
**Cc:** David Bibiyan <david@tomorrowlaw.com>; Jeffrey Klein <jeff@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>; Nadia Rodriguez <nadia@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com
**Subject:** Re: Thoma v. VXN, et al. (PAGA)


Eric and Brad,


Please confirm whether you are authorized to accept service of the Summons and Complaint for the PAGA Action by way of NAR.


Thank you.

--

Kind regards,


**Sarah Cohen, Esq.**

**Associate Attorney**


**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com

NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.