Exhibit 1

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/11/2023 12:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA, as an aggrieved employee, and on behalf of all other aggrieved employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23STCV16142<br><br>**REPRESENTATIVE ACTION**<br><br>**COMPLAINT UNDER THE LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT OF 2004 FOR CIVIL PENALTIES UNDER LABOR CODE SECTIONS 210, 226.3, 226.8, 558, 1174.5, 1197.1 and 2699**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Greater Than $25,000.00] |

REPRESENTATIVE ACTION COMPLAINT

Plaintiff MACKENZIE ANNE THOMA, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004, alleges as follows:

**JURISDICTION AND VENUE**

1.  This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA"), against VXN GROUP LLC, ("VXN GROUP"), STRIKE 3 HOLDINGS, LLC ("STRIKE 3"), GENERAL MEDIA SYSTEMS, LLC ("GENERAL MEDIA") and VXN GROUP's Executive Director, MIKE MILLER (collectively, "Vixen Media Group"). (collectively, and with DOES 1 through 100, as further defined below, "Defendants"), as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 6409.6, Labor Code section 2810.5, Labor Code section 203, Labor Code section 226, Labor Code section 226.8, Labor Code section 246, *et seq.*, Labor Code section 432, Labor Code section 1198.5, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

2.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

3.  Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Aggrieved Employees in Los Angeles County, and because Defendants employ numerous Aggrieved Employees in Los Angeles County.

4.      Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

5.      Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969. According to the same authorities, class certification of the PAGA allegations described herein is not required.

6.      During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 98.6, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 227.3, 246, 2802, 432, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198.5, 2699, 2802, 2810.5, 6409.2 among others.

7.      Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

8.      On April 17, 2023, Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested to Defendants, and each of them.

9.      Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the April 17, 2023 postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

**PAGA REPRESENTATIVE ALLEGATIONS**

10. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to pay overtime wages to Plaintiff and other Aggrieved Employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and other Aggrieved Employees working over eight (8) hours per day, forty (40) hours per week, and/or seven (7) straight workdays in a workweek without paying them proper overtime wages, as a result of, without limitation, willful misclassification. Consequently, Employee is informed and believes, and based thereon alleges, that Employer violated Labor Code sections 510, 1194, and applicable Wage Orders based on its practice of providing total compensation that is less than the required legal overtime compensation for the overtime worked, to the detriment of Plaintiff and other Aggrieved Employees.

11. At all relevant times mentioned herein, Defendants had and have a practice or policy of failing to compensate Plaintiff and other Aggrieved Employees with minimum wages for all hours worked or otherwise under Defendants' control. As such, Plaintiff is informed and believes, and based thereon alleges, that Employer violated, without limitation, Labor Code sections 221, 223, 1197, 1182.12, and applicable Wage Orders based on its continued failure to pay minimum wages for all hours worked, entitling Plaintiff and other aggrieved employees to actual and liquidated damages under, without limitation, Labor Code sections 1194 and 1194.2. Employer would also be liable for civil penalties pursuant to Labor Code sections 558, 1197.1, and 2699.

12. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period for days on which the employee worked in excess of five (5) and ten (10) hours per day without being afforded uninterrupted, timely, and complete 30-minute meal periods or compensation in lieu thereof including, without limitation, by interrupting meal periods; not providing timely meal periods; failing to provide first and second meal periods; providing short meal periods; requiring that employees carry cellular telephones or walkie-talkies during meal periods; not permitting employees to leave the premises; otherwise requiring on-duty/on-call meal

periods; and/or auto-deducting meal periods that could not be auto-deducted by law or during which employees worked, as required by California wage and hour laws.

13. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees paid, uninterrupted, timely, and complete rest periods of at least ten (10) minutes per four (4) hours worked or major fractions thereof, or compensation in lieu thereof, including, without limitation, by failing to provide rest periods all together; requiring that they be bundled together and/or with meal periods; interrupting them; requiring that employees carry cellular telephones or walkie-talkies during rest periods not providing them in a timely fashion; and not permitting employees to leave the premises; and/or otherwise requiring on-duty/on-call rest periods, as required by California wage and hour laws.

14. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked by the employee; net wages earned; all deductions; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

15. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174, making it difficult for Plaintiff and other Aggrieved Employees to calculate their unpaid wages and/or premium payments, to the detriment of Plaintiff and other Aggrieved Employees.

16. At all relevant times mentioned herein, Defendants had and have a policy or practice of failing to timely pay Plaintiff and other Aggrieved Employees, among other wages, all wages owed as a result of Defendants' practice or policy of failing to pay, among other wages, overtime

wages, minimum wages, premium wages, paid time off and vacation time owed as required by Labor Code sections 201, 202, and 203.

17. At all relevant times herein, Defendants had and have a policy or practice of failing to pay Plaintiff and Aggrieved Employees their paid time off and vacation time owed upon separation of employment as wages at their final rate of pay in violation of Labor Code section 227.3 and applicable Wage Orders.

18. At all relevant times mentioned herein, Defendants have had a policy or practice of failing and refusing, and continue to fail and refuse, to reimburse employees, including, without limitation, Plaintiff and other Aggrieved Employees, with their costs incurred, in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants, as required by Labor Code section 2802, and other statutory and common law offenses. As a result, Employer are liable to reimburse Employee and other aggrieved employees for these costs incurred in furtherance of work duties. In addition, Defendants would be liable for civil penalties pursuant to Labor Code sections 558 and 2699.

19. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to comply with the notice requirements of Labor Code section 2810.5 (*i.e.*, the Wage Theft Protection Act of 2011) by, among other things, failing to provide Plaintiff and other Aggrieved Employees with the rates of pay and overtime rates of pay applicable to their employment; allowances claimed as part of the minimum wage; the regular payday designated by Defendants; the name, address, and telephone number of the workers' compensation insurance carrier; information regarding paid sick leave; and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5.

20. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay Plaintiff and Aggrieved Employees their wages in accordance with Labor Code Section 204, which requires that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive of any calendar month, shall be paid for between the 1st and 10th day of the following month."

21. At all relevant times mentioned herein, Defendants had and have a policy or practice of preventing Plaintiff and/or Aggrieved Employees from using or disclosing the skills, knowledge and experience they obtained at Defendants for purposes of competing with Defendants, including, without limitation, preventing Employees from disclosing their wages in negotiating a new job with a prospective employer, and from disclosing who else works at Defendants and under what circumstances that they might be receptive to an offer from a rival employer. Plaintiff is informed and believes that this policy and/or practice violates Business and Professions Code sections 17200, 16600 and 16700, and, by virtue thereof, various provisions of the Labor Code, including Labor Code sections 232, 232.5, and 1197.5, subdivision (k).

22. Defendants had and have a policy or practice of preventing Plaintiff and/or other Aggrieved Employees from disclosing violations of state and federal law, either within Defendants to their managers or outside to private attorneys or government officials, among others, in violation of Business and Professions Code section 17200, and, thus, in violation of Labor Code section 1102.5.

23. Plaintiff, in Plaintiff's representative capacity, seeks civil penalties under Labor Code sections 210, 226.3, 226.8, 558, 1174.5, 1197.1, and 2699 for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

**PARTIES**

    A.    **Plaintiff**

24. Plaintiff Ms. Thoma, a resident of the State of California, is a decorated and well-known adult film actress and model who performs under the stage name "Kenzie Anne". She has been named "Pet of the Year" by Penthouse magazine and shortly before the filing of this Complaint appeared on the cover of Hustler magazine.

25. Before beginning her acting career, she modeled and participated in photo shoots for various clothing brands and adult magazines, such as Wet Seal, Free People, Carbon38, Playboy Plus, and Eats Channel. In November of 2020, she signed a contract with Defendants, known widely as "Vixen Media Group", with her entry into the adult film industry occurring on or around April

30, 2021. Between November 2020 through approximately September of 2022, Ms. Thoma performed in Defendants' movies and modeled at their direction.

### B.     Defendants

26. Plaintiff is informed and believes that defendants VXN GROUP, STRIKE 3, and GENERAL MEDIA are limited liability companies organized and existing under the laws of the State of Delaware and doing business in the County of Los Angeles, State of California.

27. VIXEN MEDIA GROUP is the creator of adult motion pictures and photographs distributed for commercial sale through various distribution outlets and platforms. It was founded in 2014 by French entrepreneur and director Greg Lansky along with partners Steven Matthyssen and Mike Miller with the goal of creating higher-quality videos that would be considered more "artistic" than the normal realm of adult video content. While Greg Lansky sold his stake in VIXEN MEDIA GROUP in January of 2020, it still owns and operates at least seven online adult film sites, including Vixen, Tushy, Blacked, Blacked Raw, Tushy Raw, Deeper and Slayed.

28. VIXEN MEDIA GROUP has won many major awards in the adult-film industry, including an XBIZ Award as recently in 2022 for Studio of the Year.

29. Plaintiff is informed and believes and based thereon alleges that defendant MILLER is, and at all times relevant hereto was, an individual residing in California, as well as a founder, principal, and the Executive Producer of VXN GROUP, and DOES 1 through 50, as further defined below. Plaintiff is further informed and believes and based thereon alleges that MILLER violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

30. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

8
REPRESENTATIVE ACTION COMPLAINT

informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

31.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

32.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

33.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of the purported corporate existence of VXN GROUP, STRIKE 3, GENERAL MEDIA, MILLER , and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

   a.    The Alter Ego Defendants are completely dominated and controlled by the

Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who have hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

  b. The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

  c. Plaintiff is informed and believes, and thereon alleges, that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

  d. Plaintiff is informed and believes, and thereon alleges, that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

  e. The recognition of the separate existence of the Individual Defendants from the Alter Ego Defendants would promote injustice insofar that it would permit these defendants to insulate themselves from liability to Plaintiff for violations to the Civil Code, Government Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

  f. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded.

  34. As a result of the aforementioned facts, Plaintiff is informed and believes, and based

thereon alleges that Defendants, and each of them, are joint employers.

## FIRST CAUSE OF ACTION

**(Civil Penalties Under the Private Attorneys' General Act (2004) – Against All Defendants)**

35. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth hereat.

### Civil Penalties Under Labor Code § 210

36. At all relevant times herein, Labor Code section 204, requires and required that: "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

37. At all relevant times herein, Labor Code section 210, subdivision (a) states and stated that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 205, 205.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

38. At all relevant times herein, Defendants have had a consistent policy or practice of failing to pay Plaintiff and/or Aggrieved Employees during their employment on a timely basis as per Labor Code section 204. Thus, pursuant to Labor Code section 210, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each Aggrieved Employee for each initial violation per employee, and two hundred dollars ($200) for each Aggrieved Employee for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204.

### Civil Penalties Under Labor Code § 226.3

39. Defendants had and have a policy or practice of failing to comply with Labor Code

section 226, subdivision (a) by intentionally failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; the name and address of each employer with whom they have been placed to work; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

40. Labor Code section 226.3 states that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

41. Labor Code section 226.3 further provides that "[t]he civil penalties provided for in this section are in addition to any other penalty provided by law."

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants had and have a policy or practice of failing to furnish non-exempt employees, including, without limitation, Plaintiff, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all deductions; all applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate in effect during the pay period; the legal name of the employer and/or the name and address of the legal entity securing the employer's services if the employer is a farm labor contractor; and other such information as required by Labor Code section 226, subdivision (a).

43. Pursuant to Labor Code section 226.3, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each Aggrieved Employee per pay period for the initial violation, and one thousand dollars ($1,000) for each Aggrieved Employee per pay period for each subsequent violation.

///

Civil Penalties Under Labor Code § 226.8

44. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

45. Plaintiff is informed and believes that Defendants had and have a policy or practice of failing to comply with Labor Code section 226.8 as Defendants willfully misclassified Plaintiff and other aggrieved employees as independent contractors.

46. Labor Code section 226.8(b) states: "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

47. Labor Code section 226.8(c) states: "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

48. Thus, pursuant to Labor Code section 226.8, Plaintiff and other Aggrieved Employees she seeks to represent are entitled to recover civil penalties for Defendants' violation of Labor Code section 226.8, subdivision (a) in the amount specified in Labor Code sections 226.8, subdivisions (b) and (c).

Violation of Labor Code § 558

49. Pursuant to Labor Code section 558, subdivision (a): "Any employer or other person acting on behalf of an employer who violates, or causes to be violated . . . any provision regulating hours and days of work in any of the Industrial Welfare Commission" shall be subject to a civil penalty as follows:

 (1) For any initial violation, fifty dollars ($50) for each underpaid employee and for each pay period for which the employee was underpaid in addition to an amount sufficient

to recover underpaid wages;

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

(3) Wages recovered pursuant to this section shall be paid to the affected employee."

50. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, violated, or caused to be violated, the Labor Code sections described herein, including causing Plaintiff and other Aggrieved Employees not to: be paid with the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by employer, the name of the employer, including any "doing business as" names used, the name, address, and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information.

51. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 558, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount fifty dollars ($50) for each Aggrieved Employee per pay period for the initial violation, and one hundred dollars ($100) for each Aggrieved Employee per pay period for each subsequent violation.

<u>Violation of Labor Code § 1174.5</u>

52. At all times mentioned herein, Labor Code section 1174, subdivision (b) has required every person employing labor in California to "[a]llow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person."

53. At all times mentioned herein, Labor Code section 1174, subdivision (c) has required every person employing labor in California to "[k]eep a record showing the names and addresses of all employees employed and the ages of all minors."

54. At all times mentioned herein, Labor Code section 1174, subdivision (d) has required every person employing labor in California to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

55. Pursuant to Labor Code section 1174.5, "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of [Labor Code] Section 1174 or accurate and complete records required by subdivision (d) of [Labor Code] Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of [Labor Code] Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

56. Plaintiff is informed and believes, and based thereon alleges, that Defendants have willfully failed to keep adequate or accurate time records including wage statements and similar payroll documents under Labor Code section 226, documents signed to obtain or hold employment under Labor Code section 432, personnel records under Labor Code section 1198.5, and time records under Labor Code section 1174.

57. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1174.5, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount of five hundred dollars ($500) per violation per Aggrieved Employee.

<u>Violation of Labor Code § 1197.1</u>

58. Pursuant to Labor Code section 1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages,

15
REPRESENTATIVE ACTION COMPLAINT

liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

> (1)  For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
> (2)  For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.
>
> (3)  Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

59. Plaintiff is informed and believes, and based thereon alleges, that Defendants caused Plaintiff and Aggrieved Employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiff or other Aggrieved Employees' minimum wages for all hours worked or otherwise under Defendants' control due to, without limitation, routinely failing to accurately track and/or pay for all hours actually worked; detrimental rounding or manipulation of time entries; paying straight pay instead of overtime or otherwise failing to pay overtime hours at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, entitling Plaintiff and other aggrieved Employees to actual and liquidated damages.

60. As a direct and proximate result of the herein-described Labor Code violations, pursuant to Labor Code section 1197.1, Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendants' herein-described Labor Code violations in the amount one hundred dollars ($100) for each Aggrieved Employee per pay period for the initial violation, and

two hundred and fifty dollars ($250) for each Aggrieved Employee per pay period for each subsequent violation.

Civil Penalties Under Labor Code § 2699

61. Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

62. Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

63. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, violated the Labor Code sections described herein, including, without limitation, for the failure to: pay the rates of pay and overtime rates of pay applicable to their employment, allowances claimed as part of the minimum wage, the regular payday designated by Defendants, the name of the employer, including "doing business as" names used, the name, address, and telephone number of the workers' compensation insurance carrier, information regarding paid sick leave, and other pertinent information required to be disclosed by Defendants under Labor Code section 2810.5, failing to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California and local laws.

64. Moreover, Plaintiff and other Aggrieved Employees within the State of California whom he seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

///

**REQUEST FOR JURY TRIAL**

65. Plaintiff hereby requests a trial by jury.

**PRAYER**

**WHEREFORE**, on behalf of Plaintiff and Aggrieved Employees, Plaintiff prays for judgment against Defendants as follows:

A. An award of civil penalties pursuant to Labor Code sections 210, 226.3, 226.8, 558, 1174.5, 1197.1, and 2699;

B. An award of reasonable attorneys' fees and costs pursuant to Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699;

C. Pre-judgment and post-judgment interest;

D. For costs of suit incurred herein; and

E. Such other and further relief as the Court deems just and proper.

Dated: July 11, 2023                BIBIYAN LAW GROUP, P.C.


BY: */s/ Sarah H. Cohen*
     DAVID D. BIBIYAN
     JEFFREY D. KLEIN
     SARAH H. COHEN
Attorneys for Plaintiff MACKENZIE ANNE THOMA, as an aggrieved employee, and on behalf of all other aggrieved employees under the Labor Code Private Attorneys' General Act of 2004,