David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx)<br><br>[*Assigned for all purposes to the Hon. Wesley L. Hsu*]<br><br>**RESPONSE TO NOTICE OF SUPPLMENTAL AUTHORITY** |

PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLMENTAL AUTHORITY

| | |
|---|---|
| 1 | Plaintiff MACKENZIE ANNE THOMA (hereinafter referred to as "Plaintiff") respectfully submits this response to Defendants VXN GROUP, LLC., STRIKE 3 HOLDINGS, LLC., GENERAL MEDIA SYSTEMS, LLC., and MIKE MILLER's (hereinafter referred to collectively as "Defendants") Notice of Supplemental Authority, which erroneously cites an order from Turesa *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc*., 2:23-cv-02802-MCS-JC (C.D. Cal. August 14, 2023). |

Plaintiff MACKENZIE ANNE THOMA (hereinafter referred to as "Plaintiff") respectfully submits this response to Defendants VXN GROUP, LLC., STRIKE 3 HOLDINGS, LLC., GENERAL MEDIA SYSTEMS, LLC., and MIKE MILLER's (hereinafter referred to collectively as "Defendants") Notice of Supplemental Authority, which erroneously cites an order from Turesa *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc*., 2:23-cv-02802-MCS-JC (C.D. Cal. August 14, 2023).

First and foremost, Defendants fail to indicate or cite any law or rule that allows for a Notice of Supplemental Authority. There is no local rule or federal law that is applicable to the Central District of California which states that a Notice for Supplemental Authority is proper. It appears as though Defendants rely solely on HI USDCT LR7.6, which is a local rule applicable exclusively to the District Courts of Hawaii. Barring this rule, absolutely no other rule permits the submission of supplemental authority after a motion is originally filed. This is especially true considering the authority Defendants cited to, *Turesa Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc*., 2:23-cv-02802-MCS-JC (C.D. Cal. August 14, 2023), is not from a published case. Rather, it is from a minute order issued by this court for a completely and totally unrelated case.

It does appear that Defendants may attempt to rely on CA USDCT LR7-10, which states that a moving party may "no later than fourteen days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence. Absent prior written order of the Court, the opposing party shall not file a response to the reply." If in fact this is the rule that Defendants relied on in the submission of this Notice, there are several issues. First, this Notice is not a reply memorandum, it is not a declaration, and it is by no means relevant evidence. The Defendants themselves state that this notice is for additional authorities; to be treated by this honorable court as an authority that will support their *legal* argument. Defendants are attempting to circumnavigate the legal system and instead attempt to have this honorable court take judicial notice of the court order in

question.

*Turesa Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2:23-cv-02802-MCS-JC (C.D. Cal. August 14, 2023) is simply one judge's interpretation and application of the federal rules. When ruling on motions to remand several judges, when given the same legal arguments and similar operative facts, ruled in favor of Bibiyan Law Group, P.C's other clients. Such cases include *Gonzalez v H&M Hennes & Mauritz L.P.*, 8:21-cv-01611-JLS-JDE (C.D Cal. January 20, 2022), *Particia Ryan v. Mission Treatment Services, Inc.,* 2:22-cv-04013-ODW (MARx*)* (C.D Cal. September 19, 2022), and *Enrique Rocco v. National Distribution Centers, LLC., et al.* 5:23-cv-00623 SSS – KK (C.D. Cal. April 7, 2023). The same applies to the many other complaints that Bibiyan Law Group, P.C has filed for its clients. The majority of these complaints, with similar law and operative facts, were not dismissed.

Dated:  August 21, 2023          BIBIYAN LAW GROUP, P.C.

*/s/ Sarah Cohen*
DAVID D. BIBIYAN
JEFFREY D. KLEIN
SARAH H. COHEN
Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated