BIBIYAN LAW GROUP, P.C.
David D. Bibiyan (Cal. Bar No. 287811)
david@tomorrowlaw.com
Jeffrey D. Klein (Cal. Bar No. 297296)
jeff@tomorrowlaw.com
Sarah H. Cohen (Cal. Bar No. 330700)
sarah@tomorrowlaw.com
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA and on behalf of herself and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, an individual and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC., a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC., a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC., a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-04901-WLH<br><br>[*Assigned for all purposes to the Hon. Wesley L. Hsu*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
(310) 438-5555

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

Plaintiff filed this putative class action against Defendants in California Superior Court on April 20, 2023. This case was removed to federal court on June 21, 2023. On June 29, 2023, Defendants moved to dismiss Plaintiff's original complaint. On July 21, 2023 Plaintiff moved to remand this action back to the Los Angeles Superior Court. On August 30, 2023, this court severed Plaintiff's claim of Unfair Competition and remanded to state court, but keeping the other causes of action in federal court.

On September 1, 2023, Defendants' counsel, Mr. Eric Clopper ("Mr. Clopper") asked Plaintiff's counsel ("Ms. Cohen") to meet and confer regarding all Wage and Hour Claims. See Declaration of Sarah H. Cohen ¶ 2, Exhibit A. On September 15, 2023, Mr. Clopper sent a follow up email to Ms. Cohen requesting to meet and confer on the anticipated Demurrers and Pleas in Abatement. See Declaration of Sarah H. Cohen ¶ 3, Exhibit B. On September 17, 2023, Mr. Clopper emailed Ms. Cohen with a detailed analysis of Defendants' legal and factual bases for Defendants' anticipated Demurrers on Pleas in Abatement. See Declaration of Sarah H. Cohen ¶ 4, Exhibit C. That same day, Ms. Cohen agreed to meet and confer to discuss the anticipated Demurrers and Pleas in Abatement. See Declaration of Sarah H. Cohen ¶ 5, Exhibit D.

On September 18, 2023, the parties met and conferred and discussed what amendments and claims shall be included in the First Amended Complaint. Here, Ms. Cohen, in no uncertain terms, assured Mr. Clopper that there will be absolutely no extensions in time for any responsive pleadings. See Declaration of Sarah H. Cohen ¶ 6, Exhibit E. On September 20, 2023, Plaintiff filed her first Amended Complaint.

On October 2, 2023, two days before Defendants' motion to dismiss was due, Mr. Clopper emailed Ms. Cohen requesting a two week extension for filing a motion to dismiss as to this action, admitting Defendant had failed to fully meet and confer

thus far. See <u>Declaration of Sarah H. Cohen</u> ¶ 7, <u>Exhibit</u> F. On October 3, 2023, Ms. Cohen informed Mr. Clopper that, per Local Rule 7-3, the parties were required to meet and confer at least seven days prior to when a responsive pleading is due. Ms. Cohen informed Mr. Clopper this never occurred, as such they are not in compliance with the rules set forth by this court. Ms. Cohen subsequently denied Defendants' request. See <u>Declaration of Sarah H. Cohen</u> ¶ 8, <u>Exhibit</u> G.

## II.     Arguments

### A. Defendants Never Met and Conferred With Plaintiff.

Fed. R. Civ. P. 15(a)(3) provides that the final day to file a responsive pleading is 14 days after that party has been served with the amended complaint. Plaintiff filed and served her First Amended Complaint on September 20, 2023. As such, a responsive pleading is due on October 4, 2023. Furthermore, in accordance with Local Rule 7-3, Defendants are obligated to meet and confer with Plaintiff regarding any potential matters to be discussed in a Motion to Dismiss at least seven days prior to the filing of the motion. Since the final day to file a responsive pleading is October 4, 2023, the final day for Defendants to meet and confer was September 27, 2023. No such meet and confer ever occurred.

Per Local Rule 7-4, this honorable court may decline to consider a motion if it does not comply with the requirements set forth in Local Rule 7-3. As such, since a meet and confer never occurred, and the moving papers are in no way in compliance with this court's moving papers, this motion must be denied.

### B. Fed. R. Civ. P. 6 Is Inapplicable In This Case.

A. Good Cause Does Not Exist for The Extension Of Time For The Motion To Dismiss

Fed. R. Civ. P. 6 states, in relevant part, that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" The standard for good cause depends on the movant's

diligence in attempting to meet deadlines or whether the opposing party is in party responsible for the delay. Rule 6. <u>Computing and Extending Time; Time for Motion Papers, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 6</u>. The time for extension should by no means be considered a matter of right. § 1165 Extending Time—In General, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.).

   Defendants have failed to show any good cause that calls for the granting of an extension. Defendants had fourteen days to file their Motion to Dismiss, however Defendants claim that because of a five day arbitration they were wholly unable to file their motion. This is problematic for several reasons.

   First, Defendants claim that the five day arbitration that Mr. Clopper and Mr. Brad Kane ("Mr. Kane") partook in overlaps with the deadline to file a responsive pleading in this case. Although this is true, there is only a two day overlap between when the arbitration was set to take place and when Mr. Clopper and Mr. Kane were set to partake in their arbitration. Defendants still had <u>12</u> days out of the original 14 to research, analyze and prepare their motion to dismiss. Further, Defendant had a preliminary understanding of the claims and facts pleaded in Plaintiff's First Amended Complaint even before the complaint was filed. On September 17, 2023, Mr. Clopper already had a preliminary analysis prepared for Defendants' motion to dismiss. Although Plaintiff did add some additional facts to the First Amended Complaint, the underlying facts, claims, and arguments remained <u>exactly</u> the same as the original complaint. Furthermore, Defendant requested the extension <u>two</u> days before the deadline. A request for extension this close to the deadline would unequivocally prejudice Plaintiff.

   Defendants therefore had ample time to prepare and submit their Motion to Dismiss. It is not Plaintiff's and Ms. Cohen's responsibility to ensure Mr. Clopper and Mr. Kane finish their work in a timely manner. Counsel herself was involved in several grueling mediations that required hours of preparation in the past month, yet it is not Defendants' responsibility to ensure she meets all of her deadlines in a timely

4
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

manner. Defendants were not required to file their responsive on the deadline, they could have filed their motion any time before. Counsel is not responsible for the fact that Mr. Kane and Mr. Clopper practice last minute law. Defendants have completely and utterly to demonstrate any diligence towards the meeting of their deadlines. Therefore, no good cause exists for the extension of time under Fed. R. Civ. P. 6

      B. Good Cause Does Not Exist Under Fed. R. Civ. P. 6 To Extend Time For LR 7-3

Since Defendants were required to file their responsive pleading not later than October 4, 2023, Defendants were obligated to meet and confer no later than September 27, 2023. Defendants completely failed to meet and confer as of this date, having their request for extension be one week after their original deadline. As such, Fed. R. Civ. P. 6 (b)(1)(B) applies. Defendants must therefore show that the party failed to meet and confer because of some excusable neglect. Defendants never state excusable neglect was the reason they failed to meet and confer. In fact, Defendants fail to provide <u>any</u> legitimate reason as to why they failed to meet and confer before the September 27, 2023 deadline. An extension for the deadline to file its Motion to Dismiss would automatically extend Defendants' deadline to meet and confer, which would be wholly inappropriate and be inconsistent with the plain language of Fed. R. Civ. P. 6 (b)(1)(B). As such, good cause does not exist to grant an extension in the current case.

      C. The Court Should Not Extend Deadlines Set By Statute

Furthermore, several courts, both within the 9th circuit and outside, have repeatedly held that Fed. R. Civ. P. 6 does <u>not</u> extend time for deadlines set by statute. See *Parker v. Marcotte*, 198 F.3d 254 (9th Cir. 1999); *Yordy v. Astrue*, No. 1:09-CV-03028-NJV, 2010 WL 653099 (N.D. Cal. Feb. 22, 2010); and § 1165 Extending Time—In General, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.). Fed. R. Civ. P. 15 (a) clearly states that "unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original

pleading or within 14 days after service of the amended pleading, whichever is later." This shows a clear deference from the legislature that a responsive pleading should be made within the confines the statute and that it should <u>not</u> be subject to Fed. R. Civ. P. 6 (b)(1)(a). Since Fed. R. Civ. P. 15(a)(3) clearly sets out time in which a responsive pleading is due, this honorable court should follow what so many other courts have deemed necessary and not grant defendant extra time to file its responsive pleading.

### III. Conclusion

Because of the reasons highlighted above, Plaintiff asks this honorable court to respectfully decline Defendants request for extension, as it would unduly prejudice Plaintiff and would be wholly inconsistent with the Federal Rules of Civil Procedure and the Local Rules established by this honorable court.

Dated: October 13, 2023            BIBIYAN LAW GROUP, P.C.


BY:  */s/ Sarah H. Cohen*
　　　DAVID D. BIBIYAN
　　　JEFFREY D. KLEIN
　　　SARAH H. COHEN
Attorneys for Plaintiff MACKENZIE ANNE THOMA, on behalf of herself and all others similarly situated