# Exhibit C



Sarah Cohen <sarah@tomorrowlaw.com>

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Eric Clopper <eclopper@kanelaw.la>                                                               Sun, Sep 17, 2023 at 2:10 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: "david@tomorrowlaw.com" <david@tomorrowlaw.com>, "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, Brad Kane <bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>, "thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Sarah,

As promised, I wanted to give you time to investigate the grounds on which our clients plan to file a Motion to Stay and/or Demurrer for a Plea in Abatement in the two state court actions.

There are two separate but related bodies of law that my clients will pursue to stay the two state proceedings: (1) Motion for Stays; and (2) Demurrers on Pleas in Abatement.

Below is a discussion of the applicable case law for both, and then a brief explanation as to why these statutes and precedents apply to the two state proceedings.

If you agree that it is advisable to stay the state court actions to conserve our clients' and the courts' resources, then perhaps we can file a joint stipulation asking the two state courts to stay the pending actions instead of us filing motion practice on this issue. If we disagree on the propriety of staying the two state actions, then I hope the analysis below provides a helpful basis for a robust meet and confer conference on Monday.

Finally, if possible, please share a draft of the proposed federal court First Amended Complaint before the meet and confer, so we can meaningfully address any outstanding issues as the Court intended.

**Motion to Stay Case Law**

As an initial matter, most of the factors that determine whether a California court may exercise its discretionary authority to stay proceedings depend on how similar the lawsuits are and the risk of conflicting rulings.

Specifically, "[g]ranting a stay in a case where the issues in two actions are substantially identical is a matter addressed to the sound discretion of the trial court." *Thomson v. Continental Ins. Co.*, 66 Cal. 2d 738, 746 (1967); *see Rynsburger v. Dairymens Fertilizer Cooperative, Inc.*, 266 Cal. App. 2d 269, 279 (1968)

(enjoining further prosecution of a duplicative action to "prevent conflicting or vexatious litigation" and observing that "[w]here there exists two or more actions involving the same subject matter or the same facts or principles, restraint is necessary to prevent multiplicity of judicial proceedings . . . [and] unseemly conflict between courts that might arise if they were free to make contradictory decisions relating to the same controversy"). "The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits – in short, to prevent two actions between the same parties involving the same subject matter from proceeding independently of each other." *Simmons v. Sup. Ct.*, 96 Cal. App. 2d 119, 124–25 (1950).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1939). In the context of a motion to stay, California courts consistently have recognized that the "strong policy of comity" guiding their discretion applies with greatest force when the earlier-filed action is pending in a federal court within California. *See, e.g., Thomson*, 66 Cal. 2d at 746–47.

As the Court of Appeal explained in *Caiafa Professional Law Corporation v. State Farm Fire & Casualty*, 15 Cal. App. 4th 800 (1993):

> In exercising its jurisdiction, the court should consider the importance of . . . avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced. The California Supreme Court also has isolated another critical factor which happens to be present in this case - the federal action is pending in California not some other state.

*Id.* at 804 (citing *Thomson*, 66 Cal. 2d at 747 (internal citations and quotation marks omitted)); *see generally Schneider v. Vennard*, 183 Cal. App. 3d 1340, 1348 (1986) (observing that a stay of proceedings is warranted to prevent unnecessary and duplicative expenditure of judicial resources).

**Demurrer on Plea in Abatement**

A demurrer may be filed when there is another action pending between the same parties on the same cause of action. CCP 430.10(c).  Cases need not be identical: This rule does *not* require absolute identity of parties, causes of action or remedies sought in the two actions. It is sufficient that both actions deal with the same *subject matter* and the court in the first action has the power to grant complete relief. It need *not* be shown that its judgment would be res judicata in the second action. *Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 CA3d 781, 788-789, 788, 274 CR 147, 151-152; *Shaw v. Sup.Ct. (Beverages & More, Inc.)* (2022) 78 CA5th 245, 256, 293 CR3d 390, 397-398. Moreover, in order that an action be abated because of pendency of prior a action, the issues in the two actions must be substantially the same; and in determining whether such issues are substantially the same, the test applied is whether final judgment in the first action could be pleaded as a bar of the second action as former adjudication. *Kamei v. Kumamoto* (1967) 64 Cal.Rptr. 63, 256 Cal.App.2d 381; *Trickey v. City of Long Beach* (1951) 226 P.2d 694, 101 Cal.App.2d 871

**Applicability to the Remanded UCL State Action, LASC Case No. 23STCV08761:**

The remanded UCL action is based off of the same facts and circumstances as the ongoing federal action; it was the same action at one point. Moreover, if the federal court determines that Ms. Thoma is not entitled to relief on her causes of action, then Ms. Thoma would also be barred from recovering on her derivative UCL claim. As such, it would be more efficient to wait for the outcome of the federal action prior to litigating the UCL claim to the end. It would also prevent the possibility of conflicting rulings if the UCL action was stayed, because there is a possibility that the federal court sustains Ms. Thoma's employment claims on her FAC, yet the state court dismisses Ms. Thoma's derivative UCL claims, or vice-versa.

Since the law undergirding the motion to stay and demurrer for plea in abatement overlap, we would move to stay the UCL action on both grounds.

**Applicability to the PAGA State Action LASC Case No. 23STCV16142**

The PAGA action is based on the same facts and circumstances as the ongoing federal action. While the PAGA claim can only seek *penalties*, the class action can only seek *damages* for the same alleged misconduct. The core factual issues remain the same – was Thoma misclassified and did she suffer at least one Labor Code violation. If the federal court determines that Ms. Thoma was either not misclassified or suffered no labor code violation, then there is no point in proceeding with the PAGA proceeding.

To avoid the possibility of conflicting rulings, and to ensure that your PAGA claim is not barred by preclusive collateral estoppel effect, we'd ask for your client to also stipulate to stay the PAGA action prior to my clients filing a responsive pleading.

**Conclusion**

If you have time to respond to the above points prior to our meet and confer conference at 2:00 pm on Monday (assuming you confirm that date and time), that would be very helpful. If you do not have time, then we can discuss during our conference.

[Quoted text hidden]