# Exhibit E



Sarah Cohen <sarah@tomorrowlaw.com>

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Eric Clopper** <eclopper@kanelaw.la>                                                               Mon, Sep 18, 2023 at 5:10 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: "david@tomorrowlaw.com" <david@tomorrowlaw.com>, "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, Brad Kane <bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>, "thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Sarah,

Thank you for making the time to meet and confer today.

To break our meet and confer into three sections for organizational purposes, we discussed (1) Our Client's Upcoming Motions to Stay and Demurrers based on a Plea in Abatement for the State Actions; (2) The Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due; and (3) Comments Regarding the Press are off the Table.

### (1) Our Client's Upcoming Motions to Stay and Demurrers on a Plea in Abatement for the State and Federal Action

To briefly recap where we left off, it appears that we will not be reaching any agreement on staying the UCL or PAGA actions.

As for the UCL action, my understanding is that your client will not stipulate to staying the UCL action under the caselaw "*Williams*", which you said you would share the full cite with us once you have it. From my notes from our call, *Williams* supports the proposition that plaintiffs do not need to prove their claims in one case (here, the federal wage-and-hour class action) to proceed with discovery in their other cases (here, the state UCL and PAGA actions). And, as such, *Williams* would entitle your client to proceed with discovery even if the federal action is dismissed in its entirety.

As for the PAGA action, my understanding is that your client believes that the PAGA case is sufficiently different than the federal action so as not to be duplicative litigation warranting a stay because (i) PAGA is based on penalties, not damages; (ii) California is a party; and (iii) Ms. Thoma need only suffer one labor code violation to pursue PAGA damages for any labor code violation.

### (2) The Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due.

As for the amendments to your First Amended Complaint (FAC) in federal court, you mentioned you would be adding allegations regarding (i) the duties VXN "employees" performed that ranged from professional acting to modeling; (ii) additional information connecting the Defendants to each other and how they controlled their "employees"; and (iii) perhaps other allegations after you meet with your client tonight.

As for your client's request for additional documentation regarding Defendants' vacation policies, my clients believe that your client was never entitled to vacation. Further, given your client's lack of candor and inconsistent pleadings, discovery shall be conducted in accord with federal law.

Finally, the deadline for your client's First Amended Complaint is ultimately your responsibility. However, if your client would like to stipulate to additional time to file your FAC so we can review it before it is filed, my clients are happy to do so. Otherwise, we can meet and confer on the FAC after it is filed and prior to our clients filing their second motion to dismiss.

**(3) Comments Regarding the Press are off the Table.**

Finally, we also touched on BLF's recent comments in the press, You shared with me that BLF has no further comments regarding how the federal court granting the motion to dismiss was a "substantive victory" for your client.

If any of the above is inaccurate, please reach out anytime.

[Quoted text hidden]