**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Declaration of Brad S. Kane*]<br><br>Date:      November 3, 2023<br>Time:     1:30 pm<br>Place:    Courtroom #9B<br>**Judge:**   **Hon. Wesley L. Hsu** |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1

2

## TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................1

II.   THE PURPOSE OF THE MEET AND CONFER REQUIREMENT 3

III.  STATEMENT OF FACTS ......................................................................4

    A.    Plaintiff Refuses to Meet and Confer on Plaintiff's Amendments
        Prior to Filing Plaintiff's FAC. ...........................................................4

    B.    On September 18, 2023, The Parties Meet and Confer Regarding
        Defendants' Motions to Stay Plaintiff's Two Other State Court
        Actions Against Defendants. ................................................................4

    C.    Plaintiff Denies Defendants' Request for an Extension to Respond to
        the UCL Action, Fails to Respond to Defendants' Meet and Confer
        Email as Promised, and Files a Declaration in Opposition to KLF's
        Declaration Requesting an Extension to Respond to the UCL Action.
        ....................................................................................................6

    D.    Plaintiff Denies Defendants' Request for a Two-Week Extension to
        File a Responsive Pleading to Plaintiff's FAC Because: (i) KLF
        Unreasonably Delayed to Meet and Confer; and (ii) Defendants do
        not Litigate in Good Faith. ...................................................................8

    E.    After Agreeing to Meet and Confer on October 13, 2023, Cohen
        Claims She is Unavailable, While Filing an Opposition to
        Defendants' Request for an Extension. ................................................8

IV.   GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION TO
      EXTEND THE TIME TO FILE A RESPONSIVE PLEADING TO
      PLAINTIFF'S FAC ...............................................................................11

V.    CONCLUSION .....................................................................................13

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

# TABLE OF AUTHORITIES

## Cases

*Cargill, Inc. v. Sears Petroleum & Transp. Corp.*,
  334 F. Supp. 2d 197, 247 (N.D.N.Y. Aug. 27, 2004) ....................................13

*Mendoza v. Princess House*,
  2022 WL 16966692 (C.D. Cal. Aug. 26, 2022) ...................................................3

*Niazi v. Tatilek Support Servs., Inc.*,
  2018 WL 1725077,  (C.D. Cal. Apr. 2, 2018)..............................................1, 10

*Rivera v. Ryder Integrated Logistics, Inc.*,
  2022 WL 18337685, (C.D. Cal. Dec. 27, 2022) .........................................2, 10

*Rodriguez v. Village Green Realty, LLC*,
  788 F.3d 31, 47 (2d. Cir. 2015) ....................................................................3, 13

*Stewart v. San Luis Ambulance, Inc.*,
  2015 WL 12681650 (C.D. Cal. Aug. 7, 2015) ...................................................3

## Statutes

Labor Code § 204 ......................................................................................2, 10

Labor Code § 226 ......................................................................................1, 10

## Rules

FED. R. CIV. P. 6(b)(1)(A)...................................................................................11

FED. R. CIV. P.  6(b)(1)(B)...................................................................................11

LOCAL RULE 7-3 ...................................................................................passim

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## I.    **INTRODUCTION**

On September 1, 2023, Defendants' counsel began making repeated attempts to meet and confer on Plaintiff's First Amended Complaint ("FAC"). However, Plaintiff's counsel refused to meet and confer until *after* filing the FAC. Worse, on October 13, 2023, Plaintiff's counsel, Sarah Cohen ("Cohen"), incorrectly represented to the Court that "[t]here were no other meet and confer attempts undertaken by Defendants after Plaintiff filed her First Amended Complaint [on September 20, 2023]." [**Dkt. 31-1**, **Decl. of Sarah Cohen**, at ¶ 9]

On Monday, October 9, 2023, Defendants' counsel, the Kane Law Firm ("KLF"), scheduled a meet and confer call with Plaintiff's counsel on Friday, October 13, 2023. On Thursday, October 12, 2023, Defendants' counsel emailed Cohen a list of sub-issues to possibly "reduce the need for or scope of motion practice" for the scheduled meet and confer on October 13, 2023:

> 1. First and foremost, can we agree that California's Industry Wage Orders predominate over California's Occupational Wage Orders? *See, e.g., Niazi v. Tatilek Support Servs., Inc.*, No. 215CV07403SVWJPRX, 2018 WL 1725077, at *2 (C.D. Cal. Apr. 2, 2018) (explaining occupational orders control only if there is no applicable industry wage order).

> 2. Second, can we agree that Wage Orders are not segregable between differing tasks for the same employer? In other words, whether an employee's work for a single employer can be governed by more than 1 Wage Order?

> 3. Can we agree that your client ultimately must produce some inaccurate wage statements to bring the 226 claim? If we can agree on a reasonable time limit for your client to produce inaccurate wage statements, perhaps we can stipulate to a resolution of that issue. Otherwise, please advise if/when your client will be providing the

1

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

documentation that you should have received from your client before filing almost 6 months ago on April 20, 2023.

4. Now that your client has filed the requisite PAGA action to support a Labor Code § 204, can we agree that the section 204 claim does not provide a private right of action and voluntarily dismiss it? *Rivera v. Ryder Integrated Logistics, Inc.*, 2022 WL 18337685, at *14 (C.D. Cal. 2022)

5. Can we agree that your client must allege: (i) how or when Defendants failed to reimburse her; and (ii) whether your client sought reimbursement and was refused?

[**Decl. of Brad S. Kane, Ex. 1**, at 2-3][1]

Instead of meeting and conferring as scheduled on October 13, 2023, Cohen: (i) canceled the meet and confer because she was "unexpectedly out of the office today and unavailable for a call," [**Ex. 1**, at 2]; and (ii) filed at 12:56 p.m. an Opposition to Defendants' Motion to Extend Time ("Motion") to respond to Plaintiff's First Amended Complaint ("FAC") [**Dkt. 31**]. Cohen's decision to avoid the meet and confer prompts this Reply.

Here, Plaintiff's Opposition fails to explain how granting the two-week extension—while Defendants' counsel was engaged in expert depositions and an arbitration in San Francisco—would cause Plaintiff any unfair prejudice. In sum, Plaintiff's Opposition demonstrates disregard for this Court's August 30, 2023 Order strongly encouraging the parties to meet and confer to avoid wasting the scarce resources of the Court and the parties.

The Court should grant Defendants' Motion to Extend the Time to Respond to Plaintiff's FAC to October 18, 2023 for good reasons. First, good cause exists

---

[1] All exhibits are appended to the Declaration of Brad S. Kane, which is filed concurrently with this Reply.

2

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

based on the scheduling conflict with Arbitration and the health issues in Brad Kane's family, which could not be otherwise managed despite efforts to meet and confer prior to and after the filing of the FAC. Second, Plaintiff has frustrated the meet and confer efforts and failed to show any unfair prejudice to Plaintiff. Finally, the principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities, favors granting the motion. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015).

## II.    THE PURPOSE OF THE MEET AND CONFER REQUIREMENT

The meet and confer process is essential to reduce the burden on the courts and the parties. Local Rule 7-3 compels the parties to meet prior to filing motions to ensure this process occurs:

> The purpose of Local Rule 7-3 is to foster the informal resolution of legal issues without court intervention and to permit the parties to brief whatever issues remain "in a thoughtful, concise, and useful manner."

*Stewart v. San Luis Ambulance, Inc.*, 2015 WL 12681650, at *1 (citations omitted); *see also Mendoza v. Princess House*, 2022 WL 16966692, at *2 ("The court reiterates that the purpose of Local Rule 7-3's meet and confer requirement is to 'help parties "reach a resolution and eliminate the necessity for a hearing," which in turn promotes judicial economy and the administration of justice.'") (citations omitted).

Unfortunately, Plaintiff's counsel, the Bibiyan Law Firm ("BLF"), appears to disagree on *every* issue, avoid the serious efforts of Defendants' counsel, the Kane Law Firm ("KLF"), to meet and confer, and then accuse the KLF of "bad faith." More substantively, the two more senior attorneys responsible for the case—David Bibiyan and Jeff Klein—also failed to honor BLF's commitment to confer on Defendants' upcoming 12(b)(6) motion.

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

III.   **STATEMENT OF FACTS**

### A.   Plaintiff Refuses to Meet and Confer on Plaintiff's Amendments Prior to Filing Plaintiff's FAC.

On August 30, 2023, this Court issues an order granting Defendants' motion to dismiss Plaintiff's Complaint with leave to amend (the "Order"). [**Dkt. 23**] The Court's Order strongly encourages the parties to make more concerted meet and confer efforts to "avoid squandering the parties and the Court's scarce resources[.]" [**Dkt. 23**, at 13-14]

On September 1, 2023, pursuant to the Order, Clopper emails Cohen asking if Cohen would be willing to share a draft of the FAC to streamline the issues for the Court:

> in light of the Court's ruling on the Motion to Dismiss, let's see if we can have a meaningful meet and confer about your First Amended Complaint in the federal action *before* it is filed. Please let us know when you have a draft First Amended Complaint for us to meet and confer on so our clients do not have to litigate unnecessary issues with a Second 12(b) Motion.

[**Ex. 5**, at 14]

### B.   On September 18, 2023, The Parties Meet and Confer Regarding Defendants' Motions to Stay Plaintiff's Two Other State Court Actions Against Defendants.

Since Cohen failed to respond to Clopper's Friday, September, 1, 2023 email, Clopper follows up two weeks later. [**Ex. 5**, at 12] On Friday, September 15, 2023, Clopper emails Cohen offering to stipulate to an extension of Plaintiff's filing deadline for the FAC to facilitate a meet and confer:

> As the court suggested, we should meet and confer prior to you filing the FAC so we can limit the litigation to only issues our clients have a good-faith basis to disagree on, which will also conserve the court's and our clients' resources.

4

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

> To that end, would you be willing to meet and confer on your client's FAC prior to this coming Wednesday? Alternatively, our clients would be willing to stipulate to a one-week extension if you would be willing to have a meaningful meet and confer conference on the FAC either Thursday or Friday of next week. Please let me know.

[**Ex. 5, at 12**] Cohen responds proposing to have a telephone call on Monday, September 18, 2023. [**Ex. 5, at 12**]

On September 17, 2023, to facilitate the September 18 phone call, Clopper emails Cohen the grounds Defendants would rely upon for staying Plaintiff's other two actions in Los Angeles Superior Court. [**Ex. 5, at 6-9**] Clopper also requested that, "if possible, please share a draft of the proposed federal court First Amended Complaint before the meet and confer, so we can meaningfully address any outstanding issues as the Court intended." [**Ex. 5, at 7**]

Later that same day, Cohen responds that BLF is not required to meet and confer before filing the FAC. Cohen writes:

> there is no court order requiring the parties to meet and confer before Plaintiff's filing of the first amended complaint, and . . . we will not be providing a draft of the first amended complaint before our call tomorrow [on September 18, 2023].

[**Ex. 5**, at 6 (emphasis added)]

On September 18, 2023, Cohen and Clopper have an approximately 30-minute phone call where they primarily confer on whether Plaintiff and Defendants can agree to staying Plaintiff's other two state court actions. Cohen also mentions some of the allegations Plaintiff would add to her FAC. *Significantly, Cohen admits that she still needs to get information from Plaintiff to prepare the FAC.* [**Ex. 5**, at

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

6] A few hours after the September 18 call, Clopper emailed Cohen his summary of the points covered on the call.[2] [**Ex. 5**, at 1-2]

Given BLF still needed to speak with Plaintiff to make the amendments and the September 20, 2023 deadline to file the FAC, Clopper proposes that on September 21 or September 22, 2023 the parties should meet and confer. [**Ex. 5**, at 5]. Despite not agreeing to either date, Cohen purported to assure Clopper that "[BLF] will engage in any necessary meet and confer before the filing of a second demurrer but after the filing of the FAC." [**Ex. 5**, at 4; *see also* **Ex. 5**, at 2 ("per my previous email, we are willing to further meet and confer after filing but before the filing of any second demurrer.")]

### C.     Plaintiff Denies Defendants' Request for an Extension to Respond to the UCL Action, Fails to Respond to Defendants' Meet and Confer Email as Promised, and Files a Declaration in Opposition to KLF's Declaration Requesting an Extension to Respond to the UCL Action.

On September 22, 2023, Clopper emailed Cohen: (i) informing her that the KLF—which consists of two attorneys: Brad Kane ("Kane") and Clopper—had a scheduled 5-day arbitration in San Francisco from October 2, 2023 through October 6, 2023; and (ii) requested a 15-day extension to file a responsive pleading in the remanded Los Angeles Superior Court action (Case No. 23STCV08761, the "UCL Action"). [**Ex. 4**, at 5] *In response, Cohen assured Clopper she would send a formal response to Clopper's meet-and-confer email later that day.* [**Ex. 4**, at 4] In that email, Cohen *hints* that BLF might *possibly* grant the extension if Defendants file an answer and not a demurrer in the UCL Action:

> I should have that [formal meet and confer response to staying the UCL Action] to you by EOB today [September 22, 2023]. You will have all of this weekend and next week before trial starts to review our formal

---

[2] Seven days after the call, on September 25, 2023, Cohen emailed Clopper her summary of the points covered on the September 18, 2023 call. [**Ex. 5**, at 1-2].

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

response and make a decision as to whether Defendants will file an answer or demurrer. We can discuss an extension in the event that Defendants decide to file an answer.

[**Ex. 4**, at 4]

Cohen fails to respond as promised. On September 25, 2023, Clopper follows up with Cohen. [**Ex. 4**, at 3] Clopper explains that during the week of September 25, KLF had to complete two expert depositions, pre-trial briefing, and conduct extensive preparation for a scheduled 5-day, multi-million dollar Arbitration in San Francisco starting the following week on October 2, 2023.[3] [**Ex. 4**, at 3] Clopper also pointed out that the "Los Angeles Superior Court's Guidelines for Civility in Litigation," Rule (a)(1), states that first requests for extension should be granted as a matter of course:

> First requests for reasonable extensions of time to respond to … pleadings … should ordinarily be granted as a matter of courtesy unless time is of the essence.

[**Ex. 4**, at 3]

On September 25, 2023, Cohen: (i) informs Clopper that BLF would not assent to staying the UCL or PAGA Actions; and (ii) fails to give Clopper a "yes" or "no" response to KLF's requested 15-day extension. Further, Cohen files a declaration opposing KLF's declaration for an additional 30 days to meet and confer before filing a demurrer to the remanded UCL Complaint. [**Ex. 4**, at 1-2; *see*

---

[3] In the Arbitration, opposing counsel assented to Brad Kane's second request for extension for pre-trial briefing, continuing the deadline to September 28, 2023. [**Decl. of Brad S. Kane**, at ¶ 3] This extension was necessary because Kane is the primary caregiver to his 92-year-old father, who lives in his home. Unfortunately, due to an inability to obtain his father's prescribed sleep medication from Friday, September 22 to Monday, September 25, Kane's father prevented Kane from sleeping, causing Kane to become ill and unable to substantively work on the Arbitration or this case. *Id.*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

7

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

*also* **Ex. 6** (Cohen's declaration opposing Kane's declaration for a 30-day extension to the UCL Action under CCP § 430.41(a)(2))]

**D.    Plaintiff Denies Defendants' Request for a Two-Week Extension to File a Responsive Pleading to Plaintiff's FAC Because: (i) KLF Unreasonably Delayed to Meet and Confer; and (ii) Defendants do not Litigate in Good Faith.**

On October 2, 2023, Clopper requested a 14-day extension to meet and confer before filing a responsive pleading to Plaintiff's FAC. [**Ex. 3**, at 1] Defendants refused the requested extension because: (i) Local Rule 7-3 required a meet and confer by September 27, 2023; and (ii) Defendants do not meet and confer in good faith:

> Plaintiff's FAC was filed on September 20, 2023 and no such meet and confer has occurred [by September 27, 2023] nor has there been an effort by Defendants to meet and confer in good faith. . . . *Plaintiff has reason to believe that Defendants do not intend to meet and confer in good faith and that this is yet another unmeritorious motion for the sole purpose of further delaying the progress of the case.*

[**Ex. 3**, at 1 (emphasis added)] Just as Plaintiff's denial of Defendants' first request for an extension necessitated this Motion, Cohen's opposition to this Motion necessitated this Reply.

Finally, Plaintiff cannot in good faith argue that Defendants are filing "yet another unmeritorious motion," when Defendants have prevailed on the motions decided to date. Similarly, there is no good faith basis to assert that Defendants are filing baseless motion solely for purposes of delay.

**E.    After Agreeing to Meet and Confer on October 13, 2023, Cohen Claims She is Unavailable, While Filing an Opposition to Defendants' Request for an Extension.**

On October 9, 2023, in a further effort to meet and confer, Clopper emails Cohen again requesting a Local Rule 7-3 meet and confer on October 10 or October

8

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

1   11 regarding Defendants' upcoming 12(b)(6) motion.[4] [**Ex. 2**, at 5] The same day,
2   Cohen responds that she could only confer on Friday afternoon, October 13, 2023.
3   [**Ex. 2**, at 5]

4          On October 10, 2023, Clopper emails Cohen seeking to confirm 3 p.m. as
5   the time for the October 13, 2023 motion to dismiss meet and confer. [**Ex. 2**, at 4]
6   Rather than agree on a time, Cohen insists that Defendants missed the meet and
7   confer deadline and asks what it was Defendants wanted to confer about. [**Ex. 2**, at
8   3] Clopper replies that: (i) Defendants are trying to fulfill their obligations under
9   Local Rule 7-3 prior to filing Defendants' second motion to dismiss; and (ii) asking
10  a second time for confirmation that Plaintiff will confer on the afternoon of Friday,
11  October 13 at 3 p.m., since Cohen previously offered Friday afternoon. [**Ex. 2**, at
12  2]

13         Again, Cohen asserts that Defendants' request to meet and confer was
14  untimely and refuses to address her previously stated availability:

15         As stated, *ad nauseam*, Defendants' LR 7-3 meet and
16         confer prerequisite and anticipated Motion to Dismiss are
           untimely.
17
    [**Ex. 2**, at 2]

18         On October 12, 2023, Clopper asked Cohen for the *third* time to confirm the
19  October 13, 2023 meet and confer at 3:00 p.m. [**Ex. 2**, at 1] Clopper also promised
20  a list of issues to cover prior to their meet and confer to ensure that the time was
21  used productively to streamline the litigation. [**Ex. 2**, at 1]

22         Later that day, Defendants' counsel emailed Cohen the following list of sub-
23  issues to possibly "reduce the need for or scope of motion practice" for the
24  scheduled meet and confer on October 13, 2023:
25

26  _____
    [4] Since KLF requested a meet and confer 9 days prior to Defendants' requested
27  October 18, 2023 deadline, if the Court grants this Motion, BLF's late meet and
    confer argument is moot.
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

9

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

1. First and foremost, can we agree that California's Industry Wage Orders predominate over California's Occupational Wage Orders? *See, e.g., Niazi v. Tatilek Support Servs., Inc.*, No. 215CV07403SVWJPRX, 2018 WL 1725077, at *2 (C.D. Cal. Apr. 2, 2018) (explaining occupational orders control only if there is no applicable industry wage order).

2. Second, can we agree that Wage Orders are not segregable between differing tasks for the same employer? In other words, whether an employee's work for a single employer can be governed by more than 1 Wage Order?

3. Can we agree that your client ultimately must produce some inaccurate wage statements to bring the 226 claim? If we can agree on a reasonable time limit for your client to produce inaccurate wage statements, perhaps we can stipulate to a resolution of that issue. Otherwise, please advise if/when your client will be providing the documentation that you should have received from your client before filing almost 6 months ago on April 20, 2023.

4. Now that your client has filed the requisite PAGA action to support a Labor Code § 204, can we agree that the section 204 claim does not provide a private right of action and voluntarily dismiss it? *Rivera v. Ryder Integrated Logistics, Inc.*, 2022 WL 18337685, at *14 (C.D. Cal. 2022)

5. Can we agree that your client must allege: (i) how or when Defendants failed to reimburse her; and (ii) whether your client sought reimbursement and was refused?

[**Ex. 1**, at 2-3]

On October 13, 2023 at 9:01 am, Cohen incorrectly responded that she "need[s] additional times to review these issues as this is the first time they have

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1   been raised." [**Ex. 1**, at 2]. Defendants already raised all these issues in their first
2   motion to dismiss; the first five areas of potential agreement were subsets of the
3   arguments in Defendants' first motion to dismiss. [**Dkt. 9**]

4        Finally, Cohen incorrectly represents that she will not be available to meet
5   and confer on the motion to dismiss because she is out of the office and
6   "unavailable":

7             Eric, I am unexpectedly out of the office today [on
8             October 13, 2023] and unavailable for a call. Thank you.

9   [**Ex. 1**, at 2]

10       In response, Clopper asked if David Bibiyan or Jeffrey Klein—more senior
11  lawyers on the case and listed above Cohen's name in every caption—could cover
12  for Cohen's "last-minute unavailability." [**Ex. 1**, at 1] BLF's only response to
13  Clopper's request to speak to other BLF attorneys working on the matter was
14  Cohen drafting, signing and filing Plaintiff's Opposition to this Motion.

**IV.   GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION TO
15      EXTEND THE TIME TO FILE A RESPONSIVE PLEADING TO
16      PLAINTIFF'S FAC.**

17       Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court to grant an
18  extension of time upon a showing of good cause, if the motion is made *before* the
19  original filing deadline.[5] Here, Defendants filed their motion for extension of time
20  on Tuesday, October 3, 2023, or 1 day before the deadline to the file Defendants'
21  motion to dismiss. [**Dkt. 30**] As stated above, Defendants repeatedly sought to meet
22  and confer with Plaintiff before and after Plaintiff filed the FAC.

23       Equally important, Defendants' lead counsel, Kane, is the primary care giver
24  for his 92-year-old father, who lives with him. Mr. Kane's father being unable to
25

26

27  ─────────────────
    [5] The higher Rule 6(b)(1)(B) "excusable neglect" standard for motions to extend to
28  time only apply to motions made after the filing deadline.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

11

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

sleep for four days due to the unavailability of his sleep medication caused Kane to become ill and unable to substantively work on the Arbitration or this case from Saturday, September 23, 2023 through Tuesday, September 26, 2023. Given the remaining work to prepare for the Arbitration, Defendants' counsel discharged their responsibility as professionally as possible under the circumstances.

Conversely, while Plaintiff claims "prejudice," Plaintiff offers no facts supporting a claim of unfair prejudice. [**Dkt. 31**, at 4] In fact, Defendants refused the requested extension, not based on a claim of prejudice, but because: (i) Local Rule 7-3 required a meet and confer by September 27, 2023; and (ii) Defendants do not meet and confer in good faith:

> Plaintiff's FAC was filed on September 20, 2023 and no such meet and confer has occurred [by September 27, 2023] nor has there been an effort by Defendants to meet and confer in good faith. . . . *Plaintiff has reason to believe that Defendants do not intend to meet and confer in good faith and that this is yet another unmeritorious motion for the sole purpose of further delaying the progress of the case.*

[**Ex. 3**, at 1 (emphasis added)] Just

Plaintiff cannot in good faith argue that Defendants are filing "yet another unmeritorious motion," when Defendants have prevailed on the motions decided to date. Similarly, there is no good faith basis to assert that Defendants are filing baseless motion solely for purposes of delay. Similarly, Cohen's decision to make herself unavailable at the last minute for the meet and confer on October 13, 2023 in order to file an Opposition to a requested extension should not be rewarded as it will only encourage more gamesmanship and multiplicity of litigation.

Finally, in deciding whether good cause exists to grant this Motion, the Court should consider the principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. *Rodriguez*, 788

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

12

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

F.3d at 47 (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y. 2014) and observing that there is a strong preference for resolving disputes on the merits). Here, granting Defendants' Motion would facilitate a merits-based decision, especially if it enables the parties to meet and confer in compliance with Local Rule 7-3 prior to further motion practice.

## V.    **CONCLUSION**

For the reasons stated above, the Court should grant Defendants' Motion to Extend the Time to Respond to Plaintiff's FAC to October 18, 2023, and order that the parties make a good-faith effort to meet and confer moving forward.

Dated: October 15, 2023

Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*

Brad Kane
Attorney for Defendants
VXN Group LLC; Strike 3 Holdings,
LLC; General Media Systems, LLC;
and Mike Miller

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,765 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: October 15, 2023

By: */s/ Brad S. Kane*

Brad Kane

13

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION
TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**

# CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on October 15, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 15, 2023          By:  _/s/ Brad S. Kane_ _____
                                      Brad Kane

**REPLY TO PLAINTIFF'S OPPOSITION FOR DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FAC**