1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

        Plaintiff,

v.

VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,

        Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION EXTEND THE TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

[*Filed concurrently with Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Extend the Time to Respond to Plaintiff's First Amended Complaint*]

Date:        November 3, 2023
Time:        1:30 pm
Place:        Courtroom #9B
**Judge:        Hon. Wesley L. Hsu**

*(left margin)* KANE LAW FIRM 1154 S. Crescent Heights Blvd. Los Angeles, CA 90035

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

I, Brad S. Kane, hereby declare as follows:

1.     I am an attorney licensed to practice law in the State of California since 1990, the State of Alaska since 1991 and Washington State since 2003. I am the owner of the Kane Law Firm ("KLF"), and counsel for Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("GMS"), and Mike Miller ("Miller") (collectively, "Defendants").  I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge.

2.     The deadlines to file responsive pleadings in Plaintiff's three (3) separate actions—this action, the remanded UCL action, and the separate PAGA action—fell on October 4, 2023, October 5, 2023, and October 11, 2023, respectively. As grounds for requesting an extension to file the Defendants' responsive pleadings, KLF shared with BLF that KLF had a 5-day arbitration scheduled in San Francisco from October 2, 2023, through October 6, 2023. Further, KLF shared with BLF that it had multiple expert depositions, pre-trial briefing, and extensive preparations to conduct the week of September 25, 2023, through September 29, 2023 for the upcoming arbitration, and that KLF did not have the attorney hours to complete the Arbitration and all the filings required for Plaintiff's three separate actions. When KLF shared this information with BLF and requested Defendants' first extension to respond, BLF denied KLF's request.

3.     In the arbitration that started October 2, 2023, opposing counsel assented to my two requests for an extension for the pre-trial briefs, continuing the deadline to September 28, 2023. This extension was necessary because I am the primary caregiver to my 92-year-old father, who lives in my home. Unfortunately, due to an inability to obtain my father's prescribed sleep medication from September 22 to September 25, my father laid awake through the night and

1

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FAC**

prevented me from sleeping as well, which caused me to become ill, and rendered me substantively unable to work on the arbitration or as defense counsel in this action for approximately three days.

4.    Attached as **Exhibit 1** is a true and correct copy of my associate Eric Clopper ("Clopper")'s email correspondence between KLF and Sarah Cohen of the Bibiyan Law Firm ("BLF") between October 12, 2023 and October 13, 2023 with the subject line "RE: Thoma v. VXN et al. -- Meet & Confer Effort, Friday, Oct. 13,2023 at 3:00 pm: Issues in the case where we can Agree."[1]

5.    Attached as **Exhibit 2** is a true and correct copy of the email correspondence between KLF and BLF between October 9, 2023 and October 12, 2023 with the subject line "RE: VXN – Defendant's Meet and Confer Prior to Filing 12(b)(6) to Plaintiff's First Amended Complaint".

6.    Attached as **Exhibit 3** is a true and correct copy of my associate Eric Clopper ("Clopper")'s email correspondence with Sarah Cohen between October 2, 2023, and October 3, 2023, with the subject line "Re: Thoma v. VXN et al - Stipulation for 2-Week Extension for time to File Motion to Dismiss."

7.    Attached as **Exhibit 4** is a true and correct copy of my associate Eric Clopper ("Clopper")'s email correspondence with Sarah Cohen between September 22, 2023 and September 25, 2023, with the subject line "Re: Thoma v. VXN - State UCL Action - Extension Requested."

8.    Attached as **Exhibit 5** is a true and correct copy of my associate Eric Clopper ("Clopper")'s email correspondence with Sarah Cohen between September 1, 2023, and September 18, 2023, with the subject line "RE: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action."

---

[1] The highlights in the email exhibits were not part of the original emails. The highlights are excerpts Defendants rely upon in their Reply brief and are highlighted to assist the reader.

2

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FAC**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

9.      Attached as **Exhibit 6** is a true and correct copy of BLF's Declaration to oppose KLF's Declaration for an automatic 30-day extension in the UCL action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 15, 2023 at Los Angeles, California.

_/s/ Brad S. Kane_

Brad S. Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

3

**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS'
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION
TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FAC**

Exhibit 1

**Eric Clopper**

| | |
|---|---|
| **From:** | Eric Clopper |
| **Sent:** | Friday, October 13, 2023 12:16 PM |
| **To:** | 'Sarah Cohen' |
| **Cc:** | Brad Kane; Emanuel Munguia; Nadia Rodriguez; Rafael Yedoyan; david@tomorrowlaw.com; jeff@tomorrowlaw.com; thomavvxngrouppllcetalz11731883@projects.filevine.com |
| **Subject:** | RE: Thoma v. VXN et al. -- Meet & Confer Effort, Friday, Oct. 13,2023 at 3:00 pm: Issues in the case where we can Agree. |

Sarah,

First, I hope that whatever issues that are unexpectedly keeping you out of the office and unable to take telephone calls are not health related and hope everything turns out ok for you and your loved ones.

Second, all issues were previously included in the first motion to dismiss, so they are *not* new. Instead, in the spirit of the Court's order and to facilitate the meet and confer process, the meet and confer email simply better separates out the sub-issues, so we can identify any potential areas of agreement to narrow the scope of the motion practice.

Third, given your unexpected unavailability today, are any of the other attorneys working on the case able to step in and handle the meet and confer?

Alternatively, could you please send me your, David and Jeff's availability for Saturday through Monday (10/14-10/16) for our second latest attempt to satisfy our Rule 7-3 meet and confer obligations prior to Defendants filing their 12(b)(6)?

Finally, in the event we can agree on some of the issues in the case, Defendants are willing to stipulate to your client filing a Second Amended Complaint to take those issues off the table and reduce the burden on the Court.

Please let me know.

Best,

Eric

Eric Clopper
Senior Associate
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, CA 90035
Office: 323-937-3291
Cell: 617-957-2363
Fax: 323-571-3579
eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments

thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Friday, October 13, 2023 9:01 AM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** Brad Kane <bkane@kanelaw.la>; Emanuel Munguia <emanuel@tomorrowlaw.com>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Rafael Yedoyan <rafael@tomorrowlaw.com>; david@tomorrowlaw.com; jeff@tomorrowlaw.com; thomavvxngroupllcetalz11731883@projects.filevine.com
**Subject:** Re: Thoma v. VXN et al. -- Meet & Confer Effort, Friday, Oct. 13,2023 at 3:00 pm: Issues in the case where we can Agree.

Eric,

I will need additional time to look into these issues as this is the first time they have been raised. Further, I am unexpectedly out of the office today and unavailable for a call. Let's touch base next week.

Thank you.

On Thu, Oct 12, 2023 at 7:30 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,


In hopes that you will meet and confer tomorrow, I wanted to brief you on some of the issues. Maybe there are issues we can agree on, which may reduce the need for or scope of motion practice.


**Issues We May Agree On:**


1. First and foremost, can we agree that California's Industry Wage Orders predominate over California's Occupational Wage Orders? *See, e.g., Niazi v. Tatilek Support Servs., Inc.*, No. 215CV07403SVWJPRX, 2018 WL 1725077, at *2 (C.D. Cal. Apr. 2, 2018) (explaining occupational orders control only if there is no applicable industry wage order).


2. Second, can we agree that Wage Orders are not segregable between differing tasks for the same employer? In other words, whether an employee's work for a single employer can be governed by more than 1 Wage Order?


3. Can we agree that your client ultimately must produce some inaccurate wage statements to bring the 226 claim? If we can agree on a reasonable time limit for your client to produce inaccurate wage statements, perhaps we can stipulate to a resolution of that issue. Otherwise, please advise if/when your client will

be providing the documentation that you should have received from your client before filing almost 6 months ago on April 20, 2023.

.

4. Now that your client has filed the requisite PAGA action to support a Labor Code § 204, can we agree that the section 204 claim does not provide a private right of action and voluntarily dismiss it? *Rivera v. Ryder Integrated Logistics, Inc.*, 2022 WL 18337685, at *14 (C.D. Cal. 2022)

5. Can we agree that your client must allege: (i) how or when Defendants failed to reimburse her; and (ii) whether your client sought reimbursement and was refused?

Finally, I am considering asking the Court for oral argument on the next set of motions, as I have less than 5 years of practice. Do you any thoughts on the issue?

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail,

you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

Exhibit 2

**Eric Clopper**

---

| | |
|---|---|
| **From:** | Eric Clopper |
| **Sent:** | Thursday, October 12, 2023 2:15 PM |
| **To:** | Sarah Cohen |
| **Cc:** | jeff@tomorrowlaw.com; david@tomorrowlaw.com; Brad Kane; thomavvxngroupllcetalz11731883 @projects.filevine.com; Emanuel Munguia; Nadia Rodriguez; Rafael Yedoyan |
| **Subject:** | RE: VXN - Defendant's Meet and Confer Prior to Filing 12(b)(6) to Plaintiff's First Amended Complaint |

Sarah,

We can professionally disagree on the scheduling/timing of Defendants' Motion to Dismiss without being disagreeable or getting into "ad hominem attacks." (An ad hominin attack is an attempt to discredit your opponent by calling them names; we have not done so and prefer to keep things focused on the merits.)

Since we cannot agree, we must let the Court make the determination regarding scheduling and extensions.

Nevertheless, we need to move forward on the meet and confer for the Motion to Dismiss the First Amended Complaint, whether or not you believe it is outside the 7-day meet and confer window.

On Monday, October 9, 2023, You had informed me that you can meet and confer regarding Defendants' upcoming motion to dismiss this Friday afternoon. Please confirm you will attend our meet and confer tomorrow (10/13/2023) at 3:00 pm PT.

Although not required by Local Rule 7-3, we will once again send you our clients' written basis for the Motion to Dismiss with legal authority to facilitate the meet and confer process. (Going forward, my clients would appreciate it if your client would begin extending a similar courtesy.)

Further, the Court expressed its preference that we to work together to agree where we can to narrow the issues for the Court:

> The Court understands that Defendants offered to stipulate to Plaintiff's counsel filing an amended Complaint but that Thoma's counsel declined to do so. (Mot. to Dismiss at 1 n.1). Instead, Thoma's counsel "forced Defendant[s] to file this motion and forced the Court to expend [its] scarce resources to adjudicate it." [Dkt. 23 at 13]

To that end, we should make our best faith effort to videoconference prior to any motions in the Central District to streamline the issues for the Court.

Best,

Eric

Eric Clopper
Senior Associate
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, CA 90035
Office: 323-937-3291

Cell: 617-957-2363
Fax: 323-571-3579
eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Thursday, October 12, 2023 2:17 AM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** jeff@tomorrowlaw.com; david@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; thomavvxngroupllcetalz11731883@projects.filevine.com; Emanuel Munguia <emanuel@kanelaw.la>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Rafael Yedoyan <rafael@tomorrowlaw.com>
**Subject:** Re: VXN - Defendant's Meet and Confer Prior to Filing 12(b)(6) to Plaintiff's First Amended Complaint

Eric,

Let's not waste time with ad hominem attacks. To date, Defendants have not provided a single basis for their anticipated "second motion to dismiss". It is Plaintiff's obligation to act in the best interest of the putative class, which does not include facilitating Defendants' dilatory tactics. It is obvious that Defendants' intentions are to prevent Plaintiff's claims from being litigated and decided on the merits for as long as possible. As stated, *ad nauseam*, Defendants' LR 7-3 meet and confer prerequisite and anticipated Motion to Dismiss are untimely. Your firm's inability to manage its caseload is not a basis for a good cause argument to support a responsive pleading deadline extension request. I am not sure what else there is to discuss. Further, Plaintiff's First Amended Complaint ("FAC") was filed in conformity with the Court's Order. Defendants have presented Plaintiff with zero factual or legal bases to suggest otherwise. Plaintiff remains steadfast in this position, especially because Defendants have failed to identify a single discrepancy between the Court's Order and Plaintiff's FAC.

Thank you.

On Wed, Oct 11, 2023 at 3:10 PM Eric Clopper <eclopper@kanelaw.la> wrote:

> Sarah,
>
> The Court instructed us to meet and confer prior to filing motions to the extent possible.
>
> We understand that the original deadline was last week, which we were unable to make due to our firm's trial commitments. Despite your firm violating professional norms and denying a first request for an extension, we are optimistic that the Court will rule on the merits, not procedural technicalities, as the Court has done thus far.
>
> That said, are you willing to meet and confer with us prior to our clients' filing their second motion to dismiss next Wednesday? Please let me know. If yes, I will send you and your co-counsel Zoom invites for this Friday afternoon at 3:00 pm.

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Wednesday, October 11, 2023 1:15 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** jeff@tomorrowlaw.com; david@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; thomavvxngroupllcetalz11731883@projects.filevine.com; Emanuel Munguia <emanuel@tomorrowlaw.com>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Rafael Yedoyan <rafael@tomorrowlaw.com>
**Subject:** Re: VXN - Defendant's Meet and Confer Prior to Filing 12(b)(6) to Plaintiff's First Amended Complaint

Eric, you missed the meet and confer deadline and the deadline for filing the motion to dismiss. What exactly is it that you want to discuss?

On Tue, Oct 10, 2023 at 3:46 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,

Thank you for agreeing to meet and confer regarding Defendants' upcoming motion to dismiss your client's First Amended Complaint in the Central District.

Would 3:00 pm this Friday (10/13) work for you? If yes, I will send a Zoom invite.

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Monday, October 9, 2023 9:37 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** jeff@tomorrowlaw.com; david@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>;
thomavvxngroupllcetalz11731883@projects.filevine.com; Emanuel Munguia <emanuel@tomorrowlaw.com>; Nadia
Rodriguez <nadia@tomorrowlaw.com>; Rafael Yedoyan <rafael@tomorrowlaw.com>
**Subject:** Re: VXN - Defendant's Meet and Confer Prior to Filing 12(b)(6) to Plaintiff's First Amended Complaint

Hi Eric,

I hope you had a nice weekend. I am unavailable for a call on those days but can make Friday afternoon
work. How does Friday look for you? Please note while I am always willing to meet and confer in good faith,
this particular meet and confer cannot possibly be in compliance with LR 7-3 as that Rule requires the meet
and confer to take place at least 7 days prior to the filing of the motion. Defendants' deadline to respond to
the First Amended Complaint was October 4, 2023 and therefore Defendants' deadline to meet and confer
was September 27, 2023. While Defendants filed a Motion to Extend Responsive Pleading deadline to
October 18, 2023, the Court has not granted any extension and neither has Plaintiff. Thus, please do not
refer to the meet and confer as "in compliance with Local Rule 7-3" as that ship sailed. Further, any 12(b)(6)
Motion filed by Defendants is untimely as it was due on or before October 4, 2023 as neither the Court nor
Plaintiff granted an extension to October 18, 2023.

Thank you.

On Mon, Oct 9, 2023 at 4:19 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,

Under Local Rule 7-3, Defendants formally request an opportunity to meet and confer with you regarding
their upcoming 12(b)(6) motion to your client's First Amended Complaint.

Do you have any availability tomorrow afternoon or on Wednesday to have a Zoom conference call with
Brad and me to discuss? (As you know, the Court requires videoconference or in-person meet and confers
under Standing Order G(1)(c).)

Best,

Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


--

Kind regards,


**Sarah Cohen, Esq.**

**Associate Attorney**


**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

Exhibit 3

**Eric Clopper**

| | |
|---|---|
| **From:** | Sarah Cohen <sarah@tomorrowlaw.com> |
| **Sent:** | Tuesday, October 3, 2023 11:07 AM |
| **To:** | Eric Clopper |
| **Cc:** | Brad Kane; Chris Cude; jeff@tomorrowlaw.com; david@tomorrowlaw.com; Emanuel Munguia; Nadia Rodriguez; Rafael Yedoyan; thomavvxngroupllcetalz11731883@projects.filevine.com |
| **Subject:** | Re: Thoma v. VXN et al - Stipulation for 2-Week Extension for time to File Motion to Dismiss |

Good Morning Eric,

Defendants are obligated to meet and confer in good faith at least seven (7) days prior to the filing of their anticipated motion to dismiss as to Plaintiff's First Amended Complaint ("FAC"). *See* Local Rule 7-3. Plaintiff's FAC was filed on September 20, 2023 and no such meet and confer has occurred nor has there been an effort by Defendants to meet and confer in good faith. Rather, Defendants continuously request extensions for meritless motions thereby causing further delay in the prosecution of Plaintiff's actions (Class, PAGA, and UCL). To date, Defendants have failed to raise any substantive issues relating to the amendments of the FAC despite discussing the amendments in detail during a telephonic meet and confer, in writing via email, and despite the fact that the FAC was filed and served almost two weeks ago. Defendants' extension request is therefore denied as Plaintiff has reason to believe that Defendants do not intend to meet and confer in good faith and that this is yet another unmeritorious motion for the sole purpose of further delaying the progress of the case.

Thank you.

On Mon, Oct 2, 2023 at 6:42 PM Eric Clopper <eclopper@kanelaw.la> wrote:

> Sarah,
>
> Brad and I are in a 5-day arbitration this week in San Francisco. This morning, the judge informed us he is leaving on vacation on Friday, so we are trying to fit everything in 4 days.
>
> Because of the arbitration, and because we need still need to complete the meet and confer, would your client be willing to grant our clients their first two-week extension to file their motion to dismiss that is due this Wednesday to your client's First Amended Complaint in the federal action?
>
> Otherwise, we will have to move the Court for the extension without your assent.
>
> Best,

Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.



--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended

recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

Exhibit 4

**Eric Clopper**

| | |
|---|---|
| **From:** | Sarah Cohen <sarah@tomorrowlaw.com> |
| **Sent:** | Monday, September 25, 2023 12:22 PM |
| **To:** | Eric Clopper |
| **Cc:** | jeff@tomorrowlaw.com; david@tomorrowlaw.com; Chris Cude; Brad Kane; Rafael Yedoyan; Nadia Rodriguez; thomavvxngroupllcetalz11731883@projects.filevine.com; Emanuel Munguia |
| **Subject:** | Re: Thoma v. VXN - State UCL Action - Extension Requested |

Eric,

The below constitutes Plaintiff's formal response relating to Defendants' anticipated Motions to Stay and/or Demurrers for Pleas in Abatement ("Motions"). Apologies that you did not receive this on Friday. However, may I remind you that your firm has been on notice since September 17, 2023 that Plaintiff will not stipulate to a stay of Plaintiff's PAGA or UCL Actions currently pending in state court. May I further remind you that all of the below points were covered during the parties' September 18, 2023 telephonic meet and confer. Your September 18, 2023 email which *partially* recaps our telephonic meet and confer recognized your understanding that the parties "will not be reaching any agreement on staying the UCL or PAGA actions". Your office has known since at least September 17, 2023 that there will be no agreement by Plaintiff to stipulate to a stay of the PAGA or UCL Action and it is therefore immaterial that your office did not have this formal response until today in relation to knowing whether you needed to work on the Motions.

## **PAGA**

Plaintiff will not stipulate to a stay of the PAGA action pending resolution of the federal class action. Your email states in relevant part that "[i]f the federal court determines that Ms. Thoma was either not misclassified or suffered no labor code violation, then there is no point in proceeding with the PAGA proceeding." That statement is fully incorrect, and belies either a complete misunderstanding of PAGA or an intent to justify an entirely frivolous motion.

Specifically, the federal court in the class action could not possibly rule that Ms. Thoma suffered "no labor code violation", as there are many labor code sections not before the court. For a PAGA matter, a plaintiff need only have experienced a single violation, and that violation need not have any relation to the claims pursued in the PAGA matter. For example, someone who experienced a single instance of failure to provide a break or failure to properly pay could bring a PAGA case focused solely on other, even entirely unrelated, labor code violations, for themselves or only for other employees. There is nothing before the court in the class matter that would have the court determine whether Ms. Thoma is aggrieved, (i.e. review every single labor code and determine if she

experienced any violation.)  That question is not one examined in a class action.  Thus, the ruling you say may occur could never occur.

Moreover, to stay the PAGA action pending resolution of the federal class action would deeply prejudice the interests of parties in the PAGA action that have no interest or stake in the outcome of the Class Action. (*See Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 491, holding claim preclusion did not bar PAGA claims in representative action because "the state had no interest in the subject matter of" preceding class action premised on identical Labor Code violations. Relatedly, Plaintiff's pursuit of civil penalties in the PAGA action asserts wholly different causes of action, seeks redress for different injuries, and will require completely different procedures to resolve than those claims pursued in the federal class action. Even if the court in the class action were to rule that Ms. Thoma was not misclassified (which we do not believe would happen) that would have zero effect on the PAGA matter, as - per the explanation above - a plaintiff in a PAGA matter need not experience a specific violation to bring it on behalf of others.  That is different than a class action.  If the class action court determined Ms. Thoma was not misclassified, it would have no ground to determine whether others were, as there would be no class certified due to lack of typicality/commonality.  Thus, even if the court found Ms. Thoma was not misclassified, it would have zero preclusive effect on the PAGA action moving forward, as whether other employees were would still be unruled upon.

Furthermore, imposing a duty to litigate the class action prior to permitting Ms. Thoma to proceed to litigate the state PAGA claim would unquestionably violate the clear command of the California Supreme Court, which has held that state law "does not authorize a trial court to interpose a proof of the merits requirement" before permitting civil discovery to proceed. (*Williams v. Sup. Ct.* (2017) 3 Cal.5th 531, 550.).

## **UCL**

As for Plaintiff's UCL claim currently pending in state court, the statutes of limitation and law differ from those applicable to the pending federal class action claims. Per the Order granting Plaintiff's Motion for Remand as to the UCL claim, the federal court has no jurisdiction over the UCL claim. Defendants' proposition to stay the state UCL action pending the resolution of the federal class action is essentially an end run around both the law and the federal court's ruling remanding the UCL claim, as Defendants seek to yet still have the federal court somehow maintain jurisdiction/the ability to rule upon the UCL claim.  Such an attempt is directly contrary to the ruling that has the claim separately in state court. Further, as stated above in relation to a stay of the PAGA action, imposing a duty to litigate the class action prior to permitting Ms. Thoma to proceed to litigate the state UCL claim would unquestionably violate *Williams, supra* (2017) 3 Cal.5th 531, 550 as it would require Ms. Thoma to prove the merits of her claims before permitting discovery.

2

For the reasons stated above, Plaintiff will not stipulate to a stay of the state PAGA or UCL actions.

On Mon, Sep 25, 2023 at 10:52 AM Sarah Cohen <sarah@tomorrowlaw.com> wrote:
 Hi Eric, I will have a response to you within the hour.

On Mon, Sep 25, 2023 at 10:49 AM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,

The statute determining my client's response date, CCP 430.90(2), grants my client 30 days to file either an answer or a demurrer to your client's UCL complaint.

As you assured me, we were expecting to receive your response to our meet and confer analysis by end of business Friday. It is now 70 hours later, and we have yet to hear anything from you.

If we had timely received your response, we would have known if we needed to work on the demurrers to the state actions last weekend, but that window has passed. Now, the Kane Law Firm does not have the resources to take its final expert depositions, complete pre-trial motions, and effectively try our other clients' $6 million trial next week while also effectively representing our clients in this action.

Under the LASC's "Guidelines for Civility in Litigation" Rule (a)(1), "First requests for reasonable extensions of time to respond to … pleadings … should ordinarily be granted as a matter of courtesy unless time is of the essence."

To ask again, is your client willing to grant our clients a 15-day extension to file a responsive pleading to your client's UCL complaint? **Can you please confirm "Yes" or "No"?**

If we do not hear from you by the end of day Tuesday, September 25, 2023, of if you give us another opaque response to our clients' **"Yes" or "No"** request for an extension, we will *ex parte* the court on Wednesday for the extension; and you can contest that request.

Best,

Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Friday, September 22, 2023 12:49 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** jeff@tomorrowlaw.com; david@tomorrowlaw.com; Chris Cude <ccude@kanelaw.la>; Brad Kane <bkane@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; Nadia Rodriguez <nadia@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN - State UCL Action - Extension Requested


Hi Eric,


Thanks for reaching out. I am in the process of sending you the formal response to the meet and confer regarding the PAGA and UCL claims. I should have that to you by EOB today. You will have all of this weekend and next week before trial starts to review our formal response and make a decision as to whether Defendants will file an answer or demurrer. We can discuss an extension in the event that Defendants decide to file an answer.

Have a nice weekend.


On Fri, Sep 22, 2023 at 12:35 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,


The state court acknowledged receipt of the remanded UCL claim on September 5, 2023. (See attached.) Under CCP 430.90, our clients have 30 days to file an answer or demurrer from the date of receipt, which is October 5, 2023.


Brad and I will be in trial the full first week of October in the Bay Area.


Would your client be willing to offer a 15-day extension to our clients to file an answer or demurrer to the state UCL action so that we have the time to file an appropriate response?


Best,


Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com

NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

Exhibit 5

**Eric Clopper**

---

| | |
|---|---|
| **From:** | Eric Clopper |
| **Sent:** | Monday, September 18, 2023 5:10 PM |
| **To:** | Sarah Cohen |
| **Cc:** | david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane; Chris Cude; Rafael Yedoyan; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez; Emanuel Munguia |
| **Subject:** | RE: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action |

Sarah,

Thank you for making the time to meet and confer today.

To break our meet and confer into three sections for organizational purposes, we discussed (1) Our Client's Upcoming Motions to Stay and Demurrers based on a Plea in Abatement for the State Actions; (2) The Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due; and (3) Comments Regarding the Press are off the Table.

## (1) Our Client's Upcoming Motions to Stay and Demurrers on a Plea in Abatement for the State and Federal Action

To briefly recap where we left off, it appears that we will not be reaching any agreement on staying the UCL or PAGA actions.

As for the UCL action, my understanding is that your client will not stipulate to staying the UCL action under the caselaw "*Williams*", which you said you would share the full cite with us once you have it. From my notes from our call, *Williams* supports the proposition that plaintiffs do not need to prove their claims in one case (here, the federal wage-and-hour class action) to proceed with discovery in their other cases (here, the state UCL and PAGA actions). And, as such, *Williams* would entitle your client to proceed with discovery even if the federal action is dismissed in its entirety.

As for the PAGA action, my understanding is that your client believes that the PAGA case is sufficiently different than the federal action so as not to be duplicative litigation warranting a stay because (i) PAGA is based on penalties, not damages; (ii) California is a party; and (iii) Ms. Thoma need only suffer one labor code violation to pursue PAGA damages for any labor code violation.

## (2) The Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due.

As for the amendments to your First Amended Complaint (FAC) in federal court, you mentioned you would be adding allegations regarding (i) the duties VXN "employees" performed that ranged from professional acting to modeling; (ii) additional information connecting the Defendants to each other and how they controlled their "employees"; and (iii) perhaps other allegations after you meet with your client tonight.

As for your client's request for additional documentation regarding Defendants' vacation policies, my clients believe that your client was never entitled to vacation. Further, given your client's lack of candor and inconsistent pleadings, discovery shall be conducted in accord with federal law.

Finally, the deadline for your client's First Amended Complaint is ultimately your responsibility. However, if your client would like to stipulate to additional time to file your FAC so we can review it before it is filed, my clients are happy to do so. Otherwise, we can meet and confer on the FAC after it is filed and prior to our clients filing their second motion to dismiss.

**(3) Comments Regarding the Press are off the Table.**

Finally, we also touched on BLF's recent comments in the press, You shared with me that BLF has no further comments regarding how the federal court granting the motion to dismiss was a "substantive victory" for your client.

If any of the above is inaccurate, please reach out anytime.

Best,

Eric

Eric Clopper
Senior Associate
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, CA 90035
Office: 323-937-3291
Cell: 617-957-2363
Fax: 323-571-3579
eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Monday, September 18, 2023 1:44 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Eric,

Per my previous email, we are willing to meet and confer *today* regarding the amendments to the FAC but will not have a draft ready before our 2pm call. Also per my previous email, we are willing to *further* meet and confer *after* filing but *before* the filing of any second demurrer. We understand the deadline for the filing to be this Wednesday 9/20 as the 8/30 Order states 21 days. I am not sure how you calculated a deadline of tomorrow 9/19 but I am happy to consider any bases you have for that deadline. We are *also* willing to meet and confer regarding the PAGA and UCL actions. I'm not sure how I can be more clear.

Speak to you soon.

On Mon, Sep 18, 2023 at 1:09 PM Eric Clopper <eclopper@kanelaw.la> wrote:

> Sarah,
>
> My apologies for misunderstanding your comment. Since you have spoken with your client, and since the FAC is due tomorrow, I'm sure you are aware of the majority of the amendments you will be making to state a claim.
>
> Is there any chance, as the court suggested, that you could send me excerpts of your FAC's amendments prior to 2:00 pm so we can have a more productive meet and confer call? Otherwise, again, please let know your availability later this week for a meet and confer on the FAC.
>
> Best,
>
> Eric
>
> Eric Clopper
>
> Senior Associate
>
> Kane Law Firm
>
> 1154 S Crescent Heights Blvd.,
>
> Los Angeles, CA 90035
>
> Office: 323-937-3291
>
> Cell: 617-957-2363
>
> Fax: 323-571-3579
>
> eclopper@kanelaw.la
>
> This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments

thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Monday, September 18, 2023 12:49 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Eric,

At no point did I say that we "have not yet spoken" with our client. There is a *follow-up* call with Ms. Thoma later today to gather additional information. Nevertheless, we will engage in any necessary meet and confer before the filing of a second demurrer but after the filing of the FAC should Defendants decide to take that route. I am working on a formal response to the arguments raised for the PAGA and UCL actions but cannot guarantee that it will be done by the 2pm call. We can definitely discuss our counterpoints over the phone and I can follow up after the call with a written formal response.

Thanks.

On Mon, Sep 18, 2023 at 12:41 PM Eric Clopper <eclopper@kanelaw.la> wrote:

> Sarah,
>
> Thank you for providing your conference line and confirming our meet and confer call today. I will call you at 2:00 pm to discuss our upcoming demurrers and motions to stay in the two state court actions.
>
> As for Ms. Thoma's class action in federal court, it appears that since you have not yet spoken with Ms. Thoma, you do not know how you will be amending the allegations in the First Amended Complaint (FAC) that is due tomorrow.

Would you have a time to meet and confer later this week so we can discuss your FAC's allegations post-filing and before we file our second demurrer?

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Sunday, September 17, 2023 11:54 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Eric,

Tomorrow at 2 p.m. works for me. It is my understanding that there is no court order requiring the parties to meet and confer before Plaintiff's filing of the first amended complaint. We are in the process of gathering additional facts from our client, who for personal reasons, is unavailable for another call with us until tomorrow evening. Thus, we will not be providing a draft of the first amended complaint before our call tomorrow. However, in good faith, we can have the 2pm call and go from there.

While we appreciate your detailed briefing of the bases of Defendants' anticipated Motions to Stay and/or Demurrers for Pleas in Abatement, Plaintiff will not be stipulating to stay of either the PAGA or UCL claims. A formal response to your Sunday afternoon email regarding Defendants' anticipated motions will not be provided. However, I am happy to briefly discuss during our 2pm call. We can set up another call once I have had more of an opportunity to review your email from earlier today.

Let's use my conference line for our 2pm call tomorrow:

Dial: (310) 693-0786

Access: 845350

Thanks.

On Sun, Sep 17, 2023 at 2:10 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,

As promised, I wanted to give you time to investigate the grounds on which our clients plan to file a Motion to Stay and/or Demurrer for a Plea in Abatement in the two state court actions.

There are two separate but related bodies of law that my clients will pursue to stay the two state proceedings: (1) Motion for Stays; and (2) Demurrers on Pleas in Abatement.

Below is a discussion of the applicable case law for both, and then a brief explanation as to why these statutes and precedents apply to the two state proceedings.

If you agree that it is advisable to stay the state court actions to conserve our clients' and the courts' resources, then perhaps we can file a joint stipulation asking the two state courts to stay the pending actions instead of us filing motion practice on this issue. If we disagree on the propriety of staying the two state actions, then I hope the analysis below provides a helpful basis for a robust meet and confer conference on Monday.

Finally, if possible, please share a draft of the proposed federal court First Amended Complaint before the meet and confer, so we can meaningfully address any outstanding issues as the Court intended.

**<u>Motion to Stay Case Law</u>**

As an initial matter, most of the factors that determine whether a California court may exercise its discretionary authority to stay proceedings depend on how similar the lawsuits are and the risk of conflicting rulings.

Specifically, "[g]ranting a stay in a case where the issues in two actions are substantially identical is a matter addressed to the sound discretion of the trial court." *Thomson v. Continental Ins. Co.*, 66 Cal. 2d 738, 746 (1967); *see Rynsburger v. Dairymens Fertilizer Cooperative, Inc.*, 266 Cal. App. 2d 269, 279 (1968) (enjoining further prosecution of a duplicative action to "prevent conflicting or vexatious litigation" and observing that "[w]here there exists two or more actions involving the same subject matter or the same facts or principles, restraint is necessary to prevent multiplicity of judicial proceedings . . . [and] unseemly conflict between courts that might arise if they were free to make contradictory decisions relating to the same controversy"). "The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits – in short, to prevent two actions between the same parties involving the same subject matter from proceeding independently of each other." *Simmons v. Sup. Ct.*, 96 Cal. App. 2d 119, 124–25 (1950).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1939). In the context of a motion to stay, California courts consistently have recognized that the "strong policy of comity" guiding their discretion applies with greatest force when the earlier-filed action is pending in a federal court within California. *See, e.g., Thomson*, 66 Cal. 2d at 746–47.

As the Court of Appeal explained in *Caiafa Professional Law Corporation v. State Farm Fire & Casualty*, 15 Cal. App. 4th 800 (1993):

> In exercising its jurisdiction, the court should consider the importance of . . . avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced. The California Supreme Court also has isolated another critical factor which happens to be present in this case - the federal action is pending in California not some other state.

*Id.* at 804 (citing *Thomson*, 66 Cal. 2d at 747 (internal citations and quotation marks omitted)); *see generally Schneider v. Vennard*, 183 Cal. App. 3d 1340, 1348 (1986) (observing that a stay of proceedings is warranted to prevent unnecessary and duplicative expenditure of judicial resources).

## Demurrer on Plea in Abatement

A demurrer may be filed when there is another action pending between the same parties on the same cause of action. CCP 430.10(c).  Cases need not be identical: This rule does *not* require absolute identity of parties, causes of action or remedies sought in the two actions. It is sufficient that both actions deal with the same *subject matter* and the court in the first action has the power to grant complete relief. It need *not* be shown that its judgment would be res judicata in the second action. *Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 CA3d 781, 788-789, 788, 274 CR 147, 151-152; *Shaw v. Sup.Ct. (Beverages & More, Inc.)* (2022) 78 CA5th 245, 256, 293 CR3d 390, 397-398. Moreover, in order that an action be abated because of pendency of prior a action, the issues in the two actions must be substantially the same;  and in determining whether such issues are substantially the same, the test applied is whether final judgment in the first action could be pleaded as a bar of the second action as former adjudication. *Kamei v. Kumamoto* (1967) 64 Cal.Rptr. 63, 256 Cal.App.2d 381; *Trickey v. City of Long Beach* (1951) 226 P.2d 694, 101 Cal.App.2d 871

## Applicability to the Remanded UCL State Action, LASC Case No. 23STCV08761:

The remanded UCL action is based off of the same facts and circumstances as the ongoing federal action; it was the same action at one point. Moreover, if the federal court determines that Ms. Thoma is not entitled to relief on her causes of action, then Ms. Thoma would also be barred from recovering on her derivative UCL claim. As such, it would be more efficient to wait for the outcome of the federal action prior to litigating the UCL claim to the end. It would also prevent the possibility of conflicting rulings if the UCL action was stayed, because there is a possibility that the federal court sustains Ms. Thoma's employment claims on her FAC, yet the state court dismisses Ms. Thoma's derivative UCL claims, or vice-versa.

Since the law undergirding the motion to stay and demurrer for plea in abatement overlap, we would move to stay the UCL action on both grounds.

## Applicability to the PAGA State Action LASC Case No. 23STCV16142

The PAGA action is based on the same facts and circumstances as the ongoing federal action. While the PAGA claim can only seek *penalties*, the class action can only seek *damages* for the same alleged misconduct. The core factual issues remain the same – was Thoma misclassified and did she suffer at least one Labor Code violation. If the federal court determines that Ms. Thoma was either not misclassified or suffered no labor code violation, then there is no point in proceeding with the PAGA proceeding.

To avoid the possibility of conflicting rulings, and to ensure that your PAGA claim is not barred by preclusive collateral estoppel effect, we'd ask for your client to also stipulate to stay the PAGA action prior to my clients filing a responsive pleading.

## Conclusion

If you have time to respond to the above points prior to our meet and confer conference at 2:00 pm on Monday (assuming you confirm that date and time), that would be very helpful. If you do not have time, then we can discuss during our conference.

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Eric Clopper
**Sent:** Saturday, September 16, 2023 12:41 PM
**To:** Sarah Cohen <sarah@tomorrowlaw.com>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** RE: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Sarah,

Thank you for your prompt response.

Let's plan to meet and confer regarding these issues on Monday, September 18 at 2:00 pm PT. Please confirm that that time works for you.

In the meantime, would you mind sharing with Brad and me the current draft of the First Amended Complaint so we can meaningfully prepare for our conference?

Prior to our meeting, I will also send you the statutes and associated case law that my clients plan to base their demurrers on for the two state court actions. Hopefully, our clients may be able to find some common ground during our conference so we don't have to litigate every issue.


Best,


Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Friday, September 15, 2023 5:11 PM
**To:** Eric Clopper <eclopper@kanelaw.la>
**Cc:** david@tomorrowlaw.com; jeff@tomorrowlaw.com; Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>; Rafael Yedoyan <rafael@tomorrowlaw.com>; thomavvxngroupllcetalz11731883@projects.filevine.com; Nadia Rodriguez <nadia@tomorrowlaw.com>; Emanuel Munguia <emanuel@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Good Afternoon Eric,

Let's set up a call for Monday. I am available from 2pm onwards. Let me know which time works best for you. We can use my conference line:

Dial: (310) 693-0786

Access: 845350

On Fri, Sep 15, 2023 at 4:06 PM Eric Clopper <eclopper@kanelaw.la> wrote:

Sarah,

We have not received a response from you regarding our efforts to meet and confer on (1) the federal class action; (2) the state PAGA action; and (3) the recently remanded state UCL action. Below, please see our second effort to meet and confer.

**Federal Action**

First and foremost, your client's First Amended Complaint (FAC) is due this coming Wednesday, September 20, 2023. As the court suggested, we should meet and confer prior to you filing the FAC so we can limit the litigation to only issues our clients have a good-faith basis to disagree on, which will also conserve the court's and our clients' resources.

To that end, would you be willing to meet and confer on your client's FAC prior to this coming Wednesday? Alternatively, our clients would be willing to stipulate to a one-week extension if you would be willing to have a meaningful meet and confer conference on the FAC either Thursday or Friday of next week. Please let me know.

**The Two State PAGA and UCL Actions**

Since we did not receive a response to our previous meet and confer effort, our client exercised their right to extend their responsive pleading due date for the state PAGA action 30 days from September 11, 2023, to October 11, 2023.

The state UCL responsive pleading is currently due September 29, 2023, which will necessarily be extended by 30 days if we cannot timely meet and confer.

Please consider this our clients' second request to meet and confer prior to my clients' upcoming demurrers in the two state actions regarding whether your client would agree to either (i) stay of one or both of the state court actions pending resolution of the federal action to avoid the risk of inconsistent rulings, especially considering the derivative nature of the state court proceedings; and/or (ii) stay the state court actions based on plea in abatement demurrers in the two separate state actions.

Thank you for your time.

Best,

Eric

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

---

**From:** Eric Clopper
**Sent:** Friday, September 1, 2023 4:38 PM
**To:** Sarah Cohen <sarah@tomorrowlaw.com>; david@tomorrowlaw.com; jeff@tomorrowlaw.com
**Cc:** Brad Kane <bkane@kanelaw.la>; Chris Cude <ccude@kanelaw.la>
**Subject:** Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

Sarah,

We would like to meet and confer on the three separate actions: (1) the federal class action; (2) the state PAGA action; and (3) the recently remanded state UCL action.

First, please let us know what days and times you are available of Monday through Wednesday of next week, September 7–9, 2023, to discuss whether your client would agree to either (i) consolidation of the state court actions; (ii) a stay of the state court actions; and/or (iii) a demurrer based on a plea of abatement in the two separate state actions.

Second, in light of the Court's ruling on the Motion to Dismiss, let's see if we can have a meaningful meet and confer about your First Amended Complaint in the federal action *before* it is filed. Please let us know when you have a draft First Amended Complaint for us to meet and confer on so our clients do not have to litigate unnecessary issues with a Second 12(b) Motion.

Best,

Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

14

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may
contain information that is privileged and/or confidential. If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is
strictly prohibited. If you have received this e-mail message in error, please notify us immediately by
telephone and delete the e-mail message from your computer.

--

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may
contain information that is privileged and/or confidential. If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is
strictly prohibited. If you have received this e-mail message in error, please notify us immediately by
telephone and delete the e-mail message from your computer.

--

Kind regards,


**Sarah Cohen, Esq.**

**Associate Attorney**


**Bibiyan Law Group, P.C.**

8484 Wilshire Boulevard, Suite 500

Beverly Hills, California 90211

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com





NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.



--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com





NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is

strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

Exhibit 6

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for MACKENZIE ANNE THOMA, on behalf of herself
and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a KENZIE ANNE, on behalf of herself and all others similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive, <br><br> Defendants, | CASE NO. 23STCV08761 <br><br> [Assigned for all purposes to the Hon. Carolyn B. Kuhl in Dept. 12] <br><br> **DECLARATION OF SARAH H. COHEN IN OPPOSITION TO BRAD S. KANE'S DECLARATION IN SUPPORT OF DEFENDANT'S AUTOMATIC EXTENSION OF TIME FOR FILING A RESPONSIVE PLEADING** <br><br> Action Filed:     April 20, 2023 <br> Trial Date:      None set |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverlyl Hills, California 90211
(310) 438-5555

1
DECLARATION OF SARAH H. COHEN

**<u>DECLARATION OF SARAH H. COHEN</u>**

I, Sarah H. Cohen, declare and state:

1.      I am an attorney at law, duly licensed to practice before all the Courts of the State of California and I am an attorney with Bibiyan Law Group, P.C, counsel of record for plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") and all others similarly situated and aggrieved. As such, I am familiar with the file in this matter and if called as a witness I could and would competently testify to the following facts of my own personal knowledge.

2.      On April 20, 2023, Plaintiff filed a Class Action Complaint against VXN GROUP LLC, STRIKE 3 HOLDINGS, LLC, GENERAL MEDIA SYSTEMS, LLC, and MIKEMILLER ("Defendants") in the Los Angeles Superior Court, designated as Case No. 23STCV08761, alleging nine violations under the California Labor Code and one claim under the Unfair Competition Law ("UCL") ("Wage and Hour Action").

3.  On June 21, 2023, Defendants removed the Wage and Hour Action to the United States District Court Central District of California ("Central District Court") designated as, Case No. 2:23-cv-04901-WLH-AGR.

4.      On July 21, 2023, Plaintiff filed her Motion to Remand the Wage and Hour Action back to Los Angeles Superior Court.

5.      On August 30, 2023, the Central District Court remanded the UCL claim to the Los Angeles Superior Court.

6.      On September 1, 2023, counsel for Defendants, Eric Clopper emailed me requesting to meet and confer regarding Plaintiff's wage and hour claims in the federal action and state UCL and PAGA actions. A true and correct copy is attached hereto as **Exhibit A**.

7.      On September 5, 2023, this Honorable Court acknowledged receipt of the Remand Order.

8.      Per Cal. Code Civ. Proc. § 430.90, Defendants had 30 days from September 5, 2023 to file a responsive pleading. As such, the deadline to file a responsive pleading was October 5, 2023.

9.      On September 15, 2023, Mr. Clopper, emailed me to follow up on his September 15,

2023 email. A true and correct copy is attached hereto as **Exhibit B**.

10.     That same day, on September 15, 2023, I agreed to meet and confer telephonically with Mr. Clopper and suggested we set up a call for September 18, 2023.

11.     On September 17, 2023, Mr. Clopper emailed me detailing the legal and factual bases for Defendants' anticipated Motions for Stays and Demurrers on Pleas in Abatement. A true and correct copy is attached hereto as **Exhibit C**.

12.     On September 17, 2023, I informed Mr. Clopper that Plaintiff will in no uncertain terms consider a stay of and Plaintiff's UCL or PAGA actions. A true and correct copy is attached hereto as **Exhibit D**.

13.     On September 18, 2023, the parties met and conferred telephonically regarding the Wage and Hour Class Action, PAGA Action, and state court UCL action. The Parties did not come to an agreement as to an extension to any responsive pleading deadlines or stipulations to stay any of Plaintiff's actions.

14.     On September 18, 2023, Mr. Clopper acknowledged that the parties did not reach any agreement to stay the PAGA or UCL actions. A true and correct copy is attached hereto as **Exhibit E**.

15.     On September 25, 2023, I further met and conferred with Mr. Clopper by sending a detailed email as to why Plaintiff disagrees with Defendants' position that a stay or abatement is proper at to the UCL and PAGA actions. In this email, I highlighted that Mr. Clopper and his firm were fully aware as of September 17, 2023, nearly three weeks before any responsive pleadings would be due, that there was absolutely no chance Plaintiff will stipulate a stay. I also highlighted that on September 18, 2023, the parties telephonically met and conferred in compliance with Cal. Civ. Proc. Code § 430.41 regarding each and every issue highlighted by Defendants. No extension to the responsive pleading deadline in the UCL action was granted.  A true and correct copy is attached hereto as **Exhibit F**.

16. Cal. Civ. Proc. Code § 430.41 (a)(2) states:

"The parties shall meet and confer at least five days before the date the responsive pleading is due. If the parties are not able to meet and confer at least five days prior to

the date the responsive pleading is due, the demurring party shall be granted an automatic 30-day extension of time within which to file a responsive pleading, by filing and serving, on or before the date on which a demurrer would be due, a declaration stating under penalty of perjury that a good faith attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer. The 30-day extension shall commence from the date the responsive pleading was previously due, and the demurring party shall not be subject to default during the period of the extension. Any further extensions shall be obtained by court order upon a showing of good cause."

17.     As described above, the Parties have in fact met and conferred on numerous occasions as described above. All instances of the conferral process were more than five days away from the date the responsive pleading deadline of October 5, 2023.

18.     Therefore, since the parties have met and conferred on numerous occasions prior to the October 5, 2023 deadline pursuant to Cal. Civ. Proc. Code § 430.41 (a)(2), Defendants should not be granted a 30-day extension from October 5, 2023 as the automatic extension highlighted in Cal. Civ. Proc. Code § 430.41 (a)(2) is inapplicable as the Parties engaged in meet and confer.

19.     Cal. Civ. Proc. Code § 430.41 (a)(2) does not grant an automatic extension simply because the parties disagreed on the points in a demurrer. Parties need not resolve all issues a party may bring up in a demurrer when they meet and confer. This extension only applies when the parties "are not able to meet and confer." A disagreement on the merits of a potential demurrer is not grounds for an automatic 30-day extension under Cal. Civ. Proc. Code § 430.41 (a)(2).

20.     Cal. Civ. Proc. Code § 430.41 (a)(2) also does not grant an automatic extension because a "reasonable" request for extension was denied. Again, the Parties met and conferred and Defendants were never granted an extension.

21.     Again, the Parties have met and conferred in compliance with Cal. Civ. Proc. Code § 430.41 (a)(2) on numerous occasions as detailed above and supported by evidence.

///

///

///

22.    Therefore, Defendants' request for an extension of time to file a responsive pleading must be denied as Defendants have failed to demonstrate that the Parties did not meet and confer at least five days before the responsive pleading is due pursuant to Cal. Civ. Proc. Code § 430.41 (a)(2).

Executed on this 6th of October, 2023, at Los Angeles, California.

*/s/ Sarah H. Cohen*
Sarah H. Cohen

Exhibit A

 Gmail

Sarah Cohen <sarah@tomorrowlaw.com>

---

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Eric Clopper** <eclopper@kanelaw.la>                    Fri, Sep 1, 2023 at 4:37 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>, "david@tomorrowlaw.com" <david@tomorrowlaw.com>,
"jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>
Cc: Brad Kane <bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>

Sarah,


We would like to meet and confer on the three separate actions: (1) the federal class action; (2) the state
PAGA action; and (3) the recently remanded state UCL action.


First, please let us know what days and times you are available of Monday through Wednesday of next week,
September 7–9, 2023, to discuss whether your client would agree to either (i) consolidation of the state court
actions; (ii) a stay of the state court actions; and/or (iii) a demurrer based on a plea of abatement in the two
separate state actions.


Second, in light of the Court's ruling on the Motion to Dismiss, let's see if we can have a meaningful meet
and confer about your First Amended Complaint in the federal action *before* it is filed. Please let us know
when you have a draft First Amended Complaint for us to meet and confer on so our clients do not have to
litigate unnecessary issues with a Second 12(b) Motion.


Best,


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

Exhibit B



Sarah Cohen <sarah@tomorrowlaw.com>

---

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Eric Clopper** <eclopper@kanelaw.la>                                    Fri, Sep 15, 2023 at 4:05 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>, "david@tomorrowlaw.com" <david@tomorrowlaw.com>,
"jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>
Cc: Brad Kane <bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>

Sarah,

We have not received a response from you regarding our efforts to meet and confer on (1) the federal class action; (2) the state PAGA action; and (3) the recently remanded state UCL action. Below, please see our second effort to meet and confer.

**Federal Action**

First and foremost, your client's First Amended Complaint (FAC) is due this coming Wednesday, September 20, 2023. As the court suggested, we should meet and confer prior to you filing the FAC so we can limit the litigation to only issues our clients have a good-faith basis to disagree on, which will also conserve the court's and our clients' resources.

To that end, would you be willing to meet and confer on your client's FAC prior to this coming Wednesday? Alternatively, our clients would be willing to stipulate to a one-week extension if you would be willing to have a meaningful meet and confer conference on the FAC either Thursday or Friday of next week. Please let me know.

**The Two State PAGA and UCL Actions**

Since we did not receive a response to our previous meet and confer effort, our client exercised their right to extend their responsive pleading due date for the state PAGA action 30 days from September 11, 2023 to October 11, 2023.

The state UCL responsive pleading is currently due September 29, 2023, which will necessarily be extended by 30 days if we cannot timely meet and confer.

Please consider this our clients' second request to meet and confer prior to my clients' upcoming demurrers in the two state actions regarding whether your client would agree to either (i) stay of one or both of the state court actions pending resolution of the federal action to avoid the risk of inconsistent rulings, especially

considering the derivative nature of the state court proceedings; and/or (ii) stay the state court actions based on plea in abatement demurrers in the two separate state actions.


Thank you for your time.


Best,


Eric


Eric Clopper

Senior Associate

Kane Law Firm

1154 S Crescent Heights Blvd.,

Los Angeles, CA 90035

Office: 323-937-3291

Cell: 617-957-2363

Fax: 323-571-3579

eclopper@kanelaw.la


This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


[Quoted text hidden]

Exhibit C



Sarah Cohen <sarah@tomorrowlaw.com>

---

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Eric Clopper** <eclopper@kanelaw.la>                                           Sun, Sep 17, 2023 at 2:10 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: "david@tomorrowlaw.com" <david@tomorrowlaw.com>, "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, Brad Kane
<bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>,
"thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Nadia
Rodriguez <nadia@tomorrowlaw.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Sarah,


As promised, I wanted to give you time to investigate the grounds on which our clients plan to file a Motion
to Stay and/or Demurrer for a Plea in Abatement in the two state court actions.


There are two separate but related bodies of law that my clients will pursue to stay the two state proceedings:
(1) Motion for Stays; and (2) Demurrers on Pleas in Abatement.


Below is a discussion of the applicable case law for both, and then a brief explanation as to why these
statutes and precedents apply to the two state proceedings.


If you agree that it is advisable to stay the state court actions to conserve our clients' and the courts'
resources, then perhaps we can file a joint stipulation asking the two state courts to stay the pending actions
instead of us filing motion practice on this issue. If we disagree on the propriety of staying the two state
actions, then I hope the analysis below provides a helpful basis for a robust meet and confer conference on
Monday.


Finally, if possible, please share a draft of the proposed federal court First Amended Complaint before the
meet and confer, so we can meaningfully address any outstanding issues as the Court intended.


**Motion to Stay Case Law**


As an initial matter, most of the factors that determine whether a California court may exercise its
discretionary authority to stay proceedings depend on how similar the lawsuits are and the risk of conflicting
rulings.


Specifically, "[g]ranting a stay in a case where the issues in two actions are substantially identical is a matter
addressed to the sound discretion of the trial court." *Thomson v. Continental Ins. Co.*, 66 Cal. 2d 738, 746
(1967); *see Rynsburger v. Dairymens Fertilizer Cooperative, Inc.*, 266 Cal. App. 2d 269, 279 (1968)

10/6/23, 4:0... Gmail - Trial - Thompson meta fact and I deed 10/06/23 Action Page 64 of 74 Page
Case 2:23-cv-04901-WLH-AGR Document 32-1 Filed 10/05/23 Page 64 of 74 Page
ID #:729

(enjoining further prosecution of a duplicative action to "prevent conflicting or vexatious litigation" and observing that "[w]here there exists two or more actions involving the same subject matter or the same facts or principles, restraint is necessary to prevent multiplicity of judicial proceedings . . . [and] unseemly conflict between courts that might arise if they were free to make contradictory decisions relating to the same controversy"). "The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits – in short, to prevent two actions between the same parties involving the same subject matter from proceeding independently of each other." *Simmons v. Sup. Ct.*, 96 Cal. App. 2d 119, 124–25 (1950).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1939). In the context of a motion to stay, California courts consistently have recognized that the "strong policy of comity" guiding their discretion applies with greatest force when the earlier-filed action is pending in a federal court within California. *See, e.g., Thomson*, 66 Cal. 2d at 746–47.

As the Court of Appeal explained in *Caiafa Professional Law Corporation v. State Farm Fire & Casualty*, 15 Cal. App. 4th 800 (1993):

> In exercising its jurisdiction, the court should consider the importance of . . . avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced. The California Supreme Court also has isolated another critical factor which happens to be present in this case - the federal action is pending in California not some other state.

*Id.* at 804 (citing *Thomson*, 66 Cal. 2d at 747 (internal citations and quotation marks omitted)); *see generally Schneider v. Vennard*, 183 Cal. App. 3d 1340, 1348 (1986) (observing that a stay of proceedings is warranted to prevent unnecessary and duplicative expenditure of judicial resources).

## Demurrer on Plea in Abatement

A demurrer may be filed when there is another action pending between the same parties on the same cause of action. CCP 430.10(c). Cases need not be identical: This rule does *not* require absolute identity of parties, causes of action or remedies sought in the two actions. It is sufficient that both actions deal with the same *subject matter* and the court in the first action has the power to grant complete relief. It need *not* be shown that its judgment would be res judicata in the second action. *Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 CA3d 781, 788-789, 788, 274 CR 147, 151-152; *Shaw v. Sup.Ct. (Beverages & More, Inc.)* (2022) 78 CA5th 245, 256, 293 CR3d 390, 397-398. Moreover, in order that an action be abated because of pendency of prior a action, the issues in the two actions must be substantially the same; and in determining whether such issues are substantially the same, the test applied is whether final judgment in the first action could be pleaded as a bar of the second action as former adjudication. *Kamei v. Kumamoto* (1967) 64 Cal.Rptr. 63, 256 Cal.App.2d 381; *Trickey v. City of Long Beach* (1951) 226 P.2d 694, 101 Cal.App.2d 871

**Applicability to the Remanded UCL State Action, LASC Case No. 23STCV08761:**

The remanded UCL action is based off of the same facts and circumstances as the ongoing federal action; it was the same action at one point. Moreover, if the federal court determines that Ms. Thoma is not entitled to relief on her causes of action, then Ms. Thoma would also be barred from recovering on her derivative UCL claim. As such, it would be more efficient to wait for the outcome of the federal action prior to litigating the UCL claim to the end. It would also prevent the possibility of conflicting rulings if the UCL action was stayed, because there is a possibility that the federal court sustains Ms. Thoma's employment claims on her FAC, yet the state court dismisses Ms. Thoma's derivative UCL claims, or vice-versa.

Since the law undergirding the motion to stay and demurrer for plea in abatement overlap, we would move to stay the UCL action on both grounds.

**Applicability to the PAGA State Action LASC Case No. 23STCV16142**

The PAGA action is based on the same facts and circumstances as the ongoing federal action. While the PAGA claim can only seek *penalties*, the class action can only seek *damages* for the same alleged misconduct. The core factual issues remain the same – was Thoma misclassified and did she suffer at least one Labor Code violation. If the federal court determines that Ms. Thoma was either not misclassified or suffered no labor code violation, then there is no point in proceeding with the PAGA proceeding.

To avoid the possibility of conflicting rulings, and to ensure that your PAGA claim is not barred by preclusive collateral estoppel effect, we'd ask for your client to also stipulate to stay the PAGA action prior to my clients filing a responsive pleading.

**Conclusion**

If you have time to respond to the above points prior to our meet and confer conference at 2:00 pm on Monday (assuming you confirm that date and time), that would be very helpful. If you do not have time, then we can discuss during our conference.

[Quoted text hidden]

Exhibit D

 Gmail

**Sarah Cohen <sarah@tomorrowlaw.com>**

---

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Sarah Cohen** <sarah@tomorrowlaw.com>                                    Sun, Sep 17, 2023 at 11:54 PM
To: Eric Clopper <eclopper@kanelaw.la>
Cc: "david@tomorrowlaw.com" <david@tomorrowlaw.com>, "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, Brad Kane
<bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>,
"thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Nadia
Rodriguez <nadia@tomorrowlaw.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Eric,

Tomorrow at 2 p.m. works for me. It is my understanding that there is no court order requiring the parties to meet and
confer before Plaintiff's filing of the first amended complaint. We are in the process of gathering additional facts from our
client, who for personal reasons, is unavailable for another call with us until tomorrow evening. Thus, we will not be
providing a draft of the first amended complaint before our call tomorrow. However, in good faith, we can have the 2pm
call and go from there.

While we appreciate your detailed briefing of the bases of Defendants' anticipated Motions to Stay and/or Demurrers for
Pleas in Abatement, Plaintiff will not be stipulating to stay of either the PAGA or UCL claims. A formal response to your
Sunday afternoon email regarding Defendants' anticipated motions will not be provided. However, I am happy to briefly
discuss during our 2pm call. We can set up another call once I have had more of an opportunity to review your email from
earlier today.

Let's use my conference line for our 2pm call tomorrow:

Dial: (310) 693-0786
Access: 845350

Thanks.
[Quoted text hidden]

Exhibit E



**Sarah Cohen <sarah@tomorrowlaw.com>**

---

## Thoma v. VXN et al. - Meet and Confer on the Original Action and the PAGA Action

**Eric Clopper** <eclopper@kanelaw.la>                                          Mon, Sep 18, 2023 at 5:10 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: "david@tomorrowlaw.com" <david@tomorrowlaw.com>, "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, Brad Kane
<bkane@kanelaw.la>, Chris Cude <ccude@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>,
"thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Nadia
Rodriguez <nadia@tomorrowlaw.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Sarah,

Thank you for making the time to meet and confer today.

To break our meet and confer into three sections for organizational purposes, we discussed (1) Our Client's
Upcoming Motions to Stay and Demurrers based on a Plea in Abatement for the State Actions; (2) The
Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due;
and (3) Comments Regarding the Press are off the Table.

### (1) Our Client's Upcoming Motions to Stay and Demurrers on a Plea in Abatement for the State and Federal Action

To briefly recap where we left off, it appears that we will not be reaching any agreement on staying the UCL
or PAGA actions.

As for the UCL action, my understanding is that your client will not stipulate to staying the UCL action
under the caselaw "*Williams*", which you said you would share the full cite with us once you have it. From
my notes from our call, *Williams* supports the proposition that plaintiffs do not need to prove their claims in
one case (here, the federal wage-and-hour class action) to proceed with discovery in their other cases (here,
the state UCL and PAGA actions). And, as such, *Williams* would entitle your client to proceed with discovery
even if the federal action is dismissed in its entirety.

As for the PAGA action, my understanding is that your client believes that the PAGA case is sufficiently
different than the federal action so as not to be duplicative litigation warranting a stay because (i) PAGA is
based on penalties, not damages; (ii) California is a party; and (iii) Ms. Thoma need only suffer one labor
code violation to pursue PAGA damages for any labor code violation.

### (2) The Amendments in your Client's First Amended Complaint (FAC), Early Discovery, and when the FAC is due.

As for the amendments to your First Amended Complaint (FAC) in federal court, you mentioned you would be adding allegations regarding (i) the duties VXN "employees" performed that ranged from professional acting to modeling; (ii) additional information connecting the Defendants to each other and how they controlled their "employees"; and (iii) perhaps other allegations after you meet with your client tonight.

As for your client's request for additional documentation regarding Defendants' vacation policies, my clients believe that your client was never entitled to vacation. Further, given your client's lack of candor and inconsistent pleadings, discovery shall be conducted in accord with federal law.

Finally, the deadline for your client's First Amended Complaint is ultimately your responsibility. However, if your client would like to stipulate to additional time to file your FAC so we can review it before it is filed, my clients are happy to do so. Otherwise, we can meet and confer on the FAC after it is filed and prior to our clients filing their second motion to dismiss.

### (3) Comments Regarding the Press are off the Table.

Finally, we also touched on BLF's recent comments in the press, You shared with me that BLF has no further comments regarding how the federal court granting the motion to dismiss was a "substantive victory" for your client.

If any of the above is inaccurate, please reach out anytime.

[Quoted text hidden]

Exhibit F



Sarah Cohen <sarah@tomorrowlaw.com>

---

## Thoma v. VXN - State UCL Action - Extension Requested

**Sarah Cohen** <sarah@tomorrowlaw.com>                                      Mon, Sep 25, 2023 at 12:21 PM
To: Eric Clopper <eclopper@kanelaw.la>
Cc: "jeff@tomorrowlaw.com" <jeff@tomorrowlaw.com>, "david@tomorrowlaw.com" <david@tomorrowlaw.com>, Chris Cude <ccude@kanelaw.la>, Brad Kane <bkane@kanelaw.la>, Rafael Yedoyan <rafael@tomorrowlaw.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, "thomavvxngroupllcetalz11731883@projects.filevine.com" <thomavvxngroupllcetalz11731883@projects.filevine.com>, Emanuel Munguia <emanuel@tomorrowlaw.com>

Eric,

The below constitutes Plaintiff's formal response relating to Defendants' anticipated Motions to Stay and/or Demurrers for Pleas in Abatement ("Motions"). Apologies that you did not receive this on Friday. However, may I remind you that your firm has been on notice since September 17, 2023 that Plaintiff will not stipulate to a stay of Plaintiff's PAGA or UCL Actions currently pending in state court. May I further remind you that all of the below points were covered during the parties' September 18, 2023 telephonic meet and confer. Your September 18, 2023 email which *partially* recaps our telephonic meet and confer recognized your understanding that the parties "will not be reaching any agreement on staying the UCL or PAGA actions". Your office has known since at least September 17, 2023 that there will be no agreement by Plaintiff to stipulate to a stay of the PAGA or UCL Action and it is therefore immaterial that your office did not have this formal response until today in relation to knowing whether you needed to work on the Motions.

### PAGA

Plaintiff will not stipulate to a stay of the PAGA action pending resolution of the federal class action. Your email states in relevant part that "[i]f the federal court determines that Ms. Thoma was either not misclassified or suffered no labor code violation, then there is no point in proceeding with the PAGA proceeding." That statement is fully incorrect, and belies either a complete misunderstanding of PAGA or an intent to justify an entirely frivolous motion.

Specifically, the federal court in the class action could not possibly rule that Ms. Thoma suffered "no labor code violation", as there are many labor code sections not before the court. For a PAGA matter, a plaintiff need only have experienced a single violation, and that violation need not have any relation to the claims pursued in the PAGA matter.  For example, someone who experienced a single instance of failure to provide a break or failure to properly pay could bring a PAGA case focused solely on other, even entirely unrelated, labor code violations, for themselves or only for other employees.  There is nothing before the court in the class matter that would have the court determine whether Ms. Thoma is aggrieved, (i.e. review every single labor code and determine if she experienced any violation.)  That question is not one examined in a class action.  Thus, the ruling you say may occur could never occur.

Moreover, to stay the PAGA action pending resolution of the federal class action would deeply prejudice the interests of parties in the PAGA action that have no interest or stake in the outcome of the Class Action. (*See Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 491, holding claim preclusion did not bar PAGA claims in representative action because "the state had no interest in the subject matter of" preceding class action premised on identical Labor Code violations. Relatedly, Plaintiff's pursuit of civil penalties in the PAGA action asserts wholly different causes of action, seeks redress for different injuries, and will require completely different procedures to resolve than those claims pursued in the federal class action. Even if the court in the class action were to rule that Ms. Thoma was not misclassified (which we do not believe would happen) that would have zero effect on the PAGA matter, as - per the explanation above - a plaintiff in a PAGA matter need not experience a specific violation to bring it on behalf of others. That is different than a class action. If the class action court determined Ms. Thoma was not misclassified, it would have no ground to determine whether others were, as there would be no class certified due to lack of typicality/commonality. Thus, even if the court found Ms. Thoma was not misclassified, it would have zero preclusive effect on the PAGA action moving forward, as whether other employees were would still be unruled upon.

Furthermore, imposing a duty to litigate the class action prior to permitting Ms. Thoma to proceed to litigate the state PAGA claim would unquestionably violate the clear command of the California Supreme Court, which has held that state law "does not authorize a trial court to interpose a proof of the merits requirement" before permitting civil discovery to proceed. (*Williams v. Sup. Ct.* (2017) 3 Cal.5th 531, 550.).

## UCL

As for Plaintiff's UCL claim currently pending in state court, the statutes of limitation and law differ from those applicable to the pending federal class action claims. Per the Order granting Plaintiff's Motion for Remand as to the UCL claim, the federal court has no jurisdiction over the UCL claim. Defendants' proposition to stay the state UCL action pending the resolution of the federal class action is essentially an end run around both the law and the federal court's ruling remanding the UCL claim, as Defendants seek to yet still have the federal court somehow maintain jurisdiction/the ability to rule upon the UCL claim. Such an attempt is directly contrary to the ruling that has the claim separately in state court. Further, as stated above in relation to a stay of the PAGA action, imposing a duty to litigate the class action prior to permitting Ms. Thoma to proceed to litigate the state UCL claim would unquestionably violate *Williams, supra* (2017) 3 Cal.5th 531, 550 as it would require Ms. Thoma to prove the merits of her claims before permitting discovery.

For the reasons stated above, Plaintiff will not stipulate to a stay of the state PAGA or UCL actions.

[Quoted text hidden]

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90211.

On October 6, 2023, and pursuant to the California Code of Civil Procedure section 1010.6, I caused a true and correct copy of the foregoing document(s) described as **DECLARATION OF SARAH H. COHEN IN OPPOSITION TO BRAD S. KANE'S DECLARATION IN SUPPORT OF DEFENDANT'S AUTOMATIC EXTENSION OF TIME FOR FILING A RESPONSIVE PLEADING** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

Eric Clopper
Brad S. Kane
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
eclopper@kanelaw.la
bkane@kanelaw.la

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 6, 2023 at Beverly Hills, California.

*/s/ Nadia Rodriguez*
Nadia Rodriguez

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd, Suite 500
Beverly Hills, California 90211
(310) 438-5555

PROOF OF SERVICE