1
2
3
4
5
6
7
8
9
10

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT AND CLASS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:            November 17, 2023<br>Time:           1:30 pm or later<br>Courtroom:    9B<br><br>[*Filed concurrently with [Proposed] Order*]<br><br>Complaint Filed:   April 20, 2023<br>Removed:            June 21, 2023 |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2023, at 1:30 pm or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu, Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, "Defendants") will and hereby do move for an order dismissing MACKENZIE ANNE THOMA's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MOTION TO DISMISS

Defendants move to dismiss Plaintiff's eight following causes of action for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6):

1.    Failure to Pay Overtime Wages;

2.    Failure to Pay Minimum Wages fails;

3.    Failure to Pay Provide Meal Periods;

4.    Failure to Provide Rest Periods;

5.    Failure to Pay All Wages Due Upon Termination;

6.    Failure to Provide Accurate Wage Statements;

7.    Failure to Timely Pay Wages During Employment; and

8.    Failure to Indemnify;

Further, Defendants move to dismiss Plaintiff's alter ego and individual defendant allegation for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Under Local Rule 7-3, Defendants' counsel Brad Kane and Eric Clopper requested both before and after Plaintiff filed her FAC to meet and confer on this

motion and to narrow the issues for the Court to decide, as explained in depth in Defendants' Reply brief to Plaintiff's Opposition to Defendants' Request to Extend the Time to File this Motion to October 18, 2023. [**Dkt. 32**] Defendants' and Plaintiff's counsel agreed to meet and confer regarding this motion on October 13, 2023, but on the morning of October 13, Plaintiff's counsel stated she was no longer available and instead filed her Opposition brief to Defendants' request to extend the time to file this motion. [**Dkt. 32**, at 1-2] Defendants' counsel have made numerous good-faith attempts to comply with Local Rule 7-3, but Plaintiff's counsel has not made themselves available to meet and confer as required by this Court's Local Rules.

Defendants' motion is based on this notice of motion and motion, the attached memorandum of points and authorities filed in support of this motion, the declaration of Brad S. Kane in support of this motion, on all the pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

Dated: October 18, 2023          Respectfully submitted,


KANE LAW FIRM

By:  */s/ Brad S. Kane*
     Brad S. Kane
     Eric Clopper
     Attorneys for Defendants
     VXN Group LLC; Strike 3
     Holdings, LLC; General Media
     Systems, LLC; and Mike Miller

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# <u>TABLE OF CONTENTS</u>

I.     **INTRODUCTION** ...................................................................................1

II.    **AS INDUSTRY WAGE 12-2001 GOVERNS THE MOTION PICTURE INDUSTRY, A PROFESSIONAL ACTOR'S CLAIMS FOR OVERTIME, MEAL PERIODS, REST PERIODS, AND WAGE STATEMENT VIOLATIONS MUST BE DISMISSED. ......................3**

    A.    Plaintiff Is A Professional Actor In The Motion Picture Industry.......4

        1.    Plaintiff's FAC Establishes She is a Professional Actor In The Motion Picture Industry. ................................................................4

    B.    Industry Wage Order 12 Controls Over Occupational Wage Order No. 4 Covering Models. ..............................................................................6

    C.    Since Plaintiff Fails To Allege Her "Modeling" Was "Under Separately Organized Management At All Levels" And "Operated For Different Business Purposes," Industry Wage Order 12 Controls. ....................8

    D.    Plaintiff's Irrelevant Allegations That She Worked "75 Percent" Of Her Time As A Model Are Conclusory, Implausible And Omit Allegations Necessary To Escape The Industry Wage Order. ................................8

III.   **SINCE PLAINTIFF FAILS TO PLEAD FACTS SHOWING MINIMUM WAGE WAS UNPAID AND IT IS IMPLAUSIBLE THAT DEFENDANTS PAID PLAINTIFF LESS THAN MINIMUM WAGE, THE COURT SHOULD DISMISS COUNT 2 WITHOUT LEAVE TO AMEND. ...............................................................................................11**

    A.    For The Second Time, Plaintiff Fails to Plead Facts Demonstrating a Single Instance Of Defendants Failing to Pay her Minimum Wage. ..11

    B.    Plaintiff Implausibly Alleges That She Was Paid Less Than Minimum Wage To Be A Leading Adult Film Actress For Defendants..............11

IV.    **PLAINTIFF'S DERIVATIVE WAITING TIME PENALTIES (CLAIM V), WAGE STATEMENT (CLAIM VI), AND TIMELY PAYMENT (CLAIM VII) CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. ...........................................................14**

i

**V.    IF PLAINTIFF CANNOT PRODUCE AN INACCURATE WAGE STATEMENT, HER WAGE STATEMENT VIOLATION (COUNT 6) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND............14**

**VI.   THERE IS NO PRIVATE RIGHT OF ACTION FOR PLAINTIFF'S LABOR CODE § 204 CLAIM (CLAIM VII), SO THE COURT SHOULD DISMISS THIS CLAIM WITHOUT LEAVE TO AMEND. .................................................................................................15**

**VII.  PLAINTIFF FAILS TO ALLEGE FACTS SUPPORTING JOINT LIABILITY AGAINST MILLER, STRIKE 3, AND GENERAL MEDIA. .................................................................19**

   A.   Plaintiff Fails to Allege Miller Engaged in any Conduct that would Impose Upon Him Joint Liability. ........................................21

   B.   Plaintiff Does Not Allege Sufficient Facts to Establish Joint Liability on Strike 3 or General Media Systems. ...................................22

**VIII. CONCLUSION.........................................................23**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

1

# TABLE OF AUTHORITIES

2

**CASES**

3

4
*Activision Publ'g, Inc. v. EngineOwning UG,*
  2023 WL 3272399 (C.D. Cal. Apr. 4, 2023)...............................................20, 23

5

6
*Angeles v. US Airways, Inc.*,
  2017 WL 565006 (N.D. Cal. Feb. 13, 2017)..............................................6, 7

7

8
*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...........................................................................10

9

10
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................8

11

12
*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
  227 F.R.D. 313 (C.D. Cal. 2004) ......................................................21

13

14
*Carter v. Jai-Put Enter.*,
  2020 WL 3545094 (N.D. Cal. June 30, 2020) .................................16

15

16
*Chiarito v. Home Depot, U.S.A., Inc.*,
  2023 WL 6151721 (C.D. Cal. Jan. 24, 2023)....................................16

17

18
*Dawson v. HITCO Carbon Composites, Inc.,*
  2017 WL 7806618 (C.D. Cal. Jan. 20, 2017)....................................16

19

20
*De La Torre v. Am. Red Cross*,
  2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) .....................................17

21

22
*Dockery v. Citizens Telecom Servs. Co., LLC.*,
  2023 WL 2752482 (E.D. Cal. Mar. 31, 2023) .............................17, 19

23

24
*Ellsworth v. Schneider Nat'l Carriers, Inc.*,
  2020 WL 8773059 (C.D. Cal. Dec. 11, 2020) ..................................18

25

26
*Fireworks Lady & Co., LLC v. Firstrans Int'l Co.*,
  2019 WL 6448943 (C.D. Cal. Aug. 8, 2019)....................................21

27

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iii

*Giannetta v. Marmel*,
   2021 WL 2954076 (C.D. Cal. May 25, 2021)...............................................19

*Gomez v. Lincare, Inc.*,
   173 Cal. App. 4th 508 (2009), *as modified* (Apr. 28, 2009) .............................7

*Gonzalez v. ProBuild Co., LLC*,
   2022 WL 4596579 (C.D. Cal. July 7, 2022) .................................................17

*Herrera v. Zumiez*,
   953 F.3d 1063 (9th Cir. 2020)......................................................................18

*Herrera v. Zumiez, Inc.*,
   953 F.3d 1063 (9th Cir. 2020)........................................................................7

*Huy Nguyen v. Wells Fargo Bank, N.A.*,
   2016 WL 5390245 (N.D. Cal. 2016) .............................................................16

*Kajberouni v. Bear Valley Cmty. Servs. Dist.*,
   599 F. Supp. 3d 961 (E.D. Cal. 2022) .....................................................17, 18

*Lennard v. Yeung*,
   2012 WL 13006214 (C.D. Cal. Feb. 23, 2012) .............................................20

*MacRae v. HCR Manor Care Servs., LLC*,
   2018 WL 10164063 (C.D. Cal. Mar. 5, 2018) ...............................................23

*Mesler v. Bragg Management Co.*,
   39 Cal.3d 290 (1985).....................................................................................20

*Miles v. City of Los Angeles*,
   56 Cal. App. 5th 728 (2020)...................................................................6, 7, 8

*Mitchell v. Corelogic, Inc.*,
   2018 WL 6118444 (C.D. Cal. 2018) .............................................................15

*Morel v. HTNB Corp.*,
   2022 WL 17170944, at *4 (S.D. Cal. Nov. 21, 2022) ....................................18

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

*Nelson v. Dollar Tree Stores, Inc.*,
2011 WL 3568498 (E.D. Cal. Aug. 15, 2011) ................................................18

*Niazi v. Tatilek Support Servs., Inc.*,
2018 WL 1725077 (C.D. Cal. Apr. 2, 2018).....................................................7

*Partida v. Stater Bros. Markets*,
2019 WL 1601387 (C.D. Cal. Feb. 19, 2019) ...................................................4

*Rivera v. Jeld-Wen, Inc.*,
2022 WL 3219411 (S.D. Cal. Aug. 9, 2022) ...................................................19

*Rivera v. Ryder Integrated Logistics, Inc.*,
2022 WL 18337685 (C.D. Cal. 2022) ..............................................................15

*Shroyer v. New Cingular Wireless Services, Inc.*,
622 F3d 1035 (9th Cir. 2010) ............................................................................8

*Silva v. AvalonBay Communities, Inc.*,
2015 WL 11422302 (C.D. Cal. Oct. 8, 2015) ..................................................16

*Slay v. CVS Caremark Corp.*,
2015 WL 2081642 (E.D. Cal. May 4, 2015).....................................................16

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir.), opinion amended on
denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) .................................................9

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
(9th Cir.), opinion amended on denial of reh'g, 275
F.3d 1187 (9th Cir. 2001) ..................................................................................9

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ...........................................................................8

*Tatung Co., Ltd. v. Shu Tze Hsu*,
217 F. Supp. 3d 1138 (C.D. Cal. 2016)............................................................22

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .........................................................................................19

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

v

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Wady v. Provident Life & Accident Ins. Co. of Am.*,
   216 F. Supp. 2d 1060 (C.D. Cal. 2002)...........................................................20

*Wamboldt v. Safety-Kleen Systems, Inc.*,
   2007 WL 2409200 (N.D. Cal. Aug. 21, 2007)...............................................7, 8

*Young v. ABM Servs.*,
   905 F.2d 1541 (9th Cir. 1990)........................................................................16

STATUTES

Labor Code § 201 .................................................................................................14

Labor Code § 202 .................................................................................................14

Labor Code § 204 .......................................................................................... 2, 14-17

Labor Code § 226 .................................................................................................14

Labor Code § 2802 .....................................................................................17, 18, 19

Labor Code § 558.1 ..............................................................................................21

OTHER AUTHORITIES

*Exemptions from the overtime laws*, Feb. 2019, CALIFORNIA
   DEPARTMENT OF INDUSTRIAL RELATIONS, available at:
   https://www.dir.ca.gov/dlse/faq_overtimeexemptions.htm ..............................4

*Which Wage Order? Classifications*, CALIFORNIA
   DEPARTMENT OF INDUSTRIAL RELATIONS, available at
   www.dir.ca.gov/dlse/WhichIWCOrderClassifications.pdf................................7

RULES

LOCAL RULE 7-3 ....................................................................................................1

FED. R. CIV. P. 12(b)(6) ........................................................................................8

vi

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This putative class action arises from Plaintiff Mackenzie Anne Thoma ("Plaintiff")'s eight remaining wage- and hour-based claims against Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively "Defendants").

On August 30, 2023, the Court granted Defendants' Motion to Dismiss with leave to amend as to Thoma's first through ninth causes of action. [**Dkt. No. 23**, at 2:5-6) The Court specifically cautioned Thoma's counsel: (i) "'that copy-and-paste allegations 'completely undermine[] the credibility and genuine nature of [Thoma's] claims'"; and (ii) "Thoma's counsel 'forced Defendant[s] to file this motion and forced the Court to expend [its] scarce resources to adjudicate it.'" [**Dkt. 23**, at 13:18-19; 13:23-24] Worse, Thoma's counsel forced Defendants' counsel to file a 12(b)(6) Motion by this time by refusing to meet and confer on the FAC.[1]

Unfortunately, Plaintiff has not used the FAC to cure the defects recognized by this Court. First, this Court should dismiss the claims of Thoma, a self-proclaimed adult film actress, for overtime (count1), meal periods (count 3), rest periods (count 4), and wage statement claims (count 6) under Industry Wage Order No. 12-2001 governing the Motion Picture Industry ("Industry Wage Order"). To

---

[1] Thomas' counsel's refusal to meet and confer based upon purported non-timely compliance with Local Rule 7-3 is unsound. Local Rule 7-3 is intended to ensure the parties have adequate time to meet and confer, rather than frustrate meet and confer efforts. Similarly, Plaintiff's counsel's last-minute cancellation of the October 13, 2023 meet and confer and subsequent silence from all three Plaintiff's attorneys speaks for itself. To the extent the Court is interested, Defendants in corporate their Reply to Plaintiff's Opposition To Motion To Extend Time. [**Dkt. 32**, at 4-14]

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

evade the Industry Wage Order, Plaintiff implausibly and irrelevantly alleges that she worked 75% of her time as a *model*. In short, for Plaintiff to plausibly allege that she was "model" under Occupational Wage Order 4, she needed, but failed, to allege that her modeling work for VXN was both: (i) under separately organized management at all levels; and (ii) operated for different business purposes. As a result, the Court should dismiss those claims without leave to amend.

As for Plaintiff's minimum wage claim (count 2), Plaintiff again fails to allege a single day or week where she was entitled to but did not receive at least minimum wage for her work as an adult film actress. Plaintiff also fails to plead the hourly rate she received, a prerequisite for stating a minimum wage claim. Further, even if Plaintiff alleged a time where she was not paid at least minimum wage, such allegations would be implausible because Plaintiff is a highly sought after and paid adult-film actress *who makes over $4,000 per day*.

Since Plaintiff's first four claims fail, her derivative claims 5 through 7 also fail. More specifically, Plaintiff would only be entitled to waiting time penalties (count 5) if she had unpaid wages. Similarly, Plaintiff's claim for inaccurate wage statements (count 6) fails because: (i) Wage Order No. 12 applies and professional actors do not get the benefit of section 7; *or* (ii) Plaintiff still fails to produce a single example of an inaccurate wage statement. Lastly, Plaintiff's claim for Defendants' failure to timely pay wages (count 7) fails because (i) Plaintiff has not plausibly alleged untimely payment of wages; and (ii) Plaintiff does *not* have a private right of action under Labor Code § 204.

Similarly, Plaintiff's claim for failure to indemnify (claim 8) fails because Plaintiff has not alleged facts demonstrating that: (i) any expenses she incurred were necessary to performing her job duties; (ii) there were any instances where Plaintiff sought reimbursement and was denied; and (iii) any willful refusal by Defendants to reimburse any necessary business expenses. Finally, the Court

should again dismiss the joint liability allegations, since Plaintiff fails to allege facts demonstrating: (i) a unity of interests; and (ii) fraud or injustice. As a result, the Court should grant Defendants' Motion to Dismiss on all claims and the joint liability allegations without leave to amend.

## II.   AS INDUSTRY WAGE 12-2001 GOVERNS THE MOTION PICTURE INDUSTRY, A PROFESSIONAL ACTOR'S CLAIMS FOR OVERTIME, MEAL PERIODS, REST PERIODS, AND WAGE STATEMENT VIOLATIONS MUST BE DISMISSED.

This Court should dismiss the claims of Thoma, a self-proclaimed adult film actor, for overtime (claim 1), meal periods (claim 3), rest periods (claims 4), and wage statement claims (claim 6) based on the exemptions in Industry Wage Order No. 12-2001 governing the motion picture industry ("Industry Wage Order"). *See* Cal. Code Regs. tit. 8, § 11120.  It defines "motion picture industry" as:

> any industry, business, or establishment operated for the purpose of motion picture or television film production, or primarily allied with theatrical or television, motion picture productions, including but not limited to motion pictures for entertainment, commercial, religious, or educational purposes, whether made by film, tape, or otherwise.

*Id*. at ¶ 2(K).

The Industry Wage Order applies to professional actors employed in the motion picture industry:

> This order shall apply to all persons employed in the motion picture industry, including extra players, teachers, and welfare workers, whether paid on a time, piece rate, commission, or other basis, except that:
>
> . . .
>
> (C) Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

3

Cal. Code Regs. tit. 8, § 11120.

The Industry Wage Order section governing overtime is in Section 3, with Section 11 governing meal periods, Section 12 governing rest periods, Section 7 governing records, including wage statements. *Id*. at ¶3; ¶11; ¶ 12; ¶7. Specifically, the Wage Order exempts employers of professional actors from overtime, meal periods, rest periods and wage statement requirements. *Id*.; *see also* California Department of Industrial Relations "Exemptions from Overtime Laws," available at: https://www.dir.ca.gov/dlse/faq_overtimeexemptions.htm.

## A.   PLAINTIFF IS A PROFESSIONAL ACTOR IN THE MOTION PICTURE INDUSTRY.

The FAC's well pled facts establish that Plaintiff is a *professional actor* and thus exempt under the Motion Picture Industry Wage Order 12-2001. *See Partida v. Stater Bros. Markets*, 2019 WL 1601387, at *5 (C.D. Cal. Feb. 19, 2019) ("The Court finds that Plaintiff's Overtime Claim fails as a matter of law because a statutory exemption applies to the provisions which she cites.") (citing Wage Order 9).

### 1.   Plaintiff's FAC Establishes She is a Professional Actor In The Motion Picture Industry.

Plaintiff's FAC, [**Dkt. 26**], pleads facts that show Plaintiff is a "professional actor." First, Plaintiff establishes that Defendants are in the Motion Picture Industry and therefore governed by Wage Order 12:

> As further set out below, *Vixen Media Group runs a[n] . . . adult film production company . . .*

[**Dkt. 26**, at ¶ 2 (Emphasis added.)]

Next, Plaintiff establishes that when she contracted and performed for Defendants, she became a professional actor:

> In November of 2020, [Plaintiff] signed a contract with [VXN] . . . with her *entry into the adult film industry . . .*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

4

*Ms. Thoma performed in Defendants' movies* and modeled at their direction.

[**Dkt. 26**, at ¶ 8 (Emphasis added.)]

Plaintiff also alleges that Defendants maintain a successful business model by creating high quality adult films across seven different adult film sites:

*[VXN] is the creator of adult motion pictures* and photographs distributed for commercial sale through various distribution outlets and platforms. It was founded . . . with the *goal of creating higher-quality videos* that would be considered more "artistic" than the normal realm of *adult video content*. . . . [VXN] still *owns and operates at least seven online adult film sites*[].

[**Dkt. 26**, at ¶ 8 (Emphasis added.)]

Plaintiff also admits Defendants success as an adult movie studio, including through winning awards.

[VXN] has *won many major awards in the adult-film industry*, including an XBIZ Award as recently as in 2022 for Studio of the Year.

[**Dkt. 26**, at ¶ 11 (Emphasis added.)]

Plaintiff further notes that her contract was to star in Defendants' movies:

***Plaintiff and Class Members*** would partake in *at least* two (2) shoots per month for Defendants where they ***would*** model and ***star in movies for Defendants***. These shoots would last ten (10) to sixteen (16) hours.

[**Dkt. 26**, at ¶ 60 (Emphasis added.)]

Part of Plaintiff's alleged requirements was to be fitted for wardrobes for her role in the movies:

In addition to these shoots, *Plaintiff and Class Members were required to* go to "fittings," where they would be required to *try on costumes for the various scenes* Plaintiff and Class Members would model and star in.

5

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1    [**Dkt. 26**, at ¶ 61 (Emphasis added.)]

2        Plaintiff also alleges the preparation required to star in Defendants' movies,

3    including time spent with hair and makeup, wardrobe, and rehearsals.

4
5             *Even when Plaintiff and Class Members were not actively*
              *filming* or modeling, they were required to be on set and
6               *work by completing hair and makeup, working on their*
              *wardrobe, partaking in rehearsals, and speaking to*
7               *coworkers* for work related activities among other work-
              related activities. *Plaintiff and Class Members were*
8               *expected to work for the entire shoot* without any rest.

9    [**Dkt. 26**, at ¶ 64 (Emphasis added.)]

10        In sum, Plaintiff admits: (i) VXN is an "adult film production company";

11    (ii) Plaintiff is a "well-known adult film actress"; and (iii) VXN contracted for and

12    paid Plaintiff to star in Defendants' adult films. [**Dkt. 26**, at ¶¶ 2, 8. 11, 60, 61 and

13    64] Thus, the Court should conclude that Plaintiff is a "professional actress" under

14    the Industry Wage Order 12 and subject to its exemptions.

15      **B.**    **Industry Wage Order 12 Controls Over Occupational Wage**
          **Order No. 4 Covering Models.**
16

17        "For purposes of wage orders, the 'main purpose of the business, not the job

18    duties of the employee, determines which wage order applies in any given case.'"

19    *Miles v. City of Los Angeles,* 56 Cal. App. 5th 728, 737 (2020) (holding that Wage

20    Order No. 9 governing the transportation industry was inapplicable where

21    "operation of the vehicles was not the [defendants'] primary purpose, but was only

22    incidental to that purpose.").[2]

23

24    [2] "In California, 'two complementary and occasionally overlapping sources of
     authority' govern wage-and-hour claims: (1) provisions in the Labor Code enacted
25    by the state legislature, and (2) a series of wage orders enacted by the Industrial
     Welfare Commission ('IWC')." *Angeles v. US Airways, Inc.*, No. C 12-05860
26    CRB, 2017 WL 565006, at *1 (N.D. Cal. Feb. 13, 2017). "California's 'wage orders
27    are to be accorded the same dignity as statutes.'" *Herrera v. Zumiez, Inc.*, 953 F.3d

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

*For purposes of wage orders, the* "*main purpose of the business*, not the job duties of the employee, *determines which wage order applies* in any given case." *Gomez v. Lincare, Inc*., 173 Cal. App. 4th 508, 513, n. 1 (2009), *as modified* (Apr. 28, 2009) (emphasis added); *see Wamboldt v. Safety-Kleen Systems, Inc.*, No. C 07-0884 PJH, 2007 WL 2409200, at *6 (N.D. Cal. Aug. 21, 2007) ("To determine which order is applicable, one must look at the main purpose of the business being examined."). "[A]n occupational order [only applies] when the business at issues is not covered by another industry order." *Niazi v. Tatilek Support Servs., Inc.*, No. 215CV07403SVWJPRX, 2018 WL 1725077, at *2 (C.D. Cal. Apr. 2, 2018).[3] As a result, Wage Order No. 12 applies to Defendants' business and thus also applies to Plaintiff's claims.

---

1063, 1070 (9th Cir. 2020). "[S]o to the extent they overlap with a provision in the Labor Code, courts must 'seek to harmonize' the two. Both legal regimes regulate wages, hours, and working conditions. And both exempt certain classes of employees from those regulations." *Angeles*, 2017 WL 565006, at *1 (internal citations omitted).

[3] According to the California Labor Commissioner's Division of Labor Standards' Enforcement:

> An order is an industry order if the title of the order contains the word "industry." Otherwise, the order is an occupational order (IWC Orders 4, 14, 15, 16 and 17). *Wage, hour and working condition regulations contained in an occupational order only apply when a business is not covered by an industry order.*

*See Which Wage Order? Classifications*, at pp. 4 available at www.dir.ca.gov/dlse/WhichIWCOrderClassifications.pdf (emphasis added).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

7

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**C. Since Plaintiff Fails To Allege Her "Modeling" Was "Under Separately Organized Management At All Levels" And "Operated For Different Business Purposes," Industry Wage Order 12 Controls.**

As a matter of law, Industry Wage Order 12 governs Plaintiff's modeling work for VXN, unless Plaintiff alleges that her modeling work for VXN was: (i) under separately organized management at all levels; and (ii) operated for different business purposes. *Wamboldt*, 2007 WL 2409200, at *6; *see also* "*Which Wage Order? Classifications*," at 5.[4] As a result, Plaintiff's modeling activities are incidental to the main purpose of VXN's motion picture business and remain controlled by Industry Wage Order 12. *See, e.g., Miles*, 56 Cal. App. 5th at 737.

**D. Plaintiff's Irrelevant Allegations That She Worked "75 Percent" Of Her Time As A Model Are Conclusory, Implausible And Omit Allegations Necessary To Escape The Industry Wage Order.**

To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557, 570, (2007). *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F3d 1035, 1041 (9th Cir. 2010); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

Here, to escape the Wage Order No. 12's exemptions, Plaintiff repeatedly, but implausibly, alleges that: "Plaintiff and Class Members would, on average, spend around 75 percent of their time modeling for Defendants and 25 percent of their time on set filming for Defendants." [**Dkt. 26**, at ¶¶ 34; ¶ 63; ¶ 74][5] Worse,

---

[4] Available at www.dir.ca.gov/dlse/WhichIWCOrderClassifications.pdf.

[5] Plaintiff's counsel's highly varied representations to the Court severely undermine Plaintiff's credibility. For example, Plaintiff inconsistently described the frequency of Defendants' purported labor code violations as "at times" in this

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Plaintiff's FAC fails to provide any factual basis for the implausible conclusion that Defendants' adult-film actors making films spend "75% of their time modeling."

Further, Plaintiff does not allege that: (i) Defendants own a magazine; (ii) Defendants sell or otherwise make money from individual photographs separate and apart from the actor's adult films; or (iii) Defendants take photographs of their actors for any reason except to promote those actors' adult films. Thus, the Court is free to disregard those conclusory and implausible allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Significantly, Plaintiff fails explain why: (i) Defendants would pay her "to model 75% of the time", when Defendants business is production of adult films;[6] and Defendants would pay her an astronomical rate to "model" when Defendants are an adult film company. [*See* **Dkt. 1-2**, at ❡ 7 (Declaration of Belen Burditte testifying that Plaintiff made on average $4,875.00 per day)][7] In sum, Plaintiff cannot plausibly allege that Defendants create "award winning" "higher quality

---

action, but as "policy and procedure" in the PAGA action as part of a failed attempt to escape this Court's jurisdiction, [**Dkt. 19 at 2**]. Similarly, Plaintiff's counsel misrepresented Defendants' good faith efforts to meet and confer in an attempt to avoid this motion. [**Dkt. 32**].

[6] Had Plaintiff met and conferred with Defendants prior to this motion, Defendants would have assented to Plaintiff amending her FAC to address this void in Plaintiff's reasoning.

[7] Plaintiff does not contest in her FAC, her Motion for Remand or otherwise that her daily rate of pay with Defendants was $4,875.

9

[adult] videos" while only allocating 25% of their actors' time to creating films and 75% of their time to modeling.[8]

Fortunately, the "obvious alternative explanation" is that Defendants require Plaintiff to take some photographs while on set to promote the film (like all movie productions do with their star actors). *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). This "obvious alternative explanation" compels the holding that Plaintiff is a professional actor, which Plaintiff herself alleges. [**Dkt. 26**, at ⁋ 7 ("*Plaintiff . . . is a* decorated and well-known *adult film actress*.") (Emphasis added.)] Moreover, any photographs taken of Plaintiff were merely incidental to her primary role as an "adult film actress."

Finally, since Industry Wage Order No. 12 and the professional actor exemptions apply, she is not entitled to claim overtime, meal and rest breaks, and wage statement violations (Claim I, III, IV, and VI, respectively). *See Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.")

---

[8] Although Plaintiff alleges that she "frequents" Joshua Tree, California to take modeling pictures, she later inconsistently alleges that she only went to Joshua Tree "once" to take pictures for Defendants. [**Dkt. 26**, at ⁋ 3] Since Plaintiff alleged that she shot two films with Defendants per month [**Dkt. 26**, at ⁋⁋ 60, 71], Plaintiff alleging *a single* (*one*) instance of modeling in Joshua Tree does not plausibly allege she modeled "75% of the time" for Defendants. [**Dkt. 26**, at ⁋⁋ 89, 101]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**III.** **SINCE PLAINTIFF FAILS TO PLEAD FACTS SHOWING MINIMUM WAGE WAS UNPAID AND IT IS IMPLAUSIBLE THAT DEFENDANTS PAID PLAINTIFF LESS THAN MINIMUM WAGE, THE COURT SHOULD DISMISS COUNT 2 WITHOUT LEAVE TO AMEND.**

**A.** **For The Second Time, Plaintiff Fails to Plead Facts Demonstrating a Single Instance Of Defendants Failing to Pay her Minimum Wage.**

On August 30, 2023, this Court dismissed Plaintiff's Failure to Pay Minimum Wage (Count 2) with leave to amend. The Court specifically informed Plaintiff that she must allege facts showing she was entitled to minimum wage and it went unpaid:

> the Ninth Circuit affirmed the district court's dismissal of similar claims because "[t]he complaint did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages or overtime wages." *Thoma* likewise *failed to allege any facts showing she was ever entitled to minimum or overtime wages that went unpaid*. Her first and second causes of action are therefore **DISMISSED** with leave to amend.

[**Dkt. 9** at 11:14-16-18] (emphasis added and footnote omitted.)

Here, Plaintiff's FAC suffers from the same factual deficit as her original Complaint. Plaintiff fails to allege a single day or week where she was not paid at least minimum wage despite notice from the Court and the information being uniquely within her possession. As such, the Court should dismiss Plaintiff's claim for failure to pay minimum wage without leave to amend.

**B.** **Plaintiff Implausibly Alleges That She Was Paid Less Than Minimum Wage To Be A Leading Adult Film Actress For Defendants.**

As Plaintiff alleges, she is a "decorated and well-known adult film actress," who Defendants pay to act in roles as the starring character portraying sexual fantasies on camera. [**Dkt. 26**, at ⁋ 33] Plaintiff further boasts of the high-profile

---

11

clothing brands and adult magazines she has worked for, thus establishing the high demand for her services selling sex appeal. [**Dkt. 26**, at ⫿ 8]

Significantly, Plaintiff fails to provide her "rate of pay" per shoot "or any other amount of pay over any specified period." *See e.g. Nye v. Ltd.*, 2017 WL 1228408, at *3 (D. Nev. Apr. 2, 2017) (dismissing minimum wage claim because "Plaintiff in his Complaint does not provide his hourly rate of pay, or any other amount of pay over any specified period.")  The omission appears intentional as *Plaintiff's average daily rate was $4,875.00.* [**Dkt. 1-2**, at ⫿ 7] To date, Plaintiff avoids addressing her daily rate or asserting her daily rate was lower than the amount set forth in the Notice of Removal.

Finally, the calculation for unpaid minimum wage is simple.  The current minimum wage in California is $15.50 per hour, although that rate may increase up to $19.08 per hour depending on the locality.[9] Plaintiff alleges she worked up to 16-hour days. [**Dkt. 26**, at ⫿ 35] As such, taking the *highest* $19.08 minimum wage in California, and assuming Plaintiff worked 16 hours per day, she would be entitled to $419.76.[10] To plead a plausible minimum wage claim, Plaintiff need only allege that she was paid less than $419.76 for a day's work for Defendants or $2,098.80 for five-day work week. Yet, Plaintiff again fails to do so.  Here, Plaintiff alleges:

> i.   Plaintiff worked two days per month at a maximum of 16 hours a day. (32 hours). ¶ 71.

---

[9] *See* https://www.dir.ca.gov/dlse/faq_minimumwage.htm; *see also* https://laborcenter.berkeley.edu/inventory-of-us-city-and-county-minimum-wage-ordinances/#s-2

[10] (8 hours x $19.08) + (4 hours x $19.08 x 1.5) + (4 hours x $19.08 x 2). *See* Labor Code § 510(a) (Hours 8 through 12 are paid at 150% of minimum wage; and hours 12 through 16 are paid at 200% of minimum wage)..

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

ii.    Plaintiff spent 30min each day blow drying her hair and exfoliating. (1 hour). ¶ 71.

iii.   Plaintiff spent 30min for an STD test. (30min) ¶ 72.

iv.    Plaintiff spent one hour and 45min (including travel time) for a manicure. (1hr 45min). ¶ 73.

v.     Plaintiff spent a maximum of 5.5 hours on wardrobe fittings. (5.5hrs) ¶ 72.

vi.    Plaintiff spent an additional 4.5 hours for miscellaneous time. (4.5 hrs) ¶ 78.

Plaintiff then claims that "[a]s a result, the payment received by Plaintiff and Class Members fell far below minimum wage requirements in the state of California, when factoring the unpaid hours mentioned above and Defendants' failure to pay Plaintiff and Class Members overtime wages." ¶ 79.  Yet, the total of time alleged equals 45 hours and 15 minutes. Using Plaintiff's average daily rate was $4,875.00, Plaintiff is still getting paid about $107.73 per hour – or roughly $88.00 more per hour that California's highest minimum wage.  *See Johnson v. R&L Carriers Shared Servs., LLC*, 2022 WL 18780399, at *3 (C.D. Cal. Nov. 28, 2022) (finding Plaintiff's minimum wage claim not plausible because he was paid an hourly rate of three times the minimum wage).  *See also Walden v. Nevada*, 2017 WL 1053084, at *2 (D. Nev. Mar. 20, 2017) ("if their hourly rate was significantly above the minimum wage, their hourly rate of pay may still be above the minimum wage when their compensation for the workweek is averaged across their total time worked for the workweek. Absent such additional allegations, the Complaint fails to state a plausible claim for relief for failure to pay the minimum wage.")

In sum, Plaintiff: (i) still fails to plead a week where she was paid less than minimum wage; and (ii) makes implausible and conclusory allegations that Plaintiff, an adult superstar actor, was paid less than $419.76 for a day's work when

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

credible evidence indicates *she was paid more than 10 times that amount per day*. Thus, the Court should dismiss Claim 2 without leave to amend.

## IV. PLAINTIFF'S DERIVATIVE WAITING TIME PENALTIES (CLAIM V), WAGE STATEMENT (CLAIM VI), AND TIMELY PAYMENT (CLAIM VII) CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

This Court held Plaintiff's Waiting Time (Claim 5), Wage Statement (Claim VI6), and Timely Payment Claims (Claim 7) are derivative of Plaintiff's claims for Failure to Pay Overtime (Claim 1); Failure to Pay Minimum Wage (Claim 2), and Failure to Provide Meal and Rest Breaks (Claims 3 and 4):

> Thoma brings a fifth cause of action for failure to pay all wages due upon termination in violation of Labor Code sections 201 and 202, a sixth cause of action for failure to provide accurate wage statements in violation of Labor Code section 226, and a seventh cause of action for failure to timely pay wages during employment under Labor Code section 204. (Compl. ¶¶ 72–94). These claims are derivative of Thoma's first through fourth claims and are therefore also **DISMISSED** with leave to amend.

[**Dkt. 23**, at 12:5-11]

As discussed in Section II-III above, Plaintiff's first through fourth claims fail and should be dismissed without leave to amend. Thus, the Court should also dismiss Plaintiff's derivative claims (Counts 5-7).

## V. IF PLAINTIFF CANNOT PRODUCE AN INACCURATE WAGE STATEMENT, HER WAGE STATEMENT VIOLATION (COUNT 6) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Even if one of the predicate claims (Counts I-IV) survive, the Court should dismiss Plaintiff's claim wage statements violations (Claim VI) because Plaintiff has failed to produce a single example of an inaccurate wage statement. As explained in Defendants' original motion to dismiss, courts in this district dismiss inaccurate wage statement claims when the plaintiff fails to plead a single example

14

of an inaccurate wage statement. [**Dkt. 9**, at 24 (citing *Soratorio v. Tesoro Ref, & Mktg. Co.*, LLC, 2017 WL 1520416, at *5-6 (C.D. Cal. Apr. 26, 2017))] Plaintiff has still declined to do so and remains committed to boilerplate conclusory pleadings.

On October 12, 2023, as part of the meet and confer process for this motion, Defendants asked Plaintiff's counsel in writing, *inter alia*, when Plaintiff would provide an exemplar of an incorrect wage statement or if Plaintiff could agree to reasonable time for Plaintiff to produce it. [**Dkt. 32-1**, at 6] Unfortunately, Plaintiff's counsel refused to respond and cancelled the meet and confer. Thus, as an independent ground for dismissing Count 7, Defendants respectfully request that if Plaintiff fails to provide the exemplar within 30 days of the Court ruling on this Motion, Count 6 will be automatically dismissed with prejudice.

## VI.   THERE IS NO PRIVATE RIGHT OF ACTION FOR PLAINTIFF'S LABOR CODE § 204 CLAIM (CLAIM VII), SO THE COURT SHOULD DISMISS THIS CLAIM WITHOUT LEAVE TO AMEND.

Even if one of the predicate claims (Counts I-IV) survive, the Court should still dismiss Plaintiff's claim for Defendants' purported failure to timely pay wages (count 7) because Labor Code § 204 does *not* provide a private cause of action to individuals. [**Dkt. 9**, at 25 (citing *Mitchell v. Corelogic, Inc.*, 2018 WL 6118444 (C.D. Cal. 2018); *see also Rivera v. Ryder Integrated Logistics, Inc.*, 2022 WL 18337685, at *14 (C.D. Cal. 2022).

Absent an attendant claim under the Private Attorneys General Act, which is not present in this case, or the Unfair Competition Law, which this Court remanded to state court, Plaintiff has no standing to bring a claim under section 204. *See Huy Nguyen v. Wells Fargo Bank, N.A.*, No. 15–cv–05239, 2016 WL 5390245, at *10

(N.D. Cal. 2016) (finding that § 204 does not create a private right of action but can only be asserted by way of PAGA and UCL claims).[11]

Equally important, the FAC contains no factual allegations that Defendants violated Section 204 by failing to timely pay Plaintiff or putative class members in accordance with the twice-monthly stricture of that section. Rather, the FAC simply parrots the statutory language and makes the conclusory allegation that Defendants "employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204." [**Dkt. 26**, at ¶ 127] Similarly, to the extent Plaintiff considers her Seventh Cause of Action derivative of her claims for under payment of wages, "a violation of section 204 cannot be premised solely on the claim that an employer underpaid wages." *Carter v. Jai-Put Enter.*, No. 18-cv-06313-DMR, 2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020).

Here, Plaintiff alleges that she was not paid all wages owed in each requisite pay period on a theory that unpaid time should have been classified as working time. [*See, e.g.,* **Dkt. 26**, at ¶ 76] However, even if that were true, "[a]lleged underpayment of wages is insufficient to establish a violation of Section 204." *Chiarito v. Home Depot, U.S.A., Inc.*, No. CV 22-4662-GW-SKX, 2023 WL 6151721, at *3 (C.D. Cal. Jan. 24, 2023); *see De La Torre v. Am. Red Cross*, 2013

---

[11] "[C]ourts regularly hold that there is no private right of action under § 204." *Dawson v. HITCO Carbon Composites, Inc.,* No. CV16-7337 PSG FFMX, 2017 WL 7806618, at *5 (*C.D. Cal. Jan. 20, 2017); *see also Silva v. AvalonBay Communities, Inc.,* No. LACV–15–04157–JAK–PLAX, 2015 WL 11422302, at *9 (C.D. Cal. Oct. 8, 2015) ("[T]here is no private right of action under [§ 204]."); *Slay v. CVS Caremark Corp.*, No. 1:14–CV–01416–TLN, 2015 WL 2081642, at *7 (E.D. Cal. May 4, 2015) ("Plaintiff cannot state a claim because Section 204 does not offer a private right of action."); *see also Young v. ABM Servs.,* 905 F.2d 1541 (9th Cir. 1990) ("[Plaintiff] cannot sue for [Defendants'] alleged violation of Cal. Labor Code § 204 … [t]he statute does not grant employees a private right of action against employers who violate section 204.")

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013) ("Labor Code Section 204(a) deals with the timing of wages and not with whether correct wages were paid.").

In sum, the Court should dismiss Count VII without leave to amend based on: (i) claims under Section 204 cannot be construed as derivative of claims for underpayment or non-payment of wages; (ii) the FAC contains no factual allegations of untimely payments; and (iii) Section 204 does not provide a private right of action.

## VII. THE COURT SHOULD DISMISS PLAINTIFF'S FAILURE TO INDEMNIFY CLAIM (COUNT VIII) WITHOUT LEAVE TO AMEND.

The Court should dismiss Plaintiff's failure to indemnify claim (Count VIII) because the FAC fails to plausibly allege: (i) how and why Plaintiff's alleged expenditures were required by Defendants; (ii) Plaintiff requested reimbursement for such expenditures; and (iii) how or when Defendants willfully refused reimbursement. *Gonzalez v. ProBuild Co., LLC*, No. EDCV2200315CJCSHKX, 2022 WL 4596579, at *4 (C.D. Cal. July 7, 2022).

First, Plaintiff is required to demonstrate that Defendants knew, or had reason to know, that Plaintiff incurred expenses necessary to her duties as an alleged employee. *See Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 599 F. Supp. 3d 961, 970 (E.D. Cal. 2022) (dismissing Section 2802 claim where plaintiff failed to allege "any facts supporting a conclusion that the [defendant] knew, or had reason to know, that" Plaintiff incurred necessary expenditures). Plaintiff makes the conclusory allegation that manicure and pedicure appointments were mandatory, [**Dkt. 26**, at ¶¶ 133, 135], "without any supporting factual allegations as to why this expense was required for her work or as to whether she requested reimbursement at any time for it." *Dockery v. Citizens Telecom Servs. Co., LLC.*, No. 221CV00416TLNCKD, 2023 WL 2752482, at *4 (E.D. Cal. Mar. 31, 2023) (dismissing Section 2802 claim); *see Kajberouni*, 599 F. Supp. 3d at 970 (dismissing Section 2802 claim where plaintiff failed to allege facts supporting the

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

conclusory allegation that plaintiff's expenses were incurred in "direct consequence" of his duties).

Similarly, Plaintiff alleges she was required to use a cellular phone "for work-related purposes" [Dkt. 26, at ¶ 33], but fails to explain a single example as to what those work-related purposes were. *See Herrera v. Zumiez*, 953 F.3d 1063, 1078 (9th Cir. 2020) (reversing the district court's denial of judgment on the pleadings as to plaintiff's Section 2802 claim where plaintiff "failed to include specific, non-conclusory facts about how she" used her cellphone "or what costs she incurred.").

Here, as in *Morel v. HTNB Corp.*, the FAC claims in conclusory fashion that her alleged expenses related to manicures, pedicures, and anal bleaching were mandatory, without factual support as to how or why Defendants imposed those obligations upon Plaintiff. No. 22-CV-00408-AJB-AHG, 2022 WL 17170944, at *4 (S.D. Cal. Nov. 21, 2022) (dismissing Section 2802 claim where plaintiff failed "to allege how using his personal phone, data, and internet was necessary beyond conclusively alleging that Defendant required him to do so.") *See also Kajberouni*, 599 F. Supp. 3d 961, at 970, fn. 5 ("[A]n employee is [not] entitled to decide whether additional items are necessary tools for the job").

Second, the FAC makes no factual allegation that Plaintiff sought reimbursement by Defendants for her alleged expenses. *See Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 220CV01699SBSPX, 2020 WL 8773059, at *9 (C.D. Cal. Dec. 11, 2020) (Plaintiff is "expected to allege—if he unsuccessfully sought reimbursement for necessary shoes.").

Finally, to support a valid Section 2802 claim, Plaintiff must allege "how or when Defendant[s] failed to reimburse Plaintiff, or any other potential class members, for business expenses." *Nelson v. Dollar Tree Stores, Inc.*, No. 2:11-CV-01334 JAM, 2011 WL 3568498, at *2–3 (E.D. Cal. Aug. 15, 2011) (dismissing

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Section 2802 claim); Here, the FAC is "devoid of allegations related to the actual expense incurred by Plaintiff" and "whether the [Defendants] willfully refused to reimburse her for such expenses." *Dockery*, 2023 WL 2752482, at *4. *See Rivera v. Jeld-Wen, Inc*., No. 21-CV-01816-AJB-AHG, 2022 WL 3219411, at *3 (S.D. Cal. Aug. 9, 2022) (dismissing Section 2802 claim where plaintiffs "failed to address … how they were denied reimbursement" for claimed expenditures). All Plaintiff alleges, without factual support, explanation, or dates, is that Defendants failed and refused to provide reimbursement:

> "During that time period, Plaintiff is informed and believes, and based thereon alleges that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures."

[**Dkt. 26**, at ¶ 136] This kind of conclusory allegation fails to give "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 319 (2007).

In sum, the Court should dismiss Count VIII because the FAC fails to plausibly allege: (i) how and why Plaintiff's alleged expenditures were required by Defendants; (ii) Plaintiff requested reimbursement for such expenditures; and (iii) how or when Defendants willfully refused reimbursement.

## VII.   PLAINTIFF FAILS TO ALLEGE FACTS SUPPORTING JOINT LIABILITY AGAINST MILLER, STRIKE 3, AND GENERAL MEDIA.

In dismissing Plaintiff's joint liability allegations, the Court held "those claims fail for lack of factual support." (Dkt. 23 at 11:6-8) Plaintiffs' FAC again fails to allege facts demonstrating that the ends of justice require the imposition of the "extreme remedy" of joint liability against Miller, Strike 3, and General Media, that upon these add-on defendants. *See Giannetta v. Marmel*, No. 20-1410 (RGK)(KK), 2021 WL 2954076, at *2 (C.D. Cal. May 25, 2021). To the contrary,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Plaintiff alleges that VXN "runs a powerful, *lucrative*, and well-known adult film production company." [**Dkt. 26**, at ⁋ 2 (Emphasis added.)]

The purpose of the alter ego doctrine is to ensure that Plaintiffs receive full relief for their claims if the defendants are attempting to evade liability through corporate skullduggery:

> The essence of the alter ego doctrine is that justice be done. "What the formula comes down to, once shorn of verbiage about control, instrumentality, agency, and corporate entity, is that liability is imposed to reach an equitable result." Thus the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require.

*Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 301 (1985) (citations omitted). Critically, *Plaintiff does not allege that she could not receive full relief for her claims from VXN alone.*

Alter ego liability only exists when "(1) 'there is such unity of interest and ownership that the separate personalities' of the corporation and the individual (or other entity) 'no longer exist' and (2) 'failure to disregard the corporation would result in fraud or injustice.'" *Activision Publ'g, Inc. v. EngineOwning UG*, No. 22-51 (MWF)(JCx), 2023 WL 3272399, at *6 (C.D. Cal. Apr. 4, 2023). Plaintiff "must allege specific facts supporting both of the elements of alter ego liability." *Lennard v. Yeung*, No. 10-9322 (MMM)(AGRx), 2012 WL 13006214, at *7 (C.D. Cal. Feb. 23, 2012) (citations omitted). This is true for both corporate and individual alter egos. *See Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) Since Plaintiff does not adequately allege facts that Miller, Strike 3, or General Media are so intertwined with VXN that they do not have separate existances or any resulting fraud or injustice, the Court dismiss the joint liability allegations without leave to amend and dismiss Miller, Strike 3 and General Media from this action.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

## A.      Plaintiff Fails to Allege Miller Engaged in any Conduct that would Impose Upon Him Joint Liability.

Plaintiff fails again to allege facts supporting imposing joint liability on Miller. The FAC's new allegations against Miller are merely superficial add-ons. [*Compare* Compl., at ¶¶ 12, 16, with FAC (**Dkt. 26**), at ¶¶ 12, 18] These amendments merely allege that Miller, VXN Group's executive producer, "engaged in" hiring and policy decisions, and "was often present on set." [**Dkt. 26**, at ¶18] These facts do not establish a unity of interests, let alone a fraud or injustice. *See Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 329 (C.D. Cal. 2004) ("[A] court should not presume, in the absence of contrary evidence, that corporate officers are improperly discharging their duties.") (collecting cases); *see also Fireworks Lady & Co., LLC v. Firstrans Int'l Co*., No. 18-10776 (CJC)(MRWx), 2019 WL 6448943, at *5 (C.D. Cal. Aug. 8, 2019) (dismissing alter ego theory in which it was alleged that the president "dominate[d] and control[ed] the corporate defendants").

There is also a passing reference to Miller's purported violation of Labor Code § 558.1, where Miller allegedly "violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions." [**Dkt. 26**, at ¶ 18] As with most of Plaintiff's counsel's Complaints, the allegations merely parrot the statutory language. Plaintiff's attempts to bolster the claim by alleging "that MILLER directly created the policies and procedures put forth by VXN GROUP" and "played an active role in the enforcement of those policies and procedures" remain illusory. [**Dkt. 26**, at ¶18] Plaintiff fails to allege that Miller was personally involved in any purported violation. Since Plaintiff's conclusory allegations against Miller fail to establish either element of alter ego liability, the court should dismiss Miller from this action without leave to amend.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**B.     Plaintiff Does Not Allege Sufficient Facts to Establish Joint Liability on Strike 3 or General Media Systems.**

Plaintiff's new allegations against Strike 3 and General Media also fail to pled the required facts. Plaintiff, on information and belief, alleges that Strike 3 is the "the parent company for VXN GROUP" and that Strike 3 is the intellectual property holding company for VXN's copyrights. [**Dkt. 26**, at ¶13] Plaintiff further speculates–without alleging any *facts*–that Strike 3 "maintains a level of control over VXN GROUP and its employees" such that the policies "of VXN GROUP are truly the policies and procedures of STRIKE 3." [**Dkt. 26**, at ¶19] Plaintiff also alleges on information and belief that GENERAL MEDIA "is a subsidiary of [VXN] and serves as another key instrument in the wrongful actions committed against Plaintiff and Class Members." None of these conclusory allegations show these corporations are alter egos of VXN GROUP.

Even if Strike 3 were VXN's parent company, "[f]or a parent to be liable for the misdeeds of its subsidiaries under an alter ego theory, the parent must play a role in the misdeeds." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1181 (C.D. Cal. 2016) (collecting cases) (emphasis added). But Plaintiff's barebone allegation that Strike 3 "control[s]" VXN and its employees fails to state what actions–if any–Strike 3 engaged in to violate Plaintiff's rights. With respect to GENERAL MEDIA, labeling it a "key instrument in the wrongful actions" without a single *fact* in support amounts to a conclusory "the-defendant-unlawfully-harmed-me accusation" that also falls short of plausibility. Thus, Plaintiff's joint liability claims against Strike 3 and General Media fail again.

In sum, the Court should dismiss Miller, Strike 3, and GMS from this action without leave to amend because Plaintiff has failed to pled facts demonstrating that: "(1) 'there is such unity of interest and ownership that the separate personalities' of the corporation and the individual (or other entity) 'no longer exist' and (2) 'failure to disregard the corporation would result in fraud or injustice.'" *Activision*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

22

*Publ'g, Inc. v. EngineOwning UG*, No. 22-51 (MWF)(JCx), 2023 WL 3272399, at *6 (C.D. Cal. Apr. 4, 2023).  Since Plaintiff has wasted her opportunity to amend, the Court should dismiss the joint liability allegations without leave to amend. *See MacRae v. HCR Manor Care Servs., LLC*, No. 14-715 (DOC)(RNBx), 2018 WL 10164063, at *4 (C.D. Cal. Mar. 5, 2018) (dismissing alter ego theory with prejudice for "failing to substantively amend allegations that were dismissed as inadequate").

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants' respectfully requests the Court grant Defendants' Motion and Dismiss Plaintiff's FACirst Amended Complaint without leave to amend.


Dated: October 18, 2023                 Respectfully submitted,

                                        KANE LAW FIRM

                            By:  /s/ Brad S. Kane
                                 Brad Kane
                                 Eric Clopper
                                 Attorneys for Defendants
                                 VXN Group LLC; Strike 3 Holdings,
                                 LLC; General Media Systems, LLC;
                                 and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,839 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.


Dated: October 18, 2023          By:   */s/ Brad S. Kane*
                                        Brad Kane


**CERTIFICATE OF SERVICE**

I, Brad S. Kane, hereby certify that this document has been filed on October 18, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


Dated: October 18, 2023          By:   */s/ Brad S. Kane*
                                        Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT