UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04901-WLH-AGR<br><br>**ORDER REGARDING MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT [30]** |

Neither party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court has deemed this matter suitable for decision without oral argument. The hearing set for November 3, 2023, at 1:30 p.m. is **VACATED.**

## I. BACKGROUND

This is a putative class action. Plaintiff is an adult film star alleging that a former employer and related parties committed various California wage and hour law violations. Defendants VXN Group, LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller (collectively, "Defendants") filed a motion[1] requesting a two-week extension to file a response to the First Amended Complaint, the first extension Defendants have sought in this case. ("Motion," Docket No. 30 at 2). Defendants' counsel requests the extension to accommodate an arbitration in a different matter and family issues. (Kane Decl., Docket No. 30-1 ¶ 4; Reply, Docket No. 32 at 7 n.3). Defendants also had not yet been able to meet and confer with Plaintiff and sought to do so. (Mot., Docket No. 30 at 2). Plaintiff opposed the motion, arguing that there is no good cause for the extension. (Opp'n, Docket No. 31). Plaintiff also argued that the Court should decline to consider the Defendants' proposed response because the parties did not meet and confer[2] prior to the default deadline to respond—October 4, 2023. (*Id.* at 3).

---

[1] The Defendants' filed motion lacked a proposed order as required by the Local Rules and this Court's Standing Order. L.R. 5-4.4; (Standing Order, Docket No. 15 at C.1) ("Proposed orders shall be e-filed in pdf format as an attachment to the main documents."). The Court warns the parties that failure to comply with the rules going forward may result in filings being stricken.

[2] In opposition to Defendants' Motion, Plaintiff invokes the parties' failure to meet and confer in a timely fashion. (Opp'n, Docket No. 31 at Exh. G). The fault for that does not lie completely with Defendants, though. Defendants' counsel attempted to meet and confer, albeit late, prior to filing their Motion to Dismiss. (Reply, Docket No. 32 at 11). Plaintiff's counsel agreed to meet and confer on October 13, 2023, but then became unavailable. (*Id.*). Plaintiffs' counsel also declined to meet and confer prior to the filing of the First Amended Complaint, even though the Defendants requested to do so. The Court reminds the parties to work together to avoid "squandering…the Court's resources," (Order, Docket No. 23 at 13−14 (quoting *Gerritsen v. FCA US LLC*, No. CV 19-08268-AB (KSX), 2020 WL 3841304, at *2 (C.D. Cal. Mar. 3, 2020)), including by making themselves available to meet and confer prior to filings in accordance with the local rules and this Court's Standing Order.

## II. DISCUSSION

For the reasons set forth below, the Defendants' Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint is **GRANTED**.

### A. Legal Standard

Federal Rule of Civil Procedure 6(b) provides that the court may extend the time within which an act may be done "for good cause." Fed. R. Civ. P. 6(b)(1). Where a party makes an initial request for an extension prior to a filing deadline, the district court "has discretion to extend the deadline 'for good cause shown.'" *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (quoting Fed. R. Civ. P. 6(b)(1)).

### B. Analysis

The Court finds that there is good cause for Defendants' requested two-week extension.[3] Specifically, Defendants' counsel had an arbitration in a different matter that required considerable resources, compounded by pressures from personal issues. *See, e.g.*, *Jenkins*, 95 F.3d at 795 (affirming a district court's grant of a two-week extension of a defendant's answer deadline to accommodate counsel's other case commitments, among other things).

## III. CONCLUSION

The Defendants' Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint is **GRANTED**. It is **ORDERED** that Defendants' deadline to respond to the First Amended Complaint by October 4, 2023, is extended to October

---

[3] Plaintiff argues that the Defendants' failure to timely respond did not constitute excusable neglect, (Opp'n, Docket No. 31 at 5), but a showing of excusable neglect is required where a motion to extend time is made *after* the time to act has expired. *See Watson v. Schwarzenegger*, 347 Fed. App'x 282, 285 (9th Cir. 2009) (explaining the standard that applies under Federal Rule of Civil Procedure 6(b)(1)(B)). Here, Defendants filed the Motion for an extension *before* the October 4, 2023, response deadline, so Defendants need not demonstrate excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(A).

3

18, 2023, such that the Motion to Dismiss that Defendants filed on that date (Docket No. 33) is timely.

**IT IS SO ORDERED.**

Dated: October 30, 2023    _____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE