**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346301)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:23–CV–04901–WLH–AGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT:**<br><br>Date: December 1, 2023<br>Time: 9:30 a.m.<br>Courtroom: 9B<br><br>Complaint Filed: April 20, 2023<br>Removed: June 21, 2023 |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## TABLE OF CONTENTS

I. INTRODUCTION ..............................................................................................1

II. A MOTION TO DISMISS IS PROPERLY BASED ON WAGE ORDERS AND EXEMPTIONS APPEARING ON THE FACE OF THE FAC. ..............................................................................................................2

III. PLAINTIFF'S DEMAND FOR "EXTENSIVE DISCOVERY" IS IMPROPER. ................................................................................................**E**

**rror! Bookmark not defined.**

IV. MOTION PICTURE INDUSTRY WAGE ORDER 12 GOVERNS PLAINTIFF'S CLAIMS. .................................................................................3

    A.    Wage Order 12 Controls Because VXN Is In The Film Business. ......................................................................................................3

    B.    Plaintiff Is A Professional Actor. ..................................................4

    C.    Plaintiff's Claim That She Spent More Time Performing As A Modeling, Than As A Professional Actor, Is Irrelevant And Implausible. ...............................................................................4

V. BECAUSE PLAINTIFF IS AN EXEMPT PROFESSIONAL ACTOR, THE COURT SHOULD DISMISS CLAIMS 1, 3, 4, AND 6 WITHOUT LEAVE TO AMEND. ...................................................................................6

VI. PLAINTIFF'S MINIMUM WAGE CLAIM (COUNT 2) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. ................................7

VII. PLAINTIFF'S WAGE STATEMENT CLAIM (COUNT 6) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. ............................9

VIII. PLAINTIFF'S TIMELY PAYMENT CLAIM (COUNT 7) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. ............................10

IX. PLAINTIFF'S FAILURE TO REIMBURSE CLAIM UNDER LABOR CODE § 2802 (COUNT 8) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND. .................................................................................10

X. THE COURT SHOULD DISMISS THE NON-VXN PARTIES WITHOUT LEAVE TO AMEND .........................................................11

XI. THE COURT SHOULD NOT BE GRANTED LEAVE TO AMEND. ...............................................................................................................13

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**XII. CONCLUSION** ...................................................................................**13**

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amex Assurance Co. v. Allstate Ins. Co.*,
   112 Cal.App. 4th 1246 (2003) ............................................................................ 4

*Andrews v. Metro North Commuter R.R. Co.*,
   882 F.2d 705 (2nd Cir. 1989) ............................................................................. 9

*ASARCO, LLC v. Union Pac. R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ........................................................................ 3, 9

*Batze v. Safeway, Inc.*,
   10 Cal.App.5th 440 (2017) ................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................. 2, 3, 13

*Canchola v. CVS Caremark Corp.*,
   2015 WL 13918147 (C.D. Cal. Apr. 15, 2015) .............................................. 12

*Ellsworth v. Schneider Nat'l Carriers, Inc.*,
   2020 WL 8773059 (C.D. Cal. Dec. 11, 2020) ................................................ 11

*Harrell v. Diamond A Ent., Inc.*,
   992 F. Supp. 1343 (M.D. Fla. 1997) ................................................................. 4

*Heyen v. Safeway Inc.*,
   216 Cal.App.4th 795 (2013) ............................................................................... 5

*Hines v. Constellis Int. Risk Mgt.*,
   2020 WL 5764400 (C.D. Cal. Sept. 25, 2020) ................................................ 10

*Hunter v. Haar*,
   2017 WL 10560535 (C.D. Cal. Aug. 1, 2017) ............................................. 3, 6

*In re Tracht Gut*, LLC,
     503 B.R. 804 (9th Cir. BAP 2013)...................................................................................13

*Johnson v. R&L Carriers Shared Servs., LLC*,
     (C.D. Cal. Nov. 28, 2022) ..............................................................................................8

*Landers v. Quality Commc'ns, Inc.*,
     771 F.3d 638, 645 (9th Cir. 2014)...................................................................................7

*Marin Cnty. Chapter of Nat. Org. for Women v. Marin Cnty.*,
     82 F.R.D. 605 (N.D. Cal. 1979) .....................................................................................9

*Martinez v. Combs*,
     49 Cal. 4th 35 (2010)....................................................................................................12

*Marvel Ent. LLC v. Kimble*,
     2016 WL 9525586 (D. Ariz. Apr. 14, 2016).................................................................2

*Miles v. City of Los Angeles,*
     56 Cal. App. 5th 728 (2020)..................................................................................1, 2, 4

*Morel v. HTNB Corp.*,
     2022 WL 17170944 (S.D. Cal. Nov. 21, 2022) ...........................................................11

*National Council of La Raza v. Chegavske*
     800 F.3d 1032 (9th Cir. 2015).......................................................................................13

*Nye v. Ltd.*,
     (D. Nev. Apr. 2, 2017)....................................................................................................8

*Olympic Forest Coal. v. Coast Seafoods Co.*,
     884 F.3d 901, 905 (9th Cir. 2018)..................................................................................3

*Oman v. Delta Air Lines, Inc.*,
     9 Cal.5th 762 (2020).......................................................................................................7

*Salazar v. McDonald's Corp.*,
     944 F.3d 1024 (9th Cir. 2019)......................................................................................12

*Salcedo v. Nissan N. Am., Inc.*,
     2023 WL 332761 (C.D. Cal. Jan. 18, 2023).................................................................10

*See also Duley v. Centerra Grp., LLC*,
    2020 WL 6526369 (C.D. Cal. Mar. 18, 2020) .................................................. 10

*Sollberger v. Wachovia Sec., LLC*,
    2010 WL 2674456 (C.D. Cal. June 30, 2010) .................................................. 11

*Soratorio v. Tesoro Ref, & Mktg. Co., LLC*,
    2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) .................................................... 9

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ............................................................................ 3

*Walsh v. Nev. Dep't of Human Res.*,
    471 F.3d 1033 (9th Cir. 2006) .......................................................................... 10

**Statutes**

Labor Code § 2802 ................................................................................................... 10

Industry Wage Order 12-2001 ............................................................................ 1, 3, 4

Labor Code § 226 ................................................................................................. 9, 10

**Rules**

Fed. R. Civ. P. 11(b) .................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 13

Fed. R. Civ. P. 15(a) ................................................................................................ 13

**Regulations**

Cal. Code Regs. tit. 8 § 11120(2)(M) ......................................................................... 5

Cal. Code Regs. tit. 8, § 11120 .............................................................................. 3, 4

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## I. INTRODUCTION

The Court should dismiss Plaintiff's claims without leave to amend because Plaintiff: (i) misinterprets the Court's August 30, 2023 Order dismissing Thoma's first through ninth causes of action as an invitation to plead *implausible* facts to avoid Motion Picture Industry Wage Order 12-2001 ("Wage Order 12"); and (ii) misrepresents the applicable law. [**Dkt. 23**] The critical facts for application of the Motion Picture Industry Wage Order 12-2001 are:

i. "Plaintiff . . . is a decorated and well-known adult film actress who performs under the stage name 'Kenzie Anne'." [**Dkt. 26**, at ¶ 7]

ii. Vixen Media Group runs an "adult film production company"; [**Dkt. 26**, at ¶ 2]

iii. "[VXN] is the creator of adult motion pictures . . . [VXN] still owns and operates at least seven online adult film sites[]." [**Dkt. 26**, at ¶ 8]

iv. VXN was "founded…with the goal of creating higher-quality videos…than the normal realm of adult video content." [**Dkt. 26**, at ¶ 10]

v. [VXN] has won many major awards in the adult-film industry, [**Dkt. 26**, at ¶ 11 (Emphasis added.)]

vi. [Plaintiff] signed a contract with [VXN] . . . [Plaintiff] performed and starred in Defendants' movies and modeled at their direction. [**Dkt. 26**, at ¶ 8, 39]

Equally important, before Plaintiff's "modeling" work can even be considered outside the Wage Order 12, Plaintiff must allege that her modeling work for VXN was: (i) under separately organized management at all levels; and (ii) operated for different business purposes. *Wamboldt v. Safety-Kleen Systems, Inc.*, No. C 07-0884 PJH, 2007 WL 2409200, at *6 (N,D, Cal, Aug. 21, 2007). Otherwise, Plaintiff's modeling activities are *incidental* to the main purpose of VXN's motion picture business and remain controlled by Industry Wage Order 12. *Miles v. City of Los Angeles,* 56 Cal. App. 5th 728, 737 (2020). While this standard

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

was set forth in Defendants' opening brief, [**Dkt. 33**, at 17:3-10] Plaintiff's fails to either: (i) dispute the standard; or (ii) represent to the Court that Plaintiff can allege such facts without violating Rule 11.[1]

Finally, Plaintiff implausibly (and irrelevantly) asserts that:

i. "around 75 percent of the time, she and class members were required to model and not act." [**Dkt. 35**, at 15:6-7]; and

ii. "[t]he determination of whether or not this is implausible is a question of fact to be determined after *extensive discovery* has been conducted." [**Dkt. 35**, at 16:15-17]

Fortunately, *Twombly* and *Iqbal* foreclose that outcome and allow this Court to grant this motion without leave to amend.

## II.    A MOTION TO DISMISS IS PROPERLY BASED ON WAGE ORDERS AND EXEMPTIONS APPEARING ON THE FACE OF THE FAC.

"Dismissal under Rule 12(b)(6) on the basis of on an affirmative defense is proper if the allegations of a complaint show that there is an insurmountable bar to securing relief, and there are no relevant factual disputes." *Marvel Ent. LLC v. Kimble*, No. CV-15-00404-TUC-RM, 2016 WL 9525586, at *2 (D. Ariz. Apr. 14, 2016) citing *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir.

---

[1] Instead, Plaintiff misrepresents the holding of *Miles* and avoids any mention of *Wambolt* and the applicable legal standard:

> Although it is true that the nature of the business determines the applicability of a wage order, the nature of Defendants' work is not judicially noticeable and cannot be determined by the parties until they can properly conduct discovery. *Miles v. City of Los Angeles*, 56 Cal. App. 5th 728, 736 (2020). [**Dkt. 35**, at 15:11-14]

In reality, *Miles* contains: (i) *no* discussion of the need for discovery to determine the applicability of a wage order; and (ii) *no* mention of "judicial notice".

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2014). "A claim also is not plausible if the complaint allegations clearly disclose 'a complete and obvious defense' to the claim." *Hunter v. Haar*, No. CV 14-9886 R(JC), 2017 WL 10560535, at *4 (C.D. Cal. Aug. 1, 2017).

## III.   PLAINTIFF'S DEMAND FOR "EXTENSIVE DISCOVERY" IS IMPROPER.

Plaintiff argues without legal support that "extensive discovery" is required before the Court can determine: (i) "the nature of Defendants' business"; and (ii) whether it is plausible that Plaintiff "spent the majority of her time with Defendants modeling, not acting." [**Dkt. 35**, at 15:22-26, 16: 13-14] The problem is that "[i]f a plaintiff can survive a motion to dismiss on the pleadings in [complex] cases, he or she can put the defendant to enormous expense in discovery. In practical terms, this means that the settlement value of a suit jumps substantially the moment the complaint survives a motion to dismiss." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011); *see also Twombly*, 550 U.S. at 546

## IV.   MOTION PICTURE INDUSTRY WAGE ORDER 12 GOVERNS PLAINTIFF'S CLAIMS.

Wage Order 12 applies "to all persons employed in the motion picture industry." Cal. Code Regs. tit. 8, § 11120. Plaintiff admits that she is a professional actor, who performed in VXN's movies. [**Dkt. 26,** at ¶¶ 7-8] Further, the commonsense definition of a professional actor is someone who performs in films.

### A.   Wage Order 12 Controls Because VXN Is In The Film Business.

As an initial matter, Plaintiff admits that "the nature of the business determines the applicability of a wage order". [**Dkt. 35**, at 11-12] To ascertain the purpose of Defendants' business, the Court need do no more than follow the well-established rule to "accept all plausible allegations as true." *Olympic Forest Coal. v. Coast Seafoods Co.*, 884 F.3d 901, 905 (9th Cir. 2018). As set forth above, Plaintiff has adequately pled that VXN is in the adult film production business.

3
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Equally important, Plaintiff allegedly performing activities, like modeling, *incidental* to the main purpose of a film business *do not* change the controlling nature of an industry wage order. *Miles*, 56 Cal. App. 5th at 737. Here, there is no need for extensive discovery, when the *Miles* court applied "ordinary principles of statutory interpretation to interpret a wage order," it found that there was no triable issue of fact concerning the purpose of the defendant's business. *Id.* at 736–37.

### B. Plaintiff Is A Professional Actor.

Although Wage Order 12 does not define "professional actor," it does define exclusions from that categorization; i.,e., "extra players." *See* Cal. Code Regs. tit. 8 § 11120 Because the term "professional actor" is undefined by Wage Order 12, the ordinary meaning applies. *See Amex Assurance Co. v. Allstate Ins. Co.*, 112 Cal.App. 4th 1246 (2003). Plaintiff does not dispute her high rate of remuneration for starring in Defendants' films. [*See* **Dkt. 1-2**, at ⁋ 7 (Declaration of Belen Burditte testifying that Plaintiff made on average $4,875.00 per day)]. Plaintiff cannot dispute that she engaged in acting as a professional enterprise as "a decorated and well-known adult film actress" who starred in VXN's films. [**Dkt. 26**, at ¶ 7]

In addition, Wage Order 12 should be construed in accordance with the applicable related FLSA provisions. *See e.g.* Cal. Code Regs. tit. 8, § 11121. Under the FLSA, professional actors qualify as a "creative professional". *See* 29 C.F.R. § 541.302 ("Determination of exempt creative professional status, therefore, must be made on a case-by-case basis. This requirement generally is met by actors.") Courts have defined professional actors as qualifying for the creative professional exemption regardless of level of skill or talent or aesthetic performance. *Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1356 (M.D. Fla. 1997).

### C.   Plaintiff's Claim That She Spent More Time Performing As A Modeling, Than As A Professional Actor, Is Irrelevant And Implausible.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Before Plaintiff's "modeling" work can even be considered outside the Wage Order 12, Plaintiff must allege that her modeling work for VXN was: (i) under separately organized management at all levels; and (ii) operated for different business purposes. Wamboldt, 2007 WL 2409200, at *6; see also "Which Wage Order? Classifications," at 5.[2] Since Plaintiff has not made the required allegations, the Court need not consider Plaintiff's allegations related to "modeling".

Further, Plaintiff's implausible allegation of spending 75% of her time modeling arises from an improper attempt to graft Wage Order 12's requirement of *primarily* performing executive, administrative, and professional functions to qualify for an exemption onto the professional actor exemption. *See* Wage Order 12 §§ 1(A)(1)(e), 1(A)(2)(g), (1)(A)(3); Cal. Code Regs. tit. 8 § 11120(2)(M). However, Wage Order 12 's definition of "primarily" as "more than one-half of the employee's work time" is not applicable to the exemption for "professional actors". Wage Order 12 section 1(c). In sum, even if Plaintiff's allegations of modeling are accepted as true, the modeling work was performed in furtherance of an exempt purpose. Finally, the requirement that an employee must spend more than one-half of her time in exempt duties is *not* applicable to the professional actor exemption.[3]

Plaintiff alleges that she spent around 75 percent of their time modeling and 25 percent of their time for filming for Defendants. [**Dkt. 26**, ¶ 34] While Plaintiff

---

[2] Available at www.dir.ca.gov/dlse/WhichIWCOrderClassifications.pdf.

[3] If an otherwise non-exempt task is performed incidental an exempt role, courts look to the "reason or purpose for undertaking the task." *Batze v. Safeway, Inc.*, 10 Cal.App.5th 440, 474 (2017). The "regulations do not recognize 'hybrid activities – i.e., activities that have both 'exempt' and 'nonexempt' aspects." *Id.* Rather, otherwise non-exempt work that is performed in furtherance of an exempt purpose is considered exempt, "even though the identical task performed for a different [nonexempt] reason would be 'nonexempt.'" *Id; see also, Heyen v. Safeway Inc.*, 216 Cal.App.4th 795, 825 (2013).

argues the Court must accept this allegation as true, "legal conclusion[s] couched as a factual allegation" are not assumed as true. *Hunter v. Haar*, No. CV 14-9886 R(JC), 2017 WL 10560535, at *4 (C.D. Cal. Aug. 1, 2017). Similarly, "[a]llegations that are 'merely consistent with' a defendant's liability, or reflect only 'the mere possibility of misconduct' do not 'show[ ] that the pleader is entitled to relief' (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is 'plausible on its face.'" *Hunter,* 2017 WL 10560535, at *4.

To the extent the Court considers Plaintiff's modeling "factual allegations", the Court should be aware of the distortion in the Opposition. Plaintiff argues: "Ms. Thoma stated that she and Class Members would spend hours in fittings prior to their '(modeling) shoots.' [Dkt. 26 ¶ 35-36; Dkt. 35, at 17:1-2] Yet, Paragraph 26 does not mention "fittings" or "modeling". Similarly, paragraphs 35 and 36 refer to purportedly *uncompensated time* spent preparing for "their *modeling shoots and films*, such as . . . getting fitted for outfits" and "going to various locations for 'fittings' of outfits were required by Defendants to be worn while on set." (Emphasis added.) In fact, it is implausible that none of those activities related to her appearance in VXN's adult films but were *solely* related to modeling.

Finally, the only fact alleged to support her claim for modeling 75% of the time is that the FAC "includes facts regarding the job duty of driving to Joshua Tree exclusively to model." [**Dkt. 35** at 16-17 (citing **Dkt. 26** at ¶3)] But this is "merely consistent" with liability and does not actually show some sort of non-exempt activity that would remove her as a professional actor. Further, common sense dictates that professional actors perform promotional photo shoots when starring in a movie.

### V. BECAUSE PLAINTIFF IS AN EXEMPT PROFESSIONAL ACTOR, THE COURT SHOULD DISMISS CLAIMS 1, 3, 4, AND 6 WITHOUT LEAVE TO AMEND.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

6
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Since Industry Wage Order No. 12 and the professional actor exemption applies, Plaintiff is not entitled to claim overtime, meal and rest breaks, and wage statement violations (Claim I, III, IV, and VI, respectively). Thus, the Court should dismiss Claims 1, 3, 4, and 6 without leave to amend.

## VI. PLAINTIFF'S MINIMUM WAGE CLAIM (COUNT 2) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

As the Court noted in its August 30, 2023 Order dismissing Plaintiff's original minimum wage claim, "Thoma likewise failed to allege any facts showing she was ever entitled to minimum or overtime wages that went unpaid." [**Dkt. 23**, at 11:16-18 (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014))] Instead of identifying any instances, with dates, where she was not paid minimum wage, Plaintiff recites a litany of tasks that she purportedly had to perform for no compensation in preparation for both of her twice-monthly shoots. [**Dkt. 35**, 17:23-18:19] However, Plaintiff's FAC alleging that this "famous" "award-winning" adult film actress did not receive minimum wage remains fatally implausible because Plaintiff fails to allege any instances where her hourly rate averaged below the minimum wage.

As an initial matter, under California law, employers may calculate compensation for their employees by the hour, by task, by piece, by sale, or by any other convenient standard, as long as by whatever metric is used, the employer "pay[s] no less than the minimum wage for all hours worked." *Oman v. Delta Air Lines, Inc.*, 9 Cal.5th 762, 781-782 (2020). Plaintiff's FAC specifically acknowledges payment on a per film basis, with two filming sessions per month. [Dkt. 26, at ¶ 79] ("Plaintiff and Class members were paid on a job-by-job basis … Plaintiff and Class Members did not have the hours they worked adequately tracked.)

Accepting Plaintiff's allegations as true, *and stretching them in her favor*, Plaintiff worked 22 hours per shoot over the course of at minimum 2 days.[4] Using California's *highest* minimum wage law of $19.08 per hour, Plaintiff would be entitled to 22 x $19.08 = $419.76 per shoot (not including overtime hours, which is a separate claim). To sustain her minimum wage claim, Plaintiff must allege that she was paid $419.75 or less on per-shoot basis, and identify the date of one of those offending shoots; yet she fails to do so.[5]

Instead, Plaintiff incorrectly argues that "Defendants fail to provide any legal authority that provides Ms. Thoma is required to state her rate of pay for a motion to dismiss." [**Dkt. 35**, at 18:27-28] Here, it is more likely that Plaintiff was paid closer to ten times the minimum wage. [*See* **Dkt. 1-2** (declaration of Belen Burditte attesting that Plaintiff received an average of over $4,850 per shoot, which remains uncontested by Plaintiff's allegations.)] *See Johnson v. R&L Carriers Shared Servs., LLC*, 2022 WL 18780399, at *3 (C.D. Cal. Nov. 28, 2022) (finding Plaintiff's minimum wage claim not plausible because he was paid an hourly rate of three times the minimum wage). Alternatively, this Court can dismiss Plaintiff's minimum wage claim for failure to disclose her hourly rate of pay. *See Nye v. Ltd.*, 2017 WL 1228408, at *3 (D. Nev. Apr. 2, 2017).

Finally, Plaintiff argues that Plaintiff's minimum wage claim should be sustained because Defendants have not addressed "the average rate of pay for all Class Members." However, it is Plaintiff herself who must show she has a claim to

---

[4] Plaintiff's longest shoot time (16 hours) + blow-drying hair (.5 hours) + STD test (.5 hours) + drive to manicure (.75 hours) + manicure (1 hour) + .25 hours to round up to nearest integer.

[5] Plaintiff is reluctant to allege a specific hourly rate, because her hourly rate would far exceed California's minimum wage and would place her in Rule 11(b) territory. Plaintiff should not be rewarded for her intentional lack of specificity.

be representative of the class. *See Marin Cnty. Chapter of Nat. Org. for Women v. Marin Cnty.*, 82 F.R.D. 605, 607 (N.D. Cal. 1979) In sum, Plaintiff's minimum wage claims are implausible and should be dismissed without leave to amend.

### VII. PLAINTIFF'S WAGE STATEMENT CLAIM (COUNT 6) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff improperly seeks to amend the FAC by arguing that "Ms. Thoma alleges that she and class members did not receive proper itemized wage statements *at all*" due to alleged misclassification. [**Dkt. 35**, at p. 19-20 citing Dkt. 26 at ¶117-119] (Emphasis in original.)] Plaintiff's FAC at ¶117-119 actually states that Defendants failed "*at times*, to furnish Plaintiff and Class Members with accurate itemized wage statements…." [**Dkt. 26**, at ¶ 118].

Since Plaintiff's pleadings are treated as *factual admissions*, Plaintiff has alleged that she received some wage statements. *Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989); *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Further, contrary to Plaintiff's representation, Defendants did provide legal authority demonstrating that a factual exemplar of an inaccurate wage statement is required for a claim under Labor Code § 226 to survive a motion to dismiss. *Soratorio v. Tesoro Ref, & Mktg. Co., LLC,* 2017 WL 1520416, at *5-6 (C.D. Cal. Apr. 26, 2017). Counsel for Plaintiff should know this requirement given the ruling in *Hines v. Constellis Int. Risk Mgt.*, 2020 WL 5764400, at *6 (C.D. Cal. Sept. 25, 2020) dismissed their client's wage statement claim for failure to provide a factual exemplar.[6]

---

[6] *See also Duley v. Centerra Grp., LLC*, No. 2:19-cv-08754-AB (JCx), 2020 WL 6526369, at *5 (C.D. Cal. Mar. 18, 2020).

In sum, since Plaintiff alleges she possess at least one inaccurate wage statement, but she refuses to provide any as examples for the Court, Plaintiff's sixth claim should be dismissed. Moreover, as Wage Order 12 specifically exempts professional actors, such as Plaintiff, from the requirements of section 226, any amendment would be futile. Thus, the Court should dismiss this claim without leave to amend.

## VIII. PLAINTIFF'S TIMELY PAYMENT CLAIM (COUNT 7) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Labor Code § 204 does *not* provide a private right of action to individuals. [**Dkt. 33**, at p. 24-26]. By failing address Defendants' argument, Plaintiff implicitly concedes that no such private right of action exists. *See Salcedo v. Nissan N. Am., Inc.*, No. CV 22-4152-GW-MARX, 2023 WL 332761, at *8 (C.D. Cal. Jan. 18, 2023); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) Thus, the Court should grant the Motion to Dismiss as to Plaintiff's seventh claim without leave to amend.

## IX. PLAINTIFF'S FAILURE TO REIMBURSE CLAIM UNDER LABOR CODE § 2802 (COUNT 8) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff argues that each of Plaintiff's alleged expenses supporting her § 2802 claim for failure to reimburse were "<u>required</u>" and "<u>mandatory</u>," [**Dkt. 35**, at p. 20-21], and that Defendants were aware of Plaintiff's expenses because they were incurred "under the direction of Defendants." *Id.,* at p. 21. However, conclusory allegations that expenses were "required" cannot support a § 2802 claim. [*See* **Dkt. 33**, at p.26-27] Plaintiff fails to explain how the FAC adequately alleges non-conclusory facts about why her alleged expenses were necessary "beyond conclusively alleging that Defendant[s] required [her] to do so." *Morel v. HTNB Corp.*, No. 22-CV-00408-AJB-AHG, 2022 WL 17170944, at *4 (S.D. Cal. Nov. 21, 2022).

10
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Similarly, Plaintiff fails to explain how the FAC plausibly alleges that Plaintiff unsuccessfully sought reimbursement. [**Dkt. 33**, at 27:19-20 ("the FAC makes no factual allegation that Plaintiff sought reimbursement by Defendants for her alleged expenses")] Instead, Plaintiff simply asserts in conclusory fashion that Defendants "<u>refused</u>" to reimburse her. *See Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 220CV01699SBSPX, 2020 WL 8773059, at *9 (C.D. Cal. Dec. 11, 2020) (Plaintiff is "expected to allege—if he unsuccessfully sought reimbursement for necessary shoes."). Thus, the Court should dismiss Plaintiff's eighth claim without leave to amend.

## X. THE COURT SHOULD DISMISS THE NON-VXN PARTIES WITHOUT LEAVE TO AMEND

Plaintiff's FAC is a "shotgun pleading," designed to "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, No. 9-766 (AG)(ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Like with her Labor Code claims, Plaintiff uses buckshot ammo to level indiscriminate allegations of both joint employer and alter ego theories of joint liability.

"Joint employers" is only mentioned once at the end of Plaintiff's shotgun pleading, incorporating the prior allegations. [**Dkt. 26**, at ¶23] Nevertheless, Plaintiff tries to resuscitate the theory by insisting the FAC pleads specific facts against "<u>all</u> [D]efendants," [*see* **Dkt. 35**, at 16:27] (emphasis original), and by refocusing on Defendants' "control" over Plaintiff's employment. *Id.* at 16:3-15. But even if "control" were all that was required, "[t]he court is not required to accept as true legal conclusions couched as factual allegations." *Canchola v. CVS Caremark Corp.*, No. 15-411 (DOC)(RNBx), 2015 WL 13918147, at *2 (C.D. Cal. Apr. 15, 2015) (citing *Iqbal*, 556 U.S. at 678).

For example, Plaintiff notes that Miller was involved in the "creation of the policies and procedures" for VXN Group. [**Dkt. 26,** at ¶¶12, 18] But this deliberately vague, nondescript allegation says nothing about what the alleged policy is, how it was enforced, let alone how it was used to "control" Plaintiff. At best, Plaintiff parrots her own allegation that Miller was "present during many modeling shoots," *id.*, but if mere presence on set were enough, even the caterer would be a joint employer. *See Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029 (9th Cir. 2019) (exercising "quality control" does not form a joint employer relationship); *Martinez v. Combs*, 49 Cal. 4th 35, 75 (2010), *as modified* (June 9, 2010).

The recitations of the allegations against Strike 3 and General Media are just as unavailing. Plaintiff notes that "since Strike 3 the copyright holder for VXN," it "had a role in controlling [Plaintiff's] working conditions[.]" [**Dkt. 35,** at 17:16–21 (citing Dkt. 26 at ¶13)] Not only is this allegation conclusory, it is illogical. Being a rightsholder is a far cry from exercising control over someone's employment. Plaintiff similarly doubles down on General Media, contending that since "the sole distributor of" VXN Group's works that "it exerts a level of control over VXN where it controls the work conditions of [Plaintiff.]" [**Dkt. 35**, at 17:25–27) (citing **Dkt. 26** at ¶14)]

For example, while incorrectly asserting that alter-ego liability has a "lenient standard" [**Dkt. 35**, at 24:24] Plaintiff simply cites to paragraphs 18(A)-(E) of the FAC. *Id.* at 24:28. This appears to be an error caused by Plaintiff's haste copying from her prior Opposition which cited to the original Complaint. [*See* **Dkt. 11**, at 19:23] More important, since alter-ego liability is intended to protect plaintiffs from fraud or injustice, [**Dkt. 33**, at p. 28-30], and Plaintiff has not demonstrated any inequitable result if she were to seek relief solely by litigating with VXN

GROUP, all the superfluous non-VXN GROUP parties should be dismissed without leave to amend.

## XI. THE COURT SHOULD NOT BE GRANTED LEAVE TO AMEND.

Plaintiff is not entitled to leave to amend as a matter of right. Plaintiff's incorrectly rely upon the language of Rule 15(a) *prior to* the 2009 amendment and case law holding a 12(b) motion is *not* a responsive pleading. [Dkt. 35 at 25:10-15] However, in 2013, the Ninth Circuit Bankruptcy Panel recognized that Rule 15 had been amended in a way that rejects Plaintiff's position:

> the version of Civil Rule 15 upon which [Plaintiff] relies in its briefing was amended in 2009, after the cases cited in Debtor's brief were decided. A newly added provision, Civil Rule 15(a)(1)(B), dictates that the right to amend once as a matter of course *terminates 21* days after service of a *motion under Civil Rule 12(b),* (e), or (f).

*In re Tracht Gut*, LLC. 503 B.R. 804, 813 (9th Cir. BAP 2013) (emphasis added).

Here, the Court has already given Plaintiff one chance to amend the pleadings and Plaintiff's FAC demonstrates that Plaintiff did not take seriously the issues addressed in the Court August 30, 2023 Ruling. [**Dkt. 23**] Since Plaintiff cannot *plausibly* allege different facts that would cure the problems with the FAC, the Court should deny Plaintiff leave to amend and dismiss the action. *Twombly*, 550 U.S. at 570; *National Council of La Raza v. Chegavske* 800 F.3d 1032, 1041 (9th Cir. 2015).

## XII. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint in its entirety without leave to amend.

Dated: November 3, 2023                  Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Eric Clopper
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,995 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: November 3, 2023       By:   */s/ Brad S. Kane*
                                    Brad Kane

# CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on November 3, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: November 3, 2023       By:   */s/ Brad S. Kane*
                                    Brad Kane