**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**STRIKE 3 HOLDINGS, LLC'S, GENERAL MEDIA SYSTEMS, LLC's, AND MIKE MILLER'S NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          January 5, 2024<br>Time:          1:30 pm or later<br>Courtroom:     9B<br><br>[*Filed concurrently with Declaration of Brad S. Kane; and [Proposed] Order*]<br><br>Complaint Filed:   April 20, 2023<br>Removed:          June 21, 2023 |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2024, at 1:30 pm or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu, Defendants Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, the "Anti-SLAPP Defendants") will and hereby do move for an order striking pursuant to C.C.P. § 425.16 ("Anti-SLAPP") the following portions of MACKENZIE ANNE THOMA's ("Plaintiff") First Amended Complaint ("FAC" at **Dkt. 26**): (i) Strike 3 as a named defendant and associated allegations [**Dkt. 26, ¶¶ 1, 6, 9, 13, 15, 19, 20, 22**]; (ii) General Media as a named defendant and associated allegations [**Dkt. 26, ¶¶ 1, 6, 9, 14, 15, 20, 22**]; and (iii) Miller as a named defendant and associated allegations [**Dkt. 26, ¶¶ 1, 6, 10, 12, 15, 18, 19, 22**]

As grounds for this motion, the Anti-SLAPP Defendants rely upon the Anti-SLAPP's prohibition of any cause of action against a defendant in furtherance of a defendants' right to free speech in connection with a public issue. C.C.P. § 425.16(b)(1). The FAC's *only* allegations against the Anti-SLAPP Defendants are their involvement in the production, ownership, and distribution of movies, which is protected conduct. *Daniel v. Wayans*, 8 Cal. App. 5th 367, 383 (2017).

Plaintiff does *not* allege that the Anti-SLAPP Defendants failed to pay Plaintiff; Plaintiff merely alleges that the Anti-SLAPP Defendants should be jointly and severally liable with VXN Group, LLC, because they engage in activities squarely protected by the First Amendment [**Dkt. 26, ¶¶ 1, 6, 9, 10, 12, 13, 14, 15, 19, 20, 22** (collecting every allegation against the Anti-SLAPP Defendants)]

Here, Plaintiff's seeks to impose joint liability on the Anti-SLAPP Defendants based on their protected free speech activities. Thus, the wage and hour

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

allegations against the Anti-SLAPP Defendants concern protected activity. As a result, an Anti-SLAPP motion is a proper mechanism to remove the Anti-SLAPP defendants from this litigation.

Under Local Rule 7-3, Defendants' counsel met and conferred with Plaintiff's counsel on November 13, 2023, regarding Defendants' intention to file this Anti-SLAPP motion and the grounds upon which it will be made. Defendants' and Plaintiff's counsel were unable to reach an agreement to obviate this motion.

Defendants' motion is based on this notice of motion and motion, the attached memorandum of points and authorities filed in support of this motion, the declaration of Brad S. Kane in support of this motion, on all the pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

Dated: November 20, 2023        Respectfully submitted,


KANE LAW FIRM

By:   */s/ Brad S. Kane*
      Brad S. Kane
      Eric Clopper
      Attorneys for Defendants
      VXN Group LLC; Strike 3
      Holdings, LLC; General Media
      Systems, LLC; and Mike Miller

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## **TABLE OF CONTENTS**

I.    **INTRODUCTION** ...........................................................................1

II.   **THE FACTS** ................................................................................2

    A.   Defendants' Websites Distribute Popular, Award-Winning Content and Are Regularly Featured in the Media.......................................................2

    B.   Thoma is a Public Figure Who Spoke Repeatedly and at Length to the Media About working with Defendants..............................................5

    C.   Thoma's Original Complaint Only Contained Conclusory Allegations Against The Anti-SLAPP Defendants. ..............................................7

    D.   Thoma's FAC's Allegations Against Each Anti-SLAPP Defendant Arises From Their Protected Activity under the First Amendment. ...7

        1.   Plaintiff Alleges Strike 3 is Jointly Liable With VXN Because Strike 3 Owns VXN and the Copyrights to VXN's Movies. ........8

        2.   Plaintiff Alleges General Media is Jointly Liable With VXN Because General Media Distributes VXN's Movies....................8

        3.   Plaintiff Alleges Miller is Jointly Liable With VXN Because Miller Produces and Directs Some of VXN's Movies. ...........................8

III.  **LEGAL STANDARD**......................................................................9

IV.   **THE ANTI-SLAPP DEFENDANTS' MOTION SHOULD BE GRANTED WITHOUT LEAVE TO AMEND. ....................................10**

    A.   This Motion is Timely.....................................................................10

    B.   Plaintiff's Claims Against Defendants Arise from the Anti-SLAPP Defendants' Constitutional Right of Free Speech. .............................10

        1.   The Anti-SLAPP Defendants' Protected Speech Give Rise To Their Asserted liability...........................................................................11

        2.   The Production, Distribution And Ownership of Movies Is Protected Free Speech. ..................................................................12

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

3.    Plaintiff Alleges Strike 3 is Jointly Liable with VXN For The Protected Activities of Owning, Producing and Distributing Movies. ...................................................................................13

4.    Plaintiff Alleges General Media is Jointly Liable with VXN For The Protected Activity of Distributing Movies. ...................................13

5.    Plaintiff Alleges Miller is Jointly Liable with VXN For The Protected Activity of Producing and Directing Movies. ...............14

C.    Defendant's Speech is in Connection with a Public Issue...................15

1.    Defendants' Activity Implicates an Issue of Public Interest. ........16

2.    Defendants' Activity is Functionally Related to the Issue of Public Interest. ........................................................................................18

D.    Plaintiff Cannot Demonstrate a Probability of Prevailing on Her Claim against the Anti-SLAPP Defendants......................................................20

1.    Plaintiff Does Not Allege Sufficient Facts to Establish Joint Liability on Strike 3 or General Media...........................................21

2.    Plaintiff Fails to Allege Miller Engaged in any Conduct that would Impose Joint Liability Upon Him..................................................23

V.    UPON PREVAILING, DEFENDANTS WILL FILE A SEPARATE MOTION FOR ATTORNEY'S FEES AND COSTS. ...........................24

VI.    CONCLUSION...............................................................................25

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

ii

# TABLE OF AUTHORITIES

**CASES**

*Activision Publ'g, Inc. v. EngineOwning UG*,
    No. 22-51 (MWF)(JCx), 2023 WL 3272399 (C.D. Cal. Apr. 4, 2023) .....21, 22

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................23

*Baral v. Schnitt*,
    1 Cal.5th 376 (2016) ..................................................................................11

*Brodeur v. Atlas Ent., Inc.*,
    248 Cal.App.4th 665 (2016) .......................................................................17

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
    227 F.R.D. 313 (C.D. Cal. 2004) ................................................................23

*Canchola v. CVS Caremark Corp.*,
    No. 15-411 (DOC)(RNBx), 2015 WL 13918147 (C.D. Cal. Apr. 15, 2015) ..23

*Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.*,
    73 Cal. App. 5th 764 (2022) .......................................................................24

*Clifford v. Trump*,
    339 F. Supp. 3d 915, 922 (C.D. Cal. 2018), aff'd, 818 F. App'x 746
    (9th Cir. 2020) ...........................................................................................10

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
    25 Cal.4th 387 (2001)................................................................................19

*Daniel v. Wayans*,
    8 Cal.App.5th 367 (2017)...........................................................2, 12, 15, 18

*Doe v. Gangland Prods., Inc.*,
    730 F.3d 946, 955 (9th Cir. 2013)..............................................................14

*FilmOn.com Inc. v. DoubleVerify Inc.*,
    7 Cal. 5th 133 (2019)..................................................................9, 16, 18

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

*Fireworks Lady & Co., LLC v. Firstrans Int'l Co.*,
    No. 18-10776 (CJC)(MRWx), 2019 WL 6448943 (C.D. Cal. Aug. 8, 2019) .23

*Giannetta v. Marmel*,
    No. 20-1410 (RGK)(KK), 2021 WL 2954076 (C.D. Cal. May 25, 2021).......20

*Gunn v. Drage*,
    65 F.4th 1109 (9th Cir. 2023)................................................................9

*Hasso v. City of San Diego*,
    No. 19-CV-368 TWR (DEB), 2021 WL 4226142 (S.D. Cal. Sept. 16, 2021) 10

*Hilton v. Hallmark Cards*,
    599 F.3d 894 (9th Cir. 2010)................................................9, 16, 19

*Hunter v. CBS Broad. Inc.*,
    221 Cal.App.4th 1510 (2013)................................................................15

*ITN Flix, LLC v. Hinojosa*,
    2019 WL 3562669 (C.D. Cal. Aug. 6, 2019) ...............................12, 17

*Jordan-Benel v. Universal City Studios, Inc.*,
    859 F.3d 1184 (9th Cir. 2017)..............................................1, 12

*Lennard v. Yeung*,
    No. 10-9322 (MMM)(AGRx), 2012 WL 13006214 (C.D. Cal. Feb. 23, 2012)
    ................................................................................................21

*MacRae v. HCR Manor Care Servs., LLC*,
    No. 14-715 (DOC)(RNBx), 2018 WL 10164063 (C.D. Cal. Mar. 5, 2018)....22

*Martinez v. Combs*,
    49 Cal. 4th 35, 75 (2010), as modified (June 9, 2010)...................24

*Mesler v. Bragg Management Co.*,
    39 Cal.3d 290 (1985)................................................................21

*Ojjeh v. Brown*,
    43 Cal. App. 5th 1027 (2019)..............................................12, 15

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

*Salazar v. McDonald's Corp*.,
   944 F.3d 1024 (9th Cir. 2019)........................................................................24

*Shande v. Zoox, Inc*.,
   No. 22-CV-05821-BLF, 2023 WL 5211628 (N.D. Cal. Aug. 14, 2023)...........9

*Simmons v. Allstate Ins. Co.*,
   92 Cal.App.4th 1068 (2001).............................................................................2

*Symmonds v. Mahoney,*
   31 Cal.App.5th 1096 (2019)...........................................................................17

*Tamkin v. CBS Broad., Inc*.,
   193 Cal. App. 4th 133 (2011)....................................................................12, 19

*Tatung Co., Ltd. v. Shu Tze Hsu*,
   217 F. Supp. 3d 1138 (C.D. Cal. 2016)..........................................................22

*Wady v. Provident Life & Accident Ins. Co. of Am*.,
   216 F. Supp. 2d 1060 (C.D. Cal. 2002)..........................................................21

*Wilson v. Cable News Network, Inc*.,
   7 Cal. 5th 871 (2019)......................................................................................15

*Woloszynska v. Netflix, Inc.*,
   No. 23-CV-00636-BLF, 2023 WL 7166828 (N.D. Cal. Oct. 30, 2023)..........19

*Woulfe v. Universal City Studios LLC*,
   2022 WL 18216089 (C.D. Cal. Dec. 20, 2022) .....................................9, 16, 20

*Young v. NeoCortext, Inc*.,
   2023 WL 6166975 (C.D. Cal. Sept. 5, 2023).......................................10, 16, 18

<u>**STATUTES**</u>

C.C.P. § 425.1610, 15

<u>**RULES**</u>

FED. R. CIV. P. 8...............................................................................................10

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

FED. R. CIV. P. 12(b)(6)……………………………………………………………10

**OTHER AUTHORITIES**

AVN 2024 Award Nominations, *AVN*,
https://avn.com/awards/2024_nominees .......................................................3

"Cases In The Media: Kenzie Anne Vs. Vixen Media
Group", May 1, 2023, *Bibiyan Law Group, P.C.*,
https://www.tomorrowlaw.com/cases-in-the-media-
kenzie-anne-vs-vixen-media-group/.............................................................6

"Court Dismisses Bulk of Labor Claims Against
VMG", August 31, 2023, *XBiz.com*,
https://www.xbiz.com/news/276445/court-dismisses-
bulk-of-labor-claims-against-vmg.................................................................6

"Emily Willis, Kenzie Anne Discuss New Ventures",
September 27, 2023, *AVN*,
https://avn.com/business/articles/video/emily-willis-
kenzie-anne-discuss-new-ventures-902883.html ......................................5, 6

"Finding Kenzieland: Up Close With Vixen Contract
Girl Kenzie Anne", June 30, 2021, *AVN*,
https://avn.com/business/articles/video/kenzie-anne-
feature-901581.html ....................................................................................5, 6

"G-Eazy FaceTimes His Famous Friends In The
'Moana' Video With Jack Harlow", APril 30, 2020,
*Uproxx*, https://uproxx.com/music/g-eazy-moana-
video-jack-harlow/.........................................................................................4

"G-EAZY Throws A Raunchy Mansion Party For 'Still
Be Friends' Video", April 3, 2020, *HipHop Dx*,
https://hiphopdx.com/news/id.55268/title.g-eazy-
throws-a-raunchy-mansion-party-for-still-be-friends-
video ..............................................................................................................4

"Here's Your Ultimate Guide To Feminist, Ethical Porn
(You're Welcome)", January 26, 2022, *Elite Daily*,

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

vi

https://www.elitedaily.com/dating/what-is-feminist-
porn-where-to-watch ................................................................. 4

"How One Pornographer is Trying to Elevate Porn to
    Art," *Forbes,* July 20, 2017
    https://www.forbes.com/sites/susannahbreslin/2017/
    07/20/pornographer-greg-lansky-
    interview/#2301d3ae6593 ........................................................ 3

"Kanye West's Favorite Pornographer is a Master of
    SFW Marketing," *AdAge*, August 17, 2018
    https://adage.com/article/cmo-strategy/sfw-
    pornographer/314604 ............................................................... 4

"Kenzie Anne "wasn't scared to step up" in class action
    lawsuit vs. Vixen Media Group", May 2, 2023,
    *PornCrush*, https://porncrush.com/articles/kenzie-
    anne-wasnt-scared-to-step-up-in-class-action-
    lawsuit-vs.-vixen-media-group/ ............................................... 6

"Kenzie Anne v. VMG: After Near Total Dismissal,"
    Counsel Speak Out", September 8, 2023, *AVN*,
    "https://avn.com/business/articles/legal/counsel-in-
    kenzie-anne-vmg-lawsuit-speak-out-921568.html ................... 7

"Maitland Ward says Boy Meets World co-star Will
    Friedle refuses to watch her in porn", May 9, 2023,
    *Lad Bible*,
    https://www.ladbible.com/entertainment/maitland-
    ward-will-friedle-adult-videos-career-change-
    651155-20230509 .................................................................... 4

"Meet the Man Making Porn Great Again," February
    18, 2017, *The Daily Beast*,
    http://www.thedailybeast.com/meet-the-man-
    making-porn-great-again ...................................................... 3, 4

"Popular porn sites now display unproven health
    warnings thanks to Texas law", October 12, 2023,
    *The Verge*,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

vii

https://www.theverge.com/2023/10/12/23914832/texas-hb-1181-porn-age-verification-vixen-media-group.........................5

"Porn Company Offers Performers Equipment to Safely Shoot Porn at Home", April 7, 2020, *VICE*, https://www.vice.com/en/article/xgq937/vixen-blacked-offers-equipment-shoot-porn-at-home ...............................4

"Porn-o-nomics: How one director is making a fortune by defying conventional wisdom," *CBC Radio*, February 24, 2017 http://www.cbc.ca/radio/day6/episode-326-sanctuary-cities-la-la-land-vs-jazz-hollywood-in-china-porn-o-nomics-and-more-1.3994160/porn-o-nomics-how-one-director-is-making-a-fortune-by-defying-conventional-wisdom-1.3994167 .........................3

"Q&A: Glamcore Vixen Kenzie Anne Dazzles the Lens", July 2, 2021, *XBiz.com*, https://www.xbiz.com/news/260179/q-a-glamcore-vixen-kenzie-anne-dazzles-the-lens .................................5

"Strike 3 Holdings Scores Another Legal Victory for Anti-Piracy", July 15, 2020, *AVN*, "https://avn.com/business/articles/legal/strike-3-holdings-scores-another-legal-victory-for-anti-piracy-885008.html .................................5

"Strike 3's Lawyer Defends Reliability Of Proprietary Technology, Vows To Prove Infringement", February 17, 2023, *SFGATE.com*, https://www.sfgate.com/news/bayarea/article/strike-3-s-lawyer-defends-reliability-of-17790945.php .................................5

"The One Percent Fantasies of Greg Lansky's Vixen" *Jezebel*, January 9, 2019 https://jezebel.com/jerking-off-to-capitalism-the-1-percent-fantasies-of-g-1829976586 .................................3

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

"Versace, Champagne and Gold: Meet the Director Turning Porn Into High Art." *RollingStone*, April 15, 2018 https://www.rollingstone.com/culture/culture-features/versace-champagne-and-gold-meet-the-director-turning-porn-into-high-art-629908/ ....................................................... 3

"Vixen Files Motion to Dismiss Kenzie Anne Labor Suit", November 15, 2023 , *AVN*, https://avn.com/business/articles/legal/vixen-files-motion-to-dismiss-kenzie-anne-labor-lawsuit-entirely-922958.html ....................................................... 7

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, the "Anti-SLAPP Defendants") hereby submit the following Memorandum of Points and Authorities in support of their Special Motion to Strike ("Defendants' Motion").[1]

## I.    **INTRODUCTION**

Plaintiff's original Complaint failed to plead any specific allegations as to why Defendants Strike 3, General Media, and Miller were named in this Class Action for unpaid wages, since Plaintiff and the putative class contracted only with VXN Group LLC ("VXN").

On August 30, 2023, this Court found that Plaintiff's allegations against Strike 3, General Media, and Miller, were:

> stated in wholly conclusory terms with little or no supporting facts. To the extent Thoma's claims rely on a theory of joint liability, then, those claims fail for lack of factual support. [**Dkt. 23: 11:3-8** (citations omitted)]

Further, this Court remanded Plaintiff's UCL claim and dismissed the remaining portions of the Class Action Complaint with leave to amend. [**Dkt. 23: 11:3-6**]

On September 20, 2023, Plaintiff filed her First Amended Complaint ("FAC"). [**Dkt. 26**] In the FAC, for the *first* time, Plaintiff alleged Strike 3, General Media, and Miller are jointly liable with VXN for unpaid wages based on their protected First Amendment activities. "Movies and films generally are considered 'expressive works' subject to First Amendment protections." *Daniel v. Wayans*, 8

---

[1] The phrase "Anti-SLAPP Defendants" intentionally excludes VXN Group, LLC ("VXN"), as Plaintiff's claims against VXN, with whom Plaintiff directly contracted for payment, do *not* implicate First Amendment issues for purposes of the Anti-SLAPP. *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1191-92 (9th Cir. 2017).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Cal.App.5th 367, 383 (2017) (internal citations omitted). Plaintiff's FAC asserts that:

> (i) Strike 3 is jointly liable with VXN because Strike 3 is the "parent company and owner of the copyright for . . . films, photos and other materials created by VXN[.]" [**Dkt. 26, ¶ 19**]

> (ii) General Media is jointly liable with VXN because it is "the main distributor for the films, photographs, and other materials produced by VXN", and "VXN[] cannot distribute its films without the express consent of General Media." [**Dkt. 26, ¶ 20**]

> (iii) Miller is jointly liable with VXN based on Miller's involvement in casting decisions and enforcement of policies on film sets. [**Dkt. 26, ¶ 18**]

Since Plaintiff's claims against the Anti-SLAPP Defendants arise from their free speech activities, the Court should dismiss Plaintiff's claims against them unless Plaintiff establishes with admissible evidence that there is a probability that the Plaintiff will prevail.

Significantly, on December 1, 2023, this Court will hear all Defendants' Motion to Dismiss Plaintiff's FAC, which seeks, *inter alia*, to dismiss Plaintiff's claims for failure to adequately plead joint liability. Once an anti-SLAPP motion is filed, a plaintiff may not frustrate a hearing on the anti-SLAPP motion by amending the complaint. *Simmons v. Allstate Ins. Co.*, 92 Cal.App.4th 1068, 1073 (2001).

## II.   **THE FACTS**

### A.   **Defendants' Websites Distribute Popular, Award-Winning Content and Are Regularly Featured in the Media.**

Defendants are the owners, distributors, and producers of the websites, and associated intellectual property of *vixen*.com, *blacked*.com, *tushy*.com,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*deeper*.com, *milfy*.com, *blackedraw*.com, and *tushyraw*.com. **[Declaration of Brad S. Kane ("BSK Decl."), ¶ 28]**

The websites have approximately *15 million visitors per month* and a loyal following, including over 2.7 million Instagram followers. **[BSK Decl., ¶ 28]** Additionally, its unique cinematic films have won many awards. Some recent awards include: (i) Best Directing – Narrative Production (AVN, 2022); (ii) Best New Site (XBIZ, 2022); and (iii) Best Anthology Series of Channel (AVN, 2023). Moreover, just this past week, Defendants' movies were nominated *over 60 times* for Adult Video News ("AVN")'s 2024 awards.[2]

Defendants' websites and brands are also routinely featured in the media. Forbes,[3] The Daily Beast,[4] CBC Radio,[5] Rolling Stone,[6] and Jezebel[7] are just a few examples of media that has published substantial profiles on Defendants. Defendants' websites and brands have been featured in mainstream music videos

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[2] https://avn.com/awards/2024_nominees **[BSK Decl., Ex. 1]**.

[3] "How One Pornographer is Trying to Elevate Porn to Art," *Forbes,* July 20, 2017 https://www.forbes.com/sites/susannahbreslin/2017/07/20/pornographer-greg-lansky-interview/#2301d3ae6593 **[BSK Decl., Ex. 2]**

[4] "Meet the Man Making Porn Great Again," *The Daily Beast*, February 18, 2017 http://www.thedailybeast.com/meet-the-man-making-porn-great-again **[BSK Decl., Ex. 3]**

[5] "Porn-o-nomics: How one director is making a fortune by defying conventional wisdom," *CBC Radio*, February 24, 2017 http://www.cbc.ca/radio/day6/episode-326-sanctuary-cities-la-la-land-vs-jazz-hollywood-in-china-porn-o-nomics-and-more-1.3994160/porn-o-nomics-how-one-director-is-making-a-fortune-by-defying-conventional-wisdom-1.3994167 **[BSK Decl., Ex. 4]**

[6] "Versace, Champagne and Gold: Meet the Director Turning Porn Into High Art." *RollingStone*, April 15, 2018 https://www.rollingstone.com/culture/culture-features/versace-champagne-and-gold-meet-the-director-turning-porn-into-high-art-629908/ **[BSK Decl., Ex. 5]**

[7] "The One Percent Fantasies of Greg Lansky's Vixen" *Jezebel*, January 9, 2019 https://jezebel.com/jerking-off-to-capitalism-the-1-percent-fantasies-of-g-1829976586 **[BSK Decl., Ex. 6]**

3

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

with musicians like G-Eazy,[8] Jamie Foxx, and others.[9]  Kanye West announced on the Jimmy Kimmel show that one of Defendants' websites, Blacked.com, was his favorite.[10]  Defendants' movies have even been advertised on billboards in Hollywood.[11]

The mainstream press is interested in what happens on Defendants' sets. Indeed, Maitland Ward, a former Boy Meets World Star, wrote at length about her experience as an actress for Defendants' films in her recent memoir, which has been detailed by the media.[12] Defendants' movies also receive press and public attention for creating feminist, ethical porn.[13] During the pandemic, Vice magazine reported on how Defendants' sent film equipment to adult film performers so that they could continue shooting content in a safe way.[14]

Defendants' actions often draw media attention as a leader in the industry. Just recently, Defendants were criticized for complying with an unpopular Texas

---

[8]   https://hiphopdx.com/news/id.55268/title.g-eazy-throws-a-raunchy-mansion-party-for-still-be-friends-video [**BSK Decl., Ex. 7**]

[9]   https://uproxx.com/music/g-eazy-moana-video-jack-harlow/ [**BSK Decl., Ex. 8**]

[10]   "Kanye West's Favorite Pornographer is a Master of SFW Marketing," *AdAge*, August 17, 2018 https://adage.com/article/cmo-strategy/sfw-pornographer/314604 [**BSK Decl., Ex. 9**]

[11]   https://www.thedailybeast.com/whats-behind-that-history-making-porn-billboard-in-hollywood [**BSK Decl., Ex. 10**]

[12]   https://www.ladbible.com/entertainment/maitland-ward-will-friedle-adult-videos-career-change-651155-20230509 [**BSK Decl., Ex. 11**]

[13]   https://www.elitedaily.com/dating/what-is-feminist-porn-where-to-watch [**BSK Decl., Ex. 12**]

[14]   https://www.vice.com/en/article/xgq937/vixen-blacked-offers-equipment-shoot-porn-at-home [**BSK Decl., Ex. 13**]

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

age verification law. [15]  Likewise, Defendants' steadfast approach to enforcing its intellectual property has drawn media interest. [16]

### B. Thoma is a Public Figure Who Spoke Repeatedly and at Length to the Media About working with Defendants.

Plaintiff Thoma a/k/a Kenzie Anne has over 800 thousand Instagram followers. [**BSK Decl., ₧ 29**] Moreover, Thoma touts her status as a public figure. *See* FAC ¶ 7 (Plaintiff "is a decorated and well-known adult film actress... She has been named 'Pet of the Year' by Penthouse magazine and shortly before the filing of this Complaint appeared on the cover of Hustler magazine."); *see also* FAC ¶ 8 (describing Plaintiff's successful career history).

Before filing this lawsuit, Thoma gave multiple interviews detailing her experience working with Defendants. [17]  Specifically, she stated, "VMG has been the biggest blessing in my career. I've been treated like a queen there." [18]  AVN described her rise to fame by stating: "[a]lready under contract with Vixen, she's the first-round draft pick who skipped the minor leagues and became an all-star as

---

[15]    https://www.theverge.com/2023/10/12/23914832/texas-hb-1181-porn-age-verification-vixen-media-group [**BSK Decl., Ex. 14**] (note: the article contains an error as Defendants' do require age verification, and the law is in effect).  [**BSK Decl., ₧ 14**]

[16]    https://avn.com/business/articles/legal/strike-3-holdings-scores-another-legal-victory-for-anti-piracy-885008.html  [**BSK Decl., Ex. 15**]; *see also* https://www.sfgate.com/news/bayarea/article/strike-3-s-lawyer-defends-reliability-of-17790945.php [**BSK Decl., Ex. 16**].

[17]    https://www.xbiz.com/news/260179/q-a-glamcore-vixen-kenzie-anne-dazzles-the-lens [**BSK Decl., Ex. 17**]; *see also* https://avn.com/business/articles/video/kenzie-anne-feature-901581.html  [**BSK Decl., Ex. 18**]; *see also* https://avn.com/business/articles/video/emily-willis-kenzie-anne-discuss-new-ventures-902883.html [**BSK Decl., Ex. 19**]

[18]    https://www.xbiz.com/news/260179/q-a-glamcore-vixen-kenzie-anne-dazzles-the-lens [**BSK Decl., Ex. 20**]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

a rookie." [19] "Her drive is obvious during the shoots she's helped conceive for Vixen, and it's even more apparent when she talks about her goals for the future." *Id.* And, she even modelled her own company after Defendants. [20] ("Much like [Defendants' brand]—for which she's already shot two scenes—Kenzie said she's focusing on producing glamorous porn.")

After the filing of this lawsuit, Thoma's lawyer David Bibiyan ("Bibiyan") sought media attention based on this case. Displayed on Bibiyan's website under "Cases in the Media" is a summary of the lawsuit, [21] and a link to an interview by him on this matter. [22] In that article, Bibiyan noted that VXN has a "powerful name" in the adult film industry, and "[this lawsuit] could also spark industry-wide change among studios regarding how they treat and classify their talent. Vixen is hardly the only studio that classifies its performers as independent contractors." *Id.*

The press continues to report on the case because of the impact it can have on so many individuals in the industry. [23] Plaintiff's counsel gave another interview opining how the Court's ruling dismissing Plaintiff's original Complaint for having "copy-and-paste" pleadings was actually a "substantive victory" for his client:

> The reason why we believe the ruling [granting Defendants' motion to dismiss without prejudice] to be favorable is because [the] defendants . . . advanced an argument that its performers are 'professional actors' and thus not subject to many of the protections of other employees, which is the subject of our lawsuit," Bibiyan

---

[19] https://avn.com/business/articles/video/kenzie-anne-feature-901581.html [**BSK Decl., Ex. 21**]

[20] https://avn.com/business/articles/video/emily-willis-kenzie-anne-discuss-new-ventures-902883.html [**BSK Decl., Ex. 22**]

[21] https://www.tomorrowlaw.com/cases-in-the-media-kenzie-anne-vs-vixen-media-group/ [**BSK Decl., Ex. 23**]

[22] https://porncrush.com/articles/kenzie-anne-wasnt-scared-to-step-up-in-class-action-lawsuit-vs.-vixen-media-group/ [**BSK Decl., Ex. 24**]

[23] https://www.xbiz.com/news/276445/court-dismisses-bulk-of-labor-claims-against-vmg [**BSK Decl., Ex. 25**]

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

explained in an email. "The court disagreed, finding that an actor working for defendants does not have the bargaining power of, say, Gal Gadot, and, thus, is entitled to the protections of other California employees. This was a substantive win. Thus, we find that [the] defendants' motion to dismiss turned out to be a huge backfire, if anything, for [the] defendants.[24]

With each new filing, the press continues to update the public on the case.[25]

### C.    Thoma's Original Complaint Only Contained Conclusory Allegations Against The Anti-SLAPP Defendants.

In its August 30, 2023 Order, this Court held that the allegations in Plaintiff's original Complaint against the Anti-SLAPPP Defendants were "stated in wholly conclusory terms with little or no supporting facts." [**Dkt. 23 at 11:2-8** (internal citations omitted)] In turn, the Court dismissed all Plaintiff's Labor Code claims against the Anti-SLAPP Defendants with leave to amend and remanded Thoma's UCL claim to state court.  [**Dkt. 23: 14:3-6**]

### D.    Thoma's FAC's Allegations Against Each Anti-SLAPP Defendant Arises From Their Protected Activity under the First Amendment.

On September 20, 2023, Thoma filed her FAC. Thoma's FAC added new allegations against the Anti-SLAPP Defendants. However, upon closer inspection, Thoma alleges that the Anti-SLAPP Defendants are liable to Plaintiff on the basis that they distribute, own the copyright, or produce the adult video content that VXN hired Plaintiff to perform in. [FAC ¶¶ 12–23]

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[24] https://avn.com/business/articles/legal/counsel-in-kenzie-anne-vmg-lawsuit-speak-out-921568.html [**BSK Decl., Ex. 26**]

[25] https://avn.com/business/articles/legal/vixen-files-motion-to-dismiss-kenzie-anne-labor-lawsuit-entirely-922958.html [**BSK Decl., Ex. 27**]

**1.** <u>Plaintiff Alleges Strike 3 is Jointly Liable With VXN Because Strike 3 Owns VXN and the Copyrights to VXN's Movies.</u>

The FAC does *not* allege that Strike 3 failed to pay Plaintiff. [**Dkt. 26, ¶¶ 1, 6, 9, 13, 15, 19, 20, 22** (citing every mention of "Strike 3" in the FAC, and containing no allegation that Strike 3 failed to pay Plaintiff)] Instead, the FAC alleges that Strike 3 is "jointly and severally liable" for VXN's failure to pay Plaintiff because Strike 3 is "the parent company and owner of the copyright for VXN," and maintains total control over working conditions at VXN. [**Dkt. 26, ¶ 19**]

**2.** <u>Plaintiff Alleges General Media is Jointly Liable With VXN Because General Media Distributes VXN's Movies.</u>

The FAC does *not* allege that General Media failed to pay Plaintiff. [**Dkt. 26, ¶¶ 1, 6, 9, 14, 15, 20, 22** (citing every mention of "General Media" in the FAC, and containing no allegation that General Media failed to pay Plaintiff)] Instead, the FAC alleges that General Media is "jointly and severally liable" for VXN's failure to pay Plaintiff because General Media "was the main distributor for the films," and because it exerted a "level of control . . . over [VXN][] such that [VXN] cannot distribute its films without [General Media's] consent." [**Dkt. 26, ¶ 20**]

**3.** <u>Plaintiff Alleges Miller is Jointly Liable With VXN Because Miller Produces and Directs Some of VXN's Movies.</u>

The FAC does *not* allege Miller failed to pay Plaintiff. [**Dkt. 26, ¶¶ 1, 6, 10, 12, 15, 18, 19, 22** (citing every mention of "Miller" in the FAC, and containing no allegation that Miller failed to pay Plaintiff)] Instead, the FAC alleges that Miller is "jointly and severally liable" for VXN's failure to pay Plaintiff because Miller caused VXN to violate the Labor Code provisions under § 558.1.[26] [**Dkt. 26, ¶¶**

---

[26] Plaintiff's Labor Code § 558.1 allegations merely parrot the statutory language. [**Dkt. 26**, at ¶ 18]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

**12, 18**] Specifically, Plaintiff clarifies that Miller is the individual who hires and terminates the actors, determines their compensation, and assists in wardrobe selection and directing scenes. [**Dkt. 26, ¶¶ 12, 18**]

### III.    LEGAL STANDARD

"California has a statute designed to discourage 'strategic lawsuits against public participation' ("SLAPPs"). The Ninth Circuit has explained that SLAPPs "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *2 (C.D. Cal. Dec. 20, 2022) citing *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010). "An anti-SLAPP motion may be brought against state law claims pending in federal court*." Shande v. Zoox, Inc*., No. 22-CV-05821-BLF, 2023 WL 5211628, at *2 (N.D. Cal. Aug. 14, 2023).

In evaluating an anti-SLAPP motion, "courts ask whether 'the claim call[s] for the anti-SLAPP statute's protections" and, if so, whether the claim has "sufficient merit." *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023). "In a catchall provision relevant to this case, the statute specifies that such acts include 'conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.'" *FilmOn.com Inc. v. DoubleVerify Inc*., 7 Cal. 5th 133, 139–40, (2019).

"For purposes of the Federal Rules of Civil Procedure, a motion brought on anti-SLAPP grounds can either be analogous to a motion to dismiss or a motion for summary judgment. If a defendant moves to strike/dismiss based on purely legal arguments and the fact that a complaint does not allege sufficient facts to support its stated causes of action, this Court analyzes the motion under the standards set

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

9

out in FRCP 8 and 12(b)(6)." *Clifford v. Trump*, 339 F. Supp. 3d 915, 922 (C.D. Cal. 2018), aff'd, 818 F. App'x 746 (9th Cir. 2020).

## IV.  THE ANTI-SLAPP DEFENDANTS' MOTION SHOULD BE GRANTED WITHOUT LEAVE TO AMEND.

### A.  This Motion is Timely.

Plaintiff's original Complaint did *not* implicate the Anti-SLAPP Defendants' free speech rights.  When dismissing Plaintiff's original Complaint, this Court found that the allegations made against Defendants "'are stated in wholly conclusory terms with little or no supporting facts.' To the extent Thoma's claims rely on a theory of joint liability, then, those claims fail for lack of factual support." [**Dkt. 23, 11:4-8**]

On September 20, 2023, Plaintiff filed her FAC, which *for the first time* provided notice to Defendants that Plaintiff's claims against the Anti-SLAPP Defendants are rooted in their First Amendment activities.  *See* C.C.P. § 425.16 ("(f) The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper"); *see also Hasso v. City of San Diego*, No. 19-CV-368 TWR (DEB), 2021 WL 4226142, at *4 (S.D. Cal. Sept. 16, 2021). Thus, the last day to file this Motion without leave of this Court is November 20, 2023.

### B.  Plaintiff's Claims Against Defendants Arise from the Anti-SLAPP Defendants' Constitutional Right of Free Speech.

"To clear the first hurdle, [the Anti-SLAPP Defendants'] must show that the 'act underlying the plaintiff's cause of action' was 'itself ... an act in furtherance of the right of petition or free speech.'" *Young v. NeoCortext, Inc*., 2023 WL 6166975, at *3 (C.D. Cal. Sept. 5, 2023).  "[T]he focus is on determining what the defendant's activity is that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning' under the anti-SLAPP statute." *Id*.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

"Typically, a pleaded cause of action states a legal ground for recovery supported by specific allegations of conduct by the defendant on which the plaintiff relies to establish a right to relief. If the supporting allegations include conduct furthering the defendant's exercise of the constitutional rights of free speech or petition, the pleaded cause of action 'aris[es] from' protected activity, at least in part, and is subject to the special motion to strike authorized by section 425.16(b)(1)." *Baral v. Schnitt*, 1 Cal.5th 376, 381–82 (2016).

Significantly, Plaintiff does not allege the Anti-SLAPP Defendants were in anyway responsible or had an obligation to pay Plaintiff.  Instead, their First Amendment protected activities relating to the production of motion pictures gave rise to their joint liability. *See Jordan-Benel v. Universal City Studios, Inc.,* 859 F.3d 1184, 1193 (9th Cir. 2017) ("The anti-SLAPP motion in *Wilder* was successful because the activities underlying the plaintiff's tortious interference claims against CBS were the development, production, and distribution of the television show. *See id.* at *10. As the plaintiff alleged, it was those actions that were intended to, and did, induce Sony to breach its implied contract with Wilder.")

**1.**    The Anti-SLAPP Defendants' Protected Speech Give Rise To Their Asserted liability.

Under § 425.16 "[a] cause of action against a person *arising from any act of that person* in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike . . ." (§ 425.16, subd. (b)(1), italics added.) "As the italicized language indicates, '[t]he anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." *Contreras v. Dowling*, 5 Cal. App. 5th 394, 407 (2016).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

"[F]or anti-SLAPP purposes [the] gravamen [of plaintiff's cause of action] is defined by the acts on which liability is based[.]' To determine the gravamen of [Plaintiff's] cause of action, we 'must examine the allegedly wrongful conduct itself, without particular heed to the form of action within which it has been framed." *Id.* "[F]or purposes of anti-SLAPP, the conduct from which a claim arises is the conduct that constitutes the specific act of wrongdoing challenged by the plaintiff." *Jordan-Benel*, 859 F.3d at 1191.

2.      The Production, Distribution And Ownership of Movies Is Protected Free Speech.

"Movies and films generally are considered 'expressive works' subject to First Amendment protections." *Daniel*, 8 Cal.App.5th at 383 (internal citations omitted). "[F]ilms and movies [do not] lose their constitutional protection because they are undertaken to generate a profit. Because a film is an expressive work, its creation is also an exercise of free speech." *Id.* (internal citations omitted).

"Under California law, the creation, production, and distribution of entertainment such as television or film are activities in furtherance of the exercise of the right to free speech, and thus protected under the anti-SLAPP statute*." ITN Flix, LLC v. Hinojosa*, 2019 WL 3562669, at *4 (C.D. Cal. Aug. 6, 2019). *See also Tamkin v. CBS Broad., Inc*., 193 Cal. App. 4th 133, 143 (2011) ("The creation of a television show is an exercise of free speech."); *Ojjeh v. Brown,* 43 Cal. App. 5th 1027, 1040 (2019) ("Defendants' solicitation of investment funding is also reasonably viewed as conduct in furtherance of the documentary's production.") Likewise, the Anti-SLAPP Defendants' activities that has led to its allegations of joint liability with VXN is protected First Amendment speech.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**3.** <u>Plaintiff Alleges Strike 3 is Jointly Liable with VXN For The Protected Activities of Owning, Producing and Distributing Movies.</u>

Here, the FAC's allegations are *not* that Strike 3 failed to pay Plaintiff. Instead, Plaintiff alleges that Strike 3 is liable because:

 "STRIKE 3 owns, distributes, and produces pornographic films, images, and materials created by VXN GROUP. STRIKE 3 was . . . the copyright holder for VXN GROUP and the various films, photographs, and other materials produced by VXN GROUP." [**Dkt. 26 ¶ 13**]

"STRIKE 3, as the parent company and owner of the copyright for VXN GROUP . . . maintains a level of control over VXN GROUP and its employees (including Plaintiff and Class Members) where the policies and procedures of VXN GROUP are truly the policies and procedures of STRIKE 3 as well. Indeed, . . . STRIKE 3, by exercising control over VXN GROUP and MILLER, thus exercises control over Plaintiff and Class Members in terms of hiring, firing, compensation, performance supervision, discipline, and enforcement of workplace rules. As such, . . . STRIKE 3 is jointly and severally liable for the wrongful actions undertaken by VXN GROUP." [**Dkt. 26 ¶ 19**]

Thus, Plaintiff's claims against Strike 3 arise directly from the protected activity of owning, distributing, and producing movies.

**4.** <u>Plaintiff Alleges General Media is Jointly Liable with VXN For The Protected Activity of Distributing Movies.</u>

Here, the FAC's allegations are *not* that General Media failed to pay Plaintiff. Instead, Plaintiff alleges that General Media is jointly liable for the payroll decisions of VXN which resulted in the underlying claims, because General Media distributes VXN's movies.

According to Plaintiff, General Media "is an application computer software company that distributes the films, photographs, and other materials produced by [VXN]." [**Dkt. 26 ¶ 14**] General Media "was the main distributor for the films,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

photographs, and other materials produced by [VXN] and STRIKE 3... [t]he level of control [General Media] possessed over [VXN] is such that [VXN] cannot distribute its films without the express consent of [General Media]. As such, [General Media] is jointly and severally liable for the wrongful actions undertaken by [VXN]." [**Dkt. 26 ¶ 20**]

As a result, General Media's distribution or broadcast is First Amendment activity protected by California's Anti-SLAPP law. *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 955 (9th Cir. 2013) ("But for the broadcast and Defendants' actions in connection with that broadcast, Plaintiff would have no reason to sue Defendants.") Thus, Plaintiff's claims against General Media arise directly from the protected activity of distribution of movies.

**5.**   Plaintiff Alleges Miller is Jointly Liable with VXN For The Protected Activity of Producing and Directing Movies.

Here, the FAC's allegations are *not* that Miller failed to pay Plaintiff. Instead, Plaintiff's FAC alleges that Miller is liable because VXN Group was founded by Miller "with the goal of creating higher-quality videos that would be considered more "artistic" than the normal realm of adult video content." FAC ¶ 10.

"MILLER plays an active role in the enforcement and creation of the policies and procedures set in place by VXN GROUP. In fact, MILLER was physically present during many modeling shoots and on filming days and had a direct role in directing the scenes and choosing outfits, for example." [**Dkt. 26 ¶ 12**]

"Miller is engaged in the decisions to hire Plaintiff and Class Members, to terminate the contracts of Plaintiff and Class Members, and to determine their compensation. . . .   MILLER directly created the policies and procedures put forth by VXN GROUP. Also, . . . MILLER played an active role in the enforcement of those policies and procedures, supervises the performance of Plaintiff and Class Members, and has the ability to discipline them, as he was often present on set and reprimanded Plaintiff and Class

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

Members for not complying with VXN GROUP's policies and procedures." [**Dkt. 26 ¶ 18**]

All of Miller's activities that Plaintiff alleges led to his liability are protected by the First Amendment. Specifically, directing and choosing wardrobe in furtherance of creating motion pictures are protected activities. "Because a film is an expressive work, its creation is also an exercise of free speech." *Daniel*, 8 Cal.App.5th at 383. Likewise, hiring and terminating professional actors is protected activity. *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 896 (2019) ("[A] television producer's decision about whom to cast in a program can constitute part of the message conveyed, thus meriting anti-SLAPP protection."). So too are on set production policies and employment decisions relating to motion picture productions. *Hunter v. CBS Broad. Inc.*, 221 Cal.App.4th 1510, 1521, (2013) ("CBS's selections of its KCBS and KCAL weather anchors, which were essentially casting decisions regarding who was to report the news on a local television newscast, "helped advance or assist" both forms of First Amendment expression. The conduct therefore qualifies as a form of protected activity.") Thus, Plaintiff's claims against Miller arise directly from the protected activities of producing and directing movies.

### C.    Defendant's Speech is in Connection with a Public Issue.

"To meet their initial burden, Defendants must also show that their conduct was 'in connection with a public issue or an issue of public interest.'" C.C.P. § 425.16(e). "[T]he catchall provision demands 'some degree of closeness' between the challenged statements and the asserted public interest.... '[I]t is not enough that the statement refer to a subject of widespread public interest; the statement must in some manner itself contribute to the public debate.'" *Ojjeh*, 43 Cal.App.5th at 1042.

"Attempting to protect against 'lawsuits brought primarily to chill' the exercise of speech and petition rights, the Legislature embedded context into the

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

statutory preamble, 'declar[ing] that it is in the public interest to encourage continued participation in matters of public significance.'" *FilmOn.com Inc.*, 7 Cal.5th at 143.

"In articulating what constitutes a matter of public interest, courts look to certain specific considerations, such as whether the subject of the speech or activity 'was a person or entity in the public eye' or 'could affect large numbers of people beyond the direct participants'; and whether the activity 'occur[red] in the context of an ongoing controversy, dispute or discussion.'" *FilmOn.com Inc.*, 7 Cal.5th at 145 (citation omitted).

"First, courts ask what public issue or issue of public interest the speech in question implicates. Courts look to the content of the speech in making this determination. Second, Courts ask what functional relationship exists between the speech and the public conversation about some matter of public interest." *Woulfe*, 2022 WL 18216089, at *5 citing *FilmOn.com Inc.*, 7 Cal.5th at 149–50.

"[W]e examine whether a defendant—through public or private speech or conduct—participated in, or furthered, the discourse that makes an issue one of public interest." *FilmOn.com Inc.*, 7 Cal.5th at 151.

    **1.**   <u>Defendants' Activity Implicates an Issue of Public Interest.</u>

"While there is no definitive test for what constitutes a "public issue," under one widely used test, a public issue may fall under three categories: '(1) statements concerning a person or entity in the public eye; (2) conduct that could directly affect a large number of people beyond the direct participants; (3) or a topic of widespread, public interest.'" *Young*, WL 6166975, at *5 (citing *Hilton*, 599 F.3d at 906).

Defendants' creation, production, distribution and ownership of adult films are in the public eye. Moreover, Defendants speech relates here to Plaintiff, herself a well-known person in the public eye. *Brodeur v. Atlas Ent., Inc.*, 248 Cal.App.4th

665, 675–76 (2016) ("In these circumstances, we can see no basis for concluding that a farcical scene about microwave ovens—clearly emanating from matters in which the public was interested during the relevant decade—is anything other than protected activity within the meaning of the anti-SLAPP statute.)

As evidence of the Parties' fame, the underlying lawsuit has received considerable press and attention. Plaintiff's counsel even lists this lawsuit on his website under "Cases in the Media"[27] and has given interviews to the press on the case including this Court's previous decision.[28]

Moreover, as set forth above, Defendants conduct, including the creation, production, distribution and ownership of the films, particularly as it relates to the treatment of its professional film stars, is conduct that directly affects a large number of people beyond the direct participations. Indeed, as set forth above, long before the filing of this lawsuit, Plaintiff gave public interviews regarding her experience working with Defendants. Moreover, Defendants' activities affect not just Plaintiff, but hundreds of adult film stars that perform for Defendants.

Finally, Defendants creation, production, distribution and ownership of its films is a topic of widespread public interest. Defendants' films are among the most popular adult films, its websites have a daily visit rate of over 15 million people, and the films have won numerous awards *See ITN Flix, LLC*, 2019 WL 3562669, at *4 (finding the "activities advancing the creation, production, and distribution of the Machete films, including casting Trejo, are actions in furtherance of the exercise of free speech in connection with an issue of public interest and subject to the anti-SLAPP statute" because it was released in theatres domestically, named as one of the top 100 domestic grossing films, and nominated for numerous awards.); *Symmonds v. Mahoney,* 31 Cal.App.5th 1096, 1109 (2019) ("Here,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[27] [**BSK Decl., Ex. 23**]
[28] [**BSK Decl., Exs. 24, 26**]

defendants have made a prima facie showing sufficient to establish that Mahoney's music and concerts were of interest to the public. [Eddie Money] sold millions of records and [more than 300,000 followers on Facebook]. Defendants also submitted news articles from different media outlets dated as recently as 2016 discussing Mahoney and his music[.]")

**2.**    Defendants' Activity is Functionally Related to the Issue of Public Interest.

"The more challenging question is whether a 'functional relationship exists between the speech and the public conversation about some matter of public interest." *FilmOn*, 7 Cal.5th at 149–150. The "catchall provision demands 'some degree of closeness' between the challenged statements and the asserted public interest." *Id.* at 150. "[I]t is not enough that the statement refer to a subject of widespread public interest; the statement must in some manner itself contribute to the public debate." *Id.*

Here, all of Defendants' activity is functionally related to matters of public interest. "Movies are a 'significant medium for the communication of ideas. They may affect public attitudes and behavior in a variety of ways, ranging from direct espousal of a political or social doctrine to the subtle shaping of thought which characterizes all artistic expression. The importance of motion pictures as an organ of public opinion is not lessened by the fact that they are designed to entertain as well as to inform.'" *Daniel*, 8 Cal.App.5th at 383.

Moreover, the fact that the movies involve adult content and adult film stars does not negate the public interest analysis. "[A]t this step, the 'inquiry does not turn on a normative evaluation of the substance of the speech,' and the Court is 'not concerned with the social utility of the speech at issue, or the degree to which it propelled the conversation in any particular direction." *Young*, 2023 WL 6166975, at *4 (citing *FilmOn.com Inc.*, 7 Cal.5th at 151). "Additionally, 'the fact that

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

expression takes a form of nonverbal, visual representation [does not] remove it from the ambit of First Amendment protection." *Id.* citing *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal.4th 387, 398 (2001).

In *Woloszynska v. Netflix, Inc.,* No. 23-CV-00636-BLF, 2023 WL 7166828, at *3 (N.D. Cal. Oct. 30, 2023) the Northern District of California found Netflix's use of a photograph in a television show was a matter of public interest because, citing, *Tamkin*, 193 Cal.App.4th at 139, "the writer's action was in furtherance of free speech rights because it 'helped to advance or assist in the creation, casting, and broadcasting of an episode of a popular television show.'" Likewise, here, the dispute between Thoma and Strike 3, General Media, and Miller involves a famous adult movie actresses' role in adult movies that are owned, produced, and distributed by Defendants. The creation of the films, and who stars in them, as well as their release, is a matter of public interest, as evident by the amount of press and media attention relating to the company and Thoma's role in the films.

The speech implicated here, the creation and dissemination of popular adult films, does not involve a private issue between two parties who may be in the public eye, but instead activities that impact all adult performers in the industry, as cited in the FAC, and as Bibiyan has reported to the media. *See* FAC ¶ 2 ("Vixen Media Group runs a powerful, lucrative, and well-known adult film production company which many, if not all, adult film performers perform for at some point in their careers due to its unique role in providing upscale adult film products in the industry."); *See fns.* 21-27; *See also Hilton*, 599 F.3d at 908 ("Hallmark's card does not concern some personal detail of Hilton's life (such as a divorce), it concerns her trademark phrase and her public persona—the very things that interest people about her.")

Finally, Plaintiff alleges that Strike 3, General Media and Miller are jointly liable for the actions of VXN, which relate to misclassification of adult actors as

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

independent contractors.    This issue – whether liability surrounding misclassification can be extended to owners, distributors, and producers of adult content, simply by engaging in first amendment protected activity regardless of their role in the actual payment and compensation of adult performers, impacts thousands of companies and individuals in the industry.  This is why the media is closely following the case and Bibiyan is giving interviews on the case.  See *fns.* 2-27.

Further, as it involves the compensation and legal rights of actors and actresses, it extends to the entire film and television industry.  There is no doubt that the ultimate holding in this case will impact the film and television industry in California. *See fns.* 2-27.

## D.    Plaintiff Cannot Demonstrate a Probability of Prevailing on Her Claim against the Anti-SLAPP Defendants.

"[I]f the defendant meets their burden, the plaintiff must demonstrate that their complaint is nevertheless "legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Woulfe*, 2022 WL 18216089, at *2. Plaintiffs' FAC fails to allege facts demonstrating that the ends of justice require the imposition of the "extreme remedy" of joint liability against the Anti-SLAPP Defendants. *See Giannetta v. Marmel*, No. 20-1410 (RGK)(KK), 2021 WL 2954076, at *2 (C.D. Cal. May 25, 2021).

The purpose of the alter ego doctrine is to ensure that Plaintiffs receive full relief for their claims if the Anti-SLAPP Defendants are attempting to evade liability through corporate skullduggery:

> The essence of the alter ego doctrine is that justice be done. "What the formula comes down to, once shorn of verbiage about control, instrumentality, agency, and corporate entity, is that liability is imposed to reach an

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

20

> equitable result." Thus the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require.

*Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 301 (1985) (citations omitted). Critically, *Plaintiff does not allege that she could not receive full relief for her claims from VXN alone*.

Alter ego liability only exists when "(1) 'there is such unity of interest and ownership that the separate personalities' of the corporation and the individual (or other entity) 'no longer exist' and (2) 'failure to disregard the corporation would result in fraud or injustice.'" *Activision Publ'g, Inc. v. EngineOwning UG*, No. 22-51 (MWF)(JCx), 2023 WL 3272399, at *6 (C.D. Cal. Apr. 4, 2023). Plaintiff "must allege specific facts supporting both of the elements of alter ego liability." *Lennard v. Yeung*, No. 10-9322 (MMM)(AGRx), 2012 WL 13006214, at *7 (C.D. Cal. Feb. 23, 2012) (citations omitted). This is true for both corporate and individual alter egos. *See Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) Since Plaintiff does not adequately allege facts that the Anti-SLAPP Defendants are so intertwined with VXN that they do not have separate existences or any resulting fraud or injustice, the Court should dismiss the joint liability allegations against the Anti-SLAPP Defendants.

### 1. Plaintiff Does Not Allege Sufficient Facts to Establish Joint Liability on Strike 3 or General Media.

Plaintiff's new allegations against Strike 3 and General Media fail to plead the required facts for joint liability. Plaintiff alleges that Strike 3 is the "the parent company for VXN GROUP" and that Strike 3 is the copyright holder. [**Dkt. 26**, at ¶13] Plaintiff further speculates–without alleging any *facts*–that Strike 3 "maintains a level of control over VXN GROUP and its employees" such that the policies "of VXN GROUP are truly the policies and procedures of STRIKE 3." [**Dkt. 26**, at ¶19] Plaintiff also alleges on information and belief that General Media "is a

21

subsidiary of [VXN] and serves as another key instrument in the wrongful actions committed against Plaintiff and Class Members." None of these conclusory allegations show these corporations are alter egos of VXN GROUP.

Even if Strike 3 were VXN's parent company, "[f]or a parent to be liable for the misdeeds of its subsidiaries under an alter ego theory, the parent must play a role in the misdeeds." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1181 (C.D. Cal. 2016) (collecting cases) (emphasis added). But Plaintiff's barebone allegation that Strike 3 "control[s]" VXN and its employees fails to state what actions–if any–Strike 3 engaged in to violate Plaintiff's rights. With respect to General Media, labeling it a "key instrument in the wrongful actions" without a single *fact* in support amounts to a conclusory "the-defendant-unlawfully-harmed-me accusation" that also falls short of plausibility. Thus, Plaintiff's joint liability claims against Strike 3 and General Media fail again.

In sum, the Court should dismiss Miller, Strike 3, and General Media from this action without leave to amend because Plaintiff has failed to pled facts demonstrating that: "(1) 'there is such unity of interest and ownership that the separate personalities' of the corporation and the individual (or other entity) 'no longer exist' and (2) 'failure to disregard the corporation would result in fraud or injustice.'" *Activision Publ'g, Inc.*, 2023 WL 3272399, at *6. Since Plaintiff has wasted her opportunity to amend, the Court should dismiss the joint liability allegations without leave to amend. *See MacRae v. HCR Manor Care Servs., LLC*, No. 14-715 (DOC)(RNBx), 2018 WL 10164063, at *4 (C.D. Cal. Mar. 5, 2018) (dismissing alter ego theory with prejudice for "failing to substantively amend allegations that were dismissed as inadequate").

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

**2.** <u>Plaintiff Fails to Allege Miller Engaged in any Conduct that
would Impose Joint Liability Upon Him.</u>

The FAC's new allegations against Miller are merely superficial add-ons.
[*Compare* Compl., at ¶¶ 12, 16, with FAC (**Dkt. 26**), at ¶¶ 12, 18] These
amendments allege that Miller, VXN Group's executive producer, "engaged in"
hiring and policy decisions, and "was often present on set." [**Dkt. 26**, at ¶18] These
facts do not establish a unity of interests, let alone a fraud or injustice. *See
Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 329 (C.D. Cal. 2004)
("[A] court should not presume, in the absence of contrary evidence, that corporate
officers are improperly discharging their duties."); *see also Fireworks Lady & Co.,
LLC v. Firstrans Int'l Co*., No. 18-10776 (CJC)(MRWx), 2019 WL 6448943, at *5
(C.D. Cal. Aug. 8, 2019) (dismissing alter ego theory alleging that the president
"dominate[d] and control[ed] the corporate defendants").

There is also a passing reference to Miller's purported violation of Labor
Code § 558.1, where Miller allegedly "violated, or caused to be violated, the above-
referenced and below-referenced Labor Code provisions." [**Dkt. 26, at ¶ 18**] As
with most of Plaintiff's counsel's Complaints, the allegations merely parrot the
statutory language. Plaintiff's attempts to bolster the claim by alleging "that
MILLER directly created the policies and procedures put forth by VXN GROUP"
and "played an active role in the enforcement of those policies and procedures"
remain illusory. [**Dkt. 26, at ¶18**] However, Plaintiff fails to allege that Miller was
personally involved in any purported violation.

Finally, even if "control" were all that was required, "[t]he court is not
required to accept as true legal conclusions couched as factual allegations."
*Canchola v. CVS Caremark Corp*., No. 15-411 (DOC)(RNBx), 2015 WL
13918147, at *2 (C.D. Cal. Apr. 15, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662,
at 678 (2009)). Plaintiff alleges Miller was involved in the "creation of the policies

23

and procedures" for VXN Group. [**Dkt. 26, at ¶¶12, 18**] But this deliberately vague, nondescript allegation says nothing about what the alleged policy is, how it was enforced, let alone how it was used to "control" Plaintiff. At best, Plaintiff alleges Miller was "present during many modeling shoots," *id.*, but if mere presence on set were enough, even the caterer would be a joint employer. *See Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029 (9th Cir. 2019) (exercising "quality control" does not form a joint employer relationship); *Martinez v. Combs*, 49 Cal. 4th 35, 75 (2010), as modified (June 9, 2010). The recitations of the allegations against Strike 3 and General Media are just as unavailing. Plaintiff notes that "since Strike 3 [is] the copyright holder for VXN," Strike 3 "had a role in controlling [Plaintiff's] working conditions[.]" [**Dkt. 26 at ¶13**] Not only is this allegation conclusory, it is illogical. Being a rightsholder is a far cry from exercising control over someone's employment. Plaintiff similarly doubles down on General Media, contending that because General Media is "the sole distributor of" VXN's films, General Media "exerts a level of control over VXN where it controls the working conditions of [Plaintiff.]" [**Dkt. 26 at ¶14**] Since Plaintiff's conclusory allegations against Miller fail to establish a basis for joint liability, the Court should dismiss Miller without leave to amend.

## V.  UPON PREVAILING, DEFENDANTS WILL FILE A SEPARATE MOTION FOR ATTORNEY'S FEES AND COSTS.

A party may file a noticed motion for attorney's fees after receiving a successful ruling on the anti-SLAPP motion. *Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.*, 73 Cal. App. 5th 764, 772–784, (2022) (discussing fees recovery options and timing issues).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests the Court grant this Motion to dismiss the claims against the Anti-SLAPP Defendants in Plaintiff's FAC without leave to amend.

Dated: November 20, 2023          Respectfully submitted,

KANE LAW FIRM

By:  */s/ Brad S. Kane*

Brad Kane
Eric Clopper
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings,
LLC; General Media Systems, LLC;
and Mike Miller

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1

2

## CERTIFICATE OF COMPLIANCE

3

4       The undersigned, counsel of record for Defendants, certifies that this brief
contains 6,972 words, which complies with L.R. 11-6.1, and this Court's Standing

5   Order on word limits for Motions.

6

Dated: November 20, 2023        By:    _/s/ Brad S. Kane_

7                                              Brad Kane

8

9

10

11

## CERTIFICATE OF SERVICE

12

13       I, Brad S. Kane, hereby certify that this document has been filed on
November 20, 2023, through the ECF system and will be sent electronically to the

14   registered participants as identified on the Notice of Electronic Filing.

15

16   Dated: November 20, 2023        By:    _/s/ Brad S. Kane_

17                                              Brad Kane

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035