**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**STRIKE 3 HOLDINGS, LLC'S, GENERAL MEDIA SYSTEMS, LLC's, AND MIKE MILLER'S REPLY BRIEF IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PURSUANT TO C.C.P. § 425.16**<br><br>Date:    January 5, 2024<br>Time:    11:30 a.m. or later<br>Courtroom: 9B<br><br>[*Filed concurrently with Request for Judicial Notice; and Opposition to Plaintiff's Request for Judicial Notice and Objection to the Declaration of Sarah Cohen*]<br><br>Complaint Filed: April 20, 2023<br>Removed:    June 21, 2023 |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

I.    INTRODUCTION ........................................................................................ 1

I.    DEFENDANTS' MOTION IS TIMELY .................................................... 2

II.    THE ANTI-SLAPP'S "SOLELY IN THE PUBLIC INTEREST" EXEMPTION DOES NOT APPLY TO THE CREATION AND DISSEMINATION OF MOTION PICTURES. ......................................... 3

III.    DEFENDANTS' MOTION SHOULD BE GRANTED. ........................... 4

    A.    Defendants' Activity and Not Plaintiff's Cause of Action Controls the Court's Analysis. ................................................................................................. 4

    B.    The Only Allegations Against Miller and Strike 3 Arise from Protected Activity. 7

    C.    Plaintiff Fails to Demonstrate a Probability of Prevailing on the Merits. ............. 8

        1.    Plaintiff Fails to Demonstrate a Probability of Prevailing against Miller ...... 8

        2.    Plaintiff Fails to Demonstrate a Probability of Prevailing against Strike 3 and GMS. ................................................................................................. 12

IV.    CONCLUSION .......................................................................................... 14

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016) ................................................................. 6

*Carter v. Raisier-CA, LLC*, 2017 WL 4098858, at *5 (N.D. Sept. 15, 2017) ................................................................................................................. 9

*City of Cotati v. Cashman* ("*Cotati*") ............................................................................. 6

*Gastelo v. Portables Choice Grp. LLC*, No. 223CV07335CASAJRX, 2023 WL 7327433, at *6 (C.D. Cal. Nov. 6, 2023) ............................................................................................................. 13

*Henderson v. Equilon Enterprises, LLC*, 40 Cal.App. 5th 1111, 1120 (2019) ................................................................................................................. 13

*Hunter v. CBS Broad. Inc.*, 221 Cal. App. 4th 1510, 1525, (2013) .............................. 7

*Ingels v. Westwood One Broadcasting Services, Inc.*, 129, Cal.App.4th 1050, 1066 (2005) ........................................................................... 3

*Jacobs v. Sustainability Partners LLC*, 2020 WL 5593200, at p. *13 (N.D. Cal., Sept. 18, 2020) ........................................................................... 9

*Manlin v. Milner,* 82 Cal. App. 5th 1004, 1020 (2022) ................................................ 5

*Mattison v. Loma Linda Univ. Med. Ctr.,* 2023 WL 4157466, at *12 (C.D. Cal. Apr. 6, 2023) ........................................................................ 12

*Medina v. Equilon Enterprises, LLC*, 68 Cal.App.5th 868, 879 (2021) ....................................................................................................................... 12

*Muddy Waters, LLC v. Superior Court*, 62 Cal.App.5th 905, 919 (2021) ....................................................................................................................... 3

*Myers v. Dignity Health*, 44 Cal.App.5th 301, 314 ................................................... 13

*Navellier v. Sletten*, 29 Cal. 4th 82, 90, (2002) ............................................................ 6

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Newport Harbor Ventures, LLC v. Morris Cerullo World*

    *Evangelism*, 4 Cal.5th 637, 655 (2018) ................................................................. 1

*North v. Superior Hauling & Fast Transit, Inc*, 2019 WL

    8163808, at *4 (C.D. Cal. Aug. 23, 2019) ............................................................ 9

*Plaksin v. NewSight Reality, Inc.*, No. 2:19-cv-00458-RGK-SS,

    2019 WL 4316255 at p. *4 (C.D. Cal., Apr. 30, 2019) .......................................... 8

*Reynolds v. Bement,* 36 Cal. 4th 1075, 1090 (2005) .................................................... 10

*Rios v. Linn Star Transfer, Inc.*, No. 19-CV-07009-JSC, 2020

    WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020) ........................................................ 9

*San Diegans for Open Government v. San Diego State University*

    *Research Foundation*, 13 Cal.App.5th 76, 93 (2017) ............................................ 2

*Simmons v. Allstate Ins. Co.*, 92 Cal.App.4th 1068 (2001) ............................................ 1

*Wilson v. Cable News Network*, 7 Cal. 5th 871, 897 (2019) ......................................... 5

**Statutes**

CCP § 425.17(b) ............................................................................................................. 3

Labor Code §558.1 .............................................................................................. 8, 9, 11

CCP § 425.17(b) ............................................................................................................. 2

CCP § 425.17(d)(2) ........................................................................................................ 2

Labor Code § 558.1 ....................................................................................................... 7

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iii

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

This Court should grant the Motion for the following reasons. First, Plaintiff incorrectly describes the Motion as "frivolous" and "sanctionable" based on CCP § 425.17(b)'s exemption from Anti-SLAPP motions for action lawsuits in "solely the public interest." However, Plaintiff fails to address: (i) CCP § 425.17(d)(2)'s express authorization of Anti-SLAPP against actions arising from the creation and dissemination of motion pictures; and (ii) BLF's practice of incentivizing its wage and hour plaintiffs with monetary *enhancements* disqualifies this action from the public interest exemption.

Second, Plaintiff impermissibly cites Judge Lambert's *reversed* factual findings to label Strike 3– a "**copyright troll**" whose lawsuits "**smack with extortion**". [Dkt. 40, 26:15-27:27:20 (emphasis in original)] *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020). *See* Opposition to Plaintiff's Request For Judicial Notice for further discussion.

Third, Plaintiff misrepresents caselaw. For example, *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5th 637, 655 (2018) holds that adding new causes of action or "new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion" restarts the clock for filing an anti-SLAPP. Yet, Plaintiff pretends the quoted language does not exist.

Fourth, Plaintiff rewrites the FAC's factual allegations. For example, Plaintiff pretends that the FAC alleges that Mike Miller was VXN's CEO, when it did not.

Finally, Plaintiff cannot escape this Anti-SLAPP. Because removing the FAC's allegations of GMS's movie distribution, Strike 3's film ownership, and

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

Miller's on set activity as a producer, director, and wardrobe specialist, Plaintiff alleges no activity that gives rise to the Anti-SLAPP Defendants' joint liability.

## I.    **<u>DEFENDANTS' MOTION IS TIMELY</u>**

Plaintiff's arguments that this Motion is untimely are meritless. First, Plaintiff incorrectly argues that "anti-SLAPP motions can only be brought in [sic] amended complaints against causes of action that have not existed in the previous complaint." [**Dkt. 40 at 9:20-22**] However, under CCP § 425.16(f), Defendants had 60 days to bring this Motion *after* Thoma added new allegations that made her previously pleaded cause of action subject to an Anti-SLAPP motion:

> An amended complaint reopens the time to file an anti-SLAPP motion without court permission only if the amended complaint . . . adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion.

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5th 637, 655 (2018).

Second, Plaintiff incorrectly argues that this Motion is untimely because Plaintiff alleged that "VIXEN MEDIA GROUP [which includes MILLER, STRIKE 3, and GMS] is the creator of adult motion pictures and photographs distributed for commercial sale through various distribution outlets and platforms in her original complaint." [**Dkt. 40 at 10:10-14**] However, this Court dismissed the Plaintiff's original joint liability allegations as "stated in wholly conclusory terms with little or no supporting facts." [**Dkt. 23, 11:4-8**] Simply put, Plaintiff's boilerplate joint liability allegations were insufficient to demonstrate joint liability – let alone joint liability arising from protected speech.

More important, the FAC's *new* allegations arise from protected speech: (i) Strike 3 is liable because it owns copyrights for VXN, [**Dkt. 26, ¶ 19**]; (ii) General Media is liable because is distributes films for VXN, [**Dkt. 26, ¶ 20**]; and (iii) Miller is liable because he directs the movies and selects the talent,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

wardrobes, and other creative decisions. [**Dkt. 26, ¶¶ 12, 18**] Thus, the clock began to run with the filing of the FAC.

Finally, if this Motion is untimely, the Court should exercise its discretion to grant permission for the filing of this Motion.

## II. THE ANTI-SLAPP'S "PUBLIC INTEREST" EXEMPTION DOES NOT APPLY TO THE CREATION AND DISSEMINATION OF MOTION PICTURES.

While CCP § 425.17(b) exempts lawsuits "solely in the public interest" from anti-SLAPP motions, that section does not apply to "[a]ny action against any person or entity based upon the creation [and] dissemination . . . of motion pictures[.]" CCP § 425.17(d)(2). Indeed, the legislature's express *authorization* of anti-SLAPP motions based on the creation and dissemination of motion pictures underscores that Plaintiff's allegations against the Anti-SLAPP Defendants arise from protected activity. *San Diegans for Open Government v. San Diego State University Research Foundation*, 13 Cal.App.5th 76, 93 (2017) ("[R]egardless of whether the plaintiff's action is a public interest lawsuit under section 425.17, subdivision (b), if section 425.17, subdivision (d) also applies, the defendant may bring an anti-SLAPP motion.").

Significantly, Plaintiff fails to address CCP § 425.17(d)(2). Yet, Plaintiff's FAC alleges that the Anti-SLAPP Defendants are responsible for producing, distributing, and directing adult motion pictures. [**Dkt. 26, ¶ 12, 18, 19, 20**]. Those admissions demonstrate that the Anti-SLAPP Defendants' activity is exactly the type of activity the statute was designed to protect. *Est. of B.H. v. Netflix, Inc.*, No. 4:21-CV-06561-YGR, 2022 WL 551701, at *2 (N.D. Cal. Jan. 12, 2022) ("since the claims arise from the creation and dissemination of a television show, the statutory exemptions contained in Section 425.17[b] do not apply."); *Stutzman v. Armstrong*, No. 2:13-CV-00116-MCE, 2013 WL 4853333, at *9 (E.D. Cal. Sept. 10, 2013) ("As the legislative history notes, these Defendants are specifically the

type of defendants that the Legislature sought to protect by enacting subsection (d)—"those engaged in speech-related activities.")

Finally, Plaintiff fails to demonstrate that the public interest exception motions applies to this case. *Muddy Waters, LLC v. Superior Court*, 62 Cal.App.5th 905, 919 (2021) (the burden of establishing an exemption set forth in section 425.17 is on the plaintiff opposing the anti-SLAPP). Further, Section 425.17(b)(1) requires that "[t]he plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member." *Ingels v. Westwood One Broadcasting Services, Inc.*, 129, Cal.App.4th 1050, 1066 (2005) ("suits motivated by personal gain are not exempted from the anti-SLAPP motion.").

Here, BLF will seek an enhancement for Thoma based on its representations to other courts that: "[i]n the experience of Class Counsel, the typical enhancement award in wage and hour class actions ranges from approximately $10,000.00 to $25,000.00." [**Request for Judicial Notice ("RJN"), Ex. A, at 28:22-24**] In fact, BLF's wage and hour plaintiffs typically receive enhancements between $5,000.00 and $10,000.00 [**RJN, Ex. B**, **Ex. C, at 3:26-28**]. Thus, the Court should conclude section 425.17(b) does not apply and grant this Motion.

## III.  DEFENDANTS' MOTION SHOULD BE GRANTED.

### A.  Defendants' Activity and Not Plaintiff's Cause of Action Controls the Court's Analysis.

Plaintiff incorrectly argues that because the underlying causes of action are wage and hour violations, all the allegations involving Defendants' First Amendment Speech should be ignored as either incidental or merely triggering her causes of action. [**Dkt. 40, 17:9-18:6**]. Specifically, the Anti-SLAPP statute can be applicable to some defendants in a case and not others based on the Defendants' individual alleged activity. *Contreras v. Dowling*, 5 Cal. App. 5th 394, 407 (2016).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

The *Contreras* court found that allegations against a defendant attorney (but not other defendants) was based on protected activity. *Id*.

Here, while Anti-SLAPP protection may not apply to VXN, the joint liability allegations tying the Anti-SLAPP Defendants to the causes of action against VXN are all based on protected activity. *Contreras* rejects Plaintiff's argument that the underlying causes of action, not the activity of the defendants, are the definitional focus of the Anti-SLAPP analysis. *Id.* at 409.

Next, Plaintiff incorrectly cites *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1191 (9th Cir. 2017) to argue that the Anti-SLAPP analysis is defined by the "specific act of wrongdoing." [**Dkt. 40, 18:7-21**] In *Jordan*, a filmmaker allegedly failed to pay for a movie concept. Because the alleged activity was failure to pay, not the actual filmmaking process, it was not based on First Amendment activity. Thus, it did not fall under the Anti-SLAPP statute. *Id*. Here, the same logic applies to VXN, who Plaintiff alleges had the obligation to pay under California labor law. However, none of the Anti-SLAPP Defendants had obligations to pay Plaintiff, *unless* Plaintiff establishes joint liability.

Attempting to assert joint liability, Plaintiff argues Strike 3 and GMS had "control" over VXN based on their alleged First Amendment protected activity. However, take away GMS's movie distribution, Strike 3's film ownership, and Miller's on set activity as a producer, director, and wardrobe specialist, and Plaintiff has no activity that gives rise to Defendants' liability. *See Musero v. Creative Artists Agency*, 72 Cal. App. 5th 802, 819, (2021) ("[W]hatever the purported 'target' of a cause of action, if protected speech activity supplies an element of the claim, the burden shifts to the plaintiff to demonstrate a reasonable probability of prevailing on the merits.")

Similarly, *Wilson v. Cable News Network* rejects Plaintiff's argument that the Court should look only to the cause of action and injury which are her wage and hour claims. 7 Cal. 5th 871, 897 (2019). The *Wilson* plaintiff brought a claim

for wrongful termination based on discrimination by CNN. *Id*. He argued, like Plaintiff here, that the First Amendment does not apply to his injury of employment discrimination. *Id*. The California Supreme Court disagreed, holding that it wasn't the discrimination (injury) that controlled, it was CNN's termination based on a violation of its policy against plagiarism. That activity was protected by the First Amendment. *Id*.

None of the cases cited by Plaintiff support her argument that only the cause of action matters. In *Manlin v. Milner*, the First Amendment protected activity was not the focus of the defendants' conduct because the plaintiff "could have omitted allegations regarding funding lawsuits and still state the same claim." 82 Cal. App. 5th 1004, 1020 (2022). Here, without Defendants' protected activity, Plaintiff's FAC would be identical to its initial complaint, which did not survive a motion to dismiss. [**Dkt. 23, 11:4-8**] *See Manlin*, *Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1063 (2017) ("Plaintiff could have omitted allegations regarding communicative acts or filing a grievance and still state the same claims.")

Next, *City of Cotati v. Cashman* ("*Cotati*") held that "the statutory phrase 'cause of action ... arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech." 29 Cal. 4th 69, 78 (2002). Here, Defendants' acts all arise from the movie making process.

*Cotati* also rejects Plaintiff's argument that an Anti-SLAPP motion may only be brought where a party's claim has the intent to chill protected activity. [Dkt. 40, 8:12-14]; *Cotati*, 29 Cal. 4th at 74 ("the anti-SLAPP statute, construed in accordance with its plain language, incorporates no intent-to-chill pleading or proof requirement.")

Finally, Plaintiff relies heavily on *Navellier v. Sletten*, 29 Cal. 4th 82, 90, (2002) for the notion that Defendants' role in the movie making process is only "triggering" activity. However, *Navellier* reinforces that the "definitional focus"

6

of the Anti-SLAPP statute is "not the form of Plaintiff's cause of action but rather the defendant's activity." *Id.* at 92. *Navellier* also holds applying the Anti-SLAPP statute would *not* allow the movie industry (or any other industry) to escape liability in wage and hour claims. It simply requires claims implicating First Amendment activity have some "minimal merit," which Plaintiff lacks here. *Id.* at 93.

### B. The Only Allegations Against Miller and Strike 3 Arise from Protected Activity.

The California Supreme Court rejected Plaintiff's argument the protected speech is "incidental to the imputation of liability": [**Dkt. 40, 16:4-6**]

> When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached.

*Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016).

Regarding Miller, Plaintiff incorrectly argues it is "his role as CEO, creator and enforcer of the same policies and procedures that caused the harm to Plaintiff" that accounts for his liability. [**Dkt. 40, 16:14-17**] However, the FAC does not allege that Miller is the company's CEO. Instead, Miller is alleged to be the "Executive Director" and "Executive Producer" indicating he is involved in the moviemaking process, but not any wage and hour decisions. [**Dkt. 26, ¶¶1, 6, 12**].

Plaintiff cannot make up allegations now to support her argument. In FAC ¶18, Plaintiff alleges that Miller was responsible for policies and procedures regarding hiring and terminating professional actors, as well as their compensation. This is protected activity. *See Hunter v. CBS Broad. Inc.*, 221 Cal. App. 4th 1510, 1525, (2013) ("CBS's protected activity—employment decisions regarding its weather anchors—is not incidental to Hunter's discrimination claims; indeed, it is the very conduct on which his claims are based."); *see also Wilson v. Cable News*

*Network, Inc.*, 7 Cal.5th 871, 897, (2019) (employment termination policy regarding plagiarism held to be a protected activity).

Here, the only non-conclusory allegations against Strike 3 are that: (i) it is the parent company of VXN; (ii) the owner of the copyright for VXN and therefore the true owner of the films, photos, and other materials created by VXN; (iii) and that STRIKE 3 owns, distributes, and produces pornographic films, images, and materials created by VXN. [**Dkt. 26 ¶¶ 13, 19**] The first allegation is false. Plaintiff apparently failed to review Defendants' Rule 7.1 Disclosure Statement. [**Dkt. 4**] All of the other allegations are First Amendment protected activity and without them Plaintiff's joint liability allegations are insufficient as this Court previously ruled.

### C. Plaintiff Fails to Demonstrate a Probability of Prevailing on the Merits.

Plaintiff's Opposition attempts to resuscitate the FAC's conclusory joint liability *allegations* by invoking the FAC's passing references to joint employer liability and Labor Code § 558.1. *See* FAC, at ¶¶ 12, 18, 23. However, given the FAC's factually deficient and conclusory allegations, Plaintiff fails to demonstrate a probability of succeeding on the merits. *See Woulfe*, 2022 WL 1821609, at *2 (Complaint must be "legally sufficient and supported by a sufficient prima facie showing of facts" to establish probability of success.)

#### 1. Plaintiff Fails to Demonstrate a Probability of Prevailing against Miller.

##### a) The FAC Fails to Adequately Plead Liability under Section 558.1 Against Miller.

The FAC purports to impute liability on Miller by invoking section 558.1 of the Labor Code. [**Dkt. 26, at ¶¶ 12, 18**] Section 558.1 provides in pertinent part:

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

"(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated [specified Labor Code provisions or Wage Orders] may be held liable as the employer for such violation.

However, section 558.1 is not a strict liability statute. To hold an "owner, director, or managing agent" liable under Section 558.1, a plaintiff must allege facts showing the individual defendant was engaged in "individual wrongdoing" in the context of the alleged violations. *See Plaksin v. NewSight Reality, Inc.*, No. 2:19-cv-00458-RGK-SS, 2019 WL 4316255 at p. *4 (C.D. Cal., Apr. 30, 2019) (dismissing Labor Code claims against an individual defendant because "allegations pertain[ed] only to [his] role as a corporate officer," and included no "allegation of individual wrongdoing".) "District courts in this Circuit have dismissed claims premised on liability under Section 558.1 where plaintiffs failed to allege specific facts to establish that the individual Defendant was personally involved in the alleged violations." *Rios v. Linn Star Transfer, Inc.*, No. 19-CV-07009-JSC, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020) (internal quotation omitted).

Plaintiff cannot simply impute liability to an "owner, director, or managing agent" by virtue of their position – specific facts must be alleged that establish personal involvement in *specific* alleged violations. *North v. Superior Hauling & Fast Transit, Inc*, 2019 WL 8163808, at *4 (C.D. Cal. Aug. 23, 2019). *See also*, *Carter v. Raisier-CA, LLC*, 2017 WL 4098858, at *5 (N.D. Sept. 15, 2017), aff'd, 724 F. App'x 586 (9th Cir. 2018) ("Plaintiff must allege specific facts to establish that Kalanick was personally involved in the alleged violations, including withholding Plaintiff's minimum wage and overtime compensation"); *Jacobs v. Sustainability Partners LLC*, 2020 WL 5593200, at *13 (N.D. Cal., Sept. 18, 2020) (same); *Plaksin*, 2019 WL 4316255, at *5 (C.D. Cal. Apr. 30, 2019) (same).

Here, the FAC summarily alleges that Miller "violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions."

9

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

[**Dkt**. **26, at ¶ 18**]. Yet, Plaintiff fails to plead any *facts* implicating Miller in any specific alleged violation. Rather, Plaintiff broadly equates Miller's performance of routine corporate duties such as hiring and policy enforcement to liability for all of Plaintiff's causes of action. *See Rios*, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020) ("[T]he allegations are conclusory and rely solely on the Individual Defendants' respective positions 'as owners, directors, officers and/or managing agents of [the employer] who violated, and/or caused to be violated, the various California wage-hour laws at issue in this case.' That is not sufficient to survive dismissal.")

Alleging that Miller violated or caused to be violated Labor Code provisions without stating in *which* violations Miller was "personally involved," or alleging the actual nature of Miller's involvement, is a mere legal conclusion, and in the absence of any supporting facts, that legal conclusion does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (noting that dismissal is warranted where a complaint offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action," or "tenders naked assertion[s] devoid of further factual enhancement".)

Here, the FAC's factual allegations against Miller are unrelated to any alleged Labor Code violation and therefore insufficient to establish liability under Section 558.1. Indeed, the FAC's allegations that Miller engaged in on-set producing, selected talent, directed scenes, and chose outfits (*See* **Dkt. 26, ¶ 12**) all implicate First Amendment rights of free speech and expression. These allegations demonstrate the necessity of Defendants' Anti-SLAPP motion without implicating Miller in any Labor Code violation. Thus, Plaintiff cannot demonstrate a probability of prevailing against Miller pursuant to Section 558.1 for any specific claim.

b) **The FAC Fails to Adequately Plead General Joint Liability and Joint Employer Liability Against Miller.**

Plaintiff's contention that Miller is liable under general joint liability theory, [**Dkt. 40, at 19**] fails because failures to comply with labor code provisions do not qualify as tortious conduct. *Reynolds v. Bement,* 36 Cal. 4th 1075, 1090 (2005) (abrogated by *Martinez v. Combs*, 49 Cal. 4th 35 (2010) on separate grounds). Further, "Plaintiff's boilerplate allegations of conspiracy do not alter the situation" because corporate directors cannot "conspire with their employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Id.* (internal quotations omitted). Here, the FAC does not allege that Miller acted outside his corporate role. Thus, there is no basis to impose vicarious liability. "Under such circumstances, California courts have declined to allow actions such as this one to proceed." *Id.*

Plaintiff's attempt to establish joint employer liability against Miller likewise fails because the FAC's factual allegations do not demonstrate that Miller "took particular action" with regard to Plaintiff "such that [Miller] could be said to have suffered or permitted Plaintiff to work or to have engaged [her] or exercised control over [her] work." *North*, 2019 WL 8163808, at *6 (C.D. Cal. Aug. 23, 2019). Here, Plaintiff merely alleges that Miller is an officer of VXN and imputes liability because he performed routine executive functions. Without more, "this does not suffice to establish an inference that [Miller] is an IWC Wage Order 'employer.'" *Id.*

c) **The FAC Fails to Adequately Plead Alter Ego Liability Against Miller.**

Plaintiff correctly asserts that "[w]hether a party is an alter ego is a question of fact[,]" citing *Leek v. Cooper*, 194 Cal.App.4th 399, 418 (2011). [**Dkt. 40, 21:20-21**]. However, *Leek* confirms that "[t]o recover on an alter ego theory, a

11
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

plaintiff…must allege sufficient facts to show a unity of interest and ownership, and an unjust result if the corporation is treated as the sole actor." *Leek* at 415. In *Leek*, allegations that an individual defendant "own[ed] all of the corporate stock and ma[de] all of the management decisions [was] insufficient to cause the court to disregard the corporate entity." *Id*.

Similarly, here, the FAC's boilerplate alter ego allegations, combined with assertions of Miller's authority as an officer of VXN fail to "show[] a unity of interest and inequitable result from treatment of the corporation as the sole actor." *Id.* Though Plaintiff claims that it would be "premature to determine whether alter-ego liability *actually* applies" [**Dkt. 40, 21:27-28**], where alter ego theory is not adequately pleaded, an alter ego defendant has no burden to "adduce evidence to negate an alter ego theory[.]" *Leek* at 416.

Since Plaintiff's FAC does not contain factual allegations demonstrating Miller's liability (i) under Section 558.1; (ii) as a joint employer; or (iii) as an indispensable alter-ego, Plaintiff cannot demonstrate a probability of success on the merits. Thus, the Court should grant the Motion and dismiss Miller.

  **2.** <u>Plaintiff Fails to Demonstrate a Probability of Prevailing against Strike 3 and GMS.</u>

   a) <u>The FAC Fails to Adequately Plead Joint Employer Liability Against Strike 3 and GMS.</u>

Plaintiff is correct that a joint employer relationship may be demonstrated by indirect control of the primary employer. [**Dkt. 40, 19:22-28**] However, the FAC fails to substantively plead that Strike 3 and GMS "exercise[] enough control" to "indirectly dictate the wages, hours, or working conditions of" Plaintiff. *Medina v. Equilon Enterprises, LLC*, 68 Cal.App.5th 868, 879 (2021).

The *Medina* court found a joint employer relationship between a gas station owner and separate operators where: (i) the owner mandated operating hours;

(ii) deviation from the owner's policies were prohibited; and (iii) violation of the owner's policies was a fireable offense. *See Mattison v. Loma Linda Univ. Med. Ctr.*, 2023 WL 4157466, at *12 (C.D. Cal. Apr. 6, 2023) (summarizing *Medina*). Here, Plaintiff summarily claims that Strike 3, by operating as a copyright holding company, and GMS, by operating as a film distributor, exert control over VXN. [**Dkt. 40, at pp. 20-21**].

As with Miller, these allegations demonstrate the necessity of Defendants' Anti-SLAPP Motion, rather than showing that Strike 3 or GMS *indirectly* dictated Plaintiff's wages, hours, or working conditions. *See Henderson v. Equilon Enterprises, LLC*, 40 Cal.App. 5th 1111, 1120 (2019) ("While Shell exercised control over ARS, and ARS exercised control over the plaintiff, the plaintiff did not explain how Shell exercised control over her own working conditions.").

Plaintiff argues that without Strike 3 to manage its copyrights and without GMS to distribute its films, VXN would be unable to operate, [**FAC, ¶ 20**], but the mere fact VXN engages with separate entities to distribute its films and manage its intellectual property does not substantiate Plaintiff's joint employer liability theory. *See St. Myers v. Dignity Health*, 44 Cal.App.5th 301, 314 ("[A] medical clinic needs power and water to operate, but that does not make utility companies 'health facilities' under the statute.").

        b)    <u>The FAC Fails to Adequately Plead Alter Ego Liability Against Strike 3 and GMS.</u>

Plaintiff's alter-ego allegations against Strike 3 and GMS suffer from the same deficiencies as those against Miller. Namely, the FAC fails to allege sufficient facts showing (i) unity of interest; and (ii) an inequitable result absent the joinder of Strike 3 and GMS. Because the FAC's alter ego allegations are factually deficient and conclusory, Strike 3 and GMS need not adduce evidence to the contrary. *Leek*, 194 Cal.App.4th 399, 416. Further, the FAC fails to demonstrate

13

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

prejudice in the absence of their joinder. *See Gastelo v. Portables Choice Grp. LLC*, No. 223CV07335CASAJRX, 2023 WL 7327433, at *6 (C.D. Cal. Nov. 6, 2023) (prejudice only exists if a proposed defendant is "crucial to the case.") Accordingly, Plaintiff cannot demonstrate a likelihood of prevailing on the merits against Strike 3 and GMS on the basis of either alter ego or joint employer theories of liability. Thus, this Court should grant the Motion and dismiss Strike 3 and GMS.

## IV.     CONCLUSION

For the foregoing reasons, the Anti-SLAPP Defendants request the Court grant this Motion.

Dated: December 22, 2023               Respectfully submitted,

                                                              KANE LAW FIRM

                                               By:  */s/ Brad S. Kane*
                                                    Brad Kane
                                                    Eric Clopper
                                                    Attorneys for Defendants
                                                    VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

14
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,000 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Motions.

Dated: December 22, 2023      By:   */s/ Brad S. Kane*
                                    Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on December 22, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: December 22, 2023      By:   */s/ Brad S. Kane*
                                    Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

15
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR ANTI-SLAPP MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT