**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**STRIKE 3 HOLDINGS, LLC'S, GENERAL MEDIA SYSTEMS, LLC's, AND MIKE MILLER'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [Dkt. 40-1] AND OBJECTION TO THE DECLARATION OF SARAH COHEN [Dkt. 40-4]**<br><br>Date:    January 5, 2024<br>Time:    1:30 pm or later<br>Courtroom:  9B<br><br>[*Filed concurrently with Reply Brief in Support of Anti-SLAPP Motion; and Request For Judicial Notice*]<br><br>Complaint Filed:  April 20, 2023<br>Removed:         June 21, 2023 |

## STRIKE 3 HOLDINGS, LLC'S, GENERAL MEDIA SYSTEMS, LLC's, AND MIKE MILLER'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND OBJECTION TO THE DECLARATION OF SARAH COHEN

### I. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED.

Plaintiff's request for judicial notice should be denied because Plaintiff's counsel filed a declaration containing false and misleading statements in support of it, and the documents she requests to be judicially noticed are either: (i) hearsay, or (ii) case law that has been overturned on appeal. First, the LA Times article consists almost entirely of false and inflammatory allegations about Defendant Strike 3. Second, the D.C. District Court Opinion was overturned on appeal by the United States Court of Appeals for the District of Columbia for "abuse of discretion" on three separate grounds, including the District Court "drawing unsupported, negative inferences against Strike 3 regarding its litigation tactics". *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203 (D.C. Cir. 2020).

There are four clear misrepresentations in Cohen's declaration:

### A. Misrepresentation #1: "Defendant STRIKE 3 is known to file dozens of frivolous lawsuits" [Dkt. 40-4 ¶2]

There are hundreds of published court decisions, including in this Court, that have found Strike 3's claims survive 12(b)(6), are not meritless, and that Strike 3 has not done anything improper. *See e.g. Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39*, 370 F. Supp. 3d 478, 482 (E.D. Pa. 2019) ("The fact that the contents of the motion pictures may be distasteful to some or that infringement may be wide-spread is not a basis for closing the courthouse door to Strike 3"); *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-7014 (VEC), 2022 WL 704022, at *3 (S.D.N.Y. Mar. 8, 2022) ("this Court has seen nothing untoward in

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

how Strike 3 has proceeded in this case. …In the Court's view, [not allowing Strike 3 to proceed with its case] would be unfair, given the possibility that Defendant has infringed Plaintiff's copyright and caused Plaintiff injury."); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 12446430, at *2 (C.D. Cal. Mar. 29, 2019).

No court has ever found that Strike 3 "black mails" defendants. To the contrary, Strike 3 often invites courts to enter protective orders to protect the defendants' anonymity so that the claims can be resolved on the merits. *See, e.g., Strike 3 Holdings, LLC v. Doe*, 325 F.R.D. 499, 503 (D.D.C. 2018) ("Strike 3 Holdings has a policy 'to keep confidential the identity of not only [its] subscribers, but even those [it is] pursuing for copyright infringement,' based on its desire to protect the consumer's personal choice to view adult content.") (citation omitted); *Strike 3 Holdings, LLC v. Doe*, No. 22-9171 (TJH)(SPx), 2023 WL 4763328, at *2 (C.D. Cal. June 2, 2023) ("[P]laintiff has encouraged the court to make such a[] [protective] order.").

**B.   Misrepresentation #2: "Defendant STRIKE 3 threatens individuals with exposing them as porn watchers to the general public and with massive monetary repercussions, even though most of these lawsuits are entirely meritless... Defendant STRIKE 3 generates approximately $20 million dollars per year from these frivolous lawsuits. These suits are intended to do nothing except intimidate and blackmail individuals into paying Defendant STRIKE 3 money." [Dkt. 40-4 ¶ 3]**

This statement is also false. Strike 3 has never threatened anyone with public exposure and instead encourages defendants to proceed anonymously. Moreover, the $20 million Plaintiff's counsel claims Strike 3 annually receives from its lawsuits is absurd and not based on any actual evidence. By filing this declaration, Plaintiff's counsel is attesting to personal knowledge of such information, without

an even minimum attempt to fact check[1]. This is reckless considering even the LA Times article admitted this information is "impossible to pinpont." [Dkt. 40-3]

### C. Misrepresentation #3: "The honorable Judge Otis Wright stated that Defendant STRIKE 3's tactics are an 'extortion scheme.'" [Dkt. 40-4 ¶ 4]

Perhaps the most egregious statement in Ms. Cohen's declaration is the above. Judge Wright never "stated that Defendant STRIKE 3's tactics are an 'extortion scheme.'" [**Dkt. 40-4 ¶ 4**] The quote from Judge Wright was made over a decade ago—before Strike 3's existence—in reference to an entirely different party. *See Malibu Media, LLC v. John Does 1 through 10*, No. 12-3623 (ODW), 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012). Strike 3's cases in the Central District of California are assigned to the Honorable Judge Hatter and the Honorable Judge Pym, neither of whom have ever described Strike 3 in any matter consistent with Ms. Cohen's statements. To the contrary, Judge Pym has ruled on the exact same attacks made by Ms. Cohen and found them to be without merit.

> Defendant also argues the instant case is one of a great number of copyright infringement lawsuits brought by plaintiff, which defendant characterizes as copyright troll litigation utilizing the legal process to extract and extort settlements from defendants. Motion at 3-4, 10. Defendant argues Strike 3 has a track record of filing copyright infringement lawsuits in which it is typical for defendants to immediately pay a settlement demand to avoid litigation. See id. at 4-6. Plaintiff disputes this characterization, arguing it continues to make films and makes nearly all its revenue from sale of subscriptions, DVDs, and licenses. Opp. at 5-8. Plaintiff also argues it has pursued claims beyond early discovery across the country. Id. at 8-9.

---

[1] Local Rule 7-7 states that declarations "shall conform as far as possible to the requirements of Rule 56(c)(4)," which requires, *inter alia*, that it "must be made on personal knowledge[.]" Ms. Cohen's reliance on the article, without verifying the sources, not only vitiates her personal knowledge of the facts asserted, but also raises serious candor issues. *See* Fed. R. Civ. P. 11(b)(3); CA R. Prof. Conduct 3.3(a).

> Additionally, plaintiff contends it does not initiate settlements or send demand letters, and instead only begins settlement negotiation upon defendant's initiation. Id. at 12.
>
> The court does not find defendant's argument persuasive. **The record reflects plaintiff is primarily in the business of making movies**, not copyright litigation. While plaintiff has indeed filed many copyright infringement lawsuits, at this juncture the court has no reason to believe plaintiff will not proceed with litigation if any settlement demands are not met. As Magistrate Judge Laporte noted, there have been several instances where plaintiff actively pursued its claims after obtaining identity information from the ISPs. See Opp., Ex. B at 5-6. Thus, any accusation that plaintiff has no intention of proceeding with its claim is pure conjecture.

*Strike 3 Holdings, LLC v. Doe*, 2019 WL 12446430, at *2 (C.D. Cal. Mar. 29, 2019).

Paragraphs 5-10, [**Dkt. 40-4 ¶¶ 5-10**], of Ms. Cohen's declaration rely on Judge Lamberth's opinion that was overturned on appeal by the United States Court of Appeals for the District of Columbia on the "abuse of discretion" standard on every ground. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020). ("While district courts enjoy substantial discretion with respect to discovery matters, that discretion is not unbounded. We hold that the district court abused its discretion by assigning improper weight to what it viewed as the 'aberrantly salacious nature' of Strike 3's films, by concluding that Strike 3 could not state a plausible claim for infringement against the IP address subscriber, and by drawing unsupported, negative inferences against Strike 3 regarding its litigation tactics.")

Prior to its reversal, that Opinion was "heavily criticized and rarely followed." *See Strike 3 Holdings, LLC v. Doe*, No. 19-723 (JCS), 2019 WL 2996428, at *2 (N.D. Cal. July 9, 2019) (citing *Strike 3 Holdings, LLC v. Doe*, No. 18-2637 (MCE)(CKD), 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019)).

Consistent with the above, courts have rejected requests for judicial notice for news articles in Strike 3's cases because they constitute hearsay. *See Strike 3 Holdings, LLC v. Doe*, No. 19-CV-00723-JCS, 2019 WL 2996428, at *2 (N.D. Cal. July 9, 2019) ("Doe's request for judicial notice of the 2011 article is denied. Even assuming for the sake of argument that the Court could take notice of the article's existence, judicial notice would not be appropriate for the truth of the article's contents.")

As set forth above, the Court should not accept the "truth of the article's content" because it is not true. Plaintiff's counsel's declaration does not make it true. Instead, Plaintiff's counsel's declaration calls into question her own due diligence regarding the Court's local rules, Rule 11, and professional responsibility requirements.[2] Strike 3's copyright anti-piracy litigation is not relevant to whether it should be sanctioned for filing an Anti-SLAPP motion to protect its First Amendment rights. As such, it does not follow that Plaintiff's counsel would suggest that one form of unrelated protected activity (filing lawsuits to protect Strike 3's copyrights from theft) should therefore lead this Court to "punish" Strike 3 for asserting First Amendment rights in this case. [**Dkt. 40, 20**].

## II. THE COURT SHOULD DECLINE TO CONSIDER PLAINTIFF REQUEST FOR JUDICIAL NOTICE AND MS. COHEN'S DECLARATION AS THE ANTI-SLAPP MOTION IS MADE ON RULE 12(B)(6) GROUNDS.

"[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard[.]" *Planned Parenthood Fed'n of Am. v. Ctr. for Med.*

---

[2] The Anti-SLAPP Defendants note that: (i) under Local Rule 83-3.1.2 counsel must comply with the California Rules of Professional Conduct ("RPC"); (ii) RPC Rule 3.3 and Comment 3 make clear that counsel shall not cite as "authority a decision that has been overruled"; and (iii) Local Rule 83-7 authorizes this Court to impose sanctions for such misconduct.

*Progress*, 890 F.3d 828, 834 (9th Cir. 2018) "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Based on the above authorities, the Federal District Court declined to consider a declaration in opposition to an Anti-SLAPP motion, "because the Court cannot consider the declaration in deciding the motion to strike." *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 931 (C.D. Cal. 2022).

### III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiff's Request for Judicial Notice [**Dkt. 40-1**], decline to consider Ms. Cohen's Declaration [**Dkt. 40-4**] and sanction Plaintiff's counsel for (i) making false assertions of fact on personal knowledge (i.e., Strike 3 generates over $20 million per year in copyright lawsuits); and (ii) proffering a District Court opinion that was overruled on every ground, without informing the Court of this important fact.

Dated: December 22, 2023

Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Eric Clopper
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller