1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

MACKENZIE ANNE THOMA, a.k.a.
KENZIE ANNE, an individual and on
behalf of all others similarly situated,

      Plaintiff,

v.

VXN GROUP LLC, a Delaware
limited liability company; STRIKE 3
HOLDINGS, LLC, a Delaware limited
liability company; GENERAL MEDIA
SYSTEMS, LLC, a Delaware limited
liability company; MIKE MILLER, an
individual; and DOES 1 to 100,
inclusive,

      Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:       April 26, 2024
Time:      1:30 pm or later
Courtroom:  9B

[*Filed concurrently with Declaration of Brad S. Kane; [Proposed] Order*]

Complaint Filed:  April 20, 2023
Removed:      June 21, 2023

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 26, 2024, at 1:30 pm or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu, Defendants VXN Group, LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, "Defendants") will and hereby do move for an order dismissing MACKENZIE ANNE THOMA's ("Plaintiff") Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## MOTION TO DISMISS

Under Rule 12(b)(6), Defendants move to dismiss the Alter Ego allegations from the SAC because Plaintiff fails to plausibly implicate the non-VXN Defendants: Strike 3 Holdings, LLC, General Media Systems, LLC, and Mike Miller.

Defendants also move to dismiss three causes of action from Plaintiff's SAC for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6):

- Claim # 2: Failure to Pay Minimum Wages;
- Claim # 6: Wage Statement Violations; and
- Claim # 7: Failure to Indemnify.

Under Local Rule 7-3, Defendants' counsel Brad Kane ("Kane") and Eric Clopper ("Clopper") met and conferred with Plaintiff's counsel Sarah Cohen ("Cohen") and Rafael Yedoyan ("Yedoyan") on March 7, 2024. [**Declaration of Brad S. Kane ("BSK Decl."), ₱ 2**] The parties discussed at length Plaintiff's anticipated new allegations in the SAC based on: (i) the Court's February 16, 2024 ruling; and (ii) issues successfully raised in Defendants' Motion to Dismiss

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's First Amended Complaint. [**BSK Decl. ⁋ 3**] During this meet and confer, both sides discussed the outstanding pleading issues to be resolved by this Court, including: (i) Plaintiff's alter ego allegations; (ii) Plaintiff's failure to meet the *Landers* standard to state a minimum wage claim; (iii) Plaintiff's new claim that she never received wage statements, which directly contradict allegations in both the Complaint and the FAC; and (iv) Plaintiff's failure to plead one example when Defendants refused to provide a necessary work-related reimbursement pursuant to this Court's order dismissing the FAC. [**BSK Decl., ⁋ 4**] The parties were unable to reach any agreements during this meeting. [**BSK Decl., ⁋ 4**]. On March 20, 2024, Defendants' counsel emailed Plaintiff's counsel to try and meet and confer once more prior to Defendants filing this motion, but neither Cohen nor Yedoyan responded to Defendants' counsel's additional invitation to confer. [**BSK Decl., ⁋ 4**]

Defendants' motion is based on this notice of motion and motion, the attached memorandum of points and authorities filed in support of this motion, the declaration of Brad S. Kane in support of this motion, on all the pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

Dated: March 22, 2024          Respectfully submitted,

KANE LAW FIRM

By:   */s/ Brad S. Kane*
          Brad S. Kane
          Eric Clopper
          Trey Brown
          Attorneys for Defendants
          VXN Group LLC; Strike 3
          Holdings, LLC; General Media
          Systems, LLC; and Mike Miller

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION .................................................................................... 1

II.   THE COURT SHOULD DISMISS THE NON-VXN DEFENDANTS SINCE PLAINTIFF STILL HAS NOT PLAUSIBLY PLED ALTER-EGO LIABILITY AGAINT THEM. ..................................................................... 3

   A.   Plaintiff's *New* Miller Alter Ego Allegations Justify Dismissal Without Leave To Amend. ................................................................. 4

   B.   Plaintiff's *New* Strike 3 Alter Ego Allegations Justify Dismissal Without Leave To Amend. ................................................................. 7

   C.   Plaintiff's *New* General Media Alter Ego Allegations Justify Dismissal Without Leave To Amend. ................................................. 8

III.  THE COURT SHOULD DISMISS PLAINTIFF'S FAILURE TO PAY MINIMUM WAGE CLAIM (COUNT 2) WITHOUT LEAVE TO AMEND. .................................................................................................... 9

   A.   Plaintiff Refuses To Identify A Given Workweek Where Plaintiff Worked More Than Forty Hours Without Compensation................... 10

   B.   Plaintiff Cannot Artfully Plead Around The Court's Instructions By Using "And/Or". ............................................................................. 11

IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY AND INCONSISTENT INACCURATE WAGE STATEMENT CLAIM (COUNT 6) WITHOUT LEAVE TO AMEND. ......................................... 12

   A.   Plaintiff's Directly Inconsistent Allegations Render Her Allegations Implausible.......................................................................................... 13

   B.   Plaintiff's Allegations Also Contradict The Context Of The SAC. ...... 14

V.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR FAILURE TO INDEMNIFY (COUNT 7) WITHOUT LEAVE TO AMEND. ........... 15

   A.   Plaintiff Did Not Plead a Single Instance of Being Refused Work-Related Expense Reimbursement.......................................................... 16

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

B.    Plaintiff's *Constructive Knowledge* Allegations Do Not Cure Plaintiff's Failure To Plead That Defendants Refused Her Request For Reimbursement. ................................................................18

C.    Since None Of Plaintiff's Alleged Work Expenses Were Necessary Or Unique To Defendants, The Court Should Dismiss Count 7 Without Leave To Amend. ................................................................18

VI.   CONCLUSION ............................................................21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# **TABLE OF AUTHORITIES**

<u>**CASES**</u>                                                                    <u>**PAGE**</u>

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595, 600 (9th Cir. 2014)...........................................................2, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................2, 5, 13, 17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................1, 5, 13

*Brecher v. Citigroup Glob. Markets, Inc.*,
    No. 3:09-CV-1322 AJB MDD, 2011 WL 3475299 (S.D. Cal. Aug 8, 2011)..17

*Cole v. Sunnyvale*,
    No. C–08–05017 RMW, 2010 WL 532428 (N.D.Cal. Feb.9, 2010)..............13

*Ellsworth v. Schneider Nat'l Carriers, Inc.*,
    No. 220CV01699SBSPX, 2020 WL 8773059 (C.D. Cal. Dec. 11,
    2020) ...................................................................................15, 16, 21

*Employers' Mut. Liab. Ins. Co. of Wisconsin v. Tollefsen*,
    219 Wis. 434 (1935) ...............................................................................11

*Ettedgui v. WB Studio Enterprises Inc.*,
    No. 2:20-CV-8053-MCS-MAA, 2020 WL 9256608 (C.D. Cal. Dec. 28,
    2020) ...................................................................................................19

*Gerritsen v. Warner Bros. Ent. Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015)...................................................9

*Giannetta v. Marmel*,
    No. 20-1410, 2021 WL 2954076 (C.D. Cal. May 25, 2021) ..........................3

*Hernandez v. Christensen Bros. Gen. Eng'g, Inc.*,
    670 F.Supp 3d 996 (C.D. Cal. 2023).........................................................20

*Herrera v. Zumiez, Inc.*,
    953 F.3d 1063 (9th Cir. 2020)...................................................................19

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iii

*Hines v. Constellis Integrated Risk Management Servs.*,
  No. CV 20-6782-PA-PLA, 2020 WL 5764400 (C.D. Cal. Sept. 25, 2020) ............................................................................... 12, 14

*Hubert v. Equinox Holdings, Inc.*,
  No. CV210086PSGJEMX, 2022 WL 1591331 (C.D. Cal. Mar. 15, 2022) ..... 19

*Imada v. City of Hercules*,
  183 F.3d 1294 (9th Cir. 1998) ........................................................ 20

*In re Packaged Seafood Prod. Antitrust Litig.*,
  242 F. Supp. 3d 1033 (S.D. Cal. 2017) ........................................ 6, 8, 9

*Joe Hand Promotions, Inc. v. Creative Ent., LLC*,
  978 F. Supp. 2d 1236 (M.D. Fla. 2013) ............................................ 11

*Lemus v. Denny's Inc.*,
  617 F. App'x 701 (9th Cir. 2015) .................................................... 20

*Lennard v. Yeung*,
  No. 10-9322 (MMM)(AGRx), 2012 WL 13006214 (C.D. Cal. Feb. 23, 2012) ..................................................................................... 3, 4

*Maldonado v. Epsilon Plastics, Inc.*,
  22 Cal.App.5th 1308 (2018) .......................................................... 14

*Monzon v. Cnty. of San Diego*,
  2023 WL 5618945 (S.D. Cal. Aug. 30, 2023) ................................... 10

*Morales v. Paschen Mgmt. Corp.*,
  No. CV192505MWFGJSX, 2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) ... 18

*Morillion v. Royal Packing Co.*,
  22 Cal.4th 575 (2000) ................................................................. 19

*Nelson v. Dollar Tree Stores, Inc.*,
  No. 2:11-CV-01334 JAM, 2011 WL 3568498 (E.D. Cal. Aug. 15, 2011) ...... 18

*Ovation Toys Co. v. Only Hearts Club*,
  675 F. App'x 721 (9th Cir. 2017) ..................................................... 3

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

*Pauley v. CF Ent.*,
    773 F. App'x 357 (9th Cir. 2019) ..................................................................... 21

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
    631 F.3d 436 (7th Cir. 2011) ............................................................................. 4

*Reddy v. Litton Industries, Inc.*,
    912 F.2d 291 (9th Cir. 1990) ........................................................................... 15

*Sagastume v. Psychemedics Corp.*,
    No. CV 20-6624 (GJSX), 2021 WL 3932299 (C.D. Cal. Feb. 16, 2021) .. 20, 21

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013) ........................................................ 4, 9, 12, 18

*Visser v. Caribbean Cruise Lines, Inc.*,
    No. 1:13-CV-1029, 2014 WL 12921353 (W.D. Mich. Apr. 4, 2014) ............ 11

*Wady v. Provident Life & Accident Ins. Co. of Am.*,
    216 F. Supp. 2d 1060 (C.D. Cal. 2002) ............................................................ 7

*Xyience Beverage Co., LLC v. Statewide Beverage Co., Inc.*,
    No. CV 15–02513 MMM, 2015 WL 13333486 (C.D. Cal. Sept. 24, 2015) . 6, 8

**STATUTES**

Labor Code § 226 ....................................................................................... 12, 14

Labor Code § 2802 ................................................................................ 18, 20, 21

**RULES**

FED. R. CIV. P. 8 .............................................................................................. 18

Fed. R. Civ. P. 11(b) ....................................................................................... 11

FED. R. CIV. P. 12(b) ....................................................................................... 13

**OTHER AUTHORITIES**

BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE
    45 (3d ed. 2009) .......................................................................................... 11

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

v

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This putative class action arises from Plaintiff Mackenzie Anne Thoma ("Plaintiff")'s seven remaining wage and hour-based claims against Defendants VXN Group LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively Defendants). Unfortunately, with only minor irrelevant changes, Plaintiff's counsel routinely files the same factually devoid boilerplate allegations in violation of the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and its progeny.

On February 16, 2024, the Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") without leave to amend as to: (i) Plaintiff's joint employer theory; and (ii) failure to timely pay wages (former Count 7). The Court also granted the Motion with leave to amend as to Plaintiff's: (i) alter ego theory against the Non-VXN Defendants; (ii) minimum wage claim – Count 2; (ii) wage statement inaccuracies claim – Count 6; and (iii) indemnity claim – renumbered as Count 7 in Plaintiff's Second Amended Complaint ("SAC").

First, the Court should dismiss without leave to amend Plaintiff's remaining alter ego allegations against the Non-VXN Defendants. Plaintiff once again does *not plausibly plead* non-conclusory *facts* that, if true, would satisfy alter ego's two required elements: (i) a "unity of interest and ownership" that the entities are in fact one and the same; and (ii) an "inequitable result" would follow if only VXN were found liable. [**Dkt. 49, at 13:21-14:2**] Instead, Plaintiff's *new* allegations are merely rephrased, *pre-existing*, and factually devoid conclusions stripped of the qualifier "*Plaintiff is informed and believes*".

Second, the Court should dismiss without leave to amend Plaintiff's minimum wage claim – Count 2. Here, despite this Court's express instructions

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

that Plaintiff "allege that Plaintiff herself 'worked more than forty hours in a given workweek without being compensated . . .'" [**Dkt. 49, 12:1-5**], Plaintiff knowingly refused to do so. Instead, Plaintiff adds only generalized allegations that she and the putative class were not paid overtime and/or minimum wage during some *unspecified* work weeks.

Third, the Court should dismiss without leave to amend Plaintiff's wage statement inaccuracies claim – Count 6. Despite the Court giving Plaintiff leave to plead facts showing a factual exemplar of the inaccurate wage statements she allegedly received "at times," instead, Plaintiff now alleges for the first time that she never received wage statements "at all". Post-*Iqbal* and *Twombly*, the Ninth Circuit held that "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

Finally, the Court should dismiss without leave to amend Plaintiff's failure to indemnify claim – renumbered as Count 7. The Court gave Plaintiff leave to amend to plead "non-conclusory facts showing that Plaintiff sought reimbursement" of work-related expense. [**Dkt. 49, at 13-16**] Instead of alleging non-conclusory facts to support her reimbursement claim, Plaintiff's only added allegation is that that Defendants had "constructive knowledge" of these work-related expenses. The Court already rejected Plaintiff's "constructive knowledge" argument during the January 5, 2024 oral argument.

As a result of the SAC's incurable deficiencies, Defendants' respectfully request that the Court grant Defendants' Motion without leave to amend as to: (i) the alter ego allegations against Miller, Strike 3, and General Media; (ii) Count 2 – Failure to Pay Minimum Wage; (iii) Count 6 – Wage Statement Violations; and (iv) Count 7 – Failure to Indemnify.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

## II.     THE COURT SHOULD DISMISS THE NON-VXN DEFENDANTS SINCE PLAINTIFF STILL HAS NOT PLAUSIBLY PLED ALTER-EGO LIABILITY AGAINT THEM.

When dismissing Plaintiff's original Complaint and her First Amended Complaint ("FAC"), the Court relied on *Ovation Toys Co. v. Only Hearts Club's* articulation of California's alter ego standard:

> To state a claim of alter ego liability under California law, a plaintiff must allege "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."

675 F. App'x 721, 724 (9th Cir. 2017) (internal citations omitted). [**Dkt. 23 at 11:2-6**; **Dkt. 49, at 13:21-26**]¹

To keep the non-VXN Defendants  in this action, Plaintiff "must allege *specific* facts *supporting both of the elements* of alter ego liability." *Lennard v. Yeung*, No. 10-9322 (MMM)(AGRx), 2012 WL 13006214, at *7 (C.D. Cal. Feb. 23, 2012) (citations omitted) (emphasis added); *see also id.* at 8 ("Although the paragraph[s] [are] significantly longer, much of it either parrots the legal standard or adds conclusory allegations that provide no further support for [Plaintiff's] alter ego claim.").

Here, Plaintiff's SAC still fails to plead *facts* justifying the "extreme remedy" of alter ego liability against the non-VXN Defendants. *See Giannetta v. Marmel*, No. 20-1410, 2021 WL 2954076, at *2 (C.D. Cal. May 25, 2021) (alter-ego is a "sparingly used" "extreme remedy") (internal citations omitted).

---

¹ Since Plaintiff failed to plead any additional alter ego allegations against the "Doe" Defendants, the Court should dismiss the Doe Defendants with prejudice. [*See* **Dkt. 49, at 13–14**]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Specifically, Plaintiff does *not plausibly plead* non-conclusory *facts* that, if true, would establish that: (i) all the Defendants have such a "unity of interest and ownership" that the entities are in fact one and the same; and (ii) an "inequitable result" would follow if only VXN were found liable for any alleged violation of California's Labor Code.[2] *Lennard*, 2012 WL 13006214, at *8.

Since Plaintiff has failed three times to plausibly allege both elements of *alter ego* liability, the three non-VXN Defendants should be dismissed without leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend after multiple unsuccessful attempts).

### A. Plaintiff's *New* Miller Alter Ego Allegations Justify Dismissal Without Leave To Amend.

As an initial matter, Plaintiff's *new* Miller alter ego allegations are only relevant to Plaintiff's already dismissed *joint employer* liability theory, not Plaintiff's *alter ego* theory. In fact, Plaintiff's amendments do *not* address the correct factors: (i) unity of interest; and (ii) inequitable result. Rather, Plaintiff's *new* allegations are mere restatements of *pre-existing* and factually devoid conclusions stripped of the qualifier "*informed and believes*":[3]

---

[2] To the contrary, Plaintiff admits that VXN is a "powerful, lucrative, and well-known . . . company". [**Dkt. 53, at 3:1-2**] Plaintiff's admission that VXN has a profitable business means there are no facts pled supporting the inference that VXN would be unable to pay liabilities arising from this class action.

[3] Plaintiff's decision to both: (i) leave in the SAC the FAC's "on information and belief" allegations; and (ii) re-allege them without the qualifier "on information and belief" raises serious plausibility questions. Normally, "[w]hen a plaintiff sets out allegations on information and belief, [s]he is representing that [s]he has a good-faith reason for believing what [s]he is saying, but acknowledging that [her] allegations are "based on secondhand information that [she] believes to be true." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011). Here, Plaintiff simultaneously disclaiming and claiming personal knowledge of the same facts undermines the plausibility of her allegations.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i.    *Compare* new SAC allegation - "MILLER directly created the policies that led to the violations alleged herein", [**Dkt. 53-1, at 5:25-26**], *with* FAC – *"Plaintiff is further informed and believes that* MILLER directly created the policies and procedures put forth by VXN GROUP; [**Dkt. 53-1, at 9:3-4**]

ii.   *Compare* new SAC allegation - "MILLER had direct control over the wages . . .", [**Dkt. 53-1, at 5:26-27**], *with* FAC – *"Plaintiff is informed and believes that* Miller is engaged in the decisions to . . . determine [Plaintiff's and Class Members'] compensation." [**Dkt. 53-1, at 8:28-9:3**];

iii.  *Compare* new SAC allegation - "MILLER was involved in the decision-making process to intentionally misclassify Plaintiff", [**Dkt. 53-1, at 5:28-6:1**], *with* FAC – *"Plaintiff is further informed and believes that* MILLER directly created the policies and procedures put forth by VXN GROUP."; [**DKT 53-1, at 9:3-4**]; and

iv.   *Compare* new SAC - "MILLER also controlled working conditions", including directing scenes, selecting outfits, approving body modifications, casting, hours worked, locations, and "played a part in denying Plaintiff meal and rest breaks"; [**Dkt. 53-1, at 6:3-13**], *with* FAC – *"Plaintiff is informed and believes that* MILLER . . . supervises the performance of Plaintiff and Class Members, and has the ability to discipline them, as he was often present on set and reprimanded Plaintiff and Class Members for not complying with VXN GROUP's policies and procedures." [**Dkt. 53-1, at 9:4-9**];

Even if Plaintiff's "*new*" allegations were relevant to Miller's purported alter ego liability, those allegations still amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, Plaintiff's repackaging previously rejected FAC allegations as *new* allegations

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

supporting *alter ego* liability demonstrates the futility of further amendments.[4]

In sum, Plaintiff's *new* allegations against Miller are not even a serious effort to allege the "critical" facts required for Miller to be liable under the first element of the *alter ego* theory. *See Xyience Beverage Co., LLC v. Statewide Beverage Co., Inc.*, No. CV 15–02513 MMM (AJWx), 2015 WL 13333486, at *8 (C.D. Cal. Sept. 24, 2015) (dismissing alter ego allegations for failing to plead in a non-conclusory manner the "critical" alter ego allegations of: (i) inadequate capitalization; (ii) commingling of assets; and (iii) disregard of corporate formalities). Thus, Plaintiff has again failed to plausibly allege the first element – unity of interest.

To meet the alter ego test's second element – "an inequitable result" – Plaintiff merely alleges the bare legal standard without *any* facts: "an inequitable result would undoubtedly follow if MILLER is not held liable alongside VXN." [**Dkt. 53-1, at 6:21-22**] Bald assertions of "an inequitable result" on the third try merits dismissal without leave to amend. *See In re Packaged Seafood Prod. Antitrust Litig.* ("*Packaged Seafood*"), 242 F. Supp. 3d 1033, 1062 (S.D. Cal. 2017) (dismissing alter ego allegations where "Plaintiffs identify that an inequitable result is required in the alter ego analysis; however, they make no attempt to demonstrate how any Complaint alleges an inequitable result."). Further, Plaintiff also alleges VXN "runs a powerful, *lucrative*, and well-known adult film production company". [**Dkt. 53-1, at 3:1-2** (Emphasis added.)] Since Plaintiff failed to plausibly allege both elements of alter ego liability against Miller, the Court should dismiss Miller as a Defendant without leave to amend.

---

[4] Plaintiff's only *new* factual Miller alter ego allegation regarding Miller—that he decided who was designated a "Vixen Angel"—is equally irrelevant to Plaintiff's alter ego theory against Miller. [**Dkt. 53-1, at 6:13-15**]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**B.    Plaintiff's *New* Strike 3 Alter Ego Allegations Justify Dismissal Without Leave To Amend.**

This Court dismissed Plaintiff's prior conclusory alter ego allegations against Strike 3. [**Dkt. 49, at 13:21-22**] In the FAC, Plaintiff alleged:

> STRIKE 3 owns, distributes, and produces pornographic films, images, and materials created by VXN GROUP. STRIKE 3 was and is at all relevant times herein the copyright holder for VXN GROUP and the various films, photographs, and other materials produced by VXN GROUP. Thus, Plaintiff is informed and believes and based thereon alleges that VXN GROUP played a direct role in controlling the working conditions of Plaintiff and putative class members. [**Dkt. 26 at 6:1-6**]

In the SAC, Plaintiff adds the following repetitive amendments that fail to address the first element – unity of interest:

i.    VXN "cannot operate without [Strike 3's] copyrights and connections" [**Dkt. 53-1, at 7:1-12**];

ii.   VXN "cannot operate without the express consent of Strike 3", *id.*;

iii.  VXN "can only use these [film] materials with the express consent of Strike 3", *id.*;

iv.   VXN is "only a subsidiary of Strike 3, [and] acts as [its] general agent", *id.*; and

v.    VXN "could not operate without the use of the copyrights and materials owned by Strike 3." *Id.*

Even if Plaintiff's repetitive amendments were not conclusory, *a parent-subsidiary relationship is not enough* to invoke the extreme alter ego remedy. *See Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1068–69 (C.D. Cal. 2002) (collecting cases) (explaining that parent corporations may macro-manage and finance their subsidiaries, and even have overlapping directorates and officers, without being their subsidiaries' alter egos as long as there

7

is no "undercapitalization, commingled funds or disregard for corporate formalities" between the corporate entities). Here, since none of Plaintiff's amendments regarding Strike 3 address VXN's undercapitalization, commingled funds, or disregard of corporate formalities, Plaintiff's SAC fails to plausibly allege the first element of alter ego liability against Strike 3.

To meet the alter ego test's second element – "an inequitable result", Plaintiff again pleads nothing more than the conclusory statement that "it would be wholly inequitable if STRIKE 3 is not held liable for the actions of VXN GROUP." [**Dkt. 53-1, at 7:11-12**] As set forth above, Plaintiff's bald assertion of "an inequitable result" does not plausibly allege alter ego liability, especially where Plaintiff also alleges that VXN is "lucrative". [**Dkt. 53-1, at 3:1-2**] *See Packaged Seafood*, 242 F. Supp. 3d at 1062 (dismissing conclusory alter ego allegations because "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each"). Since Plaintiff failed to plausibly allege both elements of alter ego liability against Strike 3, the Court should dismiss Strike 3 as a Defendant without leave to amend.

## C. Plaintiff's *New* General Media Alter Ego Allegations Justify Dismissal Without Leave To Amend.

Plaintiff's new General Media alter ego allegations fatally amount to the bare allegation that General Media is VXN's shell company:

> Plaintiff is informed and believes that GENERAL MEDIA is nothing more than a shell company in the greater VIXEN MEDIA GROUP which exists only to circumvent liability.

[**Dkt. 53-1, at 11:8-11**]

Once again, Plaintiff fails to plead any of the "critical" factors to impose the extreme alter ego remedy. *See Xyience Beverage Co., LLC*, 2015 WL 13333486, at *8. Further, even if General Media were a shell, that allegation is only one of many factors courts consider when deciding whether to impose the alter ego remedy. *See*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

8

*Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1043 (C.D. Cal. 2015) (quoting *Wady*, 216 F.Supp.2d at 1066) ("Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other."). **For the third time, Plaintiff's** *"allegations insufficiently plead the first element of an alter ego claim." Id.* at 1044.

To meet the alter ego test's second element – "an inequitable result", Plaintiff again pleads nothing more than "it would be wholly inequitable in every sense of the word to not hold General Media equally liable for the violations alleged herein." [**Dkt. 53-1, at 11:11-13**] However, as set forth above, bald allegations of "an inequitable result" fail to plausibly allege that an inequitable result would follow if the corporate form is not disregarded. *Packaged Seafood*, 242 F. Supp. 3d at 1062.

In conclusion, since Plaintiff failed three times to plausibly plead both elements of alter ego liability against the non-VXN Defendants, the Court should dismiss Miller, Strike 3, and General Media without leave to amend. *See Salameh*, 726 F.3d at 1133.

## III.  THE COURT SHOULD DISMISS PLAINTIFF'S FAILURE TO PAY MINIMUM WAGE CLAIM (COUNT 2) WITHOUT LEAVE TO AMEND.

On August 30, 2023, the Court dismissed Plaintiff's original Complaint because "Thoma . . . failed to allege any facts showing she was ever entitled to minimum or overtime wages that went unpaid [**Dkt. 23, at 11:16-17** (citing *Landers'* requirement that the Plaintiff must identify a *given week* where she was not paid overtime to state a plausible minimum wage claim. 771 F.3d 638, 645 (9th Cir. 2014))]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

On February 16, 2023, this Court held that Plaintiff's FAC also failed to meet the *Landers* requirement to state a plausible minimum wage claim:

> Though Plaintiff added details regarding her minimum wage allegations, (see, e.g., FAC ¶¶ 71–72), the FAC still fails to allege that Plaintiff herself "worked more than forty hours in a given workweek without being compensated . . ." *Landers*, 771 F.3d at 645.

[**Dkt. 49, at 11:26-12:1:3**]

### A.    Plaintiff Refuses To Identify A Given Workweek Where Plaintiff Worked More Than Forty Hours Without Compensation.

Despite this Court's express instructions that Plaintiff must identify a given workweek where she worked more than forty hours without being compensated, Plaintiff refuses to do so. Instead, Plaintiff chose to add only generalized allegations that she and the putative class were not paid overtime *and/or* minimum wage during some *unspecified* work weeks:

> Plaintiff and Class members would regularly work more than eight (8) hours per day *and/or* forty (40) hours per workweek and were never paid overtime wages for this work.

[**Dkt. 53-1, at 24:15-17, 25:2-4**] (emphasis added.); *see also Landers*, 771 F.3d at 646 (dismissing plaintiff's claims for "present[ing] generalized allegations" and omitting "any detail regarding a given workweek where [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages.").]

Since *Landers*, many "other courts in this circuit have also found it too conclusory and insufficient to only allege that the plaintiff '*regularly*' worked without being adequately compensated, without more facts." *Monzon v. Cnty. of San Diego,* No. 23cv445-JES (WVG), 2023 WL 5618945, at *5-6 (S.D. Cal. Aug. 30, 2023) (allegations that minimum wage violations "*regularly*" occurred "do not meet the standard under *Landers*.") (Emphasis added).

**B.    Plaintiff Cannot Artfully Plead Around The Court's Instructions By Using "And/Or".**

Plaintiff impermissibly attempts to gain a legal advantage through artful pleading and by skirting the requirements of Fed. R. Civ. P. 11(b) by using "and/or":

> Plaintiff and Class members would regularly work more than eight (8) hours per day *and/or* forty (40) hours per workweek and were never paid overtime wages for this work.

**[Dkt. 53-1, at 24:15-17, 25:2-4]** (emphasis added.)

The use of "and/or" leads to inconsistent interpretations, including: (i) Plaintiff worked more 40 hours in a week; and (ii) Plaintiff did *not* work 40 hours in a week. Because "and/or" introduces ambiguity, the use of "and/or" has long been criticized and discouraged.

"And/or" is "neither word nor phrase, . . . now commonly used by lawyers in drafting legal documents, through carelessness or ignorance or as a cunning device to conceal rather than express meaning with view to furthering the interest of their clients." *Employers' Mut. Liab. Ins. Co. of Wisconsin v. Tollefsen*, 219 Wis. 434, 263 (1935); *see also* Bryan A. Garner, Garner's Modern American Usage 45 (3d ed. 2009) ("A legal and business expression dating from the mid–19th century, and/or has been vilified for most of its life-and rightly so. To avoid ambiguity, don't use it."); *Joe Hand Promotions, Inc. v. Creative Ent.*, LLC, 978 F. Supp. 2d 1236, 1240 (M.D. Fla. 2013) ("The Complaint's usage of several "and/or" conjunctions among other ambiguities, make the allegations against Defendants vague and ambiguous"); *Visser v. Caribbean Cruise Lines, Inc.*, No. 1:13-CV-1029, 2014 WL 12921353, at *9 (W.D. Mich. Apr. 4, 2014) ("In the March 2007 issue of the Michigan Bar Journal, Joseph Kimble identified no less than six books on legal

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1    writing that warned attorneys not to use the term and/or because of its inherent

2    ambiguity.")

3        Since Plaintiff's SAC fails to follow the Court's express instructions and

4    plausibly allege a minimum wage claim under the *Landers* standard, Plaintiff's

5    minimum wage claim should be dismissed without leave to amend. *See Salameh*,

6    726 F.3d at 1133 (affirming a district court's denial of leave to amend "where the

7    district court gave Plaintiffs specific instructions on how to amend the complaint,

8    and Plaintiffs did not comply.").

9    **IV.    THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY
         AND INCONSISTENT INACCURATE WAGE STATEMENT
10        CLAIM (COUNT 6) WITHOUT LEAVE TO AMEND.**

11        In dismissing Plaintiff's FAC's sixth cause of action for providing inaccurate

12    wage statement with leave to amend, the Court held that Plaintiff has not pled facts

13    showing a factual exemplar of any inaccurate wage statement:

14            The FAC does not provide that class members never
             received any wage statements "at all"; instead, it says that
15            class members and Plaintiff "at times" received inaccurate
             wage statements—wage statements that Plaintiff does not
16            describe in the FAC sufficiently to survive the notice
             pleading standard. (FAC, Docket No. 26 ¶¶ 117-19).
17

18

19    **[Dkt. 49, at 11:10-14]**

20        To circumvent this Court's enforcement of *Hines's* requirement that Plaintiff

21    provide an example of the "inaccurate wage statements" provided, *Plaintiff's SAC*

22    *implausibly lowers the frequency* of the alleged inaccurate wage statements

23    received by "Plaintiff and some Class Members" from *at times* to *zero*. **[Dkt. 49,**

24    **at 10:19-11:5** (citing *Hines v. Constellis Integrated Risk Management Servs.*, No.

25    CV 20-6782-PA-PLA, 2020 WL 5764400, at *6 (C.D. Cal. Sept. 25, 2020)

26    (dismissing Labor Code § 226 claim for failure to include a factual exemplar of an

27    inaccurate wage statement.); **Dkt. 53-1, at 32:10-11 and 32:25-28]**

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

### A.    Plaintiff's Directly Inconsistent Allegations Render Her Allegations Implausible.

Post-*Iqbal* and *Twombly*, the Ninth Circuit held that "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC*, 744 F.3d at 600. Further, this "court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the [SAC] plausibly suggests an entitlement to relief, as required under Iqbal[,] 129 S.Ct. at 1950." *Cole v. Sunnyvale*, No. C–08–05017 RMW, 2010 WL 532428, at *4 (N.D. Cal. Feb.9, 2010) (granting 12(b) motion without leave to amend).

Here, on April 20, 2023, Plaintiff originally filed her original class action in Superior Court, alleging that Defendants' "policies and practices . . . resulted in their failure, *at times*, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect [their wages.]" [**Dkt 45, at 29:3-4** (Plaintiff's FAC redline showing her original Complaint and FAC both listed the frequency as "*at times*") (emphasis added.)]

On July 11, 2023, Plaintiff filed her state court Private Attorney General Action alleging inaccurate wage statement violations, but *increased* the alleged frequency of the delivery of inaccurate wage statements from "at times" to a more frequent *"policy or practice"* of furnishing Plaintiffs and other class members with inaccurate wage statements:

> Defendants had and have a *policy or practice* of failing to comply with Labor Code section 226, subdivision (a) by intentionally failing to furnish Plaintiff and other Aggrieved Employees with itemized wage statements that accurately reflect [their wages.]

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

[**Ex. 1[5], at 5:11-13** (Emphasis added.); *see also* **Dkt. 19, at 1** (Defendants' Request for Judicial Notice that first identified Plaintiff's contradictory pleadings)][6]

On September 20, 2023, Plaintiff's FAC doubled down on the original class action allegation that Plaintiff received inaccurate wage statements "*at times*." [**Dkt. 45, at 29:3-4** (Plaintiff's FAC redline showing her original Complaint and FAC both listed the frequency as *at times*) (emphasis added.)] In sum, Plaintiff's first three pleadings alleged Plaintiff received inaccurate wage statements with the frequency of *at times or greater*. Now, Plaintiff's SAC inconsistently alleges that Plaintiff *never* received an inaccurate wage statement.

### B.    Plaintiff's Allegations Also Contradict The Context Of The SAC.

Plaintiff's allegations also contradict the context of the SAC itself, and are consequently, implausible. Plaintiff does not dispute or allege that she never received *any* wages. Indeed, her minimum wage and waiting time claims both derive from Defendant's alleged failure to compensate Plaintiff for "additional hours or overtime hours." [**Dkt. 53, at 24:22-23**]. Labor Code § 226 provides nine different requirements for wage statements, the first of which is "gross wages earned". However, accurate "wage statements do not violate §226(a) even if the amount paid was incorrect." *Hines*, 2020 WL 5764400, at *6*, citing, *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308, 1337 (2018).

Here, the SAC alleges that Defendants failed to provide *any* statements that reflect "gross wages earned" "among other things *whatsoever*." [**Dkt. 53, at 32:11-15**] (emphasis added). In the context of Plaintiff's implicit admission that she did receive *some* payment, the allegation that she received *no* statement indicating

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[5] All Exhibits are appended to the concurrently filed Declaration of Brad S. Kane.
[6] Plaintiff also now alleges that "some" putative class members never received wage statements, whereas "other" class members sometimes received inaccurate wage statements. [**Dkt. 53-1, at 32:9-11 and 32:18-20**] In other words, Plaintiff pleads every permutation of wage statement in a desperate bid to state a claim.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

gross wages earned is contradictory, and therefore implausible. In light of these contradictions, the Court need not accept Plaintiff's allegations as true.

Plaintiff's contradictory admission to receiving *some payments* while also receiving *no* statements displaying "gross wages earned" is a transparent attempt to avoid this Court's reasoning for its prior dismissal – that Plaintiff "has not pled facts showing a factual exemplar of any inaccurate wage statement." [**Dkt. 49 at 10:21**]. Accordingly, the Court is warranted in dismissing Count 6 without leave to amend. *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (grant of leave to amend is grounded on expectation of facts reasonably consistent with those already pled).

## V.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR FAILURE TO INDEMNIFY (COUNT 7) WITHOUT LEAVE TO AMEND.

In dismissing Plaintiff's cause of action for failure to indemnify (now Count 7),[7] this Court held:

> *The FAC still fails to plead, however, non-conclusory facts showing that Plaintiff sought reimbursement [of work expenses]*, stating only that "Defendants failed and refused, and still fail and refuse…to reimburse Plaintiff and Class Members." (Id. ¶ 136); *see, e.g., Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 220CV01699SBSPX, 2020 WL 8773059, at *9 (C.D. Cal. Dec. 11, 2020) (Plaintiff is "expected to allege—if he unsuccessfully sought reimbursement for necessary shoes" because "he would know"). Because Plaintiff's counsel represented at the hearing that Plaintiff can plead facts to cure these deficiencies, the Court GRANTS the Motion to Dismiss the [seventh] cause of action with leave to amend.

[**Dkt. 49, at 13:5-11**] (emphasis added.)

Here, the Court should dismiss Plaintiff's reimbursement claim (Count 7) without leave to amend because Plaintiff failed to plead non-conclusory facts

---

[7] The Court dismissed the prior Count 7 (failure to timely pay wages) without leave to amend. [**Dkt. 49, at 12:14-13:1**]

showing that Plaintiff: (i) unsuccessfully sought reimbursement; and (ii) Plaintiff incurred work-related expenses.

### A. Plaintiff Did Not Plead a Single Instance of Being Refused Work-Related Expense Reimbursement.

This Court dismissed Plaintiff's original reimbursement claim because her allegations were conclusory and "appear[ed] to have been wholly copied and pasted from another class action labor complaint." [**Dkt. 23, at 12:12-13:10** (dismissing Plaintiff's claim because it is implausible adult-film actors have to pay for "laundering mandatory work uniforms")].

During the January 5, 2024 hearing on Defendants' motion to dismiss Plaintiff's FAC, Plaintiff argued that:

> the law doesn't require that plaintiff actually request reimbursement.

[**Ex. 2, at 17:17-18**]

The Court rejected Plaintiff's argument explaining that the act of seeking reimbursement provides the Defendant with knowledge of the amount of reimbursement and what the reimbursement is for:

> the *Ellsworth* case suggests to me that the plaintiff does have some duty to say that they sought reimbursement. And the quote is "expected to allege if he unsuccessfully sought reimbursement for necessary shoes."

> And that's sort of part and parcel. I mean, *how are the defendants supposed to be aware of an expense?* Granted, assume for the sake of argument that -- because we are at the pleading stage, that they knew that the contract required certain personal grooming. But *they don't have any idea how much it costs each one of those, you know, sessions, you know, just pick one, costs for the plaintiff to go and have done. How are they supposed to know how much they are going to reimburse for or reimbursement the is [sic] requested for?*

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

[**Ex. 2, at 18:3-16**] (Emphasis added.)

In response, Plaintiff argued that the Defendants' constructive knowledge of a plaintiff's work-related expenses is the controlling factor and the amount of reimbursement sought should not be a determining factor:

> I understand and appreciate the Court's point, well, how much would defendants know to reimburse? I don't think that that should be a determining factor of whether the claim is entirely dismissed or not. I think the main factor to consider is that it's plausible at the pleading stage that the defendants knew that these expenses were being incurred.

[**Ex. 2, at 19:3-8**]

Now, after three attempts, *Plaintiff still fails to plead at least one specific example* where she sought reimbursement from Defendants of any mandatory work expense. Instead, contrary to the Court's order, Plaintiff makes conclusory allegations that Defendants had "constructive knowledge" of their failure to pay reimbursements to Plaintiff and putative class members:

> Plaintiff is informed and believes, and based thereon alleges, the costs incurred by Plaintiff and Class Members were a mandatory part of their work duties and thus Defendants knew or should have known Plaintiff and Class Members were incurring these costs without reimbursement. Defendants undoubtedly had constructive knowledge of the expenses incurred by Plaintiff and Class Members for work related purposes.

[**Dkt. #34-1, at ¶133**; *see also* **Dkt. #34-1, at ¶ 134** (adding further constructive knowledge allegations)] However, more than bare allegations of constructive knowledge are required to state a reimbursement claim. *See Brecher v. Citigroup Glob. Markets, Inc.*, No. 3:09-CV-1322 AJB MDD, 2011 WL 3475299, at *8 (S.D. Cal. Aug 8, 2011) (*citing Iqbal*, 556 U.S. 662, 678) (requiring more than threadbare conclusory allegations to state a claim).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Plaintiff's inability to plead a single example where Defendants refused to reimburse her for alleged work-related expenses combined with her failure to follow the Court's order justifies dismissal of this claim without leave to amend. *See Salameh*, 726 F.3d at 1133 (affirming denying motion for leave to amend after Plaintiff failed to amend the Complaint as the district court instructed).

### B. Plaintiff's *Constructive Knowledge* Allegations Do Not Cure Plaintiff's Failure To Plead That Defendants Refused Her Request For Reimbursement.

Plaintiff's addition of conclusory allegations that Defendants had "constructive knowledge" of Plaintiff's purported work-related expenses is insufficient to satisfy Rule 8. *See Morales v. Paschen Mgmt. Corp.*, No. CV 19-2505-MWF (GJSx), 2019 WL 6354396, at *11 (C.D. Cal. Sept. 27, 2019) ("As for Plaintiff's laundry allegations, the Court agrees that Plaintiff's newly added allegation that Defendants "knew or should have known" that Plaintiff incurred laundry expenses is insufficient to state a claim.") (citing *Nelson v. Dollar Tree Stores, Inc.*, No. 2:11-CV-01334 JAM, 2011 WL 3568498, at *2 (E.D. Cal. Aug. 15, 2011) ("[T]he Complaint fails to explain how or when Defendant failed to reimburse Plaintiff, or any other potential class members, for business expenses; the specific nature of the business expenses at issue; and whether and how Defendant not only acquired knowledge that such expenses were incurred by Plaintiff, or any other class members, but also willfully refused to reimburse such expenses")). Thus, for the reasons the Court articulated at oral argument, the Court should dismiss Count 7 without leave to amend.

### C. Since None Of Plaintiff's Alleged Work Expenses Were Necessary Or Unique To Defendants, The Court Should Dismiss Count 7 Without Leave To Amend.

Labor Code § 2802(a) only requires employers to reimburse their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." However, Plaintiff's SAC fails

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

to provide *any* non-conclusory factual support demonstrating the "mandatory" nature of the alleged expenses. Plaintiff alleges three types of expenses: (i) cellular phone use; (ii) mileage; or (iii) cosmetic expenses.[8]

First, the SAC provides no factual support demonstrating that Plaintiff incurred cellular phone expenses that were directly related to her work as an adult actress. [**Dkt. 53-1, at 34:3**] As with the FAC, the SAC's passing reference to "cellular phones for work related purposes," *id.*, is not enough without further well-pled facts in support. *See Ettedgui v. WB Studio Enterprises Inc.*, No. 2:20-CV-8053-MCS-MAA, 2020 WL 9256608, at *7 (C.D. Cal. Dec. 28, 2020) ("The unsupported allegation that Plaintiff and the putative classes were not reimbursed for 'expenses which included, but were not limited to, costs related to using their personal cell phones' is not enough to state an expense reimbursement claim where the FAC fails to identify, among other things, any actual work-related expenses borne by Plaintiff."); *see also Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (cell phone reimbursement claim was insufficiently pled because the plaintiff "failed to include specific, non-conclusory facts about how she made the calls or what costs she incurred.").

Second, Plaintiff's claim for mileage reimbursement, [**Dkt. 53-1, at 34:4**], fails because Plaintiff does "not contend that [she was] required to travel between [work] locations or otherwise use [her] vehicle[], and thereby incur costs, to perform [her] actual job duties." *Hubert v. Equinox Holdings, Inc.*, No. CV 21-0086 PSG (JEMx), 2022 WL 1591331, at *5 (C.D. Cal. Mar. 15, 2022). Under California law, an employee's commute from home to a work location is generally not compensable. *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 587 (2000). This

---

[8] Plaintiff's FAC also contained conclusory allegations that her purported expenses were "mandatory". [**Dkt. 26, at ¶¶ 133, 135**]

19

rule applies "regardless of whether or not the employee reports to a fixed location." *Imada v. City of Hercules*, 183 F.3d 1294, 1296 (9th Cir. 1998).

Here, Plaintiff alleges that "on one occasion" she "was required to drive to the Glass House in Joshua Tree for a shoot" lasting "more than 12 hours". [**Dkt. 53-1, at 26:25-27**] However, it is implausible that Plaintiff was driving from one work location to another given the length of the shoot and lack of allegations of other work locations on the same day. Further, Plaintiff inconsistently alleges that she "would frequent 'The Glass House' in Joshua Tree, California where a photographer would take modeling photos" in "outfits specifically chosen by" VXN. [**Dkt. 53-1, at 3:10-13**] Because Plaintiff fails to plead any facts demonstrating that she incurred mileage expenses to discharge essential duties of her job as an adult-film actress, she is not entitled to mileage reimbursement.

Third, as for Plaintiff's manicures, pedicures, and bleaching, Plaintiff provides no factual allegations demonstrating a plausible claim for relief. Instead, Plaintiff baldly asserts that such appointments were "*mandatory*". [**Dkt. 53-1, at 33:27-34:14**] (Emphasis in original.)] In general, employers are not generally required to reimburse employees for costs incurred to meet dress code requirements. *See Sagastume v. Psychemedics Corp.*, No. CV 20-6624 (GJSX), 2021 WL 3932299, at *5 (C.D. Cal. Feb. 16, 2021) (citing *Lemus v. Denny's Inc.*, 617 F. App'x 701, 703 (9th Cir. 2015)). Further, requirements that are "usual and generally usable in the occupation" are exempt from reimbursement under Labor Code § 2802. *Hernandez v. Christensen Bros. Gen. Eng'g, Inc.*, 670 F.Supp.3d 996, 1016 (C.D. Cal. 2023). Because Plaintiff provides no explanation as to why these expenses were mandatory—or were unique to VXN—the Court should dismiss Plaintiff's grooming expense claim.

Further, Plaintiff has not plausibly alleged that she undertook any cosmetic appointment in direct discharge of her duties, nor that her cosmetic expenses were

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

not generally useful in her occupation as an adult-film actress. To the contrary, Plaintiff alleges that she works with other adult entertainment companies, [**Dkt. 53-1, at 4:19-22**] As such, Defendants could not be liable for Plaintiff's grooming appointments when Plaintiff herself benefited from such cosmetic "improvements" when collaborating with Defendants' competitors. *See Sagastume*, 2021 WL 3932299, at *5 (explaining that: (i) apparel that is "generally usable" in a profession is not subject to a 2802 claim; and (ii) the parameters of a Section 2802 claim apply evenly across separate industries).

In sum, even if Plaintiff had pled that she unsuccessfully sought reimbursement under *Ellsworth,* Plaintiff's reimbursement claim still fails because the expenses she seeks reimbursement for are not unique to Defendants, are not pled with the required specify, and are not applicable to a Section 2802 claim. Since Plaintiff's claim for reimbursement cannot be cured by amendment, the Court should dismiss Count 7 without leave to amend. *See Pauley v. CF Ent*., 773 F. App'x 357, 360 (9th Cir. 2019) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants' respectfully requests the Court grant Defendants' Motion and dismiss without leave to amend: (i) the alter ego allegations against Miller, Strike 3, and General Media; (ii) Count 2 – Failure to Pay Minimum Wage; (iii) Count 6 – Wage Statement Violations, and (iv) Count 7 – Failure to Indemnify.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Dated: March 22, 2024                    Respectfully submitted,

                                         KANE LAW FIRM

                                  By:    /s/ Brad S. Kane
                                         Brad Kane
                                         Eric Clopper
                                         Trey Brown
                                         Attorneys for Defendants
                                         VXN Group LLC; Strike 3 Holdings,
                                         LLC; General Media Systems, LLC;
                                         and Mike Miller

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,135 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: March 22, 2024          By:    /s/ Brad S. Kane
                                              Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on March 22, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 22, 2024          By:    /s/ Brad S. Kane
                                              Brad Kane

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035