**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        May 17, 2024<br>Time:        1:30 pm or later<br>Courtroom:    9B<br><br><br>Complaint Filed:  April 20, 2023<br>Removed:        June 21, 2023 |

**NOTICE OF MOTION TO BIFURCATE DISCOVERY**

Pursuant to L.R. 7–4, Defendants VXN Group, LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, "Defendants") hereby file their Notice of Motion to Bifurcate ("Motion"), in support thereof state as follows:

Defendants respectfully request that the Court order that: (1) the parties engage in Phase I discovery for 120 days limited solely to (i) Plaintiff's alleged status as an employee, and (ii) the applicability of Wage Order 12's professional actor exemptions; (2) the parties file their dispositive motions regarding Phase I issues within 60 days thereafter; and (3) all other discovery and actions in this case are stayed pending the Court's decision on those dispositive motions.

Defendants' Motion is supported by the attached memorandum of points and authorities filed in support of this motion, on all the pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

Dated: April 5, 2024          Respectfully submitted,


KANE LAW FIRM

By: _/s/ Brad S. Kane_
    Brad S. Kane
    Eric Clopper
    Trey Brown
    Attorneys for Defendants
    VXN Group LLC; Strike 3
    Holdings, LLC; General Media
    Systems, LLC; and Mike Miller

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS............................................................................2

     A.   Plaintiff Seeks To Impose "Extensive" Discovery And Motion Practice Costs To Leverage Settlement. ...........................................2

     B.   Defendants Propose Limiting Phase I Discovery To Threshold Issues And Early Dispositive Motions To Secure A Just, Speedy And Inexpensive Determination...................................................................4

     C.   Adult Performers Face Stigma And Danger From Disclosure Of Their True Names And Contact Information...................................6

III.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO BIFURCATE. ..........................................................................................7

     A.   Federal Law and Policy Favor Sequencing Discovery To Allow Early And Inexpensive Determination Of Dispositive Issues. ..................7

     B.   Bifurcation of Discovery Limited To Plaintiff's Standing and the Filing of Early Dispositive Motions Is The Best Case Management Approach......................................................................................8

     C.   The Stigma And Danger Associated With Revealing Adult Performers' True Identities And Contact Information Justify Bifurcation ....................................................................................10

     D.   Defendants Proposed Phase I Discovery And Early Dispositive Motion Schedule. ....................................................................13

IV.    CONCLUSION. .....................................................................................13

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# <u>**TABLE OF AUTHORITIES**</u>

## Cases

*Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th
Cir. 1997) ................................................................................. 10

*Deleon v. Time Warner Cable LLC,* No. CV 09-2438
AG (RNBX), 2009 WL 10674767 at *2, (C.D. Cal.
Nov. 2, 2009) ............................................................................. 8

*Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007
(D. Nev. 2005); ......................................................................... 7

*Ellingson Timber Co. v. Great Northern Railway Co.*,
424 F.2d 497, 499 (9th Cir. 1970) ............................................ 7

*Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr.
Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923
(9th Cir. 2007) ........................................................................... 9

*Garcia v. Google, Inc.*, 786 F.3d 733, 745 (9th Cir.
2015) ........................................................................................ 12

*Giglio v. Monsanto Co.*, 2016 WL 4098285, at *1 (S.D.
Cal. Aug. 2, 2016) ..................................................................... 7

*Harris v. Sims Registry*, 2001 WL 78448, at *1 (N.D.
Ill. Jan. 29, 2001) .................................................................... 10

*Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir.
1985) ........................................................................................ 12

*Hogan v. Cleveland Ave. Restaurant, Inc.*, 2023 WL
2568299 .................................................................................... 11

*Johnson v. Lexington-Fayette Urban County Gov't*, 198
F.3d 246, at *1 (6th Cir. 1999) ................................................ 10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

*Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d
    1018, 1022 (9th Cir. 2003)...................................................................8

*Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d. 1226,
    1238 (C.D. Cal. 2007).......................................................................9

*Maldonado v. Lucca,* 629 F. Supp. 483, 485 (D.N.J.
    1986) ...............................................................................................10

*Moreno v. NBC Universal Media, LLC*, No.
    CV131038BROVBKX, 2013 WL 12123988, at *2
    (C.D. Cal. Sept. 30, 2013)................................................................7

*Perry v. VHS San Antonio Partners, L.L.C.*, 990 F3d
    918, 924 (5th Cir. 2021)....................................................................9

*Pioneer Electronics (USA), Inc. v. Superior Court, 40*
    *Cal.th 360, 373-74 (2007)*...............................................................10

*Powell v. Collier Const.*, 2005 WL 2429245, at *2
    (W.D. La., Sep. 30, 2005) ...............................................................10

*Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *8
    (C.D. Cal. Apr. 20, 2017).................................................................8

*Schwind v. EW & Assoc., Inc.*, 357 F. Supp.2d 691, 707
    (S.D.N.Y. 2005) ...............................................................................10

*Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992)...............................12

*Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 6633396,
    at *5 (E.D. Cal. Nov. 21, 2014) ......................................................10

*Vivid Techs., Inc. v. American Science & Eng. Inc.*, 200
    F.3d 795, 804 (Fed. Cir. 1999)..........................................................8

*Wixen Music Publ'g, Inc. v. Triller, Inc.*, No.
    220CV10515JVSAFMX, 2021 WL 4816627....................................7

*Young v. Mophie, Inc.*, 2020 WL 1000578, at *3 (C.D.
    Cal. Jan. 7, 2020) ..............................................................................9

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to this Court's March 6, 2024 Order, Defendants VXN Group, LLC ("VXN"), Strike 3 Holdings, LLC ("Strike 3"), General Media Systems, LLC ("General Media"), and Mike Miller ("Miller") (collectively, "Defendants") file this Motion to Bifurcate Discovery. [**Dkt. 51**] Defendants propose that Phase I discovery and early dispositive motions are limited to the threshold issues of whether: (i) Plaintiff was an *employee*, which is a requirement for her wage and hour claims; and (ii) even if Plaintiff was an employee, whether IWC Wage Order 12 ("Wage Order 12")'s professional actor exemptions bar the bulk of Plaintiff's claims. [**Dkt. 47 at 8:20-23**][1]

Such phased discovery will conserve the resources of the Court and the parties, while preserving the privacy and safety of the adult performer putative class members (and their families). In fact, this Court has expressed that any decision on whether Wage Order 12 precludes Plaintiff's overtime, meal periods, rest periods, and wage statement requirements claims, should be based on facts, rather than the four corners of the operative complaint, even if the *probable outcome* is that Wage Order 12's professional actor exemptions apply.[2]  [**Ex. 1[3], at 9:4-13**]

Without bifurcation, Plaintiff will embark on "extensive" and resource intensive class discovery from Defendants that will prove unnecessary if Defendants' early dispositive motions are successful. [Dkt. 34, at 15:22-23; 16:15-17].

---

[1] Defendants' Motion to Dismiss to Plaintiff's Second Amended Complaint is still in the process of being briefed.

[2] "Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors." Cal. Code Regs. tit. 8, § 11120.

[3] All Exhibits are appended to the concurrently filed Declaration of Brad S. Kane.

Equally important, since the putative class of adult film performers face a very real and concrete danger (for themselves and their families) if their true identities and contact information are disclosed, their privacy rights are entitled to heightened protection. Fortunately, bifurcation avoids prematurely jeopardizing third-party privacy and safety, unless Plaintiff prevails on the early dispositive motions.

To make proceedings more manageable, federal courts have broad discretion to bifurcate discovery and order the early resolution of threshold issues to "secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also* Fed R. Civ. P. 26(d)(2) (recognizing the court's power to order timing and sequence of discovery); Fed. R. Civ. P. 26(c)(1)(D) (court may enter an order "limiting the scope of disclosure or discovery to certain matters"); Fed. R. Civ. P. 42 (power to order separate trials). As a result, Defendants respectfully request the Court enter an order that the parties have 120 days for discovery directed solely to Plaintiff's threshold issues, followed by the filing of early dispositive motions within the following 60 days.

## II.  STATEMENT OF FACTS.

### A. Plaintiff Seeks To Impose "Extensive" Discovery And Motion Practice Costs To Leverage Settlement.

On April 20, 2023, Plaintiff filed this putative class action alleging nine (9) Labor Code violations in the *adult film industry* and a derivative unfair competition claim. On June 21, 2023, Defendants removed this action to federal court.

On July 11, 2023, Plaintiff filed a *related* state court action alleging that Defendants violated identical Labor Code provisions under the California Private Attorney General Act ("PAGA"). To conserve judicial resources, Defendants requested Plaintiff consolidate her identical claims in one case or stay the state court actions pending resolution of the Federal Class Action to: (i) conserve the Court and the parties' scarce resources; and (ii) prevent conflicting and inconsistent

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2

rulings. Plaintiff refused to do so. Declaration of Brad S. Kane ("Kane Decl.") at ¶ 3.

On August 30, 2023, this Court (i) granted Defendants' motion to dismiss, with leave to amend; and (ii) granted, in part, Plaintiff's motion to remand, returning only her unfair competition claim to state court. [**Dkt. 23**]  On September 20, 2023, Plaintiff filed her First Amended Complaint ("FAC") alleging eight (8) Labor Code violations,[4] which Defendants moved to dismiss. [**Dkt. 26, 33**] Defendants asserted that Wage Order 12's professional actor exemption barred most of Plaintiff's claims. [**Dkt. 33**]

On October 9 and 10, 2023, Plaintiff served 159 Special Interrogatories, 110 Requests for Production, 86 Requests for Admission, and Form Interrogatories in the state court PAGA action. Plaintiff sought essentially *every piece of paper connected to the approximately 400 adult performers, who s acted in over 1,000 films*, including the true names and contact information for the putative class members. *See* **Kane Decl at ¶ 4.**

On October 30, 2023, this Court granted Defendants' *opposed* motion for a two-week extension to file a response to the FAC "to accommodate an arbitration in a different matter and family issues." [**Dkt. 36 at 2:8-10,3:19-21**] At the same time, the Court reminded the parties for a *second* time "to work together to avoid squandering . . . the Court's resources." [**Dkt. 36 at 2:23-26**]

On December 14, 2023, Judge Carolyn Kuhl of Los Angeles County Superior Court (i) related Plaintiff's PAGA and unfair competition actions; and (ii) stayed the related state court actions based on considerations of comity between state and federal courts, indicating that this Court's factual determinations may

---

[4] Plaintiff removed her prior claim for violation of Labor Code § 227.3 for failure to pay vested vacation.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

have preclusive effect on Plaintiff's PAGA and unfair competition claims. [**Kane Decl., at ¶ 6, Ex. 2**]

On January 5, 2024, the Court, at a hearing, reasoned that Plaintiff's overtime, meal periods, rest periods, and wage statement requirement claims survived FRCP 12(b)(6) as a matter of law and whether Wage Order 12 exempted Plaintiff was a question of fact, even if that was the *probable outcome*:[5] [**Ex. 1, at 9:4-13**]

### B. Defendants Propose Limiting Phase I Discovery To Threshold Issues And Early Dispositive Motions To Secure A Just, Speedy And Inexpensive Determination.

On January 26, 2024, Plaintiff and Defendants filed a Joint Rule 26(f) Report. Defendants' proposed that the Court should "limit phase I discovery and motion practice to the issues of whether: (i) Plaintiff properly classified as an employee or independent contractor; and (ii) even if Plaintiff is an employee, does Wage Order 12 bar Plaintiff's remaining claims. [**Dkt. 47 at 6:26-7:3**]

Conversely, Plaintiff argued that her "extensive" discovery should not be phased. However, if phased discovery is ordered, Plaintiff wanted class certification discovery prior to merits discovery.

Here, Plaintiff's "extensive" proposed class discovery includes:

(i)     "Defendants' time and payroll records to support the filing of Plaintiff's Motion for Class Certification ("MCC")"; [**Dkt. 47 at 6:4-5**]

(ii)    "It is crucial for Plaintiff to be able to review class members' personnel files to support the MCC"; [**Dkt. 47 at 6:15-16**]

(iii)   "It is imperative that Plaintiff contact putative class members and obtain declaration testimony to support the allegations in Plaintiff's operative pleading" [**Dkt. 47 at 6:18-19**]

---

[5] "Except as provided in Sections 1, 2, 4, 10, and 20, the provisions of this order shall not apply to professional actors." Cal. Code Regs. tit. 8, § 11120.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

(iv)    "Plaintiff believes the information can be provided promptly using, at most, a protective order if Defendant prefer. Plaintiff is also amenable to utilizing a Belaire-West opt-out notice procedure, but this would significantly extend the amount of time necessary to prepare for the filing of a MCC."[6] [**Dkt. 47 at 6:26-7:3**]

(v)     "It will likely take an expert weeks, at minimum, to review all the Information [*from the more than 1,000 films produced by VXN*]"" [**Dkt. 47 at 7:9-10**]

On February 16, 2024, the Court granted Defendants' Motion to Dismiss Plaintiff's FAC without leave to amend as to: (i) Plaintiff's joint employer theory; and (ii) failure to timely pay wages. The Court also granted the Motion with leave to amend as to Plaintiff's: (i) alter ego theory against the Non-VXN Defendants; and claims for (ii) minimum wage; (ii) inaccurate wage statements; and (iii) indemnity.

On March 6, 2024, the Court ordered Defendants to file a Motion to Bifurcate Discovery into two phases within 30 days of the Court's order. [**Dkt. 51**] On March 8, 2024, Plaintiff filed her Second Amended Complaint ("SAC") alleging class claims for seven (7) Labor Code violations against Defendants. [**Dkt. 53**] In the SAC, Plaintiff alleged that she worked as an adult film actress, and intermittently performed in movies produced by Defendant VXN "[b]etween November 2020 through approximately September of 2022." [**Dkt. 53, at 4:28–5:1**]. Based on Plaintiff's alleged experiences as a "well-known adult film actress" during this brief period [**Dkt. 53, at 4:20**], Plaintiff seeks to represent a class consisting of *every non-exempt employee in California for the last four years for three separate entities.* [**Dkt. 53, at 17:8-13**]. On March 22, 2024, Defendants moved to dismiss the SAC in part. [**Dkt. 56**]

---

[6] To avoid any prejudice to Plaintiff, Defendants have offered to stipulate to Plaintiff having up to year for Phase II discovery and their proposed MMC after completion of Phase I and the early dispositive motions. Plaintiff rejected that offer. [**Kane Decl., at  ¶ 2**]

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## C. Adult Performers Face Stigma And Danger From Disclosure Of Their True Names And Contact Information.

Unlike typical wage and hour putative class members, the stigma and danger accompanying the disclosure of the adult performers' true identities and contact information necessitates heightened privacy protection. [**Kayden Kross Decl., at 4-31**] As an adult performer, Kayden Kross ("Kross") has:

> seen leaks of my and other performers' personal information result in everything from relapse to suicide to homelessness, joblessness, loss of custody, divorce, stalking, retaliation, mental health decline, stress induced decline in physical health, ostracism, loss of bank accounts, being forced to move, and loss of family relationships.

[**Kayden Kross Decl., at 7**]

Further, Kross explains that "being outed as an adult performer has consequences to people beyond just the adult performers":

> Once you are outed, people start outing any family that they can connect to you. My mom was forced to leave her job because of that. A guy dated my mom until she found his office drawer full of my adult performances. People approach my mom now asking her to introduce us. People who never made the choice to risk harassment and discrimination are hurt.

[**Kayden Kross Decl., at 7**]

As an adult performer, Kross has dealt with stalkers and people trying to run her over for refusing to get in car with them. [**Kayden Kross Decl., at 17**] Similarly, "adult performers regularly receive death threats laced with racism for performing in interracial adult entertainment or from stalkers that believe in their delusions that the male performer is stealing female performers who 'belong' to them." [**Kayden Kross Decl., at 19**]

Kross, and other adult performers, live in fear "that their jobs, kids, and community do not find out and ostracize them, fire them, abandon them etc. Many, like me, have had to move and start over when they've been outed." [**Kayden Kross Decl., at 28**] Given those risks, Kross asks that "the Court to please only

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

require the disclosure of the [putative class member's] true names and contact information as a last resort and only with the strongest safeguards available, *if absolutely necessary*." [**Kayden Kross Decl., at ¶¶ 6, 31**] Bifurcation will not only streamline and focus discovery on the dispositive issues but may very well eliminate the privacy and safety maelstrom of identifying a vulnerable class of people.

## III.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO BIFURCATE.

### A.   Federal Law and Policy Favor Sequencing Discovery To Allow Early And Inexpensive Determination Of Dispositive Issues.

"Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005); *Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 220CV10515JVSAFMX, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (citing *Drennan*). Bifurcation presents "an efficient solution that may prevent the parties from engaging in extremely broad and potentially wasteful discovery." *Giglio v. Monsanto Co.*, 2016 WL 4098285, at *1 (S.D. Cal. Aug. 2, 2016). *See also*, *Ellingson Timber Co. v. Great Northern Railway Co.*, 424 F.2d 497, 499 (9th Cir. 1970) ("One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues."). Thus, the Court has "broad discretion to bifurcate proceedings '[f]or convenience or to avoid prejudice, or to expedite and economize.'" *Moreno v. NBC Universal Media, LLC*, No. CV131038BROVBKX, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (citing Fed. R. Civ. P. 42(b)).

Federal courts routinely order bifurcation where, as here, it could potentially resolve or limit the issues asserted in the underlying case. For example, in a class action involving similar Labor Code claims, the court ordered a stay of class discovery and bifurcation of discovery issues "concerning Plaintiff as an individual

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

from issues concerning the class." *Deleon v. Time Warner Cable LLC,* No. CV 09-2438 AG (RNBX), 2009 WL 10674767 at *2, (C.D. Cal. Nov. 2, 2009) *Id.* at *2.

The *Deleon* court reasoned that "[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved," and that "[i]f Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved." *Id. See also Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *8 (C.D. Cal. Apr. 20, 2017) ("[I]t is judicially economical to decide standing as a threshold issue."); *Vivid Techs., Inc. v. American Science & Eng. Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Here, bifurcation would serve the interests of efficiency and judicial economy by avoiding a needless waste of resources on broader discovery issues, including class discovery and the thorny issues of protecting the privacy of putative class members, including adult performers (and their families). As a result, the Court should exercise its broad discretion to limit Phase I Discovery to two threshold dispositive issues before the onerous demands of class discovery are imposed on the Court: (i) whether Plaintiff was Defendants' employee; and (ii) whether Wage Order 12's professional actor exemption applies.

### B.  Bifurcation of Discovery Limited To Plaintiff's Standing and the Filing of Early Dispositive Motions Is The Best Case Management Approach.

In the class action context, "standing is the threshold issue" because ""[i]f the individual plaintiff lacks standing, the court need never reach the class action issue."" *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting Herbert B. Newberg, *Newberg on Class Actions* § 3:19, at 400 (4th ed. 2002)). Since Plaintiff must be an *employee* to bring her wage and hour claims, standing is a threshold issue justifying bifurcation and early dispositive motions.

8

*See Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d. 1226, 1238 (C.D. Cal. 2007) ("only an 'employee' may bring an action to recover unpaid overtime compensation"); *Martinez v. Combs,* 49 Cal. 4th 35, 109 (2010); *See also Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) ("Standing is a threshold issue of any federal action...."); *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F3d 918, 924 (5th Cir. 2021) (bifurcating discovery to first address threshold issue of whether plaintiff was an employee, staying discovery on other issues). Similarly, even assuming Plaintiff was an employee, Wage Order 12 exempts employers of professional actors from overtime, meal periods, rest periods, and wage statement requirements.

While bifurcation minimizes the risk of prejudice and maximizes efficiency, if Plaintiff is allowed to pursue class discovery now and then loses all or even part of her claims, the wasted resources will include: (i) Court time supervising contested and avoidable discovery issues; (ii) the parties' fees and costs associated with unnecessarily litigating class issues; (iii) inconvenienced witnesses; and (iv) the prematurely jeopardized privacy and safety of putative class members (and their families). *See Young v. Mophie, Inc.*, 2020 WL 1000578, at *3 (C.D. Cal. Jan. 7, 2020) (Ordering bifurcation because "[p]roceeding immediately on all classwide issues would subject the parties to highly *extensive discovery* that may ultimately be unnecessary if [Defendant] prevails on dispositive motions regarding Plaintiff's individual claims.") (Emphasis added). Here, Plaintiff freely admits that her class claims will require "*extensive discovery*". [Dkt. 34, at 15:22-23; 16:15-17]

Under bifurcation, there is no risk of harm to Plaintiff's interests. If Plaintiff's claims survive summary judgment, class discovery can begin immediately without Plaintiff suffering any prejudice. Thus, bifurcation will likely

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

avoid costly and unnecessary discovery proceedings as well as thorny third-party privacy and safety issues, if Defendants prevail on the dispositive threshold issues.[7]

### C. The Stigma And Danger Associated With Revealing Adult Performers' True Identities And Contact Information Justify Bifurcation

The putative class members actively conceal their true identities and contact information due to the risk of dangerous stalkers and harassment of themselves and their families. *See Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal.th 360, 373-74 (2007)* (revelation of personal secrets, intimate activities, or similar private information that threatens undue intrusion into one's personal life entitle putative class members to additional privacy protection).

---

[7] Notably, courts often find wage and hour cases such as this one appropriate for bifurcation, as these cases often present dispositive threshold issues that permit resolution prior to class discovery. *See*, *e.g.*, *Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 6633396, at *5 (E.D. Cal. Nov. 21, 2014) (bifurcating PAGA action and limiting discovery to plaintiff's individual Labor Code claims); *Harris v. Sims Registry*, 2001 WL 78448, at *1 (N.D. Ill. Jan. 29, 2001) (bifurcating FLSA collective action lawsuit, limiting initial discovery to issue of whether named plaintiffs fell within an exemption to FLSA); *Johnson v. Lexington-Fayette Urban County Gov't*, 198 F.3d 246, at *1 (6th Cir. 1999) (limiting discovery to threshold question of whether named plaintiffs were exempt salaried employees under FLSA); *Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th Cir. 1997) (bifurcating FLSA collective action to have parties first address whether employees were paid on salary basis as required for application of certain overtime exemptions); *Schwind v. EW & Assoc., Inc.*, 357 F. Supp.2d 691, 707 (S.D.N.Y. 2005) (limiting initial discovery to plaintiff's employment status and applicability of FLSA exemptions, staying discovery of all other issues); *Powell v. Collier Const.*, 2005 WL 2429245, at *2 (W.D. La., Sep. 30, 2005) (bifurcating FLSA litigation to resolve threshold question of whether defendant employed plaintiffs within the meaning of FLSA or Louisiana state law); *Maldonado v. Lucca,* 629 F. Supp. 483, 485 (D.N.J. 1986) (bifurcating issue of whether defendants were plaintiffs' employers within the meaning of FLSA and state statutes).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Unlike typical wage and hour putative class members, the stigma and danger accompanying the disclosure of the adult performers' true identities and contact information necessities heightened privacy protection:

> even beyond these somewhat standard privacy concerns, Defendants correctly note that this case also implicates unique, heightened privacy interests for those individuals whom Plaintiffs seek to solicit as putative class members:
>
>> Plaintiffs' desired actions pose a clear and present danger of jeopardizing many aspects of [the potential class members'] lives by disrupting relationships with boyfriends, spouses, parents, family, friends, other employers, universities, and the clubs where they work, whom they trusted to have their backs by protecting their privacy and autonomy as enshrined in their contracts and federal and state law. And, **it is not trivial to point out the real personal safety concerns that women have in the digital age with hackers, harassers, stalkers and the like, seeking to exploit weaknesses. Plaintiffs' proposed Court-ordered course of action increases risks of harm from all of these.**
>>
>>          *   *   *
>>
>> It is easy to understand the many reasons dancers seek to avoid having their private information compromised as Plaintiffs wish to do by using their contractually and statutorily-protected personal information to contact and solicit them, without their prior consent, and seeking to add them to a public federal class action lawsuit. **It increases the risk of disruption of their lives from the irrational stigma that still almost universally follows any unwanted disclosure to husbands, siblings, parents, friends, vast social media communities, other employers, future employers, colleges and universities, and would-be [harassers] and stalkers, to name just a few.**

*Hogan v. Cleveland Ave. Restaurant, Inc.*, 2023 WL 2568299, at *6 (S.D. Ohio, Eastern Division March 20, 2023) (denying Plaintiff access to dancer's identities and contact information) (bold in original), reversed in part on other *grounds,*

---

*Hogan v. Cleveland Ave. Restaurant, Inc.*, 2023 WL 4925296, at *4 (S.D. Ohio, Eastern Division August 2, 2023).

The Ninth Circuit "do[es] not take lightly threats to life" or "emotional turmoil[.]" *Cf. Garcia v. Google, Inc.*, 786 F.3d 733, 745 (9th Cir. 2015). It is "within the district court's discretion to deny [Plaintiff]'s attempt to obtain production . . . of the names [of potential class members] . . . in order to solicit support for his efforts to certify the class," *see Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (citation omitted), and it is certainly within its discretion to sequence discovery in such a way as to minimize harms to non-parties. *See also United States v. Kwok Cheung Chow*, 772 F. App'x 429, 431 (9th Cir. 2019) (affirming district court decision to withhold identities of FBI agents where, *inter alia*, "disclosure of the agents' identities would threaten their safety"). Afterall, "[b]oth the class representative and the courts have a duty to protect the interests of absent class members." *Cf. Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992).

Here, as set forth in Kross' declaration, even sending a letter in a plain envelope asking if each putative class member objects to their information shared poses a danger to the adult performer and their families. Kross' actual life experience demonstrates there is a serious, not just hypothetical risk, of a neighbor or delusional stalker could find out who a class member is and try to destroy his or her life. A letter could also go to a family member who may never speak to the class member after learning his or her profession or a disgruntled employee could be tempted to sell the information on the black market to wealthy stalkers. Given the putative class members' heightened privacy interests, bifurcation avoids the necessity of addressing serious third-party privacy issues, unless Plaintiff prevails on the early dispositive motions.

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

### D. Defendants Proposed Phase I Discovery And Early Dispositive Motion Schedule.

Since phased discovery and early dispositive motions will help the parties "secure the just, speedy and inexpensive determination," bifurcation is the best-case management approach. Testing the viability of Plaintiff's individual claims can be accomplished quickly. Specifically, Defendants propose the following schedule:

- Phase I Discovery limited to issues concerning Plaintiff's individual claims to be conducted for 120 days from entry of an order, if any, granting Defendants' Motion to Bifurcate.
- Parties' motions for summary judgment, if any, due within 60 days of the close of Phase I Discovery.
- Phase II Discovery concerning class-wide issues to begin 14 days after the Court's decision on dispositive motions.

## IV. <u>CONCLUSION.</u>

Convenience, expediency, and judicial economy all strongly weigh in favor of bifurcation and early resolution of the threshold issues arising from Plaintiff's individual claims. Plaintiff's standing and her Wage Order exempt status are likely to be dispositive. Resolution of these issues may resolve all litigation, or at minimum substantially narrow the remaining class-wide issues, while preserving scarce judicial resources. Finally, bifurcation avoids prematurely jeopardizing the adult performers (and their families) privacy and safety.

Accordingly, Defendants respectfully request that the Court grant Defendants' Motion to Bifurcate in accordance with Defendant's proposed schedule above. All other discovery and actions in this case should be stayed pending the Court's decision on dispositive motions in connection with Phase I Discovery.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Dated: April 5, 2024

Respectfully submitted,

KANE LAW FIRM

By:  */s/ Brad S. Kane*

Brad Kane
Eric Clopper
Trey Brown
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings,
LLC; General Media Systems, LLC;
and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## COMPLIANCE STATMENT

The undersigned, counsel of record for Defendants, certifies Defendants' counsel fully complied with L.R. 7-3 prior to the filing of this Motion in that the parties hereto thoroughly discussed the substance potential resolution of this Motion by videoconference.

Dated: April 5, 2024                 By:    */s/ Brad S. Kane*
                                                    Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on April 5, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: April 5, 2024                 By:    */s/ Brad S. Kane*
                                                    Brad Kane

15

DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE