UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-04901-WLH-AGR | Date | April 23, 2024 |
|---|---|---|---|
| Title | *Mackenzie Anne Thoma v. VXN Group, LLC, et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' THIRD MOTION TO DISMISS CASE [56]**

Defendants VXN Group, LLC, Strike 3 Holdings, LLC, General Media Systems, LLC, and Mike Miller (collectively, "Defendants") filed a Motion to Dismiss. ("Motion," Docket No. 56). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The Motion hearing scheduled for April 26, 2024, is **VACATED**. As set forth below, the Motion is **DENIED**.

I.      **BACKGROUND**

The Court has recounted the facts and procedural background in this case in prior Orders, (Docket Nos. 23 and 49) and declines to repeat itself at length here. In short, this is a putative class action alleging that Defendants—entities and individuals in the adult film industry—allegedly violated California wage and hour rules, among other things. (Mot., Docket No. 56 at 1). Plaintiff Mackenzie Anne Thoma ("Plaintiff")—an adult

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

film star—filed the case on behalf of herself and others similarly situated in Los Angeles Superior Court, and Defendants removed the action to this Court. (Notice of Removal, Docket No. 1 at Exh. A). The Motion presently before the Court, (Docket No. 56), is the third motion to dismiss that Defendants have filed. (*See also* Motions to Dismiss, Docket Nos. 9, 33).

## II.     DISCUSSION

Under Local Rule 7−3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." This Court "strictly enforces Local Rule 7−3." (Standing Order, Docket No. 15 at 10); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "The purpose of Local Rule 7−3 is to help parties 'reach a resolution [and] eliminate[] the necessity for a hearing,' which in turn promotes judicial economy and the administration of justice." *Bacon v. Artificial Grass Liquidators Location 1, Inc.*, No. 8:18-cv-01220-JLS-ADS, 2019 WL 7841078, at *1 (C.D. Cal. Nov. 8, 2019) (quoting *James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 8:16-cv-011550JLS-E, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016)).

Here, Defendants' Motion represents that Defendants' counsel met and conferred with Plaintiff's counsel on March 7, 2024, regarding its planned Motion. (Mot., Docket No. 56 at i−ii (citing Kane Decl., Docket No. 56−1 ¶ 2)). Specifically, Defendants' counsel averred that, during the March 7, 2024, purported meet and confer, the parties discussed "at length Plaintiff's anticipated new allegations in the SAC based on (i) the Court's February 16, 2024, ruling; and (ii) issues successfully raised in Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Motion to Dismiss Plaintiff's First Amended Complaint." (Kane Decl., Docket No. 56−1 ¶ 3).

Plaintiff's opposition brief and the record tell a different story, however. While Plaintiff does not dispute that a March 7, 2024, call occurred, Plaintiff argues that the March 7 call did not concern Defendants' Motion but rather the forthcoming Second Amended Complaint, (Cohen Decl., Docket No. 57−1 at Exh. A), which Plaintiff filed one day later—on March 8, 2024. (Second Amended Compl., Docket No. 53). Indeed, Defendants themselves describe the March 7, 2024, call as one concerning "anticipated new allegations in the SAC," (Reply, Docket No. 59 at 2) (emphasis omitted), not one concerning "the substance of the contemplated motion and any potential resolution," as envisioned by the Local Rules. L.R. 7−3. (*See also* Cohen Decl., Docket No. 57−1 ¶ 2 (citing *id.* at Exh. A (3/20/24 email from Defendants' counsel thanking Plaintiff's counsel for the March 7, 2024, call "regarding Plaintiff's SAC prior to filing it," and requesting—on March 20, 2024, two days before filing the Motion—to discuss the "upcoming motion to dismiss…"); Kane Decl., Docket No. 59−1 at Exh. 3 (citing emails from March 4−6 that discuss the Second Amended Complaint that had not yet been filed, *inter alia*)).

Plaintiff's counsel avers—with reference to attached email communications between counsel—that Defendants did not ask to meet and confer about the content of their Motion to Dismiss until March 20, 2024—two days before they filed it. *C.f.* L.R. 7−3 (requiring a meet and confer to occur at least seven days prior to the motion). Because of Defendant's delay in seeking to meet and confer regarding the details of their Motion, counsel for the parties did not have a chance to speak about that Motion until April 3, 2024—nearly two weeks after the Motion was filed on March 22, 2024. The Court finds these efforts insufficient to meet the strictures of Local Rule 7−3. *See Bacon*, 2019 WL 7841078, at *2 (denying a motion to amend complaint because "emails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

[between counsel] show[ed] that [the moving party] did not properly address the full scope of his intended motion in any meet and confer").

### III.   CONCLUSION

Defendants' Motion is **DENIED** for failure to meet and confer pursuant to Local Rule 7−3.  Defendant's deadline to respond to the Second Amended Complaint is continued to May 14, 2024.

**IT IS SO ORDERED.**