David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
and on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx) <br><br> [*Assigned for all purposes to the Hon. Wesley L. Hsu*] <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE** <br><br> **HEARING INFORMATION** <br> DATE:        May 17, 2024 <br> TIME:        1:30pm or later. <br> COURTRM:   9B |

# TABLE OF CONTENTS

I.    INTRODUCTION………………..………………………………………1

II.   LEGAL STANDARDS………………..……………………………………3

III.  LEGAL ARGUMENT…………..……………………………………………5

    A. PUTATIVE CLASS MEMBERS' PRIVATE

      INFORMATION WILL BE PROTECTED IF CLASS

      WIDE DISCOVERY IS ALLOWED TO PROCEED……………...3

    B. DEFENDANTS' FAIL TO MEET THEIR BURDEN

      TO SHOW BIFURCATION IS APPROPRIATE…………..………5

        1. There Is Considerable Overlap In Discovery

          Between The Matters………………………………..………...5

        2. Bifurcation Would Not Support The Purpose

          of Rule 23(c)(1)(A)………………….………...…..………9

        3. Bifurcation Does Not Support The Judicial

          Economy …………………………..……………………11

        4. Plaintiff Will Be Prejudiced Should This Motion

          Be Granted …………………..………………………13

IV.   CONCLUSION………..…………………………………………...15

# TABLE OF AUTHORITIES

## Statutory Authority and Local Rules

Fed. R. Civ. P. 23 (c)(1)(A)…………………………………………...1, 2, 3, 7, 9, 11

Fed. R. Civ. P. 42……………………………………………………………………3

Fed. R. Civ. P. 26 …………………………………………………...…………………4

## Case Authority

*True Health Chiropractic Inc v. McKesson Corp*.,

    No. 13-CV-02219-JST, 2015

    WL 273188 (N.D. Cal. Jan. 20, 2015)……………………………1, 3, 5, 9, 12

*Reed v. AutoNation, Inc.*, No. CV1608916BROAGRX,

    2017 WL 6940519 (C.D. Cal. Apr. 20, 2017)………..……1, 2, 3, 6, 9, 12, 14

*Zahedi v. Miramax, LLC*,

    No. CV 20-4512-DMG (EX), 2021 WL 3260603

    (C.D. Cal. Mar. 24, 2021) …………………………………………………1, 4

*Ellingson Timber Co. v. Great N. Ry. Co.*,

    424 F.2d 497, 498 (9th Cir. 1970)……………………………………….…3

*Hangarter v. Provident Life & Acc. Ins. Co.*,

    373 F.3d 998, 1021 (9th Cir. 2004). ……………………...………………..3

*Wixen Music Publ'g, Inc. v. Triller, Inc.*,

    No. 220CV10515JVSAFMX, 2021 WL 4816627

    (C.D. Cal. Aug. 11, 2021). …………………………………………………3

*Kerr v. U. S. Dist. Ct. for N. Dist. of California*,

    426 U.S. 394, 403 (1976)……………………...…………………………4

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,

    No. SACV1502034JVSJCGX, 2018 WL 6136784

    (C.D. Cal. Apr. 17, 2018) …....................................................................4, 6

*Pioneer Elecs. (USA), Inc. v. Superior Ct.*,

    40 Cal. 4th 360, 373 (2007). ……………………………….…………4, 5

*Atiqi v. Acclaim Tech. Servs., Inc.*,

    No. EDCV14628VAPSPX, 2015 WL 13914834

    (C.D. Cal. Dec. 23, 2015)……………………………………………………..5

*Gusman v. Comcast Corp.*,

    298 F.R.D. 592 (S.D.Cal.2014) …………………………………...……...5,7

*Johansen v. Loandepot.com LLC*,

    No. SACV2000919DOCJDE, 2020 WL 7230976

    (C.D. Cal. Nov. 10, 2020)...………………………………...………6, 9, 14, 15

*Ward v. Crow Vote LLC*,

    No. SACV211110JVSDFMX, 2022 WL 2046103

    (C.D. Cal. Mar. 17, 2022)……………………………………………………..6

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*,

    No. EDCV152057FMOSPX, 2018 WL 501413

    (C.D. Cal. Jan. 5, 2018). …………………………………………………..6

*Blair v. Assurance IQ LLC*,

    No. C23-0016-KKE, 2023 WL 6622415

    (W.D. Wash. Oct. 11, 2023). …..…………………………………..…7

*Drennan v. Maryland Cas. Co.*,

    366 F. Supp. 2d 1002, 1008 (D. Nev. 2005)……………..……………..7, 8

*Young v. Mophie, Inc.*,

    No. SACV19827JVSDFMX, WL 1000578

    (C.D. Cal. Jan. 7, 2020)…………………..…………………..…....8, 11, 12

*Deleon v. Time Warner Cable LLC*,

    No. CV 09-2438 AG (RNBX), 2009 WL 10674767

    (C.D. Cal. Nov. 2, 2009)…………………………………………....8, 9

*Kamrava v. Cenlar Cap. Corp.*,

    No. 220CV11465ABEX, 2021 WL 10373035

    (C.D. Cal. Oct. 7, 2021)..........................................……9, 10, 12, 14

iv

*Gravity Defyer Corp. v. Under Armour, Inc.*,

     No. LACV13-01842 JAK (JCGx),

     2013 WL 12138987, (C.D. Cal. July 23, 2013)……………………………..11

*Lim v. Nat'l Gen. Ins. Co.*,

     No. C15-0383RSL, 2015 WL 12025327,

     (W.D. Wash. June 25, 2015) …………………………………………...11

*White v. E-Loan, Inc.*,

     No. C 05-02080 SI, 2006 WL 2850041

     (N.D. Cal. Oct. 5, 2006)……………………………………..……………11

## **Secondary Sources**

*McLaughlin on Class Actions* Section 3:10 (11th edition 2014)………………..…1, 3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") hereby submits the following opposition to defendants VXN Group LLC ("VXN"); Strike 3 Holdings, LLC ("STRIKE 3"); General Media Systems, LLC ("GMS"); and Mike Miller's ("MILLER" and collectively with VXN, STRIKE 3, and GMS, "Defendants") meritless Motion to Bifurcate Discovery intended solely to cause further delays in the resolution of this action (the "Motion").

Courts within the 9th circuit use several factors to determine whether bifurcation is appropriate. These factors are 1) whether the discovery for the two potentially bifurcated issues overlap, 2) whether bifurcation promotes the intended purpose of Rule 23 (c)(1)(A)'s requirement to have certification occur as soon as reasonably possible, 3) whether bifurcation benefits the judicial economy, and 4) whether either party will be prejudiced by the granting or denial of the bifurcation. *McLaughlin on Class Actions* Section 3:10 (11th edition 2014); *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188 at 1-2 (N.D. Cal. Jan. 20, 2015). Some courts within the Central District of California use another similar, although slightly different, set of factors. These factors allow the court to consider 1) the separability of the issues the moving party is attempting to bifurcate, 2) simplification of discovery and conservation of resources, and 3) prejudice. *Reed v. AutoNation, Inc.*, No. CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal. Apr. 20, 2017). <u>**It is the moving party's burden to show that these factors weigh in favor of bifurcation.**</u>

Defendants not only fail to meet their burden to demonstrate bifurcation is necessary, but also rely on both outdated and distinguishable cases to indicate that bifurcation of discovery is appropriate at this juncture. Yet, as can be seen by a plethora of case law, the Central District of California does not favor the bifurcation of individual merits-based discovery from class discovery. See *Zahedi v. Miramax,*

1   *LLC*, No. CV 20-4512-DMG (EX), 2021 WL 3260603 at 2 (C.D. Cal. Mar. 24, 2021)

2   (stating "this Court generally does not endorse bifurcated discovery proceedings…").

3       Bifurcation is not appropriate here because **every single factor used to**

4   **determine whether bifurcation is appropriate weighs against bifurcation**. There

5   is no doubt that discovery between Plaintiff's individual standing overlaps with the

6   typical certification discovery. Specifically, to determine whether Plaintiff was an

7   employee, Defendants would have to produce essentially the same exact discovery

8   that it would for standard pre-certification discovery. To determine whether Plaintiff

9   was an employee, Defendants would need to produce Plaintiff's time records, wage

10  statements, schedules, Defendants' policies and procedures, and hiring and

11  termination documents, to the extent that these documents exist. All of these are

12  standard documents required to be produced in standard precertification discovery.

13  Furthermore, putative class member contact information need to be produced as every

14  putative class member in this matter are potential fact witnesses to Plaintiff's claims.

15  Defendants have failed to prove that there is any *real and imminent* threat to any

16  putative class members should their true identities be revealed to Plaintiff and

17  Plaintiff's counsel. Additionally, the same persons would be deposed in both matters

18  and both sides would likely use the same experts in making similar determinations.

19      Furthermore, bifurcation would not support Rule 23 (c)(1)(A)'s intended

20  purpose and would only serve to extend the time it would take for certification to be

21  heard. This is compounded by the extreme delay caused by Defendants' filings of

22  frivolous motions. Also, bifurcation in this matter will in no way serve to save the

23  court judicial resources and will, in fact, only serve to increase the burdens on this

24  court. See *Reed* at 7 (stating "…bifurcating discovery may result in twice as many

25  conflicts; (2) if the Court does not grant Defendant's Motion for Summary Judgment

26  on the standing issue the parties will have to depose many of the relevant parties twice,

27  resulting in significant expense to Plaintiff and Plaintiff's counsel"). Finally, there is

28  no doubt that Plaintiff would be unduly prejudiced if discovery is bifurcated while

1  Defendants stand little chance of being prejudiced. As such, it is clear that the Motion

2  must denied in its entirety.

3  **II.    <u>LEGAL STANDARDS</u>**

4      Power is given to courts to bifurcate claims in cases under Fed. R. Civ. P. 42.

5  Implicit with this power is the ability for a court to bifurcate discovery. *Ellingson*

6  *Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 498 (9th Cir. 1970). Yet, whether to

7  bifurcate is left to the sound discretion of the court, and the court is not required to

8  bifurcate. See *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th

9  Cir. 2004). Additionally, <u>**the party seeking bifurcation bears the burden**</u> of

10 establishing that "<u>**bifurcation will promote judicial economy or avoid**</u>

11 <u>**inconvenience or prejudice to the parties**</u>." *Wixen Music Publ'g, Inc. v. Triller, Inc.*,

12 No. 220CV10515JVSAFMX, 2021 WL 4816627 at 1 (C.D. Cal. Aug. 11, 2021).

13     Courts within the 9th circuit, including the Central District of California, use

14 several factors to determine whether bifurcation is appropriate. These factors are 1)

15 whether the discovery for the two potentially bifurcated issues overlap, 2) whether

16 bifurcation promotes the intended purpose of Rule 23 (c)(1)(A)'s requirement to have

17 certification occur as soon as reasonably possible, 3) whether bifurcation benefits the

18 judicial economy, and 4) whether either party will be prejudiced by the granting or

19 denial of the bifurcation. *McLaughlin on Class Actions* Section 3:10 (11th edition

20 2014); *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST,

21 2015 WL 273188 at 1-2 (N.D. Cal. Jan. 20, 2015). Some courts within the Central

22 District use another similar, although slightly different, set of factors. These factors

23 allow the court to consider 1) the separability of the issues the moving party is

24 attempting to bifurcate, 2) simplification of discovery and conservation of resources,

25 and 3) prejudice. *Reed v. AutoNation, Inc.*, No. CV1608916BROAGRX, 2017 WL

26 6940519 at 7 (C.D. Cal. Apr. 20, 2017).

27     Although Fed. R. Civ. P. 42 grants courts authority to bifurcate proceedings

28 and discovery, the <u>**Supreme Court has stated its disfavor of "piecemeal litigation."**</u>

*Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 403 (1976); see also *Nat.-Immunogenics Corp. v. Newport Trial Grp*., No. SACV1502034JVSJCGX, 2018 WL 6136784 at 2 (C.D. Cal. Apr. 17, 2018) (stating "[P]iecemeal trial of separate issues in a single suit **is not to be the usual course**...") Rather, "in an era of excessively crowded lower court dockets**, it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation**." *Ibid.* This sentiment is echoed within the Central District of California in *Zahedi*, where it was stated that "this Court generally does not endorse bifurcated discovery proceedings…" *Zahedi v. Miramax, LLC*, No. CV 20-4512-DMG (EX), 2021 WL 3260603 at 2 (C.D. Cal. Mar. 24, 2021). Therefore, it is clear that bifurcation is heavily disfavored and should be avoided.

## III.    **LEGAL ARGUMENT**

### A. PUTATIVE CLASS MEMBERS' PRIVATE INFORMATION WILL BE PROTECTED IF CLASS WIDE DISCOVERY IS ALLOWED TO PROCEED

Fed. R. Civ. P. 26 requires the disclosure of the names, telephone numbers, an addresses of all persons with "discoverable information." Putative class members all have discoverable information on this action, such as Defendants' policies and procedures, the hours they worked, and type of work they performed. Also, "contact information regarding the identity of potential class members is generally discoverable." *Pioneer Elecs. (USA), Inc. v. Superior Ct*., 40 Cal. 4th 360, 373 (2007).

Defendants state that by not bifurcating discovery, putative class members risk having their private information exposed to the general public. Courts have regularly and heavily litigated the matter of class member privacy rights in class actions. There are many avenues the parties can take that are relatively inexpensive that would ensure putative class members have their privacy protected. For example, in *Atiqi,* the court held that notice and opportunity to opt-out prior to disclosure of their personally identifiable information and work-related records, similar to a *Belaire-West* opt out

notice, will sufficiently protect the privacy rights of employees. *Atiqi v. Acclaim Tech. Servs., Inc*., No. EDCV14628VAPSPX, 2015 WL 13914834 at 4 (C.D. Cal. Dec. 23, 2015).

Indeed, the Supreme Court ruled that notice to class members of disclosure of personal information in discovery, unless putative class members opted out, adequately protected class members' privacy rights. *Pioneer Elecs. (USA), Inc. v. Superior Ct*., 40 Cal. 4th 360, 366 (2007). The Supreme Court also found that "the disclosure of putative class members' contact information typically 'involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life..." *Id* at 373.

Additionally, Plaintiff is of course open and willing to protect putative class members privacy rights by entering a protective order to ensure sensitive information does not become public. Plaintiff has the utmost interest in protecting the privacy rights of individuals such as Kayden Kross and Plaintiff. Yet, stifling discovery that Plaintiff is entitled to is ***not*** the proper resolution. This is hardly the first class action where class member privacy is at issue, and there are well-established methods accepted by district courts to safeguard putative class members' privacy rights.

## B. DEFENDANTS' FAIL TO MEET <u>THEIR</u> BURDEN TO SHOW BIFURCATION IS APPROPRIATE

### 1. There Is Considerable Overlap In Discovery Between The Matters

9th Circuit courts, especially those in the Central District of California, are clear; certification-based and merits-based discovery should typically ***not*** be bifurcated. 9th Circuit courts have held that class and individual discovery typically overlap to the point where this factor weighs strongly against bifurcation. See *True Health Chiropractic Inc v. McKesson Corp*., No. 13-CV-02219-JST, 2015 WL 273188 at 2 (N.D. Cal. Jan. 20, 2015) (holding "Typically, however, the two [individual and class based discovery] do overlap, and the Court concludes that the

same will be true here'.); See also *Gusman v. Comcast Corp*., 298 F.R.D. 592, 595 (S.D.Cal.2014) (holding "[T]he merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case.") For example, in *Reed,* a wage and hour class action case, the Central District of California refused to bifurcate discovery as to the standing of the plaintiff because the plaintiff's standing would hinge on the policies and procedures put in place by defendant. *Reed v. AutoNation, Inc.*, No. CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal. Apr. 20, 2017). As such, bifurcation was denied.

Similarly, in *Johansen,* the court once again refused to bifurcate individual and class discovery because of the overlap between the issues. *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 (C.D. Cal. Nov. 10, 2020) at 1. The court even stated that "**such overlap is common**" in class actions. *Ibid; see also Ward v. Crow Vote LLC*, No. SACV211110JVSDFMX, 2022 WL 2046103 at 2 (C.D. Cal. Mar. 17, 2022) ("Courts often find that there is overlap between class discovery and other issues.")

The Central District of California further held that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413 at 3 (C.D. Cal. Jan. 5, 2018). The Central District of California has even held that the discovery between the two potentially bifurcated matters **does not have to be the same, all that is necessary is for there to be considerable overlap to weigh against bifurcation**. *Nat.-Immunogenics Corp. v. Newport Trial Grp*., No. SACV1502034JVSJCGX, 2018 WL 6136784 at 2 (C.D. Cal. Apr. 17, 2018) (stating "The Court notes, however, that it is not clear that all evidence from these other cases would be relevant with respect to each individual Defendant. Nonetheless, the Court finds that the overlap in the evidence between the malicious prosecution claim and the RICO claims weighs heavily against bifurcation.")

Additionally, in *Blair,* the court stated that "the distinction between merits discovery and class discovery 'is not always clear,' and '[m]any courts are, for this reason, reluctant to bifurcate class and merits discovery" because "the class certification decision requires 'a rigorous analysis' of Rule 23(a)'s prerequisites, and '[s]uch an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim." *Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415 at 6 (W.D. Wash. Oct. 11, 2023).

The individual merit based discovery that will determine Plaintiff's standing and class certification discovery have **considerable overlap in this action**. As stated above, courts find it extremely difficult to distinguish and bifurcate individual and precertification discovery because the two are so closely intermingled. As *Gusman* stated, "the merits and certification distinction is not always clear." The documents that would be requested for both matters are substantially similar; Plaintiff's time and payroll records, her wage statements, Defendants' policies and procedures, and Plaintiff's schedule, to the extent that they exist. Additionally, the deponents for both matters will be the same or substantially the same, and the parties will likely rely on the same expert to provide similar analysis. Furthermore, contact information for putative class members would be produced for both matters, as Plaintiff is entitled to class contact information for certification and putative class members will serve as witnesses to determine Plaintiff's standings. Given this significant overlap between discovery in the two matters, this factor clearly weighs against bifurcation.

Defendants try to cite several cases that they claim should convince this court to bifurcate discovery in this action. Yet, Defendants' cases fail to support their position. First, Defendants cite *Drennan v. Maryland Cas. Co*., 366 F. Supp. 2d 1002 (D. Nev. 2005). Yet, *Drennan* actually *supports* Plaintiff's contention that bifurcated discovery should not be allowed in this action. In *Drennan,* the court held that even though the matters themselves should be bifurcated, **discovery should not**. *Drennan v. Maryland Cas. Co*., 366 F. Supp. 2d 1002, 1008 (D. Nev. 2005). This is the case

because even though the matters themselves may be bifurcated, discovery for the two claims are so interrelated and overlapping, that joint discovery would be beneficial to avoid wasting resources. Indeed, *Brennan* demonstrates that **even when two claims are wholly distinct and subject to bifurcation, discovery can still overlap to the point where bifurcation of discovery is inappropriate.**

Defendants then try to cite to *Young v. Mophie, Inc*., No. SACV19827JVSDFMX, 2020 WL 1000578 (C.D. Cal. Jan. 7, 2020). Yet, *Young* is entirely distinguishable from the action at hand. *Young* was *not* a wage and hour class action case. Rather, it was class action regarding false advertising. In *Young,* two named plaintiffs bought two power banks out of *thousands,* if not more, that were produced by defendant. As such, the court found that it would be appropriate to conduct discovery regarding the specific power banks purchased by the two plaintiffs to determine if **those two specific power banks** were defective. If it was determined that the two power banks were defective, then they clearly would not have standing to sue. Yet, unlike in *Young,* Plaintiff does *not* allege a specific item or product is what causes the harm alleged in her complaint. Rather, it was Defendants' **overarching policies and procedures affecting the class as a whole** that caused the harm. Nothing in the policies or procedures misclassifying employees as independent contractors was specific to Plaintiff, unlike the particular power banks purchased by the Plaintiffs in *Young.* **The policies that affected Plaintiff are the exact same that would affect the other class members**. There is no room for idiosyncrasies and defective manufacturing in Defendants' policies, unlike in *Young.*

Defendants then try to equate Plaintiff's case to *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009). *Deleon* should not be considered because the document cited by Defendants is not a final order, it is simply a tentative ruling. Therefore, we cannot definitively determine if the court adopted this ruling. Additionally, *Deleon* is more than a decade old, and there are more recent cases from the 9th Circuit and Central District of California that

are exactly on point. In fact, the factors identified in *True Health Chiropractic Inc v.*
*McKesson Corp*., No. 13-CV-02219-JST, 2015 WL 273188 at 1-2 (N.D. Cal. Jan. 20,
2015) that are widely used in the 9th circuit did not even exist when *Deleon* was
decided. As such, *Deleon* is clearly outdated an should not be relied upon.

Instead, Plaintiff's action should be compared to *Reed,* a more recent wage and
hour class action in the Central District of California. Here, the court ruled discovery
regarding a Plaintiff's standing, merits-based discovery, and pre-certification
discovery all overlap and bifurcation would thus be inappropriate. *Reed v.*
*AutoNation, Inc*., No. CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal.
Apr. 20, 2017). Similarly in this action, it would be inappropriate to have bifurcation
in this action when standing and merits based discovery so heavily overlap with
certification.

## 2.  Bifurcation Would Not Support The Purpose of Rule 23(c)(1)(A)

9th Circuit courts have repeatedly held that bifurcation does not support the
purpose of Rule 23(c)(1)(A). See *True Health Chiropractic Inc v. McKesson Corp*.,
No. 13-CV-02219-JST, 2015 WL 273188 at 1-2 (N.D. Cal. Jan. 20, 2015) and *Blair*
*v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415 at 6 (W.D. Wash. Oct.
11, 2023). *Reed* denied defendant's motion for bifurcation as it would cause delay in
litigation and certification process. *Reed v. AutoNation, Inc.,* No.
CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal. Apr. 20, 2017). Similarly,
*Johansen* also denied bifurcation largely because it would delay plaintiff's Motion for
Class Certification until the court rules on the purported individual issues. *Johansen*
*v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 at 1 (C.D.
Cal. Nov. 10, 2020). *Kamrava* also denied bifurcation as "it would not promote rule
23's requirement that certification be decided at an early practical time." *Kamrava v.*
*Cenlar Cap. Corp*., No. 220CV11465ABEX, 2021 WL 10373035 at 2 (C.D. Cal. Oct.
7, 2021). *Kamrava* reasoned that should discovery be bifurcated, all other discovery

9

1    shall be stayed for several months, causing extended delays to the filing of a Motion
2    to Certify and affecting defendant's proposed scheduling order. *Ibid.*

3    　　The Parties submitted their scheduling order on January 26, 2024. Doc. No. 47.
4    The motion to bifurcate was not submitted until *more than two months* after the
5    scheduling order was issued. The proposed scheduling order states the last day to hear
6    a Motion for Certification is December 6, 2024 and discovery cutoff is November 15,
7    2024. According to the rules of this court, the motion for Class Certification must be
8    submitted at least 31 days prior to a hearing date. Meaning, according to the agreed
9    upon scheduling order, Plaintiff is required to submit her Motion for Class
10   Certification by November 5, 2024. Yet, according to Defendants' new proposed
11   scheduling order, Phase 1 discovery shall begin 120 days after the court enters its
12   order regarding bifurcation. Assuming the court enters an order on the day of the
13   hearing, Phase I will end on September 14, 2024. Defendants' dispositive motions
14   will be due 60 days after the close of Phase I discovery, or November 13, 2024. This
15   is more than *one week after* Plaintiff's Motion for Class Certification is currently due.

16   　　Discovery for Phase II, or certification discovery, will only begin 14 days after
17   the court makes its decisions on any dispositive motions. Assuming the court has a
18   hearing date available exactly 31 days after the filing of the dispositive motion, the
19   court will hear any potential Motion for Summary Judgment on December 14, 2024
20   the earliest. Since Phase II can only commence 14 days after this Court makes a
21   decision on any hearing, Plaintiff can finally begin its certification discovery on
22   December 28, 2024, or 22 days after the last day for this court to hear Plaintiff's
23   Motion for Class Certification. This court denied bifurcation in *Kamrava* for *this exact*
24   *same reason*; undue delay of class certification. Here, certification **discovery** will be
25   stayed for *at least* seven months. This is not even mentioning the time it takes to
26   conduct class wide discovery and to prepare a Motion for Class Certification. Indeed,
27   bifurcation would result in a several months long delay in the certification process
28   and affect the previously agreed upon scheduling order.

1    Yet, Defendants have failed to provide *any* legitimate reasoning as to why it

2  cannot just file any potential dispositive motions without bifurcation. There is

3  **absolutely no reason** that Defendants cannot file dispositive motions on their bogus

4  claims that Plaintiff is exempt from California law and was not misclassified while

5  simultaneously meeting the purpose of Rule 23(c)(1)(A). Unlike in *Young,*

6  Defendants have failed to specifically outline the costs of participating in discovery.

7  *Young v. Mophie, Inc*., No. SACV19827JVSDFMX, 2020 WL 1000578, Footnote 2

8  (C.D. Cal. Jan. 7, 2020). Defendants simply make vague and illusory claims that they

9  will be prejudiced if this court does not bifurcate discovery.

10   As such, it is clear that bifurcating discovery will not serve the purpose of Rule

11  23(c)(1)(A) and will cause undue delays in the certification process.

12        **3.   Bifurcation Does Not Support The Judicial Economy**

13   Courts within the 9th Circuit found that bifurcation does not benefit the

14  judicial economy. *Gravity Defyer Corp. v. Under Armour, Inc*., No. LACV13-01842

15  JAK (JCGx), 2013 WL 12138987, at 3 (C.D. Cal. July 23, 2013) ("Defendants have

16  not carried their burden to show that bifurcation will result in a significantly more

17  efficient proceeding. On the contrary, bifurcation may well lead to significant

18  additional costs"); *Lim v. Nat'l Gen. Ins. Co*., No. C15-0383RSL, 2015 WL 12025327,

19  at 2 (W.D. Wash. June 25, 2015) (finding that bifurcation "would likely increase costs

20  and inefficiencies for the parties and the Court"); *White v. E-Loan, Inc*., No. C 05-

21  02080 SI, 2006 WL 2850041, at 3 (N.D. Cal. Oct. 5, 2006) ("In any event, given the

22  overlapping nature of the issues involved and the practical difficulties and

23  inefficiencies of bifurcating discovery, such bifurcation is simply not judicial

24  efficient.")

25   As the court in *True Health Chiropractic* states, "but the Court also finds that

26  bifurcation has the potential to complicate this litigation further, even if the named

27  plaintiffs are not adequate class representatives. **And if the named plaintiffs are**

28  **adequate class representatives, bifurcation will not have streamlined anything**

1  **or otherwise served the interest of judicial economy**.” *True Health Chiropractic*

2  *Inc v. McKesson Corp*., No. 13-CV-02219-JST, 2015 WL 273188 at 2 (N.D. Cal. Jan.

3  20, 2015). The court further states that “second, even if discovery proves that True

4  Health and McLaughlin should not represent the class, Defendants appear to assume

5  that the case will be dismissed, and therefore that neither the parties nor the Court will

6  have anything left to do in the case. In reality, however, if True Health and

7  McLaughlin are found to not meet the class definition, **Plaintiffs will likely seek to**

8  **proceed with the case by finding other, adequate representatives**.” *Ibid* at 2.

9  Indeed, courts have found that bifurcation of discovery is only beneficial to the

10  court when assuming a Defendant will win on a motion for summary judgment, and

11  even then the judicial economy may not benefit. In *Reed,* the court held that a

12  defendant failed to meet its burden of showing bifurcation will benefit the judicial

13  economy because “if the Court does not grant Defendant's Motion for Summary

14  Judgment on the standing issue the parties will have to depose many of the relevant

15  parties twice, resulting in significant expense to Plaintiff and Plaintiff's counsel; and,

16  there will be a significant delay in the litigation if the Court denies Defendant's Motion

17  for Summary Judgment on standing and merits discovery has not yet begun.” *Reed v.*

18  *AutoNation, Inc.,* No. CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal.

19  Apr. 20, 2017).

20  Once again, unlike in *Young,* Defendants failed to specifically address *how*

21  bifurcation would serve to save this court and the parties resources. This by itself is

22  also grounds for a denial of a Motion to Bifurcate. See *Kamrava v. Cenlar Cap. Corp*.,

23  No. 220CV11465ABEX, 2021 WL 10373035 at 2 (C.D. Cal. Oct. 7, 2021) (stating

24  “Moreover, Defendant has not carried its burden in demonstrating that it would be

25  prejudiced if discovery is not bifurcated. **Defendant did not provide any estimates**

26  **of the expected costs and time to be incurred**.”)

27  Indeed, the judicial economy stands to be severely harmed by bifurcating these

28  matters, because if Plaintiff wins any dispositive motion, Plaintiff will need to conduct

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

a second set of depositions, retain the same experts, and serve another set of discovery. Furthermore, with all of the additional discovery conducted, the likelihood of additional motion work *not* related to dispositive motions increases. This action was filed on April 20, 2024. This case was removed to this court on June 21, 2023. This case finally left the pleading stage on April 24, 2024, *one year after* it was filed despite extensive motion work, most of which was filed and commenced by Defendants such as their meritless anti-SLAPP motion. There are currently more than 80 documents on the docket. Once again, Defendants have failed to state a reason as to why they cannot file their dispositive motions while also participating in pre-certification discovery. This would save all parties involved in this case resources long term and ensure certification occurs as soon as possible.

Not only did Defendants fail to meet their burden to show that judicial resources will be spared in the granting of bifurcation, but it is abundantly clear bifurcation will have the *opposite* effect and increase the costs and burden on the judicial economy.

### 4. Plaintiff Will Be Prejudiced Should This Motion Be Granted

Defendants fail to state exactly how they would be prejudiced should discovery not be bifurcated. Defendants have a declaration of a single person they claim to be a putative class member. This declaration discusses the horrible treatment individuals in the adult modeling industry suffer and the dangers they would face if their information became public knowledge. While Mr. Kross' concerns are understandable, they are unfounded. As discussed above, this is hardly the first-class action where class member privacy is valued. The parties can give putative class members the opportunity opt out of providing their information, they can enter into a protective order, redact personal identifiers on relevant documents, etc. There are many avenues the parties can take to safeguard the privacy of class members without stifling Plaintiff's right to discovery.

Additionally, unlike in *Young,* Defendants do not provide a specific outline of costs**. It is Defendants' burden to show that Defendants would be prejudiced should bifurcation not be granted and that Plaintiff would not should bifurcation be granted**. Failing to provide specific costs of procuring discovery without bifurcation is a failure to meet that burden. *Kamrava v. Cenlar Cap. Corp*., No. 220CV11465ABEX, 2021 WL 10373035 at 2-3 (C.D. Cal. Oct. 7, 2021). Indeed, because Defendants failed to demonstrate they would be prejudiced if this motion is not granted and that Plaintiff would not be prejudiced if it is granted, Defendants have failed to meet their burden. *Reed v. AutoNation, Inc*., No. CV1608916BROAGRX, 2017 WL 6940519 at 7 (C.D. Cal. Apr. 20, 2017) (stating "Defendant has not established that allowing only standing discovery to proceed encourages judicial economy and will not prejudice Plaintiff…")

Indeed, it is actually *Plaintiff* who stands to be burdened by the granting of this motion. *Kamrava* held that bifurcation risks prejudicing a plaintiff since it is the plaintiff "who must meet a high burden to show that certification of the class is proper under Rule 23(a)." *Kamrava v. Cenlar Cap. Corp*., No. 220CV11465ABEX, 2021 WL 10373035 at 3 (C.D. Cal. Oct. 7, 2021). Additionally, bifurcation of discovery is prejudicial to plaintiff's discovery of class information from third parties and increases the risk that evidence will be lost or destroyed. *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 at 2 (C.D. Cal. Nov. 10, 2020); see also *Lathrop v. Uber Techs., Inc*., No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). *Johansen* reasoned that since discovery is just beginning, there is no indication that Defendant has satisfactorily preserved all vital records in the matter. *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 at 2 (C.D. Cal. Nov. 10, 2020). Additionally, bifurcation would place Plaintiff under

14

additional pressures and additional costs to conduct two separate rounds of discovery in time to prepare for Class Certification.

Given that Defendants have failed to meet their burden to show that Defendants would be prejudiced should this motion not be granted and Plaintiff will not be prejudiced should this motion be granted and the clear showing that Plaintiff will be prejudiced, this motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety.


Dated:  April 26, 2024                    BIBIYAN LAW GROUP, P.C.

                                          */s/ Sarah Cohen*
                                          DAVID D. BIBIYAN
                                          JEFFREY D. KLEIN
                                          SARAH H. COHEN
                                          Attorneys for Plaintiff, MACKENZIE ANNE
                                          THOMA, and on behalf of herself and all
                                          others similarly situated