1  **KANE LAW FIRM**
2  Brad S. Kane (SBN 151547)
   bkane@kanelaw.la
3  1154 S. Crescent Heights. Blvd.
4  Los Angeles, CA 90035
   Tel:  (323) 697-9840
5  Fax: (323) 571-3579

6  Trey Brown (SBN 314469)
7  trey.brown@vixenmediagroup.com
   11337 Ventura Blvd.
8  Studio City, CA 91604

9  Attorneys for Defendants
10 VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
   GENERAL MEDIA SYSTEMS, LLC; and
11 MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY**<br><br>Date:         May 17, 2024<br>Time:        1:30 pm or later<br>Courtroom:  9B<br><br>Complaint Filed:  April 20, 2023<br>Removed:           June 21, 2023 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................ 1

II.  ARGUMENT ............................................................................................... 2

   A. THE PRIVACY AND SAFETY CONCERNS OF ADULT FILM PERFORMERS WARRANT BIFURCATION .............................. 2

   B. GOOD CAUSE EXISTS FOR BIFURCATION ............................ 3

      1. Discovery Overlap Will Be Minimal. ......................................... 3

      2. Bifurcation Permits Deferral of Costly and Possibly Unnecessary Discovery ................................................................ 5

      3. Bifurcation Better Serves The Purposes of Rule 23(c)(1)(A) Than Immediate Class-Wide Discovery. .................................... 6

      4. Bifurcation In This Matter Would Serve Judicial Economy And Should Not Be Defeated By Plaintiff's Counsel's Search For A New Named Plaintiff. ........................................................ 8

      5. Bifurcation Avoids Prejudice to *All* Parties. ............................. 9

III. CONCLUSION. ......................................................................................... 10

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

i

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

# TABLE OF AUTHORITIES

**CASES**

*Deleon v. Time Warner Cable LLC*
   No. 09-2438, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009) ................... 5, 6, 10

*East Texas Motor Freight System Inc. v. Rodriguez*
   431 U.S. 395 (1977) ............................................................................................ 9

*Ellingson Timber Co. v. Great Northern Railway Co.*
   424 F.2d 497 (9th Cir. 1970) .............................................................................. 5

*Hogan v. Cleveland Ave. Rest., Inc.*
   No. 15-2883, 2023 WL 2568299 (S.D. Ohio Mar. 20, 2023) ............................. 2

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*
   571 F.3d 953 (9th Cir. 2009) .............................................................................. 4

*Industrias Metalicas Marva, Inc. v. Lausell*
   172 F.R.D. 1 (D.P.R. 1997) ................................................................................ 6

*Johansen v. Loandepot.com LLC*
   No. 20-0919, 2020 WL 7230976 (C.D. Cal. Nov. 10, 2020) ........................... 11

*Kamrava v. Cenlar Cap. Corp.*
   No. 20-11465, 2021 WL 10373035 (C.D. Cal. Oct. 7, 2021) ............................ 8

*Lathrop v. Uber Techs, Inc.*
   No. 14-05678, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ................................ 11

*Moreno v. NBCUniversal Media, LLC*
   No. 13-1038, 2013 WL 12123988 (C.D. Cal. Sept. 30, 2013) ......................... 10

*Reed v. Autonation, Inc,* No. 16-09816
   2017 WL 6940519 (C.D. Cal. April 20, 2017) ................................................... 5

*Silber v. Mabon*
   957 F.2d 697 (9th Cir. 1992) .............................................................................. 3

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*True Health Chiropractic Inc v. McKesson Corp.*
   No. 13-02219, 2015 WL 273188 (N.D. Cal. Jan. 20, 2015) ............................... 8

*Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*
   453 F.3d 179 (3d Cir. 2006) ............................................................................. 7

*Wixen Music Publ'g, Inc. v. Triller, Inc.*
   No. 20-10515, 2021 WL 4816627 (C.D. Cal. Aug. 11, 2021) ........................... 6

**STATUTES**

47 U.S.C. § 227 ...................................................................................................... 9

Fed. R. Civ. P. 1 ..................................................................................................... 8

Fed. R. Civ. P. 23(c)(1)(A) .................................................................................... 6

Rule 23(c)(1)(B) .................................................................................................... 6

**REGULATIONS**

Cal. Code Regs. tit. 8, § 11120 ............................................................................. 1

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## I. INTRODUCTION

Plaintiff's Opposition demonstrates why phased discovery is necessary. Plaintiff cannot dispute that courts have wide discretion to bifurcate discovery and order the early resolution of potentially dispositive issues. Nor does Plaintiff dispute that the pre-certification class discovery she seeks–*documents and records regarding every non-exempt employee in the State of California for three separate entities*–will be wildly expensive and time-consuming, depleting scarce judicial and party resources.

Instead, Plaintiff dismisses as "unfounded" the judicially recognized "unique, heightened privacy interests" and "real personal safety concerns" of adult performers detailed in putative class member Kayden Kross's declaration, calling into question her ability to adequately protect the class. Given the lack of Plaintiff's participation to date, this dispute is really about Plaintiff's counsel *impermissible* use of discovery to find a replacement named Plaintiff.

More importantly, however, Plaintiff does not deny that her Complaint presents two threshold, dispositive issues that call out for phased discovery: (i) whether she qualifies as an employee under applicable law, and (ii) if so, whether Wage Order 12's professional actor exemption applies to Plaintiff. *See* Cal. Code Regs. tit. 8, § 11120.

In sum, Plaintiff disregards the privacy and safety risks to putative class members, misconstrues the purpose of bifurcation, misapprehends the procedural status of the case, and overlooks its substantive efficiencies. Thus, the Court should exercise its discretion to bifurcate discovery to efficiently resolve the dispositive issues before the privacy and safety of the putative class of adult performers (and their families) is endangered and before heavy financial burdens are imposed on Defendants.

1

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

## II. ARGUMENT

### A. THE PRIVACY AND SAFETY CONCERNS OF ADULT FILM PERFORMERS WARRANT BIFURCATION

Plaintiff underestimates the severe risk of exposing personal information of adult performers. The stigma and prospective harms, including to the Performer's physical safety,[1] justify a more cautious approach. Given the heightened privacy risks at stake, a one-size-fits-all approach to protection of class members' information is not only impractical, but inequitable.

Plaintiff ignores the judicial recognition of the "unique, heightened privacy interests" of the putative class members as adult performers. *Hogan v. Cleveland Ave. Rest., Inc.*, No. 15-2883, 2023 WL 2568299, at *6 (S.D. Ohio Mar. 20, 2023) (denying Plaintiff access to dancer's identities and contact information), *rev'd in part on other grounds*, 2023 WL 4925296, at *3 (S.D. Ohio Aug. 2, 2023) (affirming denial of motion to compel based on privacy concerns). The *Hogan* Court stressed "the real personal safety concerns" of adult performers "in the digital age with hackers, harassers, stalkers and the like". *Id*. Disclosure of the putative class members personal information:

> increases the risk of disruption of their lives from the irrational stigma that still almost universally follows any unwanted disclosure to husbands, siblings, parents, friends, vast social media communities, other employers, future employers, colleges and universities, and would-be [harassers] and stalkers, to name just a few.

*Id.*

---

[1] See Kayden Kross Decl., Dkt. 58-2 at ¶ 7 ("I have seen leaks of my and other performers' personal information result in everything from relapse to suicide to homelessness, joblessness, loss of custody, divorce, stalking, retaliation, mental health decline, stress induced decline in physical health, ostracism, loss of bank accounts, being forced to move, and loss of family relationships.")

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Similarly, Plaintiff ignores Ninth Circuit case law holding "threats to life" or "emotional turmoil" justify heightened privacy protection. [**Dkt. 58 at 18:3-14**]

In response to the first-hand experiences of putative class member Kayden Kross, [*see* **Kayden Kross Decl**., **Dkt. 58-2**], Plaintiff incredulously claims that Ms. Kross's privacy concerns are "unfounded" despite Plaintiff's duty to protect the interests of absent class members. [**Dkt. 62 at 18:22**]. *Cf. Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992) ("Both the class representative and the court have a duty to protect the interests of absent class members."). Plaintiff, an adult performer herself, fails to provide a declaration to dispute Ms. Kross's statements, instead dismissing the terrifying slices of life that highlight the real risks to class members' privacy, well-being, and safety.

Finally, when Plaintiff baldly asserts that a standard *Belaire-West* opt-out notice and a protective order will adequately protect the putative class of adult performers, Plaintiff disregards the interests of the very class she seeks to represent. **[Dkt. 62 at 9:26-10:3, 10:11-13]** Even if Plaintiff can ignore the *real* risk of accidental, but life changing, outing of adult performers through misdirected mail or the opening of mail by welling meaning roommates or family members, the Court must not. As a result, bifurcation offers the most responsible litigation management approach by first focusing discovery on dispositive issues and avoiding significant risk to the privacy and safety of a uniquely vulnerable class of people, unless and until absolutely necessary.

**B.    GOOD CAUSE EXISTS FOR BIFURCATION**

  **1.    **<u>Discovery Overlap Will Be Minimal</u>.

Any overlap between Defendants' proposed Phase-I Discovery and class-wide discovery is minimal. Phase-I discovery will not require inquiry into class-wide data involving over 300 adult performers and over 1,000 films, *including non-actors* and others whose employment status is not at issue. The discovery

3

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

pertinent to Plaintiff's individual claims—namely, whether she is an employee under applicable law and whether Wage Order 12's exemptions apply—can be distinctly separated from broader class certification issues concerning *all of Defendants' non-exempt employees who worked in the State of California.*

Likewise, a fact intensive inquiry is required for determination of whether Plaintiff was an employee (of any Defendant) and, if so, whether the professional actor exemption applies. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009) (holding class certification was inappropriate when "fact-intensive inquiry into each individual plaintiff's employment situation" is required). Accordingly, Phase-I Discovery does not implicate the putative class and bifurcated discovery would impose no duplicative burden while allowing efficient determination of dispositive issues.

Plaintiff only offers boilerplate recitations of potentially overlapping discovery efforts that are ultimately unfounded. While she claims that "the parties would rely on the same expert to provide similar analysis," [**Opposition, Dkt. 62 at 12:16-17**], Plaintiff fails to explain why expert analysis would be necessary to determine the dispositive issues. Similarly, Plaintiff further claims that class contact information would be produced as a matter of course during phased discovery because "putative class members will serve as witnesses to Plaintiff's standings," [*Id.* **at 12:19-20**], but Plaintiff does not explain why their testimony would be necessary to demonstrate whether Plaintiff was misclassified or is an exempt professional actress.

Relying heavily on generalized assertions about the Ninth Circuit's bifurcation jurisprudence, Plaintiff also fails to identify symmetry between this matter and cases where courts decided against bifurcation. For example, in *Reed v. Autonation, Inc,* No. 16-09816, 2017 WL 6940519 (C.D. Cal. April 20, 2017), the plaintiff's employee-status was not at issue, rather the *Reed* court declined to

4
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

bifurcate because the issue hinged on whether the named defendant "maintained policies with which Plaintiff was required to comply[.]" *Id* at *7.

Here, no such class wide inquiry is necessary to determine Plaintiff's alleged employee-status. Bifurcation, then, actually *promotes* the efficiency of discovery by preventing the dilution of class-wide issues with individual-specific issues that do not plausibly impact *all of Defendants' non-exempt employees*.

### 2. Bifurcation Permits Deferral of Costly and Possibly Unnecessary Discovery

The Court has discretion to order the early resolution of particular issues and "to limit discovery to the segregated issues. . . . to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great Northern Railway Co.*, 424 F.2d 497, 499 (9th Cir. 1970). Nevertheless, Plaintiff asks this Court to disregard a ruling involving similar Labor Code issues, *Deleon v. Time Warner Cable LLC*, No. 09-2438, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009) (bifurcating discovery issues "concerning Plaintiff as an individual from issues concerning the class"), merely because it was issued in 2009. The *Deleon* court reasoned that "[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved," and that "[i]f Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved." *Id.* at *2.

Unable to distinguish *Deleon*, Plaintiff *incorrectly* asserts that Deleon "is not a final order, it is simply a tentative ruling." [**Dkt. 62 at 13:24-26**] Worse, Plaintiff *falsely* represents to the Court that "we cannot definitively determine if the court adopted this ruling." [**Dkt. 62 at 13:26-27**] Indeed, a simple reference to the *Deleon* docket via the court's ECF system reveals that the ruling was adopted

following a hearing. *See Deleon*, Dkt. No. 53 (C.D. Cal. Nov. 2, 2009) (Civil Minutes indicating that defendant's motion to bifurcate was granted).

The rationale in *Deleon*–the early determination of dispositive issues– remains a prominent factor in Ninth Circuit bifurcation jurisprudence. *See*, *e.g.*, *Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 20-10515, 2021 WL 4816627, at *2 (C.D. Cal. Aug. 11, 2021) ("One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue."); *see also Industrias Metalicas Marva, Inc. v. Lausell,* 172 F.R.D. 1, 2 (D.P.R. 1997) (citing *Ellingson* for the proposition that bifurcation is appropriate where it will "promote judicial economy by rendering certain issues moot before vast resources are wasted litigating them"). Where, as here, a named-plaintiff's theory of liability depends on threshold dispositive issues, courts have not hesitated to order bifurcation to test the viability of those theories before proceeding to address class discovery. The rationale supporting those decisions–to secure the just, inexpensive, and efficient resolution of an action–is fully present in this case.

### 3. <u>Bifurcation Better Serves The Purposes of Rule 23(c)(1)(A) Than Immediate Class-Wide Discovery</u>.

Plaintiff erroneously asserts that bifurcation would not serve the purpose of Rule 23(c)(1)(A) and contends there is no impediment to filing dispositive motions on Plaintiff's claims concurrently with class-wide discovery. This argument misapprehends both the current procedural posture of this case and the strategic benefits of bifurcation.

Rule 23(c)(1)(A) indicates that class certification should occur "[a]t an early *practicable* time[.]" Fed. R. Civ. P. 23(c)(1)(A). (emphasis added). In turn, "Rule 23(c)(1)(B) requires district courts to include in class certification orders a clear and complete summary of those claims, issues, or defenses subject to class treatment." *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.,* 453 F.3d 179,

184 (3d Cir. 2006). Yet, the assertion of employee-status is not only dubious as to Plaintiff given her individual circumstances, but also lacks substantiation for the broader putative class. Accordingly, bifurcation would *better serve* the purposes of Rule 23(c)(1)(A) by clarifying dispositive legal issues at the early stages of litigation and allowing the Court to properly define the scope and nature of subsequent class-wide discovery.

Plaintiff puts the cart before the horse contending that bifurcation would cause "undue delay of class certification." [**Dkt. 68 at 15:24**] (citing to *Kamrava v. Cenlar Cap. Corp.*, No. 20-11465, 2021 WL 10373035, at *2 (C.D. Cal. Oct. 7, 2021)). In *Kamrava*, the defendant moved for bifurcation "more than four months *after* the Court issued its scheduling order, which did not order discovery to be bifurcated, and three months *after* Plaintiff first propounded discovery seeking class-wide information." *Id.* (emphasis original). In contrast, the Court here has yet to issue a scheduling order. The document Plaintiff references as a "scheduling order," [**Dkt. 62 at 10:3**], is, in fact, a Joint 26(f) Report, which, unlike a court-issued scheduling order, does not prescribe mandatory discovery phases or deadlines. In fact, this Court specifically directed Defendants to file their Motion to Bifurcate Discovery. [**Dkt. 51**]. It thus strains credulity, as Plaintiff contends, that Defendants' Motion is "meritless" and "intended solely to cause further delays[.]" [**Dkt. 62 at 6:7**].

Further, Plaintiff has neither moved for class certification nor propounded class-wide discovery. *See True Health Chiropractic Inc v. McKesson Corp.,* No. 13-02219, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) ("The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court."). Accordingly, the current procedural posture of this case allows the Court and the parties to address dispositive issues prior to engaging in extensive class-wide discovery.

7

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

Finally, Plaintiff's contention that dispositive motions can be filed concurrently with class-wide discovery overlooks the efficiency and judicial economy offered by bifurcation. By resolving Plaintiff's classification and exemption issues first, the Court may limit the necessity for broader discovery, conserving resources and focusing efforts on pertinent matters that directly impact its class certification decision. This procedural efficiency is in the best interest of *all parties* and serves the overarching goal of Rule 23(c)(1)(A) to certify the class at a *practicable* time. *Cf.* Fed. R. Civ. P. 1.

### 4. Bifurcation In This Matter Would Serve Judicial Economy And Should Not Be Defeated By Plaintiff's Counsel's Search For A New Named Plaintiff.

Federal law does not permit maintenance of a class where the claims of the named plaintiff are not cognizable. *See*, *e.g.*, *East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 403–04 (1977) ("As this Court has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") (citations omitted). Nevertheless, Plaintiff improperly argues failure of her individual claims and theories will not resolve this matter because Plaintiff's counsel will seek other class representatives. [**Dkt. 62 at 17:7-8**].

Further, the mere speculative existence of other more adequate class representatives provides no basis to foreclose the early determination of dispositive issues. *See, e.g., Moreno v. NBCUniversal Media, LLC*, No. 13-1038, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) ("A hypothetical claim is not sufficient reason for the Court to deny Defendants' discovery motion that could save both Parties significant time and money."). If anything, it highlights the weakness of Plaintiff's claims.

Further, even if Plaintiff were to prevail on a dispositive motion, bifurcation will still have served judicial economy because the legal issues surrounding Defendants' alleged misclassification practices and the application of the appropriate Wage Order will be clarified. *See Deleon*, 2009 WL 10674767 at *2 ("If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved. And if they survive completely, legal issues surrounding Plaintiff's theories will be clarified.").

### 5. Bifurcation Avoids Prejudice to *All* Parties.

Plaintiff's appeal to prejudice for any delayed resolution of class wide claims is unavailing when balanced against the benefits of bifurcation, particularly in minimizing the exposure of sensitive performer information and focusing the litigation on dispositive issues. Defendants' proposed approach to bifurcation will minimize prejudice to *all parties* by resolving dispositive issues early, limiting the scope of subsequent litigation, and reducing the risk of unnecessary costs.

In the face of the obvious benefits of bifurcation, Plaintiff is unable to articulate any cognizable prejudice that would result if the parties were to first address the viability of Plaintiff's standing by setting aside a brief period for discovery and dispositive motions. Instead, Plaintiff speculates that evidence could be lost or destroyed [**Dkt**. **62 at 19:17–19**], citing to *Johansen v. Loandepot.com LLC,* No. 20-0919, 2020 WL 7230976 (C.D. Cal. Nov. 10, 2020). But *Johansen* does not stand for the universal proposition that bifurcation invariably prejudices plaintiffs by delaying access to class-wide discovery. Rather *Johansen* dealt specifically with evidentiary issues related to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), with the court noting that "[m]ultiple decisions have turned on the destruction of telephone records." *Id* at *2. Likewise cited by Plaintiff, *Lathrop v. Uber Techs, Inc.*, No.

9

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

14-05678, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) [**Dkt. 62 at 19:21**], also dealt specifically with TCPA-related issues. Here, however, the "vital records" at issue are employment-related records required to be retained by all California employers under the Labor Code, and Plaintiff fails to identify any risk specific to Defendants suggesting imminent evidence spoilation.

Plaintiff's claim that Defendants have failed to demonstrate prejudice by "[f]ailing to provide specific costs of procuring discovery" is likewise unavailing. As noted in Defendants' Motion, [**Dkt. 58 at 9:10-15**], Plaintiff has already served extensive discovery in her (currently stayed) PAGA action, including 159 Special Interrogatories, 110 Requests for Production, 86 Requests for Admission, and Form Interrogatories. Further, Plaintiff freely admits that her class claims in this action will require "extensive discovery." [**Dkt. 34, at 15:22-23**]. Here, given the congruence between Plaintiff's class action and her PAGA action, Defendants can reasonably expect equally, if not more, onerous class-wide discovery demands.

To the extent the Court's prejudice analysis depends on Defendants' demonstration of prospective class-wide discovery costs, however, the Declaration of Trey Brown, attached hereto as **Exhibit 1** (hereinafter "Brown Decl."), demonstrates that engaging in immediate class-wide discovery will entail thousands of hours of additional employee work hours (Ex. 1, Brown Decl. at ¶¶ 4(b)–4(g)) at a *minimum* estimated cost of $851,216. (Ex. 1, Brown Decl. at ¶ 4(g)).

### III. CONCLUSION.

For the reasons stated above and in Defendants' Motion, Defendants respectfully request that the Court grant Defendants' Motion to Bifurcate Discovery.

10
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY

Dated: May 3, 2024

Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Trey Brown
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,833 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: May 3, 2024        By:   */s/ Brad S. Kane*
                                  Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on May 3, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: May 3, 2024        By:   */s/ Brad S. Kane*
                                  Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

12
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY