# EXHIBIT 1

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**SUPPLEMENTAL DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>Date:　　　May 17, 2023<br>Time:　　　1:30 pm or later<br>Courtroom:　9B<br><br>Complaint Filed: April 20, 2023<br>Removed:　　　June 21, 2023 |

---

DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS'
MOTION TO BIFURCATE DISCOVERY

I, Trey Brown, hereby declare as follows:

1. My name is Trey Brown. I am over the age of 18 and I am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I work for VXN Group, LLC as its In-House Counsel. In that capacity, I have personal knowledge of the routine manner in which VXN film sets operate, including the scheduling, management, and requirements of various films. Further, I have knowledge of the administrative process in which actors are interviewed, vetted, and hired to perform in adult films. I understand how the payments are collected from subscribers and paid out to actors for their work.

In my capacity as In-House Counsel for VXN, I have been intimately involved in the administrative aspects of our operations.

I have reviewed the parties' Joint Rule 26(f) Report [**Dkt. 47**], including section C.1 thereof, in which Plaintiff discusses their intended discovery requests. I have also reviewed Plaintiff's Discovery requests dated October 10, 2023 in connection with Plaintiff's (currently stayed) state court PAGA action currently pending in Los Angeles County Superior Court (Case No. 23STCV16142), which request substantially all documents VXN has produced in the last year spanning every element of our business. These requests include 159 Special Interrogatories, 110 Requests for Production, 86 Requests for Admission, and Form Interrogatories. In my view, the Plaintiff's intended discovery in this class action as revealed in the Joint Rule 26(f) Report is even more expansive than discovery sought by Plaintiff in her PAGA action given the extended relevant time period.

Below is my good-faith calculation of the financial cost to VXN as to what it would cost to comply with Plaintiff's intended discovery requests, keeping in mind the need to redact confidential third-party information and trade secret information. Further, VXN's legal administrative staff consists of only 5 people

1

DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS'
MOTION TO BIFURCATE DISCOVERY

who currently work 8 hours a day on other matters so we will be forced to hire and train additional support staff to respond to Plaintiff's extensive discovery requests.

**Specifics of the Burden Concerning Discovery Requests:**

a) **Personnel Files:** Complying with the request to produce personnel files for the entire putative class of all non-exempt California employees for the last 4 years would encompass vast amounts of electronic data, internal communications, HR documentation, and other records. This process would require about a half-day of work to collect all the documents for one actor, or 1 days' work for 2 actors, including appropriate redactions of personal or proprietary information. All actors' personal information is incredibly sensitive as it includes age verification and private information like social security numbers and addresses. Moreover, because of the actors' popularity, and the nature of the industry, many are at risk of individual's stalking them, or individuals who desire to harass and/or hurt them because of what they do. Because of this, it is of the utmost importance that we carefully guard their privacy.

b) Within the putative class, there are approximately 400 actors. Therefore, it would take approximately 200 workdays to comply with this request alone. Since collection of these documents requires moderately skilled labor, the labor costs for a seasoned legal assistant or paralegal can be approximated at $50 per hour. For an 8-hour workday, the cost to collect documentation related solely to actors would cost approximately: 200 days x 8-hour days x $50/hr = $80,000.

c) **Shoot Information**: Documents film shoots involving members of the putative class span multiple departments. Moreover, during the

2

DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS'
MOTION TO BIFURCATE DISCOVERY

time period relevant to this class action (i.e., the past four years up to the present date) there were approximately 1,226 film shoots in which we would have to produce virtually every document associated with every film shoot. For each film shoot, to contact and review all communications by each person involved in the film shoot on each day, would take at least a full day per shoot, or approximately 1,226 days. 1,226 days x 8 hour days x $50/hr = $490,400. Not only would it take an enormous amount of legal and administrative time, it would also heavily burden our employees who participate daily in film shoots.

d) **Hours Worked**: Retrieving all documents related to hours worked for each class member would require sifting through electronic correspondence, employee emails, text messages with performers and agents, production records, multiple applications such as Uber, Postmates, Smartsheet, Slack, and other documentation, timekeeping systems, contracts, and other relevant records. To do this for 1,226 film shoots would take at least 4 hours per film shoot. This would involve an estimated 4,904 hours and an associated cost of $245,200.

e) **Communications Regarding Wages**: To locate all communications about wages since April 20, 2019, considering the variety of communication channels, negotiations that were made over the course of 1,226 shoots, the various different agents involved in each communication, and the number of class members, we estimate it would take approximately 2 hours per film shoot. This would involve an estimated 2,452 hours or 306 days at an associated cost of $19,616.

f) **Inconsistencies in Documentation**: Since VXN's inception in January 2020, our method of documentation has varied. While

3

DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

there's a push to standardize protocols due to this lawsuit, identifying and collating relevant documents for the specified period becomes challenging and time intensive. Importantly, pre-production and production involves dozens of employees. To review every employee's communications for 1,226 film shoots will take at least 40 8-hour days equaling approximately $16,000.

g) **Total Estimated Burden**: Cumulatively, <u>the rough financial and logistical burden to fully comply with Plaintiff's anticipated discovery requests just for additional legal assistant support for VXN is estimated at $851,216</u>. This does not include the attorney time, nor employee time, and substantial overtime costs that the company will incur. Moreover, class-wide discovery will likely require numerous employees to cancel holiday or vacation plans, and for the company to pay for long nights and weekends of employee overtime. This represents a substantial undertaking for VXN when also considering potential operational disruptions.

I request consideration of this declaration in assessing the potential prejudice to Defendants in the event the Court does not grant Defendants' Motion to Bifurcate Discovery, and broader context of the challenges faced by VXN in good faith compliance with Plaintiff's anticipated discovery requests.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct this 3rd day of May, 2024 at Los Angeles, California.

By: _____
Trey Brown

4

DECLARATION OF TREY BROWN IN SUPPORT OF DEFENDANTS'
MOTION TO BIFURCATE DISCOVERY