UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04901-WLH-AGR<br><br>**ORDER RE MOTION TO BIFURCATE DISCOVERY [58]** |

Defendants VXN Group LLC, Strike 3 Holdings, LLC, General Media Systems, LLC, and Mike Miller (collectively, "Defendants") filed a motion to bifurcate discovery and summary judgment into two phases. ("Bifurcation Motion," Docket No. 58). The Court found the Bifurcation Motion suitable for decision

without oral argument and vacated the May 17, 2024, hearing. (Order, Docket No. 65). For the following reasons, the Bifurcation Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Mackenzie Anne Thoma ("Plaintiff") works in the adult film industry. (Notice of Removal, Docket No. 1). She filed this action in state court in April 2023. (*Id.*). She alleged—on behalf of herself and others similarly situated—that Defendants violated various provisions of California's Labor Code and California's Unfair Competition Law. (*Id.* at Exh. A (Complaint)). In short, Plaintiff argues that Defendants—entities and individuals in the adult film business—denied Plaintiff (and others like her) overtime wages, minimum wages, premium wages, and vacation pay, among other things, by misclassifying Plaintiff and her counterparts as independent contractors. (*Id.* ¶¶ 5−6).

Defendants removed the case to this Court pursuant to the Class Action Fairness Act, (codified in part at 28 U.S.C. §§ 1332(d), 1453). Defendants then moved, for the first time, to dismiss the case. ("First Mot. to Dismiss," Docket No. 9). Plaintiff filed a motion to remand while Defendants' First Motion to Dismiss was still pending. (Mot. to Remand, Docket No. 13). The Court severed the Unfair Competition Law claim and remanded it to state court, but otherwise denied the remand motion. (Order, Docket No. 23 at 9−10). The Court granted the First Motion to Dismiss with leave to amend. (*Id.* at 14).

Plaintiff filed a First Amended Complaint. ("FAC," Docket No. 26). Defendants again moved to dismiss. ("Second Mot. to Dismiss," Docket No. 33). Also, three of the Defendants—Strike 3 Holdings, LLC, Mike Miller, and General Media Systems, LLC—moved to strike the allegations pursuant to California's anti-SLAPP law. (Cal. Code Civ. Proc. § 425.16). The Court granted in part and denied in

part the Second Motion to Dismiss with leave to amend. (Order, Docket No. 49 at 14). The Court denied the anti-SLAPP motion. (*Id.*).

Plaintiff filed her Second Amended Complaint, ("SAC," Docket No. 53), which is currently the operative complaint.[1] The parties also jointly filed their Rule 26(f) Report, (Docket No. 47), where Defendants evinced their desire to bifurcate discovery and motion practice to first address the issues of Plaintiff's individual claims before proceeding to class discovery. (*Id.* at 4 ("Defendants request this Court limit phase 1 discovery and motion practice to the issues of (i) whether Plaintiff is properly classified as an employee or independent contractor; and (ii) whether application of Wage Order 12 bars Plaintiff's remaining claims.")). Plaintiff, on the other hand, indicated that she did "not believe that discovery needs to be conducted in phases…" (*Id.* at 12). The Court ordered Defendants to file a motion to bifurcate discovery should they continued to seek a phased approach. (Order, Docket No. 51 (noting that the Court would set the case management schedule following resolution of any bifurcation motion)). The Bifurcation Motion followed. (Docket No. 58).

Turning back briefly to the severed Unfair Competition Law ("UCL") claim, as relevant here, the state court consolidated Plaintiff's UCL claim with a related Private Attorney General Act ("PAGA") claim that she had brought. (Bifurcation Mot., Docket No. 58 at 3). The UCL and PAGA claims are now stayed, (*id.* at 3−4), but before they were, Plaintiff served "159 Special Interrogatories, 110 Requests for

---

[1] A motion to dismiss the Second Amended Complaint is set for hearing on June 21, 2024, at 1:30 p.m. (Pending Mot. to Dismiss, Docket No. 64). Defendants' first attempt to dismiss the Second Amended Complaint, (Mot. to Dismiss, Docket No. 56), failed because Defendants did not comply with Local Rule 7−3's meet and confer requirement. (Order, Docket No. 60). Defendants' renewed attempt at dismissing the Second Amended Complaint, (Pending Mot. to Dismiss, Docket No. 64), is the one set for hearing on June 21.

Production, 86 Requests for Admission, and Form Interrogatories in the state court PAGA action." (Kane Decl., Docket No. 58−1 ¶ 4).

## II. DISCUSSION

As set forth below, the Bifurcation Motion is **GRANTED**.

### A. Legal Standard

Under Federal Rule of Civil Procedure 42, the court "may order a separate trial of one or more separate issues…" Fed. R. Civ. P. 42(b). "It is implicit" in Rule 42 "that the court also ha[s] power to limit discovery to the segregated issues." *Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (citing *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 544 (9th Cir. 1960)). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.*

The decision to bifurcate an action is committed to the trial court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). In the class action context, the factors the court may consider in deciding whether to bifurcate are:

> '(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at an early practicable time, (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery.'

*Young v. Mophie, Inc.*, No. SACV 19-827-JVS-DFMx, 2020 WL 1000578, at *3 (C.D. Cal. Jan. 7, 2020) (quoting *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (cleaned up)); *see also Wixen Music Publ'g, Inc. v. Thriller, Inc.*, No. 2:20-cv-105150JVS-AFMx, 2021 WL 4816627, at *2 (C.D. Cal. Aug. 11, 2011) (quoting *McDermott v. Potter*, No. C07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010)) ("'Courts consider several factors in determining whether bifurcation is appropriate, including

separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties.'").

The moving party bears the burden of establishing that "'bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties.'" *Wixen*, 2021 WL 4816627, at *1 (quoting *Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012)). Courts in this district have bifurcated discovery where resolution of a preliminary issue will narrow or clarify the issues in a case. *See, e.g.*, *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009)[2] (finding that bifurcation was appropriate in a class action where a preliminary summary judgment motion could cause "Plaintiff's individual claims" to "fail completely, fail in part, or survive completely…[but cause the] legal issues surrounding Plaintiff's theories…[to be] clarified").

### B. Analysis

Here, the relevant factors weigh in favor of bifurcating discovery and summary judgment because "[p]hased discovery may prevent the parties from engaging in broad and possibly wasteful efforts." *Young*, 2020 WL 1000578, at *3 ("Proceeding immediately on all classwide issues would subject the parties to highly extensive discovery that may ultimately be unnecessary if [Defendant] prevails on dispositive

---

[2] Plaintiff's attempt to distinguish this case by arguing that it is "not a final order," but rather a "tentative ruling" is misleading. (*See* Opp'n, Docket No. 62 at 8−9 ("*Deleon* should not be considered because the document cited by Defendants is not a final order, it is simply a tentative ruling. Therefore, we cannot definitively determine if the court adopted this ruling.")). A mere glance at the *Deleon v. Time Warner Cable* docket reveals that the court adopted its tentative opinion as a final order and bifurcated discovery. *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx) (C.D. Cal.) (Nov. 2, 2009, Minute Order, Docket No. 53).

5

motions regarding [Plaintiff's] individual claims.") (citing *Deleon v. Time Warner Cable LLC*, 2019 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009)).

As to the first factor, there is some "overlap between individual and class discovery." *Id.* For instance, discovery into Plaintiff's employment status will likely involve the same or similar employment documentation as will later be relevant to class allegations. While this overlap counsels slightly against bifurcation, *see Johansen v. Loandepot.com LLC*, No. SA CV 20-00919-DOC-JDE, 2020 WL 7230976, at *1 (C.D. Cal. Nov. 10, 2020) (citing *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014)), the Court also finds that many of the individual questions will not cause overlapping discovery claims as they will concern Plaintiff herself, her communications, and her direction of payment to affiliated entities, among other things. (*See* 26(f) Rep., Docket No. 47 at 9 (Defendants describing the evidence that will bear on the threshold individual claims issues)). This factor is accordingly neutral.

Regarding the second factor—whether bifurcation promotes certification at an early practicable time, *Young*, 2020 WL 1000578, at *3—the Court finds it likely that bifurcation will promote early resolution of this case, perhaps "without certification and without binding the class that might have been certified." Fed. R. Civ. P. 23 (Adv. Committee Note to 2003 Amend.). In any event, the Court finds that resolution of the preliminary issue will "narrow[]" or "clarify" the issues in a manner that promotes efficiency in this case, *Deleon*, 2009 WL 10674767, at *2, and that certification will not be delayed by long given the short preliminary discovery and briefing schedule that the Court provides herein.

The third factor, judicial economy, *Young*, 2020 WL 1000578, at *3, weighs strongly in favor of bifurcation. It is "judicially economical to decide standing as a threshold issue." *Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017 WL 6940519, at *8 (C.D. Cal. Apr. 20, 2017) (denying a motion to bifurcate in that case but explaining that "[w]here a threshold issue may preclude a plaintiff's claim, it

6

is appropriate to decide the preliminary issue before reaching the merits"). Here, if Plaintiff is either (1) not an employee who qualifies for wage and hour protections; or (2) even if she is an employee, she qualifies as a professional actor, exempt from protections, her claims may be precluded, so it is "appropriate to decide the preliminary issue before reaching the merits." *Id.*; *see also Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 2:20-cv-10515-JVS-AFMx, 2021 WL 4816627, at *2 (C.D. Cal. Aug. 11, 2021) ("One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue.") (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)).

Finally, the fourth factor—"any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery," *Young*, 2020 WL 1000578, at *3—also weighs slightly in favor of bifurcation. As to Plaintiff, should the Court grant the Bifurcation Motion, there is some prejudice because her discovery into the broader class will be delayed. The overall prejudice to Plaintiff would be low, however, given that the Court herein orders an abbreviated discovery and briefing timeline to quickly adjudicate preliminary issues. On the other hand, should the Court deny the Bifurcation Motion, the risk of prejudice to Defendants in the form of expensive, exhaustive discovery seems high. For instance, an initial wave of discovery from Plaintiff in the parallel state PAGA action required Defendants' responses to "159 Special Interrogatories, 110 Requests for Production, 86 Requests for Admission, and Form Interrogatories," (Kane Decl., Docket No. 86−1 ¶ 4), from which the Court infers that class-wide discovery in this case will be similarly expensive and might be avoided through bifurcation. *See Young*, 2020 WL 1000578, at *3−4 (bifurcating discovery into individual claims because "highly extensive discovery…may ultimately be unnecessary if [Defendant] prevails on dispositive motions regarding Plaintiffs' individual claims"); (*see also* 26(f) Report, Docket No. 47 at 6−7 (describing extensive discovery Plaintiff plans to seek regarding her class allegations, including, *inter alia*, giving an expert "weeks, at minimum" to determine if Defendants' alleged

failures to pay wages were systemic)). Weighing all of the factors, the Court finds that bifurcation is appropriate.[3]

### III. CONCLUSION

For the foregoing reasons, the Bifurcation Motion, (Docket No. 58) is **GRANTED**. The first phase of discovery and summary judgment shall be limited to discovery into two threshold issues related to Plaintiff's individual claims: (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. ("Phase One"). The Court sets the following schedule for Phase One of discovery and summary judgment, respectively:

(1) Phase One discovery shall be conducted for 120 days from the date of this Order;

(2) Phase One motions for summary judgment, if any, shall be filed within 60 days of the close of Phase One discovery;

(3) All other discovery matters not related to whether Plaintiff is an independent contractor or employee, or whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12, are stayed until the Court so orders. A schedule governing any further proceedings shall

---

[3] In reaching this conclusion, the Court does not rely on the Kross Declaration that Defendants submitted in support of the Bifurcation Motion. (Docket No. 58-2). The Kross Declaration was filed under pseudonym without leave of Court. The Court need not decide whether the privacy and safety concerns related to the Kross Declarant's role in the adult film industry justify the use of a pseudonym here. In any event, for the reasons described herein, the factors weigh in favor of bifurcation even without considering the concerns raised in the Kross Declaration regarding the safety and privacy of the putative class.

issue, if necessary, following rulings on any Phase One summary judgment motion(s).

**IT IS SO ORDERED.**

Dated: May 16, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE