**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff MACKENZIE ANNE
THOMA, an individual and on behalf of all
others similarly situated,

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:2:23-cv-04901-WLH(AGRx)<br><br>[*Assigned to the Hon. Alicia Rosenburg*]<br><br>**JOINT STATEMENT** |

Pursuant to the Rules and Procedures of the Honorable Alicia Rosenburg, this Joint Statement is being submitted by counsel for Plaintiff Mackenzie Anne Thoma ("Plaintiff"), an individual and on behalf of all others similarly situated, and counsel for Defendants VXN GROUP, LLC; STRIKE 3 HOLDINGS, LLC; GENERAL MEDIA SYSTEMS LLC; and MIKE MILLER ("Defendants") (hereby referred to collectively as "the Parties").

## I. <u>Areas of Disagreement</u>

Defendants served three document production subpoenas on three third parties: (i) Meta Platforms, Inc d/b/a Instagram, LLC; (ii) Mainboard, LLC; and (iii) Ryan Murphy, Plaintiff's licensed talent agent. Plaintiff and Defendants disagree on the propriety of the subpoenas.

## II. Individual Subpoena Requests

### A. Subpoena For Meta  Platforms, Inc., d/b/a Instagram, LLC

<u>Plaintiff's Position For Requests No. 2-5:</u>

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. This request invades Plaintiff's right to and reasonable expectation of privacy. This requested document is protected subject to the Store Communications Act. This request is utterly irrelevant to Phase I Discovery.

<u>Defendants' Position For Requests No. 2-5:</u>

Plaintiff: (i) fails to identify her asserted "own personal right or privilege"; (ii) Plaintiff waived any right to privacy by bringing her putative wage and hour class action; (iii) the request does not seek the content of communications stored by the electronic communication service ("ECS") within the meaning of Stored Communications Act ("SCA"); and (iv) the information sought is relevant to Phase I Discovery.

### B. Subpoena For Mainboard Platforms, LLC

<u>Plaintiff's Position For Requests No. 1-10:</u>

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. This request is utterly irrelevant to Phase I Discovery.

**<u>Defendants' Position For Requests No. 1-10</u>**

Plaintiff: (i) fails to identify her asserted "own personal right or privilege"; (ii) waived any right to privacy in communications with her licensed talent agent who procured work with Defendants by bringing her putative wage and hour class action; (iii) Mainboard is not an ECS within the SCA. Mainboard provides software used by her licensed talent agency for procuring work for Plaintiff; and (iv) the information sought is relevant to Phase I Discovery, where the Court has ordered that discovery shall be limited to "two threshold issues related to Plaintiff's individual claims: (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12". [**Dkt. 66 p. 8**].  Importantly, the Court has only given the Parties 120 days to conduct this discovery and Plaintiff has objected to every formal discovery request issued by Defendants.

**<u>Plaintiff's Additional Position For Requests No. 1-4 and 8-10</u>**

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. In addition to the objections highlighted above, Plaintiff asserts that this request invades Plaintiff's right to and reasonable expectation of privacy. This requested document is protected subject to the Store Communications Act.

**<u>Defendants' Position For Requests No. 1-4 and 8-10</u>**

See above.

**C. Subpoena For Documents For Ryan Murphy**

**<u>Plaintiff's Position For Requests No. 1-38:</u>**

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or

privilege. This request is utterly irrelevant to Phase I Discovery.

**Defendants' Position For Requests No. 1-38**

Plaintiff: (i) fails to identify her asserted "own personal right or privilege"; and (ii) waived any right to privacy in communications with her licensed talent agent who procured work with Defendants by bringing her putative wage and hour class action; (iii) any third party privilege objection waived by failure to timely object; and (iv) the information sought is relevant to Phase I Discovery; namely Ryan Murphy was Plaintiff's talent agent who was responsible for arranging for Plaintiff to work for Defendants and therefore has in his possession documents related to (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12". [**Dkt. 66 p. 8**].

**Plaintiff's Additional Position For Requests No. 1, 6, 8-16, 19-21, 23-28 and 32, 34, and 39**

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. In addition to the objections highlighted above, Plaintiff asserts that this request invades Plaintiff's right to and reasonable expectation of privacy. This requested document is protected subject to the Store Communications Act.

**Defendants' Additional Position For Requests No. 1, 6, 8-16, 19-21, 23-28 and 32, 34, and 39**

Plaintiff: (i) fails to identify her asserted "own personal right or privilege"; and (ii) waived any right to privacy in communications with her licensed talent agent who procured work with Defendants by bringing her putative wage and hour class action; (iii) any third party privilege objection waived by not timely objecting; (iv) Ryan Murphy, Plaintiff's licensed talent agent, is not an ECS within the meaning of the SCA; and (v) the information sought is relevant to Phase I Discovery.  Specifically, Defendants' request falls within what the Court identified

as relevant discovery claims at this phase, including "Plaintiff herself, *her communications,* and *her direction of payment to affiliated entities*, among other things." [**Dkt. 66, p. 6**].

**<u>Plaintiff's Additional Position For Requests No. 14, 15, 19-21:</u>**

Plaintiff maintains that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. In addition to the objections highlighted above, Plaintiff states that this request asks Mr. Murphy, a lay person, to make a legal contention.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**Defendants' Additional Position For Requests No. 14, 15, 19-21:**

Plaintiff: (i) fails to identify her asserted "own personal right or privilege"; and (iii) waived any right to privacy in communications with her licensed talent agent who procured work with Defendants by bringing her putative wage and hour class action; (vi) any third party privilege objection waived by not timely objecting; and (v) calls for a legal conclusion is not a federally recognized objection. Further, even assuming such an objection was valid, the request does not require a legal conclusion.  Importantly, Plaintiff's counsel does not represent Ryan Murphy, and Plaintiff cannot specifically identify any legally protected interest of her own in the document request.

Dated:  May 31, 2024                BIBIYAN LAW GROUP, P.C.


                                    By:    /s/ *Sarah H. Cohen*
                                           DAVID D. BIBIYAN
                                           JEFFREY D. KLEIN
                                           SARAH H. COHEN
                                           Attorneys for Plaintiff


Dated: May 31, 2024                 KANE LAW FIRM


                                    By:    /s/ *Trey Brown*
                                           TREY BROWN
                                           BRAD KANE
                                           Attorneys for Defendants