UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-04901-WLH (AGRx) | Date | June 4, 2024 |
|---|---|---|---|
| Title | Mackenzie Anne Thoma v. VXN Group, LLC., et. al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|

| K. Lozada | CS 06/04/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Sarah Hannah Cohen | Trey David Brown |
| | Brad S. Kane |

**Proceedings:**       **VIDEO DISCOVERY CONFERENCE**

Case is called. Counsel state their appearances. The court and counsel conferred as stated on the record regarding the Joint Agenda filed on June 3, 2024 (Dkt. Nos. 69-70).

Plaintiff, who works in the adult film industry, alleges that Defendants[1] misclassified her (and others like her) as independent contractors and thereby denied overtime wages, minimum wages, premium wages, and vacation pay, among other things. (Second Amended Complaint ("SAC") ¶¶ 5-6, 25-33.)

In the Order dated May 16, 2024, the District Judge granted Defendants' motion to bifurcate discovery. In the current first phase, discovery is limited to "two threshold issues related to Plaintiff's individual claims:

(i)     whether Plaintiff is an independent contractor or employee; and
(ii)    whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12."

(Order, Dkt. No. 66 at 8.)

Defendants have served third party subpoenas to (1) Meta Platforms, Inc. d/b/a Instagram, LLC; (2) Mainboard, LLC; and (3) Ryan Murphy, Plaintiff's former talent agent. The parties dispute the appropriate scope of the subpoenas in this first phase of discovery.

---

[1] Defendants are VXN Group, LLC; Strike 3 Holdings, LLC; General Media Systems LLC; and Mike Miller.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-04901-WLH (AGRx) | Date | June 4, 2024 |
|---|---|---|---|
| Title | Mackenzie Anne Thoma v. VXN Group, LLC., et. al. | | |

The scope of discovery under Rule 45 "is the same as that applicable to Rule 34 and the other discovery rules." Advisory Comm. Notes to 1970 Amendment.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Subpoena to Meta Platforms, Inc.

It is undisputed that the subpoena to Meta Platforms is directed to the Instagram Account for Mr. Murphy, Plaintiff's former talent agent. (Definition ¶ 12.)

At the hearing, Defendants confirmed that the subpoena does not currently seek production of any private messages on Mr. Murphy's Instagram Account. A party has standing to object to a third party subpoena when the party has a privilege or personal right in the information sought from the third party. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010). Given that the subpoena is not directed to Plaintiff's Instagram Account, she asserts a privacy right only as to private messages she may or may not have sent to Mr. Murphy. *See id.* at 991. Because Defendants represent that the subpoena does not seek private messaging in Mr. Murphy's Instagram Account,[2] Plaintiff has not shown that she has standing to object to the subpoena.

Based on the Defendants' representation that the subpoena to Meta Platforms does not seek private messaging, IT IS ORDERED that:

1.   Defendants shall notify Meta Platforms that (a) the subpoena served upon it does not seek private messaging in Instagram Account that is the subject of the subpoena; and (b) Meta Platforms shall not produce private messaging in response to the subpoena served upon it by Defendants absent a further court order.

2.   Plaintiff has not shown standing to challenge the subpoena to Meta Platforms at this stage of the proceedings.

---

[2] Defendants state that they will conduct a conference of counsel with Meta Platgorms' counsel regarding the subpoena and intend to exclude private messaging.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-04901-WLH (AGRx) | Date | June 4, 2024 |
|---|---|---|---|
| Title | Mackenzie Anne Thoma v. VXN Group, LLC., et. al. | | |

3.      This Order is without prejudice to Meta Platforms' ability to object, modify or otherwise respond to the subpoena served by Defendants.

IT IS FURTHER ORDERED that a continued hearing is scheduled for Tuesday, June 11, 2024 at 10:00 a.m. via Zoom to address the subpoenas to Mainboard, LLC and Ryan Murphy. Prior to the hearing, counsel shall review, for potential use in this case, the form protective order available on the court's website.  The steps to access the Zoom webinar are available on Judge Rosenberg's Procedures & Schedules page (www.cacd.uscourts.gov/honorable-alicia-g-rosenberg).

cc: District Judge Wesley L. Hsu

|   | 1 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kl | | |