**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC; GENERAL MEDIA SYSTEMS, LLC; and MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,

Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Date: June 21, 2024
Time: 1:30 pm or later
Courtroom: 9B

Complaint Filed: April 20, 2023
Removed: June 21, 2023

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. THE COURT SHOULD DISMISS THE NON-VXN DEFENDANTS SINCE PLAINTIFF STILL HAS NOT PLAUSIBLY PLED ANY THEORY OF LIABILITY AGAINST THEM ........................................................................ 1

**A. Plaintiff fails to Allege Alter Ego Against Any Non-VXN Defendants 1**

**B. Plaintiff Fails to Allege Any Other Liability Against Non-VXN Defendants ........................................................................ 3**

IV. THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY AND INCONSISTENT WAGE STATEMENT CLAIM (COUNT 6) WITHOUT LEAVE TO AMEND. ........................................................................ 7

V. THE COURT SHOULD DISMISS PLAINTIFF'S INDEMNITY CLAIM (COUNT 7) WITHOUT LEAVE TO AMEND. ........................................................................ 9

**A. The Court Should Dismiss This Claim For Failure To Comply With A Court Order. ........................................................................ 9**

**B. The Ninth Circuit Just Confirmed *Ellsworth*'s Reasoning. ............ 10**

**C. Plaintiff Fails to Allege That She Incurred Any Actual Expenses. 11**

**D. Plaintiff Fails To Allege Non-Conclusory Facts Her Supporting Grooming Expenses. ........................................................................ 11**

**E. Plaintiff Fails To Allege Non-Conclusory Facts Showing Cell Phone Expenses Were Mandatory And Unique To VXN. .......................... 12**

**F. Plaintiff Fails to Plausibly Allege Mileage Expenses Incurred in Discharge of Her Job Duties. ........................................................................ 13**

VI. CONCLUSION ........................................................................ 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014) ....8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....4, 8

*Bell Atlantic Corp. v. Tombly*, 550 U.S. 544 (2007) ....7, 8

*Boian v. Schneider Logistics Transloading & Distribution, Inc.*, No. EDCV20109MWFAFMX, 2020 WL 5356707 (C.D. Cal. May 28, 2020)....10

*Borello v. Respironics California*, 2024 WL 1496215 (S.D. Cal. Apr. 5, 2024)....2, 5

*Cole v. Sunnyvale*, No. C–08–05017 RMW, 2010 WL 532428 (N.D. Cal. Feb.9, 2010) ....8

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) ....6

*Ettedgui v. WB Studio Enterprises Inc.*, No. 2:20-CV-8053-MCS-MAA, 2020 WL 9256608 (C.D. Cal. Dec. 28, 2020) ....11

*Fendler v. Westgate-California Corp.*, 527 F2d 1168 (9th Cir. 1975) ....10

*Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104 (C.D. Cal. 2015) ....2

*Herrera v. Zumiez, Inc.* 953 F.3d 1063 (9th Cir. 2020) ....12

*Hines v. Constellis Integrated Risk Management Servs.*, No. CV 20-6782-PA-PLA, 2020 WL 5764400 (C.D. Cal. Sept. 25, 2020) ....7

*Hubert v. Equinox Holdings, Inc.*, No. CV 21-0086 PSG (JEMx), 2022 WL 1591331 (C.D. Cal. Mar. 15,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2022) ....................................................................................................13

*Hunter v. Haar*, No. CV 14-9886 R(JC), 2017 WL 10560535 (C.D. Cal. Aug. 1, 2017) ....................................................6

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014)....................................................................1, 6, 7

*Mattison v. Loma Linda Univ. Med. Ctr.*, No. 20-2334, 2023 WL 4157466 (C.D. Cal. Apr. 6, 2023)....................................3

*Morel v. NB Corp.*, No. 22-CV-00408-AJB-AHG, 2022 WL 17170944 (S.D. Cal. Nov. 21, 2022) ..............................11, 12

*Naro v. Walgreen Co*, No. 22-03170, 2023 WL 3579315 (N.D. Cal. Feb. 9, 2023)............................................11

*Potts v. Sirius XM Radio*, Inc., No. 23-55282, 2024 WL 1328191 (9th Cir. Mar. 28, 2024) ..............................................10

*Reddy v. Litton Industries, Inc.*, 912 F.2d 291 (9th Cir. 1990)..........................................................................................9

*Rios v. Linn Star Transfer, Inc.*, No. 19-07009, 2020 WL 1677338 (N.D. Cal. Apr. 6, 2020)...........................................4

*Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025 (C.D. Cal. 2017) ............................................................11

*Salameh v. Taradia Hotel*, 726 F.3d 1124 (9th Cir. 2013).....................................7

*Salcedo v. Nissan North Am., Inc.*, No. CV 22-4152-GW-MAR, 2023 WL 332761 (C.D. Cal. Jan. 18, 2023)..........................................................................................9

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)........................................................7

*Stuart v. RadioShack Corp.*, 641 F. Supp.2d 901 (N.D. Cal. 2009) ..........................................................................................10

*Sullivan v. Kelly Servs., Inc.*, No. C 08–3893 CW, 2009 WL 3353300 (N.D. Cal. Oct. 16, 2009)...................................................13

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Terrell v. Samuel, Son & Co. (USA)*, No. 20-587, 2020 WL 5372107 (C.D. Cal. Apr. 23, 2020).......................................3, 4

*Verduzco v. French Art Network LLC*, No. 23-CV-00771-BLF, 2023 WL 4626934 (N.D. Cal. July 18, 2023).......................................6

*Yang v. ActioNet, Inc.*, No. 14-792, 2015 WL 13385917 (C.D. Cal. July 21, 2015).......................................3

**California Cases**

*Espinoza v. Hepta Run, Inc.*, 74 Cal.App.5th 44 (2022).......................................4

*Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554 (2007).......................................13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6).......................................6

Fed. R. Civ. P. 8(a)(2).......................................6

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

iv

DEFENDANTS' REPLY BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# I. INTRODUCTION

The Court should grant Defendants' Motion and dismiss without leave to amend: (i) the allegations against Miller, Strike 3, and General Media; (ii) Count 2 – Failure to Pay Minimum Wage; (iii) Count 6 – Wage Statement Violations, and (iv) Count 7 – Failure to Indemnify.

First, when the Court granted Plaintiff leave to amend claims against the Non-VXN Defendants, the Court instructed Plaintiff that: "[i]f Plaintiff has facts showing alter ego liability, she should plead them." [**Dkt. 49, at 14:1-2**] Yet, Plaintiff fails to point to any new facts showing their liability.

Second, Plaintiff's minimum wage allegations still fail to meet the requirements of *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). [**Dkt. 49, at 12:1-5**]

Third, Plaintiff's wage statement allegations implausibly directly contradict her prior pleadings.

Fourth, Plaintiff's indemnity allegations neither: (i) comply with the Court's February 16, 2024 Order; nor (ii) set forth non-conclusory supporting facts.

# II. THE COURT SHOULD DISMISS THE NON-VXN DEFENDANTS SINCE PLAINTIFF STILL HAS NOT PLAUSIBLY PLED ANY THEORY OF LIABILITY AGAINST THEM

## A. Plaintiff fails to Allege Alter Ego Against Any Non-VXN Defendants

Repeating her past arguments in favor of expanding liability to non-VXN parties, Plaintiff merely quotes passages from her SAC. The issue, however, is that these generic allegations still do not make plausible claims against these parties. *Cf.* [**Dkt. 53-1, at ¶¶12–14, 18–20**] (highlighting alterations to the FAC). The Court has repeatedly admonished that "[i]f Plaintiff has facts showing alter ego liability, she should plead them." [**Dkt. 49, at 14:1-2**]. She has not, and these

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

claims should be dismissed with prejudice.

Now, Plaintiff tacitly admits she cannot allege them and instead asks the Court to "infer alter ego liability exists." [**Dkt. 68, at 19:19-20**]. However, "[t]o sufficiently allege a theory of alter ego …[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gerritsen v. Warner Bros. Ent. Inc*., 116 F. Supp. 3d 1104, 1142 (C.D. Cal. 2015). First, as Defendants have repeatedly brought to Plaintiff's attention, the second prong of alter ego liability–"inequitable result"–is asserted in conclusory fashion. Indeed, Plaintiff does not contend that VXN lacks the ability to pay or is undercapitalized. Instead, citing *Parker v. Country Oaks Partners, LLC*, 2023 WL 3149330, at *3 (C.D. Cal. Mar. 22, 2023), Plaintiff implies the prongs are flexible. But *Parker* held "a plaintiff must allege specific facts supporting *both of the elements* of alter ego liability." *Id*. (emphasis added). This shortcoming alone is grounds to dismiss Plaintiff's alter ego claims.

Second, as to the "unity of interest" prong, Plaintiff's allegations against Strike 3 and GMS fail because being a parent corporation (alleged against Strike 3) or a subsidiary (alleged against GMS) does not establish a unity of interest. *Borello v. Respironics California*, 2024 WL 1496215, at *18 (S.D. Cal. Apr. 5, 2024) ("[Identifying a parent corporation] does not 'allege sufficient facts to show a unity of interest and ownership' as necessary to show alter ego status."). Likewise, owning and distributing copyrights is not enough to allege unity of interest. *Gerritsen v. Warner Bros. Ent. Inc*., 116 F. Supp. 3d 1104, 1141 (C.D. Cal. 2015) (transferring intellectual property between companies not enough to meet unity of interest prong). Moreover, if GMS is merely a "shell company" it cannot have control over employment.

As to Miller, the allegations against him remain conclusory. *Gerritsen*, 116 F. Supp. 3d at 1142. Plaintiff's contention that he is the "owner and principal" of VXN, "made all of policy decisions and policy enforcements for VXN" and

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

"decided who would become a Vixen Angel" does not entail a unity of interests.[1] Declining to select someone for an award cannot confer alter ego liability. Otherwise, anyone in a casting, wardrobe, or creative department could be liable as an employer. Plaintiff has not alleged any facts to extend alter ego liability on any of the non-VXN defendants.

**B. Plaintiff Fails to Allege Any Other Liability Against Non-VXN Defendants**

Plaintiff's new SAC allegations are conclusory or fail to allege acts that give rise to joint employer or a direct theory of liability. For example, Plaintiff's theory against Miller echoes her conclusory (and doomed) allegation that he "plays an active role in the enforcement and creation of the policies and procedures," [**Dkt. 53, at ¶12**], only this time, with additional, irrelevant allegata. *See* [**Dkt. 53-1, at ¶12**]. "Whether two entities are 'joint employers' is a legal conclusion that, under California law, depends on a factual inquiry into the totality of the working relationship of the parties." *Terrell v. Samuel, Son & Co. (USA)*, No. 20-587, 2020 WL 5372107, at *2 (C.D. Cal. Apr. 23, 2020) (citing, inter alia, *Vernon v. State*, 116 Cal. App. 4th 114, 124 n.7 (2004)) (dismissing joint employer theory in wage dispute); *Mattison v. Loma Linda Univ. Med. Ctr.*, No. 20-2334, 2023 WL 4157466, at *11 (C.D. Cal. Apr. 6, 2023).

"In assessing joint employer liability, courts often focus on the extent the defendant has day-to-day control over the Plaintiff's work and over employment decisions over plaintiff, including hiring, firing, and rate of pay." *Yang v. ActioNet, Inc.*, No. 14-792, 2015 WL 13385917, at *5 (C.D. Cal. July 21, 2015) (citations omitted). Plaintiff cannot plausibly contend that Miller's mere presence

---

[1] The SAC does not allege that Miller is the owner of VXN Group. *See* **[Dkt. 68, at 18:13-14]**, which cites to **[Dkt. 53, at ¶18]**, but that paragraph does not address that proposition as required by Fed. R. Civ. P. 10(b).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

during one photoshoot equates to day-to-day control over her alleged employment. And Plaintiff's generic assertion that Miller approved or created certain unidentified policies are "conclusory allegations [that] lack the requisite specificity and fail to go beyond mere recitations of the elements of joint employer liability." *Terrell*, 2020 WL 5372107 at *3. *See Rios v. Linn Star Transfer, Inc.*, No. 19-07009, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020) (dismissing claims against corporate officers premised on Section 558.1 because the allegations (i) failed to "set forth facts giving rise to a plausible inference that they are *personally* liable", and (ii) were "conclusory and rel[ied] solely on the Individual Defendants' respective positions" as corporate officers) (emphasis original); *cf. Espinoza v. Hepta Run, Inc.*, 74 Cal.App.5th 44, 60 (2022) (affirming individual defendant's liability under Section 558.1 because he "admitted he had approved the policy … that violated various provisions of the Labor Code.").

Here, Plaintiff fails to set forth facts giving rise to a plausible inference that Miller is *personally* liable. Moreover, Plaintiff's only connective thread to Miller's alleged creation and enforcement of illegal policies is his status as a corporate officer. Without more, Plaintiff's allegations are mere "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" warranting dismissal. *Iqbal*, 556 U.S. at 678 .

Likewise, that Strike 3 and GMS are rightsholders does not make them joint employers. There is no allegation they ever made an employment decision and Plaintiff presents no authority for the sweeping notion that exchanging intellectual property forms an employment relationship. "Moreover, [the allegations] are entirely devoid of the necessary differentiation between Defendants to determine 'the totality of the working relationship of the parties.'" *Terrell*, 2020 WL 5372107 at *3 (citations omitted). Such "a lack of differentiation in the allegations against multiple defendants is typically cause for

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

dismissal in any context, let alone the joint employer context." *Id*. (collecting cases).

Finally, Plaintiff decries that she "cannot be expected to plead facts that are not plausibly known to her." [**Dkt. 68, at 17:3-4**]. This is not grounds to "excuse compliance with the Federal Rules of Civil Procedure and permit a fishing expedition." *Borello v. Respironics California*, 2024 WL 1496215, at *18 (S.D. Cal. Apr. 5, 2024). It is black letter law–and a point raised by this Court multiple times–that conclusory statements and mere recitals of the elements of a claim do not establish a plausible claim for liability. Multiplying the pleadings with myriad more conclusory statements, does not alter that result. Thus, the Court should dismiss the claims against Defendants for alter ego liability, joint employer liability, and direct liability with prejudice.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S MINIMUM WAGE CLAIM (COUNT 2) WITHOUT LEAVE TO AMEND.

The Court previously held on February 16, 2024, that:

> the FAC still fails to allege that Plaintiff herself "worked more than forty hours in a given workweek without being compensated…" *Landers*, 771 F.3d at 645. Accordingly, the Motion to Dismiss the second cause of action is GRANTED and the second cause of action is DISMISSED with leave to amend."

[**Dkt. 49, at 12:1-5**].

For the third time, Plaintiff fails to allege that she worked more than 40 hours a week at any time for Defendants without being compensated. Instead, she points to a paragraph in her complaint that lumps Plaintiff with the entire putative class and states "they were never compensated for overtime hours when employees_would work more than … forty (40) hours per week." [**Dkt. 53, at 24: 15-17**] This still does not meet the *Landers* requirement.

"[A]t a minimum the plaintiff must allege at least one workweek when he

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

worked in excess of forty hours and …was not paid minimum wages." *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014); *see also Verduzco v. French Art Network LLC*, No. 23-CV-00771-BLF, 2023 WL 4626934, at *3 (N.D. Cal. July 18, 2023) ("Under *Landers*, '[a]lthough plaintiffs ... cannot be expected to allege 'with mathematical precision' … compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours …in which they were 'not paid minimum wages.'")

Plaintiff then argues that if the Court reads her SAC Complaint paragraphs 3, 12, 92, 93, and 105 *in conjunction* with paragraphs 72, 75, 77, and 78, her claims could survive Fed. R. Civ. P. 12(b)(6). [**Dkt. 68, at 21:26-22:3**] Neither the Court nor Defendants should have to engage in mental gymnastics to understand Plaintiff's claim. Plaintiff's inability to specifically identify in a straightforward manner at least one week Plaintiff worked more than 40 hours without getting paid underscores the implausibility of her claim.

"Allegations that are 'merely consistent with' a defendant's liability, or reflect only 'the mere possibility of misconduct' do not 'show[ ] that the pleader is entitled to relief' (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is 'plausible on its face.'" *Hunter v. Haar*, No. 14-9886, 2017 WL 10560535, at *4 (C.D. Cal. Aug. 1, 2017).

Equally unavailing, Plaintiff cites *Conservation Force v. Salazar*, 646 F.3d 1240, 1240-1241 (9th Cir. 2011) for the notion that "motions to dismiss should not be used as weapons to circumvent liability, rather they should be used to test the sufficiency of a complaint." [**Dkt. 68, at 21:13-16**] *Conservation Force,* however, does not address *weaponizing motions to dismiss*. To the contrary, *Conservation Force* affirmed a 12(b)(6) dismissal by a district court, finding dismissal "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id*.

The Ninth Circuit has recognized the economically coercive effect of Plaintiff's argument that this Court should not hold her to the same pleading standards as others because it would prevent Plaintiff and putative class members from having a "fair and meritorious day in court." [**Dkt. 68, at 21:23-24**] "[I]f a non-specific complaint was enough to survive a motion to dismiss, plaintiffs would be able to extract undeservedly high settlements from deep-pocket companies." *Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011) (explaining why *Twombly* raised the pleading standards). After three attempts, the SAC still fails to follow the Court's express instructions and plausibly allege a minimum wage claim under the *Landers* standard. Accordingly, Plaintiff's minimum wage claim should be dismissed without leave to amend. *See Salameh v. Taradia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming a district court's denial of leave to amend "where the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply.").

## IV. <u>THE COURT SHOULD DISMISS PLAINTIFF'S CONCLUSORY AND INCONSISTENT WAGE STATEMENT CLAIM (COUNT 6) WITHOUT LEAVE TO AMEND.</u>

To circumvent this Court's enforcement of the requirement that Plaintiff provide an example of the "inaccurate wage statements", (*see* **Dkt. 49, at 10:19-11:5**, citing *Hines v. Constellis Integrated Risk Management Servs.*, No. CV 20-6782-PA-PLA, 2020 WL 5764400 (C.D. Cal. Sept. 25, 2020)), *Plaintiff's SAC implausibly lowers the frequency* of the alleged inaccurate wage statements received by "Plaintiff and some Class Members" from *at times* to *zero*. [**Dkt. 53, at ¶ 121**][2]

---

[2] When dismissing this claim in the FAC with leave to amend, this Court recognized this inconsistency, holding that "[t]he FAC does *not* provide that class members *never* received any wage statements "at all"; instead, it says that class members and Plaintiff "at times" received inaccurate wage statements[.]" [**Dkt. 49 at 11:10-13**]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Here, *Plaintiff's first three pleadings consistently allege that she personally received wage statements*:

(i) Plaintiff's April 20, 2023 original state class action complaint - "*at times*" [**Dkt 45, at 29:3-4**]

(ii) Plaintiff's July 11, 2023 state Private Attorney General Action *increased* the alleged frequency from "at times" to a more frequent "policy or practice". [**Dkt. 56-1**, **Ex. 1, at 5:11-13** (emphasis added.); *see also* **Dkt. 19, at 1**]

(iii) Plaintiff's September 20, 2023 FAC – "*at times*" [**Dkt 45, at 29:3-4** (emphasis added.)]

Plaintiff concedes "Plaintiff cannot plead facts that are 'directly contradictory' to a previous complaint." [**Dkt. 68, at 22:25-26**].[3] Neither does Plaintiff dispute that this "court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the [SAC] plausibly suggests an entitlement to relief, as required under *Iqbal*[,] 129 S.Ct. at 1950." *Cole v. Sunnyvale*, No. 08–05017, 2010 WL 532428, at *4 (N.D. Cal. Feb.9, 2010) (granting 12(b) motion without leave to amend). [**Dkt. 64, at 15:24-16:2**] *Yet, Plaintiff fails to address that fact specific inquiry.*

Further, *Plaintiff also fails to address Defendants' argument that Plaintiff's reversal of position also contradicts the context of the SAC itself, and is*

[3] Post-*Iqbal* and *Twombly*, the Ninth Circuit held that "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC*, 744 F.3d 595, 600 (9th Cir. 2014).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*consequently, implausible*. [**Dkt. 64, at 24:4-27**][4] As a result, "[t]he Court need not determine whether Defendants' argument has substantive merit because Plaintiff failed to address the argument[s] in its opposition brief and therefore is deemed to have consented to dismissal on this basis. *See, e.g., Salcedo v. Nissan North Am., Inc.*, No. 22-4152, 2023 WL 332761, at *8 (C.D. Cal. Jan. 18, 2023) (collecting cases)." [**Dkt. 49, at 12:16-21** (this Court dismissing the FAC's seventh claim – failure to pay timely wages)].

Alternatively, if the Court addresses the merits of Defendants' arguments, the Court should conclude Plaintiff's claim is implausible and directly conflicts with Plaintiff's prior pleadings and dismiss the inaccurate wage statement claim (Count 6) with prejudice. *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (grant of leave to amend is grounded on expectation of facts reasonably consistent with those already pled).

## V. <u>THE COURT SHOULD DISMISS PLAINTIFF'S INDEMNITY CLAIM (COUNT 7) WITHOUT LEAVE TO AMEND.</u>

### A. The Court Should Dismiss This Claim For Failure To Comply With A Court Order.

When dismissing Plaintiff's claim for failure to indemnify, the Court noted that "[t]he FAC still fails to plead … non-conclusory facts showing that Plaintiff sought reimbursement[.]" [**Dkt. 49, at 13:8-9**] (citing *Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 22-1699, 2020 WL 8773059, at *9 (C.D. Cal. Dec. 11, 2020)). The Court granted leave to amend on the basis that "Plaintiff's counsel represented at the hearing that Plaintiff can plead *facts* to cure these deficiencies[.]" *Id.* at 13:14-15 (emphasis added).

Here, instead of pleading non-conclusory *facts* showing that Plaintiff sought

---

[4] Plaintiff justifies her reduction of frequency as simple compliance "with this Court's recommendation". [**Dkt. 68 at 22:27-23:3**]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

reimbursement, Plaintiff impermissibly re-argues the applicable law. As noted above, Plaintiff's failure to comply with an order authorizing leave to amend is grounds for dismissal with prejudice. *Fendler v. Westgate-California Corp.*, 527 F2d 1168, 1169-1170 (9th Cir. 1975) (district court properly dismissed complaint for failure to follow Court's order granting leave to amend).

**B. The Ninth Circuit Just Confirmed *Ellsworth*'s Reasoning.**

On March 28, 2024, the Ninth Circuit affirmed that "an employer cannot reimburse an expense it does not know about" and that an employer's purported knowledge does not impute liability "under § 2802 when an employee, as here, withholds reimbursement requests until after filing a lawsuit." *Potts v. Sirius XM Radio*, Inc., No. 23-55282, 2024 WL 1328191, at *2 (9th Cir. Mar. 28, 2024).

Here, the SAC, like the FAC, alleges that Defendants "refused to reimburse" Plaintiff's expenses, which necessarily implies that Plaintiff *did* request reimbursement. [**Dkt. 53, at ¶134; Dkt. 26 at ¶136**]. In her Opposition, however, Plaintiff contrarily asks: how would an employee "who does not know she is even entitled to reimbursement, request reimbursement?" [**Dkt. 57:25:17-19**].

*Similarly, unsupported by the allegations in SAC*, Plaintiff argues employees have "no duty to affirmatively request reimbursements;" [**Dkt. 68, at 23:11-13]** (citing *Stuart v. RadioShack Corp.*, 641 F.Supp.2d 901 (N.D. Cal. 2009)). However, *Stuart* rejected the notion that "the duty to reimburse is triggered once an expense is incurred[.]" *Id.* at 903-03. Instead, *Stuart* held that the duty to reimburse arises only if the employer knows or has reason to know the expense was incurred. *Id.* (employer maintained a database providing "actual notice" of expenses); *See Boian v. Schneider Logistics Transloading & Distribution, Inc.*, No. 20-109, 2020 WL 5356707, at *10 (C.D. Cal. May 28, 2020) (granting motion to dismiss where "the FAC is devoid of any factual allegations that [explain] whether or how Defendant acquired knowledge that it

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

knew or should have known”). Here, Plaintiff makes no plausible allegations that Defendants knew or had reason to know of Plaintiff’s expenses beyond conclusively alleging that they were mandatory. *See Morel v. NB Corp.*, No. 22-00408, 2022 WL 17170944, at *3 (S.D. Cal. Nov. 21, 2022) (dismissing indemnity claim where plaintiff failed to allege how expenses were necessary “beyond conclusively alleging that Defendant required him to do so.”).

**C. Plaintiff Fails to Allege That She Incurred Any Actual Expenses.**

Despite *three* opportunities, Plaintiff has failed to identify a circumstance where she *actually* made a reimbursable expenditure, which is a necessary element of any indemnity claim. *See Ettedgui v. WB Studio Enterprises Inc.*, No. 20-8053, 2020 WL 9256608, at *7 (C.D. Cal. Dec. 28, 2020) (dismissing indemnity claim where the complaint “fail[ed] to identify, among other things, any actual work-related expenses borne by Plaintiff.”).

Because Plaintiff *cannot* identify an *actual* transaction, she instead resorts to ambiguous claims about what certain expenditures “would cost.” [**Dkt. 53, at ¶ 131**]. However, Section 2802 claims must contain allegations concerning *actual* costs incurred by the plaintiff. *See Naro v. Walgreen Co*, No. 22-03170, 2023 WL 3579315, at *3 (N.D. Cal. Feb. 9, 2023) (dismissing indemnity claim where the complaint was “[n]oticeably absent” of allegations that “Plaintiffs actually…made expenditures or incurred losses.”) Here, Plaintiff’s assertion that “everything in the SAC must be taken as true” rings hollow because the SAC still fails to identify any actual expense. *See Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033–34 (C.D. Cal. 2017) (dismissing indemnity claim unsupported by facts about “*what* business expenses were incurred and *when*.” (emphasis in original)).

**D. Plaintiff Fails To Allege Non-Conclusory Facts Her Supporting Grooming Expenses.**

While Plaintiff sprinkles the word "mandatory" on her SAC grooming expense allegations, that conclusory allegation is insufficient to state a claim. [**Dkt. 68, at 26:3-11**] (citing Dkt. 53 ¶s 2, 130-134."). *See Morel*, 2022 WL 17170944, at *3 (S.D. Cal. Nov. 21, 2022). Plaintiff still fails to plead non-conclusory facts, presumptively within her own knowledge, that would make her claims plausible.

Instead, Plaintiff resorts to more conclusory allegations outside the SAC: "As for the manicures, pedicures, hair, makeup, and anal bleaching, these were all required by Defendants as conditions of employment." However, the SAC merely alleges Plaintiff must maintain her appearance and needs permission to get a tattoo or piercing. [**Dkt. 53, at 3:17-21**].

Moreover, Plaintiff has failed to *substantively respond* to Defendants' legal authority that Plaintiff's claimed grooming expenses are generally useful in the adult acting profession, and therefore not subject to reimbursement. [**Dkt. 64, at 30:13-31:8**]. Instead, without any legal authority or analysis, Plaintiff merely asserts *maintaining* one's physical appearance is somehow reimbursable. Indeed, "maintaining" refers to the preservation of *prior conditions* and contradicts the notion that Defendants required Plaintiff to perform any action beyond what would be advantageous as a matter of course in the acting profession. As a result, Plaintiff's failure to substantively respond to Defendants' arguments is deemed consent to dismissal on this basis. [**Dkt. 49, at 12:16-21**].

### E. Plaintiff Fails To Allege Non-Conclusory Facts Showing Cell Phone Expenses Were Mandatory And Unique To VXN.

To claim cell phone expenses, a plaintiff's allegations must "include specific, non-conclusory facts about how she made the calls or what costs she incurred." *Herrera v. Zumiez, Inc.* 953 F.3d 1063, 1078 (9th Cir. 2020) (dismissing cell phone reimbursement claim). Further, the SAC fails to describe

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

the work-related purpose for which Plaintiff used her personal cell phone. Instead, Plaintiff improperly asks the Court assume Plaintiff needed a cell phone to communicate with Defendants. [**Dkt. 57; 20:19-22**; **Dkt. 49, at 11:9-10**] ("The Court looks to the FAC, however, not the opposition brief's characterization of the FAC"). Accordingly, the Court should dismiss the allegations as conclusory.

### F. Plaintiff Fails to Plausibly Allege Mileage Expenses Incurred in Discharge of Her Job Duties.

Plaintiff misinterprets a hypothetical in *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554 (2007) as establishing a rule that "the employer had the duty to calculate the distance that was driven and give an appropriate reimbursement based on the employer's knowledge." [**Dkt. 68, at 25:8-11**] In *Gattuso*, since the employees drove "the exact same route day after day", the Court simply held the employer could meet its reimbursement obligations through a lump sum payment. *Id.* at 568, 570-71.

The *Gattuso* employees used their automobiles "to perform their employment duties," namely, meeting "customers in person at their places of business." *Id.* Here, the SAC fails to explain why Plaintiff's alleged mileage was necessary "to perform her actual job duties" as an adult film actress, as opposed to mere "commuting". *See Hubert v. Equinox Holdings, Inc.*, No. 21-0086, 2022 WL 1591331, at *5 (C.D. Cal. Mar. 15, 2022) (dismissing reimbursement claim because plaintiffs did "not contend that they were required to" use their vehicles "to perform their actual job duties."); *Sullivan v. Kelly Servs., Inc.*, No. 08-3893, 2009 WL 3353300, at *4–5, *7 (N.D. Cal. Oct. 16, 2009) (mileage costs incurred while commuting to and from customer interviews were not reimbursable because commuting time was not compensable).

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court grant

Defendants' Motion and dismiss without leave to amend: (i) the allegations against Miller, Strike 3, and General Media; (ii) Count 2 – Failure to Pay Minimum Wage; (iii) Count 6 – Wage Statement Violations, and (iv) Count 7 – Failure to Indemnify.

Dated: June 7, 2024

Respectfully submitted,
KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Trey Brown
Attorneys for Defendants
VXN Group LLC; Strike 3 Holdings, LLC; General Media Systems, LLC; and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

14

DEFENDANTS' REPLY BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,889 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: June 7, 2024 By: */s/ Brad S. Kane*
Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on June 7, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 7, 2024 By: */s/ Brad S. Kane*
Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035