UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV-23-04901-WLH (AGRx)                                Date: June 11, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

Present: The Honorable:   Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | CS 06/11/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Sarah Hannah Cohen | Trey David Brown |
|  | Brad S. Kane |

**Proceedings: CONTINUED VIDEO DISCOVERY CONFERENCE**

Pursuant to the Order dated June 4, 2024 (Dkt. No. 71), the court conducted a continued hearing regarding Defendants' third party subpoenas served upon Mainboard, LLC and Ryan Murphy. Counsel advised the court that they are continuing to work on a protective order.

In the Order dated May 16, 2024, the District Judge granted Defendants' motion to bifurcate discovery. In the current first phase, discovery is limited to "two threshold issues related to Plaintiff's individual claims:

(i)   whether Plaintiff is an independent contractor or employee; and
(ii)  whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12.

(Order, Dkt. No. 66 at 8.)

The scope of discovery of third parties under Rule 45 "is the same as that applicable to Rule 34 and the other discovery rules." Advisory Comm. Notes to 1970 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)                                    Date: June 11, 2024

Title      Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### Subpoena to Ryan Murphy

Plaintiff's counsel advised the court that her firm represents third party Mr. Murphy for the limited purpose of responding to the subpoena to him. Mr. Murphy recently served objections.

The court will require counsel to confer regarding Mr. Murphy's objections and responses to the subpoena. Counsel for Mr. Murphy is urged to go over possession, custody or control over sources of electronic documents that may be responsive to the subpoena. It appears to the court that Plaintiff's objections to Document Request Nos. 15-17 in the subpoena to Mr. Murphy may have become moot if Mr. Murphy no longer has access to his former employer's Mainboard or other booking accounts. If not, however, counsel should confer whether Plaintiff's objections can be addressed in the briefing and hearing schedule set below for the subpoena to Mainboard in order to avoid duplicate briefing.

### Subpoena to Mainboard, LLC

The parties agreed that the time frame for the subpoena to Mainboard is January 1, 2021 through December 31, 2022.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                            Date: June 11, 2024

Title         Mackenzie Anne Thoma v. VXN Group, LLC., et. al.


      Document Request No. 1:  Absent any indication that Plaintiff has a separate account at Mainboard, Plaintiff has not shown standing to challenge Document Request No. 1, which seeks registration information for a relevant user as defined in Definition ¶ 10.

      Document Request Nos. 4-5:  The court overruled Plaintiff's objection to Document Request Nos. 4-5, which request production of "user provided content" about Plaintiff as defined in Definition ¶ 14 and the dates/times that the content was submitted to Mainboard.  The requested information appears relevant to the two subject matters in the current phase of discovery, and there is no indication that Plaintiff's images, videos, or the like in her talent agency's Mainboard account would differ by booking.

      Document Request No. 8:  This request seeks usage logs that may be relevant to authentication of requested data.  The scope of the usage logs to be produced would presumably correspond to the data ordered to be produced.  The court overrules objection to the usage logs for information responsive to Document Request Nos. 4-5, but defers ruling on the usage logs for data responsive to Document Request Nos. 2-3, 6-7, and 9-10.

      Document Request Nos. 2-3, 6-7, and 9-10:  Request Nos. 2, 7, and 10 call for production of "Talent Accounting Data" as defined in Definition ¶ 11, such as invoices and payments, that is submitted by a relevant user and related to Plaintiff, as well as communications about that data.  Request No. 3, 6 and 9 call for production of "Talent Booking Data" as defined in Definition ¶ 12, such as work engagements solicited, received, accepted or denied by a relevant user related to Plaintiff and work schedules.  Plaintiff objects to these requests to the extent they seek Talent Accounting Data or Talent Booking Data regarding Plaintiff's work for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)                                          Date: June 11, 2024

Title  Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

entities other than Defendants.  In consultation with counsel, the court set a briefing and hearing schedule on Plaintiff's motion for protective order.

   IT IS ORDERED that:

   1. The time frame for the subpoena to Mainboard LLC is January 1, 2021 through December 31, 2022.

   2. Plaintiff's objections to Document Request Nos. 1, 4 and 5 in the subpoena to Mainboard are overruled.

   3. The briefing and hearing schedule on Plaintiff's motion for protective order regarding Document Requests 2-3, 6-7 and 9-10 to Mainboard is as follows:

      June 18, 2024   Plaintiff shall file her motion for protective order
      June 25, 2024   Defendants shall file their opposition
      July 2, 2024    Plaintiff may file an optional reply brief
      July 9, 2024    Hearing at 11:00 a.m. via Zoom

   4. This order is without prejudice to Mainboard LLC's ability to object or otherwise respond to the subpoena served upon it.  Counsel shall notify Mainboard LLC of this Order.

   5. Counsel shall confer by June 18, 2024 regarding Mr. Murphy's objections and responses to the subpoena served upon him.  If the parties do not resolve their discovery disputes, counsel may request a discovery conference with the court by contacting the Courtroom Clerk, Karl Lozada.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV-23-04901-WLH (AGRx)                                    Date: June 11, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

|  | 0:52 |
|---|---|
| **Initials of Preparer** | kl |