1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:23-cv-04901-WLH-AGR<br><br>**ORDER RE RENEWED MOTION TO DISMISS SECOND AMENDED COMPLAINT [64]** |
|---|---|

Defendants VXN Group, LLC, Strike 3 Holdings, LLC, General Media Systems, LLC, and Mike Miller (collectively, "Defendants") filed a Renewed[1] Motion to Dismiss the Second Amended Complaint. ("Motion," Docket No. 64). The Court

---

[1] The Court denied the prior motion to dismiss the SAC for failure to comply with Local Rule 7−3. (Order, Docket No. 60).

found the matter suitable for decision without oral argument and vacated the hearing. (Order, Docket No. 82). For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

### A. Procedural History

The Court draws from its prior Order's description of the record in this hard-fought case. (*See* Order, Docket No. 49). Plaintiff Mackenzie Anne Thoma ("Plaintiff") filed this action in California Superior Court on April 20, 2023, on behalf of herself and others similarly situated. (*See generally* Notice of Removal, Docket No. 1). Plaintiff alleged in the original complaint that Defendants were jointly liable for violating various sections of the California Labor Code and California's Unfair Competition Law ("UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*) by failing to, *inter alia*, pay minimum and overtime wages, provide meal periods and rest periods, furnish accurate wage statements, pay for vested vacation time, and timely pay final wages at termination. (*Id.*). Plaintiff alleged that "[f]or at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation," including "overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3." (*Id.* ¶ 26). Plaintiff also sought penalties from Defendants for misclassifying her and other class members as independent contractors. (*Id.* ¶ 6).

Defendants removed the action to federal court pursuant to the Class Action Fairness Act ("CAFA"). Defendants then filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Docket No. 9). While Defendants' motion to dismiss was still pending, Plaintiff filed a motion to remand the action to state court. (Mot. to Remand, Docket No. 13). The Court severed the tenth UCL claim for unpaid wages and remanded it to state court, but

2

otherwise denied the motion to remand. (Order, Docket No. 23 at 9−10). The Court granted the motion to dismiss with leave to amend. (*Id.* at 14).

Plaintiff then filed a First Amended Complaint. ("FAC," Docket No. 26). Defendants moved to dismiss the FAC. ("Motion to Dismiss," Docket No. 33). Three defendants—Mike Miller, Strike 3 Holdings, LLC ("Strike 3"), and General Media Systems, LLC ("General Media")—also moved to strike allegations in the FAC pursuant to California Code of Civil Procedure section 425.16. The Court granted in part and denied in part the motion to dismiss the FAC and denied the special motion to strike. Defendants then moved to bifurcate discovery, (Bifurcation Mot., Docket No. 58), which the Court granted. (Order, Docket No. 66).

Plaintiff filed a Second Amended Complaint. ("SAC," Docket No. 53). Defendants' initial attempt to move to dismiss the SAC was denied due to a failure to properly meet and confer. (Order, Docket No. 60). The present Motion represents Defendants' renewed attempt to dismiss portions of the SAC. (Mot., Docket No. 64).

### B. Factual Background[2]

The SAC's factual allegations largely track the FAC's allegations as described in this Court's prior Order, (Docket No. 49 at 3−4), with minor additions. In short, the SAC alleges that Plaintiff is an adult film actor and model. (SAC, Docket No. 53 ¶¶ 7, 8). Plaintiff claims Defendants "put in place" violate California wage and hour laws. (*Id.* ¶ 12).

VXN Group, LLC ("VXN") employed Plaintiff and the putative class. (*See id.* ¶ 19 (referring to VXN's employees)). VXN, together with the other Defendants, required its actors and models to sign performance agreements and conform with workplace policies that allegedly violated California wage and hour laws. (*Id.* ¶ 3). Plaintiff alleges that while employed by VXN, she and putative class members were misclassified as independent contractors, (*id.* ¶ 39), never compensated for overtime

---

[2] The Court takes the SAC's allegations to be true for purposes of this Order.

payments, (*id.* ¶ 66), not paid minimum wage, (*id.* ¶ 82), denied meal breaks as they were constantly "on duty," (*id.* ¶ 90), "never provided with Code compliant rest break periods," (*id.* ¶ 102), not paid all wages due and owing upon termination, (*id.* ¶ 113), not furnished wage statements, or furnished inaccurate ones (*id.* ¶ 121−22), and not reimbursed for work-related expenses including grooming and fitting costs, (*id.* ¶ 133), among other things.

Miller is the "founder, principal, and the Executive Producer of VXN [Group]." (*Id.* ¶ 12). He played "an active role in the enforcement and creation of the policies and procedures set in place by VXN [Group]," according to the FAC. (*Id.* (also alleging also that Miller "directly created the policies that led to the violations alleged herein and had direct control over the wages and working conditions of Plaintiff and Class Members" and exerted control over Plaintiff's and Class Members "bodies," and "outfits," among other things)). The SAC alleges that Miller "was physically present during many modeling shoots and on filming days." (*Id.*). He "personally invited Plaintiff to Joshua Tree for a modeling shoot and was a decisionmaker as to whether she would be paid for this shoot." (*Id.* (also alleging that Miller denied Plaintiff rest and meal breaks on this trip)).

Strike 3 "serves as the parent company for VXN [Group]," and "owns, distributes, and produces pornographic films, images, and materials created" by the same. (*Id.* ¶ 13). Strike 3 is also "the copyright holder" of VXN's films, photographs, "and other materials." (*Id.*). Strike 3, the SAC says, "maintains a level of control over VXN [Group] and its employees…where the policies and procedures of VXN Group" are truly the policies and procedures of Strike 3 as well. (*Id.* ¶ 19). Strike 3 allegedly "exercise[es] control over VXN Group and Miller," and "thus exercises control over…hiring, firing, compensation, performance supervision, discipline, and enforcement of workplace rules." (*Id.* (also alleging that "given the level of control STRIKE 3 has over VXN Group [because] VXN Group could not operate without the use of the copyrights and materials owned by STRIKE 3, there is such a unity of

1  interest between the two that it would be wholly inequitable if STRIKE 3 is not held
2  liable for the actions alleged herein.")).
3        General Media "is an application computer software company that distributes
4  the films, photographs, and other materials" produced by Defendants. (*Id.* ¶ 14).
5  General Media, Plaintiff claims, exercises control over VXN because VXN "cannot
6  distribute its films without the express consent of General Media," and so General
7  Media is "jointly and severally liable for the wrongful actions undertaken by VXN
8  Group." (*Id.* ¶ 20 (also alleging that General Media is "nothing more than a shell
9  company")).

## II. DISCUSSION

### A. <u>Minimum Wage Claim</u>

Plaintiff's second cause of action for failure to pay minimum wages is **DISMISSED** without leave to amend. As the Court explained in two prior orders, to survive a 12(b)(6) motion to dismiss a minimum wage claim, a plaintiff must allege facts "showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages…." *Landers v. Quality Commc'ns*, *Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (affirming a district court's grant of a motion to dismiss a minimum wage claim,[3] *inter alia*, since the complaint lacked "any detail regarding a given workweek when [plaintiff]…was not paid minimum wages"); *see also Verduzco v. French Art Network, LLC*, No. 23-cv-00771-BLF, 2023 WL 4626934, at *3 (N.D. Cal. July 18, 2023) (finding that a plaintiff failed to state a claim for failure to pay minimum wages under the California Labor Code because the complaint did not identify a "given workweek in which Plaintiff worked in excess of forty hours without being paid…minimum wages," nor did the complaint identify the "length and

---

[3] Though *Landers v. Quality Communications, Inc.* involved a Fair Labor Standards Act claim, 771 F.3d 638, 639 (9th Cir. 2014), courts in this circuit "regularly apply the same pleading standard to claims brought in federal court under the California Labor Code." *Verduzco v. French Art Network, LLC*, No. 23-cv-00771-BLF, 2023 WL 4626934, at *2 (N.D. Cal. July 18, 2023).

frequency" of Plaintiff's unpaid work or "anything about [Plaintiff's] regular rate of pay….") (internal quotations omitted).

Here, after having been granted leave to amend her minimum wage claim, Plaintiff nonetheless pleaded many of the same allegations again without modification and points to those unchanged paragraphs in opposition to the present Motion. Those unchanged paragraphs did not state a claim in the FAC, however, and they do not state a claim now. (*See* Order, Docket No. 49 at 11−12 (holding that the FAC does not state a claim for minimum wage violations and citing, by way of example, Paragraphs 71−72 of the FAC as deficient); Second Amend. Compl., Docket No. 53 ¶¶ 3, 12, 71−74, 75, 77, 80, 92−93, 105)).[4]

The new minimum wage allegations in the SAC fare no better. Plaintiff added the following allegations to the SAC, as compared to the FAC:

- "[T]he policies and procedures put in place…ensured Plaintiff and Class Members were misclassified and therefore were not paid proper…minimum wages." (SAC, Docket No. 53 ¶ 12);

- "During the entire time Plaintiff and Class Members were employed by Defendants, they were never compensated for overtime hours worked when employees would work more than eight (8) hours per day or forty (40) hours per week." (*Id.* ¶ 78);

- There was "time worked that was entirely uncompensated thus violating California minimum wage requirements." (*Id.* ¶ 79);

- "Plaintiff and Class members would regularly work more than eight (8) hours per day and/or forty (40) hours per workweek and were never paid overtime wages for this work." (*Id.* ¶ 81);

These are precisely the type of conclusory allegation that the *Landers* standard prohibits because such allegations resemble a recitation of elements and are

---

[4] A redline of the SAC against the FAC appears at Docket No. 53−1.

insufficient to survive a 12(b)(6) motion. *See Landers*, 771 F.3d at 644 (finding inadequate "conclusory allegations that merely recite the statutory language"); *see also Dejesus v. HF Mgm't Servs., LLC*, 726 F.3 85, 89 (2d Cir. 2013) (explaining that the plaintiff need not plead her claims with "mathematical precision," but her claims must do "more than parrot the statutory language…") (cited with approval in *Landers*, 771 F.3d at 643). Alleging in a conclusory fashion that Plaintiff and the putative class were deprived of minimum wages to which they were entitled, and then listing a variety of random times where Plaintiff and the putative class worked long hours or allegedly performed unpaid work off the clock, (*see* SAC, Docket No. 53 ¶¶ 73−75, 80, 92), does not satisfy Plaintiff's burden to allege at least one given workweek in which Plaintiff and the putative class were "entitled to but denied minimum wages…." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). Because the SAC contains no allegations regarding "[Plaintiff's or the putative class member's] regular rate of pay…," the Court cannot say that it is plausible that Plaintiff and the class were entitled to but denied minimum wages in any given workweek. *Verduzco*, 2023 WL 4626934, at *3 (finding that a plaintiff failed to state a claim for failure to pay minimum wages under the California Labor Code because, *inter alia*, the complaint did not identify "anything about [Plaintiff's] regular rate of pay….") (internal quotations omitted). The minimum wage claim as pled (for the third time) accordingly does not survive the "plausibility" standard articulated in *Twombly* and *Iqbal* and is **DISMISSED** without leave to amend.

### B. Wage Statement Claim

The Court **DENIES** the Motion with respect to the wage statement claim. (Mot., Docket No. 64 at 15−17). Though "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding," *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgm't, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014), the Plaintiff's new allegations in the SAC do not contradict her claims—they narrow and clarify them. Previously, the Court held that Plaintiff's wage statement claim

7

failed because the FAC alleged that Plaintiff and the class "'at times'" received inaccurate wage statements, without further factual support to bolster the conclusory allegation. (*See* Order, Docket No. 49 at 10−11 (quoting FAC, Docket No. 26 ¶ 118)). Now, Plaintiff clarifies in the SAC that she herself, along with "some" putative class members, did not receive "any" itemized wage statements at all, while other members of the putative class received wage statements, albeit inaccurate ones. (SAC, Docket No. 53 ¶ 121−22). This modification to the allegations is unlike the entirely contradictory allegations that a party sought to advance in the case Defendants cite in support of their argument that Plaintiff's allegations are inconsistent. *See Airs Aromatics*, 744 F.3d at 600 (a plaintiff seeking leave to allege that he used a mark continuously when he alleged in a prior pleading that he was not actively using the marks for seven years). The Court therefore **DENIES** the Motion as to the sixth cause of action for failure to provide accurate wage statements.

### C. Indemnification Claim

The Court **GRANTS** the Motion as to the seventh cause of action for failure to indemnify. The Court previously granted leave to amend this claim because "Plaintiff's counsel represented at the hearing that Plaintiff can plead facts to cure these deficiencies…" (Order, Docket No. 49 at 13). Rather than adding factual allegations regarding whether Plaintiff did or did not request reimbursement for the alleged expenses prior to filing this suit, however, Plaintiff fleshed out her allegations that Defendants "had constructive knowledge of the expenses incurred by Plaintiff and Class Members for work related expenses." (SAC, Docket No. 53 ¶¶ 133−34). These new allegations—contained in paragraphs 133 and 134 of the SAC—are conclusory like the prior allegations of constructive knowledge, however. (*See id.* ¶ 133 ("Defendants knew or should have known Plaintiff and Class Members were incurring these costs without reimbursement…Defendants undoubtedly had constructive knowledge…"); *id.* ¶ 134 ("Defendants[] [had] knowledge of the costs" that Plaintiff and Class Members "were mandated to incur.")). The Court accordingly **GRANTS**

8

1 the Motion as to the failure to indemnify claim without leave to amend. In light of
2 this reasoning, the Court need not—and does not—consider Defendants' other
3 arguments in favor of dismissal of this claim.

### D. Joint Liability

The Court **GRANTS** the Motion as to any claims based on an alter ego theory of liability without leave to amend. The alter ego allegations in the SAC are still conclusory—indeed, Plaintiff failed to amend the bulk of boilerplate alter ego allegations that have already been dismissed twice. (*See* Order, Docket No. 49 at 14 (dismissing the alter ego claims in the FAC with leave to amend); *see, e.g.,* SAC, Docket No. 53 ¶¶ 22(A)−(F)).[5] Plaintiff also points to Paragraphs 18 through 20 in the SAC to argue that alter ego liability has now been sufficiently pled. (Opp'n, Docket No. 68 at 11−13). The Court agrees with Defendants, though, that the additions to Paragraphs 18 through 20 in the SAC, (SAC, Docket No. 53 ¶¶ 18−20; SAC Redline, Docket No. 53−1 ¶¶ 18−20), do not state a claim for alter ego liability because the allegations remain conclusory as to the second element for alter ego liability—that an "inequitable result" would follow if the acts in question are treated as those of VXN alone. (*See* SAC No. 53 ¶ 18 ("[A]n inequitable result would undoubtedly follow if MILLER is not held liable alongside VXN Group"); *id.* ¶ 19 ("[I]t would be wholly inequitable if STRIKE 3 is not held liable for the actions alleged herein."); *id.* ¶ 20 ("[I]t would be wholly inequitable in every sense of the word to not hold GENERAL MEDIA equally liable for the violations alleged herein.")). *See, e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1138 (C.D. Cal. 2015) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each…") (internal quotations omitted) (collecting cases).

---

[5] The lack of changes between the alter ego allegations at Paragraph 22 in the SAC can be seen in the redline at Docket No. 53−1.

1    The Court also **GRANTS** the Motion to dismiss defendants Strike 3 and
2 General Media from the suit entirely, since the SAC also fails (once again) to plead
3 non-conclusory facts showing either joint liability or joint employer liability as to
4 General Media and Strike 3.  *See Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d
5 928, 937−38 (N.D. Cal. 2016) (citing *Martinez v. Combs*, 49 Cal. 4th 35 (2010))
6 (granting a motion to dismiss because conclusory allegations failed to establish that an
7 entity exercised control over working conditions, suffered or permitted work, or
8 created a common law employment relationship).  Even drawing all reasonable
9 inferences in favor of Plaintiff, the Complaint does not allege facts showing that Strike
10 3 or General Media exercised control over the manner and method in which day-to-
11 day activities are performed at VXN, Group LLC ("VXN").  (*See, e.g.*, SAC, Docket
12 No. 53 ¶ 13 (alleging that Strike 3 exerts control over VXN because it owns VXN's
13 copyrights); *id.* ¶ 20 (alleging that General Media exerts control over VXN because it
14 cannot "distribute its films without the express consent" of General Media but alleging
15 nothing about General Media's day-to-day control over VXN's operations)).

16    The Court **DENIES** the Motion to dismiss Miller from the suit entirely,
17 however.  Though the Court has now dismissed any alter ego theory of liability
18 against Miller as described herein, the Court finds that the new allegations related to
19 the control Miller exerted over the day-to-day operations at VXN are sufficient to
20 state a claim for joint employer liability at the pleading stage.  (*See* SAC, Docket No.
21 53 ¶ 18 (describing how Miller "was involved in the decision-making process to
22 intentionally misclassify Plaintiff and Class Members as independent contractors,"
23 and that Miller "controlled working conditions," including "what hours Plaintiff and
24 Class Members would work")).

### III.    CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** without leave to amend as
to the second cause of action for failure to pay minimum wages and the seventh cause
of action for failure to indemnify (Cal. Labor Code § 2802).  The Motion is also

**GRANTED** as to defendants Strike 3 and General Media, who are **DISMISSED** from this action with prejudice.  Finally, the Motion is **GRANTED** regarding Plaintiff's theory of alter ego liability.  The Motion is **DENIED** regarding the sixth cause of action for failure to provide accurate wage statements.  The Motion is also **DENIED** with respect to defendant Miller.

   **IT IS SO ORDERED.**

Dated: June 21, 2024

               _____
               HON. WESLEY L. HSU
               UNITED STATES DISTRICT JUDGE