**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC and MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND REQUEST FOR LEAVE TO FILE A MOTION FOR ATTORNEY'S FEES [DISCOVERY MATTER]**<br><br>Date:          July 9, 2024<br>Time:         11:00am<br>Location:     Zoom<br><br>Complaint Filed:   April 20, 2023<br>Removed:             June 21, 2023 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## Table of Contents

**I.    INTRODUCTION** .......................................................................**1**

**II.   FACTS** ...................................................................................**1**

**III.   THE PARTY OPPOSING DISCOVERY BEARS THE BURDEN OF SHOWING SPECIFIC PREJUDICE OR HARM FROM EACH REQUEST.** ............................................................................................**3**

**IV.   ARGUMENT** .........................................................................**4**

    **A.   Fourth Amendment Jurisprudence Does Not Apply To Plaintiff's Civil Lawsuit.** 4

    **B.   Mainboard's Privacy Policy Does Not Bar Discovery** ...................... **6**

    **C.   Plaintiff's Motion Fails to Argue That the Requested Documents Lack Relevancy** ............................................................... **7**

        i.    Request No. 2 ................................................ 7

        ii.   Request No. 3 ............................................... 10

        iii.  Request No. 6 ............................................... 12

        iv.   Request No. 7 ............................................... 12

        v.    Request No. 9 ............................................... 13

        vi.   Request No. 10 .............................................. 14

**V.    Request for Attorneys Fees** .....................................................**14**

**VI.   CONCLUSION** .....................................................................**15**

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

# TABLE OF AUTHORITIES

## Federal Cases

*Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion*

 *Publica*, 361 F.3d 1 (1st Cir. 2004) ...................................................... 8

*Aleman v. Riverside Cnty. Sheriff's Dep't*, No. EDCV 22-269-

 CJC (KK), 2023 WL 4680925 (C.D. Cal. June 9, 2023) ...................... 7

*Arizona Yage Assembly v. Barr*, No. 20-2373, 2024 WL 1011677

 (D. Ariz. Feb. 22, 2024) ........................................................................ 6

*Bey v. Antoine*, No. 19-CV-1877, 2023 WL 3204576 (E.D.N.Y.

 May 2, 2023) .......................................................................................... 5

*Burmayan v. Garfield Beach CVS, LLC.*, No. 23-1788, 2023 WL

 8870130 (C.D. Cal. Oct. 26, 2023) ....................................................... 5

*Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020

 (C.D. Cal. 2023) ..................................................................................... 6

*Carpenter v. United States*, 585 U.S. 296 138 S. Ct. 2206 201 L.

 Ed. 2d 507 (2018) .................................................................................. 6

*Charter Sch. Cap., Inc. v. Charter Asset Mgmt. Fund, LP.*, No.

 14-3385, 2015 WL 12655547 (C.D. Cal. Sept. 1, 2015) ...................... 4

*Chevron Corp. v. Donziger*, No. 12-80237, 2013 WL 4536808

 (N.D. Cal. Aug. 22, 2013) ...................................................................... 7

*Dairy Emps. Union Loc. No. 17 v. Henry Vander Poel & Son*

 *Dairy*, No. 12-4550, 2013 WL 12404190 (C.D. Cal. Nov. 19,

 2013) ...................................................................................................... 4

*Davis v. Bangs*, No. 20-5738, 2021 WL 6882324, at *5 (C.D.

 Cal. Mar. 26, 2021) .............................................................................. 10

*DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ............... 4

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) .......................................... 10

*Hill v. Walmart Inc.*, 32 F.4th 811 (9th Cir. 2022) .................................. 11

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

ii

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

*Holguin v. Cnty. of Los Angeles*, No. 10-8011, 2011 WL 7128640

(C.D. Cal. Oct. 12, 2011) ..................................................................... 3

*In re Application of O'keeffe*, No. 14-1518, 2016 WL 2771697

(D. Nev. Apr. 4, 2016) ........................................................................ 5

*In re Kerlo*, 311 B.R. 256 (Bankr. C.D. Cal. 2004) .................................. 5

*In re Suzuki*, No. 14-516, 2014 WL 6908384 (D. Haw. Dec. 5,

2014) .............................................................................................. 9, 10

*Kearns v. Loandepot.com, LLC*, No. 22-1217, 2023 WL 9375111

(C.D. Cal. Dec. 4, 2023) ...................................................................... 4

*Lechowski-Mercado v. Seely Swan High Sch.*, No. 21-10, 2021

WL 2802662 (D. Mont. July 6, 2021) ................................................ 13

*Martinez v. Walt Disney Co.*, No. 11-214, 2012 WL 12913739

(C.D. Cal. Aug. 8, 2012) ...................................................................... 9

*Mei Ma v. Convergent Outsourcing, Inc.*, No. 16-4558, 2017 WL

11634740 (C.D. Cal. Apr. 21, 2017) ................................................... 3

*Michael Brown, Sr. v. City of Ferguson*, No. 15-831, 2017 WL

386544 (E.D. Mo. Jan. 27, 2017) ..................................................... 13

*Olympic Air, Inc. v. Helicopter Tech. Co.*, No. 17-1257, 2020 WL

6381810 (W.D. Wash. Oct. 30, 2020) ............................................... 11

*Ostrowski v. Amazon.com, Inc.*, No. 16-1378, 2016 WL 4992051

(W.D. Wash. Sept. 16, 2016) .............................................................. 7

*Schoonmaker v. City of Eureka*, No. 17-6749, 2018 WL 4896177

(N.D. Cal. Oct. 9, 2018) .................................................................... 11

*See Malinaric v. Careismatic Brands, Inc.*, No. B314927, 2023

WL 3089811 (Cal. Ct. App. Apr. 26, 2023) ......................................... 8

*Travelers Indem. Co. v. Goldman*, No. 19-1036, 2020 WL

5372108 (C.D. Cal. May 8, 2020) ...................................................... 14

*United States v. Cannon*, 264 F.3d 875 (9th Cir. 2001) ............................. 6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE
ORDER [DISCOVERY MATTER]

*United States v. Heckenkamp*, 482 F.3d 1142 (9th Cir. 2007).................................6

*United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97

    (S.D.N.Y. 1979) ....................................................................................................5

*United States v. Meek*, 366 F.3d 705 (9th Cir. 2004)..........................................6

*United States v. Vasquez*, 706 F. Supp. 2d 1015 (C.D. Cal. 2010)............................6

*Zogenix, Inc. v. Fed. Ins. Co.*, No. 20-6578, 2021 WL 4026911

    (N.D. Cal. Sept. 3, 2021) ....................................................................................10

## U.S. Constitution

Amendment IV ..........................................................................................................6

## Federal Rules

Fed. R. Civ. Pro. 26(a)(1)(A)(i) ............................................................................10

Fed. R. Civ. Pro. 26(b)(1) ...........................................................................4, 7, 11

Fed. R. Civ. Pro. 26(b)(5) ......................................................................................14

Fed. R. Civ. Pro. 26(c) ...............................................................................3, 7, 9, 14

Fed. R. Civ. Pro. 37(a)(5)(B) ................................................................................14

Fed. R. Civ. Pro. 45(d)(2)(B) ..................................................................................1

Fed. R. Civ. Pro. 45(d)(3)(A)(iv) ..........................................................................14

Fed. R. Evid. 501 ......................................................................................................9

## Local Rules

L.R. 79-5 ...................................................................................................................3

## Other Authorities

Judicial Preference of Hon. Wesley L. Hsu .............................................................4

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE
ORDER [DISCOVERY MATTER]

I.     **INTRODUCTION**

Plaintiff's vague and conclusory motion for a protective order barring discovery is unsupported by law, fact or even Plaintiff's own declaration stating that the discovery will prejudice, harm, or embarrass her. All Plaintiff presents are frivolous non-case specific arguments, which are not enough to carry her burden to show good cause, especially where the parties already agreed to use this Court's form Protective Order.

Although Plaintiff characterizes the conferrals as "fruitless," Defendants: (i) agreed to use this Court's form Stipulated Protective Order; (ii) agreed to produce any documents received from any third-party subpoena to Plaintiff; and (iii) provided a redline draft of the form Stipulated Protective Order for Plaintiff's comment and revision on Friday, June 21, 2024. Yet, Defendants are still waiting for Plaintiff's response.

When entered, this Court's Stipulated Protective Order will more than adequately address all privacy concerns adequately raised in Plaintiff's Motion. Plaintiff's request for extreme relief–that the Court quash the outstanding discovery in its entirety–lacks any justification. Plaintiff not only fails to demonstrate any good cause, she fails to argue that the discovery is irrelevant or disproportionate to the needs of this case.

II.    **FACTS**

On May 22, 2024, Defendants notified Plaintiff of its intent to serve a subpoena on Mainboard. That subpoena was served on May 29, 2024 with a compliance date of June 11, 2024. *See Exhibit 1*, Subpoena to Mainboard LLC. Mainboard has not objected to the subpoena,[1] but Plaintiff has. The parties

---

[1] *See* Fed. R. Civ. P. 45(d)(2)(B) (stating any "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Mainboard has responded to Defendants' subpoena. As of the time of this

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

conferred on the subpoena requests on May 24, 2024 [**Dkt. 79-1**, at ¶2], and after reaching an impasse, Plaintiff sought the Court's assistance. *Cf.* [**Dkt. 67**]. The Court ordered the parties to confer again, *see id.*, which they did on May 31, 2024. [**Dkt. 79-1**, at ¶ 3].

In their Joint Statement, Plaintiff "maintain[ed] that she has standing to file a motion to quash for this request, as the following objections are asserted subject to her own personal right or privilege. This request is utterly irrelevant to Phase I Discovery." [**Dkt. 69**, at 3]. Additionally, Plaintiff believed that some of the requests, "invade[d] [her] right to and reasonable expectation of privacy." *Id.* The Court held a discovery conference on June 4, 2024 which did not address the Mainboard subpoena, but instead, ordered the parties to "review . . . the form protective order available on the court's website" and attend another conference the following week. [**Dkt. 71**, at 3].

At the second conference, which took place on June 11, 2024, the Court overruled several of Plaintiff's objections on standing and relevance grounds. *See* [**Dkt. 74**, at 3]. As to the requests relevant to this Motion, "Plaintiff object[ed] . . . to the extent they seek Talent Accounting Data or Talent Booking Data regarding Plaintiff's work for entities other than Defendants." *Id.* at 3–4.[2]

Plaintiff filed the current Motion on June 18, 2024. [**Dkt. 79**]. Plaintiff's Motion fails to request any clear relief beyond that the subpoenaed documents "remain private and [for a] a protective order guard[ing] these documents, should MAINBOARD produce them." *Id.* at 8. "Otherwise, Plaintiff stands to suffer from embarrassment and be harmed." *Id.* No proposed order was filed with the

filing, Mainboard and counsel for Defendants are continuing to discuss the scope of electronic document production. (Kane Decl. at ¶ 2).

[2] The Court also ordered that the parties confer again regarding Plaintiff and non-party Ryan Murphy's objections to a document subpoena directed to Ryan Murphy, Plaintiff's former talent agent. *See id.* at ¶ 5.

Motion. *Contra* [**Dkt. 15**, at (E)(4)] ("Proposed protective orders for discovery must be submitted to the assigned Magistrate Judge.").

Once again, Defendants stipulated to this Court's form Protective Order, which will permit Plaintiff to make confidentiality designations as appropriate and Plaintiff is the party holding up entry of the Protective Order. (Kane Decl., at ¶ 4); *see* L.R. 79-5. To the extent the Motion purports to seek such relief, Defendants stipulated to it *before* to the filing of this frivolous motion. However, any relief beyond what the parties have agreed to–namely, the complete denial of discovery–is opposed.

## III.   THE PARTY OPPOSING DISCOVERY BEARS THE BURDEN OF SHOWING SPECIFIC PREJUDICE OR HARM FROM EACH REQUEST.

"In cases involving discovery from third parties, Rules 26 and 45 of the Federal Rules of Civil Procedure control." *Holguin v. Cnty. of Los Angeles*, No. 10-8011, 2011 WL 7128640, at *2 (C.D. Cal. Oct. 12, 2011) (citing *Exxon Shipping Co. v. U.S. Department of Interior,* 34 F.3d 774, 779 (9th Cir. 1994)). Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense[.]"[3] "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Mei Ma v. Convergent Outsourcing, Inc.*, No. 16-4558, 2017 WL 11634740, at *1 (C.D. Cal. Apr. 21, 2017) (quoting *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

"The party who resists discovery has the burden to show that discovery

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[3] "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Despite this technical omission, the parties have conferred on this relief multiple times.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted). That is, where Plaintiff's proposed relief is the wholesale termination of discovery, the Court must weigh whether the discovery sought "is relevant to any party's claim or defense and proportional to the needs of the case[.]" See Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is defined broadly." *Kearns v. Loandepot.com, LLC*, No. 22-1217, 2023 WL 9375111, at *2 (C.D. Cal. Dec. 4, 2023) (collecting cases). "It is well-established that the resisting party carries a 'heavy burden' of demonstrating why discovery should be denied." See *Charter Sch. Cap., Inc. v. Charter Asset Mgmt. Fund, LP.*, No. 14-3385, 2015 WL 12655547, at *2 n.4 (C.D. Cal. Sept. 1, 2015) (quoting *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

Finally, this Court emphasizes to litigants the importance of an individualized evidentiary showing for each request: "[a] separate and additional showing of good cause as to each category of document or information is required." *See* Judicial Preference of Hon. Wesley L. Hsu *available at* https://www.cacd.uscourts.gov/honorable-wesley-l-hsu (citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Dairy Emps. Union Loc. No. 17 v. Henry Vander Poel & Son Dairy*, No. 12-4550, 2013 WL 12404190, at *2 (C.D. Cal. Nov. 19, 2013), *modified sub nom. Dairy Emps. Union Loc. No. 17 v. Vander*, No. 12-4550, 2014 WL 12884334 (C.D. Cal. Sept. 17, 2014) (citation omitted).

## IV.  ARGUMENT

### A.  Fourth Amendment Jurisprudence Does Not Apply To Plaintiff's Civil Lawsuit.

Plaintiff's sole argument for a protective order is based on her privacy

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

rights, which, is in-and-of-itself is not enough to deny discovery.  "A party has standing when, as here, that party has a privilege or personal right in the information sought to be disclosed."[4] *Burmayan v. Garfield Beach CVS, LLC.*, No. 23-1788, 2023 WL 8870130, at *1 (C.D. Cal. Oct. 26, 2023). "Resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted." *Id.* at *3 (collecting cases).

   Instead of citing the relevant *civil* case law, Plaintiff bizarrely relies on Fourth Amendment *criminal* cases to justify her request.  This highlights the frivolousness of Plaintiff's Motion.  *See In re Kerlo*, 311 B.R. 256, 263 (Bankr. C.D. Cal. 2004) ("The Fourth Amendment generally does not protect against unreasonable intrusions by private parties."). At least one court has called such objections "frivolous."[5] *Arizona Yage Assembly v. Barr*, No. 20-2373, 2024 WL

---

[4] She has not claimed that any of the material sought is privileged.

[5]

> The Fourth Amendment has no bearing on this case, where Plaintiffs object to discovery in a civil lawsuit Plaintiffs initiated against Defendants. *See*, *e.g.*, *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by [the government acting as] a private litigant in the course of civil litigation."); *Bey v. Antoine*, No. 19-CV-1877, 2023 WL 3204576, at *1 (E.D.N.Y. May 2, 2023) ("Where a plaintiff brings claims [against the government,] the protections of the Fourth Amendment do not provide a shield against civil discovery going to those issues."); [*In re Application of O'keeffe*, No. 14-1518, 2016 WL 2771697, at *5 (D. Nev. Apr. 4, 2016)] (finding a party may not invoke privacy "to prevent discovery regarding matters that a party places in controversy").

*Arizona Yage Assembly v. Barr*, No. 20-2373, 2024 WL 1011677 (D. Ariz. Feb. 22, 2024).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

1011677, at *2 (D. Ariz. Feb. 22, 2024). Plaintiff repeatedly relies on search and seizure case law[6] to establish the contours of a privacy right, but even if they were germane to civil discovery, she fails to elaborate on how they tip the scales in her favor. Indeed, "persons" are regularly deposed, "houses" are regularly inspected, and "papers[] and effects" are regularly produced in discovery. *Cf.* U.S. CONST. amend. IV. Since this is not a criminal action brought by the government against Plaintiff, Plaintiff's Fourth Amendment case law does not apply..

### B. Mainboard's Privacy Policy Does Not Bar Discovery

Plaintiff also objects that Mainboard's "privacy policy never states that the information requested by Defendants is disclosable." [**Dkt.** 79, at 4]. Her only support for this proposition, however, is the Yedoyan Declaration, which merely states that counsel has appended "a true and correct copy of Mainboard, LLC's privacy policy." [**Dkt.** 79-1, at ¶ 4]. Further, Plaintiff chose not to file a declaration expressing her understanding of the Privacy Policy, her expectations of privacy or her privacy hopes as argued in the Motion.

Worse, the Privacy Policy expressly reads that Mainboard "*may disclose* your Information (including your Personal Information) *to a third party* if . . . we believe that disclosure is reasonably necessary *to comply with any applicable law*,

---

[6] *E.g.*, *Carpenter v. United States*, 585 U.S. 296 138 S. Ct. 2206 201 L. Ed. 2d 507 (2018) (concerning Fourth Amendment implications of cell-site records); *United States v. Cannon*, 264 F.3d 875 (9th Cir. 2001) (concerning search of rental unit and storage rooms); *United States v. Meek*, 366 F.3d 705 (9th Cir. 2004) (concerning validity of search warrants for online records and computer devices); *United States v. Heckenkamp*, 482 F.3d 1142 (9th Cir. 2007) (concerning independent source exception to the exclusionary rule of administrator's search of computer); *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020 (C.D. Cal. 2023) (Wiretap Act); *United States v. Vasquez*, 706 F. Supp. 2d 1015 (C.D. Cal. 2010) (concerning seizure and suppression of evidence with respect to the "overnight guest" exception).

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

regulation, legal process or governmental request . . . ." [**Dkt.** 79-2, at 8] (emphasis added.); *see Chevron Corp. v. Donziger*, No. 12-80237, 2013 WL 4536808, at *10 (N.D. Cal. Aug. 22, 2013) ("[M]ovants have no privacy interest in the subscriber information, IP addresses, and IP logs associated with their email accounts because 'a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.'") (citations omitted); *Ostrowski v. Amazon.com, Inc.*, No. 16-1378, 2016 WL 4992051, at *2 (W.D. Wash. Sept. 16, 2016) (holding a similar argument "disingenuous" when the privacy policy "allows for the requested production").

Here, even if the Privacy Policy restricted access, the boundaries of permissible discovery are set by the Federal Rules and the common law, not the terms of service. Finally, even if Plaintiff had some legitimate expectation of privacy–despite all evidence to the contrary–this does not excuse Plaintiff from making any showing of harm under Rule 26(c) or irrelevance or disproportionality under Rule 26(b)(1).

**C.    Plaintiff's Motion Fails to Argue That the Requested Documents Lack Relevancy**

Plaintiff's Motion fails to even address whether Defendants' discovery requests are relevant to proving their case. "[W]hile the Court acknowledges the significance of Defendant's privacy interests, Plaintiff is entitled to the discovery of documents relevant to preparation of his case." *Aleman v. Riverside Cnty. Sheriff's Dep't*, No. EDCV 22-269-CJC (KK), 2023 WL 4680925, at *4 (C.D. Cal. June 9, 2023).

i.    Request No. 2

REQUEST NO. 2: Produce all TALENT ACCOUNTING DATA submitted by any of the RELEVANT USERS on the MAINBOARD

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

PLATFORM that RELATES to PLAINTIFF. [7]

Request No. 2 is relevant to Defendants' case because Defendants intend to demonstrate that Plaintiff is either (1) an independent contractor or (2) a professional actor. Talent accounting data will show how Plaintiff was paid (i.e. via a corporation or as an individual), whether taxes were deducted, and how much she was paid. *See Malinaric v. Careismatic Brands, Inc*., No. B314927, 2023 WL 3089811, at *6 (Cal. Ct. App. Apr. 26, 2023) (finding that whether a model was paid hourly or by the job was a factor to her contractor status). These financial records will also show whether she was free to contract with, work for, and be paid by other studios. *Cf. Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1, 11 (1st Cir. 2004) ("The parties structured their relationship through the use of set length contracts that permitted [plaintiff] the freedom to pursue other opportunities and assured [defendant] that it would not have to pay [plaintiff] for the weeks that it was not filming.").

Equally important, since Phase One discovery includes whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12, the price discriminations in the financial documents will aid in showing that Plaintiff was paid different rates for modeling and acting.

Additionally, the requests are proportional as the documents are stored digitally and thus readily (and inexpensively) portable. Even the Court contemplated that disclosure of financial data would be relevant in the Order Re Motion to Bifurcate Discovery. [**Dkt. 66**, at 6.] ("[T]he Court also finds that

---

[7] "TALENT ACCOUNTING DATA" means all accounting data submitted to or generated by the MAINBOARD PRODUCT relating to payments due, payments received, invoices generated, invoices distributed, invoices received, and any financial reports cataloguing such payments or invoices. *Exhibit A*, Subpoena to Mainboard LLC, at def. 11.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

many of the individual questions will not cause overlapping discovery claims as they will concern … her direction of payment to affiliated entities, among other things.")

Plaintiff's invocation of the supposed privacy interests of "everyone else who uses MAINBOARD," [**Dkt. 79**, at 5] is immaterial as she only has standing with respect to *her* privacy interests. Plaintiff's personal hopes[8] that she "intends to keep private" the requested information is not a relevant factor. Although Plaintiff "certainly has some privacy interest in her financial information, that interest is outweighed by the importance of this discovery to the allegations" that she has plead. *See In re Suzuki*, No. 14-516, 2014 WL 6908384, at *4 (D. Haw. Dec. 5, 2014).

In almost every case, discovery will concern production and disclosure of (what was hitherto) private material. If Plaintiff intended for her financial information to remain private from Defendants, she should not have brought this lawsuit.  "The right to privacy is not a recognized privilege under federal common law, although federal courts do give some weight to privacy interests in discovery disputes." *See Martinez v. Walt Disney Co.*, No. 11-214, 2012 WL 12913739, at *1 (C.D. Cal. Aug. 8, 2012) (citation omitted); *see also* Fed. R. Evid. 501. "Privacy" is not one of the listed grounds for a protective order. *See* Fed. R. Civ. P. 26(c).  "[W]hile '[t]he California Constitution guarantees all Californians the right to privacy,' including 'an informational right to privacy that encompasses financial and banking records,' the right to privacy is also not absolute." *Davis v. Bangs*, No. 20-5738, 2021 WL 6882324 (C.D. Cal. Mar. 26,

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

[8] Even the factual predicate for an argument based on Plaintiff's purported personal privacy hopes is missing, since Plaintiff did not file a supporting declaration.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

2021) (collecting cases).[9]

A "conclusory argument, without more, is insufficient to show that she would suffer any specific harm or burden as a result of the disclosure of her financial information." *In re Suzuki*, No. 14-516, 2014 WL 6908384 (D. Haw. Dec. 5, 2014) (citing *Wells Fargo Bank, N.A. v. Iny*, No. 13-1561D, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014) ("While defendants assert vaguely that some of their banking records may contain 'sensitive' information, . . . they have failed to make a showing of the harm or prejudice sufficient to deny the discovery.")).

The only specific item Plaintiff mentions, is "information relating to where Plaintiff lives," and even then, she conclusively argues that it "places her at great risk and breaches her expectation to privacy." [**Dkt. 79**, at 5]. That information must generally be disclosed automatically. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  And, Defendants have agreed to a protective order preventing the public disclosure of such information.

ii.   Request No. 3

REQUEST NO. 3: Produce all TALENT BOOKING DATA submitted by any of the RELEVANT USERS on the MAINBOARD

---

[9] Plaintiff's reliance on *Look v. Penovatz*, 34 Cal. App. 5th 61 (2019), is misplaced. First, it is irrelevant to federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Zogenix, Inc. v. Fed. Ins. Co.*, No. 20-6578, 2021 WL 4026911, at *2 (N.D. Cal. Sept. 3, 2021) (overruling plaintiff's discovery objections based on state procedural cases). Second, the case is unremarkable in that it simply held that "financial information from Look was not relevant to the claim or essential to the fair resolution of the lawsuit," 34 Cal. App. 5th at 73, and does not stand for the more radical proposition that California *per se* bars discovery of financial records.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

PLATFORM that RELATES to PLAINTIFF.[10]

Plaintiff again raises many of the same objections and arguments. She adds, however, that "[s]hould this information become public, it could very well serve to harm Plaintiff's reputation." [**Dkt. 79**, at 6]. But Defendants have agreed to a protective order allowing Plaintiff to mark this information private.  And many of Plaintiff's bookings are already public.[11]

Regardless, "numerous courts have held that mere embarrassment, without a demonstration that the embarrassment will be particularly serious or substantial, is not enough to demonstrate good cause for a protective order." *Schoonmaker v. City of Eureka*, No. 17-6749, 2018 WL 4896177, at *1 (N.D. Cal. Oct. 9, 2018) (collecting cases); *see also Olympic Air, Inc. v. Helicopter Tech. Co.*, No. 17-1257, 2020 WL 6381810, at *6 (W.D. Wash. Oct. 30, 2020) ("Concern about reputational damage, without more, is generally not a compelling reason to keep documents under seal.") (citation omitted).

Moreover, Plaintiff also fails to demonstrate that the request runs afoul of Rule 26(b)(1). The requested "talent booking data" is relevant to Plaintiff's claims. The documents will help show that Plaintiff acted as an independent contractor by booking work with other studios. *Cf. Hill v. Walmart Inc.*, 32 F.4th 811, 820 (9th Cir. 2022) (observing that plaintiff "also provided modeling services for other companies during the relevant yearlong period and was 'free to decline any bookings from Walmart'"). It likely will also show whether she was booked as an actress or model as well as show how other firms treated her employment status.

---

[10] "TALENT BOOKING DATA" means any information that contains, reflects, references, or catalogues work engagements solicited, received, accepted, or denied by a user or on behalf of a user using the MAINBOARD PLATFORM, including schedules of such work engagements, and any Document that contains, reflects, or references any Talent Booking Data. (Kane Decl., Ex. 1, at def. 12.).

[11] See Plaintiff's Internet Movie Database listing: https://www.imdb.com/name/nm12278859/

Again, the request is also proportional since the documents are digital. Neither Plaintiff nor Mainboard argue otherwise.

Not only has Plaintiff failed to show or substantiate any good cause for a protective order, she has all but waived any argument to their discoverability.

### iii.   Request No. 6

REQUEST NO. 6: Produce all DOCUMENTS that state the dates and times any of the RELEVANT USERS submitted TALENT BOOKING DATA that RELATES to PLAINTIFF.

Defendants' Requests merely seeks documentation of "dates and times." *Supra.* Even if Plaintiff is correct in her assumption that these documents would reveal "the people, companies, and types of projects Plaintiff would work on/with," it is not clear how–and Plaintiff fails to elaborate how–this would "shame, harm, and embarrass[]" her. *See* [**Dkt. 79**, at 6]. Defendants have already consented to allow Plaintiff to designate sensitive materials as confidential in accordance with the Court's Stipulated Protective Order, which should all but eliminate these concerns. *See* (*See* Kane Decl., at ¶ 4). But Plaintiff's unsubstantiated conjecture does not show good cause for any further protective order, or grounds to quash discovery.

### iv.   Request No. 7

REQUEST NO. 7: Produce all DOCUMENTS that state the dates and times any of the RELEVANT USERS submitted TALENT ACCOUNTING DATA that RELATES to PLAINTIFF.

Parroting her general (and mistaken) belief that her documents would "always remain private," Plaintiff contends that the Request "is improper and would cause Plaintiff irreparable harm." [**Dkt. 79**, at 7]. This is completely unsupported and dubious given that the Requests only seeks "dates and times." *Supra.* This request is relevant to show that the Talent Accounting Data took place

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

during the same time that Plaintiff acted in Defendants' movies.

       v.    <u>Request No. 9</u>

REQUEST NO. 9: Produce all COMMUNICATIONS that RELATE to TALENT BOOKING DATA issued by any of the RELEVANT USERS in connection with PLAINTIFF.

Communications are routinely produced in litigation. "That this information is private does not mean that it is not discoverable." *Lechowski-Mercado v. Seely Swan High Sch.*, No. 21-10, 2021 WL 2802662, at *2 (D. Mont. July 6, 2021). They are, like all discovery, scrutinized under Rule 26(b)(1). *See id.* (finding "private communications" were "relevant and discoverable"). "[A] person's expectation and intent [that] her communications be maintained as private is not a legitimate basis for shielding those communications from discovery." *Michael Brown, Sr. v. City of Ferguson*, No. 15-831, 2017 WL 386544, at *1 (E.D. Mo. Jan. 27, 2017) (quoting *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010)). Likewise, the Court contemplated that communications would be produced. [**Dkt. 66,** at 6]. ("[T]he Court also finds that many of the individual questions will not cause overlapping discovery claims as they will concern Plaintiff herself, **her communications**, and her direction of payment to affiliated entities, among other things.") (emphasis added).

These communications may prove relevant to contextualizing the talent booking data and showing how other studios understood Plaintiff's employment status. It may also show Plaintiff's ability to control her availability, choose her locations, choose the date and time she works, and turn down projects that do not interest her, all hallmarks of an independent contractor or professional actor. *Hill v. Walmart Inc.*, 32 F.4th 811, 820 (9th Cir. 2022) ("She also provided modeling services for other companies during the relevant yearlong period and was "free to decline any bookings from Walmart.") It is also proportional since these

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

communications are digital and easy to produce.

While Plaintiff notes that communications may be "sensitive," *see* [**Dkt. 79**, at 8], she does not elaborate how. She may designate such communications as "confidential," but she may not halt discovery on mere innuendo. Finally, Plaintiff objects that responding to the subpoena may involve "a plethora of documentation." *See id.* To the extent this raises an "undue burden"–either under Rule 26(c) or Rule 45(d)(3)(A)(iv)–Plaintiff lacks standing to assert such an objection. She is not burdened with production, Mainboard is. Plaintiff has presented no grounds on which to prevent discovery into these communications.

vi.   Request No. 10

REQUEST NO. 10: Produce all COMMUNICATIONS that RELATE to TALENT ACCOUNTING DATA issued by any of the RELEVANT USERS in connection with PLAINTIFF.

Plaintiff incorporates her previous objections and adds that this Request would "reveal confidential communications." But confidentiality is not a talisman. To the extent she intends to raise a privilege, such as attorney-client, it is not only unclear, but also unsupported. *See* Fed. R. Civ. P. 26(b)(5); *see also Travelers Indem. Co. v. Goldman*, No. 19-1036, 2020 WL 5372108, at *8 (C.D. Cal. May 8, 2020) (overruling objection where party "has not offered any evidence to support its confidentiality objection"). The absolute lack of support is reinforced by the Plaintiff's contention that discovery may uncover "*potentially* embarrassing information that should remain private." [**Dkt. 79**, at 8] (emphasis added). Plaintiff has, again, failed to even attempt to shoulder her burden for a protective order or for a wholesale denial of discovery.  And, as set forth above, the communications are relevant to Defendants' case.

**V.   Request for Attorneys Fees**

Pursuant to Fed. R. Civ. P. 37(a)(5)(B) Defendants respectfully request the

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [DISCOVERY MATTER]

Court allow Defendants to move for its "reasonable expenses incurred in opposing the motion" because Plaintiff's Motion is not substantially justified, consists of frivolous arguments, and is unnecessary.

## VI.   <u>CONCLUSION</u>

For the reasons stated above and in Defendants' Motion, Defendants respectfully request that the Magistrate Judge deny Plaintiff's Motion and grant Defendants leave to file a motion for reimbursement of its attorneys' fees and expenses incurred in opposing Plaintiff's Motion.


Dated: June 25, 2024                         Respectfully submitted,

                                             KANE LAW FIRM

                                        By:  */s/ Brad S. Kane*
                                             Brad Kane
                                             Trey Brown
                                             Attorneys for Defendants
                                             VXN Group LLC and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 5239 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for Reply briefs.

Dated: June 25, 2024          By:   */s/ Brad S. Kane*
                                           Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on June 25, 2024, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 25, 2024          By:   */s/ Brad S. Kane*
                                           Brad Kane

16

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE
ORDER [DISCOVERY MATTER]