# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Mackenzie Anne Thoma, a.k.a. Kenzie Anne<br>*Plaintiff*<br>v.<br>VXN GROUP, LLC et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 2:23–cv–04901 WLH (AGRx)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mainboard LLC, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place:<br>EMAIL TO: trey.brown@vixenmediagroup.com | Date and Time:<br>06/11/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/22/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | /s/ Trey Brown<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* VXN Group, LLC , who issues or requests this subpoena, are:

Trey Brown; 11337 Ventura Blvd., Studio City, CA 91604; trey.brown@vixenmediagroup.com; (432) 296-9120

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23–cv–04901 WLH (AGRx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT "A" to SUBPOENA

I. **DEFINITIONS**

1. "And," "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all Documents (as hereinafter defined) responsive to all or any part of each particular request.

2. "Any," "each," "every," and "all" shall be read to be inclusive and to require the production of each and every Document and/or Communication (hereinafter defined) responsive to the particular request.

3. "COMMUNICATION" means any disclosure, transfer, or exchange of information, expression, or opinion, however made, including oral, graphic, written, or electronic transmittal of information, including any Document that contains, reflects, or references any Communication.

4. "DOCUMENT(S)" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, memoranda for files, reports, graphs, hard drives, discs, printouts, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered separate documents.

ATTACHMENT "A" to SUBPOENA

5. "INCLUDING" means including, but not limited to.

6. "MAINBOARD PLATFORM" means Portfoliopad.[1]

7. "PLAINTIFF" means the individual named Mackenzie Anne Thoma, a.k.a "Kenzie Anne," and any associated entities, including Lola March LLC and Kenzieland LLC.

8. "RELATES" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

9. "USAGE LOGS" means information you collect about how a user uses the MAINBOARD PLATFORM, such as the features the user uses; the actions the user takes; the people or accounts the user interacts with; and the time, frequency and duration of the users' activities, and when a user has last used the MAINBOARD PLATFORM.

10. "RELEVANT USERS" means any account on the MAINBOARD PLATFORM owned, operated by, or associated with any of the following entities and individuals (to the extent such accounts exist): Plaintiff, Twice Baked Media, Inc. ("Twiced Baked"), Motley Models ("Motley"), David C. Bacon ("Bacon"), York Suzette ("York"), and Ryan G. Murphy ("Murphy").

11. "TALENT ACCOUNTING DATA" means all accounting data submitted to or generated by the MAINBOARD PRODUCT relating to payments due, payments received, invoices generated, invoices distributed, invoices received, and any financial reports cataloguing such payments or invoices.

12. "TALENT BOOKING DATA" means any information that contains, reflects, references, or catalogues work engagements solicited, received, accepted, or denied by a user or

---

[1] https://www.mainboard.com/portfoliopad-solutions

ATTACHMENT "A" to SUBPOENA

on behalf of a user using the MAINBOARD PLATFORM, including schedules of such work engagements, and any Document that contains, reflects, or references any Talent Booking Data.

13. "USER PROVIDED REGISTRATION INFORMATION" means the information a user provides when a user registers for the MAINBOARD PLATFORM, including a user's full name, birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, and other personal identifiers.

14. "USER PROVIDED CONTENT" means the content and communications a user provides when a user uses the MAINBOARD PLATFORM. This includes the content the user creates or shares (including pictures and video content), any publicly displayed communications, and any public communication with others such as comments and likes posted or sent by a user on the MAINBOARD PLATFORM (as defined above), including publicly displayed communications that were deleted by the user. This also includes information in or about the content the user provides (like metadata), such as the location of a photo or the date a file was created.

15. "YOU" or "YOUR" refers to Mainboard, LLC.

16. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

II.   INSTRUCTIONS

1. If your response to a request is that you do not have possession, custody, or control of a document or communication, please identify who likely has control of the document and its location.

## ATTACHMENT "A" to SUBPOENA

2. In the event that any information requested is withheld on the basis of a claim of privilege, state the ground(s) of the privilege claimed with sufficient particularity to evaluate the claim, and, if any documents are claimed to be privileged, set forth the author, all recipients, number of pages, attachments or appendices, present custodian, and a general description (e.g., "letter" or "memorandum") of the document.

3. Any information not provided on the basis that the disclosure would be burdensome or oppressive should be identified by stating the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request. This will make it possible to further narrow any request and potentially identify a reasonable alternative or limitation, and Defendants will meet and confer on that matter.

4. Each copy or duplicate of a document bearing initials, stamps, comments or notations of any character which are not part of the original text shall be considered a separate document. Additionally, all drafts (whether typed, handwritten or otherwise) made or prepared in connection with any document shall be considered a separate document.

5. Documents kept in an electronic or digital format should be produced with all metadata and delivered in their original format or in a manner agreed to by counsel.

6. Emails must identify all recipients and include attachments, previous threads, and forwards.

7. The singular of any noun includes the plural.

8. Unless otherwise directed, these requests ask for discoverable materials from January 1, 2021 to the present.

[continued below]

ATTACHMENT "A" to SUBPOENA

III. **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1.** Produce all USER PROVIDED REGISTRATION INFORMATION in connection with the MAINBOARD PLATFORM for the RELEVANT USERS.

**RESPONSE**:

**REQUEST NO. 2.** Produce all TALENT ACCOUNTING DATA submitted by any of the RELEVANT USERS on the MAINBOARD PLATFORM that RELATES to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 3.** Produce all TALENT BOOKING DATA submitted by any of the RELEVANT USERS on the MAINBOARD PLATFORM that RELATES to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 4.** Produce all USER PROVIDED CONTENT submitted by any of the RELEVANT USERS on the MAINBOARD PLATFORM that RELATES to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 5.** Produce all DOCUMENTS which state the dates and times any of the RELEVANT USERS submitted USER PROVIDED CONTENT that RELATES to PLAINTIFF.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 6.** Produce all DOCUMENTS that state the dates and times any of the RELEVANT USERS submitted TALENT BOOKING DATA that RELATES to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 7.** Produce all DOCUMENTS that state the dates and times any of the RELEVANT USERS submitted TALENT ACCOUNTING DATA that RELATES to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 8.** Produce all USAGE LOGS for any account on the MAINBOARD PLATFORM maintained, owned, operated, or formerly maintained, owned, or operated by PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 9.** Produce all COMMUNICATIONS that RELATE to TALENT BOOKING DATA issued by any of the RELEVANT USERS in connection with PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 10.** Produce all COMMUNICATIONS that RELATE to TALENT ACCOUNTING DATA issued by any of the RELEVANT USERS in connection with PLAINTIFF.

**RESPONSE**: