1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (SBN 287811)
2  *david@tomorrowlaw.com*
   Jeffrey D. Klein (SBN 297296)
3  *jeff@tomorrowlaw.com*
   Sarah H. Cohen (SBN 330700)
4  *sarah@tomorrowlaw.com*
   1460 Westwood Blvd.
5  Los Angeles, California 90024
   Tel: (310) 438-5555; Fax: (310) 300-1705
6
   Attorneys for Plaintiff MACKENZIE ANNE
7  THOMA, an individual and on behalf of all
   others similarly situated,
8

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:  2:23-cv-04901-WLH (AGRx)<br><br>[*Assigned to the Hon. Alicia Rosenburg*]<br><br>**INFORMAL DISCOVERY CONFERENCE RE RYAN MURPHY DEPOSITION** |

1
INFORMAL DISCOVERY CONFERENCE RE RYAN MURPHY DEPOSITION

Pursuant to the Rules and Procedures of the Honorable Alicia Rosenburg, this Joint Statement is being submitted by counsel for Plaintiff Mackenzie Anne Thoma ("Plaintiff"), an individual and on behalf of all others similarly situated, and counsel for Defendants VXN GROUP, LLC and MIKE MILLER ("Defendants") (hereby referred to collectively as "the Parties").

## I. Areas of Disagreement

(i) Since the parties cannot agree on the statement of the first issue – Plaintiff's counsel and Defendants' counsel will state their positions separately:

**Plaintiff's Position**

The timing of Ryan Murphy's ("Murphy") supplemental responses per the Magistrate Judge's June 11, 2024 Order regarding the document requests propounded on Murphy to ensure that Murphy has produced all documents within his possession custody and control.

**Defendants Position**

How to remedy the failure of Ryan Murphy ("Murphy") and his counsel to comply with the Magistrate Judge's June 11, 2024 Order to carefully go over the document requests with Murphy to ensure that Murphy has produced all documents within his possession custody and control, including supplementation of his responses, if necessary by June 18, 2024.

(ii) Defendants served a subpoena for deposition testimony on Ryan Murphy, who is Plaintiff's former booking agent. The subpoena set the deposition to take place on June 28, 2024 at 10:00 A.M. at Veritext Legal Solutions, 3800 Howard Hughes Pkwy., Ste.700, Las Vegas, NV 89169. The Parties disagree as to:

a. the timing and location of the deposition;

b. whether Defendants' representative may appear at the deposition;

    c. whether the purported telephonic death threats to Murphy are an appropriate topic of discovery via oral deposition and document requests, including telephonic records (redacting all other calls);

    d. whether a court order setting the deposition and an extension of the Phase I discovery period is appropriate.

**PLAINTIFF'S POSITION**

On May 24, 2024, Defendants purportedly served Ryan Murphy with a deposition subpoena commanding that Mr. Murphy appear for his deposition on June 28, 2024 at 10:00 A.M. at Veritext Legal Solutions, 3800 Howard Hughes Pkwy., Ste.700, Las Vegas, NV 89169.

On or about June 24, 2024, Mr. Murphy informed Plaintiff's counsel that representatives of Defendants made death threats to him and expressed that he is in fear for his safety. On June 24, 2024, Plaintiff emailed Defendants in order to meet and confer as to the deposition timing and location. Plaintiff informed Defendants of the safety concern and requested that the deposition is conducted remotely and requested confirmation that only counsel for Defendants would be present at the deposition so as to avoid further intimidation of Mr. Murphy.

Plaintiff's counsel also informed Defendants that neither Plaintiff's counsel nor Mr. Murphy are available on June 28, 2024 and informed Defendants that alternative dates in the first half of July 2024 would be provided. Defendants refused to agree to conduct the deposition remotely on an alternative date in the first half of July 2024.

On June 28, 2024 the Parties engaged in a telephonic meet and confer but were unable to come to an agreement as to the deposition location or deposition date. Despite Plaintiff providing Defendants with specific details as to the death threats, Defendants insist that the deposition is conducted in person. However, this does not resolve safety concerns even if the deposition is conducted at a federal courthouse.

Furthermore, Plaintiff is unable to provide alternative dates for the deposition until the location of the deposition is decided, namely because Plaintiff's counsel and

Mr. Murphy may need to make travel arrangements if the deposition is to be conducted in person.

Defendants raised concerns that they will be prejudiced as Phase 1 discovery is only open for six (6) months. However, the Parties tentatively agreed to consider stipulating to an extension to the Phase 1 timeframe. Thus, there is no prejudice to Defendants if the deposition is conducted remotely on a later date.

## **DEFENDANTS' POSITION**

On May 9, 2024, Murphy purportedly received telephonic death threats from a VXN employee. On May 27, 2024, Defendants served two subpoenas on Murphy. The first subpoena was for the production of documents. The second subpoena was for Murphy's in-personal appearance on Friday, June 28, 2024 at 10 a.m. in Las Vegas. On June 7, 2024, Plaintiff's counsel served Murphy's objections and responses to the subpoena for production of documents asserting that Murphy did not have any responsive documents.

At the June 11, 2024 Informal Discovery Conference, Defendants identified Plaintiff counsel's May 29, 2024 letter to Murphy as a responsive document in Murphy's possession, custody or control. As a result, the Magistrate Judge required BLF to "very carefully" go over each request with Murphy to make sure he understood his obligation to provide all responsive documents in his possession, custody or control and supplement his responses by June 18, 2024.

On June 11, 2024, Magistrate Judge ordered:

> *The court will require counsel to confer regarding Mr. Murphy's objections and responses to the subpoena. Counsel for Mr. Murphy is urged to go over possession, custody or control over sources of electronic documents that may be responsive to the subpoena.* It appears to the court that Plaintiff's objections to Document Request Nos. 15-17 in the subpoena to Mr. Murphy may have become moot if Mr. Murphy no longer has access to his former employer's Mainboard or other booking accounts. If not, however, counsel should confer whether Plaintiff's objections can be addressed in the briefing and hearing schedule set below for the subpoena to Mainboard in order to avoid duplicate briefing.

[Dkt. 74 at 2] (emphasis added.)

> Counsel shall confer by June 18, 2024 regarding Mr. Murphy's objections and responses to the subpoena served upon him. If the parties do not resolve their discovery disputes, counsel may request a discovery conference with the court by contacting the Courtroom Clerk, Karl Lozada.

[Dkt.74 at 4]

To date, Plaintiff's counsel failed to supplement Murphy's responses or provide further any information to Defendants.

On Monday, June 24, 2024 at 5:55 p.m., Plaintiff's counsel represented for the *first* time that Murphy received death threats from a VXN representative and that deposition needed to be rescheduled due to the purported death and scheduling conflicts. Despite Defendants counsel making themselves available until midnight and after 6:00 a.m. on every day prior to Murphy's deposition date, Plaintiff's counsel was not available to meet and confer until Friday, June 28, 2024 at 1 p.m, i.e., three hours after the scheduled start time of the deposition.

At the June 28, 2024 Meet and Confer, when Defendants asked about Murphy's failure to comply with the June 11, 2024 Order, Plaintiff's counsel explained that it was "difficult to speak with Murphy when he had also access to his computer", since he is an Uber driver. Nevertheless, Murphy's counsel represented that she would try to address this Court's June 11, 2024 Order by Friday, July 5, 2024, but could not guarantee it.

Next, Plaintiff's counsel represented that the purported death threats were made telephonically by a VXN employee *in early May* 2024 (around the time Motley Models filed a Notice of Appeal from an adverse Labor Commissioner decision in favor of Nicole Doshi). However, Murphy's counsel refused to identify the purportedly responsible VXN employee or answer whether a police report or restraining order was filed.

While Plaintiff's counsel takes the position that any inquiry into the purported death threats is "irrelevant," Defendants maintain that given the purported death

threats an in-person deposition is critical to prevent interference with Murphy's testimony. Further, documents and information regarding the death threats are highly probative as to Murphy's credibility and whether he was intimidated into altering his testimony. Finally, if a VXN employee presents a serious danger to other employees and contractors, VXN must be permitted to take immediate action to ensure a safe workplace.

Thus, Defendants request a court order addressing: (i) Murphy's failure to comply with the June 11, 2024; and (ii) setting the date, time, location, permissible party attendees for Murphy's deposition, whether Defendants can conduct discovery relating to the purported death threats, both orally and a subpoena for the production of documents, and a compensatory extension of the existing four-month Phase I discovery period. Finally, the Defendants also request help setting parameters for future meet and confer situations, where a party asserts it is completely unavailable for multiple days and impede the timely bringing of issues before the Magistrate Judge.

Dated:  July 2, 2024                                      BIBIYAN LAW GROUP, P.C.


By:    /s/ _Sarah H. Cohen_____
       DAVID D. BIBIYAN
       JEFFREY D. KLEIN
       SARAH H. COHEN
       Attorneys for Plaintiff


Dated: July 2, 2024


By:    /s/ _Brad Kane_
       BRAD KANE
       TREY BROWN
       Attorneys for Defendant

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Boulevard, Los Angeles, California 90024.

On July 2, 2024, and pursuant to the California Code of Civil Procedure section 1010.6, I caused a true and correct copy of the foregoing document(s) described as **INFORMAL DISCOVERY CONFERENCE RE RYAN MURPHY DEPOSITION** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

Brad S. Kane
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
bkane@kanelaw.la

Trey Brown
11337 Ventura Boulevard,
Studio City, CA 91604
trey.brown@vixenmediagroup.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2024 at Los Angeles, California.

                                          */s/ Aaron Quirarte*
                                          Aaron Quirarte