**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Blvd
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiffs, MACKENZIE ANNE THOMA, as an individual and on behalf of other similarly situated persons

## UNITED STATES DISTRICT COURT

## CALIFORNIA CENTRAL DISTRICT

MACKENZIE ANNE THOMA, a.k.a KENZIE ANNE, individually and on behalf of all similarly situated persons,

Plaintiff,

v.

VXN GROUP, LLC., a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC., a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC., a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 2:23-cv-04901-WLH (AGRx)

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

DATE: JULY 9, 2024
TIME: 11:00AM
JUDGE: HON. ALICIA G. ROSENBERG

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Blvd
Los Angeles, California 90024
(310) 438-5555

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendants' opposition to Plaintiff's Motion for Protective is deficient as it fails to demonstrate that the need for discovery outweighs Plaintiff's right to privacy. Indeed, Defendants' right to discovery does not warrant a wholesale allowance to an overbroad fishing expedition as to Plaintiff's private personal and financial information. Defendants take positions inconsistent with their previous motions, completely mischaracterize case law cited by Plaintiff, ignore other case law cited by Plaintiff, and make a bad faith request for attorneys' fees.

### II.      LEGAL ARGUMENT

As is discussed in Plaintiff's Motion for Protective order, privacy is a chief consideration for the courts when considering a parties' interests in relation to a third-party subpoena. Defendants in their opposition seem to imply that Plaintiff does not have a right to privacy in her personal and financial information. This about-face turn from Defendants regarding the applicability of privacy rights in discovery is astonishing, considering in their Motion to Bifurcate Defendants continually argued the paramount importance of privacy for adult performers, a class of individuals Plaintiff falls within. **Docket #58 generally**. Yet, now when it comes to Defendants receiving discovery they deem to be important, Defendants seemingly assert that Plaintiff does not have a right to privacy in limiting what discovery is revealed, completely ignoring the civil law cases provided by Plaintiff indicating otherwise. Indeed, Defendants seem to recognize the importance of the right to privacy when it comes to discovery when it benefits them, but contend it does not exist when it would limit the discovery they would receive.

Although not clearly stated in FRCP Rule 26, courts have clearly established that employees have a right to privacy when concerning discovery. "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing'

of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Artis v. Deere & Co*., 276 F.R.D. 348, 352-353 (N.D. Cal. 2011). Also, "federal courts recognize a right of privacy implicit" for discovery. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 498 (C.D. Cal. 2022); See Also *Gusman v. Comcast Corp*., 298 F.R.D. 592, 598-599 (S.D. Cal. 2014). "A party has standing when, as here, that party has a privilege ***or personal right*** in the information sought to be disclosed." *Burmayan v. Garfield Beach CVS, LLC*., No. 23-1788, 2023 WL 8870130, at *1 (C.D. Cal. Oct. 26, 2023). "Resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted." *Id*. at *3 (collecting cases).

Defendants want Plaintiff to specifically identify which specific documents to be produced by Mainboard, LLC would violate her right to privacy. First, **no such burden exists.** As is stated in *Aris,* privacy is a personal right to be considered when making determinations on discovery. All Plaintiff needs to do to show a protective order is necessary is demonstrate that she stands to be harmed by the production of the specific document requests and that her privacy rights will be breached if these requests are complied with, and that these harms outweigh the probative value of the requested discovery.

Plaintiff has met this burden by demonstrating that the documents requested from Mainboard, LLC include her private personal and financial dealings with other adult entertainment companies. Defendants' contention that Plaintiff must specifically identify which documents will breach Plaintiff's right to privacy is an extremely unreasonable burden that Defendants place on Plaintiff. The documents to be produced by Mainboard, LLC are not in Plaintiff's possession. Defendants admit that discussions with Mainboard, LLC are ongoing and thus Plaintiff is unaware of exactly which documents Mainboard, LLC will produce. Therefore, Plaintiff cannot identify which documents that Mainboard, LLC will produce will violate her privacy

rights. All that Plaintiff knows is stated in her Motion for Protective Order, that the requests for subpoena, on their face, materially affect Plaintiff's privacy rights.

## A. The Requested Information Asks Mainboard, LLC To Produce Information That Would Materially Harm Plaintiff

Defendants never argue that the documents they request produce more probative value than the potential harm it does to Plaintiff. Plaintiff, on the other hand, argues that the information requested by Defendants will undoubtedly breach her right to privacy. Indeed, the requests themselves ask for information that is *__facially__* violative of Plaintiff's privacy rights. For example, as discussed in her Motion for Protective order, Subpoena Request No. 2 asks for Mainboard, LLC to produce documents including invoices. Invoices, by their very nature, contain sensitive private information, including her address, contact information, bank account number, and other identifying information that would reveal information about Plaintiff that will place her in harms way. This is the same exact issue that Defendants argued in their Motion to Bifurcate was impermissible. To reiterate, Defendant fully recognized the dangers of revealing the personal identifying information of an adult performer in their Motion to Bifurcate Discovery. **Docket #58, generally**. Yet, in their subpoena requests, Defendants have completely and utterly thrown these concerns to the wayside and have justified the conducting of a wholesale fishing expedition as to the private information of Plaintiff, simply because it benefits them at this juncture. These requests are purposefully made to be overbroad and violate Plaintiff's right to privacy to harm and harass Plaintiff.

## B. Plaintiff Has A Legally Cognizable Privacy Interest In Her Financial Information

Individuals have a legally recognized privacy interest in their personal financial information. *Look v. Penovatz*, 34 Cal. App. 5th 61, 73 (2019). It is improper to allow a fishing expedition into Plaintiff's private financial history with other adult entertainment companies. Each and every request to Mainboard, LLC requires

Mainboard, LLC to produce private financial information. Request No. 9, for example, would require Mainboard, LLC to produce conversations between several individuals that "relate" to her "Talent Booking Data," including confidential negotiations between Plaintiff and any number of the Relevant Users. While Defendants may be entitled to investigate as to what other companies Plaintiff customarily engaged in an independently established trade, occupation or business with, they are not entitled to sensitive financial information pertaining to Plaintiff, such as the rates she was paid while working with other companies, invoices for the work she performed, and the negotiations for the amount she would be paid for working with other companies. Defendants have completely failed to demonstrate how this sensitive financial information has more probative value than the harm Plaintiff will suffer should this sensitive information be revealed.

**C. Defendants Misconstrue The Laws Cited By Plaintiff**

Although certain cases cited by Plaintiff are related to criminal cases and the Fourth Amendment, Plaintiff is not objecting on the grounds of her Fourth Amendment right to protections against unlawful search and seizure, as Defendants misleadingly claim. Rather, Plaintiff is citing to those cases to underline the general principals found in privacy laws; that the United States has a deep-seated interest in protecting individuals and their rights to privacy.

For example, Plaintiff cites to *United States v. Heckenkamp*, 482 F.3d 1142 (9th Cir. 2007) to highlight the importance the United States government places on security over electronically stored communications. Although it is true that Plaintiff cannot object on the basis of the Fourth Amendment, Plaintiff *can* object on the grounds of privacy. *Heckenkamp* is therefore clear and dispositive on this issue; an individual does not waive their right to privacy and their reasonable expectation of privacy is not waived simply because they communicate through the internet. *Id* at 1146-1148. Plaintiff cites to *Meek* for a similar reason; to demonstrate that a plaintiff

does not relinquish his right to privacy simply because he communicated via the internet. *United States v. Meek*, 366 F.3d 705, 711-712 (9th Cir. 2004).

Plaintiff cites to *Cannon* and *Vasquez* to highlight when an individual would have a reasonable expectation of privacy; not about any matters that are specifically reserved for criminal law or the Fourth Amendment. *United States v. Cannon*, 264 F.3d 875, 879 (9th Cir. 2001); *United States v. Vasquez*, 706 F. Supp. 2d 1015, 1021 (C.D. Cal. 2010).

Defendants attempt to narrow the scope of the holdings of these cases and neglect the general principles these cases stand for; the importance of an individual's right to privacy which shall be upheld by courts unless it can be shown that the probative value of discovery outweighs potential harm. Defendants in bad faith misconstrue the cases cited by Plaintiff and intentionally misconstrue the reason Plaintiff cited to these cases with the sole intent to wrongfully discredit Plaintiff in front of this court and support their frivolous request for attorneys fees.

Indeed, there are civil cases that highlight the importance of privacy for individuals by invoking several sections of the California penal code, including the Wiretap Act. See *Campbell v. Facebook Inc*., 310 F.R.D. 439, 443-445 (N.D. Cal. 2015); See Also *Gusman v. Comcast Corp*., 298 F.R.D. 592 (S.D. Cal. 2014). Plaintiff relies on these cases to demonstrate the protections California, the Ninth Circuit, and the United States as a whole have put in place not only for her rights to privacy in general, but also for her right to privacy through electronic communications. Furthermore, *Campbell* supports the contention that Defendants are blatantly wrong in their contention that it is improper to cite to a case citing the Wiretap Act to support a contention in a civil case, considering *Campbell* is a civil case and is entirely premised on Facebook, Inc.'s violation of the Wiretap Act.

### D. The Payment Of Legal Fees To Defendants Are Entirely Inappropriate

Defendants ask for attorneys' fees for their opposition of Plaintiff's motion.

First and foremost, Plaintiff filed her Motion for Protective Order per this Court's order for supplemental briefing. This alone makes Plaintiff's motion not frivolous and Defendants' request for attorneys' fees entirely unreasonable. Defendants demand for attorneys' fees under. Fed. R. Civ. P. 37(a)(5)(B) is misplaced as this Rule only applies when a party moves for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37 (a) (1). Plaintiff did not move to compel disclosure or discovery. A request for sanctions under Fed. R. Civ. P. 37 (a)(5)(B) is only appropriate when a party moves to compel discovery and that party has their motion denied. Given this is not the case here, Defendants are not entitled to attorneys' fees.

Assuming *arguendo* that sanctions could be granted in this situation, sanctions are only appropriate when the motion was "not substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5)(B). As discussed, it was pursuant to this Court's own order that Plaintiff filed this Motion. Finally, the filing of this Motion was justified as it is Plaintiff's only avenue for redress in protecting her right to personal and financial privacy.

### III.  **CONCLUSION**

Based on all of the foregoing, Plaintiff humbly requests that this honorable Court grant Plaintiff's Motion to Protective Order.

Dated: July 2, 2024                    BIBIYAN LAW GROUP, P.C.

*/s/ Sarah H. Cohen*
DAVID D. BIBIYAN
JEFFREY D. KLEIN
SARAH H. COHEN
RAFAEL YEDOYAN
Attorneys       for       Plaintiff,
MACKENZIE   ANNE   THOMA,
individually and on behalf of other
similarly situated persons

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Boulevard, Los Angeles, California 90024.

On July 2, 2024, and pursuant to the California Code of Civil Procedure section 1010.6, I caused a true and correct copy of the foregoing document(s) described as **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

Brad S. Kane
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
bkane@kanelaw.la

Trey Brown
11337 Ventura Boulevard,
Studio City, CA 91604
trey.brown@vixenmediagroup.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2024 at Los Angeles, California.

*/s/ Aaron Quirarte*
Aaron Quirarte