UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV-23-04901-WLH (AGRx)                                           Date: July 9, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

Present: The Honorable: Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | CS 07/09/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Sarah Hannah Cohen | Trey David Brown |
|  | Brad S. Kane |

**Proceedings: MINUTES AND ORDER RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Dkt. No. 79)**

Case is called. Counsel state their appearances.

Plaintiff filed a motion for protective order regarding Document Request Nos. 2-3, 6-7, and 9-10 in Defendants' subpoena to third party Mainboard, LLC. (Dkt. No. 79.) Defendants filed an opposition. (Dkt. No. 84.) Plaintiff filed a reply. (Dkt. No. 87.) The matter came on for hearing.

*Procedural History*

Plaintiff, who works in the adult film industry, alleges that Defendants[1] misclassified her (and others like her) as independent contractors and thereby denied overtime wages, minimum wages, premium wages, and vacation pay, among other things. (Second Amended Complaint ("SAC") ¶¶ 5-6, 25-33.)

Pursuant to the Order dated June 4, 2024 (Dkt. No. 71), the court conducted a continued hearing regarding Defendants' third party subpoena served upon Mainboard on June 11, 2024. The court ordered that:

---

[1] Defendants are VXN Group, LLC; Strike 3 Holdings, LLC; General Media Systems LLC; and Mike Miller.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)            Date: July 9, 2024

Title  <u>Mackenzie Anne Thoma v. VXN Group, LLC., et. al.</u>

1. The time frame for the subpoena to Mainboard is January 1, 2021 through December 31, 2022.

2. Plaintiff's objections to Document Request Nos. 1, 4 and 5 in the subpoena were overruled for the reasons stated in the order.

(Dkt. No 74.)

The Order dated June 11, 2024 also set a briefing and hearing schedule on Plaintiff's motion for protective order regarding Document Request Nos. 2-3, 6-7, and 9-10 in the subpoena to Mainboard. (*Id.*) As set forth above, Plaintiff's motion is now fully briefed and the court heard oral argument.

*Discussion*

In the Order dated May 16, 2024, the District Judge granted Defendants' motion to bifurcate discovery. In the current first phase, discovery is limited to "two threshold issues related to Plaintiff's individual claims:

(i) Whether Plaintiff is an independent contractor or employee; and
(ii) Whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12.

(Order, Dkt. No. 66 at 8.)

Mainboard markets talent agency software program(s) that allow an agent or agency to market, book, schedule, and track the work of a client, and also to track associated financial invoices, payments and transactions. As noted in the June 11, 2024 Order, there is no indication Plaintiff has her own Mainboard account during the relevant time period. (Dkt. No. 74 at 3.)

The scope of discovery of third parties under Rule 45 "is the same as that applicable to Rule 34 and the other discovery rules." Advisory Comm. Notes to 1970 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                         Date: July 9, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Plaintiff moves for a protective order on the basis of her privacy rights. California law recognizes a right to privacy, including financial privacy. "The right to privacy, however, is not absolute. . . . 'On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.'" *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1199 (2006) (quoting *Vinson v. Superior Ct.*, 43 Cal. 3d 833, 842 (1987)).

Plaintiff has filed this civil action and alleges that she "is a decorated and well-known adult film actress" under the stage name "Kenzie Anne," has appeared on the cover of Hustler and was named "Pet of the Year" by Penthouse. (SAC ¶ 7.) She alleges that she has worked for the Defendant adult film production company pursuant to an agreement that describes the types of acts she was required to perform under certain work terms and conditions. (SAC ¶¶ 2-4, 10-14, 25-43.) She alleges that she was misclassified as an independent contractor instead of an employee, and was denied benefits available to employees. For example, in the first claim for relief, Plaintiff alleges that she worked more than eight hours per day and/or 40 hours per workweek, and/or seven straight workdays without being paid appropriate overtime. (SAC ¶¶ 60-66.) By virtue of these allegations, Plaintiff substantially lowered her expectation of privacy in her compensation and work terms and conditions. *See John B.*, 38 Cal. 4th at 1199 (by putting medical condition at issue, plaintiff lowers expectation of privacy in medical records).

On the other hand, Document Request Nos. 2-3, 6-7, and 9-10 fall well within the two subjects of discovery set forth in the District Judge's Order dated May 16, 2024. Request Nos. 2, 7, and 10 call for production of "Talent Accounting Data" as defined in Definition ¶ 11, such as invoices and payments, that is submitted by a relevant user and related to Plaintiff, as well as communications about that data. Request No. 3, 6 and 9 call for production of "Talent Booking Data" as defined in Definition ¶ 12, such as work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV-23-04901-WLH (AGRx) | Date: July 9, 2024 |
| Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al. | |

engagements solicited, received, accepted or denied by a relevant user related to Plaintiff and work schedules. Document Request Nos. 6-7 essentially call for metadata for the information responsive to Document Request Nos. 2-3, and are relevant to establish the authenticity of the responsive information. Document Request Nos. 9-10 call for communications that relate to the information responsive to Document Request Nos. 2-3, and would be directly relevant to show what Plaintiff was being hired to do.

At the hearing, Plaintiff objected that Document Request Nos. 2-3, 6-7, and 9-10 should be limited to work performed for Defendants. Taking Plaintiff's first claim for relief for overtime wages as an example, however, information regarding Plaintiff's work schedule for other entities during the relevant time period would be directly relevant to ascertain Plaintiff's work hours per workday or workweek for Defendants. Moreover, Plaintiff's work for other entities, including the type of work she was doing and how she was paid, would be relevant to certain of the factors used to analyze whether Plaintiff was an independent contractor or employee under California statutes and case law.

Defendants stated at the hearing that they agree that pay rates for other entities could be redacted so long as the information produced indicated whether Plaintiff was paid by the hour, flat rate, or salary, and how Plaintiff was paid (for example, whether Plaintiff was paid directly, through an entity set up by her, or through her agent). Defendants also agree that Mainboard could redact Plaintiff's home address and personal phone number. It is unknown whether Mainboard is able to redact the information as proposed. This order is without prejudice to the parties being able to confer with Mainboard regarding these proposed specific redactions.

IT IS ORDERED that Plaintiff's motion for protective order is GRANTED IN PART AND DENIED IN PART as follows:

1. The time frame for the subpoena to Mainboard LLC is January 1, 2021 through December 31, 2022.

2. The parties shall file a stipulation and proposed protective order within seven days after entry of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)                                                Date: July 9, 2024

Title       Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

3. Plaintiff's objections to Document Request Nos. 1, 4 and 5 in the subpoena to Mainboard are overruled.

4. Plaintiff's objections to Document Request Nos. 2-3, 6-7, 8, and 9-10 are overruled except that the parties may confer with Mainboard to determine whether the redactions described above are practicable.  If the parties and Mainboard cannot agree, then counsel shall contact the Courtroom Deputy Clerk, Mr. K. Lozada, and request a discovery conference with the court.  Mainboard's counsel or representative should take part in the discovery conference.

5. Nothing in this order prevents Plaintiff from designating information produced by Mainboard about her as confidential or highly confidential, as appropriate, pursuant to this order or the protective order that will be entered pursuant to paragraph 2 above.

6. This order is without prejudice to Mainboard LLC's ability to object or otherwise respond to the subpoena served upon it.  Counsel shall notify Mainboard LLC of this Order.

cc: District Judge Wesley L. Hsu

|  | 0:30 |
|---|---|
| **Initials of Preparer** | kl |