**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579
Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604
Attorneys for Defendants
VXN GROUP LLC and MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** |

DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants, VXN GROUP LLC ("VXN") and MIKE MILLER ("Miller"), (together "Defendants") by and through counsel, hereby submits the following answer, avoidances, and affirmative defenses to Plaintiff Mackenzie Anne Thoma's ("Plaintiff") Second Amended Class Action Complaint ("SAC"), [**Dkt. 53**], and hereby states as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff has filed a class action complaint.

2. Defendants admit that VXN is an adult film production company. To the extent they exist, Defendants deny all other allegations in this paragraph.

3. Defendants admit that VXN and Plaintiff entered into a written agreement. Defendants also admit that Plaintiff's agreement with VXN contained reasonable requests in accordance with industry standards in exchange for large payments to Plaintiff. To the extent they exist, Defendants deny all other allegations in this paragraph.

4. Defendants admit that Plaintiff requested a personnel file. Defendants also admit that its response contained a request for Plaintiff to preserve evidence in light of Plaintiff having caused Defendants well over $100,000 in damages from breach of her agreement. To the extent they exist, Defendants deny all other allegations in this paragraph.

5. Defendants deny the allegations in this paragraph.

6. Defendants admit that Plaintiff has initiated a putative class action against Defendants. Strike 3 and General Media have been dismissed. *See* [**Dkt. 83**]. To the extent they exist, Defendants deny all other allegations in this paragraph.

## PARTIES

**A.** **Plaintiff**

7. Defendants admit the allegations in this paragraph.

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's previous employers. Defendants deny that Plaintiff entered the adult film industry on or around April 30, 2021. Defendants admit Plaintiff entered into an agreement and performed in VXN's movies. To the extent they exist, Defendants deny all other allegations in this paragraph.

### B. Defendants

9. Admitted as to VXN. Strike 3 and General Media have been dismissed from the litigation. See [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

10. Defendants admit that VXN creates "adult motion pictures distributed for commercial sale through various distribution outlets and platforms." Defendants also admit that VXN creates adult photographs to promote its movies and for DVD covers. To the extent they exist, Defendants deny all other allegations in this paragraph.

11. Defendants admit the allegations in this paragraph.

12. Defendants admit that Miller is a resident of the State of California, and a founder and executive producer of VXN. To the extent they exist, Defendants deny all other allegations in this paragraph.

13. Strike 3 is no longer a party to this action. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

14. General Media is no longer a party to this action. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation. Strike 3 and General Media are no longer parties to this action. *See* [**Dkt.** 83].

### JOINT LIABILITY ALLEGATIONS

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

18. Defendants admit that Miller, as an Executive Producer of VXN, participates in creative decisions associated with the filmmaking process and occasionally is present during VXN's motion picture productions. To the extent they exist, Defendants deny all other allegations in this paragraph.

19. Strike 3 is no longer a party to this action. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

20. General Media is no longer a party to this action. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

21. Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

22. Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

    A. Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

    B. Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

    C. Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

D.     Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

E.     Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

F.     Plaintiff's alter ego theory of liability has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

23.    Defendants deny that they are joint employers.

## JURISDICTION

24.    Defendants admit the allegations contained in this paragraph.

## FACTUAL BACKGROUND

25.    Defendants deny the allegations in this paragraph.

26.    Defendants deny the allegations in this paragraph.

27.    Defendants deny the allegations in this paragraph.

28.    Defendants deny the allegations in this paragraph.

29.    Defendants deny the allegations in this paragraph.

30.    Defendants deny the allegations in this paragraph.

31.    Defendants deny the allegations in this paragraph.

32.    Defendants deny the allegations in this paragraph.

33.    This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the undefined "array of services" Plaintiff allegedly provided to Defendants. Defendants admit that Plaintiff

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

provided professional acting services to Defendants for its adult films. To the extent they exist, Defendants deny all other allegations in this paragraph.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

38. Defendants admit that VXN required Plaintiff and class members to provide proof of a test demonstrating they are STD free within the accepted industry standard timeline before every shoot. Defendants are without knowledge or information sufficient to form a belief as to how long a test takes. To the extent they exist, Defendants deny all other allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants admit that VXN's agreement with Plaintiff requested that Plaintiff maintain a consistent appearance in exchange for guaranteeing that Plaintiff would have the opportunity to professionally act and star in a high number of motion pictures at a future date for Defendants for large payments. Defendants deny that they exhibited any control over the personal autonomy of Plaintiff or any class members. To the extent they exist, Defendants deny all other allegations in this paragraph.

41. Defendants admit that Plaintiff received a cosmetic injection prior to a shoot that resulted in a massive staph infection with an open wound. Defendants admit VXN cancelled the shoot because of the massive health risk that Plaintiff would have posed to herself, other professional actors, and crew, were the shoot to go forward.

42. Defendants admit that in or around Spring 2022, Plaintiff injured her buttocks as a result of the infection. To the extent they exist, Defendants deny all other allegations in this paragraph. Specifically, Defendants maintain this is the "cosmetic injection" referenced in paragraph 41.

43. Defendants admit that they were aware Plaintiff was infected with monkey pox. Defendants deny they ever asked Plaintiff to work while infected. To the contrary, VXN repeatedly requested Plaintiff's agent admit that Plaintiff had monkey pox so that it could reschedule any scheduled shoots with Plaintiff in advance to avoid incurring several thousands of dollars in cancellation fees. Plaintiff's agent denied it until just prior to the shoot. Defendant VXN had to pay several thousands of dollars in cancellation fees. However, Defendants, under no circumstances, ever demanded or even contemplated allowing Plaintiff near its productions and immediately canceled once Plaintiff's agent was finally truthful.

44. Defendants admit that Plaintiff has initiated a class action against Defendants. Plaintiff's claims for minimum wages and failure to indemnify work-related expenses were dismissed. *See* [**Dkt.** 83].

## CLASS ACTION ALLEGATIONS

45. Defendants incorporate by reference the response of paragraph 44 herein.

46. Defendants deny that Plaintiff can reserve the right to amend or modify the class description or further specify or limit the issues for which certification is sought.

47. Defendants deny that this action may be properly maintained as a class action. To the extent they exist, Defendants deny all other allegations in this paragraph.

**A. Numerosity**

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

**B. Commonality**

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

A. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

B. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

C. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

D. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

E. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

F. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

G. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

H. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

I. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

J. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

K. Plaintiff's claim failure to indemnify work-related expenses was dismissed. *See* [**Dkt.** 83]. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

L. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation. Labor Code § 404 based on failure to return deposits does not appear to relate to Plaintiff's claims.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

7
DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

M. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

N. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

O. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

P. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

### C. Typicality

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

### D. Adequacy of Representation

52. Defendants deny the allegations in this paragraph.

### E. Superiority of Class

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

55. Defendants reincorporate all prior responses thereto.

56. Defendants deny the allegations in this paragraph.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

8
DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

62. Defendants deny the allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

68. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

69. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

70. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

71. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

72. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

73. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

74. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

75. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

76. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

77. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

78. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

79. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

80. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

81. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

82. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

83. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

84. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

## THIRD CAUSE OF ACTION

**(Failure to Provide Meal Periods – Against All Defendants)**

85. Defendants reincorporate all prior responses thereto.

86. Defendants deny the allegations in this paragraph.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

89. Defendants deny the allegations in this paragraph.

90. Defendants deny the allegations in this paragraph.

91. Defendants deny the allegations in this paragraph.

92. Defendants deny the allegations in this paragraph.

93. Defendants deny the allegations in this paragraph.

94. Defendants deny the allegations in this paragraph.

95. Defendants deny the allegations in this paragraph.

96. Defendants deny the allegations in this paragraph.

97. Defendants deny the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

98. Defendants reincorporate all prior responses thereto.

99. Defendants deny the allegations in this paragraph.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

102. Defendants deny the allegations in this paragraph.

103. Defendants deny the allegations in this paragraph.

104. Defendants deny the allegations in this paragraph.

105. Defendants deny the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

107. Defendants deny the allegations in this paragraph.

108. Defendants deny the allegations in this paragraph.

109. Defendants deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

110. Defendants reincorporate all prior responses thereto.

111. Defendants deny the allegations in this paragraph.

112. Defendants deny the allegations in this paragraph.
113. Defendants deny the allegations in this paragraph.
114. Defendants deny the allegations in this paragraph.
115. Defendants deny the allegations in this paragraph.
116. Defendants deny the allegations in this paragraph.
117. Defendants deny the allegations in this paragraph.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

118. Defendants reincorporate all prior responses thereto.
119. Defendants deny the allegations in this paragraph.
120. Defendants deny the allegations in this paragraph.
121. Defendants deny the allegations in this paragraph.
122. Defendants deny the allegations in this paragraph.
123. Defendants deny the allegations in this paragraph.
124. Defendants deny the allegations in this paragraph.
125. Defendants deny the allegations in this paragraph.
126. Defendants deny the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION

**(Violation of Labor Code § 2802 – Against All Defendants)**

127. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.
128. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.
129. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

130. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

131. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

132. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

133. This claim has been dismissed. *See* [**Dkt.** 83]. To the extent they exist, Defendants deny all other allegations in this paragraph.

## DEMAND FOR JURY TRIAL

134. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

## AFFIRMATIVE DEFENSES

Defendants allege each of the following separate Affirmative Defenses to each and every cause of action (unless specified otherwise) in Plaintiff's Second Amended Class Action Complaint:

## FIRST AFFIRMATIVE DEFENSE
### ("Professional Actor" Exemption)

1. Plaintiff and class members are "professional actors" and thus exempted under Wage Order No. 12-2001.

## SECOND AFFIRMATIVE DEFENSE
### (Independent Contractor)

2. Plaintiff and class members contractual relationship with Defendants was that of an independent contractor and not an employer-employee relationship.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

3. Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith Exception)

4. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on a reasonable and good faith belief in the facts as known and understood at the time and were not intentional or willful violations of the California Labor Code or any other law.

## FIFTH AFFIRMATIVE DEFENSE
### (Fraud)

5. Plaintiff has knowingly made false statements in her pleadings with the intent of sustaining claims that could not be supported absent the false statements.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

6. Plaintiff's claims are barred because Plaintiff has consented to the conduct that underly her claims.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiesce)

7. Plaintiff's claims are barred because Plaintiff has acquiesced to the conduct that underly her claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Spoliation)

8. Plaintiff, through act, omission, or her agents, has spoliated evidence relevant to the litigation.

## NINTH AFFIRMATIVE DEFENSE

(Privileged Conduct)

9. Plaintiff's claims are based on Defendants' expressive or editorial conduct which are protected and privileged by the California Constitution, Cal. Const. art. I, § 2, and the United States Constitution, U.S. Const. Amends. I, XIV, and therefore cannot give rise to liability herein.

## TENTH AFFIRMATIVE DEFENSE

(Laches)

10. Plaintiff's claims are barred based on the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11. Plaintiff is barred from recovery because Plaintiff has entered this litigation with unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

12. Plaintiff is barred from recovery based on the doctrine of equitable estopped.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

13. Plaintiff's claims are barred because Plaintiff has waived those claims or her ability to recover from those claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Injunction / Adequate Remedy at Law)

14. To the extent Plaintiff seeks to enjoin Defendants' future conduct, she has an adequate remedy at law and lacks justification for an injunction.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

15. Plaintiff failed to mitigate some or all of her claimed damages and is barred from recovering those damages she failed to mitigate.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

16. Plaintiff has already received payment for her services and to the extent Plaintiff is entitled to any recovery, that amount is offset.

## SEVENTEETH AFFIRMATIVE DEFENSE

**(Bad faith)**

17. Plaintiff brought this lawsuit in bad faith and for an improper purpose.

## EIGTHTEETH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

18. Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred in whole or in part, by one or more statutes of limitation including, but not limited to, Code of Civil Procedure §§ 337, 338(a), 339 and 340(a), Business and Professions Code § 17208, and/or Labor Code §§ 203(b).

## NINETEENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

19. Defendants allege that Plaintiffs and the putative class members are not entitled to recover any penalties or liquidated damages, and any award of penalties or liquidated damages would in general or in fact violate Defendants' rights under the United States and California Constitutions, including but not limited to he due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual

punishment clauses of the Eighth Amendment to the 6 United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

20. Defendants allege that the Complaint and each cause of action set forth therein for penalties including, but not limited to, penalties under Labor Code sections 203 and 226, are barred, or any penalties awarded must be minimized, because (1) there are bona fide disputes as to whether further compensation is due to Plaintiffs and some or all of the persons they seek to represent and, if so, as to the amount of such further compensation, (2) Defendants have not willfully failed to pay such additional compensation, if any is owed, and (3) to impose waiting time penalties, penalties under Labor Code section 226, of any penalties on any other basis would be inequitable and unjust.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class And Representative Allegations Are Not Appropriate)

21. Defendants allege that the Complaint, and each purported cause of action alleged therein, set forth as a representative or class allegation may not be properly maintained as a representative or class action because: (a) Plaintiffs cannot fairly and adequately represent the interests of the putative class members; and (b) Plaintiffs and class counsel are not adequate representatives for the putative class members.

### RESERVATION OF COUNTERCLAIMS AND CROSS CLAIM

Since the litigation has been bifurcated by the Court and is currently resolving Phase One disputes–"whether Plaintiff is an independent contractor or employee [and] whether Plaintiff falls under the professional actor exemptions of

IWC Wage Order 12," [**Dkt. 66**, at 8], it does not serve the interest of Fed. R. Civ. P. 1's policy in favor of judicial economy for Defendants to assert counterclaims or cross claims in this Answer. Defendants, however, expressly reserve the right to amend or supplement their pleadings to assert any such claims later in the litigation. *See* Fed. R. Civ. P. 15(a)(2).

Dated: July 12, 2024

Respectfully submitted,
KANE LAW FIRM

By:  */s/ Brad S. Kane*
Brad Kane
Trey Brown
Attorneys for Defendants
VXN Group LLC and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**CERTIFICATE OF SERVICE**

I, Brad S. Kane, hereby certify that this document has been filed on July 12, 2024, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 12, 2024          By:   */s/ Brad S. Kane*
                                    Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035