```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                   (WESTERN DIVISION - LOS ANGELES)


MACKENZIE ANNE THOMA,        ) CASE NO: 2:23-cv-04901-WLH-AGRx
                             )
            Plaintiff,       )              CIVIL
                             )
    vs.                      )       Los Angeles, California
                             )
VXN GROUP, LLC, ET AL,       )       Friday, July 19, 2024
                             )
            Defendants.      )       (9:32 a.m. to 9:52 a.m.)
```

                      VIDEO DISCOVERY CONFERENCE

             BEFORE THE HONORABLE ALICIA G. ROSENBERG,
                   UNITED STATES MAGISTRATE JUDGE


**APPEARANCES:**              SEE PAGE 2


Court Reporter:           Recorded; CourtSmart


Courtroom Deputy:         K. Lozada


Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:          SARAH H. COHEN, ESQ.
                        Bibiyan Law Group
                        1460 Westwood Boulevard
                        Los Angeles, CA 90024
                        310-438-5555


For Defendants:         TREY D. BROWN, ESQ.
                        11337 Ventura Boulevard
                        Studio City, CA 91604
                        432-296-9120

                        BRAD S. KANE, ESQ.
                        1154 S. Crescent Heights Boulevard
                        Los Angeles, CA 90035
                        323-697-9840

1    **Los Angeles, California; Friday, July 19, 2024; 9:32 a.m.**

2                           **(Call to Order)**

3            **THE CLERK:**  Calling Item Number 1, Case Number

4    CV-23-4901-WLH-AGR; *Mackenzie Anne Thoma versus VXN Group, LLC,*

5    *et al.*

6            Counsel, please state your appearances for the

7    record.

8            **MS. COHEN:**  Good morning, Your Honor.  Sarah Cohen

9    appearing on behalf of Plaintiff.

10           **MR. KANE:**  Good morning, Your Honor.  Brad Kane

11   appearing on behalf of Defendants.

12           **MR. BROWN:**  Good morning, Your Honor.  Trey Brown on

13   behalf of Defendants.

14           **THE COURT:**  Okay.  So about the issues for today,

15   first has to do -- I guess the first issue had to do with the

16   verification.  So Mr. Murphy is a third party.  Why is there an

17   issue about verification here?

18           **MR. KANE:**  Your Honor, we're in a situation now where

19   we are the second attempt to get documents.  The first attempt,

20   no documents.  We said, hey, wait a second, Defendants have a

21   document.  They then find the document.  We told them that they

22   had and that they had known possession to Plaintiff's counsel.

23   And a few more from their Instagram and now they're able to

24   access it.

25           Well, I know there's more documents.  I have in

1  possession at least one of them which I will be using in my
2  examination on Monday but it clearly indicates that the search
3  was not thorough, nor was this taken seriously.
4        **THE COURT:**  I guess the issue is I don't see any
5  provision in Rule 45 that requires a verification from a third
6  party.  So isn't this an issue that you address at the
7  deposition?  I guess my question -- you know I realize this is
8  coming up at the last minute for me this morning but does
9  anyone have any authority on a requirement for a verification
10 from a third party under Rule 45?
11       **MR. KANE:**  Well, Your Honor --
12       **MS. COHEN:**  (inaudible).
13       **MR. KANE:**  -- I have a case that I found that the
14 Court can order this.  V5 Technologies v. Switch Limited,
15 33 2d. F.R.D. 356 at 366 through 67, District of Nevada 2019.
16 And in that case, Your Honor, it was a third-party deponent who
17 was ordered to verify this.
18       Now, you know, this is a unique situation which kind
19 of bleeds into the second issue which is that Ms. Cohen checked
20 her own Instagram archive, downloaded it and said it was too
21 much material.  They didn't even download his and decided we're
22 not going to produce him.  And that is, again, not really the
23 spirit or intent of what we discussed and you know --
24       **THE COURT:**  This is in Number 32?  So that that's --
25 let's go to that second issue because I haven't looked at this

1    F.R.D. case so I don't know what it's ordering and what the
2    issues were there and I'm curious to look at it so I obviously
3    can't deal with it here.
4            But let's turn to the Document Request 32.  So is
5    the --
6            **MS. COHEN:**  Your Honor --
7            **THE COURT:**  -- dispute over the burden of downloading
8    the information?
9            **MS. COHEN:**  No, it's not, Your Honor.  So if I can
10   respond to the first half of this discovery dispute I would
11   appreciate it.
12           We -- I had another call with Mr. Murphy.  I made
13   sure that he was sitting down at a computer and that we could
14   access all of the sources that were discussed at the last
15   hearing.  We had detailed notes as to all the sources we could
16   look to: Instagram archive, email, trash, cloud storage and
17   text messages.  Okay?
18           We provided supplemental responses by the deadline.
19   Those -- there are a few that I have agreed with defense
20   counsel yesterday afternoon on a quick turnaround for a video
21   conference meet and confer to provide supplemental responses.
22   In the responses we state what methods we took to look for
23   responsive information.
24           In addition to that, Your Honor, we agreed to produce
25   documents to a lot of the requests that were originally just

1  objection-only.
2         To put things into perspective, we're left with only
3  one objection-only response out of all 39 requests, Your Honor.
4  Each response -- besides Number 32 -- which I'll get to in a
5  minute -- each response either says that -- confirms that the
6  documents never existed, that my client is no longer in
7  possession, custody and control and here are the reasons why.
8  And I explain in the -- and my client explains in the responses
9  that in March 2024, he got a new cellphone and it was a trade-
10 in process with AT&T.  And as part of that trade-in process to
11 get the new phone, you have to reset your phone back to factory
12 settings.
13        We understand sometimes you can have the toggle
14 turned on on your phone so where messages can be stored in
15 iCloud.  He checked his iCloud, he doesn't have responsive
16 documents.  We explained everything.  Okay?
17        And when we first started off with this discovery
18 dispute, Defendants only maybe had two or three screenshots of
19 that January 2024 Instagram story.  Because of this further
20 investigation and my and my client's diligence, we now have
21 produced close to 20 screenshots of that story.  My client went
22 into his Instagram archive.
23        After the responses were served, immediately or maybe
24 the next day or maybe even that evening, Mr. Kane emails me and
25 says, oh, we had some mystery document which proves that you're

1   either withholding or you didn't do a thorough search.
2   Mr. Kane briefly -- will not show me that document because it's
3   going to be an exhibit at the deposition on Monday but Mr. Kane
4   was kind enough to briefly explain that document to me.
5           I said to Mr. Kane, please tell me which request this
6   document is responsive to because your description of the
7   document does not convince me that this document is actually
8   responsive to Requests 9 or 23.  And so unless we can put the
9   document up on a screenshare now, Your Honor, and get to the
10  bottom of this, my opinion is that these documents are not
11  responsive.
12          I will admit, there are messages in my client's
13  Instagram that have to do with the January 2020 -- 24, 2023
14  story, okay?  But they are not responsive to these requests.
15  If you look at the specific requests that Defendants served,
16  they're interested in certain excerpts of that story.  The
17  messages that my client had are not responsive to those
18  excerpts.  They're to my understanding -- and if I
19  misunderstood we will immediately supplement but there is not a
20  request that says something like produce all documents you know
21  relating to the story.  They're specific excerpts of the story
22  and that's why I'm going to get into why this is becoming
23  harassment and completely outside of phase one discovery.
24          What Defendants are trying to do and what they've
25  been trying to do from the outset, Your Honor, is get rid of

1  this case.  Three motions to dismiss, an Anti-SLAPP, and now a
2  forthcoming Rule 11.  So Defendants are using phase one
3  discovery to engage in a harassment campaign to gather evidence
4  that my client was somehow involved -- Mr. Murphy, my client,
5  not Ms. Thoma -- well Ms. Thoma as well -- was involved in
6  formulating this -- bringing this lawsuit as some sort of
7  vendetta.
8           If you look at all of the screenshots -- which I'm
9  happy to produce to the Court -- this Instagram story is about
10 my client's issue with his former employer, Motley Models.
11 Very very little of the screenshots is about this case and
12 absolutely nothing to do with independent contractor or Wage
13 Order 12.  Defendants are using --
14      **(Voices overlap)**
15          **THE COURT:**  (inaudible) is it --
16          **MS. COHEN:**  -- (inaudible) discovery (inaudible).
17          **THE COURT:**  Okay.  I'm trying to interrupt you but we
18 have very --
19          **MS. COHEN:**  Sorry.  Yes.
20          **THE COURT:**  -- (inaudible) time because of a hearing
21 coming up after this one.
22          **MS. COHEN:**  Understood.
23          **THE COURT:**  Is the problem then with Request 32, as
24 you say, you have messages about the Instagram story which was
25 in January of 2024.  You have produced the ones that are

1  responsive to the subpoena.  And your objection to 32 is that

2  it goes --  it asks for all data in the Instagram account and

3  is not related to the specific items mentioned elsewhere in the

4  subpoena.  There were several document requests related to that

5  Instagram story.

6          **MS. COHEN:**  Yes (inaudible).

7          **THE COURT:**  So that's the problem you're having, that

8  it's not -- the catchall of Request 32 is not limited to the

9  what we call the specific document request about the January

10 2024 story.  So if I've got -- do I have that right?

11         **MS. COHEN:**  Thirty-two is a separate issue.  I was

12 discussing Mr. Kane's argument that we need verifications

13 because we can prove that we have a document that's responsive

14 to Request Number 9 and --

15         **THE COURT:**  Right.  I think on that one --

16         **MS. COHEN:**  -- (inaudible) that it's not --

17     **(Voices overlap)**

18         **MS. COHEN:**  -- the document's not responsive to

19 (inaudible).

20         **THE COURT:**  I think on that one if that's what we're

21 talking about, I think you need to go forward with the

22 deposition and make a record.  I don't have time right now to

23 look at the cases.

24         I'm not sure, Ms. Cohen, have you looked at that

25 case?

**EXCEPTIONAL REPORTING SERVICES, INC**

|   |   |
|---|---|
| 1 | **MS. COHEN:** I haven't. This was going on until very late last night and I have barely come up for air this entire month but I intend to, Your Honor. |

     1     **MS. COHEN:** I haven't. This was going on until very
     2  late last night and I have barely come up for air this entire
     3  month but I intend to, Your Honor.
     4     And for the record, Your Honor, I said to Mr. Kane in
     5  the meet and confer yesterday, ask him under oath at deposition
     6  on Monday then. Ask him under oath. Go ahead.
     7     **THE COURT:** Yeah. I think that's the only way to
     8  proceed since we are on a Friday preceding the deposition on
     9  Monday and I haven't had a chance to look at this case and
   10  neither has opposing counsel. And I've got hearings coming up
   11  today so I think that's the only way that we can proceed.
   12     If there is an issue after the deposition -- and I
   13  don't see why because why would you need a verification?
   14  You're going to be able to ask the questions at the deposition
   15  and you'll have his answer under oath so I'm not really seeing
   16  that this verification issue --
   17     **MR. KANE:** Your Honor --
   18     **THE COURT:** -- is going to be a problem after Monday
   19  but if it is, then you need to bring it up after Monday where
   20  we have a more complete record than we have in the email today.
   21  I just this is not something that can be addressed last minute.
   22     **MR. KANE:** All right, Your Honor. And a couple
   23  things I'd like to comment on.
   24     Yesterday, Ms. Cohen expressed to me that we don't
   25  really want to go back to Las Vegas again for a second

1  deposition.

2  I'm happy to email directly to Your Honor the

3  document that I'm referring to because it clearly comes within

4  the scope of what we've asked for and she's just told us, oh,

5  there's other email now from people or other direct messages

6  and Instagram relating to the posts but we didn't bother

7  producing them --

8  **THE COURT:**  Well she didn't say they didn't bother.

9  She saying it's not responsive to --

10  **MS. COHEN:**  They're not --

11  **THE COURT:**  -- (inaudible) request.

12  **MS. COHEN:**  They're not responsive.  Most of this

13  post it's about Ryan Murphy's separate employment issue with

14  his former employer, Your Honor.  Nothing to do with

15  determining independent contractor.  This is harassment, Your

16  Honor.  We shouldn't be here.

17  **THE COURT:**  Well but you know, we don't need to

18  reargue it.  I'm just saying --

19  **(Voices overlap)**

20  **MS. COHEN:**  Yeah.  We shouldn't be here.

21  **THE COURT:**  -- (inaudible) is not that Plaintiff's

22  counsel hasn't bothered to look.  The dispute is over whether

23  the document you have is responsive to the doc -- to the -- you

24  know, the document request in the subpoena relevant to this

25  Instagram story.  So that's --

1          **MR. KANE:**  Your Honor, if I may?

2          **THE COURT:**  -- (inaudible) the dispute --

3          **MR. KANE:**  Please?

4          **THE COURT:**  Yeah.

5          **MR. KANE:**  One thing she said that I have trouble
6  squaring is the representation that she downloaded the
7  Instagram archive of her own.  She didn't download Mr. Murphy's
8  and check Mr. Murphy's but it's whatever search they did, you
9  know, so it's basically --

10         **THE COURT:**  I don't understand that.  What do you
11 mean she didn't --

12         **MR. BROWN:**  He's referring to Request Number 32.
13 Request Number 32 asks for Mr. Murphy to download the Instagram
14 data and produce it.  And the supplemental response is they did
15 not change the response from the prior production which they
16 said they don't have access to that information or it doesn't
17 exist.  But they did produce screenshots from the Instagram
18 account indicating that the data does in some form exist.
19 However, instead of stating an objection, a particularized
20 objection as to why they won't produce that Instagram data,
21 they again stated that it does not exist.  And so we need to be
22 able to narrow the scope of that request to find relevant
23 information.  And if Plaintiff's counsel has objections,
24 specific objections as to the nature of that request, we can
25 work it out amongst ourselves.  But simply stating that it does

1  not exist --

2  **THE COURT:**  Okay.

3  **MS. COHEN:**  Your Honor, we met and conferred about

4  this yesterday.  I have an agreement to provide supplementals

5  by Saturday afternoon.  I don't know why Mr. Brown has gone

6  back to this.  We met and conferred and came to an agreement.

7  My issue, Your Honor, with downloading the

8  information, I checked it out myself and described to my client

9  what the process was.  I did it with my own Instagram, Your

10 Honor.

11 Essentially what this process is, is an HTML download

12 which you can get in .pdf format.  It takes a few days for

13 Instagram to send it to you.  For the date you request going

14 back an entire year, it's all of your activity on Instagram.

15 This is my client's social media.  All of your activity.

16 "Download your information".  I have it up.  "Your information

17 includes things you shared, your activity, and things we

18 collect".  I mean if that's not overbroad, Your Honor, I don't

19 know what is.  It has nothing to do.  The defendants have not

20 narrowed the scope of the request --

21 **THE COURT:**  Wait a minute -- wait a minute --

22 **MS. COHEN:**  -- inaudible).

23 **THE COURT:**  -- wait a minute, wait a minute.

24 So didn't he go through this process in order to find

25 responsive --

1    **MS. COHEN:** No. No. No. When he found responsive documents, that was through his Instagram archive. It may come up in this but he obtain -- there's other ways to obtain it without going on such a fishing expedition.

     I'm telling you, Your Honor, this is going outside phase one discovery. This is so Defendants can try to drop their --

8    **THE COURT:** Now --

9    **(Voices overlap)**

10   **MS. COHEN:** -- (inaudible).

11   **THE COURT:** -- wait a minute.

12   **MS. COHEN:** -- (inaudible).

13   **THE COURT:** You're confusing --

14   **MS. COHEN:** -- (inaudible).

15   **THE COURT:** -- different things. One is, what sources you searched for responsive documents. That's what Rule -- this Request 32 --

18   **MS. COHEN:** Right.

19   **THE COURT:** -- goes to.

20   **MS. COHEN:** (inaudible), no, no, it's not.

21   **THE COURT:** Are you saying --

22   **MS. COHEN:** It's not, Your Honor. They're after everything he shared on his Instagram from November 2020 -- sorry -- November --

25   **THE COURT:** Hold on I want to --

1    **(Voices overlap)**

2         **MS. COHEN:** -- (inaudible).

3         **THE COURT:** I want to separate. Stay with me here.

4         **MS. COHEN:** Sorry, sorry.

5         **THE COURT:** I want to separate two ideas. One is
6    whether he has searched the information available through this
7    download for responsive documents. The second issue is whether
8    he produces the whole download. Those are two different
9    things.

10        **MS. COHEN:** Right. Right.

11        **THE COURT:** So I want to make sure that he has at
12   least done step one which is to search the -- whatever this
13   download is. If it's the same as the archive, let me know.
14   But has this download been searched for responsive documents to
15   the subpoena?

16        **MS. COHEN:** I cannot answer that with certainty but I
17   will get on the phone with my client, have him do it because I
18   know it takes a few days to come through. So in terms of that
19   aspect of it, that's fine. But my main argument why -- why 32
20   is still objection-only is because it's not narrowed at all.
21   At all. It is everything.

22        **THE COURT:** Right.

23        **MS. COHEN:** Everything.

24        **THE COURT:** Yeah. I mean I agree with that.

25   **(Voices overlap)**

1    **MS. COHEN:** Even if he (inaudible) --

2    **THE COURT:** It literally asks for everything.

3    **MS. COHEN:** Yeah.

4    **THE COURT:** So maybe, Mr. Kane, you can explain what
5  it is you're looking for in 32.

6    **MR. KANE:** Well, Your Honor, that's kind of the
7  catchall here and there's lots of things they say they don't
8  have and --

9    **MS. COHEN:** Fishing expedition.

10   **(Voices overlap)**

11   **MR. KANE:** -- I know for a fact -- which I'm happy to
12 send to the Court -- that there is at least one more document
13 that would have been turned up if they had downloaded, as they
14 were supposed to, 32 and looked through it.

15   **THE COURT:** Okay. So that --

16   **MR. KANE:** That is core to it.

17   **THE COURT:** -- I think is the issue for today. If
18 it's possible to do between now and Monday, I don't know, but I
19 think that's what we need to get to. Was this download
20 accomplished so that it could be searched for responsive
21 documents to the subpoena? Or is this a duplicate of the
22 Instagram archive? I'm not clear about this.

23   **MS. COHEN:** I will ask my client.

24   **THE COURT:** So I can't say one way or another but I
25 think you need to at least make sure that the download was

1  searched for responsive documents.  That --

2       **MS. COHEN:**  Yes, Your Honor, I will.

3       **THE COURT:**  -- that's the predicate step.

4       **MS. COHEN:**  I will confirm with Defendants by end of

5  day today.  I'll get on the phone with my client immediately.

6  I have a hearing starting at 10:30 but I'll try to call my

7  client in between and confirm whether he went through this

8  particular process and this is still what we have.  And I'll

9  send Defense an email.

10      **MR. KANE:**  It's highly doubtful since you told us

11 that you did it.  You didn't instruct him to do it, did you?

12      **MS. COHEN:**  I did instruct my client to do it --

13      **MR. KANE:**  Is to do download and request it --

14   **(Voices overlap)**

15      **MS. COHEN:**  -- (inaudible) everything (inaudible).

16      **MR. KANE:**  No.

17      **MS. COHEN:**  (Inaudible).

18      **MR. KANE:**  Download it from Instagram and get it

19 (inaudible).

20      **MS. COHEN:**  I told him to follow the steps.  It's

21 improper, Your Honor, to communicate with --

22      **THE COURT:**  I was just going to say I don't think

23 this is --

24      **MR. KANE:**  I apologize.

25      **THE COURT:**  (inaudible) for the Court to get into so

1   but I think you at least know what my concern was, whether the
2   material was searched for responsive documents.  And you need
3   to get -- you will get back to the defense counsel by the end
4   of today to advise whether that has been done.  And if the
5   answer is no, what you propose to do to get that done.
6           **MS. COHEN:**  Even better, Your Honor.  I'll do it in
7   an email.  And if it was done and there was -- and all the
8   responsive documents have been produced, I will supplement 32,
9   along with the other probably 10 or 15 requests that I agreed
10  to supplement yesterday by the weekend on a Saturday.
11          **THE COURT:**  So you said by Saturday.  Okay --
12      **(Voices overlap)**
13          **MS. COHEN:**  By Saturday.  Yes.
14          **THE COURT:**  -- will supplement --
15          **MS. COHEN:**  I'm trying to do -- trying to do it today
16  so I can spend some time with my child who has had a stomach
17  bug since 5:00 o'clock this morning so I'd like to get back --
18          **THE COURT:**  (inaudible) right.  So you're
19  supplementing by Saturday.  And you already agreed with
20  Counsel.
21          **MS. COHEN:**  Yes.
22          **THE COURT:**  And so all of this should be taken care
23  of.  All right.  That concludes today.
24          And I think you're all set for the deposition on
25  Monday.  Did you get the instructions --

```
 1            MS. COHEN:  Thank you, Your Honor, yes, we did.
 2            THE COURT:  -- about what to do at the courthouse?
 3   Okay.
 4            MS. COHEN:  Yes.  Thank you.
 5            THE COURT:  All right.  Thank you very much.
 6            MR. BROWN:  Thank you, Your Honor.
 7            THE COURT:  Good bye everyone.
 8            MS. COHEN:  Thank you, Your Honor.  Have a nice
 9   weekend.
10            THE COURT:  You too.
11            MR. KANE:  Thank you.
12       (Proceeding adjourned at 9:52 a.m.)
```

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____ July 27, 2024

Signed                                                                     Dated

*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**