**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff MACKENZIE ANNE THOMA, an individual and on behalf of all others similarly situated,

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>      Defendants. | CASE NO.: 2:23-cv-04901-WLH (AGRx)<br><br>[*Assigned to the Hon. Alicia Rosenburg*]<br><br>**INFORMAL DISCOVERY CONFERENCE STATEMENT** |

Pursuant to the Rules and Procedures of the Honorable Alicia Rosenburg, this Joint Statement is being submitted by counsel for Plaintiff Mackenzie Anne Thoma ("Plaintiff"), an individual and on behalf of all others similarly situated, and counsel for Defendants VXN GROUP, LLC and MIKE MILLER ("Defendants") (hereby referred to collectively as "the Parties").

**PLAINTIFF'S POSITION**

**I.     FRCP 30(b)(6) Deposition**

On July 23 2024, Plaintiff served Defendant VXN Group, LLC with an FRCP 30(b)(6) Notice of Deposition ("Deposition Notice), which is attached hereto as Exhibit "A". The Deposition Notice of Deposition contains a total of forty-one (41) topics all within the scope of Phase 1 discovery (i.e., Independent Contract vs. Employee; Wage Order 12 Professional Actor Exemption). The Deposition Notice set the deposition for August 7, 2024.

On July 29, 2024, counsel for Defendants emailed counsel for Plaintiff informing Plaintiff of a scheduling conflict, identifying Basia Lew as a designated person for the deposition, notifying Plaintiff that VXN Group, LLC will need to produce multiple deponents, and objecting to many of the topics.

On August 9, 2024, the parties engaged in meet and confer via Zoom regarding scheduling of the deposition and the topics. Prior to the call Defendant provided Plaintiff with specific objections to the topics. During the meet and confer, the parties agreed to the removal of a number of requests as well as narrowing the scope of a number of requests. However, there are several outstanding topics that the parties could not agree on as Defendant claims they are outside of the scope of Phase 1 discovery and thus improper.

Plaintiff will provide Defendants with updated topics pursuant to the parties' agreements during the August 9, 2024 meet and confer prior to the IDC. However, Plaintiff does not necessarily concede to all of the agreements identified in Defendants' Position below.

2

## II. Ryan Murphy's Supplemental Responses

Defendants have been informed that Plaintiff's counsel is diligently working on providing supplemental responses. Furthermore, Plaintiff's counsel recently became aware (at the Ryan Murphy deposition and Plaintiff's deposition conducted on July 22, 2024 and August 13, 2024, respectively) that a privilege log is required. Plaintiff's counsel is working diligently to put the privilege log together and produce supplemental responses.

## DEFENDANTS' POSITION

### I. FRCP 30(b)(6) Deposition

On July 23, 2024, Plaintiff's counsel emailed Notice of Deposition ("Deposition Notice") pursuant to FRCP 30(b)(6), which is attached hereto as Exhibit "A". Defendants contend that the majority of the forty-one (41) topics Plaintiff seeks to discuss exceed the scope of Phase 1 discovery (*i.e.*, Independent Contract vs. Employee; Wage Order 12 Professional Actor Exemption). On August 9, 2024, Defendants provided individualized written objections to Plaintiff primarily on this basis. Defendants' Global Objections summarized Plaintiff's failure to limit its topics to the Phase I discovery:

Global Objections:

(a) The first phase of discovery is be limited to two threshold issues related to Plaintiff's individual claims: (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12.
[Dkt. 66 at 8:5-8]
(b) Plaintiff's definition of "Claim Period" as "April 20, 2019 through the present" exceeds the relevant time period for Phase I discovery as Plaintiff allegedly only provided services to VXN from November 2020 through September 2022.
(c) Designation with knowledge of "any and all policies, practices, and procedures" is impermissible class discovery. VXN is willing to provide witnesses with knowledge of how Thoma was treated based upon the contractual arrangement at issue.

As a result of Defendants objections,

(i) Plaintiff's counsel *withdrew* topics 26, 27, 29, and 31.
(ii) Plaintiff's counsel agreed to amend topics: 8, 9, 10, 12, 13, 15, 17, 18, 19, 25, 33, and 41, by replacing discussion of Defendant's "policies, practices, and procedures" to factual circumstances regarding Plaintiff.
(iii) Plaintiff's counsel agreed to "circle back" on topics: 1, 2, 14, 16, 20, 22, 23, 24, 28. To date, Plaintiff has not provided Defendants with any update on those topics.
(iv) Plaintiff's counsel agreed to "adjust the language" on topics: 21, 30, 36, 37, 38, 39, and 40. To date Plaintiff's counsel has not provided the updated language.
(v) Plaintiff's counsel agreed to limit the relevant time period to Plaintiff's employment only as to topics: 32 and 34.

Defendants believe it would save the Court and the parties significant time if Plaintiff's counsel updated Defendants in advance of the IDC on Plaintiff's position on the topics listed under items (ii) – (iv) listed above.

**II.  Ryan Murphy's Supplemental Responses**

On May 29, 2024, Defendants personally served Ryan Murphy a Rule 45 Subpoena. On May 31, 2024, Plaintiff's Counsel issued Murphy a letter demanding Murphy not to respond to the Subpoena until the Court's ruling on Plaintiff's Motion to Quash, which Plaintiff never filed. On June 7, 2024, Plaintiff's counsel, now representing Murphy as a client, issued objections to the Subpoena on Murphy's behalf without producing any documents. On July 3, 2024, this Court ordered Plaintiff's counsel to serve supplemental responses "and complete his production of responsive documents." The Court also ordered Murphy's deposition to take place at the federal courthouse in Las Vegas.[1] [Dkt. 88]. Plaintiff's counsel

---

[1] Murphy testified that the purported death threat resulting in his deposition being taken in the Las Vegas Federal Courthouse was communicated to him by a third-party named Sid Vision, whom Murphy otherwise considered "clearly a liar," in the fall of 2022, whereas Plaintiff's counsel represented to this Court that the alleged threat occurred in May of 2024.

provided Murphy's Supplemental Responses on July 17, 2024. That same day, Defense counsel notified Plaintiff's counsel via email of continued deficiencies in Murphy's Supplemental Responses. On July 19, the parties attended an IDC to resolve outstanding issues. On Saturday, July 20, 2024, Plaintiff's provided Murphy's Second Supplemental Responses stating in pertinent part: "Respondent will produce all non-privileged documents within his possession, custody, and control."

On July 21, 2024, the day before Ryan Murphy's deposition, Defendants notified Plaintiff's counsel that the Second Supplemental Responses indicated that Murphy had access to responsive documents that were not produced, namely, information from Murphy's Instagram account:

> The documents produced indicate that Murphy's IG archive download for the period 11/11/20 through 7/19/24 was first made available on July 19, 2024. (The downloads are available for 4 days and that one expires on July 23, 2024.)
>
> Defendants must have a reasonable opportunity to review those documents prior to the deposition or Defendants will be forced to leave Murphy's deposition open and resume it on another day.
>
> Equally important, the 01/01/04 through 7/20/24 IG download being in process should not preclude a production of the documents already available.

Since none of the responsive documents were produced prior to Murphy's deposition, *Defendants were unable to complete Murphy's deposition*.

On July 30, 2024, Defendants made yet second request for the responsive documents. On August 13, 2024, Defendants deposed Plaintiff without the benefit of Murphy's supplemental production. On August 15, 2024, Defendants made their third request for the responsive documents. On Friday, August 16, 2024, Plaintiff's

counsel wrote: "I am unable to confirm whether any supplementals will be provided prior to the IDC." Thus, forty-nine (49) days after this Court's July 3, 2024 Order that Murphy "complete his production of responsive documents," Defendants are still awaiting Plaintiff's counsel's compliance.

Dated: August 21, 2024                                    BIBIYAN LAW GROUP, P.C.

                                                 By:    /s/  *Sarah H. Cohen*
                                                        DAVID D. BIBIYAN
                                                        JEFFREY D. KLEIN
                                                        SARAH H. COHEN
                                                        Attorneys for Plaintiff

Dated: August 21, 2024

                                                 By:    /s/  *Trey Brown*
                                                        BRAD KANE
                                                        TREY BROWN
                                                        Attorneys for Defendant

# EXHIBIT A

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (Cal. Bar No. 351499)
*rafael@tomorrowlaw.com*
Jason Rothman (Cal. Bar No. 304961)
*jason@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
on behalf of herself and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: No. 2:23–cv 04901WLH (AGRx)<br><br>**NOTICE OF DEPOSITION OF AGENT(S) OF DEFENDANT VXN GROUP, LLC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>DATE:  August 7, 2024<br>TIME:  10:00 a.m.<br>PLACE:  1460 Westwood Blvd., Los Angeles, California 90024 |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Blvd.
Los Angeles, California 90024
(310) 438-5555

NOTICE OF DEPOSITION OF AGENT(S) OF DEFENDANT VXN GROUP, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(B)(6) and 45, Plaintiff Mackenzie Anne Thoma ("Plaintiff") will take the deposition of VXN Group, LLC ("Defendant") through its designated agent or agents by stenographic means upon oral examination on August 7, 2024 at 10:00 a.m. PST. Defendant is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of VXN Group, LLC, concerning the subject matter described herein.

In accordance with Rule 30(b)(4) of the Federal Rules of Civil Procedure, the deposition will take place remotely via audio video conference.

The deposition will continue day to day, at the same time at Bibiyan Law Group at 1460 Westwood Blvd., Los Angeles California 90024, weekends and holidays excepted, until completed.

The deposition will be conducted before a duly authorized court reporter or other person authorized by law to administer oaths.

Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiff intends to cause the proceedings to be recorded both stenographically and by audio/video tape.

If an interpreter is required to translate testimony, notice of the same must be given at least five (5) calendar days before the deposition date, and the specific language and/or dialect designated.

/ / /

/ / /

/ / /

**PLEASE TAKE FURTHER NOTICE** that the matters on which this deposition is requested are as follows:

1. Defendant's corporate structure from April 20, 2019 through the present (the "Claim Period").

2. Defendant's management structure during the Claim Period.

3. Any and all timekeeping policies, practices and procedures for non-exempt California employees during the Claim Period.

4. Plaintiff's time entries during the Claim Period.

5. Any and all policies, practices and procedures regarding how work schedules are communicated to Plaintiff.

6. Any and all policies, practices and procedures regarding the editing, modification, or adjustment of Plaintiff's time entries during the Claim Period.

7. Defendant's handbook(s), and any and all revisions thereto, which apply to Plaintiff during the Claim Period.

8. Any and all policies which would apply to Plaintiff during the Claim Period while she rendered services to Defendant, including, but not limited to, (i) tattoos, body piercings, cosmetic body-related alterations.

9. Any and all policies, practices, and procedures that would indicate whether Plaintiff was an independent contractor while working for Defendant during the Claim Period.

10. Any and all policies, practices, and procedures that would indicate whether Plaintiff was an employee while working for Defendant during the Claim Period.

11. Any and all policies, practices and procedures regarding the payment of wages, including overtime and minimum wages, to Plaintiff during the Claim Period.

12. Any and all policies, practices, and procedures discussing whether Plaintiff was allowed to perform work for compensation for other individuals or entities in the adult entertainment industry during the Claim Period.

13. Any and all policies, practices, and procedures discussing whether Plaintiff was free to accept or reject work assignments provided to her by Defendant during the Claim Period

14. Any and all policies, practices, and procedures discussing whether Plaintiff was insulated from loss of profits during the Claim Period.

15. Any and all policies, practices, and procedures discussing the payment of Plaintiff's wages during the Claim Period.

16. Any and all policies, practices, and procedures discussing whether Plaintiff's work relationship with Defendant concluded after Plaintiff finished a job during the Claim Period.

17. Any and all policies, practices, and procedures discussing whether Plaintiff was free to hire employees without Defendant's knowledge or consent to perform work Defendant hired Plaintiff to complete during the Claim Period.

18. Any and all policies, practices, and procedures discussing whether Plaintiff could decide what locations she would work in during the Claim Period.

19. Any and all policies, practices, and procedures discussing whether Plaintiff could choose who to have sex with when performing in shoots for Defendant during the Claim Period.

20. Any and all policies, practices, and procedures discussing Defendant's process for insuring Plaintiff maintained all proper licenses to be considered a business within the adult entertainment industry during the Claim Period.

21. Any and all facts that support Defendant's contract with Plaintiff during the Claim Period.

22. Any and all policies, practices, and procedures regarding Defendant working with Loan Out Companies during the Claim Period.

23. Any and all policies, practices, and procedures regarding whether Plaintiff falls under the business-to-business exception while working with Defendant during the Claim Period.

24. Any and all policies, practices, and procedures relating to Defendant's claim that Plaintiff is covered under the business-to-business exception during the Claim Period.

25. Any and all facts that indicate Plaintiff held herself out to the public as a business who would perform the same type of work she performed for Defendant during the Claim Period.

26. Any and all policies, practices, and procedures relating to Defendant's relationship to Strike 3 Holdings, LLC.

27. Any and all policies, practices, and procedures relating to Defendant's relationship to General Media Systems, LLC.

28. Any and all policies, practices, and procedures relating to Defendant's relationship with Mike Miller.

29. Defendant's policies, practices and procedures regarding payment of bonuses, incentive pay, commissions, and how they were paid by Defendant to Plaintiff during the Claim Period.

30. Defendant's policies, practices and procedures regarding the calculation and payment of wages, including overtime wages, to its Plaintiff during the Claim Period.

31. Defendant's policies, practices and procedures regarding issuing itemized wage statements to Plaintiff during the Claim Period, including the actual itemized wage statements issued to Plaintiff.

32. Any and all job duties of Plaintiff during the Claim Period.

33. Any and all policies, practices and procedures regarding the training of Plaintiff during the Claim Period, including the actual training provided to her.

34. Any and all facts regarding Defendant's contention that Plaintiff was a professional actor during the Claim Period.

35. Performance evaluations by Defendant of Plaintiff during the Claim Period.

36. Any and all policies, practices and procedures regarding meal periods furnished by Defendant to Plaintiff during the Claim Period.

37. Any and all policies, practices and procedures regarding rest periods furnished by Defendant to Plaintiff during the Claim Period.

38. The tracking of meal periods and rest periods taken by Plaintiff during the Claim Period.

39. Any and all policies, practices and procedures regarding the payment of a premium payment for unfurnished, untimely, or interrupted breaks (including meal or rest periods) by Plaintiff during the Claim Period.

40. The payment of a premium payment for unfurnished, untimely, or interrupted breaks (including meal or rest breaks) to Plaintiff during the Claim Period.

41. All job descriptions associated with Plaintiff's employment during the Claim Period.

Dated: July 23, 2024　　　　　　　BIBIYAN LAW GROUP, P.C.


By: */s/ Sarah H. Cohen*
　　DAVID D. BIBIYAN
　　JEFFREY D. KLEIN
　　SARAH H. COHEN
　　RAFAEL YEDOYAN
　　Attorneys for Plaintiff MACKENZIE
　　ANNE THOMA, on behalf of herself and
　　all others similarly situated

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

On July 23, 2024, I caused a true and correct copy of the foregoing document(s) described as **NOTICE OF DEPOSITION OF AGENT(S) OF DEFENDANT VXN GROUP, LLC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** to be served by electronic transmission to the below referenced electronic e-mail address as follows: The above document(s) were served on the interested parties in this action as follows: *BY ELECTRONIC MAIL: I am readily familiar with our office's practice of electronic mail transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.*

Brad S. Kane
Kane Law Firm
bkane@kanelaw.la
Attorneys for Defendant, Vixen Media Group

Christian Waugh
cwaugh@waugh.legal
Attorneys for Defendant, Vixen Media Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 23, 2024 at Los Angeles, California.

                                                */s/ Nadia Rodriguez*
                                                Nadia Rodriguez