UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV-23-04901-WLH (AGRx)                                      Date: August 22, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | CS 08/22/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Sarah Hannah Cohen | Trey David Brown |
|  | Brad S. Kane |

**Proceedings: VIDEO DISCOVERY CONFERENCE**

Case is called. Counsel state their appearances. The court and counsel conferred as stated on the record regarding the two items listed in the Joint Agenda filed on August 21, 2024 (Dkt. No. 99) in light of the District Judge's Order dated May 16, 2024 (Dkt. No. 66), which sets a discovery cut-off date of September 13, 2024 for Phase One discovery.

In the first phase, discovery is limited to "two threshold issues related to Plaintiff's individual claims:

(i)     whether Plaintiff is an independent contractor or employee; and
(ii)    whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12."

(Order, Dkt. No. 66 at 8.)[1]

The first item listed in the Joint Agenda covers Defendant's objections to the 41 topics in Plaintiff's Rule 30(b)(6) subpoena to Defendant VXN Group, LLC ("VXN"). (Dkt. No. 99 at

---

[1] At the discovery conference, Plaintiff's counsel raised the question of whether the scope of discovery set by the District Judge applies to subpoenas served by Defendants upon third parties pursuant to Fed. R. Civ. P. 45. The court declined to address the issue at this discovery conference because the issue was not listed in the joint agenda (which is required under the court's procedures) and the court does not have sufficient information to rule. Plaintiff has not identified a specific dispute about a particular subpoena. The court encourages the parties to confer about the application of the District Judge's Order dated May 16, 2024 to subpoenas served upon third parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                              Date: August 22, 2024

Title   <u>Mackenzie Anne Thoma v. VXN Group, LLC., et. al.</u>

10-13.)  Plaintiff advised that counsel had further conferred about the topics.  Plaintiff agreed to withdraw Topics 14, 16, 23, 26, 27, 29, 31, 39, and 40.  Plaintiff agreed to narrow the time period to November 2020 through September 2022.  The court and counsel conferred regarding the remaining topics, and the court rules as set forth below.

      The second item listed in the Joint Agenda covers a supplemental document production responsive to Defendants' subpoena served upon third party Mr. Ryan.  Counsel for Mr. Ryan stated that she had served a privilege log.  To the extent Defendants seek to compel production of documents listed on the privilege log, Defendants may file a motion to compel.  The court and counsel conferred regarding the adequacy of Mr. Ryan's production of communications with third parties regarding this case.  Without going into detail, Plaintiff works in the adult film industry and alleges that Defendants misclassified her as an independent contractor rather than an employee.  Mr. Murphy is Plaintiff's former talent agent who apparently booked work for Plaintiff.  Mr. Murphy's personal knowledge, therefore, appears to fit squarely into Phase One discovery, and Mr. Murphy has not shown otherwise.  The court has previously addressed the scope of the subpoena to Mr. Murphy in light of the District Judge's May 16, 2024 Order.  Counsel for Mr. Ryan ultimately agreed to review his documents and confirm that his communications or meetings with defense counsel or other third parties about Plaintiff's case have been produced or listed on the privilege log.

      IT IS ORDERED that Defendant VXN Group, LLC shall designate a witness or witnesses pursuant to Fed. R. Civ. P. 30(b)(6) on the following topics:

1. Topics 1-2:  The court narrowed Topics 1-2 to the management involved in the negotiation of Plaintiff's contract(s) and/or Plaintiff's work for Defendants.

2. Topics 3-6:  Based on discussions with counsel, the court clarified that Topics 3-6 cover Defendants' tracking, if any, of Plaintiff's time at work for Defendants (e.g., arrival time, punctuality, departure time, etc.).  To the extent Defendants tracked Plaintiff's time at work, Defendants should be prepared to explain whether such tracking of Plaintiff's time at work occurred pursuant to established procedures or policies, or ad hoc.

3. Topics 7-8:  If it is Defendants' position that the handbook does not apply to Plaintiff, Defendants' witness(es) should so state at the deposition if asked.  Similarly, if it is Defendants' position that Plaintiff's ability to get new tattoos during her work for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                              Date: August 22, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

    Defendants is governed by her contract with Defendants and not the handbook, then Defendants' witness(es) should so state at the deposition if asked.[2]

4. Topics 9-10:  Plaintiff explained that these two topics are directed to Defendants' guidelines, if any, in determining whether Plaintiff would be an independent contractor or employee.  So construed, these topics are not objectionable.

5. Topics 11, 15, and 30:  These three topics are directed to Defendants' payment of compensation to Plaintiff under the contract or otherwise, if applicable.

6. Topics 12, 13, 17, 18, 19, 36, 37, and 38:  Just as with Topics 7-8, if it is Defendant's position that these topics are governed by Plaintiff's contract, then Defendant's designated witness or witnesses should be prepared to so state and explain generally how the contract works in these areas.

7. Topics 20, 21, 22, 24:  The parties agreed upon the redlined versions of these topics.

8. Topic 25:  The court clarified that this topic covers the facts known to Defendant regarding Plaintiff's holding herself out to the public on the subjects specified.

9. Topic 28:  The court narrowed this topic to Mr. Miller's job description and title, and his supervision of Plaintiff's work.

10. Topics 32, 33, 34, 35, and 41:  The court overrules the objections to these topics.  Just as with Topics 7-8, if it is Defendant's position that these topics are governed by Plaintiff's contract, then Defendant's designated witness or witnesses should be prepared to so state and explain generally how the contract works in these areas.

IT IS FURTHER ORDERED that Defendant and Plaintiff shall confer by Tuesday, August 27, 2024, regarding dates for Defendant VXN Group, LLC's Rule 30(b)(6) deposition.

IT IS FURTHER ORDERED that Defendants may file a motion to compel documents listed on the privilege log of Mr. Murphy.

---

[2] It appears to the court that these topics and others described below appear to call for a witness(es) to explain Plaintiff's rights and responsibilities under the contract regarding various subject matters.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                                         Date: August 22, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

IT IS FURTHER ORDERED that Mr. Murphy shall complete his production of documents by August 30, 2024.  If Mr. Murphy does not have any additional documents to produce, then counsel shall so advise defense counsel.


cc: District Judge Wesley L. Hsu

|  | 1:30 |
|---|---|
| **Initials of Preparer** | kl |