UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV-23-04901-WLH (AGRx)                                    Date: August 29, 2024

Title  Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

---

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | CS 08/29/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Sarah Hannah Cohen | Trey David Brown |

**Proceedings: VIDEO DISCOVERY CONFERENCE**

    Case is called.  Counsel state their appearances.  The court and counsel conferred as stated on the record regarding the Joint Agenda filed on August 29, 2024 (Dkt. No. 103) in light of the District Judge's Order dated May 16, 2024 (Dkt. No. 66), which sets a discovery cut-off date of September 13, 2024 for Phase One discovery in this wage-and-hour case.[1]

    Defendant VXN Group, LLC ("VXN") served a subpoena for documents upon Artists Business Management Group, Inc. ("Artists Business"), Plaintiff's former accounting firm. (Dkt. No. 103 at 13-17.)  VXN also served a subpoena for the deposition of Larry Lerner, Plaintiff's former accountant at Artists Business.  (*Id.* at 58-60.)

    Plaintiff seeks a protective order.  The court addresses each subpoena in turn.

### *Subpoena for Documents to Artists Business*

    During the parties' meet-and-confer efforts, defense counsel apparently explained that the subpoena was directed to the factors outlined in Cal. Lab. Code § 2776.  Specifically, Defendant relies upon the factors regarding the level of control Defendants exerted over Plaintiff, whether and to what extent Plaintiff "customarily engaged" in work of the same nature as she provided to Defendants, and whether and to what extent Plaintiff provided similar services to other studios during the contract periods.  Cal. Lab. Code § 2776(a)(1), (6), (7); (Dkt. No. 103 at 3.)  Plaintiff

---

[1] Due to the short time remaining and scheduling difficulties, the court permitted Plaintiff to file a written motion for protective order without first participating in a discovery conference as generally required by this court's procedures.  The parties elected to participate in a discovery conference today.

---

CV-90 (03/15)                                    Civil Minutes – General                                    Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV-23-04901-WLH (AGRx) | Date: August 29, 2024 |
| Title  Mackenzie Anne Thoma v. VXN Group, LLC., et. al. | |

testified at her deposition that Defendants exerted control over her such that her ability to do other work was materially reduced.

At the hearing, Plaintiff argued that information about Plaintiff's income from sources other than Defendants during the contract periods is irrelevant. Given the three factors under § 2776 and Plaintiff's own deposition testimony, Plaintiff's argument is without merit. Plaintiff argued that the subpoena is unduly burdensome and harassing because Defendants could obtain the same information through other means. To the extent Plaintiff points to her own testimony that her work for others was materially reduced during the contract periods, her argument is not well taken. Defendants are not required to accept Plaintiff's testimony as true and may seek discovery in an effort to refute or undermine her testimony. To the extent Plaintiff argues that Defendants served a subpoena upon Mainboard LLC for income information, Defendants respond that Mainboard did not produce responsive documents. Instead, Mainboard claimed that Plaintiff's former talent agency (Motley Models) deleted all files from their account in February 2024 and, pursuant to Mainboard's document retention policy, Mainboard was required to permanently erase Motley Models' data after 30 days. Because Defendants' subpoena was served beyond the 30-day period after Motley Models' deletion, Mainboard no longer has possession, custody or control of information responsive to the subpoena. Therefore, the subpoena to Artists Business is not unreasonably cumulative or duplicative, and the same information is not available from another source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2), (c).

Plaintiff also argued that the Document Request Nos. 4, 5 and 6 seek irrelevant expense information. The court suggested that counsel confer with Artists Business concerning the following two questions:

1. Does Artists Business maintain business expense information segregated by the entity Plaintiff worked for? If the answer is yes, then the parties should discuss the degree of detail needed for purposes of Plaintiff's claim under Cal. Lab. Code § 2802, which requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

2. What business expense categories does Artists Business maintain for Plaintiff and her Loan Out Companies? For example, a business expense category that includes beauty expenses such facials, manicures, etc. may well be relevant to Phase One discovery. On the other hand, it is possible that one or more business expense categories are irrelevant. The court does not currently have sufficient information to make a ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV-23-04901-WLH (AGRx)                                    Date: August 29, 2024

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

*Deposition*

Based on the discussion above, it is evident that Mr. Lerner's deposition may be necessary, at a minimum, to authenticate and/or explain the responsive information. Plaintiff has not shown a basis for a protective order.

*Order*

IT IS ORDERED that Plaintiff's request to designate the documents to be produced in response to the subpoena to Artists Business Management Group, LLC as confidential pursuant to the protective order is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for a protective order against the subpoena for documents served upon Artists Business Management Group, LLC is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as follows:

1. As agreed by the parties, the time frame for Request Nos. 4, 5, 6, 8, 9, and 10 ends after December 31, 2022.

2. In all other respects, Plaintiff's request for protective order is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's request for a protective order against the deposition of Larry Lerner is DENIED.


cc: District Judge Wesley L. Hsu


0:40

**Initials of Preparer**   kl