David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Jeffrey D. Klein (SBN 297296)
jeff@tomorrowlaw.com
Sarah Cohen (SBN 330700)
sarah@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705
Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company and MIKE MILLER, an individual;<br><br>Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx)<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO OVERRULE RYAN MURPHY'S CLAIM OF PRIVILEGE AND COMPEL PRODUCTION OF DOCUMENTS**<br><br>*[Filed concurrently with Declaration of Sarah H. Cohen; Evidentiary Objections]* |

Plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") hereby submits the following opposition to defendants' VXN Group LLC ("VXN") and Mike Miller ("Miller")("Defendants") Motion to overrule Ryan Murphy's ("Murphy") Claim of Privilege and Compel Production of Documents (the "Motion").

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **INTRODUCTION**

Defendants' motion must be denied in its entirety for numerous reasons. First, the Motion is untimely as the Phase One discovery period ended on September 13, 2024.[1] All discovery is now stayed until further order of United States District Judge Hsu. Second, Defendants were not granted leave to file the Motion in relation to compelling purported documents not produced by Murphy. Rather, Defendants were granted leave **only** in relation to lifting the privilege on text messages identified in Murphy's Privilege Log, which is now a moot issue as the text messages were produced on September 24, 2024 pursuant to the Parties' Stipulated Protective Order. Third, Defendants' Motion seeks documents that this Court has not ordered to be produced and/or that have otherwise been produced. Fourth, the Motion is based on the pretext of **false accusations** of Plaintiff's suppression of evidence and undue influence on witnesses, for which there is clearly no basis. These **false accusations** are nothing more but another attempt by Defendants to continue in their fishing expedition for private documents of Murphy that are not responsive to Defendants' document subpoena nor within the scope of Phase One discovery.

Defendants' Motion is untimely, as it is set to be heard on October 15, 2024, which is after the termination date of Phase One discovery (September 13, 2024), as ordered by District Judge Hsu. *See* Judge Hsu's Bifurcation Order, Declaration of Sarah Cohen ["Cohen Decl."], ¶ 7, **Exhibit C.** Defendants could have moved *ex parte*

---

[1] On September 8, 2024, the Parties stipulated to an extension to the Phase One discovery period to September 18, 2024 for the *sole purpose* of completing the depositions of Vixen Group, LLC's person(s) most knowledgeable.

to shorten time for the hearing so that their motion could be heard within the deadline for Phase One discovery, but failed to do so. Because the hearing is after the end of Phase One discovery, it would not be proper to make an Order that supersedes the District Judge Hsu's order that discovery is now stayed until further order of District Judge Hsu.

However, even more importantly, Defendants' Motion seeks to compel the *entirety* of Ryan Murphy's Instagram archive that **the Court specifically refused to order Plaintiff's counsel to produce at the July 19, 2024, informal discovery conference** ("IDC"). *See* Excerpt from transcript of July 19, 2024, IDC, Cohen Decl., ¶ 10, **Exhibit A**. Indeed, Defendants have not put forth any order of the Court demanding Mr. Murphy produce his Instagram archive, because this Court never made any such order. In direct opposition to that assertion, at the July 19, 2024, IDC, the Court instead ordered Plaintiff's counsel to ensure that Mr. Murphy had downloaded his Instagram archive, search it for responsive documents, and notify Defendants as to whether it contain any responsive documents. *See id.* Plaintiff complied with the Court's order as confirmed by Plaintiff on August 22, 2024 in an email to Defendants which was concurrent with producing Murphy's Privilege Log. At the next and final IDC on August 29, 2024, Defendants were not granted leave to file this Motion, nor was Plaintiff ordered to produce Mr. Murphy's entire Instagram archive. *See* Civil Minutes, August 29, 2024, IDC, Cohen Decl., **Exhibit B**.

With regards to text messages identified in Murphy's Privilege Log, Plaintiff produced the text messages between Plaintiff and Ryan Murphy for which Defendants sought to lift any applicable privilege on September 24, 2024, mooting any such argument in this Motion. *See* Service email of text messages, Cohen Decl., ¶ 28, **Exhibit J**. Defendants' claim that documents are being withheld because of "undue influence" from Plaintiff's counsel is preposterous and baseless. Defendants had every opportunity to question Murphy at his deposition as to any influence by Plaintiff's counsel. Defendants are unable to point to any deposition testimony of

Murphy confirming their ridiculous theory because Defendants' allegations are simply untrue and uncorroborated.

Defendants' Motion is yet another example of Defendants' continuous harassment campaign against Plaintiff in an attempt to impede her prosecution of this matter and assert her legal rights under California law. Furthermore, Defendants' Motion is yet another example of Defendants' harassment of third parties. For all these reasons, Defendants' motion must be denied.

## II. PROCEDURAL HISTORY

Plaintiff filed this putative class action against Defendants in California Superior Court on April 20, 2023. This case was removed to federal court on June 21, 2023. On June 29, 2023, Defendants moved to dismiss Plaintiff's original complaint. On July 21, 2023 Plaintiff moved to remand this action back to the Los Angeles Superior Court. On August 30, 2023, this court severed Plaintiff's claim of Unfair Competition and remanded to state court, while keeping the other causes of action in federal court.

The Parties have engaged in significant discovery to prepare for Defendants' anticipated motion for summary judgment, and the Court bifurcated the discovery in this matter on May 16, 2024, setting the deadline for Phase One discovery for September 13, 2024. *See* Judge Hsu's Bifurcation Order, Cohen Decl., ¶ 7, **Exhibit C.** On May 29, 2024, Defendants served Ryan Murphy with a subpoena for personal appearance at deposition and to produce documents at that deposition, including Request No. 8, which requested Mr. Murphy "[p]roduce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER[,]" (*see* Notice of Intent to Serve Deposition, Motion, Exhibit B, at 10), and Request No. 32, which asked for an archive of his Instagram account. *Id.* at 17.

The Parties met and conferred about the deposition and production of documents, eventually attending four initial IDCs on the delivery of documents. At the fourth IDC on July 19, 2024, the Court ordered that Plaintiff's counsel must ensure

that Mr. Murphy had downloaded his Instagram archive, search it for responsive documents, and notify Defendants whether it contain any responsive documents. *See* Excerpt from transcript of July 19, 2024, IDC, Cohen Decl., ¶ 10, **Exhibit A**. In attempting to comply with Defendants' subpoena to Mr. Murphy, on July 20, 2024, Plaintiff's counsel facilitated the transfer of any responsive documents known to Mr. Murphy at the time through Mr. Murphy's second supplemental production of documents. Cohen Decl., ¶ 11. Mr. Murphy's deposition was then held on July 22, 2024. Cohen Decl., ¶ 12. Subsequently, on August 22, 2024, Murphy's Privilege Log was produced along with a confirmation email from Plaintiff's counsel stating that "all non-privileged responsive documents in Ryan Murphy's possession, custody, and control have been produced." See Email from Cohen to Kane and Brown, Cohen Decl., ¶ 15, **Exhibit F**.

      The Parties attended one final IDC in this matter on August 29, 2024, and this Court did not grant leave for Defendants to file a motion to compel documents from Murphy. Nevertheless, Defendants proceeded with the filing of this Motion **without complying with prerequisite meet and confer requirements** pursuant to this Court's Standing Orders or Central District of California Local Rule 37-1. *See* Emails between Sarah Cohen and Brad Kane, Cohen Decl., ¶¶ 26-27, **Exhibit E**.

      Subsequent to the filing of this Motion, on September 17, 2024, Plaintiff's counsel reached out to Defendants in an attempt to meet and confer in good faith regarding the production of the privileged text messages pursuant to the Parties' Stipulated Protective Order. *See* Emails between Cohen and Brad Kane, Cohen Decl., ¶ 26, **Exhibit E**. In response, Defendant still did not attempt any meet and confer efforts regarding the Motion, only requesting Plaintiff to produce the text messages covered by the privilege log. ***Id.***, ¶ 27. No other communications regarding this motion have been exchanged by Defendants. ***Id.***

///

///

## III. ANALYSIS

### A. Defendants' Motion is Untimely, as Phase One Discovery Ended on September 13, 2024 Pursuant to Order of the Court

District Judge Wesley L. Hsu's Bifurcation order of May 16, 2024, states that Phase One discovery—covering (i) whether Plaintiff is an independent contractor or employee and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12—was to be conducted from May 16, 2024, to Sept. 13, 2024. Judge Hsu's Bifurcation Order, Cohen Decl., ¶ 7, **Exhibit C**. As of September 13, 2024, discovery in this matter is stayed until there are further orders of the Judge Hsu.

However, Defendants now attempt to litigate discovery issues well after the September 13, 2024 cutoff. Indeed, Defendants' base their Motion on learning about information at the Deposition of **Plaintiff's disgruntled former accountant** Larry Lerner, which occurred September 10, 2023. Defendants had ample time to bring their Motion and file an *ex parte* application to shorten time to hear the motion within the deadline for Phase One discovery on September 13, 2024. However, Defendants failed to move *ex parte* and thus missed their deadline for this Court to make a discovery order within the Phase One discovery deadline set by Judge Hsu. Therefore, Phase One discovery is now stayed, and this motion is untimely and should be denied.

As an additional procedural deficiency, Defendants never met and conferred with Plaintiff regarding this Motion before filing it, and therefore did not fulfill the procedural prerequisites required under F.Rs.Civ.P. 26-37 and Local Rule 37-1, which states "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," or District Judge Hsu's Standing Order for Newly Assigned Civil Cases, section G(1)(a) at p. 10, which states, "The Court strictly enforces L.R. 7-3, which requires counsel to engage in a prefiling conference 'to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.'" [L.R. 7-3 in turn provides that Local Rule 37-1 controls discovery motions, which requires the same

pre-motion conference.] Plaintiff attempted to meet and confer with Defendant, whose response did not meet and confer in any way. *See* Emails between Cohen and Brad Kane, Cohen Decl., ¶¶ 26-27, **Exhibit E**. Thus, this motion must also be denied for failing to adhere to this Court's rules.

### B. Plaintiff's Counsel Has Already Produced Privileged Text Messages Included in Ryan Murphy's Privilege Log and, therefore, Defendants' Motion is Moot.

In good faith and in the interest of judicial economy, Plaintiff agreed to lift the privilege associated with the text messages between Plaintiff and Murphy. *See* Email between Sarah Cohen to Brad Kane, Cohen Decl., ¶ 26, **Exhibit E**. Plaintiff then agreed to produce the text messages pursuant to the Parties' Stipulated Protective Order. *Id.*, ¶ 27. While Defendants' were receptive to Plaintiff's offer, Defendants kept this Motion on calendar. Plaintiff produced these text messages to Defendants on September 24, 2024. *See* Service email of text messages, Cohen Decl., ¶ 28, **Exhibit J**. Thus, all arguments regarding the text messages demanded by Defendants are moot, and the motion must be resolved as moot for all such purposes.

### C. This Court Did Not Order Plaintiff to Produce Ryan Murphy's Entire Instagram Archive nor Give Leave for this Motion, and All Responsive Documents from Ryan Murphy Have Been Produced.

On July 19, 2024, Plaintiff and Defendants attended an IDC regarding Defendants' assertion that they were entitled to the entirety of Mr. Murphy's Instagram archive. After hearing arguments on the subject, the Court explicitly refused to order the entirety of Mr. Murphy's Instagram archive be produced, instead ordering that Plaintiff's counsel ensure that Mr. Murphy download his Instagram archive, search it for responsive documents, and notify Defendants whether the archive contain any responsive documents. *See* Cohen Decl., ¶ 10, **Exhibit A**. On August 22, 2024, I produced Murphy's Privilege Log along with a confirmation email stating that "all non-privileged responsive documents in Ryan Murphy's possession, custody, and

control have been produced." *See* Email from Cohen to Kane and Brown, **Exhibit F**. <u>The Court never ordered that Mr. Murphy's entire Instagram archive be produced</u>, and this motion therefore seeks to mislead the Court as to its basis, which is improper and indeed *without* basis.

The Court did also not provide leave at the July 19, 2024, IDC nor at the August 29, 2024, IDC. (*See id.*; Cohen Decl., **Exhibit B**.) Therefore, Defendants have improperly moved to overrule Mr. Murphy's claim of privilege on an improper basis and without leave of the Court, and, thus, the Motion should be denied.

### D. <u>Defendants Misrepresent Communication Clearly Documented.</u>

Finally, Defendants falsely claim that Plaintiff's counsel "bullied" a third-party witness, Larry Lerner, into non-compliance. In doing so, Defendants willfully misrepresent the facts. In reality, Mr. Lerner attempted to wield non-compliance as a weapon against Plaintiff in order to extort her to pay him a sum of money. Mr. Lerner is nothing but a **<u>disgruntled former accountant of Plaintiff and the real "bully" here</u>**, as evidenced by his own email to Plaintiff's counsel.

In early-August 2024, Defendants' counsel notified Plaintiff's counsel that Defendants intended to depose Plaintiff's former accountant Larry Lerner of Artist Business Management and issued a deposition subpoena for appearance and records. Cohen Decl., ¶ 13. This deposition notice and subpoena for documents both sought sensitive financial information regarding Plaintiff. *Id.*

In accordance with Plaintiff and Plaintiff's counsel's valid concerns concerning Plaintiff's rights to privacy guaranteed by the California constitution, Plaintiff's counsel began drafting a Motion to Quash Defendant's discovery requests, as Plaintiff's counsel believed the requests violated Ms. Thoma's privacy rights. On August 23, 2024, in accordance with Plaintiff's obligations to Plaintiff and to Mr. Lerner to provide notice of the seriousness of potentially violating Ms. Thoma's privacy, Counsel sent Mr. Lerner and Artist Business Management Group, Inc. ("ABMG") letters. *See* Letters to Mr. Lerner and ABMG, Cohen Decl., ¶ 18, **Exhibit**

**G**. This letter notified the recipient of Plaintiff's counsel's intention to file a Motion to Quash, and **neutrally** explained the legal obligations for custodians of records. *Id.*, ¶ 19. The letter also alerts its recipient to the dispute regarding the subpoena. *Id.* The letter does not threaten Mr. Lerner in any way. *Id.*, ¶ 20. It notifies him of true and correct legal ramifications of violating Ms. Thoma's privacy rights while the documents are in dispute. *Id.*

Prior to Plaintiff's counsel's letter to Mr. Lerner, Plaintiff's counsel had communicated telephonically with Mr. Lerner to merely introduce herself and make Mr. Lerner Aware of privacy concerns of Plaintiff. Cohen Decl., ¶ 16. Rather than have a civilized conversation, Mr. Lerner shouted expletives at Plaintiff's counsel and threatened that unless Plaintiff paid $700 to settle her **alleged** balance, he would disregard any legal obligations and release all documents in his possession concerning Plaintiff. *Id.* In the conversation, <u>Mr. Lerner made it clear that his compliance with the court's orders were fully dependent on whether Plaintiff paid him this amount of money.</u> These are not the actions of someone who genuinely feels "bullied"; rather, these are the actions of someone disgruntled and money hungry.

On August 23, 2024, **Mr. Lerner wrote** in response to Plaintiff's counsel's letter, **"<u>If your client wishes my assistance she will need to clear up her balance with our firm.</u>"** Email from Larry Lerner to Sarah Cohen, Cohen Decl, ¶ 21, **Exhibit H** (emphasis added). This statement clearly reflects Mr. Lerner's intent to extort Plaintiff by abusing the legal process to obtain money from Plaintiff. Mr. Lerner admitted to only agreeing to cooperate with legal obligations associated with Plaintiff's motion to quash if he were paid to do so. Mr. Lerner confirmed during his deposition that he stated that plaintiff must pay him the money he owes if "she wishes [his] assistance," and clarifying the meaning of that statement to be, **"If she wishes for me to really help her in some way, clear up your balance. Until then, I'm not going to--I'm not going to go out of my way. I'm not going to defy a court order to Mr. Brown for -- for her."** (Deposition of Larry Lerner, Cohen Decl., ¶ 23,

**Exhibit I**, p. 64, lns. 14-18.) Mr. Lerner also stated, "Now, if I was going to go against Trey and take that gamble, I would do it for a client that I have absolute loyalty to, and I would call up my lawyer and say, "Hey, am I allowed to do this, or am I not allowed to do this?" (*Id.*, p. 65, lns. 19-23.) The fact that Mr. Lerner did not even seek legal advice before handing over sensitive financial records of Plaintiff severely cuts against Defendants' claim that Larry Lerner is "sophisticated".

These statements make it clear that Mr. Lerner did not feel "bullied". Indeed, Mr. Lerner stated directly did not even care to understand what his legal obligations were because he did not feel loyalty to Ms. Thoma. Mr. Lerner intended to use the current litigation to extort money from Plaintiff because they did not have a good business relationship. This behavior by Mr. Lerner amounts to extortion and intimidation, undermining the integrity of the legal process and eliminating any basis for Defendants' Motion. His statements are not those of someone who felt "bullied", as Defendants claim. Instead, it is a statement of someone who intended to use the legal process to himself bully and extort.

Due to Defendants' use of these communications and Larry Lerner's false testimony regarding his communications with Plaintiff and Plaintiff's counsel as its pretextual basis to file this Motion, the Motion must also be denied. Defendants have no Court order permitting this Motion, and Defendants cannot base the filing of this discovery motion on the pretextual assertions of Larry Lerner.

///
///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court denies Defendants' Motion in its entirety.

Dated: September 24, 2024        BIBIYAN LAW GROUP, P.C.

/s/ Sarah Cohen
DAVID D. BIBIYAN
JEFFREY D. KLEIN
SARAH H. COHEN
Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated