1  David D. Bibiyan (SBN 287811)
   *david@tomorrowlaw.com*
2  Jeffrey D. Klein (SBN 297296)
   *jeff@tomorrowlaw.com*
3  Sarah Cohen (SBN 330700)
   *sarah@tomorrowlaw.com*
4  **BIBIYAN LAW GROUP, P.C.**
5  1460 Westwood Boulevard
   Los Angeles, California 90024
6  Tel: (310) 438-5555; Fax: (310) 300-1705
   Attorneys for Plaintiff, MACKENZIE ANNE
7  THOMA, and on behalf of herself and all others
   similarly situated
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>VXN GROUP LLC, a Delaware limited liability company and MIKE MILLER, an individual;<br><br>        Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx)<br><br>[Assigned for all purposes to the Hon. Wesley L. Hsu]<br><br>**DECLARATION OF SARAH H. COHEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO OVERRULE RYAN MURPHY'S CLAIM OF PRIVILEGE, COMPEL PRODUCTION OF DOCUMENTS [DISCOVERY MATTER]** |

# DECLARATION OF SARAH H. COHEN

I, Sarah H. Cohen, declare and state:

1.    I am an attorney at law, duly licensed to practice before all the Courts of the State of California and I am an attorney with Bibiyan Law Group, P.C, counsel of record for plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") and all others similarly situated and aggrieved. As such, I am familiar with the file in this matter and if called as a witness I could and would competently testify to the following facts of my own personal knowledge.

2.    Plaintiff filed this putative class action against Defendants in California Superior Court on April 20, 2023.

3.    This case was removed to federal court on June 21, 2023.

4.    On June 29, 2023, Defendants moved to dismiss Plaintiff's original complaint. On July 21, 2023, Plaintiff moved to remand this action back to the Los Angeles Superior Court.

5.    On August 30, 2023, this court severed Plaintiff's claim of Unfair Competition and remanded to state court, while keeping the other causes of action in federal court.

6.    Plaintiff and Defendant have engaged in significant discovery to prepare for Defendant's anticipated motion for summary judgment.

7.    The Court bifurcated the discovery in this matter on May 16, 2024, setting the deadline for Phase One discovery on September 13, 2024. *See* Judge Hsu's Bifurcation Order, **Exhibit C.**

8.    On May 29, 2024, Defendants served Ryan Murphy with a subpoena for personal appearance at deposition and to produce documents at that deposition, including Request No. 8, which requested Mr. Murphy "[p]roduce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER[,]" (*see* Notice of Intent to Serve Deposition, Motion, Exhibit B, at 10), and Request No. 32, which asked for an archive of his Instagram account. *Id.* at 17.

9.     The Parties met and conferred about the deposition and production of documents, eventually attending four IDCs on the delivery of documents, one of which was on July 19, 2024.

10.    At the July 19, 2024, IDC Defendants asserted that they were entitled to the entirety of Mr. Murphy's Instagram archive. After hearing arguments on the subject, the Court explicitly refused to order the entirety of Mr. Murphy's Instagram archive be produced, instead ordering that I ensure that Mr. Murphy download his Instagram archive, search it for responsive documents, and notify Defendants whether the archive contain any responsive documents. *See* Excerpt from transcript of July 19, 2024, IDC, **Exhibit A**.

11.    In attempting to comply with Defendants' subpoena to Mr. Murphy, I facilitated the transfer of any responsive documents known to Mr. Murphy at the time through Mr. Murphy's second supplemental production of documents on July 20, 2024.

12.    Mr. Murphy's deposition was held on July 22, 2024.

13.    In early-August 2024, Defendant's counsel notified me that Defendants planned to depose Plaintiff's former accountant Larry Lerner of Artist Business Management. Defendant thereafter issued a deposition subpoena for appearance and records thereafter. It was my opinion that this deposition and subpoena both sought sensitive financial information regarding Plaintiff. As has been repeatedly asserted in Plaintiff's briefs and at numerous IDCs, it is and was my understanding that Plaintiff is especially vulnerable to privacy violations as a high-profile individual.

14.    In accordance with Plaintiff's valid concerns regarding her rights to privacy guaranteed by the California constitution, I began drafting a Motion to Quash Defendant's discovery requests, as I believed those requests violated Ms. Thoma's privacy rights.

15.    On August 22, 2024, after Mr. Murphy had been able to fully review his Instagram archive, I complied with the Court's July 19, 2024, order regarding Mr.

Murphy's Instagram archive by notifying Defendant that no responsive documents existed in the Instagram archive and all responsive documents had been produced. *See* Email from Cohen to Kane and Brown, **Exhibit F**.

16.     On August 23, 2024, I contacted Plaintiff's Mr. Lerner with a friendly phone conversation to explain the legal obligations regarding Ms. Thoma's privacy rights. On that call, Mr. Lerner used profanity and threatened that unless Plaintiff paid $700 to settle her alleged balance, he would disregard any court obligations and release all his documents, which made me believe he was quite angry.

17.     In the conversation, Mr. Lerner made it clear to me that his compliance with the court's orders were fully dependent on whether or not Plaintiff paid him this amount of money.

18.     In addition to that phon call, in accordance with my obligations to Plaintiff and to Mr. Lerner to provide notice of the seriousness of potentially violating Ms. Thoma's privacy rights, I sent Mr. Lerner and Artist Business Management Group, Inc. ("ABMG") letters on August 23, 2024, notifying them of Ms. Thoma's privacy rights and the potential ramifications of violating her privacy rights. (*See* Letters to Mr. Lerner and ABMG, Cohen Decl., **Exhibit G**.)

19.     These letters notified the recipient of my intention to file a Motion to Quash, and neutrally explained the legal obligations for custodians of records. The letter also alerted its recipient to the dispute regarding the subpoena.

20.     The letter does not threaten Mr. Lerner in any way. It notifies him of true and correct legal ramifications of violating Ms. Thoma's privacy rights while the documents are in dispute.

21.     On August 23, 2024, Mr. Lerner wrote in response to my letter, "If your client wishes my assistance she will need to clear up her balance with our firm." Email from Larry Lerner to Sarah Cohen, attached to Cohen Decl as **Exhibit H**.

22.     I understood and understand that statement to be Mr. Lerner's intent to blackmail or extort Plaintiff by abusing the legal process to obtain money from

1  Plaintiff.

2      23.    Mr. Lerner then admitted during his deposition to only agreeing to
3  cooperate with legal obligations associated with Plaintiff's motion to quash if he were
4  paid to do so. Mr. Lerner confirmed during his deposition that he stated that plaintiff
5  must pay him the money he owes if "she wishes [his] assistance," and clarifying the
6  meaning of that statement to be, "If she wishes for me to really help her in some way,
7  clear up your balance. Until then, I'm not going to--I'm not going to go out of my way.
8  I'm not going to defy a court order to Mr. Brown for -- for her." Deposition of Larry
9  Lerner, Cohen Decl., **Exhibit I**, p. 64, lns. 14-18. In his deposition, Mr. Lerner also
10  stated, "Now, if I was going to go against Trey and take that gamble, I would do it for
11  a client that I have absolute loyalty to, and I would call up my lawyer and say, "Hey,
12  am I allowed to do this, or am I not allowed to do this?" *Id.*, p. 65, lns. 19-23.

13      24.    Subsequently, on August 21, 2024, Plaintiff produced a privilege log at
14  Defendant's counsel's request.

15      25.    While the Court ordered that Defendant's may file a motion to compel
16  regarding documents listed on the privilege log, **Plaintiff has produced all of the**
17  **text messages listed on the privilege log to Defendants**, mooting any arguments
18  regarding such text messages and the privilege log itself.

19      26.    The Parties attended one final IDC in this matter on August 29, 2024,
20  and the Court did not provide leave to Defendants to file this Motion, nor did
21  Defendants seek leave to file this Motion.

22      27.    On September 8, 2024, Defendants counsel Trey Brown emailed me in
23  response to Ms. Cohen's acknowledgement that the large production of documents
24  for the depositions of Defendants' persons most knowledgeable (PMKs) may require
25  more time to review. In that email. Trey Brown stated, "Defendants are willing to
26  stipulate to extend Phase 1 discovery until September 18, 2024 for the sole purpose
27  of rescheduling the PMKs for next Monday, September 16th, and Wednesday,
28  September 18th." Emails between Brown to Cohen, **Exhibit D**.

1    28.    Plaintiff agreed to the stipulation with Defendant.

2    29.    After the Motion was filed by Defendants, I contacted Defense counsel

3    on September 17, 2024, regarding Defendants' failure to meet and confer and notified

4    Defendants that Plaintiff planned to deliver all text messages contained in the

5    privilege log at issue here. *See* Emails between Cohen and Brad Kane, Cohen Decl.,

6    **Exhibit E**.

7    30.    In response to my message, Defendants' counsel still did not attempt any

8    meet and confer efforts regarding the Motion, only requesting Plaintiff to produce the

9    text messages covered by the privilege log. ***Id.*** No other communications regarding

10    this motion have been exchanged by Defendants.

11    31.    On September 24, 2024, I had all such text messages delivered to

12    Defendant's counsel.

13

14    Executed on this 24th of September 2024, at Los Angeles, California.

15

16    */s/ Sarah H. Cohen*

17    Sarah H. Cohen

18

19

20

21

22

23

24

25

26

27

28

DECL. OF SARAH COHEN IN SUPPORT OF PTF'S OPP. TO MOT. TO OVERRULE MR. MURPHY'S CLAIM OF PRIVILEGE & COMPEL PROD. OF DOCS.

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)


MACKENZIE ANNE THOMA,          ) CASE NO: 2:23-cv-04901-WLH-AGRx
                               )
              Plaintiff,       )            CIVIL
                               )
     vs.                       )      Los Angeles, California
                               )
VXN GROUP, LLC, ET AL,         )      Friday, July 19, 2024
                               )
              Defendants.      )      (9:32 a.m. to 9:52 a.m.)


VIDEO DISCOVERY CONFERENCE

BEFORE THE HONORABLE ALICIA G. ROSENBERG,
UNITED STATES MAGISTRATE JUDGE


**APPEARANCES**:              SEE PAGE 2


Court Reporter:        Recorded; CourtSmart


Courtroom Deputy:      K. Lozada


Transcribed by:        Exceptional Reporting Services, Inc.
                       P.O. Box 8365
                       Corpus Christi, TX 78468
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES</u>:


For Plaintiff:                    SARAH H. COHEN, ESQ.
                                  Bibiyan Law Group
                                  1460 Westwood Boulevard
                                  Los Angeles, CA 90024
                                  310-438-5555


For Defendants:                   TREY D. BROWN, ESQ.
                                  11337 Ventura Boulevard
                                  Studio City, CA 91604
                                  432-296-9120

                                  BRAD S. KANE, ESQ.
                                  1154 S. Crescent Heights Boulevard
                                  Los Angeles, CA 90035
                                  323-697-9840

15

1      **(Voices overlap)**

2            **MS. COHEN:**  -- (inaudible).

3            **THE COURT:**  I want to separate.  Stay with me here.

4            **MS. COHEN:**  Sorry, sorry.

5            **THE COURT:**  I want to separate two ideas.  One is

6    whether he has searched the information available through this

7    download for responsive documents.  The second issue is whether

8    he produces the whole download.  Those are two different

9    things.

10           **MS. COHEN:**  Right.  Right.

11           **THE COURT:**  So I want to make sure that he has at

12   least done step one which is to search the -- whatever this

13   download is.  If it's the same as the archive, let me know.

14   But has this download been searched for responsive documents to

15   the subpoena?

16           **MS. COHEN:**  I cannot answer that with certainty but I

17   will get on the phone with my client, have him do it because I

18   know it takes a few days to come through.  So in terms of that

19   aspect of it, that's fine.  But my main argument why -- why 32

20   is still objection-only is because it's not narrowed at all.

21   At all.  It is everything.

22           **THE COURT:**  Right.

23           **MS. COHEN:**  Everything.

24           **THE COURT:**  Yeah.  I mean I agree with that.

25      **(Voices overlap)**

1           **MS. COHEN:**  Even if he (inaudible) --

2           **THE COURT:**  It literally asks for everything.

3           **MS. COHEN:**  Yeah.

4           **THE COURT:**  So maybe, Mr. Kane, you can explain what

5    it is you're looking for in 32.

6           **MR. KANE:**  Well, Your Honor, that's kind of the

7    catchall here and there's lots of things they say they don't

8    have and --

9           **MS. COHEN:**  Fishing expedition.

10          **(Voices overlap)**

11          **MR. KANE:**  -- I know for a fact -- which I'm happy to

12   send to the Court -- that there is at least one more document

13   that would have been turned up if they had downloaded, as they

14   were supposed to, 32 and looked through it.

15          **THE COURT:**  Okay.  So that --

16          **MR. KANE:**  That is core to it.

17          **THE COURT:**  -- I think is the issue for today.  If

18   it's possible to do between now and Monday, I don't know, but I

19   think that's what we need to get to.  Was this download

20   accomplished so that it could be searched for responsive

21   documents to the subpoena?  Or is this a duplicate of the

22   Instagram archive?  I'm not clear about this.

23          **MS. COHEN:**  I will ask my client.

24          **THE COURT:**  So I can't say one way or another but I

25   think you need to at least make sure that the download was

17

1    searched for responsive documents.  That --

2          **MS. COHEN:**  Yes, Your Honor, I will.

3          **THE COURT:**  -- that's the predicate step.

4          **MS. COHEN:**  I will confirm with Defendants by end of

5    day today.  I'll get on the phone with my client immediately.

6    I have a hearing starting at 10:30 but I'll try to call my

7    client in between and confirm whether he went through this

8    particular process and this is still what we have.  And I'll

9    send Defense an email.

10          **MR. KANE:**  It's highly doubtful since you told us

11   that you did it.  You didn't instruct him to do it, did you?

12          **MS. COHEN:**  I did instruct my client to do it --

13          **MR. KANE:**  Is to do download and request it --

14       **(Voices overlap)**

15          **MS. COHEN:**  -- (inaudible) everything (inaudible).

16          **MR. KANE:**  No.

17          **MS. COHEN:**  (Inaudible).

18          **MR. KANE:**  Download it from Instagram and get it

19   (inaudible).

20          **MS. COHEN:**  I told him to follow the steps.  It's

21   improper, Your Honor, to communicate with --

22          **THE COURT:**  I was just going to say I don't think

23   this is --

24          **MR. KANE:**  I apologize.

25          **THE COURT:**  (inaudible) for the Court to get into so

18

1   but I think you at least know what my concern was, whether the

2   material was searched for responsive documents.  And you need

3   to get -- you will get back to the defense counsel by the end

4   of today to advise whether that has been done.  And if the

5   answer is no, what you propose to do to get that done.

6           **MS. COHEN:**  Even better, Your Honor.  I'll do it in

7   an email.  And if it was done and there was -- and all the

8   responsive documents have been produced, I will supplement 32,

9   along with the other probably 10 or 15 requests that I agreed

10  to supplement yesterday by the weekend on a Saturday.

11          **THE COURT:**  So you said by Saturday.  Okay --

12      **(Voices overlap)**

13          **MS. COHEN:**  By Saturday.  Yes.

14          **THE COURT:**  -- will supplement --

15          **MS. COHEN:**  I'm trying to do -- trying to do it today

16  so I can spend some time with my child who has had a stomach

17  bug since 5:00 o'clock this morning so I'd like to get back --

18          **THE COURT:**  (inaudible) right.  So you're

19  supplementing by Saturday.  And you already agreed with

20  Counsel.

21          **MS. COHEN:**  Yes.

22          **THE COURT:**  And so all of this should be taken care

23  of.  All right.  That concludes today.

24          And I think you're all set for the deposition on

25  Monday.  Did you get the instructions --

19

1              **MS. COHEN:**  Thank you, Your Honor, yes, we did.

2              **THE COURT:**  -- about what to do at the courthouse?

3    Okay.

4              **MS. COHEN:**  Yes.  Thank you.

5              **THE COURT:**  All right.  Thank you very much.

6              **MR. BROWN:**  Thank you, Your Honor.

7              **THE COURT:**  Good bye everyone.

8              **MS. COHEN:**  Thank you, Your Honor.  Have a nice

9    weekend.

10             **THE COURT:**  You too.

11             **MR. KANE:**  Thank you.

12         **(Proceeding adjourned at 9:52 a.m.)**

13

14

15

16

17

18

19

20

21

22

23

24

25

20

## <u>CERTIFICATION</u>

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>July 27, 2024</u>

                Signed                                      Dated


                        *TONI HUDSON, TRANSCRIBER*

Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                    Date: August 29, 2024

Title       Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

---

Present:  The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|                K. Lozada                |              CS 08/29/2024              |
|-----------------------------------------|-----------------------------------------|
|               Deputy Clerk              |         Court Reporter / Recorder       |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:
Sarah Hannah Cohen                         Trey David Brown

**Proceedings: VIDEO DISCOVERY CONFERENCE**

Case is called.  Counsel state their appearances.  The court and counsel conferred as stated on the record regarding the Joint Agenda filed on August 29, 2024 (Dkt. No. 103) in light of the District Judge's Order dated May 16, 2024 (Dkt. No. 66), which sets a discovery cut-off date of September 13, 2024 for Phase One discovery in this wage-and-hour case.[1]

Defendant VXN Group, LLC ("VXN") served a subpoena for documents upon Artists Business Management Group, Inc. ("Artists Business"), Plaintiff's former accounting firm. (Dkt. No. 103 at 13-17.)  VXN also served a subpoena for the deposition of Larry Lerner, Plaintiff's former accountant at Artists Business.  (*Id.* at 58-60.)

Plaintiff seeks a protective order.  The court addresses each subpoena in turn.

*Subpoena for Documents to Artists Business*

During the parties' meet-and-confer efforts, defense counsel apparently explained that the subpoena was directed to the factors outlined in Cal. Lab. Code § 2776.  Specifically, Defendant relies upon the factors regarding the level of control Defendants exerted over Plaintiff, whether and to what extent Plaintiff "customarily engaged" in work of the same nature as she provided to Defendants, and whether and to what extent Plaintiff provided similar services to other studios during the contract periods.  Cal. Lab. Code § 2776(a)(1), (6), (7); (Dkt. No. 103 at 3.)  Plaintiff

---

[1] Due to the short time remaining and scheduling difficulties, the court permitted Plaintiff to file a written motion for protective order without first participating in a discovery conference as generally required by this court's procedures.  The parties elected to participate in a discovery conference today.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)                          Date: August 29, 2024

Title      Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

testified at her deposition that Defendants exerted control over her such that her ability to do
other work was materially reduced.

     At the hearing, Plaintiff argued that information about Plaintiff's income from sources
other than Defendants during the contract periods is irrelevant.  Given the three factors under §
2776 and Plaintiff's own deposition testimony, Plaintiff's argument is without merit.  Plaintiff
argued that the subpoena is unduly burdensome and harassing because Defendants could obtain
the same information through other means.  To the extent Plaintiff points to her own testimony
that her work for others was materially reduced during the contract periods, her argument is not
well taken.  Defendants are not required to accept Plaintiff's testimony as true and may seek
discovery in an effort to refute or undermine her testimony.  To the extent Plaintiff argues that
Defendants served a subpoena upon Mainboard LLC for income information, Defendants
respond that Mainboard did not produce responsive documents.  Instead, Mainboard claimed that
Plaintiff's former talent agency (Motley Models) deleted all files from their account in February
2024 and, pursuant to Mainboard's document retention policy, Mainboard was required to
permanently erase Motley Models' data after 30 days.  Because Defendants' subpoena was
served beyond the 30-day period after Motley Models' deletion, Mainboard no longer has
possession, custody or control of information responsive to the subpoena.  Therefore, the
subpoena to Artists Business is not unreasonably cumulative or duplicative, and the same
information is not available from another source that is more convenient, less burdensome, or
less expensive.  Fed. R. Civ. P. 26(b)(2), (c).

     Plaintiff also argued that the Document Request Nos. 4, 5 and 6 seek irrelevant expense
information.  The court suggested that counsel confer with Artists Business concerning the
following two questions:

1.   Does Artists Business maintain business expense information segregated by the entity
     Plaintiff worked for?  If the answer is yes, then the parties should discuss the degree
     of detail needed for purposes of Plaintiff's claim under Cal. Lab. Code § 2802, which
     requires an employer to "indemnify his or her employee for all necessary
     expenditures or losses incurred by the employee in direct consequence of the
     discharge of his or her duties."

2.   What business expense categories does Artists Business maintain for Plaintiff and her
     Loan Out Companies?  For example, a business expense category that includes
     beauty expenses such facials, manicures, etc. may well be relevant to Phase One
     discovery.  On the other hand, it is possible that one or more business expense
     categories are irrelevant.  The court does not currently have sufficient information to
     make a ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-23-04901-WLH (AGRx)                    Date: August 29, 2024

Title      Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

### *Deposition*

Based on the discussion above, it is evident that Mr. Lerner's deposition may be necessary, at a minimum, to authenticate and/or explain the responsive information.  Plaintiff has not shown a basis for a protective order.

### *Order*

IT IS ORDERED that Plaintiff's request to designate the documents to be produced in response to the subpoena to Artists Business Management Group, LLC as confidential pursuant to the protective order is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for a protective order against the subpoena for documents served upon Artists Business Management Group, LLC is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as follows:

1. As agreed by the parties, the time frame for Request Nos. 4, 5, 6, 8, 9, and 10 ends after December 31, 2022.

2. In all other respects, Plaintiff's request for protective order is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's request for a protective order against the deposition of Larry Lerner is DENIED.

cc: District Judge Wesley L. Hsu

|  | 0:40 |
|---|---|
| **Initials of Preparer** | kl |

Exhibit C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MACKENZIE ANNE THOMA, a.k.a.
KENZIE ANNE, an individual and on
behalf of all others similarly situated,

             Plaintiff,

v.

VXN GROUP LLC, a Delaware
limited liability company; STRIKE 3
HOLDINGS, LLC, a Delaware limited
liability company; GENERAL MEDIA
SYSTEMS, LLC, a Delaware limited
liability company; MIKE MILLER, an
individual; and DOES 1 through 100,
inclusive,

             Defendants.

Case No.  2:23-cv-04901-WLH-AGR

**ORDER RE MOTION TO
BIFURCATE DISCOVERY [58]**

Defendants VXN Group LLC, Strike 3 Holdings, LLC, General Media
Systems, LLC, and Mike Miller (collectively, "Defendants") filed a motion to
bifurcate discovery and summary judgment into two phases.  ("Bifurcation Motion,"
Docket No. 58).  The Court found the Bifurcation Motion suitable for decision

without oral argument and vacated the May 17, 2024, hearing.  (Order, Docket No. 65).  For the following reasons, the Bifurcation Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Mackenzie Anne Thoma ("Plaintiff") works in the adult film industry. (Notice of Removal, Docket No. 1).  She filed this action in state court in April 2023. (*Id.*).  She alleged—on behalf of herself and others similarly situated—that Defendants violated various provisions of California's Labor Code and California's Unfair Competition Law.  (*Id.* at Exh. A (Complaint)).  In short, Plaintiff argues that Defendants—entities and individuals in the adult film business—denied Plaintiff (and others like her) overtime wages, minimum wages, premium wages, and vacation pay, among other things, by misclassifying Plaintiff and her counterparts as independent contractors.  (*Id.* ¶¶ 5−6).

Defendants removed the case to this Court pursuant to the Class Action Fairness Act, (codified in part at 28 U.S.C. §§ 1332(d), 1453).  Defendants then moved, for the first time, to dismiss the case.  ("First Mot. to Dismiss," Docket No. 9). Plaintiff filed a motion to remand while Defendants' First Motion to Dismiss was still pending.  (Mot. to Remand, Docket No. 13).  The Court severed the Unfair Competition Law claim and remanded it to state court, but otherwise denied the remand motion.  (Order, Docket No. 23 at 9−10).  The Court granted the First Motion to Dismiss with leave to amend.  (*Id.* at 14).

Plaintiff filed a First Amended Complaint.  ("FAC," Docket No. 26). Defendants again moved to dismiss.  ("Second Mot. to Dismiss," Docket No. 33). Also, three of the Defendants—Strike 3 Holdings, LLC, Mike Miller, and General Media Systems, LLC—moved to strike the allegations pursuant to California's anti-SLAPP law.  (Cal. Code Civ. Proc. § 425.16).  The Court granted in part and denied in

1  part the Second Motion to Dismiss with leave to amend.  (Order, Docket No. 49 at

2  14).  The Court denied the anti-SLAPP motion.  (*Id.*).

3       Plaintiff filed her Second Amended Complaint, ("SAC," Docket No. 53), which

4  is currently the operative complaint.[1]  The parties also jointly filed their Rule 26(f)

5  Report, (Docket No. 47), where Defendants evinced their desire to bifurcate discovery

6  and motion practice to first address the issues of Plaintiff's individual claims before

7  proceeding to class discovery.  (*Id.* at 4 ("Defendants request this Court limit phase 1

8  discovery and motion practice to the issues of (i) whether Plaintiff is properly

9  classified as an employee or independent contractor; and (ii) whether application of

10  Wage Order 12 bars Plaintiff's remaining claims.")).  Plaintiff, on the other hand,

11  indicated that she did "not believe that discovery needs to be conducted in phases…"

12  (*Id.* at 12).  The Court ordered Defendants to file a motion to bifurcate discovery

13  should they continued to seek a phased approach.  (Order, Docket No. 51 (noting that

14  the Court would set the case management schedule following resolution of any

15  bifurcation motion)).  The Bifurcation Motion followed.  (Docket No. 58).

16       Turning back briefly to the severed Unfair Competition Law ("UCL") claim, as

17  relevant here, the state court consolidated Plaintiff's UCL claim with a related Private

18  Attorney General Act ("PAGA") claim that she had brought.  (Bifurcation Mot.,

19  Docket No. 58 at 3).  The UCL and PAGA claims are now stayed, (*id.* at 3−4), but

20  before they were, Plaintiff served "159 Special Interrogatories, 110 Requests for

---

[1] A motion to dismiss the Second Amended Complaint is set for hearing on June 21, 2024, at 1:30 p.m.  (Pending Mot. to Dismiss, Docket No. 64).  Defendants' first attempt to dismiss the Second Amended Complaint, (Mot. to Dismiss, Docket No. 56), failed because Defendants did not comply with Local Rule 7−3's meet and confer requirement.  (Order, Docket No. 60).  Defendants' renewed attempt at dismissing the Second Amended Complaint, (Pending Mot. to Dismiss, Docket No. 64), is the one set for hearing on June 21.

1    Production, 86 Requests for Admission, and Form Interrogatories in the state court

2    PAGA action." (Kane Decl., Docket No. 58−1 ¶ 4).

3    **II.    DISCUSSION**

4           As set forth below, the Bifurcation Motion is **GRANTED**.

5           **A.    Legal Standard**

6           Under Federal Rule of Civil Procedure 42, the court "may order a separate trial

7    of one or more separate issues…" Fed. R. Civ. P. 42(b). "It is implicit" in Rule 42

8    "that the court also ha[s] power to limit discovery to the segregated issues." *Ellingson*

9    *Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (citing

10   *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 544 (9th Cir. 1960)). "One of the

11   purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary

12   discovery proceedings pending resolution of potentially dispositive preliminary

13   issues." *Id.*

14          The decision to bifurcate an action is committed to the trial court's discretion.

15   *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). In the class action context, the

16   factors the court may consider in deciding whether to bifurcate are:

17                  '(1) the overlap between individual and class discovery,
                    (2) whether bifurcation will promote Federal Rule of Civil
18                  Procedure 23's requirement that certification be decided at
                    an early practicable time, (3) judicial economy, and
19                  (4) any prejudice reasonably likely to flow from the grant
20                  or denial of a stay of class discovery.'

21   *Young v. Mophie, Inc.*, No. SACV 19-827-JVS-DFMx, 2020 WL 1000578, at *3

22   (C.D. Cal. Jan. 7, 2020) (quoting *True Health Chiropractic Inc. v. McKesson Corp.*,

23   No. 13-cv-02219, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (cleaned up)); *see*

24   *also Wixen Music Publ'g, Inc. v. Thriller, Inc.*, No. 2:20-cv-105150JVS-AFMx, 2021

25   WL 4816627, at *2 (C.D. Cal. Aug. 11, 2011) (quoting *McDermott v. Potter*, No.

26   C07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010)) ("'Courts consider

27   several factors in determining whether bifurcation is appropriate, including

28

1    separability of the issues, simplification of discovery and conservation of resources,

2    and prejudice to the parties.'").

3        The moving party bears the burden of establishing that "'bifurcation will

4    promote judicial economy or avoid inconvenience or prejudice to the parties.'"

5    *Wixen*, 2021 WL 4816627, at *1 (quoting *Karpenski v. Am. Gen. Life Cos.*, 916 F.

6    Supp. 2d 1188, 1190 (W.D. Wash. 2012)).  Courts in this district have bifurcated

7    discovery where resolution of a preliminary issue will narrow or clarify the issues in a

8    case.  *See, e.g.*, *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx),

9    2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009)[2] (finding that bifurcation was

10   appropriate in a class action where a preliminary summary judgment motion could

11   cause "Plaintiff's individual claims" to "fail completely, fail in part, or survive

12   completely…[but cause the] legal issues surrounding Plaintiff's theories…[to be]

13   clarified").

14       **B.    Analysis**

15       Here, the relevant factors weigh in favor of bifurcating discovery and summary

16   judgment because "[p]hased discovery may prevent the parties from engaging in

17   broad and possibly wasteful efforts."  *Young*, 2020 WL 1000578, at *3 ("Proceeding

18   immediately on all classwide issues would subject the parties to highly extensive

19   discovery that may ultimately be unnecessary if [Defendant] prevails on dispositive

20

21

22

23

---

24   [2] Plaintiff's attempt to distinguish this case by arguing that it is "not a final order," but
     rather a "tentative ruling" is misleading.  (*See* Opp'n, Docket No. 62 at 8–9 ("*Deleon*
25   should not be considered because the document cited by Defendants is not a final
     order, it is simply a tentative ruling. Therefore, we cannot definitively determine if the
26   court adopted this ruling.")).  A mere glance at the *Deleon v. Time Warner Cable*
     docket reveals that the court adopted its tentative opinion as a final order and
27   bifurcated discovery.  *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG
     (RNBx) (C.D. Cal.) (Nov. 2, 2009, Minute Order, Docket No. 53).
28

1    motions regarding [Plaintiff's] individual claims.") (citing *Deleon v. Time Warner*

2    *Cable LLC*, 2019 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009)).

3         As to the first factor, there is some "overlap between individual and class

4    discovery." *Id.* For instance, discovery into Plaintiff's employment status will likely

5    involve the same or similar employment documentation as will later be relevant to

6    class allegations. While this overlap counsels slightly against bifurcation, *see*

7    *Johansen v. Loandepot.com LLC*, No. SA CV 20-00919-DOC-JDE, 2020 WL

8    7230976, at *1 (C.D. Cal. Nov. 10, 2020) (citing *Gusman v. Comcast Corp.*, 298

9    F.R.D. 592, 595 (S.D. Cal. 2014)), the Court also finds that many of the individual

10   questions will not cause overlapping discovery claims as they will concern Plaintiff

11   herself, her communications, and her direction of payment to affiliated entities, among

12   other things. (*See* 26(f) Rep., Docket No. 47 at 9 (Defendants describing the evidence

13   that will bear on the threshold individual claims issues)). This factor is accordingly

14   neutral.

15        Regarding the second factor—whether bifurcation promotes certification at an

16   early practicable time, *Young*, 2020 WL 1000578, at *3—the Court finds it likely that

17   bifurcation will promote early resolution of this case, perhaps "without certification

18   and without binding the class that might have been certified." Fed. R. Civ. P. 23

19   (Adv. Committee Note to 2003 Amend.). In any event, the Court finds that resolution

20   of the preliminary issue will "narrow[]" or "clarify" the issues in a manner that

21   promotes efficiency in this case, *Deleon*, 2009 WL 10674767, at *2, and that

22   certification will not be delayed by long given the short preliminary discovery and

23   briefing schedule that the Court provides herein.

24        The third factor, judicial economy, *Young*, 2020 WL 1000578, at *3, weighs

25   strongly in favor of bifurcation. It is "judicially economical to decide standing as a

26   threshold issue." *Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017

27   WL 6940519, at *8 (C.D. Cal. Apr. 20, 2017) (denying a motion to bifurcate in that

28   case but explaining that "[w]here a threshold issue may preclude a plaintiff's claim, it

is appropriate to decide the preliminary issue before reaching the merits"). Here, if Plaintiff is either (1) not an employee who qualifies for wage and hour protections; or (2) even if she is an employee, she qualifies as a professional actor, exempt from protections, her claims may be precluded, so it is "appropriate to decide the preliminary issue before reaching the merits." *Id.*; *see also Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 2:20-cv-10515-JVS-AFMx, 2021 WL 4816627, at *2 (C.D. Cal. Aug. 11, 2021) ("One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue.") (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)).

Finally, the fourth factor—"any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery," *Young*, 2020 WL 1000578, at *3—also weighs slightly in favor of bifurcation. As to Plaintiff, should the Court grant the Bifurcation Motion, there is some prejudice because her discovery into the broader class will be delayed. The overall prejudice to Plaintiff would be low, however, given that the Court herein orders an abbreviated discovery and briefing timeline to quickly adjudicate preliminary issues. On the other hand, should the Court deny the Bifurcation Motion, the risk of prejudice to Defendants in the form of expensive, exhaustive discovery seems high. For instance, an initial wave of discovery from Plaintiff in the parallel state PAGA action required Defendants' responses to "159 Special Interrogatories, 110 Requests for Production, 86 Requests for Admission, and Form Interrogatories," (Kane Decl., Docket No. 86–1 ¶ 4), from which the Court infers that class-wide discovery in this case will be similarly expensive and might be avoided through bifurcation. *See Young*, 2020 WL 1000578, at *3–4 (bifurcating discovery into individual claims because "highly extensive discovery…may ultimately be unnecessary if [Defendant] prevails on dispositive motions regarding Plaintiffs' individual claims"); (*see also* 26(f) Report, Docket No. 47 at 6–7 (describing extensive discovery Plaintiff plans to seek regarding her class allegations, including, *inter alia*, giving an expert "weeks, at minimum" to determine if Defendants' alleged

7

failures to pay wages were systemic)).  Weighing all of the factors, the Court finds that bifurcation is appropriate.[3]

## III.   CONCLUSION

For the foregoing reasons, the Bifurcation Motion, (Docket No. 58) is **GRANTED**.  The first phase of discovery and summary judgment shall be limited to discovery into two threshold issues related to Plaintiff's individual claims: (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12.  ("Phase One").  The Court sets the following schedule for Phase One of discovery and summary judgment, respectively:

(1)   Phase One discovery shall be conducted for 120 days from the date of this Order;

(2)   Phase One motions for summary judgment, if any, shall be filed within 60 days of the close of Phase One discovery;

(3)   All other discovery matters not related to whether Plaintiff is an independent contractor or employee, or whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12, are stayed until the Court so orders.  A schedule governing any further proceedings shall

---

[3] In reaching this conclusion, the Court does not rely on the Kross Declaration that Defendants submitted in support of the Bifurcation Motion.  (Docket No. 58−2).  The Kross Declaration was filed under pseudonym without leave of Court.  The Court need not decide whether the privacy and safety concerns related to the Kross Declarant's role in the adult film industry justify the use of a pseudonym here.  In any event, for the reasons described herein, the factors weigh in favor of bifurcation even without considering the concerns raised in the Kross Declaration regarding the safety and privacy of the putative class.

8

issue, if necessary, following rulings on any Phase One summary judgment motion(s).

**IT IS SO ORDERED.**

Dated:  May 16, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

Exhibit D

 Gmail

**Sarah Cohen <sarah@tomorrowlaw.com>**

---

## Thoma v. VXN / VXN Group, LLC's RFP Responses

**trey.brown@vixenmediagroup.com** <trey.brown@vixenmediagroup.com>                    Sun, Sep 8, 2024 at 7:03 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Jason Rothman
<jason@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, Brad Kane <bkane@kanelaw.la>, Christian Waugh
<cwaugh@waugh.legal>, Kathleen McCabe <kathleen@tomorrowlaw.com>,
"MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com"
<MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>

Hi Sarah,

Thank you. Confirming the extension of Phase I as discussed below. VXN production is complete. Miller's production is ongoing, and I will notify you accordingly.

As for the scheduling, please provide an amended notice at your convenience. Ms. Lew has a doctor's appointment on Monday the 16th, so Mike Moz will be the deponent on the 16th, followed by Ms. Lew on the 18th.

Regards,

Trey

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Date:** Sunday, September 8, 2024 at 3:47 PM
**To:** trey.brown@vixenmediagroup.com <trey.brown@vixenmediagroup.com>
**Cc:** David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Jason Rothman
<jason@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, Brad Kane <bkane@kanelaw.la>, Christian
Waugh <cwaugh@waugh.legal>, Kathleen McCabe <kathleen@tomorrowlaw.com>, MackenzieAnneThomaZ11014082@
tomorrowlaw.filevineapp.com <MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com>, Nadia Rodriguez
<nadia@tomorrowlaw.com>
**Subject:** Re: Thoma v. VXN / VXN Group, LLC's RFP Responses

Hi Trey,

Given the ~ 990 documents produced today despite being due on Friday, September 6 and that the document production is incomplete, we can go ahead and push the depositions out to 9/16 and 9/18. I do not see anything in Judge Hsu's bifurcation of discovery order that would prevent the parties from stipulating to extend Phase 1 without leave of court. Therefore, Plaintiff stipulates to extend the Phase 1 period September 18, 2024 for the sole purpose of rescheduling the PMKs for next Monday, September 16, and Wednesday, September 18. Please let me know when the document production is complete today.

Thank you.

On Sun, Sep 8, 2024 at 2:37 PM Sarah Cohen <sarah@tomorrowlaw.com> wrote:

Hi Trey,

Thanks, let me check the court order regarding the bifurcated discovery to see if there is a requirement for court approval to extend Phase 1. I will also take a look at what was produced to date. I'll try to get back to you within the hour. This may also give us additional time for a meet and confer to include Brad regarding the renumbering and amended language. I'll be in touch soon.

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

1460 Westwood Boulevard

Los Angeles, California 90024

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com

Image removed by sender.

NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

On Sun, Sep 8, 2024 at 12:46 PM trey.brown@vixenmediagroup.com <trey.brown@vixenmediagroup.com> wrote:

Hi Sarah,

Please see the following Dropbox link: https://www.dropbox.com/scl/fo/1i1fwktn7gsta0npz2vvv/ AMhoJM0O8_8PEF5j23GuW1k?rlkey=mrbk2marev8xw9d9tzoeg6gbx&st=f6d1blbt&dl=0

The link is only accessible by parties invited to the Dropbox folder, which includes you and your co-counsel.

Due to large number of files being produced, we've had some technical uploading issues. We will be adding more documents today. If you would like more time to prepare for the PMK deposition, Defendants are willing to stipulate to extend Phase 1 discovery until September 18, 2024 for the sole purpose of rescheduling the PMKs for next Monday, September 16th, and Wednesday, September 18th.

Regards,

Trey

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Date:** Sunday, September 8, 2024 at 11:38 AM
**To:** trey.brown@vixenmediagroup.com <trey.brown@vixenmediagroup.com>
**Cc:** David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Jason Rothman
<jason@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, Brad Kane <bkane@kanelaw.la>,
Christian Waugh <cwaugh@waugh.legal>
**Subject:** Re: Thoma v. VXN / VXN Group, LLC's RFP Responses

Trey, what is the status of the document production? Given the untimeliness, we may need to move for an extension
to Phase 1 discovery and leave the PMK depositions open after tomorrow and Wednesday. Thank you.

Kind regards,

**Sarah Cohen, Esq.**

**Associate Attorney**

**Bibiyan Law Group, P.C.**

1460 Westwood Boulevard

Los Angeles, California 90024

Tel: (310) 438-5555
Fax: (310) 300-1705

www.tomorrowlaw.com

Error! Filename not specified.

NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain
information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you
have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail
message from your computer.

On Fri, Sep 6, 2024 at 9:12 PM trey.brown@vixenmediagroup.com <trey.brown@vixenmediagroup.com> wrote:

Counsel,

Attached, please find:

1. Defendant VXN Group, LLC's Objections and Responses to Plaintiff Mackenzie Anne Thoma's
   Requests for Production of Documents (Set One)

2. Defendant VXN Group, LLC's Objections and Responses to Plaintiff Mackenzie Anne Thoma's Interrogatories
3. Defendant VXN Group, LLC's Objections and Responses to Plaintiff Mackenzie Anne Thoma's Requests for Admission
4. Defendant Mike Miller's Objections and Responses to Plaintiff Mackenzie Anne Thoma's Requests for Production of Documents

In regard to document production, because of significant volume, a Dropbox link will be provided upon completion of file upload.

Regards,

Trey



[Quoted text hidden]

Exhibit E



Sarah Cohen <sarah@tomorrowlaw.com>

---

## REQUEST TO MEET AND CONFER RE MOTION TO OVERRULE RYAN MURPHY'S CLAIM OF PRIVILEGE AND COMPEL PRODUCTION OF DOCUMENTS - Thoma v. VXN

**Sarah Cohen** <sarah@tomorrowlaw.com>                                    Tue, Sep 17, 2024 at 4:57 PM
To: Brad Kane <bkane@kanelaw.la>, Trey Brown <trey.brown@vixenmediagroup.com>
Cc: David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Rafael Yedoyan
<rafael@tomorrowlaw.com>, Jason Rothman <jason@tomorrowlaw.com>, Christian Waugh <cwaugh@waugh.legal>, Nadia
Rodriguez <nadia@tomorrowlaw.com>, Kathleen McCabe <kathleen@tomorrowlaw.com>,
MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com

Brad and Trey,

I am writing to request that we meet and confer regarding the motion referenced above. Upon further review, we intend to
produce the privileged documents subject to confidentiality pursuant to the Stipulated Protective Order.

Furthermore, Mr. Murphy has produced all responsive documents from his Instagram Archive, which is confirmed by our
office. There is no court order for the entire Instagram Archive to be produced but you make arguments in your motion as
if it was. If I am somehow mistaken, please provide me with the court order for the production of the entire archive. I have
already confirmed in open court and in an email to you that the Murphy production is complete. This is with exception to
the dispute over the privileged text messages for which I have offered a solution. There is nothing to compel. We complied
with every court order requiring a review of the archive for responsive documents and documented the steps we took in
supplemental responses in accordance with the court's order.

Our opposition is due on 9/24 so please get back to me by **EOB Thursday, September 19, 2024 at 4:00 p.m.**

Thank you.
--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain
information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received
this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your
computer.



Sarah Cohen <sarah@tomorrowlaw.com>

---

# REQUEST TO MEET AND CONFER RE MOTION TO OVERRULE RYAN MURPHY'S CLAIM OF PRIVILEGE AND COMPEL PRODUCTION OF DOCUMENTS - Thoma v. VXN

**Brad Kane** <bkane@kanelaw.la>                                      Fri, Sep 20, 2024 at 8:12 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>, Trey Brown <trey.brown@vixenmediagroup.com>
Cc: David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Rafael Yedoyan
<rafael@tomorrowlaw.com>, Jason Rothman <jason@tomorrowlaw.com>, Christian Waugh <cwaugh@waugh.legal>, Nadia
Rodriguez <nadia@tomorrowlaw.com>, Kathleen McCabe <kathleen@tomorrowlaw.com>,
"MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com"
<MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com>

Sarah,

First, thank you for agreeing to produce the communications between Plaintiff and Mr. Murphy. Please produce them by close of
business on Monday, September 23, 2024, so Plaintiff's compliance can be assessed in Defendants' Reply.

Second, given Plaintiff's active obstruction of the discovery process as outlined in the Motion, including threats of jail against a third-
party witness for complying with their legal obligations, Defendants have good cause to believe that BLG has not complied with its
legal and ethical obligations as to Mr. Murphy's document production.

Best,

Brad

Brad S. Kane

Kane Law Firm

1154 S. Crescent Hts. Blvd.

Los Angeles, CA 90035

Tel:  (323) 697-9840

Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination,
distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error,
please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

[Quoted text hidden]

Exhibit F



Sarah Cohen <sarah@tomorrowlaw.com>

---

## Third Request Re On Ryan Murphy's Second Supplemental Responses Promised On Saturday, July 20, 2022 - Thoma v VXN; Case No. 2:23-cv-04901-WLH (AGRx) -

---

**Sarah Cohen** <sarah@tomorrowlaw.com>                                   Thu, Aug 22, 2024 at 2:27 AM
To: Brad Kane <bkane@kanelaw.la>, "trey.brown@vixenmediagroup.com" <trey.brown@vixenmediagroup.com>
Cc: Christian Waugh <cwaugh@waugh.legal>, "mackenzieannethomaz11014082@tomorrowlaw.filevineapp.com"
<mackenzieannethomaz11014082@tomorrowlaw.filevineapp.com>, David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein
<jeff@tomorrowlaw.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, Jason
Rothman <jason@tomorrowlaw.com>, Kathleen McCabe <kathleen@tomorrowlaw.com>


Good Evening Counsel,

Please see attached Ryan Murphy's Privilege Log. Please also accept this email as confirmation that Mr.
Murphy reviewed the data recovered by following the instructions in Request No. 32 and did not identify any responsive
documents. Plaintiff now considers Ryan Murphy's document production as complete (i.e., that all non-privileged
responsive documents in Ryan Murphy's possession, custody, and control have been produced).

Thank you.

[Quoted text hidden]

---

 **2024.08.21 - Ryan Murphy's Privilege Log.pdf**
203K

Exhibit G

9/23/24, 10:09 AM     Gmail - Letter Re Motion to Quash Subpoena - Mackenzie Anne Thoma v. VXN Group LLC, et al. Central District of California, Case …

Case 2:23-cv-04901-WLH-AGR    Document 107-1    Filed 09/24/24    Page 41 of 54    Page ID #:2257



**Sarah Cohen <sarah@tomorrowlaw.com>**

---

# Letter Re Motion to Quash Subpoena - Mackenzie Anne Thoma v. VXN Group LLC, et al. Central District of California, Case No. 2:23-CV-04901-WLH

---

**Sarah Cohen** <sarah@tomorrowlaw.com>             Fri, Aug 23, 2024 at 9:22 PM
To: larry@abmginc.com
Cc: David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Jason Rothman
<jason@tomorrowlaw.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>,
Kathleen <kathleen@tomorrowlaw.com>, MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com

Dear Mr. Lerner:

Please see attached.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain
information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received
this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your
computer.

---

 **2024.08.23 - Letter to Larry Lerner Re Motion to Quash - Thoma v. VXN Group LLC.pdf**
172K



1460 Westwood Blvd
Los Angeles, CA 90024
310.438.5555 T
310.300.1705 F
www.tomorrowlaw.com

August 23, 2024

**VIA E-MAIL & U.S. MAIL**

Artists Business Management Group, Inc.;
 c/o Larry Lerner
5950 Canoga Ave., Suite 417
Woodland Hills, CA 91367
larry@abmginc.com

      Re:    *Mackenzie Anne Thoma v. VXN Group LLC, et al.*
              <u>Central District of California, Case No. 2:23-CV-04901-WLH</u>

Dear Mr. Lerner:

      Please be advised that our firm, Bibiyan Law Group, P.C., represents Plaintiff Mackenzie Anne Thoma ("Plaintiff") in the above-referenced action.  It is our understanding that VXN Group LLC ("Defendant") has subpoenaed documents from your company subject to privacy interests of Plaintiff arising under the United States Constitution and the California Constitution.  Please note that counsel for Plaintiff intends to file a Motion to Quash to prevent their disclosure. The parties' meet and confer efforts are ongoing regarding Defendant's willingness to either narrow the scope or withdraw the subpoena.

      Under Code of Civil Procedure Section 1987.1 and Federal Rules of Civil Procedure Rule 45, when a Motion to Quash has been filed, the custodian of records and the deposition officer are prevented from producing records until the court orders their production.  Disobedience (*i.e.*, producing records prior to the resolution of this issue) may be punishable by civil liability and court sanctions, including, in some instances, contempt of court.

      The custodian of records must thus comply with its legal obligation not to release the requested records until the Court rules on Plaintiff's Motion to Quash, or the parties issue a joint statement regarding if and to what extent to comply with the subpoena.

      Very truly yours,

      BIBIYAN LAW GROUP, P.C.

      */s/ Sarah H. Cohen*
      Sarah H. Cohen

Exhibit H

Case 2:23-cv-04901-WLH-AGR   Document 107-1   Filed 09/24/24   Page 44 of 54   Page ID #:2260

 **Gmail**

Sarah Cohen <sarah@tomorrowlaw.com>

---

## Letter Re Motion to Quash Subpoena - Mackenzie Anne Thoma v. VXN Group LLC, et al. Central District of California, Case No. 2:23-CV-04901-WLH

---

**Larry Lerner** <larry@abmginc.com>                    Fri, Aug 23, 2024 at 10:04 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>
Cc: David Bibiyan <david@tomorrowlaw.com>, Jeffrey Klein <jeff@tomorrowlaw.com>, Jason Rothman
<jason@tomorrowlaw.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>,
Kathleen <kathleen@tomorrowlaw.com>, "MackenzieAnneThomaZ11014082@tomorrow.filevineapp.com"
<MackenzieAnneThomaZ11014082@tomorrow.filevineapp.com>

I have no way of knowing if your information is correct and have no trust in your information.
If your client wishes my assistance she will need to clear up her balance with our firm.

when and if I receive a release from the court we will comply
until then we will calendar it to meet the deadline we were served with.


Get Outlook for iOS

---

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Sent:** Friday, August 23, 2024 6:22:24 PM
**To:** Larry Lerner <larry@abmginc.com>
**Cc:** David Bibiyan <david@tomorrowlaw.com>; Jeffrey Klein <jeff@tomorrowlaw.com>; Jason Rothman
<jason@tomorrowlaw.com>; Nadia Rodriguez <nadia@tomorrowlaw.com>; Rafael Yedoyan
<rafael@tomorrowlaw.com>; Kathleen <kathleen@tomorrowlaw.com>; MackenzieAnneThomaZ11014082@
tomorrow.filevineapp.com <MackenzieAnneThomaZ11014082@tomorrow.filevineapp.com>
**Subject:** Letter Re Motion to Quash Subpoena - Mackenzie Anne Thoma v. VXN Group LLC, et al. Central
District of California, Case No. 2:23-CV-04901-WLH

[Quoted text hidden]

Exhibit I

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                         WESTERN DIVISION

4

5       MACKENZIE ANNE THOMA, a.k.a.   )
        KENZIE ANNE, an individual and )
6       on behalf of all others        )
        similarly situated,            )
7                                      ) Case No.
                      Plaintiff,       ) 2:23-cv-04901 WLH
8                                      ) (AGRx)
        V.                             )
9                                      )
                                       )
10      VXN GROUP LLC, a Delaware      )
        limited liability company;    )
11      MIKE MILLER, an individual;    )
        and DOES 1 to 100, inclusive,  )
12                                     )
                      Defendants.      )
13      _____)

14

15

16

17

18              VIDEO-RECORDED DEPOSITION OF:

19                       LARRY LERNER

20               Tuesday, September 10, 2024

21

22

23

24   STENOGRAPHICALLY REPORTED BY:

25   SUSAN KIM, RPR, CSR No. 14494

                                                              1

1

2

3

4

5

6

7

8

9

10          VIDEO-RECORDED DEPOSITION of LARRY LERNER,

11     taken via Zoom, commencing at 11:17 a.m. and ending

12     at 1:13 p.m., on Tuesday, September 10, 2024, before

13     Susan Kim, RPR, California CSR No. 14494.

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   APPEARANCES:

 2

 3      FOR THE PLAINTIFF:

 4          BIBIYAN LAW GROUP, P.C.
            BY: SARAH COHEN, ESQ.
 5          1460 Westwood Boulevard
            Los Angeles, California 90024
 6          (310) 438-5555
            Sarah@tomorrowlaw.com
 7

 8
        FOR THE DEFENDANTS:
 9
            VIXEN MEDIA GROUP
10          BY: TREY BROWN, ESQ.
            11337 Ventura Boulevard
11          Studio City, California 91604
            Trey.brown@vixenmediagroup.com
12

13

14
        ALSO PRESENT:
15
            RONALDO CESTARI, Videographer
16          BRAD KANE (Kane Law Firm)
            KATHLEEN McCABE (Bibiyan Law Group)
17          EMILIE KENNEDY (VXN Group)

18

19

20

21

22

23

24

25
```

3

1    And do you agree that we had already had our

2    conversation of plaintiff's concern that the -- that

3    production of the documents violate her financial --

4            (Overlapping speakers.)

5            Hold on.  I get to finish my question.

6            And I had only asked you to hold off until we

7    get a court order for the motion to quash?

8        A. And if you look at my thing here, I say:

9            "I have no way of knowing if your information

10           is correct and have no trust in your

11           information," because I didn't trust you.

12       Q. Read the next line, Mr. Lerner.

13       A. Yeah.

14           "If your client wishes my assistance" means:

15   If she wishes for me to really help her in some way,

16   clear up your balance.  Until then, I'm not going to --

17   I'm not going to go out of my way.  I'm not going to

18   defy a court order to Mr. Brown for -- for her.

19       Q. But you would have if she cleared up her

20   balance.  That's what your email said.

21           (Overlapping speakers.)

22       A. I would have -- I would have contacted my

23   lawyer and say, "What am I allowed to do, and what am I

24   not allowed to do?"

25           Instead -- there's no way that I'm going to

64

1    incur money or fees with my lawyer.

2        Q. Well, why didn't you write that in your email

3    then?  That it would be --

4        A. Because I didn't feel like it.  Okay?

5        Q. So what did you mean by:  "If your client

6    wishes my assistance, she will need to clear up her

7    balance with our firm"?

8            Because any reasonable person reading this in

9    response to my letter just letting you know to hold off

10    so we can go through the legal processes of --

11            (Overlapping speakers.)

12        A. Twist it anyway you want.  I'm not impressed.

13        Q. Okay.  Well, the document -- the document

14    speaks for itself --

15        A. I'm not impressed.  Okay?  Bottom line is that

16    I was within my rights to give Trey everything he wanted

17    because I had a legal document that said:  Give him what

18    he wants.

19            Now, if I was going to go against Trey and take

20    that gamble, I would do it for a client that I have

21    absolute loyalty to, and I would call up my lawyer and

22    say, "Hey, am I allowed to do this, or am I not allowed

23    to do this?"  But you know something?  Nah.

24            I was going to -- I was going to obey what the

25    court said, and the court document said:  Give Trey what

                                                            65

1    he wants.

2        Q. Unless plaintiff cleared up her balance with

3    your firm then, is that correct, if she paid you the

4    $700 that hasn't even been confirmed that she actually

5    owes?

6        A. Gee, I guess I work for free, don't I?  Yeah.

7        Q. I can't say.  You're the one who spent 30 years

8    building this business.

9        A. Yeah, there's nothing more to discuss on this.

10       Q. Well, I'm asking the questions.

11       A. You're not getting an answer.

12       Q. Unfortunately, you have to answer.

13           MS. COHEN:  You can stop -- Ron, Ron.

14           (Overlapping speakers.)

15   BY MS. COHEN:

16       Q. Thank you, Mr. Lerner.  I appreciate your

17   cooperation.

18           All right.  So let's move on to the -- your

19   testimony regarding the mortgage loan application.

20           It's my understanding that you testified that

21   plaintiff had approached you, pretty much, to inflate

22   her income so she could qualify for a mortgage loan; is

23   that correct?

24       A. Yes.

25       Q. And is it your testimony that you had requested

1                    REPORTER'S CERTIFICATE

2

3           I, SUSAN KIM, RPR, CSR No. 14494, a Certified

4  Shorthand Reporter in and for the State of California,

5  do hereby certify:

6           That prior to being examined, the witness

7  named in the foregoing proceedings declared under

8  penalty of perjury to testify to the truth, the whole

9  truth, and nothing but the truth;

10          That said proceedings were taken by me in

11 shorthand at the time and place herein named and was

12 thereafter transcribed into typewriting under my

13 direction, said transcript being a true and correct

14 transcription of my shorthand notes.

15          I further certify that pursuant to FRCP Rule

16 30(e)(1), before completion of the deposition, review of

17 the transcript { } was {X} was not requested.

18          I further certify that I have no interest in

19 the outcome of this action.

20          IN WITNESS WHEREOF, I have subscribed my name

21 on this 10th day of September, 2024.

22

23

24          _____
                 SUSAN KIM
25               RPR, CA CSR No. 14494

                                                          82

Exhibit J

 **Gmail**

**Sarah Cohen <sarah@tomorrowlaw.com>**

---

## THOMA v. VXN GROUP LLC, et al.

**Andrea Trujillo** <andrea@tomorrowlaw.com>                                      Tue, Sep 24, 2024 at 6:12 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>, Nadia Rodriguez <nadia@tomorrowlaw.com>,
MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com, bkane@kanelaw.la

Good afternoon Counsel,

Please see the attached.

- **RYAN MURPHY'S THIRD SUPPLEMENTAL DOCUMENT PRODUCTION**


Please let me know if you have any issues. Thank you.

--

Regards,

**Andrea Trujillo**
**Legal Assistant**

**Bibiyan Law Group, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com


NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

---

📄 **2024.09.24 - Third Supplemental Productionc of Documents Ryan Murphy - Privileged Text Messages.pdf**
2481K