1 | David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
2 | Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
3 | Sarah Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
4 | **BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
5 | Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705
6 | Attorneys for Plaintiff, MACKENZIE ANNE
THOMA, and on behalf of herself and all others
7 | similarly situated

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

CASE NO: 2:23-cv-04901-WLH (AGRx)

**[DISCOVERY  MATTER]**

Plaintiff,

v.

VXN GROUP LLC, a Delaware limited liability company and MIKE MILLER, an individual;

Defendants.

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO OVERRULE RYAN MURPHY'S CLAIM OF PRIVILEGE AND COMPEL PRODUCTION OF DOCUMENTS**

*[Filed concurrently with Declaration of Sarah H. Cohen; Plaintiff's Opposition to Defendants' Motion]*

24 |     Plaintiff  MACKENZIE ANNE THOMA submits the following Evidentiary

25 | Objections to Defendants' Evidence filed in support of Defendants' Motion to

26 | Overrule Ryan Murphy's Claim of Privilege and Compel Production of Documents.

27

28

---

DECL. OF SARAH COHEN IN SUPPORT OF PTF'S OPP. TO MOT. TO OVERRULE MR. MURPHY'S CLAIM
OF PRIVILEGE & COMPEL PROD. OF DOCS.

| No. | Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|---|
| **1.** | Declaration Trey Brown in Support of Defendants' Motion to Overrule Ryan Murphy's Claim of Privilege and Compel Production of Documents ("Brown Decl.") ¶ 2: " Mr. Lerner indicated that he began Artists Business Management Group in 1989 and has been a licensed tax professional in California for nearly 40 years." | 1. Any reference to facts contained within documents or recorded statements that have not been attached to the Brown Decl. as an exhibit is inadmissible hearsay and/or double hearsay without exception. Federal Rule of Evidence ("FRE") 802. Mr. Brown is attempting to improperly enter hearsay evidence onto the record that does not fall under an exclusion or exception to the hearsay rule under FREs 801-807.<br><br>2. Violates Best Evidence Rule (FRE 1002), which would require that Defendants cite to Mr. Lerner's deposition transcript, which they have not. Thus, this testimony violates the Best Evidence Rule. | Sustained:<br><br>Overruled: |
| **2.** | Brown Decl., ¶ 3: " Mr. Lerner indicated that he had received a letter from BLG instructing him not to comply with Defendants' subpoena to produce documents." | 1. Any reference to facts contained within documents or recorded statements that have not been attached to the Brown Decl. as an exhibit is inadmissible hearsay and/or double hearsay without exception. Federal Rule of Evidence ("FRE") 802. Mr. Brown is attempting to improperly enter hearsay evidence onto the record that does not fall under an exclusion or exception to the hearsay rule under FREs 801-807.<br><br>2. Violates Best Evidence Rule (FRE 1002), which would require that Defendants cite to Mr. Lerner's deposition transcript, which they have not.  Thus, this testimony violates the Best Evidence Rule. | Sustained:<br><br>Overruled: |
| **3.** | Brown Decl., ¶ 4: " Mr. Lerner further testified that prior to the deposition, he had received a phone call from Plaintiff's counsel Sarah Cohen." | 1. Any reference to facts contained within documents or recorded statements that have not been attached to the Brown Decl. as an exhibit is inadmissible hearsay and/or double hearsay without exception. Federal Rule of Evidence ("FRE") 802. Mr. Brown is attempting to improperly enter hearsay evidence onto the record that does not fall under an exclusion or | Sustained:<br><br>Overruled: |

1

EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | exception to the hearsay rule under FREs 801-807.<br><br>2. Violates Best Evidence Rule (FRE 1002), which would require that Defendants cite to Mr. Lerner's deposition transcript, which they have not. Thus, this testimony violates the Best Evidence Rule. | |
| **4.** | Brown Decl., ¶ 4: "Recounting this phone conversation, Mr. Lerner testified that Cohen had attempted to 'bully' him into not complying with the subpoena and told Mr. Lerner he could be sent to jail if he complied with Defendants' subpoena." | 1. Any reference to facts contained within documents or recorded statements that have not been attached to the Brown Decl. as an exhibit is inadmissible hearsay and double hearsay without exception. Federal Rule of Evidence ("FRE") 802. Mr. Brown is attempting to improperly enter hearsay evidence onto the record that does not fall under an exclusion or exception to the hearsay rule under FREs 801-807.<br><br>2. Violates Best Evidence Rule (FRE 1002), which would require that Defendants cite to Mr. Lerner's deposition transcript, which they have not. Thus, this testimony violates the Best Evidence Rule. | Sustained:<br><br>Overruled: |
| **5.** | Brown Decl., ¶ 5: "Mr. Lerner also testified that prior to the deposition, Plaintiff Thoma called Mr. Lerner and begged him not to comply because 'it would harm her case.'" | 1. Any reference to facts contained within documents or recorded statements that have not been attached to the Brown Decl. as an exhibit is inadmissible hearsay and double hearsay without exception. Federal Rule of Evidence ("FRE") 802. Mr. Brown is attempting to improperly enter hearsay evidence onto the record that does not fall under an exclusion or exception to the hearsay rule under FREs 801-807.<br><br>2. Violates Best Evidence Rule (FRE 1002), which would require that Defendants cite to Mr. Lerner's deposition transcript, which they have not. Thus, this testimony violates the Best Evidence Rule. | Sustained:<br><br>Overruled: |

(signature on following page)

///

EVIDENTIARY OBJECTIONS

1

Dated:  September 24, 2024          BIBIYAN LAW GROUP, P.C.

2

3                                        */s/ Sarah Cohen*
                                         DAVID D. BIBIYAN
4                                        JEFFREY D. KLEIN
                                         SARAH COHEN
5                                   Attorneys for Plaintiff, MACKENZIE ANNE
6                                   THOMA, and on behalf of herself and all
                                    others similarly situated
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY OBJECTIONS