# EXHIBIT I

**REQUEST NO. 8**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 9**

Produce all COMMUNICATIONS between YOU and ANY PERSON RELATING TO THIS MATTER.

///

///

Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 32**

In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at:https://help.instagram.com/181231772500920.Please produce this information in HTML format.

**RESPONSE TO REQUEST NO. 32:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 33**

Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 33:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

# EXHIBIT J

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), including FRCP Rules 26 and 34, Respondent RYAN MURPHY ("Respondent") responds as follows to Defendants' May 24, 2024 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

**REQUEST NO. 1**

Produce all COMMUNICATIONS between YOU and any PERSON regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 1:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

///

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

**REQUEST NO. 2**

Produce all COMMUNICATIONS between YOU and VISION RELATING

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 32**

In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at:https://help.instagram.com/181231772500920.Please produce this information in HTML format.

**RESPONSE TO REQUEST NO. 32:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

# EXHIBIT K

work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 8**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in

possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in

time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 9**

Produce all COMMUNICATIONS between YOU and ANY PERSON RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery

which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.  In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 10**

Produce all DOCUMENTS RELATING TO YOUR contractual relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for Plaintiff, and any agreement providing for commissions payable to YOU in connection with PLAINTIFF.

**RESPONSE TO REQUEST NO. 10:**

Respondent objects to this request. Respondent objects to this request as it

DEFENDANTS.

**RESPONSE TO REQUEST NO. 31:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 32**

In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at:https://help.instagram.com/181231772500920.Please produce this information in HTML format.

**RESPONSE TO REQUEST NO. 32:**

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  Respondent objects to this request. Respondent objects to this request as it
2  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
3  probative value this information may provide to Defendants. Respondent objects to
4  this request to the extent it seeks privileged work product. Respondent objects to this
5  request to the extent it seeks information that is protected by attorney-client privilege.
6  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
7  time and/or scope. Respondent objects to this request as it is overbroad and is not
8  proportionate to the needs of the case. Respondent objects to this response as the
9  burden or expense in the production of these documents far outweighs the likely
10 benefit this document provides. This request is irrelevant as to Phase I discovery
11 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
12 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
13 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
14 objects to this request as all of the information requested is not reasonably accessible
15 to him because of undue burden or cost.

16  Notwithstanding said objections, Respondent states as follows: Respondent
17 cannot produce any requested documentation as he is either no longer personally in
18 possession of the requested documentation or has never been in possession of the
19 requested documents.

20 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

21  Respondent objects to this request. Respondent objects to this request as it
22 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
23 probative value this information may provide to Defendants. Respondent objects to
24 this request to the extent it seeks privileged work product. Respondent objects to this
25 request to the extent it seeks information that is protected by attorney-client privilege.
26 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
27 time and/or scope. Respondent objects to this request as it is overbroad and is not
28 proportionate to the needs of the case. Respondent objects to this response as the

burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 33**

Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 33:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

# EXHIBIT L

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

MACKENZIE ANNE THOMA,       ) CASE NO: 2:23-cv-04901-WLH-AGRx
                            )
            Plaintiff,      )            CIVIL
                            )
      vs.                   )      Los Angeles, California
                            )
VXN GROUP, LLC, ET AL,      )      Thursday, August 22, 2024
                            )
            Defendants.     )      (10:01 a.m. to 11:27 a.m.)

VIDEO DISCOVERY CONFERENCE

BEFORE THE HONORABLE ALICIA G. ROSENBERG,
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:          SEE PAGE 2

Court Reporter:            Recorded; CourtSmart

Courtroom Deputy:          K. Lozada

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 8365
                           Corpus Christi, TX 78468
                           361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

50

1          **MS. COHEN:**  So this information that's here in

2    Murphy, zero, zero, zero, five, he reviewed.

3          **MR. KANE:**  Okay.  And, Your Honor, this illustrates

4    once again the problem we have every single time with

5    Mr. Murphy and counsel, which is I know for a fact because I

6    communicated with Mr. Murphy in January in direct messages,

7    those were not produced.

8          And we -- just like the letter of counsel, we go,

9    okay, we asked -- and we only find out the things that we

10   already know are not being produced.  So --

11         **MS. COHEN:**  (Inaudible) okay (inaudible) --

12         **MR. KANE:**  -- we are asking (inaudible) --

13         **THE COURT:**  Okay.  So, Ms. Cohen, did you --

14         **MS. COHEN:**  (Inaudible)

15         **THE COURT:**  -- fine communications between Mr. Murphy

16   and defense counsel or Defendants?

17         **MS. COHEN:**  Yes.  But they're not responsive to any

18   request.  What request is that responsive to?

19         **MR. KANE:**  Request number 32.

20         **MS. COHEN:**  It wasn't specifically -- no, it was --

21   no, 32 we discussed at the last hearing that 32 would be

22   anything that we recovered that's responsive to other requests.

23         When Mr. Kane contacted Mr. Murphy, it was to have a

24   conversation.  It wasn't necessary obvious that it was about

25   the case or anything specifically about the case.

51

```
 1            So what Defendants consider responsive, you know, I

 2    respect that with all due respect.  But that's not necessarily

 3    what Plaintiff considers (inaudible) --

 4            THE COURT:  Wait a minute.  You're saying that if

 5    Mr. Kane contacts Mr. Murphy, that the communication has to be

 6    expressly about this case --

 7            MS. COHEN:  But which -- but my question is --

 8            THE COURT:  -- to be responsive?

 9            MS. COHEN:  My question is -- or my position is,

10    Mr. Kane's communications with Mr. Murphy are not responsive to

11    any of these requests.  I mean, if defense would like to point

12    me to one, I'd be happy to read it now.  I have the requests up

13    in front of me.  Which request is that responsive to?

14            MR. BROWN:  I believe that there is a request about

15    communications with any person regarding this matter; is there

16    not?

17            MS. COHEN:  That's Mr. Murphy's position is that it

18    wasn't clear that it was about this matter.

19            THE COURT:  I don't think that that's viable, okay?

20    I mean, he's been contacted by defense counsel in this case.  I

21    don't understand the Mr. Murphy thinks it could have been about

22    something else, therefore it's not responsive.

23            I mean, I can understand Mr. Murphy might come up

24    with that.  But counsel, come on.

25            MS. COHEN:  (Inaudible) --
```

52

1          **THE COURT:**  I mean, if this is -- if there's a

2    request for communications in this case, and there's a

3    communication from defense -- I mean, this is really raising a

4    question about what you think expressly has to be stated in the

5    communication in order to be responsive.

6          **MS. COHEN:**  But I would also --

7          **THE COURT:**  I mean, that's -- that is a concern to

8    the Court.

9          **MS. COHEN:**  I would also like to add, Your Honor,

10   what does Mr. Kane's communications with Mr. Murphy have to do

11   with phase one discovery?  And that is what I mean, Your Honor.

12   Defendants (inaudible) --

13         **THE COURT:**  I don't know.  But you want to litigate

14   this over every single document.  You (inaudible) --

15         **MS. COHEN:**  But that's the question.

16         **THE COURT:**  -- you're going to ask the Court to

17   review every document between Mr. Murphy and some third party,

18   and then I'm supposed to figure out what connection that could

19   be.

20         **MS. COHEN:**  But --

21         **THE COURT:**  It's impossible to do.  what if there's a

22   communication that he has with a potential witness in this

23   case, and all the communication is, is setting the date and

24   time for the meeting, but doesn't express what the meeting is

25   about, even though it is about this case?

53

 1          So under Mr. Murphy's interpretation, the

 2   communication to set up the meeting doesn't expressly mention

 3   the subject matter, therefore would not be responsive.

 4          Do you think that that's a reasonable interpretation

 5   of someone's discovery obligation, and --

 6          **MS. COHEN:**  (Inaudible)

 7          **THE COURT:**  -- then it's up to the Court to figure

 8   out, well, was this -- what was this meeting about?  If it was

 9   about this case then the communication setting up the meeting

10   would be responsive.

11          But we're going to try the whole issue in order to

12   determine whether each individual document is responsive; do

13   you think that that makes sense?

14          **MS. COHEN:**  Your Honor, with all due respect, we had

15   to go through all 41 of my PMK depo topics and determine

16   whether it was in phase one discovery.  How is that request

17   within --

18          **THE COURT:**  Fine.  You know, --

19          **MS. COHEN:**  -- phase one discovery (inaudible) --

20          **THE COURT:**  -- something, terrific.

21          **MS. COHEN:**  -- order (inaudible) district judge.

22          **THE COURT:**  Go ahead and send me -- I don't have time

23   for this.  But go ahead and send me Mr. Ryan's document

24   production and I will be happy to read through it.

25          And if I can figure out who these people are, we'll

54

1   decide what -- I mean, this is ridiculous, outrageously --

2          **MS. COHEN:**  I agree.

3          **THE COURT:**  -- ridiculous.  But, you know, if you

4   can't manage to review the documents in a way that solves the

5   problem here, which is what is responsive, because Mr. Murphy's

6   interpretation is not reasonable.  That is not reasonable.

7          The communication itself doesn't have to describe the

8   content of what these people were talking about.  That is, you

9   know, every single communication doesn't have to do that.

10         It has to be, however, about this case.  And this is

11  a defense counsel in this case, probably the most obvious

12  connection that there would be, unless he's saying he has some

13  communication with Mr. Kane about some other case or some other

14  matter.  That would be different.  But he's not saying that.

15         **MS. COHEN:**  Your Honor, this violates the district

16  judge's order as to phase one discovery.  With all due respect,

17  Your Honor, that's my position.

18         Mr. Kane's communications with Ryan Murphy do not

19  have any bearing on independent contractor versus employee or

20  wage order 12 exemption.  There are very strict orders from the

21  district judge that that is what phase phone discovery is about

22  (phonetic) --

23         **THE COURT:**  (Inaudible) do now, each individual

24  communication has to expressly state that this is what it's

25  about.

EXHIBIT M

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                   WESTERN DIVISION

 4

 5   MACKENZIE ANNE THOMA, a.k.a.   )
     KENZIE ANNE, an individual and )
 6   on behalf of all others       )
     similarly situated,           )
 7                                  ) Case No.
                  Plaintiff,        ) 2:23-cv-04901 WLH
 8                                  ) (AGRx)
     V.                             )
 9                                  )
                                    )
10   VXN GROUP LLC, a Delaware      )
     limited liability company;     )
11   MIKE MILLER, an individual;    )
     and DOES 1 to 100, inclusive,  )
12                                  )
                  Defendants.       )
13   _____)

14

15

16

17

18          VIDEO-RECORDED DEPOSITION OF:

19                   LARRY LERNER

20           Tuesday, September 10, 2024

21

22

23
```

25  with the order that was served on me, and I explained to

7

1  her that I was going to follow the directions until I

2  was given a legal document that said that I didn't need

3  to.

4      Q. Okay.  And when you say "she," who are you

5  referring to precisely?

6      A. Sarah Cohen.

7      Q. Okay.  And so, Sarah Cohen instructed you not

8  to comply with the document subpoena?

9      A. Absolutely.

10      Q. And what was the —— what precisely did she tell

11  you in terms of not complying?

12      A. She tried to bully me into telling me that I

13  would be jailed if I complied with the request for ——

14  for documents.

15      Q. And why did ——

16          (Overlapping speakers.)

17          Go ahead.

18      A. Go ahead.

19      Q. Why did she say that you might be jailed?

20      A. Because I told her that I was going to comply

21  with the document that was served on me at my office.

22  And obviously, she didn't want me to cooperate with you.

23      Q. And was there a reason that she -- a

24  justification that she gave you in terms of why you

25  could be jailed for complying with the subpoena?

                                                        8

1       A. I think she was just huffing and puffing, and I

2  told her where to get off.

3       Q. Okay.

4       A. I wasn't going to be bullied.  I wasn't going

5  to be bullied by anybody.

6       Q. Did you have any subsequent communications with

7  the plaintiff's attorney after that conversation?

8       A. I think that she did call me a second time.

9  Actually, I think Mackenzie called me first, then she

10  called me telling me that it would harm their case if I

11  complied with -- with you.  And I said, "I don't care."

12      Q. Did she inform you as to how it would harm her

13  case if you complied with this subpoena?

14      A. No.

15      Q. And you said that Mackenzie Anne Thoma, the

16  plaintiff in this case, also contacted you after we'd

4        Q. 2023.  Okay.

5            So the only discussions that you had with

6    Lillian prior to this deposition is with regards to her

7    handling of financial documents of plaintiff for the

8    2023 tax return?

9        A. Yes.

10       Q. Okay.  Did you have discussion with anyone else

11   from Business Artists {sic} Management Group --

12       A. It's Artists Business Management Group.

13       Q. Artists Business Management Group.  I

14   apologize.

15       A. I've spent 30 years building that name.

16       Q. Congratulations.

17       A. Thank you.

18          (Overlapping speakers.)

19       Q. I apologize.  I apologize again for

20   misspeaking.

21          Did you have any other conversations regarding

22   this deposition with anyone else from your company prior

23   to this deposition?

24       A. My wife.

25       Q. Okay.  What did you discuss with your wife?

56

13  documents or that you at least consider the position.

14  Okay?  That's what the letter is saying.

15          And you still -- presumably, you still have it

16  in your possession.  You can refer to it.  Defense

17  counsel has now seen it.

18          And so, I just want to clarify or maybe help

19  you remember that my phone call was merely to let you

20  know that we needed to go through some legal

21  requirements to put a stop to the subpoena.  But due to

22  time straightens, I wanted to give you a courtesy call

23  to let you know that these are private financial

24  records, and we intended to file a motion to quash.

25          A. And I told you that I intended to comply with

60

1  the legal order until I receive something from the court

2  that said:  You no longer have to comply with this.

3          Q. Right.  So --

4          A. I'm not impressed.

5          Q. -- is it -- is it your testimony today that you

6  would only participate -- only assist plaintiff,

7  Ms. Thoma, if there was a court order saying you didn't

8  need to comply with the subpoena?  Is that your

 9  testimony today?

10        A. That's right.  If the court -- if the court

11  said -- it's just like a withholdings order.  When a

12  withholdings order is rescinded, that's when you no

13  longer have to withhold from someone's paycheck.  I

14  treat it the same exact way.

15        Q. Mr. Lerner, do you understand the definition of

16  "blackmail"?

17        A. Of what?

18        Q. Of "blackmail" --

19        A. Yes.

20        Q. -- do you know the legal definition of

21  "blackmail"?  What is that?

22        A. Yes.

23        Q. What is that?

24        A. I don't know the legal terms of it.

25        Q. So blackmail is a federal and state crime that

                                                        61

 1  involves threatening to disclose or to do something

 2  harmful to a victim in exchange for something of value.

 3            Do you understand that?

 4        A. Okay.  That's nice.

1    that -- the name's cut off.  I can't see your last name.

2    I apologize.

3              THE VIDEOGRAPHER:  Ron's fine.

4              MS. COHEN:  Ron?  Okay.  Thank you, Ron.

5              Ron, do you mind going ahead and sharing on the

6    screen the second document that was dropped into the

7    chat, please?

8    BY MS. COHEN:

9         Q. So, Mr. Lerner, can you see the document on the

10   screen?

11        A. Yup.

12        Q. So you just testified that the only way you

13   would cooperate is if there was a court order; is that

14   correct?

15        A. Yes.

16        Q. But in an email to my office from you directly

17   to me, on Friday, August 23rd, 2024, 7:04 p.m., you had

18   said in part of that e-mail:

19             "If your client wishes my assistance, she will

20             to need clear up her balance with our firm."

21             Do you see that?

22        A. Yes.

23        Q. Okay.  So do you agree?

24        A. She owes me money.  She owes me money.

25        Q. Right.  Exactly.  Exactly.

1          And do you agree that we had already had our

2    conversation of plaintiff's concern that the -- that

3    production of the documents violate her financial --

4          (Overlapping speakers.)

5          Hold on.  I get to finish my question.

6          And I had only asked you to hold off until we

7    get a court order for the motion to quash?

8          A. And if you look at my thing here, I say:

9          "I have no way of knowing if your information

10         is correct and have no trust in your

11         information," because I didn't trust you.

12         Q. Read the next line, Mr. Lerner.

13         A. Yeah.

14         "If your client wishes my assistance" means:

15   If she wishes for me to really help her in some way,

16   clear up your balance.  Until then, I'm not going to --

17   I'm not going to go out of my way.  I'm not going to

18   defy a court order to Mr. Brown for -- for her.

19         Q. But you would have if she cleared up her

20   balance.  That's what your email said.

21         (Overlapping speakers.)

3          A. Correct.

4          Q. Okay.

5          A. Nor did I care.

6          Q. Were you aware that plaintiff and VXN Media,

7    LLC, had entered into an employment contract?

8          A. How would I know?

9              MR. BROWN:  Objection.  Misstates the record.

10   BY MS. COHEN:

11         Q. Did you know that there was any type of

12   contract?

13         A. How would I know that?

14         Q. Okay.

15         A. I'm not involved in her production of income.

16   Accountants do what's called "historical work."  You

17   bring me your —— you bring me your work, we summarize

18   it, and we prepare a tax return.

19             We don't manage her.  We don't do her

20   contracts.  We don't —— we're not —— we don't have the

21   responsibility of doing those things.  We see things way

22   after the fact.

23             MS. COHEN:  Understood.

24             All right, Mr. Lerner.  I don't have any

25   further questions.  Thank you so much for your

75

8          THE WITNESS:  It was definitely not.

9          THE REPORTER:  Mr. Lerner, can you wait until

10  Mr. Brown finishes his question completely?

11         THE WITNESS:  Sure.

12  BY MR. BROWN:

13      Q. Just to -- just to clarify, your last -- your

14  statement that:

15         "If your client wishes my assistance, she will

16         need to clear up her balance with our firm."

17         Was that is an explicit demand that Kenzie Anne

18  pay you in exchange for not producing documents?

19      A. No, it was not.

20         MR. BROWN:  Thank you.  No further questions.

21  Thank you, Mr. Lerner.

22         THE WITNESS:  Great.

23         MS. COHEN:  I don't have any further questions

24  Counsel.

25         Thank you, Mr. Lerner.

                                                    80

1          MR. BROWN:  Actually, I have one further

2  question before we go off the record.

3  BY MR. BROWN: