**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC and MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual,<br><br>    Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CERTAIN OF PLAINTIFF'S TAX RECORDS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**APPLICATION FOR LEAVE TO FILE UNDER SEAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CERTAIN TAX RECORDS OF PLAINTIFF MACKENZIE ANNE THOMA**

Pursuant to the parties Stipulated Protective Order [**Dkt. 92**, at §12.3] and Civil Local Rule 79-5, Defendants VXN Group LLC and Mike Miller ("Defendants") hereby respectfully apply for leave of Court for an order sealing Defendants' Motion for Summary Judgment and certain tax records of Plaintiff Mackenzie Anne Thoma which contain information designated as "confidential" by Plaintiff's counsel, and states as follows:

On July 9, 2024, after briefing Plaintiff's privacy concerns, the Court ordered the parties to "file a stipulation and proposed protective order[.]" [**Dkt. 89**, at 4]. The parties submitted, [**Dkt. 91**], and the Court entered, a Stipulated Protective Order on July 17. [**Dkt. 92**]. It covers "personal identifying information, financial, and/or proprietary information." *Id.* at § B. On August 29, 2024 this Court entered an order, which in relevant part, granted "Plaintiff's request to designate documents produced in response to the subpoena to Artists Business Management Group[] as confidential pursuant to the protective order[.]" [**Dkt. 104**, at 3].

Larry Lerner, the principal owner of Artists Business Management Group ("ABMG"), and Plaintiff's former accountant, sat for a deposition on September 10, 2024. Declaration of Trey Brown In Support of Defendants' Application For Leave to File Under Seal ("**Brown Decl.**"), at ¶ 5. During that deposition, Lerner produced Plaintiff's federal tax returns for the years 2020, 2021, and 2022. *Id*. As noted above, this Court has ordered all documents produced in response to the subpoena served on ABMG as confidential. Defendants, however, intend to attach excerpts from Plaintiff's tax returns as exhibits in support of Defendants' Motion for Summary Judgment. Further, Defendants intend to reference specific financial information from the tax returns in text of the MSJ. *See Adeyemi v. Garland*, No. 21-2107, 2024 WL 3087940, at *1 (C.D. Cal. Mar. 26, 2024) (citing *Kamakana v.*

1

*City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)) ("There is a strong presumption against filing documents under seal.").

Defendants "may disclose any information or item designated 'CONFIDENTIAL'" to, *inter alia*, "the court and its personnel[.]" [**Dkt. 92** at § 7.2(d)]. "A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." *Id.* at § 12.3. When "someone else has designated these documents as confidential pursuant to a protective order," L.R. 79-5.2.2, a specific procedure applies. *See also id.* 79-5.2.2(a)(1) ("That the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal[.]").

> At least 3 days before seeking to file under seal a document containing information previously designated as confidential by another pursuant to a protective order, the Filing Party must confer with the person that designated the material confidential (the "Designating Party") in an attempt to eliminate or minimize the need for filing under seal by means of redaction. If the document cannot be suitably redacted by agreement, the Filing Party may file an Application pursuant to subsection (a), but the supporting declaration must identify the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue.

L.R. 79-5.2.2(b).

Thus, on October 31, 2024, counsel for the parties conferred on what portions of Plaintiff's tax returns could be redacted. Declaration of Trey Brown In Support of Defendants' Application For Leave to File Under Seal ("**Brown Decl**."), at ¶ 8. Ultimately, the parties recognized that no agreement would be reached regarding the scope of appropriate redactions, as Plaintiff's counsel insisted that anything related to Plaintiff's personal financial information must be filed under seal. **Brown Decl**., at ¶ 8, Ex. A. However, Plaintiff's and Defense counsel verbally agreed to stipulate to the filing of documents produced by ABMG under seal. *Id.*

As no "suitabl[e]" agreement was reached, Defendants thus proceed under subsection (a) of the Civil Local Rules. That procedure requires that Defendants file an application that "describe the nature of the information that the Filing Party asserts should be closed to public inspection," L.R. 79-5.2.2(a), which must also include a declaration detailing the parties' efforts to resolve the issue, *see id.* 79-5.2.2(a)(i); *id.* 79-5.2.2(b), a proposed order, and both redacted and unredacted copies of the materials. *Id.* 79-5.2.2(a)(ii)–(iv).

Defendants have complied with these formalities, conferred with Plaintiff's counsel, and recommended redactions to the tax records which Plaintiff has rejected. *See **Id***. As such, Defendants now file this application recounting those steps, along with a proposed order adopting the Defendants' proposed redactions to specific financial and personally identifying information. **Brown Decl.**, at ¶ 9. Both the redacted and unredacted copies of (i) relevant excerpts from Plaintiff's 2020, 2021, and 2022 federal tax returns; and (ii) the MSJ have been filed. **Brown Decl.**, ¶¶ 10–13, Exs. B–E. Thus, Defendants seek leave to file the following materials under seal in support of their Motion for Summary Judgment:

| Description | Produced By | Status | Exhibit |
|---|---|---|---|
| Excerpts from Plaintiff's 2020 Federal Tax Return | L. Lerner | Confidential | B |
| Excerpts from Plaintiff's 2021 Federal Tax Return | L. Lerner | N/A | C |
| Excerpts from Plaintiff's 2022 Federal Tax Return | L.Lerner | Confidential | D |
| Motion For Summary Judgment | Defendants | Confidential | E |

Accordingly, Defendants respectfully request that the Court grant it leave to file the above-listed documents under seal.

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
2
3
4  Dated: November 12, 2024            Respectfully submitted,
5                                  By: */s/ Trey Brown*
6                                      Trey Brown
                                       Brad Kane
7                                      Attorneys for Defendants
                                       VXN Group LLC and Mike Miller
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF CONFERRAL**

This motion is made following the conference of counsel pursuant to L.R. 79-5 which took place on October 31, 2024.

By: */s/ Trey Brown*
      Trey Brown