**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd. #717
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP, LLC and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME**<br><br>*[Filed concurrently with (1) Declaration of Brad S. Kane; and (2) [Proposed] Order]*<br><br>Date: January 3, 2025<br>Time: 1:30pm<br>Place: Courtroom #9B<br>**Judge: Hon. Wesley L. Hsu** |

---

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MACKENZIE ANNE THOMA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 3, 2025, at 1:30 pm or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu, Defendants VXN Group, LLC and Mike Miller (collectively, "Defendants") will and hereby do move for entry of an Order granting leave to refile their Motion for Summary Judgment on Phase One issues and an extension of time under the Bifurcation Order. [Dkt. 66]

**PLEASE TAKE FURTHER NOTICE** that a proposed form of order is also submitted herewith for the Court's consideration.

Under Local Rule 7-3, Defendants' counsel Brad S. Kane and Trey Brown asked Plaintiff's counsel Sarah Cohen if she would consent to the extension. Plaintiff's counsel stated that she did not consent.

Dated: November 22, 2024          Respectfully submitted,

                                             KANE LAW FIRM

                                       By: */s/ Brad S. Kane*
                                               Brad S. Kane
                                               Attorneys for Defendants
                                               VXN Group LLC and Mike Miller

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), Defendants respectfully make this motion for leave to refile their motion for summary judgment and extension of time under the Bifurcation Order. [Dkt. 66]

## I. STATEMENT OF FACTS

On May 16, 2024, the Court bifurcated discovery and ordered that "[p]hase One motions for summary judgment, if any, shall be filed within 60 days of the close of Phase One discovery." [Dkt. 66] Phase One discovery closed on September 13, 2024, requiring that motions for summary judgment be filed on November 12, 2024.

On November 12, 2024 Defendants filed their Motion for Summary Judgment ("Motion"). The next day, the Court struck the Motion because Defendants failed to explain why they did not follow the Court's Standing Order for Motions for Summary Judgment ("Standing Order"). [Dkt. 119]. Defendants promptly emailed opposing counsel to arrange a time to confer so that Defendants' may seek leave to refile its Motion in compliance with the Court's Standing Order. (Declaration of Brad S. Kane, hereinafter "Kane Decl.", at ¶ 9). The Parties met and conferred on Friday, November 15, 2024 and Plaintiff stated she will oppose this motion. *Id.* at ¶ 10.

## II. ARGUMENT

Fed. R. Civ. P. 6(b)(1)(B) states that "the court may, for good cause, extend the time: [for a deadline] (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The Court's Standing Order also states that: "[t]he deadline for hearing the motion will not be continued for failure to comply with this Order, absent good cause."

"Determining whether neglect is excusable requires a court to balance 'the danger or prejudice to the [other party], the length of the delay and its potential

---

1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

impact on judicial proceedings, the reason for the delay, ... and whether the movant acted in good faith." *Uche-Uwakwe v. Shinseki*, 349 F. App'x 136, 137 (9th Cir. 2009) citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997).

### A. Defendant's Failure to Follow the Court's Standing Order Was Based on a Good Faith Mistake

Defendants mistakenly believed that the Court's Standing Order was not applicable to the Motion. In hindsight, Defendants now realize its determination was based on faulty reasoning. At the time, Defendants made the mistake because the Court had not entered a scheduling order with a motion hearing cutoff deadline, nor entered the Standing Order on the docket in this case,[1] leaving the applicability of the Standing Order as well as compliance with the deadlines unclear to Defendants.

Further, Plaintiff did not mention the Court's Standing Order during the Motion meet and confer process and later acknowledged that she was unaware of the Standing Order prior to the Court striking the Motion. (Kane Decl., at ¶ 7). Finally, having read the language of the Bifurcation Order to require the filing of the Parties "motions" but not also oppositions, Defendants mistakenly concluded that the Standing Order was not applicable.

Finally, the Standing Order requires that the Parties meet and confer 60 days before the motion hearing cutoff set forth in the case management order. Since there is no case management order, Defendants were unsure how to comply

---

[1] Defendants also sought clarity by looking to other cases before this Court where summary judgment motions were filed and saw the Standing Order was actually entered into the docket. *See*, *e.g.*, *Brown v. EdFinancial Services LLC*, No. 5:23-cv-01273, at [Dkt. 41]; *Salari v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8-23-cv-01406, at [Dkt. 26]; *Ambrosetti v. Navient Corp.*, No. 2:23-cv-02650, at [Dkt. 40]. (Kane Decl., at ¶ 8).

2
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

with the Standing Order because they could not predict in advance what calendar hearing dates would be open for the Motion, and Defendants were unable to have a meaningful conferral on the last day of discovery (60 days prior to the deadline in the Bifurcation Order) because Plaintiff and her agent, a third party witness, had not completed document production[2] and the Parties had not completed Defendants' 30(b)(6) depositions.[3] Further, Defendants had anticipated the full 60 days to prepare their Motion, not the 46 days that would have been required by the Standing Order.

In hindsight, Defendants recognize that the proper procedure would have been to seek clarification with the Court prior to the end of discovery so that Defendants could have ensured compliance. Here, with discovery having been limited to 120 days, Defendants spent the Phase One discovery period entirely focused on obtaining the discovery needed to file the Motion, and inadvertently failed to consider the complexity regarding the preparation of the Motion itself. Defendants sincerely apologize to the Court for their mistake. In the future, Defendants will diligently adhere to the Court's procedures and proactively seek clarification if any confusion exists.

### B. A Brief Extension Will Not Impact the Judicial Proceedings

The Court has not issued a scheduling order setting forth the remainder of deadlines in this case, nor scheduled trial, so there should be only minimal impact on the judicial proceedings. *Huynh v. Allstate Northbrook Indem. Co.*, 2024 WL

---

[2] Plaintiff had responded to Defendants' production of documents request indicating that it would produce certain documents and then never did. (Kane Decl., at ¶¶ 2–4).

[3] The Parties mutually stipulated to the extension of Phase I for the sole purpose of completing 30(b)(6) depositions. (Kane Decl., at ¶ 5).

3
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

1660250, at *2 (E.D. Cal. Apr. 17, 2024) ("given the early stages of this case, it will not impact the judicial proceedings.")

### C. Any Delay Will be Minimal and Will Not Prejudice the Parties

Defendants have completed their portion of the Motion for Summary Judgment so only a short delay to the case is necessary. Indeed, during the meet and confer Defendants suggested to Plaintiff that the Parties could still make the originally scheduled January 3, 2025 hearing date if Plaintiff consented to the relief Defendants were requesting. (Kane Decl., at ¶ 10(a)). When Plaintiff argued there was insufficient time for Plaintiff to oppose both the Motion and Defendants' Motion for Sanctions based on discovery abuse, Defendants offered to stipulate to a later hearing date provided the discovery stay remained in place until the Court ruled on the Motion. *Id.* at ¶ 10(b). Again, Plaintiff's counsel refused and threatened Defendants with sanctions if Defendants moved forward with its Motion in any capacity without leave from the Court. *Id.* at ¶ 10(c).

Defendants have diligently conducted discovery and have not otherwise caused any unreasonable delay. A brief extension should not significantly impact the overall course of the litigation. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("the defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial.")

Plaintiff is not at risk of losing her ability to discover evidence in the case. Defendants have produced to Plaintiff evidence of preservation of all relevant discovery along with thousands of documents in response to Plaintiff's initial discovery requests. This is in stark contrast to Plaintiff, who did not produce a single document during discovery, despite Defendants' discovery requests seeking relevant information to the Plaintiff's claims such as evidence to support

4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

that Plaintiff is an employee. (Kane Decl., at ¶¶ 2–4). "To be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Werner v. Evolve Media, LLC*, 2020 WL 7890835, at *3 (C.D. Cal. Nov. 10, 2020).

### D. Good Cause Exists to Grant this Motion

Finally, while Plaintiff may view Defendants' inadvertent mistake as a "quick victory," it is not a ruling on the merits. *Caldwell v. Bloomin' Brands, Inc.*, 2021 WL 3264145, at *1 (C.D. Cal. Apr. 8, 2021) ("[T]he Ninth Circuit has found that losing the opportunity for a 'quick victory' at summary judgment constitutes only minimal prejudice") citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). The issues of whether Plaintiff is an independent contractor, or a professional actor still exist in the case.

"Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d 1253, 1259 (9th Cir. 2010). Neither party, nor the Court should have to expend the time and resources of litigating for another year, if not longer, a case that could potentially be resolved now but for Defendants' inadvertent mistake. This would cause greater prejudice than the short delay to refile the Motion in accordance with the Court's MSJ Standing Order. The Federal Rules require that cases "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[A] court has the inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Wheel Grp. Holdings, LLC v. Cub Elecparts, Inc.*, 2018 WL 6264980, at *1 (C.D. Cal. Sept. 4, 2018). For this reason, good cause exists to

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

5
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME

allow a short extension to comply with the Court's Standing Order and enable a ruling on the merits.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to refile its Motion. Further, to ensure compliance with the Standing Order, Defendants request the Court designate a deadline of 40 days from the entry of the Court's Order on this Motion for the filing of any renewed summary judgment motion regarding Phase One Discovery issues.

Under this procedure:

(i) The parties will have 8 days from entry of the Order to meet and confer as contemplated under Paragraph B.2(a) of the Standing Order;

(ii) thereafter, Defendants will have 14 days to transmit their portion of a Joint Brief, Joint Appendix of Facts, and Joint Appendix of Evidence to Plaintiff in compliance with Paragraph B.2(b) of the Standing Order;

(iii) thereafter, Plaintiff will have 14 days to complete and transmit their respective portions to Defendants; and

(iv) thereafter, Defendants will have 4 days to file a Renewed Motion for Summary Judgment.

A proposed order is concurrently filed with this Motion.

Dated: November 22, 2024

Respectfully submitted,

KANE LAW FIRM

By: */s/ Brad S. Kane*
Brad Kane
Trey Brown
Attorneys for Defendants
VXN Group, LLC and Mike Miller

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,717 words, which complies with L.R. 11-6.1, and this Court's Standing Order on word limits for memoranda of points and authorities in support of motions.

Dated: November 22, 2024       By:   */s/ Brad S. Kane*
                                             Brad Kane

## CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on November 22, 2023, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: November 22, 2024       By:   */s/ Brad S. Kane*
                                             Brad Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
PROOF OF SERVICE