**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd. #717
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP, LLC and MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**DECLARATION OF BRAD S. KANE IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION AND EXTENSION OF TIME**<br><br>*[Filed concurrently with (1) Notice of Motion and Motion; and (2) Proposed Order]*<br><br>Hearing Date:　January 3, 2025<br>Time:　　　　　1:30pm |

DECLARATION OF BRAD S. KANE

I, Brad S. Kane, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California since 1990, the State of Alaska since 1991 and Washington State since 2003. I am the owner of the Kane Law Firm ("KLF"), and counsel for Defendants VXN Group, LLC and Mike Miller (collectively, "Defendants"). I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge.

2. On July 16, 2024, Defendants issued to Plaintiff a Request for Production of Documents containing 36 separate requests ("Document Request").

3. On August 29, 2024, Plaintiff issued a response to Defendants' Document Request. Among myriad objections, Plaintiff variously disclaimed possession of responsive materials or indicated that "after a reasonable search," she "will produce responsive documents within her custody and control."

4. To date, Plaintiff has failed to produce any documents in response to Defendants' Document Requests.

5. On September 8, 2024, pursuant to mutual agreement, Plaintiff and Defendants stipulated to the extension of the Phase I discovery deadline to September 18, 2024 for the sole limited purpose of allowing Plaintiff to review discovery produced by Defendants prior to conducting Plaintiff's ordered Rule 30(b)(6) depositions of Defendants' corporate representatives.

6. On October 31, 2024, I and co-counsel Trey Brown met and conferred with Plaintiff's counsel Sarah Cohen ("Cohen") via Zoom teleconference under Local Rule 7-3 to discuss Defendants' intention to file a motion for summary judgement and potential areas of agreement regarding the applicable law and undisputed material facts. Ultimately, the parties were unable to reach any agreement.

7. During the parties' October 31, 2024 meet and confer, Cohen did not mention the Court's Standing Order for Motions for Summary Judgement or the need to file a joint brief.

8. Prior to the filing of Defendants' Motion for Summary Judgment on November 12, 2024, I reviewed the dockets of other cases assigned to this Court to determine the applicability of the Court's Standing Order for Motions for Summary Judgment. I noted that the Standing Order had been filed on the docket of many cases, whereas the Standing Order had not been entered on the docket in this matter.

9. On November 14, 2024, I emailed Cohen to schedule a meet and confer under Local Rule 7-3 to discuss Defendants' intention to file a Motion for Leave to file a Renewed Motion for Summary Judgment ("Motion").

10. On November 15, 2024, I and co-counsel Trey Brown met and conferred with Cohen counsel via Zoom teleconference. During the conference:

 a. I asked that Plaintiff stipulate to Defendant's Motion so the Refiled Motion of Summary Judgment could still be heard on the original January 3, 2025 hearing date. Since Defendants' portions of the joint brief and appendix were essentially complete except for reformatting, Plaintiff would still have her full time to complete her portions.

 b. Cohen expressed concern regarding the difficulty of simultaneously preparing responses to (i) Defendant's Motion of Evidentiary Sanctions [Dkt. 115], and (ii) the Renewed Motion for Summary Judgment. In response, Defendants offered to stipulate to an extension of both hearing dates to allow Plaintiff adequate time to oppose both motions. Cohen rejected Defendants' offer.

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2
DECLARATION OF BRAD S. KANE

     c.    Finally, Cohen refused to confer regarding the drafting of any joint materials required under the Court's Standing Order on Motions for Summary Judgment unless and until the Court grants this Motion. Further, Plaintiff threatened to seek Rule 11 sanctions if Defendants refiled their Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 22, 2024 at Los Angeles, California.

                    */s/ Brad S. Kane*
                     Brad S. Kane