**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (Cal. Bar No. 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310)438-5555; Fax: (310)300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company and MIKE MILLER, an individual;<br><br>Defendants. | CASE NO: 2:23-cv-04901-WLH (AGRx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON DISCOVERY**<br><br>**Hearing Date:** January 3, 2024 |

MOTION TO LIFT STAY ON DISCOVERY

**TO THE COURT, DEFENDANTS AND ITS ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that on January 3, 2025 at 1:30 pm, or as soon as the matter may be heard, the Honorable Wesley L. Hsu presiding, Plaintiff Mackenzie Anne Thoma hereby does move this Court for a Motion to Lift the Stay on Discovery.

This Motion is based upon this Notice of Motion, the Motion, the declaration filed concurrently herewith, the files and records on file herein, and upon other such evidence as may be considered by the Court at the time of the hearing on this motion.

Dated: November 22, 2024     BIBIYAN LAW GROUP, P.C.

/s/ Sarah Cohen

# MOTION TO LIFT STAY ON DISCOVERY

Plaintiff Mackenzie Anne Thoma ("Plaintiff") hereby submits the following Motion to Lift Stay on Discovery issued on May 16, 2024.

## I. BACKGROUND

Plaintiff Mackenzie Anne Thoma ("Plaintiff" or "Ms. Thoma") filed this action in state court in April 2023, alleging that defendants VXN Group LLC ("VXN") and Mike Miller ("Miller")("Defendants") denied Plaintiff (and those similarly situated) overtime, minimum, and premium wages, among other things, by misclassifying Plaintiff and putative class members as independent contractors. After removal to federal court, Defendants engaged in extensive motion practice and successfully moved this Court to bifurcate discovery, which resulted in a delay in conducting class wide discovery as well as a strict deadline for Defendants to file their motion for summary judgment ("MSJ"). Defendants failed to follow this Court's MSJ Standing Order, resulting in their MSJ being stricken. This case is thus ripe to proceed on its merits including the start of class wide discovery.

On May 16, 2024, this Court granted Defendants' Motion to Bifurcate discovery and summary judgment into two phases ("Bifurcation Motion")(**Dkt. 58**). In the Bifurcation Motion, the Court ordered "the first phase of discovery and summary judgment shall be limited to discovery into two threshold issues related to Plaintiff's individual claims." (**Dkt. 66**). The threshold issues were (1) whether Plaintiff is an independent contractor or employee; and (2) whether Plaintiff falls under the professional actor exemption of IWC Wage Order 12. These two issues were together known as "Phase One." (**Dkt. 66**)

The Bifurcation Order also set a time schedule for Phase One of discovery and summary judgment.

(1) Phase One discovery shall be conducted for 120 days from the date of this Order;

(2) Phase One motions for summary judgment, if any, shall be filed within 60 days of the close of Phase One discovery;

(3) All other discovery matters not related to whether Plaintiff is an independent contractor or employee, or whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12, are stayed until the Court so orders. A schedule governing any further proceedings shall issue, if necessary, following rulings on any Phase One summary judgment motion(s).

The Bifurcation Order thus set a deadline for Phase 1 discovery to last until September 13, 2024and for Defendants' MSJ to be filed no later than November 12, 2024.[1] (**Dkt. 66**)

During the Phase 1 discovery period, Defendants engaged in tactics to obtain discovery outside of Phase 1 parameters. For example, Defendants served between 5-7 subpoenas for documents and testimony, which were entirely unrelated to Phase 1 discovery; Defendants also engaged in a harassing fishing expedition into the entire archive of the Instagram account for Plaintiff's former agent Ryan Murphy on a whim that Plaintiff filed this case as a vendetta. **(Decl. of Cohen, para. 6, Exhibit A)**. The Magistrate Judge ultimately agreed that Defendants' document subpoena to Ryan Murphy requested documents outside of the scope of Phase 1 discovery (**Dkt. 110). Defendants'** discovery tactics during the Phase 1 discovery period were harassing in nature to say the least.

Defendants filed their MSJ on November 12, 2024 (**Dkt. 111)**, which was stricken by this Court for failing to comply with this Court's MSJ Standing Order (**Dkt. 119**). Following the Court's Order striking Defendants' MSJ, during the Parties November 15, 2024 meet and confer, Defendants have represented to Plaintiff that they intend to concurrently file a motion to renew their leave to file the MSJ **along**

---

[1] The Parties stipulated to a short extension for the purpose of completing the depositions of Defendants' Persons Most Knowledgeable.

1  **with** the renewed MSJ itself. Plaintiff also informed Defendants of her intention to
2  file a motion to lift the stay on discovery. **(Decl. of Cohen, para. 7).** Defendants
3  intend for the motions to be briefed during the same briefing period as Defendants'
4  **improper** Evidentiary Sanctions Motion, which was filed **without leave of the**
5  **Magistrate Judge** and in direct contravention of the Magistrate Judge's Orders.

6        Defendants continue to defy the orders of this Court and the Magistrate Judge.
7  Defendants' intentions are only to further harass Plaintiff, third-party witnesses, and
8  delay the prosecution of this case on its merits. Defendants should no longer be
9  rewarded for flouting this Court's rules and delaying the progress of this case. For the
10 reasons stated in this Motion, there is good cause to lift the stay on discovery and
11 permit litigation to move forward on a class wide basis.

12     II.    **LEGAL STANDARD**

13       Moving to lift stays on discovery rely on judicial discretion, and generally the
14 showing of good cause. <u>In re Am. Funds Sec. Litig</u>., 493 F. Supp. 2d 1103. A party
15 who wishes for discovery to be stayed carries the heavy burden of making a strong
16 showing why discovery should be denied. *Gray v. First Winthrop Corp.*, 133 F.R.D.
17 39, 39 (N.D. Cal. 1990). As set forth below, Defendants do not have good cause for
18 the discovery stay to remain in place as they continue to flout this Court's orders, the
19 Court's rules and the Local Rules. Defendants have violated the Bifurcation Order,
20 the Local Rules, and this Court's MSJ Standing Order. Defendants have spent almost
21 **two (2) years delaying this case** without any regard to the need of expedient and non-
22 frivolous proceedings. Plaintiff would be prejudiced were the stay on discovery to
23 remain in place as it would further delay this matter and reward Defendants' for their
24 complete disregard to the strict timeline set by this Court's Bifurcation Order. (Dkt.
25 66). As such, good cause has been demonstrated, and the Motion to Stay should be
26 lifted so Plaintiffs are not further prejudiced.

27     III.    **ANALYSIS**

28

### a. Defendants Have Violated the Bifurcation Order, Local Rules, and This Court's MSJ Standing Order

Defendants have repeatedly violated this Court's Orders, the Local Rules, and this Court's MSJ Standing Order. Defendants have threatened the filing, without leave, a Renewed MSJ Motion. Further, Defendants filed a Motion for Evidentiary Sanctions without leave and in violation of the Local Rules, including Local Rule 37-1 through 37-2.

#### i. Defendants Filed an Untimely and Violative Motion for Summary Judgment

Despite having moved for the Bifurcation Order themselves, Defendants have repeatedly attempted to circumvent the court-ordered limitations in the Bifurcation Order, and in the Court's Standing Orders. The Bifurcation Order set forth a clear and unquestionable schedule for Phase One of Discovery, which Defendants have plainly disobeyed **(Dkt. 66).**

Phase One discovery was to be conducted for 120 days from the date of the Order, May 16th, 2024. 120 days from May 16th is September 13th, 2024. The Court ordered that any Phase One motions for summary judgement shall be filed within 60 days of the close of Phase One discovery. 60 days from September 13th is November 12th, 2024. By this timeline, any Phase One motions for summary judgment and all related moving papers should have been filed by Tuesday, November 12th.

Defendants filed their Motion for Summary Judgement and Application to File Documents under Seal for Defendants' Motion for Summary Judgment on November 12 (**Dkt. 11**). And additional papers on November 13th, which is one day after the deadline. On November 13, the Court ordered the MSJ stricken on account of its noncompliance; "The Court hereby orders the Motion for Summary Judgment is STRICKEN for failure to comply with the Court's Standing Orders for Motions for Summary Judgment (**Dkt. 31-1**). Defendants failed to file a joint brief and provided no explanation as to why it was not possible to file a joint brief." *Id*.

Since Defendants' MSJ did not obey the Court's MSJ Standing Order, any future filing will be untimely unless Defendants obtain leave to refile their MSJ, which they do not have and should not be granted. Defendants' MSJ was violative, appropriately STRICKEN, and the application appropriately DENIED. In total, Defendants' MSJ was one of double delinquency – their MSJ was untimely late and violative of the MSJ Standing Order.

### ii. **Defendants Filed an Improper Evidentiary Sanctions Motion**

On October 15, 2024, the Parties appeared before Magistrate Judge Alicia G. Rosenberg on Defendants' Motion to Compel Further Responses (**Dkt. 105**). Despite Defendants' insistence at this hearing that additional discovery was needed in Phase One, Defendants were not granted their request to compel further responses. (**Decl. of Cohen, para. 8, Exhibit B)**.

Hon. Alicia Rosenburg stated Defendants likely were "left with the record" they had Defendants were instructed that if they wanted to obtain further discovery, Defendants "would need relief from the district judge" at a minimum. *Id.* Defendants have not done so. Defendants were not granted leave to file any discovery motions except one related to moving this Court for an extension to the Phase One discovery period. *Id*.

Instead, Defendants retaliated against Plaintiff's success by filing a Motion for Evidentiary Sanctions. Plaintiff intends to oppose the substance of the Evidentiary Sanctions Motion in her opposition, separate from the present motion. For the present Motion, the purpose of raising this issue is to highlight an additional example of Defendants filing motions in violation of the Local Rules.

Defendant's Evidentiary Sanctions is actually a motion for discovery sanctions, and thus is required to comply with Local Rule 37. Indeed, Local Rule 37-1 states "before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," and should counsel be

unable to settle their differences, "formulate a joint written stipulation." (LR 37-1) F.Rs.Civ.P. 34 relates to producing documents and electronically stored information (LR 34.1-3). Documents and electronically stored information is precisely what Defendants Evidentiary Sanctions Motion discusses **(Dkt. 115).** Therefore, Defendants were required to formulate a joint written stipulation, which they did not. This is yet another examples of Defendants' disregard for the Local Rules.

Per Standing Order, the Court strictly enforces Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" (**Dkt. 15**). Defendants have broken this rule numerous times. (**Dkt. 15**). For this reason, Plaintiff requests no further violations of the court order are allowed and the case may appropriately proceed on the merits. As of the date of this Motion, it has been approximately 1 year and 8 months since the filing of this case. Further, Defendants have had over six (6) months to ensure compliance with the MSJ Standing Order.

Instead of complying with the rules, Defendants have engaged in harassing behavior and continue to file baseless motions without leave. Plaintiff has abided by this Court's ordered timeline and asks for discovery to proceed on a class wide basis. To keep the discovery stay in place only rewards Defendants for their reckless disregard for rules and orders applicable to them.

### b. <u>Defendants Disregard Judicial Economy & Prejudice to Plaintiff</u>

Since the case's inception, Defendants have brought a relentless barrage of motions with blatant disregard for the judicial economy.

As stated above, on April 17, 2023, Plaintiff filed a complaint with the LWDA. **(Decl. of Cohen, para. 9).** On April 20, 2023, Plaintiff filed her wage and hour class action against Defendants in the Central District of California Case No. 2:23-cv-04901-WLH (AGRx). On July 12, 2023, Ms. Thoma filed a representative action for civil penalties under the Labor Code Private Attorneys' General Act of 2004, codified at Labor Code section 2698, *et seq.* as a proxy of the State of California against

Defendants for alleged wage-and-hour violations that she alleges that she and aggrieved employees suffered during their employment with Defendants. <u>Plaintiff's PAGA matter is currently stayed pending the outcome of this federal class action, which is prejudicial to Plaintiff, aggrieved employees, and the State of California.</u> **(Decl. of Cohen, para. 10).**

This case was removed to this court on June 21, 2023. This case finally left the pleading stage on April 24, 2024, *one year after* it was filed despite extensive motion work, most of which was filed and commenced by Defendants such as their meritless anti-SLAPP motion. There are currently more than **120** documents on the docket. Plaintiffs have faced egregious tactics by Defendants, most chiefly a meritless anti-SLAPP motion and three (3) motions to dismiss.

Defendants unsuccessfully attempted to abuse the Anti-SLAPP process to circumvent and delay Plaintiff's right to conduct discovery and have the case heard on its merits. Indeed, Defendants brought a frivolous and untimely motion which was improper under Cal. Civ. Proc. Code §425.16, which this court appropriately denied **(Dkt. 49)**.

Further, Plaintiff has survived three motions to dismiss by Defendants. Each motion was procedurally and substantively defective. It is worth noting that Defendants' failure to meet and confer with Plaintiff is not a new behavior. By the time they attempted to move to dismiss for the second time, Defendants had already failed to properly meet and confer with Plaintiff in a timely fashion regarding a motion to dismiss **three** times. Time and time again, Defendants show disregard to the rules of this court. (**Dkt. 31-1**).

Plaintiff is eager to avoid further wasting the Court's time on resources on anything other than the merits of the case. Given the harassing and burdensome tactics used by Defendants at every stage of this litigation thus far, Plaintiff respectfully requests that the Court deprive them of another opportunity.

### c. **Furtherance of this Bifurcation and Stay on Discovery Does Not Serve the Judicial Economy**

The party seeking bifurcation bears the burden of establishing that "bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." *Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 220CV10515JVSAFMX, 2021 WL 4816627 at 1 (C.D. Cal. Aug. 11, 2021). Courts within the 9th Circuit found that bifurcation does not benefit the judicial economy. *Gravity Defyer Corp. v. Under Armour, Inc.*, No. LACV13-01842 JAK (JCGx), 2013 WL 12138987, at *3 (C.D. Cal. July 23, 2013) ("Defendants have not carried their burden to show that bifurcation will result in a significantly more efficient proceeding. On the contrary, bifurcation may well lead to significant additional costs"); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-0383RSL, 2015 WL 12025327, at *2 (W.D. Wash. June 25, 2015) (finding that bifurcation "would likely increase costs and inefficiencies for the parties and the Court"); *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *3 (N.D. Cal. Oct. 5, 2006) ("In any event, given the overlapping nature of the issues involved and the practical difficulties and inefficiencies of bifurcating discovery, such bifurcation is simply not judicial efficient.")

The court in *True Health Chiropractic* stated, "bifurcation has the potential to complicate this litigation further, even if the named plaintiffs are not adequate class representatives. And if the named plaintiffs are adequate class representatives, bifurcation will not have streamlined anything or otherwise served the interest of judicial economy." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188 at 2 (N.D. Cal. Jan. 20, 2015). The court continues "even if discovery proves that True Health and McLaughlin should not represent the class, Defendants appear to assume that the case will be dismissed, and therefore that neither the parties nor the Court will have anything left to do in the case. In reality, however, if True Health and McLaughlin are found to not meet the class definition,

Plaintiffs will likely seek to proceed with the case by finding other, adequate representatives." *Ibid* at 2.

Indeed, the judicial economy stands to be severely harmed by continuing the discovery stay on the class discovery as there is no dispositive motion pending by Defendants and the stay bars Plaintiff from proceeding with class wide discovery. Plaintiff needs to move forward with preparing this matter for class certification. An order staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in support of their class certification motion. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990). Given the extensive motion practice to date (most of which was filed and commenced by Defendants) along with the additional pause on class wide discovery during the Phase One period, it is in the interest of the judicial economy to lift the stay on discovery.

### d. Plaintiff is Prejudiced Further if Stay is not Lifted

As mentioned above, Defendants bear the burden to show they would be prejudiced should bifurcation. *Kamrava v. Cenlar Cap. Corp.*, No. 220CV11465ABEX, 2021 WL 10373035 at 2-3 (C.D. Cal. Oct. 7, 2021). While Defendants were successful in their bifurcation motion, they abused the rights given to them in the Bifurcation Order and took actions beyond that permitted in the Bifurcation Order.

A furtherance of the discovery stay is prejudicial to Plaintiff as discovery of class information from third parties could be more difficult to obtain and increases the risk that evidence will be lost or destroyed. *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 at 2 (C.D. Cal. Nov. 10, 2020); see also *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). *Johansen* reasoned that since discovery is just beginning, there is no

indication that Defendant has satisfactorily preserved all vital records in the matter. *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976 at 2 (C.D. Cal. Nov. 10, 2020).

Given that Plaintiff has already been prejudiced by expending time and resources fighting numerous motions, enduring a 6-month period of bifurcated discovery, and a constant victim of Defendants' disregard for this Court's rules, the stay should be lifted.

### D.   CONCLUSION

Since the Bifurcation Order, Plaintiff has followed the court's orders and limited her discovery and all court work to Phase One, despite the limitations it placed on her case. Meanwhile, Defendants had ample time to advantageously engage in Phase One but chose to squander it with frivolous and harassing actions, all while taking no action to extend Phase One before blowing through deadlines and flouting the rules. Any actions Defendants did take were violative of this Court's orders – from the MSJ to the Evidentiary Sanctions motion taken without leave. This amounts to disregard for judicial efficiency, the Court's rules, Standing Orders and severe prejudice to Plaintiff and the putative class. For the foregoing reasons, Plaintiff respectfully requests that the Court lift the stay on discovery in its entirety.

Dated:  November 22, 2024          BIBIYAN LAW GROUP, P.C.

                                   */s/ Sarah Cohen*
                                   DAVID D. BIBIYAN
                                   SARAH COHEN
                                   RAFAEL YEDOYAN
                                   Attorneys for Plaintiff, MACKENZIE ANNE THOMA, and on behalf of herself and all others similarly situated