# EXHIBIT A

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that on May 24, 2024, Defendant VXN GROUP, LLC, by and through undersigned counsel, will cause the attached subpoena to be served via process server on Ryan Gerona Murphy.

Respectfully submitted,

By:  */s/ Brad S. Kane*
     Brad Kane
     Trey Brown
     Attorneys for Defendants
     VXN Group LLC; Strike 3
     Holdings, LLC; General Media
     Systems, LLC; and Mike Miller

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

David D. Bibiyan
*david@tomorrowlaw.com*
Jeffrey D. Klein
*jeff@tomorrowlaw.com*
Sarah H. Cohen
*sarah@tomorrowlaw.com*
Rafael Yedoyan
*rafael@tomorrowlaw.com*
Wesley Gonzales
*wesley@tomorrowlaw.com*

Dated: May 24, 2024          By:    */s/ Brad Kane*
                                      Brad S. Kane

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT "A" to SUBPOENA

## I. DEFINITIONS

1.     "And," "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all Documents (as hereinafter defined) responsive to all or any part of each particular request.

2.     "Any," "each," "every," and "all" shall be read to be inclusive and to require the production of each and every Document and/or Communication (hereinafter defined) responsive to the particular request.

3.     "APPLEBAUM" means the individual named Chris Applebaum a.k.a. "Halston".

4.     "BLF" means the Bibiyan Law Firm, including its agents, representatives, or any person acting on its behalf.

5.     "COMMUNICATION" means any disclosure, transfer, or exchange of information, expression, or opinion, however made, including oral, graphic, written, or electronic transmittal of information, including any Document that contains, reflects, or references any Communication.

6.     "DEFENDANTS" means VXN GROUP, LLC, GENERAL MEDIA SYSTEMS, LLC, STRIKE 3 HOLDINGS, LLC, and MIKE MILLER, and each of them, including their agents, employees, representatives, or anyone acting on its behalf.

7.     "DOCUMENT(S)" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality

ATTACHMENT "A" to SUBPOENA

of the foregoing, "documents" shall include correspondence, letters, memoranda, memoranda for files, reports, graphs, hard drives, discs, printouts, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered separate documents.

8.      "ENGAGEMENT" means any contract or agreement to perform services, whether written or implied, and any arrangement to perform services arising out of such contract or agreement.

9.      "INCLUDING" means including, but not limited to.

10.     "INSTAGRAM ACCOUNT" means the account situated on the social media platform Instagram that operates or operated under the username "RGMURPHLV" listed under the URL: https://www.instagram.com/rgmurphlv [last accessed on May 13, 2024].

11.     "KING" means the individual named Jason King a.k.a. "Austin King".

12.     "LOAN OUT COMPANIES" means any entity through which PLAINTIFF provided services, including but not limited to corporations, limited liability companies, or other business entities, including but not limited to Kenzieland LLC and Lola March LLC.

13.     "MOTLEY" means Twice Baked Media, Inc. d/b/a Motley Models.

14.     "PERFORMERS FIRST AGENCY" means the agency referenced in the January 24, 2024 Instagram post by YOU described as "PFA" found at https://www.performersfirst.com/.

15.     "PERSON" means any natural person, firm, partnership, association, joint venture, corporation, governmental entity or agency, or other organization or legal or business entity, without any limitation, or any party (including agents or employees) to this litigation.

ATTACHMENT "A" to SUBPOENA

16.     "PLAINTIFF" means Mackenzie Anne Thoma a.k.a Kenzie Anne, including her

agents, representatives, anyone acting on her behalf, and any business entity through which

Mackenzie Anne Thoma provided services, including the LOAN OUT COMPANIES.

17.     "PORN CRUSH" means www.porncrush.com.

18.     "RELATES" or "RELATING TO" shall mean directly or indirectly, refer to,

reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or

factually connected with the matter discussed.

19.     "ROCK" means the individual named David Clifford Bacon II a.k.a. "Dave

Rock".

20.     "SUMMER" means the individual performing under the screen name "Charly

Summer".[1]

21.     "SUPRO" means the individual named Todd Gillman a.k.a. "Todd Supro".

22.     "THIS MATTER" means this lawsuit, Mackenzie Anne Thoma a.k.a. Kenzie

Anne v. VXN Group, LLC, Strike 3 Holdings, LLC, General Media Systems, LLC and Mike

Miller, No. 2:23-cv-04901-WLH (AGRx) (Central District of California).

23.     "YOU" or "YOUR" refers to Ryan Gerona Murphy, a.k.a. Ryan Kona.

24.     "VISION" means the individual named Sidney Sanderson Millspaugh IV, a.k.a.

"Sid Visions" a.k.a. "Sid Vision."

25.     The words "and" and "or" shall be construed either disjunctively or conjunctively

as necessary to bring within the scope hereof any responses to interrogatories, documents, or

communications, which might otherwise be construed to be outside the scope hereof.

---

[1] To the extent YOU require SUMMER's real name for identification purposes, Defendant will
provide such identifying information after the entry of an applicable Protective Order.

ATTACHMENT "A" to SUBPOENA

## II.    INSTRUCTIONS

1.    If your response to a request is that you do not have possession, custody, or control of a document or communication, please identify who likely has control of the document and its location.

2.    In the event that any information requested is withheld on the basis of a claim of privilege, state the ground(s) of the privilege claimed with sufficient particularity to evaluate the claim, and, if any documents are claimed to be privileged, set forth the author, all recipients, number of pages, attachments or appendices, present custodian, and a general description (e.g., "letter" or "memorandum") of the document.

3.    Any information not provided on the basis that the disclosure would be burdensome or oppressive should be identified by stating the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request. This will make it possible to further narrow any request and potentially identify a reasonable alternative or limitation, and Defendants will meet and confer on that matter.

4.    Each copy or duplicate of a document bearing initials, stamps, comments or notations of any character which are not part of the original text shall be considered a separate document. Additionally, all drafts (whether typed, handwritten or otherwise) made or prepared in connection with any document shall be considered a separate document.

5.    Documents kept in an electronic or digital format should be produced with all metadata and delivered in their original format or in a manner agreed to by counsel.

6.    Emails must identify all recipients and include attachments, previous threads, and forwards.

ATTACHMENT "A" to SUBPOENA

7.      The singular of any noun includes the plural.

8.      Unless otherwise directed, these requests ask for discoverable materials from

November 11, 2020 to the present.

### III.    DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1.** Produce all COMMUNICATIONS between YOU and any PERSON

regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 2.** Produce all COMMUNICATIONS between YOU and VISION

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 3.** Produce all COMMUNICATIONS between YOU and ROCK

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 4.** Produce all COMMUNICATIONS between YOU and SUPRO

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 5.** Produce all COMMUNICATIONS between YOU and APPLEBAUM RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE**:

**REQUEST NO. 6**. Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE:**

**REQUEST NO. 7.** Produce all COMMUNICATIONS between YOU and VISION RELATING TO THIS MATTER.

**RESPONSE**:

**REQUEST NO. 8**. Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 9.** Produce all COMMUNICATIONS between YOU and ANY PERSON RELATING TO THIS MATTER.

**RESPONSE**:

**REQUEST NO. 10.** Produce all DOCUMENTS RELATING TO YOUR contractual relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for PLAINTIFF, and any agreement providing for commissions payable to YOU in connection with PLAINTIFF.

 **RESPONSE**:

**REQUEST NO. 11.** Produce all DOCUMENTS RELATING TO any commissions payable to YOU in connection with PLAINTIFF's ENGAGEMENTS with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE**:

**REQUEST NO. 12.** Produce all DOCUMENTS RELATING TO any payments between PLAINTIFF and YOU in connection with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

ATTACHMENT "A" to SUBPOENA

**RESPONSE**:

**REQUEST NO. 13.** Produce all DOCUMENTS RELATING TO any payments between LOAN OUT COMPANIES and YOU in connection with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE**:

**REQUEST NO. 14**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 15**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with any PERSON.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 16**. Produce all DOCUMENTS that reference PLAINTIFF'S LOAN OUT COMPANIES, INCLUDING contracts, agreements, correspondence, invoices, payment records, and financial statements related to any services provided by PLAINTIFF through her LOAN OUT COMPANIES.

**RESPONSE**:

**REQUEST NO. 17**. Produce all DOCUMENTS between YOU and MOTLEY relating to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 18**. Produce all DOCUMENTS between YOU and MOTLEY relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 19.** Produce all COMMUNICATIONS between YOU and MOTLEY relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 20**. Produce all COMMUNICATIONS between YOU and ROCK relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 21**. Produce all COMMUNICATIONS between YOU and VISION relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 22**. Produce all COMMUNICATIONS between YOU and VISION relating to the statement posted on your Instagram story on January 24, 2024 where VISION said to you "Don't worry, you don't fuck me, I won't fuck you."

**RESPONSE**:

**REQUEST NO. 23.** Produce all COMMUNICATIONS relating to "Vixen [sic] suspicions were correct that Motley had something to do with [THIS MATTER] as Sid Visions was the man who introduced Kenzie to her lawyer and bragged about how he convinced her to do this" as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 24.** Produce all COMMUNICATIONS relating to "Sid [sic] biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and Interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of [sic] it was a rumor or fact and try to use that against everyone which many of you may have been victim of" as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 25.** Produce all COMMUNICATIONS indicating VISION had a personal vendetta against DEFENDANTS, as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 26.** Produce all COMMUNICATIONS indicating VISION and SUMMER "have a long history of shadiness" as stated in your January, 24, 2024 Instagram story.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 27**. Produce all COMMUNICATIONS relating to "when Porn Crush first launched Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September.  Since then I've heard rumors he may actually own the site.  I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him" as stated in your January, 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 28**. Produce all COMMUNICATIONS relating to VISION'S character issues.

**RESPONSE**:

**REQUEST NO. 29**. Produce all COMMUNICATIONS between YOU and KING relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 30**. Produce all COMMUNICATIONS between YOU and SUMMER relating to DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 31**. Produce all COMMUNICATIONS between YOU and BLF relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 32**. In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at: https://help.instagram.com/181231772500920. Please produce this information in HTML format.

**RESPONSE**:

**REQUEST NO. 33**. Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 34**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 35**. Produce all COMMUNICATIONS between YOU and ROCK relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 36**. Produce all COMMUNICATIONS between YOU and SUMMER relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 37**. Produce all COMMUNICATIONS between YOU and SUPRO relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 38**. Produce all COMMUNICATIONS between YOU and PERFORMERS FIRST AGENCY relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 39**. Produce all DOCUMENTS RELATING TO any payment of money or other consideration to YOU from any PERSON in connection with the editing, removal, relocation, archiving, or deletion of any post on the INSTAGRAM ACCOUNT.

**RESPONSE**:

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

      Plaintiff,

v.

VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,

      Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**NOTICE OF INTENT TO SERVE SUBPOENA**

1    PLEASE TAKE NOTICE that on May 9, 2024, Defendant VXN GROUP,

2  LLC, by and through undersigned counsel, will cause the attached subpoena to be

3  served via process server on Meta Platforms, Inc. d/b/a Instagram, LLC.

4                              Respectfully submitted,

5

6                              KANE LAW FIRM

7                              By:  /s/ Brad S. Kane

8                                   Brad S. Kane
                                    Eric Clopper
9                                   Trey Brown
10                                  Attorneys for Defendants
                                    VXN Group LLC; Strike 3
11                                  Holdings, LLC; General Media
12                                  Systems, LLC; and Mike Miller

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1

2

## CERTIFICATE OF SERVICE

3

4

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

5

6

David D. Bibiyan
*david@tomorrowlaw.com*

7

Jeffrey D. Klein
*jeff@tomorrowlaw.com*

8

Sarah H. Cohen
*sarah@tomorrowlaw.com*

9

Rafael Yedoyan
*rafael@tomorrowlaw.com*

10

11

12

13    Dated: May 9, 2024                By:    */s/ Brad S. Kane*

14                                              Brad Kane

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA



**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

*Attorneys for Defendants*
VXN Group, LLC and Mike Miller

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

MACKENZIE ANNE THOMA, a.k.a.
KENZIE ANNE, an individual and on
behalf of all others similarly situated,

     Plaintiff,

v.

VXN GROUP LLC, a Delaware
limited liability company; MIKE
MILLER, an individual; and DOES 1
to 100, inclusive,

     Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**NOTICE OF TAKING DEPOSITION**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the deposition of:

Name:      OSCAR HERNANDEZ
Date:      AUGUST 27, 2024
Time:      10:00 A.M.
Place:     Veritext Legal Solutions, 707 Wilshire Blvd., Ste. 3500, Los Angeles, CA 90017

**YOU ARE FURTHER NOTIFIED THAT**:

[**X**] Non-party deponent: The deponent is not a party to this action. So far as known to the deposing party, the deponent's address and telephone number are as follows: <u>3923 Avenida Del Sol, Studio City, CA 91604</u>. Said deponent has been served with a Deposition Subpoena. A COPY OF THE DEPOSITION SUBPOENA IS ATTACHED HERETO AND SERVED HEREWITH.

Respectfully submitted,

By:  */s/ Trey Brown*
                    Trey Brown
                    Brad Kane
                    Attorneys for Defendants
                    VXN Group, LLC and Mike
                    Miller

*KANE LAW FIRM*
*1154 S. Crescent Heights Blvd.*
*Los Angeles, CA 90035*

NOTICE OF TAKING DEPOSITION

1
2

## CERTIFICATE OF SERVICE

3
4

I hereby certify that on August 9, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

5

David D. Bibiyan

6

*david@tomorrowlaw.com*

Jeffrey D. Klein

7

*jeff@tomorrowlaw.com*

8

Sarah H. Cohen

*sarah@tomorrowlaw.com*

9

Rafael Yedoyan

10

*rafael@tomorrowlaw.com*

Wesley Gonzales

11

*wesley@tomorrowlaw.com*

12
13
14

Dated: August 9, 2024          By:  */s/ Trey Brown*

15

Trey Brown

16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF TAKING DEPOSITION

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____ | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

      The deposition will be recorded by this method: _____

❑  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

                *CLERK OF COURT*

                                        OR

       _____       _____

         *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



1  **KANE LAW FIRM**
2  Brad S. Kane (SBN 151547)
   bkane@kanelaw.la
3  1154 S. Crescent Heights. Blvd.
4  Los Angeles, CA 90035
   Tel:  (323) 697-9840
5  Fax: (323) 571-3579

6  Trey Brown (SBN 314469)
7  trey.brown@vixenmediagroup.com
   11337 Ventura Blvd.
8  Studio City, CA 91604

9  *Attorneys for Defendants*
10 VXN Group, LLC and
   Mike Miller
11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13                    **WESTERN DIVISION**

14 MACKENZIE ANNE THOMA, a.k.a.       Case No. **2:23–cv–04901 WLH (AGRx)**
15 KENZIE ANNE, an individual and on
   behalf of all others similarly situated,  **NOTICE OF INTENT TO SERVE**
16                                          **SUBPOENA**
        Plaintiff,
17
   v.
18
19 VXN GROUP LLC, a Delaware
   limited liability company; MIKE
20 MILLER, an individual; and DOES 1
   to 100, inclusive,
21
22      Defendants.

23
24
25
26
27
28

              NOTICE OF INTENT TO SERVE SUBPOENA

*(left margin, vertical)* **KANE LAW FIRM** 1154 S. Crescent Heights Blvd. Los Angeles, CA 90035

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

*Attorneys for Defendants*
VXN Group, LLC and
Mike Miller

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>            Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

*Sidebar (vertical text):* KANE LAW FIRM / 1154 S. Crescent Heights Blvd. / Los Angeles, CA 90035

1    PLEASE TAKE NOTICE that on May 9, 2024, Defendant VXN GROUP,

2    LLC, by and through undersigned counsel, will cause the attached subpoena to be

3    served via process server on Meta Platforms, Inc. d/b/a Instagram, LLC.

Respectfully submitted,


KANE LAW FIRM

By:  */s/ Brad S. Kane*
    Brad S. Kane
    Eric Clopper
    Trey Brown
    Attorneys for Defendants
    VXN Group LLC; Strike 3
    Holdings, LLC; General Media
    Systems, LLC; and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

1

2

## CERTIFICATE OF SERVICE

3

4
    I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

5

6
    David D. Bibiyan
*david@tomorrowlaw.com*

7
    Jeffrey D. Klein
*jeff@tomorrowlaw.com*

8
    Sarah H. Cohen
*sarah@tomorrowlaw.com*

9

10
    Rafael Yedoyan
*rafael@tomorrowlaw.com*

11

12

13
Dated: May 9, 2024       By:   */s/ Brad S. Kane*

14
                    Brad Kane

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

1       PLEASE TAKE NOTICE that on August 21, 2024, Defendant VXN

2   GROUP, LLC, by and through undersigned counsel, will cause the attached

3   subpoena to be served via process server on Artists Business Management Group,

4   Inc.

5

6                          Respectfully submitted,

7

8

9               By:   _/s/ Trey Brown_

10                   Trey Brown

11                   Brad S. Kane

                       Attorneys for Defendants

12                   VXN Group LLC and Mike Miller

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

1
2

**CERTIFICATE OF SERVICE**

3
4

    I hereby certify that on August 20, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

5
6
7
8
9
10

David D. Bibiyan
*david@tomorrowlaw.com*
Jeffrey D. Klein
*jeff@tomorrowlaw.com*
Sarah H. Cohen
*sarah@tomorrowlaw.com*
Rafael Yedoyan
*rafael@tomorrowlaw.com*

11
12
13
14

Dated: August 20, 2024            By:   */s/ Trey Brown*
                                   Trey Brown

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | | |
|---|---|---|
| MACKENZIE ANNE THOMA, a.k.a KENZIE ANNE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-04901-WLH (AGRx) |
| | ) | |
| VXN GROUP LLC et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Artists Business Management Group Inc., Attn: Larry Lerner, 5950 Canoga Ave., Suite 417, Woodland Hills, CA 91367

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    SEE ATTACHMENT 1

| Place: 11337 Ventura Blvd., Studio City, CA 91604; trey.brown@vixenmediagroup.com | Date and Time: 9/2/24 at 5 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/20/24

*CLERK OF COURT*

OR

_____          /s/ Trey Brown
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants VXN Group LLC et al. , who issues or requests this subpoena, are:

Trey Brown; 11337 Ventura Blvd., Studio City, CA 91604; trey.brown@vixenmediagroup.com; (323) 697-9840

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0_____ .

My fees are $ 0_____ for travel and $ 0_____ for services, for a total of $ 0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

As used herein, the following terms shall have the following definitions:

1.      "You" refers to Artists Business Management Group, Inc. and all persons or entities acting on its behalf or in its interest.

2.      "Thoma" refers to Plaintiff Mackenzie Thoma and all persons or entities acting on her behalf or in her interest.

3.      "Kenzieland" refers to Kenzieland LLC and all persons or entities acting on its behalf or in its interest.

4.      "Lola March" refers to Lola March LLC and all persons or entities acting on its behalf or in its interest.

5.      "Motley Models" refers to Twice Baked Media, Inc. d/b/a Motley Models and all persons or entities acting on its behalf or in its interest.

**DOCUMENTS TO BE PRODUCED**

1.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Thoma to Motley Models between November 11, 2020 and December 31, 2022.

2.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Kenzieland to Motley Models between November 11, 2020 and December 31, 2022.

3.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Lola March to Motley Models between November 11, 2020 and December 31, 2022.

4.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Thoma in any tax return filed between November 11, 2020 and the present.

5.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Kenzieland in any tax return filed between November 11, 2020 and the present.

6.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Lola March in any tax return filed between November 11, 2020 and the present.

7. Documents sufficient to ascertain the studios for which Thoma rendered services, individually or through any business entities, each year from 2020 through 2022.

8. Documents sufficient to ascertain the amount and date of all payments between Thoma, Kenzieland, and Lola March, or any of them, from November 11, 2020 through the present.

9. All documents identifying or describing the business activities of Kenzieland from November 11, 2020 through the present.

10. All documents identifying or describing the business activities of Lola March from November 11, 2020 through the present.

11. Documents sufficient to ascertain the income generated by Kenzieland for the rendering of services in the field of acting for each year from 2020 through 2022.

12. Documents sufficient to ascertain the income generated by Lola March for the rendering of services in the field of acting for each year from 2020 through 2022.

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
Eric Clopper (SBN 346031)
eclopper@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

*(left margin, vertical)* KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1    PLEASE TAKE NOTICE that on May 9, 2024, Defendant VXN GROUP,

2    LLC, by and through undersigned counsel, will cause the attached subpoena to be

3    served via process server on Meta Platforms, Inc. d/b/a Instagram, LLC.

4                              Respectfully submitted,

5

6                              KANE LAW FIRM

7                              By:   /s/ Brad S. Kane

8                                    Brad S. Kane
                                     Eric Clopper
9                                    Trey Brown
10                                   Attorneys for Defendants
                                     VXN Group LLC; Strike 3
11                                   Holdings, LLC; General Media
12                                   Systems, LLC; and Mike Miller

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

David D. Bibiyan
*david@tomorrowlaw.com*
Jeffrey D. Klein
*jeff@tomorrowlaw.com*
Sarah H. Cohen
*sarah@tomorrowlaw.com*
Rafael Yedoyan
*rafael@tomorrowlaw.com*

Dated: May 9, 2024                    By:    */s/ Brad S. Kane*
                                                  Brad Kane

---

NOTICE OF INTENT TO SERVE SUBPOENA

1    PLEASE TAKE NOTICE that on August 21, 2024, Defendant VXN

2   GROUP, LLC, by and through undersigned counsel, will cause the attached

3   subpoena to be served via process server on Artists Business Management Group,

4   Inc.

5                                    Respectfully submitted,

6

7

8                         By:   /s/ Trey Brown

9                                Trey Brown

10                               Brad S. Kane

11                               Attorneys for Defendants
                                 VXN Group LLC and Mike Miller
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF INTENT TO SERVE SUBPOENA

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

David D. Bibiyan
*david@tomorrowlaw.com*
Jeffrey D. Klein
*jeff@tomorrowlaw.com*
Sarah H. Cohen
*sarah@tomorrowlaw.com*
Rafael Yedoyan
*rafael@tomorrowlaw.com*


Dated: August 20, 2024          By:   */s/ Trey Brown*
                                      Trey Brown

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| MACKENZIE ANNE THOMA, a.k.a KENZIE ANNE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-04901-WLH (AGRx) |
| | ) | |
| VXN GROUP LLC et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Artists Business Management Group Inc., Attn: Larry Lerner, 5950 Canoga Ave., Suite 417, Woodland Hills, CA 91367

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   SEE ATTACHMENT 1

| | |
|---|---|
| Place: 11337 Ventura Blvd., Studio City, CA 91604; trey.brown@vixenmediagroup.com | Date and Time:  9/2/24 at 5 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  8/20/24

*CLERK OF COURT*

OR

_____          /s/ Trey Brown
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants VXN Group LLC et al. , who issues or requests this subpoena, are:

Trey Brown; 11337 Ventura Blvd., Studio City, CA 91604; trey.brown@vixenmediagroup.com; (323) 697-9840

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0 _____ .

My fees are $ 0 _____ for travel and $ 0 _____ for services, for a total of $ 0 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

As used herein, the following terms shall have the following definitions:

1.      "You" refers to Artists Business Management Group, Inc. and all persons or entities acting on its behalf or in its interest.

2.      "Thoma" refers to Plaintiff Mackenzie Thoma and all persons or entities acting on her behalf or in her interest.

3.      "Kenzieland" refers to Kenzieland LLC and all persons or entities acting on its behalf or in its interest.

4.      "Lola March" refers to Lola March LLC and all persons or entities acting on its behalf or in its interest.

5.      "Motley Models" refers to Twice Baked Media, Inc. d/b/a Motley Models and all persons or entities acting on its behalf or in its interest.


**DOCUMENTS TO BE PRODUCED**

1.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Thoma to Motley Models between November 11, 2020 and December 31, 2022.

2.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Kenzieland to Motley Models between November 11, 2020 and December 31, 2022.

3.      Documents sufficient to ascertain the date and amount of all payments from or on behalf of Lola March to Motley Models between November 11, 2020 and December 31, 2022.

4.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Thoma in any tax return filed between November 11, 2020 and the present.

5.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Kenzieland in any tax return filed between November 11, 2020 and the present.

6.      Documents sufficient to ascertain the amount and nature of all business expenses claimed by Lola March in any tax return filed between November 11, 2020 and the present.

7.      Documents sufficient to ascertain the studios for which Thoma rendered services, individually or through any business entities, each year from 2020 through 2022.

8.      Documents sufficient to ascertain the amount and date of all payments between Thoma, Kenzieland, and Lola March, or any of them, from November 11, 2020 through the present.

9.      All documents identifying or describing the business activities of Kenzieland from November 11, 2020 through the present.

10.     All documents identifying or describing the business activities of Lola March from November 11, 2020 through the present.

11.     Documents sufficient to ascertain the income generated by Kenzieland for the rendering of services in the field of acting for each year from 2020 through 2022.

12.     Documents sufficient to ascertain the income generated by Lola March for the rendering of services in the field of acting for each year from 2020 through 2022.

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

*Attorneys for Defendants*
VXN Group, LLC and
Mike Miller

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA** |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

PLEASE TAKE NOTICE that on August 9, 2024, Defendant VXN GROUP, LLC, by and through undersigned counsel, will cause the attached subpoena to be served via process server on Oscar Hernandez.

Respectfully submitted,

By: */s/ Trey Brown*
Trey Brown
Brad S. Kane
Attorneys for Defendants
VXN Group LLC and Mike Miller

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

1

2

## CERTIFICATE OF SERVICE

3

4

     I hereby certify that on August 9, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

5

6

     David D. Bibiyan
     *david@tomorrowlaw.com*

7

     Jeffrey D. Klein
     *jeff@tomorrowlaw.com*

8

     Sarah H. Cohen
     *sarah@tomorrowlaw.com*

9

     Rafael Yedoyan
     *rafael@tomorrowlaw.com*

10

11

12

13

Dated: August 9, 2024       By:   */s/ Trey Brown*
                                  Trey Brown

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT "A" to SUBPOENA

## I.    DEFINITIONS

1.    "ADULT COMPANY" means any business entity or sole proprietor engaged in the business of producing adult-oriented (i.e., pornographic) entertainment content in any and all forms of media, or engaged in the business of manufacturing, marketing, distributing, or selling adult-oriented products.  To the extent that pay rates for ADULT COMPANY(IES) could be redacted, YOU may do so, so long as the information produced indicates whether PLAINTIFF was paid by the hour, flat rate, or salary, and how PLAINTIFF was paid (for example, whether PLAINTIFF was paid directly, through an entity set up by her, or through her agent).

2.    "And," "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all Documents (as hereinafter defined) responsive to all or any part of each particular request.

3.    "Any," "each," "every," and "all" shall be read to be inclusive and to require the production of each and every Document and/or Communication (hereinafter defined) responsive to the particular request.

4.    "COMMUNICATION" means any disclosure, transfer, or exchange of information, expression, or opinion, however made, including oral, graphic, written, or electronic transmittal of information, including any Document that contains, reflects, or references any Communication.

5.    "DEAN" means the individual named Michael G. Dean.

6.    "DEFENDANTS" means VXN GROUP, LLC, and MIKE MILLER, and each of them, including their agents, employees, representatives, or anyone acting on their behalf.

7.    "DOCUMENT(S)" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however

ATTACHMENT "A" to SUBPOENA

produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, memoranda, memoranda for files, reports, graphs, hard drives, discs, printouts, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered separate documents.

8.      "ENGAGEMENT" means any contract or agreement to perform services, whether written or implied, and any arrangement to perform services arising out of such contract or agreement.

9.      "INCLUDING" means including, but not limited to.

10.      "LOAN OUT COMPANIES" means any entity through which PLAINTIFF provided services, including but not limited to corporations, limited liability companies, or other business entities, including but not limited to Kenzieland LLC and Lola March LLC.

11.      "MOTLEY" means Twice Baked Media, Inc. d/b/a Motley Models.

12.      "PFA" means Performers First Agency, LLC.

13.      "PFA HOLDINGS" means Performers First Agency Holdings, LLC.

14.      "PERSON" means any natural person, firm, partnership, association, joint venture, corporation, governmental entity or agency, or other organization or legal or business entity, without any limitation, or any party (including agents or employees) to this litigation.

ATTACHMENT "A" to SUBPOENA

15.    "PLAINTIFF" means Mackenzie Anne Thoma, a.k.a. Kenzie Anne, including her agents, representatives, and any person or entity acting on her behalf.  To the extent that any documents contain PLAINTIFF'S home address and personal phone number, YOU may redact that information.

16.    "PORTFOLIOPAD" means the talent management software and online platform accessible at https://www.portfoliopad.com.

17.    "RELATES" or "RELATING TO" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually connected with the matter discussed.

18.    "ROCK" means the individual named David Clifford Bacon II a.k.a. "Dave Rock".

19.    "THIS MATTER" means this lawsuit, Mackenzie Anne Thoma, a.k.a. Kenzie Anne v. VXN Group, LLC et al., No. 2:23-cv-04901-WLH (AGRx).

20.    "YOU" or "YOUR" refers to Oscar Hernandez.

21.    "VISION" means the individual named Sidney Sanderson Millspaugh IV, a.k.a. "Sid Visions" a.k.a. "Sid Vision."

22.    "VIXEN" means VXN GROUP, LLC and any of the brands through which it produces and distributes content, including *VIXEN*, *BLACKED*, *BLACKED RAW*, *TUSHY*, and *SLAYED*.

23.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

**II.    INSTRUCTIONS**

## ATTACHMENT "A" to SUBPOENA

1.      If your response to a request is that you do not have possession, custody, or control of a document or communication, please identify who likely has control of the document and its location.

2.      In the event that any information requested is withheld on the basis of a claim of privilege, state the ground(s) of the privilege claimed with sufficient particularity to evaluate the claim, and, if any documents are claimed to be privileged, set forth the author, all recipients, number of pages, attachments or appendices, present custodian, and a general description (e.g., "letter" or "memorandum") of the document.

3.      Any information not provided on the basis that the disclosure would be burdensome or oppressive should be identified by stating the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request. This will make it possible to further narrow any request and potentially identify a reasonable alternative or limitation, and Defendants will meet and confer on that matter.

4.      Each copy or duplicate of a document bearing initials, stamps, comments or notations of any character which are not part of the original text shall be considered a separate document. Additionally, all drafts (whether typed, handwritten or otherwise) made or prepared in connection with any document shall be considered a separate document.

5.      Documents kept in an electronic or digital format should be produced with all metadata and delivered in their original format or in a manner agreed to by counsel.

6.      Emails must identify all recipients and include attachments, previous threads, and forwards.

7.      The singular of any noun includes the plural.

ATTACHMENT "A" to SUBPOENA

8.      Unless otherwise directed, these requests ask for discoverable materials from November 11, 2020 to the present.

### III.    DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1.** Produce all COMMUNICATIONS between YOU and DEAN RELATING TO VIXEN.

**RESPONSE**:


**REQUEST NO. 2.** Produce all COMMUNICATIONS between YOU and VISION RELATING TO VIXEN.

**RESPONSE**:


**REQUEST NO. 3.** Produce all COMMUNICATIONS between YOU and ROCK RELATING TO VIXEN.

**RESPONSE**:


**REQUEST NO. 5**. Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO VIXEN.

**RESPONSE:**


**REQUEST NO. 6.** Produce all COMMUNICATIONS between YOU and DEAN RELATING TO THIS MATTER.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 7**. Produce all COMMUNICATIONS between YOU and VISION RELATING TO THIS MATTER.

**RESPONSE**:


**REQUEST NO. 8.** Produce all COMMUNICATIONS between YOU and ROCK RELATING TO THIS MATTER.

**RESPONSE**:


**REQUEST NO. 9.** Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE**:


**REQUEST NO. 10**. Produce all DOCUMENTS that reference PLAINTIFF'S LOAN OUT COMPANIES, INCLUDING contracts, agreements, correspondence, invoices, payment records, and financial statements related to any services provided by PLAINTIFF through her LOAN OUT COMPANIES from the period of January 1, 2021, through December 31, 2022.

**RESPONSE**:


**REQUEST NO. 11.** Produce all DOCUMENTS related to PLAINTIFF'S ENGAGEMENTS with DEFENDANTS, INCLUDING contracts, agreements, correspondence, invoices, payment records, scheduling records, inclusive of DOCUMENTS created or uploaded to PORTFOLIOPAD from the period of January 1, 2021, through December 31, 2022.

ATTACHMENT "A" to SUBPOENA

**RESPONSE**:

**REQUEST NO. 12**. Produce all DOCUMENTS related to PLAINTIFF'S ENGAGEMENTS with any ADULT COMPANY, INCLUDING contracts, agreements, correspondence, invoices, payment records, scheduling records, inclusive of DOCUMENTS created or uploaded to PORTFOLIOPAD from the period of January 1, 2021, through December 31, 2022.

**RESPONSE**:

**REQUEST NO. 13.** Produce all DOCUMENTS that you created or contributed to referencing VIXEN.

**RESPONSE**:

**REQUEST NO. 14**. Produce all DOCUMENTS RELATED TO PLAINTIFF'S association with MOTLEY, including any agreements, liability waivers, invoices, payment records, and releases from the period of January 1, 2021, through December 31, 2022.

**RESPONSE**:

**REQUEST NO. 15**. Produce all DOCUMENTS RELATED TO PLAINTIFF's association with PFA, including any agreements, liability waivers, invoices, payment records, and releases from the period of January 1, 2021, through December 31, 2022.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 16**. Produce all DOCUMENTS RELATED TO PLAINTIFF's association with PFA HOLDINGS, including any agreements, liability waivers, invoices, payment records, and releases from the period of January 1, 2021, through December 31, 2022.

**RESPONSE**:


**REQUEST NO. 17**. Produce all DOCUMENTS RELATED TO any association of VIXEN with PFA HOLDINGS.

**RESPONSE**: