KANE LAW FIRM
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd. #717
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP LLC and MIKE MILLER

BIBIYAN LAW GROUP, P.C.
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
sarah@tomorrowlaw.com
Rafael Yedoyan (SBN 351499)
rafael@tomorrowlaw.com
1460 Westwood Blvd.
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

Attorneys for MACKENZIE ANNE THOMA, on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>     Defendants. | Case No. 2:23–cv–04901 WLH (AGRx)<br><br>**JOINT APPENDIX OF FACTS REGARDING VXN GROUP, LLC and MIKE MILLER'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with: (1) Notice of Motion and Motion for Summary Judgment; (2) Joint Brief; (3) Joint Appendix of Evidence (Vol. I-IV); (4) Joint Appendix of Objections; and (5) Proposed Order]<br><br>Date:     February 28, 2025<br>Time:     11:00 a.m.<br>Courtroom: 9B |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

19
20
21
22
23
24
25
26
27
28

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| No. | Defendants' Statement of Facts | Supporting Evidence | Plaintiff's Response |
|-----|-------------------------------|---------------------|---------------------|
| Plaintiff is exempted under Wage Order 12's Professional Actor Exemption |||| 
| 1 | VXN Group, LLC ("VXN") produces motion pictures. | Declaration of Emilie Kennedy (Ex. 1 – "Kennedy Decl.") ¶¶ 6–8; Exs. 2–6; Declaration of Belen Burditte (Ex. 18 – "Burditte Decl."), ¶ 6; Ex. 19. | Disputed. This statement is misleading. VXN produced motion pictures but also produced still photographs separate from their motion pictures; Exhibits 23 and 26 explicitly state the Defendants are contracting with Plaintiff for acting *and* modeling services and described Defendants as a company who sells both motion pictures and photographs for profit; Exhibit 62 shows Plaintiff modeling in several photos with no relation to filming; Exhibit 52 145:21-25 and 146:1-9 show |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1
JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| | | | Plaintiff testifying she took photos during most of her shoot days without being filmed. |
| 2 | VXN's films are widely distributed across various media platforms. | Kennedy Decl., ¶ 6. | Undisputed. |
| 3 | VXN's films are registered as motion pictures with the U.S. Copyright Office. | *Id.*, ¶ 4, Ex. 2. | Undisputed. |
| 4 | Plaintiff acted in 18 VXN films. | *Id.*, ¶ 9. | Disputed. Defendants do not adequately define the term "acted." Plaintiff both modeled and acted. Exhibits 23 and 26 explicitly state the Defendants are contracting with Plaintiff for acting *and* modeling services and described Defendants as a company who sells both motion pictures and photographs for profit; Exhibit 62 shows |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | Plaintiff modeling in several photos with no relation to filming; Exhibit 52 145:21-25 and 146:1-9 show Plaintiff testifying she took photos during most of her shoot days without being filmed. |
| 5 | VXN paid Plaintiff the relevant contractual amount following the completion of Plaintiff's performance in each scene. | *Id.*, ¶ 10; Ex. 18, Declaration of Belen Burditte (Ex. 18 – "Burditte Decl.") ¶¶ 18–19; Ex. 21. | Disputed to the extent the terms "relevant contractual amount" and "related" is unclear and unsupported by evidence. |
| 6 | Plaintiff played a featured role in each VXN film. | Kennedy Decl. ¶¶ 4,9; Exs. 4, 14–16. | Disputed to the extent "featured" is unclear. |
| 7 | Plaintiff had a speaking role in each film. | Kennedy Decl. ¶ 4. | Undisputed. |
| 8 | VXN takes photographs | Declaration | Disputed. |

3

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | |
|---|---|---|
| as part of the filmmaking process ("stills"). | of Basia Lew (Ex. 10 – "Lew Decl."), ¶ 8; Ex. 11; Exs. 14–16; Ex. 29, Murphy Dep., at 87:4-8. | This statement is misleading as VXN takes photographs separate and apart from live action filming to promote the VXN brand in general. Exhibits 64 and 66 explicitly state the Defendants are contracting with Plaintiff for acting *and* modeling services and described Defendants as a company who sells both motion pictures and photographs for profit; Exhibit 62 shows Plaintiff modeling in several photos with no relation to filming; Exhibit 52 145:21-25 and 146:1-9 show Plaintiff testifying she took photos during most of her shoot days without being filmed; Exhibit 64 is Plaintiff's |

4

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Declaration where she once again testifies she modeled in situations that had nothing to do with filming. |
|---|---|---|---|
| 9 | VXN's stills are not separately registered with the U.S. Copyright Office. | Kennedy Decl. ¶ 4. | Undisputed. |
| 10 | VXN's films have won many awards. | Kennedy Decl. ¶¶ 8, 11. | Undisputed. |
| 11 | VXN is comprised of several departments engaged in the filmmaking process. | Lew Decl., ¶ 4. | Disputed. This statement is misleading as VXN's business is not limited to mere "filmmaking." Exhibits 23 and 26 explicitly state the Defendants are contracting with Plaintiff for acting *and* modeling services and described Defendants as a company who sells both motion pictures and photographs for profit; |

5

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Exhibit 62 shows Plaintiff modeling in several photos with no relation to filming; Exhibit 52 145:21-25 and 146:1-9 show Plaintiff testifying she took photos during most of her shoot days without being filmed; Exhibit 64 is Plaintiff's Declaration where she once again testifies she modeled in situations that had nothing to do with filming. |
|---|---|---|---|
| 12 | VXN's workers compensation insurance provider classifies VXN as a "motion picture production company." | Burditte Decl., ¶ 6; Ex. 19 | Undisputed. |
| 13 | VXN's workers compensation insurance classified Plaintiff as an "actor". | Ex. 19 | Undisputed. |
| 14 | VXN's Statement of | Ex. 6 | Undisputed. |

6

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | Information lists its "type of business" as "film production." | | |
| 15 | VXN owns state-of-the-art motion picture production equipment. | Lew Decl., ¶ 7. | Undisputed. |
| 16 | VXN regularly obtains film permits. | *Id.*, ¶ 7 | Disputed to the extent that none of the film permits were ever produced, and no evidence of the production of these permits has ever been produced. |
| 17 | VXN rents expensive film locations. | *Id.*, ¶ 7 | Disputed to the extent that these locations are *not* just used to film, but also take still photographs. Exhibits 23 and 26 explicitly state the Defendants are contracting with Plaintiff for acting *and* modeling services and described Defendants as a company who sells both |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | motion pictures and photographs for profit; Exhibit 62 shows Plaintiff modeling in several photos with no relation to filming; Exhibit 52 145:21-25 and 146:1-9 show Plaintiff testifying she took photos during most of her shoot days without being filmed; Exhibit 64 is Plaintiff's Declaration where she once again testifies she modeled in situations that had nothing to do with filming. Exhibit 49 contains additional deposition excerpts from Ms. Lew, and on 61:4-9 Ms. Lew confirms that still photography would also be taken at these locations. |
| 18 | VXN uses stills to rehearse film scenes. | *Id.,* ¶ 9 | Undisputed. |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| 19 | VXN uses stills to determine the visual look of the movie. | *Id.*, ¶ 9; Ex. 8, Lew Dep. at 64:15–65:9. | Undisputed. |
|----|----|----|----|
| 20 | VXN stills are used for marketing and advertising purposes. | *Id.*, ¶ 12; Ex. 8, Lew Dep. at 64:15–65:9, 81:18–82:9; 162:4-12. | Undisputed. |
| 21 | VXN stills are not commercially sold separate from VXN's films. | Kennedy Decl. ¶ 4; Ex. 8, Lew Dep., at 81:18–82:9, 168:22-24. | Disputed. VXN charges all of their subscribers a subscription fee. Access to the "stills" are not free. Exhibit 49 82:12-13 confirms the subscriptions are not free and Exhibit 49 62:5-9 confirms only members can access these scenes. |
| 22 | Production of VXN stills accounts for only a small portion of the time spent making the motion picture. | Ex. 8, Lew Dep., at 58:24–61:4; Lew Decl., ¶ 13; Ex. 17. | Disputed. Lew deposition does not make any such representations. These facts are not found |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

within this evidence.
Further, Plaintiff
testified that she spent
amount of hours posing
for still photos before the
commencement filming
live scenes. Exhibits 64
and 66 explicitly state
the Defendants are
contracting with Plaintiff
for acting *and* modeling
services and described
Defendants as a
company who sells both
motion pictures and
photographs for profit;
Exhibit 62 shows
Plaintiff modeling in
several photos with no
relation to filming;
Exhibit 52 145:21-25
and 146:1-9 show
Plaintiff testifying she
took photos during most
of her shoot days
without being filmed;
Exhibit 64 is Plaintiff's

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Declaration where she once again testifies she modeled in situations that had nothing to do with filming. Exhibit 49 contains additional deposition excerpts from Ms. Lew, and on 61:4-9 Ms. Lew confirms that still photography would also be taken at these locations; Exhibit 52 145:21-25 is Plaintiff's testimony stating she spent 6 hours on set taking still photography. |
|---|---|---|---|
| 23 | VXN contracted Plaintiff to act in VXN's films from November 2020 to September 2022 (the "Contract Period"). | Declaration of Trey Brown (Ex. 22 – "Brown Decl."), ¶ 2; Exs. 23–24; 26–27. | Disputed. The agreement clearly states that Plaintiff is to act *and* model. Exhibit 64 is the Performance Agreement signed on November 11, 2020 and it specifically states that "Plaintiff is a model and actor" and that Defendants "wish to contract with [Plaintiff] |

11

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | for [Plaintiff's] as an actor and model on an exclusive basis in connection with the production of adult motion pictures and photographs…" Exhibit 66 is the Performance Agreement signed on July 13, 2021 that states Plaintiff is a "model and actor" in the adult entertainment industry and that Defendants wish to contract with Plaintiff as an "actor and model." |
| 24 | Plaintiff collaborated with VXN on creative elements of the films in which she starred. | Brown Decl., ¶ 13; Ex. 23 at ¶ 3; Ex. 28, Thoma Dep., 96:3-9; Ex. 40; Ex. 43, Mosny Dep., at 164:4-9. | Disputed; misstates Plaintiff's testimony. Plaintiff clearly stated that Defendants' directors were not receptive to or open to change. Exhibit 52 96 :13-16 Plaintiff tetsifies that Defendants would typically never listen to her changes. |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | Exhibit 12 contains Defendants' slack messages discussing scripting and scene changes without the consultation of Plaintiff. |
| 25 | Plaintiff retained the right to approve her physical appearance in the films. | Ex. 8, Lew Dep., at 101:7-14; Ex. 40. | Disputed. Plaintiff could not modify her appearance without Defendants express written consent, as Defendants retained the right to terminate Plaintiff if her appearance changed. Exhibit 64 is the Performance Agreement signed on November 11, 2020 and it specifically states that "[Plaintiff] understands that [Defendants] is entering into this Agreement with [Plaintiff] based on [Plaintiff's] current physical appearance, including measurements |

13

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

of [Defendants'] body, level of physical fitness, hairstyle, and overall appearance of [Plaintiff's] body. During the term of this Agreement, [Plaintiff] will maintain [Plaintiff's] physical appearance, and [Plaintiff] will submit reasonable requests of [Defendants]…[Plaintiff] acknowledges that if [Plaintiff] should change her physical appearance during the term of the Agreement (including adding or substracting tattoos or piercings) without first obtaining written permission by [Defendants], [Defendants] may terminate this Agreement for Cause…" Exhibit 66 is the Performance

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Agreement signed on July 13, 2021 that states Plaintiff is a "[Plaintiff] understands that [Defendants] is entering into this Agreement with [Plaintiff] based on [Plaintiff's] current physical appearance, including measurements of [Defendants'] body, level of physical fitness, hairstyle, and overall appearance of [Plaintiff's] body. During the term of this Agreement, [Plaintiff] will maintain [Plaintiff's] physical appearance, and [Plaintiff] will submit reasonable requests of [Defendants]…[Plaintiff] acknowledges that if [Plaintiff] should change her physical appearance during the term of the

15

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | Agreement (including adding or substracting tattoos or piercings) without first obtaining written permission by [Defendants], [Defendants] may terminate this Agreement for Cause…" Plaintiff also testifies in her declaration that she was unable to modify her appearance without fear of being terminated. Exhibit 74; Declaration of Mackenzie Anne Thoma ("Thoma Decl.") ¶ 12. |
|---|---|---|---|
| 26 | VXN planned a showcase film featuring Plaintiff. | Ex. 13; Ex. 43, Mosny Dep., at 139:9-25. | Undisputed. |
| 27 | Plaintiff has acted in more than 50 television and film productions. | Brown Dec. ¶ 5, Ex 22, Murphy Dep. 70:9-20, | Disputed. Misstates Mr. Murphy's testimony which explicitly says that fans make a lot of these pages and include |

16

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | Exhibit 1, Ex 29. | projects individuals are not in. Exhibit 29; 714:-11 |
|---|---|---|---|
| 28 | Plaintiff received notice from SAG-AFTRA that she is eligible to join that union. | Ex. 28, Thoma Dep., at 84:7–85:5. | Undisputed. |
| 29 | During the Contract Period, Plaintiff won 4 awards connected with her appearances in VXN films. | Kennedy Decl. ¶ 11 | Undisputed. |
| 30 | During the Contract Period, Plaintiff won 7 awards connected with her appearances in non-VXN films. | Kennedy Decl. ¶ 11 | Disputed. Misleading as it does not specify which awards, for what, and the years they were won. No foundation. |
| 31 | Plaintiff posted the stills on her social media. | Ex. 8, Lew Dep., at 104–106. | Undisputed. |
| 32 | Vixen Angel is an honorary title bestowed by VXN on star actresses. | Kennedy Decl. ¶ 12 | Disputed. Vixen Angels are not just actresses; but to "iconic artists." Plaintiff was awarded the title and she was not just an actress. Exhibit |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | 54 is an excerpt from Defendants' "Vixen Angel" website that states Vixen Angels are "iconic artists that break down walls and defy stereotypes." Exhibit 51 is the Declaration of Rafael Yedoyan which states when and how the website was accessed, including the URL that leads to this webpage. |
| 33 | VXN planned to announce Plaintiff as a Vixen Angel. | Kennedy Decl. ¶ 12 | Undisputed. |
| 34 | Plaintiff testified that she transitioned from a model to an adult actress to have a more relevant appearance. | Ex. 28, Thoma Dep., at 23:20-21. | Disputed. Misstates Plaintiff's tesitmony; she testified she transitioned into the adult entertainment industry, not into an adult actress. Ex. 28, Thoma Dep., at 23:17-25. |
| 35 | Plaintiff's talent agent, Ryan Murphy ("Murphy") | Murphy Dep., 67:18– | Undisputed. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | testified that all of his clients considered themselves professional actresses. | 20. Ex. 29 | |
| 36 | The IWC adopted the "professional actor" exemption in 1957. | Ex. 9. p. 4 | Undisputed |
| 37 | The IWC considered the term "professional actor" "well known to those in the industry." | Ex. 9 p. 194 | Undisputed |
| 38 | The IWC used the "professional actor" term to distinguish featured actors from extra-players. | *Id.* | Disputed. The IWC distinguished "professional actors," from "actors," from "extra-players." Exhibit 9, Page 16 |
| **Plaintiff is an Independent Contractor** | | | |
| 39 | Plaintiff's relationship with VXN was governed by two contracts, each amended by an addendum (the "Agreements"). | Brown Decl., Exs. 23, 24, and 26. | Undisputed. |
| 40 | Plaintiff's talent agents negotiated the | *Id.*, Ex. 25, Thoma Dep., at 88:14– | Undisputed. |

19

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | Agreements on her behalf. | 90:20. | |
| 41 | The Agreements identify Plaintiff as an independent contractor. | *Id.*, Exs. 23 and 26, at ¶12. | Undisputed. |
| 42 | VXN paid Plaintiff on a per-scene basis. | *Id.*, Exs. 23, 26, at ¶2.; Burditte Decl., at ¶19. | Undisputed. |
| 43 | Before each scene, Plaintiff submitted a form W-9 to VXN. | Brown Decl., Ex. 44, Lew Dep., at 132:2-7. | Undisputed. |
| 44 | Plaintiff submitted W-9s identifying Plaintiff individually, Kenzieland LLC, and Lola March LLC as payees. | *Id.* at Ex. 44. | Undisputed. |
| 45 | VXN issued Plaintiff Form 1099s for each year during the Contract Period. | Burditte Decl., Ex. 20. | Undisputed. |
| 46 | Plaintiff never received a Form W-2 from VXN. | Brown Decl., ¶18. | Undisputed. |
| 47 | The Agreements required | *Id.*, at Ex. 23 | Disputed. The |

| | | |
|---|---|---|
| Plaintiff to maintain her physical appearance in accordance with VXN's "reasonable personal grooming requests[.]" ("Appearance Requirements") | at ¶17.2, Ex. 26, at ¶17.2. | Agreements required Plaintiff to maintain her personal appearance more than just with "reasonable personal grooming requests[.]" The Agreements managed Plaintiff's weight, body measurements, and whether she could get tattoos or piercings, for example. Exhibit 64 is the Performance Agreement signed on November 11, 2020 and it specifically states that "[Plaintiff] understands that [Defendants] is entering into this Agreement with [Plaintiff] based on [Plaintiff's] current physical appearance, including measurements of [Defendants'] body, level of physical fitness, |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

hairstyle, and overall appearance of [Plaintiff's] body. During the term of this Agreement, [Plaintiff] will maintain [Plaintiff's] physical appearance, and [Plaintiff] will submit reasonable requests of [Defendants]…[Plaintiff] acknowledges that if [Plaintiff] should change her physical appearance during the term of the Agreement (including adding or substracting tattoos or piercings) without first obtaining written permission by [Defendants], [Defendants] may terminate this Agreement for Cause…" Exhibit 66 is the Performance Agreement signed on July 13, 2021 that states

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | | Plaintiff is a "[Plaintiff] understands that [Defendants] is entering into this Agreement with [Plaintiff] based on [Plaintiff's] current physical appearance, including measurements of [Defendants'] body, level of physical fitness, hairstyle, and overall appearance of [Plaintiff's] body. During the term of this Agreement, [Plaintiff] will maintain [Plaintiff's] physical appearance, and [Plaintiff] will submit reasonable requests of [Defendants]…[Plaintiff] acknowledges that if [Plaintiff] should change her physical appearance during the term of the Agreement (including adding or substracting |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | tattoos or piercings) without first obtaining written permission by [Defendants], [Defendants] may terminate this Agreement for Cause…" |
|---|---|---|---|
| 48 | One purpose of the Appearance Requirements was to allow VXN to plan film shoots in advance. | *Id.*, Ex. 43, Mosny Dep., 57:22-25. | Undisputed. |
| 49 | Another purpose of the Appearance Requirements was to ensure the safety of other actors. | *Id.*, Ex. 37; Ex. 43, Mosny Dep., 141:22-146:24. | Undisputed. |
| 50 | Plaintiff had complete discretion as to what days she worked for VXN. | *Id.*, Ex. 28, Thoma Dep., 153:23–154:4. | Disputed. Defendants controlled the day and times shoots would occur, and Plaintiff had little control over when/where they would take place. Exhibit 64 is the Performance Agreement signed on November 11, 2020 and |

24

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

it specifically states that "[Plaintiff] will provide services on an as-needed basis, including nights, weekend, and holiday."

Exhibit 66 is the Performance Agreement signed on July 13, 2021 that states a "[Plaintiff] will provide services on an as-needed basis, including nights, weekend, and holiday." Exhibit 66 further states that if "[Plaintiff" is not available on the date proposed by [Defendants] to film a Scene, [Plaintiff] will provide an alternative date within two weeks of [Defendants] originally proposed dates." Exhibits 64 and 66 both identify "unreasonable unavailability" as causes for termination. Exhibit

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | 49 is the deposition of Basia Lew; 69:13-25 and 70:4-7 is where she testifies that Defendants set the time, date, and location of the shoots that Plaintiff is expected to be at. Exhibit 27 is the termination letter sent to Plaintiff, which identifies her unavailability to make two shoots as the reasons for her termination. |
| 51 | To schedule Plaintiff's work dates, VXN's casting director cleared all dates with Plaintiff's agents. | *Id.*, Ex. 29, Murphy Dep., at 48:7-13, 87:10-22, 172:17-21; Ex. 43, Mosny Dep., at 52:3-53:2. | Disputed. Defendants would oftentimes unilaterally schedule shoots for Plaintiff to attend. Exhibit 52; on Pages 99-100 Plaintiff discusses the Joshua tree shoot which was unilaterally set by Defendants; Exhibit 27 is another example of a shoot unilaterally set by Defendants, more |

| | | | specifically the August 2022 shoot. |
|---|---|---|---|
| 52 | If Plaintiff declined a work date, VXN could not force her to appear. | *Id.*, Ex. 29, Murphy Dep., at 96:4-7, 104:1-14. | Disputed. Plaintiff could be terminated if she did not appear for her shoots. Exhibit 64 and 66 are the two Performance Agreements that governed the relationship between Plaintiff and Defendants states that "unreasonable unavialbility" is grounds for termination. Exhibit 27 is a termination letter sent to Plaintiff that cites Plaintiff's unavailability as reasons for her termination. |
| 53 | Plaintiff was free to decline a proposed work date at her absolute discretion. | *Id.*, Ex. 29, Murphy Dep., at 68:13-69:23. | Disputed. Plaintiff could be terminated if she did not appear for her shoots. Exhibit 64 and 66 are the two Performance Agreements that |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | governed the relationship between Plaintiff and Defendants states that "unreasonable unavailability" is grounds for termination. Exhibit 66 also states that if Plaintiff is unavailable to attend a shoot scheduled by Defendants, Plaintiff must propose an alternative date within two weeks of the original shoot. Exhibit 27 is a termination letter sent to Plaintiff that cites Plaintiff's unavailability as reasons for her termination. |
| 54 | Plaintiff's first contract with VXN provided for mutual approval of directors and costars. | *Id.*., Ex. 23. | Disputed. In practice, Plaintiff was not given discretion over directors and co-stars. Plaintiff was required to work with performers she did not want to work |

28

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | with. For example, Exhibit 52 is Plaintiff's Deposition. On Page 150 Plaintiff testifies that she maintained a "no-list" of performers she did not want to work with, but Defendants forced her to work with one of the performers that was on her "no'list." |
|---|---|---|---|
| 55 | During the Contract Period, Plaintiff had the right to decline a scene if she did not want to work with any individual. | *Id.*, Ex. 29, Murphy Dep., 68:12-69:13. | Disputed. Plaintiff was forced to work with talent she did not want to work with and no comporting with Defendants' subjective artistic vision and directions was grounds for termination. For example, Exhibit 52 is Plaintiff's Deposition. On Page 150 Plaintiff testifies that she maintained a "no-list" of performers she did not want to work with, but |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Defendants forced her to work with one of the performers that was on her "no'list." Exhibits 64 and 66, which are the Performance Agreements, both contain provisions stating an inability to meet Defendants' subjective artistic expectations and failure to follow Defendants' directions are grounds for termination. |
| --- | --- | --- | --- |
| 56 | VXN provided Plaintiff with scripts to review prior to shoot dates. | *Id.*, Ex. 28, Thoma Dep., 95:20–96:2. | Undisputed. |
| 57 | Plaintiff was free to suggest changes to the scripts. | *Id.,* Ex. 28, Thoma Dep., 96:3-19; Ex. 29, Murphy Dep. 69:15-20. | Disputed. Plaintiff's recommended changes were ignored. Exhibit 52 96 :13-16 Plaintiff tetsifies that Defendants would typically never listen to her changes. Exhibit 12 contains Defendants' slack |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | messages discussing scripting and scene changes without the consultation of Plaintiff. |
|---|---|---|---|
| 58 | Plaintiff worked with Chris Applebaum ("Applebaum") as a director prior to the Contract Period. | *Id.*, Ex. 28, Thoma Dep., 58:4–60:1. | Undisputed. |
| 59 | Plaintiff suggested Applebaum as director her first scene with VXN. | *Id.*, Ex. 28, Thoma Dep., 59:23–60:1. | Undisputed. |
| 60 | Applebaum directed Plaintiff's first scene with VXN. | *Id.* | Undisputed. |
| 61 | Plaintiff and Applebaum jointly proposed Plaintiff's co-stars for her first VXN scene. | *Id.*, Ex. 28, Thoma Dep., 93:9-23; Ex. 40. | Undisputed. |
| 62 | VXN engaged Plaintiff's choice of co-star for her first VXN scene. | *Id.*, Ex. 28, Thoma Dep., 93:9-23. | Undisputed. |
| 63 | Applebaum characterized Plaintiff's engagement with VXN as a | *Id.*, Ex. 40. | Disputed. This is misleading. Mr. Applebaum states that he would like future |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | collaboration. | | collaboration between the groups, and was referring to his separate business', "Eats," relationship with Vixen. Exhibi 40. |
| 64 | Applebaum collaborated with VXN to determine creative elements of Plaintiff's first scene with VXN. | *Id.*, Ex. 40. | Undisputed. |
| 65 | VXN did not provide Plaintiff with any training. | *Id.*, Ex. 28, Thoma Dep., at 95:13-9. | Undisputed. |
| 66 | VXN never requested Plaintiff to re-shoot a scene due to dissatisfaction with her performance. | *Id.*, Ex. 28, Thoma Dep., at 96:20–97:15. | Undisputed. |
| 67 | The Agreements allowed VXN to terminate only for-cause. | *Id.*, Ex. 23, at ¶13.2. | Disputed. This is misleading as "Cause" is specifically defined exclusively by Vixen and includes a wide array of reasons. Exhibits 64 and 66 |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | define "Cause" as "Performer's (1) material, uncured breach of this Agreement; (2) inability to meet Producer's subjective artistic expectations; (3) failure to follow any framework; (4) violation of Producer's rules; (5) violation of any applicable laws, rules, or regulations; or (6) failure to follow Producer's directions; (7) unreasonable unavailability; (8) or as otherwise set forth throughout this Agreement." |
|---|---|---|---|
| 68 | The Agreements allowed Plaintiff an opportunity to cure a breach. | *Id.*, Ex. 23, at ¶13.2. | Disputed. The agreements never provide for a mechanism for curing any breach. They just states Plaintiff has a certain amount of time to cure and must |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | cure, otherwise Defendants can terminate and sue for damages. What constitutes a cure and how the parties agree on the definition of cure is never provided in either Agreement. This is evident from the Plain language of Exhibits 64 and 66. |
|---|---|---|---|
| 69 | On September 28, 2022, VXN notified Plaintiff that it was terminating her contract for-cause ("Termination Notice"). | *Id.*, Ex. 27. | Disputed. Once again, the term "for-cause' is vague and misleading. Plaintiff was terminated for not being able to attend two shoots scheduled by Defendants. Exhibit 27. |
| 70 | Plaintiff testified that prior to the Contract Period, Plaintiff earned roughly $50,000 per month providing adult entertainment services. | *Id.*, Ex. 28, Thoma Dep., 19:11-17. | Disputed. Plaintiff testified she sometimes earned $50,000 per month from camming, modeling, and hairdressing. Exhibit 52 is Plaintiff's deposition, |

34

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | 25 :15-21 and 26 :18-25 demonstrate this. |
|---|---|---|---|
| 71 | Prior to the Contract Period, Plaintiff launched a website entitled "Kenzieland" where she sold access to self-produced adult films. | *Id.*, Ex. 28, Thoma Dep., 63:14-16, 68:4-13. | Undisputed. |
| 72 | Plaintiff ran Kenzieland as business prior to formally incorporating. | *Id.*, Ex. 28, Thoma Dep., 62:1-11, 151:23. | Disputed. Plaintiff never claimed that Kenzieland was a business. It was just an idea and brand for her to use on OnlyFans. Exhibit 28; 62:1-11. |
| 73 | Plaintiff formally incorporated Kenzieland LLC as a Wyoming limited liability company on April 30, 2021. | *Id.*, Ex. 33. | Undisputed. |
| 74 | Prior to the Contract Period, Plaintiff hired Applebaum in connection with Kenzieland films. | *Id.*, Ex. 28, Thoma Dep., at 62:21– 63:10. | Undisputed. |
| 75 | Plaintiff produced and performed in all | *Id.*, Ex. 28, Thoma Dep., | Undisputed. |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

35

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | Kenzieland films. | at 65:2-25. | |
|---|---|---|---|---|
| | 76 | Plaintiff cast well-known adult film actors to appear in Kenzieland films. | *Id.*, Ex. 28, Thoma Dep., at 72:14-18, 73:12-21, 74:9-11. | Disputed. Plaintiff states she never paid any of the adult performers in her Kenzieland productions. Furthermore, those inidivduals did not have any written agreements with Plaintiff. Exhibit 28; P. 72, 73, 74 |
| | 77 | Plaintiff did not enter written agreements with any Kenzieland actors. | *Id.*, Ex. 28, Thoma Dep., at 70:14-71:4. | Disputed. The individuals in Kenzieland are not actors. Plaintiff never categorized these individuals as actors and Defendants are simply making a legal conclusion. Exhibit 28; P. 72, 73, 74 |
| | 78 | Plaintiff did not pay any Kenzieland actors. | *Id.* | Disputed. The individuals in Kenzieland are not actors. Plaintiff never categorized these individuals as actors and |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | Defendants are simply making a legal conclusion. Exhibit 28; P. 72, 73, 74 |
| 79 | Plaintiff did not engage any Kenzieland actors as employees. | *Id.* | Disputed. The individuals in Kenzieland are not actors. Plaintiff never categorized these individuals as actors and Defendants are simply making a legal conclusion. Exhibit 28; P. 72, 73, 74 |
| 80 | Revenue generated by Kenzieland films was used to pay for production crew hired by Plaintiff. | *Id.*, Ex. 28, Thoma Dep., at 68:14-69:3. | Disputed. Plaintiff never stated she used the money to pay for a production crew, but rather to pay for production. Ex. 28 68:14-69:3. |
| 81 | During the Contract Period, Plaintiff released at least 23 films on Kenzieland.com. | *Id.*, Ex. 28, Thoma Dep., at 69:4-14, 70:7-8, Ex. 1. | Disputed. Not all of the products were released during the contract period. Defendants have not produced any |

37

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | evidence to indicate these adult works were released during the contract period. |
|---|---|---|---|
| 82 | Plaintiff marketed Kenzieland to the public. | *Id.*, Ex. 28, Thoma Dep., at 62:15, 86:1-25. | Undisputed. |
| 83 | During the Contract Period, Plaintiff provided acting services to other adult film studios. | *Id.*, Ex. 28, Thoma Dep., at 79:8-80:9; Ex. 29, Murphy Dep., at 44:18-48:6, 57:1-7, 109:22-110:5, 175:18-23; Ex. 42. | Disputed. Misleading as to contract period. Plaintiff was only active towards the back end of the contract period, from 2022 on. From 2020 thorugh 2022, the evidence cited by Defendants does not show Plaintiff performed acting services. Exhibit. 28, Thoma Dep., at 79:8-80:9; Exhibit. 29, Murphy Dep., at 44:18-48:6, 57:1-7, 109:22-110:5, 175:18-23 |
| 84 | Plaintiff formed Lola March LLC in January | *Id.*, Ex. 35. | Undisputed. |

38

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | 2022 as a California limited liability company. | | |
| 85 | Plaintiff formed Lola March LLC so that she could file taxes as an independent contractor. | *Id.*, Ex. 28, Thoma Dep., at 127:15-17. | Disputed. Plaintiff states that she opened Lola March LLC as a means to protect her personal and private information, such as her address. Exhibit 52; 127: 7-10 |
| 86 | Plaintiff took business deductions related to acting services on her federal income taxes. | Lerner Decl., Ex. 46, 47, 48. | Disputed. Nowhere in the tax documents does it specifically state she took deductions related to acting services. This is yet another baseless assumption made by Defendants to fit their narrative. Exhibits 47-48. |
| 87 | Plaintiff identified as self-employed on her tax returns from 2020 to 2022. | *Id.* | Undisputed. |
| 88 | Plaintiff filed a Schedule C with her tax returns from 2020 to 2022. | *Id.* | Undisputed. |

39

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| 89 | Plaintiff did not declare any W-2 income for services to adult film studios from 2020 to 2022. | *Id.* | Undisputed. |
|----|------------------------------------------------------------------------------------------------|-------|-------------|
| 90 | Plaintiff's 2020 Schedule C identified $149,867 in gross income against $124,000 in business deductions. | Lerner Decl., Ex. 46. | Undisputed. |
| 91 | Plaintiff's 2021 Schedule C identified $317,665 in gross income against $250,055 in business deductions. | Lerner Decl., Ex. 47. | Undisputed |
| 92 | Plaintiff's 2022 Schedule C identified $318,689 in gross income against $228,428 in business deductions. | Lerner Decl., Ex. 48. | Undisputed |
| 93 | All payments received by Plaintiff, regardless of the payee, were treated the same for tax purposes. | Brown Decl., Ex. 36, Lerner Dep., at 25:3-15. | Disputed. This misstates Mr. Lerner's testimony. Mr. Lerner's testimony only discussed payments made to Lola March, LLC, which by |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | Defendants own admissions existed from January 2022 on. This statement would not apply to the first year and two months of Plaintiff's relationship with Defendants. Exhibit 36; 25:3-15. |
|---|---|---|---|
| 94 | All of Plaintiff's business expenses, regardless of how incurred, were presented on a single years' tax return. | Brown Decl., Ex. 36, Lerner Dep., at 45:7-13. | Disputed. Page 45:7-13 does not discuss business expenses and how they were incurred, but rather about a loan for a home. |

| No. | Plaintiff's Statement of Facts | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 95 | The Performance Agreement Dated November 11, 2020 states that Plaintiff is "a model and actor in the adult entertainment industry." | Exhibit 64 | Undisputed. |
| 96 | The Performance Agreement dated July 13, 2021 states that Plaintiff is "a model and actor in the adult entertainment industry." | Exhibit 66 | Undisputed. |
| 97 | The Performance Agreement dated November 11, 2020 states that Producer (Defendants) are creators of adult motion pictures and | Exhibit 64 | Undisputed. |

41

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | photographs for commercial sale. | | |
| 98 | The Performance Agreement dated July 13, 2021 states that Producer (Defendants) are creators of adult motion pictures and photographs for commercial sale. | Exhibit 66 | Undisputed. |
| 99 | The Performance Agreement dated November 11, 2020 states that Defendants intend to contract with Plaintiff as an "actor and model" in connection with adult motion pictures and photographs. | Exhibit 64 | Undisputed. |
| 100 | The Performance Agreement dated July 13, 2021 states that Defendants intend to contract with Plaintiff as an "actor and model" in connection with adult motion pictures and photographs. | Exhibit 66 | Undisputed. |
| 101 | Defendants scheduled Plaintiff to begin her workday at 7:00am | Exhibit 49, Lew Deposition 60:21-25 and 61:1-5 | Disputed. *Evidence does not support statement.* Exhibit 49 does not include page 60 of the transcript. This missing page makes clear that Witness is engaging with counsel's hypothetical, who sets the "time" for the discussion. *See* Tr. 60:24–25 ("[I]s it fair to start with 7:00 a.m.?"). At Tr. 61:1-5, the Witness "estimate[s]" that |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | photography commenced around "9:00 a.m." |
|---|---|---|---|
| 102 | The Performance Agreement dated November 11, 2020 has an exclusivity clause that prevents Plaintiff from filming with any third party producer or production company that competes directly with [Defendants]" and forbids Plaintiff from "camming" with a company called CamSoda. | Exhibit 64, Section 7.1 | Disputed in part. *Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Statement is misleading.* It omits qualifying language from the term. The language of the Agreements speak for themselves. |
| 103 | The Performance Agreement dated November 11, 2020 has an provision that acknowledges that breaching the terms set out in section 7.1 are grounds for termination. | Exhibit 64, Section 7.1 | Disputed in part. *Pincite is incorrect.* See L.R. 56-2. Termination is covered at Section 13. |
| 104 | The Performance Agreement dated November 11, 2020 states that if Plaintiff is to change her physical appearance, including the measurements of her body, level of physical fitness, hairstyle, overall appearance, obtaining tattoos or obtaining piercings, without written permission from Defendants, then she is subject to termination. | Exhibit 64, Section 7.2 | Disputed in part. *Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Misstates evidence.* Term states Performer "may" be subject to termination if a breach of the contract cannot be cured or resolved within "48 hours of the breach." Ex. 43, Mosny Dep., 141:22-146:24 |
| 105 | The Performance Agreement dated July 13, 2021 states that if Plaintiff is to change | Exhibit 66, Section 7.2 | Disputed in part. *Statement is* |

43

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | her physical appearance, including the measurements of her body, level of physical fitness, hairstyle, overall appearance, obtaining tattoos or obtaining piercings, without written permission from Defendants, then she is subject to termination. | | *compound. Or. MSJ* § C(1)(b), § C(4)(b). *Misstates evidence.* Term states Performer "may" be subject to termination if a breach of the contract cannot be cured or resolved within "48 hours of the breach." Ex. 43, Mosny Dep., 141:22-146:24 |
| 106 | The Performance Agreement dated November 11, 2020 states that the employment relationship between Plaintiff and Defendants may continue after the expiration of the agreement per Defendants' reasonable request if Defendants require additional services with retakes, added scenes, trailers, or changes to content. | Exhibit 64, Section 8 | Disputed in part. *Improper legal conclusion. Or. MSJ* § C(1)(b). To the extent "employment relationship" implies Plaintiff was an employee (and not an independent contractor) under the Agreement, that is not a fact. |
| 107 | The Performance Agreement dated July 13, 2021 states that if Plaintiff is to change her physical appearance, including the measurements of her body, level of physical fitness, hairstyle, overall appearance, obtaining tattoos or obtaining piercings, without written permission from Defendants, then she is subject to termination. | Exhibit 66, Section 8 | Disputed in part. Duplicative of No. 105. *See Or. MSJ* § C(1)(b). Statement is compound. *Id.*; § C(4)(b). Pincite is incorrect. *See* L.R. 56-2. Appearance is covered by Section 7.2. *Misstates evidence.* Term states |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Performer "may" be subject to termination if a breach of the contract cannot be cured or resolved within "48 hours of the breach." Ex. 43, Mosny Dep., 141:22-146:24 |
|---|---|---|---|
| 108 | The Performance Agreement dated November 11, 2020 states in addition to the services Plaintiff is contracted to fulfill, that Plaintiff is to promote Defendants brands and its affiliate brands on social media accounts. | Exhibit 64, Section 9 | Undisputed. |
| 109 | The Performance Agreement dated November 11, 2020 states that Plaintiff cannot post, tag, or comment on any photographs of anyone under 18-years old regardless of state of dress or context of photographs. | Exhibit 64, Section 9 | Undisputed. |
| 110 | The Performance Agreement dated July 13, 2021 states that Plaintiff cannot post, tag, or comment on any photographs of anyone under 18-years old regardless of state of dress or context of photographs. | Exhibit 66, Section 9 | Undisputed. |
| 111 | The Performance Agreement dated July 13, 2021 states in addition to the services Plaintiff is contracted to fulfill, that Plaintiff is to promote Defendants brands and its affiliate brands on | Exhibit 66, Section 9 | Undisputed. |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | | |
|---|---|---|---|---|
| | | social media accounts. | | |
| 112 | Plaintiff was not a part of any union during her time working with Defendants. | Exhibit 66, Section 11; Exhibit 64, Section 11 | Disputed in part.<br><br>*Evidence does not support statement.* While the Agreements contain a term concerning Plaintiff's "Non-Union Affiliation," that term is not evidence of the truth of the matter asserted. |
| 113 | The Performance Agreement dated November 11, 2020 only gives Defendants the ability to terminate the Performance Agreement. | Exhibit 64, Sections 13.2 and 13.3 | Disputed in part.<br><br>*Improper legal conclusion. Or. MSJ* § C(1)(b). Termination of a contract is by operation of law. *Evidence does not support statement.* Section 13.2 lists grounds for termination "for Cause," and Section 13.3 explains force majeure events, but neither term states that Plaintiff cannot terminate the Agreement. Finally, Moz testified that Plaintiff was not obligated to accept any proposed dates. Ex. 43, Mosny Dep., 141:22-146:24. Id., Ex. 28, Thoma Dep., 153:23–154:4. |

46

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | Thus, Plaintiff could effectively terminate by refusing all future dates without consequence. |
|---|---|---|---|
| 114 | The Performance Agreement dated July 13, 2021 only gives Defendants the ability to terminate the Performance Agreement. | Exhibit 66, Sections 13.2 and 13.3 | Disputed in part. *Improper legal conclusion. Or. MSJ* § C(1)(b). Termination of a contract is by operation of law. *Evidence does not support statement.* Section 13.2 lists grounds for termination "for Cause," and Section 13.3 explains force majeure events, but neither term states that Plaintiff cannot terminate the Agreement. |
| 115 | The Performance Agreement dated November 11, 2020 requires Plaintiff to abide by certain ethical policies and practices at all times during the terms of the Performance Agreement otherwise she would be terminated. | Exhibit 64, Section 14 | Disputed in part. *Vague* as to "abide by certain ethical policies and practices." The language of the Agreement speaks for itself. |
| 116 | The Performance Agreement dated July 13, 2021 only gives Defendants the ability to terminate the Performance Agreement. | Exhibit 66, Section 14. | Disputed. Duplicative of No. 114. *See Or. MSJ* § C(1)(b). Pincite is incorrect. *See* L.R. 56-2. *Improper legal* |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

47

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | | | *conclusion. Or. MSJ* § C(1)(b). Termination of a contract is an operation of law. *Evidence does not support statement.* Section 13.2 lists grounds for termination "for Cause," and Section 13.3 explains force majeure events, but neither term states that Plaintiff cannot terminate the Agreement. |
| 117 | The Performance Agreement dated November 11, 2020 grants Defendants the "worldwide, irrevocable, perpetual right to photograph and re-photograph" Plaintiff in relation to the content created under the Performance Agreement. | Exhibit 64, Section 5 | Undisputed. |
| 118 | The Performance Agreement dated November 11, 2020 grants Defendants the right to retain Plaintiff's voice and performance by any present or future methods or means. | Exhibit 64, Section 5 | Disputed in part. *Vague* as to "retain." Leaves out qualifying language about what Defendants may use Plaintiff's voice for. The language of the Agreement speaks for itself. |
| 119 | The Performance Agreement dated November 11, 2020 grants Defendants the right to retain license any and all of Plaintiff's approved | Exhibit 64, Section 5 | Disputed in part. *Vague* as to "retain." Leaves out qualifying language about how |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | names, including all stage names and aliases, approved biography, resume, caricature, voice and likeness. | | Defendants may use Plaintiff's persona. Section 5 expressly states that "Performer will retain all rights in the stage name 'Kenzie Anne,' however during the term of this Agreement, Producer and Producer's assigns and licensees may use Performer's name and likeness." |
| 120 | The Performance Agreement dated November 11, 2020 grants Defendants the ownership of all products created by Plaintiff in relation to the Performance Agreement | Exhibit 64, Section 5 | Disputed in part. *Vague* as to "all products." The language of the Agreement speaks for itself. VXN Copyrights the Motion Pictures, not the still photographs. Emilie Kennedy Decl. para. 4 |
| 121 | The Performance Agreement dated July 13, 2021 grants Defendants the "worldwide, irrevocable, perpetual right to photograph and re-photograph" Plaintiff in relation to the content created under the Performance Agreement. | Exhibit 66, Section 5 | Undisputed. |
| 122 | The Performance Agreement dated July 13, 2021 grants Defendants the right to retain Plaintiff's voice and performance by any present or future methods or means. | Exhibit 66, Section 5 | Disputed in part.<br><br>*Vague* as to "retain." Leaves out qualifying language about what Defendants may use Plaintiff's voice for. |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

49

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | The language of the Agreement speaks for itself. |
|---|---|---|---|
| 123 | The Performance Agreement dated July 13, 2021 grants Defendants the right to retain license any and all of Plaintiff's approved names, including all stage names and aliases, approved biography, resume, caricature, voice and likeness. | Exhibit 66, Section 5 | Disputed in part.<br><br>*Vague* as to "retain." Leaves out qualifying language about how Defendants may use Plaintiff's persona. Indeed, Section 5 expressly states that "Performer will retain all rights in the stage name 'Kenzie Anne,' however during the term of this Agreement, Producer and Producer's assigns and licensees may use Performer's name and likeness." |
| 124 | The Performance Agreement dated November 11, 2020 states that even if the results and proceeds of Plaintiff's services under the Performance Agreement are determined not to be a work made for hire, then Plaintiff relinquishes all of those rights, titles, and interest in those work to Defendants. | Exhibit 64, Section 5 | Disputed in part.<br><br>*Misstates the evidence*. Section 5 states, in relevant part that Plaintiff "*transfers and assigns to Producer* all right, title, and interest in the work . . . ." (emphasis added). The language of the Agreement speaks for itself. |
| 125 | The Performance Agreement dated November 11, 2020 states that Plaintiff shall provide services on an "as-needed basis" including | Exhibit 64, Section 5 | Disputed in part.<br><br>*Pincite is incorrect. See* L.R. 56-2. "Hours and |

50

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | nights, weekends, and holidays. | | Obligations for Service" is discussed in Section 4. |
| 126 | The Performance Agreement dated November 11, 2020 states that sessions may take up to ten hours. | Exhibit 64, Section 5 | Disputed in part.<br><br>*Pincite is incorrect. See* L.R. 56-2. "Hours and Obligations for Service" is discussed in Section 4. |
| 127 | The Performance Agreement dated July 13, 2021 states that Plaintiff shall provide services on an "as-needed basis" including nights, weekends, and holidays. | Exhibit 66, Section 5 | Disputed in part.<br><br>*Pincite is incorrect. See* L.R. 56-2. "Hours and Obligations for Service" is discussed in Section 4. |
| 128 | The Performance Agreement dated July 13, 2021 states that sessions may take up to ten hours. | Exhibit 66, Section 5 | Disputed in part.<br><br>*Pincite is incorrect. See* L.R. 56-2. "Hours and Obligations for Service" is discussed in Section 4. |
| 129 | SAG-AFTRA allows models to be a part of their union. | Exhibit 50; Exhibit 51; Declaration of Rafael Yedoyan ("Yedoyan Decl.") ¶ 2 | Disputed.<br><br>Lacks foundation. F.R.Es. 901; 902. To the extent statement seeks to "prove the truth of the matter asserted in the statement," it is *hearsay. See* F.R.E. 802. Vague as to "allows," "models" and "part of." |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Plaintiff failed to produce Exhibit 50 and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
|---|---|---|---|
| 130 | Plaintiff spent around six hours per day when she was on set being photographed without any relation to scenes being filmed. | Exhibit 52; Thoma Deposition, 145:21-25 and 146:1-5; | Disputed in part. *Statement is compound. Or. MSJ § C(1)(b), § C(4)(b). Evidence does not support statement.* Witness did not testify that she spent six hours in a photoshoot, but rather that "six, seven hours down the line [after makeup] is when we would start filming . . . ." Tr. 146:4–5. *Misstates testimony.* Plaintiff did not testify that the photos were "without any relation to scenes being filmed" but rather that they "didn't *typically* involve the scene" and that "*[s]ometimes* it was split . . . ." Tr. 145:23–24 (emphasis added). |
| 131 | Plaintiff was photographed | Exhibit 52; | Disputed in part. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | during every single shoot she performed. | Thoma Deposition, 145:21-25 and 146:1-5; Exhibit 49; Lew Deposition 57-59, 65-66, 70, 71, 89-90 | *Vague* as to "every" and "shoot." (Ex. 52) *Evidence does not support statement.* Plaintiff testified about estimated hours spent before filing, not about whether she was photographed in "every" shoot.<br><br>(Ex. 49)  *Lacks pincites. See* L.R. 56-2. *Misstates testimony.* Witness only discusses two Vixen shoots, Tr. 58:24–59:2, that photography took place on the same day as filming, Tr. 64:5–9, confirmed that Plaintiff took photos for various websites, Tr. 70:12–71:13, and confirmed specific photos were shot for Vixen. Tr. 89:25–90:18. |
| 132 | Plaintiff spent at least two hours every single shoot in hair and makeup. | Exhibit 49; Lew Deposition, 61:5-7 | Disputed.<br><br>*Lacks foundation.* F.R.E. 901. *Hearsay.* F.R.E. 802. *Misstates testimony.* Witness merely provided an "estimate" of performer's general schedules, *see* Tr. 61:4–7, not specifics |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | about Plaintiff's activities. Witness did not testify about "every single shoot." |
|---|---|---|---|
| 133 | Plaintiff had several dozen still photoshoots, both while filming and not filming, while she worked with Defendants. | Exhibits 14, 15, 16, 51, Exhibit 66 | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Vague* as to "several dozen."<br><br>(Ex. 51) *Lacks pincite. See* L.R. 56-Plaintiff failed to produce Exhibit 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). *Lacks foundation.* F.R.E. 901. *Evidence does not support statement.* Even if admissible, none of the materials discussed in the declaration involve Plaintiff.<br><br>(Ex. 66) *Lacks pincite. See* L.R. 56-2. *Evidence does not support statement.* This Exhibit just contains the parties' |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

54

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | Agreement. |
|---|---|---|---|
| 134 | VXN's production team decides the and date of the shoots. | Exhibit 49 Lew Deposition 69:13-25.; Exhibit 76; Mosny Deposition; 18:21-19:11 | Disputed.<br><br>The statement is incomplete. *Vague* as to "decides."<br><br>(Ex. 49) *Evidence does not support statement*. Witness merely testifies that production team prepares the "call sheet." (Ex. 76) *Evidence does not support statemen*t. Witness merely testifies that production team sets the "call time."<br><br>The date of any given shoot is a collaboration between Plaintiff and the production team. Ex. 43, Mosny Dep., 141:22-146:24. |
| 135 | Plaintiff is expected to be available at the location and time VXN's production department sets. | Exhibit 49 Lew Deposition 70:4-7. | Disputed in part.<br><br>*Vague* as to "expected to be available." |
| 136 | Only paying subscribers could legally view the promotional materials on Defendants' website for the scenes filmed by Defendants | Exhibit 49 Lew Deposition 82:4-13 | Disputed.<br><br>*Evidence does not support statement*. Witness expressly |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | stated that promotional materials may also appear on "a DVD cover." Tr. 82:4–13. |
|---|---|---|---|
| 137 | The Performance Agreement dated November 11, 2020 states that "Performer's (1) material, uncured breach of this Agreement; (2) inability to meet Producer's subjective artistic expectations; (3) failure to follow any framework; (4) violation of Producer's rules; (5) violation of any applicable laws, rules, or regulations; or (6) failure to follow Producer's directions; (7) unreasonable unavailability; (8) or as otherwise set forth throughout this Agreement" are grounds for termination. | Exhibit 64 | Disputed in part.<br><br>*Lacks pincite. See* L.R. 56-2. Discussion in Section 13.2. |
| 138 | The Performance Agreement dated November 11, 2020 states that Plaintiff may be required to use sexual aids for certain scenes with Defendants. | Exhibit 64 | Disputed in part.<br><br>*Lacks pincite. See* L.R. 56-2. Discussed in Section 3. |
| 139 | Defendants reimbursed Plaintiff for medical examination related to her work with Defendants. | Exhibit 53 | Undisputed. |
| 140 | Defendants' production department and management would decide if sexual aids would be needed. | Exhibit 49 Lew Deposition 88:20-25 | Disputed in part.<br><br>*Vague* as to "sexual aids" and "would be needed." |
| 141 | Plaintiff decided to enter the adult entertainment industry | Exhibit 52 Thoma | Disputed in part. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | |
|---|---|---|
| as a form of sexual liberation. | Deposition 39:7-10 | *Vague* as to "sexual liberation."<br><br>*Incomplete*. Plaintiff testified immediately before that "the goals are vague because they come and go with who you're around." *See* Tr. 39:1–6. |
| 142 Defendants would never listen to Plaintiff's recommended changes to their script as they would be "set in how they wanted things done." | Exhibit 52; Thoma Deposition 96:13-16 | Disputed.<br><br>*Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Misstates testimony*. Plaintiff stated that "directors"–not Defendants–were "[t]ypically" not receptive. Tr. 96:13–16. She later answered "yes" that the directors "listen[ed]" to her complaints. *See* Tr. 96:17–19. |
| 143 Plaintiff was not allowed to "cam" while she worked with Defendants. | Exhibit 52; Thoma Deposition : 19 :17-25; 22 :1-15; 28 : 10-14 | Disputed.<br><br>*Vague* as to "cam." *Misstates Evidence*. Agreements allowed her to "cam," *see* (Exs. 64 and 66); *see also* No. 102; and Plaintiff expressly testified that she was "allowed to used" "some aspects" of camming platform, |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | while providing services to VXN. Tr. 35:7–8. |
|---|---|---|---|
| 144 | Plaintiff was instructed by Defendants not to film any sexual content longer than five minutes and was not allowed to film sexual content with another individual while working with Defendants. | Exhibit 52; Thoma Deposition : 22 :11-15; Thoma Deposition 35 :11-15 | Disputed. <br><br> *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Vague* as to "film sexual content with another individual." *Lacks foundation.* F.R.E. 901. *Hearsay.* F.R.E. 802. Plaintiff expressly testified that she was "not sure who at Vixen had instructed me" of the alleged terms. Tr. 22:11; *see also* Tr. 35:17 (responding "I can't remember" when asked about alleged restrictions). *Evidence does not support statement.* Plaintiff expressly testified that she was "allowed to used" "some aspects" of camming platform. Tr. 35:7–8. |
| 145 | The Performance Agreement dated July 13, 2021 states that if Plaintiff is not available during the a proposed date for a shoot, then she must provide an alternate date within two weeks of the proposed date. | Exhibit 66 | Disputed in part. <br><br> *Lacks pincite. See* L.R. 56-2. Discussed at Section 1. [See 113] |
| 146 | Plaintiff could not offer | Exhibit 49; | Disputed. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | alterative dates to arrive for a shoot if she was unavailable for the date originally proposed by Defendants at her own discretion. | Lew Deposition, Page 149; 22-25 | *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Vague* as to "offer," "alternative dates," and "at her own discretion." *Evidence does not support statement.* Witness testified that Plaintiff could offer "alternative dates." *See also* (Ex. 66, at §1) (allowing Plaintiff to offer alternative dates). [See 113] |
| 147 | Plaintiff was not free to decline work dates for shoots that she was not available for without consequence. | Exhibit 64, Exhibit 25, Exhibit 49; Lew Deposition, Page 149; 22-25, Exhibit 27 | Disputed.<br><br>*Vague* as to "not free," "decline," "not available," and "without consequence." (Ex. 64) *Lacks pincite. See* L.R. 56-2. *Unintelligible.* The statement is unclear. [See 113] |
| 148 | Plaintiff was terminated because she was unable to make the shoots that Defendants had schedule[d] for her. | Exhibit 66 | Disputed.<br><br>*Lacks pincite. See* L.R. 56-2. *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Vague* as to what is meant by Plaintiff was "unable to make the shoots . . . ." |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | *Misstates evidence.* The Agreement does not evidence Plaintiff's termination. Plaintiff's dismissal is outlined in Defendants' termination letter. Exhibit 27. Misleading - Plaintiff had the ability to decline any date. [See 113] |
|---|---|---|---|
| 149 | Plaintiff was terminated because she made body modifications without the written consent of Defendants. | Exhibit 66 | Disputed.<br><br>*Lacks pincite. See* L.R. 56-2. *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b).<br>*Vague* as to "made body modifications . . . ."<br>*Misstates evidence.* The Agreement does not evidence Plaintiff's termination. Plaintiff's dismissal is outlined in Defendants' termination letter. Exhibit 28. |
| 150 | Defendants unilaterally set and scheduled shoots for Plaintiff. | Exhibit 66 | Disputed.<br><br>*Lacks pincite. See* L.R. 56-2.<br>*Vague* as to "unilaterally set and scheduled . . . ." |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | *Misstates evidence.* The Agreement does not evidence Plaintiff's termination. Plaintiff's dismissal is outlined in Defendants' termination letter. Exhibit 28. |
| 151 | Plaintiff has received no formal acting training. | Exhibit 74; Thoma Decl." ¶ 2 | Disputed in part. *Vague* as to "formal acting training." Plaintiff failed to produce evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 152 | Plaintiff had not performed any acting in a professional setting during or prior to her work with Defendants. | Exhibit 74; Thoma Decl. ¶ 3 | Disputed in part. *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Vague* as to "acting in a professional setting . . . ." *Unintelligible.* To the extent Plaintiff denies acting "during . . . her work with Defendants," in which she was engaged as a professional actor, |

61

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | this is a contradiction and thus, false. Plaintiff failed to produce the evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
|---|---|---|---|
| 153 | Plaintiff received no formal acting training by Defendants. | Exhibit 74; Thoma Decl. ¶4 | Disputed in part. *Vague* as to "no formal acting training." Plaintiff failed to produce evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 154 | There was always a director on set that would instruct Plaintiff on how to perform scenes while filming. | Exhibit 74; Thoma Decl. ¶5; Exhibit 64; Exhibit 66 | Disputed in part. *Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Vague* as to "instruct . . . on how to perform." (Exs. 64 and 66) *Lacks pincite. See* L.R. 56-2. *Evidence does not support statement.* The Agreements |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | cannot evidence who was on set with Plaintiff or what they did. Plaintiff failed to produce evidence in Exhibit 74 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 155 | Plaintiff earned no more than $50,000 a month prior to her time working with Defendants as a hairdresser, model, and camming. | Exhibit 52; Thoma Deposition 25:15-21 26: 18-25 | Disputed in part. *Misstates evidence.* Plaintiff did not testify that she made "no more than $50,000 a month" and did not testify that her only sources of income came from being a hairdresser, model, or camming. |
| 155 | The Performance Agreement dated July 13, 2021 states that "Performer's (1) material, uncured breach of this Agreement; (2) inability ot meet Producer's subjective artistic expectations; (3) failure to follow any framework; (4) violation of Producer's rules; (5) violation of any applicable laws, rules, or regulations; or (6) failure to follow | Exhibit 66 | Objection in part. *Lacks pincite. See* L.R. 56-2. Discussed in section 13.2 |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | Producer's directions; (7) unreasonable unavailability; (8) or as otherwise set forth throughout this Agreement" are grounds for termination. | | |
| 156 | The "Vixen Angel" award was granted to extremely talented artists in the adult entertainment industry that would "break down walls and defy stereotypes" by Defendants. | Exhibit 54; Exhibit 51; Yedoyan Decl. ¶ 4 | Objection in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). Plaintiff failed to produce Exhibits 54 and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021).Advertisements are not testimony. *Cf.* F.R.C.P. 30(b)(6). |
| 157 | Plaintiff was unable to attend the June 2022 showcase shoot because she contracted Monkeypox. | Exhibit 74; Thoma Decl. ¶6; | Disputed<br><br>Plaintiff failed to produce the evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 158 | Vixen brands itself as a "Global Entertainment & Lifestyle Brand" | Exhibit 55 and Exhibit 56; Exhibit 51 Yedoyan Decl. ¶ 4 and | Disputed in part.<br><br>*Vague* as to "brands itself." Plaintiff failed to produce Exhibits |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | 5. | 55, 56, and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021).Advertisements are not testimony. *Cf.* F.R.C.P. 30(b)(6). |
|---|---|---|---|
| 159 | Defendants have multiple websites in which they sell merchandise to clients | Exhibit 57; and Exhibit 51 Yedoyan Decl. ¶ 6 | Disputed in part.<br><br>Plaintiff failed to produce Exhibits 57 and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 160 | Defendants' performers model the merchandise they sell. | Exhibit 58; Exhibit 51 Yedoyan Decl. ¶7 | Disputed in part.<br><br>*Vague* as to "model." Plaintiff failed to produce Exhibits 58 and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 161 | Vixen Angels model the merchandise with | Exhibit 58; Exhibit 51 | Disputed in part. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | Defendants' and their affiliated brands' branding. | Yedoyan Decl. ¶7 | *Vague* as to "model." *Lacks foundation.* F.R.E. 901. Plaintiff has not shown that the images were published at or around the time of the dispute. Plaintiff failed to Exhibits 58 amd 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021).. |
|---|---|---|---|
| 162 | Defendants sell bras, lingerie, t-shirts, swimwear, and sweatpants with their brand name or the brand name of their affiliate brands on their website. | Exhibit 59; Exhibit 51 Yedoyan Decl. ¶8 | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Lacks foundation.* F.R.E. 901. Plaintiff has not shown that the images were published at or around the time of the dispute. Plaintiff failed to Exhibit 59 and 51 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 163 | Plaintiff, like other models | Exhibit 59; | Disputed in part. |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | working for Plaintiff, modeled merchandise with the name of Defendants' brand that Defendants sold online as a part of their lifestyle brand. | [His declaration is Ex. 51] Yedoyan Decl. ¶8; Exhibit 74 Thoma Decl. ¶8 | *Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Lacks foundation.* F.R.E. 901. Plaintiff has not shown that the images were published at or around the time of the dispute. Plaintiff failed to produce Exhibits 59, 51, 74 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). *Evidence does not support statement.* Exhibit 59 only shows articles of clothing. It does not show anyone–let alone Plaintiff– wearing them. |
|---|---|---|---|---|
| | 164 | Defendants advertise their clothing brand on their X-Account | Exhibit ?? Exhibit 60; Exhibit 52 Yedoyan Decl. ¶9 | Disputed in part.<br><br>*Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Lacks foundation.* F.R.E. 901. Plaintiff has not shown that the images were published at or around the time of the |

67

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | dispute. Plaintiff failed to produce Exhibit 60 and 52 in response to Defendants' written discovery, so it should be excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 165 | Plaintiff testified that she "hates the desert" and would "never go there" on her own accord. | Exhibit 52; Thoma Deposition 99:19-25 | Disputed in part.<br><br>Nowhere in the pincite or anywhere else in Plaintiff's deposition does she state that she would "'never go there [Joshua Tree or the desert]' on her own accord." Also, Plaintiff texted VXN that "I left the angel shoot crying bc I'm so thankful and happy I have you guys . I feel so love and supported it feels unreal, thank u both." Exhibit 7. |
| 166 | During the Turk's and Caicos shoot that Plaintiff was required to go to, Defendants sent an email stating "full tests, COVID tests, need to check if they are vaccinated, have their nails done short and nude, bring second ID for signing | Exhibit 61 | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Lacks pincite. See* L.R. 56-2. *Vague* as to "required to go to." *Evidence does not* |

68

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| documents, and of course coordinate the travel." | | | *support statement*. Neither Defendants nor one of its corporate representatives made the statement. The email says nothing about Plaintiff being required to attend. |
| 167 | Plaintiff modeled numerous times for Defendants to promote Defendants' brand and in ways completely unrelated to filming. | Exhibit 62; Exhibit 52; Thoma Deposition 145: 21-25 and 146: 1-9; Exhibit 70. | Disputed in part.<br><br>*Vague* as to "modeled," "numerous times," and "ways completely unrelated to filming" (Ex. 62) *Lacks pincite. See* L.R. 56-2. *Evidence does not support statement*. Some of the images show Plaintiff promoting her scenes while other involve "mood boards" that were not used in an internal– not promotional– capacity. (Ex. 52) Duplicative of No. 103. *See Or. MSJ* § C(1)(b). *Misstates testimony*. Plaintiff did not testify that the photos were "completely unrelated to filming" but rather that they "didn't typically involve the scene" and that "[s]ometimes |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | it was split . . . ." Tr. 145:23–24. (Ex. 70) *Evidence does not support statement.* It merely shows that Defendants wanted to ensure Plaintiff used "Black Raw branding on her social assets." |
|---|---|---|---|
| 168 | Plaintiff informed Defendants she was afflicted with monkeypox. | Exhibit 74 Thoma Decl. ¶ 6 | Undisputed. |
| 169 | The DIR states only that "professional actors and actresses" and "professional minors" shall be exempt from certain provisions of Wage Order 12. | Exhibit 9, Page 15 | Disputed in part.<br><br>*Improper legal conclusion. Or. MSJ* § C(1)(b). Otherwise, the document speaks for itself. |
| 170 | The DIR differentiated "actors" and "actresses" from "extra-players." | Exhibit 9, Page 16 | Disputed in part.<br><br>*Improper legal conclusion. Or. MSJ* § C(1)(b). Otherwise, the documents speaks for itself. |
| 171 | Plaintiff had a shoot in Joshua Tree that Defendants unilaterally set and scheduled that had no acting services or line reading. | Exhibit 52; Thoma Deposition 99-100 | Disputed.<br><br>Statement is compound. *Or. MSJ* § C(1)(b), § C(4)(b). *Lacks pincite. See* L.R. 56-2. *Vague* as to "unilaterally set," "acting services," and "line reading." *Misstates testimony.* Plaintiff did not testify that the Defendants "unilaterally" set the |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | shoot, and states that she was gave input on the location prior to the shoot. *See* Tr. 100:3–6. [See 113] |
| 172 | Defendants would handle Plaintiff's hair and makeup prior to her shoots. | Exhibit 49; Lew Deposition 61:7-9 | Disputed in part.<br><br>*Vague* as to "handle." *Misstates testimony.* Witness testified about general procedures, in cited to testimony. Witness noted that Plaintiff "requested a specific Vixen hair and makeup artist that we work with." Tr. 100:13–14. |
| 173 | Plaintiff maintained a "no-list" throughout her career, which is a list of performers she would not want to work with. | Exhibit 52; Thoma Deposition 150: 18-22 | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Misstates testimony.* Plaintiff testified that her agency maintained a "no list." Her testimony says nothing about when or how long she maintained such a list. |
| 174 | On one occasion, Plaintiff arrived on set to see a performer on her "no-list" present on set. | Exhibit 52; Thoma Deposition 150: 18-22 | Disputed in part.<br><br>*Evidence does not support statement.* Plaintiff noted that there was a disagreement as to whether the |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | individual in question was the same as the person on her "no list." *See* Tr. 151:4–11. |
| 175 | Plaintiff was required to work with the performer on her "no-list", despite her objections. | Exhibit 52; Thoma Deposition 150-152 | Disputed.<br><br>*Vague* as to "required" and "work with."<br>*Lacks pincite*. *See* L.R. 56-2. *Misstates testimony*. While Plaintiff performed with the individual, *see* Tr.151:11, she does not testify that Plaintiff "required" her to do so. |
| 176 | Defendants would determine the time shoots would take place. | Exhibit 49; Lew Deposition 61:1-25; 69-70 | Disputed in part.<br><br>*Vague* as to "determine." But the production team would prepare and send the call sheets, Tr. 69:13–15, which had the information about the shoots. |
| 177 | Defendants always unilaterally set the location of where shoots would take place. | Exhibit 49; Lew Deposition 61:1-25; 69-70 | Disputed.<br><br>*Vague* as to "unilaterally set" and "take place."<br>*Evidence does not support statement*. Witness merely testified about general procedures for preparing and sending call sheets. |

72

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | Plaintiff testified to the contrary, nothing that she had prior input to the Joshua Tree shoot. *See* (Ex. 52) Tr. 100:3–6. |
| 178 | Defendants provided all required clothing, makeup, props, intimacy aids, set-dressing and other involved instrumentalities used in scenes by Plaintiff. | Exhibit 49; Lew Deposition 61:7-9 88:11-13; 89:14-16; Lew Deposition 91:13-93:5 | Disputed in part.<br><br>*Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). *Vague* as to "provided," "all," "required," and "other involved instrumentalities." *Misstates testimony.* While production provided "[h]air, makeup, and wardrobe," 61:7-9, and props, Witness testified that she did not know whether Plaintiff had brought any of her own materials or if "they were always provided by Vixen." Tr. 89:11–13. |
| 179 | Defendants provided props, cameras, and cleaning supplies for Plaintiff's Vixen Angel Photoshoot at Joshua Tree | Exhibit 62 | Disputed in part.<br><br>*Incorrect pincite.* Correct cite appears to be Exhibit 63. |
| 180 | The Agreements signed by Plaintiff were pre-drafted forms that Plaintiff was not allowed to negotiate. | Exhibit 49; Lew Deposition 83:4-25 | Disputed.<br><br>*Statement is compound. Or. MSJ* § C(1)(b), § C(4)(b). |

73

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | *Vague* as to "The Agreements," "pre-drafted forms." *Evidence does not support statement*. The Witness did not testify that Plaintiff was "not allowed to negotiate." In fact, Plaintiff testified that she did negotiate terms. (Thoma Depo.) Tr. 88:6–90:20 (discussing agent's negotiations); *see also* (Ex. 74) ("I was not able to negotiate the terms of the Performance Agreements aside from the amount that I would get paid."). |
| 181 | Plaintiff was required to begin a "loan-out" company in order for Defendants to pay her. | Exhibit 74; Thoma Decl. ¶ 10.; Exhibit 52, Thoma Deposition 152:10-12 | Disputed.<br><br>*Lacks foundation*. F.R.E. 901. *Hearsay*. F.R.E. 802. *Vague* as to "required" and "in order to pay." *Misstates testimony*. Plaintiff states that "Defendants initially paid me directly . . . ." (Ex. 74), at ¶10; see also Tr. 152:10–12 ("Vixen had told Dave Rock and Ryan Kona *to advise me* to get an LLC for payment or I couldn't work.") |

74

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | (emphasis added). Plaintiff failed to produce Exhibit 74 in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
|---|---|---|---|
| 182 | Defendants required Plaintiff to sign a W9 | Exhibit 74; Thoma Decl. ¶ 11. | Disputed in part.<br><br>*Vague* as to "required." Plaintiff failed evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 183 | The Performance Agreements Plaintiff entered into are VXN's own standard form contracts | Exhibit 49; Lew Deposition 83:4-25 | Disputed in part.<br><br>*Vague* as to "standard" and "form contracts." |
| 184 | Plaintiff did not present Defendants with her own contract | Exhibit 74; Thoma Decl. ¶ 9. | Disputed.<br><br>*Vague* as to "present" and "contract." *Evidence does not support statement.* Plaintiff merely complains about the negotiations, but does |

75

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | | | not state that she never received the Agreements. Plaintiff's signature appears on all relevant Agreements. *See* (Exs. 64 and 66). Plaintiff failed to produce the evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 185 | Plaintiff did not draft any of the terms of the Performance Agreements or Addendums | Exhibit 74; Thoma Decl. ¶ 9. | Disputed in part. *Vague* as to "draft." *Evidence does not support statement*. While Plaintiff may not have literally written down the term, she was able to draft the terms through negotiation. Ex. 74, at ¶ 9 (admitting negotiations); *see* (Thoma Depo.) Tr. 88:6–90:20 (discussing agent's negotiations). Plaintiff failed to produce the evidence in response to Defendants' written discovery, so it |

76

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | | should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 186 | Plaintiff was not included in any of the #kenzieeats Slack messages produced by Defendants where script and film details were being discussed | Exhibit 12 | Undisputed. |
| 187 | Plaintiff entered into numerous "Model Release and Grant of Rights" agreements while working for Defendants. | Exhibit 73 | Undisputed. |
| 188 | The Model Release Agreements state that Plaintiff is being hired for the "purposes of creating…photographs…" | Exhibit 73 | Disputed in part. *Lacks pincite. See* L.R. 56-2. *Evidence is incomplete.* Section 2, which covers services, states: "Model will render services as an actor/performer for one or more films or performances at the direction of and for Produce . . . ." The language truncated by Plaintiff comes from Section 3, regarding the parties' "Grants of Rights." |
| 189 | The Model Release Agreements state that Plaintiff shall "comply to the | Exhibit 73 | Disputed in part. *Lacks pincite. See* |

77

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | best of Model's ability with Producer's reasonable directions, rules, instructions and regulations" | | L.R. 56-2. This is from Section 3, "Grants and Rights." |
| 190 | The Model Release Agreements state that "Model's Performance is for adult oriented entertaining and will be used to create and market adult oriented content and products" | Exhibit 73 | Disputed in part.<br><br>*Lacks pincite. See* L.R. 56-2. This is from Section 11, "Miscellaneous." |
| 191 | The Department of Industrial Relations ("DIR") states that certain Wage Orders, such as 7 and 12, are industry orders, while other Wage Orders, like 4, are occupational orders. | Exhibit 68, P. 4 | Disputed in part.<br><br>*Statement is compound. Or. MSJ § C(1)(b), § C(4)(b). Improper legal conclusion. Or. MSJ § C(1)(b).* Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). |
| 192 | The DIR provided stated that "A business's main purpose is operating a warehouse and incidental thereto employs a separate sales staff to sell goods. IWC Order 9 covers this operation even though sales are covered under IWC Order 7 because the main purpose of | Exhibit 68, P. 4 | Disputed in part.<br><br>*Statement is compound. Or. MSJ § C(1)(b), § C(4)(b). Improper legal conclusion. Or. MSJ § C(1)(b).* |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | | |
|---|---|---|---|---|
| | | the business is to operate a warehouse." | | |
| | 193 | The DIR stated that determining the nature of a company is not about auditing receipts to compare income from sales and service, but by using "simple observation and common sense." | Exhibit 68, P. 5. | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Improper legal conclusion. Or. MSJ* § C(1)(b). |
| | 194 | Defendants contracted with Plaintiff, not Kenzieland or Lola March LLC, in the Agreements | Exhibit 49: Lew Deposition 138:1-139:25 | Undisputed.<br><br>(Agreements are at Exs. 64 and 66.) |
| | 195 | The Addendum to the Performance Agreement dates November 10, 2020 only extended the time for the effectiveness of the Performance Agreement and still categorized Plaintiff as a "model." | Exhibit 65 | Disputed.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Vague* as to "extended the time for the effectiveness" and "categorized." *Misstates evidence.* Throughout the Agreement, Plaintiff is referred to as a "Performer," "actor," and "model." Additionally, Section 2 addressed "compensation" and Section 7.1 addressed nature of the services. |
| | 196 | The Addendum to the Performance Agreement dates July 13, 2021 only extended the time for the effectiveness of the Performance Agreement and | Exhibit 67 | Disputed in part.<br><br>*Statement is compound. Or. MSJ §* C(1)(b), § C(4)(b). *Vague* as to |

| | | | |
|---|---|---|---|
| | still categorized Plaintiff as a "model." | | "extended the time for the effectiveness" and "categorized." *Misstates evidence.* Throughout the Agreement, Plaintiff is referred to as a "Performer," "actor," and "model." |
| 197 | Plaintiff entered into numerous agreements entitled "18 U.S.C Section 2257 Records Keeping for Models" with Defendants. | Exhibit 72 | Undisputed. |
| 198 | Plaintiff was categorized as a model, not an actress or performer, in all of the documents entitled "18 U.S.C Section 2257 Records Keeping for Models" | Exhibit 72 | Disputed in part. *Vague* as to "categorized." *Improper legal conclusion.* Or. MSJ § C(1)(b). While the title "model" was used as shorthand, it is merely a stylistic convention and does not designate any meaningful status on Plaintiff. |
| 199 | The relationship between Chris Applebaum and Defendants extended past just being a director for Plaintiff. Vixen and Chris Applebaum's collaboration extended to Chris Applebaum's own company, "Eats." | Exhibit 75; Exhibit 52 Thoma Deposition 58:5-8 | Disputed in part. *Statement is compound.* Or. MSJ § C(1)(b), § C(4)(b). *Vague* as to "relationship" and "collaboration." |
| 200 | The Performance Agreement dated July 13, 2021 forbids Plaintiff from shooting anal scenes with other companies until three months after | Exhibit 66; Exhibit 49 Lew Deposition 116:8-119:14 | Disputed in part. *Vague* as to meaning of "forbids." Witness testified that "first |

80

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | Plaintiff filmed the shoot or until the agreement expired. | | right of refusal is not necessarily a restriction or prohibits her . . . ." (Ex. 49) 117:12–4. (Ex. 66) *Lacks pincite. See* L.R. 56-2. *Misstates evidence.* The relevant provision states, "Performer *will afford Producer the right of first refusal* for Performer's first anal scene ('First Anal Scene') and will not shoot any anal scene with any other producer or company *until she has filmed the First Anal Scene with Producer or the Term has expired*, whichever is first. Additionally, Performer will remain exclusive for <u>anal only</u>, for three months from the date that Producer shoots Performer's First Anal Scene . . . ." (Ex. 66) at § 7.1 (italicizations added). |
| 201 | The Addendum to the Performance Agreement One dated April 15, 2021 expands on the exclusivity clause found within the November 10, 2020 agreement, stating "Additionally, Performer may | Exhibit 66 | Disputed in part.<br><br>*Pincite is incorrect. See* L.R. 56-2. Discussed at Ex. 65. |

81

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | not film with any models that appear in any of the Scenes arising from the Agreement for at least six months from release of the Scene and Performer agrees not to shoot with any of the Company's current and/or former directors and/or exclusive talent for Performer's Channels without the express written consent of Producer with the exception of Chris Applebaum. Company's current exclusive talent, as of the date of signing, are listed on Exhibit A, and for the avoidance of doubt, Performer may also not shoot with any new exclusive talent signed by Company for Performer's Channels during the course of this Agreement." | | |
| 202 | Chris Applebaum was Defendants' employee. | Exhibit 66, Section 7.1 paragraph 2; Exhibit 75; Exhibit 52 Thoma Deposition 58:5-8 | Disputed.<br><br>*Improper legal conclusion. Or. MSJ* § C(1)(b). Mr. Applebaum performed services for Defendants as an independent contractor through his company Eatz. *Vague* as to use of term "employee." (Ex. 66) *Pincite is incorrect. See* L.R. 56-2. *Evidence does not support statement.* This merely cites to |

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | Plaintiff's Agreement. *Misstates evidence.* Agreement concerns Plaintiff, not Mr. Applebaum. (Ex. 52) *Evidence does not support statement.* Merely states that Plaintiff knew Mr. Applebaum. |
|---|---|---|---|
| 203 | Michael Mosny described Defendants as an online entertainment company, not a Motion Picture company. | Exhibit 76; Deposition of Michael Mosny 44:16-21 | Disputed in part. *Vague* as to "described." *Misstates testimony.* Witness described "Vixen's *business*" as "online entertainment." Tr. 44:16–21 (emphasis added). He did not exclude motion pictures from Defendants' ambit. |

Dated: January 10, 2025                          KANE LAW FIRM

                                        By:   */s/ Brad Kane*
                                              Brad S. Kane
                                              Attorney for Defendants

Dated: January 10, 2025                          BIBIYAN LAW GROUP, P.C.

                                        By:   */s/ Rafael Yedoyan*
                                              Rafael Yedoyan
                                              Attorney for Plaintiff

JOINT APPENDIX OF FACTS RE: DEFENDANTS' MSJ

1

**CERTIFICATE OF SERVICE**

2

3        I, Brad S. Kane, hereby certify that this document has been filed on January

4    10, 2024, through the ECF system and will be sent electronically to the registered

     participants as identified on the Notice of Electronic Filing.

5

6    Dated: January 10, 2025         By:    /s/ Brad S. Kane

7                                            Brad Kane

8

9

10

11

12

13

14

15

16

17

19

20

21

22

23

24

25

26

27                                      2
                                  PROOF OF SERVICE
28