**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd. #717
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP LLC and MIKE MILLER

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for MACKENZIE ANNE THOMA, on behalf of herself
and all others similarly situated

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

       Plaintiff,

v.

VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,

       Defendants.

Case No. **2:23–cv–04901 WLH (AGRx)**

**JOINT APPENDIX OF OBJECTIONS REGARDING VXN GROUP, LLC and MIKE MILLER'S MOTION FOR SUMMARY JUDGMENT**

[Filed concurrently with: (1) Notice of Motion and Motion for Summary Judgment; (2) Joint Brief; (3) Joint Appendix of Facts (Vol. I-IV); (4) Joint Appendix of Objections; and (5) Proposed Order]

Date:      February 28, 2025
Time:      11:00 a.m.
Courtroom: 9B

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| **Objector** | **Evidence** | **Objection (O)/Response (R)** | **Ruling** |
|---|---|---|---|
| Plaintiff | Exhibit 44 | Plaintiff objects to the extent that this Exhibit reveals private financial information from Plaintiff. Additionally, the unredacted information gives rise to serious security and privacy concerns for Plaintiff. Thus, Plaintiff asks that this Exhibit be filed under seal and not be made public information. R: Defendants will move to file under seal. | S / O |
| Plaintiff | Exhibit 46 | Plaintiff objects to the extent that this Exhibit reveals private financial information from Plaintiff. Additionally, the unredacted information gives rise to serious security and privacy concerns for Plaintiff. Thus, Plaintiff asks that this Exhibit be filed under seal and not be made public | S / O |

1

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

| | | | |
|---|---|---|---|
| | | information.<br><br>R: Defendants will move to file under seal. | |
| Plaintiff | Exhibit 47 | Plaintiff objects to the extent that this Exhibit reveals private financial information from Plaintiff. Additionally, the unredacted information gives rise to serious security and privacy concerns for Plaintiff. Thus, Plaintiff asks that this Exhibit be filed under seal and not be made public information.<br><br>R: Defendants will move to file under seal. | S / O |
| Plaintiff | Exhibit 48 | Plaintiff objects to the extent that this Exhibit reveals private financial information from Plaintiff. Additionally, the unredacted information gives rise to serious security and privacy concerns for Plaintiff. Thus, Plaintiff asks that this | S / O |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | Exhibit be filed under seal and not be made public information. R: Defendants will move to file under seal. | |
| Plaintiff | Exhibit 1; Declaration of Emilie Kennedy ¶ 4 "Pursuant to Fed. R. Evid. 901(b)(1), I certify that each of the motion pictures that Plaintiff filmed with VXN has Plaintiff in a featured role with speaking lines." | Lack of Foundation; Lack of Personal Knowledge R: "I know this because I oversee all copyright registrations and I reviewed each of the motion pictures prior to signing this declaration and confirmed they are the same as the deposit copies sent to the United States Copyright Office. For the motion pictures that were not released, I reviewed the raw footage except as stated below for the production on 7-15-22." Exhibit 1 ¶ 4 | S / O |
| Plaintiff | Exhibit 1; Declaration of Emilie Kennedy ¶ 4 "The still photographs are not registered separately because they are not intended to be sold separately from the motion pictures or otherwise commercially used." | 1) Lack of Foundation (FRE 602); 2) Lack of Personal Knowledge; 3) Assumes Facts Not In Evidence; 4) Improper Opinion (FRE 701) as to the | S / O |

3

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

statement "The still photographs are not registered separately because they are not intended to be sold separately from the motion pictures or otherwise commercially used." Emilie Kennedy is Defendants' Counsel of Record, not Chief Financial Operator, Chief Executive Officer, or other individual who would know about Defendants' business strategies and Defendants' intentions as to still photographs.

5) Speculation (FRE 602 and 402): counsel attempts to assert what she believes the reason is

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | Defendants did not separately register still photographs in the copyright office. R: Emilie Kennedy is not "counsel of record" but instead General Counsel and therefore an executive of VXN who personally registers all of VXN's copyrights. Exhibit 1 ¶ 1-5. | |
| Plaintiff | Exhibit 3 | 1) Irrelevant R: Relevant to show that Plaintiff had speaking lines in VXN's movies. | S / O |
| Plaintiff | Exhibit 10; Declaration of Basia Lew¶ 4 "It demonstrates the coordination between departments and the amount of work, talent, and consideration that is put into creating the final motion pictures, as well as the collaboration between Plaintiff's team and VXN." | 1) Improper Opinion (FRE 701) as to the statement "It demonstrates the coordination between departments and the amount of work, talent, and consideration that is put into creating the final motion pictures, | S / O |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

as well as the collaboration between Plaintiff's team and VXN." Whether or not Defendants solely created "motion pictures" during the shoot days is a matter of legal contention that Ms. Lew cannot opine on. Additionally, Defendants categorization of Plaintiff as having a "team" is also an issue that is open to legal contention and, once again, is not something Ms. Lew can opine on.

R: Ms. Lew is Vice President of Production and therefore oversees VXN's production of motion pictures and is therefore

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | most knowledgeable on the process. She also coordinated with Plaintiff's team to ensure all movies matched Plaintiff's creative input and standards. Exhibit 10 ¶¶ 1-3. | |
| Plaintiff | Exhibit 10; Declaration of Basia Lew ¶ 8 "During motion picture productions, VXN directors or photographers take "stills" which are photographs of actors in its movies in character in various positions." | 1. Improper Opinion (FRE 701) as to the statement "During motion picture productions, VXN directors or photographers take "stills" which are photographs of actors in its movies in character in various positions." This statement is an improper opinion and misleads the court. Defendants did more than just shoot motion pictures and stills on days there were shoots. | S / O |

7

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | R: Ms. Lew is Vice President of Production and therefore oversees VXN's production of motion pictures and is therefore most knowledgeable on the process. Plaintiff does not say what else Defendants shot during shoots. Exhibit 10 ¶¶ 1-3. | |
| Plaintiff | Exhibit 10; Declaration of Basia Lew¶ 13 "Taking stills on VXN's production set usually accounts for only a small portion of the time spent making the motion picture and it is dependent on the creative direction of the actors and director as they rehearse the movie. Attached as Exhibit 17 is a true and correct copy of the shoot schedule from the 4-22-22 Deeper motion picture. It demonstrates the average time it takes to shoot still photographs | 1. Improper Opinion (FRE 701) as to the statement "Taking stills on VXN's production set usually accounts for only a small portion of the time spent making the motion picture and it is dependent on the creative direction of the actors and director as they rehearse the movie." Ms. Lew herself states that she is only "often" on set for | S / O |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

| | | |
|---|---|---|
| | compared to the overall production." | production, not "always." Additionally, only a single shoot schedule was attached, and as Ms. Lew states the time spent photographing is often dependent on the director him/herself. She therefore cannot opine on what the average time each and every shoot would focus on still photography, as she does not have personal knowledge as to how long each and every one of these shoots would focus on certain content.

2. Lacks Foundation: Ms. Lew only mentions a single |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

shoot schedule from a single shoot. It cannot be determined if this is representative of every single shoot from this one Exhibit.

3. Speculation (FRE 602 and 402): Ms. Lew speculates how long every single shoot would focus on still photography when she was not present for every single shoot and provides no evidence from every single shoot. Given that Ms. Lew admits the length of time each shoot would focus on certain content would be largely dependent on the director, she cannot know how long every single shoot would focus on

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | stills and how much time would be dedicated towards the actual motion pictures. She is therefore speculating on how long<br><br>R: Ms. Lew is Vice President of Production and therefore oversees VXN's production of motion pictures and is therefore most knowledgeable on the process.<br><br>Exhibit 10 ¶¶ 1-3. | |
| Plaintiff | Exhibit 18; Declaration of Belen Burditte¶ 6 "Even though it is very expensive for VXN, we are classified with State Fund as a Motion Picture Production Company because that is what VXN does as a company. We create motion pictures." | 1. Improper Opinion (FRE 701) as to the statement "Even though it is very expensive for VXN, we are classified with State Fund as a Motion Picture Production Company because that is what VXN does as a company. We create | S / O |

motion pictures." Whether or not Defendants are a Motion Picture company is an open legal question that Ms. Burditte cannot opine on. Per the DIR, to determine the primary purpose of a company one must use "common sense" and look at the face of the company, not just look through audits. Because it is an open legal question as to the nature of Defendants' company, Ms. Burditte cannot opine as to this issue.

2. Lacks Foundation: Ms. Burditte has provided not documentation or evidence to support

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

|  |  |  | this contention. To date, none of these "audits" that are routeinley mentioned have ever been produced, neither have any declarations from anyone not working for Defendants on this issue. Additionally, Ms. Burditte has not established she is on set when Defendants are shooting their content, so she could not possibly know what goes on a daily basis and the type of company Defendants are.<br><br>3. Speculation (FRE 602 and 402): Ms. Burditte speculates as to the nature of Defendants' work. She is not the CEO, |  |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

CFO, COO, or any other individual who has any understanding of the inner workings and primary purpose of VXN Group. As such, any statement as to the nature of Defendants' business is pure speculation.

R: Ms. Burditte is VXN's production accountant and is responsible for reporting to State Fund all financial information for VXN's productions and paying talent.  Exhibit 18 ¶¶ 3-4, 12, 16-18, 20.  Excerpts from the audits are produced on Exhibit 19 and were timely produced during discovery to Plaintiff.  Indeed, Ms. Burditte's entire declaration and exhibits were produced to Plaintiff on September

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | 13, 2024 prior to Plaintiff's deposition of VXN's corporate representative. Exhibit 18. | |
| Plaintiff | Exhibit 18; Declaration of Belen Burditte¶ 13 "The State Fund audit reported that Mackenzie Thoma, among others, was properly classified as an actor. The State Fund audit also acknowledged that VXN's actors were paid on a 1099 basis." | 4. Improper Opinion (FRE 701) as to the statement "Even though it is very expensive for VXN, we are classified with State Fund as a Motion Picture Production Company because that is what VXN does as a company. We create motion pictures." Whether or not Defendants are a Motion Picture company is an open legal question that Ms. Burditte cannot opine on. Per the DIR, to determine the primary purpose of a company one must | S / O |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

use "common sense" and look at the face of the company, not just look through audits. Because it is an open legal question as to the nature of Defendants' company, Ms. Burditte cannot opine as to this issue.

5. Lacks Foundation: Ms. Burditte has provided not documentation or evidence to support this contention. To date, none of these "audits" that are routeinley mentioned have ever been produced, neither have any declarations from anyone not working for Defendants on this issue. Additionally,

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Ms. Burditte has not established she is on set when Defendants are shooting their content, so she could not possibly know what goes on a daily basis and the type of company Defendants are.

6. Speculation (FRE 602 and 402): Ms. Burditte speculates as to the nature of Defendants' work. She is not the CEO, CFO, COO, or any other individual who has any understanding of the inner workings and primary purpose of VXN Group. As such, any statement as to the nature of Defendants' business is pure speculation.

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | R: Ms. Burditte is VXN's production accountant and is responsible for reporting to State Fund all financial information for VXN's productions and overseeing audits on behalf of VXN. Exhibit 18 ¶¶ 3-4, 12, 16-18, 20.  Excerpts from the audits are produced on Exhibit 19 and were timely produced during discovery to Plaintiff.  Indeed, Ms. Burditte's entire declaration and exhibits were produced to Plaintiff on September 13, 2024 prior to Plaintiff's deposition of VXN's corporate representative. Exhibit 18. | |
| Plaintiff | Exhibit 18; Declaration of Belen Burditte¶ 15 "That audit took place on April 9, 2022 when an individual from the Workers' Compensation Insurance Rating Bureau of California (WCIRB) inspected | 7.  Improper Opinion (FRE 701) as to the statement "Even though it is very expensive for VXN, we are classified with State Fund as a | S / O |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | |
|---|---|---|
| | our California operations. They found the Motion Picture Production Company classification to be accurate." | Motion Picture Production Company because that is what VXN does as a company. We create motion pictures." Whether or not Defendants are a Motion Picture company is an open legal question that Ms. Burditte cannot opine on. Per the DIR, to determine the primary purpose of a company one must use "common sense" and look at the face of the company, not just look through audits. Because it is an open legal question as to the nature of Defendants' company, Ms. Burditte cannot opine as to this issue. |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

8. Lacks Foundation: Ms. Burditte has provided not documentation or evidence to support this contention. To date, none of these "audits" that are routeinley mentioned have ever been produced, neither have any declarations from anyone not working for Defendants on this issue. Additionally, Ms. Burditte has not established she is on set when Defendants are shooting their content, so she could not possibly know what goes on a daily basis and the type of company Defendants are.

9. Speculation (FRE

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

602 and 402): Ms.
Burditte speculates as
to the nature of
Defendants' work.
She is not the CEO,
CFO, COO, or any
other individual who
has any
understanding of the
inner workings and
primary purpose of
VXN Group. As
such, any statement
as to the nature of
Defendants' business
is pure speculation.

R: Ms. Burditte is VXN's
production accountant and
is responsible for reporting
to State Fund all financial
information for VXN's
productions and paying
talent.  Exhibit 18 ¶¶ 3-4,
12, 16-18, 20.  Excerpts
from the audits are
produced on Exhibit 19 and
were timely produced

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | during discovery to Plaintiff.  Indeed, Ms. Burditte's entire declaration and exhibits were produced to Plaintiff on September 13, 2024 prior to Plaintiff's deposition of VXN's corporate representative. Exhibit 18. | |
| Defendants[1] | Exhibit 50 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 51 Raphael Vedoyan's Declaration | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |

[1] Defendants received Plaintiff's portion of this Joint Appendix of Objections on January 6, 2025 at 7:53 p.m. In the ensuing week, Los Angeles experienced an unprecedented series of natural disasters, which forced Defense counsel to evacuate their offices and homes. Defendants are required under the Court's Standing Order for Motions for Summary Judgement to file this document no later than 4 days after receipt from Plaintiff, but it is unclear to Defendants when or how Plaintiff may respond to Defendants' objections to Plaintiff's evidence. Accordingly, Defendants will not object to Plaintiffs filing any responses to Defendants' objections on the same day that Defendants' Reply Memorandum is due on January 17, 2025.

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

| Defendants | Exhibit 54 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
|---|---|---|---|
| Defendants | Exhibit 55 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 56 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 57 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 58 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written | S / O |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

| | | | |
|---|---|---|---|
| | | discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | |
| Defendants | Exhibit 59 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 60 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 66 | O: Plaintiff failed to produce the document or evidence in response to Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | S / O |
| Defendants | Exhibit 72 Thoma's | O: Plaintiff failed to produce the document or evidence in response to | S / O |

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

| | Declaration | Defendants' written discovery, so it should excluded under FRCP 37(c)(1). *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021). | |
|---|---|---|---|

Dated: January 10, 2025                    KANE LAW FIRM

By:  /s/ Brad Kane
_____
Brad S. Kane
Attorney for Defendants

Dated: January 10, 2025                    BIBIYAN LAW GROUP, P.C.

By:  /s/ Rafael Yedoyan
_____
Rafael Yedoyan
Attorney for Plaintiff

JOINT APPENDIX OF OBJECTIONS RE: DEFENDANTS' MSJ

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035