1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
*bkane@kanelaw.la*
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840; Fax: (323) 571-3579

Trey Brown (SBN 314469)
*trey.brown@vixenmediagroup.com*
11271 Ventura Blvd. #717
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP LLC and MIKE MILLER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**APPENDIX OF EXHIBITS REGARDING DEFENDANTS' RENEWED MOTION FOR SANCTIONS PURSUANT TO RULE 37(e) AND THE COURT'S INHERENT POWER**<br><br>**Exhibits A–T**<br><br>**[PUBLIC VERSION]** |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

APPENDIX OF EXHIBITS RE: DEFENDANTS' RULE 37 MOTION

# TABLE OF CONTENTS

| Exhibit | | Page |
|---|---|---|
| A | Plaintiff's December 21, 2022 Record Request | 4 |
| B | VXN's January 11, 2023 Response Letter | 10 |
| C | Ryan Murphy Deposition Excerpts | 13 |
| D | Plaintiff's Document Subpoena Responses | 33 |
| E | Murphy's September 24, 2024 Text Message Production **FILED UNDER SEAL** | 79 |
| F | Mackenzie Anne Thoma Deposition Excerpts | 81 |
| G | Defendants' Correspondence with Mainboard, LLC | 85 |
| H | Murphy's September 26, 2024 Text Message Production **FILED UNDER SEAL** | 88 |
| I | Defendants' Subpoena to Ryan Murphy | 90 |
| J | Plaintiff's May 29, 2024 Letter to Murphy | 112 |
| K | Murphy's First Subpoena Responses | 114 |
| L | Defendants' Correspondence with Meta Platforms, Inc. | 152 |
| M | Murphy's Supplemental Subpoena Responses | 156 |
| N | July 19, 2024 IDC Transcript Excerpts | 226 |
| O | Murphy's Second Supplemental Subpoena Responses | 232 |
| P | Counsels' Emails Re: Murphy Deposition | 332 |
| Q | Murphy's Privilege Log | 336 |

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

1

APPENDIX OF EXHIBITS RE: DEFENDANTS' RULE 37 MOTION

| R | Larry Lerner Deposition Excerpts | 340 |
| | **FILED UNDER SEAL** | |
| S | Declaration of Larry Lerner (*sans original exhibits*) | 342 |
| T | Plaintiff's State Court Request for Production of Documents | 349 |

Dated: January 25, 2025

By:  /s/ Trey Brown

Trey Brown
Attorney for Defendants

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2

APPENDIX OF EXHIBITS RE: DEFENDANTS' RULE 37 MOTION

# **EXHIBIT A**





| | |
|---|---|
| **Entity Name:** | **VXN GROUP, LLC** |
| **Jurisdiction:** | DE |
| **Date:** | 12/28/2022 |
| **Receipt Method:** | Certified Mail |
| **Case Number:** | N/A |
| **Plaintiff:** | MACKENZIE ANNE THOMA |
| **Defendant:** | VXN GROUP, LLC |
| **Document Type:** | Request |

062S0001292975

$7.820
US POSTAGE
FIRST-CLASS
FROM 90211
DEC 21 2022
stamps
endicia

7020 0090 0000 9321 9125

VXN Group, LLC
2140 S DUPONT HWY
CAMDEN DE 19934-1249





BIBIYAN LAW GROUP
8484 Wilshire Blvd., Suite 500, Beverly Hills, California,



**BIBIYAN** LAW GROUP, P.C.

8484 Wilshire Blvd., Suite 500
Beverly Hills, California, 90211
310.438.5555 T
310.300.1705 F
www.employmentlawyerla.com

December 21, 2022

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
VXN Group, LLC
2140 S Dupont Hwy
Camden, DE 19934

Re:    _Record Request for Mackenzie Anne Thoma_

Dear Sir or Madam:

Please be advised that this office has been retained to represent the interests of Mackenzie Anne Thoma in connection with her potential civil claims against VXN Group, LLC arising out of her employment therewith.  For your convenience and records, we have enclosed an Authorization for Release of Confidential Information executed by our client.

Please allow this letter to also serve as a reconfirmation of your obligation to preserve any and all evidentiary items relating to Ms. Thoma's employment. It is therefore imperative that you take affirmative steps to preserve these items, as the failure to do so may constitute negligent or intentional spoliation of evidence.  As such, any malfeasance on your part with regard to this issue will prompt this office to seek all applicable and appropriate evidentiary, issue, and/or terminating sanctions.

Accordingly, demand is hereby made that you advise this office of where the aforementioned evidentiary items are presently located. You are also to provide this office, to the extent that you are aware, with the name, address, and telephone number of each and every individual, organization and/or entity that may be in possession of such items and/or any other evidence relating to Ms. Thoma's employment with you.

Pursuant to California Labor Code section 432, in addition, you are to provide this office with a copy of each and every document signed by our client that relates to her employment with your company. Moreover, pursuant to California Labor Code sections 226, 432, 1174 and 1198.5, this letter will serve as a demand for copies of our client's time records, payroll records, the entirety of her personnel file, and all documents signed by our client to obtain or maintain employment.  With respect to the payroll records, please be advised that Labor Code section 226 requires an employer to provide such records within **21 days** of the date of this request.

Record Request for Mackenzie Anne Thoma
December 21, 2022
Page 2

       Your anticipated courtesy and cooperation with regard to this request is greatly appreciated.

       Should you have any questions, please do not hesitate to contact me at the number above or via email at sarah@tomorrowlaw.com.

                    Very truly yours,

                    BIBIYAN LAW GROUP, P.C.

                    */s/ Sarah H. Cohen*

                    Sarah H. Cohen

## AUTHORIZATION

### RELEASE OF CONFIDENTIAL INFORMATION

TO:  VXN Group, LLC

RE: CLIENT: Mackenzie Anne Thoma

YOUR FILE NUMBER:

You are hereby authorized and instructed to communicate with and to allow my attorneys, BIBIYAN LAW GROUP, P.C., their agents, representatives, independent contractors or employees, to examine, copy, Photostat, or discuss any and all documents, files, instruments and/or records pertaining to the above captioned matter.

CLIENT further authorizes BIBIYAN LAW GROUP, P.C. to use such information for any purpose authorized by law.

CLIENT understands that he/she has a right to receive a copy of this Authorization upon demand.

A PHOTOCOPY OF THIS DOCUMENT SHALL HAVE THE SAME FORCE AND EFFECT AS THE ORIGINAL.

*PLEASE NOTE:  To the extent that this release is used to obtain protected health information, the request for disclosure by my attorneys is made under authority of the California Confidentiality of Medical Information Act and HIPAA Privacy Rule section 164.524, and especially subsection (c)(4) thereof which provides:

Fees.  If the individual request a copy of the protected health information or agrees to a summary or explanation of such information, the covered entity may impose a reasonable cost-based fee, provided that the fee includes only the cost of:  (i) copying, including the cost of supplies for and labor of copying, the protected health information requested by the individual; (ii) postage, when the individual has requested the copy, or the summary or explanation be mailed; and (iii) preparing an explanation or summary of the protected health information, if agreed to by the individual as required by paragraph (c)(2)(ii) of this section.

DATED: 12/21/22

SIGNATURE: _Mackenzie Anne Thoma (Oct 25, 2022 21:24 PDT)_

PRINT NAME: Mackenzie anne thoma

# **EXHIBIT B**



ROSS LLP

1900 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067
www.rossllp.la

Peter W. Ross
424.704.5600
pross@rossllp.la

January 11, 2023

File No. 2067-002

**VIA CERTIFIED MAIL AND EMAIL**

Sarah Cohen
Bibiyan Law Group
8484 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211

> Re:    VXN Group, LLC v. Mackenzie Anne Thoma

Dear Ms. Cohen:

We are litigation counsel for VXN Group, LLC ("VXN").  We write in response to your December 21, 2022 letter to VXN.

In that letter, you request copies of certain records that relate to Mackenzie Anne Thoma's "employment" with VXN.  We are informed that Ms. Thoma, at her request, was classified as an independent contractor, not an employee of VXN.  Further, Ms. Thoma represented to VXN that she did not meet the conditions set forth in Assembly Bill 5 to be classified as an employee.  These matters are confirmed in a signed, written instrument that provides in pertinent part:

> 12. **Independent Contractor Status**. Performer is an independent contractor. Performer will not be deemed an employee of Producer. Performer will be responsible for payment of all local, state, and federal taxes, including making self-employment tax payments. Producer will not be responsible for, nor will Producer withhold, local, state, federal, social security, Medicare, unemployment, disability, or any other kind of taxes. Performer will be responsible for providing Performer's own disability and worker's compensation plans for Performer's own benefit. In addition, Performer represents that they do not meet the conditions as set forth in Assembly Bill 5 (A.B.5.) to be classified as an employee.

As a consequence of Ms. Thoma's status as an independent contractor, there are no "time records, payroll records" or a "personnel file" pertaining to her "employment."  There are, instead, a set of documents relating to her independent engagements for our client, all of which are being produced to you under cover of this letter.

In addition to requesting certain employment records, you also request that VXN place a litigation hold on "all evidentiary items relating to Ms. Thoma's employment."  As noted above, Ms. Thoma was not classified as an employee.  Nevertheless, the request for a litigation hold is acknowledged, and VXN has taken appropriate steps to preserve all evidence relating to the business relationship between VXN and Ms. Thoma.

ROSS LLP

Sarah Cohen
January 11, 2023
Page **2** of **2**

      Having addressed the requests contained in your letter, we must raise some additional concerns of our own.  In the last year, VXN was forced to cancel several shoots that were to feature your client.  One shoot was cancelled at the last minute after your client developed an infection, following unauthorized plastic surgery.  A second shoot was canceled because your client had contracted monkey pox but had failed to timely advise VXN of the same.  Due to your client's failure to provide timely notice, with respect to both shoots, VXN unnecessarily incurred costs and cancellation fees that total in excess of $100,000.  In addition, VXN is informed that Ms. Thoma breached the confidentiality clause, contained in her independent contractor agreement, by disclosing the terms of her agreement to Twice Baked Media, Inc. dba Motley Models ("Motley Models"), resulting in damage to VXN.

      We have been authorized by our client to take all steps necessary to pursue its rights in these matters.  You shall be hearing from us shortly.  Meanwhile, we must insist that Ms. Thoma preserve all documents, communications, texts, emails, social media posts, voicemails, and any other documents or information in her possession, custody, or control relating to her performance of services for VXN and the cancellation of any scheduled shoots.  The preserved evidence must include all medical and healthcare records, including but not limited to records of diagnoses, surgeries and treatments; records of all activities undertaken in the adult film industry over the last two years; records reflecting the safety precautions, or lack thereof, on those sets; tax documents related to those engagements; all communications reflecting the licensing of the "Kenzieland" brand and/or related intellectual properties; and all communications with Motley Models.  The preserved evidence must also include all electronically stored information (ESI) from computers, tablets, smart phones, and any other data source, as well as paper and other hard copies of documents and other materials.  Please acknowledge that you have received this preservation demand and will comply.

      Please note that nothing in this letter should be construed as an admission, waiver, or complete statement of the rights of VXN or its affiliates, all of which are hereby reserved.

      Kindly govern yourselves accordingly.

               Very truly yours,

               Peter W. Ross

cc:  Emilie Kennedy
     Eric Lauritsen

Encls.

# **EXHIBIT C**

```
 1
 2                  UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
 3                      WESTERN DIVISION
 4
 5     MACKENZIE ANNE THOMA,        )
       a.k.a. KENZIE ANNE, an       )
 6     individual and on behalf     )
       of all others similarly      )
 7     situated,                    )
               Plaintiff,           ) Case No.
 8                                  ) 2:23-cv-04901 WLH (AGRx)
       v.                           )
 9                                  )
       VXN GROUP LLC, a             )
10     Delaware limited             )
       liability company;           )
11     STRIKE 3 HOLDINGS, LLC,      )
       a Delaware limited           )
12     liability company;           )
       GENERAL MEDIA SYSTEMS,       )
13     LLC, a Delaware limited      )
       liability company; MIKE      )
14     MILLER, an individual;       )
       and DOES 1 to 100,           )
15     inclusive,                   )
               Defendants.          )
16
17
18        VIDEOTAPED DEPOSITION OF RYAN GERONA MURPHY
19                    Las Vegas, Nevada
20                  Monday, July 22, 2024
21                      10:09 a.m.
22
23
24     Reported by:  Jill E. Shepherd, RPR, NV CCR 948
25     Job No. 6814499; Firm No. 068F
```

                                             Page 1

```
 1                    And they began to represent you?

 2        A.   Correct.

 3        Q.   Okay.

 4                    Do you know who is paying for your

 5    representation?

 6                    MS. COHEN:  Objection.  Vague.

 7    BY MR. KANE:

 8        Q.   You can answer the question anyway.

 9                    Are you paying for the representation?

10        A.   No.

11        Q.   Okay.

12                    Do you know if Kenzie Anne is paying for

13    the representation?

14        A.   I do not know.

15        Q.   Okay.

16                    Did you discuss who would pay for it with

17    her?

18        A.   No.

19        Q.   Okay.

20                    I just want to let you know also, you know,

21    that my clients do appreciate the fact that you were

22    the one person at Motley Models that really cared

23    about the models and tried to protect them.  And we

24    have not brought any claim against Kenzie Anne in

25    this litigation.
```

Page 11

```
 1                 Now, since we started talking about the
 2      documents, maybe we could go into sort of what
 3      happened with the Instagram archive.
 4           A.   Okay.
 5           Q.   When was the first time you did an
 6      Instagram archive?
 7                MS. COHEN:  Objection.  Lacks foundation.
 8      Vague, ambiguous, overbroad.
 9      BY MR. KANE:
10           Q.   Okay.
11                I mean, when is the first time you tried to
12      download an Instagram archive?
13                MS. COHEN:  Same objections.
14           A.   I don't know.
15      BY MR. KANE:
16           Q.   Was it in the last week?
17           A.   I honestly don't recall.  Whenever it was
18      there I downloaded it, and now I have it on record.
19      That's pretty much it.
20           Q.   Okay.
21                So has the download been completed?
22           A.   Yes.
23           Q.   Okay.
24                MS. COHEN:  Same objections.
25      ///
```

Page 12

```
 1        BY MR. KANE:
 2             Q.   Did you provide it to your counsel?
 3             A.   Yes.
 4             Q.   Okay.
 5                  When did you provide it to your counsel?
 6             A.   I provided it last week.
 7             Q.   Can you tell me what day last week?
 8             A.   I do not recall at this point.
 9             Q.   Was it Saturday?
10             A.   I don't recall.
11             Q.   Was it Friday?
12             A.   It was sometime last week.
13             Q.   But you have no recollection of if it was
14        either early, middle, or late last week?
15             A.   I would say roughly, probably middle of
16        last week.
17             Q.   So you think maybe Wednesday or Thursday?
18             A.   Possibly Wednesday.
19             Q.   Okay.  We'll come back to this.
20                  When you -- when you did the Instagram
21        archive, did you have assist -- I'm sorry --
22        Instagram archive download, did you have any
23        assistance with that?
24             MS. COHEN:  Objection.  Vague.
25             A.   I mean, just the link.  That's pretty much
```

                                        Page 13

1    about it.  And to show where to go.

2    BY MR. KANE:

3        Q.    Okay.

4            And do you recall if the first time you

5    downloaded your Instagram archive was this last

6    week?

7        A.    I don't recall.  I felt no reason to before

8    last week so...

9        Q.    So it's unlikely you did it before?

10       A.    It's very unlikely, yeah.

11       Q.    Okay.

12           And I wanted to ask you about how you use

13   your Instagram.

14           Did you communicate with Kenzie Anne via

15   your Instagram?

16           MS. COHEN:  Objection.  Vague, ambiguous.

17   Overbroad as to time and scope.

18       A.    I mean, I've always considered Kenzie a

19   friend, so we've had personal conversations on

20   there, yeah.

21   BY MR. KANE:

22       Q.    Okay.

23           And, you know, is the same true about Sid

24   Vision [verbatim]?

25       A.    Never had a --

                                    Page 14

1          A.    Yes.

2          Q.    And your dash cam just recorded it?

3          A.    I mean, it's saved on an SD card, yeah.

4          Q.    Okay.

5                Forgive me, I'm probably a bit older than

6     you.

7                What's an SD card?

8          A.    It's just the card that saves, you know,

9     the data that was on the camera, yeah.

10         Q.    All right.

11               Was there a particular reason why you saved

12    it?

13         A.    I saved it actually, honestly, by mistake.

14    I don't save personal conversations from my dash

15    cam.  This conversation took place because it was

16    requested for me to record a meeting between myself,

17    Dave Rock, and another group who were aware of the

18    recording for the record.  Since the video records

19    up to four hours, we had a conversation before the

20    recording in which the comments took place.

21         Q.    Okay.

22               When we're talking about Mike Moz, how

23    would you describe your relationship with him?

24         A.    Initially good.  You know, there's times

25    where I considered Mike, you know, a friend outside

                                          Page 18

1    of work.

2        Q.   Um-hum.

3        A.   You know, things got really sour for, I

4    don't know, whatever reason it did, roughly around

5    the middle to end of 2022.  You know, I was hearing

6    some things, not directly.  Mike wasn't reaching out

7    to me.  I wasn't really understanding why.  Dave

8    Rock claimed that VXN only wanted to do business

9    with him, being Dave Rock, and was not having any,

10   like, personal conversations with Mike outside of

11   the standard booking questions, and most of the time

12   that was going through Dan Declan in regards to

13   booking models for VXN.

14           You know, due to the non-contact of

15   everything, you know, I wasn't aware of a lot of

16   situations happening.  Apparently Mike was extremely

17   upset with me over an incident, I believe roughly

18   around late 2022 before the expo, the AE Expo, and

19   the AVN awards in 2023, in which there was a model

20   who was supposed to be signing directly for them and

21   we agreed upon that and I thought and everything was

22   good to go.

23           I was told -- when I wasn't getting any

24   correspondence with Mike Moz in regards to the

25   details of this, I was told by Dave Rock to book her

Page 19

1    with somebody else, and which I did.  Apparently,

2    she -- somebody within VXN reached out to her and

3    told her about the VXN signing and what they were

4    doing for that.  She informed them that she was with

5    somebody else.

6            I then received a phone call from Dave Rock

7    with Sid Vision on the phone stating that Mike went

8    nuclear on him, sent pointed death threats towards

9    me, and was very serious about the situation,

10   apparently screaming and yelling at Dave about this.

11           You know, we attempted to make it right.

12   We did make it right.  You know, told the model that

13   she was back with VXN.  It was a clear

14   misunderstanding of the situation.  I was clearly

15   thrown under the bus for this, which happened a lot

16   at Motley Models.  And, you know, they decided not

17   to book her anyways for this appearance.  So that

18   was that.

19           The threats were significant to the point

20   in which Dave Rock hired security to be my shadow at

21   the expo to incur [verbatim] that nothing was going

22   to happen.  Mike Moz would also make threats towards

23   other people.  You know, I just wanted to --

24       Q.   Thank you.  I appreciate --

25       A.   That's why it was significant, because he

Page 20

```
 1        had done it before.
 2             Q.   Okay.
 3                  Let me back up a few steps.
 4                  What was the name of the model that was
 5        involved in this controversy?
 6             A.   Her name was Nicole Doshi.
 7             Q.   And Dave Rock and Sid Vision had a call
 8        with Mike Moz; and this was in 2022, 2023?
 9             A.   I believe it was towards the end -- it was
10        before the expo, so it would have had to have been
11        towards the end of 2022.
12             Q.   So late 2022.  Okay.
13                  And can you give me, to the best of your
14        recollection -- I'm not asking for verbatim, but do
15        you remember about what Dave Rock told you that Mike
16        Moz's threats were?
17             A.   What I was told -- and this was
18        corroborated by Sid Vision because they were at
19        dinner at the time together when the phone call was
20        made and the phone call was heard by Sid as well --
21        that Mike Moz told Dave -- and I'm using the best
22        recollection that I could have and trying to
23        paraphrase because I don't know the exact statement
24        of this and what -- I only know what was told to me,
25        that Mike told him that you need to find somebody
```

Page 21

1          You know, after Dan didn't respond, one of

2     my last ditch efforts in order at this point to save

3     my career or continue to work in this industry was

4     to try to talk to Mike to see if we can go ahead and

5     start booking models again with them.

6          Q.   So he didn't respond.

7               Did you have any further communication with

8     him after that?

9          A.   No.

10         Q.   All right.

11              Now, when you say that the allegations

12    against Dave Rock came out --

13         A.   Correct.

14         Q.   -- are you referring to the use of cameras

15    in the Motley Models mansion?

16         A.   Correct.

17         Q.   Okay.

18              Could you give me the two-second overview

19    of what that is?

20         A.   To this day I still don't fully understand.

21    But apparently, a model posted on social media

22    videos of what she claimed were secret recordings

23    that were done inside the house, specifically of

24    her.  And obviously that came out and, you know,

25    killed the agency at that point.  Yeah.

Page 29

1          A.    Yes.

2          Q.    Okay.

3                And again, that's how it worked.

4                Now, let me ask you a question:  Was there

5     a program that Motley Models used for scheduling?

6          A.    Yes.

7          Q.    What that was that program?

8          A.    It was called Main Frame.

9          Q.    Main Frame?

10         A.    Or known as Portfolio Pad.

11         Q.    Portfolio Pad; that I'm familiar with.

12               Can you tell me what Portfolio Pad is?

13         A.    It was just a booking tool that we used, a

14    web-based booking tool, that we did have a lot of

15    problems with a lot.  But it was more about getting

16    the bookings on their end, holding the dates on the

17    calendar, sending those dates to the model, the

18    model accepting those dates as well.

19               A lot of models, you know, would be

20    available for some things and available for not.  Or

21    if they are booked on a different day, or like in

22    Kenzie's case where she marked off in her calendar

23    more likely that she was in Hawaii, they can block

24    off those dates, right?  And put the reason why, I'm

25    out of town, family, I got this going on, I can't

                                              Page 97

```
 1        work those days, right.

 2               So it would be an easy tool for me to see

 3        that in the calendar that, Hey, they can't work

 4        those days, and I could immediately go in and pull

 5        up the calendar by name and see what dates the model

 6        is available for.

 7        Q.   So let me take a step back to understand

 8        how Portfolio Pad works.

 9        A.   Yeah.

10        Q.   Motley Models had a Portfolio Pad account?

11        A.   Correct.

12        Q.   And you as the booker would then have

13        access to the calendars of the models you were

14        working with?

15        A.   Yes.

16        Q.   How many models were you working on

17        average?

18        A.   At this time, in 2021, over 60.

19        Q.   Wow.  That's a lot.

20               In Portfolio Pad, can you send people

21        messages?

22        A.   Not, like, direct.  But we can put notes in

23        the bookings, like any specific thing that needed to

24        be there or, you know, what type of shoot it is, if

25        we have any information about who the other talent
```

Page 98

```
 1        is, anything like that, so...
 2             Q.   Okay.
 3                  So let's say you've got information on a
 4        shoot --
 5             A.   Yeah.
 6             Q.   -- right?  And you want to find out if the
 7        model is available and you put it in Portfolio Pad.
 8                  Do they get notified that they have new
 9        information in Portfolio Pad so they can come look?
10             A.   Yeah.  They get an e-mail notification,
11        yes.
12             Q.   Okay.
13                  Does the e-mail notification just tell them
14        you need to go look in Portfolio Pad or does it give
15        them some of the information?
16             A.   I don't know specifically what they see on
17        their end.  But they are supposed to see the booking
18        information, and then they can, you know, go into
19        their Portfolio Pad and accept or deny that and give
20        a reason why.
21             Q.   Okay.
22                  Did they often give a reason why if they
23        were denying?
24             A.   Some models did that they forgot to mark it
25        off on their calendar, they weren't available.  You
```

Page 99

```
 1              Do you still have access to the
 2    rgmurph38@gmail.com account?
 3         A.   Yes.
 4         Q.   Do you still have access to
 5    ryankonalv@gmail.com account?
 6         A.   Yes.
 7         Q.   Okay.
 8              And did you search those accounts for
 9    responsive documents to the subpoena?
10         A.   No.
11         Q.   No?  Okay.
12              And why is that?
13         A.   Because there was nothing in there
14    responsive to that.
15         Q.   Okay.
16              That's your personal e-mail?
17         A.   That's my personal, yeah.
18         Q.   Did you ever communicate with Kenzie Anne
19    after you left?
20         A.   Not by e-mail, no.
21         Q.   Okay.
22              So you are confident without looking in
23    those accounts?
24         A.   Yeah.
25         Q.   Okay.
```

Page 103

1           And so do you keep in touch with any of the
2    models -- I'm sorry -- any of the talent from Motley
3    Models since you left there?
4           A.   Very, very, small few.
5           Q.   Okay.
6                And how do you communicate with them?
7           A.   You know, I rarely communicate with
8    anybody.  But phone call, text.
9           Q.   Okay.
10               So you would expect that that sort of stuff
11   would be in your text messages?
12          A.   I mean -- but, yeah, we don't talk about
13   work.  We don't talk about -- you know, the people
14   that I talk with are my friends and, like I said,
15   maybe three at this point, and we just -- you know,
16   we talk about life; we talk about how things are
17   going, maybe make plans to see each other.  You
18   know, that's how it works.
19          Q.   Okay.
20               Is Kenzie one of those people?
21          A.   Not really directly as much as we used to,
22   no.
23          Q.   Well, how many times have you communicated
24   with Kenzie this year?
25          A.   Maybe less than a handful.

                                        Page 104

```
 1            Q.    Okay.

 2                  Since the time that you talked to her about

 3        the subpoena, have you communicated with her?

 4            A.    Yeah.  I've communicated with her at AVN,

 5        you know, but she wasn't in town, so...

 6            Q.    Right.

 7                  Well, AVN was in January --

 8            A.    Yeah.

 9            Q.    -- right?

10            A.    Yeah.

11            Q.    Okay.  So there's then.

12                  And then the subpoena was in May.

13            A.    Okay.

14            Q.    So have you communicated with her since

15        then?

16            A.    Since the subpoena?

17            Q.    Yeah.

18            A.    Not outside of what I already told you, no.

19            Q.    All right.

20                  Have you texted with her since March?

21            A.    She asked a simple question, non any of

22        this related, and, you know, I gave an answer.  She

23        asked how things were doing and I told her, and

24        that's about it.  And that was the end of the

25        conversation.
```

Page 105

1      Q.    Okay.

2            And you said that you have not communicated

3      with any of the people associated with Motley

4      Models --

5      A.    Correct.

6      Q.    -- since --

7      A.    Since I left there.

8      Q.    Okay.

9      A.    Yeah.

10     Q.    Let's talk about your phone for a minute.

11     A.    Okay.

12     Q.    I understand that in March of this year

13     something happened to your phone?

14     A.    I got a new phone.  Typically what will

15     happen in regards to the data transfer over that

16     phone, it will ask me to -- if I want to retain my

17     messages or not retain my messages.  I chose not to

18     retain my messages.  I wanted -- as stated many

19     times -- wanted to be fully removed from this

20     industry.  Those that were in contact with me could

21     remain in contact with me, my number is the same.

22     But I had no reason to look back on anything adult

23     industry-related wise and nor did I care to ever go

24     back there.

25     Q.    Okay.

Page 106

1            What kind of phone did you have before?

2       A.   It was a Samsung Galaxy 23.

3       Q.   What is the new phone?

4       A.   24.

5       Q.   Okay.

6            So you made an intentional choice to wipe

7   all that out?

8       A.   Yeah.

9       Q.   Okay.

10           Let's look at 009 on Exhibit 2.  This is

11  November 2021.  And it says, "Sir, do you have

12  Kenzie December availability?"  And you say, "Pretty

13  open.  What dates are you thinking?"

14           And it seems like she's available, right?

15      A.   Yes.

16      Q.   Okay.

17           The next one, it's on 10, third one down,

18  it says, "Copy.  Working on it.  Please soft hold

19  day for me."

20           What is a soft hold day?

21      A.   It means just to hold it until they can get

22  confirmation.  Basically I just hold that date on

23  the calendar on my end before giving it out to them.

24      Q.   Okay.

25           And you mentioned earlier that she had

                                        Page 107

```
 1      though.
 2           Q.   Okay.
 3           A.   So she didn't know anything involved.
 4                Kylie Rocket.
 5           Q.   Okay.
 6           A.   Madi Laine.  Some random fan.
 7      Insignificant.  Don't know who he was or what he was
 8      about.  A director by the name of Dean Capture.
 9           Q.   Okay.
10           A.   That's pretty much it.
11           Q.   Okay.
12                Do you know where Sid Vision lives now?
13           A.   No.
14           Q.   Do you know who would know?
15           A.   I -- he's disappeared.  I don't know.
16           Q.   Okay.
17           A.   No.
18           Q.   Do you know if Kenzie Anne keeps in touch
19      with Sid Vision?
20           A.   From my knowledge, no.
21           Q.   Okay.
22                Do you know where he -- or Sid Vision works
23      now?
24           A.   No.
25           Q.   Do you know where Dave Rock works now?
```

                                            Page 168

# **EXHIBIT D**

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Jason Rothman (Cal. Bar No. 304961)
*jason@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

Attorneys for Plaintiff, Mackenzie Anne Thoma,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: No. 2:23–cv 04901WLH (AGRx) <br><br> <u>CLASS ACTION</u> <br><br> <u>Assigned for All Purposes To:</u> <br> Chief District Judge Wesley L. Hsu <br> Magistrate Judge Alicia G. Rosenberg <br><br> **PLAINTIFF MACKENZIE ANNE THOMA'S RESPONSES TO DEFENDANT VXN GROUP, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** <br><br> Complaint Filed:  April 20, 2023 <br> Removed On:   June 21, 2023 <br> Trial Date:    None |

**PROPOUNDING PARTY:**     Defendant VXN GROUP, INC.

**RESPONDING PARTY:**     Plaintiff Mackenzie Anne Thoma

**SET NUMBER:**     ONE (1)

Plaintiff Mackensie Anne Thoma ("Plaintiff") hereby responds to the Requests for Production of Documents (Set One) propounded by Defendant VXN Group, Inc. ("Defendant") as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     Plaintiff has not fully completed her investigation of her own claims and has not fully completed discovery with respect to matters at issue in this case, and has not completed her preparation for trial.  For those reasons, Plaintiff's responses to the Requests for Production may be incomplete.  Also, there is a possibility that, upon further investigation, certain details set forth in the responses may be altered or amended.  Furthermore, additional discovery and further investigation will result in additional facts, documents, or things being discovered which may result in variation from the responses set forth herein.  These responses to the Requests for Production represent Plaintiff's reasonable effort to provide the information requested based upon documents in Plaintiff's possession, custody, or control, and based upon Plaintiff's current knowledge.  These responses are made without prejudice to Plaintiff's right to introduce evidence of subsequent discovered facts, documents, or writings at trial.  Plaintiff reserves her right to produce evidence of any subsequently discovered facts or facts, to alter or amend her responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.  By this reservation, Plaintiff does not in any way assume a continuing responsibility to update her responses to this Requests for Production insofar as it may be construed as limiting or restricting Plaintiff's right to rely upon any

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

document, things, or information for any purpose whatsoever, including use of responsive documents, things or information as evidence at any subsequent hearing, trial or other proceeding.

2.     If any further documents are to be produced, Plaintiff intends to exercise her right to produce the requested documents as they are kept in the usual course of business.  As a result, many of the documents, which may be responsive to one request, may also be responsive to another request.

3.     Plaintiff objects to the Requests for Production to the extent that they purport to enlarge and/or modify Plaintiff's obligations under the Rules of Civil Procedure.

4.     Plaintiff objects to the Requests for Production to the extent that they request information and/documents protected by any privilege or protection, including the attorney-client privilege or work product doctrine, the taxpayer privilege, or any other privilege or protection, and Plaintiff and her counsel hereby assert such privileges and protections.

5.     Plaintiff objects to the entire Requests for Production to the extent that it is not limited to documents in Plaintiff's possession, custody, or control.

6.     The general objections set forth above and below, and the objections to specific requests set forth below, are made as to the matters that are clearly objectionable from the face of the Requests for Production. These objections are made without prejudice to or waiver of Plaintiff's right to object to on all appropriate grounds to the production of specific documents hereafter, either prior to, or at the time of production of such documents.

7.     Plaintiff will make reasonable efforts to respond to each of the Requests for Production, to the extent that no objection is made, as Plaintiff understands and interprets the request.  If Defendant subsequently asserts any

interpretation of any request for documents or things which differs from that of Plaintiff, Plaintiff reserves the right to supplement her objections and responses.

8.   An indication that Plaintiff will produce relevant non-privileged documents, which Plaintiff believes to be properly called for by a particular request, does not necessarily imply the existence of the documents requested.

9.   Plaintiff objects to the entire Requests for Production to the extent that it seeks documents that are equally available to the requesting party or its counsel.

10.   Notwithstanding the specificity of Plaintiff's responses to the individual requests, Plaintiff expressly incorporates these General Objections and Comments by reference as though fully set forth into its specific responses to each and every request in this set.   Thus, if any objection contained in these General Objections is not restated under a specific response to an individual request, this should not be construed to be a waiver of the objection not restated below.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Documents relating to the allegation in paragraph 5 of the SAC that VXN "exercised control over every aspect of Ms. Thoma's body, including with whom she has sexual intercourse[.]".

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Plaintiff objects to this request on the grounds that it is overbroad as to "every aspect of Ms. Thoma's body," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects that this request is not isolated to a specific time frame.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant.

Plaintiff alleges that Defendant made most of these types of communications to Plaintiff verbally and Plaintiff is unable to locate any documents that would be responsive to this request at this time. Investigation and discovery are continuing

and ongoing and if some relevant documents appear Plaintiff will produce them.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents relating to the allegation in paragraph 35 of the SAC that "Plaintiff and Class Members would, on average, spend around 75% of their time modeling for Defendants and 25% of their time on set for filming for Defendants.".

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Plaintiff objects to this request in that it violates phase one discovery which is only limited to whether Plaintiff was an independent contract and does not involved other class members. Plaintiff further objects on the grounds that it is overbroad as to "75% of their time modeling… and 25% of their time on set of filming" unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of phase one discovery nor reasonably calculated to lead to the discovery of admissible evidence regarding phase one of discovery. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant.

Plaintiff alleges that Defendant made most of these types of communications to Plaintiff verbally.  Plaintiff has not discovered any relevant documents but is still currently looking for documents that may be relevant and will produce those documents that are such if they are found.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Documents relating to the allegation in paragraph 39 of the SAC that "During the time Plaintiff and Class Members worked for Defendants, Defendants misclassified Plaintiff and Class Members as independent contractors.".

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Plaintiff objects to this request in that it violates phase one discovery which is only limited to whether Plaintiff was an independent contract and does not involved other class members. Plaintiff objects to this request on the grounds that it

is overbroad as to "misclassified," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to phase one discovery subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence in phase one as to class members. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff is unable to locate documents where Defendants admitted to misclassifying Plaintiff as an independent contractor.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Documents relating to the allegation in paragraph 3 of the SAC that "[t]here were many occasions where the modeling took place on days and times where no adult scenes were performed.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Plaintiff objects to this request on the grounds that it is overbroad as to "adult scenes," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff is unable to locate responsive documents so far but is currently looking through documents and will produce them if discovered.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Documents relating to the allegations in paragraph 12 of the SAC that "MILLER was physically present during many modeling shoots and on filming days and had a direct role in directing the scenes and choosing outfits Plaintiff and Class Members would wear. For example, MILLER personally invited Plaintiff to Joshua Tree for a modeling shoot and was a decision-maker as to whether she would be paid for this shoot. MILLER was present during this trip and played a part in denying Plaintiff her meal and rest breaks afforded under California law."

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Plaintiff objects to this request in that it violates phase one discovery which is only limited to whether Plaintiff was an independent contract and does not involved other class members. Plaintiff objects to this request on the grounds that it is overbroad as to "physically present", direct role in directing scene's, choosing outfits, unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the

sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff will produce those relevant documents within her control. Discovery is ongoing and Plaintiff will amend this response as additional documents are found.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Documents relating to the allegation in paragraph 12 of the SAC that "MILLER also controlled working conditions of Plaintiff and Class Members.".

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Plaintiff objects to this request on the grounds that it is overbroad as to "controlled working conditions," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff will produce those relevant documents within her control. Discovery is ongoing and Plaintiff will amend this response as additional documents are found.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Documents relating to the allegation in paragraph 42 of the SAC that "Defendants believed that Plaintiff had cosmetic surgery done on her buttocks, and as a result of this misguided belief, Defendants refused to pay Plaintiff for a

modeling shoot she already participated in and refused to release any photos taken from that shoot.".

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Plaintiff objects to this request on the grounds that it is overbroad as to "cosmetic surgery done on her buttocks," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily

obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff will produce those relevant documents within her control. Discovery is ongoing and Plaintiff will amend this response as additional documents are found.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Documents relating to the allegation in paragraph 43 of the SAC that "Plaintiff was infected with Monkey Pox. Defendants were fully aware of Plaintiff's ailment, yet they still demanded her to work for Defendants on that day. When Plaintiff refused to work, Defendants informed Plaintiff that there she would face consequences for this refusal." (sic).

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

Plaintiff objects to this request on the grounds that it is overbroad as to "Monkey Pox, ailment, face consequences," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is

vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a reasonable search for responsive documents, Plaintiff will produce those relevant documents within her control. Discovery is ongoing and Plaintiff will supplement this response as additional documents are found.

///

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Documents relating to your employment with Defendants at any time from January 1, 2019 through December 31, 2022, including but not limited to employment applications and agreements, training materials, employee handbooks and manuals, job descriptions, workplace rules, policies, and procedures, performance reviews, self-evaluations, meeting notes, discipline and termination notices for other employees, memos, journals, notes, calendars, goals, task lists, and communications with employees, customers, clients, and vendors.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Plaintiff objects to this request on the grounds that it is overbroad as to "documents related to your employment with Defendants at any time from January 1, 2019 through December 31, 2022, memos, journals, notes, calendars, goals, task lists, and communications" unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that the request is compound and any number of items could be responsive.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request as it violates the one discovery order.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Notwithstanding Plaintiff's objections, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Documents in which you characterize the position, duties, authority, or responsibilities you had during the periods in which you provided services to Defendants, including but not limited to all versions of your resume, applications for employment, cover letters, reference letters, job inquiries, employment agreements, contracts, proposals, job search postings, resignation notices, social media profiles and posts (including on X, Instagram, and, Facebook), and communications with any employer or prospective employer.

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Plaintiff objects to this request on the grounds that it is vague, unduly burdensome, harassing, and oppressive. Next, Plaintiff further objects to this request on the grounds that it is impermissibly vague, ambiguous and overbroad as to every undefined term in the request as "characterize the position, duties, authority, or responsibilities you had" is so overly vague that Plaintiff is unable to ascertain what documents Defendant is seeking with any sense of particularity. Moreover, the terminology is confusing as Plaintiff does not understand it as stated. Plaintiff further objects to this request on the grounds it is not stated with reasonable particularity. Plaintiff also objects that such a request seeks information and/or documents that neither relevant to the claims alleged in the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff objects to this request on the grounds that the requested information and/or documents would violate Plaintiff's right to privacy. Plaintiff further objects to this request to the extent it calls for information and/or documents in violation of the attorney work- product doctrine and/or attorney-client privilege. Plaintiff objects to this request on the basis that it would violate the privacy rights of third parties.

Plaintiff further objects to this request as it has no definite time period and therefore exceeds the scope of phase one discovery.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

To the extent not produced in response to Document Request No. 10, documents relating to your efforts to find work, as either an employee or independent contractor, at any time from January 1, 2019 through December 31, 2022, including but not limited to all versions of your resume, applications for employment, cover letters, reference letters, job inquiries, offers of employment,

employment agreements, contracts, proposals, job advertisements and postings, termination notices, resignation notices, rejection letters, social media profiles and posts (including on X, Instagram, and Facebook), and communications with any employer or prospective employer.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Plaintiff objects to this request on the grounds that it is vague, unduly burdensome, harassing, and oppressive. Next, Plaintiff further objects to this request on the grounds that it is impermissibly vague, ambiguous and overbroad as to every undefined term in the request as "employee or independent contractor, resume, applications for employment, cover letters, reference letters, job inquiries, offers of employment, contracts, proposals, job advertisements, social media profiles, posts, notices, communications" are so overly vague that Plaintiff is unable to ascertain what documents Defendant is seeking with any sense of particularity. Plaintiff also objects that such a request seeks information and/or documents that neither relevant to the claims alleged in the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff objects to this request on the grounds that the requested information and/or documents would violate Plaintiff's right to privacy. Plaintiff further objects to this request to the extent it calls for information and/or documents in violation of the attorney work- product doctrine and/or attorney-client privilege. Plaintiff objects to this request on the basis that it would violate the privacy rights of third parties.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff will only provide documents associated with job titles and positions she has held from November 2020 to December 31, 2022.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Documents relating to each type of compensation, reimbursement, or benefits you were offered, eligible for, or received from Defendant at any time from January 1, 2019 through December 31, 2022, including but not limited to wages, salary, overtime pay, premium pay, bonuses, pay increases, awards, expense reimbursement, gifts, stock grants or options, profit-sharing, retirement plan participation, 401(k) matching, insurance coverage, tuition reimbursement, business association dues, paid time off, meals, lodging, and use of a company vehicle. Responsive documents include but are not limited to offer letters, employment agreements or contracts, paychecks, pay stubs, invoices, bills, receipts, expense reports, enrollment forms, and Form W-2s..

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Plaintiff objects to this request on the grounds that it is overbroad and vague as to every undefined term but particularly to "wages, salary, overtime pay, premium pay, bonuses, awards, gifts, profit sharing, business association dues, lodging, letters, employment agreements, contracts, expense reports, enrollment forms," unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to

privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendants possession, custody or control or are readily available to Defendants through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Documents or communications between you and any person or entity (other than your attorney) from January 1, 2019, through the present date, relating to the

allegations in the Complaint that you were misclassified as an independent contractor, including but not limited to correspondence, emails, handwritten notes, memos, recordings, journal entries, and communications with any government agency.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Plaintiff objects to this request on the grounds that it is vague as to the terms "between you and any person or entity," unduly burdensome, harassing, and oppressive. Next, Plaintiff further objects to this request on the grounds that it is impermissibly vague, ambiguous and overbroad. Plaintiff is unable to ascertain what documents Defendant is seeking with any sense of particularity. Moreover, the terminology is confusing as Plaintiff does not understand it as stated. Plaintiff further objects to this request on the grounds it is not stated with reasonable particularity. Plaintiff also objects that such a request seeks information and/or documents that neither relevant to the claims alleged in the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff objects to this request on the grounds that the requested information and/or documents would violate Plaintiff's right to privacy. Plaintiff further objects to this request to the extent it calls for information and/or documents in violation of the attorney work- product doctrine and/or attorney-client privilege. Plaintiff objects to this request on the basis that it would violate the privacy rights of third parties.

After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that would be responsive to this request.

///

///

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Social media postings relating to the allegations in the Complaint that you were misclassified as an independent contractor, including but not limited to postings on Facebook, X, YouTube, Instagram, Snapchat, blogs, wikis, and other social media sites.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Plaintiff objects to this request on the grounds that it is vague as to the terms "social media postings, other social media sites" unduly burdensome, harassing, and oppressive. Next, Plaintiff further objects to this request on the grounds that it is impermissibly vague, ambiguous and overbroad as to the same terms. Plaintiff is unable to ascertain what documents Defendant is seeking with any sense of particularity. Moreover, the terminology is confusing as Plaintiff does not understand it as stated. Plaintiff further objects to this request on the grounds it is not stated with reasonable particularity. Plaintiff also objects that such a request seeks information and/or documents that neither relevant to the claims alleged in the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff objects to this request on the grounds that the requested information and/or documents would violate Plaintiff's right to privacy. Plaintiff further objects to this request to the extent it calls for information and/or documents in violation of the attorney work- product doctrine and/or attorney-client privilege. Plaintiff objects to this request on the basis that it would violate the privacy rights of third parties.

Subject to these objections and without waiving them, Plaintiff responds as follows:

After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that

would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Documents relating to any admission you contend Defendants have made at any time from January 1, 2019, through the present date in relation to the allegations in the Complaint that you were misclassified as an independent contractor.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Plaintiff objects to this request on the grounds that it is overbroad and vague as to "any admissions", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to

Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Documents evidencing or relating to any facts you believe or contend refute or contradict Defendants' contention that you were a professional actress within the meaning of Industrial Wage Order 12 during the period in which you provided services to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Plaintiff objects to this request on the grounds that it is overbroad as to "believe or content refuse of contracdict", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that would be responsive to this request which label her as a "professional actress." Plaintiff is unsure if a document exists, in the form of a contract between Plaintiff and Defendant that would be responsive to this request, but said contract is not in Plaintiff's possession or control.

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

All documents you intend to use as exhibits in this Action in support of your contention that you were misclassified as an independent contractor.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Plaintiff objects to this request on the grounds that it is overbroad as to "exhibits", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent that some of the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which may not be in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search, but which are in Defendants control and authority. This

28

request, in part, calls for information which is available to all parties equally or only to Defendants, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff has already responded to this request throughout the other requests for which Plaintiff has responded to and provided documents associated with. Discovery is ongoing and Plaintiff reserves the right to amend this request upon discovering additional information which may be responsive to an already produced discovery request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Documents relating to each expert you intend to call as a witness at trial in this Action in support of your contention that you were misclassified as an independent contractor, including but not limited to documents and communications sent to or received from each expert, resumes, curriculum vitae, oral or written reports, and any supporting data or information.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Plaintiff objects to this request on the grounds that it is overbroad as to "expert and witness," not to mention the other undefined terms, unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the

documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding said objections, Plaintiff responds as follows:

Plaintiff has not yet identified any experts whom Plaintiff intends to call as a witness at the trial of this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit regarding your contention that you were misclassified as an independent contractor.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Plaintiff objects to this request on the grounds that it is overbroad as to "affidavits, swon statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the

documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding said objections, Plaintiff responds as follows:

Plaintiff has not yet begun to prepare for trial and has nothing that could potentially be responsive to this request at this time.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

All documents you referred to, relied upon, consulted, or used in any way to draft the Complaint's allegations that you were misclassified as an independent contractor.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Plaintiff objects to this request on the grounds that it is overbroad as to "relied upon, consulted, or used in any way to draft", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this

request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

After a reasonable search for responsive documents, Plaintiff will produce documents that are responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Documents or communications between you and any current or former representative or employee of MOTLEY relating to any solicitation, agreement, or engagement to provide services to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Plaintiff objects to this request on the grounds that it is overbroad as to "solicitation, agreement, or engaged to provide services", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff also objects that this request has no start and end date and therefore is unrelated to the limited scope of phase one discovery.

Plaintiff objects to this request as it is not limited to any specific point in time.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

After a reasonable search for responsive documents, Plaintiff will produce

documents that are responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Documents or communications between you and any current or former representative or employee of MOTLEY relating to any solicitation, agreement, or engagement to provide services to any other film production entity at any time from January 1, 2019, to December 31, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Plaintiff objects to this request on the grounds that it is overbroad as to "any solicitation, agreement, or engagement to provide services to any other film production entity", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects to this request that by asking for any documents and communications it exceeds the limited scope of phase one discovery as any multitude of documents that may be responsive are outside the scope allowable for phase one discovery.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff objects to this request as it is not limited to any specific point in

time.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Documents or communications between you and APPLEBAUM relating to any solicitation, agreement, or engagement to provide services to Defendants and any other film production entity at any time from January 1, 2019, to December 31, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Plaintiff objects to this request on the grounds that it is overbroad as to "relating to any solicitation, agreement, or engagement to provide services", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects to this request that by asking for any documents and communications it exceeds the limited scope of phase one discovery as any multitude of documents that may be responsive are outside the scope allowable for phase one discovery.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff objects to this request as it is not limited to any specific point in

time.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

After a reasonable search for responsive documents, Plaintiff has not identified any documents that would be responsive at this time but investigation is ongoing and Plaintiff will supplement these responses if relevant documents are discovered.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

To the extent not produced in response to Document Request Nos. 22 and 23, documents related to any other work you performed for other clients or companies at any time from January 1, 2019, to December 31, 2022, including contracts, invoices, and payment records.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Plaintiff objects to this request on the grounds that it is overbroad as to "any other work you performed for other clients or companies", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that the scope of this request exceeds the allowable scope of discovery under phase one.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this

request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Business registration documents related to any business entity you owned or in which you had an ownership stake at any time from January 1, 2019, to December 31, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Plaintiff objects to this request on the grounds that it is overbroad as to "business registration documents, any business entity you owned", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that the scope of this request exceeds the allowable scope of discovery under phase one.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

This is going to be produced via Defendant's subpoena to Larry Lerner. Plaintiff does not presently have any documents that would be responsive to this

request. Discovery is ongoing and Plaintiff reserves the right to amend this response at a later date if this information changes.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Schedule C (Form 1040) tax filings related to any business entity you owned or in which you had an ownership stake at any time from January 1, 2019, to December 31, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Plaintiff objects to this request on the grounds that it is overbroad as to "any business entity", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that the scope of this request exceeds the allowable scope of discovery under phase one.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

This is going to be produced via Defendant's subpoena to Larry Lerner. Plaintiff does not presently have any documents that would be responsive to this request. Discovery is ongoing and Plaintiff reserves the right to amend this

response at a later date if this information changes.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

To the extent not produced in response to Document Request No. 26, documents related to any deductions you made on your tax filings for yourself or any business entity you own or have owned at any time from January 1, 2019, to December 31, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Plaintiff objects to this request on the grounds that it is overbroad as to "any business entity", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that the scope of this request exceeds the allowable scope of discovery under phase one.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

This is going to be produced via Defendant's subpoena to Larry Lerner. Plaintiff does not presently have any documents that would be responsive to this request. Discovery is ongoing and Plaintiff reserves the right to amend this

response at a later date if this information changes.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Documents related to any training, instructions, or guidance provided to you by Defendants regarding how to perform the work and services you provided to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Plaintiff objects to this request on the grounds that it is overbroad as to "training, instructions, or guidance", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See Code of Civil Procedure § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff further objects to this request to the extent the requested documents are available to Defendant in its own files or are otherwise in Defendant's possession, custody or control or are readily available to Defendant through its own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendant with information which are not in Plaintiff's possession,

custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendant, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendant's own files, and the party seeking the information has had ample opportunity to obtain it or already does and has refused to produce it in response to Plaintiff's relevant discovery requests.

Subject to these objections and without waiving them, Plaintiff responds as follows:

Plaintiff further maintains that the vast majority of responsive documents to this request are not in Plaintiff's possession, custody, or control and are instead within the custody, control, and possession of Defendant. Defendant has not yet responded to Plaintiff's first set of discovery which may produce documents responsive to this request as Plaintiff's request is comprehensive and encompass the subject matter of this request.

Defendant, including its managers, are in possession of records related to Plaintiff's employment with Defendant. After a diligent search for responsive, non-privileged documents in her possession custody and control, Plaintiff was unable to locate any documents that would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Documents related to the production, distribution, and advertising of any audiovisual content intended for commercial distribution that you (including any business entity you own or have owned) produced, financed (in whole or in part), or otherwise participated in at any time from January 1, 2019, to December 31, 2022.

/ / /

/ / /

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Plaintiff objects to this request on the grounds that it is overbroad "production, distribution, and advertising of any audiovisual content", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Documents or communications between you and SUMMER, including communications relating to THIS MATTER, the work you performed for VXN, your experiences working for VXN, and legal claims that you may have against Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Plaintiff objects to this request on the grounds that it is overbroad as to "experiences working for VXN", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is

further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1). Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that this request is not specific to a definite time frame and therefore is outside the allowable scope of phase one discovery.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

After a reasonable search for responsive documents, Plaintiff has not identified any documents that would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Documents or communications between you and VISION, including communications relating to THIS MATTER, the work you performed for VXN, your experiences working for VXN, and legal claims that you may have against Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Plaintiff objects to this request on the grounds that it is overbroad as to "experiences working for VXN", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that this request is not specific to a definite time frame and therefore is outside the allowable scope of phase one discovery.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Notwithstanding Plaintiff's Objections, Plaintiff responds as follows:

After a reasonable search for responsive documents, Plaintiff has not identified any documents within her custody and control that would be responsive to this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Documents or communications between you and KONA, including communications relating to THIS MATTER, the work you performed for VXN, your experiences working for VXN, and legal claims that you may have against Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Plaintiff objects to this request on the grounds that it is overbroad as to "experiences working for VXN", unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the

43

subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. See <u>Code of Civil Procedure</u> § 2031.030(c)(1).  Plaintiff further objects to this request to the extent it calls for a legal conclusion as to the documents that might be responsive, and is vague and ambiguous as to the meaning of undefined terms. Plaintiff further objects that this request is not specific to a definite time frame and therefore is outside the allowable scope of phase one discovery.

Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, as well as the privacy rights of third parties. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine.

Plaintiff objects to this request as it is not limited to any specific point in time.

After a reasonable search for responsive documents, Plaintiff is will produce those responsive documents within her custody and control.

DATED:  August 29, 2024                    **BIBIYAN LAW GROUP**


By:   _/s/ Jason Rothman_
        David Bibiyan
        Jeffrey Klein
        Sarah Cohen
        Jason Rothman
        Attorneys for Plaintiff Mackenzie Anne
        Thoma, and all others similarly situated

44

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

On August 29, 2024, I caused a true and correct copy of the foregoing document(s) described as **PLAINTIFF MACKENZIE ANNE THOMA'S RESPONSES TO DEFENDANT VXN GROUP, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** to be served by electronic transmission to the below referenced electronic e-mail address as follows: The above document(s) were served on the interested parties in this action as follows: *BY ELECTRONIC MAIL: I am readily familiar with our office's practice of electronic mail transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.*

Brad S. Kane
Kane Law Firm
bkane@kanelaw.la
Attorneys for Defendant, Vixen Media Group

Christian Waugh
cwaugh@waugh.legal
Attorneys for Defendant, Vixen Media Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 29, 2024 at Los Angeles, California.

*/s/ Nadia Rodriguez*
Nadia Rodriguez

# **EXHIBIT E**

[This Exhibit Has Been Filed Under Seal]

[Remainder of Page Intentionally Left Blank]

# **EXHIBIT F**

1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

3     _____

4     MACKENZIE ANNE THOMA, A.K.A.

5     KENZIE ANNE, an Individual and

6     on Behalf of All Others

7     Similarly Situated,

8              Plaintiff,

9        v.                          Case No.

10    VXN GROUP, LLC, a Delaware        2:23.cv.04901

11    Limited Liability Company and     WLH (AGRx)

12    MIKE MILLER, an Individual; and

13    DOES 1 to 100, Inclusive,

14             Defendants.

15    _____

16         DEPOSITION OF MACKENZIE ANNE THOMA

17    DATE:          Tuesday, August 13, 2024

18    TIME:          10:36 a.m.

19    LOCATION:      Veritext Legal Solutions

20                   707 Wilshire Boulevard, Suite 3500

21                   Los Angeles, CA 90017

22    OFFICIATED BY: John Canfield

23    JOB NO.:       6861393

24

25

                                        Page 1

1    generating in 2021?

2        A    I don't remember.

3        Q    Can you estimate?

4        A    No.  I would have to talk to my accountant.

5        Q    Was it a substantial amount of revenue?

6        A    I -- I guess that's subjective.

7        Q    Was it more than $5,000 per month?

8        A    I don't know.

9        Q    Who is the accountant that you referenced?

10       A    I honestly don't know my accountant's name.  I

11   had to switch over recently to a new one.

12       Q    Does the new accountant also handle Kenzieland

13   accounts?

14       A    No, I -- I -- like I said, I don't know if I

15   renewed Kenzieland this year.

16       Q    Who was the old accountant?

17       A    Larry -- Larry Lerner, I believe was his name.

18       Q    Lerner.  Like L-E-R-N-E-R?

19       A    Yeah.

20       Q    I have a friend with that last name.  I always

21   want to put the A in there, but.

22            So Kenzieland has produced -- it has generated

23   revenue?

24       A    A little bit.

25       Q    And does it still produce revenue?

Page 76

```
 1        A     Yes.

 2        Q     Do you know how Ryan Kona came to be

 3   represented by your attorneys?

 4        A     I don't -- I don't remember.

 5        Q     Did you refer Ryan Kona to your attorneys?

 6        A     I believe when we couldn't get ahold of him, I

 7   passed his phone number on.

 8        Q     You passed his phone number onto whom?

 9        A     Yes, to -- to David.

10        Q     Okay.  And when would you have passed his

11   phone number to David?

12        A     Roughly around when I texted him to not delete

13   anything on his social media accounts.

14        Q     And why did you text Ryan's phone number?

15        A     Because I didn't want any disruptions in this

16   lawsuit.

17        Q     Okay.

18              MR. KANE:  Take a little break?

19              MR. BROWN:  Are you opposed to a

20   five-minute break?

21              MS. COHEN:  Go for it.

22              THE VIDEOGRAPHER:  We are going off the

23   record.  The time is 3:38 p.m.

24              (Off the record.)

25              THE VIDEOGRAPHER:  This is media seven.
```

                                        Page 117

# **EXHIBIT G**

**Thursday, November 7, 2024 at 13:57:13 Pacific Standard Time**

---

**Subject:** RE: Subpoena to Mainboard LLC / Thoma v. VXN Group LLC et al.
**Date:** Tuesday, June 18, 2024 at 1:41:32 AM Pacific Daylight Time
**From:** accounts@mainboard.com
**To:** Trey Brown
**CC:** Steve Ullman
**Attachments:** image001.png, image003.png, image004.png, image005.png, Master-Subscription-Agreement.pdf

Hi Trey

See attached a copy of our MSA.

All data has been deleted including logs. Please elaborate on "User Provided Registration Data"

The Motley Models account was renamed at some stage to Performers First Agency, it was one and the same account. No data was ever transferred to any other account.

Thanks
William

---

**From:** Trey Brown <tb@dorado.law>
**Sent:** Thursday, June 13, 2024 9:58 PM
**To:** accounts@mainboard.com
**Cc:** Steve Ullman <steve@mainboard.com>
**Subject:** Re: Subpoena to Mainboard LLC / Thoma v. VXN Group LLC et al.

Hi William,

Notwithstanding Mainboard's apparent deletion of data falling within the term "Your Data," the Subpoena also requires production of (i) User Provided Registration Data; and (ii) Usage Logs.

Can you verify that the account data for Motley Models (or any of the relevant users identified in the Subpoena) has not been transferred to another account?

Additionally, please provide an exemplar of a Master Subscription Agreement so that I may discern what data is encompassed within the term "Your Data."

Best regards,
Trey

«‹------------------------»›
TREY BROWN
DORADO LAW, P.C.
(432) 296-9120 | tb@dorado.law

---

**From:** accounts@mainboard.com <accounts@mainboard.com>
**Date:** Thursday, June 13, 2024 at 8:42 AM
**To:** tb@dorado.law <tb@dorado.law>
**Cc:** Steve Ullman <steve@mainboard.com>
**Subject:** Subpoena to Mainboard LLC / Thoma v. VXN Group LLC et al.

1 of 2

Dear Trey

You sent the attached to Steve yesterday. Motley Models was a client of ours until February 29, 2024. As per our subscription agreement we are obligated to delete all data 30 days after the contract termination or expiration which we have already done. We are thus unable to produce any data as it has already all been deleted.

Here is an extract from our Master Subscription Agreement which related to the deletion of data

12.5.     **Your Data Portability and Deletion.** Upon request by You made within 30 days after the effective date of termination or expiration of this Agreement, We will make Your Data available to You for export or download as provided in the Documentation. After such 30-day period, We will have no obligation to maintain or provide any Your Data, and as provided in the Documentation will thereafter delete or destroy all copies of Your Data in Our systems or otherwise in Our possession or control, unless legally prohibited.

Let me know if there is anything else I can assist you with.

Kind regards

# William

**ACCOUNTS**





| | | |
|---|---|---|
| **EMAIL** | accounts@mainboard.com |
| **WEBSITE** | www.mainboard.com |
| **INSTAGRAM** | @mymainboard |

2 of 2

# **EXHIBIT H**

[This Exhibit Has Been Filed Under Seal]


[Remainder of Page Intentionally Left Blank]

# **EXHIBIT I**

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

Attorneys for Defendants
VXN GROUP LLC; STRIKE 3 HOLDINGS, LLC;
GENERAL MEDIA SYSTEMS, LLC; and
MIKE MILLER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)** <br><br> **NOTICE OF INTENT TO SERVE SUBPOENA** |

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

1    PLEASE TAKE NOTICE that on May 24, 2024, Defendant VXN GROUP,

2 LLC, by and through undersigned counsel, will cause the attached subpoena to be

3 served via process server on Ryan Gerona Murphy.

4           Respectfully submitted,

5

6

7

8       By: */s/ Brad S. Kane*
         Brad Kane

9         Trey Brown
         Attorneys for Defendants

10        VXN Group LLC; Strike 3
         Holdings, LLC; General Media

11        Systems, LLC; and Mike Miller

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

---

NOTICE OF INTENT TO SERVE SUBPOENA

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2024, a true and correct copy of the foregoing document was served via email to the following recipients:

David D. Bibiyan
*david@tomorrowlaw.com*
Jeffrey D. Klein
*jeff@tomorrowlaw.com*
Sarah H. Cohen
*sarah@tomorrowlaw.com*
Rafael Yedoyan
*rafael@tomorrowlaw.com*
Wesley Gonzales
*wesley@tomorrowlaw.com*

Dated: May 24, 2024           By:    */s/ Brad Kane*
                                           Brad S. Kane

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

NOTICE OF INTENT TO SERVE SUBPOENA

Page 93 of 365_D's Rule 37 Motion

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | | |
|---|---|---|
| Mackenzie Anne Thoma, a.k.a. Kenzie Anne | ) | |
| *Plaintiff* | ) | Civil Action No.  2:23–cv–04901 WLH (AGRx) |
| v. | ) | |
| VXN GROUP, LLC et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      RYAN GERONA MURPHY, 3908 CAMRYN HOLLY ST., LAS VEGAS, NV 89129-7892

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       SEE ATTACHMENT A

| Place:<br>       EMAIL TO: bkane@kanelaw.la | Date and Time:<br>       06/24/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/24/2024

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | s/ Brad S. Kane |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VXN Group, LLC _____, who issues or requests this subpoena, are:
Brad Kane; 1154 S. Crescent Heights Blvd., Los Angeles, CA 90035; bkane@kanelaw.la; (323) 697-9840

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:23–cv–04901 WLH (AGRx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

Print        Save As        Add Attachment                       Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT "A" to SUBPOENA

## I.    DEFINITIONS

1.      "And," "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all Documents (as hereinafter defined) responsive to all or any part of each particular request.

2.      "Any," "each," "every," and "all" shall be read to be inclusive and to require the production of each and every Document and/or Communication (hereinafter defined) responsive to the particular request.

3.      "APPLEBAUM" means the individual named Chris Applebaum a.k.a. "Halston".

4.      "BLF" means the Bibiyan Law Firm, including its agents, representatives, or any person acting on its behalf.

5.      "COMMUNICATION" means any disclosure, transfer, or exchange of information, expression, or opinion, however made, including oral, graphic, written, or electronic transmittal of information, including any Document that contains, reflects, or references any Communication.

6.      "DEFENDANTS" means VXN GROUP, LLC, GENERAL MEDIA SYSTEMS, LLC, STRIKE 3 HOLDINGS, LLC, and MIKE MILLER, and each of them, including their agents, employees, representatives, or anyone acting on its behalf.

7.      "DOCUMENT(S)" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality

ATTACHMENT "A" to SUBPOENA

of the foregoing, "documents" shall include correspondence, letters, memoranda, memoranda for files, reports, graphs, hard drives, discs, printouts, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered separate documents.

8.      "ENGAGEMENT" means any contract or agreement to perform services, whether written or implied, and any arrangement to perform services arising out of such contract or agreement.

9.      "INCLUDING" means including, but not limited to.

10.     "INSTAGRAM ACCOUNT" means the account situated on the social media platform Instagram that operates or operated under the username "RGMURPHLV" listed under the URL: https://www.instagram.com/rgmurphlv [last accessed on May 13, 2024].

11.     "KING" means the individual named Jason King a.k.a. "Austin King".

12.     "LOAN OUT COMPANIES" means any entity through which PLAINTIFF provided services, including but not limited to corporations, limited liability companies, or other business entities, including but not limited to Kenzieland LLC and Lola March LLC.

13.     "MOTLEY" means Twice Baked Media, Inc. d/b/a Motley Models.

14.     "PERFORMERS FIRST AGENCY" means the agency referenced in the January 24, 2024 Instagram post by YOU described as "PFA" found at https://www.performersfirst.com/.

15.     "PERSON" means any natural person, firm, partnership, association, joint venture, corporation, governmental entity or agency, or other organization or legal or business entity, without any limitation, or any party (including agents or employees) to this litigation.

ATTACHMENT "A" to SUBPOENA

16.     "PLAINTIFF" means Mackenzie Anne Thoma a.k.a Kenzie Anne, including her agents, representatives, anyone acting on her behalf, and any business entity through which Mackenzie Anne Thoma provided services, including the LOAN OUT COMPANIES.

17.     "PORN CRUSH" means www.porncrush.com.

18.     "RELATES" or "RELATING TO" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually connected with the matter discussed.

19.     "ROCK" means the individual named David Clifford Bacon II a.k.a. "Dave Rock".

20.     "SUMMER" means the individual performing under the screen name "Charly Summer".[1]

21.     "SUPRO" means the individual named Todd Gillman a.k.a. "Todd Supro".

22.     "THIS MATTER" means this lawsuit, Mackenzie Anne Thoma a.k.a. Kenzie Anne v. VXN Group, LLC, Strike 3 Holdings, LLC, General Media Systems, LLC and Mike Miller, No. 2:23-cv-04901-WLH (AGRx) (Central District of California).

23.     "YOU" or "YOUR" refers to Ryan Gerona Murphy, a.k.a. Ryan Kona.

24.     "VISION" means the individual named Sidney Sanderson Millspaugh IV, a.k.a. "Sid Visions" a.k.a. "Sid Vision."

25.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

---

[1] To the extent YOU require SUMMER's real name for identification purposes, Defendant will provide such identifying information after the entry of an applicable Protective Order.

ATTACHMENT "A" to SUBPOENA

## II.    INSTRUCTIONS

1.    If your response to a request is that you do not have possession, custody, or control of a document or communication, please identify who likely has control of the document and its location.

2.    In the event that any information requested is withheld on the basis of a claim of privilege, state the ground(s) of the privilege claimed with sufficient particularity to evaluate the claim, and, if any documents are claimed to be privileged, set forth the author, all recipients, number of pages, attachments or appendices, present custodian, and a general description (e.g., "letter" or "memorandum") of the document.

3.    Any information not provided on the basis that the disclosure would be burdensome or oppressive should be identified by stating the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request. This will make it possible to further narrow any request and potentially identify a reasonable alternative or limitation, and Defendants will meet and confer on that matter.

4.    Each copy or duplicate of a document bearing initials, stamps, comments or notations of any character which are not part of the original text shall be considered a separate document. Additionally, all drafts (whether typed, handwritten or otherwise) made or prepared in connection with any document shall be considered a separate document.

5.    Documents kept in an electronic or digital format should be produced with all metadata and delivered in their original format or in a manner agreed to by counsel.

6.    Emails must identify all recipients and include attachments, previous threads, and forwards.

ATTACHMENT "A" to SUBPOENA

7.    The singular of any noun includes the plural.

8.    Unless otherwise directed, these requests ask for discoverable materials from

November 11, 2020 to the present.

### III.    DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1.** Produce all COMMUNICATIONS between YOU and any PERSON

regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 2.** Produce all COMMUNICATIONS between YOU and VISION

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 3.** Produce all COMMUNICATIONS between YOU and ROCK

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 4.** Produce all COMMUNICATIONS between YOU and SUPRO

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 5.** Produce all COMMUNICATIONS between YOU and APPLEBAUM

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE**:

**REQUEST NO. 6**. Produce all COMMUNICATIONS between YOU and PLAINTIFF

RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE:**

**REQUEST NO. 7.** Produce all COMMUNICATIONS between YOU and VISION

RELATING TO THIS MATTER.

**RESPONSE**:

**REQUEST NO. 8**. Produce all COMMUNICATIONS between YOU and PLAINTIFF

RELATING TO THIS MATTER.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 9.** Produce all COMMUNICATIONS between YOU and ANY

PERSON RELATING TO THIS MATTER.

**RESPONSE**:

**REQUEST NO. 10.** Produce all DOCUMENTS RELATING TO YOUR contractual

relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for

PLAINTIFF, and any agreement providing for commissions payable to YOU in connection

with PLAINTIFF.

 **RESPONSE**:

**REQUEST NO. 11.** Produce all DOCUMENTS RELATING TO any commissions

payable to YOU in connection with PLAINTIFF's ENGAGEMENTS with DEFENDANTS,

INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting

statements reflecting such payments.

**RESPONSE**:

**REQUEST NO. 12.** Produce all DOCUMENTS RELATING TO any payments between

PLAINTIFF and YOU in connection with DEFENDANTS, INCLUDING any negotiable

instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such

payments.

ATTACHMENT "A" to SUBPOENA

**RESPONSE**:

**REQUEST NO. 13.** Produce all DOCUMENTS RELATING TO any payments between LOAN OUT COMPANIES and YOU in connection with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE**:

**REQUEST NO. 14**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 15**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with any PERSON.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 16**. Produce all DOCUMENTS that reference PLAINTIFF'S LOAN OUT COMPANIES, INCLUDING contracts, agreements, correspondence, invoices, payment records, and financial statements related to any services provided by PLAINTIFF through her LOAN OUT COMPANIES.

**RESPONSE**:

**REQUEST NO. 17**. Produce all DOCUMENTS between YOU and MOTLEY relating to PLAINTIFF.

**RESPONSE**:

**REQUEST NO. 18**. Produce all DOCUMENTS between YOU and MOTLEY relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 19.** Produce all COMMUNICATIONS between YOU and MOTLEY relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 20**. Produce all COMMUNICATIONS between YOU and ROCK relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 21**. Produce all COMMUNICATIONS between YOU and VISION relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 22**. Produce all COMMUNICATIONS between YOU and VISION relating to the statement posted on your Instagram story on January 24, 2024 where VISION said to you "Don't worry, you don't fuck me, I won't fuck you."

**RESPONSE**:

**REQUEST NO. 23.** Produce all COMMUNICATIONS relating to "Vixen [sic] suspicions were correct that Motley had something to do with [THIS MATTER] as Sid Visions was the man who introduced Kenzie to her lawyer and bragged about how he convinced her to do this" as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 24.** Produce all COMMUNICATIONS relating to "Sid [sic] biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and Interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of [sic] it was a rumor or fact and try to use that against everyone which many of you may have been victim of" as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 25.** Produce all COMMUNICATIONS indicating VISION had a personal vendetta against DEFENDANTS, as stated in your January 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 26.** Produce all COMMUNICATIONS indicating VISION and SUMMER "have a long history of shadiness" as stated in your January, 24, 2024 Instagram story.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 27**. Produce all COMMUNICATIONS relating to "when Porn Crush first launched Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September. Since then I've heard rumors he may actually own the site. I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him" as stated in your January, 24, 2024 Instagram story.

**RESPONSE**:

**REQUEST NO. 28**. Produce all COMMUNICATIONS relating to VISION'S character issues.

**RESPONSE**:

**REQUEST NO. 29**. Produce all COMMUNICATIONS between YOU and KING relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 30**. Produce all COMMUNICATIONS between YOU and SUMMER relating to DEFENDANTS.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 31**. Produce all COMMUNICATIONS between YOU and BLF relating to DEFENDANTS.

**RESPONSE**:

**REQUEST NO. 32**. In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at: https://help.instagram.com/181231772500920. Please produce this information in HTML format.

**RESPONSE**:

**REQUEST NO. 33**. Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 34**. Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 35**. Produce all COMMUNICATIONS between YOU and ROCK relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 36**. Produce all COMMUNICATIONS between YOU and SUMMER relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 37**. Produce all COMMUNICATIONS between YOU and SUPRO relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

**REQUEST NO. 38**. Produce all COMMUNICATIONS between YOU and PERFORMERS FIRST AGENCY relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE**:

ATTACHMENT "A" to SUBPOENA

**REQUEST NO. 39**. Produce all DOCUMENTS RELATING TO any payment of money or other consideration to YOU from any PERSON in connection with the editing, removal, relocation, archiving, or deletion of any post on the INSTAGRAM ACCOUNT.

**RESPONSE**:

# **EXHIBIT J**



8484 Wilshire Blvd., Suite 500
Beverly Hills, California, 90211
310.438.5555 T
310.300.1705 F
www.employmentlawyerla.com

May 29, 2024

**VIA U.S. MAIL**

Ryan Gerona Murphy;
3908 Camryn Holly St.
Las Vegas, NV 89129

Re:     *Mackenzie Anne Thoma v. VXN Group LLC, et al.*
        Central District of California, Case No. 2:23-CV-04901-WLH

Dear Mr. Murphy:

Please be advised that our firm, Bibiyan Law Group, P.C., represents Plaintiff Mackenzie Anne Thoma ("Plaintiff") in the above-referenced action.  It is our understanding that VXN Group LLC ("Defendant") has subpoenaed documents from your company subject to privacy interests of Plaintiff and a third party arising under the United States Constitution and the California Constitution.  Please note that counsel for Plaintiff intends to file a Motion to Quash to prevent their disclosure.

Under Code of Civil Procedure Section 1987.1 and Federal Rules of Civil Procedure Rule 45, when a Motion to Quash has been filed, the custodian of records and the deposition officer are prevented from producing records until the court orders their production.  Disobedience (*i.e.*, producing records prior to the resolution of this issue) may be punishable by civil liability and court sanctions, including, in some instances, contempt of court.

The custodian of records must thus comply with its legal obligation not to release the requested records until the Court rules on Plaintiff's Motion to Quash, or the parties issue a joint statement regarding if and to what extent to comply with the subpoena.

Best regards.

                        Very truly yours,

                        BIBIYAN LAW GROUP, P.C.

                        */s/ Sarah H. Cohen*
                        Sarah H. Cohen

cc: Brad Krane, bkane@kanelaw.la; Trey Brown, trey.brown@vixenmediagroup.com;
 tb@dorado.law, Counsel for Defendants; (via e-mail only).

MURPHY0001

# EXHIBIT K

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Respondent RYAN MURPHY

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 2:23-cv-04901-WLH (AGRx) <br><br> [*Assigned to the Hon. Wesley L. Hsu*] <br><br> **RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA** |

1

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), including FRCP Rules 26 and 34, Respondent RYAN MURPHY ("Respondent") responds as follows to Defendants' May 24, 2024 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

**REQUEST NO. 1**

Produce all COMMUNICATIONS between YOU and any PERSON regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 1:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

///

2
RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**REQUEST NO. 2**

Produce all COMMUNICATIONS between YOU and VISION RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 2:**

Respondent objects to this request. Respondent objects to this request as it Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 3**

Produce all COMMUNICATIONS between YOU and ROCK RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

///

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**RESPONSE TO REQUEST NO. 3:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 4**

Produce all COMMUNICATIONS between YOU and SUPRO RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE TO REQUEST NO. 4:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 5**

Produce all COMMUNICATIONS between YOU and APPLEBAUM RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE TO REQUEST NO. 5:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 6**

Produce all COMMUNICATIONS between YOU and PLAINTIFFRELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE TO REQUEST NO. 6:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

1  to him because of undue burden or cost.

2      Notwithstanding said objections, Respondent states as follows: Respondent

3  cannot produce any requested documentation as he is either no longer personally in

4  possession of the requested documentation or has never been in possession of the

5  requested documents.

6  **REQUEST NO. 7**

7      Produce all COMMUNICATIONS between YOU and VISION RELATING

8  TO THIS MATTER.

9  **RESPONSE TO REQUEST NO. 7:**

10      Respondent objects to this request. Respondent objects to this request as it

11  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

12  probative value this information may provide to Defendants. Respondent objects to

13  this request to the extent it seeks privileged work product. Respondent objects to this

14  request to the extent it seeks information that is protected by attorney-client privilege.

15  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

16  time and/or scope. Respondent objects to this request as it is overbroad and is not

17  proportionate to the needs of the case. Respondent objects to this response as the

18  burden or expense in the production of these documents far outweighs the likely

19  benefit this document provides. This request is irrelevant as to Phase I discovery

20  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

21  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

22  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

23  objects to this request as all of the information requested is not reasonably accessible

24  to him because of undue burden or cost.

25      Notwithstanding said objections, Respondent states as follows: Respondent

26  cannot produce any requested documentation as he is either no longer personally in

27  possession of the requested documentation or has never been in possession of the

28  requested documents.

7

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE
SUBPOENA

**REQUEST NO. 8**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 9**

Produce all COMMUNICATIONS between YOU and ANY PERSON RELATING TO THIS MATTER.

///

///

8

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 10**

Produce all DOCUMENTSRELATING TO YOUR contractual relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for Plaintiff, and any agreement providing for commissions payable to YOU in connection with PLAINTIFF.

**RESPONSE TO REQUEST NO. 10:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 11**

Produce all DOCUMENTS RELATING TO any commissions payable to YOU in connection with PLAINTIFF's ENGAGEMENTS with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE TO REQUEST NO. 11:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege.

10

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 12**

Produce all DOCUMENTS RELATING TO any payments between PLAINTIFF and YOU in connection with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE TO REQUEST NO. 12:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the

1  burden or expense in the production of these documents far outweighs the likely

2  benefit this document provides. This request is irrelevant as to Phase I discovery

3  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

4  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

5  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

6  objects to this request as all of the information requested is not reasonably accessible

7  to him because of undue burden or cost.

8      Notwithstanding said objections, Respondent states as follows: Respondent

9  cannot produce any requested documentation as he is either no longer personally in

10  possession of the requested documentation or has never been in possession of the

11  requested documents.

12  **REQUEST NO. 13**

13      Produce all DOCUMENTS RELATING TO any payments between LOAN

14  OUT COMPANIES and YOU in connection with DEFENDANTS, INCLUDING any

15  negotiable instruments (e.g., check), invoices, tax forms, or accounting statements

16  reflecting such payments.

17  **RESPONSE TO REQUEST NO. 13:**

18      Respondent objects to this request. Respondent objects to this request as it

19  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

20  probative value this information may provide to Defendants. Respondent objects to

21  this request to the extent it seeks privileged work product. Respondent objects to this

22  request to the extent it seeks information that is protected by attorney-client privilege.

23  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

24  time and/or scope. Respondent objects to this request as it is overbroad and is not

25  proportionate to the needs of the case. Respondent objects to this response as the

26  burden or expense in the production of these documents far outweighs the likely

27  benefit this document provides. This request is irrelevant as to Phase I discovery

28  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 14**

Produce all COMMUNICATIONS between YOU and Plaintiff relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE TO REQUEST NO. 14:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this

13

request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 15**

Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with any PERSON.

**RESPONSE TO REQUEST NO. 15:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this

14

request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 16**

Produce all DOCUMENTS that reference PLAINTIFF'S LOANOUT COMPANIES, INCLUDING contracts, agreements, correspondence, invoices, payment records, and financial statements related to any services provided by PLAINTIFF through her LOAN OUTCOMPANIES.

**RESPONSE TO REQUEST NO. 16:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

1   to him because of undue burden or cost.

2       Notwithstanding said objections, Respondent states as follows: Respondent

3   cannot produce any requested documentation as he is either no longer personally in

4   possession of the requested documentation or has never been in possession of the

5   requested documents.

6   **REQUEST NO. 17**

7       Produce all DOCUMENTS between YOU and MOTLEY relating to

8   PLAINTIFF.

9   **RESPONSE TO REQUEST NO. 17:**

10      Respondent objects to this request. Respondent objects to this request as it

11  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

12  probative value this information may provide to Defendants. Respondent objects to

13  this request to the extent it seeks privileged work product. Respondent objects to this

14  request to the extent it seeks information that is protected by attorney-client privilege.

15  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

16  time and/or scope. Respondent objects to this request as it is overbroad and is not

17  proportionate to the needs of the case. Respondent objects to this response as the

18  burden or expense in the production of these documents far outweighs the likely

19  benefit this document provides. This request is irrelevant as to Phase I discovery

20  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

21  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

22  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

23  objects to this request as all of the information requested is not reasonably accessible

24  to him because of undue burden or cost.

25      Notwithstanding said objections, Respondent states as follows: Respondent

26  cannot produce any requested documentation as he is either no longer personally in

27  possession of the requested documentation or has never been in possession of the

28  requested documents.

16

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE
SUBPOENA

**REQUEST NO. 18**

Produce all DOCUMENTS between YOU and MOTLEY relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 18:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 19**

Produce all COMMUNICATIONS between YOU and MOTLEY relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

///

17

**RESPONSE TO REQUEST NO. 19:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 20**

Produce all COMMUNICATIONS between YOU and ROCK relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

18

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**RESPONSE TO REQUEST NO. 20:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 21**

Produce all COMMUNICATIONS between YOU and VISION relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

19

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**RESPONSE TO REQUEST NO. 21:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 22**

Produce all COMMUNICATIONS between YOU and VISION relating to the statement posted on your Instagram story on January 24, 2024 where VISION said to you "Don't worry, you don't fuck me, I won't fuck you."

20

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE
SUBPOENA

**RESPONSE TO REQUEST NO. 22:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 23**

Produce all COMMUNICATIONS relating to "Vixen [sic]suspicions were correct that Motley had something to do with [THIS MATTER] as Sid Visions was the man who introduced Kenzie to her lawyer and bragged about how he convinced her to do this" as stated in your January 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 23:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 24**

Produce all COMMUNICATIONS relating to "Sid [sic] biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and Interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of [sic] it was a rumor or fact and try to use that against everyone which many of you may have been victim of" as stated in your January 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 24:**

Respondent objects to this request. Respondent objects to this request as it

22

breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 25**

Produce all COMMUNICATIONS indicating VISION had a personal vendetta against DEFENDANTS, as stated in your January 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 25:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 26**

Produce all COMMUNICATIONS indicating VISION and SUMMER "have a long history of shadiness" as stated in your January, 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 26:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i)

whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 27**

Produce all COMMUNICATIONS relating to "when Porn Crush first launched Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September. Since then I've heard rumors he may actually own the site. I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him" as stated in your January, 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 27:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 28**

Produce all COMMUNICATIONS relating to VISION'S character issues.

**RESPONSE TO REQUEST NO. 28:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the

26

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

requested documents.

**REQUEST NO. 29**

Produce all COMMUNICATIONS between YOU and KING relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 29:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 30**

Produce all COMMUNICATIONS between YOU and SUMMER relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 30:**

27

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 31**

Produce all COMMUNICATIONS between YOU and BLF relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 31:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege.

28

Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 32**

In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at:https://help.instagram.com/181231772500920.Please produce this information in HTML format.

**RESPONSE TO REQUEST NO. 32:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 33**

Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 33:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

30

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 34**

Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 34:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in

31

possession of the requested documentation or has never been in possession of the requested documents.

## REQUEST NO. 35

Produce all COMMUNICATIONS between YOU and ROCK relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

## RESPONSE TO REQUEST NO. 35:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## REQUEST NO. 36

Produce all COMMUNICATIONS between YOU and SUMMER relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

**RESPONSE TO REQUEST NO. 36:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 37**

Produce all COMMUNICATIONS between YOU and SUPRO relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 37:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

33

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 38**

Produce all COMMUNICATIONS between YOU and PERFORMERS FIRST AGENCY relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 38:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the

34

burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 39**

Produce all DOCUMENTS RELATING TO any payment of money or other consideration to YOU from any PERSON in connection with the editing, removal, relocation, archiving, or deletion of any post on the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 39:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

Dated:  June 7, 2024                    BIBIYAN LAW GROUP, P.C.




                                        By:    */s/ Rafael Yedoyan*
                                        DAVID D. BIBIYAN
                                        JEFFREY D. KLEIN
                                        SARAH H. COHEN
                                        RAFAEL YEDOYAN
                                        Attorneys for RESPONDENT RYAN
                                        MURPHY

RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE
SUBPOENA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90211.

On June 7, 2024, and pursuant to the California Code of Civil Procedure section 1010.6, I caused a true and correct copy of the foregoing document(s) described as **RESPONDENT RYAN MURPHY'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

Brad S. Kane
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
bkane@kanelaw.la
Attorneys for Defendant, Vixen Media Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June7, 2024 at Los Angeles, California.

*/s/ Nadia Rodriguez*
Nadia Rodriguez

# **EXHIBIT L**

**Thursday, November 7, 2024 at 14:05:04 Pacific Standard Time**

**Subject:** [Case #8884519]
**Date:** Sunday, August 18, 2024 at 12:24:10 PM Pacific Daylight Time
**From:** Records
**To:** trey.brown@vixenmediagroup.com

Hello,

Meta Platforms, Inc. ("Meta") received a subpoena from you issued on behalf of a litigant on August 01, 2024 (Case# 2:23-cv-04901-WLH (AGRx)) seeking information associated with a purported Facebook and/or Instagram account. Meta objects to your subpoena for the reasons below. Please review this information, as well as information available in the relevant Facebook's Help Center, located at http://www.facebook.com/help/ and/or Instagram's Help Center, located at https://help.instagram.com/. Meta reserves all objections and rights.

To the extent your request is improperly addressed to WhatsApp, Meta does not accept service of subpoenas and other legal processes directed to WhatsApp LLC. All subpoenas and other legal processes related to the WhatsApp service must be directed to WhatsApp LLC.

For requests addressed to Instagram LLC, Meta will not accept subpoenas directed to Instagram LLC. All subpoenas must be directed to the entity mentioned in the terms of service that are applicable to the use of Meta's service. For U.S. users, all subpoenas must be directed to Meta Platforms, Inc.

If your subpoena is not issued from a court with subpoena power over Meta, this letter is not intended by Meta, and should not be construed by you, as consent by Meta to the jurisdiction or subpoena power of the issuing court. Meta is a Delaware corporation headquartered in California and objects to the subpoena power of any state court outside of these jurisdictions, and objects to any federal subpoena that demands compliance more than 100 miles from Meta's Menlo Park, California headquarters in violation of Fed. R. Civ. P. 45(c)(2)(A).

Requests for User Content and Information

Meta addresses all requests related to user accounts in accordance with the federal Stored Communications Act, 18 U.S.C. §§ 2701, et seq. Please note that service

1 of 3

providers are not the proper recipients of requests for the contents of users' electronic communications.

Requests for the Content of a User Account Must be Directed to the User

If you are seeking the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, you must direct your request to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in our Help Center.

Meta does not produce user content in response to consent forms. Users can directly respond to party or non-party discovery requests without Meta's involvement. Information about deactivated and deleted accounts, and deleted information, is available in our Help Center and our Data Use Policy.

Requests for Account Details and Non-Content Information

If you are a non-governmental entity seeking non-content basic subscriber information associated with a user account that cannot be obtained from the user, your subpoena is not otherwise objectionable, and your subpoena uniquely identifies an account by URL or email address, Meta may produce reasonably available basic subscriber information, if any, after providing 21-days notice to the user of an affected account. If you wish to proceed with this limited scope of discovery, please contact us. Depending on the facts of the case, Meta reserves the right to object to production of non-content basic subscriber information on First Amendment grounds. See Glassdoor, Inc. v. Superior Court, 9 Cal. App. 5th 623, 634-35 (2017). If you are a governmental entity, please also note that the federal Stored Communications Act prevents governmental entities from using civil discovery subpoenas to obtain non-content basic subscriber information. See F.T.C. v. Netscape Communications Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000).

Additional Considerations and Objections

Meta does not waive personal service of private party, non-governmental legal process. Meta and its records custodians are located in Menlo Park, California, which is where the Company resides.

Please ensure that any requests for Instagram or Facebook user data are correctly addressed to:

2 of 3

Meta Platforms, Inc.
1 Meta Way,
Menlo Park,
CA 94025

Meta cannot respond to subpoenas containing requests that are overly broad, unduly burdensome, vague, or not reasonably calculated to lead to the discovery of admissible evidence. Please ensure that you have identified a unique user account by URL or email address and that your request is appropriately date and field limited.

Meta objects to all requests that seek protected or privileged information, including information protected by the attorney-client or other applicable privilege, or confidential, proprietary, or trade secret information.

Meta is not in a position to authenticate or verify account content. Such requests should be directed to the creator or recipient of the content. Meta also is not in a position to provide witnesses for trial or deposition. The appearance of a records custodian is unnecessary because any non-content records produced are self-authenticating.

Meta does not preserve information in response to third party subpoenas or private party or non-governmental requests. Such requests should be directed to the user.

Please correct all deficiencies in your subpoena before reserving.

Finally, if you are seeking early or pre-action discovery, please provide a court order authorizing such discovery.

Sincerely,
Meta Platforms, Inc.

NOTICE: This email (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. Unless you are the intended recipient, you may not use, copy, or retransmit the email or its contents.

3 of 3

# **EXHIBIT M**

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
*jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Respondent RYAN MURPHY

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>VXN GROUP LLC, a Delaware limited liability company; STRIKE 3 HOLDINGS, LLC, a Delaware limited liability company; GENERAL MEDIA SYSTEMS, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.: 2:23-cv-04901-WLH (AGRx)<br><br>[*Assigned to the Hon. Wesley L. Hsu*]<br><br>**RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), including FRCP Rules 26 and 34, Respondent RYAN MURPHY ("Respondent") responds as follows to Defendants' May 24, 2024 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

**REQUEST NO. 1**

Produce all COMMUNICATIONS between YOU and any PERSON regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 1:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

///

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

## REQUEST NO. 2

Produce all COMMUNICATIONS between YOU and VISION RELATING

TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 2:**

Respondent objects to this request. Respondent objects to this request as it Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege.

Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

**REQUEST NO. 3**

Produce all COMMUNICATIONS between YOU and ROCK RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

**RESPONSE TO REQUEST NO. 3:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. Respondent did not communicate with ROCK regarding Plaintiff's engagements with Defendants.

**REQUEST NO. 4**

Produce all COMMUNICATIONS between YOU and SUPRO RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

**RESPONSE TO REQUEST NO. 4:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in

possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. Respondent did not communicate with SUPRO regarding Plaintiff's engagements with Defendants.

**REQUEST NO. 5**

Produce all COMMUNICATIONS between YOU and APPLEBAUM RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE TO REQUEST NO. 5:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery

which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. Respondent did not communicate with APPLEBAUM regarding Plaintiff's engagements with Defendants.

**REQUEST NO. 6**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE TO REQUEST NO. 6:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

1  back to factory settings and returned to AT&T and Respondent is no longer in
2  possession of responsive communications.

3  **REQUEST NO. 7**

4      Produce all COMMUNICATIONS between YOU and VISION RELATING
5  TO THIS MATTER.

6  **RESPONSE TO REQUEST NO. 7:**

7      Respondent objects to this request. Respondent objects to this request as it
8  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
9  probative value this information may provide to Defendants. Respondent objects to
10 this request to the extent it seeks privileged work product. Respondent objects to this
11 request to the extent it seeks information that is protected by attorney-client privilege.
12 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
13 time and/or scope. Respondent objects to this request as it is overbroad and is not
14 proportionate to the needs of the case. Respondent objects to this response as the
15 burden or expense in the production of these documents far outweighs the likely
16 benefit this document provides. This request is irrelevant as to Phase I discovery
17 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
18 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
19 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
20 objects to this request as all of the information requested is not reasonably accessible
21 to him because of undue burden or cost.

22      Notwithstanding said objections, Respondent states as follows: Respondent
23 cannot produce any requested documentation as he is either no longer personally in
24 possession of the requested documentation or has never been in possession of the
25 requested documents.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

27      Respondent objects to this request. Respondent objects to this request as it
28 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

**REQUEST NO. 8**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 8:**

Respondent objects to this request. Respondent objects to this request as it

13

breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely

benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.

**REQUEST NO. 9**

Produce all COMMUNICATIONS between YOU and ANY PERSON RELATING TO THIS MATTER.

**RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.

**REQUEST NO. 10**

Produce all DOCUMENTS RELATING TO YOUR contractual relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for Plaintiff, and any agreement providing for commissions payable to YOU in connection with PLAINTIFF.

16

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

**RESPONSE TO REQUEST NO. 10:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

17

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to documents responsive to this request as Respondent no longer works for Motley Models. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails or files.

## REQUEST NO. 11

Produce all DOCUMENTS RELATING TO any commissions payable to YOU in connection with PLAINTIFF's ENGAGEMENTS with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

## RESPONSE TO REQUEST NO. 11:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the

burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent

1  cannot produce any requested documentation as the documents do not exist.

2  **REQUEST NO. 12**

3      Produce all DOCUMENTS RELATING TO any payments between
4  PLAINTIFF and YOU in connection with DEFENDANTS, INCLUDING any
5  negotiable instruments (e.g., check), invoices, tax forms, or accounting statements
6  reflecting such payments.

7  **RESPONSE TO REQUEST NO. 12:**

8      Respondent objects to this request. Respondent objects to this request as it
9  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
10 probative value this information may provide to Defendants. Respondent objects to
11 this request to the extent it seeks privileged work product. Respondent objects to this
12 request to the extent it seeks information that is protected by attorney-client privilege.
13 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
14 time and/or scope. Respondent objects to this request as it is overbroad and is not
15 proportionate to the needs of the case. Respondent objects to this response as the
16 burden or expense in the production of these documents far outweighs the likely
17 benefit this document provides. This request is irrelevant as to Phase I discovery
18 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
19 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
20 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
21 objects to this request as all of the information requested is not reasonably accessible
22 to him because of undue burden or cost.

23     Notwithstanding said objections, Respondent states as follows: Respondent
24 cannot produce any requested documentation as he is either no longer personally in
25 possession of the requested documentation or has never been in possession of the
26 requested documents.

27 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

28     Respondent objects to this request. Respondent objects to this request as it

20

breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist.

**REQUEST NO. 13**

Produce all DOCUMENTS RELATING TO any payments between LOAN OUT COMPANIES and YOU in connection with DEFENDANTS, INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or accounting statements reflecting such payments.

**RESPONSE TO REQUEST NO. 13:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist.

**REQUEST NO. 14**

Produce all COMMUNICATIONS between YOU and Plaintiff relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE TO REQUEST NO. 14:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent

cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist.

**REQUEST NO. 15**

Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to PLAINTIFF's status as an independent contractor or employee in connection with any PERSON.

**RESPONSE TO REQUEST NO. 15:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1  time and/or scope. Respondent objects to this request as it is overbroad and is not

2  proportionate to the needs of the case. Respondent objects to this response as the

3  burden or expense in the production of these documents far outweighs the likely

4  benefit this document provides. This request is irrelevant as to Phase I discovery

5  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8  objects to this request as all of the information requested is not reasonably accessible

9  to him because of undue burden or cost.

10      Notwithstanding said objections, Respondent states as follows: Respondent

11  cannot produce any requested documentation as the documents do not exist.

12  **REQUEST NO. 16**

13      Produce all DOCUMENTS that reference PLAINTIFF'S LOAN OUT

14  COMPANIES, INCLUDING contracts, agreements, correspondence, invoices,

15  payment records, and financial statements related to any services provided by

16  PLAINTIFF through her LOAN OUT COMPANIES.

17  **RESPONSE TO REQUEST NO. 16:**

18      Respondent objects to this request. Respondent objects to this request as it

19  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

20  probative value this information may provide to Defendants. Respondent objects to

21  this request to the extent it seeks privileged work product. Respondent objects to this

22  request to the extent it seeks information that is protected by attorney-client privilege.

23  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

24  time and/or scope. Respondent objects to this request as it is overbroad and is not

25  proportionate to the needs of the case. Respondent objects to this response as the

26  burden or expense in the production of these documents far outweighs the likely

27  benefit this document provides. This request is irrelevant as to Phase I discovery

28  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

1  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

2  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

3  objects to this request as all of the information requested is not reasonably accessible

4  to him because of undue burden or cost.

5      Notwithstanding said objections, Respondent states as follows: Respondent

6  cannot produce any requested documentation as he is either no longer personally in

7  possession of the requested documentation or has never been in possession of the

8  requested documents.

9  ///

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

11      Respondent objects to this request. Respondent objects to this request as it

12  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

13  probative value this information may provide to Defendants. Respondent objects to

14  this request to the extent it seeks privileged work product. Respondent objects to this

15  request to the extent it seeks information that is protected by attorney-client privilege.

16  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

17  time and/or scope. Respondent objects to this request as it is overbroad and is not

18  proportionate to the needs of the case. Respondent objects to this response as the

19  burden or expense in the production of these documents far outweighs the likely

20  benefit this document provides. This request is irrelevant as to Phase I discovery

21  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

22  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

23  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

24  objects to this request as all of the information requested is not reasonably accessible

25  to him because of undue burden or cost.

26      Notwithstanding said objections, Respondent states as follows: Respondent

27  cannot produce any requested documentation as he is no longer personally in

28  possession of the requested documentation. Respondent no longer has access to

documents responsive to this request as communications took place through his work e-mail. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails or files.

**REQUEST NO. 17**

Produce all DOCUMENTS between YOU and MOTLEY relating to PLAINTIFF.

**RESPONSE TO REQUEST NO. 17:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Respondent objects to this request. Respondent objects to this request as it

breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to documents responsive to this request as communications took place through his work e-mail. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails.

**REQUEST NO. 18**

Produce all DOCUMENTS between YOU and MOTLEY relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 18:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

**REQUEST NO. 19**

Produce all COMMUNICATIONS between YOU and MOTLEY relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE TO REQUEST NO. 19:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery

which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

1  to him because of undue burden or cost.

2      Notwithstanding said objections, Respondent states as follows: Respondent

3  cannot produce any requested documentation as he is no longer personally in

4  possession of the requested documentation. Respondent no longer has access to

5  documents responsive to this request as communications took place through his work

6  e-mail. Since the end of his employment with Motley Models, Respondent has not

7  had access to his work e-mails.

8  **REQUEST NO. 20**

9      Produce all COMMUNICATIONS between YOU and ROCK relating to

10 PLAINTIFF's status as an independent contractor or employee in connection with

11 DEFENDANTS.

12 **RESPONSE TO REQUEST NO. 20:**

13     Respondent objects to this request. Respondent objects to this request as it

14 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

15 probative value this information may provide to Defendants. Respondent objects to

16 this request to the extent it seeks privileged work product. Respondent objects to this

17 request to the extent it seeks information that is protected by attorney-client privilege.

18 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

19 time and/or scope. Respondent objects to this request as it is overbroad and is not

20 proportionate to the needs of the case. Respondent objects to this response as the

21 burden or expense in the production of these documents far outweighs the likely

22 benefit this document provides. This request is irrelevant as to Phase I discovery

23 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

24 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

25 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

26 objects to this request as all of the information requested is not reasonably accessible

27 to him because of undue burden or cost. Respondent objects to this request as this

28 request asks for the improper disclosure of expert testimony. Respondent objects to

this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. Respondent did not communicate with ROCK regarding Plaintiff's engagements with Defendants.

## REQUEST NO. 21

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

Produce all COMMUNICATIONS between YOU and VISION relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE TO REQUEST NO. 21:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist.

**REQUEST NO. 22**

Produce all COMMUNICATIONS between YOU and VISION relating to the statement posted on your Instagram story on January 24, 2024 where VISION said to you "Don't worry, you don't fuck me, I won't fuck you."

**RESPONSE TO REQUEST NO. 22:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in

time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

1   to him because of undue burden or cost.

2   Notwithstanding said objections, Respondent states as follows: Respondent

3   cannot produce any requested documentation as he is no longer personally in

4   possession of the requested documentation. Respondent no longer has access to

5   communications responsive to this request as communications took place through his

6   personal cell phone. In March 2024, Respondent traded in his personal cell phone to

7   AT&T. As part of the trade-in process, Respondent's cell phone was reset back to

8   factory settings and returned to AT&T and Respondent is no longer in possession of

9   responsive communications.

10  **REQUEST NO. 23**

11  Produce all COMMUNICATIONS relating to "Vixen [sic]suspicions were

12  correct that Motley had something to do with [THIS MATTER] as Sid Visions was

13  the man who introduced Kenzie to her lawyer and bragged about how he convinced

14  her to do this" as stated in your January 24, 2024 Instagram story.

15  **RESPONSE TO REQUEST NO. 23:**

16  Respondent objects to this request. Respondent objects to this request as it

17  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

18  probative value this information may provide to Defendants. Respondent objects to

19  this request to the extent it seeks privileged work product. Respondent objects to this

20  request to the extent it seeks information that is protected by attorney-client privilege.

21  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

22  time and/or scope. Respondent objects to this request as it is overbroad and is not

23  proportionate to the needs of the case. Respondent objects to this response as the

24  burden or expense in the production of these documents far outweighs the likely

25  benefit this document provides. This request is irrelevant as to Phase I discovery

26  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

27  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

28  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

///

**REQUEST NO. 24**

Produce all COMMUNICATIONS relating to "Sid [sic] biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and Interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of [sic] it was a rumor or fact and try to use that against everyone which many of you may have been victim of" as stated in your January 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 24:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the

requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

## REQUEST NO. 25

Produce all COMMUNICATIONS indicating VISION had a personal vendetta against DEFENDANTS, as stated in your January 24, 2024 Instagram story.

## RESPONSE TO REQUEST NO. 25:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery

which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 26**

Produce all COMMUNICATIONS indicating VISION and SUMMER "have a long history of shadiness" as stated in your January, 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 26:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 27**

Produce all COMMUNICATIONS relating to "when Porn Crush first launched

44

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September. Since then I've heard rumors he may actually own the site. I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him" as stated in your January, 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 27:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 28**

Produce all COMMUNICATIONS relating to VISION'S character issues.

**RESPONSE TO REQUEST NO. 28:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 29**

Produce all COMMUNICATIONS between YOU and KING relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 29:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

///

48
RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 30**

Produce all COMMUNICATIONS between YOU and SUMMER relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 30:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 31**

Produce all COMMUNICATIONS between YOU and BLF relating to DEFENDANTS.

**RESPONSE TO REQUEST NO. 31:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in

51

possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 32**

In native format, produce all data for the INSTAGRAM ACCOUNT. Data for the INSTAGRAM ACCOUNT can be obtained by using the instructions under the header "Downloading a copy of your information on Instagram" at:https://help.instagram.com/181231772500920.Please produce this information in HTML format.

**RESPONSE TO REQUEST NO. 32:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**REQUEST NO. 33**

Produce all COMMUNICATIONS between YOU and VISION relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 33:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 34**

Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 34:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely

benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In

searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 35**

Produce all COMMUNICATIONS between YOU and ROCK relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 35:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 36**

Produce all COMMUNICATIONS between YOU and SUMMER relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 36:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 37**

Produce all COMMUNICATIONS between YOU and SUPRO relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 37:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 38**

Produce all COMMUNICATIONS between YOU and PERFORMERS FIRST AGENCY relating to any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

**RESPONSE TO REQUEST NO. 38:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

60

RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

**REQUEST NO. 39**

Produce all DOCUMENTS RELATING TO any payment of money or other consideration to YOU from any PERSON in connection with the editing, removal, relocation, archiving, or deletion of any post on the INSTAGRAM ACCOUNT.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**RESPONSE TO REQUEST NO. 39:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not

proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

Dated: July 17, 2024                    BIBIYAN LAW GROUP, P.C.


By:       /s/ Sarah H. Cohen
          DAVID D. BIBIYAN
          JEFFREY D. KLEIN
          SARAH H. COHEN
          RAFAEL YEDOYAN
          Attorneys for RESPONDENT RYAN
          MURPHY



8484 Wilshire Blvd., Suite 500
Beverly Hills, California, 90211
310.438.5555 T
310.300.1705 F
www.employmentlawyerla.com

May 29, 2024

**VIA U.S. MAIL**

Ryan Gerona Murphy;
3908 Camryn Holly St.
Las Vegas, NV 89129

Re:    *Mackenzie Anne Thoma v. VXN Group LLC, et al.*
       Central District of California, Case No. 2:23-CV-04901-WLH

Dear Mr. Murphy:

Please be advised that our firm, Bibiyan Law Group, P.C., represents Plaintiff Mackenzie Anne Thoma ("Plaintiff") in the above-referenced action.  It is our understanding that VXN Group LLC ("Defendant") has subpoenaed documents from your company subject to privacy interests of Plaintiff and a third party arising under the United States Constitution and the California Constitution.  Please note that counsel for Plaintiff intends to file a Motion to Quash to prevent their disclosure.

Under Code of Civil Procedure Section 1987.1 and Federal Rules of Civil Procedure Rule 45, when a Motion to Quash has been filed, the custodian of records and the deposition officer are prevented from producing records until the court orders their production.  Disobedience (*i.e.*, producing records prior to the resolution of this issue) may be punishable by civil liability and court sanctions, including, in some instances, contempt of court.

The custodian of records must thus comply with its legal obligation not to release the requested records until the Court rules on Plaintiff's Motion to Quash, or the parties issue a joint statement regarding if and to what extent to comply with the subpoena.

Best regards.

                          Very truly yours,

                          BIBIYAN LAW GROUP, P.C.

                          */s/ Sarah H. Cohen*
                          Sarah H. Cohen

cc: Brad Krane, bkane@kanelaw.la; Trey Brown, trey.brown@vixenmediagroup.com;
 tb@dorado.law, Counsel for Defendants; (via e-mail only).

MURPHY0001

**22**
Nov

Apperently legal notices and letters can't be sent to new owners of a company when The Secretary of State Office can't identify any

**23**
Jan

There are some things I am going to say today...

Let's start with the personal stuff.

Sid Visions and PFA owe me 18k...

In September when I was let go after the supposed sale of the agency, Sid Visions and Kristen Kaye got on the phone with me. I was told by Sid that I was going to be kept on the payroll until things die down due to the false accounts about me and if I'm being honest, flat out lies.

Sid offered to put something in writing so I knew he wasn't going to screw me. As soon as I got off the phone I texted Sid with a proposal of payment which he said was doable...

I was told by Sid that since it was a Friday that the lawyers will have something written up by Monday realistically. When Monday came and went with nothing in my inbox I questioned Sid about it. I was told by him "Don't worry, you don't fuck me, I won't fuck you"

I did recieve a payment that week and was told by Sid, "See, I'm a man of my word"

That was the only payment that I recieved...

Sid and Charly have a long history of shadiness which many in the industry have already knew (I will share more details on that later on today) so I knew I wasn't going to be brought back but since him as the self proclaimed CEO of this new agency offering what I took as a severance payment, I desperately needed

I have a family and a son starting college and those close to me in this industry knew that I was only working to support them

This started a long downward serial for me not just financially but my mental health. Many people that have been close to me knows how much I was an advocate of mental health and the biggest reason is because I suffer from mental illness myself. With the false statements made about me, the death threats I was receiving and hitting rock bottom with my finances all the progress that achieved over the years to maintain my mental health was destroyed to the point I made a failed attempted on my life

I never came into this industry because I wanted to take physical advantage of Talent like some agents and that's why I was never inappropriate with any if you. Where I knew there was lines and boundaries and wouldn't ever dare to cross those. I found an opportunity to give my family a better life then we had before and for a small moment, I did. I also wanted to try to protect you from predators that were always lurking and shit shooters who wanted to disvalue your brand for your profit. When it all fell apart, I felt I failed in both

For those who danced on the grave of my career almost had the opportunity to do it for real. But I'm glad I'm still here because my kids do need me and I do have more to offer this world and I'm doing my damn hardest to get my life back on track and I will continue to do so for the three most important people in my life. The rest of the day I will expose the true nature of who PFA is really ran by and their history in this industry.

Next up, Sid Visions and Charly Summers...

One of the main issues

Sid biggest issue with Vixen





Sid Visions lies and manipulation ripped everything from me but I shouldn't be surprised, this is what he is known for. This is the man who him and Dave used to send Charly out to hang out with girls in order to gain intel on them or others in the industry including their agents so it won't be a shock to anyone that he is involved in the Porn Crush website

One of the main issues between Vixen and Motley was the class action labor lawsuit filed by Kenzie Anne. Vixen suspicions were correct that Motley had something to do with it as Sid Visions was the man who introduced Kenzie to her lawyer and bragged about how he convinced her to do this. Now he and PFA wants to try and play nice with them again is extremely hypocritical. But that's not all with Sid attempting to disparage VMG and other companies...

Sid biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of it was a rumor or fact and try to use that against everyone which many of you may have been victim of.

**24 Jan**

...confessed to me in September that he knew the rumored videos that Dave was taking were true and he knew all the way back in May and that's the reason why Charly wanted taken off the site. I live in Las Vegas and only step foot in the "Motley Manor" maybe 4 times total in a year and everyone who knows me knows that my time there is short and I go straight back home so honestly, I had no clue what Dave was doing or doing to others behind closed doors...

Maybe it was because he knew that my morals never truly aligned with him and he attempted to pull the vail over my eyes for that reason or he his personal life was so fucked up that he only allowed Sid to know since possibly they are on the same wave length when it comes to the dark side of things??? That unfortunately is an answer we will never know,but what I do know is, if Sid was so offend about what Dave was possibly doing, then why would he continue to work with him and be at his house at almost a daily basis? If Sid truly knew about Dave's dark side then he is the one who is complicit in Dave Rock's actions. 

I believe Sid and Charly came into this industry in hopes that they would want to bring a hostile takeover not just of Motley but of the whole industry. Sid always talks about how he would want to buy out other agencies starting with Hussie and already mentioned his personal vendetta against Vixen in his hopes to one day own it. Both Sid and Charly used a lot of people's trust only to stab them in the back when the time was right. Dave bought into this and if the rumors are true, they are still best buddies to this day.

Motley Models is still in existence just using PFA as a new name without having it has a DBA under their license. There is no bill of sale in public records that the agency was ever sold. There is no evidence of new ownership so who owns it? From all legal standpoints it is still Dave. People aren't stupid so why are they continuing this ruse???

**25 Jan**

When Porn Crush first launched Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September. Since then I've heard rumors he may actually own the site. I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him

**The irony of Sid rebranding Motley Models into the name Performer's First is that Sid is never about any Performer with the exception of his wife Charley. Sid refused to let any model out of their contract after the fake sale of Motley Models. He eventually caved to the pressure of one of his employees to do so but prior to he was ready to fire off threats using Dave Rock's lawyer Richard Freeman** 

**26**  



The crazy thing and where the red flags came up for me was if the company was sold and there are new owners, then why are the contracts valid? And why is Sid using Dave's lawyer name in an attempt to possibly go after these models that were willing to fight Twice Baked Media Dba Motley Models on their possible invalid contracts?

**26 Jan** — Dave bought the Manor with the help of Sid's money, it soon became clear and evident that I was only working to maintain Dave's lifestyle. With Dave and Sid working together my job became more difficult especially after Dan left and he fired all the help I had, I was doing everything on my own booking 60+ models without incentives and for the work I was doing, being completely underpaid…

In the beginning of last year, Dave and Sid cut my salary by 25% just because Dave couldn't financially be Dave Rock anymore. He was still acting like Hugh Hefner and only caring about his brand while I was the only one working on the front line making it more difficult to take care of my family. I wasn't out there flexing at events and parties or trying to living in a mansion. I was only living a modest life in a very modest house driving an average car while Dave flossed around LA.

Many of you may have been hounded and harassed to give Dave money for many of his and Sid's grifts. Whether it be for parties that would only benefit Dave or for his house or many other numerous things he beg for that was honestly just an opportunity for him to keep up with this Brand he wanted to create for himself instead of the agency that I helped build.

Dave was Jekyll and Hyde a lot with me. Acting like he cared and my opinion matter and other times mostly during end of 2022 and 2023 tore me down. He held my job over my head, gaslit me and would make threats in regards to my career. I pleaded with Sid that they needed to take account of my mental health but dealing with two narcissists, it feel on deaf ears.

**27 Jan** — Sid and Charly make an attempt to use my words against and to belittle my struggles with mental illness as they have done to many in the past including mocking those who want to get help and save their own lives be telling people they are locked away in the looney bin. They have no empathy towards others and will fake like they do until it's time to betray you.

I almost made a choice that would have destroyed the closest people in my life and it's something that I can never forgive myself for but I here now and will always be there for them. There is help, there are people who care even when it seems the whole world is against you. Sometimes all it takes is a phone call. Do not others toxic behavior tear you down. There is always hope…

There is so much more I can say to fill a book or better yet a screenplay but I will go back to my regular IG nonsense after today. I wanted to thank those that have reached out and to those that have listened. It's been a struggle over the last four months but I'm picking up the pieces and moving on. Maybe I can use this opportunity to find fulfillment in a different industry or maybe I attempt to repair the burnt bridges and do my own thing in this one the way that I always wanted to do it??? You never know as the door is wide open now.

988

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

On July 17, 2024, I served the following document(s) described as: **RESPONDENT RYAN MURPHY'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

The above document(s) were served on the interested parties in this action as follows: *BY ELECTRONIC MAIL: I am readily familiar with our office's practice of electronic mail transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.*

Brad S. Kane
Kane Law Firm
1154 S Crescent Heights Blvd.,
Los Angeles, Ca 90035
Office: 323-937-3291
bkane@kanelaw.la

Christian Waugh
Waugh PLLC
201 E. Pine St., Suite 315
Orlando, FL 32801
cwaugh@waugh.legal
Attorneys for Defendant, Vixen Media Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2024 at Los Angeles, California.

*/s/ Nadia Rodriguez*
Nadia Rodriguez

# **EXHIBIT N**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)


MACKENZIE ANNE THOMA,        ) CASE NO: 2:23-cv-04901-WLH-AGRx
                             )
            Plaintiff,       )            CIVIL
                             )
      vs.                    )      Los Angeles, California
                             )
VXN GROUP, LLC, ET AL,       )      Friday, July 19, 2024
                             )
            Defendants.      )      (9:32 a.m. to 9:52 a.m.)


VIDEO DISCOVERY CONFERENCE

BEFORE THE HONORABLE ALICIA G. ROSENBERG,
UNITED STATES MAGISTRATE JUDGE



<u>APPEARANCES</u>:              SEE PAGE 2


Court Reporter:          Recorded; CourtSmart


Courtroom Deputy:        K. Lozada


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


**Proceedings recorded by electronic sound recording;
transcript produced by transcription service.**

3

1      **Los Angeles, California; Friday, July 19, 2024; 9:32 a.m.**

2                              **(Call to Order)**

3              **THE CLERK:**  Calling Item Number 1, Case Number

4      CV-23-4901-WLH-AGR; *Mackenzie Anne Thoma versus VXN Group, LLC,*

5      *et al.*

6              Counsel, please state your appearances for the

7      record.

8              **MS. COHEN:**  Good morning, Your Honor.  Sarah Cohen

9      appearing on behalf of Plaintiff.

10             **MR. KANE:**  Good morning, Your Honor.  Brad Kane

11     appearing on behalf of Defendants.

12             **MR. BROWN:**  Good morning, Your Honor.  Trey Brown on

13     behalf of Defendants.

14             **THE COURT:**  Okay.  So about the issues for today,

15     first has to do -- I guess the first issue had to do with the

16     verification.  So Mr. Murphy is a third party.  Why is there an

17     issue about verification here?

18             **MR. KANE:**  Your Honor, we're in a situation now where

19     we are the second attempt to get documents.  The first attempt,

20     no documents.  We said, hey, wait a second, Defendants have a

21     document.  They then find the document.  We told them that they

22     had and that they had known possession to Plaintiff's counsel.

23     And a few more from their Instagram and now they're able to

24     access it.

25             Well, I know there's more documents.  I have in

**EXCEPTIONAL REPORTING SERVICES, INC**

4

1  possession at least one of them which I will be using in my

2  examination on Monday but it clearly indicates that the search

3  was not thorough, nor was this taken seriously.

4          **THE COURT:**  I guess the issue is I don't see any

5  provision in Rule 45 that requires a verification from a third

6  party.  So isn't this an issue that you address at the

7  deposition?  I guess my question -- you know I realize this is

8  coming up at the last minute for me this morning but does

9  anyone have any authority on a requirement for a verification

10  from a third party under Rule 45?

11          **MR. KANE:**  Well, Your Honor --

12          **MS. COHEN:**  (inaudible).

13          **MR. KANE:**  -- I have a case that I found that the

14  Court can order this.  V5 Technologies v. Switch Limited,

15  33 2d. F.R.D. 356 at 366 through 67, District of Nevada 2019.

16  And in that case, Your Honor, it was a third-party deponent who

17  was ordered to verify this.

18          Now, you know, this is a unique situation which kind

19  of bleeds into the second issue which is that Ms. Cohen checked

20  her own Instagram archive, downloaded it and said it was too

21  much material.  They didn't even download his and decided we're

22  not going to produce him.  And that is, again, not really the

23  spirit or intent of what we discussed and you know --

24          **THE COURT:**  This is in Number 32?  So that that's --

25  let's go to that second issue because I haven't looked at this

11

1    deposition.

2          I'm happy to email directly to Your Honor the

3    document that I'm referring to because it clearly comes within

4    the scope of what we've asked for and she's just told us, oh,

5    there's other email now from people or other direct messages

6    and Instagram relating to the posts but we didn't bother

7    producing them --

8          **THE COURT:**  Well she didn't say they didn't bother.

9    She saying it's not responsive to --

10         **MS. COHEN:**  They're not --

11         **THE COURT:**  -- (inaudible) request.

12         **MS. COHEN:**  They're not responsive.  Most of this

13   post it's about Ryan Murphy's separate employment issue with

14   his former employer, Your Honor.  Nothing to do with

15   determining independent contractor.  This is harassment, Your

16   Honor.  We shouldn't be here.

17         **THE COURT:**  Well but you know, we don't need to

18   reargue it.  I'm just saying --

19      **(Voices overlap)**

20         **MS. COHEN:**  Yeah.  We shouldn't be here.

21         **THE COURT:**  -- (inaudible) is not that Plaintiff's

22   counsel hasn't bothered to look.  The dispute is over whether

23   the document you have is responsive to the doc -- to the -- you

24   know, the document request in the subpoena relevant to this

25   Instagram story.  So that's --

**EXCEPTIONAL REPORTING SERVICES, INC**

20

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **July 27, 2024**

          **Signed**                                          **Dated**



                    *TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**

# **EXHIBIT O**

1  **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
2  *david@tomorrowlaw.com*
Jeffrey D. Klein (SBN 297296)
3  *jeff@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
4  *sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
5  *rafael@tomorrowlaw.com*
1460 Westwood Blvd.
6  Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705
7
Attorneys for Respondent RYAN MURPHY

8

9            **IN THE UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MACKENZIE ANNE THOMA, a.k.a.        CASE NO.: 2:23-cv-04901-WLH
KENZIE ANNE, an individual and on behalf   (AGRx)
13  of all others similarly situated,

14            Plaintiff,                 [*Assigned to the Hon. Wesley L. Hsu*]

15        v.
**RESPONDENT RYAN MURPHY'S**
16  VXN GROUP LLC, a Delaware limited   **SECOND SUPPLEMENTAL**
liability company; STRIKE 3 HOLDINGS,   **RESPONSES TO DEFENDANTS'**
17  LLC, a Delaware limited liability company;   **SUBPOENA TO PRODUCE**
GENERAL MEDIA SYSTEMS, LLC, a   **DOCUMENTS, INFORMATION, OR**
18  Delaware limited liability company; MIKE   **OBJECTS**
MILLER, an individual; and DOES 1   **OR TO PERMIT INSPECTION OF**
19  through 100, inclusive,             **PREMISES IN A CIVIL ACTION**

20            Defendants.

21

22

23

24

25

26

27

28
                                   1
                RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1    Pursuant to the Federal Rules of Civil Procedure ("FRCP"), including FRCP

2    Rules 26 and 34, Respondent RYAN MURPHY ("Respondent") responds as follows

3    to Defendants' May 24, 2024 Subpoena to Produce Documents, Information, or

4    Objects or to Permit Inspection of Premises in a Civil Action.

5    **REQUEST NO. 1**

6    Produce all COMMUNICATIONS between YOU and any PERSON

7    regarding PLAINTIFF's ENGAGEMENTS with DEFENDANTS

8    **RESPONSE TO REQUEST NO. 1:**

9    Respondent objects to this request. Respondent objects to this request as it

10   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

11   probative value this information may provide to Defendants. Respondent objects to

12   this request to the extent it seeks privileged work product. Respondent objects to this

13   request to the extent it seeks information that is protected by attorney-client privilege.

14   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

15   time and/or scope. Respondent objects to this request as it is overbroad and is not

16   proportionate to the needs of the case. Respondent objects to this response as the

17   burden or expense in the production of these documents far outweighs the likely

18   benefit this document provides. This request is irrelevant as to Phase I discovery

19   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

20   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

21   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

22   objects to this request as all of the information requested is not reasonably accessible

23   to him because of undue burden or cost.

24   Notwithstanding said objections, Respondent states as follows: Respondent

25   cannot produce any requested documentation as he is either no longer personally in

26   possession of the requested documentation or has never been in possession of the

27   requested documents.

28   ///

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is no longer personally in possession of the requested documentation. Respondent no longer has access to communications responsive to this request as communications took place through his work e-mail or his personal cell phone. Since the end of his employment with Motley Models, Respondent has not had access to his work e-mails and thus no access to communications. Furthermore, in March 2024, Respondent traded in his personal cell phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset back to factory settings and returned to AT&T and Respondent is no longer in possession of responsive communications.

### SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:

Respondent objects to this request. Respondent objects to this request as it

1  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

2  probative value this information may provide to Defendants. Respondent objects to

3  this request to the extent it seeks privileged work product. Respondent objects to this

4  request to the extent it seeks information that is protected by attorney-client privilege.

5  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

6  time and/or scope. Respondent objects to this request as it is overbroad and is not

7  proportionate to the needs of the case. Respondent objects to this response as the

8  burden or expense in the production of these documents far outweighs the likely

9  benefit this document provides. This request is irrelevant as to Phase I discovery

10  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

11  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

12  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

13  objects to this request as all of the information requested is not reasonably accessible

14  to him because of undue burden or cost.

15      Notwithstanding said objections, Respondent states as follows: Respondent

16  cannot produce any requested documentation as he is not in possession, custody, or

17  control of responsive documents. Respondent no longer has access to

18  communications responsive to this request as communications took place through his

19  work e-mail or his personal cell phone. Since the end of his employment with Motley

20  Models, Respondent has not had access to his work e-mails and thus no access to

21  communications. Furthermore, in March 2024, Respondent traded in his personal cell

22  phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

23  back to factory settings and returned to AT&T and Respondent is no longer in

24  possession of responsive communications. In searching for responsive documents,

25  Respondent accessed and searched his Instagram account archive, text messages on

26  his personal cell phone, personal e-mails, and cloud storage.

27  ///

28  ///

4
RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  **REQUEST NO. 2**

2      Produce all COMMUNICATIONS between YOU and VISION RELATING

3  TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

4  **RESPONSE TO REQUEST NO. 2:**

5      Respondent objects to this request. Respondent objects to this request as it

6  Respondent objects to this request. Respondent objects to this request as it breaches

7  his reasonable expectation of privacy, and his privacy rights outweigh the probative

8  value this information may provide to Defendants. Respondent objects to this request

9  to the extent it seeks privileged work product. Respondent objects to this request to

10  the extent it seeks information that is protected by attorney-client privilege.

11  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

12  time and/or scope. Respondent objects to this request as it is overbroad and is not

13  proportionate to the needs of the case. Respondent objects to this response as the

14  burden or expense in the production of these documents far outweighs the likely

15  benefit this document provides. This request is irrelevant as to Phase I discovery

16  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

17  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

18  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

19  objects to this request as all of the information requested is not reasonably accessible

20  to him because of undue burden or cost.

21      Notwithstanding said objections, Respondent states as follows: Respondent

22  cannot produce any requested documentation as he is either no longer personally in

23  possession of the requested documentation or has never been in possession of the

24  requested documents.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

26      Respondent objects to this request. Respondent objects to this request as it

27  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

28  probative value this information may provide to Defendants. Respondent objects to

1  this request to the extent it seeks privileged work product. Respondent objects to this

2  request to the extent it seeks information that is protected by attorney-client privilege.

3  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

4  time and/or scope. Respondent objects to this request as it is overbroad and is not

5  proportionate to the needs of the case. Respondent objects to this response as the

6  burden or expense in the production of these documents far outweighs the likely

7  benefit this document provides. This request is irrelevant as to Phase I discovery

8  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

9  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

10 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

11 objects to this request as all of the information requested is not reasonably accessible

12 to him because of undue burden or cost.

13     Notwithstanding said objections, Respondent states as follows: Respondent

14 cannot produce any requested documentation as he is no longer personally in

15 possession of the requested documentation. Respondent no longer has access to

16 communications responsive to this request as communications took place through his

17 work e-mail or his personal cell phone. Since the end of his employment with Motley

18 Models, Respondent has not had access to his work e-mails and thus no access to

19 communications. Furthermore, in March 2024, Respondent traded in his personal cell

20 phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

21 back to factory settings and returned to AT&T and Respondent is no longer in

22 possession of responsive communications.

23 **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:</u>**

24     Respondent objects to this request. Respondent objects to this request as it

25 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

26 probative value this information may provide to Defendants. Respondent objects to

27 this request to the extent it seeks privileged work product. Respondent objects to this

28 request to the extent it seeks information that is protected by attorney-client privilege.

1 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
2 time and/or scope. Respondent objects to this request as it is overbroad and is not
3 proportionate to the needs of the case. Respondent objects to this response as the
4 burden or expense in the production of these documents far outweighs the likely
5 benefit this document provides. This request is irrelevant as to Phase I discovery
6 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
7 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
8 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
9 objects to this request as all of the information requested is not reasonably accessible
10 to him because of undue burden or cost.

11    Notwithstanding said objections, Respondent states as follows: Respondent
12 cannot produce any requested documentation as he is no longer in possession,
13 custody, or control of responsive documents. Respondent no longer has access to
14 communications responsive to this request as communications took place through his
15 work e-mail or his personal cell phone. Since the end of his employment with Motley
16 Models, Respondent has not had access to his work e-mails and thus no access to
17 communications. Furthermore, in March 2024, Respondent traded in his personal cell
18 phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset
19 back to factory settings and returned to AT&T and Respondent is no longer in
20 possession of responsive communications. In searching for responsive documents,
21 Respondent accessed and searched his Instagram account archive, text messages on
22 his personal cell phone, personal e-mails, and cloud storage.

23 **REQUEST NO. 3**

24    Produce all COMMUNICATIONS between YOU and ROCK RELATING
25 TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS

26 **RESPONSE TO REQUEST NO. 3:**

27    Respondent objects to this request. Respondent objects to this request as it
28 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1    probative value this information may provide to Defendants. Respondent objects to

2    this request to the extent it seeks privileged work product. Respondent objects to this

3    request to the extent it seeks information that is protected by attorney-client privilege.

4    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

5    time and/or scope. Respondent objects to this request as it is overbroad and is not

6    proportionate to the needs of the case. Respondent objects to this response as the

7    burden or expense in the production of these documents far outweighs the likely

8    benefit this document provides. This request is irrelevant as to Phase I discovery

9    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

10    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

11    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

12    objects to this request as all of the information requested is not reasonably accessible

13    to him because of undue burden or cost.

14        Notwithstanding said objections, Respondent states as follows: Respondent

15    cannot produce any requested documentation as he is either no longer personally in

16    possession of the requested documentation or has never been in possession of the

17    requested documents.

18    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

19        Respondent objects to this request. Respondent objects to this request as it

20    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

21    probative value this information may provide to Defendants. Respondent objects to

22    this request to the extent it seeks privileged work product. Respondent objects to this

23    request to the extent it seeks information that is protected by attorney-client privilege.

24    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

25    time and/or scope. Respondent objects to this request as it is overbroad and is not

26    proportionate to the needs of the case. Respondent objects to this response as the

27    burden or expense in the production of these documents far outweighs the likely

28    benefit this document provides. This request is irrelevant as to Phase I discovery

1    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

2    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

3    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

4    objects to this request as all of the information requested is not reasonably accessible

5    to him because of undue burden or cost.

6       Notwithstanding said objections, Respondent states as follows: Respondent

7    cannot produce any requested documentation as the documents do not exist.

8    Respondent did not communicate with ROCK regarding Plaintiff's engagements with

9    Defendants.

10   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

11       Respondent objects to this request. Respondent objects to this request as it

12    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

13    probative value this information may provide to Defendants. Respondent objects to

14    this request to the extent it seeks privileged work product. Respondent objects to this

15    request to the extent it seeks information that is protected by attorney-client privilege.

16    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

17    time and/or scope. Respondent objects to this request as it is overbroad and is not

18    proportionate to the needs of the case. Respondent objects to this response as the

19    burden or expense in the production of these documents far outweighs the likely

20    benefit this document provides. This request is irrelevant as to Phase I discovery

21    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

22    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

23    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

24    objects to this request as all of the information requested is not reasonably accessible

25    to him because of undue burden or cost.

26       Notwithstanding said objections, Respondent states as follows: Respondent

27    cannot produce any requested documentation as the documents do not exist.

28    Respondent did not communicate with ROCK regarding Plaintiff's engagements with

1  Defendants. In searching for responsive documents, Respondent accessed and
2  searched his Instagram account archive, text messages on his personal cell phone,
3  personal e-mails, and cloud storage.

4  **REQUEST NO. 4**

5  Produce all COMMUNICATIONS between YOU and SUPRO RELATING
6  TO PLAINTIFF's ENGAGEMENTS with DEFENDANTS.

7  **RESPONSE TO REQUEST NO. 4:**

8  Respondent objects to this request. Respondent objects to this request as it
9  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
10 probative value this information may provide to Defendants. Respondent objects to
11 this request to the extent it seeks privileged work product. Respondent objects to this
12 request to the extent it seeks information that is protected by attorney-client privilege.
13 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
14 time and/or scope. Respondent objects to this request as it is overbroad and is not
15 proportionate to the needs of the case. Respondent objects to this response as the
16 burden or expense in the production of these documents far outweighs the likely
17 benefit this document provides. This request is irrelevant as to Phase I discovery
18 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
19 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
20 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
21 objects to this request as all of the information requested is not reasonably accessible
22 to him because of undue burden or cost.

23 Notwithstanding said objections, Respondent states as follows: Respondent
24 cannot produce any requested documentation as he is either no longer personally in
25 possession of the requested documentation or has never been in possession of the
26 requested documents.

27 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

28 Respondent objects to this request. Respondent objects to this request as it

10

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

2  probative value this information may provide to Defendants. Respondent objects to

3  this request to the extent it seeks privileged work product. Respondent objects to this

4  request to the extent it seeks information that is protected by attorney-client privilege.

5  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

6  time and/or scope. Respondent objects to this request as it is overbroad and is not

7  proportionate to the needs of the case. Respondent objects to this response as the

8  burden or expense in the production of these documents far outweighs the likely

9  benefit this document provides. This request is irrelevant as to Phase I discovery

10 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

11 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

12 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

13 objects to this request as all of the information requested is not reasonably accessible

14 to him because of undue burden or cost.

15     Notwithstanding said objections, Respondent states as follows: Respondent

16 cannot produce any requested documentation as the documents do not exist.

17 Respondent did not communicate with SUPRO regarding Plaintiff's engagements

18 with Defendants.

19 **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:</u>**

20     Respondent objects to this request. Respondent objects to this request as it

21 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

22 probative value this information may provide to Defendants. Respondent objects to

23 this request to the extent it seeks privileged work product. Respondent objects to this

24 request to the extent it seeks information that is protected by attorney-client privilege.

25 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

26 time and/or scope. Respondent objects to this request as it is overbroad and is not

27 proportionate to the needs of the case. Respondent objects to this response as the

28 burden or expense in the production of these documents far outweighs the likely

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  benefit this document provides. This request is irrelevant as to Phase I discovery
2  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
3  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
4  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
5  objects to this request as all of the information requested is not reasonably accessible
6  to him because of undue burden or cost.

7       Notwithstanding said objections, Respondent states as follows: Respondent
8  cannot produce any requested documentation as the documents do not exist.
9  Respondent cannot produce any requested documentation as he is not in possession,
10 custody, or control of responsive documents. Respondent did not communicate with
11 SUPRO regarding Plaintiff's engagements with Defendants. In searching for
12 responsive documents, Respondent accessed and searched his Instagram account
13 archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

14 **REQUEST NO. 5**

15      Produce all COMMUNICATIONS between YOU and APPLEBAUM
16 RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

17 **RESPONSE TO REQUEST NO. 5:**

18      Respondent objects to this request. Respondent objects to this request as it
19 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
20 probative value this information may provide to Defendants. Respondent objects to
21 this request to the extent it seeks privileged work product. Respondent objects to this
22 request to the extent it seeks information that is protected by attorney-client privilege.
23 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
24 time and/or scope. Respondent objects to this request as it is overbroad and is not
25 proportionate to the needs of the case. Respondent objects to this response as the
26 burden or expense in the production of these documents far outweighs the likely
27 benefit this document provides. This request is irrelevant as to Phase I discovery
28 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

1  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

2  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

3  objects to this request as all of the information requested is not reasonably accessible

4  to him because of undue burden or cost.

5      Notwithstanding said objections, Respondent states as follows: Respondent

6  cannot produce any requested documentation as he is either no longer personally in

7  possession of the requested documentation or has never been in possession of the

8  requested documents.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

10     Respondent objects to this request. Respondent objects to this request as it

11  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

12  probative value this information may provide to Defendants. Respondent objects to

13  this request to the extent it seeks privileged work product. Respondent objects to this

14  request to the extent it seeks information that is protected by attorney-client privilege.

15  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

16  time and/or scope. Respondent objects to this request as it is overbroad and is not

17  proportionate to the needs of the case. Respondent objects to this response as the

18  burden or expense in the production of these documents far outweighs the likely

19  benefit this document provides. This request is irrelevant as to Phase I discovery

20  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

21  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

22  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

23  objects to this request as all of the information requested is not reasonably accessible

24  to him because of undue burden or cost.

25     Notwithstanding said objections, Respondent states as follows: Respondent

26  cannot produce any requested documentation as the documents do not exist.

27  Respondent did not communicate with APPLEBAUM regarding Plaintiff's

28  engagements with Defendants.

13
RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist. Respondent cannot produce any requested documentation as he is not in possession, custody, or control of responsive documents. Respondent did not communicate with APPLEBAUM regarding Plaintiff's engagements with Defendants. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 6**

Produce all COMMUNICATIONS between YOU and PLAINTIFF RELATING TO PLAINTIFF's ENGAGEMENTS with DEFENDANT.

**RESPONSE TO REQUEST NO. 6:**

Respondent objects to this request. Respondent objects to this request as it

14

1  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
2  probative value this information may provide to Defendants. Respondent objects to
3  this request to the extent it seeks privileged work product. Respondent objects to this
4  request to the extent it seeks information that is protected by attorney-client privilege.
5  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
6  time and/or scope. Respondent objects to this request as it is overbroad and is not
7  proportionate to the needs of the case. Respondent objects to this response as the
8  burden or expense in the production of these documents far outweighs the likely
9  benefit this document provides. This request is irrelevant as to Phase I discovery
10 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
11 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
12 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
13 objects to this request as all of the information requested is not reasonably accessible
14 to him because of undue burden or cost.

15      Notwithstanding said objections, Respondent states as follows: Respondent
16 cannot produce any requested documentation as he is either no longer personally in
17 possession of the requested documentation or has never been in possession of the
18 requested documents.

19 **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:</u>**

20      Respondent objects to this request. Respondent objects to this request as it
21 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
22 probative value this information may provide to Defendants. Respondent objects to
23 this request to the extent it seeks privileged work product. Respondent objects to this
24 request to the extent it seeks information that is protected by attorney-client privilege.
25 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
26 time and/or scope. Respondent objects to this request as it is overbroad and is not
27 proportionate to the needs of the case. Respondent objects to this response as the
28 burden or expense in the production of these documents far outweighs the likely

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  benefit this document provides. This request is irrelevant as to Phase I discovery
2  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
3  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
4  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
5  objects to this request as all of the information requested is not reasonably accessible
6  to him because of undue burden or cost.

7       Notwithstanding said objections, Respondent states as follows: Respondent
8  cannot produce any requested documentation as he is no longer personally in
9  possession of the requested documentation. Respondent no longer has access to
10  communications responsive to this request as communications took place through his
11  work e-mail or his personal cell phone. Since the end of his employment with Motley
12  Models, Respondent has not had access to his work e-mails and thus no access to
13  communications. Furthermore, in March 2024, Respondent traded in his personal cell
14  phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset
15  back to factory settings and returned to AT&T and Respondent is no longer in
16  possession of responsive communications.

17  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

18       Respondent objects to this request. Respondent objects to this request as it
19  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
20  probative value this information may provide to Defendants. Respondent objects to
21  this request to the extent it seeks privileged work product. Respondent objects to this
22  request to the extent it seeks information that is protected by attorney-client privilege.
23  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
24  time and/or scope. Respondent objects to this request as it is overbroad and is not
25  proportionate to the needs of the case. Respondent objects to this response as the
26  burden or expense in the production of these documents far outweighs the likely
27  benefit this document provides. This request is irrelevant as to Phase I discovery
28  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

1  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

2  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

3  objects to this request as all of the information requested is not reasonably accessible

4  to him because of undue burden or cost.

5      Notwithstanding said objections, Respondent states as follows: Respondent

6  cannot produce any requested documentation as he is not in possession, custody, or

7  control of responsive documents. Respondent no longer has access to

8  communications responsive to this request as communications took place through his

9  work e-mail or his personal cell phone. Since the end of his employment with Motley

10  Models, Respondent has not had access to his work e-mails and thus no access to

11  communications. Furthermore, in March 2024, Respondent traded in his personal cell

12  phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

13  back to factory settings and returned to AT&T. In searching for responsive

14  documents, Respondent accessed and searched his Instagram account archive, text

15  messages on his personal cell phone, personal e-mails, and cloud storage.

16  **REQUEST NO. 7**

17      Produce all COMMUNICATIONS between YOU and VISION RELATING

18  TO THIS MATTER.

19  **RESPONSE TO REQUEST NO. 7:**

20      Respondent objects to this request. Respondent objects to this request as it

21  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

22  probative value this information may provide to Defendants. Respondent objects to

23  this request to the extent it seeks privileged work product. Respondent objects to this

24  request to the extent it seeks information that is protected by attorney-client privilege.

25  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

26  time and/or scope. Respondent objects to this request as it is overbroad and is not

27  proportionate to the needs of the case. Respondent objects to this response as the

28  burden or expense in the production of these documents far outweighs the likely

17

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  benefit this document provides. This request is irrelevant as to Phase I discovery
2  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
3  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
4  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
5  objects to this request as all of the information requested is not reasonably accessible
6  to him because of undue burden or cost.

7      Notwithstanding said objections, Respondent states as follows: Respondent
8  cannot produce any requested documentation as he is either no longer personally in
9  possession of the requested documentation or has never been in possession of the
10  requested documents.

11  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

12      Respondent objects to this request. Respondent objects to this request as it
13  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
14  probative value this information may provide to Defendants. Respondent objects to
15  this request to the extent it seeks privileged work product. Respondent objects to this
16  request to the extent it seeks information that is protected by attorney-client privilege.
17  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
18  time and/or scope. Respondent objects to this request as it is overbroad and is not
19  proportionate to the needs of the case. Respondent objects to this response as the
20  burden or expense in the production of these documents far outweighs the likely
21  benefit this document provides. This request is irrelevant as to Phase I discovery
22  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
23  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
24  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
25  objects to this request as all of the information requested is not reasonably accessible
26  to him because of undue burden or cost.

27      Notwithstanding said objections, Respondent states as follows: Respondent
28  cannot produce any requested documentation as he is no longer personally in

18

1  possession of the requested documentation. Respondent no longer has access to

2  communications responsive to this request as communications took place through his

3  work e-mail or his personal cell phone. Since the end of his employment with Motley

4  Models, Respondent has not had access to his work e-mails and thus no access to

5  communications. Furthermore, in March 2024, Respondent traded in his personal cell

6  phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

7  back to factory settings and returned to AT&T and Respondent is no longer in

8  possession of responsive communications.

9  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

10      Respondent objects to this request. Respondent objects to this request as it

11  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

12  probative value this information may provide to Defendants. Respondent objects to

13  this request to the extent it seeks privileged work product. Respondent objects to this

14  request to the extent it seeks information that is protected by attorney-client privilege.

15  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

16  time and/or scope. Respondent objects to this request as it is overbroad and is not

17  proportionate to the needs of the case. Respondent objects to this response as the

18  burden or expense in the production of these documents far outweighs the likely

19  benefit this document provides. This request is irrelevant as to Phase I discovery

20  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

21  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

22  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

23  objects to this request as all of the information requested is not reasonably accessible

24  to him because of undue burden or cost.

25      Notwithstanding said objections, Respondent states as follows: Respondent

26  cannot produce any requested documentation as he is not in possession, custody, or

27  control of responsive documents. Respondent no longer has access to

28  communications responsive to this request as communications took place through his

1   work e-mail or his personal cell phone. Since the end of his employment with Motley
2   Models, Respondent has not had access to his work e-mails and thus no access to
3   communications. Furthermore, in March 2024, Respondent traded in his personal cell
4   phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset
5   back to factory settings and returned to AT&T. In searching for responsive
6   documents, Respondent accessed and searched his Instagram account archive, text
7   messages on his personal cell phone, personal e-mails, and cloud storage.

8   **REQUEST NO. 8**

9       Produce all COMMUNICATIONS between YOU and PLAINTIFF
10  RELATING TO THIS MATTER.

11  **RESPONSE TO REQUEST NO. 8:**

12      Respondent objects to this request. Respondent objects to this request as it
13  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
14  probative value this information may provide to Defendants. Respondent objects to
15  this request to the extent it seeks privileged work product. Respondent objects to this
16  request to the extent it seeks information that is protected by attorney-client privilege.
17  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
18  time and/or scope. Respondent objects to this request as it is overbroad and is not
19  proportionate to the needs of the case. Respondent objects to this response as the
20  burden or expense in the production of these documents far outweighs the likely
21  benefit this document provides. This request is irrelevant as to Phase I discovery
22  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
23  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
24  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
25  objects to this request as all of the information requested is not reasonably accessible
26  to him because of undue burden or cost.

27      Notwithstanding said objections, Respondent states as follows: Respondent
28  cannot produce any requested documentation as he is either no longer personally in

1  possession of the requested documentation or has never been in possession of the

2  requested documents.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

4  Respondent objects to this request. Respondent objects to this request as it

5  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

6  probative value this information may provide to Defendants. Respondent objects to

7  this request to the extent it seeks privileged work product. Respondent objects to this

8  request to the extent it seeks information that is protected by attorney-client privilege.

9  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

10  time and/or scope. Respondent objects to this request as it is overbroad and is not

11  proportionate to the needs of the case. Respondent objects to this response as the

12  burden or expense in the production of these documents far outweighs the likely

13  benefit this document provides. This request is irrelevant as to Phase I discovery

14  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

15  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

16  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

17  objects to this request as all of the information requested is not reasonably accessible

18  to him because of undue burden or cost.

19  Notwithstanding said objections, Respondent states as follows: Respondent

20  will produce all non-privileged documents within his possession, custody, and

21  control.

22  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

23  Respondent objects to this request. Respondent objects to this request as it

24  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

25  probative value this information may provide to Defendants. Respondent objects to

26  this request to the extent it seeks privileged work product. Respondent objects to this

27  request to the extent it seeks information that is protected by attorney-client privilege.

28  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1  time and/or scope. Respondent objects to this request as it is overbroad and is not

2  proportionate to the needs of the case. Respondent objects to this response as the

3  burden or expense in the production of these documents far outweighs the likely

4  benefit this document provides. This request is irrelevant as to Phase I discovery

5  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8  objects to this request as all of the information requested is not reasonably accessible

9  to him because of undue burden or cost.

10 Notwithstanding said objections, Respondent states as follows: Respondent will

11 produce all non-privileged documents within his possession, custody, and control. In

12 searching for responsive documents, Respondent accessed and searched his Instagram

13 account archive, text messages on his personal cell phone, personal e-mails, and cloud

14 storage.

15 **REQUEST NO. 9**

16     Produce all COMMUNICATIONS between YOU and ANY PERSON

17 RELATING TO THIS MATTER.

18 **RESPONSE TO REQUEST NO. 9:**

19     Respondent objects to this request. Respondent objects to this request as it

20 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

21 probative value this information may provide to Defendants. Respondent objects to

22 this request to the extent it seeks privileged work product. Respondent objects to this

23 request to the extent it seeks information that is protected by attorney-client privilege.

24 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

25 time and/or scope. Respondent objects to this request as it is overbroad and is not

26 proportionate to the needs of the case. Respondent objects to this response as the

27 burden or expense in the production of these documents far outweighs the likely

28 benefit this document provides. This request is irrelevant as to Phase I discovery

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

2  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

3  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

4  objects to this request as all of the information requested is not reasonably accessible

5  to him because of undue burden or cost.

6        Notwithstanding said objections, Respondent states as follows: Respondent

7  cannot produce any requested documentation as he is either no longer personally in

8  possession of the requested documentation or has never been in possession of the

9  requested documents.

10  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:</u>**

11        Respondent objects to this request. Respondent objects to this request as it

12  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

13  probative value this information may provide to Defendants. Respondent objects to

14  this request to the extent it seeks privileged work product. Respondent objects to this

15  request to the extent it seeks information that is protected by attorney-client privilege.

16  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

17  time and/or scope. Respondent objects to this request as it is overbroad and is not

18  proportionate to the needs of the case. Respondent objects to this response as the

19  burden or expense in the production of these documents far outweighs the likely

20  benefit this document provides. This request is irrelevant as to Phase I discovery

21  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

22  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

23  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

24  objects to this request as all of the information requested is not reasonably accessible

25  to him because of undue burden or cost.

26        Notwithstanding said objections, Respondent states as follows: Respondent

27  will produce all non-privileged documents within his possession, custody, and

28  control.

23

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control.  In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 10**

Produce all DOCUMENTS RELATING TO YOUR contractual relationship with PLAINTIFF, INCLUDING any agreement to serve as an agent for Plaintiff, and any agreement providing for commissions payable to YOU in connection with PLAINTIFF.

**RESPONSE TO REQUEST NO. 10:**

Respondent objects to this request. Respondent objects to this request as it

1 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

2 probative value this information may provide to Defendants. Respondent objects to

3 this request to the extent it seeks privileged work product. Respondent objects to this

4 request to the extent it seeks information that is protected by attorney-client privilege.

5 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

6 time and/or scope. Respondent objects to this request as it is overbroad and is not

7 proportionate to the needs of the case. Respondent objects to this response as the

8 burden or expense in the production of these documents far outweighs the likely

9 benefit this document provides. This request is irrelevant as to Phase I discovery

10 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

11 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

12 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

13 objects to this request as all of the information requested is not reasonably accessible

14 to him because of undue burden or cost.

15       Notwithstanding said objections, Respondent states as follows: Respondent

16 cannot produce any requested documentation as he is either no longer personally in

17 possession of the requested documentation or has never been in possession of the

18 requested documents.

19 **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:</u>**

20       Respondent objects to this request. Respondent objects to this request as it

21 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

22 probative value this information may provide to Defendants. Respondent objects to

23 this request to the extent it seeks privileged work product. Respondent objects to this

24 request to the extent it seeks information that is protected by attorney-client privilege.

25 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

26 time and/or scope. Respondent objects to this request as it is overbroad and is not

27 proportionate to the needs of the case. Respondent objects to this response as the

28 burden or expense in the production of these documents far outweighs the likely

1  benefit this document provides. This request is irrelevant as to Phase I discovery

2  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

3  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

4  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

5  objects to this request as all of the information requested is not reasonably accessible

6  to him because of undue burden or cost.

7       Notwithstanding said objections, Respondent states as follows: Respondent

8  cannot produce any requested documentation as he is no longer personally in

9  possession of the requested documentation. Respondent no longer has access to

10  documents responsive to this request as Respondent no longer works for Motley

11  Models. Since the end of his employment with Motley Models, Respondent has not

12  had access to his work e-mails or files.

13  **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:</u>**

14       Respondent objects to this request. Respondent objects to this request as it

15  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

16  probative value this information may provide to Defendants. Respondent objects to

17  this request to the extent it seeks privileged work product. Respondent objects to this

18  request to the extent it seeks information that is protected by attorney-client privilege.

19  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

20  time and/or scope. Respondent objects to this request as it is overbroad and is not

21  proportionate to the needs of the case. Respondent objects to this response as the

22  burden or expense in the production of these documents far outweighs the likely

23  benefit this document provides. This request is irrelevant as to Phase I discovery

24  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

25  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

26  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

27  objects to this request as all of the information requested is not reasonably accessible

28  to him because of undue burden or cost.

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  Notwithstanding said objections, Respondent states as follows: Respondent cannot

2  produce any requested documentation as he is not in possession, custody, or control

3  of responsive documents. Respondent no longer has access to documents responsive

4  to this request as Respondent no longer works for Motley Models. Since the end of

5  his employment with Motley Models, Respondent has not had access to his work e-

6  mails or files. In searching for responsive documents, Respondent accessed and

7  searched his Instagram account archive, text messages on his personal cell phone,

8  personal e-mails, and cloud storage.

9  **REQUEST NO. 11**

10  Produce all DOCUMENTS RELATING TO any commissions payable to YOU

11  in connection with PLAINTIFF's ENGAGEMENTS with DEFENDANTS,

12  INCLUDING any negotiable instruments (e.g., check), invoices, tax forms, or

13  accounting statements reflecting such payments.

14  **RESPONSE TO REQUEST NO. 11:**

15  Respondent objects to this request. Respondent objects to this request as it

16  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

17  probative value this information may provide to Defendants. Respondent objects to

18  this request to the extent it seeks privileged work product. Respondent objects to this

19  request to the extent it seeks information that is protected by attorney-client privilege.

20  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

21  time and/or scope. Respondent objects to this request as it is overbroad and is not

22  proportionate to the needs of the case. Respondent objects to this response as the

23  burden or expense in the production of these documents far outweighs the likely

24  benefit this document provides. This request is irrelevant as to Phase I discovery

25  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

27  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

28  objects to this request as all of the information requested is not reasonably accessible

27

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  to him because of undue burden or cost.

2      Notwithstanding said objections, Respondent states as follows: Respondent

3  cannot produce any requested documentation as he is either no longer personally in

4  possession of the requested documentation or has never been in possession of the

5  requested documents.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

7      Respondent objects to this request. Respondent objects to this request as it

8  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

9  probative value this information may provide to Defendants. Respondent objects to

10  this request to the extent it seeks privileged work product. Respondent objects to this

11  request to the extent it seeks information that is protected by attorney-client privilege.

12  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

13  time and/or scope. Respondent objects to this request as it is overbroad and is not

14  proportionate to the needs of the case. Respondent objects to this response as the

15  burden or expense in the production of these documents far outweighs the likely

16  benefit this document provides. This request is irrelevant as to Phase I discovery

17  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

18  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

19  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

20  objects to this request as all of the information requested is not reasonably accessible

21  to him because of undue burden or cost.

22      Notwithstanding said objections, Respondent states as follows: Respondent

23  cannot produce any requested documentation as the documents do not exist.

24  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

25      Respondent objects to this request. Respondent objects to this request as it

26  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

27  probative value this information may provide to Defendants. Respondent objects to

28  this request to the extent it seeks privileged work product. Respondent objects to this

28

1  request to the extent it seeks information that is protected by attorney-client privilege.
2  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
3  time and/or scope. Respondent objects to this request as it is overbroad and is not
4  proportionate to the needs of the case. Respondent objects to this response as the
5  burden or expense in the production of these documents far outweighs the likely
6  benefit this document provides. This request is irrelevant as to Phase I discovery
7  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
8  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
9  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
10  objects to this request as all of the information requested is not reasonably accessible
11  to him because of undue burden or cost.

12  Notwithstanding said objections, Respondent states as follows: Respondent is
13  not in possession, custody, or control of responsive documents as the documents do
14  not exist. In searching for responsive documents, Respondent accessed and searched
15  his Instagram account archive, text messages on his personal cell phone, personal e-
16  mails, and cloud storage.

17  **REQUEST NO. 12**

18  Produce all DOCUMENTS RELATING TO any payments between
19  PLAINTIFF and YOU in connection with DEFENDANTS, INCLUDING any
20  negotiable instruments (e.g., check), invoices, tax forms, or accounting statements
21  reflecting such payments.

22  **RESPONSE TO REQUEST NO. 12:**

23  Respondent objects to this request. Respondent objects to this request as it
24  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
25  probative value this information may provide to Defendants. Respondent objects to
26  this request to the extent it seeks privileged work product. Respondent objects to this
27  request to the extent it seeks information that is protected by attorney-client privilege.
28  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1  time and/or scope. Respondent objects to this request as it is overbroad and is not

2  proportionate to the needs of the case. Respondent objects to this response as the

3  burden or expense in the production of these documents far outweighs the likely

4  benefit this document provides. This request is irrelevant as to Phase I discovery

5  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8  objects to this request as all of the information requested is not reasonably accessible

9  to him because of undue burden or cost.

10      Notwithstanding said objections, Respondent states as follows: Respondent

11  cannot produce any requested documentation as he is either no longer personally in

12  possession of the requested documentation or has never been in possession of the

13  requested documents.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

15      Respondent objects to this request. Respondent objects to this request as it

16  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

17  probative value this information may provide to Defendants. Respondent objects to

18  this request to the extent it seeks privileged work product. Respondent objects to this

19  request to the extent it seeks information that is protected by attorney-client privilege.

20  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

21  time and/or scope. Respondent objects to this request as it is overbroad and is not

22  proportionate to the needs of the case. Respondent objects to this response as the

23  burden or expense in the production of these documents far outweighs the likely

24  benefit this document provides. This request is irrelevant as to Phase I discovery

25  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

27  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

28  objects to this request as all of the information requested is not reasonably accessible

1    to him because of undue burden or cost.

2      Notwithstanding said objections, Respondent states as follows: Respondent

3    cannot produce any requested documentation as the documents do not exist.

4    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

5      Respondent objects to this request. Respondent objects to this request as it

6    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

7    probative value this information may provide to Defendants. Respondent objects to

8    this request to the extent it seeks privileged work product. Respondent objects to this

9    request to the extent it seeks information that is protected by attorney-client privilege.

10    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

11    time and/or scope. Respondent objects to this request as it is overbroad and is not

12    proportionate to the needs of the case. Respondent objects to this response as the

13    burden or expense in the production of these documents far outweighs the likely

14    benefit this document provides. This request is irrelevant as to Phase I discovery

15    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

16    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

17    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

18    objects to this request as all of the information requested is not reasonably accessible

19    to him because of undue burden or cost.

20      Notwithstanding said objections, Respondent states as follows: Respondent is

21    not in possession, custody, or control of responsive documents as the documents do

22    not exist. In searching for responsive documents, Respondent accessed and searched

23    his Instagram account archive, text messages on his personal cell phone, personal e-

24    mails, and cloud storage.

25    **REQUEST NO. 13**

26      Produce all DOCUMENTS RELATING TO any payments between LOAN

27    OUT COMPANIES and YOU in connection with DEFENDANTS, INCLUDING any

28    negotiable instruments (e.g., check), invoices, tax forms, or accounting statements

1  reflecting such payments.

2  **RESPONSE TO REQUEST NO. 13:**

3      Respondent objects to this request. Respondent objects to this request as it
4  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
5  probative value this information may provide to Defendants. Respondent objects to
6  this request to the extent it seeks privileged work product. Respondent objects to this
7  request to the extent it seeks information that is protected by attorney-client privilege.
8  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
9  time and/or scope. Respondent objects to this request as it is overbroad and is not
10 proportionate to the needs of the case. Respondent objects to this response as the
11 burden or expense in the production of these documents far outweighs the likely
12 benefit this document provides. This request is irrelevant as to Phase I discovery
13 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
14 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
15 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
16 objects to this request as all of the information requested is not reasonably accessible
17 to him because of undue burden or cost.

18     Notwithstanding said objections, Respondent states as follows: Respondent
19 cannot produce any requested documentation as he is either no longer personally in
20 possession of the requested documentation or has never been in possession of the
21 requested documents.

22 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

23     Respondent objects to this request. Respondent objects to this request as it
24 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
25 probative value this information may provide to Defendants. Respondent objects to
26 this request to the extent it seeks privileged work product. Respondent objects to this
27 request to the extent it seeks information that is protected by attorney-client privilege.
28 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1  time and/or scope. Respondent objects to this request as it is overbroad and is not

2  proportionate to the needs of the case. Respondent objects to this response as the

3  burden or expense in the production of these documents far outweighs the likely

4  benefit this document provides. This request is irrelevant as to Phase I discovery

5  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8  objects to this request as all of the information requested is not reasonably accessible

9  to him because of undue burden or cost.

10      Notwithstanding said objections, Respondent states as follows: Respondent

11  cannot produce any requested documentation as the documents do not exist.

12  **<u>RESPONSE TO REQUEST NO. 13:</u>**

13      Respondent objects to this request. Respondent objects to this request as it

14  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

15  probative value this information may provide to Defendants. Respondent objects to

16  this request to the extent it seeks privileged work product. Respondent objects to this

17  request to the extent it seeks information that is protected by attorney-client privilege.

18  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

19  time and/or scope. Respondent objects to this request as it is overbroad and is not

20  proportionate to the needs of the case. Respondent objects to this response as the

21  burden or expense in the production of these documents far outweighs the likely

22  benefit this document provides. This request is irrelevant as to Phase I discovery

23  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

24  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

25  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

26  objects to this request as all of the information requested is not reasonably accessible

27  to him because of undue burden or cost.

28      Notwithstanding said objections, Respondent states as follows: Respondent is

1  not in possession, custody, or control of responsive documents as the documents do

2  not exist. In searching for responsive documents, Respondent accessed and searched

3  his Instagram account archive, text messages on his personal cell phone, personal e-

4  mails, and cloud storage.

5  **REQUEST NO. 14**

6      Produce all COMMUNICATIONS between YOU and Plaintiff relating to

7  PLAINTIFF's status as an independent contractor or employee in connection with

8  DEFENDANTS.

9  **RESPONSE TO REQUEST NO. 14:**

10      Respondent objects to this request. Respondent objects to this request as it

11  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

12  probative value this information may provide to Defendants. Respondent objects to

13  this request to the extent it seeks privileged work product. Respondent objects to this

14  request to the extent it seeks information that is protected by attorney-client privilege.

15  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

16  time and/or scope. Respondent objects to this request as it is overbroad and is not

17  proportionate to the needs of the case. Respondent objects to this response as the

18  burden or expense in the production of these documents far outweighs the likely

19  benefit this document provides. This request is irrelevant as to Phase I discovery

20  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

21  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

22  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

23  objects to this request as all of the information requested is not reasonably accessible

24  to him because of undue burden or cost. Respondent objects to this request as this

25  request asks for the improper disclosure of expert testimony. Respondent objects to

26  this request as it asks for Respondent, a lay witness, to make an expert opinion.

27  Respondent objects to this request as it asks Respondent, a lay witness, to make a

28  legal conclusion

1    Notwithstanding said objections, Respondent states as follows: Respondent
2    cannot produce any requested documentation as he is either no longer personally in
3    possession of the requested documentation or has never been in possession of the
4    requested documents.

5    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

6    Respondent objects to this request. Respondent objects to this request as it
7    breaches his reasonable expectation of privacy, and his privacy rights outweigh the
8    probative value this information may provide to Defendants. Respondent objects to
9    this request to the extent it seeks privileged work product. Respondent objects to this
10   request to the extent it seeks information that is protected by attorney-client privilege.
11   Respondent objects to this request as it is unreasonably overbroad and is unlimited in
12   time and/or scope. Respondent objects to this request as it is overbroad and is not
13   proportionate to the needs of the case. Respondent objects to this response as the
14   burden or expense in the production of these documents far outweighs the likely
15   benefit this document provides. This request is irrelevant as to Phase I discovery
16   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
17   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
18   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
19   objects to this request as all of the information requested is not reasonably accessible
20   to him because of undue burden or cost.

21   Notwithstanding said objections, Respondent states as follows: Respondent
22   cannot produce any requested documentation as the documents do not exist.

23   **RESPONSE TO REQUEST NO. 14:**

24   Respondent objects to this request. Respondent objects to this request as it
25   breaches his reasonable expectation of privacy, and his privacy rights outweigh the
26   probative value this information may provide to Defendants. Respondent objects to
27   this request to the extent it seeks privileged work product. Respondent objects to this
28   request to the extent it seeks information that is protected by attorney-client privilege.

1   Respondent objects to this request as it is unreasonably overbroad and is unlimited in
2   time and/or scope. Respondent objects to this request as it is overbroad and is not
3   proportionate to the needs of the case. Respondent objects to this response as the
4   burden or expense in the production of these documents far outweighs the likely
5   benefit this document provides. This request is irrelevant as to Phase I discovery
6   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
7   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
8   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
9   objects to this request as all of the information requested is not reasonably accessible
10  to him because of undue burden or cost. Respondent objects to this request as this
11  request asks for the improper disclosure of expert testimony. Respondent objects to
12  this request as it asks for Respondent, a lay witness, to make an expert opinion.
13  Respondent objects to this request as it asks Respondent, a lay witness, to make a
14  legal conclusion

15          Notwithstanding said objections, Respondent states as follows: Respondent is
16  not in possession, custody, or control of responsive documents as the documents do
17  not exist. In searching for responsive documents, Respondent accessed and searched
18  his Instagram account archive, text messages on his personal cell phone, personal e-
19  mails, and cloud storage.

20  **REQUEST NO. 15**

21          Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to
22  PLAINTIFF's status as an independent contractor or employee in connection with
23  any PERSON.

24  **RESPONSE TO REQUEST NO. 15:**

25          Respondent objects to this request. Respondent objects to this request as it
26  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
27  probative value this information may provide to Defendants. Respondent objects to
28  this request to the extent it seeks privileged work product. Respondent objects to this

36

1 request to the extent it seeks information that is protected by attorney-client privilege.
2 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
3 time and/or scope. Respondent objects to this request as it is overbroad and is not
4 proportionate to the needs of the case. Respondent objects to this response as the
5 burden or expense in the production of these documents far outweighs the likely
6 benefit this document provides. This request is irrelevant as to Phase I discovery
7 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
8 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
9 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
10 objects to this request as all of the information requested is not reasonably accessible
11 to him because of undue burden or cost. Respondent objects to this request as this
12 request asks for the improper disclosure of expert testimony. Respondent objects to
13 this request as it asks for Respondent, a lay witness, to make an expert opinion.
14 Respondent objects to this request as it asks Respondent, a lay witness, to make a
15 legal conclusion

16      Notwithstanding said objections, Respondent states as follows: Respondent
17 cannot produce any requested documentation as he is either no longer personally in
18 possession of the requested documentation or has never been in possession of the
19 requested documents.

20 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

21      Respondent objects to this request. Respondent objects to this request as it
22 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
23 probative value this information may provide to Defendants. Respondent objects to
24 this request to the extent it seeks privileged work product. Respondent objects to this
25 request to the extent it seeks information that is protected by attorney-client privilege.
26 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
27 time and/or scope. Respondent objects to this request as it is overbroad and is not
28 proportionate to the needs of the case. Respondent objects to this response as the

1  burden or expense in the production of these documents far outweighs the likely

2  benefit this document provides. This request is irrelevant as to Phase I discovery

3  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

4  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

5  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

6  objects to this request as all of the information requested is not reasonably accessible

7  to him because of undue burden or cost.

8      Notwithstanding said objections, Respondent states as follows: Respondent

9  cannot produce any requested documentation as the documents do not exist.

10 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

11     Respondent objects to this request. Respondent objects to this request as it

12 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

13 probative value this information may provide to Defendants. Respondent objects to

14 this request to the extent it seeks privileged work product. Respondent objects to this

15 request to the extent it seeks information that is protected by attorney-client privilege.

16 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

17 time and/or scope. Respondent objects to this request as it is overbroad and is not

18 proportionate to the needs of the case. Respondent objects to this response as the

19 burden or expense in the production of these documents far outweighs the likely

20 benefit this document provides. This request is irrelevant as to Phase I discovery

21 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

22 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

23 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

24 objects to this request as all of the information requested is not reasonably accessible

25 to him because of undue burden or cost.

26     Notwithstanding said objections, Respondent states as follows: Respondent is

27 not in possession, custody, or control of responsive documents as the documents do

28 not exist. In searching for responsive documents, Respondent accessed and searched

1  his Instagram account archive, text messages on his personal cell phone, personal e-

2  mails, and cloud storage.

3  **REQUEST NO. 16**

4      Produce all DOCUMENTS that reference PLAINTIFF'S LOAN OUT

5  COMPANIES, INCLUDING contracts, agreements, correspondence, invoices,

6  payment records, and financial statements related to any services provided by

7  PLAINTIFF through her LOAN OUT COMPANIES.

8  **RESPONSE TO REQUEST NO. 16:**

9      Respondent objects to this request. Respondent objects to this request as it

10  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

11  probative value this information may provide to Defendants. Respondent objects to

12  this request to the extent it seeks privileged work product. Respondent objects to this

13  request to the extent it seeks information that is protected by attorney-client privilege.

14  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

15  time and/or scope. Respondent objects to this request as it is overbroad and is not

16  proportionate to the needs of the case. Respondent objects to this response as the

17  burden or expense in the production of these documents far outweighs the likely

18  benefit this document provides. This request is irrelevant as to Phase I discovery

19  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

20  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

21  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

22  objects to this request as all of the information requested is not reasonably accessible

23  to him because of undue burden or cost.

24      Notwithstanding said objections, Respondent states as follows: Respondent

25  cannot produce any requested documentation as he is either no longer personally in

26  possession of the requested documentation or has never been in possession of the

27  requested documents.

28  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1        Respondent objects to this request. Respondent objects to this request as it

2    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

3    probative value this information may provide to Defendants. Respondent objects to

4    this request to the extent it seeks privileged work product. Respondent objects to this

5    request to the extent it seeks information that is protected by attorney-client privilege.

6    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

7    time and/or scope. Respondent objects to this request as it is overbroad and is not

8    proportionate to the needs of the case. Respondent objects to this response as the

9    burden or expense in the production of these documents far outweighs the likely

10    benefit this document provides. This request is irrelevant as to Phase I discovery

11    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

12    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

13    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

14    objects to this request as all of the information requested is not reasonably accessible

15    to him because of undue burden or cost.

16        Notwithstanding said objections, Respondent states as follows: Respondent

17    cannot produce any requested documentation as he is no longer personally in

18    possession of the requested documentation. Respondent no longer has access to

19    documents responsive to this request as communications took place through his work

20    e-mail. Since the end of his employment with Motley Models, Respondent has not

21    had access to his work e-mails or files.

22    **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:</u>**

23        Respondent objects to this request. Respondent objects to this request as it

24    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

25    probative value this information may provide to Defendants. Respondent objects to

26    this request to the extent it seeks privileged work product. Respondent objects to this

27    request to the extent it seeks information that is protected by attorney-client privilege.

28    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

40

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1    time and/or scope. Respondent objects to this request as it is overbroad and is not

2    proportionate to the needs of the case. Respondent objects to this response as the

3    burden or expense in the production of these documents far outweighs the likely

4    benefit this document provides. This request is irrelevant as to Phase I discovery

5    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8    objects to this request as all of the information requested is not reasonably accessible

9    to him because of undue burden or cost.

10        Notwithstanding said objections, Respondent states as follows: Respondent

11   cannot produce any requested documentation as he is not in possession, custody, or

12   control of responsive documents. Respondent no longer has access to documents

13   responsive to this request as communications took place through his work e-mail.

14   Since the end of his employment with Motley Models, Respondent has not had access

15   to his work e-mails or files. In searching for responsive documents, Respondent

16   accessed and searched his Instagram account archive, text messages on his personal

17   cell phone, personal e-mails, and cloud storage.

18   **REQUEST NO. 17**

19       Produce all DOCUMENTS between YOU and MOTLEY relating to

20   PLAINTIFF.

21   **RESPONSE TO REQUEST NO. 17:**

22       Respondent objects to this request. Respondent objects to this request as it

23   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

24   probative value this information may provide to Defendants. Respondent objects to

25   this request to the extent it seeks privileged work product. Respondent objects to this

26   request to the extent it seeks information that is protected by attorney-client privilege.

27   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

28   time and/or scope. Respondent objects to this request as it is overbroad and is not

41

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  proportionate to the needs of the case. Respondent objects to this response as the

2  burden or expense in the production of these documents far outweighs the likely

3  benefit this document provides. This request is irrelevant as to Phase I discovery

4  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

5  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

6  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

7  objects to this request as all of the information requested is not reasonably accessible

8  to him because of undue burden or cost.

9      Notwithstanding said objections, Respondent states as follows: Respondent

10  cannot produce any requested documentation as he is either no longer personally in

11  possession of the requested documentation or has never been in possession of the

12  requested documents.

13  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:</u>**

14      Respondent objects to this request. Respondent objects to this request as it

15  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

16  probative value this information may provide to Defendants. Respondent objects to

17  this request to the extent it seeks privileged work product. Respondent objects to this

18  request to the extent it seeks information that is protected by attorney-client privilege.

19  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

20  time and/or scope. Respondent objects to this request as it is overbroad and is not

21  proportionate to the needs of the case. Respondent objects to this response as the

22  burden or expense in the production of these documents far outweighs the likely

23  benefit this document provides. This request is irrelevant as to Phase I discovery

24  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

25  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

26  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

27  objects to this request as all of the information requested is not reasonably accessible

28  to him because of undue burden or cost.

1    Notwithstanding said objections, Respondent states as follows: Respondent

2    cannot produce any requested documentation as he is no longer personally in

3    possession of the requested documentation. Respondent no longer has access to

4    documents responsive to this request as communications took place through his work

5    e-mail. Since the end of his employment with Motley Models, Respondent has not

6    had access to his work e-mails.

7    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

8    Respondent objects to this request. Respondent objects to this request as it

9    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

10   probative value this information may provide to Defendants. Respondent objects to

11   this request to the extent it seeks privileged work product. Respondent objects to this

12   request to the extent it seeks information that is protected by attorney-client privilege.

13   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

14   time and/or scope. Respondent objects to this request as it is overbroad and is not

15   proportionate to the needs of the case. Respondent objects to this response as the

16   burden or expense in the production of these documents far outweighs the likely

17   benefit this document provides. This request is irrelevant as to Phase I discovery

18   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

19   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

20   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

21   objects to this request as all of the information requested is not reasonably accessible

22   to him because of undue burden or cost.

23   Notwithstanding said objections, Respondent states as follows: Respondent

24   cannot produce any requested documentation as he is not in possession, custody, or

25   control of responsive documents. Respondent no longer has access to documents

26   responsive to this request as communications took place through his work e-mail.

27   Since the end of his employment with Motley Models, Respondent has not had access

28   to his work e-mails. In searching for responsive documents, Respondent accessed and

1  searched his Instagram account archive, text messages on his personal cell phone,

2  personal e-mails, and cloud storage.

3  **REQUEST NO. 18**

4      Produce all DOCUMENTS between YOU and MOTLEY relating to

5  DEFENDANTS.

6  **RESPONSE TO REQUEST NO. 18:**

7      Respondent objects to this request. Respondent objects to this request as it

8  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

9  probative value this information may provide to Defendants. Respondent objects to

10 this request to the extent it seeks privileged work product. Respondent objects to this

11 request to the extent it seeks information that is protected by attorney-client privilege.

12 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

13 time and/or scope. Respondent objects to this request as it is overbroad and is not

14 proportionate to the needs of the case. Respondent objects to this response as the

15 burden or expense in the production of these documents far outweighs the likely

16 benefit this document provides. This request is irrelevant as to Phase I discovery

17 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

18 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

19 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

20 objects to this request as all of the information requested is not reasonably accessible

21 to him because of undue burden or cost.

22      Notwithstanding said objections, Respondent states as follows: Respondent

23 cannot produce any requested documentation as he is either no longer personally in

24 possession of the requested documentation or has never been in possession of the

25 requested documents.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

27      Respondent objects to this request. Respondent objects to this request as it

28 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1  probative value this information may provide to Defendants. Respondent objects to

2  this request to the extent it seeks privileged work product. Respondent objects to this

3  request to the extent it seeks information that is protected by attorney-client privilege.

4  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

5  time and/or scope. Respondent objects to this request as it is overbroad and is not

6  proportionate to the needs of the case. Respondent objects to this response as the

7  burden or expense in the production of these documents far outweighs the likely

8  benefit this document provides. This request is irrelevant as to Phase I discovery

9  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

10  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

11  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

12  objects to this request as all of the information requested is not reasonably accessible

13  to him because of undue burden or cost.

14      Notwithstanding said objections, Respondent states as follows: Respondent

15  cannot produce any requested documentation as he is no longer personally in

16  possession of the requested documentation. Respondent no longer has access to

17  communications responsive to this request as communications took place through his

18  work e-mail or his personal cell phone. Since the end of his employment with Motley

19  Models, Respondent has not had access to his work e-mails and thus no access to

20  communications. Furthermore, in March 2024, Respondent traded in his personal cell

21  phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

22  back to factory settings and returned to AT&T and Respondent is no longer in

23  possession of responsive communications.

24  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

25      Respondent objects to this request. Respondent objects to this request as it

26  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

27  probative value this information may provide to Defendants. Respondent objects to

28  this request to the extent it seeks privileged work product. Respondent objects to this

45

1    request to the extent it seeks information that is protected by attorney-client privilege.

2    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

3    time and/or scope. Respondent objects to this request as it is overbroad and is not

4    proportionate to the needs of the case. Respondent objects to this response as the

5    burden or expense in the production of these documents far outweighs the likely

6    benefit this document provides. This request is irrelevant as to Phase I discovery

7    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

8    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

9    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

10   objects to this request as all of the information requested is not reasonably accessible

11   to him because of undue burden or cost.

12      Notwithstanding said objections, Respondent states as follows: Respondent

13   cannot produce any requested documentation as he is not in possession, custody, or

14   control of responsive documents. Respondent no longer has access to

15   communications responsive to this request as communications took place through his

16   work e-mail or his personal cell phone. Since the end of his employment with Motley

17   Models, Respondent has not had access to his work e-mails and thus no access to

18   communications. Furthermore, in March 2024, Respondent traded in his personal cell

19   phone to AT&T. As part of the trade-in process, Respondent's cell phone was reset

20   back to factory settings and returned to AT&T and Respondent is no longer in

21   possession of responsive communications. In searching for responsive documents,

22   Respondent accessed and searched his Instagram account archive, text messages on

23   his personal cell phone, personal e-mails, and cloud storage.

24   **REQUEST NO. 19**

25      Produce all COMMUNICATIONS between YOU and MOTLEY relating to

26   PLAINTIFF's status as an independent contractor or employee in connection with

27   DEFENDANTS.

28   **RESPONSE TO REQUEST NO. 19:**

1    Respondent objects to this request. Respondent objects to this request as it
2    breaches his reasonable expectation of privacy, and his privacy rights outweigh the
3    probative value this information may provide to Defendants. Respondent objects to
4    this request to the extent it seeks privileged work product. Respondent objects to this
5    request to the extent it seeks information that is protected by attorney-client privilege.
6    Respondent objects to this request as it is unreasonably overbroad and is unlimited in
7    time and/or scope. Respondent objects to this request as it is overbroad and is not
8    proportionate to the needs of the case. Respondent objects to this response as the
9    burden or expense in the production of these documents far outweighs the likely
10   benefit this document provides. This request is irrelevant as to Phase I discovery
11   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
12   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
13   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
14   objects to this request as all of the information requested is not reasonably accessible
15   to him because of undue burden or cost. Respondent objects to this request as this
16   request asks for the improper disclosure of expert testimony. Respondent objects to
17   this request as it asks for Respondent, a lay witness, to make an expert opinion.
18   Respondent objects to this request as it asks Respondent, a lay witness, to make a
19   legal conclusion

20       Notwithstanding said objections, Respondent states as follows: Respondent
21   cannot produce any requested documentation as he is either no longer personally in
22   possession of the requested documentation or has never been in possession of the
23   requested documents.

24   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

25       Respondent objects to this request. Respondent objects to this request as it
26   breaches his reasonable expectation of privacy, and his privacy rights outweigh the
27   probative value this information may provide to Defendants. Respondent objects to
28   this request to the extent it seeks privileged work product. Respondent objects to this

47

1   request to the extent it seeks information that is protected by attorney-client privilege.

2   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

3   time and/or scope. Respondent objects to this request as it is overbroad and is not

4   proportionate to the needs of the case. Respondent objects to this response as the

5   burden or expense in the production of these documents far outweighs the likely

6   benefit this document provides. This request is irrelevant as to Phase I discovery

7   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

8   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

9   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

10   objects to this request as all of the information requested is not reasonably accessible

11   to him because of undue burden or cost.

12       Notwithstanding said objections, Respondent states as follows: Respondent

13   cannot produce any requested documentation as he is no longer personally in

14   possession of the requested documentation. Respondent no longer has access to

15   documents responsive to this request as communications took place through his work

16   e-mail. Since the end of his employment with Motley Models, Respondent has not

17   had access to his work e-mails.

18   **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:</u>**

19       Respondent objects to this request. Respondent objects to this request as it

20   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

21   probative value this information may provide to Defendants. Respondent objects to

22   this request to the extent it seeks privileged work product. Respondent objects to this

23   request to the extent it seeks information that is protected by attorney-client privilege.

24   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

25   time and/or scope. Respondent objects to this request as it is overbroad and is not

26   proportionate to the needs of the case. Respondent objects to this response as the

27   burden or expense in the production of these documents far outweighs the likely

28   benefit this document provides. This request is irrelevant as to Phase I discovery

1 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
2 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
3 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
4 objects to this request as all of the information requested is not reasonably accessible
5 to him because of undue burden or cost.

6      Notwithstanding said objections, Respondent states as follows: Respondent
7 cannot produce any requested documentation as he is not in possession, custody, or
8 control of responsive documents. Respondent no longer has access to documents
9 responsive to this request as communications took place through his work e-mail.
10 Since the end of his employment with Motley Models, Respondent has not had access
11 to his work e-mails. In searching for responsive documents, Respondent accessed and
12 searched his Instagram account archive, text messages on his personal cell phone,
13 personal e-mails, and cloud storage.

14 **REQUEST NO. 20**

15      Produce all COMMUNICATIONS between YOU and ROCK relating to
16 PLAINTIFF's status as an independent contractor or employee in connection with
17 DEFENDANTS.

18 **RESPONSE TO REQUEST NO. 20:**

19      Respondent objects to this request. Respondent objects to this request as it
20 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
21 probative value this information may provide to Defendants. Respondent objects to
22 this request to the extent it seeks privileged work product. Respondent objects to this
23 request to the extent it seeks information that is protected by attorney-client privilege.
24 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
25 time and/or scope. Respondent objects to this request as it is overbroad and is not
26 proportionate to the needs of the case. Respondent objects to this response as the
27 burden or expense in the production of these documents far outweighs the likely
28 benefit this document provides. This request is irrelevant as to Phase I discovery

which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible

1    to him because of undue burden or cost.

2         Notwithstanding said objections, Respondent states as follows: Respondent

3    cannot produce any requested documentation as the documents do not exist.

4    Respondent did not communicate with ROCK regarding Plaintiff's engagements with

5    Defendants.

6    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

7         Respondent objects to this request. Respondent objects to this request as it

8    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

9    probative value this information may provide to Defendants. Respondent objects to

10   this request to the extent it seeks privileged work product. Respondent objects to this

11   request to the extent it seeks information that is protected by attorney-client privilege.

12   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

13   time and/or scope. Respondent objects to this request as it is overbroad and is not

14   proportionate to the needs of the case. Respondent objects to this response as the

15   burden or expense in the production of these documents far outweighs the likely

16   benefit this document provides. This request is irrelevant as to Phase I discovery

17   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

18   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

19   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

20   objects to this request as all of the information requested is not reasonably accessible

21   to him because of undue burden or cost.

22        Notwithstanding said objections, Respondent states as follows: Respondent

23   cannot produce any requested documentation as he is not in possession, custody, or

24   control of responsive documents as the documents do not exist. Respondent did not

25   communicate with ROCK regarding Plaintiff's engagements with Defendants.  In

26   searching for responsive documents, Respondent accessed and searched his Instagram

27   account archive, text messages on his personal cell phone, personal e-mails, and cloud

28   storage.

51

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

**REQUEST NO. 21**

Produce all COMMUNICATIONS between YOU and VISION relating to PLAINTIFF's status as an independent contractor or employee in connection with DEFENDANTS.

**RESPONSE TO REQUEST NO. 21:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost. Respondent objects to this request as this request asks for the improper disclosure of expert testimony. Respondent objects to this request as it asks for Respondent, a lay witness, to make an expert opinion. Respondent objects to this request as it asks Respondent, a lay witness, to make a legal conclusion

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:</u>**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as the documents do not exist.

**<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:</u>**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely

benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is not in possession, custody, or control of responsive documents as the documents do not exist. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

**REQUEST NO. 22**

Produce all COMMUNICATIONS between YOU and VISION relating to the statement posted on your Instagram story on January 24, 2024 where VISION said to you "Don't worry, you don't fuck me, I won't fuck you."

**RESPONSE TO REQUEST NO. 22:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

1 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

2 objects to this request as all of the information requested is not reasonably accessible

3 to him because of undue burden or cost.

4        Notwithstanding said objections, Respondent states as follows: Respondent

5 cannot produce any requested documentation as he is either no longer personally in

6 possession of the requested documentation or has never been in possession of the

7 requested documents.

8 **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:</u>**

9        Respondent objects to this request. Respondent objects to this request as it

10 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

11 probative value this information may provide to Defendants. Respondent objects to

12 this request to the extent it seeks privileged work product. Respondent objects to this

13 request to the extent it seeks information that is protected by attorney-client privilege.

14 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

15 time and/or scope. Respondent objects to this request as it is overbroad and is not

16 proportionate to the needs of the case. Respondent objects to this response as the

17 burden or expense in the production of these documents far outweighs the likely

18 benefit this document provides. This request is irrelevant as to Phase I discovery

19 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

20 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

21 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

22 objects to this request as all of the information requested is not reasonably accessible

23 to him because of undue burden or cost.

24        Notwithstanding said objections, Respondent states as follows: Respondent

25 cannot produce any requested documentation as he is no longer personally in

26 possession of the requested documentation. Respondent no longer has access to

27 communications responsive to this request as communications took place through his

28 personal cell phone. In March 2024, Respondent traded in his personal cell phone to

1  AT&T. As part of the trade-in process, Respondent's cell phone was reset back to
2  factory settings and returned to AT&T and Respondent is no longer in possession of
3  responsive communications.

4  **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:</u>**

5      Respondent objects to this request. Respondent objects to this request as it
6  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
7  probative value this information may provide to Defendants. Respondent objects to
8  this request to the extent it seeks privileged work product. Respondent objects to this
9  request to the extent it seeks information that is protected by attorney-client privilege.
10 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
11 time and/or scope. Respondent objects to this request as it is overbroad and is not
12 proportionate to the needs of the case. Respondent objects to this response as the
13 burden or expense in the production of these documents far outweighs the likely
14 benefit this document provides. This request is irrelevant as to Phase I discovery
15 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
16 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
17 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
18 objects to this request as all of the information requested is not reasonably accessible
19 to him because of undue burden or cost.

20     Notwithstanding said objections, Respondent states as follows: Respondent
21 cannot produce any requested documentation as he is not in possession, custody, or
22 control of responsive documents. Respondent no longer has access to
23 communications responsive to this request as communications took place through his
24 personal cell phone. In March 2024, Respondent traded in his personal cell phone to
25 AT&T. As part of the trade-in process, Respondent's cell phone was reset back to
26 factory settings and returned to AT&T and Respondent is no longer in possession of
27 responsive communications. In searching for responsive documents, Respondent
28 accessed and searched his Instagram account archive, text messages on his personal

1 cell phone, personal e-mails, and cloud storage.

2 **REQUEST NO. 23**

3     Produce all COMMUNICATIONS relating to "Vixen [sic]suspicions were

4 correct that Motley had something to do with [THIS MATTER] as Sid Visions was

5 the man who introduced Kenzie to her lawyer and bragged about how he convinced

6 her to do this" as stated in your January 24, 2024 Instagram story.

7 **RESPONSE TO REQUEST NO. 23:**

8     Respondent objects to this request. Respondent objects to this request as it

9 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

10 probative value this information may provide to Defendants. Respondent objects to

11 this request to the extent it seeks privileged work product. Respondent objects to this

12 request to the extent it seeks information that is protected by attorney-client privilege.

13 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

14 time and/or scope. Respondent objects to this request as it is overbroad and is not

15 proportionate to the needs of the case. Respondent objects to this response as the

16 burden or expense in the production of these documents far outweighs the likely

17 benefit this document provides. This request is irrelevant as to Phase I discovery

18 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

19 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

20 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

21 objects to this request as all of the information requested is not reasonably accessible

22 to him because of undue burden or cost.

23     Notwithstanding said objections, Respondent states as follows: Respondent

24 cannot produce any requested documentation as he is either no longer personally in

25 possession of the requested documentation or has never been in possession of the

26 requested documents.

27 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

28     Respondent objects to this request. Respondent objects to this request as it

1 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
2 probative value this information may provide to Defendants. Respondent objects to
3 this request to the extent it seeks privileged work product. Respondent objects to this
4 request to the extent it seeks information that is protected by attorney-client privilege.
5 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
6 time and/or scope. Respondent objects to this request as it is overbroad and is not
7 proportionate to the needs of the case. Respondent objects to this response as the
8 burden or expense in the production of these documents far outweighs the likely
9 benefit this document provides. This request is irrelevant as to Phase I discovery
10 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
11 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
12 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
13 objects to this request as all of the information requested is not reasonably accessible
14 to him because of undue burden or cost.

15     Notwithstanding said objections, Respondent states as follows: Respondent
16 will produce all non-privileged documents within his possession, custody, and
17 control. In searching for responsive documents, Respondent accessed and searched
18 his Instagram account archive, text messages on his personal cell phone, and personal
19 e-mails.

20 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

21     Respondent objects to this request. Respondent objects to this request as it
22 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
23 probative value this information may provide to Defendants. Respondent objects to
24 this request to the extent it seeks privileged work product. Respondent objects to this
25 request to the extent it seeks information that is protected by attorney-client privilege.
26 Respondent objects to this request as it is unreasonably overbroad and is unlimited in
27 time and/or scope. Respondent objects to this request as it is overbroad and is not
28 proportionate to the needs of the case. Respondent objects to this response as the

1  burden or expense in the production of these documents far outweighs the likely

2  benefit this document provides. This request is irrelevant as to Phase I discovery

3  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

4  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

5  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

6  objects to this request as all of the information requested is not reasonably accessible

7  to him because of undue burden or cost.

8      Notwithstanding said objections, Respondent states as follows: Respondent

9  will produce all non-privileged documents within his possession, custody, and

10  control. In searching for responsive documents, Respondent accessed and searched

11  his Instagram account archive, text messages on his personal cell phone, personal e-

12  mails, and cloud storage.

13  **REQUEST NO. 24**

14      Produce all COMMUNICATIONS relating to "Sid [sic] biggest issue with

15  Vixen was that they refused to book Charly. While circumstances of this is

16  complicated, it became a personal vendetta with them. Sid would make claims that

17  CIA and Interpol were investigating VMG overseas activity involving their shooter

18  and Agent Julia and made it his goal to take Vixen down. Him and Charly always

19  wanted to be in the know regardless of [sic] it was a rumor or fact and try to use that

20  against everyone which many of you may have been victim of" as stated in your

21  January 24, 2024 Instagram story.

22  **RESPONSE TO REQUEST NO. 24:**

23      Respondent objects to this request. Respondent objects to this request as it

24  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

25  probative value this information may provide to Defendants. Respondent objects to

26  this request to the extent it seeks privileged work product. Respondent objects to this

27  request to the extent it seeks information that is protected by attorney-client privilege.

28  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1   time and/or scope. Respondent objects to this request as it is overbroad and is not

2   proportionate to the needs of the case. Respondent objects to this response as the

3   burden or expense in the production of these documents far outweighs the likely

4   benefit this document provides. This request is irrelevant as to Phase I discovery

5   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8   objects to this request as all of the information requested is not reasonably accessible

9   to him because of undue burden or cost.

10      Notwithstanding said objections, Respondent states as follows: Respondent

11  cannot produce any requested documentation as he is either no longer personally in

12  possession of the requested documentation or has never been in possession of the

13  requested documents.

14  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:</u>**

15      Respondent objects to this request. Respondent objects to this request as it

16  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

17  probative value this information may provide to Defendants. Respondent objects to

18  this request to the extent it seeks privileged work product. Respondent objects to this

19  request to the extent it seeks information that is protected by attorney-client privilege.

20  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

21  time and/or scope. Respondent objects to this request as it is overbroad and is not

22  proportionate to the needs of the case. Respondent objects to this response as the

23  burden or expense in the production of these documents far outweighs the likely

24  benefit this document provides. This request is irrelevant as to Phase I discovery

25  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

27  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

28  objects to this request as all of the information requested is not reasonably accessible

1   to him because of undue burden or cost.

2       Notwithstanding said objections, Respondent states as follows: Respondent

3   will produce all non-privileged documents within his possession, custody, and

4   control. In searching for responsive documents, Respondent accessed and searched

5   his Instagram account archive, text messages on his personal cell phone, and personal

6   e-mails.

7   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

8       Respondent objects to this request. Respondent objects to this request as it

9   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

10   probative value this information may provide to Defendants. Respondent objects to

11   this request to the extent it seeks privileged work product. Respondent objects to this

12   request to the extent it seeks information that is protected by attorney-client privilege.

13   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

14   time and/or scope. Respondent objects to this request as it is overbroad and is not

15   proportionate to the needs of the case. Respondent objects to this response as the

16   burden or expense in the production of these documents far outweighs the likely

17   benefit this document provides. This request is irrelevant as to Phase I discovery

18   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

19   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

20   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

21   objects to this request as all of the information requested is not reasonably accessible

22   to him because of undue burden or cost.

23       Notwithstanding said objections, Respondent states as follows: Respondent

24   will produce all non-privileged documents within his possession, custody, and

25   control. In searching for responsive documents, Respondent accessed and searched

26   his Instagram account archive, text messages on his personal cell phone, personal e-

27   mails, and cloud storage.

28

**REQUEST NO. 25**

Produce all COMMUNICATIONS indicating VISION had a personal vendetta against DEFENDANTS, as stated in your January 24, 2024 Instagram story.

**RESPONSE TO REQUEST NO. 25:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent cannot produce any requested documentation as he is either no longer personally in possession of the requested documentation or has never been in possession of the requested documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this

request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i) whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff falls under the professional actor exemptions of IWC Wage Order 12. Respondent objects to this request as all of the information requested is not reasonably accessible to him because of undue burden or cost.

Notwithstanding said objections, Respondent states as follows: Respondent will produce all non-privileged documents within his possession, custody, and control. In searching for responsive documents, Respondent accessed and searched his Instagram account archive, text messages on his personal cell phone, and personal e-mails.

## SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:

Respondent objects to this request. Respondent objects to this request as it breaches his reasonable expectation of privacy, and his privacy rights outweigh the probative value this information may provide to Defendants. Respondent objects to this request to the extent it seeks privileged work product. Respondent objects to this request to the extent it seeks information that is protected by attorney-client privilege. Respondent objects to this request as it is unreasonably overbroad and is unlimited in time and/or scope. Respondent objects to this request as it is overbroad and is not proportionate to the needs of the case. Respondent objects to this response as the burden or expense in the production of these documents far outweighs the likely benefit this document provides. This request is irrelevant as to Phase I discovery which is limited to two threshold issues related to Plaintiff's individual claims; (i)

1  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

2  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

3  objects to this request as all of the information requested is not reasonably accessible

4  to him because of undue burden or cost.

5      Notwithstanding said objections, Respondent states as follows: Respondent

6  will produce all non-privileged documents within his possession, custody, and

7  control. In searching for responsive documents, Respondent accessed and searched

8  his Instagram account archive, text messages on his personal cell phone, personal e-

9  mails, and cloud storage.

10  **REQUEST NO. 26**

11      Produce all COMMUNICATIONS indicating VISION and SUMMER "have a

12  long history of shadiness" as stated in your January, 24, 2024 Instagram story.

13  **RESPONSE TO REQUEST NO. 26:**

14      Respondent objects to this request. Respondent objects to this request as it

15  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

16  probative value this information may provide to Defendants. Respondent objects to

17  this request to the extent it seeks privileged work product. Respondent objects to this

18  request to the extent it seeks information that is protected by attorney-client privilege.

19  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

20  time and/or scope. Respondent objects to this request as it is overbroad and is not

21  proportionate to the needs of the case. Respondent objects to this response as the

22  burden or expense in the production of these documents far outweighs the likely

23  benefit this document provides. This request is irrelevant as to Phase I discovery

24  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

25  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

26  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

27  objects to this request as all of the information requested is not reasonably accessible

28  to him because of undue burden or cost.

1  Notwithstanding said objections, Respondent states as follows: Respondent

2  cannot produce any requested documentation as he is either no longer personally in

3  possession of the requested documentation or has never been in possession of the

4  requested documents.

5  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

6  Respondent objects to this request. Respondent objects to this request as it

7  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

8  probative value this information may provide to Defendants. Respondent objects to

9  this request to the extent it seeks privileged work product. Respondent objects to this

10 request to the extent it seeks information that is protected by attorney-client privilege.

11 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

12 time and/or scope. Respondent objects to this request as it is overbroad and is not

13 proportionate to the needs of the case. Respondent objects to this response as the

14 burden or expense in the production of these documents far outweighs the likely

15 benefit this document provides. This request is irrelevant as to Phase I discovery

16 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

17 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

18 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

19 objects to this request as all of the information requested is not reasonably accessible

20 to him because of undue burden or cost.

21 Notwithstanding said objections, Respondent states as follows: Respondent

22 will produce all non-privileged documents within his possession, custody, and

23 control. In searching for responsive documents, Respondent accessed and searched

24 his Instagram account archive, text messages on his personal cell phone, and personal

25 e-mails.

26 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

27 Respondent objects to this request. Respondent objects to this request as it

28 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1  probative value this information may provide to Defendants. Respondent objects to

2  this request to the extent it seeks privileged work product. Respondent objects to this

3  request to the extent it seeks information that is protected by attorney-client privilege.

4  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

5  time and/or scope. Respondent objects to this request as it is overbroad and is not

6  proportionate to the needs of the case. Respondent objects to this response as the

7  burden or expense in the production of these documents far outweighs the likely

8  benefit this document provides. This request is irrelevant as to Phase I discovery

9  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

10 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

11 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

12 objects to this request as all of the information requested is not reasonably accessible

13 to him because of undue burden or cost.

14    Notwithstanding said objections, Respondent states as follows: Respondent

15 will produce all non-privileged documents within his possession, custody, and

16 control. In searching for responsive documents, Respondent accessed and searched

17 his Instagram account archive, text messages on his personal cell phone, personal e-

18 mails, and cloud storage.

19 **REQUEST NO. 27**

20    Produce all COMMUNICATIONS relating to "when Porn Crush first launched

21 Dave told me that Sid is running the site and this was confirmed by Sid directly to me

22 in September. Since then I've heard rumors he may actually own the site. I don't know

23 if that is actually true but maybe Austin King needs to clear this up and address why

24 someone with character issues such as Sid is involved with him" as stated in your

25 January, 24, 2024 Instagram story.

26 **RESPONSE TO REQUEST NO. 27:**

27    Respondent objects to this request. Respondent objects to this request as it

28 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1  probative value this information may provide to Defendants. Respondent objects to
2  this request to the extent it seeks privileged work product. Respondent objects to this
3  request to the extent it seeks information that is protected by attorney-client privilege.
4  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
5  time and/or scope. Respondent objects to this request as it is overbroad and is not
6  proportionate to the needs of the case. Respondent objects to this response as the
7  burden or expense in the production of these documents far outweighs the likely
8  benefit this document provides. This request is irrelevant as to Phase I discovery
9  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
10  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
11  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
12  objects to this request as all of the information requested is not reasonably accessible
13  to him because of undue burden or cost.

14      Notwithstanding said objections, Respondent states as follows: Respondent
15  cannot produce any requested documentation as he is either no longer personally in
16  possession of the requested documentation or has never been in possession of the
17  requested documents.

18  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

19      Respondent objects to this request. Respondent objects to this request as it
20  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
21  probative value this information may provide to Defendants. Respondent objects to
22  this request to the extent it seeks privileged work product. Respondent objects to this
23  request to the extent it seeks information that is protected by attorney-client privilege.
24  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
25  time and/or scope. Respondent objects to this request as it is overbroad and is not
26  proportionate to the needs of the case. Respondent objects to this response as the
27  burden or expense in the production of these documents far outweighs the likely
28  benefit this document provides. This request is irrelevant as to Phase I discovery

1   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

2   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

3   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

4   objects to this request as all of the information requested is not reasonably accessible

5   to him because of undue burden or cost.

6       Notwithstanding said objections, Respondent states as follows: Respondent

7   will produce all non-privileged documents within his possession, custody, and

8   control. In searching for responsive documents, Respondent accessed and searched

9   his Instagram account archive, text messages on his personal cell phone, and personal

10   e-mails.

11   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

12       Respondent objects to this request. Respondent objects to this request as it

13   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

14   probative value this information may provide to Defendants. Respondent objects to

15   this request to the extent it seeks privileged work product. Respondent objects to this

16   request to the extent it seeks information that is protected by attorney-client privilege.

17   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

18   time and/or scope. Respondent objects to this request as it is overbroad and is not

19   proportionate to the needs of the case. Respondent objects to this response as the

20   burden or expense in the production of these documents far outweighs the likely

21   benefit this document provides. This request is irrelevant as to Phase I discovery

22   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

23   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

24   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

25   objects to this request as all of the information requested is not reasonably accessible

26   to him because of undue burden or cost.

27       Notwithstanding said objections, Respondent states as follows: Respondent

28   will produce all non-privileged documents within his possession, custody, and

1  control. In searching for responsive documents, Respondent accessed and searched

2  his Instagram account archive, text messages on his personal cell phone, personal e-

3  mails, and cloud storage.

4  **REQUEST NO. 28**

5      Produce all COMMUNICATIONS relating to VISION'S character issues.

6  **RESPONSE TO REQUEST NO. 28:**

7      Respondent objects to this request. Respondent objects to this request as it

8  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

9  probative value this information may provide to Defendants. Respondent objects to

10  this request to the extent it seeks privileged work product. Respondent objects to this

11  request to the extent it seeks information that is protected by attorney-client privilege.

12  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

13  time and/or scope. Respondent objects to this request as it is overbroad and is not

14  proportionate to the needs of the case. Respondent objects to this response as the

15  burden or expense in the production of these documents far outweighs the likely

16  benefit this document provides. This request is irrelevant as to Phase I discovery

17  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

18  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

19  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

20  objects to this request as all of the information requested is not reasonably accessible

21  to him because of undue burden or cost.

22      Notwithstanding said objections, Respondent states as follows: Respondent

23  cannot produce any requested documentation as he is either no longer personally in

24  possession of the requested documentation or has never been in possession of the

25  requested documents.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

27      Respondent objects to this request. Respondent objects to this request as it

28  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1  probative value this information may provide to Defendants. Respondent objects to

2  this request to the extent it seeks privileged work product. Respondent objects to this

3  request to the extent it seeks information that is protected by attorney-client privilege.

4  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

5  time and/or scope. Respondent objects to this request as it is overbroad and is not

6  proportionate to the needs of the case. Respondent objects to this response as the

7  burden or expense in the production of these documents far outweighs the likely

8  benefit this document provides. This request is irrelevant as to Phase I discovery

9  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

10  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

11  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

12  objects to this request as all of the information requested is not reasonably accessible

13  to him because of undue burden or cost.

14      Notwithstanding said objections, Respondent states as follows: Respondent

15  cannot produce any requested documentation as the documents do not exist. In

16  searching for responsive documents, Respondent accessed and searched his Instagram

17  account archive, text messages on his personal cell phone, and personal e-mails.

18  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

19      Respondent objects to this request. Respondent objects to this request as it

20  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

21  probative value this information may provide to Defendants. Respondent objects to

22  this request to the extent it seeks privileged work product. Respondent objects to this

23  request to the extent it seeks information that is protected by attorney-client privilege.

24  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

25  time and/or scope. Respondent objects to this request as it is overbroad and is not

26  proportionate to the needs of the case. Respondent objects to this response as the

27  burden or expense in the production of these documents far outweighs the likely

28  benefit this document provides. This request is irrelevant as to Phase I discovery

1   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

2   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

3   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

4   objects to this request as all of the information requested is not reasonably accessible

5   to him because of undue burden or cost.

6       Notwithstanding said objections, Respondent states as follows: Respondent

7   cannot produce any requested documentation as he is not in possession, custody, or

8   control of responsive documents as the documents do not exist. In searching for

9   responsive documents, Respondent accessed and searched his Instagram account

10  archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

11  **REQUEST NO. 29**

12      Produce all COMMUNICATIONS between YOU and KING relating to

13  DEFENDANTS.

14  **RESPONSE TO REQUEST NO. 29:**

15      Respondent objects to this request. Respondent objects to this request as it

16  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

17  probative value this information may provide to Defendants. Respondent objects to

18  this request to the extent it seeks privileged work product. Respondent objects to this

19  request to the extent it seeks information that is protected by attorney-client privilege.

20  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

21  time and/or scope. Respondent objects to this request as it is overbroad and is not

22  proportionate to the needs of the case. Respondent objects to this response as the

23  burden or expense in the production of these documents far outweighs the likely

24  benefit this document provides. This request is irrelevant as to Phase I discovery

25  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

27  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

28  objects to this request as all of the information requested is not reasonably accessible

1    to him because of undue burden or cost.

2        Notwithstanding said objections, Respondent states as follows: Respondent
3    cannot produce any requested documentation as he is either no longer personally in
4    possession of the requested documentation or has never been in possession of the
5    requested documents.

6    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

7        Respondent objects to this request. Respondent objects to this request as it
8    breaches his reasonable expectation of privacy, and his privacy rights outweigh the
9    probative value this information may provide to Defendants. Respondent objects to
10   this request to the extent it seeks privileged work product. Respondent objects to this
11   request to the extent it seeks information that is protected by attorney-client privilege.
12   Respondent objects to this request as it is unreasonably overbroad and is unlimited in
13   time and/or scope. Respondent objects to this request as it is overbroad and is not
14   proportionate to the needs of the case. Respondent objects to this response as the
15   burden or expense in the production of these documents far outweighs the likely
16   benefit this document provides. This request is irrelevant as to Phase I discovery
17   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
18   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
19   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
20   objects to this request as all of the information requested is not reasonably accessible
21   to him because of undue burden or cost.

22       Notwithstanding said objections, Respondent states as follows: Respondent
23   cannot produce any requested documentation as the documents do not exist. In
24   searching for responsive documents, Respondent accessed and searched his Instagram
25   account archive, text messages on his personal cell phone, and personal e-mails.

26   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

27       Respondent objects to this request. Respondent objects to this request as it
28   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

1  probative value this information may provide to Defendants. Respondent objects to
2  this request to the extent it seeks privileged work product. Respondent objects to this
3  request to the extent it seeks information that is protected by attorney-client privilege.
4  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
5  time and/or scope. Respondent objects to this request as it is overbroad and is not
6  proportionate to the needs of the case. Respondent objects to this response as the
7  burden or expense in the production of these documents far outweighs the likely
8  benefit this document provides. This request is irrelevant as to Phase I discovery
9  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
10 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
11 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
12 objects to this request as all of the information requested is not reasonably accessible
13 to him because of undue burden or cost.

14     Notwithstanding said objections, Respondent states as follows: Respondent
15 cannot produce any requested documentation as he is not in possession, custody, or
16 control of responsive documents as the documents do not exist. In searching for
17 responsive documents, Respondent accessed and searched his Instagram account
18 archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

19 **REQUEST NO. 30**

20     Produce all COMMUNICATIONS between YOU and SUMMER relating to
21 DEFENDANTS.

22 **RESPONSE TO REQUEST NO. 30:**

23     Respondent objects to this request. Respondent objects to this request as it
24 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
25 probative value this information may provide to Defendants. Respondent objects to
26 this request to the extent it seeks privileged work product. Respondent objects to this
27 request to the extent it seeks information that is protected by attorney-client privilege.
28 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

1    time and/or scope. Respondent objects to this request as it is overbroad and is not

2    proportionate to the needs of the case. Respondent objects to this response as the

3    burden or expense in the production of these documents far outweighs the likely

4    benefit this document provides. This request is irrelevant as to Phase I discovery

5    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

6    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

7    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

8    objects to this request as all of the information requested is not reasonably accessible

9    to him because of undue burden or cost.

10         Notwithstanding said objections, Respondent states as follows: Respondent

11    cannot produce any requested documentation as he is either no longer personally in

12    possession of the requested documentation or has never been in possession of the

13    requested documents.

14    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:</u>**

15         Respondent objects to this request. Respondent objects to this request as it

16    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

17    probative value this information may provide to Defendants. Respondent objects to

18    this request to the extent it seeks privileged work product. Respondent objects to this

19    request to the extent it seeks information that is protected by attorney-client privilege.

20    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

21    time and/or scope. Respondent objects to this request as it is overbroad and is not

22    proportionate to the needs of the case. Respondent objects to this response as the

23    burden or expense in the production of these documents far outweighs the likely

24    benefit this document provides. This request is irrelevant as to Phase I discovery

25    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

26    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

27    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

28    objects to this request as all of the information requested is not reasonably accessible

1    to him because of undue burden or cost.

2    Notwithstanding said objections, Respondent states as follows: Respondent

3    cannot produce any requested documentation as the documents do not exist. In

4    searching for responsive documents, Respondent accessed and searched his Instagram

5    account archive, text messages on his personal cell phone, and personal e-mails.

6    **SECOND <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:</u>**

7    Respondent objects to this request. Respondent objects to this request as it

8    breaches his reasonable expectation of privacy, and his privacy rights outweigh the

9    probative value this information may provide to Defendants. Respondent objects to

10   this request to the extent it seeks privileged work product. Respondent objects to this

11   request to the extent it seeks information that is protected by attorney-client privilege.

12   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

13   time and/or scope. Respondent objects to this request as it is overbroad and is not

14   proportionate to the needs of the case. Respondent objects to this response as the

15   burden or expense in the production of these documents far outweighs the likely

16   benefit this document provides. This request is irrelevant as to Phase I discovery

17   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

18   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

19   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

20   objects to this request as all of the information requested is not reasonably accessible

21   to him because of undue burden or cost.

22   Notwithstanding said objections, Respondent states as follows: Respondent

23   cannot produce any requested documentation as he is not in possession, custody, or

24   control of responsive documents as the documents do not exist. In searching for

25   responsive documents, Respondent accessed and searched his Instagram account

26   archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

27   **<u>REQUEST NO. 31</u>**

28   Produce all COMMUNICATIONS between YOU and BLF relating to

1  DEFENDANTS.

2  **RESPONSE TO REQUEST NO. 31:**

3  Respondent objects to this request. Respondent objects to this request as it

4  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

5  probative value this information may provide to Defendants. Respondent objects to

6  this request to the extent it seeks privileged work product. Respondent objects to this

7  request to the extent it seeks information that is protected by attorney-client privilege.

8  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

9  time and/or scope. Respondent objects to this request as it is overbroad and is not

10 proportionate to the needs of the case. Respondent objects to this response as the

11 burden or expense in the production of these documents far outweighs the likely

12 benefit this document provides. This request is irrelevant as to Phase I discovery

13 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

14 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

15 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

16 objects to this request as all of the information requested is not reasonably accessible

17 to him because of undue burden or cost.

18 Notwithstanding said objections, Respondent states as follows: Respondent

19 cannot produce any requested documentation as he is either no longer personally in

20 possession of the requested documentation or has never been in possession of the

21 requested documents.

22 **REQUEST NO. 32**

23 In native format, produce all data for the INSTAGRAM ACCOUNT. Data for

24 the INSTAGRAM ACCOUNT can be obtained by using the instructions under the

25 header "Downloading a copy of your information on Instagram"

26 at:https://help.instagram.com/181231772500920.Please produce this information in

27 HTML format.

28 **RESPONSE TO REQUEST NO. 32:**

1    Respondent objects to this request. Respondent objects to this request as it
2    breaches his reasonable expectation of privacy, and his privacy rights outweigh the
3    probative value this information may provide to Defendants. Respondent objects to
4    this request to the extent it seeks privileged work product. Respondent objects to this
5    request to the extent it seeks information that is protected by attorney-client privilege.
6    Respondent objects to this request as it is unreasonably overbroad and is unlimited in
7    time and/or scope. Respondent objects to this request as it is overbroad and is not
8    proportionate to the needs of the case. Respondent objects to this response as the
9    burden or expense in the production of these documents far outweighs the likely
10   benefit this document provides. This request is irrelevant as to Phase I discovery
11   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
12   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
13   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
14   objects to this request as all of the information requested is not reasonably accessible
15   to him because of undue burden or cost.

16   Notwithstanding said objections, Respondent states as follows: Respondent
17   cannot produce any requested documentation as he is either no longer personally in
18   possession of the requested documentation or has never been in possession of the
19   requested documents.

20   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

21   Respondent objects to this request. Respondent objects to this request as it
22   breaches his reasonable expectation of privacy, and his privacy rights outweigh the
23   probative value this information may provide to Defendants. Respondent objects to
24   this request to the extent it seeks privileged work product. Respondent objects to this
25   request to the extent it seeks information that is protected by attorney-client privilege.
26   Respondent objects to this request as it is unreasonably overbroad and is unlimited in
27   time and/or scope. Respondent objects to this request as it is overbroad and is not
28   proportionate to the needs of the case. Respondent objects to this response as the

1  burden or expense in the production of these documents far outweighs the likely

2  benefit this document provides. This request is irrelevant as to Phase I discovery

3  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

4  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

5  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

6  objects to this request as all of the information requested is not reasonably accessible

7  to him because of undue burden or cost.

8      Notwithstanding said objections, Respondent states as follows: Respondent

9  will produce all non-privileged documents within his possession, custody, and

10 control. In searching for responsive documents, Respondent accessed and searched

11 his Instagram account archive, text messages on his personal cell phone, personal e-

12 mails, and cloud storage.

13 **REQUEST NO. 33**

14     Produce all COMMUNICATIONS between YOU and VISION relating to any

15 social media posts issued by YOU through the INSTAGRAM ACCOUNT.

16 **RESPONSE TO REQUEST NO. 33:**

17     Respondent objects to this request. Respondent objects to this request as it

18 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

19 probative value this information may provide to Defendants. Respondent objects to

20 this request to the extent it seeks privileged work product. Respondent objects to this

21 request to the extent it seeks information that is protected by attorney-client privilege.

22 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

23 time and/or scope. Respondent objects to this request as it is overbroad and is not

24 proportionate to the needs of the case. Respondent objects to this response as the

25 burden or expense in the production of these documents far outweighs the likely

26 benefit this document provides. This request is irrelevant as to Phase I discovery

27 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

28 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

2 objects to this request as all of the information requested is not reasonably accessible

3 to him because of undue burden or cost.

4      Notwithstanding said objections, Respondent states as follows: Respondent

5 cannot produce any requested documentation as he is either no longer personally in

6 possession of the requested documentation or has never been in possession of the

7 requested documents.

8 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

9      Respondent objects to this request. Respondent objects to this request as it

10 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

11 probative value this information may provide to Defendants. Respondent objects to

12 this request to the extent it seeks privileged work product. Respondent objects to this

13 request to the extent it seeks information that is protected by attorney-client privilege.

14 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

15 time and/or scope. Respondent objects to this request as it is overbroad and is not

16 proportionate to the needs of the case. Respondent objects to this response as the

17 burden or expense in the production of these documents far outweighs the likely

18 benefit this document provides. This request is irrelevant as to Phase I discovery

19 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

20 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

21 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

22 objects to this request as all of the information requested is not reasonably accessible

23 to him because of undue burden or cost.

24      Notwithstanding said objections, Respondent states as follows: Respondent

25 cannot produce any requested documentation as the documents do not exist. In

26 searching for responsive documents, Respondent accessed and searched his Instagram

27 account archive, text messages on his personal cell phone, and personal e-mails.

28 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

1    Respondent objects to this request. Respondent objects to this request as it
2    breaches his reasonable expectation of privacy, and his privacy rights outweigh the
3    probative value this information may provide to Defendants. Respondent objects to
4    this request to the extent it seeks privileged work product. Respondent objects to this
5    request to the extent it seeks information that is protected by attorney-client privilege.
6    Respondent objects to this request as it is unreasonably overbroad and is unlimited in
7    time and/or scope. Respondent objects to this request as it is overbroad and is not
8    proportionate to the needs of the case. Respondent objects to this response as the
9    burden or expense in the production of these documents far outweighs the likely
10   benefit this document provides. This request is irrelevant as to Phase I discovery
11   which is limited to two threshold issues related to Plaintiff's individual claims; (i)
12   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
13   falls under the professional actor exemptions of IWC Wage Order 12. Respondent
14   objects to this request as all of the information requested is not reasonably accessible
15   to him because of undue burden or cost.

16   Notwithstanding said objections, Respondent states as follows: Respondent
17   cannot produce any requested documentation as he is not in possession, custody, or
18   control of responsive documents as the documents do not exist. In searching for
19   responsive documents, Respondent accessed and searched his Instagram account
20   archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

21   **REQUEST NO. 34**

22   Produce all COMMUNICATIONS between YOU and PLAINTIFF relating to
23   any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

24   **RESPONSE TO REQUEST NO. 34:**

25   Respondent objects to this request. Respondent objects to this request as it
26   breaches his reasonable expectation of privacy, and his privacy rights outweigh the
27   probative value this information may provide to Defendants. Respondent objects to
28   this request to the extent it seeks privileged work product. Respondent objects to this

1  request to the extent it seeks information that is protected by attorney-client privilege.
2  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
3  time and/or scope. Respondent objects to this request as it is overbroad and is not
4  proportionate to the needs of the case. Respondent objects to this response as the
5  burden or expense in the production of these documents far outweighs the likely
6  benefit this document provides. This request is irrelevant as to Phase I discovery
7  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
8  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
9  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
10  objects to this request as all of the information requested is not reasonably accessible
11  to him because of undue burden or cost.

12      Notwithstanding said objections, Respondent states as follows: Respondent
13  cannot produce any requested documentation as he is either no longer personally in
14  possession of the requested documentation or has never been in possession of the
15  requested documents.

16  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:</u>**

17      Respondent objects to this request. Respondent objects to this request as it
18  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
19  probative value this information may provide to Defendants. Respondent objects to
20  this request to the extent it seeks privileged work product. Respondent objects to this
21  request to the extent it seeks information that is protected by attorney-client privilege.
22  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
23  time and/or scope. Respondent objects to this request as it is overbroad and is not
24  proportionate to the needs of the case. Respondent objects to this response as the
25  burden or expense in the production of these documents far outweighs the likely
26  benefit this document provides. This request is irrelevant as to Phase I discovery
27  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
28  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

1  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

2  objects to this request as all of the information requested is not reasonably accessible

3  to him because of undue burden or cost.

4      Notwithstanding said objections, Respondent states as follows: Respondent

5  cannot produce any requested documentation as the documents do not exist. In

6  searching for responsive documents, Respondent accessed and searched his Instagram

7  account archive, text messages on his personal cell phone, and personal e-mails.

8  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

9      Respondent objects to this request. Respondent objects to this request as it

10  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

11  probative value this information may provide to Defendants. Respondent objects to

12  this request to the extent it seeks privileged work product. Respondent objects to this

13  request to the extent it seeks information that is protected by attorney-client privilege.

14  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

15  time and/or scope. Respondent objects to this request as it is overbroad and is not

16  proportionate to the needs of the case. Respondent objects to this response as the

17  burden or expense in the production of these documents far outweighs the likely

18  benefit this document provides. This request is irrelevant as to Phase I discovery

19  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

20  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

21  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

22  objects to this request as all of the information requested is not reasonably accessible

23  to him because of undue burden or cost.

24      Notwithstanding said objections, Respondent states as follows: Respondent

25  cannot produce any requested documentation as he is not in possession, custody, or

26  control of responsive documents as the documents do not exist. In searching for

27  responsive documents, Respondent accessed and searched his Instagram account

28  archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

1  **REQUEST NO. 35**

2      Produce all COMMUNICATIONS between YOU and ROCK relating to any

3  social media posts issued by YOU through the INSTAGRAM ACCOUNT.

4  **RESPONSE TO REQUEST NO. 35:**

5      Respondent objects to this request. Respondent objects to this request as it

6  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

7  probative value this information may provide to Defendants. Respondent objects to

8  this request to the extent it seeks privileged work product. Respondent objects to this

9  request to the extent it seeks information that is protected by attorney-client privilege.

10  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

11  time and/or scope. Respondent objects to this request as it is overbroad and is not

12  proportionate to the needs of the case. Respondent objects to this response as the

13  burden or expense in the production of these documents far outweighs the likely

14  benefit this document provides. This request is irrelevant as to Phase I discovery

15  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

16  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

17  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

18  objects to this request as all of the information requested is not reasonably accessible

19  to him because of undue burden or cost.

20      Notwithstanding said objections, Respondent states as follows: Respondent

21  cannot produce any requested documentation as he is either no longer personally in

22  possession of the requested documentation or has never been in possession of the

23  requested documents.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

25      Respondent objects to this request. Respondent objects to this request as it

26  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

27  probative value this information may provide to Defendants. Respondent objects to

28  this request to the extent it seeks privileged work product. Respondent objects to this

1  request to the extent it seeks information that is protected by attorney-client privilege.

2  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

3  time and/or scope. Respondent objects to this request as it is overbroad and is not

4  proportionate to the needs of the case. Respondent objects to this response as the

5  burden or expense in the production of these documents far outweighs the likely

6  benefit this document provides. This request is irrelevant as to Phase I discovery

7  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

8  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

9  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

10 objects to this request as all of the information requested is not reasonably accessible

11 to him because of undue burden or cost.

12      Notwithstanding said objections, Respondent states as follows: Respondent

13 cannot produce any requested documentation as the documents do not exist. In

14 searching for responsive documents, Respondent accessed and searched his Instagram

15 account archive, text messages on his personal cell phone, and personal e-mails.

16 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

17      Respondent objects to this request. Respondent objects to this request as it

18 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

19 probative value this information may provide to Defendants. Respondent objects to

20 this request to the extent it seeks privileged work product. Respondent objects to this

21 request to the extent it seeks information that is protected by attorney-client privilege.

22 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

23 time and/or scope. Respondent objects to this request as it is overbroad and is not

24 proportionate to the needs of the case. Respondent objects to this response as the

25 burden or expense in the production of these documents far outweighs the likely

26 benefit this document provides. This request is irrelevant as to Phase I discovery

27 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

28 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

1   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

2   objects to this request as all of the information requested is not reasonably accessible

3   to him because of undue burden or cost.

4        Notwithstanding said objections, Respondent states as follows: Respondent

5   cannot produce any requested documentation as he is not in possession, custody, or

6   control of responsive documents as the documents do not exist. In searching for

7   responsive documents, Respondent accessed and searched his Instagram account

8   archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

9   **REQUEST NO. 36**

10       Produce all COMMUNICATIONS between YOU and SUMMER relating to

11  any social media posts issued by YOU through the INSTAGRAM ACCOUNT.

12  **RESPONSE TO REQUEST NO. 36:**

13       Respondent objects to this request. Respondent objects to this request as it

14  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

15  probative value this information may provide to Defendants. Respondent objects to

16  this request to the extent it seeks privileged work product. Respondent objects to this

17  request to the extent it seeks information that is protected by attorney-client privilege.

18  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

19  time and/or scope. Respondent objects to this request as it is overbroad and is not

20  proportionate to the needs of the case. Respondent objects to this response as the

21  burden or expense in the production of these documents far outweighs the likely

22  benefit this document provides. This request is irrelevant as to Phase I discovery

23  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

24  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

25  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

26  objects to this request as all of the information requested is not reasonably accessible

27  to him because of undue burden or cost.

28       Notwithstanding said objections, Respondent states as follows: Respondent

85

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  cannot produce any requested documentation as he is either no longer personally in

2  possession of the requested documentation or has never been in possession of the

3  requested documents.

4  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

5      Respondent objects to this request. Respondent objects to this request as it

6  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

7  probative value this information may provide to Defendants. Respondent objects to

8  this request to the extent it seeks privileged work product. Respondent objects to this

9  request to the extent it seeks information that is protected by attorney-client privilege.

10  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

11  time and/or scope. Respondent objects to this request as it is overbroad and is not

12  proportionate to the needs of the case. Respondent objects to this response as the

13  burden or expense in the production of these documents far outweighs the likely

14  benefit this document provides. This request is irrelevant as to Phase I discovery

15  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

16  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

17  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

18  objects to this request as all of the information requested is not reasonably accessible

19  to him because of undue burden or cost.

20      Notwithstanding said objections, Respondent states as follows: Respondent

21  cannot produce any requested documentation as the documents do not exist. In

22  searching for responsive documents, Respondent accessed and searched his Instagram

23  account archive, text messages on his personal cell phone, and personal e-mails.

24  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

25      Respondent objects to this request. Respondent objects to this request as it

26  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

27  probative value this information may provide to Defendants. Respondent objects to

28  this request to the extent it seeks privileged work product. Respondent objects to this

1  request to the extent it seeks information that is protected by attorney-client privilege.

2  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

3  time and/or scope. Respondent objects to this request as it is overbroad and is not

4  proportionate to the needs of the case. Respondent objects to this response as the

5  burden or expense in the production of these documents far outweighs the likely

6  benefit this document provides. This request is irrelevant as to Phase I discovery

7  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

8  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

9  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

10  objects to this request as all of the information requested is not reasonably accessible

11  to him because of undue burden or cost.

12  Notwithstanding said objections, Respondent states as follows: Respondent

13  cannot produce any requested documentation as he is not in possession, custody, or

14  control of responsive documents as the documents do not exist. In searching for

15  responsive documents, Respondent accessed and searched his Instagram account

16  archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

17  **REQUEST NO. 37**

18  Produce all COMMUNICATIONS between YOU and SUPRO relating to any

19  social media posts issued by YOU through the INSTAGRAM ACCOUNT.

20  **RESPONSE TO REQUEST NO. 37:**

21  Respondent objects to this request. Respondent objects to this request as it

22  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

23  probative value this information may provide to Defendants. Respondent objects to

24  this request to the extent it seeks privileged work product. Respondent objects to this

25  request to the extent it seeks information that is protected by attorney-client privilege.

26  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

27  time and/or scope. Respondent objects to this request as it is overbroad and is not

28  proportionate to the needs of the case. Respondent objects to this response as the

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1  burden or expense in the production of these documents far outweighs the likely
2  benefit this document provides. This request is irrelevant as to Phase I discovery
3  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
4  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
5  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
6  objects to this request as all of the information requested is not reasonably accessible
7  to him because of undue burden or cost.

8      Notwithstanding said objections, Respondent states as follows: Respondent
9  cannot produce any requested documentation as he is either no longer personally in
10  possession of the requested documentation or has never been in possession of the
11  requested documents.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

13      Respondent objects to this request. Respondent objects to this request as it
14  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
15  probative value this information may provide to Defendants. Respondent objects to
16  this request to the extent it seeks privileged work product. Respondent objects to this
17  request to the extent it seeks information that is protected by attorney-client privilege.
18  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
19  time and/or scope. Respondent objects to this request as it is overbroad and is not
20  proportionate to the needs of the case. Respondent objects to this response as the
21  burden or expense in the production of these documents far outweighs the likely
22  benefit this document provides. This request is irrelevant as to Phase I discovery
23  which is limited to two threshold issues related to Plaintiff's individual claims; (i)
24  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
25  falls under the professional actor exemptions of IWC Wage Order 12. Respondent
26  objects to this request as all of the information requested is not reasonably accessible
27  to him because of undue burden or cost.

28      Notwithstanding said objections, Respondent states as follows: Respondent

88

RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

1   cannot produce any requested documentation as the documents do not exist. In

2   searching for responsive documents, Respondent accessed and searched his Instagram

3   account archive, text messages on his personal cell phone, and personal e-mails.

4   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

5       Respondent objects to this request. Respondent objects to this request as it

6   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

7   probative value this information may provide to Defendants. Respondent objects to

8   this request to the extent it seeks privileged work product. Respondent objects to this

9   request to the extent it seeks information that is protected by attorney-client privilege.

10  Respondent objects to this request as it is unreasonably overbroad and is unlimited in

11  time and/or scope. Respondent objects to this request as it is overbroad and is not

12  proportionate to the needs of the case. Respondent objects to this response as the

13  burden or expense in the production of these documents far outweighs the likely

14  benefit this document provides. This request is irrelevant as to Phase I discovery

15  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

16  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

17  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

18  objects to this request as all of the information requested is not reasonably accessible

19  to him because of undue burden or cost. Notwithstanding said objections, Respondent

20  states as follows: Respondent cannot produce any requested documentation as the

21  documents do not exist. Notwithstanding said objections, Respondent states as

22  follows: Respondent cannot produce any requested documentation as he is not in

23  possession, custody, or control of responsive documents as the documents do not

24  exist. In searching for responsive documents, Respondent accessed and searched his

25  Instagram account archive, text messages on his personal cell phone, personal e-mails,

26  and cloud storage.

27  **REQUEST NO. 38**

28       Produce all COMMUNICATIONS between YOU and PERFORMERS FIRST

1  AGENCY relating to any social media posts issued by YOU through the
2  INSTAGRAM ACCOUNT.

3  **RESPONSE TO REQUEST NO. 38:**

4  Respondent objects to this request. Respondent objects to this request as it
5  breaches his reasonable expectation of privacy, and his privacy rights outweigh the
6  probative value this information may provide to Defendants. Respondent objects to
7  this request to the extent it seeks privileged work product. Respondent objects to this
8  request to the extent it seeks information that is protected by attorney-client privilege.
9  Respondent objects to this request as it is unreasonably overbroad and is unlimited in
10 time and/or scope. Respondent objects to this request as it is overbroad and is not
11 proportionate to the needs of the case. Respondent objects to this response as the
12 burden or expense in the production of these documents far outweighs the likely
13 benefit this document provides. This request is irrelevant as to Phase I discovery
14 which is limited to two threshold issues related to Plaintiff's individual claims; (i)
15 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff
16 falls under the professional actor exemptions of IWC Wage Order 12. Respondent
17 objects to this request as all of the information requested is not reasonably accessible
18 to him because of undue burden or cost.

19 Notwithstanding said objections, Respondent states as follows: Respondent
20 cannot produce any requested documentation as he is either no longer personally in
21 possession of the requested documentation or has never been in possession of the
22 requested documents.

23 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

24 Respondent objects to this request. Respondent objects to this request as it
25 breaches his reasonable expectation of privacy, and his privacy rights outweigh the
26 probative value this information may provide to Defendants. Respondent objects to
27 this request to the extent it seeks privileged work product. Respondent objects to this
28 request to the extent it seeks information that is protected by attorney-client privilege.

1    Respondent objects to this request as it is unreasonably overbroad and is unlimited in

2    time and/or scope. Respondent objects to this request as it is overbroad and is not

3    proportionate to the needs of the case. Respondent objects to this response as the

4    burden or expense in the production of these documents far outweighs the likely

5    benefit this document provides. This request is irrelevant as to Phase I discovery

6    which is limited to two threshold issues related to Plaintiff's individual claims; (i)

7    whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

8    falls under the professional actor exemptions of IWC Wage Order 12. Respondent

9    objects to this request as all of the information requested is not reasonably accessible

10   to him because of undue burden or cost.

11        Notwithstanding said objections, Respondent states as follows: Respondent

12   cannot produce any requested documentation as the documents do not exist. In

13   searching for responsive documents, Respondent accessed and searched his Instagram

14   account archive, text messages on his personal cell phone, and personal e-mails.

15   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

16        Respondent objects to this request. Respondent objects to this request as it

17   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

18   probative value this information may provide to Defendants. Respondent objects to

19   this request to the extent it seeks privileged work product. Respondent objects to this

20   request to the extent it seeks information that is protected by attorney-client privilege.

21   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

22   time and/or scope. Respondent objects to this request as it is overbroad and is not

23   proportionate to the needs of the case. Respondent objects to this response as the

24   burden or expense in the production of these documents far outweighs the likely

25   benefit this document provides. This request is irrelevant as to Phase I discovery

26   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

27   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

28   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

1 objects to this request as all of the information requested is not reasonably accessible

2 to him because of undue burden or cost.

3    Notwithstanding said objections, Respondent states as follows: Respondent

4 cannot produce any requested documentation as the documents do not exist. In

5 searching for responsive documents, Respondent accessed and searched his Instagram

6 account archive, text messages on his personal cell phone, and personal e-mails.

7 **REQUEST NO. 39**

8    Produce all DOCUMENTS RELATING TO any payment of money or other

9 consideration to YOU from any PERSON in connection with the editing, removal,

10 relocation, archiving, or deletion of any post on the INSTAGRAM ACCOUNT.

11 **RESPONSE TO REQUEST NO. 39:**

12    Respondent objects to this request. Respondent objects to this request as it

13 breaches his reasonable expectation of privacy, and his privacy rights outweigh the

14 probative value this information may provide to Defendants. Respondent objects to

15 this request to the extent it seeks privileged work product. Respondent objects to this

16 request to the extent it seeks information that is protected by attorney-client privilege.

17 Respondent objects to this request as it is unreasonably overbroad and is unlimited in

18 time and/or scope. Respondent objects to this request as it is overbroad and is not

19 proportionate to the needs of the case. Respondent objects to this response as the

20 burden or expense in the production of these documents far outweighs the likely

21 benefit this document provides. This request is irrelevant as to Phase I discovery

22 which is limited to two threshold issues related to Plaintiff's individual claims; (i)

23 whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

24 falls under the professional actor exemptions of IWC Wage Order 12. Respondent

25 objects to this request as all of the information requested is not reasonably accessible

26 to him because of undue burden or cost.

27    Notwithstanding said objections, Respondent states as follows: Respondent

28 cannot produce any requested documentation as he is either no longer personally in

1   possession of the requested documentation or has never been in possession of the

2   requested documents.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

4       Respondent objects to this request. Respondent objects to this request as it

5   breaches his reasonable expectation of privacy, and his privacy rights outweigh the

6   probative value this information may provide to Defendants. Respondent objects to

7   this request to the extent it seeks privileged work product. Respondent objects to this

8   request to the extent it seeks information that is protected by attorney-client privilege.

9   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

10  time and/or scope. Respondent objects to this request as it is overbroad and is not

11  proportionate to the needs of the case. Respondent objects to this response as the

12  burden or expense in the production of these documents far outweighs the likely

13  benefit this document provides. This request is irrelevant as to Phase I discovery

14  which is limited to two threshold issues related to Plaintiff's individual claims; (i)

15  whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

16  falls under the professional actor exemptions of IWC Wage Order 12. Respondent

17  objects to this request as all of the information requested is not reasonably accessible

18  to him because of undue burden or cost.

19      Notwithstanding said objections, Respondent states as follows: Respondent

20  cannot produce any requested documentation as the documents do not exist. In

21  searching for responsive documents, Respondent accessed and searched his Instagram

22  account archive, text messages on his personal cell phone, and personal e-mails.

23  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

24      Respondent objects to this request. Respondent objects to this request as it

25  breaches his reasonable expectation of privacy, and his privacy rights outweigh the

26  probative value this information may provide to Defendants. Respondent objects to

27  this request to the extent it seeks privileged work product. Respondent objects to this

28  request to the extent it seeks information that is protected by attorney-client privilege.

1   Respondent objects to this request as it is unreasonably overbroad and is unlimited in

2   time and/or scope. Respondent objects to this request as it is overbroad and is not

3   proportionate to the needs of the case. Respondent objects to this response as the

4   burden or expense in the production of these documents far outweighs the likely

5   benefit this document provides. This request is irrelevant as to Phase I discovery

6   which is limited to two threshold issues related to Plaintiff's individual claims; (i)

7   whether Plaintiff is an independent contractor or employee; and (ii) whether Plaintiff

8   falls under the professional actor exemptions of IWC Wage Order 12. Respondent

9   objects to this request as all of the information requested is not reasonably accessible

10  to him because of undue burden or cost.

11      Notwithstanding said objections, Respondent states as follows: Respondent

12  cannot produce any requested documentation as he is not in possession, custody, or

13  control of responsive documents as the documents do not exist. In searching for

14  responsive documents, Respondent accessed and searched his Instagram account

15  archive, text messages on his personal cell phone, personal e-mails, and cloud storage.

16

17  Dated: July 20, 2024                    BIBIYAN LAW GROUP, P.C.

18

19

20                                  By:   /s/ Sarah H. Cohen

21                                        DAVID D. BIBIYAN
                                          JEFFREY D. KLEIN
22                                        SARAH H. COHEN
                                          RAFAEL YEDOYAN
23                                        Attorneys for RESPONDENT RYAN
                                          MURPHY
24

25

26

27

28

94
RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES

**22** Nov

Apperently legal notices and letters can't be sent to new owners of a company when The Secretary of State Office can't identify any

**23** Jan

There are some things I am going to say today...

Let's start with the personal stuff.

Sid Visions and PFA owe me 18k...

In September when I was let go after the supposed sale of the agency, Sid Visions and Kristen Kaye got on the phone with me. I was told by Sid that I was going to be kept on the payroll until things die down due to the false accounts about me and if I'm being honest, flat out lies.

Sid offered to put something in writing so I knew he wasn't going to screw me. As soon as I got off the phone I texted Sid with a proposal of payment which he said was doable...



I was told by Sid that since it was a Friday that the lawyers will have something written up by Monday realistically. When Monday came and went with nothing in my inbox I questioned Sid about it. I was told by him "Don't worry, you don't fuck me, I won't fuck you"

I did recieve a payment that week and was told by Sid, "See, I'm a man of my word"

That was the only payment that I recieved...

Sid and Charly have a long history of shadiness which many in the industry have already knew (I will share more details on that later on today) so I knew I wasn't going to be brought back but since him as the self proclaimed CEO of this new agency offering what I took as a severance payment, I desperately needed

I have a family and a son starting college and those close to me in this industry knew that I was only working to support them

This started a long downward serial for me not just financially but my mental health. Many people that have been close to me knows how much I was an advocate of mental health and the biggest reason is because I suffer from mental illness myself. With the false statements made about me, the death threats I was receiving and hitting rock bottom with my finances all the progress that achieved over the years to maintain my mental health was destroyed to the point I made a failed attempted on my life

I never came into this industry because I wanted to take physical advantage of Talent like some agents and that's why I was never inappropriate with any if you. Where I knew there was lines and boundaries and wouldn't ever dare to cross those. I found an opportunity to give my family a better life then we had before and for a small moment, I did. I also wanted to try to protect you from predators that were always lurking and shit shooters who wanted to disvalue your brand for your profit. When it all fell apart, I felt I failed in both

For those who danced on the grave of my career almost had the opportunity to do it for real. But I'm glad I'm still here because my kids do need me and I do have more to offer this world and I'm doing my damn hardest to get my life back on track and I will continue to do so for the three most important people in my life. The rest of the day I will expose the true nature of who PFA is really ran by and their history in this industry.

Next up, Sid Visions and Charly Summers...

One of the main issues

Sid biggest issue with Vixen

  

Sid Visions lies and manipulation ripped everything from me but I shouldn't be surprised, this is what he is known for. This is the man who him and Dave used to send Charly out to hang out with girls in order to gain intel on them or others in the industry including their agents so it won't be a shock to anyone that he is involved in the Porn Crush website

One of the main issues between Vixen and Motley was the class action labor lawsuit filed by Kenzie Anne. Vixen suspicions were correct that Motley had something to do with it as Sid Visions was the man who introduced Kenzie to her lawyer and bragged about how he convinced her to do this. Now he and PFA wants to try and play nice with them again is extremely hypocritical. But that's not all with Sid attempting to disparage VMG and other companies...

Sid biggest issue with Vixen was that they refused to book Charly. While circumstances of this is complicated, it became a personal vendetta with them. Sid would make claims that CIA and interpol were investigating VMG overseas activity involving their shooter and Agent Julia and made it his goal to take Vixen down. Him and Charly always wanted to be in the know regardless of it was a rumor or fact and try to use that against everyone which many of you may have been victim of.

**24 Jan**

...confessed to me in September that he knew the rumored videos that Dave was taking were true and he knew all the way back in May and that's the reason why Charly wanted taken off the site. I live in Las Vegas and only step foot in the "Motley Manor" maybe 4 times total in a year and everyone who knows me knows that my time there is short and I go straight back home so honestly, I had no clue what Dave was doing or doing to others behind closed doors...

Maybe it was because he knew that my morals never truly aligned with him and he attempted to pull the vail over my eyes for that reason or he his personal life was so fucked up that he only allowed Sid to know since possibly they are on the same wave length when it comes to the dark side of things??? That unfortunately is an answer we will never know,but what I do know is, if Sid was so offend about what Dave was possibly doing, then why would he continue to work with him and be at his house at almost a daily basis? If Sid truly knew about Dave's dark side then he is the one who is complicit in Dave Rock's actions.

I believe Sid and Charly came into this industry in hopes that they would want to bring a hostile takeover not just of Motley but of the whole industry. Sid always talks about how he would want to buy out other agencies starting with Hussie and already mentioned his personal vendetta against Vixen in his hopes to one day own it. Both Sid and Charly used a lot of people's trust only to stab them in the back when the time was right. Dave bought into this and if the rumors are true, they are still best buddies to this day.

Motley Models is still in existence just using PFA as a new name without having it has a DBA under their license. There is no bill of sale in public records that the agency was ever sold. There is no evidence of new ownership so who owns it? From all legal standpoints it is still Dave. People aren't stupid so why are they continuing this ruse???

**25 Jan**

When Porn Crush first launched Dave told me that Sid is running the site and this was confirmed by Sid directly to me in September. Since then I've heard rumors he may actually own the site. I don't know if that is actually true but maybe Austin King needs to clear this up and address why someone with character issues such as Sid is involved with him

**The irony of Sid rebranding Motley Models into the name Performer's First is that Sid is never about any Performer with the exception of his wife Charley. Sid refused to let any model out of their contract after the fake sale of Motley Models. He eventually caved to the pressure of one of his employees to do so but prior to he was ready to fire off threats using Dave Rock's lawyer Richard Freeman**

**26** Dave bought the

The crazy thing and where the red flags came up for me was if the company was sold and there are new owners, then why are the contracts valid? And why is Sid using Dave's lawyer name in an attempt to possibly go after these models that were willing to fight Twice Baked Media Dba Motley Models on their possible invalid contracts?

**26 Jan** ...Dave bought the ...or Manor with the help of Sid's money, it soon became clear and evident that I was only working to maintain Dave's lifestyle. With Dave and Sid working together my job became more difficult especially after Dan left and he fired all the help I had, I was doing everything on my own booking 60+ models without incentives and for the work I was doing, being completely underpaid...

In the beginning of last year, Dave and Sid cut my salary by 25% just because Dave couldn't financially be Dave Rock anymore. He was still acting like Hugh Hefner and only caring about his brand while I was the only one working on the front line making it more difficult to take care of my family. I wasn't out there flexing at events and parties or trying to living in a mansion. I was only living a modest life in a very modest house driving an average car while Dave flossed around LA.

Many of you may have been hounded and harassed to give Dave money for many of his and Sid's grifts. Whether it be for parties that would only benefit Dave or for his house or many other numerous things he beg for that was honestly just an opportunity for him to keep up with this Brand he wanted to create for himself instead of the agency that I helped build.

Dave was Jekyll and Hyde a lot with me. Acting like he cared and my opinion matter and other times mostly during end of 2022 and 2023 tore me down. He held my job over my head, gaslit me and would make threats in regards to my career. I pleaded with Sid that they needed to take account of my mental health but dealing with two narcissists, it feel on deaf ears.

**27 Jan** ...e Sid and Charly ...ake an attempt to ...se my words against ...and to belittle my struggles with mental illness as they have done to many in the past including mocking those who want to get help and save their own lives be telling people they are locked away in the looney bin. They have no empathy towards others and will fake like they do until it's time to betray you.

I almost made a choice that would have destroyed the closest people in my life and it's something that I can never forgive myself for but I here now and will always be there for them. There is help, there are people who care even when it seems the whole world is against you. Sometimes all it takes is a phone call. Do not others toxic behavior tear you down. There is always hope...

There is so much more I can say to fill a book or better yet a screenplay but I will go back to my regular IG nonsense after today. I wanted to thank those that have reached out and to those that have listened. It's been a struggle over the last four months but I'm picking up the pieces and moving on. Maybe I can use this opportunity to find fulfillment in a different industry or maybe I attempt to repair the burnt bridges and do my own thing in this one the way that I always wanted to do it??? You never know as the door is wide open now.

988









← 

# Available downloads

You'll have 4 days to download files to your device. We recommend downloading your files on a desktop device for the best viewing experience.

 **11/11/20 – 07/19/24 specific information download**
rgmurphlv
Instagram
Expires on Jul 23, 2024
27 MB

| Download | Delete |
|----------|--------|

## In progress

 **01/01/04 – 07/20/24 available information download**
rgmurphlv
Instagram
Requested Jul 20, 2024

| Cancel |
|--------|

Your download or transfer won't include information that someone else shared, like another person's photos that you're tagged in. Learn more

MURPHY0005

  

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

On July 20, 2024, I caused a true and correct copy of the foregoing document(s) described as **RESPONDENT RYAN MURPHY'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to be served by electronic transmission to the below referenced electronic e-mail address as follows: The above document(s) were served on the interested parties in this action as follows: *BY ELECTRONIC MAIL: I am readily familiar with our office's practice of electronic mail transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.*

Brad S. Kane
Kane Law Firm
bkane@kanelaw.la
Attorneys for Defendant, Vixen Media Group

Christian Waugh
cwaugh@waugh.legal
Attorneys for Defendant, Vixen Media Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 20, 2024 at Los Angeles, California.

*/s/ Sarah H. Cohen*
Sarah H. Cohen

# **EXHIBIT P**

**Thursday, November 7, 2024 at 14:14:22 Pacific Standard Time**

**Subject:** Re: Thoma v. VXN - Production of Subpoenaed Documents; Location of Depositions and Stipulated
Protective.
**Date:** Monday, June 24, 2024 at 5:54:49 PM Pacific Daylight Time
**From:** Sarah Cohen
**To:** Brad Kane
**CC:** trey.brown@vixenmediagroup.com, David Bibiyan, Jeffrey Klein, Nadia Rodriguez,
MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com, Rafael Yedoyan

Brad,

Thank you for your email.

We will get back to you with our edits to the Protective Order.

As for Ryan Murphy's deposition set for June 28, 2024, Mr. Murphy is unavailable on that day as
he needs additional time to arrange his schedule around his family and his work. We plan to
propose dates in the first half of July 2024. However, I would like to further meet and confer as
to the location and logistics of the deposition. Mr. Murphy has raised concerns of death threats
made to him by VXN representatives and does not feel safe appearing in person for his
deposition. We are investigating this matter further as it came to our attention today but the
bottom line is that Mr. Murphy will not appear in person given the circumstances. Furthermore, I
will need confirmation of who will be present during the remote deposition of Mr. Murphy (e.g.,
attorneys or non-attorney representatives of the Defendants). We are requesting that no VXN
representatives or representatives of Defendants (except counsel of record) are present.

Thank you.

On Fri, Jun 21, 2024 at 12:46 PM Brad Kane <bkane@kanelaw.la> wrote:

> Sarah and Rafael,
>
> First, Defendants are willing to stipulate to the parties sharing all documents produced under
> subpoena.
>
> Second, Defendants will require all deponents to appear in person for the depositions wherever
> located.
>
> Third, Defendants are amenable to the Form Stipulated Protective Order. Since the Protective
> Order must be adapted to our case, Defendants have redlined: (i) section (1)(B) to reflect
> confidentiality issues that may arise if the litigation proceeds to Phase II discovery; (ii) section

1 of 3

2.1 the definition the Action; and (iii) section 4 Duration.

Further, Sarah mentioned in the conference with the Magistrate Judge that your client may want to make a few changes. Thus, please red line any changes, including updating the caption, so we can review and file by Tuesday, June 25, 2024.

Best,

Brad

Brad S. Kane

Kane Law Firm

1154 S. Crescent Hts. Blvd.

Los Angeles, CA 90035

Tel:  (323) 697-9840

Fax: (323) 571-3579

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

--
Kind regards,

**Sarah Cohen, Esq.**
**Associate Attorney**

**Bibiyan Law Group, P.C.**
1460 Westwood Boulevard

2 of 3

Los Angeles, California 90024
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com



NOTE: This e-mail message is intended only for the use of the individual or entity named above and may contain information that is privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this e-mail message in error, please notify us immediately by telephone and delete the e-mail message from your computer.

# **EXHIBIT Q**

1  **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
2  *david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
3  *jeff@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
4  *sarah@tomorrowlaw.com*
Rafael Yedoyan (Cal. Bar No. 351499)
5  *rafael@tomorrowlaw.com*
Jason Rothman (Cal. Bar No. 304961)
6  *jason@tomorrowlaw.com*
1460 Westwood Blvd.
7  Los Angeles, California 90024
Telephone: (310) 438-5555
8  Facsimile: (310) 300-1705
9

10  Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
on behalf of herself and all others similarly situated
11

12          **IN THE UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14

15  MACKENZIE ANNE THOMA, a.k.a.      CASE NO.: No. 2:23–cv 04901WLH (AGRx)
KENZIE ANNE, an individual and on
16  behalf of all others similarly situated,

17          Plaintiff,                **RYAN MURPHY'S PRIVILEGE LOG**

18      v.

19  VXN GROUP LLC, a Delaware limited
liability company; MIKE MILLER, an
20  individual; and DOES 1 through 100,
inclusive,
21
          Defendants.
22

23

24

25

26

27

28

_____
                    **RYAN MURPHY'S PRIVILEGE LOG**

| Batestamp (documents not produced) | Date(s) | Type(s) | Description | Basis |
|---|---|---|---|---|
| MURPHY0006 | May 22, 2024 | Text Message | Text Message between Plaintiff and Ryan Murphy | Attorney-Client Privilege |
| MURPHY0007 | May 29, 2024 | Text Message | Text Message between Plaintiff and Ryan Murphy | Attorney-Client Privilege |
| MURPHY0008 | May 31, 2024 | Text Message | Text Message between Plaintiff and Ryan Murphy | Attorney-Client Privilege |

Dated:  August 21, 2024          BIBIYAN LAW GROUP, P.C.


By:  /s/ Sarah H. Cohen
     DAVID D. BIBIYAN
     JEFFREY D. KLEIN
     SARAH H. COHEN
     JASON ROTHMAN
     RAFAEL YEDOYAN
     Attorneys for Plaintiff MACKENZIE
     ANNE THOMA, on behalf of herself and
     all others similarly situated

**RYAN MURPHY'S PRIVILEGE LOG**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

    On August 21, 2024, I caused a true and correct copy of the foregoing document(s) described as **RYAN MURPHY'S PRIVILEGE LOG** to be served by electronic transmission to the below referenced electronic e-mail address as follows: The above document(s) were served on the interested parties in this action as follows: *BY ELECTRONIC MAIL: I am readily familiar with our office's practice of electronic mail transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.*

Brad S. Kane
Kane Law Firm
bkane@kanelaw.la
Attorneys for Defendant, Vixen Media Group

Christian Waugh
cwaugh@waugh.legal
Attorneys for Defendant, Vixen Media
Group

Trey Brown
trey.brown@vixenmediagroup.com
In House Counsel -Vixen Media Group

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on August 21, 2024 at Los Angeles, California.

                  */s/ Sarah H. Cohen*
                  Sarah H. Cohen

# **EXHIBIT R**

[This Exhibit Has Been Filed Under Seal]


[Remainder of Page Intentionally Left Blank]

# **EXHIBIT S**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel:  (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11337 Ventura Blvd.
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP LLC and MIKE MILLER

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated, | Case No. **2:23–cv–04901 WLH (AGRx)** |
| Plaintiff, | **DECLARATION OF LARRY LERNER** |
| v. | |
| VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive, | Complaint Filed:   April 20, 2023<br>Removed:             June 21, 2023 |
| Defendants. | |

DECLARATION OF LARRY LERNER

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

I, Larry Lerner, hereby declare as follows:

1.    I am a tax professional licensed by the Internal Revenue Service as an Enrolled Agent. As an Enrolled Agent, I have provided professional tax services in California for approximately 40 years. I have served as the CEO of Artists Business Management Group, Inc., ("ABMG") since its inception in 1989. I am personally familiar with, and, if called upon, could and would testify to the facts contained herein from my personal knowledge

2.    In 2019, an acquaintance referred Mackenzie Anne Thoma ("Thoma") to me as a client for tax services, and I, along with other ABMG employees, began providing bookkeeping and tax preparation services for Thoma and her various business entities.

3.    To prepare Thoma's federal tax returns, ABMG required, and received from Thoma certain financial information, including tax forms listing income (e.g., W-2s and 1099s), and Thoma's personal accounting of business expenses related to her business activities.

4.    ABMG prepared and filed Thoma's federal tax returns for the years 2020, 2021, and 2022. In addition to Thoma's individual taxes, these tax returns included Schedule C's related to Thoma's businesses.

5.    For the 2023 tax year, Thoma again engaged ABMG for tax preparation services. However, after ABMG began work on her file, Thoma refused to answer inquiries seeking to clarify her claimed business expenses. Instead, Thoma communicated to me that she wanted ABMG to manipulate her taxes to artificially inflate her income in hopes of qualifying for a loan to finance a home mortgage.

6.    The tax manipulation requested by Thoma presented a serious professional risk to me and ABMG. It is not uncommon for individuals to artificially inflate income to obtain favorable loan terms. When such a borrower

1
DECLARATION OF LARRY LERNER

defaults on their mortgage, banks who underwrote the loan often pin liability on accountants who prepared fraudulent tax returns.

7.    Because I refused to perpetrate the fraud requested of me and ABMG by Thoma, she refused to cooperate with ABMG and obtained tax services elsewhere. Although ABMG expended nearly 15 hours preparing Thoma's 2023 tax returns, Thoma refused to pay ABMG's invoice of approximately $1,500.

8.    On or about August 22, 2024, I was served with a subpoena for my personal deposition and, on behalf of ABMG, a subpoena to produce documents related to Thoma.

9.    On or about August 23, 2024, I received a telephone call from Thoma, during which she pleaded with me not to comply with subpoena. Thoma claimed that if I were to comply with the subpoena by producing documents, "it would harm her case." In response, I informed Ms. Thoma that I had no legal basis to disobey the subpoena and reminded her that ABMG's bill remained unpaid.

10.    Around that same time, I also received a letter from Thoma's counsel, Sarah Cohen ("Cohen"), dated August 23, 2024, which informed me that Ms. Cohen intended to file a Motion to Quash the subpoenas directed to me and ABMG, and that producing documents in response to the subpoena could subject me to civil liability, court sanctions, and contempt of court.

11.    A true and correct copy of Ms. Cohen's August 23, 2024 letter to me was previously filed on the docket in this matter – **Dkt. # 107-1** at p. 42.

12.    I was skeptical of Ms. Cohen's letter because of my past experience where Thoma asked me to commit fraud on her behalf. I also knew that my legal obligations required me to comply with the subpoena and that absent a court order or formal withdrawal of the subpoena, it was still necessary for me to comply.

13.    In response to Ms. Cohen's letter, on August 23, 2024, I emailed Ms. Cohen and informed her that "I have no way of knowing if your information is

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

2
DECLARATION OF LARRY LERNER

correct and have no trust in your information." I said that "[i]f your client wishes my assistance she will need to clear up her balance with our firm." I said this because I did not want to pay an attorney to help me find a way to avoid legal compliance for Thoma who I did not trust who did not value my time or work. I ended the email by saying "when and if I receive a release from the court we will comply. Until then we will calendar it to meet the deadline we were served with."

14. A true and correct copy of my August 23, 2024, email reply to Ms. Cohen was previously filed on the docket in this matter – **Dkt. 107-1** at p. 44.

15. Subsequently, I received a telephone call from Ms. Cohen during which she threatened to send me to jail if I complied with the subpoena. In response, I told Ms. Cohen that unless and until I received a court order to the contrary, I was going to comply with the subpoena. I did not appreciate her bullying me.

16. On August 29, 2024, I received an email from defense counsel Trey Brown ("Brown"), informing me of an Order from this Court upholding the validity of subpoenas. I did not, however, receive any such communication from Ms. Cohen informing me of the Order or that she never filed a Motion to Quash as represented in her letter.

17. In response to Mr. Brown's email, I produced via email 5 documents to Mr. Brown that contained my notes and information concerning Ms. Thoma's business deductions and income from the 2022 tax year.

18. On September 3, 2024, I was deposed in this matter. During the deposition, Mr. Brown asked a me series of questions regarding the nature of Ms. Thoma's business deductions. Although Mr. Brown did not specifically request Thoma's tax returns, rather than cross reference the returns in response to each question, I emailed Mr. Brown Thoma's tax returns for the years 2020, 2021, and 2022, which were prepared and filed by ABMG.

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

3

DECLARATION OF LARRY LERNER

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

19.    During my deposition, Ms. Cohen revisited my email and accused me of blackmail, which I found offensive and extremely unfair. She claimed I was blackmailing Thoma by asking her to pay her outstanding bill with my firm. I believe she was trying to scare me into changing my testimony.  However, I told the truth about her bullying and Thoma's fraud and would not be further intimidated into changing my testimony.

20.    I have never blackmailed anyone. I take my reputation, my professional license and my business very seriously. I also take compliance with the law very seriously. As a tax professional, I know that the law must be followed and I have a legal and ethical duty to comply with the law. I feel that Ms. Cohen attempted to use her status as a licensed legal professional to do just the opposite - coerce me into unlawful behavior.

21.    A true and correct copy of redacted excerpts from Thoma's 2020 Tax Return, including a Schedule C filed therewith is attached hereto as "**Exhibit 46**."

22.    A true and correct copy of redacted excerpts from Thoma's 2021 Tax Return, including a Schedule C filed therewith is attached hereto as "**Exhibit 47**."

23.    A true and correct copy of redacted excerpts from Thoma's 2022 Tax Return, including a Schedule C filed therewith is attached hereto as "**Exhibit 48**."

24.    To prepare Thoma's tax returns, ABMG requested that Thoma provide any W-2 forms, 1099s, and a categorized grouping of business deductions. ABMG then uses this information to generate a tax return. All documents generated, produced, and reviewed to prepare tax returns are shared with or possessed by our clients, and Thoma is no exception. Accordingly, since we furnished Thoma her 2020, 2021, and tax returns promptly after each filing, and her lawsuit was filed on April 20, 2023, Thoma has possessed, at all times since the filing of her lawsuit, all of the 1099's, Schedule C's, and business deduction information produced by ABMG in response to the Defendants' subpoenas.

4
DECLARATION OF LARRY LERNER

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 18, 2024, at Los Angeles, California.

Larry Lerner

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

5

DECLARATION OF LARRY LERNER

# **EXHIBIT T**

1  David D. Bibiyan (SBN 287811)
   david@tomorrowlaw.com
2  Jeffrey D. Klein (SBN 297296)
   jeff@tomorrowlaw.com
3  Sarah H. Cohen (SBN 330700)
   sarah@tomorrowlaw.com
4  **BIBIYAN LAW GROUP, P.C.**
   8484 Wilshire Boulevard, Suite 500
5  Beverly Hills, California 90211
   Tel: (310) 438-5555; Fax: (310) 300-1705
6
   Attorneys for Plaintiff as an individual and
7  on behalf of all aggrieved employees,
   MACKENZIE ANNE THOMA

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11  MACKENZIE ANNE THOMA, a.k.a KENZIE      Case No. 23STCV16142
    ANNE, individually, and on behalf of all others   [*Assigned for all purposes to the Hon. Teresa A.*
12  aggrieved employees,                    *Beaudet Dept 50*]

13         Plaintiff,                       **PLAINTIFF MACKENZIE ANNE**
                                            **THOMA'S REQUEST FOR PRODUCTION**
14      vs.                                 **OF DOCUMENTS, SET ONE TO**
                                            **DEFENDANT VXN GROUP, LLC.**
15  VXN GROUP, LLC., a Delaware limited
    liability company; STRIKE 3
16  HOLDINGS, LLC., a Delaware limited
    liability company; GENERAL MEDIA
17  SYSTEMS, LLC., a Delaware limited
    liability company; MIKE MILLER, an
18  individual; and DOES 1 through 100,
    inclusive,
19
20         Defendants.

21

22  PROPOUNDING PARTY:       Plaintiff MACKENZIE ANNE THOMA

23  RESPONDING PARTY:        Defendant VXN GROUP, LLC.

    SET NO.:                 ONE (1)
24

25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT VXN GROUP, LLC.

**TO DEFENDANT VXN GROUP, LLC. AND ITS ATTORNEYS OF RECORD:**

Plaintiff, MACKENZIE ANNE THOMA ("Plaintiff"), by and through Plaintiff's attorneys of record hereby requests pursuant to California Code of Civil Procedure section 2031.010, *et seq.*:

**A.**      Please produce and permit the inspection and copying or photographing by or on behalf of Plaintiff of each and every "WRITING" or "DOCUMENT" as defined in California Evidence Code section 250, including in any of the categories listed below and in your possession, custody or control.

**B.**      In the event that you are not able to produce all of the documents requested, produce those documents that you are able to provide and state the reason for your inability to provide the remainder.  In the event that any requested document was, but no longer is, in your possession, custody or control, identify the document (by stating its date, author, subject matter, recipient, intended recipients, circumstances by which the documents ceased to be in your possession, custody, or control) and identify (by stating the person's name, employer, title, business address and telephone number, and home address and telephone number) all persons known to have or believed to have the document or a copy of the document in their possession, custody or control.

**C.**      PLEASE PRODUCE and permit the inspection and copying or photographing by on behalf of Plaintiff of the aforesaid DOCUMENTS.  There may be full compliance by forwarding copies of said DOCUMENTS to Bibiyan Law Group, P.C. for Plaintiff.  If there is no compliance by forwarding said DOCUMENTS, then the production for inspection and photocopying will be arranged to place at a future date at Bibiyan Law Group, P.C., located at 8484 Wilshire Blvd., Suite 500, Beverly Hills, California 90211.

Full compliance with this demand will require production of actual photographs or negatives, if demanded.  Prints will be made at our expense and all photographs returned immediately thereafter.  Photocopies of any demanded photographs will not be deemed compliance with this demand.  Laser copies are acceptable.  Full and correct copies of DOCUMENTS and things may be produced in lieu of the originals when accompanied by a verification that said copies are true, accurate and complete copies of the originals.

Should any DOCUMENTS or things that are the subject of this demand remain in the possession of this demanding party, no alteration or destruction of said items will be performed without prior notice to the producing party.

**D.** The foregoing requested DOCUMENTS are relevant, are not privileged and are under YOUR care, custody or control, or can be obtained by YOU.

If YOU contend that any of the above-requested DOCUMENTS are privileged, for each such DOCUMENT, please set forth the following, pursuant to Code of Civil Procedure section 2031.240, subdivisions (b)(1) and (b)(2):

(1)    A brief description of the nature and contents of the matter claimed to be privileged;

(2)    The name, address, occupation, and capacity of individuals from whom the allegedly privileged matter emanates;

(3)    The name, address, occupation and capacity of the individual from whom the allegedly privileged matter was directed;

(4)    The date the item bears;

(5)    The privilege claimed; and

(6)    The factual and legal basis for the claimed privilege.

## **DEFINITIONS**

Words that are in CAPITALS are defined as follows:

(a)    "YOU," or "YOUR" as used herein, includes and refers to Defendant VXN GROUP, LLC., its agents, representatives, investigators, employees, contractors, insurance companies, including workers' compensation carriers and/or third-party adjusting administrators; their agents, their employees, their investigators, their representatives; their predecessors in interest, their agents, their employees, their investigators, their representatives, their insurance companies; their successors in interest, their agents, their employees, their investigators, their representatives, their insurance companies; and anyone else acting on VXN GROUP, LLC'S  behalf except its herein attorneys.

(b)    "ANYONE ACTING ON YOUR BEHALF" shall mean and include YOU, YOUR

3

1  agents, YOUR employees, YOUR insurance companies, their agents, their employees, YOUR

2  attorneys, YOUR accountants, YOUR investigators, and anyone else acting on YOUR behalf.

3     (c)  "CHECK STUBS" shall mean and refer to the "itemized statement in writing"

4  described in California Labor Code section 226.

5     (d)  "DOCUMENT(S)", as used herein, shall refer to, mean and include any tangible

6  thing upon which any expression, communication or representation has been recorded by any means,

7  including, but not limited to, any and all writings, as defined in California Evidence Code section

8  250, including the original or a copy of handwriting, typewriting, printing, photostating,

9  photographing, electronic and/or each and every other means of recording upon any tangible or

10  electronic medium and/or thing as well as any and all forms of communication or representation,

11  including letters, words, pictures, sounds or symbols, or any combination thereof.

12  "DOCUMENT(S)" also includes "ESI as defined below and other information stored by computer

13  or on a computer disk, diskette, tape or card, as well as any electronic recording, tape recording,

14  photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds,

15  pictures, or information of any kind. "DOCUMENT(S)" also includes any and all drafts of, and

16  amendments, or supplements to, any of the foregoing and ESI, whether prepared by YOU or any

17  other PERSON, as well as copies of the DOCUMENT that differ from the copy being produced (*i.e.*

18  a differing copy is one that contains handwritten notes, interlineation, underlining and the like).

19     (e)  "ESI", as used herein, shall mean and refer to "electronically stored information" as

20  defined in California Code of Civil Procedure section 2016.020, subdivision (e), and shall include,

21  without limitation, any information, including files, documents, images, video, metadata or any

22  combination thereof stored, created, or used on any electronic storage device, disk, tape (including

23  backup tapes and other backup media), or other computer or digital storage medium, microfilm,

24  microfiche, floppy, or any other storage or recording medium. ESI includes, without limitation,

25  electronic mail messages, voicemail messages, instant messaging, text messages, information stored

26  on web pages or web servers, and database records.

27     (f)  "HOURS WORKED" shall mean and refer to the time during which an employee is

28  subject to the control of the employer, and includes all the time the employee is suffered or permitted

4

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT VXN GROUP, LLC.

1  to work, whether or not required to do so.

2    (g)    "MEAL PERIOD(S)" shall mean and refer to the off-duty meal period definition

3  provided by Labor Code sections 226.7, 512 and applicable Wage Order(s).

4    (h)    "OVERTIME" shall mean and refer to overtime and double time definitions

5  provided by Labor Code sections 510, 1194 and the applicable Wage Order(s).

6    (i)    "PERSON(S)," as used herein, shall refer to, mean and include any natural person,

7  or firm, association, organization, partnership, business, trust, corporation, public agency and/or

8  other form of legal entity.

9    (j)    AGGRIEVED EMPLOYEE(S)" shall mean and refer to any and all the current and

10  former individuals who worked for YOU within the State of California at any time from April 17,

11  2022 through the present, including but not limited to individuals who provided modeling or acting

12  services within the state of California for YOU during the RELEVANT TIME PERIOD.

13    (k)    "RELEVANT TIME PERIOD," as used herein shall refer to the period from April

14  17, 2022 to the present.

15    (l)    "REST PERIOD(S)" shall mean and refer to the rest break definition provided by

16  Labor Code section 226.7 and the applicable Wage Order(s).

17    (m)    "TIME ENTRIES" shall mean and refer to time-in and time-out data recorded by

18  YOU to calculate hours worked by YOUR non-exempt employees, including, without limitation,

19  timecards, punch-in/punch-out entries, timesheets, or other records of days and hours worked.

20    (n)    "MISCLASSIFICATION" shall mean and refer to classifying an employee as an

21  independent contractor.

22    (o)    "INDUSTRY" shall refer to and relate to the adult film field.

23  **<u>REQUESTS</u>**

24    1.    Copies of any and all DOCUMENTS that constitute, reflect or refer to Plaintiff's

25  personnel or employment file.

26    2.    Copies of any and all employment handbook(s) which YOU provided to Plaintiff.

27    3.    Copies of any and all employment handbook(s) applicable to AGGRIEVED

28  EMPLOYEES during the RELEVANT TIME PERIOD.

5

4.      The complete contents of any files maintained by YOU in Plaintiff's name.

5.      Any and all DOCUMENTS that RELATE TO a description of YOUR regular trade or business.

6.      All DOCUMENTS signed by Plaintiff relating to the obtaining or holding of employment within the meaning of California Labor Code section 432.

7.      All PERSONNEL FILES within the meaning of California Labor Code section 1198.5 of Plaintiff which have been used to determine Plaintiff's qualifications for employment, promotion, additional compensation, termination, or disciplinary action.

8.      Copies of all CHECK STUBS issued to Plaintiff during the course of her employment with YOU.

9.      Copies of any and all work schedules for Plaintiff during her employment with YOU.

10.     Copies of all DOCUMENTS reflecting policies applicable to Plaintiff during her employment with YOU.

11.     Copies of all payroll records relating to Plaintiff during her employment with YOU.

12.     Copies of any and all performance evaluations or employee appraisals for Plaintiff during the course of her employment with YOU.

13.     Copies of any and all W-2s issued to Plaintiff.

14.     Copies of any and all 1099s issued to Plaintiff

15.     Any and all DOCUMENTS that RELATE TO any prior or current Employment Development Department audit and/or benefit claim investigation or hearing brought against YOU that involved the issue of worker misclassification during the past ten (10) years.

16.     Any and all DOCUMENTS that in any manner relate, reflect or refer to YOUR DOCUMENT retention and/or destruction policies in effect during the RELEVANT TIME PERIOD.

17.     Any and all DOCUMENTS which constitute, refer or relate to YOUR timekeeping policies or practices for AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

18.    Any and all DOCUMENTS that RELATE TO any other governmental agency ruling during the past ten (10) years regarding the employment status of persons who performed the same or similar services for YOU as those that PLAINTIFF performed for YOU.

19.    Any and all DOCUMENTS concerning YOUR policies, practices and procedures regarding computing the regular rate of pay and other forms of remuneration, including, without limitation, bonuses, commissions and shift differential pay, applicable to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

20.    Any and all DOCUMENTS concerning YOUR policies, practices and procedures regarding working off the clock applicable to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

21.    Any and all DOCUMENTS concerning YOUR policies, practices and procedures regarding on-duty meal periods, applicable to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

22.    All DOCUMENTS concerning YOUR policies regarding the payment of OVERTIME wages to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

23.    Any and all DOCUMENTS that describe, discuss or refer to YOUR procedure regarding payment of regular wages for AGGRIEVED EMPLOYEES applicable during the RELEVANT TIME PERIOD.

24.    All DOCUMENTS concerning YOUR policies regarding MEAL PERIODS applicable to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

25.    All DOCUMENTS concerning the recording of AGGRIEVED EMPLOYEE MEAL PERIODS during the RELEVANT TIME PERIOD.

26.    All DOCUMENTS concerning on-duty MEAL PERIOD agreements obtained from AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

27.    All DOCUMENTS concerning any MEAL PERIOD waivers obtained from AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

28.    All DOCUMENTS concerning YOUR policies regarding REST PERIODS for AGGRIEVED EMPLOYEES applicable during the RELEVANT TIME PERIOD.

29.    All DOCUMENTS concerning the recording of AGGRIEVED EMPLOYEE REST PERIODS during the RELEVANT TIME PERIOD.

30.    All DOCUMENTS concerning YOUR policies regarding issuing CHECK STUBS to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

31.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not have the right to instruct AGGRIEVED EMPLOYEES while AGGRIEVED EMPLOYEES performed work for YOU during the RELEVANT TIME PERIOD, including, but not limited to, require AGGRIEVED EMPLOYEES to follow YOU procedure manual(s) and/or specific instructions on how to perform the work.

32.    All DOCUMENTS concerning YOUR policies regarding the termination of AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

33.    Any and all DOCUMENTS concerning YOUR policies regarding the payment of final wages to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

34.    Copies of any and all DOCUMENTS that describe, reflect or refer to YOUR policies, procedure or practices regarding how TIME ENTRIES are recorded within the State of California during the RELEVANT TIME PERIOD.

35.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not instruct AGGRIEVED EMPLOYEES while AGGRIEVED EMPLOYEES performed work for YOU during the RELEVANT TIME PERIOD, including, but not limited to, require AGGRIEVED EMPLOYEES to follow YOUR procedure manual(s) and/or specific instructions on how to perform the work.

36.    Any and all DOCUMENTS that identify the job positions/titles YOU employed the Plaintiff for during the RELEVANT TIME PERIOD.

37.    Any and all DOCUMENTS that identify the job descriptions for each position identified in the previous Request.

38.    Any and all DOCUMENTS which constitute, refer or relate to the job duties and responsibilities of AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD while employed by YOU.

8

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT VXN GROUP, LLC.

39.    All DOCUMENTS which constitute any spreadsheet or similar document containing reimbursement amounts for any work-related expenses provided to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD, which identify AGGRIEVED EMPLOYEES through a unique employee number instead of their names.

40.    Copies of any and all DOCUMENTS provided to YOU by AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD seeking reimbursement amounts for any work-related expenses they incurred during the RELEVANT TIME PERIOD.

41.    Any and all DOCUMENTS reflecting work-related expense policies between YOU and AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD regarding work-related expenses by YOUR California non-exempt employees.

42.    Any and all DOCUMENTS reflecting or related to cellular telephone policies maintained by YOU during the relevant time period.

43.    Any and all DOCUMENTS reflecting communications between YOU and AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD regarding reimbursement requests.

44.    Any and all DOCUMENTS, including e-mails, regarding Plaintiff's HOURS WORKED during her employment with YOU.

45.    Any and all DOCUMENTS, including e-mails regarding wages owed to Plaintiff during her employment with YOU.

46.    Any and all DOCUMENTS providing the employee name, date of termination, and date that the final CHECK STUB was issued for AGGRIEVED EMPLOYEES who were terminated during the RELEVANT TIME PERIOD.

47.    Any and all DOCUMENTS providing the employee name, date of resignation, and date that the final CHECK STUB was issued for AGGRIEVED EMPLOYEES who resigned during the RELEVANT TIME PERIOD.

48.    Any and all DOCUMENTS that constitute, describe, discuss, reflect or refer to YOUR communications with AGGRIEVED EMPLOYEES regarding wages owed during the RELEVANT TIME PERIOD.

9

49.    Copies of YOUR California payroll policies and procedures manual in effect at any time during the RELEVANT TIME PERIOD.

50.    Any and all DOCUMENTS that relate to YOUR policies, procedures or practices regarding payment of premium wages for MEAL PERIODS by AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

51.    Any and all DOCUMENTS that relate to YOUR policies, procedures or practices regarding payment of premium wages for REST PERIODS by AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

52.    Any and all DOCUMENTS constituting or reflecting a MEAL PERIOD premium payment issued to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

53.    Any and all DOCUMENTS constituting or reflecting a REST PERIOD premium payment issued to AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

54.    Any and all DOCUMENTS that describe, discuss, reflect or refer to an employment agreement, if any, between YOU and Plaintiff during her employment with YOU.

55.    Any and all CHECK STUBS issued to YOUR California non-exempt employees during the RELEVANT TIME PERIOD.

56.    Any and all AGGRIEVED EMPLOYEE TIME ENTRIES during the RELEVANT TIME PERIOD.

57.    Any and all native/original AGGRIEVED EMPLOYEE TIME ENTRIES during the RELEVANT TIME PERIOD.

58.    Any and all edited AGGRIEVED EMPLOYEE TIME ENTRIES during the RELEVANT TIME PERIOD.

59.    Any and all AGGRIEVED EMPLOYEE work schedules during the RELEVANT TIME PERIOD.

60.    Any and all DOCUMENTS, including e-mails, between YOU and any AGGRIEVED EMPLOYEE during the RELEVANT TIME PERIOD that reflect, concern or respond to complaints by YOUR employee(s) that they were not paid all amounts owed or earned.

61.    Copies of any and all statements signed by YOUR current and/or former employees regarding the instant lawsuit.

62.    Copies of any and all statements signed by YOUR current and/or former employees during the RELEVANT TIME PERIOD regarding Plaintiff.

63.    All agreements between YOU and AGGRIEVED EMPLOYEES purporting to release claims pled in Plaintiff's Complaint.

64.    Any and all DOCUMENTS that reflect the names and CONTACT INFORMATION of AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD.

65.    Any and all DOCUMENTS regarding company policy on the provision of tools necessary for the workplace during THE RELEVANT TIME PERIOD.

66.    Any and all arbitration agreements YOU contend were signed by any AGGRIEVED EMPLOYEES.

67.    Any and all DOCUMENTS that relate to YOUR policies, procedures or practices regarding AGGRIEVED EMPLOYEES off the clock work.

68.    All DOCUMENTS identified in YOUR responses to Plaintiff's Special Interrogatories, Set One.

69.    All DOCUMENTS identified in YOUR responses to Plaintiff's Form Interrogatories – General, Set One.

70.    Any and all DOCUMENTS that constitute, describe, discuss, reflect or refer to YOUR relationship with YOUR facilities where AGGRIEVED EMPLOYEES worked during the RELEVANT TIME PERIOD.

71.    Any and all DOCUMENTS that constitute, describe, discuss, reflect or refer to YOU issuing wage statements to AGGRIEVED EMPLOYEES.

72.    Any and all DOCUMENTS that describe, discuss, reflect or refer to YOUR policy for issuing wage statements to AGGRIEVED EMPLOYEES at YOUR facilities.

73.    Any and all COMMUNICATIONS that describe, discuss, reflect or refer to YOUR policy for issuing wage statements to AGGRIEVED EMPLOYEES.

11

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT VXN GROUP, LLC.

74.     Any and all DOCUMENTS that describe, discuss, reflect or refer to YOUR policy for maintaining personnel files of AGGRIEVED EMPLOYEES.

75.     Any and all COMMUNICATIONS that describe, discuss, reflect or refer to YOUR policy for maintaining the personnel files of AGGRIEVED EMPLOYEES.

76.     Any and all DOCUMENTS that describe, discuss, reflect or refer to YOUR policy for hiring and terminating AGGRIEVED EMPLOYEES.

77.     Any and all DOCUMENTS that describe, discuss, reflect or refer to YOUR policy for training AGGRIEVED EMPLOYEES.

78.     Any and all DOCUMENTS that describe, discuss, reflect or refer to YOUR policy for maintaining the TIME ENTRIES of AGGRIEVED EMPLOYEES who worked at YOUR facilities.

79.     Any and all DOCUMENTS that describe, discuss, reflect or refer to the accuracy of the time-clock YOU required AGGRIEVED EMPLOYEES to use during the RELEVANT TIME PERIOD.

80.     Any and all DOCUMENTS that constitute, describe, discuss, reflect or refer to complaints YOU received from AGGRIEVED EMPLOYEES regarding interrupted meal breaks during the RELEVANT TIME PERIOD.

81.     Any and all DOCUMENTS that constitute, describe, discuss, reflect or refer to complaints YOU received from AGGRIEVED EMPLOYEES regarding interrupted rest breaks during the RELEVANT TIME PERIOD.

82.     Any and all DOCUMENTS that indicate that Plaintiff was an independent contractor during RELEVANT TIME PERIOD.

83.     Any and all DOCUMENTS that indicate the AGGRIEVED EMPLOYEES were not MISCLASSIFIED during the RELEVANT TIME PERIOD.

84.     Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not set PLAINTIFF'S work hours while PLAINTIFF performed work for YOU during the RELEVANT TIME PERIOD.

85.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not set AGGRIEVED EMPLOYEES' work hours while they performed work for YOU during the RELEVANT PERIOD.

86.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not have the right to require AGGRIEVED EMPLOYEES to work at certain times when they performed work for YOU during the RELEVANT PERIOD.

87.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not require AGGRIEVED EMPLOYEES to work at certain during the RELEVANT TIME PERIOD.

88.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that AGGRIEVED EMPLOYEES were free to choose when to work for YOU during the RELEVANT TIME PERIOD.

89.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that YOU did not have the right to require AGGRIEVED EMPLOYEES to perform work at a location designated by YOU during the RELEVANT TIME PERIOD.

90.    Any and all DOCUMENTS that RELATE TO, support, or negate the contention that the work performed by AGGRIEVED EMPLOYEES during the RELEVANT TIME PERIOD was not of a nature that could be performed at a location different from the location designated by YOU.

91.    Any and all DOCUMENTS that indicates YOU provided AGGRIEVED EMPLOYEES the option to choose the location where work could be performed during the RELEVANT TIME PERIOD.

92.    Any and all DOCUMENTS that indicate AGGRIEVED EMPLOYEES were free to follow an independent pattern of work when performing for YOU during the RELATIVE TIME PERIOD.

93.    Any and all DOCUMENTS that indicate YOU had the authority to terminate AGGRIEVED EMPLOYEES without cause during the relevant time period.

94.    Any and all DOCUMENTS that indicates AGGRIEVED EMPLOYEES could not quit performing work at any time without cause, during the RELEVANT TIME PERIOD.

13

95.    Any and all DOCUMENT that indicate the success of YOUR business did not depend on the performance of the service that AGGRIEVED EMPLOYEES undertook during the RELEVANT TIME PERIOD.

96.    Any and all DOCUMENTS that  indicate PLAINTIFF had the authority to hire employees, without YOUR knowledge of consent, to perform the work for YOU that PLAINTIFF performed during the RELEVANT TIME PERIOD.

97.    Any and all DOCUMENTS that indicate PLAINTIFF'S work arrangement with YOU during the RELEVANT TIME PERIOD did not consist of continuing work.

98.    Any and all DOCUMENTS that indicate PLAINTIFF'S work relationship with YOU concluded after PLAINTIFF finished a job during the RELEVANT TIME PERIOD.

99.    Any and all DOCUMENTS that indicate AGGRIEVED EMPLOYEE'S work relationship with YOU concluded after AGGRIEVED EMPLOYEES finished a job during the RELEVANT TIME PERIOD.

100.    Any and all DOCUMENTS relating to YOUR prerequisite requirements for AGGRIEVED EMPLOYEES before beginning work for YOU during the relevant time period.

101.    Any and all DOCUMENTS relating to YOUR requirements to have AGGRIEVED EMPLOYEES provide information regarding their health history during the RELEVANT TIME PERIOD.

102.    Any and all DOCUMENTS that indicates AGGRIEVED EMPLOYEES were paid on an hourly basis by YOU during the RELEVANT TIME PERIOD.

103.    Any and all DOCUMENTS that indicates AGGRIEVED EMPLOYEES were paid on a daily basis by YOU during the RELEVANT TIME PERIOD.

104.    Any and all DOCUMENTS that indicates AGGRIEVED EMPLOYEES were paid on a weekly basis by YOU during the RELEVANT TIME PERIOD.

105.    Any and all DOCUMENTS that indicates AGGRIEVED EMPLOYEES were paid on a monthly basis by YOU during the RELEVANT TIME PERIOD.

106.    Any and all DOCUMENTS that indicates whether AGGRIEVED EMPLOYEES were insulated from loss of profits during the RELEVANT TIME PERIOD.

14

107.   Any and all DOCUMENTS that indicate whether AGGRIEVED EMPLOYEES were free to accept or reject work assignments provided to her by YOU during the RELEVANT TIME PERIOD.

108.   Any and all DOCUMENTS that indicate AGGRIEVED EMPLOYEES were allowed to perform work for compensation for other individuals or entities in YOUR INDUSTRY during the RELEVANT TIME PERIOD.

109.   Any and all other DOCUMENTS that YOU feel will be relevant to the case at hand from the RELEVANT TIME PERIOD.

110.   Any and all other DOCUMENTS that YOU will refer to for the case at hand from the RELEVANT TIME PERIOD.


Dated:  October 10, 2023            BIBIYAN LAW GROUP, P.C.




                                    BY:  /s/ Sarah H. Cohen
                                         SARAH H. COHEN
                                    Attorneys for Plaintiff MACKENZIE ANNE THOMA
                                    on behalf of herself and other aggrieved employees

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT VXN GROUP, LLC.

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of

4

eighteen years and not a party to the within action; my business address is 8484 Wilshire Blvd, Suite 500, Beverly Hills, California 90211.

5

    On October 10, 2023, and pursuant to the California Code of Civil Procedure section

6

1010.6, I caused a true and correct copy of the foregoing document(s) described as **PLAINTIFF MACKENZIE ANNE THOMA'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

7

**TO DEFENDANT VXN GROUP, LLC.** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

8

9

    Brad S. Kane
    Eric Clopper

10

    **Kane Law Firm**
    1154 S. Crescent Hts. Blvd.

11

    Los Angeles, CA 90035
    Tel:  (323) 697-9840

12

    Fax: (323) 571-3579
    Emails: eclopper@kanelaw.la

13

    bkane@kanelaw.la

14

    I declare under penalty of perjury under the laws of the State of California that the

15

foregoing is true and correct.

16

    Executed on October 10, 2023, at Beverly Hills, California.

17

18

19

        */s/ Emanuel Munguia*

20

        Emanuel Munguia

21

22

23

24

25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd, Suite 500
Beverly Hills, California 90211
(310) 438-5555

PROOF OF SERVICE