**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights. Blvd.
Los Angeles, CA 90035
Tel: (323) 697-9840
Fax: (323) 571-3579

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd., Ste. 717
Studio City, CA 91604

*Attorneys for Defendants*
VXN GROUP LLC and MIKE MILLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. **2:23–cv–04901 WLH (AGRx)**<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 15, 2025<br>Time: 1:30 P.M.<br>Ctrm: 9B<br><br>Complaint Filed: April 20, 2023<br>Fact Discovery Cutoff: April 10, 2026<br>Pre-Trial Conference: August 14, 2026<br>Trial Date: August 31, 2026<br><br>Hon. Wesley L. Hsu |

NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

TO THE COURT AND TO PLAINTIFF MACKENZIE ANNE THOMA AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 15, 2025 at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendants VXN Group LLC ("VXN") and Mike Miller ("Miller") (collectively, "Defendants") will and hereby do move the Court for an Order for Judgment on the Pleadings as to Plaintiff Mackenzie Anne Thoma's ("Plaintiff") Second Amended Complaint pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim upon which relief may be granted.

This Motion for Judgment on the Pleadings ("Motion") is made on the grounds that Plaintiff's claim for waiting time penalties under Section 203 of the California Labor Code fails as a matter of law because (i) the pleadings affirmatively establish that Defendants had a good faith dispute as to whether any wages were due at the time of separation, and (ii) the Second Amended Complaint fails to plead sufficient facts to state a plausible claim under Rule 8. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any further argument and evidence that may be presented at or before the hearing on this matter.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 18, 2025. (*See* Declaration of Brad S. Kane ["Kane Dec."], ¶2).

Dated: July 11, 2025        By:    */s/ Brad S. Kane*
                                    Brad Kane

KANE LAW FIRM
1154 S. Crescent Heights Blvd.

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................ 1

    A. Procedural Background ...................................................................... 1

    B. Allegations of the Second Amended Complaint ............................... 3

III. LEGAL STANDARD .................................................................................... 4

IV. ARGUMENT ................................................................................................. 5

    A. Plaintiff's Labor Code Section 203 Claim Fails Because Her Allegations Are Legally Insufficient Under Rule 8 ........................ 5

    B. Plaintiff's Labor Code Section 203 Claim Fails Because Defendants Had a Good Faith Dispute Regarding Whether Any Wages Were Due ................................................................................. 6

V. CONCLUSION ............................................................................................ 10

iii

NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's sole remaining claim is for waiting time penalties under Labor Code Section 203. However, the Court has already dismissed Plaintiff's minimum wage claim with prejudice and has granted summary judgment on her overtime claim, eliminating the only plausible predicate wage violations. In addition, Plaintiff fails to allege what specific wages she claims were unpaid or how the alleged failure to pay was willful. Because of this, Plaintiff's Second Amended Complaint [**Dkt. 53** ("SAC")] does not satisfy the federal pleading standard. These deficiencies are fatal under Rule 8.

Moreover, to sustain a Section 203 claim, Plaintiff must show that Defendants acted willfully. Even accepting Plaintiff's misclassification theory as true solely for purposes of this motion, Plaintiff fails to allege a plausible basis for asserting that any wages were due and unpaid at the time of her separation, let alone that any nonpayment was "willful." First, the pleadings establish that Plaintiff was paid a flat fee per scene under a piece-rate structure governed by written Performance Agreements, which defined the scope of compensable "Services." Plaintiff now contends that she was entitled to separate payment for ancillary activities such as manicures, testing, fittings, and travel—but those activities were understood by the parties to be part of the piece-rate compensation. Defendants reasonably and in good faith believed that Plaintiff had been fully paid. This contractual understanding and the existence of a good faith dispute preclude any finding of willfulness and bar her Section 203 claim as a matter of law. For these independent reasons, Defendants are entitled to judgment on the pleadings.

## II. BACKGROUND

### A. Procedural Background

On April 20, 2023, Plaintiff filed this putative class action alleging nine Labor Code violations and a derivative claim under the Unfair Competition Law

1

("UCL") in California Superior Court. [**Dkt. 1**, Ex. A]. Defendants promptly removed this action to this Court on June 21, 2023. *Id.*. Following Plaintiff's Motion to Remand, the Court retained jurisdiction for all but Plaintiff's UCL claim, which it remanded to state Superior Court. [**Dkt. 23**]. At the same time, the Court dismissed all nine of Plaintiff's Labor Code claims with leave to amend, cautioning Plaintiff's counsel that "copy-and-paste allegations completely undermine the credibility and genuine nature of Thoma's claims." *Id.* (internal quotation omitted).

On September 20, 2023, Plaintiff filed her First Amended Complaint (**Dkt. 26**, "FAC") alleging eight Labor Code violations. Defendants again moved for dismissal. On February 16, 2024, the Court dismissed four of Plaintiff's claims, including her minimum wage claim, noting that the FAC failed to allege facts sufficient to meet the standard set forth in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). [**Dkt. 49**]. Importantly, the Court declined to dismiss Plaintiff's claim for waiting time penalties under Labor Code Section 203 because it likewise declined to dismiss Plaintiff's predicate claims for overtime, meal, and rest period violations. *Id.* ("Because the Court declined to dismiss the first, third, and fourth causes of action, however, the Court declines to dismiss the fifth and seventh causes of action.").

On March 8, 2024, Plaintiff filed her Second Amended Complaint (**Dkt. 53**, "SAC") alleging seven Labor Code violations. On Defendant's subsequent Motion to Dismiss, the Court dismissed Plaintiff's minimum wage claim without leave to amend. *See* [**Dkt. 83**] (holding Plaintiff's general allegation that there was "time worked that was entirely uncompensated" as "precisely the type of conclusory allegation that the *Landers* standard prohibits[.]"). On July 12, 2024, Defendants filed an Answer to the SAC. [**Dkt. 90**].

The Court also granted Defendants' Motion to Bifurcate Discovery reasoning that "if Plaintiff is either (1) not an employee who qualifies for wage and hour protections; or (2) even if she is an employee, she qualifies as a professional

2

actor, exempt from protections, her claims may be precluded, so it is 'appropriate to decide the preliminary issue before reaching the merits.'" [**Dkt. 66**].

On March 11, 2025, the Court granted summary adjudication that Wage Order No. 12-2001 regulating the Motion Picture Industry (the "Wage Order") and the Professional Actor Exemption ("PAE") found therein applied to Plaintiff. [**Dkt. 165**]. As a result, provisions of the Wage Order applying requirements for wage statements, overtime, meal, and rest periods do not apply to Plaintiff. *See* Cal. Code Regs. tit. 8, § 11120(1)(C).

Accordingly, Defendants reasonably presumed that without the predicate claims to support her Section 203 waiting time penalties claim, Plaintiff possessed no remaining causes of action. *See* [Amended Joint Rule 26(f) Report, **Dkt. 166** at 4:13-23]. Nevertheless, Plaintiff argues that her Section 203 claim survives on the perplexing basis previously dismissed as insufficient to support her minimum wage claim, namely, that there was "time worked that was entirely uncompensated." [**Dkt. 53**, at ¶79].[1]

### B. Allegations of the Second Amended Complaint

In relevant part, the SAC's Fifth Cause of Action alleges that "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to

---

[1] Based on Plaintiff's theory, Plaintiff has recently propounded extensive discovery and insisted she is entitled to information on: (1) all exempt and non-exempt employees of Defendants, including the true names, addresses, and phone numbers of all professional actors who have ever performed for Defendants, some of which have achieved significant fame and celebrity status; (2) all communications Defendants' had with all of its professional actors regarding their services. These documents contain highly sensitive information such as physical and mental health records, financial documents, social security numbers, bank accounts, discussion of professional actors' inter-personal relationships, the names of their partners and children, hidden home addresses, conflicts with other actors, competitors or agents, among other information. To date, the Parties have not reached an agreement on appropriate procedures to protect their personal safety and privacy.

pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code Sections 201 or 202." *Id.* at ¶113. Further, the SAC states that "Defendants' failure . . . was willful" and that Defendants "intentionally adopted policies or practices" that "result[ed] in the failure, at times, to pay all wages earned prior to termination or resignation." *Id.* at ¶114. Consequently, Plaintiff seeks waiting time penalties for "earned and unpaid wages" under Labor Code Section 203.

Plaintiff cites to no other specific bases beyond Defendants' alleged failure to pay overtime wages as factual support for her Section 203 claim. Elsewhere in the SAC, Plaintiff asserts that she performed various activities preparing for film shoots for which she was never compensated. *Id.* at ¶¶36–38. However, the SAC does not allege facts concerning (i) when Plaintiff engaged in unpaid activities; (ii) when or if she contested the activities being unpaid; (iii) what wages she was entitled to or expected for the activities; or (iv) when such wages were due.

### III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings once the pleadings are closed, so long as the motion does not delay trial. Courts apply the same standard under Rule 12(c) as under Rule 12(b)(6), asking whether the complaint states a plausible claim for relief based on the facts alleged. *See Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). A claim must rest on more than labels and legal conclusions—it must allege enough factual content to permit the court to reasonably infer the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating a Rule 12(c) motion, courts may consider not only the complaint and answer, but also any documents attached to the pleadings, matters properly subject to judicial notice, and materials either incorporated by reference or integral to the allegations of the complaint. *Solso v. Maxim Healthcare Servs.,*

4

*Inc.*, 2015 WL 12697727, at *1 (C.D. Cal. Mar. 3, 2015); s*ee also Butler v. G4S Secure Sols. (USA) Inc.,* 2019 WL 6039966, at *3 (E.D. Wash. Nov. 14, 2019) ("If the documents are only described in the complaint, rather than attached to the complaint, then 'they may be considered if their authenticity … is not contested' and 'the plaintiff's complaint necessarily relies' on them.") (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)).

## IV. ARGUMENT

### A. Plaintiff's Labor Code Section 203 Claim Fails Because Her Allegations Are Legally Insufficient Under Rule 8

Plaintiff's Section 203 claim is facially defective because she has not pled sufficient facts to establish the claim under federal pleading standards. The Court has already dismissed Plaintiff's minimum wage claim with prejudice, [**Dkt. 83**], and granted Defendants summary judgment against her overtime claim. [**Dkt. 165**]. In fact, the Court has either dismissed or found Plaintiff exempt from all remaining claims in the SAC.  Without a surviving predicate wage violation, there is no basis for asserting a Section 203 claim. *See Alvarado v. Amazon.com, Services LLC*, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022) (dismissing Section 203 claim because Plaintiff's predicate allegation for uncompensated time failed standard set forth in *Landers*); *Barrett v. Saint-Gobain Glass Corp.*, 2024 WL 4828715, at *10 (C.D. Cal. Nov. 18, 2024) ("Plaintiffs' waiting time penalties claim is derivative of Plaintiffs' deficient wage, meal and rest break period, and business expenditure claims . . . and thus fails alongside those claims[.]"); *Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at *3 (C.D. Cal. Feb. 5, 2019) ("Plaintiff's claim for failure to pay wages upon termination is predicated upon his claims for failure to pay overtime wages, minimum wages and for missed meal periods, his failure to adequately plead those predicate claims necessarily means that he has failed to adequately plead this claim.").

Even if a viable predicate remained, Plaintiff fails to allege the basic facts required to state a plausible Section 203 claim. She does not identify what wages she was owed at the time of separation, when such wages accrued, or any facts supporting the assertion that Defendants acted willfully. "To state a claim for failing to timely pay wages upon termination, courts in this circuit have required plaintiffs to allege . . . 'exactly what wages were earned and unpaid.'". *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 5246264, at *7 (C.D. Cal. Aug. 24, 2024) (dismissing a Section 203 claim brought by the same attorneys here where plaintiff failed to allege factual details such as "the wages earned, and the wages expected . . . which renders her factual allegations too sparse to satisfy Rule 8.") (quoting *Guerro v. Halliburton Energy Servs.*, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016)); *see also*, *Barret*, 2024 WL 4828715, at *10–11 (C.D. Cal. Nov. 18, 2024) (same) (citing *Wilcox*, 2023 WL 52446264, at *7).

Here, as this Court has noted, Plaintiff merely "list[s] a variety of random times where Plaintiff and the putative class worked long hours or allegedly performed unpaid work off the clock," which "does not satisfy Plaintiff's burden" to meet the *Landers* standard. [**Dkt. 83**, at 7:6–15]. Plaintiff gives this Court no measure of what wages were earned and unpaid and thus fails to state a claim upon which relief can be plausibly ascertained. On this basis alone, Defendants are entitled to judgment on the pleadings for Plaintiff's fifth cause of action.

**B.    Plaintiff's Labor Code Section 203 Claim Fails Because Defendants Had a Good Faith Dispute Regarding Whether Any Wages Were Due**

Under California law, waiting time penalties under Labor Code Section 203 are available only when an employer "willfully" fails to pay wages owed at the time of separation. Cal. Lab. Code § 203(a). Accordingly, a claim for waiting time

6
NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

penalties requires a showing that the failure to pay wages was willful. *Cornish v. Odyssey HealthCare, Inc.*, 2009 WL 10671024, at *12 (C.D. Cal. Sept. 22, 2009).

As a result, "a good faith dispute that any wages are due will preclude the imposition of waiting time penalties under Section 203." Cal. Code Regs. tit. 8, § 13520. The good faith defense arises "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. *Id.* "This regulation 'imposes an objective standard.'" *Hill v. Walmart Inc.*, 2021 WL 342574, at *7 (N.D. Cal. Jan. 14, 2021), *aff'd*, 32 F.4th 811 (9th Cir. 2022).

California law expressly permits employers to calculate compensation by "task, piece, commission, or otherwise." Cal. Lab. Code § 200(a). As the California Supreme Court has recognized, "[t]he compensation owed employees is a matter determined primarily by contract," and such agreements may satisfy all wage obligations even if they "fail to attribute to each and every compensable hour a specific amount equal to or greater than the minimum wage." *Oman v. Delta Air Lines, Inc.*, 9 Cal.5th 762, 781–82 (2020). Courts must look to the mutual intent of the parties at the time of contracting to determine whether certain work was included within a task-based compensation model. *Huckaby v. CRST Expedited, Inc.*, 2025 WL 987195, at *4 (C.D. Cal. Apr. 1, 2025).

Plaintiff's claims stem from her alleged misclassification. Because she was paid as an independent contractor, Plaintiff's own allegations and the Performance

7

NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

Agreements [**Dkt. 133-4**, Exs. 23–26][2] confirm that she was paid on a per-scene basis under a piece-rate compensation model. The Agreements specified that she would be engaged to provide a range of services for each scene and paid a flat fee per scene. The defined term "Services" included not only acting and modeling, but also other ancillary activities reasonably necessary to perform in each scene. *Id.* Ex. 23, at ¶¶1–2. Accordingly, Defendants reasonably believed that all of Plaintiff's time, including for preparation and logistics, was encompassed within the *negotiated* per-scene rate. Indeed, the Complaint explicitly acknowledges that she undertook these ancillary activities in preparation for her film shoots. [**Dkt. 53**, at ¶¶36–38].

Whether work is separately compensable as "wages" may also be defined by an express or constructive agreement. *See Henry v. Med-Staff, Inc.*, 2007 WL 1998653, at *12 (C.D. Cal. July 5, 2007). Where, as here, the parties adopted a piece-rate structure and continued performance occurred under that understanding, Defendants' reasonable belief that all compensable work had been paid suffices to establish a good faith dispute. *See Cornish,* 2009 WL 10671024 at *12 (granting summary judgment on Section 203 claim where Defendant's defense based on express language of a company policy constituted a good faith dispute); *Utne v. Home Depot U.S.A., Inc.,* 2019 WL 3037514, at *5 (N.D. Cal. July 11, 2019) (same).

---

[2] The Performance Agreements are "integral to the allegations of the complaint" and therefore properly considered by the Court in ruling on Defendants' Motion. *See Solso v. Maxim Healthcare Servs., Inc.,* 2015 WL 12697727, at *1 (C.D. Cal. Mar. 3, 2015); *see also* [**Dkt. 166**, at 2] ("Plaintiff further contends that Defendants have policies (e.g., Performance Agreements) and/or practices that caused, and continue to cause, Plaintiff and putative class members, at times, to fail to receive all wages owed to them for all hours worked pursuant to, without limitation, Labor Code § 201(a).").

Plaintiff summarily asserts without factual support that Defendants' alleged failure to pay final wages was "willful" [**Dkt. 53**, at ¶ 114]. Her lone support for this assertion is the circular statement that Defendants "adopted policies or practices" that resulted in violations of Section 203. *Id.* That is insufficient to survive scrutiny. "Plaintiff cannot simply state that Defendant acted willfully; [s]he must allege facts to establish this requisite element." *Luna v. New Hampshire Ball Bearings, Inc.*, 2020 WL 11571723, at *4 (C.D. Cal. Oct. 15, 2020).

To the extent Plaintiff's claim for "willfulness" is based on Defendants' alleged misclassification, Defendants' have presented a good faith defense that Plaintiff was an independent contractor. Importantly, the Court has found "the facts before the Court present a mixed record regarding the extent of Defendant's control over Plaintiff's work. As such, summary judgment is unwarranted." *Thoma v. VXN Group*, 2025 WL 1766337, at *19 (C.D. Cal. Mar. 11, 2025). "Plaintiff was able to operate her website 'Kenzieland,' on which she sold access to her own self-produced adult films. Such content would ostensibly be in competition with Defendant VXN. These facts tend to suggest status as an independent contractor." *Id.* (internal citation omitted).

In a similar case, the Ninth Circuit affirmed that misclassification of a model was not willful because objectively reasonable facts existed to support independent contractor status, even if the Defendants did not ultimately prevail.

> [Plaintiff] worked by the day – or job – and not by the hour. The length of time for which she was employed is consistent with independent contractor status – or at the very least is not inconsistent with such a status. These facts tend to show, therefore, that Walmart had some basis to believe that she was an independent contractor rather than an employee. Even if ultimately insufficient to deem [Plaintiff] an independent contractor, the above facts present some 'objectively reasonable' evidence as defense to her wage claim.

*Hill*, 2021 WL 342574, at *7 *aff'd*, 32 F.4th 811 (9th Cir. 2022). Just as in *Hill*, it was objectively reasonable for Defendants to believe Plaintiff was an independent contractor. *See also Topete v. Red Robin Int'l, Inc.*, 2018 WL 5917905, at *3 (C.D.

9

NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM OF POINTS AND AUTHORITIES

Cal. Aug. 30, 2018) (finding a plaintiff was not willfully misclassified as exempt because many of his duties were exempt tasks.)

Accordingly, because Defendants can establish a good faith dispute, and because Plaintiff cannot establish the element of willfulness as a matter of law, judgment on the pleadings is appropriate for her Section 230 claim.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter judgment on the pleadings in Defendants' favor as to Plaintiff's claim for waiting time penalties under Labor Code Section 203. Further, because Plaintiff's Section 203 claim is her sole remaining claim, Defendants respectfully request that the Court dismiss this action with prejudice.

Dated: July 11, 2025

Respectfully submitted,

KANE LAW FIRM

By: /s/ Brad S. Kane
Brad Kane
Trey Brown
Attorney for Defendants
VXN Group LLC and Mike Miller

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,994 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 11, 2025     By:     */s/ Brad S. Kane*
                                  Brad Kane

# CERTIFICATE OF SERVICE

I, Brad S. Kane, hereby certify that this document has been filed on July 11, 2025, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 11, 2025     By:     */s/ Brad S. Kane*
                                  Brad Kane

# CERTIFICATE OF COMPLIANCE WITH L.R. 7-3

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 18, 2025.

Dated: July 11, 2025     By:     */s/ Brad S. Kane*
                                  Brad Kane