UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE ANNE THOMA,<br><br>    Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, et al.,<br><br>    Defendants. | Case No. 2:23-cv-04901-WLH-AGR<br><br>**ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [179]** |

The Court is in receipt of Defendants' Motion for Judgment on the Pleadings (the "Motion"). (Mot. for J. on Pleadings ("Mot."), Docket No. 179). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 15 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for August 15, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

///

///

## I. BACKGROUND

The Court established the pertinent factual and procedural background in its order granting in part and denying in part Defendants' motion for summary judgment (the "MSJ Order"), which the Court incorporates by reference. (*See* MSJ Order, Docket No. 165 at 2-14). The Court, therefore, only provides the relevant background since the date of the MSJ Order on March 11, 2025.

The Court in its MSJ Order granted the motion as to the first issue, finding that Wage Order 12 ("IWC 12") applies to Defendant VXN, but that Plaintiff is exempted from its protections as a professional actor under the professional actor exemption (the "PAE"). (*Id.* at 44). As the PAE exempts professional actors from the overtime, wage statement, and meal and rest break period requirements of IWC 12 (*Id.* at 25), this holding effectively eliminated four of the five remaining causes of action in the Second Amended Complaint (the "SAC") – namely, (1) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; and (6) wage statement violations.[1] (*Id.*; *see also* SAC). As such, the sole remaining cause of action in the SAC is a claim for (5) waiting time penalties under California Labor Code § 203 ("Section 203").

The Court denied the motion as to the second issue, finding that Plaintiff could not be classified as an independent contractor as a matter of law. (MSJ Order at 43-44). Rather, Plaintiff had "raised genuine dispute of material fact regarding the amount of control she exert[ed] over the performance of her work," such that summary judgment was "improper" as to her employment classification. (*Id.* at 43).

On July 11, 2025, Defendants filed the Motion before the Court. (*See* Mot.). The Motion is fully briefed.

---

[1] The Court notes that it had already dismissed with prejudice the claims for (2) failure to pay minimum wages and (7) failure to indemnify. (*See* Order re Renewed Mot. to Dismiss SAC, Docket No. 83 at 10).

1

## II. DISCUSSION

### A. Legal Standard

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). In ruling on a judgment on the pleadings, a court "must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Webb v. Trader Joe's Company*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. Analysis

Defendants present two arguments in support of the Motion. First, Defendants argue that Plaintiff's Section 203 claim fails under Rule 8. (Mot. at 5-6). Second, Defendants argue that the Section 203 claim also fails because Plaintiff did not provide sufficient factual support "that Defendants' alleged failure to pay final wages was 'willful[,]'" particularly where "Defendants can establish a good faith dispute[.]" (*Id.* at 9-10) (quoting SAC ¶ 114). As explained herein, the Court disagrees with both lines of argument and, therefore, **DENIES** the Motion.

Before turning to the Parties' arguments, the Court briefly details the relevant sections of the California Labor Code. California Labor Code § 200 ("Section 200") provides definitions for "wages" and "labor." Cal. Labor Code § 200(a)-(b). Wages are defined broadly as "all amounts for labor performed by employees[2] of every description, whether the amount is fixed or ascertained by the standard of time, task,

---

[2] As explained in the MSJ Order, Plaintiff is presumptively an employee. (*See* MSJ Order at 30).

piece, commission basis, or other method of calculation." *Id.* § 200(a). Labor is defined, similarly broadly, as "labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment." *Id.* § 200(b).

California Labor Code § 201 ("Section 201") provides, in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." *Id.* § 201(a). As a presumptive employee (*see* MSJ Order at 30), Plaintiff is entitled to the protections of Section 201.[3]

California Labor Code § 203 ("Section 203") provides "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced[.]" *Id.* § 203(a). Such "wages shall not continue for more than 30 days." *Id.*

### 1. Plaintiff Section 203 Claim Survives Rule 8

Defendants present two arguments regarding Rule 8. First, Defendants argue that the Section 203 claim is legally insufficient where no viable predicate wage violations remain. Second, Defendants argue that, even if a predicate wage violation

---

[3] Section 201.5 applies to individuals "hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls." Cal. Labor Code § 201.5(a). This subsection provides that, upon the termination of such a relationship – "whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise" – such employee "is entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday." *Id.* § 201.5(d), (b). While not explicitly applicable to Plaintiff, this subsection may be relevant for putative class members. Additionally relevant to putative class members, Section 202(a) provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." *Id.* § 202(a).

remained, there are insufficient factual allegations to state a claim under Rule 8. As explained herein, the Court disagrees with both arguments.

### a. Section 203 Claim Survives Without a Predicate Wage Violation

Defendants first contend that the Section 203 claim fails to satisfy Rule 8 because "[w]ithout a surviving predicate wage violation, there is no basis for asserting a Section 203 claim."[4] (Mot. at 5). Defendants cite to three cases in support of that proposition – *Alvarado v. Amazon.com, Services, LLC*, No. 20-cv-07292-BLF, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022) ("*Alvarado*"), *Barrett v. Saint-Gobain Glass Corp.*, No. 8:24-cv-01844-FWS-DFM, 2024 WL 4828715, at *10 (C.D. Cal. Nov. 18, 2024) ("*Barrett*") and *Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at *3 (C.D. Cal. Feb. 5, 2019) ("*Archuleta*"). (*Id.*). Plaintiff contends that none of these cases "stands for the proposition that there is a *requirement*" that a Section 203 claim be supported by additional claims of wage violations as "separate cause[s] of action." (Opp'n to Mot., Docket No. 185 at 14) (emphasis in original). The Court agrees. Rather, in Defendants' cited cases, the Section 203 claims were dismissed *because* they were derivative of other insufficiently pleaded labor code violations. But these cases do not hold that a Section 203 claim cannot survive without a predicate violation, nor is the Court aware of any such authority.[5]

In *Alvarado*, the court concluded that all of the plaintiff's "claims for labor violations" were offered "[w]ithout any factual support[,]" such that the "derivative

---

[4] Defendants argue in their Reply that Plaintiff incorrectly "conflates Defendant's [*sic*] Motion as arguing that a Section 203 claim must be paired with a separate claim for relief[,]" when the Motion actually supposedly argues that a "Section 203 claim cannot be maintained where the entitlement to wages is predicated on factual allegations that have been extinguished as insufficient by prior rulings." (Reply, Docket No. 187 at 4). First, Defendants' own quoted language from the Motion suggests Plaintiff did not misconstrue the argument. Second, to the extent that the Court ruled that Plaintiff is exempt from IWC 12 protections, this does *not* "extinguish[]" factual allegations within the SAC. Defendants cite to no Court order that effectively dismissed underlying *factual allegations* from the operative pleading.

[5] The Court adds that, from a policy perspective, this reading would make little sense. Surely an employer cannot *only* be subject to waiting time penalties if they also

claim[]" for "failure to pay wages of terminated or resigned employees [] also fail[ed]." *Alvarado*, 2022 WL 899850, at *2. In other words, in *Alvarado*, the Section 203 claim was solely derivative of other insufficiently pleaded labor violations that fundamentally lacked any factual support. The court, therefore, dismissed the complaint in its entirety and granted the plaintiff leave to amend. *Id.* at *3.

In *Barrett*, the court similarly found that the Section 203 was "derivative of Plaintiffs' [other] deficient . . . claims," and, therefore, "fail[ed] alongside those claims." *Barrett*, 2024 WL 4828715, at *10. The court also found the Section 203 claim deficient because the plaintiffs "failed to allege sufficient facts regarding the termination of their employment or the wages earned or expected[.]"[6] *Id.* The plaintiffs' only allegations relating specifically to the Section 203 claim were that they "worked for [the d]efendant between May 2024 and June 2024 and '[the d]efendant willfully failed and refused to timely pay [the p]laintiffs and the [c]lass all final wages due at their termination of employment[.]'" *Id.* (quoting pls.' compl. ¶¶ 7-8, 19). Finding this entirely conclusory, the court dismissed the complaint but granted leave to amend. *Id.* at *15.

Finally, in *Archuleta*, the sole allegations pertaining to the Section 203 claim were that (1) "'[the d]efendants failed to pay [the p]laintiff . . . all wages earned and unpaid prior to termination'" and (2) "'[the d]efendants willfully failed to pay overtime wages, minimum wages, and one hour of wages in lieu of each unprovided or interrupted meal period.'" *Archuleta*, 2019 WL 1751830, at *3 (quoting pl.'s compl. ¶¶ 49, 8). In dismissing the Section 203 claim, the court emphasized that "[b]ecause [the p]laintiff's claim for failure to pay wages upon termination is predicated upon his claims for failure to pay overtime wages, minimum wages and for missed meal periods, his failure to adequately plead those predicate claims *necessarily*

---

committed a separate, actionable wage violation, such as failure to pay minimum wage.
[6] The Court addresses this argument further below as it applies to the instant matter.

5

*means* that he has failed to adequately plead this claim." *Archuleta*, 2019 WL 1751830, at *3 (emphasis added). In that case, the only factual underpinnings for the Section 203 claim were the other insufficiently pleaded labor code violations, which the court found to be bare and conclusory. The court, therefore, dismissed the complaint in its entirety with leave to amend. *Id.* at *4.

Unlike *Alvarado, Barrett* and *Archuleta*, Plaintiff's Section 203 claim is not entirely derivative of a deficiently pleaded claim. The fact that Plaintiff's first, third, fourth and sixth causes of action were effectively eliminated by the holding of the MSJ Order does not mean that the factual underpinnings of those claims were too conclusory. Accordingly, the Court disagrees that the Section 203 claim fails due to an absence of a "surviving predicate wage violation[.]" (Mot. at 5). Where Defendants have presented no case law that supports this proposition – nor is the Court aware of any – this argument fails.

### b. Plaintiff Pleads Sufficient Facts Under Rule 8

"To state a claim for failing to timely pay wages upon termination, courts in this circuit have required plaintiffs to allege when their 'employment with Defendant ended,' and 'exactly what wages were earned and unpaid.'" *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, No. 2:23-cv-02802-MCS-JC, 2023 WL 5246264, at *7 (C.D. Cal. Aug. 14, 2023) (quoting *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-cv-1300-LJO-JLT, 2016 WL 6494296, at *8 (E.D. Cal. Nov. 2, 2016)) (collecting cases). Rather than allege a specific *amount* of wages, a claim is sufficiently pleaded when it identifies what owed compensation was not received. *See, e.g., Tukay v. United Continental Holdings, Inc.*, No. 14-cv-04343-JST, 2014 WL 7275310, at *6 (N.D. Cal. Dec. 22, 2014) (denying motion to dismiss where the plaintiff alleged he was not paid his wages, nor for his medical treatment or for his vacation and sick leave for a three month period); *Bernstein v. Vocus, Inc.*, No. 14-cv-0561-THE, 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014) (denying motion to dismiss where the

plaintiff alleged that, following his termination, he was not paid his salary, bonus and stock).

Defendants argue that the "[e]ven if a viable predicate remained, Plaintiff fails to allege the basic facts required to state a plausible Section 203 claim" because she provides the Court "no measure of what wages were earned and unpaid."[7] (*Id.* at 6). Plaintiff contends that she has pleaded sufficient facts to state a claim "[b]y alleging that Defendants failed to pay her for compensable work . . . during at least one of those pay periods during which she was employed . . . specifically cit[ing] to Spring of 2022." (Opp'n to Mot. at 11). The Court agrees with Plaintiff.

In the SAC, Plaintiff alleges that on one occasion "in or around Spring 2022 . . . Defendants believed that Plaintiff had cosmetic surgery done on her buttocks, and as a result of this misguided belief, Defendants refused to pay Plaintiff for a modeling shoot[8] she already participated in and refused to release any photos

---

[7] Defendants do not argue that Plaintiff fails to identify when she was terminated, such that the Court deems any argument on this point waived. *Luviano v. Multi Cable, Inc.*, No. CV 15-05592-BRO, 2016 WL 11220465, at *2 (C.D. Cal. Nov. 15, 2016) (citing *United States v. Room*, 455 F.3d 990, 997 (9th Cir. 2006)). Plaintiff's date of termination was established by evidence submitted in support of the motion for summary judgment. (*See* Joint Appendix of Evidence Vol. II, Docket No. 133-4, Ex. 27, Notice of Termination at 1). To the extent, however, that the exact date of termination – September 28, 2022 – is not alleged in the SAC, Plaintiff is granted leave to amend in this limited capacity.

[8] Defendants argue that "Plaintiff identifies no contract provision requiring additional compensation for promotional modeling[,]" and that she "raises, at most, a disagreement about how the Performance Agreement should be read." (Reply at 4). The Court disagrees both with Defendants' premise, as well as their interpretation of pleading requirements. At the pleading stage, Plaintiff does not need to *prove* her claim. Under *Landers*, the pleading standard "does not rise to the level of a probability requirement, but it demands 'more than a sheer possibility that a defendant has acted unlawfully[.]'" *Landers v. Quality Comm's, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Given Plaintiff is paid on a per-scene basis, the allegation that she performed a modeling shoot, and that she was subsequently not compensated for it, provides sufficient factual detail for the Court to "'draw the reasonable inference'" that Plaintiff was plausibly not paid wages for labor

taken from the shoot." (SAC ¶ 42). Rule 8 does not require that Plaintiff plead a specific *amount* of wages that were unpaid – even if she were a salaried employee, *Bernstein*, 2014 WL 3673307, at *5, or an hourly employee, *Tukay*, 2014 WL 7275310, at *6. Rather, what is required of a plaintiff is identifying what – whether wages, overtime, benefits or otherwise – went uncompensated. Here, in the context of Plaintiff's being subject to a "piece-rate compensation model[,]" where she was paid on a "per scene basis," the Court finds that Plaintiff's pointing to a distinct incident in which she performed labor and did not receive wages is sufficient. (Mot. at 8). Requiring anything more would be impractical in this context. In sum, the Court concludes that Plaintiff has sufficiently alleged a Section 203 claim.[9]

### 2. Section 203 Claim Is Not Barred by Insufficient Willfulness, and Assessing a Good Faith Dispute Is Premature at this Stage

The governing regulations of Section 203 explain that "[a] willful failure to pay wages within the meaning of [Section 203] occurs when an employer intentionally

---

performed prior to her termination in September 2022. *Id.* (quoting *Iqbal*, 556 U.S. at 678). Furthermore, the Court does not take well Defendants' overreading and overstating of the Court's holding in the MSJ Order. (*See* Reply at 3-4) (arguing that because the Court found that Plaintiff's performing modeling services did not render her *not* an actor, that this "confirms [the] reading" that modeling was not to be "some distinct, separately compensated function"). In no regard does the Court's analysis regarding Plaintiff's classification as a professional actor under the PAE bear upon the model compensation at issue.

[9] The Court recognizes, however, that the practical effect of the MSJ Order's eliminating four of Plaintiff's five remaining claims likely renders the SAC unnecessarily lengthy and unfocused. To the extent that Plaintiff wishes to supplement the factual allegations specifically relating to the Section 203 claim – now that it stands alone – while eliminating other, unrelated factual allegations, the Court grants Plaintiff leave to amend in this *very* limited capacity. While Defendants argue that granting leave to amend is "futile" and would be "prejudic[ial]," (*see* Reply at 7-9), the Court disagrees. As already noted, the fact that Plaintiff is exempted from IWC 12's protections does not render the underlying allegations "implausible[,]" such that amendment would be futile. (*Id.* at 8). Furthermore, while Defendants argue that "[r]eopening the pleadings now would substantially prejudice Defendants" because "[s]ignificant discovery has already taken place[,]" this argument falls short when discovery was bifurcated (*see* Order re Mot. to Bifurcate Discovery, Docket No. 66), and the second phase only recently began in March.

fails to pay wages to an employee when those wages are due." Cal. Code Regs., tit. 8, § 13520; *see also Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 7 (1981) (emphasizing that the "employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due[,]" but rather is simply an intentional failure or refusal "to perform an act which was required to be done"). A "good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203." Cal. Code Regs., tit. 8, § 13520. A "good faith dispute," in turn, "occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee." *Id.*

Defendants present two arguments relating to the "willfulness" aspect of the Section 203 claim. First, they contend that willfulness is insufficiently alleged, such that the claim fails. Second, they contend that the Section 203 claim independently fails because Defendants have a "good faith dispute." As explained herein, the Court disagrees with both arguments.

### a. Willfulness Is Sufficiently Alleged

Defendants argue that Plaintiff "summarily asserts without factual support that Defendants' alleged failure to pay final wages was 'willful[,]'" contending that the "lone support for this assertion is the circular statement that Defendants 'adopted policies or practices' that resulted in violations of Section 203." (Mot. at 9) (quoting ¶ 144). The Court disagrees that the SAC lacks factual support that the alleged failure to pay final wages was willful.[10]

---

[10] Furthermore, the two cases to which Defendants cite in support of this argument are inapposite. In *Luna v. New Hampshire Ball Bearings, Inc.*, the court found the Section 203 claim insufficiently pleaded where he simply "state[d] that Defendant acted willfully[,]" without providing any factual support at all – including that he was actually terminated. No. 2:18-cv-10755-AB-JC, 2020 WL 11571723, at *4 (C.D. Cal. Oct. 15, 2020). Similarly, in *Anthony v. Iron Mountain, Inc.*, the plaintiff had merely stated on a conclusory manner that the defendant's conduct was "willful," without providing basic facts. Here, where the SAC contains factual support beyond mere labels of willfulness, as explained below, these cases are distinguishable.

9

1    "As used in [S]ection 203, 'willful' merely means that the employer
2    intentionally failed or *refused* to perform an act which was required to be done."
3    *Barnhill*, 125 Cal.App.3d at 7 (emphasis added).  Here, Plaintiff alleges that, after
4    "she already participated in" a modeling shoot, Defendants "refused to pay [her]"
5    because they "believed that [she] had cosmetic surgery done on her buttocks[.]"  (SAC
6    ¶ 42).  Taking the allegations as true, a refusal to pay Plaintiff for services she had
7    already performed qualifies as "willful" within the meaning of Section 203.[11]

8              b.   Ruling on a "Good Faith Dispute" Is Premature

9    "The majority of courts to address the 'good faith dispute' defense have done so
10   at the summary judgment stage of the litigation."  *Boone v. Amazon.com Services,*
11   *LLC*, 562 F.Supp.3d 1103, 1126 (E.D. Cal. 2022) (collecting cases) (declining to grant
12   motion to dismiss Section 203 claim).  Courts regularly deem "the issue more
13   appropriate for resolution by post-pleading motions involving the submission of
14   evidence . . ."  *Id*; *see also Diaz v. Grill Concepts Servs., Inc.*, 23 Cal.App.5th 859,
15   874 (2018) (emphasizing that a "'good faith dispute' excludes defenses that 'are
16   unsupported by any evidence . . .'") (quoting Cal. Code Regs., tit. 8 § 13520(a)).

17   Defendants argue that that the Section 203 claim fails "because Defendants had
18   a good faith dispute regarding whether any wages were due[.]"[12]  (Mot. at 6).
19   Defendants cite to a series of cases, all of which support the general proposition that
20   an objectively reasonable, good faith defense defeats a Section 203 claim.  (Mot. at 6-
21   9) (citing *Cornish v. Odyssey HealthCare, Inc.*, No. 09-00014-GHK, 2009 WL

---

[11] Defendants argue that Plaintiff fails to "allege a critical fact . . . [that] she was *entitled* to payment for the 'modeling shoot.'" (Reply at 2).  The Court disagrees. Plaintiff need not prove her case at this stage; she must merely state a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 678.  It is more than plausible that, given Plaintiff's piece-rate compensation on a per-scene basis, she was entitled to be paid for a modeling scene.

[12] Defendants' supposed "good faith defense [is] that Plaintiff was an independent contractor." (Mot. at 9).  Whether or not Plaintiff was an independent contractor, however, fails to bear in any meaningful way upon the alleged willful failure to pay Plaintiff for a modeling shoot.

10671024, at *12 (C.D. Cal. Sept. 22, 2009) ("*Cornish*"); *Hill v. Walmart*, No. 19-cv-05436-JST, 2021 WL 342574, at *7 (N.D. Cal. Jan. 14, 2021), *aff'd*, 32 F.4th 811 (9th Cir. 2022) ("*Hill*"); *Huckaby v. CRST Expedited, Inc.*, No. 2:21-cv-07766-ODW, 2025 WL 987195, at *4 (C.D. Cal. Apr. 1, 2025) ("*Huckaby*"); *Utne v. Home Depot U.S.A., Inc.*, No. 2019 WL 3037514, at *5 (N.D. Cal. July 11, 2019) ("*Utne*"); and *Topete v. Red Robin Int'l, Inc.*, No. SACV 17-01721 AG, 2018 WL 5917905, at *3 (C.D. Cal. Aug. 30, 2018)). Plaintiff argues that all of these cases are inapposite, as they were all decided at the summary judgment stage. (Opp'n to Mot. at 17-18). The Court agrees.

The question of a good faith dispute is best raised on summary judgment, when the parties have had the opportunity to discover and introduce evidence. *Boone*, 562 F.Supp.3d at 1126; *Diaz*, 23 Cal.App.5th at 874. This is particularly so where "'[d]efenses presented which . . . are unsupported by any evidence . . . will preclude a finding of a good faith dispute.'" *Hill*, 2021 WL 342574, at *7 (quoting Cal. Code Regs., tit. 8 § 13520). As Plaintiff notes, in all of the cases cited to by Defendants, the issue of the good faith dispute was raised on summary judgment after the presentation of evidence. *See Cornish*, 2019 WL 10671024, at *12-13 (granting summary judgment where evidence suggested good faith defense was reasonable); *Hill*, 2021 WL 342574, at *8 (same); *Huckaby*, 2025 WL 987195, at *4 (denying summary judgment where fact question remained as to whether piece-rate compensation covered certain activities); *Utne*, 2019 WL 3037514, at *5 (granting summary judgment where evidence suggested good faith defense was reasonable); *Topete*, 2018 WL 5917905, at *2-3 (same). Defendants have provided no convincing argument as to why this question should be resolved at this early stage when discovery into this issue has only recently begun.[13]

---

[13] Defendants, of course, are free to move for summary judgment if they wish the Court to assess whether there is no genuine dispute as to any material fact on this point, following discovery and the presentation of evidence from both sides.

11

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion. Plaintiff is granted leave to amend in the very limited capacities noted herein. Should Plaintiff wish to file an amended complaint, she must do so within twenty-one (21) days.

**IT IS SO ORDERED.**

Dated: August 13, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE