

Sarah Cohen <sarah@tomorrowlaw.com>

## Thoma v VXN - CASE NO.: 2:23-cv-04901-WLH

**Trey Brown** <trey.brown@kodify.io>  Wed, Oct 22, 2025 at 11:01 PM
To: Sarah Cohen <sarah@tomorrowlaw.com>, Trey Brown <trey.brown@vixenmediagroup.com>
Cc: "Ginter, Brian S." <bginter@bwslaw.com>, Tb <tb@dorado.law>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Chris Cude <ccude@kanelaw.la>, Emilie Kennedy <emilie.kennedy@kodify.io>, "Cwaugh@waugh.legal" <cwaugh@waugh.legal>, Brad Kane <bkane@kanelaw.la>, Mackenzieannethomaz11014082 <MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com>, Cierra Elmore <cierra@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, David Bibiyan <david@tomorrowlaw.com>

Sarah,

(1) Class Contact Information

Nearly all class contact information has been produced in expedited fashion so as to not hinder your ability to take class discovery. We promptly complied with Judge Rosenberg's order by providing class contact information associated with the excel spreadsheet relating to the initial performer agreements and performer release samples. Dkt. 192. Since then, we diligently produced remaining class data as fast as possible. However, the wrong statute of limitations in your complaint caused significant delays and unnecessary attorney time and review.

Since then, we have produced class information by year so that you can immediately begin contacting the class without delay in light of your pending class certification motion.

Ultimately, correlating a performer's stage name with his or her payment data, and then locating cell phone and email addresses takes time and is not something readily available. To the extent this is not how you normally receive information, this case is not your typical employment case. We will provide an updated class number as soon as we complete production. As of this writing, the number stands at or around 443, which I expect to rise to around 530 or so given the 2025 production year.

We have redacted emails that contain the performer's real name in the email address in light of the protective order by the court. Dkt. 192.

(2) Native Documents Associated with Pay Data

We produced pay data for performers that was kept in the usual course of business. Under FRCP 34(e) "[a] party need not produce the same
electronically stored information in more than one form."

Moreover, "native documents" usually refers to documents containing original metadata. Wire confirmations are separate documents. And, this case contains thousands of payments to performers, so you are asking for thousands of documents without a formal discovery request.

Ultimately, we need you to show: (1) case law supporting the notion that "wire confirmations" fall under "native documents" and are not a separate document request; (2) that the thousands of documents you request are relevant, given the substantial undue burden defendants would incur; (3) that the thousands of documents you request are relevant in light of the significant privacy concerns relating to both Defendants' bank account information and the performer's bank account information; (4) and that your request is proper under the federal
rules of civil procedure. See *United States ex rel Hooper v. Lockheed Martin Corp*., 2009 WL 10655342, at *2 (C.D. Cal. Dec. 10, 2009).

(3) Status of production of scene reports / legend of filming dates:

Once we complete the class contact information, we will produce correlating production dates. We will not produce "scene reports"
absent a formal discovery request.

(4) Modifying the Scheduling Order

We will not stipulate to modify the scheduling order. A six month delay will result in significant prejudice to Defendants.

(5) Plaintiff's Wish List

Could you please provide us with your wish list? Without actually seeing a list, it is impossible for us to consider your request. That being said, we are not likely to agree to an "informal discovery process" when we currently are in litigation with a formal discovery process in place.

Regards,
Trey

![A close-up of a logo Description automatically generated with low confidence]

**From:** Sarah Cohen <sarah@tomorrowlaw.com>
**Date:** Tuesday, October 21, 2025 at 11:53 PM
**To:** Trey Brown <trey.brown@vixenmediagroup.com>
**Cc:** Ginter, Brian S. <bginter@bwslaw.com>, Tb <tb@dorado.law>, Nadia Rodriguez <nadia@tomorrowlaw.com>, Chris Cude <ccude@kanelaw.la>, Emilie Kennedy <emilie.kennedy@kodify.io>, Cwaugh@waugh.legal <cwaugh@waugh.legal>, Brad Kane <bkane@kanelaw.la>, Mackenzieannethomaz11014082 <MackenzieAnneThomaZ11014082@tomorrowlaw.filevineapp.com>, Cierra Elmore <cierra@tomorrowlaw.com>, Rafael Yedoyan <rafael@tomorrowlaw.com>, David Bibiyan <david@tomorrowlaw.com>
**Subject:** Re: Thoma v VXN - CASE NO.: 2:23-cv-04901-WLH

Trey,

Please confirm an updated putative class size. You are producing contact information in a format where it is not readily identifiable as to how many class members' contact information has been produced. Contact information is usually provided on a single spreadsheet where the number of employees can be easily tracked. This piecemeal convoluted production is not ideal. Please clarify the class size and confirm the number of putative class members' contact information produced to date. Also, why are some emails redacted? I intend to raise these issues at the IDC if not clarified by then.

We look forward to your response by tomorrow afternoon regarding the outstanding issues.

Kind regards,

**Sarah Cohen, Esq.**
**Partner**

**Bibiyan Law Group, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555
Fax: (310) 300-1705
www.tomorrowlaw.com





https://www.nba.com/clippers/