UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV-23-04901-WLH (AGRx)                                Date: December 10, 2025

Title  Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| C. Howard for K. Lozada | CS 12/10/2025 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Sarah Hannah Cohen | Brian S. Ginter |
| | Trey David Brown |

**Proceedings: ORDER RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PERFORM A FORENSIC SEARCH OF HER ELECTRONICALLY STORED INFORMATION (DKT. NO. 211)**

Case is called. Counsel state their appearances.

On October 31, 2025, Defendants filed a Motion to Compel Plaintiff to Perform a Forensic Search of Her Electronically Stored Information ("ESI"). (Dkt. No. 211.) Plaintiff filed an opposition, a request for judicial notice, and evidentiary objections.[1] (Dkt. Nos. 217-219.) Defendants filed a reply. (Dkt. No. 222.) The court heard oral argument.

*Legal Standards*

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after

---

[1] Plaintiff's request for judicial notice of Sedona Conference material is denied as unnecessary to adjudication of Defendants' motion. Plaintiff's evidentiary objections are denied as moot because the court does not rely on the objected portions of the declarations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                           Date: December 10, 2025

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b)(1), in turn, provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

The 2006 Amendment to Rule 34 recognized that "[s]ome electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party." Advisory Comm. Note, 2006 Amendment. The example given is "legacy" data stored in older, superseded systems. "The questions whether a producing party should be required to . . . produce it at all, should be addressed under Rule 26(b)(2)(B)." *Id.*

Rule 26(b)(2)(B), in turn, provides: "A party need not provide discovery of electronically stored information from sources that the party identified as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery." Rule 26(b)(2)(C) provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                         Date: December 10, 2025

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

The 2006 Amendment to Rule 34 was "not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems." Advisory Comm. Note, 2006 Amendment.

*Discussion*

After extensive questioning of counsel for all parties, the court concludes that the problem in this case is not (or at least not yet) a forensic examination of Plaintiff's electronic devices. Rather, the problem is insufficient collection, review, and production of responsive documents from the reasonably accessible data on Plaintiff's devices.

Plaintiff is an individual who is suing Defendants for waiting time penalties pursuant to Cal. Lab. Code § 203. The subject matter of the discovery dispute is documentation regarding Plaintiff's claim for damages in this case, a subject that is clearly directly relevant to the claims and defenses, and proportional to the needs of this case.

At the hearing, the court discussed eight categories of discovery tasks that must be accomplished. Ordinarily, "in many cases the responding party will be able to produce information from reasonably accessible sources that fully satisfy the parties' discovery needs." Advisory Comm. Note, 2006 Amendment to Fed. R. Civ. P. 26(b)(2).

"'Attorneys have a duty to oversee their clients' collection of information and documents, especially when ESI is involved, during the discovery process. Although clients can certainly be tasked with searching for, collecting, and producing discovery, it must be accomplished under the advice and supervision of counsel, or at least with counsel possessing sufficient knowledge of the process utilized by the client. Parties and clients, who are often lay persons, do not normally have the knowledge and expertise to understand their discovery obligations, to conduct appropriate searches, to collect responsive discovery, and then to fully produce it, especially when dealing with ESI,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                                          Date: December 10, 2025

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

without counsel's guiding hand.'" *Est. of Schuck v. Cty. of San Diego*, 2025 U.S. Dist. LEXIS 148493, *38 (S.D. Cal. Aug. 1, 2025) (citation omitted).

    Further, "[c]ounsel in a litigation have legal duties to take proactive steps in supervising and searching for documents in discovery that go far beyond simply acceding to a client who fails . . . to produce or provide documents." *In re Soc. Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig.*, 2024 U.S. Dist. LEXIS 160893, *196 (N.D. Cal. Sept. 6, 2024). Although not always required to do so in every case, "in appropriate circumstances, counsel may need to personally conduct or directly supervise a client's collection, review, and production of responsive documents." *Id.* at *197; *see also Etopus Tech., Inc. v. Liu*, 2024 U.S. Dist. LEXIS 118497, *19 (N.D. Cal. July 5, 2024) (ordering attestation that counsel "performed the search for documents directly (and did not rely solely on their client)").

    This is such a case. Plaintiff served written responses to Defendants' document requests on August 29, 2024. (Exh. A to Ginter Decl.) Defendants' motion complains that Plaintiff's production remains incomplete despite the passage of over one year, and highlights Plaintiff's responses to Document Request Nos. 1, 3, 9, 13, 21, 30, and 32. (Motion at 3.) Defendants also point out that the use of an ESI vendor to aid in the collection of documents would likely be significantly less costly to Plaintiff than the time spent briefing these discovery disputes. (*See* Ginter Decl. ¶ 14.) The court urges Plaintiff to consider whether the use of an ESI vendor may save time and money in the long term.

    The court orders Plaintiff's counsel in this case to meet Plaintiff in person with Plaintiff's devices and have attorneys or trained paralegals (a) review the devices for responsive information; (b) review the documents for responsiveness; and (c) produce the responsive documents. The court describes below the eight categories of discovery tasks discussed at the hearing. To be clear, the eight tasks are not intended to be exhaustive. Counsel for the parties will confer further, as described below, and may come upon additional categories of information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                      Date: December 10, 2025

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

*Order*

　　IT IS ORDERED that Defendants' motion to compel is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as follows:

1. Plaintiff's counsel will endeavor to meet with her client in person, and with Plaintiff's devices, by December 19, 2025.  As described above, Plaintiff's counsel should have attorneys or trained paralegals (a) review the devices for responsive information; (b) review the documents for responsiveness; and (c) produce the responsive documents.

2. Plaintiff's counsel must investigate whether Plaintiff had a laptop and, if the answer is yes, obtain access to that laptop for discovery.  In her declaration, Plaintiff states that she did not own a laptop during 2020-2024.  (Thoma Decl. ¶ 4(f).)   On the other hand, Defendants attach photos from Plaintiff's Instagram in 2023 showing a laptop and monitor on a computer table in the backgrounds.

3. Plaintiff's counsel must oversee the search for information on the devices about the alleged documentary-style video in 2022 and associated appointments such as costume fittings.  The search must encompass at least the electronic calendars, texts, emails, or other electronic information that indicate the dates/times for filming, shoots, costume fittings, or other related appointments; the name, including working title, of the production; and the identities of the producer, director, costumer, etc.  This search is particularly important because Defendants are not aware of the production with the scant information they have been given.

4. Plaintiff's counsel must oversee the search for communications between Plaintiff and the agency that represented her (Motley Models, Dave Rock, and Ryan Murphy) regarding the work Plaintiff did for Defendants, any associated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-04901-WLH (AGRx)                                              Date: December 10, 2025

Title   Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

appointments (e.g., costuming), invoices, and call sheets. Given that Plaintiff alleges she did work for Defendants for which she was not paid, Plaintiff should err on the side of producing electronic information with her agency about the work she did for Defendants. To be clear, if a booking, description of work, invoice or call sheet was communicated to Plaintiff by email, the entire email must be produced and not just the attachment. Even assuming the email is merely a transmittal, the email is important for authentication and potential admissibility as a business record. In addition, the sender's email address may be an important keyword for further searches.

5. Plaintiff's counsel must investigate whether to supplement Plaintiff's discovery responses to clarify that there are no other documents to support her allegation that she communicated to Ryan Murphy her demands for payment from Defendants. (For reference, see Plaintiff's response to Interrogatory No. 17.)

6. Related to Paragraph 3 above, Defendants represent that Plaintiff has produced invoices for only 7 of the 18 films she made for Defendants. Plaintiff's counsel agreed to investigate further. The court suggested that the emails transmitting the 7 invoices should be not only produced but also examined as an aid to determining the particular email addresses to be searched for the invoices to fill in the gaps.

7. Also related to Paragraph 3, Defendants state that Plaintiff has not produced electronic communications with Dave Rock about Plaintiff's work for Defendants, contract with Defendants (including any mention of separate compensation for costume fitting, personal grooming, etc. for which Plaintiff claims damages), and termination of the contract with Defendants. Plaintiff's counsel will oversee the search for such documents, review for responsiveness, and production of responsive documents.

8. Also related to Paragraph 3, Plaintiff's counsel will review any electronic communications between Plaintiff and Motley, Dave Rock, and Ryan Murphy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-04901-WLH (AGRx)                                      Date: December 10, 2025

Title  Mackenzie Anne Thoma v. VXN Group, LLC., et. al.

for the subject matters listed in Paragraph 6 above and produce responsive documents.

9. Plaintiff's counsel will review Exh. G to Mr. Brown's reply declaration to search for and, if found, produce responsive emails.

10. Plaintiff's supplemental document production shall be completed by January 8, 2026.

11. Plaintiff's counsel and defense counsel will confer further during the week of January 12, 2026 at a mutually agreed date and time regarding the issue of whether Defendants continue to seek to compel Plaintiff to conduct a forensic examination.

IT IS SO ORDERED.

|  | 1:12 |
|---|---|
| **Initials of Preparer** | ch |