Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Boulevard, Suite 717
Studio City, California 91604
Tel.: (432) 296-9120

Attorneys for Defendants
VXN GROUP, LLC and
MIKE MILLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MACKENZIE ANNE THOMA a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VXN GROUP, LLC, a Delaware limited liability company; MIKE MILLER, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04901-WLH-AGR<br><br>**[DISCOVERY MATTER]**<br><br>**DEFENDANTS' NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH THE COURT'S ORDER ON DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PERFORM A FORENSIC SEARCH OF HER ELECTRONICALLY STORED INFORMATION** |

4929-5799-6427 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE
WITH COURT ORDER

TO THIS HONORABLE COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendants VXN GROUP LLC ("VXN") and MIKE MILLER ("Miller") (together, "Defendants") respectfully submit this notice concerning Plaintiff's failure to comply with this Court's Order on Defendants' Motion to Compel Plaintiff to Perform a Forensic Search of Her Electronically Stored Information (Dkt. No. 224).

On January 8, 2026, after months of resisting Defendants' efforts to obtain Plaintiff's documents and claiming that Plaintiff had adequately searched her electronic data, Plaintiff produced an additional *1,558 pages of documents*. Prior to Plaintiff's most recent production, she had produced only 612 pages of documents. There can be no question that Plaintiff's searches for documents are woefully deficient. However, despite producing 1,558 pages of documents, many documents remain missing, and nearly all documents contain information impermissibly redacted in violation of the Court's order and without explanation. Without the benefit of an expert third-party to assist in searching Plaintiff's electronically stored information so that all relevant documents can be produced, Plaintiff's production will remain deficient.

### A.   Plaintiff Has Not Complied With This Court's December 10, 2025 Order

On December 10, 2025, after nearly a year and a half of litigation about Plaintiff's admittedly deficient document productions, this Court issued an order that requires Plaintiff and her counsel to complete eleven tasks. Plaintiff and her counsel have not complied with the Court's order. Plaintiff continues to fail in her obligations to provide discovery, and she continues to withhold critical information from Defendants.

Specifically, Plaintiff's document production failed to include:

(1) any text message communications with Dave Rock (owner of Plaintiff's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4929-5799-6427 v1

2

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE
WITH COURT ORDER

modeling agency - Motley Models), Sid Vision (co-owner of Motley Models), Charly Summers (Sid Vision's wife whom Plaintiff privately filmed with during the relevant time period) (*see* the Court's 12/10/25 order (Dkt. No. 224) at pg. 5, ¶ 4);

(2) Invoices from Dave Rock after March 2022, which would address whether Plaintiff and her agency believed she was entitled to payment for the documentary style video for which Plaintiff alleges she was not paid (*see id.*);

(3) Emails from which Plaintiff received invoices from Dave Rock (and not just the invoices itself) (*see id.*);

(4) Further, while Plaintiff produced eight emails with Dave Rock, the emails were produced in PDF format and in almost every instance fail to include the actual email address of Dave Rock and others cc'ed on it. Instead, it is just text referencing their name without any ability to authenticate (*see id.*);

(5) Calendar invites from Dave Rock (*see id.* at pg. 5, ¶ 3);

(6) Any documents related to ¶ 5 of the Court's order (and Plaintiff did not supplement her response to Interrogatory No. 17);

(7) Any communications related to ¶ 7 of the Court's order;

(8) Text messages with Vixen employees relating to the unpaid modeling shoot and costume fittings; (for example, Plaintiff's September document production shows a screenshot between a Vixen employee and Plaintiff but Plaintiff's latest production fails to include any text messages between her and any Vixen employee relating to costume fittings);

(9) Any communications from September 2022 (the date the contract between Plaintiff and Vixen was terminated) and onward (*see id.* at pg. 6, ¶ 7);

(10) All emails improperly redact Plaintiff's and others' email addresses without explanation (*see id.* at pg. 5, ¶ 4) as well as often redact subject

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4929-5799-6427 v1

3

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH COURT ORDER

headings and other random blocks of text, without explanation. Indeed, some emails even appear to have redacted text in black and also, deleted and/or whited out certain text, without explanation. (*See* Exhibit A to the Declaration of Trey Brown.);

(11) In some cases, Plaintiff has produced only the final string of emails; not each individual email in the string. As a result, attachments to lower-level emails in the string have not been produced. For example, in one email titled "VIXEN" between Kenzie's manager Chris Applebaum and Ryan Kona, Chris Applebaum references attached "Kenzie treatments" relating to the disputed un-paid modeling shoot. However, neither the original email nor the attachment were provided (*see* Ex. C to the Declaration of Trey Brown);

(12) To date, Plaintiff has produced social media communications with only two individuals – a photographer and a cameraman from the supposed documentary style filming. Given that Plaintiff communicated with such individuals through social media **about this case**, there is very likely a multitude of communications with other performers, her agents, managers, and individuals associated with Motley Models and others related to this case.

This Court's order required Plaintiff to complete her document production by January 8, 2026,[1] and to meet with Defendants' counsel during the week of January 12, 2026 to confer regarding whether Defendants continue to seek to compel Plaintiff to conduct a forensic examination. A supplemental production occurred on January 8, 2026 and the meet and confer occurred on January 15, 2026. The upshot from those occurrences is that Plaintiff admittedly has not complied with this

---

[1] This Court's order is unequivocal: "Plaintiff's supplemental document production *shall* be completed by January 8, 2026." (Dkt. No. 224 at pg. 7.) (Emphasis added.)

1 Court's order, and Defendants continue to request that this Court compel Plaintiff to
2 perform a forensic examination of her electronically stored information so that
3 Defendants can receive the documents to which they are entitled.

### B. Plaintiff Has Not Completed Her Document Production

During the meet and confer that occurred on January 15, 2026 (after the January 8, 2026 deadline imposed by the Court for Plaintiff to complete her document production), Plaintiff's counsel stated that the supplemental search of Plaintiff's electronically stored information was not completed and that Plaintiff has not completed her supplemental production of documents. Supplemental responses to interrogatories served on January 23, 2026 confirm Plaintiff has not completed her production of documents that are critical to this case. For example, in response to Interrogatory No. 12, which concerns devices Plaintiff used to communicate with her agent about her work with Defendants, Plaintiff states: "Plaintiff is *in the process* of confirming that all responsive text message communications from iCloud have been produced. Plaintiff also emailed with Ryan Murphy from her Google Mail and is *in the process* of producing any relevant communications found in her Google Mail accounts." (*See* Ex. D to the Declaration of Trey Brown (Plaintiff's Fourth Supplemental Responses to Interrogatories) at 7:10 – 13. (Emphasis added.).) There can be no question that Plaintiff has not complied with this Court's order to complete her document production by January 8, 2026.

Not only has Plaintiff failed to meet this Court's deadline, Plaintiff has failed, to date, to complete her document production. During the meet and confer that occurred on January 15, 2026, Plaintiff's counsel stated she was continuing her search of Plaintiff's electronically stored information and planned to complete Plaintiff's document production by January 23, 2026. However, Plaintiff did not meet this self-imposed deadline, either. Plaintiff has not produced any additional documents after January 8, 2026.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4929-5799-6427 v1

5

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH COURT ORDER

### C. Plaintiff Continues To Withhold Important Discoverable Information

Defendants have spent substantial time and effort reviewing the documents Plaintiff has produced, and Plaintiff's written responses to Defendants' discovery requests. As set forth above, there are multiple examples of Plaintiff's failure to produce discoverable documents, improper production, and other failures to comply with this Court's December 10, 2025 order.

In addition to the fact that Plaintiff has not produced all of her discoverable information, the form of portions of Plaintiff's production is problematic and deficient. First, Plaintiff has not produced attachments to emails that reference attachments. For example, emails from Dave Rock to Plaintiff dated July 14 and July 25, 2022 contain calendar entries as attachments. But Plaintiff did not produce the calendar entries. (*See* Brown Decl., ¶ 3, Exhibit B.) Additionally, Plaintiff's production of emails with her agent (Ryan Kona aka Ryan Murphy) relate to a limited number of subjects, which are: Plaintiff's involvement with the television show Euphoria; one shoot with Vixen; and medical testing. As Defendants explained in support of their motion, the production of a limited number of communications between Plaintiff and her agent is not credible given the frequency with which the two communicated. As another example of Plaintiff's improper production, discoverable emails were apparently sent from Plaintiff's email account to a paralegal at Plaintiff's counsel's office, and then produced to Defendants, rather than a direct download from the source and associated production.

### D. A Forensic Search Is Needed

As described in Defendants' motion papers and herein, the deficiencies of Plaintiff's collection and review of relevant electronically stored information are clear and repeated. The result is that Defendants have not received all of the information to which they are entitled in this case. A forensic search with the aid of a qualified third-party vendor will assure a proper review and production will occur.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4929-5799-6427 v1

6

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH COURT ORDER

Defendants request that the Court order Plaintiff to perform the necessary search and production.

Dated: January 26, 2026                    BURKE, WILLIAMS & SORENSEN, LLP


By:     */s/ Brian S. Ginter*
      Brian S. Ginter
      Attorneys for Defendants
      VXN GROUP LLC and
      MIKE MILLER

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4929-5799-6427 v1

7

Case No. 2:23-cv-04901-WLH-AGR
NOTICE OF PLAINTIFF'S NON-COMPLIANCE
WITH COURT ORDER