David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sarah H. Cohen (SBN 330700)
sarah@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MACKENZIE ANNE THOMA,
and on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MACKENZIE ANNE THOMA, a.k.a. KENZIE ANNE, an individual and on behalf of all others similarly situated,

    Plaintiff,

v.

VXN GROUP LLC, a Delaware limited liability company and MIKE MILLER, an individual;

    Defendants.

CASE NO.: No. 2:23–cv 04901WLH (AGRx)

[*Assigned for all purposes to the Hon. Wesley L. Hsu*]

**PLAINTIFF MACKENZIE ANNE THOMA'S FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANT VXN GROUP, LLC'S INTERROGATORIES (SET ONE)**

Complaint Filed: April 20, 2023
Removed On: June 21, 2023
Trial Date: November 16, 2026

**PROPOUNDING PARTY:** Defendant VXN GROUP, INC.

**RESPONDING PARTY:** Plaintiff Mackenzie Anne Thoma

**SET NUMBER:** ONE (1)

    Plaintiff Mackenzie Anne Thoma ("Plaintiff") hereby provides supplemental responses to the First Set of Special Interrogatories Propounded to Plaintiff, as

1

follows:

## PRELIMINARY STATEMENT

Plaintiff has not fully completed Plaintiff's investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known by Plaintiff, and disclose only those contentions that presently occur to Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions, changes in and/or variations from the contentions herein set forth. The responses set forth herein are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts that Plaintiff may later recall. Plaintiff accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and additional contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to Plaintiff's prejudice in relation to further discovery, research, or analysis.

**INTERROGATORY NO. 5**:

IDENTIFY ALL facts that support YOUR claim that YOU were entitled to payment in the amount requested by Interrogatory No. 4 including, but not limited to, the name(s) of the individual(s) who agreed to pay YOU said amount as well as the date and time such agreement took place.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for

information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff participated in the modeling shoot and is therefore entitled to the agreed upon compensation of approximately $5,000.00 for work performed. Defendant VXN agreed to pay Plaintiff.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**FOURTH SUPPLEMENTAL ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-

client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff participated Plaintiff participated in the modeling shoot which was related and part of the planned "Vixen Angel Shoot". This took place in Joshua Tree at "The Glass House". Plaintiff's best recollection that the shoot took place on September 8, 2021 at "The Glass House" in Joshua Tree which lasted approximately 12 hours and also included costume fitting. Plaintiff arrived at "The Glass House" on September 7, 2021 and stayed overnight to engage in the shoot the following day on September 8, 2021. To Plaintiff's best recollection, her agent Ryan Murphy communicated information directly from Defendants regarding the details of the shoot to her as well as the expected compensation of $5,000. Thus, Plaintiff is informed and believes that Defendant VXN agreed to pay Plaintiff. Plaintiff recalls this being discussed verbally over the phone with Ryan Murphy. The plan to have Plaintiff feature in the "Vixen Angel Shoot" was discussed at the start of Plaintiff's employment with Defendants. Plaintiff engaged in the modeling shoot and is therefore entitled to, at a minimum, the agreed upon compensation of

approximately $5,000.00 for work performed as well as penalties under Labor Code § 203 for failure to timely pay wages.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**INTERROGATORY NO. 12:**

IDENTIFY ALL personal electronic devices that YOU used to exchange COMMUNICATIONS with Ryan ("Kona") Murphy or DEFENDANTS in the time period November 11, 2020, to the present. For each device, indicate (i) if the device was preserved; (ii) when the device was preserved; and (iii) how the device was preserved.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal

conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff used her Apple iPhone. Plaintiff has had 3-4 different IPhones throughout the relevant period. All text messages with Ryan Murphy were saved through iCloud and provided to Plaintiff's counsel. Plaintiff's counsel has produced all relevant communications.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**FOURTH SUPPLEMENTAL ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff used her Apple iPhone. Plaintiff had an iPhone throughout the relevant period but does not recall which model. Plaintiff is no longer in possession of the iPhone but believes that it was traded in after becoming damaged or when she was due for an upgrade. However, Plaintiff believes that all text messages with Ryan Murphy were saved through iCloud and provided to Plaintiff's counsel. During Plaintiff's employment period, Plaintiff's iCloud's "sync" function was turned on. Plaintiff therefore believes that the text messages were saved during the sync cycles. Plaintiff is in the process of confirming that all responsive text message communications from iCloud have been produced. Plaintiff also emailed with Ryan Murphy from her Google Mail and is in the process of producing any relevant communications found in her Google Mail accounts.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**INTERROGATORY NO. 14**:

IDENTIFY ALL facts that support YOUR allegation that "Plaintiff was not paid for approximately six (6) hours of work over a two (2) day period" in the following pleading: "On another occasion, in or around the time that Plaintiff was governed by her First Performance Agreement, which was effective as of November 11, 2020 through approximately July 13, 2021, Plaintiff was not paid for approximately six (6) hours of work over a two (2) day period. The work performed included, but was not limited to, costume fittings." (TAC ¶ 39).

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the

7

possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff participated in fittings and the filming of a documentary style video and was not compensated by Defendants. Defendants are in possession of information of the person who arranged the videography for the documentary style video and costume fittings. This work was in relation to the Kenzieland/VXN showcase. Plaintiff believes Defendants possess the information relating to this booking as Plaintiff was never sent a booking notification for this.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**FOURTH SUPPLEMENTAL ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it calls for

information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff participated in a modeling shoot which was related and part of the planned "Vixen Angel Shoot". This took place in Joshua Tree at "The Glass House". Plaintiff's best recollection that the shoot took place on September 8, 2021 at "The Glass House" in Joshua Tree which lasted approximately 12 hours and also included costume fitting. Plaintiff arrived at "The Glass House" on September 7, 2021 and stayed overnight to engage in the shoot the following day on September 8, 2021. To Plaintiff's best recollection, her agent Ryan Murphy communicated information directly from Defendants regarding the details of the shoot to her as well as the expected compensation of $5,000. Thus, Plaintiff is informed and believes that Defendant VXN agreed to pay Plaintiff. Plaintiff recalls this being

discussed verbally over the phone with Ryan Murphy. The plan to have Plaintiff feature in the "Vixen Angel Shoot" was discussed at the start of Plaintiff's employment with Defendants. Plaintiff engaged in the modeling shoot and is therefore entitled to, at a minimum, the agreed upon compensation of approximately $5,000.00 for work performed as well as penalties under Labor Code § 203 for failure to timely pay wages.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**INTERROGATORY NO. 15**:

IDENTIFY ALL facts that support your allegation that "Plaintiff was not compensated for the time spent filming" as alleged in the following excerpt of YOUR COMPLAINT: "On another occasion, in or around Summer 2022, Plaintiff appeared in a documentary-style video filmed by Defendants. Plaintiff was not compensated for the time spent filming." (TAC ¶40).

**ANSWER**:

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on

the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff appeared for the filming of a documentary style video and spent between 4-5 hours filming that day. The videographer worked for VXN. The filming took place in DTLA and in Calabasas. Plaintiff never received at least the minimum wage as compensation for this work. Plaintiff is informed and believes that Motley Models did not start using Portfoliopad until the end of 2021 or early 2022 and thus there is no booking associated with this work.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

**FOURTH SUPPLEMENTAL ANSWER**:

Plaintiff objects to this interrogatory on the grounds that it calls for information that is equally available to Defendant, and/or is already in the possession, custody, and control of Defendant. Plaintiff objects to this interrogatory to the extent that it seeks information in violation of the attorney-client privilege, which is broadly construed and extends to "factual information" and "legal advice." Plaintiff objects as this interrogatory invades Plaintiff's right to privacy under the U.S. and California Constitution. Plaintiff further objects to the extent that this interrogatory seeks information that is protected from disclosure by the Constitutional Right to Privacy of third parties, who have not consented to the disclosure of their privileged information. The Interrogatory violates the attorney work product doctrine and attorney client privileges. Plaintiff further objects on

the basis that it is compound, disjunctive, and/or conjunctive. Plaintiff further objects on the basis that this Interrogatory is premature in that it seeks expert testimony not subject to disclosure at this time. Plaintiff also objects on the basis that this Interrogatory seeks legal analysis from a lay witness and calls for a legal conclusion.

Subject to, and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff appeared for the filming of a documentary style video and spent between 4-5 hours filming that day. The videographer named Will Walton worked for VXN. The filming took place in DTLA and in Calabasas. Will Walton filmed Plaintiff going to a fitting, going to her car, and going to an individual's house named Kayden Cross. Plaintiff never received compensation for this work. Plaintiff located Portfoliopad data for the "Angel Shoot" which will be produced. Plaintiff will produce communications with Will Walton relating to the filming of the documentary-style video. Plaintiff expected to receive at least the applicable hourly minimum wage for the hours spent on this project.

Investigation and discovery are ongoing, and Plaintiff reserves the right to amend Plaintiff's responses should further information or documents become available.

DATED:  January 23, 2026

**BIBIYAN LAW GROUP, P.C.**

By: */s/ Sarah H. Cohen*
  Sarah H. Cohen
Attorneys for Plaintiff Mackenzie Anne Thoma, and all others similarly situated

PLAINTIFF'S FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# VERIFICATIONS SOON TO FOLLOW

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd., Los Angeles, CA 90024.

On January 23, 2026, I caused a true and correct copy of the foregoing document(s) described as **PLAINTIFF MACKENZIE ANNE THOMA'S FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANT VXN GROUP, LLC'S INTERROGATORIES (SET ONE)** to be served by electronic transmission to the below referenced electronic e-mail address as follows:

Brad S. Kane
Kane Law Firm
bkane@kanelaw.la

Christian Waugh
cwaugh@waugh.legal

Brian S. Ginter (SBN 265786)
BGinter@bwslaw.com
444 S. Flower St., 40th Fl., Los Angeles, CA 90071

Trey Brown (SBN 314469)
trey.brown@vixenmediagroup.com
11271 Ventura Blvd, Ste. 717, Studio City, CA 91604

**Attorney for Defendant VXN GROUP LLC**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 23, 2026, at Los Angeles, California.

/s/ Adrian Flores
Adrian Flores